IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HONEYWELL INTERNATIONAL, INC., and HONEYWELL INTELLECTUAL PROPERTIES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> APPLE COMPUTER, INC.; ARGUS a/k/a HARTFORD COMPUTER GROUP, INC.; CASIO COMPUTER CO., LTD.; CASIO, INC.; CONCORD CAMERAS; DELL INC.; EASTMAN KODAK COMPANY; FUJI PHOTO FILM CO., LTD.; FUJI PHOTO FILM U.S.A., INC.; FUJITSU LIMITED; FUJITSU AMERICA, INC.; FUJITSU COMPUTER PRODUCTS OF AMERICA, INC.; KYOCERA WIRELESS CORP.; MATSUSHITA ELECTRICAL INDUSTRIAL CO.; MATSUSHITA ELECTRICAL CORPORATION OF AMERICA; NAVMAN NZ LIMITED; NAVMAN U.S.A. INC.; OLYMPUS CORPORATION; OLYMPUS AMERICA, INC.; PENTAX CORPORATION; PENTAX U.S.A., INC.; SONY CORPORATION, SONY CORPORATION OF AMERICA; SONY ERICSSON MOBILE COMMUNICATIONS AB; SONY ERICSSON MOBILE COMMUNICATIONS (USA) INC.; TOSHIBA CORPORATION; and TOSHIBA AMERICA, INC. <br><br> Defendants. <br> _____ | C.A. No. 04-1338 (KAJ) |

**SEIKO EPSON CORPORATION'S MOTION TO INTERVENE
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 42**

Seiko Epson Corporation ("Seiko Epson") hereby moves the Court, pursuant to Federal Rule of Civil Procedure 42(a) and in the alternative, Federal Rule of Civil Procedure 42(b), to intervene in the present action as a defendant and counterclaimant. Plaintiffs Honeywell International, Inc. and Honeywell Intellectual Properties, Inc. (collectively, "Honeywell"), have filed two lawsuits in this Court against 32 defendants, seeking to enjoin the manufacture and sale of products that incorporate liquid crystal displays (LCDs) that allegedly infringe its '371 patent. However, more than 25 of those defendants purchase LCDs from Seiko Epson – and nearly half of those customers have already requested indemnity from Seiko Epson. Intervention is the most efficient and expeditious way to facilitate Seiko Epson's litigation of the patent issues surrounding its LCD products. Accordingly, Seiko Epson seeks to intervene in this action so it can adequately protect both its own interests and the interests of its customers.

The grounds for this motion are set forth in the opening brief and appendix filed herewith, the Declaration of Kenji Sakamoto filed herewith, the pleadings and papers on file herein, such other matters as may be judicially noticed by the Court, and upon such other mattes as the Court may consider appropriate or which may be presented to the Court at the time of the hearing. The pleading proposed to be filed by Seiko Epson – Seiko Epson Corporation's Proposed Answer and Complaint in Intervention – is also being lodged herewith.

**Rule 7.1.1 Certification:** Counsel for Seiko Epson hereby certifies that it conferred with counsel for Honeywell and was unable to reach agreement on the relief sought by this motion. Specifically, counsel for Seiko Epson understands that Honeywell intends to oppose the motion to intervene.

                                              HUNTLEY & ASSOCIATES, LLC.

                                              By:___/s/ Donald W. Huntley_____
                                                    Donald W. Huntley, (No. 2096)

Case 1:04-cv-01338-JJF    Document 136    Filed 03/14/2005    Page 3 of 3

                                                    1105 North Market Street, Ste. 800
                                                    P.O. Box 948
                                                    Wilmington, DE 19899-0948
                                                    Tel: (302) 426-0610

*Attorneys for Defendant*
*Seiko Epson Corporation*

OF COUNSEL:
Stuart Lubitz
Robert J. Benson
Hogan & Hartson LLP
500 S. Grand Avenue, Suite 1900
Los Angeles, CA 90071
(213) 337-6840

Dated: March __, 2005

3

\\\LA - 81747/0239 - 231875 v1