IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| HONEYWELL INTERNATIONAL, INC., and HONEYWELL INTELLECTUAL PROPERTIES, INC., <br><br>         Plaintiffs, <br><br>         v. <br><br> APPLE COMPUTER, INC.; ARGUS a/k/a HARTFORD COMPUTER GROUP, INC.; CASIO COMPUTER CO., LTD.; CASIO, INC.; CONCORD CAMERAS; DELL INC.; EASTMAN KODAK COMPANY; FUJI PHOTO FILM CO., LTD.; FUJI PHOTO FILM U.S.A., INC.; FUJITSU LIMITED; FUJITSU AMERICA, INC.; FUJITSU COMPUTER PRODUCTS OF AMERICA, INC.; KYOCERA WIRELESS CORP.; MATSUSHITA ELECTRICAL INDUSTRIAL CO.; MATSUSHITA ELECTRICAL CORPORATION OF AMERICA; NAVMAN NZ LIMITED; NAVMAN U.S.A. INC.; OLYMPUS CORPORATION; OLYMPUS AMERICA, INC.; PENTAX CORPORATION; PENTAX U.S.A., INC.; SONY CORPORATION, SONY CORPORATION OF AMERICA; SONY ERICSSON MOBILE COMMUNICATIONS AB; SONY ERICSSON MOBILE COMMUNICATIONS (USA) INC.; TOSHIBA CORPORATION; and TOSHIBA AMERICA, INC. <br><br>         Defendants. | C.A. No. 04-1338 (KAJ) |

**DECLARATION OF KENJI SAKAMOTO IN SUPPORT OF
SEIKO EPSON CORPORATION'S MOTION TO INTERVENE**

I, Kenji Sakamoto, hereby declare:

1.     I am a citizen of Japan residing at 1210-8 Yoshikawa-Koya, Matsumoto-shi, Nagano-ken, 399-0031 Japan. I can read and write English competently and speak it passably, although I do not consider myself completely fluent in spoken English.

2.     I am currently the General Manager of Licensing in the Intellectual Property Division of Seiko Epson Corporation ("Seiko Epson"), which has its headquarters at 3-3-5 Owa, Suwa-shi, Nagano-ken, Japan. I have been working for Seiko Epson since 1981, in the Intellectual Property Division since 1991, and became the General Manager of Licensing in 2001. In this capacity, my current responsibilities include patent licensing and patent infringement litigation in most of Seiko Epson's areas of business. I have personal knowledge of the matters stated herein and, if called as a witness, I could and would testify competently thereto.

3.     On or about August 5, 2004, Seiko Epson received a notice letter from Honeywell that read in relevant part, "The '317 Patent relates to LCD modules and products made and sold by your company and others, including Kyocera Corporation." The letter enclosed a copy of the '371 patent, its prosecution history, and related references. A true and correct copy of this letter is attached hereto as Exhibit A.

4.     During subsequent discussions, Honeywell more specifically stated its contention that LCD modules manufactured and sold by Seiko Epson infringe the '371 patent.

5.     I am informed and believe that Honeywell has filed two lawsuits alleging infringement of the '371 patent, *Honeywell International Inc. v. Apple Computer Inc. et al.* *("Honeywell I")* (Case No. 04-1338) and *Honeywell International Inc. v. Audiovox Corp. et al.* *("Honeywell II")* (Case No. 04-1337). Among the current defendants in the two actions, at least the following companies have purchased LCD displays manufactured and/or sold by Seiko Epson:

2

Casio Computer Co., Ltd.
Casio, Inc.
Concord Cameras
Eastman Kodak Company
Fuji Photo Film Co., Ltd.
Fuji Photo Film U.S.A. Inc.
Fujitsu Limited
Fujitsu America, Inc.
Fujitsu Computer Products of America, Inc.
Kyocera Wireless Corp.
Matsushita Electrical Industrial Co.
Matsushita Electrical Corporation of America
Nokia Corporation
Olympus Corporation
Olympus America, Inc.
Pentax Corporation
Pentax U.S.A., Inc.
Sanyo Electric Co., Ltd.
Sanyo North America
Sony Corporation
Sony Corporation of America
Sony/Ericsson Mobile Communications AB
Sony/Ericsson Mobile Communications (USA)
Toshiba Corporation
Toshiba America, Inc.

6.      Between October and December of 2004, Seiko Epson received notice letters

from many of these customer defendants, who contend that Honeywell's infringement claims are

based upon Seiko Epson's LCD modules.  The customer defendants requested that Seiko Epson

defend them in the pending litigation and/or indemnify them from any resulting liability.  These

letters include the following:

- Letter from Sanyo Electric Co., Ltd. to Seiko Epson, dated October 12, 2004.

- Letter from Kyocera Wireless Corporation to Seiko Epson, dated October 15, 2004.

- Letter from Sony Ericsson to Epson Electronics America (a subsidiary of Seiko Epson), dated November 2, 2004.

- Letter from Nokia Corp. to Seiko Epson, dated November 3, 2004.

- Letter from Sony Corporation to Seiko Epson, dated November 16, 2004.

3

- Letter from Fuji Photo Film Co. Ltd. to Seiko Epson, dated December 3, 2004.

7.    At least two customer defendants -- Kyocera Wireless Corp. and Nokia Corp. -- have also placed Seiko Epson on notice that if it does not become a party and directly litigate the infringement claims, they will file third party complaints against Seiko Epson for indemnification.

I declare, under penalty of perjury under the applicable laws of the United States of America and of Japan, that the foregoing statements are true and correct. Executed in *Nagano*, Japan on March *10*, 2005.

_____

Kenji Sakamoto

\\\LA - 81747/0239 - 230917 v1

**EXHIBIT A**

*0400759* **Honeywell**
木村



**Loria B. Yeadon**
Chief Executive Officer
Honeywell Intellectual Properties Inc.
960 W. Elliot Road
Tempe, AZ 85254
loria.yeadon@honeywell.com
Tel: (480) 592-3111
Fax: (480) 592-3107

RECEIVED
AUG. 1 8. 2004
Intellectual Property Dept.
SEIKO EPSON

*For Settlement Purposes Only – Subject to FRE 408*

*VIA FACSIMILE (COVER LETTER ONLY)  81-42-587-5014 and OVERNIGHT COURIER*

August 5, 2004

Mr. Takasi Fujiwara
Supervisor
QD Sales Group
Electronic Device & Components Marketing Division
Seiko Epson Corporation
421-8, Hino, Hino-shi
Tokyo, 191-8501 Japan

### Subject:  Honeywell's US Patent No. 5,280,371 (the '371 Patent)

Dear Mr. Fujiwara,

I lead intellectual property licensing at Honeywell, and I am writing to bring to your attention Honeywell's '371 Patent.  The '371 Patent relates to LCD modules and products made and sold by your company and others, including Kyocera Corporation.  Enclosed you will find a copy of the '371 Patent, its prosecution history and references listed on the face of the patent.  To date, we have licensed LG.Philips LCD and Samsung Electronics under the '371 Patent and negotiations are underway with others.

Honeywell values its intellectual property and cannot permit unauthorized uses to continue.  Perhaps it will help our companies to resolve issues relating to the '371 Patent if we were to meet in person.  As an indication of Honeywell's desire to find an amicable solution to our differences, I will arrange to bring representatives of Honeywell's patent team to meet with you in Tokyo between August 30th and September 3rd.  Our goal is to explore a business resolution to our patent issues.

Mr. Takasi Fujiwara
Supervisor
QD Sales Group
Electronic Device & Components Marketing Division
Seiko Epson Corporation

Please provide your availability on these dates. Yoji Yoshizawa of my organization will follow up with you to discuss meeting logistics. If you would like to discuss this matter prior to our visit, feel free to contact me via telephone or email. I look forward to your reply and a productive meeting.

Sincere regards,

Loria B. Yeadon
Chief Executive Officer

Enclosures (As stated)

Copy (w/o Encs.) to:
Yoji Yoshizawa

2