IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HONEYWELL INTERNATIONAL, INC., and HONEYWELL INTELLECTUAL PROPERTIES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> APPLE COMPUTER, INC.; ARGUS a/k/a HARTFORD COMPUTER GROUP, INC.; CASIO COMPUTER CO., LTD.; CASIO, INC.; CONCORD CAMERAS; DELL INC.; EASTMAN KODAK COMPANY; FUJI PHOTO FILM CO., LTD.; FUJI PHOTO FILM U.S.A., INC.; FUJITSU LIMITED; FUJITSU AMERICA, INC.; FUJITSU COMPUTER PRODUCTS OF AMERICA, INC.; KYOCERA WIRELESS CORP.; MATSUSHITA ELECTRICAL INDUSTRIAL CO.; MATSUSHITA ELECTRICAL CORPORATION OF AMERICA; NAVMAN NZ LIMITED; NAVMAN U.S.A. INC.; OLYMPUS CORPORATION; OLYMPUS AMERICA, INC.; PENTAX CORPORATION; PENTAX U.S.A., INC.; SONY CORPORATION, SONY CORPORATION OF AMERICA; SONY ERICSSON MOBILE COMMUNICATIONS AB; SONY ERICSSON MOBILE COMMUNICATIONS (USA) INC.; TOSHIBA CORPORATION; and TOSHIBA AMERICA, INC. <br><br> Defendants. <br> _____ | C.A. No. 04-1338 (KAJ) |

**SEIKO EPSON CORPORATION'S PROPOSED
<u>ANSWER AND COMPLAINT IN INTERVENTION</u>**

\\\LA - 81747/0239 - 231121 v1

Pursuant to Rule 24(c) of the Federal Rules of Civil Procedure and its motion to intervene as a defendant in this action, which is filed concurrently herewith, Seiko Epson Corporation ("Seiko Epson"), by its undersigned attorneys, hereby submits the following as its Answer and Counterclaim for Declaratory Judgment of Non-Infringement, Invalidity and Unenforceability:

## GENERAL DENIAL

Unless specifically admitted below, Seiko Epson denies each and every allegation contained in the Complaint.

## RESPONSE TO SPECIFIC ALLEGATIONS

1. Seiko Epson admits that Plaintiffs have filed a Complaint that alleges willful infringement of a United States patent. Except as specifically admitted, Seiko Epson denies the allegations of paragraph 1 of the Complaint.

2. Seiko Epson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint, and on that basis denies these allegations.

3. Seiko Epson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint, and on that basis denies these allegations.

4. Seiko Epson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint, and on that basis denies these allegations.

5. Seiko Epson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint, and on that basis denies these allegations.

6. Seiko Epson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint, and on that basis denies these allegations.

7. Seiko Epson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint, and on that basis denies these allegations.

8. Seiko Epson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint, and on that basis denies these allegations.

9. Seiko Epson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint, and on that basis denies these allegations.

10. Seiko Epson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint, and on that basis denies these allegations.

11. Seiko Epson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint, and on that basis denies these allegations.

12. Seiko Epson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint, and on that basis denies these allegations.

13. Seiko Epson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint, and on that basis denies these allegations.

14. Seiko Epson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint, and on that basis denies these allegations.

15. Seiko Epson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint, and on that basis denies these allegations.

16. Seiko Epson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint, and on that basis denies these allegations.

17. Seiko Epson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint, and on that basis denies these allegations.

18. Seiko Epson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint, and on that basis denies these allegations.

19. Seiko Epson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint, and on that basis denies these allegations.

20. Seiko Epson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint, and on that basis denies these allegations.

21. Seiko Epson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint, and on that basis denies these allegations.

\\\LA - 81747/0239 - 231121 v1

22. Seiko Epson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint, and on that basis denies these allegations.

23. Seiko Epson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint, and on that basis denies these allegations.

24. Seiko Epson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint, and on that basis denies these allegations.

25. Seiko Epson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint, and on that basis denies these allegations.

26. Seiko Epson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint, and on that basis denies these allegations.

27. Seiko Epson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint, and on that basis denies these allegations.

28. Seiko Epson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint, and on that basis denies these allegations.

29. Seiko Epson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint, and on that basis denies these allegations.

30. Seiko Epson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint, and on that basis denies these allegations.

31. Seiko Epson admits the allegations of paragraph 31 of the Complaint.

32. Seiko Epson denies the allegations of paragraph 32 of the Complaint, to the extent they may relate to Seiko Epson. Seiko Epson denies that it has directly infringed, contributed to the infringement of, or induced the infringement of the '371 patent. Seiko Epson further denies that any product provided or sold by Seiko Epson to other defendants directly infringed, contributed to the infringement of, or induced the infringement of the '371 patent. Seiko Epson is without knowledge or information sufficient to form a belief as to the truth of the allegations against any other defendants, and on that basis denies these allegations.

\\\LA - 81747/0239 - 231121 v1

33. Seiko Epson admits that venue is proper in this judicial district. Except as specifically admitted, Seiko Epson denies the allegations of paragraph 33 of the Complaint relating to Seiko Epson. Seiko Epson is without knowledge or information sufficient to form a belief as to the truth of the allegations against any other defendants, and on that basis denies these allegations.

34. Seiko Epson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Complaint, and on that basis denies these allegations.

35. Seiko Epson admits that a document is attached to the Complaint as Exhibit 1 which purports to be a copy of United States Patent No. 5,280,371 (the "'371 patent"). Except as specifically admitted, Seiko Epson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint, and on that basis denies these allegations.

36. Seiko Epson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the Complaint, and on that basis denies these allegations.

37. Seiko Epson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Complaint, and on that basis denies these allegations.

38. Seiko Epson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the Complaint, and on that basis denies these allegations.

39. Seiko Epson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 of the Complaint, and on that basis denies these allegations.

40. Seiko Epson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the Complaint, and on that basis denies these allegations.

41. Seiko Epson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the Complaint, and on that basis denies these allegations.

42. Seiko Epson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the Complaint, and on that basis denies these allegations.

43. Seiko Epson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 of the Complaint, and on that basis denies these allegations.

44. Seiko Epson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the Complaint, and on that basis denies these allegations.

45. Seiko Epson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the Complaint, and on that basis denies these allegations.

46. Seiko Epson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the Complaint, and on that basis denies these allegations.

47. Seiko Epson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the Complaint, and on that basis denies these allegations.

48. Seiko Epson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the Complaint, and on that basis denies these allegations.

49. Seiko Epson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the Complaint, and on that basis denies these allegations.

50. Seiko Epson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 of the Complaint, and on that basis denies these allegations.

51. Seiko Epson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the Complaint, and on that basis denies these allegations.

52. Seiko Epson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the Complaint, and on that basis denies these allegations.

53. Seiko Epson denies the allegations of paragraph 53 of the Complaint, to the extent they may relate to Seiko Epson. Seiko Epson denies that it has directly infringed, contributed to the infringement of, or induced the infringement of the '371 patent. Seiko Epson further denies that any product provided or sold by Seiko Epson to other defendants directly infringed, contributed to the infringement of, or induced the infringement of the '371 patent. Seiko Epson is without knowledge or information sufficient to form a belief as to the truth of the allegations against any other defendants, and on that basis denies these allegations.

54. Seiko Epson denies the allegations of paragraph 54 of the Complaint, to the extent they may relate to Seiko Epson. Seiko Epson denies that it has directly infringed, contributed to the

infringement of, or induced the infringement of the '371 patent. Seiko Epson further denies that any product provided or sold by Seiko Epson to other defendants directly infringed, contributed to the infringement of, or induced the infringement of the '371 patent. Seiko Epson is without knowledge or information sufficient to form a belief as to the truth of the allegations against any other defendants, and on that basis denies these allegations.

## RESPONSE TO PLAINTIFFS' PRAYER FOR RELIEF

55. Seiko Epson denies that Plaintiffs are entitled to any relief whatsoever against Seiko Epson in this action, either as prayed for in their Complaint or otherwise. Seiko Epson is without knowledge or information sufficient to form a belief as to the truth of the allegations against any other defendants, and on that basis denies those allegations.

## AFFIRMATIVE DEFENSES

Further answering Plaintiffs' Complaint, Seiko Epson alleges the following affirmative defenses:

### First Affirmative Defense

56. Seiko Epson does not infringe and has not infringed any claim of the '371 patent, either literally or under the doctrine of equivalents, by direct, contributory or inducing infringement.

### Second Affirmative Defense

57. The claims of the '371 patent are invalid under 35 U.S.C. §§ 101, 102, 103 and/or 112.

### Third Affirmative Defense

58. At least a portion of Plaintiffs' claim for damages is barred by the doctrine of laches.

### Fourth Affirmative Defense

59. Plaintiffs' claims are barred by the doctrine of equitable estoppel.

### Fifth Affirmative Defense

60. Upon information and belief, one or more of the parties who purchase, use or sell products accused to infringe the '371 patent are licensed and/or claims have been released pursuant to agreements with Plaintiffs.

\\\LA - 81747/0239 - 231121 v1

**Sixth Affirmative Defense**

61. Plaintiffs' claims are barred by the equitable doctrine of unclean hands.

**Seventh Affirmative Defense**

62. Plaintiffs' infringement claims are barred by the equitable doctrine of prosecution history laches.

**Eighth Affirmative Defense**

63. At least a portion of Plaintiffs' claim for damages is barred by the time limitation on damages set forth in 35 U.S.C. §286.

**Ninth Affirmative Defense**

64. At least a portion of Plaintiffs' claim for damages is barred by the failure of Plaintiffs or their licensees to comply with the notice and marking requirements of 35 U.S.C. §287.

**Tenth Affirmative Defense**

65. The '371 patent is unenforceable as a result of inequitable conduct during the prosecution of the application that led to the issuance of the '371 patent. Specifically, on information and belief, the inventors of the '371 patent, the assignee of the '371 patent, and/or other persons associated with the filing and prosecution of the application that led to the issuance of the '371 patent, knowingly failed to appropriately disclose material information to the United States Patent and Trademark Office ("USPTO") with the intent to deceive the USPTO. Such material information includes, but is not limited to, an article by H. Noda et al. entitled "High Definition Liquid Crystal Projection TV," Japan Display 1989, pp. 256-259 (hereinafter the "Noda article").

66. Applicants for patents have a general duty of candor and good faith in their dealings with the USPTO. Pursuant to 37 C.F.R. § 1.56 ("Rule 56"), the inventors had an affirmative obligation to disclose to the USPTO all information that they knew was material to the examination of their pending application. The inventors' duty extended to their representatives, such as their attorneys, and all others who were substantively involved in the preparation or prosecution of the '371 patent.

67. Seiko Epson is informed and believes that the inventors knew of their duty to cite material prior art references to the USPTO during the prosecution of the '371 patent. Seiko Epson is further

informed and believes that the inventors and their agents knowingly and willfully concealed and misrepresented material information during the prosecution of the '371 patent and that because of such inequitable conduct, the '371 patent is unenforceable against Seiko Epson.

68. The Noda article was published in 1989, and is prior art to the '371 patent under 35 U.S.C. § 102. The Noda article discloses removing a moiré pattern by using a lens array pitch which is a non-integral multiple of a display pitch (see page 257, column 2).

69. During the prosecution of the application that led to the issuance of the '371 patent, individuals who were subject to the duty of candor under Rule 56 were aware of the Noda article. Two of the named inventors of the '371 patent, R.I. McCartney and D. Syroid, authored an article entitled "Directional Diffuser Lens Array for Backlit LCDs," Japan Display 1992, pp. 259-262 (hereinafter the "McCartney article"), in which the other named inventor of the '317 patent, Karen Jachimowicz, is acknowledged as a contributor. The McCartney article discloses technology similar to that disclosed in the '371 patent. The McCartney article cites the Noda article at page 261, column 2 and in footnote 4, for its teaching of removing a moiré pattern by using a lens array pitch that is a non-integral multiple of a display pitch.

70. The Noda article is material under Rule 56 at least because it establishes, by itself or in combination with other information, a *prima facie* case of unpatentability of one or more claims of the '371 patent, and/or a reasonable examiner would have considered this information important in deciding whether to allow one or more claims of the application that led to the issuance of the '371 patent.

71. In comments made during the prosecution of the application that led to the issuance of the '371 patent, the applicants argued, in response to prior art rejections, that the applied references do not discuss eliminating moiré effects with appropriate selection of the relative pitch of lens arrays (page 3 of the Amendment filed on February 2, 1993). Further, the examiner indicated that dependent claims, which recited relative pitches of the lens arrays, contained allowable subject matter (page 4 of the Official Action mailed on May 6, 1993), and the applicants amended such claims to place them into independent form to obtain their allowance (Amendment filed on July 2, 1993). Accordingly, on information and belief, individuals subject to the duty of candor under Rule 56, including R.I. McCartney and D. Syroid,

knew, or should have known, that the Noda article, which teaches removing a moiré pattern by using a lens array pitch which is a non-integral multiple of a display pitch, was highly material to the patentability of the subject matter claimed in the '371 patent and should have been disclosed to the USPTO Examiner for his consideration in determining whether or not to allow and issue the claims in the '371 patent.

72. The Noda article was never disclosed to the USPTO during the prosecution of the application that matured into the '371 patent, even though individuals subject to the duties of candor and disclosure were aware of the article. On information and belief, these individuals withheld the Noda article from the USPTO with an intent to mislead and deceive the USPTO.

73. As a result of the foregoing inequitable conduct, the '371 patent is unenforceable.

## COUNTERCLAIMS

Seiko Epson, for its counterclaims against Plaintiffs, alleges as follows:

### General Allegations

74. Counterclaimant and Intervenor Seiko Epson Corporation ("Seiko Epson") is a foreign corporation with offices at 3-3-5 Owa, Suwa-shi, Nagano-ken, Japan 392-8502.

75. Plaintiff and counter-defendant Honeywell International Inc. ("Honeywell International") alleges in the Complaint that it is a corporation organized and existing under the laws of Delaware with its principal place of business in Morristown, New Jersey.

76. Plaintiff and counter-defendant Honeywell Intellectual Properties Inc. ("HIPI") alleges in the Complaint that it is a corporation organized and existing under the laws of Arizona with its principal place of business in Tempe, Arizona (Honeywell International and HIPI will be referred to collectively as "Honeywell").

77. Honeywell alleges that it owns the full and exclusive right, title and interest in and have standing to sue for infringement of United States Patent No. 5,280,371, entitled "Directional Diffuser for a Liquid Crystal Display," which issued January 18, 1994 ("the '371 Patent").

78. Subsequent to a letter dated August 5, 2004, Honeywell has placed Seiko Epson on notice that it is asserting the '371 patent against LCD products manufactured and sold by Seiko Epson and its customers.

79. On or about October 6, 2004, Honeywell commenced this civil action for infringement of the '371 patent by filing its Complaint in this action against the other defendants in this action. Honeywell's Complaint alleges that various consumer products containing LCD screens infringe the '317 patent. Seiko Epson supplies LCD products to many of the named defendants.

80. Since the filing of this action, many of the defendants who purchased LCD products from Seiko Epson have tendered the defense of this action to Seiko Epson and have requested indemnification from Seiko Epson.

81. As a consequence, there is an actual justiciable controversy between Honeywell and Seiko Epson concerning whether Seiko Epson and its products infringe any valid and enforceable claim of the '371 patent.

## Jurisdiction and Venue

82. In its counterclaims, Seiko Epson seeks to obtain a judgment declaring that the '371 Patent is invalid and not infringed by Seiko Epson or its products. These counterclaims arise under the Federal Declaratory Judgment Act and the Patent Laws of the United States, more particularly, Title 28 of the United States Code, sections 2201 and 2202, and Title 35 of the United States Code. Honeywell has subjected itself to the jurisdiction of this Court for purposes of the Counterclaims against it. This Court has subject matter jurisdiction based on 28 U.S.C. §§ 1331, 1338(a), 1367 and 2201 et seq. Venue is proper in this District under 28 U.S.C. §§ 1391(b) & (c) and 1400(b).

## First Counterclaim

### (Declaration of Non-Infringement of the '371 Patent)

83. Paragraphs 1 through 82 are incorporated by reference as though fully pleaded herein.

84. Seiko Epson does not directly, contributorily, or by inducement, infringe any claim of the '371 patent, either literally or under the doctrine of equivalents.

\\\LA - 81747/0239 - 231121 v1

85. The importation, use, sale, or offer for sale of LCD products manufactured, sold or provided by Seiko Epson in the United States does not infringe, contributorily infringe, or induce infringement of any claim of the '371 patent, either literally or under the doctrine of equivalents.

86. There presently exists an actual and justiciable controversy between Honeywell, and Seiko Epson concerning whether Seiko Epson or any of its LCD products infringe any of the claims of the '371 patent. Absent a declaration of non-infringement, Honeywell will continue to wrongfully assert the '731 patent against Seiko Epson and others, including its customers, in violation of the laws and contrary to the public policy of the United States, and will thereby continue to cause Seiko Epson irreparable injury and damage.

### Second Counterclaim

### (Declaration of Invalidity of the '371 Patent)

87. Paragraphs 83 through 86 are incorporated by reference as though fully pleaded herein.

88. The '731 patent, and each claim thereof, is invalid because it fails to comply with the requirements of the Patent laws of the United States, including without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112.

89. There presently exists an actual and justiciable controversy between Honeywell and Seiko Epson concerning the validity of the '731 patent. Absent a declaration of invalidity, Honeywell will continue to wrongfully assert the '371 patent against Seiko Epson and others, including its customers, in violation of the laws and contrary to the public policy of the United States, and will thereby continue to cause Seiko Epson irreparable injury and damage.

### Third Counterclaim

### (Unenforceability of the '371 Patent)

90. Paragraphs 83 through 89 are incorporated by reference as though fully pleaded herein.

91. As set forth in detail in its Tenth Affirmative Defense, which is incorporated herein by reference, during the prosecution of the '371 patent before the PTO, the inventors and/or other individuals subject to the duty of candor under Rule 56 knowingly failed to disclose material prior art and/or other material facts to the USPTO, in violation of their duty of candor under Rule 56.

92. The '371 patent inventors and their attorneys were aware of the undisclosed prior art and/or material facts during the prosecution of the '371 patent, were aware of the materiality of the information, and did not disclose it to the USPTO, with the intent to deceive the USPTO.

93. The '371 patent is therefore unenforceable.

## PRAYER FOR RELIEF

**WHEREFORE, Seiko Epson prays for judgment:**

**On Plaintiffs' Claims:**

A. Entering judgment against Plaintiffs and in favor of Seiko Epson with respect to Plaintiffs' Complaint and Seiko Epson's affirmative defenses;

B. Denying all remedies and relief sought by Plaintiffs in their Complaint;

C. Dismissing the Complaint with prejudice;

D. Declaring that Seiko Epson and its customers, affiliates, and those in privity with Seiko Epson do not infringe and have not infringed any of the claims of the '731 patent;

E. Declaring that products manufactured, sold, offered for sale, imported or otherwise provided by Seiko Epson do not infringe and have not infringed any of the claims of the '731 patent;

F. Declaring that the '731 patent is invalid and/or unenforceable;

G. Enjoining Plaintiffs, their assigns, licensees, and all those in privity therewith from asserting the '731 patent against Seiko Epson or its customers, affiliates, and all others in privity with Seiko Epson;

H. Enjoining Plaintiffs, their assigns, licensees, and all those in privity therewith from asserting the '731 patent against products manufactured, sold, offered for sale, imported or otherwise provided by Seiko Epson;

I. Declaring that this case is an exception case under 35 U.S.C. §285 and awarding Seiko Epson its costs, attorneys' fees, and expenses; and

J. Awarding Seiko Epson any other and further relief as the Court may deem just and proper.

**On Defendant's Counterclaims:**

K. Entering judgment against Plaintiffs and in favor of Seiko Epson with respect to Seiko Epson's counterclaims;

13

L.  Declaring that the '371 patent is invalid and/or unenforceable;

M.  Declaring that Seiko Epson and its customers, affiliates, and all others in privity with Seiko Epson do not infringe and have not infringed any of the claims of the '371 patent;

N.  Declaring that Plaintiffs, their assigns, licensees, and all those in privity therewith are, collectively and individually, barred from asserting infringement of the '371 patent against or collecting damages from Seiko Epson or its customers, affiliates, and all others in privity with Seiko Epson;

O.  Declaring that Plaintiffs, their assigns, licensees, and all those in privity therewith are, collectively and individually, barred from asserting infringement of the '371 patent against products manufactured, sold, offered for sale, imported or otherwise provided by Seiko Epson;

P.  Enjoining Plaintiffs, their assigns, licensees, and all those in privity therewith from asserting the '371 patent against Seiko Epson or its customers, affiliates, and all others in privity with Seiko Epson;

Q.  Enjoining Plaintiffs, their assigns, licensees, and all those in privity therewith from asserting the '371 patent against products manufactured, sold, offered for sale, imported or otherwise provided by Seiko Epson;

R.  Declaring that this case is an exceptional case under 35 U.S.C. §285 and awarding Seiko Epson its costs, attorneys' fees, and expenses; and

S.  Awarding Seiko Epson any other and further relief as the Court may deem just and proper.

**REQUEST FOR JURY TRIAL**

Defendant requests a trial by jury for all issues triable to a jury.

Dated:  March __, 2005               Respectfully submitted,

                                     SEIKO EPSON CORPORATION

                                     By:  ___/s/ Donald W. Huntley_____
                                          Donald W. Huntley, (No. 2096)
                                          1105 North Market Street, Ste. 800
                                          P.O. Box 948
                                          Wilmington, DE 19899-0948
                                          Tel: (302) 426-0610

                                     *Attorneys for Defendant and Counterclaimant*
                                     *Seiko Epson Corporation*

\\\LA - 81747/0239 - 231121 v1

OF COUNSEL:
Stuart Lubitz
Robert J. Benson
Hogan & Hartson LLP
500 S. Grand Avenue, Suite 1900
Los Angeles, CA 90071
(213) 337-6840

15

\\\LA - 81747/0239 - 231121 v1