Case 1:04-cv-01338-JJF    Document 153-5    Filed 04/07/2005    Page 1 of 4

1988 WL 96363                                                                                                                              Page 1
1988 WL 96363 (N.D.Ill.)

**(Cite as: 1988 WL 96363 (N.D.Ill.))**

Only the Westlaw citation is currently available.

United States District Court, N.D. Illinois, Eastern Division.
William R. COLLIER and Interstitial Systems, Inc., Plaintiffs,
v.
AIRTITE, INC. and Zonatherm Products, Inc., Defendants.
**No. 87 C 4097.**

Sept. 15, 1988.

*MEMORANDUM OPINION AND ORDER*

CONLON, District Judge.

*1 In this patent infringement action filed pursuant to 28 U.S.C. § 1338(a), defendants Airtite Inc. and Zonatherm Products, Inc. (collectively "Airtite") move for a preliminary injunction. They seek to enjoin plaintiffs Interstitial Systems, Inc. and William R. Collier (collectively "Interstitial") from (1) filing or prosecuting lawsuits against Airtite's customers for patent infringement [FN1] pending outcome of this action, and from (2) seeking a court order for removal of Airtite's flooring system from customer facilities in the event that this court finds Airtite's product infringes Interstitial's patent. Airtite requests that sanctions be imposed upon Interstitial for harassment pursuant to Fed.R.Civ.P. 11 ("Rule 11").

Interstitial maintains that it is entitled to proceed against Airtite's customers while it prosecutes this action against Airtite. It argues that Airtite's customers cannot escape the consequences of using an infringing product, regardless of an indemnification or hold harmless agreement with Airtite. Interstitial also seeks assessment of Rule 11 sanctions against Airtite in connection with this motion.

Injunctive Relief

On a motion for preliminary injunctive relief, the court considers four factors: (1) whether the movant will suffer irreparable harm if the motion is denied; (2) whether the potential injury to the movant outweighs the harm that the injunction may inflict on the defendant; (3) whether the movant has a reasonable likelihood of success on the merits; and (4) whether granting a preliminary injunction will disserve the public interest. *Signode Corp. v. Weld-Loc Systems, Inc.,* 700 F.2d 1108, 1111 (7th Cir.1983).

Airtite claims that it will be irreparably harmed if Interstitial continues to file and prosecute lawsuits against Airtite's customers because this will result in the loss of present and future customers, as well as lost sales of other products marketed in connection with its flooring system. Airtite's Memo. at 8-10. It argues that because there is no way to measure the volume of customers or sales lost, money damages cannot be calculated to provide an adequate remedy at law. *Id.*

Interstitial's aggressive prosecution of lawsuits against Airtite's customers will irreparably harm Airtite's business. Because there is no way to calculate the number of prospective customers who may select an alternative flooring system to avoid legal problems, the potential amount of damage is not quantifiable. Unlike lost customers, prospective sales of other unpatented consumable products in connection with Airtite's flooring system are not deemed compensable in a patent infringement action. *See Signode Corp. v. Weld-Loc Systems, Inc.,* 700 F.2d at 1113. However, the potential loss of present and future customers is sufficient to demonstrate irreparable harm to Airtite.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

1988 WL 96363                                                                                                                           Page 2

1988 WL 96363 (N.D.Ill.)

**(Cite as: 1988 WL 96363 (N.D.Ill.))**

The potential injury to Airtite if injunctive relief is denied outweighs the prospective harm to Interstitial if the relief is awarded. If Interstitial is permitted to prosecute the pending lawsuits against Airtite's customers, the injury to Airtite's business and commercial reputation will be irreparable. In contrast, if Interstitial is wrongfully enjoined from pursuing its claims against Airtite's customers, it may be compensated by an award of damages.

*2 Airtite claims that it will succeed on the merits of its claim of noninfringement and will present evidence of the invalidity of Interstitial's patent. Airtite previously filed a motion for summary judgment of noninfringement. On August 25, 1988, this court granted the motion in part and entered summary judgment of non-infringement in Airtite's favor as to literal infringement. The court denied the motion as to Interstitial's claim of infringement by equivalents, ruling that whether Airtite's system infringes Interstitial's claim by the doctrine of equivalents raised issues of material fact. Order, entered August 25, 1988, at 14-15. Having successfully defended Interstitial's claim of literal infringement, Airtite has shown at least a reasonable likelihood of success on the merits as to its defense of noninfringement.

Finally, Airtite maintains that public policy favors the restraint of Interstitial's customer lawsuits, and that it is in the public interest to eliminate improper competitive practices. Airtite's Memo. at 12. The public interest is served by resolving a patent infringement claim in a single suit against the manufacturer, rather than a multiplicity of actions against the manufacturer's customers. Despite management of the customer actions as related cases, this dispute may be litigated most economically and efficiently in this original action directly between Interstitial and Airtite. The involvement of numerous, presumably innocent customers is unnecessary when Airtite controls the litigation involving its customers. The customer lawsuits at issue, therefore, serve only to harass and disrupt the customers' businesses. [FN2]

The balance of factors to be considered in granting injunctive relief weighs in favor of Airtite. The potential harm that may result from a denial of injunctive relief clearly outweighs any injury that Interstitial may incur in connection with an injunction. The *scope* of the injunctive relief sought, however, is not warranted by the facts presented.

Airtite seeks to enjoin Interstitial from instituting additional customer lawsuits. The right to bring such actions is authorized by statute; courts will not interfere with this right except for compelling reasons. *Minnesota Mining & Mfg. Co. v. Polychrome Corp.,* 267 F.2d 772, 775 (7th Cir.1959). An injunction against the commencement of additional customer lawsuits may substantially impair a patent owner's rights, unless the manufacturer is financially able to respond in damages for any infringements for which the manufacturer or its customers may be held accountable. *American Chemical Paint Co. v. Thompson Chemical Corp.,* 244 F.2d 64, 67 (9th Cir.1957). Where no evidence is presented to allow the court to make such a finding, there is no basis for enjoining the commencement of infringement suits against a manufacturer's customers. *Id.*

Airtite has not demonstrated compelling reasons to interfere with Interstitial's right to institute lawsuits to protect its rights under the patent. Further, the parties' memoranda contain no allegations as to Airtite's ability or inability to pay a damage award. *See* Airtite's Memo. at 12. Accordingly, there is no basis for enjoining the commencement of lawsuits against Airtite's customers. Although this court cannot prohibit Interstitial from filing additional cases, such actions would be subject to a stay similar to the one imposed by this order. Moreover, any acts that contravene the objectives and intent of this order are sanctionable and will be considered in the determination of the pending motions for sanctions.

*3 Although injunctive relief as to additional customer lawsuits is not warranted, a stay of proceedings in the customer actions presently pending in this district is appropriate. Where multiple actions involve the same issues, the action

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

1988 WL 96363                                                                                                    Page 3

1988 WL 96363 (N.D.Ill.)

**(Cite as: 1988 WL 96363 (N.D.Ill.))**

filed first takes priority. *Remington Products Corp. v. American Aerovap, Inc.,* 192 F.2d 872 (2d Cir.1951); *William Gluckin Co. v. Int'l Playtex Corp.,* 407 F.2d 177, 178 (2d Cir.1969) (in the interests of judicial economy and sound judicial administration, and in the absence of special circumstances, the suit filed first should have priority). Further, the court may limit the use of discovery in cases where, as here, it is unreasonably cumulative or duplicative and obtainable from another source that is more convenient and less burdensome. Fed.R.Civ.P. 26(b)(1).

Prosecution of the identical claim at issue here in each of the separate customer actions would be duplicative and burdensome to Airtite's customers. Any information sought from Airtite's customers is obtainable from Airtite. Interstitial's legitimate business interests are not furthered by the harassment of Airtite's customers with charges of patent infringement--the ultimate issue now before this court. *See Chromium Industries, Inc. v. Mirror Polishing & Plating Co., Inc.,* 193 U.S.P.Q. 158, 161 (N.D.Ill.1976). Accordingly, the customer actions currently pending before this court as related cases shall be stayed pending resolution of the issues in this original action. Interstitial is ordered to cease all activity in the customer cases, including the issuance of discovery and alleged threats concerning the removal of customers' flooring systems.

Rule 11 Sanctions

Each party requests that this court assess sanctions against the other for conduct complained of in this motion. The court takes the motions under advisement and will rule at the conclusion of this litigation.

*CONCLUSION*

The foregoing constitutes the court's findings of fact and conclusions of law. Defendants' motion for a preliminary injunction is denied. However, cases numbered 87 C 5615, 88 C 4228, 88 C 4229 and 88 C 4230 are stayed pending final disposition of this action. The parties' cross-motions for sanctions are taken under advisement.

FN1. On July 18, 1988, this court granted defendants' motion for relatedness in connection with cases numbered 88 C 4228, 88 C 4229 and 88 C 4230. Airtite defends and indemnifies its purchasers against judgments for patent infringement arising out of their purchase of Airtite's system. Affidavit of George A. Irvine ¶ 4.

FN2. As Airtite notes, the warnings to customers that their flooring system will be torn out threatens the customers' operations in amounts far beyond the cost of the flooring system. Airtite's Memo. at 6.

1988 WL 96363 (N.D.Ill.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.