Not Reported in F.Supp.2d

Page 1

2003 WL 21781149 (C.D.Cal.)

**(Cite as: 2003 WL 21781149 (C.D.Cal.))**

Only the Westlaw citation is currently available.

United States District Court,
C.D. California.
NIKKEN, USA, INC., a/k/a Nikken, Inc., Plaintiff,
v.
ROBINSONS-MAY, INC., and Homedics-USA,
Inc., a/k/a Homedics, Inc., Defendants.
**No. CV 99-9606 LGB (MANX), CV
99-10549LGB (MANX).**

July 8, 2003.

Holder of patents covering magnetic shoe insert
sued seller of competitive product, and its buyers,
claiming infringement. Following judgment in its
favor on infringement issue, defendants moved for
stay of damages proceedings against all but seller.
The District Court, Baird, J., held that: (1) holder
could proceed with damages discovery against
seller and buyers; and (2) damages proceedings
against buyers would not be stayed.

Motion denied.

West Headnotes

**[1] Patents    292.4**
291k292.4 Most Cited Cases
Holder of patents on magnetic shoe insoles,
bringing successful infringement action, could
pursue discovery from manufacturer of infringing
product and its customers. 35 U.S.C.A. § 284.

**[2] Patents    319(1)**
291k319(1) Most Cited Cases
Damages proceedings would not be stayed, against
buyers of shoe insoles that infringed patent, while
damage claim against seller proceeded, when both
sellers and buyers were found to have infringed, and
consideration of damages of buyers as well as

sellers would not be unduly burdensome. 35
U.S.C.A. § 284.

**Patents    328(2)**
291k328(2) Most Cited Cases
4,489,711, 5,304,111. Cited.

ORDER DENYING DEFENDANTS' MOTION
TO STAY DAMAGES PROCEEDINGS
AGAINST ALL
DEFENDANTS EXCEPT HOMEDICS-USA, INC.

BAIRD, J.

I. INTRODUCTION

*1 This is a patent infringement case involving
magnetic shoe insoles. It has been determined that
Defendants infringed Plaintiff's U.S. Patent No.
5,304,111 ("the '111 patent") and the only
remaining issue is the amount of damages to which
Plaintiff is entitled. Defendants seek a stay of
damages proceedings against all Defendants except
Homedics-USA, Inc. ("Homedics"). The remaining
Defendants were all customers of Homedics
(collectively the "Customer Defendants.")

II.    FACTUAL    AND    PROCEDURAL
BACKGROUND

Plaintiff is the owner of the '111 patent and U.S.
Patent No. 4,489,711 ("the '711 patent"). These
patents are for therapeutic magnets and the process
of employing same to apply magnetic fields to the
body through shoe insoles.

Plaintiff first filed suit on November 4, 1998,
alleging that Homedics sold products that infringed
the '111 patent. Plaintiff filed a motion for a
temporary restraining order ("TRO") on November
30, 1998, which the Court denied on December 4,
1998. The Court stayed the case pending Plaintiff's
appeal of the TRO denial. While that case was

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                Page 2

2003 WL 21781149 (C.D.Cal.)

**(Cite as: 2003 WL 21781149 (C.D.Cal.))**

stayed, on August 4, 1999, Plaintiff filed a separate lawsuit against Homedics, alleging that Homedics sold products that infringed the '711 patent. The Court consolidated the cases on December 16, 1999. Although Homedics is the primary Defendant in the case, Plaintiff also brought this suit against the Customer Defendants.

The Federal Circuit held that the wavy-line insoles infringe the '111 patent, and that such infringement was willful. The only issue remaining is damages.

Defendants filed the instant motion with this Court on May 5, 2003 ("Def.Mot."). Defendants request that the Court stay any further discovery or damages proceedings against the Customer Defendants. In the alternative, Defendants request that Plaintiff be required to post a bond to cover the Customer Defendants' attorneys' fees and expenses related to discovery. Plaintiff filed its Opposition on May 12, 2003 ("Pl.Opp'n"). Defendants filed a reply on May 19, 2003 ("Def.Reply").

III. LEGAL STANDARD

A. Multiple Recoveries

[1] In a patent case, "[u]pon finding for the claimant the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court." 35 U.S.C. § 284. Thus, the mere fact of infringement without more establishes damages to the patent owner because his right to exclude has been violated. *Lindemann Maschinenfabrik, GmbH v. Am. Hoist & Derrick Co.,* 895 F.2d 1403, 1406 (Fed.Cir.1990). In other words, a reasonable royalty is awarded at bottom even if the patent owner fails to exploit his patent. *Roche Prods., Inc. v. Bolar Pharm. Co.,* 733 F.2d 858 (Fed.Cir.1984).

If a party induces or contributes to infringement, then that party is jointly and severally liable. *Crystal Semiconductor Corp. v. TriTech Microelectronics, Int'l, Inc.,* 246 F.3d 1336, 1346 (Fed.Cir.2001). Therefore, each joint tort-feasor is

liable for the entire amount, up to the amount of a single recovery. *Shockley v. Arcan,* 248 F.3d 1349, 1361-62 (Fed.Cir.2001). For example, payment by one tort-feasor for an infringement for which he and another are each liable diminishes the amount of the claim against the other. *Aro Mfg. Co. v. Convertible Top Replacement,* 377 U.S. 476, 503, 84 S.Ct. 1526, 12 L.Ed.2d 457 (1964). However, judgment against one tort-feasor does not release the others from liability, and actions can be maintained against all tort-feasors as long as there is only one recovery. *Shockley,* 248 F.3d at 1364.

B. Customer Suit Exception

*2 [2] The customer suit exception is applied in patent infringement cases which involve several manufacturer and customer defendants. *Refac Int'l, Ltd. v. IBM,* 790 F.2d 79, 79 (Fed.Cir.1986); *see also Kahn v. Gen. Motors Corp.,* 889 F.2d 1078, 1080 (2d Cir.1989). This exception usually applies when (1) two separate suits (the first against the customers, the second against the manufacturer) are filed, or (2) when one comprehensive suit is filed against both the manufacturer and customers and the customers agree to be bound by any court ruling. *Refac,* 790 F.2d at 79; *Kahn,* 889 F.2d at 1080. When this exception applies, the court may separate customer and manufacturer defendants during the liability phase of the case and stay further proceedings (regarding liability and damages) with respect to the customer defendants until the liability issue is resolved. *Refac,* 790 F.2d at 79. The Federal Circuit has also applied the exception to a case in which the plaintiff agreed at one point to go forward without the damages discovery information it later sought from the Customer Defendants. *See Micro Motion Inc. v. Kane Steel Co.,* 894 F.2d 1318 (Fed.Cir.1990).

IV. ANALYSIS

A. Multiple Recoveries

Defendants assert that Plaintiff's damages proposal is improper based on *Aro Mfg. Co. v. Convertible Top Replacement Co.* 377 U.S. 476, 84 S.Ct. 1526, 12 L.Ed.2d 457 (1964), because it will result in

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d

Page 3

2003 WL 21781149 (C.D.Cal.)

**(Cite as: 2003 WL 21781149 (C.D.Cal.))**

multiple recoveries by Plaintiff. Def. Mot. at 2; Def. Reply at 2-3. Specifically, Defendants claim that if Homedics pays a judgment for the infringement, Plaintiff cannot pursue a judgment against the Customer Defendants. *Id.* Defendants claim that *Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1324 (Fed.Cir.1990), for the propositions that "a party to litigation has no absolute right to pursue any and every theory of damages, no matter how complicated or tenuous ...." and "a district court has discretion to deny a plaintiff's proposed method of proof of damages which imposes too great a burden on court proceedings." Def. Mot. at 4. Defendants also claim that the damages proceedings would be complicated by including the Customer Defendants because the reasonable royalty calculation factors set forth in *Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F.Supp. 1116, 1120 (S.D.N.Y.1970), are "customer-specific, meaning they would have to be applied to each customer differently based on its profit structure, geographic location, etc." Def. Mot. at 6.

Plaintiff argues that it seeks lost profits, a reasonable royalty, or a mixed award, and thus, that it is not seeking a duplicative award. Pl. Opp'n. at 2, 6. Plaintiff cites *Rite-Hite Corp. v. Kelley Co. Inc.*, 56 F.3d 1538, 1555 (Fed.Cir.1995), for the proposition that a reasonable royalty is the "floor below which a damage award may not fall." *Id* at 6. Plaintiff argues that a reasonable royalty calculation using the *Georgia-Pacific* factors will necessarily require information from the Customer Defendants regarding their sales and profits related to the infringing product. *Id* at 10-13.

*3 In response, Defendants reassert that Plaintiff cannot seek multiple recoveries. Def. Reply at 2-3. Specifically, Defendants claim that Plaintiff is attempting to recover triply by seeking (1) lost profits, (2) a reasonable royalty from the Customer Defendants, and (3) a reasonable royalty from Homedics. *Id* at 3. Defendants also reassert their claim that Plaintiff is not entitled to lost profits. [FN1] *Id* at 3-4. In support of this contention, Defendants provide evidence of a stipulation, signed by Plaintiff, that Plaintiff never "even made or sold the patented product." [FN2] Def. Reply at

4; *see also* Def. Reply, Ex. 4.

FN1. To the extent that Defendants attempt to limit Plaintiff's theory of damages, their arguments will not be considered. Plaintiff's damages are a question of fact that will be resolved after Plaintiff presents its evidence to the trier of fact.

FN2. The stipulation will not be addressed here because it was first mentioned in Defendants' reply and Plaintiff had no opportunity to address it. Furthermore, even if Plaintiff did not exploit its patent, it is still entitled to damages not lower than a reasonable royalty. *See Lindemann*, 895 F.2d at 1406; *Roche Prods.*, 733 F.2d at 858.

Plaintiff, as the prevailing party, has the privilege of pursuing any damages legally available to it, as well as the burden of proving its damages. Plaintiff asserts that it will attempt to prove lost profits and/or a reasonable royalty. Because a damages award is not limited to either lost profits or a reasonable royalty, Plaintiff is not necessarily seeking a duplicative award. *See State Indus., Inc. v. Mor-Flo Indus., Inc.*, 883 F.2d 1573, 1557 (Fed.Cir.1989). A damages award may be split between lost profits, to the extent they are proven, and a reasonable royalty if necessary to compensate the patent owner (a mixed award). *Id* In addition, as evidenced in both parties' papers, proving a reasonable royalty under *Georgia-Pacific* requires information from the Customer Defendants regarding their sales and profits. Plaintiff has the burden of proving its damages, and, as the prevailing party, it is entitled to discover any information that would assist it doing so. Therefore, this Court finds no reason why Plaintiff's damages discovery should be limited to Homedics alone.

Based on the foregoing, this Court concludes that Plaintiff is entitled to discovery from all Defendants in order to prove its damages portion of the case.

B. Customer Suit Exception

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d

2003 WL 21781149 (C.D.Cal.)

**(Cite as: 2003 WL 21781149 (C.D.Cal.))**

Defendants encourage the Court to apply the customer suit exception to the present case because it will result in "sensible judicial management" of the damages phase of the case. Def. Mot. at 4. Defendants further claim that including the Customer Defendants will unnecessarily complicate the case. *Id* at 5. Plaintiff, however, claims that the Customer Defendants are imperative to its calculation of a reasonable royalty. Pl. Opp'n. at 9-12.

Defendants' request that the Court apply the customer suit exception is flawed for several reasons. First, Plaintiff brought both suit against *all* Defendants. This differs from *Kahn,* in which the first suit was filed against a manufacturer's customers, while the second suit was filed against the infringing manufacturer. *See Kahn,* 889 F.2d at 1080. In addition, the *Kahn* court held that the manufacturer's obligation for damages and the retailer's obligation involved different parameters, and thus, that a damages proceeding against the manufacturer would not resolve the damages against the retailer. *Id* at 1081-82.

*4 The present suit also differs from *Refac,* in which the Federal Circuit applied the customer suit exception only for the liability portion of the case and because all defendants agreed to be bound by any award issued in the case. *Refac,* 790 F.2d at 81. In contrast, the liability issues in the present case have already been decided and Plaintiff asserts that the Customer Defendants are necessary for its damages calculation. Furthermore, Homedics does not attest that the Customer Defendants have agreed to adopt the Court's decision regarding damages.

Defendants' reliance on *Micro Motion* for the proposition that the Court may stay discovery against some Defendants as a means of "sensible judicial management" and to avoid "too great a burden on court proceedings" is also misplaced. First, the Court will not be greatly burdened by the damages discovery as it is mainly an exercise between the parties. Second, the court in *Micro Motion* separated the customer defendants from the damages portion of the case because the plaintiff had at one point agreed to go forward without the

damages information it later sought from the customer defendants in discovery. *Micro Motion,* 894 F.2d at 1324. In the present case, however, there is no indication that Plaintiff has ever indicated that it does not require information from the Customer Defendants to prove its damages. Therefore, *Micro Motion* is not persuasive.

Lastly, because the Court found Defendants to be infringers, the Court has "no duty to exercise meticulous care to avoid a hardship" on Defendants. *Filtrex Corp. v. Amen Atiyeh,* 216 F.2d 443, 448 (9th Cir.1954). Although the damages calculation relating to the Customer Defendants might result in an arduous discovery process, Defendants cannot choose to limit the discovery Plaintiff requires to prove its damages. Plaintiff is entitled to a recovery for each infringement from each infringing Defendant, jointly and severally. Thus, there is no basis for the Court to apply the customer suit exception and stay damages proceedings against the Customer Defendants.

VI. BOND

Defendants have alternatively requested a bond in the amount of $320,000 to cover the Customer Defendants' fees and expenses related to discovery. However, Defendants have offered no authority for this request. Therefore, the request is denied.

VII. CONCLUSION

For the foregoing reasons, Defendants' Motion to Stay Damages Proceedings against all Defendants except Homedics-USA, Inc. is DENIED. Defendants' request for a bond is also DENIED.

IT IS SO ORDERED.

2003 WL 21781149 (C.D.Cal.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.