IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HONEYWELL INTERNATIONAL INC., et al. ) | |
| ) | |
| Plaintiffs ) | |
| ) | C.A. No. 04-1338 (KAJ) |
| v. ) | |
| ) | |
| APPLE COMPUTER INC., et al. ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT FUJI PHOTO FILM CO., LTD.'S RESPONSE TO
HONEYWELL'S MOTION TO CONSOLIDATE,
OPPOSITION TO HONEYWELL'S MOTION TO STAY
<u>AND IN SUPPORT OF SEIKO EPSON'S MOTION TO INTERVENE</u>**

OF COUNSEL:

Lawrence Rosenthal
Matthew W. Siegal
Angie M. Hankins
STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY  10038
(212) 806-5400

Philip A. Rovner (#3215)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE  19899-0951
(302) 984-6000
E-mail: provner@potteranderson.com

Attorneys for Defendants
Fuji Photo Film Co., Ltd. and
Fuji Photo Film U.S.A., Inc.

Dated:  April 11, 2005

## TABLE OF CONTENTS

| | | |
|---|---|---|
| I. | Introduction | 1 |
| II. | Nature of the Proceeding | 1 |
| III. | Summary of Argument | 3 |
| IV. | Statement of Facts | 3 |
| V. | Argument | 4 |
| VI. | Conclusion | 5 |

I.  **INTRODUCTION**

Honeywell, Kyocera, Optrex, Seiko Epson and perhaps every party in this action agrees that it will be cumbersome and confusing for Honeywell to try its case against every defendant at the same time. Thus, an important issue affecting every defendant is whether to first try the infringement case against one or more of the parties that make the LCDs in question and have the best understanding as to how they are made and work or whether to first try the case against some or all of the parties that merely purchase the LCDs and incorporate them into their products. In light of its status, with both its transfer motion and motion for a more definite statement pending, the extent to which it is appropriate for Fuji to respond is unclear. However, to the extent applicable, Fuji believes that it is much more appropriate to try the infringement case against companies that manufacturer LCDs and have the most knowledge with respect to the products at issue, than against mere LCD customers. Thus, Fuji supports the positions of Kyocera and Seiko Epson.

II.  **NATURE OF THE PROCEEDING**

Plaintiff Honeywell International, Inc. and Honeywell Intellectual Properties, Inc. (collectively "Honeywell") have filed two related patent infringement actions before this Court: *Honeywell International, Inc. v. Apple Computer, Inc. et al.*, ("Honeywell I") (Case No. 04-1338) and *Honeywell International Inc. v. Audiovox Corp. et. Al.* ("Honeywell II") (Case No. (04-1337). In both actions, Honeywell alleges that the Defendants sell products incorporating LCD modules that infringe unspecified claims of U.S. Patent No. 5,280,371. Honeywell contends (Opening Brief at n.1) that it filed the separate actions because of conflict issues with its Delaware counsel. It is not clear how filing separate actions that are identical in nature, but for the actual case number, resolves those conflicts, but that is perhaps an issue for another day.

Because, in part, the Complaint did not link specific accused products to specific defendants and because the Complaint was vague as to whether Honeywell intended to assert infringement as to undisclosed products, Fuji Photo Film Co. Ltd. and Fuji Photo Film USA (collectively "Fuji") moved for a more definite statement. Also, in light of, *inter alia*, the host of diverse companies and products involved and because as to Fuji and Honeywell, the location of witnesses and evidence favored the District of New Jersey, Fuji moved for a transfer of Honeywell's action against it to the District of New Jersey. Both of those Motions are pending and thus, Fuji's ability to make a complete and formal response to Honeywell's motion is unclear at this time.

Optrex has filed a Declaratory Judgment Action against Honeywell. Optrex is a manufacturer of the LCD modules used by at least Kyocera Wireless Corp. ("KWC"). Seiko Epson has moved to Intervene. Seiko Epson makes the LCD modules incorporated in the products of several of the Defendants. Honeywell does not oppose, except that it would have Kyocera and Seiko Epson submit themselves to U.S. discovery, then sit on the sidelines as Honeywell's suit proceeds against their customers.

Honeywell, Optrex, Kyocera and Seiko Epson agree that judicial economy dictates a stay against some of the Defendants. However, Kyocera and Seiko Epson, in their responses to Honeywell, show why the cases against companies that manufacturer of the products at issue (LCD modules) should proceed first. Honeywell argues that the action against customers who merely buy the LCD modules and incorporate them in their various products should go to trial first, even though those Defendants are likely to be indemnified by the LCD module manufactures. However, it is clear that unindemnified manufacturers and manufacturers who indemnify others clearly have the greater interest in defending the claims of infringement and the

greater knowledge with respect to the technology involved. Thus, if there is to be a partial stay, it should be against mere customers, as the manufacturers are more clearly the parties in interest.

### III. SUMMARY OF ARGUMENT

1. Between parties that manufacture LCD modules and parties that merely buy those modules and incorporate them in different products, to the extent the case will be stayed against any group of companies, it should be stayed against pure LCD customers, not companies that manufacturer LCD modules.

### IV. STATEMENT OF FACTS

Honeywell's '371 patent allegedly covers an improved LCD display. The independent claims are directed to "a display apparatus" and identify elements of an LCD module. The '371 patent describes incorporating the LCD module into the dashboard of an airplane. Various defendants have incorporated the modules into various products. Thus, the accused modules have been used as, for example, the display of a cell phone, the monitor for a laptop computer or the viewfinder for a digital camera. None of the claims at issue relate, in any way, to the features of the products into which the modules are incorporated. Thus, none of the claims at issue have anything to do with, for example, a cell phone transmission system, a computer keyboard or digital camera memory systems.

There are three groups of companies. Pure customers, who merely purchase LCD modules. These customers are typically indemnified by the module manufacturer. A second group of companies is typified by Optrex and Seiko Epson. Honeywell has only accused these companies for the modules they sell to other defendants. These companies have the most knowledge as to how the LCD modules are made. Companies that purchase LCDs might not have had any knowledge as to the structure of the LCDs they buy. In contrast, at least Seiko Epson has been a worldwide leader in LCD technology since LCD modules began appearing in

3

products well over 20 years ago. They have more knowledge than just about any company about the history and development of LCD modules. Also, Seiko Epson likely has indemnification obligations towards many of the defendants. The final group of companies, which includes Fuji, makes some of its own LCDs, but also buy LCDs from LCD manufacturers.

## V.   ARGUMENT

Based on the case law and argument set forth in Kyocera's and Seiko Epson's briefs, in particular the *CEA, Refac* and *Loral* cases, if this case to be stayed against any group of companies, that group should be the pure LCD customers. Those customers are likely to have indemnifications from their manufacturers and accordingly, it is the manufacturers that have the greatest interest in the resolution of this case.

As indicated in the Seiko Epson and Kyocera briefs, it would be unfair to force the manufacturers to sit on the sidelines, while the case proceeds against their indemnities. Moreover, the companies with the greatest knowledge about the products at issue should not be forced to watch as the case proceeds against their customers.

Some of the Defendants are both customers and manufacturers. For example, Honeywell's response to Fuji's Motion For A More Definite Statement, but not it's Complaint, appears to accuse Fuji on the basis of Fuji's sale of digital cameras. Fuji makes some of the modules used in some its digital cameras and purchases modules for use in other digital cameras. Accordingly, because Fuji both makes and purchases LCD modules, it would appear that Fuji should be part of the first group, whether such action is against module manufacturers or module customers. Of course, this only applies to Fuji to the extent Fuji's transfer motion is denied.

## VI.  **CONCLUSION**

Accordingly, to the extent Fuji's transfer motion is denied, and to the extent the trial of this action is stayed against either the module manufacturers or the module customers, the case against the module manufacturers, should proceed first.

 

POTTER ANDERSON & CORROON LLP

By: _____
Philip A. Rovner (#3215)
Hercules Plaza
P.O. Box 951
Wilmington, DE  19899-0951
(302) 984-6000
E-mail: provner@potteranderson.com

Attorneys for Defendants
Fuji Photo Film Co., Ltd. and
Fuji Photo Film U.S.A., Inc.

OF COUNSEL:

Lawrence Rosenthal
Matthew W. Siegal
Angie M. Hankins
STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY  10038
(212) 806-5400

Dated:  April 11, 2005

677609

# UNITED STATES DISTRICT COURT

## DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, hereby certify that, on April 11, 2005, Defendant Fuji Photo Film Co., Ltd.'s Response to Honeywell's Motion to Consolidate, Opposition to Honeywell's Motion to Stay and In Support of Seiko Epson's Motion to Intervene was electronically filed with the Clerk of the Court using CM-ECF which will send notification of such filing to the following; the document was served by hand delivery on the following; and the document is available for viewing and downloading from CM-ECF:

**BY E-FILE AND HAND DELIVERY**

Thomas C. Grimm, Esq.
Kristen Healey, Esq.
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

Thomas L. Halkowski, Esq.
Fish & Richardson P.C.
919 N. Market Street
Suite 1100
P.O. Box 1114
Wilmington, DE 19899

William J. Wade, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

**BY E-FILE AND HAND DELIVERY**

Frederick L. Cottrell, III, Esq.
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801

Richard L. Horwitz, Esq.
David E. Moore, Esq.
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899

John W. Shaw, Esq.
Glenn C. Mandalas, Esq.
Young, Conaway, Stargatt & Taylor LLP
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE 19899-0391

Adam Wyatt Poff, Esq.
Young, Conaway, Stargatt & Taylor LLP
1000 West Street, 17th Floor
P.O. Box 3981
Wilmington, DE 19899-0391

Arthur G. Connolly, III, Esq.
Brian M. Gottesman, Esq.
Connolly Bove Lodge & Hutz LLP
The Nemours Building – 8th Floor
1007 N. Orange Street
P. O. Box 2207
Wilmington, DE 19899-2207

Donald W. Huntley, Esq.
Huntley & Associates, LLC
1105 N. Market Street
P.O. Box 948
Wilmington, DE 19899-0948

Francis DiGiovanni, Esq.
James M. Olsen, Esq.
Connolly Bove Lodge & Hutz LLP
The Nemours Building – 8th Fl.
1007 N. Orange Street
Wilmington, DE 19899-2207

Amy Evans, Esq.
Cross & Simon, LLC
913 N. Market Street, Suite 1001
Wilmington, DE 19899-1380

Karen L. Pascale, Esq.
Bouchard Margules & Friedlander, P.A.
222 Delaware Avenue
Suite 1400
Wilmington, DE 19801

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899
(302) 984-6000
E-mail: provner@potteranderson.com

665446