IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HONEYWELL INTERNATIONAL INC., et al., <br><br> *Plaintiffs,* <br><br> v. <br><br> APPLE COMPUTER INC., et al., <br><br> *Defendants.* | C.A. No. 04-1338 (KAJ) |

**DEFENDANTS OLYMPUS CORPORATION AND OLYMPUS AMERICA INC.'S OPENING BRIEF IN SUPPORT OF THEIR MOTION TO STAY THE ACTION WITH <u>RESPECT TO OLYMPUS CORPORATION AND OLYMPUS AMERICA INC.</u>**

**OF COUNSEL:**

George E. Badenoch
Richard M. Rosati
Michael J. Freno
**KENYON & KENYON**
One Broadway
New York, NY 10004
(212) 425-7200

YOUNG, CONAWAY, STARGATT
& TAYLOR, LLP

John W. Shaw (#3362)
Glenn C. Mandalas (#4432)
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE 19899-0391
(302) 571-6642
jshaw@ycst.com

*Attorneys for Defendants*
*Olympus Corporation and Olympus America Inc.*

Dated: April 14, 2005

**TABLE OF CONTENTS**

NATURE AND STAGE OF THE PROCEEDING..................................................................1

SUMMARY OF ARGUMENT .........................................................................................2

STATEMENT OF FACTS ..............................................................................................3

ARGUMENT................................................................................................................4

I.     STAYING THE CASE AS TO OLYMPUS, A PURE LCD CUSTOMER, WOULD SIMPLIFY THE LITIGATION REGARDLESS OF THE OUTCOME OF THE CASE WITH RESPECT TO THE LCD MANUFACTURERS ....................................................5

II.    HONEYWELL CANNOT BE PREJUDICED SINCE OLYMPUS' LCD SUPPLIERS ARE ALREADY PARTIES TO THE SUIT, HAVE INTERVENED, OR HAVE SETTLED OUT..................................................................................................7

III.   NOW IS THE TIME TO SIMPLIFY THE CASE, BEFORE DISCOVERY BEGINS ................................................................................7

CONCLUSION..............................................................................................................8

# TABLE OF AUTHORITIES

*Commissariat A L'Energie Atomique v. Fujitsu Limited*, No. 03-484-
        KAJ, 2004 WL 1554382, at *3 (D. Del. May 13, 2004) ..........................................2, 4, 5

*Katz v. Lear Siegler, Inc.*, 909 F.2d 1459 (Fed. Cir. 1990) ......................................................4

*Refac International, Ltd. v. IBM*, 790 F.2d 79, 81 (Fed. Cir. 1986) .......................................7

*Ricoh Company, Ltd. v. Aerolfex Inc.*, 279 F. Supp.2d 554, 558
        (D. Del. 2003) .............................................................................................................6

*United Sweetener USA, Inc. v. Nutrasweet Company*, 766 F.Supp.
        212 (D. Del. 1991) ......................................................................................................5

Customer defendants Olympus Corporation and Olympus America Inc.[1] respectfully join in *Customer Defendants' Joint Motion to Stay Cases (Defendants Nikon Corporation, Nikon, Inc., Kyocera Wireless Corp., Pentax Corporation, and Pentax U.S.A. Inc.)*, No. 04-1337, filed April 12, 2005 (D.I. 60, 61), and specifically and separately requests that this lawsuit also be stayed with respect to Olympus.

## NATURE AND STAGE OF THE PROCEEDING

Plaintiffs Honeywell International Inc. and Honeywell Intellectual Properties Inc.'s (collectively "Honeywell") have filed two related actions in this Court: *Honeywell International Inc., et al. v. Apple Computer Inc. et al.*, No. 04-1338 ("the 1338 case") (D.I. 1) and *Honeywell International Inc. et al. v. Audiovox Corp. et al.*, No. 04-1337 ("the 1337 case") (D.I. 1). In both actions, Honeywell alleges that defendants sell electronic products incorporating a certain type of liquid crystal display ("LCD" or "LCD module") that infringes claims of U.S. Patent No. 5,280,371 (the "'371 patent"). At this stage, most of the named defendants have answered,[2] but additional parties have joined the fray.

Seiko Epson Corporation ("Seiko Epson") has filed a motion to intervene in the 1338 case on the basis that it supplies LCD modules to more than 25 of the defendants in the two Honeywell actions. (D.I. 136). Seiko Epson's motion is pending before the Court. In lieu of answering Honeywell's complaint, Kyocera Wireless Corporation ("Kyocera") filed a third-party complaint against Philips Electronics North America Corp., Wintek Electro-Optics Corp. and

---

1   Hereinafter, Olympus Corporation and Olympus America Inc. shall be referred to collectively as "Olympus" unless they are specifically referenced individually.
2   The Fuji defendants filed a motion for more definite statement in lieu of answering and also filed a motion to transfer venue. (1338 D.I. 95, 97). Both motions are still pending.

Optrex America, Inc. ("Optrex"), each of whom supplies LCD modules to named defendants in the case. (1338 D.I. 114). Audiovox Communications Corp., a defendant in the 1337 case, filed a third party complaint against Toshiba Corporation and Curitel Communications, Inc., seeking indemnification. (1337 D.I. 49). Optrex has also filed a declaratory judgment action against Honeywell over the same patent. *See Optrex America, Inc. v. Honeywell International Inc. et al.*, No. 04-1536 ("the 1536 case") (D.I. 1). Upon answering Optrex's complaint (Optrex D.I. 11), Honeywell filed a motion to consolidate that case with the 1338 case. (1536 D.I. 14, 15).

A Rule 26(f) conference in the three cases is scheduled for April 27, 2005, and a Rule 16 Scheduling Conference for all three cases is set for May 16, 2005. Discovery has not yet commenced in any of the three actions.

## SUMMARY OF ARGUMENT

1. There is no reason for the patent infringement case by Honeywell to go forward against Olympus, since Olympus has never designed or manufactured LCD modules, the subject matter of Honeywell's '371 patent in suit.

2. Virtually all of the LCD modules contained in Olympus' products which are sold by Olympus America in the United States are supplied by LCD manufacturer/supplier defendants who are currently parties in this case, intervening parties, or parties who have already settled with Honeywell by acquiring a license under the '371 patent.

3. It is the LCD manufacturers/suppliers who are the real parties in interest in this action and who are in a much better position to litigate Honeywell's claim in a logical and efficient manner. *Commissariat A L'Energie Atomique v. Fujitsu Limited*, No. 03-484-KAJ, 2004 WL 1554382, at *3 (D. Del. May 13, 2004).

## STATEMENT OF FACTS

This lawsuit is about liquid crystal displays ("LCDs" or "LCD modules"). Now-a-days, LCD modules are incorporated into a wide array of electronic products, including digital still cameras. However, some digital camera manufacturers, like Olympus, are pure customers of LCDs in the sense that they do not make their own LCD modules. Instead, pure customers purchase LCD modules from an LCD manufacturer/supplier as a commodity item and incorporate the LCDs into the end-products themselves. Alternatively, a pure customer engages another company, referred to as an original equipment manufacturer ("OEM"), to manufacture cameras for their brand name, and the OEM would incorporate the LCD into the end product. In such cases, the OEM would typically obtain the LCDs from an LCD manufacturer/supplier.

Olympus is an example of a pure LCD customer because Olympus does not design or manufacture any LCDs. *See* Declaration of Yoshimitsu Enomoto ("Enomoto Decl.") at ¶¶ 4-6, Ex. A and Declaration of Kathleen Cairney ("Cairney Decl.") at ¶ 4, Ex. B. All the LCDs used in Olympus' digital cameras are purchased from third party LCD suppliers.

In this action wherein Honeywell claims infringement of the '371 LCD patent, Honeywell has sued both LCD manufacturers/suppliers as well as LCD customers, like Olympus. The case is unnecessarily complicated by the presence of many parties, and includes 46 separate legal entities adverse to Honeywell. The defendants conveniently break down into two groups: (i) those who manufacture LCD modules, and (ii) those who do not (*i.e.*, LCD customers). The LCD module manufacturers are the real parties in interest in this case because they are the only parties having detailed knowledge of the makeup of their LCDs, and they are generally responsible to their customers for any potential patent infringement liability associated with their modules. Nevertheless, Honeywell has indiscriminately sued both customers and manufacturers.

To simplify this case, several of the defendants who are pure LCD customers now move to sever and stay their cases, thereby allowing the LCD module manufacturers to logically take the lead. Resolution of this case with respect to the LCD manufacturers/suppliers will moot the case as to LCD customers, thereby streamlining and simplifying this unnecessarily complex, multi-party case. For example, Pentax Corporation and Pentax U.S.A., Inc. ("Pentax"), Kyocera, and Nikon Corporation and Nikon Inc. ("Nikon") have filed a separate customer motion to stay their respective cases, which Olympus now joins. Like Pentax, Kyocera, and Nikon, Olympus has never designed or manufactured an LCD module and thus is not the best party to litigate this case. Enomoto Decl. ¶ 7, Ex. A.

## ARGUMENT

Litigation against the manufacturer of infringing goods takes precedence over a suit against customers of the manufacturer. *Commissariat A L'Energie Atomique v. Fujitsu Limited*, No. 03-484-KAJ, 2004 WL 1554382, at *3 (D. Del. May 13, 2004) ("the CEA case"), Ex. C.

> [A]t the root of the preference for a manufacturer's . . . action is the recognition that, in reality, the manufacturer is the true defendant in the customer suit. . . . it is a simple fact of life that a manufacturer must protect its customers, either as a matter of contract, or good business, or in order to avoid the damaging impact of an adverse ruling against its products.

*Katz v. Lear Siegler, Inc.*, 909 F.2d 1459 (Fed. Cir. 1990) (enjoining patentee from prosecuting customers). As a pure LCD customer, Olympus' case should be stayed.[3]

The present situation bears a striking resemblance to the situation in the *CEA* case, which

---

3  Honeywell cannot reasonably characterize Olympus as a "manufacturer" simply because Olympus manufactures digital cameras and incorporates LCDs supplied by another company (*e.g.*, Sharp) into its digital cameras and other products. The claims of the '371 patent are indisputably directed to a liquid crystal display apparatus, and nowhere refer to digital cameras or other electronic products. (Ex. D).

- 4 -

also involved LCD technology. In that case, this Court faced a patent infringement action brought against five defendants consisting of three customers and two manufacturers. 2004 WL 1554382, at *1. To simplify the matter, the Court stayed the case with respect to the three customers, allowing the manufacturers, the true parties in interest, to litigate.

In reaching its decision in the *CEA* case, the Court considered the following factors: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issue and trial of the case; (3) whether discovery is completed; (4) whether a trial has been set. *Commissariat*, 2004 WL 1554382, at *1, *citing United Sweetener USA, Inc. v. Nutrasweet Company*, 766 F. Supp. 212 (D. Del. 1991). For the same reasons the Court stayed the *CEA* case with respect to the pure customers, Honeywell's case against Olympus should be stayed.

I.  **STAYING THE CASE AS TO OLYMPUS, A PURE LCD CUSTOMER, WOULD SIMPLIFY THE LITIGATION REGARDLESS OF THE OUTCOME OF THE CASE WITH RESPECT TO THE LCD MANUFACTURERS**

Taking into consideration every LCD-containing product sold by Olympus in the United States, essentially all the LCD modules contained in these products are supplied by either Casio Computer Co., Ltd., Sanyo Electronic Co., Ltd., Seiko Epson Corporation, Sharp Corporation, or Sony Corporation, each of whom is a defendant in this lawsuit (Sanyo, Sony, and Casio), an intervening party (Seiko Epson), or has settled its dispute with Honeywell by license agreement (Sharp). Enomoto Decl. ¶ 6, Ex. A and Cairney Decl. ¶ 4, Ex. B. Sharp's settlement with Honeywell covers its LCD customers, thereby relieving Olympus of any liability with respect to its products containing Sharp LCD modules (Ex. E).

Staying this action as to Olympus would streamline this unduly complex multi-party action, no matter what the outcome. If Honeywell's patent is ultimately found invalid,

unenforceable, or not infringed by the LCDs sold to Olympus by the LCD manufacturers, Honeywell's claim against Olympus is moot. On the other hand, if Honeywell eventually prevails on its claim against the LCD manufacturers resulting in a judgment of infringement against the manufacturers, satisfaction of that judgment by the manufacturers would also render Honeywell's claim against Olympus moot. Finally, any settlements with Honeywell by Olympus' LCD suppliers would also moot Honeywell's claim against Olympus to the extent that the claim is based on LCDs manufactured by those suppliers.[4] Since Olympus' participation in this lawsuit has no real bearing on the outcome, staying the case with respect to Olympus unquestionably simplifies the case, thus conserving expense to the parties and judicial resources. *Commissariat*, 2004 WL 1554382, at *3; *see, e.g., Ricoh Company, Ltd. v. Aerolfex Inc.*, 279 F. Supp.2d 554, 558 (D. Del. 2003) (explaining that because the manufacturer is the real party in interest, the outcome against the customer is irrelevant).

Staying the action as to Olympus also makes sense because the LCD module manufacturers are better positioned to litigate Honeywell's infringement claim. It is the LCD manufacturers, not the customers, who have knowledge of the design and operation of the accused LCD modules, and hence the LCD manufacturers are the only parties possessing the technical information which bears on Honeywell's infringement claim. *Commissariat*, 2004 WL 1554382, at *3. Because Olympus does not make or design LCD modules, it has no useful information whatsoever on the subject, and therefore is unable to provide Honeywell with any discovery bearing on the issue of infringement. Enomoto Decl. ¶ 7, Ex. A.

---

4   For example, Sharp Corporation, a leading manufacturer/supplier of LCDs, recently settled with Honeywell, thereby mooting Honeywell's claim against Olympus to the extent that it is based on LCDs supplied by Sharp. (Ex. E).

II.    **HONEYWELL CANNOT BE PREJUDICED SINCE OLYMPUS' LCD SUPPLIERS ARE ALREADY PARTIES TO THE SUIT, HAVE INTERVENED, OR HAVE SETTLED OUT**

If the Court stays this lawsuit with respect to Olympus, Pentax, Nikon, and Kyocera, nearly 20% of the original named defendants (7 out of 36) would be stayed in favor of the true defendants in this case—the manufacturers. This simplification of the lawsuit does not prejudice Honeywell. *See, e.g., Refac International, Ltd. v. IBM*, 790 F.2d 79, 81 (Fed. Cir. 1986) (finding patent holder disingenuous when it suggested that it would not benefit from focusing on the manufacturers who were the true parties in interest).

III.    **NOW IS THE TIME TO SIMPLIFY THE CASE, BEFORE DISCOVERY BEGINS**

At this time, no trial date is set and no discovery has occurred. If this case is to be structured in a logical and efficient way, now is the time to do it. It makes no sense to force pure customers like Olympus to participate in this lawsuit, particularly when they cannot provide any discovery bearing on the issue of infringement of the '371 patent.

## CONCLUSION

For the foregoing reasons, Olympus respectfully requests the case against it be stayed.

|  |  |
|---|---|
| OF COUNSEL:<br><br>George E. Badenoch<br>Richard M. Rosati<br>Michael J. Freno<br>KENYON & KENYON<br>One Broadway<br>New York. NY  10004<br>(212) 425-7200 | YOUNG, CONAWAY, STARGATT & TAYLOR, LLP<br><br>By: _____<br>John W. Shaw (#3362)<br>Glenn C. Mandalas (#4432)<br>1000 West Street, 17th Floor<br>P. O. Box 391<br>Wilmington, DE   19899-0391<br>(302) 571-6642<br>jshaw@ycst.com<br><br>*Attorneys for Defendants*<br>*Olympus Corporation and*<br>*Olympus America Inc.* |

Dated:  April 14, 2005