# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

HONEYWELL INTERNATIONAL INC., et al.,

        *Plaintiffs*,

    v.

APPLE COMPUTER INC., et al.,

        *Defendants*.

Case No. 04-1338 (KAJ)

## DECLARATION OF YOSHIMITSU ENOMOTO

I, Yoshimitsu Enomoto, hereby declare as follows:

1. I am a member of the licensing department of Olympus Corporation, a defendant in this action. In this position, my responsibilities allow me to have access to business records and information, including Olympus Corporation's purchase of components used in Olympus brand products from third party suppliers.

2. I submit this declaration in support of the motion to stay the above-captioned action as to Olympus Corporation and Olympus America Inc. The facts stated herein are based on my personal knowledge and/or my review of Olympus Corporation's books, business records and other business information. If called to testify regarding the same, I could do so competently.

3. I understand that Honeywell International Inc. and Honeywell Intellectual Properties, Inc. ("Honeywell") have filed a lawsuit against Olympus Corporation and Olympus

1

America Inc. alleging infringement of U.S. Patent No. 5,280,371 ("the '371 patent"). I further understand that the '371 patent is specifically directed to a certain type of liquid crystal display ("LCD") and that Honeywell has alleged that Olympus brand digital still cameras which contain an LCD infringe the '371 patent.

4. Olympus Corporation has manufactured products which contain an LCD, and Olympus Corporation has sold these products to Olympus America Inc. ("Olympus America"). Olympus America, in turn, has resold these LCD-containing products to customers in the United States, Canada, and Latin America. Although some of the products which have been sold by Olympus Corporation to Olympus America contain LCDs, Olympus Corporation itself does not and has never manufactured or designed LCDs.

5. The LCD-containing products which have been sold by Olympus Corporation to Olympus America fall into one of two categories: (1) products which Olympus Corporation manufactured itself and for which Olympus Corporation purchased LCD modules from a third party manufacturer/supplier of modules, wherein the module was incorporated in the end product during assembly; and (2) products which Olympus Corporation purchased fully assembled from a third party original equipment manufacturer ("OEM"), wherein the LCD module was incorporated into the end product by the OEM.

6. Upon review of Honeywell's complaint in this action, Olympus Corporation conducted a survey of all the LCD-containing products which it has sold to Olympus America. Olympus Corporation determined: (i) the identity of the manufacturer/supplier of the LCD module contained in each product sold to Olympus America; and (ii) the number of LCD-containing products sold to Olympus America since 1997. From our internal survey, we determined that five companies make and supply virtually all the LCD modules used in Olympus Corporation's LCD-containing products sold to Olympus America. These five companies are Casio Computer Co., Ltd., Sanyo Electronic Co., Ltd., Seiko Epson Corporation, Sharp Corporation, or Sony Corporation.

7.  Because Olympus Corporation does not manufacture or design and has never manufactured or designed LCDs, Olympus Corporation has virtually no information about the LCDs used in its products or the makeup of those LCDs, other than the identity of the manufacturers/suppliers from whom Olympus Corporation purchased the LCDs.

I declare that the foregoing is true and accurate to the best of my knowledge under penalty of perjury of the laws of the United States.

Dated: April 14, 2005

_Yoshimitsu Enomoto_
Yoshimitsu Enomoto

3

# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| HONEYWELL INTERNATIONAL INC., et al., <br><br>　　　　　*Plaintiffs*, <br><br>　　　　v. <br><br> APPLE COMPUTER INC., et al., <br><br>　　　　　*Defendants*. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 04-1338 (KAJ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## DECLARATION OF KATHLEEN CAIRNEY

I, Kathleen Cairney, hereby declare as follows:

1.　　I am the associate counsel of Olympus America Inc. ("Olympus America"), a defendant in this action. In this position, my responsibilities allow me to have access to business records and information, including Olympus America's purchase of components and accessories used in Olympus brand products from third party suppliers.

2.　　I submit this declaration in support of the motion to stay the above-captioned action as to Olympus Corporation and Olympus America. The facts stated herein are based on my personal knowledge and/or my review of Olympus America's books, business records and/or other business information. If called to testify regarding the same, I could do so competently.

3.　　I understand that Honeywell International Inc. and Honeywell Intellectual Properties, Inc. ("Honeywell") have filed a lawsuit against Olympus Corporation and Olympus

1

America alleging infringement of U.S. Patent No. 5,280,371 ("the '371 patent"). I further understand that the '371 patent is specifically directed to a certain type of liquid crystal display ("LCD") and that Honeywell has alleged that Olympus brand digital still cameras which contain an LCD infringe the '371 patent.

4. Olympus America has purchased products containing an LCD from Olympus Corporation, and Olympus America has sold these LCD-containing products to customers in the United States, Canada and Latin America. Substantially all of the LCD-containing products which have been sold by Olympus America were purchased by Olympus America from Olympus Corporation or contain LCDs supplied by Sony.

5. Olympus America does not manufacture or design and has never manufactured LCDs.

I declare that the foregoing is true and accurate to the best of my knowledge under penalty of perjury of the laws of the United States.

Dated: April 14, 2005

_Kathleen Cairney_
Kathleen Cairney

# EXHIBIT C

Westlaw.

Not Reported in F.Supp.2d
2004 WL 1554382 (D.Del.)
**(Cite as: 2004 WL 1554382 (D.Del.))**

Page 1

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
D. Delaware.
COMMISSARIAT A L'ENERGIE ATOMIQUE, Plaintiff,
v.
DELL COMPUTER CORPORATION, et al., Defendants.
COMMISSARIAT A L'ENERGIE ATOMIQUE, Plaintiff,
v.
TOTTORI SANYO ELECTRONIC CO., LTD., Defendant.
COMMISSARIAT A L'ENERGIE ATOMIQUE, Plaintiff,
v.
BEST BUY CO. OF MINNESOTA, INC., et al., Defendants.
COMMISSARIAT A L'ENERGIE ATOMIQUE, Plaintiff,
v.
FUJITSU LIMITED, et al., Defendants.
COMMISSARIAT A L'ENERGIE ATOMIQUE, Plaintiff,
v.
TATUNG COMPANY, et al., Defendants.
No. Civ.A. 03-484-KAJ, Civ.A. 03-857-KAJ, Civ.A. 03-931-KAJ, Civ.A. 03-1036-KAJ, Civ.A. 04-99-KAJ.

May 13, 2004.
Richard D. Kirk, Morris, James, Hitchens & Williams, Wilmington, DE, for Plaintiffs and Counter-Defendant.

Richard L. Horwitz, Potter Anderson & Corroon, LLP, Wilmington, DE, for Defendants and Counter-Claimant.

William J. Marsden, Jr., Fish & Richardson, P.C., Robert H. Richards, III, William J. Wade, Richards, Layton & Finger, M. Duncan Grant, Pepper Hamilton LLP, Josy W. Ingersoll, Young, Conaway, Stargatt & Taylor, Jeffrey S. Goddess, Rosenthal, Monhait, Gross & Goddess, Wilmington, DE, for Defendants.

*MEMORANDUM ORDER*
JORDAN, J.

I. INTRODUCTION

*1 Presently before me are several Motions to Consolidate filed by plaintiff, Commissariat à l'Énergie Atomique ("CEA"), in the following patent infringement cases currently pending in this court: *CEA v. Dell Computer Corp., et al.,* Civ. No. 03-484-KAJ (D.Del. May 19, 2003) (Docket Item ["D.I."] 89, D.I. 142); *CEA v. Tottori Sanyo Electronic Co., Ltd.,* Civ. No. 03-857-KAJ (D.Del. Sept. 4, 2003) (D.I.10, D.I.27); *CEA v. Best Buy Co., et al.,* Civ. No. 03-931-KAJ (D.Del. Oct. 6, 2003) (D.I.48, D.I.81); and *CEA v. Fujitsu Ltd.,* Civ. No. 03-1036-KAJ (D.Del. Nov. 13, 2003) (D.I.14). Also before me are Motions to Stay the Case filed by the defendants in Civ. No. 03-484-KAJ (D.I.93); Civ. No. 03-931-KAJ (D.I.47); and *CEA v. Tatung Co., et al.,* Civ. No. 04-099-KAJ (D.Del. Feb. 13, 2004) (D.I.16). For the reasons that follow, CEA's Motions to Consolidate will be granted in part and denied in part and the defendants' Motions to Stay the Case will be granted.

II. BACKGROUND

CEA alleges, in all of the cases listed above, that the defendants are infringing its U.S. Patent No. 4,701,028 ("the '028 patent") and U.S. Patent No. 4,839,412 ("the '412 patent"), which claim certain liquid crystal display ("LCD") technology. (D.I. 90 at 3.) [FN1] CEA categorizes the defendants by entity, as follows: module manufacturers, original equipment manufacturers/distributors ("OEM/distributors"), and retailers. (D.I. 186 at 11:18-12:17.) In all, CEA has sued over 60 defendants on the same patents. (*Id.* at 15:6-11.) CEA would like the cases against all these defendants consolidated for discovery, pretrial, and trial purposes. (*Id.* at 17:18-18:2.)

> FN1. For ease of reference, and because plaintiffs and defendants essentially make the same arguments in all of their motions, I will cite the docket items associated with *CEA v. Dell Computer Corp., et al.,* Civ. No. 03-484-KAJ, and the transcript from the hearing on the parties' motions (D.I.186), unless otherwise noted. CEA did not file Motions to Consolidate in *CEA v. Tatung Co., et al.* and *CEA v. Sharp Corp., et al.,* Civ. No. 04-231-KAJ (D.Del. Apr. 13, 2004), which also allege infringement of the '028 and '412 patents. CEA also has a patent infringement case

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**Westlaw**

Not Reported in F.Supp.2d
2004 WL 1554382 (D.Del.)
(Cite as: 2004 WL 1554382 (D.Del.))

Page 2

against Chi Mei Optoelectronics Corporation pending in the Northern District of California. (D.I. 186 at 9:20-23.)

At the hearing on the parties' motions, the defendants in all of the cases advanced a unified position in response to CEA's Motions to Consolidate. [FN2] (*Id.* at 20:3-12.) The defendants would like the case to go forward against the LCD module manufacturers only, those parties being Samsung Electronics, Fujitsu Display Technologies Corporation, and Tottori Sanyo, and for the case to be stayed against all remaining defendants. (*Id.* at 20:15- 21:1; 43:12-18.)

> FN2. From this point forward, any reference herein to "the defendants" means those defendants who were represented at the April 20, 2004 hearing. This does not include the defendants in *CEA v. Tatung Co., et al.* or the defendants in *CEA v. Sharp Corp., et al.* (*See* D.I. 186 at 21:9- 19.)

III. STANDARD OF REVIEW

In general, a district court has broad discretion when deciding whether to consolidate or stay proceedings. *See* Fed.R.Civ.P. 42(a); *Bechtel Corp. v. Laborers' International Union*, 544 F.2d 1207, 1215 (3d Cir.1976). Federal Rule of Civil Procedure 42 provides that, "[w]hen actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." Fed.R.Civ.P. 42(a) (2004).

The power to stay proceedings "is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Cheyney State College Faculty v. Hufstedler*, 703 F.2d 732, 738 (quotation omitted). When considering a motion to stay, the court considers the following factors: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues and trial of the case; (3) whether discovery is completed; and (4) whether a trial date has been set. *United Sweetener USA, Inc. v. Nutrasweet Co.*, 766 F.Supp. 212, 217 (D.Del.1991).

IV. DISCUSSION

A. CEA's Motion to Consolidate

*2 CEA argues that, because the pending actions involve the same patent, they necessarily have common questions of law and fact, and that this court "routinely grants motions to consolidate when two actions are pending that involve the same or similar patents." (D.I. 90 at 4-5.) CEA also argues that consolidation is appropriate when a single plaintiff has filed multiple actions in the same court (*id.*), particularly where, as here, the cases involve the same patents, the same infringing products, and the same distribution chain (*id.* at 6).

At the April 20, 2004 hearing, the defendants proposed that the case go forward against the LCD module manufacturers, specifically, Samsung Electronics, Fujitsu Display Technologies Corporation, and Tottori Sanyo. (D.I. 186 at 20:15-21:1.) CEA argued that the retailer action, *CEA v. Best Buy Co., et al.*, Civ. No. 03-931-KAJ, should be consolidated with the manufacturer actions, the main reason being that haling the retailers into this court will force the manufacturers to consent to jurisdiction in order to defend their products. (*Id.* at 49:25-50:19.)

Because the defendants did not object to consolidating the cases against Samsung Electronics, Fujitsu Display Technologies Corporation, and Tottori Sanyo at the hearing (*see id.* at 22:2-6), and because the cases involve common questions of law and fact pertaining to infringement of the '028 and '412 patents, those cases will be consolidated for all pretrial and trial purposes, without prejudice to any of the manufacturers filing a motion to sever from the others at trial, once the pretrial matters are concluded. However, I will not consolidate the retailer action with the manufacturer cases. CEA has not come forward with any compelling reason why the case against the retailers should proceed in lockstep with the cases against the manufacturers. Therefore, CEA's Motions to Consolidate will be granted in part and denied in part; they are granted to the extent that

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d
2004 WL 1554382 (D.Del.)
**(Cite as: 2004 WL 1554382 (D.Del.))**

Page 3

they seek to consolidate the Samsung Electronics, Fujitsu Display Technologies Corporation, and Tottori Sanyo module manufacturers, and denied to the extent that they seek to consolidate the remaining defendants.

B. Defendants' Motions to Stay the Case

Defendants argue that CEA's case against the OEM/distributors and retailers should be stayed pending resolution of the case against the manufacturers. (D.I. 94 at 5; D.I. 186 at 41:23-42:11.) CEA responds that it would be unduly prejudiced and placed at a tactical disadvantage if a stay were granted, and that granting a stay as to the retailers would not simplify the issues in this case. (D.I. 106 at 4-6.) Applying the factors enumerated in *United Sweetener, supra,* I find that it is appropriate to stay the case against the OEM/distributors and the retailers pending the outcome of the case against the manufacturers.

First, CEA has not articulated, in its papers or at the hearing (*see* D.I. 186 at 25:24-29:4) any real prejudice or tactical disadvantage that it would suffer if the proceedings against the OEM/distributors and retailers are stayed. *See United Sweetner,* 766 F.Supp. at 217. CEA asserts that a stay would "substantially delay" its right to adjudicate its claims against the remaining defendants and that it would be most efficient for the court and the parties "to take discovery and present arguments in this case only one time and not through delayed piecemeal litigation." (D.I. 106 at 5.) Should CEA prevail in this case, it will be compensated for any delay it experiences in recovering damages against the remaining defendants by interest on the award. CEA also argues that, should a preliminary injunction be entered against the manufacturers, [FN3] the injunction would not be broad enough to encompass the retailers if the case against them is stayed. (D.I. 186 at 35:7-36:4.) Such a speculative argument, on its own, does not demonstrate enough prejudice to outweigh the remaining factors in favor of granting a stay. Furthermore, and as explained more fully below, staying the case against the remaining defendants may streamline the case and avoid piecemeal litigation altogether.

> FN3. CEA has filed Motions for a Preliminary Injunction in *CEA v. Dell* (D.I.58) and *CEA v. Tottori Sanyo* (D.I.18).

*3 Although CEA argues that granting a stay would not simplify the issues pending against the retailers, "[i]t is common practice to stay all pending [patent] litigation except the first suit between the patent owner and a manufacturer or a higher level supplier." David F. Herr, *Annotated Manual for Complex Litigation,* § 33.63 (3d ed.2003); *see also* Katz v. Lear Siegler, Inc., 909 F.2d 1459, 1464 (Fed.Cir.1990) ("litigation against or brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer"). Because the manufacturers are intimately involved in the design, operation, and use of the accused LCD panels, they are in the best position to contest the validity and infringement of CEA's asserted patents. Resolving these issues prior to proceeding against the OEM/distributors and retailers would surely simplify this case. If, for example, CEA's patents were found invalid or the manufacturers would found to be not infringing, then there would be no need to proceed against the OEM/distributors or retailers, thus conserving judicial resources and expense to the parties. [FN4]

> FN4. As to the final two *United Sweetener* factors, discovery is not complete in any of the cases, and even though a trial date in October 2005 has been set in *CEA v. Dell,* Civ. No. 03-484-KAJ (*see* D.I. 106 at 3), neither of these factors weigh strongly against granting a stay under the circumstances presented by these cases.

V. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that CEA's Motions to Consolidate in *CEA v. Dell Computer Corp., et al.,* Civ. No. 03-484-KAJ (D.I.89, D.I.142); *CEA v. Tottori Sanyo Electronic Co., Ltd.,* Civ. No. 03-857-KAJ (D.I.10, D.I.27); and *CEA v. Fujitsu Ltd.,* Civ. No. 03-1036-KAJ (D.I.14) are GRANTED IN PART and DENIED IN PART. They are GRANTED to the extent that they seek to consolidate the cases against Samsung Electronics, Fujitsu Display Technologies Corporation and Tottori Sanyo for pretrial and trial purposes, without prejudice to defendants filing motions to sever once the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**Westlaw.**

Not Reported in F.Supp.2d  
2004 WL 1554382 (D.Del.)  
**(Cite as: 2004 WL 1554382 (D.Del.))**

Page 4

pretrial matters are completed; and in all other respects, CEA's Motions to Consolidate are DENIED. Counsel should confer on an appropriate simplified case caption for the proceeding against the three named manufacturer defendants. It is further ORDERED that CEA's Motions to Consolidate in *CEA v. Best Buy Co., et al.,* Civ. No. 03-931-KAJ (D.I.48, D.I.81) are DENIED. It is further ORDERED that defendants' Motions to Stay the Case in Civ. No. 03-484-KAJ (D.I.93); Civ. No. 03-931-KAJ (D.I.47); and Civ. No. 04-099-KAJ (D.I.16) are GRANTED to the extent that they seek to stay the proceedings against the OEM/distributors and retailers.

2004 WL 1554382 (D.Del.)

**Motions, Pleadings and Filings (Back to top)**

• 1:04CV00582 (Docket) (Jun. 25, 2004)

• 1:04CV00099 (Docket) (Feb. 13, 2004)

• 1:03CV01036 (Docket) (Nov. 13, 2003)

• 1:03CV00857 (Docket) (Sep. 04, 2003)

• 1:03CV00484 (Docket) (May. 19, 2003)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.