IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HONEYWELL INTERNATIONAL INC., et al. | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | C.A. No. 04-1338 (KAJ) |
| v. | ) | |
| | ) | |
| APPLE COMPUTER INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**TOSHIBA'S MEMORANDUM IN SUPPORT OF ITS FED. R. CIV. P. 42(b)
MOTION FOR BIFURCATION OF LIABILITY AND DAMAGES**

OF COUNSEL:

Arthur I. Neustadt
Carl E. Schlier
OBLON, SPIVAK, McCLELLAND,
MAIER & NEUSTADT, P.C.
1940 Duke Street
Alexandria, VA 22314
Tel: (703) 413-3000

Dated: April 15, 2005

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant
Toshiba Corporation*

## Table of Contents

Nature and Stage of Proceedings ............................................................................... 1

Summary of Argument ............................................................................................... 1

Concise Statement of Facts ........................................................................................ 1

Argument .................................................................................................................... 3

    This Case Can Best Be Managed and Significant Benefits Obtained By Bifurcating
    Liability and Damages ........................................................................................... 3

Conclusion ................................................................................................................. 7

## Table of Authorities

*Cases*

*Ciena Corp. v. Corvis Corp.*,
  210 F.R.D. 519 (D. Del. 2002) ............................................................................ 4

*Eaton Corp. v. Auburn Gear*,
  8 USPQ2d 1373 (N.D. Ind. 1988) ....................................................................... 6

*Ellingson Timber Co. v Great Northern Railway Co.*,
  424 F.2d 497 (9th Cir. 1970) .............................................................................. 5

*Industrias Metalicas Marva, Inc. v. Empresas Lausell*,
  172 F.R.D. 1 (D.P.R. 1997) ............................................................................ 6, 7

*Novopharm Ltd. v. Torpharm, Inc.*,
  181 F.R.D. 308 (E.D.N.C. 1998) ........................................................................ 6

*Paine, Webber, Jackson & Curtis, Inc. v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.*,
  587 F.Supp. 1112 (D. Del. 1982) ........................................................................ 5

*Smith v. Alyeska Pipeline Service Co.*,
  538 F.Supp. 977 (D. Del. 1982) ...................................................................... 4, 5

*Swofford v. B&W, Inc.*,
  336 F.2d 406 (5th Cir. 1964) .............................................................................. 4

*Rule*

Fed. R. Civ. P. 42(b) ................................................................................... 3, 4, 6

*Statute*

28 U.S.C. §1292(c)(2) ................................................................................. 3, 6, 7

## Nature and Stage of Proceedings

Plaintiffs Honeywell International Inc. and Honeywell International Properties Inc. (collectively "Honeywell") filed this action on October 6, 2004. Honeywell filed its related 04-1337 action ("the 1337 action") involving the same patent-in-suit but different defendants on the same day. The complaint in the 1337 action was later amended and a second amended complaint was filed on February 9, 2005.

The Court has scheduled a combined status conference for both this and the 1337 action on May 16, 2005. It is anticipated that the primary focus of the status conference will be case management and scheduling.

## Summary of Argument

In addition to the position of defendants that the cases should be stayed as to non-manufacturer defendants, this action also should be bifurcated as to liability and damages (with willfulness being a damages issue) to make this case more manageable, to simplify issues, to reduce effort and expense, to conserve judicial resources and to avoid what may be an unnecessary damages trial and discovery with respect thereto.

## Concise Statement of Facts

In this patent infringement action, the patent in suit (5,280,371, "the '371 patent") is directed to a liquid crystal display. "This invention relates in general to flat panel liquid crystal displays and, more particularly, to a liquid crystal display (LCD) ... ." Col. 1, ll. 6-10. The patent includes claims 1-3, each of which is directed to a liquid crystal display apparatus. Col. 6, ll. 2-42.

Notwithstanding the fact that the patent is directed to an LCD, surprisingly, Honeywell does not accuse any LCD of infringement. Rather, Honeywell only accuses

products that include LCDs such as "laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, and portable televisions and/or portable game systems." COMPLAINT AND DEMAND FOR JURY TRIAL (D.I. 1) at 6, ¶37.

This action and the 1337 action together include 35 defendants, each of which is accused of infringement with respect to the LCD-containing products noted above.

Since the '371 patent is directed to an LCD and not an LCD-containing product such as a laptop computer or the like, the primary battle is between Honeywell and the LCD suppliers and not their customers (the defendants). The liability issue must be decided by each supplier defending its own LCDs. It is only the suppliers and not their customers who have (1) the requisite knowledge of their LCDs and how they relate to prior art LCDs and (2) the contractual obligation to defend these LCDs against any charges of infringement.

Discovery and trial will be complicated enough trying to ascertain which LCDs are accused of infringement, which suppliers make these LCDs, whether a particular LCD infringes and whether the '371 patent claims are invalid or unenforceable if that particular LCD is asserted to infringe -- without also having to conduct discovery and a jury trial on complex damages issues where Honeywell will be contending that its supposed invention of an LCD was responsible for the success of such varied products as laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, portable televisions and portable game systems and, further, that a reasonable royalty should be based on the price of these products.

2

## Argument

### This Case Can Best Be Managed and Significant Benefits Obtained By Bifurcating Liability and Damages

Bifurcation of liability and damages is specifically authorized under Fed. R. Civ. P. 42(b). In this case, even with a stay as to non-manufacturer defendants[1], bifurcation of liability from damages is still appropriate, because of the breadth of products involved, and the complexity of damages discovery, both fact and expert, relating to those products.

As in other patent cases, there should be a *Markman* hearing and motions for summary judgment for the accused LCDs. To the extent not otherwise resolved, there would be a liability trial for the accused LCDs. If no liability is found, Honeywell can file an appeal to the Federal Circuit. If liability is found for any LCD, the supplier can file an interlocutory appeal to the Federal Circuit. 28 U.S.C. §1292(c)(2).

The above procedure provides significant benefits, since it places the liability dispute between Honeywell and the LCD suppliers where it belongs rather than between Honeywell and defendants who lack familiarity with LCD structures and are only accused with respect to LCD-containing products. Of equal importance, bifurcation will greatly simplify the issues for the Honeywell-requested jury. Further, if no liability is found, there will be no need to consider during discovery and trial the complex damages issues raised by Honeywell noted above.

Bifurcation is common in patent cases.

> *In the context of patent cases, "experienced judges use bifurcation and trifurcation both to simplify the issues in patent cases and to maintain manageability of the volume and complexity of the evidence presented to a jury."*

---

[1] *See* Customer Defendants' Joint Motion to Stay Case Pending Resolution of LCD Module Manufacturers' Cases and Opening Brief in Support filed in the 1337 and 1338 cases. (1337 D.I. 60, 61; 1338 D.I. 158, 159.).

3

> Thomas L. Creel & Robert P. Taylor, Bifurcation, Trifurcation, Opinions of Counsel, Privilege and Prejudice, 424 PLI/Pat 823, 826 (1995); see also Manual for Complex Litigation (Third) § 33.62 (1995) (advising trial judges to bifurcate or trifurcate overly complex patent trials). *In fact, bifurcation of complex patent trials has become common.* Steven S. Gensler, Bifurcation Unbound, 75 Wash. L. Rev. 705, 725 (2000) (*"Bifurcation is also common in patent litigation ..."*); Creel & Taylor, *supra,* at 825 (*"Bifurcation or even trifurcation is common in patent cases."*).

*Ciena Corp. v. Corvis Corp.*, 210 F.R.D. 519, 521 (D. Del. 2002), emphasis added.

The typical bifurcation is with respect to liability and damages and is particularly helpful with respect to preventing jury confusion in complex patent caes such as this involving 35 defendants and a large number of accused infringing products.

> *Typically, courts bifurcate patent cases into liability and damage trials.* Swofford v. B&W, Inc., 336 F.2d 406 (5th Cir. 1964), cert. denied, 379 U.S. 962, 13 L. Ed.2d 557, 85 S.Ct. 653 (1965) (bifurcating patent case into liability and damage trials). *Courts also bifurcate complex patent cases in such a way to prevent jury confusion.* Smith v. Alyeska Pipeline Service Co., 538 F.Supp. 977, 984 (D. Del. 1982) (finding "that one trial of both issues [i.e., liability and damages] would tend to clutter the record and to confuse the jury.").

*Id.*, emphasis added.

In a patent infringement suit, it is often the case that "efficient judicial administration would be served by separate trials on the issues of liability and damages."

> The leading patent case where a jury was demanded and in which Rule 42(b) was applied is *Swofford v. B&W, Inc.*, 34 F.R.D. 15, 19-20, 139 USPQ 92, 95-96 (S.D. Texas 1963), aff'd, 366 F.2d 406 (C.A. 5, 1964), cert. denied, 379 U.S. 962, 13 L. Ed. 2d 557, 85 S. Ct. 653 (1965). In *Swofford*, the court articulated *the unique circumstances present in a patent case which justifies a court to order separate trials of liability and of damages:*

4

> In the normal case separate trial of issues is seldom required, *but in a patent infringement suit considerations exist which suggest that efficient judicial administration would be served by separate trials on the issues of liability and damages.* The trial of the damages question in such a suit is often difficult and expensive, while being easily severed from the trial of the questions of validity and infringement of the patent. A preliminary finding on the question of liability may well make unnecessary the damages inquiry, and thus result in substantial saving of time of the Court and counsel and reduction of expense to the parties. Moreover, separate trial of the issue of liability may present counsel the opportunity to obtain final settlement of that issue or appeal without having reached the often time-consuming and difficult damages question.

*Smith v. Alyeska Pipeline Service Co.*, 538 F. Supp. 977, 982-83 (D. Del. 1982), emphasis added.

Bifurcation can reduce jury confusion, avoid prejudice, expedite resolution of liability and defer costly and possibly unnecessary damages discovery.

> Finally, the Court finds, in view of the complex case to be tried with the allowed additional counterclaims, that separate trials will reduce jury confusion, tend to avoid prejudice, expedite the date of the liability trial and possibly avoid additional expenses if a damage trial becomes unnecessary. The Court further finds it to be in the interest of expedition and economy to defer costly and possibly unnecessary discovery proceedings on the damages issues pending the resolution of the liability issues. *Ellingson Timber Co. v Great Northern Railway Co.*, 424 F.2d 497, 499 (9th Cir. 1970), *cert. denied*, 400 U.S. 957, 91 S. Ct. 354, 27 L. Ed. 2d 264 (1970).

*Paine, Webber, Jackson & Curtis, Inc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 587 F. Supp. 1112, 1117 (D. Del. 1982).

5

A principal benefit of bifurcation of liability and damages (with willfulness being a damages issue) is that it permits costly discovery and trial preparation to be deferred pending preliminary liability issues.

> *One of the purposes of bifurcation under Rule 42(b) is to defer costly discovery and trial preparation costs pending the resolution of preliminary liability issues.* [citation omitted] When it is appropriate to sever the damages and willfulness issues from the trial of the merits of the liability case, discovery on those issues may also be stayed. [citation omitted] As the court in *Industrias Metalicas Marva* observed, simplification of discovery is the "major benefit" of bifurcation. 172 F.R.D. at 4.

*Novopharm Ltd. v. Torpharm, Inc.*, 181 F.R.D. 308, 312 (E.D.N.C. 1998), emphasis added.

Bifurcation has, at minimum, two undeniable benefits – simplification of issues for the jury and the potential to induce settlement.

> *Bifurcation produces two undeniable benefits, regardless of the outcome of the liability trial.* First, the case, which involves complicated legal and factual issues, would be *made simpler both for the Court and the jury or juries.* Second, a jury determination that Lausell illegally infringed upon Marva's patent has *great potential to induce settlement with respect to damages.*

*Industrias Metalicas Marva, Inc. v. Empresas Lausell*, 172 F.R.D. 1, 5 (D.P.R. 1997), emphasis added.

28 U.S.C. § 1292(c)(2), which permits an interlocutory appeal in a patent case after liability is found but before damages are considered, constitutes "a strong recommendation for bifurcation in patent cases."

> Other courts have interpreted § 1292(c)(2) as *a strong recommendation for bifurcation in patent cases.* For example, in *Eaton Corp. v. Auburn Gear*, the court stated:

6

> *Separate trials are particularly appropriate in patent cases* because 28 U.S.C. § 1292(c)(2) provides that a finding of liability for patent infringement is an appealable interlocutory order. This allows for easy bifurcation throughout the litigation process. *If no liability is determined, the time and expense of trying damages is avoided.*

*Id.* at 4.

Thus, this case can best be managed and significant benefits obtained by bifurcating liability and damages.

## Conclusion

For the foregoing reasons, the liability and damages issues should be bifurcated for both discovery and trial.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

By: _____

| OF COUNSEL: | Richard L. Horwitz (#2246) |
|---|---|
| Arthur I. Neustadt | David E. Moore (#3983) |
| Carl E. Schlier | Hercules Plaza 6th Floor |
| OBLON, SPIVAK, McCLELLAND, | 1313 N. Market Street |
| MAIER & NEUSTADT, P.C. | P.O. Box 951 |
| 1940 Duke Street | Wilmington, DE 19899 |
| Alexandria, VA 22314 | Tel: (302) 984-6000 |
| Tel: (703) 413-3000 | rhorwitz@potteranderson.com |
| | dmoore@potteranderson.com |
| Dated: April 15, 2005 | |

*Attorneys for Defendant Toshiba Corporation*

678399

7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on April 15, 2005, the attached document was hand delivered and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

Philip A. Rovner
Potter Anderson & Corroon LLP
1313 N. Market Street
Hercules Plaza, 6th Floor
Wilmington, DE 19899

John W. Shaw
Young, Conaway, Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391

Adam W. Poff
Young, Conaway, Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391

Thomas C. Grimm
Kristen Healey, Esquire
Sean T. O'Kelly, Esquire
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899

William J. Wade
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899-0551

Frederick L. Cottrell, III
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899-0551

Thomas L. Halkowski
Fish & Richardson P.C.
919 N. Market St., Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114

Francis DiGiovanni
James M. Olsen
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899

Amy Evans
Cross & Simon, LLC
913 N. Market Street, Suite 1001
P.O. Box 1380
Wilmington, DE 19899-1380

Andre G. Bouchard
Karen L. Pascale
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801

Donald W. Huntley
Huntley & Associates
1105 North Market Street, Suite 800
P. O. Box 948
Wilmington, DE 19899-0948

By: /s/ signature

Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

676821

2