# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------------------x
HONEYWELL INTERNATIONAL INC., et al.    )
                                        )
            Plaintiffs                  )
                                        )       C.A. No. 04-1338 (KAJ)
        v.                              )
                                        )
APPLE COMPUTER INC., et al.             )
                                        )
            Defendants.                 )
                                        )
-------------------------------------------------------------x
```

## DEFENDANT FUJI PHOTO FILM CO., LTD.'S MEMORANDUM IN SUPPORT OF TOSHIBA'S FED. R. CIV. P. 42(b) MOTION FOR <u>BIFURCATION OF LIABILITY AND DAMAGES</u>

OF COUNSEL:

Lawrence Rosenthal
Matthew W. Siegal
Angie M. Hankins
STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY 10038
(212) 806-5400

Dated: April 22, 2005

Philip A. Rovner (#3215)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
E-mail: provner@potteranderson.com

Attorneys for Defendants
Fuji Photo Film Co., Ltd. and
Fuji Photo Film U.S.A., Inc.

## **TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ............................................................................................. 1

II.     NATURE AND STAGE OF THE PROCEEDING............................................ 1

III.    SUMMARY OF ARGUMENT ........................................................................ 2

IV.     STATEMENT OF FACTS .............................................................................. 2

V.      ARGUMENT................................................................................................... 3

VI.     CONCLUSION................................................................................................ 6

## TABLE OF AUTHORITIES

### CASES

*Smith v. Alyeska Pipeline Service Co.,*
   538 F. Supp. 977 (D. Del. 1982)..............................................................................................2

### RULES

Fed. R. Civ. P. 42(b) .......................................................................................................................3

## I.    INTRODUCTION

In light of its status, with both its transfer motion and motion for a more definite statement pending, the extent to which it is appropriate for Fuji to respond to Toshiba's motion is unclear. However, to the extent applicable, Fuji agrees that given the diverse and large number of parties and products, it is best to first determine whether the patent at issue is valid and to identify the type of LCD modules and products that infringe the patent, before the damages (and willfulness) phase proceeds (if necessary). Thus, Fuji supports the position of Toshiba. Furthermore, given the broad scope of the complaint from the perspective of products potentially covered, Fuji supports a stay of discovery on damages issues until the liability issues have been determined so that damages discovery only occurs with respect to the products still at issue.

## II.    NATURE AND STAGE OF THE PROCEEDING

Plaintiff Honeywell International, Inc. and Honeywell Intellectual Properties, Inc. (collectively "Honeywell") have filed two related patent infringement actions before this Court: *Honeywell International, Inc. v. Apple Computer, Inc. et al.*, ("Honeywell I") (Case No. 04-1338) and *Honeywell International Inc. v. Audiovox Corp. et. Al.* ("Honeywell II") (Case No. 04-1337) ("the 1337 action"). In both actions, Honeywell alleges that the Defendants sell products incorporating LCD modules that infringe unspecified claims of U.S. Patent No. 5,280,371 ("the '371 patent").

Because, in part, the Complaint did not link specific accused products to specific defendants and because the Complaint was vague as to whether Honeywell intended to assert infringement as to undisclosed products, Fuji Photo Film Co. Ltd. and Fuji Photo Film USA (collectively "Fuji") moved for a more definite statement. Also, in light of, *inter alia*, the host of diverse companies and products involved and because as to Fuji and Honeywell, the location of witnesses and evidence favored the District of New Jersey, Fuji moved for a transfer of

Honeywell's action against it to the District of New Jersey. Both of those Motions are pending and thus, Fuji's ability to make a complete and formal submission to Toshiba's motion is unclear at this time.

The Court has scheduled a combined status conference for both this and the 1337 action on May 16, 2005. It is anticipated that the primary focus of the status conference will be case management and scheduling.

## III.    SUMMARY OF ARGUMENT

A motion for bifurcation of liability and damages should be granted "when the separation will result in judicial economy and will not unduly prejudice any party." *Smith v. Alyeska Pipeline Service Co.*, 538 F. Supp. 977, 982 (D. Del. 1982). Bifurcation in this case is warranted because it would be judicially more economical and efficient to have separate trials for liability and damage issues. These two cases involve 35 defendants plus several LCD module suppliers seeking to intervene, (the subject of third party complaints) or file separate declaratory judgment actions. The individual products of the various defendants vary widely and the list of infringing products is yet unknown. Damages discovery during the liability stage, under these circumstances, is likely to cause undue burden on the parties and the Court. Numerous products are likely to fall by the wayside during the liability stage. If liability is found, damages from past infringement may not be allowable because of strong laches defenses, which are individual and personal to every defendant. Bifurcation will not unduly prejudice Honeywell.

## IV.    STATEMENT OF FACTS

Honeywell's '371 patent allegedly covers an improved LCD display. The independent claims are directed to "a display apparatus" and identify elements of an LCD module. The '371 patent describes incorporating the LCD module into the dashboard of an airplane.

-2-

This action and the 1337 action together include 35 defendants, each of which is accused of selling or manufacturing products that include LCD such as "laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players and portable televisions and/or portable game systems." Suppliers of LCD modules to at least some of the defendants who have moved to intervene, were impleaded or have filed a separate declaratory judgment action against Honeywell.

## V.     ARGUMENT

Based on the case law and argument set forth in Toshiba's brief, this action should be bifurcated as to liability and damages. Bifurcation of liability and damages is specifically authorized under Fed. R. Civ. P. 42(b). This case especially warrants bifurcation because of its complexity and magnitude. Rule 42(b) provides:

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross claims, counterclaims, third-party claims, or issues…

It would be more efficient if the liability and damages issues were bifurcated for several reasons. Due to the large number of parties and products involved in this case, as well as different roles that each defendant might play (*e.g.* manufacturer, customer and/or assembler of products incorporating LCD modules), this case is undoubtedly going to be cumbersome and complicated. With many parties together producing and/or selling products that span the electronic market, the discovery and resolution of the issues of liability, including the validity and enforceability of the patent, infringement by the numerous forms of LCD modules potentially at issue and determining whether a laches defense exists, will be complex enough without the complications of the damages issue.

Since both liability and damages issues are independently complex issues, especially when each defendant's liability and the related damages, if any, have to individually determined based on the LCD module incorporated in individual products and the circumstances of each defendant, it would be more efficient and judicially sound to resolve the two issues separately. Under the circumstances here, where the complaint lists a group of disparate products, but does not limit the case to those products, it is likely that many of the potentially accused products will fall by the wayside during the liability stage. All liability for pre-complaint damages are also likely to fall by the wayside where, as here, the first knowledge of the suit patent was the complaint, while sale of accused products started more than six years ago. It would be a colossal waste of the parties' time and money and of judicial assets and resources to conduct damages discovery, resolve the inevitable discovery disputes and present to a jury the whole gamut of damages evidence when much of discovery disputes and evidence will turn out to be irrelevant and unnecessary in light of liability findings.

Thus, it will be more efficient to first define the products at issue and then, if necessary, proceed to the damages.

The evidence required to prove liability and damages in patent litigation cases do not tend to overlap. Although inevitably some evidence will be presented twice, most of the evidence will be separate and distinct. Evidence of liability will focus on the validity, enforceability and the scope of the patent and the details of construction of the accused products, and laches. If products are found infringing, the evidence required to prove damages would include financial records, such as sales data, not relevant to liability, as well as the evidence relevant to the calculation of a reasonable royalty. The damages evidence is unlikely to concern technical issues involving the terms of the patent. Thus, while the damages issues are likely to comprise a

huge percentage of the discovery process, such evidence will be largely irrelevant to the liability issues.

In fact, to proceed with damages issues by conducting discovery on the damages issue at this stage of the litigation would be premature and potentially wasteful. To resolve the damages issues will require parties to conduct long and massive discovery because of the size of the defendant pool and the myriad of named and unnamed products involved. The better time to conduct such discovery would be after the liability trial when parties can better assess their financial risks based on the infringement analysis from the liability trial. At that time damages discovery would be reduced, as some products will be cleared of infringement, and some parties might choose to settle to avoid another lengthy and expensive trial. Money and judicial time will not be wasted for those parties and products that are found not to infringe. As noted, those found liable will be more amenable to negotiate a settlement agreement. Bifurcation is a win-win situation for all parties involved and will improve judicial economy.

Honeywell will not suffer undue prejudice because if some evidence does overlap, the amount would be not material. As mentioned before, discovery conducted by Honeywell is likely to reduce during the damages stage as the number of defendants and products at issue decreases, either because of exoneration at the liability trial or the remaining Defendants (if any) are likely to negotiate a settlement or licensing agreement if found infringing. Honeywell can also make the decision then as to whether to pursue claims for damages against individual defendants.

## VI.    **CONCLUSION**

Accordingly, to the extent Fuji's transfer motion is denied, bifurcation should be granted and a stay of discovery on damage issues (including bifurcation) should be ordered.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Lawrence Rosenthal
Matthew W. Siegal
Angie M. Hankins
STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY 10038
(212) 806-5400

Dated: April 22, 2005

By: _____
     Philip A. Rovner (#3215)
     Hercules Plaza
     P.O. Box 951
     Wilmington, DE 19899-0951
     (302) 984-6000
     E-mail: provner@potteranderson.com

Attorneys for Defendants
Fuji Photo Film Co., Ltd. and
Fuji Photo Film U.S.A., Inc.

679226

-6-

# UNITED STATES DISTRICT COURT

## DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, hereby certify that, on April 22, 2005, Defendant Fuji Photo Film Co., Ltd.'s

Memorandum In Support of Toshiba's Fed. R. Civ. P. 42(b) Motion for Bifurcation of Liability

and Damages was electronically filed with the Clerk of the Court using CM-ECF which will

send notification of such filing to the following; the document was served by hand delivery on

the following; and the document is available for viewing and downloading from CM-ECF:

**BY E-FILE AND HAND DELIVERY**

Thomas C. Grimm, Esq.
Kristen Healey, Esq.
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

Thomas L. Halkowski, Esq.
Fish & Richardson P.C.
919 N. Market Street
Suite 1100
P.O. Box 1114
Wilmington, DE 19899

William J. Wade, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

Adam Wyatt Poff, Esq.
Young, Conaway, Stargatt & Taylor LLP
1000 West Street, 17th Floor
P.O. Box 3981
Wilmington, D E 19899-0391

**BY E-FILE AND HAND DELIVERY**

Frederick L. Cottrell, III, Esq.
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801

Richard L. Horwitz, Esq.
David E. Moore, Esq.
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899

John W. Shaw, Esq.
Glenn C. Mandalas, Esq.
Young, Conaway, Stargatt & Taylor LLP
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE 19899-0391

Francis DiGiovanni, Esq.
James M. Olsen, Esq.
Connolly Bove Lodge & Hutz LLP
The Nemours Building – 8th Fl.
1007 N. Orange Street
Wilmington, DE 19899-2207

Arthur G. Connolly, III, Esq.
Brian M. Gottesman, Esq.
Connolly Bove Lodge & Hutz LLP
The Nemours Building – 8th Floor
1007 N. Orange Street
P. O. Box 2207
Wilmington, DE  19899-2207

Amy Evans, Esq.
Cross & Simon, LLC
913 N. Market Street, Suite 1001
Wilmington, DE  19899-1380

Donald W. Huntley, Esq.
Huntley & Associates, LLC
1105 N. Market Street
P.O. Box 948
Wilmington, DE  19899-0948

Karen L. Pascale, Esq.
Bouchard Margules & Friedlander, P.A.
222 Delaware Avenue
Suite 1400
Wilmington, DE  19801


Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE  19899
(302) 984-6000
E-mail:  provner@potteranderson.com

679236