IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HONEYWELL INTERNATIONAL, INC., ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> APPLE COMPUTER, INC., ET AL., <br><br> Defendants; <br><br>――――――――――――――――― <br> KYOCERA WIRELESS CORP., <br><br> Counterclaim Plaintiff; <br><br> v. <br><br> HONEYWELL INTERNATIONAL, INC., ET AL., <br><br> Counterclaim Defendants; <br><br>――――――――――――――――― <br> KYOCERA WIRELESS CORP., <br><br> Third Party Plaintiff, <br><br> v. <br><br> PHILIPS ELECTRONICS NORTH AMERICA CORPORATION, WINTEK ELECTRO-OPTICS CORPORATION and OPTREX AMERICA, INC., <br><br> Third Party Defendants. | C.A. No. 04-1338 <br><br> **JURY TRIAL DEMANDED** |

**PHILIPS' ANSWER TO KYOCERA'S THIRD PARTY COMPLAINT and
DECLARATORY JUDGMENT CROSS-CLAIM AGAINST HONEYWELL**

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Third Party Defendant Philips Electronics North America Corporation ("Philips") hereby responds to the corresponding numbered paragraphs of Kyocera Wireless Corporation's ("KWC") Third Party Complaint, and in doing so denies the allegations of the Third Party Complaint except as specifically stated.

## PARTIES

1. Philips lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 and therefore denies the same.

2. Defendant Philips admits that it is a Delaware corporation having its headquarters in New York, New York.

3. The allegations of paragraph 3 are directed toward a party other than Philips. Therefore, Philips avers that no response is required.

4. The allegations of paragraph 4 are directed toward a party other than Philips. Therefore, Philips avers that no response is required.

## JURISDICTION AND VENUE

5. Philips admits that the Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1367.

6. Philips admits that this Court has personal jurisdiction over it based on Philips' incorporation in the State of Delaware.

7. The allegations of paragraph 7 are directed toward a party other than Philips. Therefore, Philips avers that no response is required.

8. The allegations of paragraph 8 are directed toward a party other than Philips. Therefore, Philips avers that no response is required.

9. Philips admits that venue is proper in this District pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

10. Philips admits that Plaintiffs Honeywell International, Inc. ("Honeywell International") and Honeywell Intellectual Properties, Inc. ("HIPI") (collectively "Honeywell") have commenced an action against KWC, claiming patent infringement. Philips also admits that KWC attached a copy of the Complaint (excluding its Exhibits) as Exhibit "A."

11. Philips admits that Honeywell's Complaint, in part, alleges that KWC is liable for direct and/or indirect infringement of the United States Letters Patent No. 5,280,371 ("the '371 patent"). Philips also admits that KWC attached a copy of the '371 patent as Exhibit "B."

12. Philips lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 and therefore denies the same.

13. Some of the allegations of paragraph 13 are directed toward parties other than Philips. Therefore, Philips avers that no response is required for those allegations. Philips admits that KWC has, from time to time, purchased certain liquid crystal display ("LCD") products from Philips. Philips lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 13 and therefore denies the same.

## COUNT I

14. Philips hereby repeats, re-alleges, and incorporates by reference the responses and averments in paragraphs 1 through 13 of the answer herein.

15. KWC has not specifically identified or provided the alleged contractual agreements between KWC and Philips. Accordingly, Philips lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15

and therefore denies the same.[1] In addition, because Honeywell has not specifically identified any accused products in its Complaint, Philips denies, on information and belief, that its products infringe any claims of the '371 patent.

16. Philips admits that in or about December 2004, KWC notified Philips of Honeywell's claim of infringement of the '371 patent and requested that Philips indemnify and defend KWC against Honeywell's claims in this matter.

17. The allegations of paragraph 17 are directed toward a party other than Philips. Therefore, Philips avers that no response is required.

18. The allegations of paragraph 18 are directed toward a party other than Philips. Therefore, Philips avers that no response is required.

19. The allegations of paragraph 19 are directed toward a party other than Philips. Therefore, Philips avers that no response is required.

20. The allegations of paragraph 20 are directed toward a party other than Philips. Therefore, Philips avers that no response is required.

21. Some of the allegations of paragraph 21 are directed toward parties other than Philips. Therefore, Philips avers that no response is required for those allegations. Philips denies the remaining allegations in paragraph 21.

Further answering, Philips states that, except as expressly admitted above, Philips denies each and every allegation of KWC's Third Party Complaint and denies the foundations, premises, and assumptions thereof.

---

[1] Philips reserves the right to modify its position as to KWC's indemnification claims and Honeywell's infringement claims as discovery progresses and as additional facts are developed.

## DEFENSES[2]

### FIRST DEFENSE

KWC's Third Party Complaint fails to state a claim on which relief can be granted.

### SECOND DEFENSE

By its conduct, action, and inaction, KWC has waived or discharged any indemnity obligation Philips could owe to KWC.

### THIRD DEFENSE

To the extent that KWC relies on the Philips' standard terms and conditions as the basis of its indemnification claim, KWC has failed to satisfy the conditions precedent to a claim against Philips arising thereunder, in that, among other things, KWC has failed to submit the dispute to the exclusive jurisdiction of the Federal Courts located within Santa Clara or San Francisco counties in California.

### FOURTH DEFENSE

To the extent that KWC has reconfigured or modified the products made by Philips, combined Philips' products with any other product, service or technology not supplied by Philips, and/ or the products were designed in accordance with specifications or instructions furnished by KWC, Philips is not liable for any claim for damages herein and KWC holds such liability as may exist, if any.

---

[2] Philips reserves the right to withdraw or assert additional defenses as discovery progresses and as additional facts are developed.

## FIFTH DEFENSE

To the extent that KWC's indemnification claim is made after a period of three years from the date of delivery of the Philips' product, Philips is not liable for any claim for damages herein and KWC holds such liability as may exist, if any.

## DECLARATORY JUDGMENT CROSS-CLAIM AGAINST HONEYWELL INTERNATIONAL INC. AND HONEYWELL INTELLECTUAL PROPERTIES INC.

22. Philips incorporates by reference paragraphs 1 through 21 above.

## CROSS-CLAIM

23. Cross-Plaintiff Philips Electronics North America Corporation ("Philips") is organized and exists under the laws of Delaware with its principal place of business at 1251 Avenue of the Americas, New York, New York 10020.

**Existence Of An Actual Controversy Between Honeywell and Philips**

24. This is an action for declaratory judgment of non-infringement and invalidity of the '371 patent, and for other relief.

25. On information and belief, Plaintiff and Cross-Defendant, Honeywell International, Inc. ("Honeywell International") is a corporation organized and existing under the laws of Delaware with its principal place of business in Morristown, New Jersey.

26. On information and belief, Plaintiff and Cross-Defendant, Honeywell Intellectual Properties, Inc. ("HIPI") is a corporation organized and existing under the laws of Arizona with its principal place of business in Tempe, Arizona. (Honeywell International and HIPI will hereinafter be referred to collectively as "Honeywell.").

6

27. On information and belief, Honeywell has filed suits in this District against Kyocera Wireless Corporation, Nokia Corporation, and Nokia Inc. for alleged infringement of the '371 patent. In turn, KWC filed a Third Party Complaint alleging that products at issue in the Honeywell complaint were manufactured and sold, in whole or in part, by Philips. On information and belief, Nokia Corporation and Nokia Inc. have moved for leave to file a Third Party Complaint alleging that products at issue in the Honeywell complaint were manufactured and sold, in whole or in part, by Philips.

28. On information and belief, Honeywell has approached other Philips' customers. That action has interfered with and disrupted Philips' important existing commercial relationships with those customers and has caused those customers to demand that Philips indemnify them against Honeywell's claims.

29. Philips has entered into agreements with its customers that include indemnity provisions related to intellectual property. Philips' customers are raising the indemnity claims pursuant to these agreements.

30. One of the Defendants in this case, KWC, has filed a Third Party Complaint in this District for indemnification against Philips, making Philips a third-party defendant. Defendants in a related case in this District, Nokia Corporation and Nokia Inc., have moved for leave to file a Third Party Complaint seeking indemnification from Philips. Philips has a legal stake in the outcome of Honeywell's claim of infringement against KWC and some of the other Defendants.

31. Pursuant to Fed. R. Civ. P. 14(a), Philips may now file claims against Honeywell based on the same "transaction or occurrence" at issue in Honeywell's underlying infringement claim.

32. Fed R. Civ. P. 14(a) states, in its pertinent part: "The third-party defendant may assert against the plaintiff <u>any</u> defenses which the third-party plaintiff has to the plaintiff's claim. The third-party defendant may also assert <u>any</u> claim against the

plaintiff arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff." (emphasis added).

33. Under this rule, Philips can assert (1) any defenses that the defendant KWC has against Honeywell (*i.e.*, invalidity, non-infringement, and/or unenforceability), and (2) any claims against Honeywell that arise directly out of the transaction or occurrence that is the subject matter of Honeywell's claims against defendant KWC (*i.e.*, Philips' declaratory judgment cross-claim).

34. Therefore, an actual, justifiable and continuing controversy exists between Philips and Honeywell with respect to the validity and infringement of the '371 patent as it relates to Philips' products.

35. This action arises under the under the laws of the United States, specifically Title 35 of the United States Code. The Court therefore has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338 and 1367. Further, because this action presents an actual controversy with respect to the validity and infringement of the '371 patent, the Court may grant the declaratory relief sought pursuant to 28 U.S.C. §§ 2201 and 2202.

36. Honeywell International resides in this District. Therefore, venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400.

## COUNTS[3]

### COUNT I – INVALIDITY OF THE '371 PATENT

37. Philips incorporates by reference paragraphs 1 through 36 above.

38. The claims of the '371 patent are invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103 and/or 112.

39. Pursuant to 28 U.S.C. §§ 2201 and 2202, Philips is entitled to a declaratory judgment that the claims of the '371 patent are invalid.

### COUNT II – NON-INFRINGEMENT OF THE '371 PATENT

40. Philips incorporates by reference paragraphs 1 through 39 above.

41. By reason of arguments and amendments made by Honeywell during prosecution of the application for the '371 patent, Honeywell is estopped from asserting that Philips' LCD products infringe the '371 patent or that Philips has infringed or has contributed to or induced infringement of the '371 patent.

42. No product made, used, sold or offered for sale by Philips infringes, directly or indirectly, any valid or enforceable claim of the '371 patent.

43. Pursuant to 28 U.S.C. §§ 2201 and 2202, Philips is entitled to a declaratory judgment that no product it makes, uses, sells, or offers for sale infringes the '371 patent.

---

[3] Philips reserves the right to assert additional counts (*e.g.*, unenforceability) as discovery progresses and as additional facts are developed.

WHEREFORE, Philips respectfully asks that the Court enter a judgment:

A. Declaring that the claims of the '371 patent invalid and void;

B. Declaring that the '371 patent is not infringed by any Philips' LCD product;

C. Permanently enjoining Honeywell from pursuing patent litigation against Philips' products or its customers;

D. For Philips' attorney fees in an amount determined by the Court to be reasonable and for costs of this action; and

E. Awarding Philips such other and further relief as the Court may deem just and proper.

OF COUNSEL:

Alan M. Grimaldi
Thomas M. Dunham
Nelson M. Kee
Howrey LLP
1299 Pennsylvania Ave, NW
Washington, DC 20004-2401
(202) 783-0800 (Main)
(202) 383-6610 (Fax)

DATED: April 25, 2005

POTTER ANDERSON & CORROON LLP

By: _____
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19899
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Third-Party Defendant*
*Philips Electronics North America Company*

679407

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on April 25, 2005, the attached document was hand delivered and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

Philip A. Rovner
Potter Anderson & Corroon LLP
1313 N. Market Street
Hercules Plaza, 6th Floor
Wilmington, DE 19899

William J. Wade
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899-0551

John W. Shaw
Glenn Christopher Mandalas
Young, Conaway, Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391

Frederick L. Cottrell, III
Chad Michael Shandler
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899-0551

Adam W. Poff
Young, Conaway, Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391

Thomas L. Halkowski
Fish & Richardson P.C.
919 N. Market St., Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114

Thomas C. Grimm
Kristen Healey, Esquire
Sean T. O'Kelly, Esquire
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899

Francis DiGiovanni
James M. Olsen
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899

| | |
|---|---|
| Amy Evans<br>Cross & Simon, LLC<br>913 N. Market Street, Suite 1001<br>P.O. Box 1380<br>Wilmington, DE 19899-1380 | Donald W. Huntley<br>Huntley & Associates<br>1105 North Market Street, Suite 800<br>P. O. Box 948<br>Wilmington, DE 19899-0948 |
| Andre G. Bouchard<br>Karen L. Pascale<br>Bouchard Margules & Friedlander, P.A.<br>222 Delaware Avenue, Suite 1400<br>Wilmington, DE 19801 | Arthur G. Connolly, III<br>Connolly Bove Lodge & Hutz LLP<br>The Nemours Building<br>1007 North Orange Street<br>P.O. Box 2207<br>Wilmington, DE 19899 |

By: _____
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

676821