IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HONEYWELL INTERNATIONAL INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | C.A. No. 04-1338 (KAJ) |
| | ) | |
| APPLE COMPUTER, INC. et al., | ) | |
| | ) | |
| Defendants. | ) | |

**HONEYWELL'S ANSWERING BRIEF IN OPPOSITION TO
TOSHIBA'S MOTION FOR BIFURCATION OF LIABILITY AND DAMAGES
(D.I. 164) AND IN OPPOSITION TO FUJI PHOTO FILM'S AND TOSHIBA'S
<u>MEMORANDA IN SUPPORT OF TOSHIBA'S MOTION (D.I. 165, 166)</u>**

|  |  |
|---|---|
| | MORRIS, NICHOLS, ARSHT & TUNNELL |
| | Thomas C. Grimm (#1098) |
| | Leslie Polizoti (# 4299) |
| OF COUNSEL: | 1201 N. Market Street |
| | P.O. Box 1347 |
| Martin R. Lueck | Wilmington, DE 19899-1347 |
| Matthew L. Woods | 302-658-9200 |
| Stacie E. Oberts | |
| Denise S. Rahne | *Attorneys for Plaintiffs* |
| ROBINS, KAPLAN, MILLER & CIRESI L.L.P. | |
| 2800 LaSalle Plaza | |
| 800 LaSalle Avenue | |
| Minneapolis, MN 55402-2015 | |
| (612) 349-8500 | |
| | |
| Anthony A. Froio | |
| Marc N. Henschke | |
| ROBINS, KAPLAN, MILLER & CIRESI L.L.P. | |
| 800 Boylston Street, 25th Floor | |
| Boston, MA 02199-7610 | |
| (617) 267-2300 | |
| | |
| April 29, 2005 | |

## **TABLE OF CONTENTS**

TABLE OF CITATIONS ................................................................................................................ ii

NATURE AND STAGE OF THE PROCEEDING.........................................................................1

SUMMARY OF ARGUMENT .......................................................................................................1

STATEMENT OF FACTS ..............................................................................................................2

ARGUMENT...................................................................................................................................3

    I.   TOSHIBA AND FUJI HAVE NOT SHOWN THAT BIFURCATION OF THIS
        ACTION WOULD PROMOTE CONVENIENCE OR JUDICIAL ECONOMY. .............3

        A.   Bifurcation Is Improper Because The Issues Are Too Tightly Interwoven To
            Be Tried Separately...................................................................................................4

        B.   Bifurcation Would Detract From Honeywell's Right To Resolve This Dispute
            In A Timely Fashion. ................................................................................................7

    II.  STAYING DISCOVERY REGARDING DAMAGES WILL ONLY RESULT IN
        UNNECESSARY DELAY AND INCREASED EXPENSE. .............................................8

CONCLUSION..............................................................................................................................10

ii.

## TABLE OF CITATIONS

**Page(s)**

**Federal Cases**

*Bryan Real v. Bunn-O-Matic Corp.*,
    195 F.R.D. 618 (N.D. Ill. 2000)..................................................................................2, 3

*Cardiac Pacemakers, Inc. v. St. Jude Medical, Inc.*,
    No. 96-17-18, 2001 U.S. Dist. LEXIS 8300.......................................................................4

*Fuji Machine Manufacturing, Co., Ltd. v. Hover-Davis, Inc.*,
    982 F. Supp. 923 (W.D.N.Y. 1997)...............................................................................1, 4

*Gen. Signal Corp. v. Applied Materials, Inc.*,
    46 U.S.P.Q. 2d 1160 (D. Del. 1997)..................................................................................3

*Helminski v. Ayerst Labs.*,
    766 F.2d 208 (6th Cir. 1985) .............................................................................................5

*Johns Hopkins University v. Cellpro*,
    160 F.R.D. 30 (D. Del. 1995), *aff'd in part, rev'd in part, on other
    grounds,* 152 F.3d 1342 (Fed. Cir. 1998) ..............................................................3, 4, 7, 8

*Joy Techs., Inc. v. Flakt, Inc.*,
    772 F. Supp. 842 (D. Del. 1992).....................................................................2, 3, 4, 5, 6, 7

*Laitram Corp. v. Hewlett-Packard, Co.*,
    791 F. Supp. 113 (E.D. La. 1992)............................................................................8, 9, 10

*Procter & Gamble Co. v. Nabisco Brands, Inc.*,
    404 F. Supp. 1485 (D. Del. 1985).......................................................................................3

*Smith v. Alyseka Pipeline Serv. Co.*,
    538 F. Supp. 977 (D. Del. 1982).........................................................................................4

*Spectra-Physics Lasers, Inc. v. Uniphase Corp.*,
    144 F.R.D. 99 (N.D. Cal. 1992)..........................................................................................4

*THK America Inc .v. Nippon Seiko K.K.*,
    151 F.R.D. 625 (N.D. Ill. 1991)..................................................................................6, 8, 9

*White Chem. Corp. v. Walsh Chem. Corp.*,
    116 F.R.D. 580 (W.D.N.C. 1987)......................................................................................9

*Willemijn Houdstermaatschappji BV v. Apollo Computer, Inc.*,
    707 F. Supp. 1429 (D Del. 1989)..................................................................1, 2, 3, 4, 5, 6, 7

**Docketed Cases**

*Datastrip (IOM) Limited v. Symbol Technologies, Inc., et al.*,
    Civil Action No. 97070-JJF (D. Del., January 7, 1998)......................................................2, 6

**Miscellaneous Authorities**

42 U.S.C. § 473(a)(2)(B) ...................................................................................................8

Fed. R. Civ. P. 1 ................................................................................................................2

Fed. R. Civ. P. 42(b) ......................................................................................................1, 2

1.

## NATURE AND STAGE OF THE PROCEEDING

Plaintiffs Honeywell International Inc. ("Honeywell International") and Honeywell Intellectual Properties Inc. ("HIPI") (collectively, "Honeywell") submit this Answering Brief in opposition to: (1) Defendant Toshiba Corporation's ("Toshiba") Fed. R. Civ. P. 42(b) Motion For Bifurcation of Liability and Damages, filed on April 15, 2005 (D.I. 164); and (2) Fuji Photo Film Co., Ltd.'s ("Fuji") Memorandum in Support of the Toshiba Motion, filed on April 22, 2005 (D.I. 166).

On October 6, 2004, Honeywell filed the present action asserting a single cause of action for patent infringement against twenty-seven defendants, including Toshiba and Fuji. The Complaint alleges that each defendant has infringed its U.S. Patent No. 5,280,371 ("the '371 patent") relating to a "Directional Diffuser For A Liquid Crystal Display" (an "LCD").[1]

The Court has scheduled a status conference for May 16, 2005.

## SUMMARY OF ARGUMENT

1. Toshiba and Fuji's assertions are merely unsupported, conclusory statements, which are insufficient to meet their burden to prove that bifurcation is necessary. Contrary to their bare assertions, the equities demand a unified trial. *See, e.g.*, *Willemijn Houdstermaatschappji BV v. Apollo Computer, Inc.*, 707 F. Supp. 1429, 1433-34 (D Del. 1989); *Fuji Mach. Mfg., Co., Ltd. v. Hover-Davis, Inc.*, 982 F. Supp. 923, 924 (W.D.N.Y. 1997).

2. Bifurcation would result in substantial unfair prejudice to Honeywell, because there is significant overlapping evidence relating to the issues of liability and damages. *See*

---

1   On the same day, Honeywell also filed a related action in this Court, C.A. No. 04-1337, asserting infringement of its '371 patent against seven additional Defendants (collectively, C.A. Nos. 04-1337 and 1338 will be referred to as the "Honeywell Actions").

2.

*Willemijn*, 707 F. Supp. at 1434 (bifurcation is not favorable when proofs are overlapping). First, the sales and success of the defendants' accused products in the market are probative to both the defendants' invalidity defense and damages. Additionally, the assertion of the affirmative defense of laches weighs against bifurcation. *See Joy Techs., Inc. v. Flakt, Inc.*, 772 F. Supp. 842, 849 (D. Del. 1992); *Datastrip (IOM) Ltd. v. Symbol Techs., Inc., et al.*, Civil Action No. 97-70-JJF (D. Del. Jan. 7, 1998) (attached hereto as Exhibit "A").

3. Toshiba and Fuji will not be unfairly prejudiced by a single trial. This case is not so complex as to make a unified trial difficult or unworkable. *See Bryan Real v. Bunn-O-Matic Corp.*, 195 F.R.D. 618, 624-25 (N.D. Ill. 2000). Honeywell should not be subjected to the strains of bifurcation when there are no apparent benefits to such an action.

4. Additionally, Toshiba and Fuji's proposal to stay damages discovery is inconsistent with the dictates of Fed. R. Civ. P. 1 and Fed. R. Civ. P. 42(b) because it would substantially delay the proceedings and increase the expense of this litigation.

## STATEMENT OF FACTS

The primary dispute in this matter is not between Honeywell and the LCD suppliers, as Toshiba asserts. Instead, as Honeywell has repeatedly explained, Honeywell targeted its allegations of infringement against those companies that incorporate LCD modules into particular types of portable consumer electronics. This is because the '371 patent addresses how light can be more efficiently utilized in certain types of products that employ LCD displays. As the patent itself explains, the claimed invention is particularly useful in applications where it is desirable to concentrate light within a particular range of viewing angles ('371 patent, Col. 1, ll. 33-39).

3.

Accordingly, the accused products in this case include laptop computers, cellular phones, PDAs, and other portable consumer electronic products, which incorporate such an LCD display, thereby taking advantage of the benefits that the '371 patent offers (*id*. at ll. 37-52).

## ARGUMENT

I.  **TOSHIBA AND FUJI HAVE NOT SHOWN THAT BIFURCATION OF THIS ACTION WOULD PROMOTE CONVENIENCE OR JUDICIAL ECONOMY.**

This case, based on infringement of a single patent with only three claims, is not so overwhelmingly complex as to render a unified trial impossible or unmanageable. Instead, a single discovery period and a unified trial will not only be manageable, but is also preferable and more efficient considering the overlapping of the evidence regarding liability and damages.

Significantly, bifurcating phases of patent infringement actions is the exception – not the rule. *See Procter & Gamble Co. v. Nabisco Brands, Inc.*, 404 F. Supp. 1485, 1492 (D. Del. 1985) ("a single trial . . . tends to lessen the delay, expense and inconvenience to all concerned"); *Real*, 195 F.R.D. at 620 ("The piecemeal trial of separate issues in a single lawsuit is not the usual course . . . . Bifurcation in patent cases, as in others, is the exception, not the rule"). In fact, judges in this district have routinely denied bifurcation in patent cases tried to a jury. *See, e.g.*, *Gen. Signal Corp. v. Applied Materials, Inc.*, 46 U.S.P.Q.2d 1160 (D. Del. 1997); *Johns Hopkins Univ. v. Cellpro*, 160 F.R.D. 30, 37 (D. Del. 1995), *aff'd in part, rev'd in part, on other grounds,* 152 F.3d 1342 (Fed. Cir. 1998); *Joy Techs.*, 772 F. Supp. at 849; *Willemjin*, 707 F. Supp. at 1433. Toshiba has provided no basis to alter the prescribed practice of unified jury trials in patent cases, especially in this case where, as set forth below, bifurcation would cause unfair and undue prejudice to Honeywell.

Toshiba and Fuji bear the burden of proving that bifurcation is justified, *i.e.*, "that judicial economy would be promoted and that no party would be prejudiced by separate trials." *See e.g.*,

4.

*Spectra-Physics Lasers, Inc. v. Uniphase Corp.*, 144 F.R.D. 99, 101 (N.D. Cal. 1992); *Fuji*, 982 F. Supp. at 924. When deciding whether to bifurcate, the Court should be guided above all else by "the 'overall equities' of the case." *Willemjin*, 707 F. Supp. at 1433-34. While the decision to bifurcate is "committed to the sound discretion of the district court, bifurcation of phases should be granted only on a case-by-case basis." *Cellpro*, 160 F.R.D. at 33; *Willemjin*, 707 F. Supp. at 1433. Additionally, bifurcation is only appropriate "when the separation will result in judicial economy and will not unduly prejudice any party." *Smith v. Alyseka Pipeline Serv. Co.*, 538 F. Supp. 977, 982 (D. Del. 1982). The potential for undue prejudice to the non-moving party is "[p]erhaps the most important consideration" in deciding a bifurcation motion. *Willemjin*, 707 F. Supp. at 1435. Toshiba and Fuji have not met, and cannot meet, their burden of establishing that a stay of damages discovery and bifurcation of the liability and damages issues at trial will promote judicial economy and will not prejudice Honeywell.

Here, Honeywell would be unfairly prejudiced because any stay in damages discovery and/or bifurcation of liability and damages would result in: (i) undeniable delay in the resolution of this matter; (ii) increased expense as a result of duplication; (iii) risk of inconsistent findings; and (iv) risk of losing jurors or wastefully selecting and educating a second jury.

### A. Bifurcation Is Improper Because The Issues Are Too Tightly Interwoven To Be Tried Separately.

Bifurcation should be denied where, as here, issues are closely related and intertwined. *See Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.*, No. 96-17-18, 2001 U.S. Dist. LEXIS 8300, at *5 (S.D. Ind. May 31, 2001 (attached hereto at Exhibit "B")) ("Because of the close and intertwined relationship between . . . liability and damages, a bifurcated trial presents high risk of wasteful repetition of evidence and potential confusion arising from the fact that some evidence will be relevant to multiple issues."). Moreover, where the proofs are overlapping, presentation

5.

of the proofs in two separate actions constitutes prejudice to the plaintiff. *Id.* at 1434; *see also Joy Techs.*, 772 F. Supp. at 848-49. Indeed, bifurcation of proceedings into separate trials on liability and damages is appropriate only when the evidence pertinent to the two bifurcated phases is "wholly unrelated." *Helminski v. Ayerst Labs.*, 766 F.2d 208, 212 (6th Cir. 1985). While Fuji states that any overlapping of evidence in this matter "would not be material" (D.I. 166 at 5), even "a minor evidentiary overlap . . . certainly does not favor bifurcation." *Willemjin*, 707 F. Supp. at 1434. Regardless, contrary to Toshiba's and Fuji's assumption, the issues of liability and damages overlap significantly in this matter.

While this matter is only at an early stage, it cannot be disputed that, at a minimum, there will be duplicative and cumulative evidence of financial, sales and marketing information under Movant's proposal. *See, e.g.*, *Willemjin*, 707 F. Supp. at 1434. Since Toshiba (and other defendants) has asserted the defense of invalidity (presumably on the grounds of obviousness as other defendants have done[2]), "evidence of commercial success would indeed appear to be admissible at the liability phase." *Willemjin*, 707 F. Supp. at 1434, n. 2. "[A]nd it is indisputable that such evidence will be considered by a court assessing damages." *Id.* As one Court opined:

> Evidence regarding the commercial success of plaintiff's patented linear guides will be the same in significant respects as the evidence relating to damages and, therefore, ought to be presented once rather than twice. The evidence will include the number of infringing products sold by the parties and the amount received for each product.
>
> Evidence of long-felt need will involve considerations of the machine tool and other industries and the problems sought to be addressed by such industries prior to the arrival of the patented

---

[2] *See, e.g.*, Defendant Eastman Kodak Company's Answer and Counterclaims (D.I. 81 at ¶ 56); Answer of Defendants Olympus Corporation and Olympus America Inc. to the Complaint (D.I. 85 at ¶ 56); Answer of Defendants Sony Corporation and Sony Corporation of America to Honeywell International Inc.'s Complaint (D.I. 90 at ¶ 56).

>inventions.  If bifurcated trials were held, such evidence would
>have to be presented again in connection with the damages issues.

*THK America Inc. v. Nippon Seiko K.K.*, 151 F.R.D. 625, 629 (N.D. Ill. 1991).  Consequently, if the instant action were bifurcated, the same witnesses and same evidence regarding Toshiba's and Fuji's sales and commercial success would be presented in both phases, since such evidence is indisputably significant indicia of non-obviousness and is also relevant in calculating a reasonable royalty rate.

Moreover, there will be overlapping evidence on the issue of laches, which almost every defendant has asserted as a defense.[3]  To prove laches, Toshiba and Fuji must prove, *inter alia*, that they have suffered prejudice or resulting injury.  *See Joy Techs.*, 772 F. Supp. at 849.  In order to contest the laches defense, Honeywell will have to inquire into alleged damages during the liability phase of the trial.  *See id.*; *Datastrip (IOM) Ltd. v. Symbol Techs., Inc., et al.*, C.A. No. 97-70-JJF (D. Del., Jan. 7, 1998) (Ex. A).  Accordingly, the fact that the defendants have asserted the affirmative defense of laches "weighs against bifurcation."  *Joy Techs.*, 772 F. Supp. at 848.

Finally, evidence regarding various prior art references would also be repetitive, since the prior art is relevant to the validity issue in the liability phase, and is also relevant to Honeywell's contribution to the advancement of the art for assessing the rate of royalty in its damages phase.

Bifurcation in the instant case would require Honeywell to present at least some, if not a substantial amount of evidence twice, and "although a minor evidentiary overlap may not strongly militate against bifurcation, it certainly does not favor bifurcation."  *Willemjin*, 707 F. Supp. at 1434.

---

[3]  While Fuji has yet to answer, it is clear Fuji also will plead laches, since it contends that laches is a key defense in this matter.

7.

### B. Bifurcation Would Detract From Honeywell's Right To Resolve This Dispute In A Timely Fashion.

The potential prejudice to Honeywell would be compounded if, as Toshiba asserts, an interlocutory appeal is made between the liability and damages phase. The risk of two appeals would lead to a substantial delay in the substance and finality of a decision regarding Honeywell's patent rights. Judges in this district have specifically recognized that "unfair delay of the final disposition" of the case can, by itself, amount to unfair prejudice sufficient to deny bifurcation. *Willemjin*, 707 F. Supp. at 1435. Furthermore, it is "much more efficient to work towards one trial and one appeal." *Cellpro*, 160 F.R.D. at 35. A single trial followed by a single appeal "is the best procedure for the court to follow in working to achieve our goal under the Civil Justice Reform of resolving litigation within eighteen months after the filing of the complaint." *Id.* (*citing* 42 U.S.C. § 473(a)(2)(B)). A piecemeal trial interrupted by an interlocutory appeal is neither justified nor desirable. Accordingly, Honeywell should be allowed to present its case in a unified and coherent fashion to prevent delay of the final disposition of its claims.

Finally, bifurcation would subject Honeywell to the risk of losing jurors and/or wastefully selecting and educating a second jury. *See Cellpro*, 160 F.R.D. at 35. Although Toshiba and Fuji have not specifically requested separate juries, if the Court were to bifurcate trial in the manner they request, it would be difficult, if not impossible, to try the damages issue to the same jury, given the delay that is inevitable if damages discovery would still need to be completed. Indeed, the greatest inefficiency will result if the trial is phased with separate juries. Each jury will have to be educated about the relevant claims in Honeywell's '371 patent, the novelty of the invention, the accused infringing products, and the success Toshiba and Fuji have enjoyed with those products. Many of the same witnesses will likely testify, and many of the

8.

same exhibits will be used for purposes of educating and informing each jury. As the Court in *THK America*, *infra*, opined:

> [T]he damages trial cannot be conducted in an evidentiary vacuum. A jury will have to be familiar with the patents at issue, the products, and the linear guide industry itself. Therefore, much of the evidence that can be expected to be introduced in a trial on damages will be duplicative of the evidence that can be expected to be presented in a trial on liability. If the case were bifurcated, it would be necessary to revisit the testimony and demonstrative evidence that previously had been used to explain to the liability jury, to-wit: what linear guides are, how they operate, how they are made, used and sold, and other basic information. It goes without saying that if proof overlaps substantially, the parties, the witnesses, and the Court would be inconvenienced by the presentation of the same evidence several times.

*THK America Inc.*, 151 F.R.D. at 630; *see also Laitram Corp. v. Hewlett-Packard, Co.*, 791 F. Supp. 113, 114 (E.D. La. 1992). Accordingly, Toshiba's and Fuji's request for bifurcating issues into multiple trials should be denied to avoid duplicative, lengthy litigation which would significantly prejudice Honeywell.

## II. STAYING DISCOVERY REGARDING DAMAGES WILL ONLY RESULT IN UNNECESSARY DELAY AND INCREASED EXPENSE.

Toshiba's and Fuji's effort to postpone discovery on damages issues until after a trial on liability amounts to nothing more than an attempt to delay this proceeding. A stay of damages discovery would be inefficient and burdensome. As set forth above, the overlap in discovery between liability and damages issues favors denial of the requested stay.

If the Court were to bifurcate "damages" discovery, there would surely be constant disputes as to whether Honeywell's discovery requests relate to liability or damages issues. Thus, Toshiba's requested stay will only increase rather than decrease the cost of discovery as the parties debate the relevance of discovery sought to the particular "phase," or cover past ground in the proposed second phase of discovery. *See THK America, Inc.*, 151 F.R.D. at 629

9.

("[E]vidence regarding commercial success . . . will be the same in significant respects as the evidence relating to damages and, therefore, ought to be presented once rather than twice."). When such a possibility is on the horizon, courts have not hesitated to deny the requested stay:

> If the Court limits discovery during the first period to liability only, the parties are likely to come to the Court with repeated disputes over how requested material is related to liability, damages, state of mind, or all these issues. The Court will not escalate the paper war that is surely impending in this case.

*Laitram Corp.*, 791 F. Supp. at 117; *see also White Chem. Corp. v. Walsh Chem. Corp.*, 116 F.R.D. 580, 582 (W.D.N.C. 1987) (finding that staying discovery on damages issues "would result in added judicial involvement into objections, motions to compel and the like.").

While Toshiba and Fuji fail to specifically outline their proposal, it is clear that a delay of damages discovery and a bifurcation of issues at trial would: (i) result in a substantial evidentiary overlap between liability and damages issues, including at least the issues of commercial success and laches, as discussed above; (ii) cause confusion and unnecessary repetition of discovery and trial proceedings, given that the same information on certain issues will be relevant for both discovery and trial purposes in both phases; (iii) increase the demand on this Court's time to resolve multiple discovery and trial disputes; and (iv) unfairly and improperly delay the conclusion of this matter, since the Movants' proposal would mean that it would at least double the time required for Honeywell to obtain a final resolution of this matter. Any one of these probabilities would cause substantial prejudice to Honeywell, and any one of them warrants denial of Toshiba's Motion in its entirety.

Most importantly, Toshiba and Fuji offer no compelling reason to justify the prejudice facing Honeywell if the Court were to stay damages discovery. Toshiba merely contends that discovery "will be complicated" and "costly" (D.I. 165 at pp. 2, 6). Fuji contends that "the better

10.

time to conduct [damages] discovery would be after the liability trial when parties can better assess their financial risks based on the infringement analysis from the liability trial" (D.I. 166 at p.5). These arguments ignore Honeywell's right to present its case in an orderly and complete fashion to a jury. Furthermore, and especially at this early stage of the case, Toshiba's and Fuji's request ignores the fact that this Court can issue an efficient scheduling order and discovery timeline at the upcoming scheduling conference. To that end, Honeywell intends to present the Court with an efficient discovery plan at the upcoming scheduling conference.

## CONCLUSION

For the foregoing reasons, Honeywell respectfully requests that this Court deny Toshiba's Motion to stay discovery and bifurcate liability and damages at trial in its entirety.

MORRIS, NICHOLS, ARSHT & TUNNELL

*/s/ Leslie A. Polizoti*

---

Thomas C. Grimm (#1098)
Leslie Polizoti (# 4299)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
  *Attorneys for Plaintiffs*

OF COUNSEL:

Martin R. Lueck
Matthew L. Woods
Stacie E. Oberts
Denise S. Rahne
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2800 LaSalle Plaza, 800 LaSalle Avenue
Minneapolis, MN 55402-2015
(612) 349-8500

11.

Anthony A. Froio
Marc N. Henschke
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
800 Boylston Street, 25th Floor
Boston, MA  02199-7610
(617) 267-2300

April 29, 2005
462916

CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2005, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send notification of such filing to the following: Arthur G. Connolly, III (aconnollyIII@cblh.com); Frederick L. Cottrell, III (cottrell@rlf.com); Francis DiGiovanni (fdigiovanni@cblh.com, et al.); Amy Elizabeth Evans (aevans@crosslaw.com); Thomas C. Grimm (tcgefiling@mnat.com); Thomas L. Halkowski (halkowski@fr.com, et al.); Richard L. Horwitz (rhorwitz@potteranderson.com, et al.); Donald W. Huntley (huntley@monopolize.com, et al.); Adam W. Poff (apoff@ycst.com, et al.); Philip A. Rovner (provner@potteranderson.com, et al.); John W. Shaw (jshaw@ycst.com, et al.); William J. Wade (wade@rlf.com, et al.); and Karen L. Pascale (kpascale@bmf-law.com, et al.).

I also certify that on April 29, 2005, I caused to be served true and correct copies of the foregoing document on the following by hand:

| | |
|---|---|
| Frederick L. Cottrell, III<br>RICHARDS LAYTON & FINGER<br>One Rodney Square,<br>P.O. Box 551<br>Wilmington, DE  19899-0551<br>*Attorneys for Eastman Kodak Company* | William J. Wade<br>RICHARDS LAYTON & FINGER<br>One Rodney Square<br>P.O. Box 551<br>Wilmington, DE  19899-0551<br>*Attorneys for Matsushita Electrical Industrial Co. and Matsushita Electrical Corporation of America* |
| Adam Wyatt Poff<br>YOUNG CONAWAY STARGATT<br>  & TAYLOR<br>1000 West Street, 17th Floor<br>P.O. Box 391<br>Wilmington, DE  19899-0391<br>*Attorneys for Pentax Corporation and Pentax U.S.A., Inc.* | John W. Shaw<br>YOUNG CONAWAY STARGATT & TAYLOR<br>1000 West Street, 17th Floor<br>P.O. Box 391<br>Wilmington, DE  19899-0391<br>*Attorneys for Olympus Corporation, Olympus America, Inc., Sony Corporation and Sony Corporation of America* |

2.

Richard L. Horwitz
POTTER ANDERSON & CORROON
Hercules Plaza, 6th Floor
1313 N. Market Street, P.O. Box 951
Wilmington, DE  19899
*Attorneys for Concord Cameras, Dell Inc., Fujitsu Limited, Fujitsu America, Inc., Fujitsu Computer Products of America, Inc., Toshiba Corporation, Toshiba America, Inc., and Wintek Electro-Optics Corporation*

Philip A. Rovner
POTTER ANDERSON & CORROON
Hercules Plaza, 6th Floor
1313 N. Market Street, P.O. Box 951
Wilmington, DE  19899
*Attorneys for Fuji Photo Film Co., Ltd. and Fuji Photo Film U.S.A., Inc.*

Arthur G. Connolly, III
CONNOLLY, BOVE, LODGE & HUTZ
The Nemours Building, 8th Floor
1007 N. Orange Street, P.O. Box 2207
Wilmington, DE  19899
*Attorneys for Navman NZ Limited and Navman U.S.A. Inc.*

Francis DiGiovanni
CONNOLLY, BOVE, LODGE & HUTZ
The Nemours Building, 8th Floor
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE  19899
*Attorneys for Sony Ericcson Mobile Communications AB and Sony Ericcson Mobile Communications (USA) Inc.*

Thomas L. Halkowski
FISH & RICHARDSON P.C.
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE  19899-1114
*Attorneys for Apple Computer, Inc., Casio Computer Co., Ltd., and Casio, Inc.*

Amy Evans
CROSS & SIMON
913 N. Market Street, Suite 1001
P.O. Box 1380
Wilmington, DE  19899-1380
*Attorneys for Argus a/k/a Hartford Computer Group, Inc.*

Donald W. Huntley
HUNTLEY & ASSOCIATES, LLC.
1105 North Market Street, Suite 800
P.O. Box 948
Wilmington, DE  19899-0948
*Attorneys for Kyocera Wireless Corp. and Seiko Epson Corporation*

Andre G. Bouchard
Karen L. Pascale
BOUCHARD MARGULES & FRIEDLANDER
222 Delaware Avenue, Suite 1400
Wilmington, DE  19801
*Attorneys for Optrex America, Inc.*

*/s/ Leslie A. Polizoti* (#4299)
MORRIS, NICHOLS, ARSHT AND TUNNELL
1201 North Market Street
Wilmington, DE 19801
(302) 658-9200
lpolizoti@mnat.com