

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DATASTRIP (IOM) LIMITED,                        :
                                                :
      Plaintiff,                              :
                                                :
      v.                                      :        C.A. No. 97-70-JJF
                                                :
SYMBOL TECHNOLOGIES, INC. and                   :
THE TRACKER CORPORATION                         :
OF AMERICA,                                     :
                                                :
      Defendants.                             :

─────────────────────────────

Jack B. Blumenfeld, Esquire of MORRIS, NICHOLS, ARSHT & TUNNELL,
Wilmington, Delaware.
Of Counsel:  Milton Springut, Esquire, and David A. Kalow,
Esquire of KALOW, SPRINGUT & BRESSLER, New York, New York.
Attorneys for Plaintiff.

Howard M. Handelman, Esquire, and John H. Newcomer, Jr., Esquire
of BAYARD, HANDELMAN & MURDOCH, P.A., Wilmington, Delaware.
Of Counsel:  Arnold Sprung, Esquire, Nathanial D. Kramer,
Esquire, and Esther H. Steinhauer, Esquire of SPRUNG, KRAMER,
SCHAEFER & BRISCOE, Tarrytown, New York.
Attorneys for Defendants.

─────────────────────────────

**MEMORANDUM OPINION**

January 7, 1998
Wilmington, Delaware

Farnan, Chief Judge.

This is a patent infringement action brought by Plaintiff,
Datastrip (IOM) Limited, against Defendants, Symbol Technologies,
Inc. and The Tracker Corporation of America.  Presently before
the Court is Defendants' Motion For Separate Trials On Liability
And Damages (D.I. 45).  In their Motion, Defendants seek relief
based upon Federal Rule of Civil Procedure 42(b), which grants
district courts broad discretion to order separate trials to
avoid prejudice and to promote judicial economy (D.I. 46).  In
opposition to Defendants' application, Plaintiff asserts that
Defendants have failed to demonstrate that bifurcation will
promote convenience or judicial economy and that Defendants have
not established that any undue prejudice will result if their
application is denied (D.I. 54).

For the reasons discussed, the Court will deny Defendants'
Motion For Separate Trials On Liability And Damages (D.I. 45).

## BACKGROUND

Both Plaintiff and Defendant Symbol are engaged in the
business of designing, manufacturing and selling bar code
scanning products.  Defendant Tracker is engaged in the business
of making and reselling kits for marking personal possessions
with a bar code label.  A bar code consists of a pattern of

1

printed bars and spaces which is used to input information into a computer by means of optical scanning.

Plaintiff brought this action against Defendants for infringement of the '221 Patent owned by Plaintiff. The '221 Patent covers the invention of a two-dimensional bar code. Plaintiff alleges that Defendant Symbol made certain modifications and additions to the technology in the '221 Patent, filed a patent application and in January, 1990, acquired United States Patent No. 5,304,786 ("'786 Patent"). Plaintiff claims that Defendant Symbol's other patents on technology used in conjunction with printed bar codes have deprived Plaintiff of its patent rights and induced infringement of the '221 Patent. Meanwhile, Defendant Tracker has been making and selling kits which Plaintiff claims incorporate a bar code of the type covered by the '221 Patent and thus, directly infringe Plaintiff's '221 Patent.

The parties have exchanged their initial disclosures under Rule 26(a)(1) and have served initial discovery requests. Plaintiff has sought and received permission from the Court to defer Rule 26(a)(1) disclosure of its damage theories until January 1998.

2

## STANDARD OF REVIEW

In the normal course of litigation, all claims and issues in a civil action are presented for resolution in one trial.  Johns Hopkins Univ. v. Cellpro, 160 F.R.D. 30, 32-33 (D.Del. 1995) (citations omitted).  However, in some instances, bifurcation may be worthwhile and is governed by Federal Rule of Civil Procedure 42(b):

> **(b) Separate Trials.**  The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

The decision to bifurcate a trial is committed to the informed discretion of the trial judge based on the particular facts and circumstances of each case.  Lis v. Robert Packer Hosp., 579 F.2d 819, 824 (3d Cir. 1978).  In exercising its discretion, a court must consider the arguments made by each side in light of the circumstances and equities of the case.

## DISCUSSION

Defendants offer two justifications for bifurcation in the instant case.  First, Defendants contend that bifurcation will

3

promote judicial and legal economy.  Second, Defendants claim that bifurcation will avoid prejudice by not requiring Defendants to identify privileged attorney-client communications during the liability phase of the trial.  In response, Plaintiff argues that Defendants have failed to demonstrate that bifurcation would promote convenience and judicial economy or avoid prejudice, and that Defendants' Motion is merely an attempt to avoid their discovery obligations.  In Akzona Inc. v. E.I. DuPont De Nemours & Co., 607 F.Supp. 227, 232 (D.Del. 1984), the Court outlined the primary factors to be considered in ruling on a motion to bifurcate, which include the potential for confusion, delay, prejudice or the additional expense resulting from the grant or denial of the motion.  Bifurcation may be advisable if the case contains a large number of dissimilar or complex issues, or if the trial of one issue is likely to be much shorter than the others.  Procter & Gamble Co. v. Nabisco Brands, Inc., 604 F.Supp. 1485, 1491 (D.Del. 1985).  Conversely, bifurcation will not be warranted if there will be a substantial overlap among the issues to be proven at both trials.  Id. at 1491-92.

Historically, courts have often found it worthwhile to hold separate trials on liability and damage issues in patent cases.  Courts have found it to be more efficient to defer discovery and

4

trial on damages issues until after liability questions have been

resolved at trial and on appeal. <u>John Hopkins Univ. v. Cellpro</u>,

160 F.R.D. 30, 33 (D.Del. 1995) (citations omitted). However, in

a case relied upon by Defendants, although the court approved

bifurcation, it went on to explain that:

> [t]here is an important limitation on ordering a
> separate trial of the issues under Rule 42(b): the
> issue to be tried must be so distinct and separable
> from the others that a trial of it alone may be had
> without justice.

<u>Swofford v. B. & W. Inc.</u>, 336 F.2d 406, 415 (5th Cir. 1964).

Thus, bifurcation is not necessarily appropriate in every patent

case and the Court's discretion in this regard must be exercised

with caution. <u>Brad Ragan, Inc. v. Shrader's Incorporated</u>, 89

F.R.D. 548, 549-50 (S.D. Ohio 1981).

I. <u>Defendants Must Demonstrate That Bifurcation Would Promote
Convenience and Judicial Economy</u>

Since Defendants are seeking bifurcation, they have the

burden of demonstrating that bifurcation is warranted in light of

the general principle that a single trial tends to lesson the

delay, expense and inconvenience to all the parties. <u>Mellon v.
Beecham Group PLC</u>, No. CIV 86-2179, 1991 WL 16494 (D.N.J. Jan. 3,

1991). In this case, the Court concludes that Defendants have

not provided sufficient reasons to demonstrate the efficiency of

5

bifurcating the damages and liability issues.

In their Motion, Defendants contend that judicial and legal economy will be promoted by bifurcation because the Court and the parties will have avoided discovery and trial on the damages issues if Defendants prevail. Further, Defendants point out that bifurcation will permit the jury to decide the already complicated liability issues in the case without being confused and distracted by the equally complicated damages issues.

The Court is not in a position at this time to fairly evaluate Defendants' claim that there is a substantial probability that they will prevail on liability. At this juncture, the Court does not have sufficient information to agree or disagree with such a proposition. Thus, the Court cannot consider this factor in determining bifurcation. Of course, in every case it may be said that a separate trial on a dispositive issue might save some time, however, a bare suggestion of efficiency cannot support the granting of a bifurcation request, and certainly judicial economy is not the only factor to be considered.

Further, the Court finds that in this case Defendants have not shown that discovery on damages will be complicated, expensive or time-consuming. This is a patent case, and

6

therefore, by its nature it can be described as complex, but
Defendants have not convincingly shown that the benefits in
saving time and expense in staying discovery on damages and
ordering separate trials, outweighs the advantages of presenting
these issues for resolution at one trial.

An additional factor that courts find significant in
deciding whether to bifurcate is the overlapping of issues.
Willemijn Houdstermaatschaapij BV v. Apollo Computer Inc., 707
F.Supp. 1429, 1434 (D.Del. 1989) (citing Akzona, Inc. v. E.I.
DuPont De Nemours & Co., 607 F.Supp. 227, 233-34 (D.Del. 1984)).
Plaintiff contends the following:  (1) the evidence on commercial
success of Defendant Symbol's products relates to both liability
and damages; (2) the proof of liability and causation for damages
will significantly overlap because Defendant Symbol is charged
with inducing infringement; and (3) the proof on laches relates
to both liability and damages.  Accepting Plaintiff's assertions
that the evidence on several issues may overlap, the Court agrees
that bifurcation may not result in a more efficient presentation
of the case.  Evidence of "commercial success" is relevant in the
determination of obviousness under 36 U.S.C. §103, and therefore,
such evidence may be considered in assessing liability, as well
as damages.  In addition, general financial matters are likely to

be highly relevant to the liability and damages issues, resulting
in a significant duplication in the presentation of evidence in
both phases of the trial.  Lastly, Defendants' assertion of the
affirmative defense of laches may also weigh against bifurcation.
In order to contest the laches defense, Plaintiff may have to
inquire into damages claims during the liability phase of the
trial.  Thus, considering the issues cited by Plaintiff and the
evidence that most likely will be presented at trial, the Court
concludes that the testimony of probable witnesses and other
evidence, will overlap on liability and damages issues and any
time savings accomplished by bifurcation will be speculative.

    Further, the Court finds that in this case it will be more
efficient to work towards one trial and one appeal.  Other than
general assertions of potential efficiency, the Court finds that
Defendants have not demonstrated that bifurcation will facilitate
a single appeal, and, absent some strong evidence of the
likelihood of one appeal, the Court concludes that one complete
trial is the most efficient manner in which to timely dispose of
this case.

II.  Defendants Must Demonstrate That Bifurcation Will Prevent
Prejudice

    Defendants assert that if bifurcation is not granted, they

will either have to waive the attorney-client privilege and share

the opinions of their counsel with Plaintiff sooner than

necessary or in the alternative, they will have to forego

reliance upon the opinion of counsel in order to maintain the

privileged status of the material.  The attorney-client privilege

protects a confidential communication between attorney and client

when discovery is sought.  The burden of proving that the

privilege exists is on the party asserting the privilege.  In re

Bevill, Bresler & Schulman Asset Management Corp., 805 F.2d 120,

126 (3d Cir. 1986).  Clients waive the attorney-client privilege

by deliberately injecting into the litigation the advice which

the clients received from counsel.  Smith v. Alyeska Pipeline

Service Co., 538 F.Supp. 977, 979 (D.Del. 1982), aff'd, 758 F.2d

668 (Fed. Cir. 1984).  Similarly, the advice of counsel exception

to the privilege states that where a party asserts as an

essential element of their defense that it relied upon the advice

of counsel, that party waives the privilege regarding

communications pertaining to that advice.  Mellon v. Beecham

Group PLC, No. CIV 86-2179, 1991 WL 16494 (D.N.J. Jan. 3, 1991).

In the instant case, staying discovery specifically on

Defendants' advice of counsel defense by ordering a separate

trial on liability and damages is not in the Court's view, an

effective solution to Defendants' dilemma.  Staying discovery on
privileged communications until after liability issues have been
resolved may cause unnecessary delays and complications.

Denying a request for bifurcation and stay of discovery is a
close question when concerns of prejudice have been raised by a
party asserting an attorney-client privilege.  However, in this
case, the Court is persuaded that bifurcation will cause
Plaintiff to suffer prejudice because the final disposition of
this matter will be unfairly delayed.  In the Court's view,
Plaintiff should be permitted to present to the jury its entire
story and not be required to present it in piecemeal.  If the
counsel opinion that Defendants rely upon for their actions
provides a defense to Plaintiff's assertions of infringement, the
opinion should be disclosed as soon as practicable.  Any advice
that may be highly and unduly prejudicial to Defendants
presenting a valid defense to Plaintiff's charge of infringement
can be addressed during the preparation for trial.

CONCLUSION

For the reasons discussed, the Court will deny Defendants'
Motion For Separate Trials On Liability And Damages (D.I. 45)
pursuant to Federal Rule of Civil Procedure 42(b).

An appropriate Order will be entered.

10



IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DATASTRIP (IOM) LIMITED,          :
                                  :
          Plaintiff,              :
                                  :
     v.                           :          C.A. No. 97-70 (JJF)
                                  :
SYMBOL TECHNOLOGIES, INC. and     :
THE TRACKER CORPORATION           :
OF AMERICA,                       :
                                  :
          Defendants.             :

O R D E R

At Wilmington, this ⅃ day of January, 1998, for the reasons set forth in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that Defendants' Motion For Separate Trials On Liability And Damages (D.I. 45) is DENIED.

_____
UNITED STATES DISTRICT JUDGE