LEXSEE 2001 U.S. DIST. LEXIS 8300

**CARDIAC PACEMAKERS, INC, GUIDANT SALES CORPORATION, ELI LILLY & COMPANY, MIROWSKI, ANNA, Plaintiffs, vs. ST JUDE MEDICAL, INC - COUNTERCLAIMANT 10/2/00, PACESETTER, INC - COUNTERCLAIMANT 10/2/00, VENTRITEX, INC - COUNTERCLAIMANT 10/2/00, JOHN DOES 1 - 10, Defendants.**

**CAUSE NO. IP 96-1718-C H/G**

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF INDIANA, INDIANAPOLIS DIVISION**

*2001 U.S. Dist. LEXIS 8300*

**May 31, 2001, Decided**

**DISPOSITION:** [*1] Defendants' motion to bifurcate the trial denied.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Defendants, in a patent infringement case, moved to bifurcate the trial under *Fed. R. Civ. P. 42(b)*. Defendants proposed a first phase on issues of infringement and validity, followed if necessary by a second phase combining damages and the issue of willfulness. Plaintiffs opposed bifurcation.

**OVERVIEW:** Defendants contended that bifurcation would have saved time. They stressed the complexity of the case, the potential for reducing jury confusion, and contended that there was little overlap between the liability evidence and the damages and willfulness evidence. They also contended that bifurcation would not prejudice plaintiffs, whereas a unified trial would prejudice the defense. Plaintiffs responded that they were likely to win on liability, and that the issues of liability and willfulness overlapped. Plaintiffs contended a bifurcated trial would have prejudiced them because they would have had to choose between repeating evidence in the second phase and taking a chance on jurors forgetting important evidence relevant to both phases. The court determined there was no compelling reason to deviate from the usual practice and declined to bifurcate the trial. Because of the close and intertwined relationships between liability and willfulness, and between liability and damages, a bifurcated trial presented a high risk of wasteful repetition of evidence and potential confusion arising from the fact that some evidence was relevant for multiple issues.

**OUTCOME:** Defendants' motion to bifurcate the trial was denied.

**LexisNexis(R) Headnotes**

*Civil Procedure > Trials > Separate Trials*
[HN1] *Fed. R. Civ. P. 42(b)* gives the court discretion to order separate trials on distinct issues, such as liability and damages, when doing so would promote convenience, avoid prejudice, or be conducive to expedition and economy.

*Civil Procedure > Trials > Separate Trials*
[HN2] In the context of a patent case, a court that bifurcates a trial may also determine whether evidence on willfulness should be heard at the liability or damages phase of the trial.

*Civil Procedure > Trials > Separate Trials*
[HN3] A single trial generally tends to lessen the delay, expense, and inconvenience to all concerned, and therefore, in patent cases, as in others, separate trials should be the exception, not the rule. A court should not routinely order separate trials. While it may be appropriate to hold separate trials in certain cases, separation of issues is not the usual course that should be followed.

Case 1:04-cv-01338-JJF   Document 170-3   Filed 04/29/2005   Page 2 of 4

Page 2
2001 U.S. Dist. LEXIS 8300, *

*Civil Procedure > Trials > Separate Trials*
[HN4] Although it is inevitable in every case where willfulness is an issue that there will be some risk of prejudice to a party on the issue of liability when those issues are tried together, the routine risk of prejudice in such cases does not compel bifurcation.

*Civil Procedure > Trials > Separate Trials*
[HN5] Willfulness is determined from the totality of the circumstances. That standard does not fit comfortably with bifurcation of a trial. Trying infringement and willfulness separately could result in a significant waste of time, inconvenience, and unnecessary expense as evidence is repeated.

**COUNSEL:** For CARDIAC PACEMAKERS, INC, GUIDANT SALES CORPORATION, ELI LILLY & COMPANY, plaintiffs: JOHN R SCHAIBLEY III, BAKER & DANIELS, INDIANAPOLIS, IN.

For CARDIAC PACEMAKERS, INC, plaintiff: TIMOTHY J MALLOY, MCANDREWS HELD MALLOY LTD, CHICAGO, IL.

For GUIDANT SALES CORPORATION, plaintiff: DAVID T KASPER, LOCKE REYNOLDS LLP, INDIANAPOLIS, IN.

For ELI LILLY & COMPANY, plaintiff: JAMES HUGHES, SOMMER & BARNARD, INDIANAPOLIS, IN.

For MIROWSKI, ANNA, plaintiff: RICHARD R MCDOWELL, HILL FULWIDER MCDOWELL FUNK, ETC., INDIANAPOLIS, IN.

For ST JUDE MEDICAL, INC, PACESETTER, INC, defendants: DENNIS J BLOCK, CADWALADER WICKERSHAM & TAFT, NEW YORK, NY.

For ST JUDE MEDICAL, INC, PACESETTER, INC, VENTRITEX, INC, defendants: DENNIS R SALMON, GIBSON DUNN & CRUTCHER, PALTO ALTO, CA.

For ST JUDE MEDICAL, INC, PACESETTER, INC, VENTRITEX, INC, JOHN DOES 1 - 10, defendants: MICHAEL RACKMAN, GOTTLIEB RACKMAN & RIESMAN, NEW YORK, NY.

For ST JUDE MEDICAL, INC, PACESETTER, INC, defendants: JAY G TAYLOR, ICE MILLER, INDIANAPOLIS, IN.

For ST JUDE MEDICAL, INC, PACESETTER, INC, VENTRITEX, INC, JOHN DOES 1 - 10, defendants: [*2] JEFFREY M OLSON, LYON & LYON, LOS ANGELES, CA.

**JUDGES:** DAVID F. HAMILTON, JUDGE, United States District Court, Southern District of Indiana.

**OPINIONBY:** DAVID F. HAMILTON

**OPINION:**

ENTRY ON DEFENDANTS' MOTION TO BIFURCATE TRIAL

Defendants in this patent infringement case have moved to bifurcate the trial under *Fed. R. Civ. P. 42(b)*. Defendants propose a first phase on issues of infringement and validity, followed if necessary by a second phase combining damages and the issue of willfulness. Plaintiffs oppose bifurcation.

[HN1] *Federal Rule of Civil Procedure 42(b)* gives the court discretion to order separate trials on distinct issues, such as liability and damages, when doing so would promote convenience, avoid prejudice, or be conducive to expedition and economy. See *In re Recombinant DNA Technology Patent and Contract Litigation, 1993 U.S. Dist. LEXIS 20474, 30 U.S.P.Q.2D (BNA) 1881, 1899-1900 (S.D. Ind. 1994); Dentsply Int'l Inc. v. Kaydex, 1994 U.S. Dist. LEXIS 9838*, No. 93 C 20099, *1994 WL 376276,* at *1 (N.D. Ill. July 11, 1994); *Keyes Fibre Co. v. Packaging Corp. of America, 763 F. Supp. 374, 375 (N.D. Ill. 1991).* [HN2] In the context of a patent case, a court that bifurcates a trial [*3] may also determine whether evidence on willfulness should be heard at the liability or damages phase of the trial. *Recombinant DNA, 30 U.S.P.Q.2D (BNA) at 1900.*

The parties' briefs on this issue in this case would apply to virtually any reasonably complex patent case. Bifurcation is an issue that fills many pages of the case reporters, seeming to require a decision in almost every substantial patent case in recent years. Defendants contend bifurcation would save time because they may win on the issues of liability. They stress the complexity of the case and the potential for reducing the risk of jury confusion. They contend that there is little overlap between the liability evidence and the evidence on damages and willfulness. They also contend that bifurcation would not prejudice plaintiffs, whereas a unified trial would prejudice the defense.

Plaintiffs respond that they are likely to win on liability, that the issues of liability and willfulness overlap closely, and that evidence on a reasonable royalty overlaps substantially with evidence on the obviousness issues raised by defendants. Compare

*Graham v. John Deere Co.*, 383 U.S. 1, 17-18, 15 L. Ed. 2d 545, 86 S. Ct. 684 (1966) [*4] (factors regarding obviousness), with *Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970) (factors regarding reasonable royalty), *modified and aff'd*, 446 F.2d 295 (2d Cir. 1971). Plaintiffs contend a bifurcated trial would prejudice them because they would have to choose between repeating evidence in the second phase and taking a chance on jurors forgetting important evidence relevant to both phases.

"[HN3] A single trial generally tends to lessen the delay, expense, and inconvenience to all concerned," and therefore, in "'patent cases, as in others, separate trials should be the exception, not the rule.'" *THK America, Inc. v. NSK Co.*, 151 F.R.D. 625, 631 (N.D. Ill. 1993), quoting 5 Moore's Federal Practice § 42.03[1] at 42-37 to 42-38 (2d ed. 1982); see also *Keyes Fibre Co.*, 763 F. Supp. at 375 (". . . a court should not routinely order separate trials. While it may be appropriate to hold separate trials in certain cases, 'separation of issues is not the usual course that should be followed.'" (citation omitted)), quoting *Response of Carolina, Inc. v. Leasco Response, Inc.*, 537 F.2d 1307, 1323-24 (5th Cir. 1976). [*5]

In this case, as in most patent cases, there are good arguments on both sides of the issue. On the bottom line, the court sees no compelling reason to deviate from the usual practice and declines to bifurcate the trial.

There is no doubt that this trial will be complex, challenging both the court and the jury with respect to issues of infringement, validity, damages, and possibly willfulness. Those challenges are substantial whether the trial is unified or bifurcated. Because of the close and intertwined relationships between liability and willfulness, and between liability and damages, a bifurcated trial presents a high risk of wasteful repetition of evidence and potential confusion arising from the fact that some evidence will be relevant for multiple issues. The court is confident that the highly skilled advocates on both sides will use the many effective tools that are available to prevent or minimize confusion without risking the waste of time and confusion presented by bifurcation. This court agrees with the court's comments in *Real v. Bunn-O-Matic Corp.*, denying bifurcation:

> Any potential confusion can be remedied by good lawyering, cautionary warnings, limiting [*6] instructions, or special verdict forms. Indeed, it is the experience of this Court, as well as others, that jurors bring a collective wisdom, common sense and experience as well as intelligence and dedication to their task. They are consistently asked to return verdicts in criminal cases with facts far more complex and with stakes much higher than the one at hand.

195 F.R.D. 618, 624-25 (N.D. Ill. 2000) (citation omitted).

Defendants also argue that trying willfulness together with liability issues may risk prejudice to them because evidence regarding willfulness at the liability trial may improperly influence the jury's consideration of infringement. [HN4] Although it "is inevitable in every case where wilfulness is an issue that there will be some risk of prejudice to a party on the issue of liability when those issues are tried together[,] . . . the routine risk of prejudice in such cases does not compel bifurcation." *Dentsply Int'l*, 1994 WL 376276, at *2. Potential prejudice to defendants on the willfulness issue can be cured by giving the jury proper limiting instructions and by other techniques.

When bifurcating a trial, "one must carve at [*7] the joint." *Hydrite Chemical Co. v. Calumet Lubricants Co.*, 47 F.3d 887, 890 (7th Cir. 1995). Bifurcating the trial between the liability and damages/willfulness issues in this case is at least as likely to cause additional confusion, delay, and expense as it is to avoid them. First, as plaintiffs point out, the evidence relevant to liability and willfulness issues is not wholly distinct. For instance, evidence on whether defendants acted willfully might well be relevant to both liability and damages. See *Kimberly-Clark Corp. v. James River Corp.*, 131 F.R.D. 607, 609 (N.D. Ga. 1989) (willfulness issue is "inextricably bound to the facts underlying the alleged infringement"), cited in *THK America*, 151 F.R.D. at 629.

Defendants contend this view of willfulness is contrary to what they describe as the "holding" of the Supreme Court in *Warner-Jenkinson Co. v. Hilton Davis Chemical Co.*, 520 U.S. 17, 35-36, 137 L. Ed. 2d 146, 117 S. Ct. 1040 (1997). See Def. Reply Br. (Docket No. 653) at 8-9 & n.9. The cited portion of *Warner-Jenkinson* does not support defendants' assertion and does not contradict *THK America*. In [*8] *Warner-Jenkinson*, the Supreme Court made clear that proof of infringement does not require proof of intent, and that "intent plays no role in the application of the doctrine of equivalents." 520 U.S. at 36. That statement does not deny or repeal the close factual and evidentiary relationship between infringement and willfulness.

The Federal Circuit teaches that [HN5] willfulness is determined from "the totality of the circumstances." *Braun Inc. v. Dynamics Corp. of America, 975 F.2d 815, 822 (Fed. Cir. 1992).* That standard does not fit comfortably with bifurcation. Trying infringement and willfulness separately could result in a significant waste of time, inconvenience, and unnecessary expense as evidence is repeated. See also *Calmar, Inc. v. Emson Research, Inc., 850 F. Supp. 861, 866 (C.D. Cal. 1994)* ("Bifurcation of the issue of willfulness and a stay of discovery would only complicate the instant proceedings and cause needless delay.").

"Ultimately, the decision whether to bifurcate is a practical one." *THK America, 151 F.R.D. at 633.* It is a decision that must be made in the face of uncertainties about the plaintiffs' [*9] prospect for success on liability, about the precise extent and nature of the overlapping evidence on the different issues, and about the potential prejudice to either side under any course of action. After considering the parties' arguments and the relevant factors, the court is not persuaded that these considerations weigh in favor of a departure from the usual course, which is a unified trial on liability and damages, as well as willfulness. n1 Accordingly, defendants' motion to bifurcate the trial is hereby denied.

> n1 Defendants have not invited the court to consider *in camera* any privileged communications relevant to willfulness issues. See *Quantum Corp. v. Tandon Corp., 940 F.2d 642, 644 (Fed. Cir. 1991).*

So ordered.

Date: May 31, 2001

DAVID F. HAMILTON, JUDGE

United States District Court

Southern District of Indiana