## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HONEYWELL INTERNATIONAL INC., et al., | ) ) ) |
| *Plaintiffs*, | ) ) ) |
| v. | ) C.A. No. 04-1338 (KAJ) ) |
| APPLE COMPUTER INC., et al., | ) ) ) |
| *Defendants*. | ) ) ) ) |

## DEFENDANTS OLYMPUS CORPORATION AND OLYMPUS AMERICA INC.'S REPLY TO HONEYWELL'S CONSOLIDATED BRIEF [D.I. 167] IN RESPONSE TO OLYMPUS' MOTION TO STAY [D.I. 161]

OF COUNSEL:

George E. Badenoch
Richard M. Rosati
Michael J. Freno
KENYON & KENYON
One Broadway
New York, NY  10004
(212) 425-7200

YOUNG, CONAWAY, STARGATT & TAYLOR, LLP

John W. Shaw (#3362)
Glenn C. Mandalas (#4432)
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE   19899-0391
(302) 571-6642
jshaw@ycst.com

*Attorneys for Defendants*
*Olympus Corporation and Olympus America Inc.*

Dated:  May 4, 2005

# TABLE OF CONTENTS

ARGUMENT.................................................................................................................1

I.    STAYING THE CASE AS TO OLYMPUS, A PURE LCD
      CUSTOMER, WOULD SIMPLIFY THE LITIGATION
      REGARDLESS OF THE OUTCOME OF THE CASE WITH
      RESPECT TO THE LCD MANUFACTURERS ....................................................2

II.   HONEYWELL CANNOT BE PREJUDICED SINCE
      OLYMPUS' LCD SUPPLIERS ARE ALREADY PARTIES
      TO THE SUIT, HAVE INTERVENED, OR HAVE
      SETTLED OUT.......................................................................................................3

      A.    Honeywell Entirely Ignores the Fact that Olympus'
            Suppliers Are Already Involved in this Litigation........................................4

      B.    Honeywell's Assertion that It Needs Customer-Specific
            Information Is Unfounded............................................................................4

CONCLUSION............................................................................................................6

## TABLE OF AUTHORITIES

*Commissariat A L'Energie Atomique v. Fujitsu Limited*, No. 03-484-
    KAJ, 2004 WL 1554382 (D. Del. May 13, 2004)....................................................1, 2, 3, 6

*Izumi Products Company v. Konikklijke Philips Electronics N.V.*, 315
    F.Supp.2d 589 (D. Del. 2004) .................................................................................5

*Ricoh Company, Ltd. v. Aerolfex Inc.*, 279 F. Supp.2d 554
    (D. Del. 2003)............................................................................................................5, 6

## ARGUMENT

As a pure LCD customer, Olympus' case should be stayed. Honeywell's attempt to distinguish the facts present in *Commissariat A L'Energie Atomique v. Fujitsu Limited*, No. 03-484-KAJ, 2004 WL 1554382, at *3 (D. Del. May 13, 2004) ("the CEA case") from the present case misses the point. *See* Ex. C.[1]

First, Honeywell states that unlike the *CEA* case, where both LCD suppliers and LCD customers were sued, Honeywell has *decided* to focus on LCD customers. D.I. 167, page 7. In truth, Honeywell has not focused only on customers. Honeywell has already sued (or settled with) Olympus' suppliers, including Casio Computer Co., Ltd., Sanyo Electronic Co., Ltd., Seiko Epson Corporation, Sharp Corporation, and Sony Corporation. *See* Declaration of Yoshimitsu Enomoto ("Enomoto Decl.") at ¶ 6, Ex. A and Declaration of Kathleen Cairney ("Cairney Decl.") at ¶ 4, Ex. B. Moreover, any attempt to distinguish *CEA* from this case by citing Honeywell's sheer will to target LCD-customers ignores the logic of *CEA*. Regardless of Honeywell's personal reasons to proceed only against particular parties, the fact remains that the LCD suppliers are the only parties who are in a position to litigate this case in an efficient and manageable way.

Second, Honeywell attempts to distinguish *CEA* on the basis of the subject matter of the patents. Honeywell suggests that whereas the *CEA* patent claims "relate to the inner workings of the [LCD] cell itself," the '371 patent asserted by Honeywell does not. This is simply not true. The '371 patent is specifically directed to and claims an internal structure of an LCD itself. Ex. D. In fact, Honeywell's first set of discovery requests just served on Olympus asks for

---

[1]    References to "Ex. __" herein are to the exhibits to Olympus' Opening Brief (D.I. 163).

information on the inner workings of the LCD modules contained in Olympus' products. *See,*
*e.g.*, Ex. F (Plaintiffs' First Set of Requests for Admissions to Defendant Olympus Corporation)
*and* Ex. G (Plaintiffs' First Set of Interrogatories to Defendant Olympus Corporation, Nos. 2 and
3 in particular). There are no claims in the '371 patent directed to other electronic products, such
as digital cameras, which may incorporate an LCD, and no such products are even mentioned
anywhere in the specification of the '371 patent. Ex. D. Honeywell focuses on the alleged
advantages of the LCD construction described in the '371 patent as eliminating an interference
pattern called the "Moire effect", however the absence of a "Moire effect" from an LCD is not
recited in any claim of the '371 patent, and the absence of a Moire effect from an LCD panel
does not mean that such a panel infringes the '371 patent.

 For the same reasons the Court stayed the *CEA* case with respect to the pure customers,
Honeywell's case against Olympus should be stayed.

## I. STAYING THE CASE AS TO OLYMPUS, A PURE LCD CUSTOMER, WOULD SIMPLIFY THE LITIGATION REGARDLESS OF THE OUTCOME OF THE CASE WITH RESPECT TO THE LCD MANUFACTURERS

 Honeywell never disputes the obvious fact that staying this action as to Olympus would
streamline an otherwise unduly complex multi-party action, no matter what the outcome.
Honeywell does not dispute that if the '371 patent is ultimately found invalid, unenforceable, or
not infringed by the LCDs sold to Olympus by the LCD manufacturer parties, Honeywell's claim
against Olympus is moot. Honeywell does not dispute that if it eventually prevails on its claim
resulting in a judgment of infringement against the LCD manufacturers, satisfaction of that
judgment by the manufacturers would also render Honeywell's claim against Olympus moot.
Nor does Honeywell dispute that any settlements between Honeywell and Olympus' LCD
suppliers would also moot Honeywell's claim against Olympus to the extent that the claim is

based on LCDs manufactured by those suppliers.[2]

Furthermore, Honeywell concedes that the "LCD suppliers better understand their products" when compared to their customers. D.I. 167, page 10. This is exactly Olympus' argument, namely, it is the LCD manufacturers, not the customers, who possess knowledge of the design and operation of the accused LCD modules, and hence the LCD manufacturers are the only parties possessing the technical information which bears on Honeywell's infringement claim. *See Commissariat*, 2004 WL 1554382, at *3. Honeywell never disputes that Olympus does not make or design LCD modules and has no useful information whatsoever on the subject. Enomoto Decl. ¶ 7, Ex. A. In spite of this, Honeywell's first set of discovery requests specifically asks for information not within the possession of Olympus, including for example, whether the LCDs of Olympus' products contain a "lens array" and, if so, whether there are two lens arrays and whether at least one is "rotated." *See* Ex. G (Interrogatories Nos. 2 and 3). Olympus is simply not in the same position as the LCD manufacturers to answer these questions.[3]

## II.    HONEYWELL CANNOT BE PREJUDICED SINCE OLYMPUS' LCD SUPPLIERS ARE ALREADY PARTIES TO THE SUIT, HAVE INTERVENED, OR HAVE SETTLED OUT

Honeywell speculates several hypothetical situations in which it could suffer prejudice by

---

[2]    Honeywell downplays the fact that several suppliers, including Sharp Corporation ("Sharp"), have already settled. D.I. 167, pages 9-10. But any strategic motive for attempting to settle with manufacturers while pushing litigation against customers does not negate the fact that Honeywell is barred from double-recovery.

[3]    Honeywell suggests that Olympus had "enough information to defend against Honeywell's allegations, as evidenced by their formal denial of Honeywell's infringement allegations" in its Answer. D.I. 167, page 2 and 10. However, Olympus' Answer is properly based upon information and belief, and it does not follow that Olympus possesses the kind of specific, detailed information on the construction of the LCDs which only the LCD manufacturers themselves would be expected to have.

- 3 -

staying the action as to pure customers like Olympus. These speculations are without merit.

### A.    Honeywell Entirely Ignores the Fact that Olympus' Suppliers Are Already Involved in this Litigation.

Honeywell lists eleven (11) manufacturers of LCDs who allegedly supply LCDs to named defendants in this case, and who themselves are not presently in the litigation. Honeywell then concludes that "it would significantly delay this case if Honeywell would have to repeat service of process on these additional companies." D. I. 167, page 12. Honeywell's list is both deceptive and irrelevant to Olympus' motion to stay. This list conspicuously leaves out Casio Computer Co., Ltd., Sanyo Electric Co., Ltd., Sharp Corporation, and Sony Corporation, each of whom is a defendant in this lawsuit (Sanyo, Sony, and Casio), or has settled its dispute with Honeywell by license agreement (Sharp). Honeywell's decision to focus on non-party suppliers is deceptive and does not address the fact that Olympus' suppliers are already involved.

### B.    Honeywell's Assertion that It Needs Customer-Specific Information Is Unfounded.

Honeywell argues that it needs to determine not just whether certain LCD-containing products contain infringing LCDs, but it needs to discover "how they [i.e., the end product] will be marketed." D.I. 167, page 8. Honeywell also suggests that it needs to take discovery on how Olympus "actively design, manufacture, market and sell the end products." D.I. 167, page 9 (emphasis added). Honeywell's overt effort to obtain marketing and design information from LCD customers for end products, which merely incorporate an LCD as a minor component, is the beginning of Honeywell's transparent campaign to tie any damages determination in this case to the more expensive end product, rather than to the LCD itself (to which the '371 patent is specifically directed). Honeywell's efforts are misguided for several reasons.

First, Honeywell plays a game of semantics by referring to LCD customers as "manufacturers." The only sense in which Olympus is a manufacturer is that it makes digital

cameras. But the claims of the '371 patent are indisputably directed to a liquid crystal display apparatus, and nowhere refer to digital cameras or other electronic products.

Second, Honeywell is not even entitled to base any claim for damages on the sales price of digital cameras. The '371 patent only claims an LCD. An LCD is only one of many, many components of a digital camera, and the primary basis for consumer demand for digital cameras is its ability to capture high-quality images. *See, e.g., Izumi Products Company v. Konikklijke Philips Electronics N.V.*, 315 F.Supp.2d 589 (D. Del. 2004) (denying recovery of lost profits damages to patentee based on entire value of defendant's infringing sales, to extent that such sales infringed only claim for cutter component and not entire electric razor, absent showing that component was basis for customer demand).

Third, by focusing only on damages, Honeywell ignores the fact that the LCD-customers need not play a role in any liability determination, i.e., any invalidity, unenforceability, or non-infringement determination. Furthermore, there are pending bifurcation motions, (*see Toshiba's Fed. R. Civ. P. 42(b) Motion for Bifurcation of Liability and Damages* [D.I. 164] and *Defendant Fuji Photo Film Co., Ltd.'s Motion in Support of Toshiba's Motion* [D.I. 166]) asking the Court to bifurcate the case between liability and damages. In view of Honeywell's speculation that pure LCD-customers could at most be relevant to damages, bifurcation also makes particularly sound sense.

Fourth, Honeywell tries to distinguish cases heeding the customer-suit exception by defining customers as retail stores who simply resell (without alteration) the product provided by the supplier. D.I. 167, page 9. Notably, Honeywell ignores *CEA*, the case most common to the present. Contrary to Honeywell's attestations, the "customers" in CEA incorporated LCDs from a supplier, just like the present case. Furthermore, in *Ricoh Company, Ltd. v. Aerolfex Inc.*, the

patent in suit was directed to a software program used to design integrated circuits and the

plaintiff-patentee sued both the designer of the software and the customers who used the

software. 279 F. Supp.2d 554, 558 (D. Del. 2003). The fact that the customers used the software

in designing and manufacturing integrated circuits did not stop the Court from recognizing that

under the customer exception rule, "it is more efficient for the dispute to be settled directly

between the parties in interest." *Id.* at 557. The Court noted that "Ricoh's infringement claims

against the defendants are fundamentally claims against the ordinary use of Synopsys' Design

Compiler." *Id.*, at 558.

Honeywell's speculations that it will be prejudiced are either irrelevant or simply smoke.

## **CONCLUSION**

For the foregoing reasons, Olympus respectfully requests the case against it be stayed.

OF COUNSEL:

George E. Badenoch
Richard M. Rosati
Michael J. Freno
KENYON & KENYON
One Broadway
New York. NY 10004
(212) 425-7200

Dated: May 4, 2005

YOUNG, CONAWAY, STARGATT &
TAYLOR, LLP

By: _____
John W. Shaw (#3362)
Glenn C. Mandalas (#4432)
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE 19899-0391
(302) 571-6642
jshaw@ycst.com

*Attorneys for Defendants*
*Olympus Corporation and*
*Olympus America Inc.*

## CERTIFICATE OF SERVICE

I, Glenn C. Mandalas, hereby certify that on May 4, 2005, I caused to be electronically

filed a true and correct copy of the foregoing document with the Clerk of the Court using

CM/ECF, which will send notification that such filing is available for viewing and downloading

to the following counsel of record:


ATTORNEYS FOR PLAINTIFFS

Thomas C. Grimm
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P. O. Box 1347
Wilmington DE  19899

*Attorneys for Plaintiffs Honeywell
International Inc. and Honeywell Intellectual
Properties Inc.*

ATTORNEYS FOR DEFENDANTS

Frederick L. Cottrell, III
RICHARDS, LAYTON & FINGER
One Rodney Square
P. O. Box 551
Wilmington, DE  19899-0551

*Attorneys for Eastman Kodak Company*


Thomas L. Halkowski
FISH & RICHARDSON P.C.
919 N. Market St., Suite 1100
Wilmington, DE  19899-1114

*Attorneys for Apple Computer, Inc.,
Casio Computer Co., Ltd., and Casio, Inc.*

William J. Wade
RICHARDS, LAYTON & FINGER
One Rodney Square
P. O. Box 551
Wilmington, DE  19899-0551

*Attorneys for Matsushita Electrical Industrial
Co. and Matsushita Electrical Corporation of
America*

John W. Shaw
YOUNG, CONAWAY, STARGATT &
TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE  19899-0391

*Attorneys for Sony Corporation and Sony
Corporation of America*

1

Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
P. O. Box 951
Wilmington, DE   19899-0951

*Attorneys for Concord Cameras, Dell Inc.,
Fujitsu Limited, Fujitsu America, Inc. and
Fujitsu Computer Products of America, Inc.,
Kyocera Wireless Corp. and Toshiba America,
Inc.*

Philip A. Rovner
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P. O. Box 951
Wilmington, DE  19899

*Attorneys for Fuji Photo Film Co., Ltd. and
Fuji Photo Film U.S.A., Inc.*

Arthur G. Connolly, III
CONNOLLY, BOVE, LODGE & HUTZ
The Nemours Building, 8th Floor
1007 N. Orange Street
P. O. Box 2207
Wilmington, DE  19899

*Attorneys for Navman NZ Limited and
Navman U.S.A. Inc.*

Adam W. Poff
YOUNG, CONAWAY, STARGATT &
TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE   19899-0391

*Attorneys for Pentax Corporation
and Pentax U.S.A., Inc.*

Francis DiGiovanni
James M. Olsen
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building, 8th Floor
1007 North Orange Street
P. O. Box 2207
Wilmington, DE  19899

*Attorneys for Sony Ericcson Mobile
Communications AB and Sony Ericcson
Mobile Communications (USA) Inc.*

Amy Evans
CROSS & SIMON
913 N. Market Street, Suite 1001
P. O. Box 1380
Wilmington, DE  19899-1380

*Attorneys for Argus a/k/a Hartford
Computer Group, Inc.*

I further certify that on May 4, 2005, I caused a copy of the foregoing document to be served by hand delivery on the aforementioned counsel of record and on the following counsel of record in the manner indicated:

**VIA FIRST CLASS MAIL:**

Martin R. Lueck
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015

*Attorneys for Plaintiffs Honeywell
International Inc. and Honeywell Intellectual
Properties, Inc.*

Christopher E. Chalsen
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, NY 10005-1413

*Attorneys for Defendants Fujitsu America, Inc.
Fujitsu Computer Products of America*

Arthur I. Neustadt
Oblon, Spivak, McClelland, Maier
 & Neustadt, P.C.
1940 Duke Street
Alexandria, VA 22313

*Attorneys for Toshiba America, Inc.*

David J. Lender
Steven J. Rizzi
Weil, Gotshal & Manges
767 Fifth Avenue
New York, NY 10153

*Attorneys for Defendants Matsushita
Electrical Industrial Co. and Matsushita
Electrical Corporation of America*

Roderick B. Williams
Avelyn M. Ross
Vinson & Elkins
The Terrace 7
2801 Via Fortuna, Suite 100
Austin, TX 78746-7568

*Attorneys for Defendant Dell, Inc.*

Scott L. Lamper
Intellectual Property and Business
 Development Counsel
Concord Camera Corp.
4000 Hollywood Boulevard, Suite 650N
Hollywood, FL 33021

*Intellectual Property & Business Development
Counsel for Concord Camera Corp.*

Lawrence Rosenthal
Matthew W. Siegal
Stroock & Stroock & Lavan L.L.P.
180 Maiden Lane
New York, NY 10038-4982

*Attorneys for Defendants Fuji Photo Film Co.,
Ltd. and Fuji Photo Film U.S.A., Inc.*

Brian D. Roche
Sachinoff & Weaver, Ltd.
30 S. Wacker Drive
Chicago, IL 60606

*Attorneys for Defendant Argus a/k/a Hartford
Computer Group, Inc.*

David J. Lender
Steven J. Rizzi
Weil, Gotshal & Manges
767 Fifth Avenue
New York, NY 10153

*Attorneys for Matsushita Electrical Industrial
Co. and Matsushita Electrical Corporation of
America*

Kelly C. Hunsaker, Esquire
Fish & Richardson P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063

*Attorney for Apple Computer Inc.*

Michael J. Fink
Neil F. Greenblum
Greenblum and Berstein, P.L.C.
1950 Roland Clarke Place
Reston, VA 20191

*Attorneys for Defendant Pentax
Corporation and Pentax U.S.A., Inc.*

Neil L. Slifkin
Harris Beach LLP
99 Garnsey Road
Pittsford, NY 14534

*Attorneys for Eastman Kodak Co.*

Matthew W. Siegal
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038-4982

*Attorney for Fuji Photo Film U.S.A., Inc. and
Fuji Photo Film Co., Ltd.*

Glenn C. Mandalas (#4432)

4