# EXHIBIT F

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HONEYWELL INTERNATIONAL INC.; and HONEYWELL INTELLECTUAL PROPERTIES INC., <br><br> Plaintiffs, <br><br> v. <br><br> APPLE COMPUTER, INC., et al. <br><br> Defendants. | Civil Action No. 04-1338 KAJ |

**PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSIONS TO DEFENDANT OLYMPUS CORPORATION**

PLEASE TAKE NOTICE that, pursuant to Rules 36 and 26 of the Federal Rules of Civil Procedure, Plaintiffs Honeywell International Inc. and Honeywell Intellectual Properties Inc. (collectively, "Honeywell" or "Plaintiff") direct the following requests for admissions to Defendant Olympus Corporation (hereinafter, "Defendant") in the above action to be answered within thirty (30) days. If an objection to a request for admissions is made, Defendant must state the reasons therefor. In accordance with the requirements of Rule 36, each answer to a request for admission shall specifically admit or deny the matter, or set forth in detail the reasons why Defendant cannot admit or deny the matter. Each denial shall fairly meet the substance of the requested admissions, and when good faith requires that Defendant qualify any answer or deny only a part of the matter of which an admission is requested, Defendant must specify so much of it as is true and qualify the remainder. Any answer giving lack of information or knowledge as a reason for failure to admit or deny must be accompanied by a statement that Defendant has made reasonable inquiry and that the information known or readily obtainable is insufficient to enable Defendant to admit or deny the request.

## INSTRUCTIONS

1. Where knowledge or information in your possession is requested, the request extends to knowledge or information in the possession of your predecessors and/or successors, as well as to information in the possession of your officers, directors, agents, employees, servants, and representatives. Whenever an answer to these requests for admissions contains information which is not based upon personal knowledge, state the source and the nature of such information.

2. These requests for admissions shall be considered continuing, and you are to supplement your answers in a timely manner in accordance with the requirements of Rule 26 of the Federal Rules of Civil Procedure.

3. Your written responses to these requests for admissions shall be provided to Alan E. McKenna, Esq., Robins, Kaplan, Miller & Ciresi L.L.P., 800 Boylston Street, 25th Floor, Boston, Massachusetts 02199-8001.

## DEFINITIONS

For purposes of these Requests for Admissions, the following terms shall have the meaning set forth below.

1. The terms "Plaintiff" or "Honeywell" shall mean Honeywell International Inc. and Honeywell Intellectual Properties Inc., including officers, agents, employees, and representatives of each entity.

2. The terms "Defendant," "you," or "your" shall refer to named Defendant Olympus Corporation and includes, without limitation, Defendant's divisions, subsidiaries, directors, agents, representatives, and employees and any predecessor with an interest.

3. The phrase "referring or relating to" as used herein, includes, but is not limited to, the following meanings: bearing upon, concerning, constituting, discussing, describing,

evidencing, identifying, in connection with, pertaining to, respecting, regarding, responding to, or in any way logically or factually relevant to the matter described in the request.

4. The term "Person" shall mean any individual, partnership, incorporated or unincorporated association, and any other legal or commercial entity.

5. The term "Date" shall mean the exact day, month and year, if ascertainable, or, if not, the best available approximation, including relationship to other events.

6. The term "Document" shall mean all writings of any kind, including the originals and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise as contemplated by Fed. R. Civ. P. 26 in any form, whether on paper, in electronic form, on microfilm, or otherwise.

7. The term "Identify" when used in reference to a person means to provide the following information:

    a. Full name;

    b. Present or last known address; and

    c. Present or last known telephone number.

## REQUESTS FOR ADMISSION

**REQUEST NO. 1:**

Separately for each product identified in response to Interrogatory Nos. 1, 2 and 3 of Plaintiffs' First Set of Interrogatories, admit the product's liquid crystal display module contains a light source.

**REQUEST NO. 2:**

Separately for each product identified in response to Interrogatory Nos. 1, 2 and 3 of Plaintiffs' First Set of Interrogatories, admit the product includes a liquid crystal display panel mounted near a light source.

**REQUEST NO. 3**:

Separately for each product identified in response to Interrogatory Nos. 1, 2 and 3 of Plaintiffs' First Set of Interrogatories, admit the product's liquid crystal display panel receives light from the light source.

**REQUEST NO. 4**:

Separately for each product identified in response to Interrogatory No. 3 of Plaintiffs' First Set of Interrogatories, admit the product's liquid crystal display module includes two lens arrays.

**REQUEST NO. 5**:

Separately for each product identified in response to Interrogatory No. 3 of Plaintiffs' First Set of Interrogatories, admit the product's liquid crystal display module includes two lens arrays each of which have a plurality of individual lenslets.

**REQUEST NO. 6**:

Separately for each product identified in response to Interrogatory Nos. 2 and 3 of Plaintiffs' First Set of Interrogatories, admit the lens array(s) in the product's liquid crystal display module are between the light source and the liquid crystal display panel.

**REQUEST NO. 7**:

Separately for each product identified in response to Interrogatory Nos. 2 and 3 of Plaintiffs' First Set of Interrogatories, admit that one or more lens array(s) in the product's liquid crystal display module is rotated around an axis perpendicular to the liquid crystal display panel.

**REQUEST NO. 8**:

Separately for each product identified in response to Interrogatory Nos. 2 and 3 of Plaintiffs' First Set of Interrogatories, admit that the product's liquid crystal display module has at least one lens array with lenslets that are misaligned with respect to the liquid crystal display panel.

MORRIS, NICHOLS, ARSHT & TUNNELL

_____
Thomas C. Grimm (#1098)
Leslie Polizoti (# 4299)
Chase Manhattan Centre, 18th Floor
1201 N. Market Street
Wilmington, DE 19899-1347
302-658-9200

*Attorneys for Plaintiffs*
Honeywell International Inc. and
Honeywell Intellectual Properties Inc.

Of Counsel:

Martin R. Lueck
Matthew L. Woods
Stacie E. Oberts
Denise S. Rahne
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
612-349-8500

Anthony A. Froio
Marc N. Henschke
Alan E. McKenna
Jeremy C. McDiarmid
Robins, Kaplan, Miller & Ciresi L.L.P.
800 Boylston Street, 25th Floor
Boston, MA 02199-8001
617-267-2300

Date: April 28, 2005
462611

# EXHIBIT G

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HONEYWELL INTERNATIONAL INC.; and HONEYWELL INTELLECTUAL PROPERTIES INC.,<br><br>    Plaintiffs,<br><br>v.<br><br>APPLE COMPUTER, INC., et al.<br><br>    Defendants. | Civil Action No. 04-1338 KAJ |

### PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT OLYMPUS CORPORATION

PLEASE TAKE NOTICE that, pursuant to Rules 33 and 26 of the Federal Rules of Civil Procedure, Plaintiffs Honeywell International Inc. and Honeywell Intellectual Properties Inc. (collectively, "Honeywell" or "Plaintiff") hereby request that you answer the following interrogatories within thirty (30) days of the date of service of these requests upon you.

### INSTRUCTIONS

1. Answer each and every interrogatory separately and fully, including each subdivision thereof, unless it is objected to, in which event the reason for all objections shall be specifically and separately stated. Where a complete answer to an interrogatory is not possible, the interrogatory shall be answered to the extent possible and a statement shall be made indicating why only a partial answer is given.

2. All written responses shall be served on Plaintiffs' counsel at the following address: Alan E. McKenna, Esq., Robins, Kaplan, Miller & Ciresi L.L.P., 800 Boylston Street, Boston, Massachusetts 02199-8001.

3.  In the event that any document or part thereof subject to this request is withheld on the basis of a claim of privilege, Defendant shall furnish to Honeywell a list identifying each document withheld, together with the following information:

   a.  A statement of the nature of the privilege upon which Defendant bases any objection to disclosure;

   b.  The name, job title, and last known address of each person who received or otherwise had access to the document involved or copies thereof, or with whom the document was discussed;

   c.  The subject matter of the document in question;

   d.  The date of the preparation of the document; and

   e.  The author(s) of the document.

4.  If any "communication," "conversation," or "statement" is withheld under a claim of privilege, please furnish a list identifying each such communication, conversation or statement for which the privilege is claimed together with the following information:

   a.  The date of such conversation, communication, or statement;

   b.  The place at which it occurred and the medium involved;

   c.  The identity of each person involved, together with his or her job title at the time of the communication;

   d.  The subject matter and nature of the conversation, communication or statement;

   e.  The basis on which the privilege is claimed; and

   f.  Whether any non-privileged matter was contained in the conversation, communication, or statement.

## DEFINITIONS

For purposes of these interrogatories, the following terms shall have the meaning set forth below.

1. The terms "Plaintiff" or "Honeywell" shall mean Honeywell International Inc. and Honeywell Intellectual Properties Inc., including officers, agents, employees, and representatives of each entity.

2. The terms "Defendant," "you," or "your" shall refer to named Defendant Olympus Corporation and includes, without limitation, Defendant's divisions, subsidiaries, directors, agents, representatives, and employees and any predecessor with an interest.

3. The term "Complaint" shall mean the Complaint and any amended Complaints filed by Plaintiff in this action.

4. The phrase "referring or relating to" as used herein, includes, but is not limited to, the following meanings: bearing upon, concerning, constituting, discussing, describing, evidencing, identifying, in connection with, pertaining to, respecting, regarding, responding to, or in any way logically or factually relevant to the matter described in the request.

5. The term "Person" shall mean any individual, partnership, incorporated or unincorporated association, and any other legal or commercial entity.

6. The term "Date" shall mean the exact day, month and year, if ascertainable, or, if not, the best available approximation, including relationship to other events.

7. The term "Document" shall mean all writings of any kind, including the originals and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise as contemplated by Fed. R. Civ. P. 26 in any form, whether on paper, in electronic form, on microfilm, or otherwise.

3

8. The term "Identify" when used in reference to a person means to provide the following information:

    a. Full name;

    b. Present or last known address; and

    c. Present or last known telephone number.

9. The terms "'371 patent" and "patent-in-suit" shall mean United States Patent No. 5,280,371 entitled "Directional Diffuser For A Liquid Crystal Display."

10. The term "accused products" shall include all laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, portable televisions, and/or portable game systems that employ liquid crystal display ("LCD") modules that were made, used, sold or offered for sale in, or imported into, the United States at any time from October 1998 to the present.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify by trade name and model name or number, including any internal identification numbers or parts numbers, each and every accused product that you make, use, sell, have made, offer for sale, or import in or into the United States from October 1998 to the present that employs a liquid crystal display ("LCD") module, and for each such product, identify the date on which the model was first offered for sale or sold to others. For each such product, identify any affiliated entity that is involved in the manufacture, distribution and/or sale of the product.

### INTERROGATORY NO. 2:

Identify by trade name and model name or number, including any internal identification numbers or parts numbers, each and every accused product that you make, use, sell, have made,

4

offer for sale, or import in or into the United States from October 1998 to the present that employs an LCD module that contains at least one lens array wherein at least one of the lens arrays is rotated, including but not limited to your product bearing model number C740UZ, and for each such product, identify the date on which the model was first offered for sale or sold to others, and the type of LCD module by name and/or model number that is contained therein. For each such product, identify any affiliated entity that is involved in the manufacture, distribution and/or sale of the product.

**INTERROGATORY NO. 3:**

Identify by trade name and model name or number, including any internal identification numbers or parts numbers, each and every accused product that you make, use, sell, have made, offer for sale, or import in or into the United States from October 1998 to the present that employs an LCD module that contains two or more lens arrays wherein at least one of the lens arrays is rotated, including but not limited to your product bearing model number C740UZ, and for each such product, identify the date on which the model was first offered for sale or sold to others, and the type of LCD module by name and/or model number that is contained therein. For each such product, identify any affiliated entity that is involved in the manufacture, distribution and/or sale of the product.

**INTERROGATORY NO. 4:**

For each product identified in response to Interrogatory Nos. 1, 2 and 3 identify the person or entity who supplied the product to you and all persons or entities involved in the manufacturing of the product, including but not limited to any Original Equipment Manufacturer ("OEM") and any entities supplying the LCD modules or LCD module components for those products. For each person or entity, provide the name, address, and relationship to Defendants.

5

**INTERROGATORY NO. 5:**

Describe all efforts by you, your suppliers, or others acting on your behalf to design around the '371 patent.

**INTERROGATORY NO. 6:**

For each product identified in response to Interrogatory Nos. 1, 2 and 3 that you contend does not infringe claims 1 and 3 of the '371 patent, specify each claim element or limitation that allegedly is not met by the product, the factual bases for that contention, and the three persons most knowledgeable about those facts. Your response may take the form of a claim chart.

**INTERROGATORY NO. 7:**

If you contend that any claim of the patent-in-suit is invalid, identify the specific statutory bases for the invalidity (e.g., 35 U.S.C. §102(a)), the factual bases for that contention, any allegedly invalidating prior art or publications, where each element of the claim is found in the prior art or publications, and the three people most knowledgeable about the factual bases for your contention. Your response may take the form of a claim chart.

**INTERROGATORY NO. 8:**

State whether you have conducted, caused to be conducted, or received any information regarding any search, study, evaluation, investigation, opinion, advice, or assessment of the infringement, validity or enforceability of the '371 patent. If the answer is affirmative, with respect to each, identify the date it was requested, the identity of the person who requested it, the date on which it was received, the identity of the person who provided it, the identity of all persons who received it, the identity of all persons who performed the study, the form in which it was received (e.g., oral or written; draft or final), any documents that set forth its result, any prior

art located or discussed in it, and whether you intend to rely upon it as a defense to Honeywell's claim of willful infringement.

**INTERROGATORY NO. 9:**

State the date on which you first learned of the '371 patent, the identity of who at your company first learned of the patent, and the circumstances under which you first learned of the '371 patent.

**INTERROGATORY NO. 10:**

For each product identified in response to Interrogatory Nos. 1, 2 and 3, state separately by year the total number of units purchased or manufactured by you, the actual or average manufacturing cost per unit or actual or average per unit sales price, your total gross profits from the product, your net profits before taxes for the product and your net profits after taxes from the product.

**INTERROGATORY NO. 11:**

State the factual basis for the Third Affirmative Defense asserted in your Answer wherein you state that "Honeywell's claims against Olympus are barred by the doctrine of laches," and identify all direct or indirect actions by Honeywell that led Olympus Corporation to infer or believe that Honeywell would not assert the '371 patent against Olympus Corporation.

**INTERROGATORY NO. 12:**

State the factual basis for the Fourth Affirmative Defense asserted in your Answer wherein you state that "Honeywell's claims against Olympus are barred by the doctrine of equitable estoppel," and identify all direct or indirect actions by Honeywell that led Olympus Corporation to infer or believe that Honeywell would not assert the '371 patent against Olympus Corporation.

7

MORRIS, NICHOLS, ARSHT & TUNNELL

_____
Thomas C. Grimm (#1098)
Leslie Polizoti (# 4299)
Chase Manhattan Centre, 18th Floor
1201 N. Market Street
Wilmington, DE 19899-1347
302-658-9200

*Attorneys for Plaintiffs*
Honeywell International Inc. and
Honeywell Intellectual Properties Inc.

Of Counsel:

Martin R. Lueck
Matthew L. Woods
Stacie E. Oberts
Denise S. Rahne
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
612-349-8500

Anthony A. Froio
Marc N. Henschke
Alan E. McKenna
Jeremy C. McDiarmid
Robins, Kaplan, Miller & Ciresi L.L.P.
800 Boylston Street, 25th Floor
Boston, MA 02199-8001
617-267-2300

Date: April 28, 2005
462607

8