# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Honeywell International, Inc., et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| Apple Computer, Inc., et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |
| Kyocera Wireless Corporation, | ) |
| | ) |
| Counterclaim Plaintiff, | ) |
| | )   C. A. No. 04-1338 (KAJ) |
| v. | ) |
| | ) |
| Honeywell International, Inc., et al., | ) |
| | ) |
| Counterclaim Defendants. | ) |
| | ) |
| Kyocera Wireless Corporation, | ) |
| | ) |
| Third-Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Philips Electronics North America Corp., | ) |
| Wintek Electro-Optics Corporation, | ) |
| and Optrex America, Inc. | ) |
| | ) |
| Third-Party Defendants. | ) |

## WINTEK ELECTRO-OPTICS CORPORATION'S ANSWER TO
## KYOCERA WIRELESS CORPORATION'S THIRD-PARTY COMPLAINT

Third-Party Defendant Wintek Electro-Optics Corporation ("Wintek") submits its Answer to Third-Party Kyocera Wireless Corporation's ("Kyocera") Third-Party Complaint as follows:

## PARTIES

1.  Wintek is without sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

2.  Wintek is without sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

3.  Wintek admits that it is a Delaware Corporation having its headquarters in Ann Arbor, Michigan.

4.  Wintek is without sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

## JURISDICTION AND VENUE

5.  Wintek admits that this Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1367.

6.  Wintek is without sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

7.  Wintek admits that this Court has personal jurisdiction over Wintek based on Wintek's incorporation in Delaware.

8.  Wintek is without sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

9.   Wintek admits that venue is proper in this District under 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

10. Wintek admits that Kyocera attached to its third-party complaint as Exhibit A a copy of what purports to be a complaint (excluding exhibits) filed by Honeywell International, Inc. and Honeywell Intellectual Properties, Inc. against Kyocera et al. ("Honeywell's Complaint"), and that complaint alleges patent infringement.

11. Wintek admits that Kyocera attached to its third-party complaint as Exhibit B a copy of what purports to be U.S. Patent 5,280,371, and that Honeywell's Complaint alleges that Kyocera infringes the '371 patent. Wintek otherwise denies the allegations of paragraph 11.

12. Wintek admits that Kyocera filed an Answer to Honeywell's Complaint. (D.I. 80.) Wintek is otherwise without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies them.

13. Wintek admits that it has manufactured and/or sold liquid crystal display ("LCD") products to Kyocera. Wintek specifically denies that any LCD product it manufactured and/or sold to Kyocera infringes any claim of the '371 patent. Thus Wintek is without sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph as they relate to Honeywell's accusations that Kyocera's products infringe the '371 patent, and therefore denies them. Wintek is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph, including as they relate to parties other than Wintek, and therefore denies them.

## COUNT 1

14. Wintek incorporates by reference its answers to the allegations set forth in paragraphs 1 through 13 above in answering paragraph 14.

15. Wintek is without sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

16. Wintek is without sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

17. Wintek admits that a provisions in certain of Kyocera's pre-printed, non-negotiated purchase orders purport to impose a duty on Wintek to indemnify and hold harmless Kyocera from claims of patent infringement subject to the conditions and limitations contained therein. Otherwise, Kyocera has not specifically identified any alleged contractual agreement between Kyocera and Wintek that imposes any duty on Wintek to indemnify and hold harmless Kyocera, and, therefore, Wintek lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies them. Wintek further denies that it has provided to Kyocera any LCD product that infringes the '371 patent.

18. Wintek admits that Kyocera notified Wintek in or about December 2004 regarding the Honeywell complaint and Kyocera's request for indemnification and defense. Wintek otherwise denies the allegations of paragraph 18.

19. Wintek is without sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

4

20. Wintek is without sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

21. Wintek is without sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph as they relate to parties other than Wintek, and therefore denies them.  Wintek denies that it has provided to Kyocera any LCD that infringes the '371 patent and, therefore, denies that it is liable to Kyocera for any portion of Honeywell's claims concerning the '371 patent or for any expenses incurred by Kyocera in defending against those claims.

### DEMAND FOR JURY TRIAL

22. This paragraph contains no allegations and requires no response from Wintek.

### PRAYER FOR RELIEF

Wintek denies that Kyocera is entitled to any of the relief prayed for in its Third-Party Complaint with respect to Wintek.

### AFFIRMATIVE AND OTHER DEFENSES

Without conceding that any of the following necessarily must be pleaded as an affirmative defense, or that any of the following is not already at issue by virtue of the foregoing denials, and without prejudice to Wintek's right to plead additional defenses as discovery into the facts of the matter warrant, Wintek hereby asserts the following affirmative defenses:

### First Defense

23. Wintek has not sold, transferred, conveyed, or otherwise provided to Kyocera any LCD product that infringes any valid claim of the '371 patent either directly,

5

contributorily, or by inducement, and therefore Wintek is not obligated to indemnify Kyocera as alleged in Kyocera's third-party complaint.

**Second Defense**

24. Upon information and belief, claims of the '371 patent that may be asserted by Honeywell in this case may be invalid for failure to meet and comply with the requirements of the United States patent laws, 35 U.S.C. §§ 100 *et seq.*, including but not limited to 35 U.S.C. §§ 102, 103, and 112, and Title 37, Code of Federal Regulations. Consequently, Wintek is not obligated to indemnify Kyocera as alleged in Kyocera's third-party complaint.

**Third Defense**

25. Upon information and belief, the claims of the '371 patent are unenforceable for inequitable conduct. Specifically, the inventors failed to cite known material prior art to the U.S. Patent and Trademark Office during production of the application maturing into the '371 patent. For example, the inventors knew, at least, of an article by H. Noda et al. titled "High Definition Liquid Crystal Projection TV," Japan Display 1989, pp. 256–59. The inventors knowledge of that article is demonstrated by a publication authored by at least two of the named inventors—R.I. McCartney and D. Syroid—titled "Direction Diffuser Lens Array for Backlit LCDs," Japan Display 1992, pp. 259–62, which specifically referenced the article by Noda. The applicants, however, never cited the Noda article to the Patent Office in contravention of their respective obligations under 37 C.F.R. § 1.56. Consequently, Wintek is not obligated to indemnify Kyocera as alleged in Kyocera's third-party complaint.

6

### Fourth Defense

26. Upon information and belief, any alleged damages for which Kyocera may seek indemnification are partially or fully barred by 35 U.S.C. §§ 286 and 287.

### Fifth Defense

27. To the extent that Kyocera relies on Kyocera Wireless Corp.'s Purchase Order Terms and Conditions as the basis for its indemnification claim, Kyocera has failed to satisfy the conditions precedent to a claim against Wintek in connection therewith, at least, by failing to submit the dispute to the exclusive jurisdiction of a court of competent jurisdiction in San Diego County, California.

### Sixth Defense

28. To the extent that Kyocera's indemnification claim is made after a period provided for under the applicable statute of limitations, Wintek is not liable for any claim for damages or any liability found against Kyocera.

### Seventh Defense

29. To the extent that Kyocera has reconfigured, modified, or combined the products made by Wintek with any other product, service, or technology not made by Wintek, and/or the products were designed in accordance with specifications furnished by Kyocera, Wintek is not liable for any claim for damages or any liability found against Kyocera.

### Eighth Defense

30. By its conduct, action, and inaction, Kyocera has waived or discharged any indemnity obligation Wintek could owe to Kyocera.

## PRAYERS FOR RELIEF

**WHEREFORE**, Wintek respectfully requests that the Court:

A.    Dismiss Kyocera's Third-Party Complaint with prejudice; and

B.    Grant such further relief as the Court deems just and proper.

OF COUNSEL:

Robert E. Yoches
Elizabeth A. Niemeyer
FINNEGAN, HENDERSON, FARABOW
  GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, DC  20001
Tel.: (202) 408-4000

York M. Faulkner
FINNEGAN, HENDERSON, FARABOW
  GARRETT & DUNNER, L.L.P.
11955 Freedom Drive
Reston, VA  20190
Tel.: (571) 203-2700

John R. Alison
Ya-Chiao Chang
FINNEGAN, HENDERSON, FARABOW
  GARRETT & DUNNER, L.L.P.
12D, 167 DunHua North Road
Taipei 105, Taiwan, ROC
Tel.: (886)-2-2712-7001

Dated:  May 5, 2005

681132

POTTER ANDERSON & CORROON LLP

By: _____
     Richard L. Horwitz (#2246)
     David E. Moore (#3983)
     Hercules Plaza, 6th Floor
     1313 N. Market Street
     Wilmington, DE  19899
     Tel..: (302) 984-6000
     rhorwitz@potteranderson.com
     dmoore@potteranderson.com

*Attorneys for Defendant*
*Wintek Electro-Optics Corporation*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

## CERTIFICATE OF SERVICE

I, Richard L. Horwitz, hereby certify that on May 5, 2005, the attached document

was served via hand-delivery and was electronically filed with the Clerk of the Court

using CM/ECF which will send notification of such filing(s) to the following and the

document is available for viewing and downloading from CM/ECF:

Philip A. Rovner
Potter Anderson & Corroon LLP
1313 N. Market Street
Hercules Plaza, 6th Floor
Wilmington, DE 19899

William J. Wade
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899-0551

John W. Shaw
Glenn Christopher Mandalas
Young, Conaway, Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391

Frederick L. Cottrell, III
Chad Michael Shandler
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899-0551

Adam W. Poff
Young, Conaway, Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391

Thomas L. Halkowski
Fish & Richardson P.C.
919 N. Market St., Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114

Thomas C. Grimm
Kristen Healey, Esquire
Sean T. O'Kelly, Esquire
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899

Francis DiGiovanni
James M. Olsen
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899

Amy Evans
Cross & Simon, LLC
913 N. Market Street, Suite 1001
P.O. Box 1380
Wilmington, DE  19899-1380

Andre G. Bouchard
Karen L. Pascale
Bouchard Margules & Friedlander, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE  19801

Donald W. Huntley
Huntley & Associates
1105 North Market Street, Suite 800
P. O. Box 948
Wilmington, DE  19899-0948

Arthur G. Connolly, III
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE  19899

By: _____
        Richard L. Horwitz
        David E. Moore
        Potter Anderson & Corroon LLP
        Hercules Plaza, 6th Floor
        1313 N. Market Street
        P.O. Box 951
        Wilmington, DE  19899-0951
        (302) 984-6000
        rhorwitz@potteranderson.com
        dmoore@potteranderson.com

676821

2