IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
HONEYWELL INTERNATIONAL INC., et al.   )
                                        )
        Plaintiffs                      )
                                        )   C.A. No. 04-1338 (KAJ)
v.                                      )
                                        )
APPLE COMPUTER INC., et al.             )
                                        )
        Defendants.                     )
                                        )
---------------------------------------------------------------x

**DEFENDANT FUJI PHOTO FILM CO., LTD.'S REPLY IN OPPOSITION
TO HONEYWELL'S ANSWERING BRIEF AND IN FURTHER SUPPORT
OF TOSHIBA'S FED. R. CIV. P. 42(b) MOTION FOR BIFURCATION
OF LIABILITY AND DAMAGES**

|  |  |
|---|---|
| | Philip A. Rovner (#3215) |
| | POTTER ANDERSON & CORROON LLP |
| | Hercules Plaza |
| OF COUNSEL: | P.O. Box 951 |
| | Wilmington, DE 19899-0951 |
| Lawrence Rosenthal | (302) 984-6000 |
| Matthew W. Siegal | E-mail: provner@potteranderson.com |
| Angie M. Hankins | |
| STROOCK & STROOCK & LAVAN LLP | Attorneys for Defendants |
| 180 Maiden Lane | Fuji Photo Film Co., Ltd. and |
| New York, NY 10038 | Fuji Photo Film U.S.A., Inc. |
| (212) 806-5400 | |

Dated: May 6, 2005

## TABLE OF CONTENTS

|   |   | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | ARGUMENT | 1 |
| III. | CONCLUSION | 3 |

## TABLE OF AUTHORITIES

## CASES

*Helminski v. Ayerst Labs.*,
  766 F.2d 208 (6th Cir. 1985) ............................................................................. 2

*Joy Techs., Inc. v. Flakt, Inc.*,
  772 F. Supp. 842 (D. Del. 1992) ........................................................................ 1

*Johns Hopkins University v. Cellpro*,
  160 F.R.D. 30 (D. Del. 1995), *aff'd in part, rev'd in part, on other grounds*,
  152 F.3d 1342 (Fed. Cir. 1998) .......................................................................... 1

*Laitram Corp. v. Hewlett-Packard Co.*,
  791 F. Supp. 113 (E.D. La. 1992) ...................................................................... 2

*THK America Inc. v. Nippon Seiko K.K.*,
  151 F.R.D. 625 (N.D. Ill. 1991) ......................................................................... 2

*Willemijn Houdstermaatschappji BV v. Apollo Computer, Inc.*,
  707 F. Supp. 1429 (D. Del. 1989) ...................................................................... 2

## I. INTRODUCTION

On April 15, 2005, Defendant Toshiba Corporation ("Toshiba") filed a Motion for Bifurcation of liability and damages (D.I. 164). On April 22, 2005, defendant Fuji Photo Film Co., Ltd. ("Fuji") filed a memorandum in support of Toshiba's motion (D.I. 166). Fuji submits herein its reply to Honeywell's answering brief (D.I. 170) and in further support of Toshiba's motion.

## II. ARGUMENT

In its opposition, Honeywell asserts that its case is "simple" because only one patent with three claims are involved. Not surprisingly, Honeywell ignores that it has brought 35 defendants into this Court, asserted a patent issued more than ten years ago against those defendants and, by its actions, has implicated literally hundreds of accused products. Clearly, this case is far from "simple."

The cases that Honeywell cites against bifurcation are inapplicable to the procedural scenario confronting this Court and the litigants in this case. Almost without exception, the cases relied on by Honeywell involved fewer parties than those present here. For example, Honeywell relies heavily on *Johns Hopkins University v. Cellpro*, 160 F.R.D. 30 (D. Del. 1995), *aff'd in part, rev'd in part, on other grounds*, 152 F.3d 1342 (Fed. Cir. 1998) (Honeywell Ans. Brf at 6, 8-9). *Johns Hopkins* is inapplicable. The case involved only two plaintiffs and one defendant. Moreover, the court did not find the damages issue to be complex because the defendant was a relatively new company with a product not yet even on the market.

Similarly, in *Joy Techs., Inc. v. Flakt, Inc.*, 772 F. Supp. 842 (D. Del. 1992), a case involving one plaintiff and one defendant, the court found at least a limited amount of overlapping evidence on the issues of evaluation of prior art and commercial success. However, the court also stated that it was not fully convinced of the plaintiff's assertion that in order to

contest the laches defense, it must be able to inquire into alleged damages during the liability phase, which seems to be what Honeywell is arguing.

In *Laitram Corp. v. Hewlett-Packard Co.*, 791 F. Supp. 113 (E.D. La. 1992) (one plaintiff and one defendant), the court stated that, while separate trials were the exception, it acknowledged "that does not mean that there are not often special considerations in patent controversies which make these cases candidates for some kind of special trial management." Further, the court denied separate trials, but ordered a single trial with separate stages, liability first then damages then willfulness because proceeding with liability and damages together with complex issues will needlessly confuse jury and cause prejudice.

Honeywell's citation to *THK America Inc. v. Nippon Seiko K.K.*, 151 F.R.D. 625 (N.D. Ill. 1991) is inappropriate because, in that case, bifurcation was considered only after discovery had commenced. Here, by contrast, discovery has yet to begin. Honeywell's reliance on *Willemijn Houdstermaatschappji BV v. Apollo Computer, Inc.*, 707 F. Supp. 1429 (D. Del. 1989), is similarly misplaced. In *Willemijn*, a case involving but one plaintiff and one defendant, the court denied bifurcation but acknowledged that the issue of commercial success is not "ordinarily determined by a detailed analysis of exhaustive and intricate financial data, such as is required for proof of damages, but rather, whether the product is, broadly speaking, an accepted product and a big seller."

Finally, in *Helminski v. Ayerst Labs.*, 766 F.2d 208 (6th Cir. 1985), a case that Honeywell cites for the general proposition that bifurcation is appropriate when the evidence to be adduced in the two phases is "wholly unrelated," involved an appeal taken by the plaintiff who argued that the district court judge abused his discretion by granting bifurcation. In fact, the Sixth Circuit subsequently affirmed bifurcation, a fact never noted by Honeywell.

## III. <u>CONCLUSION</u>

Accordingly, to the extent its transfer motion is denied, Fuji respectfully requests that bifurcation should be granted and a stay of discovery on damage issues (including bifurcation) should be ordered.

 

POTTER ANDERSON & CORROON LLP

By: /s/ Philip A. Rovner
Philip A. Rovner (#3215)
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
E-mail: provner@potteranderson.com

Attorneys for Defendants
Fuji Photo Film Co., Ltd. and
Fuji Photo Film U.S.A., Inc.

OF COUNSEL:

Lawrence Rosenthal
Matthew W. Siegal
Angie M. Hankins
STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY 10038
(212) 806-5400

Dated: May 6, 2005

681269

**UNITED STATES DISTRICT COURT**

**DISTRICT OF DELAWARE**

**CERTIFICATE OF SERVICE**

I, hereby certify that, on May 6, 2005, the within document was electronically filed with the Clerk of the Court using CM-ECF which will send notification of such filing to the following; the document was served by hand delivery on the following; and the document is available for viewing and downloading from CM-ECF:

**BY E-FILE AND HAND DELIVERY**

Thomas C. Grimm, Esq.
Kristen Healey, Esq.
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

Thomas L. Halkowski, Esq.
Fish & Richardson P.C.
919 N. Market Street
Suite 1100
P.O. Box 1114
Wilmington, DE 19899

William J. Wade, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

Adam Wyatt Poff, Esq.
Young, Conaway, Stargatt & Taylor LLP
1000 West Street, 17th Floor
P.O. Box 3981
Wilmington, DE 19899-0391

**BY E-FILE AND HAND DELIVERY**

Frederick L. Cottrell, III, Esq.
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801

Richard L. Horwitz, Esq.
David E. Moore, Esq.
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899

John W. Shaw, Esq.
Glenn C. Mandalas, Esq.
Young, Conaway, Stargatt & Taylor LLP
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE 19899-0391

Francis DiGiovanni, Esq.
James M. Olsen, Esq.
Connolly Bove Lodge & Hutz LLP
The Nemours Building – 8th Fl.
1007 N. Orange Street
Wilmington, DE 19899-2207

Arthur G. Connolly, III, Esq.
Brian M. Gottesman, Esq.
Connolly Bove Lodge & Hutz LLP
The Nemours Building – 8th Floor
1007 N. Orange Street
P. O. Box 2207
Wilmington, DE 19899-2207

Robert J. Katzenstein, Esq.
Joelle E. Polesky, Esq.
800 Delaware Avenue, 7th Fl.
P.O. Box 410
Wilmington, DE 19899

Amy Evans, Esq.
Cross & Simon, LLC
913 N. Market Street, Suite 1001
Wilmington, DE 19899-1380

Karen L. Pascale, Esq.
Bouchard Margules & Friedlander, P.A.
222 Delaware Avenue
Suite 1400
Wilmington, DE 19801

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899
(302) 984-6000
E-mail: provner@potteranderson.com

665446