**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| HONEYWELL INTERNATIONAL INC., et al. | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | C.A. No. 04-1338 (KAJ) |
| v. | ) | |
| | ) | |
| APPLE COMPUTER INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**TOSHIBA'S REPLY TO HONEYWELL'S ANSWERING BRIEF IN OPPOSITION TO TOSHIBA'S MOTION FOR <u>BIFURCATION OF LIABILITY AND DAMAGES</u>**

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant*
*Toshiba Corporation*

OF COUNSEL:

Arthur I. Neustadt
Carl E. Schlier
OBLON SPIVAK, McCLELLAND,
MAIER & NEUSTADT, P.C.
1940 Duke Street
Alexandria, VA 22314
Tel: (703) 413-3000

Dated: May 9, 2005

**Table of Contents**

TOSHIBA'S MOTION .......... 1

HONEYWELL'S OPPOSITION AND TOSHIBA'S RESPONSE .......... 1

CONCLUSION .......... 4

**Table of Authorities**

**Cases**

*A.C. Aukerman Co. v. R.L. Chaides Const. Co.*,
960 F.2d 1020 (Fed. Cir. 1992) (*en banc*) .......... 2

*Ciena Corp. v. Corvis Corp.*,
210 F.R.D. 519 (D. Del. 2002) .......... 3

*Datastrip (IOM) Limited v. Symbol Technologies, Inc., et al.*,
Civil Action No. 97070-JJF (D. Del., January 7, 1998) .......... 3

*Smith v. Alyeska Pipeline Service Co.*,
538 F.Supp. 977 (D. Del. 1982) .......... 3

**Toshiba's Motion**

As set forth in Toshiba's motion, Honeywell has used a patent limited to an LCD to bring suit against thirty-five companies because they make and/or sell "laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, and portable televisions and/or portable game systems" ("the Products"). Although each of the three claims of Honeywell's patent is limited to an LCD, Honeywell has chosen to bring suit, not against the LCD manufacturers who are the primary accused infringers, but against their direct or indirect customers merely because the Products which they make and/or sell include as a small component part thereof an LCD.

**Honeywell's Opposition and Toshiba's Response**

In a remarkable display of effrontery, Honeywell, after creating a mammoth case by suing thirty-five defendants with respect to numerous accused products, now says that it will be "prejudiced" (Mem. at 1) if the case is not tried quickly. However, Honeywell's ability to sue thirty-five secondary defendants and not to include the primary accused infringers does not give it the right to deny defendants meaningful due process. Nor should Honeywell be heard to argue against reasonable management of the mammoth case it purposefully created. Behind all of Honeywell's machinations is its less than credible assertion that its LCD is responsible for the commercial success of laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, and portable televisions and/or portable game systems and, therefore, that it is entitled to a royalty on these products rather than on a LCD to which the claims of its patent are plainly limited.

Honeywell also asserts that the evidence on liability and damages is "intertwined" (Mem. at 4) and that bifurcation will result in Honeywell having to present the same evidence twice. However, the facts of this case lead to the opposite conclusion.

Honeywell says that it will prove commercial success (a liability issue) by showing sales of the Products and it will also show sales of the Products in its damages case. Mem. at 5-6. However, there is no need for Honeywell to prove sales of the Products in its liability case since there is no disagreement that laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, and portable televisions and/or portable game systems are recognized commercial products.

Honeywell also asserts that the presence of a laches defense prevents bifurcation since Toshiba "must prove ... prejudice." Mem. at 6. However, prejudice is presumed where the delay in bringing suit exceeds six years (*A.C. Aukerman Co. v. R.L. Chaides Const. Co.*, 960 F.2d 1020, 1037 (Fed. Cir. 1992) (*en banc*)) and the delay in this case is over ten years (the '371 patent issued in January 1994).

Honeywell also asserts that it is entitled to a speedy trial involving all issues. Mem. at 7-8. However, Honeywell has no right to jury confusion, nor to deny due process to defendants by insisting upon a single trial involving numerous products with issues of both liability and damages for each product. Having purposefully created a mammoth and unworkable case, Honeywell should not be heard to argue against its reasonable management.

Honeywell also asserts that bifurcation is the exception and not the rule. Mem. at 3. However, just the opposite is true for patent cases and, especially, for complex patent cases such as this one. "Typically, courts bifurcate patent cases into

liability and damage trials." *Ciena Corp. v. Corvis Corp.*, 210 F.R.D. 519, 521 (D. Del. 2002). "[B]ifurcation of complex patent trials has become common." *Id.* "[I]n a patent infringement suit considerations exist which suggest that efficient judicial administration would be served by separate trials on the issues of liability and damages." *Smith v. Alyeska Pipeline Service Co.*, 538 F.Supp. 977, 982-83 (D. Del. 1982). Even in the *Datastrip v. Symbol* (D. Del.) decision cited by Honeywell and attached to its brief, it is stated (at 8) that "[h]istorically, courts have often found it worthwhile to hold separate trials on liability and damage issues in patent cases."

Honeywell's opposition speaks in only the most general of terms and fails to come to grips with the specific facts in this case and, in particular, the presence of thirty-five defendants with each having separate products accused of infringement. Bifurcation is necessary and desirable to make this case more manageable, to simplify issues, to reduce effort and expense, to conserve judicial resources and to avoid what may be an unnecessary damages trial and discovery with respect thereto.

**Conclusion**

For the foregoing reasons, Toshiba's motion for bifurcation of liability and damages should be granted.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

By: [signature]

Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant Toshiba Corporation*

OF COUNSEL:

Arthur I. Neustadt
Carl E. Schlier
OBLON SPIVAK, McCLELLAND, MAIER & NEUSTADT, P.C.
1940 Duke Street
Alexandria, VA 22314
Tel: (703) 413-3000

Dated: May 9, 2005

681340

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

**CERTIFICATE OF SERVICE**

I, Richard L. Horwitz, hereby certify that on May 9, 2005, the attached document was served via hand-delivery and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

Philip A. Rovner
Potter Anderson & Corroon LLP
1313 N. Market Street
Hercules Plaza, 6th Floor
Wilmington, DE 19899

William J. Wade
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899-0551

John W. Shaw
Glenn Christopher Mandalas
Young, Conaway, Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391

Frederick L. Cottrell, III
Chad Michael Shandler
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899-0551

Adam W. Poff
Young, Conaway, Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391

Thomas L. Halkowski
Fish & Richardson P.C.
919 N. Market St., Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114

Thomas C. Grimm
Kristen Healey, Esquire
Sean T. O'Kelly, Esquire
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899

Francis DiGiovanni
James M. Olsen
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899

Amy Evans
Cross & Simon, LLC
913 N. Market Street, Suite 1001
P.O. Box 1380
Wilmington, DE 19899-1380

Donald W. Huntley
Huntley & Associates
1105 North Market Street, Suite 800
P. O. Box 948
Wilmington, DE 19899-0948

Andre G. Bouchard
Karen L. Pascale
Bouchard Margules & Friedlander, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801

Arthur G. Connolly, III
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899

By: ______________________

Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

676821