# Morris, Nichols, Arsht & Tunnell

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Thomas C. Grimm
302 575 7273
302 425 4661 Fax
tgrimm@mnat.com

May 11, 2005

The Honorable Kent A. Jordan  **BY E-FILING**
U.S. District Court, District of Delaware
844 N. King Street
Lockbox 10
Wilmington, DE 19801

Re:   *Honeywell International Inc., et al. v. Apple Computer, Inc., et al.*
        C.A. No. 04-1338-KAJ
      *Optrex America, Inc. v. Honeywell International Inc., et al.*
        C.A. No. 04-1536-KAJ

Dear Judge Jordan:

Pursuant to the Court's Order for Scheduling Conference dated March 17, 2005, enclosed please find a discovery plan submitted by counsel for Honeywell in the above-referenced matters.

On April 27, 2005, counsel for Honeywell and all the defendants in the 1337 and 1338 actions, and counsel for Optrex (C.A. No. 04-1536), met to discuss scheduling of pretrial activities. Prior to that meeting, the parties had exchanged various proposals on these topics. The enclosed document is based upon a comparative chart presented by the defendants at the April 27 meet and confer and the discussions held at that meeting. On Friday, May 6, 2005, an earlier version of the enclosed document was circulated to all defendants' counsel for their review and consideration. On the afternoon of Tuesday May 10, Honeywell heard from counsel for Fuji that Fuji and certain other defendants were discussing a response to the enclosed document. At the close of business yesterday, we received a copy of the letter from Mr. Horwitz to the Court, requesting, on behalf of all defendants, that scheduling issues be postponed. Honeywell strongly opposes such a request for the reasons set forth below, and was concerned that waiting for defendants' last-minute comments might jeopardize filing a proposed scheduling order in compliance with the Order for Scheduling Conference. Late yesterday evening, Honeywell received the Defendants' proposed joint scheduling order. Given these

The Honorable Kent A. Jordan
May 11, 2005
Page 2

developments, Honeywell made a good faith effort to incorporate the positions of all parties and is submitting the enclosed document under the good faith belief that it accurately represents the parties' meeting as of April 27th, and subsequent discussions.

As to the defendants' request to defer the issue of scheduling, Honeywell respectfully disagrees. Although Mr. Horwitz argues that the Court should follow the case history of the *CEA* litigation, Honeywell respectfully submits that, because of significant differences between this case and the *CEA* case, following the *CEA* procedures would significantly prejudice Honeywell. Unlike in *CEA*, where the Court narrowed the named defendants, the defendants in this action are essentially requesting that the Court reformulate the action and require Honeywell to sue a new class of entities, many of whom are not before the Court. Deferring the issue of scheduling will likely lead to delay in the case, especially since many of the defendants have not yet even identified who their LCD suppliers are. Honeywell submits that it should not have to wait to move this case forward against a class of entities which have not yet been fully identified when the named defendants are currently before the Court and have participated in scheduling discussions to date. Moreover, a scheduling order entered now could apply equally to the LCD suppliers, even if the Court ultimately decides to grant the defendants' myriad motions. This will minimize any delay and ensure that the effort undertaken since the Court's March 17 Order for a scheduling conference not be wasted.

Finally, with respect to the enclosed document, the Court will note that, in those areas where there is disagreement among the parties, the proposed scheduling order presents Honeywell's position, the position of the named defendants in the 1337 and 1338 actions, and the position of Optrex in the 1536 action. It is Honeywell's position that the three actions should be consolidated for pretrial purposes (this issue is pending before the Court); Honeywell thus did not propose a separate schedule for the Optrex 1536 action.

Honeywell looks forward to discussing these scheduling issues at Monday's hearing.

Respectfully,

/s/ Thomas C. Grimm (#1098)


Enclosure

cc:   All Counsel of Record (w/enc., via e-filing)
      Steven Balick, Esq. (w/enc., via e-mail)
      Matthew L. Woods, Esq. (w/enc., via e-mail)
      Martin R. Lueck, Esq. (w/enc., via e-mail)