# EXHIBIT A



**FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP**

901 New York Avenue, NW ▪ Washington, DC 20001-4413 ▪ 202.408.4000 ▪ Fax 202.408.4400
www.finnegan.com

BARRY W. GRAHAM
(202) 408-4017
barry.graham@finnegan.com

June 6, 2005

Matthew L. Woods, Esq.
Robins, Kaplan, Miller, & Ciresi, LLP
2800 LaSalle Plaza
800 La Salle Avenue
Minneapolis, MN 55402-2015

**VIA FACSIMILE/
CONFIRMATION BY MAIL**

Honeywell Int'l. et al. v. Audiovox Corp., et al.,
C.A. No. 04-1337-KAJ (D. Del.)

Dear Matt:

Regarding the stay and "certain limited discovery" ordered by the Court, the following proposal is provided on behalf of Nikon Corporation and Nikon Inc. ("Nikon"). The proposal is an informal discovery approach as opposed to a formal discovery approach. Nikon's offer is made in an effort to provide Honeywell with information quickly and efficiently and to avoid time-consuming and expensive formal discovery.

The Court's May 18th Memorandum Order permits Honeywell "certain limited discovery to learn who the suppliers of LCDs are for the various devices that Honeywell must now specifically identify as accused products." (Order at 9.) Honeywell has specifically identified Nikon's Coolpix 2100 and Coolpix 3100 digital still cameras ("DSCs") as the accused products, and Nikon has provided to Honeywell the supplier information for those two DSCs. In fact, Nikon has identified all of the suppliers for all Nikon DSCs that have LCD panels and have been shipped to the United States going back six years before the filing of the suit. Those identifications are in the April 12, 2005 Opening Brief in Support of Customer Defendants' Motion to Stay Pending Resolution of the LCD Module Manufacturers' Cases at pages 8-10 and in the Opening Brief's Declaration of Kazuhiko Okishio at paragraphs numbered 9-11 and Exhibit 1 to the Declaration. Thus, Nikon has already complied with the "certain limited discovery" requirement.

Nikon offers, however, to provide additional information to Honeywell, specifically, a list --- broken down by DSC product name --- of (1) each Nikon DSC brought into the United States from six years before the suit to the present; for each original equipment manufacturer ("OEM") made Nikon DSC, (2) the name of the OEM

912878_1.DOC

PAGE 2/3 * RCVD AT 6/6/2005 2:47:43 PM [Central Daylight Time] * SVR:MP-RIGHTFAX/0 * DNIS:612 * CSID:2024084400 * DURATION (mm-ss):01-34

Taipei ● Tokyo

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

Matthew L. Woods, Esq
June 6, 2005
Page 2

and (3) the name of the supplier of the LCD in the OEMed-DSC; and for each Nikon-made DSC, (4) the name of the LCD supplier and (5) the LCD module number.

Before I provide the additional information, Honeywell must agree in writing that the offered information will satisfy, in toto, the "certain limited discovery" requirement for Nikon.

Upon receipt of the written agreement, I will provide the list to you. (Since no Protective Order is in place yet, the list, which is deemed confidential, will be provided to you under the auspices of D. Del. Local Rule 26.6 and must be treated accordingly, that is, as confidential, outside counsel eyes only information.)

Nikon's providing the list cannot be taken as an admission that:

1. any of the LCDs are relevant to any claims of the '371 patent;

2. any of the DSCs are relevant to any claims of the '371 patent;

3. any of the LCDs meet the specifications set forth in your letter of May 27, 2005, that is, the LCD has "a light source, an LCD panel and two lens arrays, one of which is misaligned");

4. any of the LCDs infringes any claim of the '371 patent; and

5. any of the DSCs infringes any claim of the '371 patent.

I look forward to Honeywell's response to Nikon's offer.

Sincerely,

Barry W. Graham

BWG/mrd

**LAW OFFICES**
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, L.L.P.**
901 New York Avenue, NW
Washington, DC 20001-4413

Telephone
(202) 408-4000

Facsimile
(202) 408-4400

## FACSIMILE TRANSMITTAL

**TO**

Name:    Matthew L. Woods, Esq.
Firm:    Robins, Kaplan, Miller, & Ciresi, LLP
Fax No.: (612) 339-4181
Phone No.: (612) 349-8272
Date:    June 6, 2005
Subject: Honeywell Int'l. et al. v. Audiovox Corp., et al., C.A. No. 04-1337-KAJ (D. Del.)

**FROM**

Name:    Barry W. Graham
Phone No.: (202) 408-4017
Fax # Verified by:
# Pages (Incl. this): 3
Our File No.:

**Confirmation Copy to Follow: Y**

**Message:**

If there is a problem with this transmission, notify fax room at (202) 408-4174 or the sender at the number above.

This facsimile is intended only for the individual to whom it is addressed and may contain information that is privileged, confidential, or exempt from disclosure under applicable law. If you have received this facsimile in error, please notify the sender immediately by telephone (collect), and return the original message by first-class mail to the above address.


**KENYON & KENYON**
Intellectual Property Law

Richard M. Rosati
Direct 212.908.6472
rrosati@kenyon.com

One Broadway
New York, NY 10004-1007
212.425.7200
Fax 212.425.5288

June 10, 2005

**Via Facsimile (612)339-4181**
**Confirmation by Mail**

Matthew L. Woods, Esq.
Robins, Kaplan, Miller & Ciresi, LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015

Re: Honeywell Int'l. et. al. v. Apple Computer Inc., et. al.,
C.A. No. 04-1338-KAJ (D. Del.)

Dear Matt:

Further to Rich Horwitz's letters to you of May 25 and June 6, we are writing separately on behalf of our clients, Olympus Corporation and Olympus America Inc. (collectively "Olympus"), for the purpose of conferring and trying to reach agreement with Honeywell on proposed language for permissible discovery activities directed to the non-manufacturer defendant Olympus during the stay (see the Court's Memorandum Order dated May 18, 2005, p. 10).

As you know from the Court's May 18th Order, Olympus' motion to stay the action as to itself is granted, but during the stay the Court will "permit Honeywell certain limited discovery to learn who the suppliers of the LCDs are for the various devices that Honeywell must now specifically identify as accused products." Order, p. 9. In your letter to all defendants dated May 27, Honeywell identified Olympus brand digital still camera models C740UZ and Stylus 300 as accused products, but indicated that this is not a comprehensive list.

As explained in Olympus' Opening Brief In Support Of Their Motion To Stay (D.I. 161), substantially all the LCD modules contained in Olympus' digital cameras are supplied by either Casio Computer Co., Ltd., Sanyo Electronic Co., Ltd., Seiko Epson Corporation, Sharp Corporation, or Sony Corporation.

NY01 1005112 v3

New York   Washington, DC   Silicon Valley   www.kenyon.com

PAGE 1/2 * RCVD AT 6/10/2005 9:19:16 AM [Central Daylight Time] * SVR:MP-RIGHTFAX/5 * DNIS:812 * CSID: * DURATION (mm-ss):01-00

Matthew L. Woods, Esq.
June 10, 2005
Page 2



       Further to this information, and for the purpose of facilitating Honeywell's prosecution of this action against the LCD suppliers, we propose that Olympus provide the following limited discovery to Honeywell during the stay:

(1)     Olympus will provide a list identifying the model name or number of Olympus brand digital still cameras sold in the United States since October 6, 1998 ("the Olympus U.S. DSCs");

(2)     in the list (1), Olympus will identify by part number, if known, the LCDs incorporated in the Olympus U.S. DSCs manufactured by Olympus itself, and the names and addresses of the suppliers of those LCDs; and

(3)     for the Olympus U.S. DSCs which Olympus buys from an original equipment manufacturer ("OEM"), Olympus will specify in the list (1) either the information set forth in (2) above, if known, or simply identify the OEM.

       In exchange for this information, Honeywell must agree in writing that this information (1), (2) and (3) will completely satisfy Olympus' obligations to provide discovery during the stay. The parties will agree in advance that upon providing this information to Honeywell, Honeywell will not seek any additional discovery from Olympus during the stay. Further, the information provided by Olympus would be without prejudice, and is not an admission that any Olympus products or the LCDs contained in them are relevant to the '371 patent or the criteria set forth in your letter of May 27.

       Please let us know if Honeywell agrees with this proposal, keeping in mind the deadline of June 17, 2005.

                             Very truly yours,

                             Richard M. Rosati

cc:     John Shaw, Esq.

NY01 1005112 v3

PAGE 2/2 * RCVD AT 6/10/2005 9:18:16 AM [Central Daylight Time] * SVR:MP-RIGHTFAX/5 * DNIS:612 * CSID: * DURATION (mm-ss):01-00      TOTAL P.02

# FISH & RICHARDSON P.C.

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

BOSTON
DALLAS
DELAWARE
NEW YORK
SAN DIEGO
SILICON VALLEY
TWIN CITIES
WASHINGTON, DC

1425 K Street, N.W.
11th Floor
Washington, DC 20005

Telephone
202 783-5070

Facsimile
202 783-2331

Web Site
www.fr.com

**VIA E-MAIL & REGULAR MAIL**

June 14, 2005

Matthew L. Woods, Esq.
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015

Re:   Honeywell Int'l. Inc. et al. v. Audiovox Corp., et al.,
      C.A. No. 04-1337 (D.Del.)

Dear Matthew:

I write on behalf of the Nokia defendants in response to Honeywell's letter of June 1 to the Court.

To say the least, we consider it unfortunate that Honeywell chose to declare an impasse to the Court without even conferring with Nokia (or any other defendant, as far as we can tell). Judge Jordan's instructions at the scheduling conference were clear that he expected Honeywell "to confer with defense counsel and get back to me with some agreed position on the contours of the stay...." Hrg. Tr. (May 16, 2005) at 54:14-15. Judge Jordan reiterated this instruction in his written order. Order of May 18, 2005 at 10.

At the time of your letter, Honeywell had not even made a proposal that would serve as a starting point for the discussions Judge Jordan ordered you to initiate. In fact, Honeywell had sent only two letters since the scheduling conference, both of which were addressed to the defendants *en masse*, and neither of which made any proposal regarding the contours of the customer defendants' stay in general, or of Nokia's stay in particular.

Suffice it to say, Nokia disagrees with your assertions to the Court and notes that none of your alleged grievances pertain to Nokia. We especially take issue with your representation to the Court that Nokia is "unwilling to provide any information to Honeywell except for those specific products previously identified by Honeywell." Ltr. from Grimm to Judge Jordan of Jun. 1, 2005, at 5. You could not know this to be true since you had not spoken to us about what discovery you require from Nokia.

In any event, we have now received your June 9, 2005, letter to Richard Horwitz responding to the defendants' letter. Nokia is (and has always been) willing to provide that discovery which is necessary for the Court and the parties to structure the case appropriately. To that end, Nokia is willing to provide, to the extent that such information is available: (1) an identification of all products Nokia has sold in the United States over the past six years; (2) an identification of the LCD

FISH & RICHARDSON P.C.

Matthew L. Woods, Esq.
June 14, 2005
Page 2

module supplier(s) for each Nokia product sold in the United States over the past six years; and (3) summary sales figures for each Nokia product sold in the United States over the past six years. Of course, Nokia can only provide information of which it is presently aware. In addition, some of the information Nokia will provide may be limited, particularly in the case of older products.

Nokia remains ready to discuss with you the contours of Nokia's stay, as Judge Jordan ordered. Therefore, we propose the following:

1. By July 31, 2005, Nokia will respond to Honeywell's interrogatory nos. 1 and 4 for products currently sold in the United States. Nokia will endeavor to provide the same information regarding earlier products (since October 1998), but this information will require more time to assemble. Therefore, we propose that Nokia be allowed until September 1, 2005, to supplement its responses. We note that Judge Jordan explicitly voided all of the discovery Honeywell has served to date, including these interrogatories. Hrg. Tr. (May 16, 2005) at 52:24-53:5. Nokia does not intend to depart from Judge Jordan's ruling or otherwise waive any of its rights. Nevertheless, Nokia will provide what it believes is the maximum amount of discovery Honeywell requires from Nokia in the form of responses to Honeywell's interrogatory nos. 1 and 4.

    In addition, Nokia will, at a later date to be discussed, provide summary sales figures for each Nokia product sold in the United States since October 1998. Sales information is not pertinent at this initial stage wherein the parties are working to reconfigure the case. Therefore, while Nokia agrees to provide summary sales information, we propose deferring discussion of the timing of such a production until a later date.

2. Honeywell will provide a <u>complete</u> list of all accused Nokia products by September 30, 2005.

3. Nokia will thereafter be stayed with respect to all discovery, pre-trial, and trial matters until at least the final disposition of all issues between Honeywell and Nokia's suppliers.

Of course, the information Nokia is offering to provide is highly confidential. In the absence of a suitable protective order, Nokia will only provide the information on the condition that it be treated as "Outside Attorneys' Eyes Only."

Finally, we think it is premature and unnecessary to discuss whether and to what extent res judicata and/or collateral estoppel might apply. That information is not necessary to formulate a scheduling proposal and is not a concession Judge Jordan has asked the customer defendants to make. Nokia will not waive any of its rights in this regard.

FISH & RICHARDSON P.C.

Matthew L. Woods, Esq.
June 14, 2005
Page 3

We believe this proposal comports with the letter and spirit of Judge Jordan's instructions. We trust that you will respond to our proposal in a manner consistent with Judge Jordan's instructions and we await your response.

Sincerely,

Andrew R. Kopsidas

cc:  William J. Marsden, Esq. (Fish & Richardson)
     Steven J. Balick, Esq. (Ashby & Geddes)

Case 1:04-cv-01338-JJF   Document 217-2   Filed 06/17/2005   Page 10 of 13

Honeywell v. Audiovox, et al.                                    Page 1 of 1

**Mary Ann Schumacher - Honeywell v. Audiovox, et al.**

---

**From:** "Andrew Kopsidas" <kopsidas@fr.com>
**To:** "Matthew L. Woods" <MLWoods@rkmc.com>, <sbalick@ashby-geddes.com>
**Date:** 6/14/2005 9:51 AM
**Subject:** Honeywell v. Audiovox, et al.
**CC:** "Stacie E. Oberts" <SEOberts@rkmc.com>

---

Counsel:

Attached please find correspondence from Nokia. Please contact me if you have any questions.

<<2005-06-14 Ltr to Woods fr Kopsidas re Honeywell June 1 ltr to Court.pdf>>

**Andrew R. Kopsidas**
~ Fish & Richardson P.C.
*Intellectual Property & Technology Law*
1425 K Street, N.W., 11th Fl.
Washington, D.C. 20005
Tel: 202-626-6407
Fax: 202-783-2331
E-mail: kopsidas@fr.com



**Potter
Anderson
Corroon** LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

Richard L. Horwitz
Partner
Attorney at Law
rhorwitz@potteranderson.com
302 984-6027 Direct Phone
302 658-1192 Fax

June 10, 2005

**VIA EMAIL**

Matthew L. Woods
Robins, Kaplan, Miller & Ciresi, L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015

    Re:    Honeywell International, Inc., et al. v.
             Audiovox Communications Corp., et al, C.A. No. 04-1337-KAJ; and
             Honeywell International, Inc., et al. v.
             Apple Computer, Inc., et al., C.A. No. 04-1338-KAJ

Dear Matt:

    Further to my letters of May 25 and June 6, I am writing on behalf of Concord Camera Corp. for the purpose of conferring and trying to reach agreement with Honeywell on permissible discovery activities directed to Concord Camera during the stay.

    As you are aware, the Court has determined that it will allow "limited discovery" to learn the identity of the manufacturers/suppliers of the LCDs for the various devices that Honeywell identifies as accused products." 5/18/05 Order, p.9. In your letter to all defendants dated May 27, Honeywell identified one Concord Camera model, 4360z, as an accused product.

    The LCD modules in the digital camera models manufactured by Concord Camera were manufactured by the following: AU Optronics, Sharp, Sony, Casio and Epson.

    Like Olympus, for the purposes of facilitating Honeywell's prosecution of this action against the LCD manufacturers, Concord Camera proposes that it will provide the following limited discovery to Honeywell during the stay:

    1.    Concord Camera will provide a list identifying the model names or numbers of its digital cameras sold in the United States since October 6, 1998;

    2.    for each digital camera in the list, Concord Camera will identify the name of the manufacturer and, if known, the part number; and

June 10, 2005
Page 2

       3.      for the Concord Camera digital cameras which Concord Camera buys from original equipment manufacturers ("OEM"), Concord Camera will provide the information set forth in (2) above, if known, or the name of the OEM.

      In exchange for this information, Concord Camera will require that Honeywell agree that the information provided in (1), (2), and (3) will completely satisfy Concord Camera's obligation to provide discovery to Honeywell during the stay and that Honeywell will not seek any additional discovery from Concord Camera during the stay. Finally, if the parties reach agreement on these terms, Honeywell would need to agree that the information provided by Concord Camera would be provided without prejudice and would not be an admission that the Concord Camera products or LCDs therein are relevant to the patent at issue or the criteria in your May 27 correspondence.

      We look forward to your response.

                                              Very truly yours,

                                              Richard L. Horwitz

686072

cc:   Defense Counsel (via email)
       Thomas C. Grimm (via email)
       Steven J. Balick (via email)

**Matthew L. Woods - Concord Camera**

| | |
|---|---|
| **From:** | "Horwitz, Richard L." <rhorwitz@Potteranderson.com> |
| **To:** | <mlwoods@rkmc.com> |
| **Date:** | 6/10/2005 4:37 PM |
| **Subject:** | Concord Camera |
| **CC:** | "Thomas Grimm (E-mail)" <tgrimm@mnat.com>, "Steve Balick (E-mail)" <SBalick@ashby-geddes.com>, "Scott Lampert (E-mail)" <Scott_Lampert@concord-camera.com>, "Moore, David E." <dmoore@potteranderson.com> |

Matt - See attached from Concord Camera.

Rich

Richard L. Horwitz
Potter Anderson & Corroon LLP
Hercules Plaza
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19801
(302) 984-6027 (Phone)
(302) 658-1192 (Fax)
rhorwitz@potteranderson.com

This electronic mail transmission may contain confidential or proprietary information intended only for the person(s) named. Any use, distribution, copying or disclosure by another person is strictly prohibited.