

**Potter Anderson & Corroon LLP**

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

Richard L. Horwitz
Partner
Attorney at Law
rhorwitz@potteranderson.com
302 984-6027 Direct Phone
302 658-1192 Fax

June 17, 2005

**VIA ELECTRONIC MAIL
AND HAND DELIVERY**

The Honorable Kent A. Jordan
United States District Court for the District of Delaware
844 King Street
Wilmington, Delaware 19801

    Re:    **Honeywell International Inc., et al. v. Audiovox Communications Corp., et al.
C.A. No. 04-1337-KAJ
Honeywell International Inc., et al. v. Apple Computer, Inc., et al..
C.A. 04-1338-KAJ
Optrex America, Inc. v. Honeywell International Inc., et al.
C.A. No. 04-1536-KAJ**

Dear Judge Jordan:

       I write on behalf of the defendants in the above-referenced consolidated cases to respectfully submit a proposal for an Interim Scheduling Order (copy attached) according to the Court's guidance in the May 16, 2005 hearing and May 18 Memorandum Order ("Order"). Regrettably, Honeywell has indicated that its understanding of the Court's directives so drastically diverges from that of the defendants that Honeywell believes submission of a joint proposal to be "unworkable," and informed defendants that it will submit a letter on its own, necessitating defendants' separate submission.

       Pursuant to the Court's Order, the defendants and Honeywell were to "confer and provide [the Court] with proposed language respecting permissible discovery activities directed at the non-manufacturer defendants during the stay." See Order at 10. And the Order made clear that the purpose of the limited discovery allowed by the Court was to permit Honeywell "to learn who the suppliers of LCDs are for the various devices that Honeywell must now specifically identify as accused products." See Order at 9. To that end, the defendants respectfully proposed that (1) Honeywell specifically identify any further products (in addition to those identified in a letter to all defendants dated May 27) it believes infringe the patent-in-suit by July 1, 2005, (2) by August 1, 2005, the defendants identify the supplier(s) of the LCD modules in all products Honeywell has specifically identified, and (3) Honeywell moves to amend its pleadings by September 1, 2005 to bring in the LCD-module suppliers of its choosing. The defendants also

The Honorable Kent A. Jordan
June 17, 2005
Page 2

proposed that further discovery (if any) from the customer defendants (e.g., sales information) be addressed by the parties and/or the Court as needed after the case is reconfigured to focus on the LCD-module suppliers.

To date, Honeywell has specifically identified (*i.e.*, by product name or model number) a number of end products for each defendant that it believes infringe the patent, as well as a number of allegedly infringing LCD modules from both defendant and non-defendant LCD suppliers, totaling more than 100 products in the aggregate. To the extent that they have not already done so, and know, defendants have agreed to promptly identify the LCD module supplier for the specifically identified end products.[1] In addition, it appears based on its letter of May 27 that Honeywell has on its own identified a number of suppliers of allegedly infringing LCDs that are not currently defendants or in the process of becoming parties to the litigation.[2] Thus, as things currently stand -- and even more so as a result of the process proposed by defendants -- Honeywell has adequate information concerning relevant LCD suppliers to identify those to be substituted as defendants, thereby ensuring a meaningful first trial.

In addition to identifying the LCD suppliers for the end products already identified by Honeywell, the defendants also agreed that, for any further products Honeywell specifically identifies by July 1 (or another date acceptable to the Court), the defendants will endeavor to identify LCD-suppliers within one month thereafter. Due to individual circumstances, some defendants, e.g., Nikon and Nokia, have offered to voluntarily provide Honeywell with additional information beyond what the Court ordered – for example, the LCD-module supplier and part number for additional products Honeywell has not specifically identified. And while Honeywell has pointed to these offers as the paradigm for what *all* defendants should agree to provide, given the wide disparity among the defendants regarding the number and types of products they sell, many are not able to easily provide this same information. This is further reason that Honeywell should be held to the Court's ruling that it first identify the products that Honeywell claims infringe its patent. Order at 9 ("The non-manufacturer defendants will not be given a complete and immediate stay of all proceedings involving them, because I will permit Honeywell certain limited discovery to learn who the suppliers of LCDs are for the various devices that Honeywell *must now* specifically identify as accused products." (emphasis added)).

---

[1] A number of defendants have already notified Honeywell of the LCD suppliers for the end products alleged to infringe, whether in motions and declarations filed with the Court or by letter. These include the Nikon defendants, the Pentax defendants, Kyocera Wireless Corp., Dell, Inc., Audiovox Communications Corp., Audiovox Elctronics Corp., the Nokia defendants, Eastman Kodak Co., the Olympus defendants, Concord Cameras, and the Matsushita defendants.

[2] Suppliers of allegedly infringing LCDs already identified by Honeywell but not before the Court include, *inter alia*, ArimaDisplay, AU, CPT, GiantPlus, Hannstar, ID Tech, and Quanta. However, Honeywell has taken virtually no steps to bring these entities into the case, arguing instead that it should be defendants' burden to make claims against their suppliers. Honeywell should proceed with dispatch to re-align the case in a manageable way, as instructed by the Court.

The Honorable Kent A. Jordan
June 17, 2005
Page 3

      Since the May 16th hearing, Honeywell has manufactured a number of "issues" between the parties in a transparent attempt to seek reconsideration of the Court's May 16 and May 18 rulings, and has refused to directly respond to the defendants' proposed interim case management order included herewith. For example, Honeywell has made the following demands of the defendants, which appear to go well beyond what the Court contemplated based on the May 16 conference and the Order:

      1)      identification of *all* LCD-containing products and the LCD-module suppliers for all such products, without workable guidance from Honeywell as to what products allegedly infringe the patent;

      2)      sole responsibility for bringing all LCD-suppliers into the case (Honeywell does not appear to have taken *any* steps to bring in *any* of the numerous LCD-module suppliers which the defendants have already identified to date); and

      3)      agreement to be bound by judgments against LCD suppliers.

      None of these conditions was discussed during the May 16 conference or in the Court's Order. However, if the Court reconsiders its Order and believes it is appropriate to consider these conditions in connection with the limited stay, defendants respectfully request leave to submit a short response setting forth their positions on these matters.

      The defendants remain willing to work with Honeywell to provide "certain limited discovery to learn who the suppliers of LCDs are for the various devices that Honeywell must now specifically identify as accused products." *See* Order at 9. But the defendants should not be required to -- and indeed cannot -- assume the burden of determining which products Honeywell believes infringe. To the extent Honeywell has identified (or does so soon) accused products by product name and model number (or equivalent identifier), the defendants will soon, to the extent they have not already done so, identify the LCD-module suppliers for those products.

      The defendants request entry of the proposed Interim Scheduling Order, and welcome the Court's further guidance.

      Respectfully,

      Richard L. Horwitz

RLH/687118
Enclosure
cc:    Clerk of the Court (via ECF and hand delivery)
       All Local Counsel of Record (via ECF and hand delivery)