IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HONEYWELL INTERNATIONAL INC., et al., | ) |
| Plaintiffs | ) |
| | ) C.A. No. 04-1338 (KAJ) |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| APPLE COMPUTER INC., et al., | ) |
| Defendants. | ) |

**DEFENDANTS FUJI PHOTO FILM CO., LTD. AND FUJI PHOTO FILM
U.S.A., INC.'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendants Fuji Photo Film Co., Ltd. ("Fuji Japan") and Fuji Photo Film U.S.A., Inc. ("Fuji USA") (collectively "Fuji") by and through their undersigned counsel, files this Answer and affirmative Defenses to Plaintiffs Honeywell International Inc.'s ("Honeywell International") and Honeywell International Properties Inc.'s ("Honeywell IP") (collectively "Honeywell") Complaint And Demand For Jury Trial (the "Complaint").

**GENERAL RESPONSE**

Fuji has not completed its investigation into the affirmative defenses available to it and reserves the right to amend its answer to assert additional affirmative defenses and possibly counterclaims after the investigation is complete.

**NATURE OF THE ACTION**

1.  Fuji admits that Plaintiff alleges a claim for willful infringement of U.S 5,280,371 ("the '371 patent") against Fuji and other defendants. Fuji denies that they have infringed, willfully or otherwise, any valid claim of the '371 patent and any remaining allegations of paragraph 1 of the Complaint.

## THE PARTIES

2. Fuji admits the allegations set forth in paragraph 2 of the Complaint.

3. Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint, and therefore denies them.

4. Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint, and therefore denies them.

5. Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint, and therefore denies them.

6. Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint, and therefore denies them.

7. Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint, and therefore denies them.

8. Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint, and therefore denies them.

9. Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint, and therefore denies them.

10. Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint, and therefore denies them.

11. Fuji admits the allegations of paragraph 11 of the Complaint.

12. Fuji admits the allegations of paragraph 12 of the Complaint.

13. Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint, and therefore denies them.

14. Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint, and therefore denies them.

15. Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint, and therefore denies them.

16. Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint, and therefore denies them.

17. Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint, and therefore denies them.

18. Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Complaint, and therefore denies them.

19. Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Complaint, and therefore denies them.

20. Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Complaint, and therefore denies them.

21. Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the Complaint, and therefore denies them.

22. Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the Complaint, and therefore denies them.

23. Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the Complaint, and therefore denies them.

24. Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Complaint, and therefore denies them.

25. Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the Complaint, and therefore denies them.

26. Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the Complaint, and therefore denies them.

27. Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the, Complaint, and therefore denies them.

28. Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the Complaint, and therefore denies them.

29. Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the Complaint, and therefore denies them.

30. Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the Complaint, and therefore denies them.

## JURISDICTION AND VENUE

31. Fuji admits that Plaintiff alleges a cause of action under the Patent Laws of the United States and that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1338(a).

32. Fuji admits that this Court has personal jurisdiction over them, but denies that they have infringed, contributed to the infringement of or induced the infringement of any valid claim of the '371 patent and therefore deny the remaining allegations contained in paragraph 32 of the Complaint to the extent such allegations are directed to Fuji. For any allegations contained in paragraph 32 of the Complaint which are directed to defendants other than Fuji, Fuji lacks knowledge or information sufficient to form a belief as to truth of the allegations and therefore denies them.

33. Fuji admits that venue is technically proper for Fuji, but avers that this District is not the most convenient forum and that this action, to the extent it is against Fuji should proceed in the Southern District of New York. For any allegations contained in paragraph 33 of the

Complaint which are directed to defendants other than Fuji, Fuji lacks knowledge or information sufficient to form a belief as to truth of the allegations and therefore denies them.

## BACKGROUND TO THE ACTION

34. Fuji lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 of the Complaint, and therefore denies them.

35. Fuji admits that a copy of the '371 patent is annexed as Exhibit 1 to the Complaint, but avers that the '371 patent is invalid and was improperly issued to the named applicants. Fuji lacks information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 35 of the Complaint, and therefore denies them.

36. Fuji lacks information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 36 of the Complaint, and therefore denies them.

## ACTS GIVING RISE TO THE ACTION

37. Fuji lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 of the Complaint, and therefore denies them.

38. Fuji lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 of the Complaint, and therefore denies them.

39. Fuji lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 of the Complaint, and therefore denies them.

40. Fuji lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40 of the Complaint, and therefore denies them.

41. Fuji lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41 of the Complaint, and therefore denies them.

42. Fuji lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42 of the Complaint, and therefore denies them.

43. Fuji denies that they are engaged in the manufacture of any products that include a Liquid Crystal Display ("LCD") screen in the United States. Fuji admits that Fuji USA imports, offers for sale and sells products (digital still cameras) that include an LCD screen in the United States with the knowledge and intention that such LCD screen-containing products would be sold throughout the United States, including this judicial district. Fuji denies that in the United States, within the six years prior to the date of filing of the Complaint, they import, make, offer for sale or sell laptop computers, PDAs, cellular phones, video cameras, portable DVD players, portable televisions or portable game systems in the United States. Fuji admits that Fuji USA offers for sale and sells digital still cameras in the United States. Fuji denies the remaining allegations contained in paragraph 43 of the Complaint.

44. Fuji lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44 of the Complaint, and therefore denies them.

45. Fuji lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 45 of the Complaint, and therefore denies them.

46. Fuji lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 46 of the Complaint, and therefore denies them.

47. Fuji lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 47 of the Complaint, and therefore denies them.

48. Fuji lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 48 of the Complaint, and therefore denies them.

49. Fuji lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 49 of the Complaint, and therefore denies them.

50. Fuji lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 50 of the Complaint, and therefore denies them.

51. Fuji lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 51 of the Complaint, and therefore denies them.

52. Fuji lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 52 of the Complaint, and therefore denies them.

53. Fuji denies that any LCD screen-containing product imported, offered for sale, or sold by Fuji USA infringes the '371 patent, either literally or under the doctrine of equivalents. Fuji denies that they are liable for either direct or indirect infringement under 35 U.S.C. § 271. Fuji denies the remaining allegations contained in paragraph 41 of the Complaint to the extent they are directed to them. To the extent the allegations contained in paragraph 53 of the Complaint are directed to alleged infringement by defendants other than Fuji, Fuji lacks sufficient information to form a belief as to the truth of the allegations, and therefore denies them.

54. Fuji denies the allegations contained in paragraph 54 of the Complaint to the extent they are directed to Fuji. To the extent the allegations contained in paragraph 54 of the Complaint are directed to conduct of defendants other than Fuji, Fuji lacks sufficient information to form a belief as to the truth of the allegations, and therefore denies them.

## **AFFIRMATIVE DEFENSES**

55. Fuji denies that Plaintiffs are entitled to any of the relief against Fuji requested in their Prayer for Relief.

56. The claims of the '371 patent are invalid for failure to meet the requirements of the United States patent laws, 35 U.S.C. §100 *et seq.*, including but not limited to 35 U.S.C. §§ 102, 103 and 112.

57. The '371 patent is unenforceable at least because the applicants and others with a duty to disclose improperly withheld material prior art from the Examiner of the application for the '371 patent.

58. The '371 patent is unenforceable at least because it has been misused by Plaintiffs by the assertion of a scope of the claims beyond any reasonable interpretation thereof in order to wrongfully obtain revenue from the licensing of the '371 patent and/or from this action.

59. Fuji has not infringed, contributed to the infringement of or induced the infringement of any valid and enforceable claim of the '371 patent.

60. Neither of Plaintiffs Honeywell International nor Honeywell IP are the record owners of the '371 patent so that, on information and belief, neither has standing to bring this action.

61. Plaintiffs are not entitled to recover damages for past infringement, if any, under the doctrine of laches and their claims, if valid, are barred by the doctrine of estoppel because of the unreasonable delay in bringing suit, in substantial excess of six years after at least one of Plaintiffs knew or should have known of at least some of the digital still cameras including LCD screens of the type accused of infringement sold in the United States by Fuji USA, and/or at least some of the other accused products sold in the United States incorporating LCD screens provided by one or more of the suppliers of such screens to Fuji Japan, and/or at least some of the LCD screens sold or offered for sale in the United States by a supplier of such screens to Fuji Japan. This delay has materially prejudiced Fuji USA and Fuji Japan, at least in part because the failure of Plaintiffs to bring the '371 patent to the attention of Fuji USA and/or Fuji Japan or to a supplier of LCD screens to Fuji Japan earlier, at a time when Plaintiffs would have been expected to do so, at least in part induced Fuji Japan to change its position by continuing to make

or have made for sale in the United States, and at least in part induced Fuji USA to change its position by continuing to sell and offer for sale in the United States, the digital still cameras accused of infringement, in reliance on an absence of knowledge of the existence of the '371 patent, no less of Honeywell's claims of infringement. If Fuji USA or Fuji Japan had been made aware of the existence of the '371 patent and Plaintiffs' claims of infringement, Fuji Japan and its suppliers could have adopted a design of LCD screens for all of Fuji Japan's digital still cameras which avoids even Honeywell's unreasonable claims of infringement of the claims of the '371 patent, without regard to whether the claims of the '371 patent are valid or enforceable.

62. Individuals or entities that are not named as a party to this action are liable for at least a part of Plaintiffs' claims against Fuji, to the extent Fuji is liable.

63. On information and belief, Plaintiffs' claim for damages, if any, against Fuji is statutorily limited by 35 U.S.C. § 286 and/or § 287.

## **PRAYER FOR RELIEF**

WHEREFORE Fuji prays for entry of judgment against Plaintiffs and in Fuji's favor as follows:

(a) That all claims of Plaintiffs' Complaint against Fuji be dismissed with prejudice;

(b) That claims for past damages of Plaintiffs against Fuji are barred by laches and dismissed with prejudice;

(c) That Plaintiffs are estoppel from asserting claims for future relief against Fuji;

(d) That none of the products of Fuji infringe any claim of the '371 patent;

(e) That the claims of the '371 patent are invalid;

(f) That the '371 patent is unenforceable and/or has been misused and that Plaintiffs are barred from asserting their claims against Fuji in their entirety;

(g) That by reason of Plaintiffs' conduct, this is an exceptional case and awarding Fuji their reasonable attorney fees and costs under 35 U.S.C. § 285; and

(h)   That Fuji be awarded any such other and further relief as is just and proper.

                POTTER ANDERSON & CORROON LLP

OF COUNSEL:                              By:  _____
                                                        Philip A. Rovner (#3215)

Lawrence Rosenthal                       Hercules Plaza
Matthew W. Siegal                         P.O. Box 951
Angie M. Hankins                          Wilmington, DE  19899-0951
STROOCK & STROOCK & LAVAN LLP      (302) 984-6000
180 Maiden Lane
New York, NY  10038                    Attorneys for Defendants
(212) 806-5400                               Fuji Photo Film Co., Ltd. and
                                                    Fuji Photo Film U.S.A., Inc.

Dated:  June 27, 2005


687984

# UNITED STATES DISTRICT COURT

# DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, hereby certify that, on June 27, 2005, the within document was electronically filed with the Clerk of the Court using CM-ECF which will send notification of such filing to the following; the document was served by hand delivery on the following; and the document is available for viewing and downloading from CM-ECF:

**BY HAND DELIVERY**

Thomas C. Grimm, Esq.
Kristen Healey, Esq.
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

Thomas L. Halkowski, Esq.
Fish & Richardson P.C.
919 N. Market Street
Suite 1100
P.O. Box 1114
Wilmington, DE 19899

William J. Wade, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

Adam Wyatt Poff, Esq.
Young, Conaway, Stargatt & Taylor LLP
1000 West Street, 17th Floor
P.O. Box 3981
Wilmington, DE 19899-0391

**BY HAND DELIVERY**

Frederick L. Cottrell, III, Esq.
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801

Richard L. Horwitz, Esq.
David E. Moore, Esq.
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899

John W. Shaw, Esq.
Glenn C. Mandalas, Esq.
Young, Conaway, Stargatt & Taylor LLP
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE 19899-0391

Francis DiGiovanni, Esq.
James M. Olsen, Esq.
Connolly Bove Lodge & Hutz LLP
The Nemours Building – 8th Fl.
1007 N. Orange Street
Wilmington, DE 19899-2207

| | |
|---|---|
| Arthur G. Connolly, III, Esq.<br>Brian M. Gottesman, Esq.<br>Connolly Bove Lodge & Hutz LLP<br>The Nemours Building – 8th Floor<br>1007 N. Orange Street<br>P. O. Box 2207<br>Wilmington, DE 19899-2207 | Amy Evans, Esq.<br>Cross & Simon, LLC<br>913 N. Market Street, Suite 1001<br>Wilmington, DE 19899-1380 |
| Robert J. Katzenstein, Esq.<br>Joelle E. Polesky, Esq.<br>800 Delaware Avenue, 7th Fl.<br>P.O. Box 410<br>Wilmington, DE 19899 | Karen L. Pascale, Esq.<br>Bouchard Margules & Friedlander, P.A.<br>222 Delaware Avenue<br>Suite 1400<br>Wilmington, DE 19801 |

/s/ Philip A. Rovner

Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899
(302) 984-6000
E-mail: provner@potteranderson.com

665446