IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HONEYWELL INTERNATIONAL INC., et al. )<br>)<br>Plaintiffs, )<br>v. )<br>)<br>APPLE COMPUTER, INC., et. al. )<br>)<br>Defendants. ) | C.A. No. 04-1338 (KAJ)<br><br>JURY TRIAL DEMANDED |

**PLAINTIFFS' REPLY TO THE COUNTERCLAIMS OF
INTERVENING DEFENDANT SEIKO EPSON CORPORATION
AND COUNTERCLAIMS AGAINST SEIKO EPSON CORPORATION**

Plaintiffs Honeywell International Inc. ("Honeywell International") and Honeywell Intellectual Properties Inc. ("HIPI") (collectively, "Honeywell") hereby reply to the counterclaims (the "Counterclaims") alleged in paragraphs 74-93 of Seiko Epson Corporation's ("Seiko Epson") Answer and Complaint in Intervention the filing of which was proposed to this Court on or about March 14, 2005.

**SEIKO EPSON'S COUNTERCLAIMS**

**General Allegations**

1.   Honeywell lacks sufficient information to form a belief as to the truth of the allegations set forth in paragraph 74 of Seiko Epson's Counterclaims, and therefore denies them.

2.   Honeywell admits the allegations set forth in paragraph 75 of Seiko Epson's Counterclaims.

3.   Honeywell admits the allegations set forth in paragraph 76 of Seiko Epson's Counterclaims.

4.   Honeywell admits the allegations set forth in paragraph 77 of Seiko Epson's Counterclaims.

5.   Honeywell admits the allegations set forth in paragraph 78 of Seiko Epson's Counterclaims.

6.   Honeywell admits the allegations set forth in paragraph 79 of Seiko Epson's Counterclaims.

7.   Honeywell lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 80 of Seiko Epson's Counterclaims, and therefore denies them.

8.   As to the allegations set forth in paragraph 81 of Seiko Epson's Counterclaims, Honeywell admits that an actual and justiciable controversy exists between Honeywell and Seiko Epson with respect to the infringement of the patent in suit, but denies all remaining allegations set forth therein.

## Jurisdiction and Venue

9.   Honeywell admits that jurisdiction and venue are proper.  To the extent paragraph 82 of Seiko Epson's Counterclaims incorporates averments of non-infringement and invalidity, Honeywell denies those allegations.

## First Counterclaim

### (Declaration of Non-Infringement of the '371 Patent)

10.   As to the allegations contained in paragraph 83 of Seiko Epson's Counterclaims, Honeywell repeats its responses of paragraphs 1 through 9 as set forth above.

11.   Honeywell denies each and every allegation contained in paragraph 84 of Seiko Epson's Counterclaims.

12.   Honeywell denies each and every allegation contained in paragraph 85 of Seiko Epson's Counterclaims.

13.     As to the allegations set forth in paragraph 86 of Seiko Epson's Counterclaims, Honeywell admits that an actual and justiciable controversy exists between Honeywell and Seiko Epson with respect to the infringement of the patent in suit, but denies all remaining allegations set forth therein.

### Second Counterclaim

### (Declaration of Invalidity of the '371 Patent)

14.     As to the allegations contained in paragraph 87 of Seiko Epson's Counterclaims, Honeywell repeats its responses of paragraphs 1 through 13 as set forth above.

15.     Honeywell denies each and every allegation contained in paragraph 88 of Seiko Epson's Counterclaims.

16.     As to the allegations set forth in paragraph 89 of Seiko Epson's Counterclaims, Honeywell admits that an actual and justiciable controversy exists between Honeywell and Seiko Epson with respect to the validity of the patent in suit, but denies all remaining allegations set forth therein.

### Third Counterclaim

### (Unenforceability of the '371 Patent)

17.     As to the allegations contained in paragraph 90 of Seiko Epson's Counterclaims, Honeywell repeats its responses of paragraphs 1 through 16 as set forth above.

18.     Honeywell denies each and every allegation contained in paragraph 91 of Seiko Epson's Counterclaims.

19.     Honeywell denies each and every allegation contained in paragraph 92 of Seiko Epson's Counterclaims.

20. Honeywell denies each and every allegation contained in paragraph 92 of Seiko Epson's Counterclaims.

## COUNTERCLAIMS AGAINST SEIKO EPSON

Plaintiffs, for their counterclaims against Seiko Epson, hereby allege as follows:

### Nature of the Action

21. Honeywell counterclaims for the willful infringement of a United States patent.

### The Parties

22. Plaintiff Honeywell International Inc. ("Honeywell International") is a corporation organized and existing under the laws of Delaware with its principal place of business in Morristown, New Jersey.

23. Plaintiff Honeywell Intellectual Properties Inc. ("HIPI") is a corporation organized and existing under the laws of Arizona with its principal place of business in Tempe, Arizona. (Honeywell International and HIPI will be referred to collectively as "Honeywell.")

24. Upon information and belief, Intervening Defendant Seiko Epson Corporation ("Seiko Epson" or "Defendant") is a foreign corporation with offices at 3-3-5 Owa, Suwa-shi, Nagano-ken, Japan 392-8502.

### Jurisdiction and Venue

25. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1338(a).

26. Personal Jurisdiction over Defendant comports with the United States Constitution and §3104 of the Delaware Code because Defendant has committed and continues to commit, has contributed and continues to contribute to, and has induced and continues to induce acts of patent infringement in this district as alleged in this counterclaim; moreover,

Defendant, by moving to intervene and filing an Answer and Intervening Complaint with this Court, has purposefully availed itself to the laws of the forum state.

27. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) and 1400(b).

**Background to the Action**

28. In the 1980's, years before LCD screen-containing products such as cellular phones, digital cameras, PDAs, and portable DVD players became ubiquitous in the consumer electronics market, the aviation and aerospace industry became interested in replacing traditional cockpit displays with LCD displays. Honeywell invested heavily in developing the technology necessary to provide LCD displays that would meet this need.

29. Among Honeywell's LCD display inventions was technology that enables a display to produce a brighter image (making the screen easier to see) without requiring additional power while helping to reduce the appearance of an undesirable interference pattern called the "Moire effect" on the screen. Honeywell protected this invention by obtaining United States Patent No. 5,280,371, (the "371 Patent"), which was duly and legally issued by the United States Patent and Trademark Office on January 18, 1994. A copy of the '371 Patent is attached hereto as Exhibit 1.

30. Honeywell possesses the right to sue infringers of the '371 Patent.

**First Counterclaim**

31. Seiko Epson has been and is engaged in the manufacture, importation, offer for sale, and/or sale of modules that contain liquid crystal displays (LCDs) in the United States with the knowledge and intention that such LCD modules would be incorporated into products that would be sold throughout the United States, including this judicial district. Such LCD modules

are incorporated into products which include at least one of the following: laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, portable televisions and/or portable game systems.

32. Seiko Epson has been and is engaged in the manufacture, importation, offer for sale, and/or sale of products that include an LCD display in the United States with the knowledge and intention that such LCD screen-containing products would be sold throughout the United States, including this judicial district. Such products include at least one of the following: laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, portable televisions and/or portable game systems.

33. At least some of the LCD modules and products manufactured, imported, offered for sale, and/or sold by Seiko Epson infringe the '371 patent literally and/or under the doctrine of equivalents, making Seiko Epson liable for direct and/or indirect infringement under 35 U.S.C. § 271.

## Second Counterclaim

34. The manufacture, importation, offer for sale, or sale of these infringing LCD modules and products, and/or the continued such manufacture, importation, offer for sale, or sale of them in the future by Seiko Epson is and/or will be willful, warranting a finding that this is an exceptional case pursuant to 35 U.S.C. § 285, entitling Honeywell to an award of treble damages and attorneys' fees.

## Prayer for Relief

WHEREFORE, Plaintiffs pray for entry of a judgment against Seiko Epson as follows:

a. That Seiko Epson's counterclaims be dismissed with prejudice;

b. That Seiko Epson has infringed the '371 Patent;

  c. That Seiko Epson, and its respective agents, servants, officers, directors, employees and all persons acting in concert with it, directly or indirectly, be preliminarily and permanently enjoined from infringing, inducing others to infringe, or contributing to the infringement of the '371 Patent;

  d. That Seiko Epson account for and pay to Plaintiffs damages adequate to compensate them for Seiko Epson's infringement, in an amount to be proven at trial, together with interests and costs as fixed by the Court;

  e. Finding that Seiko Epson's infringement has been willful and trebling the award of damages;

  f. Declaring that this case is exceptional and awarding Plaintiffs their costs and attorneys' fees in accordance with 35 U.S.C. §285; and

  g. Plaintiffs be awarded such other and further relief as the Court may deem just and equitable.

## JURY DEMAND

  33. Plaintiffs hereby demand a trial by jury on all issues triable by a jury.

MORRIS, NICHOLS, ARSHT & TUNNELL

    /s/ Leslie A. Polizoti

OF COUNSEL:

Martin R. Lueck
Matthew L. Woods
Stacie E. Oberts
Denise S. Rahne
ROBINS, KAPLAN, MILLER
 & CIRESI L.L.P.
2800 LaSalle Plaza, 800 LaSalle Avenue
Minneapolis, MN 55402-2015
(612) 349-8500

Thomas C. Grimm (#1098)
Leslie A. Polizoti (#4299)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
tgrimm@mnat.com
lpolizoti@mnat.com
 *Attorneys for Plaintiffs*

Anthony A. Froio
Marc N. Henschke
ROBINS, KAPLAN, MILLER
 & CIRESI L.L.P.
800 Boylston Street, 25th Floor
Boston, MA  02199-7610
(617) 267-2300

July 15, 2005
474193

# CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2005, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send notification of such filing to the following:

Frederick L. Cottrell, III
Chad M. Shandler
RICHARDS LAYTON & FINGER
One Rodney Square
P.O. Box 551
Wilmington, DE  19899-0551
[cottrell@rlf.com]
[shandler@rlf.com]
*Attorneys for Eastman Kodak Company*

William J. Wade
RICHARDS LAYTON & FINGER
One Rodney Square
P.O. Box 551
Wilmington, DE  19899-0551
[wade@rlf.com]
*Attorneys for Matsushita Electrical Industrial Co. and Matsushita Electrical Corporation of America*

Thomas L. Halkowski
FISH & RICHARDSON P.C.
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE  19899-1114
[halkowski@fr.com]
*Attorneys for Apple Computer, Inc., Casio Computer Co., Ltd., and Casio, Inc.*

John W. Shaw
YOUNG CONAWAY STARGATT
  & TAYLOR LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899-0391
[jshaw@ycst.com]
*Attorneys for Olympus Corporation, Olympus America, Inc., Sony Corporation and Sony Corporation of America*

Richard L. Horwitz
David E. Moore
POTTER ANDERSON
  & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE  19899
[rhorwitz@potteranderson.com]
*Attorneys for Concord Cameras, Dell Inc., Fujitsu Limited, Fujitsu America, Inc., Fujitsu Computer Products of America, Inc., Toshiba Corporation, Toshiba America, Inc., Philips Electronics North America Corp. and Wintek Electro-Optics Corporation*

Adam Wyatt Poff
YOUNG CONAWAY STARGATT
  & TAYLOR LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899-0391
[apoff@ycst.com]
*Attorneys for Pentax Corporation and Pentax U.S.A., Inc.*

| | |
|---|---|
| Philip A. Rovner<br>POTTER ANDERSON<br>  &CORROON LLP<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>P.O. Box 951<br>Wilmington, DE  19899<br>[provner@potteranderson.com]<br>*Attorneys for Fuji Photo Film Co..*<br><br>*Ltd. and Fuji Photo Film U.S.A., Inc.* | Francis DiGiovanni<br>James M. Olson<br>CONNOLLY, BOVE, LODGE<br>  & HUTZ LLP<br>The Nemours Building, 8th Floor<br>1007 N. Orange Street<br>P.O. Box 2207<br>Wilmington, DE  19899<br>[fdigiovanni@cblh.com]<br>[jolson@cblh.com]<br>*Attorneys for Sony Ericcson Mobile Communications AB and Sony Ericcson Mobile Communications (USA) Inc.* |
| Arthur G. Connolly, III<br>Brian M. Gottesman<br>CONNOLLY, BOVE, LODGE<br>  & HUTZ LLP<br>The Nemours Building, 8th Floor<br>1007 N. Orange Street, P.O. Box 2207<br>Wilmington, DE  19899<br>[aconnollyIII@cblh.com]<br>[bgottesman@cblh.com<br>*Attorneys for Navman NZ Limited and Navman U.S.A. Inc.* | Amy Evans<br>CROSS & SIMON<br>913 N. Market Street, Suite 1001<br>P.O. Box 1380<br>Wilmington, DE  19899-1380<br>[aevans@crosslaw.com]<br>*Attorneys for Argus a/k/a Hartford Computer Group, Inc.* |
| Robert J. Katzenstein<br>Joelle E. Polesky<br>SMITH, KATZENSTEIN<br>  & FURLOW LLP<br>800 Delaware Avenue, 7th Floor<br>P.O. Box 410<br>Wilmington, DE  19899<br>[rkatzenstein@skfdelaware.com]<br>*Attorneys for Kyocera Wireless Corp. and Seiko Epson Corporation* | Andre G. Bouchard<br>Karen L. Pascale<br>BOUCHARD MARGULES<br>  & FRIEDLANDER, P.A.<br>222 Delaware Avenue, Suite 1400<br>Wilmington, DE  19801<br>[abouchard@bmf-law.com]<br>[kpascale@bmf-law.com]<br>*Attorneys for Third-Party Defendant Optrex America, Inc.* |

I further certify that on July 15, 2005, I caused to be served copies of the foregoing document upon the following in the manner indicated:

**BY HAND**

Robert J. Katzenstein
Joelle E. Polesky
SMITH, KATZENSTEIN
  & FURLOW LLP
800 Delaware Avenue, 7th Floor
P.O. Box 410
Wilmington, DE  19899
*Attorneys for Kyocera Wireless Corp.*
*and Seiko Epson Corporation*

　　　　　　　　　　　　　　　　　　　　*/s/ Leslie A. Polizoti*
　　　　　　　　　　　　　　　　　　　Leslie A. Polizoti (#4299)

474193