# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HONEYWELL INTERNATIONAL INC., and HONEYWELL INTELLECTUAL PROPERTIES INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 04-1337-KAJ |
| v. | ) ) | |
| AUDIOVOX COMMUNICATIONS CORP., AUDIOVOX ELECTRONICS CORPORATIONS, NIKON CORPORATION, NIKON, INC., NOKIA CORPORATION; NOKIA INC., SANYO ELECTRIC CO., LTD., and SANYO NORTH AMERICA CORPORATION, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| HONEYWELL INTERNATIONAL INC., and HONEYWELL INTELLECTUAL PROPERTIES INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 04-1338-KAJ |
| v. | ) ) | |
| APPLE COMPUTER, INC.; ARGUS A/K/A HARTFORD COMPUTER GROUP, INC.; CASIO COMPUTER CO., LTD.; CASIO, INC.; CONCORD CAMERAS; DELL INC.; EASTMAN KODAK COMPANY; FUJI PHOTO FILM CO., LTD.; FUJI PHOTO FILM U.S.A., INC.; FUJITSU LIMITED; FUJITSU AMERICA, INC.; FUJITSU COMPUTER PRODUCTS OF AMERICA, INC.; KYOCERA WIRELESS CORP.; MATSUSHITA ELECTRICAL INDUSTRIAL CO.; MATSUSHITA ELECTRICAL CORPORATION OF AMERICA; NAVMAN NZ LIMITED; NAVMAN U.S.A. INC.; OLYMPUS CORPORATION; OLYMPUS AMERICA, INC.; PENTAX CORPORATION; PENTAX U.S.A., INC.; SONY CORPORATION; SONY CORPORATION OF AMERICA; SONY | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |

ERICSSON MOBILE COMMUNICATIONS AB;  )
SONY ERICSSON MOBILE                )
COMMUNICATIONS (USA) INC.; TOSHIBA  )
CORPORATION; AND TOSHIBA AMERICA,   )
INC.,                               )
                                    )
             Defendants.              )
_____)
OPTREX AMERICA, INC.,               )
                                    )
             Plaintiff,               )      Civil Action No. 04-1536-KAJ
                                    )
     v.                            )
                                    )
HONEYWELL INTERNATIONAL INC., and   )
HONEYWELL INTELLECTUAL PROPERTIES   )
INC.,                               )
                                    )
             Defendants.              )

## [PROPOSED] ORDER

On September 9, 2005, this Court ordered the parties to meet and discuss a procedure for transitioning this case to the LCD Module Manufacturers and to grant a stay of the above captioned case in favor of certain Customer Defendants.

Being informed that the parties have been unable to agree upon these procedures, it is hereby ORDERED this _____ day of _____, 2005, that:

1.     Honeywell will proceed to file Amended Complaints against all known Module Manufacturers, including those identified in Honeywell's May 27 letter.  To the extent they know, or have reason to believe, that any of their products sold in the United States use LCD modules that incorporate the Accused Structure (an LCD module with a light source and two lens arrays, one of which is misaligned) and that are not made by one of the entities listed in Honeywell's May 27 letter, each Named Defendant shall identify such other LCD Module Manufacturer.

2.      Within two weeks, the Named Defendants shall identify the Module Manufacturer for the modules used in all end products listed in Honeywell's May 27 letter, including identifying the Module Manufacturer of "unknown" modules set forth in that letter.

3.      Each of the Customer Defendants shall use reasonable, good-faith efforts to request and persuade any of their LCD module suppliers sued by Honeywell to consent to waive formal service under the Hague Convention or other international protocol and accept service of the Amended Complaint directly from Honeywell's attorneys of record.

4.      All Module Manufacturers shall provide to Honeywell a comprehensive list of all modules manufactured after October 6, 1998 through the present that meet the structural criteria set forth above.  For those Module Manufacturers currently part of the suit, such list should be provided in 30 days.  For those Module Manufacturers entering the suit pursuant to point 1, such list will be provided 30 days after the Amended Complaint is answered.  All such lists shall be treated as "Attorneys' Eyes Only," until the entry of a comprehensive Protective Order.

5.      Thirty days after each such list is provided, Customer Defendants, to the extent named in that list, shall identify which modules, if any, are incorporated into products sold by them or their affiliates in the United States, and identify such products.  All such lists shall be treated as "Attorneys' Eyes Only," until the entry of a comprehensive Protective Order.

6.      Upon provision of the lists noted in points 4 and 5 above, this litigation will be stayed for the benefit of all Customer Defendants with the exception that, as to "hybrid" defendants (i.e., those that both manufacture LCD modules and end products), the stay shall only apply to the extent of their "customer" activities.  The stay will be without prejudice to Honeywell's right to seek the Court's ordering of further discovery from the Customer Defendants regarding commercial success and other secondary indicia of non-obviousness.

7.     Upon provision of the lists noted in points 4 and 5 above, Honeywell and the Module Manufacturers shall promptly meet to discuss a schedule for remaining pretrial activities and report back to the Court.


_____
United States District Judge

_____, 2005
Wilmington, Delaware