## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HONEYWELL INTERNATIONAL INC., and HONEYWELL INTELLECTUAL PROPERTIES, INC., | ) ) ) | |
| Plaintiffs | ) ) | |
| v. | ) ) | C.A. No. 04-1338-KAJ |
| APPLE COMPUTER, INC., ARGUS A/K/A HARTFORD COMPUTER GROUP, INC.; CASIO COMPUTER CO., LTD.; CASIO, INC.; CONCORD CAMERAS; DELL INC.; EASTMAN KODAK COMPANY; FUJI PHOTO FILM CO., LTD; FUJI PHOTO FILM U.S.A., INC.; FUJITSU LIMITED; FUJITSU AMERICA, INC.; FUJITSU COMPUTER PRODUCTS OF AMERICA, INC.; KYOCERA WIRELESS CORP.; MATSUSHITA ELECTRICAL INDUSTRIAL CO.; MATSUSHITA ELECTRICAL CORPORATION OF AMERICA; NAVMAN NZ LIMITED; NAVMAN U.S.A. INC.; OLYMPUS CORPORATION; OLYMPUS AMERICA, INC.; PENTAX CORPORATION; PENTAX U.S.A., INC.; SONY CORPORATION; SONY CORPORATION OF AMERICA; SONY ERICSSON MOBILE COMMUNICATIONS AB; SONY ERICSSON MOBILE COMMUNICATIONS (USA) INC.; TOSHIBA CORPORATION; and TOSHIBA AMERICA, INC., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | - and - |
| HONEYWELL INTERNATIONAL INC., and    HONEYWELL INTELLECTUAL PROPERTIES INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 04-1337-KAJ |
| AUDIOVOX COMMUNICATIONS CORP.; AUDIOVOX ELECTRONICS CORPORATION; NIKON CORPORATION; NIKON, INC.; NOKIA CORPORATION; NOKIA INC.; SANYO ELECTRIC CO., LTD.; AND SANYO NORTH AMERICA CORPORATION, | ) ) ) ) ) | |
| Defendants. | ) ) | |
| OPTREX AMERICA, INC. | ) ) | |
| Plaintiff, | ) ) | C.A. No. 04-1536-KAJ |
| v. | ) ) | |
| HONEYWELL INTERNATIONAL INC., and HONEYWELL INTELLECTUAL PROPERTIES, INC. | ) ) ) | |
| Defendants. | ) | |

## [PROPOSED] ORDER

IT IS SO ORDERED that:

1. Except for the defendants that have resolved their disagreements with the plaintiffs, Honeywell International Inc. and Honeywell Intellectual Properties Inc. ("Honeywell"), concerning information exchange, within twenty-one (21) days of entry of this Order, the defendants (not including third-party defendants) in Civil Actions Nos. 04-1337 and 04-1338 (collectively, the "Customer Defendants") shall provide Honeywell the following information, to the extent such information is known:

    a. An identification of the supplier and LCD-module model number for the products the plaintiffs specifically identified as allegedly infringing the patent-in-suit;

    b. An identification of other versions (*i.e.*, earlier or later generations) of the specifically identified product(s) that utilize the same LCD module as in the specifically identified products, or other versions of the same LCD module, if any; and

    c. An identification of other versions of the identified products that include other LCD modules with substantially the same structure as the LCD module(s) contained in the specifically identified product(s), if any.

If Honeywell identifies the products in which the "unknown" modules set forth in Honeywell's May 27 letter occur, the Customer Defendant(s) that manufacture those products also shall provide the information identified above in subsections (a) – (c) at a reasonable time thereafter.

2. Within thirty (30) days of entry of this Order, Honeywell shall file amended or new complaint(s) adding to the consolidated cases, in accordance with applicable rules on pre-filing investigation obligations, any LCD-module manufacturer Honeywell desires to bring into the litigation.

3. Except for the defendants that have resolved their disagreements with Honeywell concerning information exchange, within fourteen (14) days after receipt of a service copy of an amended or new complaint(s) as referenced above, the defendants shall jointly forward a copy of such amended or new complaint(s) to the LCD-module manufacturer(s) sued by Honeywell but not previously named in Honeywell's present Complaint, along with contact information for Honeywell's attorneys of record.  The Customer Defendants shall be under no obligation to implead or otherwise institute any action or take any steps to secure cooperation from their vendors.  For any LCD-module manufacturer who waives formal service and accepts it directly from Honeywell's attorneys of record, an additional 90 days shall be provided for the manufacturer to answer, move, or otherwise plead.

4. Upon compliance with sections (1) – (3) above, the suits against the Customer Defendants shall be stayed.  The stay shall be without prejudice to Honeywell's right to seek the Court's ordering of further discovery from the Customer Defendants upon formal application to the Court, subject to any agreement(s) Honeywell may have with any defendant concerning discovery.

5. Upon appearance of all LCD-module manufacturers named in the amended or new complaints, Honeywell and all LCD-module manufacturers joined in the consolidated cases shall promptly meet to discuss a schedule for remaining pretrial activities and shall proceed with discovery in accordance with that schedule, subject to the Court's approval.

UNITED STATES DISTRICT JUDGE