IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HONEYWELL INTERNATIONAL INC., et al. | ) ) ) | |
| Plaintiffs, | ) | |
| v. | ) ) | C.A. No. 04-1338 (KAJ) |
| APPLE COMPUTER, INC., et. al. | ) ) ) | JURY TRIAL DEMANDED |
| Defendants; | ) ) | |
| KYOCERA WIRELESS CORP., | ) ) ) | |
| Counterclaim Plaintiff, | ) ) | |
| v. | ) ) | |
| HONEYWELL INTERNATIONAL INC., et. al. | ) ) ) | |
| Counterclaim Defendants; | ) ) | |
| KYOCERA WIRELESS CORP., | ) ) ) | |
| Third Party Plaintiff, | ) ) | |
| v. | ) ) | |
| PHILIPS ELECTRONICS NORTH AMERICA CORPORATION, et. al. | ) ) ) ) | |
| Third Party Defendants. | ) ) | |

**HONEYWELL'S REPLY TO THE
CROSS-CLAIM OF THIRD PARTY DEFENDANT
<u>PHILIPS ELECTRONICS NORTH AMERICA CORPORATION</u>**

Plaintiffs Honeywell International Inc. ("Honeywell International") and Honeywell

Intellectual Properties Inc. ("HIPI") (collectively, "Honeywell") hereby reply to the Declaratory

Judgment cross-claim alleged in paragraphs 22-43 of Philips' Answer to Kyocera's Third Party Complaint and Declaratory Judgment Cross-Claim Against Honeywell ("Philips' cross-claim") filed with this Court by Third Party Defendant Philips Electronics North America Corporation ("Philips") on or about April 25, 2005.

## PARTIES

1.     Honeywell admits the allegations set forth in paragraph 23 of Philips' cross-claim.

2.     As to the allegations set forth in paragraph 24, Honeywell admits that Philips' cross-claim purports to be a claim for declaratory judgment of non-infringement and invalidity of the '371 patent, and for other relief, but denies all remaining allegations set forth therein.

3.     Honeywell admits the allegations set forth in paragraph 25 of Philips' cross-claim.

4.     Honeywell admits the allegations set forth in paragraph 26 of Philips' cross-claim.

5.     As to the allegations set forth in paragraph 27, Honeywell admits that it has filed actions alleging infringement of the '371 patent against Kyocera Wireless Corporation ("Kyocera"), Nokia Corporation, and Nokia Inc. Further, Honeywell admits that Kyocera has filed a third party complaint and admits that Nokia Corporation and Nokia Inc. have moved for leave to file a Third Party Complaint against Koninklijke Philips Electronics N.V. Honeywell lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 27 of Philips' cross-claim, and therefore denies them.

6.     As to the allegations set forth in paragraph 28, Honeywell denies that it has interfered with and disrupted Philips' important existing and commercial relationships with its customers. As to the remaining allegations of paragraph 28, Honeywell lacks sufficient

information or knowledge to form a belief as to the truth or falsity of the allegations and therefore denies them.

7. Honeywell lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 29 of Philips' cross-claim, and therefore denies them.

8. As to the allegations set forth in paragraph 30, Honeywell admits that Kyocera Wireless Corporation has filed a Third Party Complaint against Philips. Honeywell further admits that Nokia Corporation and Nokia Inc. have moved for leave to file a Third Party Complaint against Koninklijke Philips Electronics N.V. Honeywell lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations and therefore denies them.

9. Paragraph 31 of Philips' cross-claim contains conclusions of law to which Honeywell is not required to plead. As to the allegations contained in paragraph 31 which are not conclusions of law, Honeywell denies each and every one.

10. Paragraph 32 of Philips' cross-claim contains conclusions of law to which Honeywell is not required to respond. To the extent that paragraph 32 of Philips' cross-claim contains allegations that are not conclusions of law, Honeywell denies them.

11. Paragraph 33 of Philips' cross-claim contains conclusions of law to which Honeywell is not required to respond. To the extent that paragraph 33 of Philips' cross-claim contains allegations that are not conclusions of law, Honeywell denies them.

12. As to the allegations set forth in paragraph 34, Honeywell admits that an actual and justiciable controversy exists between Honeywell and Philips with respect to the

infringement of the '371 patent as it relates to Philips' products and the validity of the '371 patent, but denies all remaining allegations set forth therein.

13. Honeywell admits that jurisdiction is proper. To the extent paragraph 35 incorporates averments of non-infringement and invalidity, Honeywell denies those allegations.

14. Honeywell admits that venue is proper, but denies the remaining allegations set forth in paragraph 36 of Philips' cross-claim.

## COUNTS

### COUNT 1 – INVALIDITY OF THE '371 PATENT

15. Honeywell responds to the allegations set forth in paragraph 37 of Philips' cross-claim by incorporating herein by reference paragraphs 1-14 of this Reply To The Cross-Claim Of Third Party Defendant Philips Electronics North America Corporation.

16. Honeywell denies the allegations contained in paragraph 38 of Philips' cross-claim.

17. Honeywell denies the allegations contained in paragraph 39 of Philips' cross-claim.

### COUNT II – NON-INFRINGEMENT OF THE '371 PATENT

18. Honeywell responds to the allegations set forth in paragraph 40 of Philips' cross-claim by incorporating herein by reference paragraphs 1-17 of this Reply To The Cross-Claim Of Third Party Defendant Philips Electronics North America Corporation.

19. Honeywell denies the allegations contained in paragraph 41 of Philips' cross-claim.

20. Honeywell denies the allegations contained in paragraph 42 of Philips' cross-claim.

21. Honeywell denies the allegations contained in paragraph 43 of Philips' cross-claim.

## COUNTERCLAIMS

### The Parties

22. Counterclaimant Honeywell International Inc. ("Honeywell International") is a corporation organized and existing under the laws of Delaware with its principle place of business in Morristown, New Jersey.

23. Counterclaimant Honeywell Intellectual Properties Inc. ("HIPI") is a corporation organized and existing under the laws of Arizona with its principal place of business in Tempe, Arizona. (Honeywell International and HIPI will be referred to collectively as "Honeywell").

### Jurisdiction

24. This Court has jurisdiction over the subject matter of these counterclaims pursuant to 28 U.S.C. § 1338 (a).

25. Personal jurisdiction over the counterclaim defendant comports with the United States Constitution and § 3104 of Title 10 of the Delaware Code because the counterclaim defendant has committed and continues to commit, has contributed and continues to contribute to, and has induced and continues to induce acts of patent infringement in this district as alleged in these counterclaims. Moreover, by filing its declaratory judgment cross-claim in this judicial district, Philips has consented to the personal jurisdiction of this Court.

26. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

**Background to the Counterclaims**

27.  In the 1980s, years before LCD screen-containing products such as cellular phones, digital cameras, PDAs, and portable DVD players became ubiquitous in the consumer electronics market, the aviation and aerospace industry became interested in replacing traditional cockpit displays with LCD displays. Honeywell invested heavily in developing the technology necessary to provide LCD displays that would meet this need.

28.  Among Honeywell's LCD display inventions was technology that enables a display to produce a brighter image (making the screen easier to see) without requiring additional power, while helping to reduce the appearance of an undesirable interference pattern called the "Moire effect" on the screen. Honeywell protected this invention by obtaining United States Patent No. 5,280,371 (the "'371 Patent"), which was duly and legally issued by the United States Patent and Trademark Office on January 18, 1994. A copy of the '371 Patent is attached hereto as Exhibit 1.

29.  Honeywell possesses the right to sue infringers of the '371 patent.

**First Counterclaim**

30.  Philips has been and is engaged in the manufacture, importation, offer for sale, and/or sale of modules that contain liquid crystal displays ("LCDs") in the United States with the knowledge and intention that such LCD modules would be incorporated into products that would be sold throughout the United States, including this judicial district. Such LCD modules are incorporated into products which include at least one of the following: laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, portable televisions and/or portable entertainment systems.

31. At least some of the LCD modules manufactured, imported, offered for sale, and/or sold by Philips infringe the '371 patent literally and/or under the doctrine of equivalents, making Philips liable for direct and/or indirect infringement under 35 U.S.C. § 271.

## Second Counterclaim

32. The manufacture, importation, offer for sale, or sale of these infringing LCD modules, and/or the continued manufacture, importation, offer for sale, or sale of them in the future by Philips is and/or will be willful, warranting a finding that this is an exceptional case pursuant to 35 U.S.C. § 285, entitling Honeywell to an award of treble damages and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Honeywell respectfully requests the following relief:

a. The entry of judgment that Plaintiff is not entitled to any of the relief requested in the prayer for relief asserted in connection with its Declaratory Judgment Cross-Claim and Demand for a Jury Trial;

b. The entry of judgment that Philips has infringed the '371 Patent;

c. That Philips, and its respective agents, servants, officers, directors, employees and all persons acting with it, directly or indirectly, be permanently enjoined from infringing, inducing others to infringe, or contributing to the infringement of the '371 Patent;

d. The entry of judgment that Philips must account for and pay to Honeywell damages adequate to compensate Honeywell for its infringement, in the amount proven at trial, together with interest and costs as fixed by the Court;

e. The entry of judgment finding that Philips' infringement has been willful and trebling the award of damages;

  f. The entry of judgment declaring that this case is exceptional and awarding Honeywell its costs and attorneys' fees in accordance with 35 U.S.C. § 285; and,

  g. That Honeywell be awarded such other and further relief as the Court deems just and equitable.

## DEMAND FOR A JURY TRIAL

  Honeywell demands a jury trial on all issues triable by a jury.

               MORRIS, NICHOLS, ARSHT & TUNNELL

               */s/ Thomas C. Grimm*

               Thomas C. Grimm (#1098)

OF COUNSEL:         Leslie A. Polizoti (#4299)
              1201 N. Market Street
Martin R. Lueck         P.O. Box 1347
Matthew L. Woods        Wilmington, DE 19899-1347
Stacie E. Oberts         (302) 658-9200
Denise S. Rahne         tgrimm@mnat.com
ROBINS, KAPLAN, MILLER     lpolizoti@mnat.com
 & CIRESI L.L.P.         *Attorneys for Plaintiffs*
2800 LaSalle Plaza, 800 LaSalle Avenue
Minneapolis, MN 55402-2015
(612) 349-8500

Anthony A. Froio
Marc N. Henschke
ROBINS, KAPLAN, MILLER
 & CIRESI L.L.P.
800 Boylston Street, 25th Floor
Boston, MA 02199-7610
(617) 267-2300

October 17, 2005
488214

## CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2005, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send notification of such filing to the following:

Frederick L. Cottrell, III
Chad M. Shandler
RICHARDS LAYTON & FINGER
One Rodney Square
P.O. Box 551
Wilmington, DE  19899-0551
[cottrell@rlf.com]
[shandler@rlf.com]
*Attorneys for Eastman Kodak Company*

William J. Wade
RICHARDS LAYTON & FINGER
One Rodney Square
P.O. Box 551
Wilmington, DE  19899-0551
[wade@rlf.com]
*Attorneys for Matsushita Electrical Industrial Co. and Matsushita Electrical Corporation of America*

Thomas L. Halkowski
FISH & RICHARDSON P.C.
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE  19899-1114
[halkowski@fr.com]
*Attorneys for Apple Computer, Inc., Casio Computer Co., Ltd., and Casio, Inc.*

John W. Shaw
YOUNG CONAWAY STARGATT
  & TAYLOR LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899-0391
[jshaw@ycst.com]
*Attorneys for Olympus Corporation, Olympus America, Inc., Sony Corporation and Sony Corporation of America*

Richard L. Horwitz
David E. Moore
POTTER ANDERSON
  & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE  19899
[rhorwitz@potteranderson.com]
*Attorneys for Concord Cameras, Dell Inc., Fujitsu Limited, Fujitsu America, Inc., Fujitsu Computer Products of America, Inc., Toshiba Corporation, Toshiba America, Inc., Philips Electronics North America Corp. and Wintek Electro-Optics Corporation*

Adam Wyatt Poff
YOUNG CONAWAY STARGATT
  & TAYLOR LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899-0391
[apoff@ycst.com]
*Attorneys for Pentax Corporation and Pentax U.S.A., Inc.*

Philip A. Rovner
POTTER ANDERSON
  &amp; CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE  19899
[provner@potteranderson.com]
*Attorneys for Fuji Photo Film Co..*

*Ltd. and Fuji Photo Film U.S.A., Inc.*

Arthur G. Connolly, III
Brian M. Gottesman
CONNOLLY, BOVE, LODGE
  &amp; HUTZ LLP
The Nemours Building, 8th Floor
1007 N. Orange Street, P.O. Box 2207
Wilmington, DE  19899
[aconnollyIII@cblh.com]
[bgottesman@cblh.com
*Attorneys for Navman NZ Limited
and Navman U.S.A. Inc.*

Robert J. Katzenstein
Joelle E. Polesky
SMITH, KATZENSTEIN
  &amp; FURLOW LLP
800 Delaware Avenue, 7th Floor
P.O. Box 410
Wilmington, DE  19899
[rkatzenstein@skfdelaware.com]
*Attorneys for Kyocera Wireless Corp.
and Seiko Epson Corporation*

Francis DiGiovanni
James M. Olson
CONNOLLY, BOVE, LODGE
  &amp; HUTZ LLP
The Nemours Building, 8th Floor
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE  19899
[fdigiovanni@cblh.com]
[jolson@cblh.com]
*Attorneys for Sony Ericcson Mobile
Communications AB and Sony Ericcson
Mobile Communications (USA) Inc.*

Amy Evans
CROSS & SIMON
913 N. Market Street, Suite 1001
P.O. Box 1380
Wilmington, DE  19899-1380
[aevans@crosslaw.com]
*Attorneys for Argus a/k/a Hartford
Computer Group, Inc.*

Andre G. Bouchard
Karen L. Pascale
BOUCHARD MARGULES
  &amp; FRIEDLANDER, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE  19801
[abouchard@bmf-law.com]
[kpascale@bmf-law.com]
*Attorneys for Third-Party Defendant
Optrex America, Inc.*

I further certify that on October 17, 2005, I caused to be served copies of the foregoing document upon the following in the manner indicated:

**BY HAND**

Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE  19899
*Attorneys for Third-Party Defendant*
*Philips Electronics North America Corp*

*/s/ Thomas C. Grimm*

Thomas C. Grimm (#1098)
tgrimm@mnat.com

488214