IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

HONEYWELL INTERNATIONAL INC. and )
HONEYWELL INTELLECTUAL PROPERTIES INC., )
                                                 )
               Plaintiffs, )
                                                 )
       v. )
                                                   )
APPLE COMPUTER, INC.; ALL AROUND CO., LTD., )
ARGUS A/K/A HARTFORD COMPUTER GROUP, INC.; )
ARIMA DISPLAY; AU OPTRONICS CORP.; AU )
OPTRONICS CORPORATION AMERICA; BOE ) C.A. No. 04-1338-KAJ
TECHNOLOGY GROUP COMPANY LTD.; BEIJING BOE )
OPTOELECTRONICS TECHNOLOGY CO., LTD.; BOE-- ) JURY TRIAL DEMAND
HYDIS TECHNOLOGY CO., LTD.; CASIO COMPUTER )
CO., LTD.; CASIO, INC.; CITIZEN SYSTEMS EUROPE; )
CITIZEN SYSTEMS AMERICA CORPORATION; )
CONCORD CAMERAS; DELL INC.; EASTMAN KODAK )
COMPANY; FUJI PHOTO FILM CO., LTD.; FUJI PHOTO )
FILM U.S.A., INC.; FUJITSU LIMITED; FUJITSU )
AMERICA, INC.; FUJITSU COMPUTER PRODUCTS OF )
AMERICA, INC.; HANNSTAR DISPLAY )
CORPORATION; HITACHI, LTD.;  HITACHI DISPLAYS, )
LTD.; HITACHI DISPLAY DEVICES, LTD.; HITACHI )
ELECTRONIC DEVICES (USA), INC.; INNOLUX )
DISPLAY CORPORATION; INTERNATIONAL DISPLAY )
TECHNOLOGY; INTERNATIONAL DISPLAY )
TECHNOLOGY USA, INC.; KONINKLIJKE PHILIPS )
ELECTRONICS N.V.; PHILIPS CONSUMER )
ELECTRONICS NORTH AMERICA; PHILIPS )
ELECTRONICS NORTH AMERICA CORPORATION; )
KYOCERA WIRELESS CORP.; MATSUSHITA )
ELECTRICAL INDUSTRIAL CO.; MATSUSHITA )
ELECTRICAL CORPORATION OF AMERICA; NAVMAN )
NZ LIMITED; NAVMAN U.S.A. INC.; OLYMPUS )
CORPORATION; OLYMPUS AMERICA, INC.; PENTAX )
CORPORATION; PENTAX U.S.A., INC.; PICVUE )
ELECTRONICS LIMITED; QUANTA DISPLAY INC.; )
SAMSUNG SDI CO., LTD; SAMSUNG SDI AMERICA, )
INC.; SONY CORPORATION; SONY CORPORATION OF )
AMERICA; SONY ERICSSON MOBILE )
COMMUNICATIONS AB; SONY ERICSSON MOBILE )
COMMUNICATIONS (USA) INC.; ST LIQUID CRYSTAL )
DISPLAY CORP.; TOPPOLY OPTOELECTRONICS )

CORP.; TOSHIBA CORPORATION; TOSHIBA                    )
AMERICA, INC.; WINTEK CORP.; WINTEK ELECTRO-           )
OPTICS CORPORATION; WISTRON CORPORATION;               )
and M-DISPLAY OPTRONICS CORP.,                          )
                                                        )
                        Defendants.                     )

## FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Pursuant to the Court's October 7, 2005 Memorandum Order (D.I. 237), Plaintiffs, for their First Amended Complaint against Defendants, hereby allege as follows:

### Nature of the Action

1.     This is an action for the willful infringement of a United States patent.

### The Parties

2.     Plaintiff Honeywell International Inc. ("Honeywell International") is a corporation organized and existing under the laws of Delaware with its principal place of business in Morristown, New Jersey.

3.     Plaintiff Honeywell Intellectual Properties Inc. ("HIPI") is a corporation organized and existing under the laws of Arizona with its principal place of business in Tempe, Arizona. (Honeywell International and HIPI will be referred to collectively as "Honeywell.")

4.     Upon information and belief, Defendant Apple Computer, Inc. ("Apple") is a California corporation with its principal place of business in Cupertino, California.

5.     Upon information and belief, Defendant All Around Co., Ltd. ("All Around") is a Taiwan corporation having its principal place of business in Taipei, Taiwan.

6.     Upon information and belief, Defendant Argus, A/K/A Hartford Computer Group, Inc. ("Argus") is an Illinois corporation with its principal place of business in Inverness, Illinois.

7.      Upon information and belief, Defendant Arima Display ("Arima Display") is a Taiwan corporation having its principal place of business in Kaohsiung, Taiwan.

8.      Upon information and belief, Defendant AU Optronics Corp. ("AUO Taiwan") is a Taiwan corporation having its principal place of business in Hsinchu, Taiwan.

9.      Upon information and belief, Defendant AU Optronics Corporation America ("AUO America") is a California corporation having its principal place of business in Round Rock, Texas.  (AUO Taiwan and AUO America will be referred to collectively as "AUO.")

10.     Upon information and belief, Defendant BOE Technology Group Company Ltd. ("BOE Technology") is a China corporation having its principal place of business in Beijing, China.

11.     Upon information and belief, Defendant Beijing BOE Optoelectronics Technology Co., Ltd. ("BOE Optoelectronics") is a China corporation having its principal place of business in Beijing, China.

12.     Upon information and belief, Defendant BOE-Hydis Technology Co., Ltd. ("BOE-Hydis") is a South Korea corporation having its principal place of business in Gyeonggi-do, South Korea.  (BOE Technology, BOE Optoelectronics, and BOE-Hydis will be referred to collectively as "BOE.")

13.     Upon information and belief, Defendant Casio Computer Co., Ltd. ("Casio Computer") is a Japan corporation having its principal place of business in Tokyo, Japan.

14.     Upon information and belief, Defendant Casio Inc. ("Casio U.S.") is a New York corporation having its principal place of business in Dover, Jersey. (Casio Computer and Casio U.S. will be referred to collectively as "Casio.")

15.     Upon information and belief, Defendant Citizen Systems Europe is a United Kingdom corporation having its principal place of business in Middlesex, United Kingdom.

16.     Upon information and belief, Defendant Citizen Systems America Corporation ("Citizen Systems America") is a California corporation having its principal place of business in Torrance, California. (Citizen Systems Europe and Citizen Systems America will be referred to collectively as "Citizen Systems.")

17.     Upon information and belief, Defendant Concord Cameras ("Concord") is a Florida corporation having its principal place of business in Hollywood, Florida.

18.     Upon information and belief, Defendant Dell Inc. ("Dell") is a Delaware corporation having its principal place of business in Round Rock, Texas.

19.     Upon information and belief, Defendant Eastman Kodak Company ("Kodak") is a New Jersey corporation having its principal place of business in Rochester, New York.

20.     Upon information and belief, Defendant Fuji Photo Film Co., Ltd. ("Fuji Photo Japan") is a Japan corporation having its principal place of business in Tokyo, Japan.

21.     Upon information and belief, Defendant Fuji Photo Film U.S.A., Inc. ("Fuji Photo U.S.A.") is a New York corporation having its principal place of business in Valhalla, New York. (Fuji Photo Japan and Fuji Photo U.S.A. will be referred to collectively as "Fuji.")

22.     Upon information and belief, Defendant Fujitsu Limited ("Fujitsu Japan") is a Japan corporation having its principal place of business in Kanagawa, Japan.

23.     Upon information and belief, Defendant Fujitsu America, Inc. ("Fujitsu America") is a California corporation having its principal place of business in Sunnyvale, California.

24.     Upon information and belief, Defendant Fujitsu Computer Products of America, Inc. ("Fujitsu Computer") is a California corporation having its principal place of business in San Jose, California. (Fujitsu Japan, Fujitsu America, and Fujitsu Computer will be referred to collectively as "Fujitsu.")

25.     Upon information and belief, Defendant HannStar Display Corporation ("HannStar") is a Taiwan corporation having its principal place of business in Taipei, Taiwan.

26.     Upon information and belief, Defendant Hitachi, Ltd. ("Hitachi Japan") is a Japan corporation having its principal place of business in Tokyo, Japan.

27.     Upon information and belief, Defendant Hitachi Displays, Ltd. ("Hitachi Displays") is a Japan corporation having its principal place of business in Tokyo, Japan.

28.     Upon information and belief, Defendant Hitachi Display Devices, Ltd. ("Hitachi Display Devices") is a Japan corporation having its principal place of business in Mobara-shi, Japan.

29.     Upon information and belief, Defendant Hitachi Electronic Devices (USA), Inc. ("Hitachi Display US") is a Delaware corporation having its principal place of business in Greenville, South Carolina.   (Hitachi Japan, Hitachi Displays, Hitachi Display Devices, and Hitachi Display US will be referred to collectively as "Hitachi.")

30.     Upon information and belief, Defendant Innolux Display Corporation ("Innolux") is a Taiwan corporation having its principal place of business in Chu-nan, Taiwan.

31.     Upon information and belief, Defendant International Display Technology ("ID Tech Japan") is a Japan corporation having its principal place of business in Siga-ken, Japan.

32.     Upon information and belief, Defendant International Display Technology USA, Inc. ("ID Tech USA") is a Delaware corporation having its principal place of business in San

Jose, California.  (ID Tech Japan and ID Tech USA will be referred to collectively as "ID Tech.")

33.     Upon information and belief, Defendant Koninklijke Philips Electronics N.V. ("Philips Netherlands") is a Netherlands corporation having its principal place of business in Eindhoven, Netherlands.

34.     Upon information and belief, Defendant Philips Consumer Electronics North America ("Philips Consumer N.A.") is a Delaware corporation having its principal place of business in Atlanta, Georgia.

35.     Upon information and belief, Defendant Philips Electronics North America Corporation ("Philips N.A.") is a Delaware corporation having its principal place of business in New York, New York.  (Philips Netherlands, Philiips Consumer N.A., and Philips N.A. will be referred to collectively as "Philips.")

36.     Upon information and belief, Defendant Kyocera Wireless Corp. ("Kyocera Wireless") is a California corporation having its principal place of business in San Diego, California.

37.     Upon information and belief, Defendant Matsushita Electrical Industrial Co. ("Matsushita Japan") is a Japan corporation having its principal place of business in Osaka, Japan.

38.     Upon information and belief, Defendant Matsushita Electrical Corporation of America ("Matsushita America") is a Delaware corporation having its principal place of business in Secaucus, New Jersey.  (Matsushita Japan and Matsushita America will be referred to collectively as "Matsushita.")

39.     Upon information and belief, Defendant Navman NZ Limited ("Navman New Zealand") is a New Zealand corporation having its principal place of business in Auckland, New Zealand.

40.     Upon information and belief, Defendant Navman U.S.A., Inc. ("Navman U.S.") is a Delaware corporation having its principal place of business in Acton, Massachusetts. (Navman New Zealand and Navman U.S. will be referred to collectively as "Navman.")

41.     Upon information and belief, Defendant Olympus Corporation ("Olympus Japan") is a Japan corporation having its principal place of business in Tokyo, Japan.

42.     Upon information and belief, Defendant Olympus America, Inc. ("Olympus America") is a New York corporation having its principal place of business in Melville, New York. (Olympus Japan and Olympus America will be referred to collectively as "Olympus.")

43.     Upon information and belief, Defendant Pentax Corporation ("Pentax Japan") is a Japan corporation having its principal place of business in Tokyo, Japan.

44.     Upon information and belief, Defendant Pentax U.S.A., Inc. ("Pentax U.S.A.") is a Delaware corporation having its principal place of business in Golden, Colorado.  (Pentax Japan and Pentax U.S.A. will be referred to collectively as "Pentax.")

45.     Upon information and belief, Defendant Picvue Electronics Limited. ("Picvue") is a Taiwan corporation having its principal place of business in Hsinchu, Taiwan.

46.     Upon information and belief, Defendant Quanta Display Inc. ("Quanta Display") is a Taiwan corporation having its principal place of business in Taoyuan, Taiwan.

47.     Upon information and belief, Defendant Samsung SDI Co., Ltd. ("SDI Korea") is a South Korea corporation having its principal place of business in Seoul, South Korea.

48.    Upon information and belief, Defendant Samsung SDI America, Inc. ("SDI America") is a California corporation having its principal place of business in Rancho Dominguez, California.   (SDI Korea and SDI America will be referred to collectively as "Samsung SDI.")

49.    Upon information and belief, Defendant Sony Corporation ("Sony Japan") is a Japan corporation having its principal place of business in Tokyo, Japan.

50.    Upon information and belief, Defendant Sony Corporation of America ("Sony America") is a New York corporation having its principal place of business in New York, New York. (Sony Japan and Sony America will be referred to collectively as "Sony.")

51.    Upon information and belief, Defendant Sony Ericsson Mobile Communications AB ("Sony Ericsson England") is an England corporation having its principal place of business in London, England.

52.    Upon information and belief, Defendant Sony Ericsson Mobile Communications (USA) Inc. ("Sony Ericsson USA") is a Delaware corporation having its principal place of business in Research Triangle Park, North Carolina. (Sony Ericsson England and Sony Ericsson USA will be referred to collectively as "Sony Ericsson.")

53.    Upon information and belief, Defendant ST Liquid Crystal Display Corp. ("ST-LCD") is a Japan corporation having its principal place of business in Aichi, Japan.

54.    Upon information and belief, Defendant Toppoly Optoelectronics Corp. ("Toppoly") is a Taiwan corporation having its principal place of business in Miao-Li County, Taiwan.

55.    Upon information and belief, Defendant Toshiba Corporation ("Toshiba Japan") is a Japan corporation having its principal place of business in Tokyo, Japan.

56.     Upon information and belief, Defendant Toshiba America, Inc. ("Toshiba America") is a Delaware corporation having its principal place of business in Irvine, California. (Toshiba Japan and Toshiba America will be referred to collectively as "Toshiba.")

57.     Upon information and belief, Defendant Wintek Corp. ("Wintek Taiwan") is a Taiwan corporation having its principal place of business in Taichung, Taiwan.

58.     Upon information and belief, Defendant Wintek Electro-Optics Corporation ("Wintek US") is a Delaware corporation having its principal place of business in Ann Arbor, Michigan.  (Wintek Taiwan and Wintek US will be referred to collectively as "Wintek.")

59.     Upon information and belief, Defendant Wistron Corporation ("Wistron") is a Taiwan corporation having its principal place of business in Taipei, Taiwan.

60.     Upon information and belief, M-Display Optronics Corp. d/b/a M-Display Corporation ("M-Display"), is a Taiwan corporation having its principal place of business in Hsinchu, Taiwan.  Also upon information and belief, M-Display is Wistron's affiliate and a manufacturer of its LCD modules.  (Wistron and M-Display will be referred to collectively as "Wistron.")

**<u>Jurisdiction and Venue</u>**

61.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1338(a).

62.     Personal jurisdiction over defendants comports with the United States Constitution and § 3104 of title 10 of the Delaware Code because defendants have committed and continue to commit, have contributed to and continue to contribute to, and have induced and continue to induce, acts of patent infringement in this district as alleged in this First Amended Complaint.

63.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## Background to the Action

64.    In the 1980s, years before LCD screen-containing products such as cellular phones, digital cameras, PDAs, and portable DVD players became ubiquitous in the consumer electronics market, the aviation and aerospace industry became interested in replacing traditional cockpit displays with LCD displays. Honeywell invested heavily in developing the technology necessary to provide LCD displays that would meet this need.

65.    Among Honeywell's LCD display inventions was technology that enables a display to produce a brighter image (making the screen easier to see) without requiring additional power while helping to reduce the appearance of an undesirable interference pattern called the "Moire effect" on the screen. Honeywell protected this invention by obtaining United States Patent No. 5,280,371, (the "'371 Patent"), which was duly and legally issued by the United States Patent and Trademark Office on January 18, 1994. A copy of the '371 Patent is attached hereto as Exhibit 1.

66.    Honeywell possesses the right to sue infringers of the '371 Patent.

## Acts Giving Rise to the Action

67.    Apple has been and is engaged in the manufacture, importation, offer for sale, and/or sale of products that include a liquid crystal display (LCD) in the United States with the knowledge and intention that such LCD screen-containing products would be sold throughout the United States, including this judicial district. Such products include at least one of the following: laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, portable televisions, portable entertainment systems, and/or portable navigation aids.

68.    All Around has been and is engaged in the manufacture, importation, offer for sale, and/or sale of liquid crystal display (LCD) modules that are incorporated into products that are sold in the United States with the knowledge and intention that such LCD screen-containing products would be sold throughout the United States, including this judicial district. Such products include at least one of the following: laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, portable televisions, portable entertainment systems, and/or portable navigation aids.

69.    Argus has been and is engaged in the manufacture, importation, offer for sale, and/or sale of products that include a liquid crystal display (LCD) in the United States with the knowledge and intention that such LCD screen-containing products would be sold throughout the United States, including this judicial district. Such products include at least one of the following: laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, portable televisions, portable entertainment systems, and/or portable navigation aids.

70.    Arima Display has been and is engaged in the manufacture, importation, offer for sale, and/or sale of liquid crystal display (LCD) modules that are incorporated into products that are sold in the United States with the knowledge and intention that such LCD screen-containing products would be sold throughout the United States, including this judicial district. Such products include at least one of the following: laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, portable televisions, portable entertainment systems, and/or portable navigation aids.

71.    AUO has been and is engaged in the manufacture, importation, offer for sale, and/or sale of liquid crystal display (LCD) modules that are incorporated into products that are sold in the United States with the knowledge and intention that such LCD screen-containing

products would be sold throughout the United States, including this judicial district. Such products include at least one of the following: laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, portable televisions, portable entertainment systems, and/or portable navigation aids.

72.     BOE has been and is engaged in the manufacture, importation, offer for sale, and/or sale of liquid crystal display (LCD) modules that are incorporated into products that are sold in the United States with the knowledge and intention that such LCD screen-containing products would be sold throughout the United States, including this judicial district. Such products include at least one of the following: laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, portable televisions, portable entertainment systems, and/or portable navigation aids.

73.     Casio has been and is engaged in the use, manufacture, importation, offer for sale, and/or sale of liquid crystal display (LCD) modules and/or products that include an LCD module in the United States with the knowledge and intention that such LCD modules and/or products would be sold throughout the United States, including this judicial district. Such products include at least one of the following: LCD modules, laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, portable televisions, portable entertainment systems, and/or portable navigation aids.

74.     Citizen Systems has been and is engaged in the manufacture, importation, offer for sale, and/or sale of liquid crystal display (LCD) modules that are incorporated into products that are sold in the United States with the knowledge and intention that such LCD screen-containing products would be sold throughout the United States, including this judicial district. Such products include at least one of the following: laptop computers, cellular phones, PDAs,

digital still cameras, video cameras, portable DVD players, portable televisions, portable entertainment systems, and/or portable navigation aids.

75.     Concord has been and is engaged in the manufacture, importation, offer for sale, and/or sale products that include a liquid crystal display (LCD) in the United States with the knowledge and intention that such LCD screen-containing products would be sold throughout the United States, including this judicial district. Such products include at least one of the following: laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, portable televisions, portable entertainment systems, and/or portable navigation aids.

76.     Dell has been and is engaged in the manufacture, importation, offer for sale, and/or sale of products that include a liquid crystal display (LCD) in the United States with the knowledge and intention that such LCD screen-containing products would be sold throughout the United States, including this judicial district. Such products include at least one of the following: laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, portable televisions, portable entertainment systems, and/or portable navigation aids.

77.     Kodak has been and is engaged in the manufacture, importation, offer for sale, and/or sale products that include a liquid crystal display (LCD) in the United States with the knowledge and intention that such LCD screen-containing products would be sold throughout the United States, including this judicial district. Such products include at least one of the following: laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, portable televisions, portable entertainment systems, and/or portable navigation aids.

78.     Fuji has been and is engaged in the manufacture, importation, offer for sale, and/or sale of liquid crystal display (LCD) modules and/or products that include an LCD module in the United States with the knowledge and intention that such LCD modules and/or products

would be sold throughout the United States, including this judicial district. Such products include at least one of the following: laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, portable televisions, portable entertainment systems, and/or portable navigation aids.

79.    Fujitsu has been and is engaged in the manufacture, importation, offer for sale, and/or sale of products that include a liquid crystal display (LCD) in the United States with the knowledge and intention that such LCD screen-containing products would be sold throughout the United States, including this judicial district. Such products include at least one of the following: laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, portable televisions, portable entertainment systems, and/or portable navigation aids.

80.    HannStar has been and is engaged in the manufacture, importation, offer for sale, and/or sale of liquid crystal display (LCD) modules that are incorporated into products that are sold in the United States with the knowledge and intention that such LCD screen-containing products would be sold throughout the United States, including this judicial district. Such products include at least one of the following: laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, portable televisions, portable entertainment systems, and/or portable navigation aids.

81.    Hitachi has been and is engaged in the manufacture, importation, offer for sale, and/or sale of liquid crystal display (LCD) modules that are incorporated into products that are sold in the United States with the knowledge and intention that such LCD screen-containing products would be sold throughout the United States, including this judicial district. Such products include at least one of the following: laptop computers, cellular phones, PDAs, digital

still cameras, video cameras, portable DVD players, portable televisions, portable entertainment systems, and/or portable navigation aids.

82.    Innolux has been and is engaged in the manufacture, importation, offer for sale, and/or sale of liquid crystal display (LCD) modules that are incorporated into products that are sold in the United States with the knowledge and intention that such LCD screen-containing products would be sold throughout the United States, including this judicial district. Such products include at least one of the following: laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, portable televisions, portable entertainment systems, and/or portable navigation aids.

83.    ID Tech has been and is engaged in the manufacture, importation, offer for sale, and/or sale of liquid crystal display (LCD) modules that are incorporated into products that are sold in the United States with the knowledge and intention that such LCD screen-containing products would be sold throughout the United States, including this judicial district. Such products include at least one of the following: laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, portable televisions, portable entertainment systems, and/or portable navigation aids.

84.    Philips has been and is engaged in the manufacture, importation, offer for sale, and/or sale of liquid crystal display (LCD) modules that are incorporated into products that are sold in the United States with the knowledge and intention that such LCD screen-containing products would be sold throughout the United States, including this judicial district. Such products include at least one of the following: laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, portable televisions, portable entertainment systems, and/or portable navigation aids.

85.     Kyocera Wireless has been and is engaged in the manufacture, importation, offer for sale, and/or sale of products that include a liquid crystal display (LCD) in the United States with the knowledge and intention that such LCD screen-containing products would be sold throughout the United States, including this judicial district. Such products include at least one of the following: laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, portable televisions, portable entertainment systems, and/or portable navigation aids.

86.     Matsushita has been and is engaged in the use, manufacture, importation, offer for sale, and/or sale of liquid crystal display (LCD) modules and/or products that include an LCD module in the United States with the knowledge and intention that such LCD modules and/or module products would be sold throughout the United States, including this judicial district. Such products include at least one of the following: LCD modules, laptop computers, cellular phones, PDAs, portable DVD players, portable televisions, portable entertainment systems, and/or portable navigation aids.

87.     Navman has been and is engaged in the manufacture, importation, offer for sale, and/or sale of products that include a liquid crystal display (LCD) in the United States with the knowledge and intention that such LCD screen-containing products would be sold throughout the United States, including this judicial district. Such products include at least one of the following: laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, portable televisions, portable entertainment systems, and/or portable navigation aids.

88.     Olympus has been and is engaged in the manufacture, importation, offer for sale, and/or sale of products that include a liquid crystal display (LCD) in the United States with the knowledge and intention that such LCD screen-containing products would be sold throughout the

United States, including this judicial district. Such products include at least one of the following: laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, portable televisions, portable entertainment systems, and/or portable navigation aids.

89.     Pentax has been and is engaged in the manufacture, importation, offer for sale, and/or sale of products that include a liquid crystal display (LCD) in the United States with the knowledge and intention that such LCD screen-containing products would be sold throughout the United States, including this judicial district. Such products include at least one of the following: laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, portable televisions, portable entertainment systems, and/or portable navigation aids.

90.     Picvue has been and is engaged in the manufacture, importation, offer for sale, and/or sale of liquid crystal display (LCD) modules that are incorporated into products that are sold in the United States with the knowledge and intention that such LCD screen-containing products would be sold throughout the United States, including this judicial district. Such products include at least one of the following: laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, portable televisions, portable entertainment systems, and/or portable navigation aids.

91.     Quanta Display has been and is engaged in the manufacture, importation, offer for sale, and/or sale of liquid crystal display (LCD) modules that are incorporated into products that are sold in the United States with the knowledge and intention that such LCD screen-containing products would be sold throughout the United States, including this judicial district. Such products include at least one of the following: laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, portable televisions, portable entertainment systems, and/or portable navigation aids.

92.     Samsung SDI has been and is engaged in the manufacture, importation, offer for sale, and/or sale of liquid crystal display (LCD) modules that are incorporated into products that are sold in the United States with the knowledge and intention that such LCD screen-containing products would be sold throughout the United States, including this judicial district. Such products include at least one of the following: laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, portable televisions, portable entertainment systems, and/or portable navigation aids.

93.     Sony has been and is engaged in the use, manufacture, importation, offer for sale, and/or sale of liquid crystal display (LCD) modules and/or products that include an LCD module in the United States with the knowledge and intention that such LCD modules and/or products would be sold throughout the United States, including this judicial district. Such products include at least one of the following: LCD modules, laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, portable televisions, portable entertainment systems, and/or portable navigation aids.

94.     Sony Ericsson has been and is engaged in the manufacture, importation, offer for sale, and/or sale of products that include a liquid crystal display (LCD) in the United States with the knowledge and intention that such LCD screen-containing products would be sold throughout the United States, including this judicial district. Such products include at least one of the following: laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, portable televisions, portable entertainment systems, and/or portable navigation aids.

95.     ST-LCD has been and is engaged in the manufacture, importation, offer for sale, and/or sale of liquid crystal display (LCD) modules that are incorporated into products that are

sold in the United States with the knowledge and intention that such LCD screen-containing products would be sold throughout the United States, including this judicial district. Such products include at least one of the following: laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, portable televisions, portable entertainment systems, and/or portable navigation aids.

96.    Toppoly has been and is engaged in the manufacture, importation, offer for sale, and/or sale of liquid crystal display (LCD) modules that are incorporated into products that are sold in the United States with the knowledge and intention that such LCD screen-containing products would be sold throughout the United States, including this judicial district. Such products include at least one of the following: laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, portable televisions, portable entertainment systems, and/or portable navigation aids.

97.    Toshiba has been and is engaged in the use, manufacture, importation, offer for sale, and/or sale of liquid crystal display (LCD) modules and/or products that include an LCD module in the United States with the knowledge and intention that such LCD modules and/or products would be sold throughout the United States, including this judicial district. Such products include at least one of the following: LCD modules, laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, portable televisions, portable entertainment systems, and/or portable navigation aids.

98.    Wintek has been and is engaged in the manufacture, importation, offer for sale, and/or sale of liquid crystal display (LCD) modules that are incorporated into products that are sold in the United States with the knowledge and intention that such LCD screen-containing products would be sold throughout the United States, including this judicial district. Such

products include at least one of the following: laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, portable televisions, portable entertainment systems, and/or portable navigation aids.

99.     Wistron has been and is engaged in the manufacture, importation, offer for sale, and/or sale of liquid crystal display (LCD) modules that are incorporated into products that are sold in the United States with the knowledge and intention that such LCD screen-containing products would be sold throughout the United States, including this judicial district. Such products include at least one of the following: laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, portable televisions, portable entertainment systems, and/or portable navigation aids.

100.     At least some of the LCD modules and/or LCD screen-containing products manufactured, imported, offered for sale, and/or sold by Apple, All Around, Argus, Arima Display, AUO, BOE, Casio, Citizen Systems, Concord, Dell, Kodak, Fuji, Fujitsu, HannStar, Hitachi, Innolux, ID Tech, Philips, Kyocera Wireless, Matsushita, Navman, Olympus, Pentax, Picvue, Quanta Display, Samsung SDI, Sony, Sony Ericsson, ST-LCD, Toppoly, Toshiba, Wintek, and Wistron infringe the '371 patent literally and/or under the doctrine of equivalents, making Apple, All Around, Argus, Arima Display, AUO, BOE, Casio, Citizen Systems, Concord, Dell, Kodak, Fuji, Fujitsu, HannStar, Hitachi, Innolux, ID Tech, Philips, Kyocera Wireless, Matsushita, Navman, Olympus, Pentax, Picvue, Quanta Display, Samsung SDI, Sony, Sony Ericsson, ST-LCD, Toppoly, Toshiba, Wintek, and Wistron liable for direct and/or indirect infringement under 35 U.S.C. § 271.

101.     The manufacture, importation, offer for sale, or sale of these infringing products, and/or the continued such manufacture, importation, offer for sale, or sale of them in the future

by Apple, All Around, Argus, Arima Display, AUO, BOE, Casio, Citizen Systems, Concord, Dell, Kodak, Fuji, Fujitsu, HannStar, Hitachi, Innolux, ID Tech, Philips, Kyocera Wireless, Matsushita, Navman, Olympus, Pentax, Picvue, Quanta Display, Samsung SDI, Sony, Sony Ericsson, ST-LCD, Toppoly, Toshiba, Wintek, and Wistron is and/or will be willful, warranting a finding that this is an exceptional case pursuant to 35 U.S.C. § 285, entitling Honeywell to treble damages, and an award of attorneys' fees.

## Prayer For Relief

WHEREFORE, Plaintiffs pray for entry of a judgment against Defendants as follows:

a.      That Defendants have infringed the '371 patent;

b.      That Defendants, and their respective agents, servants, officers, directors, employees and all persons acting in concert with them, directly or indirectly, be preliminarily and permanently enjoined from infringing, inducing others to infringe, or contributing to the infringement of the '371 patent;

c.      That Defendants account for and pay to Plaintiffs damages adequate to compensate them for Defendants' infringement, in an amount to be proven at trial, together with interest and costs as fixed by the Court;

d.      Finding that Defendants' infringement has been willful and trebling the award of damages;

e.      Declaring that this case is exceptional and awarding Plaintiffs their costs and attorneys' fees in accordance with 35 U.S.C. § 285; and

f.      That Plaintiffs be awarded such other and further relief as the Court may deem just and equitable.

## Jury Demand

Plaintiffs hereby demand a trial by jury on all issues triable by a jury.

MORRIS, NICHOLS, ARSHT & TUNNELL

*/s/ Leslie A. Polizoti*

_____

Thomas C. Grimm (#1098)
Leslie A. Polizoti (#4299)
tgrimm@mnat.com
lpolizoti@mnat.com
1201 N. Market Street
Wilmington, DE 19899-1347
(302) 658-9200
 *Attorneys for Plaintiffs*

OF COUNSEL:

Martin R. Lueck
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
(612) 349-8500

November 7, 2005

491437

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 7, 2005, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send notification of such filing to the following: John R. Alison, Parker H. Bagley, Robert J. Benson, Robert Karl Beste, III, Christopher E. Chalsen, Arthur G. Connolly, III, Frederick L. Cottrell, III, Francis DiGiovanni, Thomas M. Dunham, Amy Elizabeth Evans, York M. Faulkner, Christopher J. Gaspar, Alexander E. Gasser, Alan M. Grimaldi, Thomas C. Grimm, Thomas Lee Halkowski, Richard L. Horwitz, Robert J. Katzenstein, Nelson M. Kee, Richard D. Kelly, David Ellis Moore, Arthur I. Neustadt, Elizabeth A. Niemeyer, Andrew M. Ollis, Karen L. Pascale, Adam Wyatt Poff, Leslie A. Polizoti, Steven J. Rizzi, Avelyn M. Ross, Philip A. Rovner, Carl E. Schlier, Chad Michael Shandler, John W. Shaw, William J. Wade, Roderick B. Williams and Edward R. Yoches.

I also certify that on November 7, 2005, I caused to be served true and correct copies of the foregoing document on the following by hand:

Frederick L. Cottrell, III
Chad M. Shandler
RICHARDS LAYTON & FINGER
One Rodney Square
P.O. Box 551
Wilmington, DE  19899-0551
*Attorneys for Eastman Kodak Company*

William J. Wade
RICHARDS LAYTON & FINGER
One Rodney Square
P.O. Box 551
Wilmington, DE  19899-0551
*Attorneys for Matsushita Electrical Industrial Co. and Matsushita Electrical Corporation of America*

Adam Wyatt Poff
YOUNG CONAWAY STARGATT
  & TAYLOR
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899-0391
*Attorneys for Pentax Corporation and Pentax U.S.A., Inc.*

John W. Shaw
YOUNG CONAWAY STARGATT & TAYLOR
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899-0391
*Attorneys for Olympus Corporation, Olympus America, Inc., Sony Corporation and Sony Corporation of America*

Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street, P.O. Box 951
Wilmington, DE  19899
*Attorneys for Concord Cameras, Dell Inc., Fujitsu Limited, Fujitsu America, Inc., Fujitsu Computer Products of America, Inc., Toshiba Corporation, Toshiba America, Inc., Philips Electronics North America Corp. and Wintek Electro-Optics Corporation*

Philip A. Rovner
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street, P.O. Box 951
Wilmington, DE  19899
*Attorneys for Fuji Photo Film Co., Ltd. and Fuji Photo Film U.S.A., Inc.*

Arthur G. Connolly, III
Brian M. Gottesman
CONNOLLY, BOVE, LODGE & HUTZ LLP
The Nemours Building, 8th Floor
1007 N. Orange Street, P.O. Box 2207
Wilmington, DE  19899
*Attorneys for Navman NZ Limited and Navman U.S.A. Inc.*

Francis DiGiovanni
James M. Olson
CONNOLLY, BOVE, LODGE & HUTZ LLP
The Nemours Building, 8th Floor
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE  19899
*Attorneys for Sony Ericcson Mobile Communications AB and Sony Ericcson Mobile Communications (USA) Inc.*

Thomas L. Halkowski
FISH & RICHARDSON P.C.
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE  19899-1114
*Attorneys for Apple Computer, Inc., Casio*
*Computer Co., Ltd., and Casio, Inc.*

Robert J. Katzenstein
Joelle E. Polesky
SMITH, KATZENSTEIN
   & FURLOW LLP
800 Delaware Avenue, 7th Floor
P.O. Box 410
Wilmington, DE  19899
*Attorneys for Kyocera Wireless Corp.*
*and Seiko Epson Corporation*

Amy Evans
CROSS & SIMON
913 N. Market Street, Suite 1001
P.O. Box 1380
Wilmington, DE  19899-1380
*Attorneys for Argus a/k/a Hartford*
*Computer Group, Inc.*

Andre G. Bouchard
Karen L. Pascale
BOUCHARD MARGULES &
   FRIEDLANDER, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE  19801
*Attorneys for Third-Party Defendant*
*Optrex America, Inc.*

*/s/ Leslie A. Polizoti* (#4299)
MORRIS, NICHOLS, ARSHT AND TUNNELL
1201 North Market Street
Wilmington, DE 19801
(302) 658-9200
lpolizoti@mnat.com