**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| HONEYWELL INTERNATIONAL INC. and <br> HONEYWELL INTELLECTUAL PROPERTIES INC., <br><br> Plaintiffs, <br><br> v. <br><br> APPLE COMPUTER, INC.; ALL AROUND CO., LTD., <br> ARGUS A/K/A HARTFORD COMPUTER GROUP, INC.; <br> ARIMA DISPLAY; AU OPTRONICS CORP.; AU <br> OPTRONICS CORPORATION AMERICA; BOE <br> TECHNOLOGY GROUP COMPANY LTD.; BEIJING BOE <br> OPTOELECTRONICS TECHNOLOGY CO., LTD.; BOE-- <br> HYDIS TECHNOLOGY CO., LTD.; CASIO COMPUTER <br> CO., LTD.; CASIO, INC.; CITIZEN SYSTEMS EUROPE; <br> CITIZEN SYSTEMS AMERICA CORPORATION; <br> CONCORD CAMERAS; DELL INC.; EASTMAN KODAK <br> COMPANY; FUJI PHOTO FILM CO., LTD.; FUJI PHOTO <br> FILM U.S.A., INC.; FUJITSU LIMITED; FUJITSU <br> AMERICA, INC.; FUJITSU COMPUTER PRODUCTS OF <br> AMERICA, INC.; HANNSTAR DISPLAY <br> CORPORATION; HITACHI, LTD.; HITACHI DISPLAYS, <br> LTD.; HITACHI DISPLAY DEVICES, LTD.; HITACHI <br> ELECTRONIC DEVICES (USA), INC.; INNOLUX <br> DISPLAY CORPORATION; INTERNATIONAL DISPLAY <br> TECHNOLOGY; INTERNATIONAL DISPLAY <br> TECHNOLOGY USA, INC.; KONINKLIJKE PHILIPS <br> ELECTRONICS N.V.; PHILIPS CONSUMER <br> ELECTRONICS NORTH AMERICA; PHILIPS <br> ELECTRONICS NORTH AMERICA CORPORATION; <br> KYOCERA WIRELESS CORP.; MATSUSHITA <br> ELECTRICAL INDUSTRIAL CO.; MATSUSHITA <br> ELECTRICAL CORPORATION OF AMERICA; NAVMAN <br> NZ LIMITED; NAVMAN U.S.A. INC.; OLYMPUS <br> CORPORATION; OLYMPUS AMERICA, INC.; PENTAX <br> CORPORATION; PENTAX U.S.A., INC.; PICVUE <br> ELECTRONICS LIMITED; QUANTA DISPLAY INC.; <br> SAMSUNG SDI CO., LTD; SAMSUNG SDI AMERICA, <br> INC.; SONY CORPORATION; SONY CORPORATION OF <br> AMERICA; SONY ERICSSON MOBILE <br> COMMUNICATIONS AB; SONY ERICSSON MOBILE <br> COMMUNICATIONS (USA) INC.; ST LIQUID CRYSTAL | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br><br><br> C.A. No. 04-1338-KAJ <br><br> JURY TRIAL DEMAND |

DISPLAY CORP.; TOPPOLY OPTOELECTRONICS )
CORP.; TOSHIBA CORPORATION; TOSHIBA )
AMERICA, INC.; WINTEK CORP.; WINTEK ELECTRO- )
OPTICS CORPORATION; WISTRON CORPORATION; )
and M-DISPLAY OPTRONICS CORP., )
                                                                     )
                              Defendants.        )

## DEFENDANTS FUJI PHOTO FILM CO., LTD. AND FUJI PHOTO FILM U.S.A., INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO HONEYWELL'S FIRST AMENDED COMPLAINT

Defendants Fuji Photo Film Co., Ltd. ("Fuji Japan") and Fuji Photo Film U.S.A., Inc. ("Fuji USA") (collectively "Fuji") by and through their undersigned counsel, files this Answer and Affirmative Defenses to Plaintiffs Honeywell International Inc.'s ("Honeywell International") and Honeywell International Properties Inc.'s ("Honeywell IP") (collectively "Honeywell") First Amended Complaint And Demand For Jury Trial (the "Amended Complaint").

## INTRODUCTORY STATEMENT

Pursuant to the Memorandum Orders of this Court dated May 18, 2005 and October 7, 2005, these proceedings are partially stayed against "Non-manufacturer Defendants" that have satisfied the requirements set forth in the October 7, 2005 Order. This action, to the extent Fuji is a "Non-manufacturer Defendant," is therefore stayed. Accordingly, this Answer does not cover products which are subject to the Stay as ordered by this Court.

## GENERAL RESPONSE

Fuji has not completed its investigation into the affirmative defenses available to it and reserves the right to amend its answer to assert additional affirmative defenses and possibly counterclaims after the investigation is complete.

## NATURE OF THE ACTION

1.    Fuji admits that Plaintiff alleges a claim for willful infringement of U.S 5,280,371 ("the '371 patent") against Fuji and other defendants. Fuji denies that they have infringed, willfully or otherwise, any valid claim of the '371 patent and any remaining allegations of paragraph 1 of the Amended Complaint.

## THE PARTIES

2.    Fuji admits the allegations set forth in paragraph 2 of the Amended Complaint.

3.    Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Amended Complaint, and therefore denies them.

4.    Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Amended Complaint, and therefore denies them.

5.    Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Amended Complaint, and therefore denies them.

6.    Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Amended Complaint, and therefore denies them.

7.    Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Amended Complaint, and therefore denies them.

8.    Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Amended Complaint, and therefore denies them.

9.    Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Amended Complaint, and therefore denies them.

10.    Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Amended Complaint, and therefore denies them.

11.    Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Amended Complaint, and therefore denies them.

12.    Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Amended Complaint, and therefore denies them.

13.    Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Amended Complaint, and therefore denies them.

14.    Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Amended Complaint, and therefore denies them.

15.    Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Amended Complaint, and therefore denies them.

16.    Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Amended Complaint, and therefore denies them.

17.    Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Amended Complaint, and therefore denies them.

18.    Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Amended Complaint, and therefore denies them.

19.    Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Amended Complaint, and therefore denies them.

20.    Fuji admits the allegations of paragraph 20 of the Amended Complaint.

21.    Fuji admits the allegations of paragraph 21 of the Amended Complaint.

22.    Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the Amended Complaint, and therefore denies them.

23.    Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the Amended Complaint, and therefore denies them.

24.    Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Amended Complaint, and therefore denies them.

25.    Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the Amended Complaint, and therefore denies them.

26.    Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the Amended Complaint, and therefore denies them.

27.    Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the Amended Complaint, and therefore denies them.

28.    Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the Amended Complaint, and therefore denies them.

29.    Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the Amended Complaint, and therefore denies them.

30.    Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the Amended Complaint, and therefore denies them.

31.    Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the Amended Complaint, and therefore denies them.

32.    Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the Amended Complaint, and therefore denies them.

33.    Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 of the Amended Complaint, and therefore denies them.

34.    Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 of the Amended Complaint, and therefore denies them.

35.    Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 of the Amended Complaint, and therefore denies them.

36.    Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36 of the Amended Complaint, and therefore denies them.

37.    Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 of the Amended Complaint, and therefore denies them.

38.    Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 of the Amended Complaint, and therefore denies them.

39.    Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 of the Amended Complaint, and therefore denies them.

40.    Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40 of the Amended Complaint, and therefore denies them.

41.    Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41 of the Amended Complaint, and therefore denies them.

42.    Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42 of the Amended Complaint, and therefore denies them.

43.    Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 43 of the Amended Complaint, and therefore denies them.

44.    Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44 of the Amended Complaint, and therefore denies them.

45.    Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 45 of the Amended Complaint, and therefore denies them.

46.    Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 46 of the Amended Complaint, and therefore denies them.

47.    Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 47 of the Amended Complaint, and therefore denies them.

48.    Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 48 of the Amended Complaint, and therefore denies them.

49.    Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 49 of the Amended Complaint, and therefore denies them.

50.    Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 50 of the Amended Complaint, and therefore denies them.

51.    Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 51 of the, Amended Complaint, and therefore denies them.

52.    Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 52 of the Amended Complaint, and therefore denies them.

53.    Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 53 of the Amended Complaint, and therefore denies them.

54.    Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 54 of the Amended Complaint, and therefore denies them.

55.    Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 55 of the Amended Complaint, and therefore denies them.

56. Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 56 of the Amended Complaint, and therefore denies them.

57. Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 57 of the Amended Complaint, and therefore denies them.

58. Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 58 of the Amended Complaint, and therefore denies them.

59. Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 59 of the Amended Complaint, and therefore denies them.

60. Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 60 of the Amended Complaint, and therefore denies them.

## JURISDICTION AND VENUE

61. Fuji admits that Plaintiff alleges a cause of action under the Patent Laws of the United States and that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1338(a).

62. Fuji admits that this Court has personal jurisdiction over them, but denies that they have infringed, contributed to the infringement of or induced the infringement of any valid claim of the '371 patent and therefore deny the remaining allegations contained in paragraph 62 of the Amended Complaint to the extent such allegations are directed to Fuji. For any allegations contained in paragraph 62 of the Amended Complaint that are directed to defendants other than Fuji, Fuji lacks knowledge or information sufficient to form a belief as to truth of the allegations and therefore denies them.

63. Fuji admits that venue is technically proper for Fuji, but avers that this District is not the most convenient forum and that this action, to the extent it is against Fuji should proceed in the Southern District of New York. For any allegations contained in paragraph 63 of the

Amended Complaint that are directed to defendants other than Fuji, Fuji lacks knowledge or information sufficient to form a belief as to truth of the allegations and therefore denies them.

## BACKGROUND TO THE ACTION

64.    Fuji lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 64 of the Amended Complaint, and therefore denies them.

65.    Fuji admits that a copy of the '371 patent is annexed as Exhibit 1 to the Amended Complaint, but avers that the '371 patent is invalid and was improperly issued to the named applicants. Fuji lacks information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 65 of the Amended Complaint, and therefore denies them.

66.    Fuji lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 66 of the Amended Complaint, and therefore denies them.

## ACTS GIVING RISE TO THE ACTION

67.    Fuji lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 67 of the Amended Complaint, and therefore denies them.

68.    Fuji lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 68 of the Amended Complaint, and therefore denies them.

69.    Fuji lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 69 of the Amended Complaint, and therefore denies them.

70.    Fuji lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 70 of the Amended Complaint, and therefore denies them.

71.    Fuji lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 71 of the Amended Complaint, and therefore denies them.

72.    Fuji lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 72 of the Amended Complaint, and therefore denies them.

73.     Fuji lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 73 of the Amended Complaint, and therefore denies them.

74.     Fuji lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 74 of the Amended Complaint, and therefore denies them.

75.     Fuji lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 75 of the Amended Complaint, and therefore denies them.

76.     Fuji lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 76 of the Amended Complaint, and therefore denies them.

77.     Fuji lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 77 of the Amended Complaint, and therefore denies them.

78.     Fuji denies that they are engaged in the manufacture of any Liquid Crystal Display ("LCD") modules and/or products that include an LCD module in the United States. Fuji admits that Fuji USA imports, offers for sale and sells products (digital still cameras) that include an LCD screen in the United States with the knowledge and intention that such LCD screen-containing products would be sold throughout the United States, including this judicial district. Fuji denies that in the United States, within the six years prior to the date of filing of the Complaint, they import, make, offer for sale or sell laptop computers, PDAs, cellular phones, video cameras, portable DVD players, portable televisions, portable entertainment systems, or portable navigation aids in the United States. Fuji admits that Fuji USA offers for sale and sells digital still cameras in the United States. Fuji denies the remaining allegations contained in paragraph 78 of the Amended Complaint.

79.     Fuji lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 79 of the Amended Complaint, and therefore denies them.

80.    Fuji lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 80 of the Amended Complaint, and therefore denies them.

81.    Fuji lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 81 of the Amended Complaint, and therefore denies them.

82.    Fuji lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 82 of the Amended Complaint, and therefore denies them.

83.    Fuji lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 83 of the Amended Complaint, and therefore denies them.

84.    Fuji lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 84 of the Amended Complaint, and therefore denies them.

85.    Fuji lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 85 of the Amended Complaint, and therefore denies them.

86.    Fuji lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 86 of the Amended Complaint, and therefore denies them.

87.    Fuji lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 87 of the Amended Complaint, and therefore denies them.

88.    Fuji lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 88 of the Amended Complaint, and therefore denies them.

89.    Fuji lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 89 of the Amended Complaint, and therefore denies them.

90.    Fuji lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 90 of the Amended Complaint, and therefore denies them.

91.    Fuji lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 91 of the Amended Complaint, and therefore denies them.

92.    Fuji lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 92 of the Amended Complaint, and therefore denies them.

93.    Fuji lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 93 of the Amended Complaint, and therefore denies them.

94.    Fuji lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 94 of the Amended Complaint, and therefore denies them.

95.    Fuji lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 95 of the Amended Complaint, and therefore denies them.

96.    Fuji lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 96 of the Amended Complaint, and therefore denies them.

97.    Fuji lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 97 of the Amended Complaint, and therefore denies them.

98.    Fuji lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 98 of the Amended Complaint, and therefore denies them.

99.    Fuji lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 99 of the Amended Complaint, and therefore denies them.

100.    Fuji denies that any LCD modules and/or LCD screen-containing product imported, offered for sale, or sold by Fuji infringes the '371 patent, either literally or under the doctrine of equivalents. Fuji denies that they are liable for either direct or indirect infringement under 35 U.S.C. § 271. Fuji denies the remaining allegations contained in paragraph 100 of the Amended Complaint to the extent they are directed to them. To the extent the allegations

contained in paragraph 100 of the Amended Complaint are directed to alleged infringement by defendants other than Fuji, Fuji lacks sufficient information to form a belief as to the truth of the allegations, and therefore denies them.

101.    Fuji denies the allegations contained in paragraph 101 of the Amended Complaint to the extent they are directed to Fuji.  To the extent the allegations contained in paragraph 101 of the Amended Complaint are directed to conduct of defendants other than Fuji, Fuji lacks sufficient information to form a belief as to the truth of the allegations, and therefore denies them.

## AFFIRMATIVE DEFENSES

102.    Fuji denies that Plaintiffs are entitled to any of the relief against Fuji requested in their Prayer for Relief.

103.    The claims of the '371 patent are invalid for failure to meet the requirements of the United States patent laws, 35 U.S.C. §100 *et seq.*, including but not limited to 35 U.S.C. §§ 102, 103 and 112.

104.    The '371 patent is unenforceable at least because the applicants and others with a duty to disclose improperly withheld material prior art from the Examiner of the application for the '371 patent.

105.    The '371 patent is unenforceable at least because it has been misused by Plaintiffs by the assertion of a scope of the claims beyond any reasonable interpretation thereof in order to wrongfully obtain revenue from the licensing of the '371 patent and/or from this action.

106.    Fuji has not infringed, contributed to the infringement of or induced the infringement of any valid and enforceable claim of the '371 patent.

107.    Neither of Plaintiffs Honeywell International nor Honeywell IP are the record owners of the '371 patent so that, on information and belief, neither has standing to bring this action.

108.    Plaintiffs are not entitled to recover damages for past infringement, if any, under the doctrine of laches and their claims, if valid, are barred by the doctrine of estoppel because of the unreasonable delay in bringing suit, in substantial excess of six years after at least one of Plaintiffs knew or should have known of (a) at least some of the digital still cameras including LCD screens of the type accused of infringement sold in the United States by Fuji USA, (b) at least some of the other accused products sold in the United States incorporating LCD screens provided by one or more of the suppliers of such screens to Fuji Japan, and/or (c) at least some of the LCD screens sold or offered for sale in the United States by a supplier of such screens to Fuji Japan. This delay has materially prejudiced Fuji USA and Fuji Japan, at least in part because the failure of Plaintiffs to bring the '371 patent to the attention of Fuji USA and/or Fuji Japan or to a supplier of LCD screens to Fuji Japan earlier, at a time when Plaintiffs would have been expected to do so, at least in part induced Fuji Japan to change its position by continuing to make or have made for sale in the United States, and at least in part induced Fuji USA to change its position by continuing to sell and offer for sale in the United States, the digital still cameras accused of infringement, in reliance on an absence of knowledge of the existence of the '371 patent, no less of Honeywell's claims of infringement. If Fuji USA or Fuji Japan had been made aware of the existence of the '371 patent and Plaintiffs' claims of infringement, Fuji Japan and its suppliers could have adopted a design of LCD screens for all of Fuji Japan's digital still cameras that avoids even Honeywell's unreasonable claims of infringement of the claims of the '371 patent, without regard to whether the claims of the '371 patent are valid or enforceable.

109.    To the extent Fuji's understanding of the Partial Stay is incorrect, Individuals or entities that are not named as a party to this action may be liable for at least a part of Plaintiffs' claims against Fuji.

110.    On information and belief, Plaintiffs' claim for damages, if any, against Fuji is statutorily limited by 35 U.S.C. § 286 and/or § 287.

## PRAYER FOR RELIEF

WHEREFORE Fuji prays for entry of judgment against Plaintiffs and in Fuji's favor as follows:

(a)    That all claims of Plaintiffs' Amended Complaint against Fuji be dismissed with prejudice;

(b)    That claims for past damages of Plaintiffs against Fuji are barred by laches and dismissed with prejudice;

(c)    That Plaintiffs are estopped from asserting claims for future relief against Fuji;

(d)    That none of the products of Fuji infringe any claim of the '371 patent;

(e)    That the claims of the '371 patent are invalid;

(f)    That the '371 patent is unenforceable and/or has been misused and that Plaintiffs are barred from asserting their claims against Fuji in their entirety;

(g)    That by reason of Plaintiffs' conduct, this is an exceptional case and awarding Fuji their reasonable attorney fees and costs under 35 U.S.C. § 285; and

(h)    That Fuji be awarded any such other and further relief as is just and proper.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Lawrence Rosenthal
Matthew W. Siegal
Angie M. Hankins
STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY 10038
(212) 806-5400

Dated:  November 28, 2005

708900

By:  /s/ Philip A. Rovner
        Philip A. Rovner (#3215)
        Hercules Plaza
        P.O. Box 951
        Wilmington, DE  19899-0951
        (302) 984-6000
        provner@potteranderson.com

Attorneys for Defendants
Fuji Photo Film Co., Ltd. and
Fuji Photo Film U.S.A., Inc.

# UNITED STATES DISTRICT COURT

## DISTRICT OF DELAWARE

### <u>CERTIFICATE OF SERVICE</u>

I, hereby certify that, on November 28, 2005, the within document was

electronically filed with the Clerk of the Court using CM-ECF which will send notification of

such filing to the following; the document was served by hand delivery on the following; and the

document is available for viewing and downloading from CM-ECF:

**<u>BY HAND DELIVERY</u>**

Thomas C. Grimm, Esq.
Kristen Healey, Esq.
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

Thomas L. Halkowski, Esq.
Fish & Richardson P.C.
919 N. Market Street
Suite 1100
P.O. Box 1114
Wilmington, DE 19899

William J. Wade, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

Adam Wyatt Poff, Esq.
Young, Conaway, Stargatt & Taylor LLP
1000 West Street, 17th Floor
P.O. Box 3981
Wilmington, D E 19899-0391

**<u>BY HAND DELIVERY</u>**

Frederick L. Cottrell, III, Esq.
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801

Richard L. Horwitz, Esq.
David E. Moore, Esq.
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899

John W. Shaw, Esq.
Glenn C. Mandalas, Esq.
Young, Conaway, Stargatt & Taylor LLP
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE 19899-0391

Francis DiGiovanni, Esq.
James M. Olsen, Esq.
Connolly Bove Lodge & Hutz LLP
The Nemours Building – 8th Fl.
1007 N. Orange Street
Wilmington, DE 19899-2207

Arthur G. Connolly, III, Esq.
Brian M. Gottesman, Esq.
Connolly Bove Lodge & Hutz LLP
The Nemours Building – 8th Floor
1007 N. Orange Street
P. O. Box 2207
Wilmington, DE  19899-2207

Amy Evans, Esq.
Cross & Simon, LLC
913 N. Market Street, Suite 1001
Wilmington, DE  19899-1380

Robert J. Katzenstein, Esq.
Joelle E. Polesky, Esq.
800 Delaware Avenue, 7th Fl.
P.O. Box 410
Wilmington, DE  19899

Karen L. Pascale, Esq.
Bouchard Margules & Friedlander, P.A.
222 Delaware Avenue
Suite 1400
Wilmington, DE  19801

_____
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE  19899
(302) 984-6000
E-mail:  provner@potteranderson.com

665446