IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HONEYWELL INTERNATIONAL INC. and | ) | |
| HONEYWELL INTELLECTUAL PROPERTIES | ) | |
| INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| APPLE COMPUTER, INC.; ALL AROUND CO., | ) | |
| LTD., ARGUS A/K/A HARTFORD COMPUTER | ) | |
| GROUP, INC.; ARIMA DISPLAY; AU | ) | C.A. No. 04-1338-KAJ |
| OPTRONICS CORP.; AU OPTRONICS | ) | |
| CORPORATION AMERICA; BOE | ) | |
| TECHNOLOGY GROUP COMPANY, LTD.; | ) | |
| BEIJING BOE OPTOELECTRONICS | ) | |
| TECHNOLOGY CO., LTD.; BOE-HYDIS | ) | |
| TECHNOLOGY CO., LTD.; CASIO COMPUTER | ) | |
| CO., LTD.; CASIO, INC.; CITIZEN SYSTEMS | ) | |
| EUROPE; CITIZEN SYSTEMS AMERICA | ) | |
| CORPORATION; CONCORD CAMERAS; DELL | ) | |
| INC.; EASTMAN KODAK COMPANY; FUJI | ) | |
| PHOTO FILM CO., LTD.; FUJI PHOTO FILM | ) | |
| U.S.A., INC.; FUJITSU LIMITED; FUJITSU | ) | |
| AMERICA, INC.; FUJITSU COMPUTER | ) | |
| PRODUCTS OF AMERICA, INC.; HANNSTAR | ) | |
| DISPLAY CORPORATION; HITACHI, LTD.; | ) | |
| HITACHI DISPLAYS, LTD.; HITACHI DISPLAY | ) | |
| DEVICES, LTD.; HITACHI ELECTRONIC | ) | |
| DEVICES (USA), INC.; INNOLUX DISPLAY | ) | |
| CORPORATION; INTERNATIONAL DISPLAY | ) | |
| TECHNOLOGY; INTERNATIONAL DISPLAY | ) | |
| TECHNOLOGY USA, INC.; KONINKLIJKE | ) | |
| PHILIPS ELECTRONICS N.V.; PHILIPS | ) | |
| CONSUMER ELECTRONICS NORTH AMERICA; | ) | |
| PHILIPS ELECTRONICS NORTH AMERICA | ) | |
| CORPORATION; KYOCERA WIRELESS CORP.; | ) | |
| MATSUSHITA ELECTRICAL INDUSTRIAL CO.; | ) | |
| MATSUSHITA ELECTRICAL CORPORATION | ) | |
| OF AMERICA; NAVMAN NZ LIMITED; | ) | |
| NAVMAN U.S.A. INC.; OLYMPUS | ) | |
| CORPORATION; OLYMPUS AMERICA, INC.; | ) | |
| PENTAX CORPORATION; PENTAX U.S.A., INC.; | ) | |
| PICVUE ELECTRONICS LIMITED; QUANTA | ) | |
| DISPLAY INC.; SAMSUNG SDI CO., LTD; | ) | |

SAMSUNG SDI AMERICA, INC; SONY      )
CORPORATION; SONY CORPORATION OF   )
AMERICA; SONY ERICSSON MOBILE     )
COMMUNICATIONS AB; SONY ERICSSON  )
MOBILE COMMUNICATIONS (USA) INC.; ST )
LIQUID CRYSTAL DISPLAY CORP.; TOPPOLY )
OPTOELECTRONICS CORP.; TOSHIBA     )
CORPORATION; TOSHIBA AMERICA, INC.;  )
WINTEK CORP.; WINTEK ELECTRO-OPTICS )
CORPORATION; WISTRON CORPORATION; and )
M-DISPLAY OPTRONICS CORP.,       )
                                        )
             Defendants.         )

## REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (REVISED) (LETTER ROGATORY)

The United States District Court for the District of Delaware presents its compliments to the Appropriate Judicial Authority of Taiwan, and requests international assistance to effect service of process to be used in a Civil proceeding before this Court in the above captioned matter. A trial on this matter will be held in Wilmington, Delaware, United States of America.

I.     REQUEST

This Court requests the assistance described herein as necessary in the interests of justice. The assistance requested is that the Appropriate Judicial Authority of Taiwan effect Service of Process of the Summons, Amended Complaint (with Exhibit 1), and Certified Translations on the below named business entity:

Quanta Display Inc.
No. 189 Hwa Ya 2nd Road
Kuei Shan Hsiang
Taoyuan
Taiwan

The Appropriate Judicial Authority of Taiwan is requested to serve the above-mentioned documents by personal service into the hands of a director, managing agent or other person authorized to accept service, or in a manner of service consistent with the law of Taiwan.

## II.    PLAINTIFFS' ALLEGATIONS

This is an action for infringement of a United States patent pursuant to 35 U.S.C. § 271.  The following is a summary of allegations made by the plaintiffs.  This Court has not reached any conclusions regarding the facts of the case and does not endorse the accuracy of the plaintiffs' allegations:

In the 1980s, years before LCD screen-containing products such as cellular phones, digital cameras, PDAs and portable DVD players became ubiquitous in the consumer electronics market, the aviation and aerospace industry became interested in replacing traditional cockpit displays with LCD displays.  Honeywell invested heavily in developing the technology necessary to provide LCD displays that would meet this need.

Among Honeywell's LCD display inventions was technology that enables a display to produce a brighter image (making the screen easier to see) without requiring additional power while helping to reduce the appearance of an undesirably interference pattern called the "Moire effect" on the screen.  Honeywell protected this invention by obtaining United States Patent No. 5,280,371 ("the '371 patent"), which was duly and legally issued by the United States Patent and Trademark Office on January 18, 1994.

Defendant has been and is engaged in the manufacture, importation, offer for sale, and/or sale of liquid crystal display (LCD) modules that are incorporated into products that are sold in the United States with the knowledge and intention that such LCD screen-containing products would be sold throughout the United States.  Such products include at least one of the following: laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, portable televisions,

portable entertainment systems, and/or portable navigation aids.

At least some of the LCD modules manufactured, imported, offered for sale, and/or sold by Defendant infringe the '371 patent literally and/or under the doctrine of equivalents, making Defendant liable for direct and/or indirect infringement under 35 U.S.C. § 271.

The manufacture, importation, offer for sale, or sale of these infringing products, and/or the continued such manufacture, importation, offer for sale, or sale of them in the future by Defendant is and/or will be willful, warranting a finding that this is an exceptional case pursuant to 35 U.S.C. § 285, entitling Honeywell to treble damages, and an award of attorneys' fees.

III.    RECIPROCITY

The United States District Court for the District of Delaware is willing to provide similar assistance to the judicial authorities of Taiwan.

IV.    REIMBURSEMENT FOR COSTS

The plaintiff's counsel and/or the plaintiff are willing to reimburse the judicial authorities of Taiwan for costs incurred in executing the United States District Court for the District of Delaware's letter rogatory.  If the estimated costs incurred in executing this request exceed $500, this Court requests that the Appropriate Judicial Authority of Taiwan please contact plaintiffs' counsel at the following address for prior approval:

Thomas C. Grimm, Esq.
Leslie A. Polizoti, Esq.
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington DE 19899-1347
Tel. No.: 302-658-9200

In acknowledgement of the additional time which is needed to prepare and file an Answer to the attached documents, the time period for answering is extended to 45 days after service.


Date: _____
[SEAL OF COURT]

_____
The Honorable Kent A. Jordan
U.S. District Court, District of Delaware
844 N. King Street
Lockbox 10
Wilmington, Delaware
United States of America


494619