IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HONEYWELL INTERNATIONAL INC. and<br>HONEYWELL INTELLECTUAL PROPERTIES INC., | )<br>)<br>) |
| Plaintiffs, | ) C.A. No. 04-1338-KAJ |
| | ) |
| vs. | )<br>) |
| APPLE COMPUTER, INC.; ALL AROUND CO., LTD.,<br>ARGUS A/K/A HARTFORD COMPUTER GROUP, INC.;<br>ARIMA DISPLAY; AU OPTRONICS CORP.; AU<br>OPTRONICS CORPORATION AMERICA; BOE<br>TECHNOLOGY GROUP COMPANY LTD.; BEIJING BOE<br>OPTOELECTRONICS TECHNOLOGY CO., LTD.; BOE--<br>HYDIS TECHNOLOGY CO., LTD.; CASIO COMPUTER<br>CO., LTD.; CASIO, INC.; CITIZEN SYSTEMS EUROPE;<br>CITIZEN SYSTEMS AMERICA CORPORATION;<br>CONCORD CAMERAS; DELL INC.; EASTMAN KODAK<br>COMPANY; FUJI PHOTO FILM CO., LTD.; FUJI PHOTO<br>FILM U.S.A., INC.; FUJITSU LIMITED; FUJITSU<br>AMERICA, INC.; FUJITSU COMPUTER PRODUCTS OF<br>AMERICA, INC.; HANNSTAR DISPLAY<br>CORPORATION; HITACHI, LTD.; HITACHI DISPLAYS,<br>LTD.; HITACHI DISPLAY DEVICES, LTD.; HITACHI<br>ELECTRONIC DEVICES (USA), INC.; INNOLUX<br>DISPLAY CORPORATION; INTERNATIONAL DISPLAY<br>TECHNOLOGY; INTERNATIONAL DISPLAY<br>TECHNOLOGY USA, INC.; KONINKLIJKE PHILIPS<br>ELECTRONICS N.V.; PHILIPS CONSUMER<br>ELECTRONICS NORTH AMERICA; PHILIPS<br>ELECTRONICS NORTH AMERICA CORPORATION;<br>KYOCERA WIRELESS CORP.; MATSUSHITA<br>ELECTRICAL INDUSTRIAL CO.; MATSUSHITA<br>ELECTRICAL CORPORATION OF AMERICA; NAVMAN<br>NZ LIMITED; NAVMAN U.S.A. INC.; OLYMPUS<br>CORPORATION; OLYMPUS AMERICA, INC.; PENTAX<br>CORPORATION; PENTAX U.S.A., INC.; PICVUE<br>ELECTRONICS LIMITED; QUANTA DISPLAY INC.;<br>SAMSUNG SDI CO., LTD; SAMSUNG SDI AMERICA,<br>INC.; SONY CORPORATION; SONY CORPORATION OF<br>AMERICA; SONY ERICSSON MOBILE<br>COMMUNICATIONS AB; SONY ERICSSON MOBILE<br>COMMUNICATIONS (USA) INC.; ST LIQUID CRYSTAL<br>DISPLAY CORP.; TOPPOLY OPTOELECTRONICS | )<br>)<br>)<br>)<br>) DEFENDANT CITIZEN<br>) SYSTEMS AMERICA'S<br>) ANSWER TO THE<br>) COMPLAINT,<br>) AFFIRMATIVE<br>) DEFENSES, AND<br>) COUNTERCLAIMS<br>)<br>) DEMAND FOR JURY<br>) TRIAL<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CORP.; TOSHIBA CORPORATION; TOSHIBA          )
AMERICA, INC.; WINTEK CORP.; WINTEK ELECTRO- )
OPTICS CORPORATION; WISTRON CORPORATION;     )
and M-DISPLAY OPTRONICS CORP.,               )
                                             )
                    Defendants.              )
_____ )

## DEFENDANT CITIZEN SYSTEMS AMERICA'S ANSWER
## TO THE COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Defendant Citizen Systems America ("CSA"), by its undersigned attorneys, hereby
responds to the First Amended Complaint filed by Plaintiffs Honeywell International, Inc. and
Honeywell Intellectual Properties, Inc. ("Plaintiffs" or "Honeywell"), with the following Answer,
Affirmative Defenses, Counterclaims, and jury demand:

### GENERAL DENIAL

Unless specifically admitted below, CSA denies each and every allegation contained in
the Complaint.

### I. RESPONSE TO SPECIFIC ALLEGATIONS

In answer to the separately numbered paragraphs of the Complaint, defendant CSA states
the following:

### NATURE OF THE ACTION

1.      CSA admits that Plaintiffs have filed a Complaint that alleges willful
infringement of a United States patent. Except as specifically admitted, CSA denies the
allegations of paragraph 1 of the Complaint.

### THE PARTIES

2.      CSA is without knowledge or information sufficient to form a belief as to the
truth of the allegations in paragraph 2 of the Complaint, and on that basis denies these allegations.

3.      CSA is without knowledge or information sufficient to form a belief as to the
truth of the allegations in paragraph 3 of the Complaint, and on that basis denies these allegations.

1

4.      CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint, and on that basis denies these allegations.

5.      CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint, and on that basis denies these allegations.

6.      CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint, and on that basis denies these allegations.

7.      CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint, and on that basis denies these allegations.

8.      CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint, and on that basis denies these allegations.

9.      CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint, and on that basis denies these allegations.

10.     CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint, and on that basis denies these allegations.

11.     CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint, and on that basis denies these allegations.

12.     CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint, and on that basis denies these allegations.

13.     CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint, and on that basis denies these allegations.

14.     CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint, and on that basis denies these allegations.

15.     CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint, and on that basis denies these allegations.

16.     CSA admits the allegations set forth in paragraph 16 of the Complaint.

17.     CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint, and on that basis denies these allegations.

18.     CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint, and on that basis denies these allegations.

19.     CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint, and on that basis denies these allegations.

20.     CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint, and on that basis denies these allegations.

21.     CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint, and on that basis denies these allegations.

22.     CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint, and on that basis denies these allegations.

23.     CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint, and on that basis denies these allegations.

24.    CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint, and on that basis denies these allegations.

25.    CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint, and on that basis denies these allegations.

26.    CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint, and on that basis denies these allegations.

27.    CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint, and on that basis denies these allegations.

28.    CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint, and on that basis denies these allegations.

29.    CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint, and on that basis denies these allegations.

30.    CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint, and on that basis denies these allegations.

31.    CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint, and on that basis denies these allegations.

32.    CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint, and on that basis denies these allegations.

33.     CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint, and on that basis denies these allegations.

34.     CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Complaint, and on that basis denies these allegations.

35.     CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint, and on that basis denies these allegations.

36.     CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the Complaint, and on that basis denies these allegations.

37.     CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Complaint, and on that basis denies these allegations.

38.     CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the Complaint, and on that basis denies these allegations.

39.     CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 of the Complaint, and on that basis denies these allegations.

40.     CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the Complaint, and on that basis denies these allegations.

41.     CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the Complaint, and on that basis denies these allegations.

42.    CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the Complaint, and on that basis denies these allegations.

43.    CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 of the Complaint, and on that basis denies these allegations.

44.    CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the Complaint, and on that basis denies these allegations.

45.    CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the Complaint, and on that basis denies these allegations.

46.    CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the Complaint, and on that basis denies these allegations.

47.    CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the Complaint, and on that basis denies these allegations.

48.    CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the Complaint, and on that basis denies these allegations.

49.    CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the Complaint, and on that basis denies these allegations.

50.    CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 of the Complaint, and on that basis denies these allegations.

51.    CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the Complaint, and on that basis denies these allegations.

52.    CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the Complaint, and on that basis denies these allegations.

53.    CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 of the Complaint, and on that basis denies these allegations.

54.    CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 of the Complaint, and on that basis denies these allegations.

55.    CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 of the Complaint, and on that basis denies these allegations.

56.    CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 of the Complaint, and on that basis denies these allegations.

57.    CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 of the Complaint, and on that basis denies these allegations.

58.    CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 of the Complaint, and on that basis denies these allegations.

59.    CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 of the Complaint, and on that basis denies these allegations.

60.    CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60 of the Complaint, and on that basis denies these allegations.

## JURISDICTION AND VENUE

61.    CSA admits that this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1338(a).

62.    Paragraph 62 of the Complaint states a legal conclusion to which no response is required. To the extent a response is nonetheless required, CSA denies that sufficient contacts exist to assert personal jurisdiction over it and denies that it has infringed, contributed to the infringement of or induced the infringement of any valid claim of the patent-in-suit. CSA denies the remaining allegations, if any, contained in paragraph 62 of the Complaint to the extent such allegations are directed to CSA. For any allegations contained in paragraph 62 of the Complaint which are directed to defendants other than CSA, CSA lacks information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

63.    CSA denies that venue is proper in this judicial district. CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations against any other defendants, and on that basis denies these allegations.

## BACKGROUND TO THE ACTION

64.    CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 of the Complaint, and on that basis denies these allegations.

65.    CSA admits that a document is attached to the Complaint as Exhibit 1 which purports to be a copy of United States Patent No. 5,280,371 (the "'371 patent"). Except as specifically admitted, CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 of the Complaint, and on that basis denies these allegations.

8

66.     CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 of the Complaint, and on that basis denies these allegations.

## ACTS GIVING RISE TO THE ACTION

67.     CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 of the Complaint, and on that basis denies these allegations.

68.     CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 of the Complaint, and on that basis denies these allegations.

69.     CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 of the Complaint, and on that basis denies these allegations.

70.     CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70 of the Complaint, and on that basis denies these allegations.

71.     CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71 of the Complaint, and on that basis denies these allegations.

72.     CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 of the Complaint, and on that basis denies these allegations.

73.     CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73 of the Complaint, and on that basis denies these allegations.

74.     CSA admits that in the past it has been engaged in the sale of products that incorporate an LCD module in the United States. Except as specifically admitted, CSA denies

9

the allegation in paragraph 74 of the Complaint to the extent relating to CSA. CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74 of the Complaint as to Citizen Systems Europe, and on that basis denies these allegations.

75.     CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75 of the Complaint, and on that basis denies these allegations.

76.     CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76 of the Complaint, and on that basis denies these allegations.

77.     CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77 of the Complaint, and on that basis denies these allegations.

78.     CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78 of the Complaint, and on that basis denies these allegations.

79.     CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79 of the Complaint, and on that basis denies these allegations.

80.     CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80 of the Complaint, and on that basis denies these allegations.

81.     CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81 of the Complaint, and on that basis denies these allegations.

10

82.    CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82 of the Complaint, and on that basis denies these allegations.

83.    CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83 of the Complaint, and on that basis denies these allegations.

84.    CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84 of the Complaint, and on that basis denies these allegations.

85.    CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85 of the Complaint, and on that basis denies these allegations.

86.    CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86 of the Complaint, and on that basis denies these allegations.

87.    CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87 of the Complaint, and on that basis denies these allegations.

88.    CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88 of the Complaint, and on that basis denies these allegations.

89.    CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 89 of the Complaint, and on that basis denies these allegations.

90.    CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 90 of the Complaint, and on that basis denies these allegations.

11

91.    CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91 of the Complaint, and on that basis denies these allegations.

92.    CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92 of the Complaint, and on that basis denies these allegations.

93.    CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93 of the Complaint, and on that basis denies these allegations.

94.    CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94 of the Complaint, and on that basis denies these allegations.

95.    CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 95 of the Complaint, and on that basis denies these allegations.

96.    CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 96 of the Complaint, and on that basis denies these allegations.

97.    CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 97 of the Complaint, and on that basis denies these allegations.

98.    CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 98 of the Complaint, and on that basis denies these allegations.

99.    CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 99 of the Complaint, and on that basis denies these allegations.

100.    CSA denies the allegations of paragraph 100 of the Complaint, to the extent they may relate to CSA. CSA denies that it has directly infringed, contributed to the infringement of, or induced the infringement of the '371 patent. CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations against any other defendants, and on that basis denies these allegations.

101.    CSA denies the allegations of paragraph 101 of the Complaint, to the extent they may relate to CSA. CSA denies that it has directly infringed, contributed to the infringement of, or induced the infringement of the '371 patent. CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations against any other defendants, and on that basis denies these allegations.

## II. RESPONSE TO PLAINTIFFS' PRAYER FOR RELIEF

102.    CSA denies that Plaintiffs are entitled to any relief whatsoever against CSA in this action, either as prayed for in their Complaint or otherwise. CSA is without knowledge or information sufficient to form a belief as to the truth of the allegations against any other defendants, and on that basis denies those allegations.

## III. AFFIRMATIVE DEFENSES

Further answering Plaintiffs' Complaint, CSA alleges the following affirmative defenses:

### First Affirmative Defense

103.    The Court does not have personal jurisdiction over CSA and venue in this district is not proper.

### Second Affirmative Defense

104.    CSA does not infringe and has not infringed any claim of the '371 patent, either literally or under the doctrine of equivalents, by direct, contributory or inducing infringement.

### Third Affirmative Defense

105.    The claims of the '371 patent are invalid under 35 U.S.C. §§ 101, 102, 103 and/or 112.

13

### Fourth Affirmative Defense

106.    At least a portion of Plaintiffs' claim for damages is barred by the doctrine of laches.

### Fifth Affirmative Defense

107.    Plaintiffs' claims are barred by the doctrine of equitable estoppel.

### Sixth Affirmative Defense

108.    Upon information and belief, one or more of the parties who purchase, use or sell products accused to infringe the '371 patent are licensed and/or claims have been released pursuant to agreements with Plaintiffs.

### Seventh Affirmative Defense

109.    Plaintiffs' claims are barred by the equitable doctrine of unclean hands.

### Eighth Affirmative Defense

110.    Plaintiffs' infringement claims are barred by the equitable doctrine of prosecution history laches.

### Ninth Affirmative Defense

111.    At least a portion of Plaintiffs' claim for damages is barred by the time limitation on damages set forth in 35 U.S.C. §286.

### Tenth Affirmative Defense

112.    At least a portion of Plaintiffs' claim for damages is barred by the failure of Plaintiffs or their licensees to comply with the notice and marking requirements of 35 U.S.C. §287.

### Eleventh Affirmative Defense

113.    The '371 patent is unenforceable as a result of inequitable conduct during the prosecution of the application that led to the issuance of the '371 patent. Specifically, on information and belief, the inventors of the '371 patent, the assignee of the '371 patent, and/or other persons associated with the filing and prosecution of the application that led to the issuance of the '371 patent, knowingly failed to appropriately disclose material information to the United

14

States Patent and Trademark Office ("USPTO") with the intent to deceive the USPTO. Such material information includes, but is not limited to, an article by H. Noda et al. entitled "High Definition Liquid Crystal Projection TV," Japan Display 1989, pp. 256-259 (hereinafter the "Noda article").

114.    Applicants for patents have a general duty of candor and good faith in their dealings with the USPTO. Pursuant to 37 C.F.R. § 1.56 ("Rule 56"), the inventors had an affirmative obligation to disclose to the USPTO all information that they knew was material to the examination of their pending application. The inventors' duty extended to their representatives, such as their attorneys, and all others who were substantively involved in the preparation or prosecution of the '371 patent.

115.    CSA is informed and believes that the inventors knew of their duty to cite material prior art references to the USPTO during the prosecution of the '371 patent. CSA is further informed and believes that the inventors and their agents knowingly and willfully concealed and misrepresented material information during the prosecution of the '371 patent and that because of such inequitable conduct, the '371 patent is unenforceable against CSA.

116.    The Noda article was published in 1989, and is prior art to the '371 patent under 35 U.S.C. § 102. The Noda article discloses removing a moiré pattern by using a lens array pitch which is a nonintegral multiple of a display pitch (see page 257, column 2).

117.    During the prosecution of the application that led to the issuance of the '371 patent, individuals who were subject to the duty of candor under Rule 56 were aware of the Noda article. Two of the named inventors of the '371 patent, R.I. McCartney and D. Syroid, authored an article entitled "Directional Diffuser Lens Array for Backlit LCDs," Japan Display 1992, pp. 259-262 (hereinafter the "McCartney article"), in which the other named inventor of the '317 patent, Karen Jachimowicz, is acknowledged as a contributor. The McCartney article discloses technology similar to that disclosed in the '371 patent. The McCartney article cites the Noda article at page 261, column 2 and in footnote 4, for its teaching of removing a moiré pattern by using a lens array pitch that is a non-integral multiple of a display pitch.

15

118.    The Noda article is material under Rule 56 at least because it establishes, by itself or in combination with other information, a *prima facie* case of unpatentability of one or more claims of the '371 patent, and/or a reasonable examiner would have considered this information important in deciding whether to allow one or more claims of the application that led to the issuance of the '371 patent.

119.    In comments made during the prosecution of the application that led to the issuance of the '371 patent, the applicants argued, in response to prior art rejections, that the applied references do not discuss eliminating moiré effects with appropriate selection of the relative pitch of lens arrays (page 3 of the Amendment filed on February 2, 1993). Further, the examiner indicated that dependent claims, which recited relative pitches of the lens arrays, contained allowable subject matter (page 4 of the Official Action mailed on May 6, 1993), and the applicants amended such claims to place them into independent form to obtain their allowance (Amendment filed on July 2, 1993). Accordingly, on information and belief, individuals subject to the duty of candor under Rule 56, including R.I. McCartney and D. Syroid, knew, or should have known, that the Noda article, which teaches removing a moiré pattern by using a lens array pitch which is a non-integral multiple of a display pitch, was highly material to the patentability of the subject matter claimed in the '371 patent and should have been disclosed to the USPTO Examiner for his consideration in determining whether or not to allow and issue the claims in the '371 patent.

120.    The Noda article was never disclosed to the USPTO during the prosecution of the application that matured into the '371 patent, even though individuals subject to the duties of candor and disclosure were aware of the article. On information and belief, these individuals withheld the Noda article from the USPTO with an intent to mislead and deceive the USPTO.

121.    As a result of the foregoing inequitable conduct, the '371 patent is unenforceable.

16

## IV. COUNTERCLAIMS

CSA, for its counterclaims against Plaintiffs, alleges as follows:

### General Allegations

122.   Counterclaimant Citizen Systems America ("CSA") is a domestic corporation with offices at 363 Van Ness Way, Suite 404, Torrance, California, 90501.

123.   Plaintiff and counter-defendant Honeywell International Inc. ("Honeywell International") alleges in the Complaint that it is a corporation organized and existing under the laws of Delaware with its principal place of business in Morristown, New Jersey.

124.   Plaintiff and counter-defendant Honeywell Intellectual Properties Inc. ("HIPI") alleges in the Complaint that it is a corporation organized and existing under the laws of Arizona with its principal place of business in Tempe, Arizona (Honeywell International and HIPI will be referred to collectively as "Honeywell").

125.   Honeywell alleges that it owns the full and exclusive right, title and interest in and has standing to sue for infringement of United States Patent No. 5,280,371, entitled "Directional Diffuser for a Liquid Crystal Display," which issued January 18, 1994 ("the '371 Patent").

126.   On or about November 7, 2005, Honeywell commenced this civil action for infringement of the '371 patent by filing its Complaint in this action against CSA and other defendants in this action. Honeywell's Complaint alleges that various consumer products containing LCD screens infringe the '371 patent.

127.   As a consequence, there is an actual justiciable controversy between Honeywell and CSA concerning whether CSA and its products infringe any valid and enforceable claim of the '371 patent.

### Jurisdiction

128.   In its counterclaims, CSA seeks to obtain a judgment declaring that the '371 Patent is invalid and not infringed by CSA or its products. These counterclaims arise under the Federal Declaratory Judgment Act and the Patent Laws of the United States, more particularly, Title 28 of the United States Code, sections 2201 and 2202, and Title 35 of the United States

17

Code. Honeywell has subjected itself to the jurisdiction of this Court for purposes of the Counterclaims against it. This Court has subject matter jurisdiction based on 28 U.S.C. §§ 1331, 1338(a), 1367 and 2201 et seq.

## First Counterclaim

### (Declaration of Non-Infringement of the '371 Patent)

129. Paragraphs 1 through 128 are incorporated by reference as though fully pleaded herein.

130. CSA does not directly, contributorily, or by inducement, infringe any claim of the '371 patent, either literally or under the doctrine of equivalents.

131. The importation, use, sale, or offer for sale of LCD products manufactured, sold or provided by CSA in the United States does not infringe, contributorily infringe, or induce infringement of any claim of the '371 patent, either literally or under the doctrine of equivalents.

132. There presently exists an actual and justiciable controversy between Honeywell and CSA concerning whether CSA or any of its LCD products infringe any of the claims of the '371 patent. Absent a declaration of non-infringement, Honeywell will continue to wrongfully assert the '371 patent against CSA and others, including its customers, in violation of the laws and contrary to the public policy of the United States, and will thereby continue to cause CSA irreparable injury and damage.

## Second Counterclaim

### (Declaration of Invalidity of the '371 Patent)

133. Paragraphs 121 through 132 are incorporated by reference as though fully pleaded herein.

134. The '371 patent, and each claim thereof, is invalid because it fails to comply with the requirements of the Patent laws of the United States, including without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112.

135. There presently exists an actual and justiciable controversy between Honeywell and CSA concerning the validity of the '371 patent. Absent a declaration of invalidity,

18

Honeywell will continue to wrongfully assert the '371 patent against CSA and others, including its customers, in violation of the laws and contrary to the public policy of the United States, and will thereby continue to cause CSA irreparable injury and damage.

### Third Counterclaim

### (Unenforceability of the '371 Patent)

136.    Paragraphs 127 through 135 are incorporated by reference as though fully pleaded herein.

137.    As set forth in detail in its Tenth Affirmative Defense, which is incorporated herein by reference, during the prosecution of the '371 patent before the PTO, the inventors and/or other individuals subject to the duty of candor under Rule 56 knowingly failed to disclose material prior art and/or other material facts to the USPTO, in violation of their duty of candor under Rule 56.

138.    The '371 patent inventors and their attorneys were aware of the undisclosed prior art and/or material facts during the prosecution of the '371 patent, were aware of the materiality of the information, and did not disclose it to the USPTO, with the intent to deceive the USPTO.

139.    The '371 patent is therefore unenforceable.


### PRAYER FOR RELIEF

**WHEREFORE,** CSA prays for judgment:

### On Plaintiffs' Claims:

A.    Entering judgment against Plaintiffs and in favor of CSA with respect to Plaintiffs' Complaint and CSA's affirmative defenses;

B.    Denying all remedies and relief sought by Plaintiffs in their Complaint;

C.    Dismissing the Complaint with prejudice;

D.    Declaring that CSA and its customers, affiliates, and those in privity with CSA do not infringe and have not infringed any of the claims of the '371 patent;

E.    Declaring that products manufactured, sold, offered for sale, imported or otherwise provided by CSA do not infringe and have not infringed any of the claims of the '371 patent;

F.    Declaring that the '371 patent is invalid and/or unenforceable;

G.    Enjoining Plaintiffs, their assigns, licensees, and all those in privity therewith from asserting the '371 patent against CSA or its customers, affiliates, and all others in privity with CSA;

H.    Enjoining Plaintiffs, their assigns, licensees, and all those in privity therewith from asserting the '371 patent against products manufactured, sold, offered for sale, imported or otherwise provided by CSA;

I.    Declaring that this case is an exceptional case under 35 U.S.C. §285 and awarding CSA its costs, attorneys' fees, and expenses; and

J.    Awarding CSA any other and further relief as the Court may deem just and proper.

**On Defendant's Counterclaims:**

K.    Entering judgment against Plaintiffs and in favor of CSA with respect to CSA's counterclaims;

L.    Declaring that the '371 patent is invalid and/or unenforceable;

M.    Declaring that CSA and its customers, affiliates, and all others in privity with CSA do not infringe and have not infringed any of the claims of the '371 patent;

N.    Declaring that Plaintiffs, their assigns, licensees, and all those in privity therewith are, collectively and individually, barred from asserting infringement of the '371 patent against or collecting damages from CSA or its customers, affiliates, and all others in privity with CSA;

O.    Declaring that Plaintiffs, their assigns, licensees, and all those in privity therewith are, collectively and individually, barred from asserting infringement of the '371 patent against products manufactured, sold, offered for sale, imported or otherwise provided by CSA;

20

P.    Enjoining Plaintiffs, their assigns, licensees, and all those in privity therewith from asserting the '371 patent against CSA or its customers, affiliates, and all others in privity with CSA;

Q.    Enjoining Plaintiffs, their assigns, licensees, and all those in privity therewith from asserting the '371 patent against products manufactured, sold, offered for sale, imported or otherwise provided by CSA;

R.    Declaring that this case is an exceptional case under 35 U.S.C. §285 and awarding CSA its costs, attorneys' fees, and expenses; and

S.    Awarding CSA any other and further relief as the Court may deem just and proper.

## REQUEST FOR JURY TRIAL

Defendant requests a trial by jury for all issues triable to a jury.

DATED: December 15, 2005         BOUCHARD MARGULES & FRIEDLANDER, P.A.

/s/ David J. Margules
David Margules  (Bar No. 2554)
John M. Seaman  (Bar No. 3868)
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
Tel:  (302) 573-3508
Fax:  (302) 573-3501
E-mail: dmargules@bmf-law.com
E-mail: jseaman@bmf-law.com

*Attorneys for Defendant*
*Citizen Systems America Corporation*

OF COUNSEL:

Stuart Lubitz
David H. Ben-Meir
Robert J. Benson
HOGAN & HARTSON LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-6047

21

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2005, I electronically filed the foregoing document

entitled DEFENDANT CITIZEN SYSTEMS AMERICA'S ANSWER TO THE COMPLAINT,

AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS; DEMAND FOR JURY TRIAL with

the Clerk of Court using CM/ECF, which will send notification of such filing to the following

people at their respective email addresses listed on the following service list:

| | |
|---|---|
| **Leslie A. Polizoti, Esq.**<br>**Thomas C. Grimm, Esq.**<br>Morris, Nichols, Arsht & Tunnell<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>Tel:     (302) 658-9200<br>Fax:     (302) 658-3989<br>E-mail:  lpolizoti@mnat.com<br>E-mail:  tcgefiling@mnat.com | **ATTORNEYS FOR PLAINTIFFS**<br>**HONEYWELL INTERNATIONAL INC.**<br>**and**<br>**HONEYWELL INTELLECTUAL**<br>**PROPERTIES, INC.** |
| **Thomas Lee Halkowski, Esq.**<br>Fish & Richardson, P.C.<br>919 N. Market Street<br>Suite 1100<br>Wilmington, DE 19899-1114<br>Tel:     (302) 652-5070<br>Fax:     (302) 652-0607<br>E-mail:  halkowski@fr.com | **ATTORNEYS FOR DEFENDANTS**<br>**APPLE COMPUTER INC.; CASIO**<br>**COMPUTER CO., LTD; CASIO INC.** |
| Amy Elizabeth Evans, Esq.<br>Cross & Simon, LLC<br>913 Market Street<br>Suite 1001<br>Wilmington, DE 19801<br>Tel:     (302) 777-4200<br>Fax:     (302) 777-4224<br>E-mail:  aevans@crosslaw.com | **ATTORNEYS FOR DEFENDANT**<br>**ARGUS** *also known as* **HARTFORD**<br>**COMPUTER GROUP INC.** |
| **Richard L. Horwitz, Esq**<br>Potter Anderson & Corroon, LLP<br>1313 N. Market St., Hercules Plaza<br>6th Flr.<br>P.O. Box 951<br>Wilmington, DE 19899-0951<br>Tel:     (302) 984-6027<br>Fax:     (302) 658-1192<br>E-mail:  rhorwitz@potteranderson.com | **ATTORNEYS FOR DEFENDANTS**<br>**CONCORD CAMERAS; DELL, INC.;**<br>**FUJITSU LIMITED; FUJITSU AMERICA**<br>**INC.; FUJITSU COMPUTER PRODUCTS**<br>**OF AMERICA INC.; TOSHIBA**<br>**CORPORATION; TOSHIBA AMERICA,**<br>**INC.** |

| | |
|---|---|
| **Avelyn M. Ross, Esq.**<br>**Roderick V. Williams, Esq.**<br>Vinson & Elkins LLP<br>The Terrace 7, 2801 Via Fortuna,<br>Suite 100<br>Austin, Texas 78746-7568<br>Tel:      (512) 542-8400<br>Fax:      (512) 542-8612<br>E-mail: aross@velaw.com<br>E-mail: rickwilliams@velaw.com | **ATTORNEYS FOR DEFENDANTS**<br>**DELL, INC.** *pro hac vice* |
| **Christopher E. Chalsen, Esq.**<br>**Christopher J. Gaspar, Esq.**<br>**Parker H. Bagley, Esq**<br>Milbank, Tweed, Hadley & McCloy, LLP<br>1 Chase Manhattan Plaza<br>New York, New York 10005-1413<br>Tel:      (212) 530-5000<br>Fax:      (212) 530-5219<br>E-mail: cchalsen@milbank.com<br>E-mail: cgaspar@milbank.com<br>E-mail: pbagley@milbank.com | **ATTORNEYS FOR DEFENDANTS**<br>**FUJITSU AMERICA INC. and FUJITSU**<br>**COMPUTER PRODUCTS OF AMERICA**<br>**INC.** *pro hac vice* |
| **David Ellis Moore, Esq.**<br>Potter Anderson & Corroon, LLP<br>1313 N. Market St.<br>Hercules Plaza, 6th Flr.<br>Wilmington, DE 19899-0951<br>Tel:      (302) 984-6000<br>Fax:      (302) 658-1192<br>Email:   dmoore@potteranderson.com | **ATTORNEYS FOR DEFENDANTS**<br>**TOSHIBA CORPORATION and**<br>**TOSHIBA AMERICA, INC.** |
| **Arthur I. Neustadt, Esq.**<br>**Carl E. Schlier, Esq.**<br>Oblon, Spivak, McClelland, Maier<br>   & Neustadt, P.C.<br>1940 Duke Street<br>Alexandria, Virginia 2231<br>Tel:      (703) 413-3000<br>Fax:      (703) 413-2220<br>E-mail: aneustadt@oblon.com<br>E-mail: cschlier@oblon.com | **ATTORNEYS FOR DEFENDANTS**<br>**TOSHIBA CORPORATION and**<br>**TOSHIBA AMERICA, Inc.** *pro hac vice* |
| **Frederick L. Cottrell, III, Esq.**<br>**Chad Michael Shandler, Esq.**<br>Richards, Layton & Finger<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE 19899<br>Tel:      (302) 651-7700<br>Fax:      (302) 651-7701<br>E-mail: cottrell@rlf.com<br>E-mail: shandler@rlf.com | **ATTORNEYS FOR DEFENDANT**<br>**EASTMAN KODACK COMP.** |

| | |
|---|---|
| **Matthew W. Siegal, Esq.**<br>**Lawrence Rosenthal, Esq.**<br>Stroock, Stroock & Laven LLP<br>180 Maiden Lane<br>New York, NY 10038<br>Tel:    (212) 806-5400<br>Fax:    (212) 806-6006<br>E-mail: msiegal@stroock.com<br>E-mail: lrosenthal@stroock.com<br><br>**Philip A. Rovner, Esq.**<br>Potter Anderson & Corroon, LLP<br>1313 N. Market St.,<br>Hercules Plaza, 6th Flr.<br>Wilmington, DE 19899-0951<br>Tel:    (302) 984-6140<br>Fax:    (302) 658-1192<br>E-mail: provner@potteranderson.com | **ATTORNEYS FOR FUJI PHOTO FILM CO., LTD. and FUJI PHOTO FILM U.S.A., INC.** |
| **Robert Karl Beste, III, Esq.**<br>**Robert J. Katzenstein, Esq.**<br>Smith, Katzenstein, & Furlow<br>800 Delaware Ave.<br>P.O. Box 410<br>Wilmington, DE 19899<br>Tel:    (302) 652.8400<br>Fax:    (302) 652.8405<br>E-mail: rkb@skfdelaware.com<br>E-mail: rjk@skfdelaware.com | **ATTORNEYS FOR DEFENDANT KYOCERA WIRELESS CORPORATION; SEIKO EPSON CORPORATION** |
| **Robert J. Benson, Esq.**<br>Hogan & Hartson, L.L.P.<br>1999 Avenue of the Stars<br>Suite 1400<br>Los Angeles, California 90067-6047<br>Tel:    (310) 785-4700<br>Fax:    (310) 785-4701<br>E-mail: rjbenson@hhlaw.com | **ATTORNEYS FOR DEFENDANTS KYOCERA WIRELESS CORPORATION and SEIKO EPSON CORPORATION** *pro hac vice* |
| **William J. Wade, Esq.**<br>Richards, Layton & Finger<br>One Rodney Square, P.O. Box 551<br>Wilmington, DE 19899<br>Tel:    (302) 651-7718<br>Fax:    (302) 651-7701<br>E-mail: wade@rlf.com | **ATTORNEYS FOR DEFENDANTS MATSUSHITA ELECTRICAL INDUSTRIAL CO.; MATSUSHITA ELECTRICAL CORPORATION OF AMERICA** |
| **Steven J Rizzi, Esq.**<br>767 Fifth Avenue<br>New York, NY 10153<br>Tel:    (212) 310-8000<br>Fax:    (212) 310-8007<br>Email: steven.rizzi@weil.com | **ATTORNEYS FOR MATSUSHITA ELECTRICAL INDUSTRIAL CO.; and MATSUSHITA ELECTRICAL CORPORATION OF AMERICA** *pro hac vice* |

| | |
|---|---|
| **Arthur G. Connolly, III, Esq.**<br>Connolly, Bove, Lodge & Hutz<br>The Nemours Building<br>1007 North Orange Street<br>Wilmington, DE 19899<br>Tel:     (302) 658-9141<br>Fax:     (302) 658-5614<br>E-mail:  aconnollyIII@cblh.com | **ATTORNEYS FOR DEFENDANTS**<br>**NAVMAN NZ LIMITED; and NAVMAN**<br>**U.S.A. INC.** |
| **John W. Shaw, Esq.**<br>Young, Conaway, Stargatt & Taylor<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, DE 19899-0391<br>Tel:     (302) 571-6600<br>Fax:     (302) 571-1253<br>E-mail:  jshaw@ycst.com | **ATTORNEYS FOR DEFENDANTS**<br>**OLYMPUS CORPORATION; OLYMPUS**<br>**AMERICA INC.; SONY CORPORATION;**<br>**and SONY CORP OF AMERICA** |
| **Robert L. Hails, Jr., Esq.**<br>1500 K Street, NW<br>Suite 700<br>Washington, DC 20005-1257<br>Tel:     (202) 220-4200<br>Fax:     (202) 220-4201<br>E-mail: rhails@kenyon.com | **ATTORNEYS FOR SONY**<br>**CORPORATION AND SONY**<br>**CORPORATION OF AMERICA; and**<br>**ST LIQUID CRYSTAL DISPLAY**<br>**CORPORATION** |
| **Adam Wyatt Poff, Esq.**<br>Young, Conaway, Stargatt & Taylor<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, DE 19899-0391<br>Tel:     (302) 571-6600<br>Fax:     (302) 571-1253<br>Email:   apoff@ycst.com | **ATTORNEYS FOR DEFENDANTS**<br>**PENTAX CORPORATION; and PENTAX**<br>**U.S.A. INC.** |
| **Francis DiGiovanni, Esq.**<br>Connolly, Bove, Lodge & Hutz<br>The Nemours Building<br>1007 North Orange Street<br>Wilmington, DE 19899<br>Tel:     (302) 658-9141<br>Fax      (302) 658-5614<br>E-mail:   fdigiovanni@cblh.com | **ATTORNEYS FOR DEFENDANTS**<br>**SONY ERICSSON MOBILE**<br>**COMMUNICATIONS AB; and SONY**<br>**ERICSSON MOBILE**<br>**COMMUNICATIONS (USA) INC.** |
| **Dan C. Hu, Esq.**<br>Trop Pruner & Hu<br>8554 Katy Freeway<br>Houston, TX 77024-1834<br>Tel:     (713) 468-8880<br>Fax:     (713) 468-8883<br>E-mail:   hu@tphm.com | **ATTORNEYS FOR DEFENDANT**<br>**ARIMA DISPLAY** |

4

| | |
|---|---|
| **Gerald M. O'Rourke, Esq.**<br>Connolly Bove Lodge & Hutz L.L.P.<br>The Nemours Building<br>1007 North Orange Street<br>Wilmington, DE 19899<br>Tel:    (302) 658-9141<br>Fax:    (302) 658-5614<br>E-mail:  gorourke@cblh.com | **ATTORNEYS FOR DEFENDANT<br>AU OPTRONICS ENTITIES** |
| **Kevin M. O'Brien. Esq.**<br>Baker & McKenzie LLP<br>815 Connecticut Avenue, N.W.<br>Washington, D.C. 20006<br>Tel:    (202) 452-7000<br>Fax:    (202) 452-7074<br>E-mail:  kevin.m.o'brien@bakernet.com | **ATTORNEYS FOR DEFENDANT<br>BOE-HYDIS** |
| **John T. Johnson, Esq.**<br>Fish & Richardson, P.C.<br>Citigroup Center - 52nd Floor<br>153 East 53rd Street<br>New York, NY 10022-4611<br>Tel:    (212) 765-5070<br>Fax:    (212) 258-2291<br>E-mail:  jjohnson@fr.com | **ATTORNEYS FOR DEFENDANT<br>CASIO COMPUTER CO., LTD.** |
| **David H. Ben-Meir, Esq.**<br>Hogan & Hartson, L.L.P.<br>1999 Avenue of the Stars<br>Suite 1400<br>Los Angeles, California 90067-6047<br>Tel:    (310) 785-4700<br>Fax:    (310) 785-4701<br>E-mail:  dben-meiur@hhlaw.com<br><br>**Mark E. Stohlman, Esq.**<br>Sr. Counsel- In-House Counsel<br>Dataproducts Corporation<br>1757 Tapo Canyon Road<br>Simi Valley, California<br>Tel:    (805) 578-4265<br>Fax:    (805) 578-4267<br>E-mail:  mstohlman.law@cox.net | **ATTORNEYS FOR DEFENDANT<br>CITIZEN SYSTEMS AMERICA<br>CORPORATION** |
| **Neil P. Sirota, Esq.**<br>**Robert C. Scheinfeld, Esq.**<br>Baker Botts L.L.P/<br>30 Rockefeller Plaza<br>New York, NY 10112<br>Tel:    (212) 408-2500<br>Fax:    (212) 408-2501<br>E-mail:  neil.sirota@bakerbotts.com<br>E-mail:  robert.scheinfeld@bakerbotts.com | **ATTORNEYS FOR DEFENDANTS<br>HITACHI ENTITIES** |

| | |
|---|---|
| **William J. Marsden, Jr., Esq.**<br>Fish & Richardson, P.CX.<br>919 North Market Street<br>Suite 1100<br>Wilimington, DE 19899-1114<br>Tel:    (302) 652-5070<br>Fax:    (302) 652-0607<br>E-mail:  marsden@fr.com | **ATTORNEYS FOR DEFENDANT<br>INTERNATIONAL DISPLAY** |
| **Robert J. Benson, Esq.**<br>Hogan & Hartson, L.L.P.<br>1999 Avenue of the Stars<br>Suite 1400<br>Los Angeles, California 90067-6047<br>Tel:    (310) 785-4700<br>Fax:    (310) 785-4701<br>E-mail:  rjbenson@hhlaw.com | **ATTORNEYS FOR DEFENDANT<br>SANYO EPSON IMAGING** |
| **Andrew M. Ollis, Esq.**<br>Obion, Spivak, McClelland, Maier<br>  & Neustadt, P.C.<br>1940 Duke Street<br>Alexandria, VA 22314<br>Tel:    (703) 413-3000<br>Fax:    (703) 413-2220<br>E-mail: aollis@oblon.com | **ATTORNEYS FOR DEFENDANT<br>OPTREX AMERICA, INC.** |
| **Alan M. Grimaldi, Esq.**<br>Howrey LLP<br>1299 Pennsylvania Avenue, NW<br>Washington, D.C. 20004-2401<br>Tel:    (202) 783-0800<br>Fax:    (202) 383-6610<br>E-mail:  grimaldia@howrey.com | **ATTORNEYS FOR DEFENDANT<br>PHILIPS ELECTRONICS NORTH<br>AMERICA CORPORATION** |
| **Terry D. Garnett, Esq.**<br>**Peter J. Wied, Esq.**<br>Paul, Hastings, Janofsky & Walker LLP<br>515 South Flower Street<br>Los Angeles, CA 90071<br>Tel:    (213) 683-6247<br>Fax:    (213) 627-0705<br>E-mail:  terrygarnett@paulhastings.com<br>E-mail:  peterwied@paulhastings.com | **ATTORNEYS FOR DEFENDANT<br>QUANTA DISPLAY INC.** |
| **Stephen S. Korniczky, Esq.**<br>**Elizabeth L. Brann, Esq.**<br>Paul, Hastings, Janofsky & Walker LLP<br>3579 Valley Centre Drive<br>San Diego, CA 92130<br>Tel:    (858) 720-2500<br>Fax:    (858) 720-2555<br>E-E-mail:stephenkorniczky@paulhastings.com<br>E-mail:elizabethbrann@paulhastings.com | **ATTORNEYS FOR DEFENDANT<br>SAMSUNG SDI** |

| | |
|---|---|
| **John Flock, Esq.**<br>Kenyon & Kenyon<br>One Broadway<br>New York, NY 10004-1050<br>Tel:    (212) 425-7200<br>Fax:    (212) 425-5288<br>E-mail:  jflock@kenyon.com | **ATTORNEYS FOR DEFENDANT**<br>**ST LIQUID CRYSTAL DISPLAY**<br>**CORPORATION** |
| **Robert L. Hails, Jr., Esq.**<br>1500 K Street, NW<br>Suite 700<br>Washington, DC 20005-1257<br>Tel:    (202) 220-4200<br>Fax:    (202) 220-4201<br>E-mail:  rhails@kenyon.com | ***LOCAL COUNSEL* FOR DEFENDANT**<br>**FOR ST LIQUID CRYSTAL DISPLY**<br>**CORPORATION** |
| **John W. Shaw, Esq.**<br>**Karen E. Keller, Esq.**<br>Young, Conaway, Stargatt & Taylor<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, DE 19899-0391<br>Tel:    (302) 571-6600<br>Fax:    (302) 571-1253<br>E-mail:  jshaw@ycst.com | |
| **York M. Faulkner, Esq.**<br>Finnegan, Henderson, Farabow, Garrett<br>   & Dunner, L.L.P.<br>2 Freedom Square<br>11955 Freedom Drive<br>Reston, VA 20190<br>Tel:    (571) 203-2700<br>Fax:    (202) 408-4400<br>E-mail:  york.faulkner@finnegan.com | **ATTORNEYS FOR DEFENDANT**<br>**WINTEK ELECTRO-OPTICS**<br>**CORPORATION** |
| **Richard L. Horwitz, Esq**<br>Potter Anderson & Corroon, LLP<br>1313 N. Market St., Hercules Plaza<br>6th Flr.<br>P.O. Box 951<br>Wilmington, DE 19899-0951<br>Tel:    (302) 984-6027<br>Fax:    (302) 658-1192<br>E-mail:  rhorwitz@potteranderson.com | ***LOCAL COUNSEL* FOR DEFENDANT**<br>**WINTEK ELECTRO OPTICS**<br>**CORPORATION** |

      /s/ David J. Margules

BOUCHARD MARGULES & FRIEDLANDER, P.A.
David J. Margules (Bar No. 2254)
[dmargules@bmf-law.com]
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
(302) 573-3500
*Attorneys for Citizen Systems America*