

# Potter Anderson & Corroon LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

**Richard L. Horwitz**
Partner
Attorney at Law
rhorwitz@potteranderson.com
302 984-6027 Direct Phone
302 658-1192 Fax

January 9, 2006

**VIA ELECTRONIC FILING**

The Honorable Kent A. Jordan
United States District Court for the District of Delaware
844 King Street
Wilmington, Delaware 19801

    Re:    **Honeywell International Inc., et al. v. Audiovox Communications Corp., et al.
C.A. No. 04-1337-KAJ
Honeywell International Inc., et al. v. Apple Computer, Inc., et al..
C.A. 04-1338-KAJ**

Dear Judge Jordan:

    Pursuant to paragraph 6 of the Court's Order dated October 7, 2005, I am writing on behalf of the defendants that have already appeared in the above-referenced actions[1] and certain of the newly-added defendants[2] to provide the Court with a report on the parties' progress toward

---

[1] The defendants that have already appeared in the above-referenced actions include: Casio Computer Co., Ltd.; Fuji Photo Film Co., Ltd.; Fuji Photo Film U.S.A., Inc.; Matsushita Electrical Industrial Co.; Matsushita Electrical Corporation of America; Seiko Epson Corp.; Sony Corporation; and Sony Corporation of America.

[2] By its amended complaints filed November 7, 2005, Honeywell added 31 new defendants to the -1337 and -1338 actions, and subsequently filed a new action against two additional Citizen defendants. Although most of these "new" defendants have not yet answered or responded to Honeywell's complaints, some have already begun participating in the scheduling discussions with Honeywell, and 28 of the 33 new defendants will answer or otherwise respond to one of the amended complaints by March 3, 2006, after which a Rule 26(f) Conference can be held. The newly-added defendants joining in this letter include: AU Optronics Corp.; AU Optronics Corporation America; BOE--Hydis Technology Co., Ltd.; Hitachi, Ltd.; Hitachi Displays, Ltd.; Hitachi Display Devices, Ltd.; Hitachi Electronic Devices (USA), Inc.; International Display Technology USA, Inc.; Koninklijke Philips Electronics N.V.; Philips Electronics North America Corporation; Samsung SDI Co., Ltd; Samsung SDI America, Inc.; Sanyo Epson Imaging Devices Corp.; Wintek Corp.;and Wintek Electro-Optics Corporation.

The Honorable Kent A. Jordan
January 9, 2006
Page 2

developing a new schedule for pretrial activities. Defendants regret that Honeywell was unwilling to collaborate on the preparation of a joint report for filing with the Court.

**Compliance with the Court's October 7 Order**

By its October 7 Order, the Court articulated a series of steps to transition this litigation from one against non-manufacturer defendants, as originally framed by Honeywell, to a case against those entities that manufacture the LCD devices that are accused of infringement. Many of those steps have now been completed. The non-manufacturer and "hybrid" defendants each identified their LCD suppliers to Honeywell by October 28, and provided the other information required by the Court's Order to the extent known by each of the defendants. Honeywell then filed amended complaints in the -1337 and -1338 actions on November 7, 2005, which added 31 new defendants to the consolidated litigation. Honeywell subsequently filed a new lawsuit against two additional Citizen defendants.

After Honeywell filed its amended complaints, the non-manufacturer and "hybrid" defendants required to do so[3] sought to encourage their LCD suppliers to waive formal service of process and accept service of Honeywell's amended complaint. As a result of these efforts, defendants understand that about 29 of the 33 new defendants have reached agreements with Honeywell to waive formal service of process, and all but one are due to respond to Honeywell's amended complaints by March 3, 2006.

Since the parties have complied with paragraphs 1 through 3 of the Court's October 7 Order, Honeywell's suits against the non-manufacturer defendants are now stayed as provided in paragraph 4 of the Order, as well as that part of the suits against the hybrid defendants directed to modules where they are only customers.

Pursuant to the Court's instructions, the manufacturer defendants have begun to discuss a new schedule for remaining pretrial activities. However, a comprehensive discussion and agreement on such issues cannot yet occur, because most of the newly-added defendants have not yet appeared in this action. Those defendants are still in the process of analyzing the new claims brought against them and determining their respective responses. Nevertheless, counsel for many of the defendants participated in a teleconference with counsel for Honeywell on December 15, 2005; defendants have exchanged numerous letters with Honeywell regarding scheduling issues; and the existing defendants have advanced discussions as far as possible in view of the current procedural status of the case.[4]

---

[3] Certain defendants did not have this obligation by agreement with Honeywell.

[4] Paragraph 5 of the Court's Order provides, "Upon [1] appearance of all Manufacturers named in the amended or new complaints, or [2] such earlier time as agreed upon by Honeywell, Optrex America, Inc., and Seiko Epson Corporation, those Manufacturers who have appeared as defendants in the consolidated cases, shall promptly meet … to discuss a schedule for remaining

**Issues Raised By Honeywell**

During the parties' preliminary discussions regarding a remaining schedule for this litigation, Honeywell announced a new position that the parties cannot negotiate a schedule until all parties know whether some of the newly-added foreign manufacturers will raise as a defense the territorial limitations of 35 U.S.C. § 271.

Since Honeywell has elected to litigate claims against more than 30 domestic and foreign LCD suppliers, there may be an array of different defenses, *inter alia,* on jurisdictional or territorial grounds. Most of those defenses will require discovery, but such discovery should not delay the progress of this action. The defenses litigated will also include invalidity and non-infringement defenses, based on the answers and declaratory judgment claims already filed by many of the manufacturers. Once the defendants have answered, defendants plan to schedule a Rule 26(f) conference to propose a schedule and allow discovery to start.[5]

Honeywell's stated concern does not affect the rationale underlying the Court's May 18, 2005 Order staying the non-manufacturer defendants. The premise of the Court's Order was that Honeywell should first litigate its infringement claims against the manufacturers of the accused LCD products, at least to the extent it is feasible to do so. It can litigate any remaining issues in the next phase of the litigation. The Court's Order did not dismiss, but stayed, Honeywell's claims against the non-manufacturer defendants. This remains the most judicially efficient way to proceed, regardless of the scope of liability (if any) that is ultimately determined as to each LCD manufacturer.

Honeywell has also raised numerous other issues during its "preliminary" discussions with the existing defendants. The status of those issues may be briefly summarized as follows:

- In its unilateral draft "progress report" provided to the defendants on January 6, 2006, Honeywell newly proposes that each defendant identify, as part of its initial disclosures, "all LCD modules which contain the Accused Structures." Honeywell's desire to reverse the normal burden of identifying accused products and place it on the defendants was already rejected by Your Honor in the context of the stay motion: "I agree with the defendants that …you are telling manufacturers…[y]ou got one or two things that are bad.

---

pretrial activities and shall report to the court with a joint proposed scheduling order …" Since neither condition has been satisfied at this time, it is premature for the parties to conduct a new Rule 26(f) conference or submit a joint proposed scheduling order to the Court, although defendants remain willing, as was the case during the December 15 teleconference, to discuss these issues preliminarily with Honeywell.

[5] Of course, once a schedule is established, any party can move for a modification of the schedule upon a showing of good cause. In a consolidated litigation involving more than 60 defendants, it is impossible to anticipate every contingency that might arise.

The Honorable Kent A. Jordan
January 9, 2006
Page 4

> We want [you to] do an analysis of everything you make and tell us whether you are guilty on those fronts, too; and that is not what the law requires, and it's not what I'm going to require them to do." 9/9/05 Status Teleconference Transcript at 28:14-20. Moreover, Honeywell's definition of the "Accused Structures" merely paraphrases the asserted patent claim, and there has been no discussion or agreement as to scope of Honeywell's definition. These issues should be dealt with in the context of normal discovery.
>
> When the parties conduct the Rule 26(f) conference, defendants are willing to discuss any ideas that any party may raise for streamlining the litigation, including the new proposal by Honeywell. However, defendants do not currently see a need to alter the scope of Rule 26(a)(1) initial disclosures.

- As a general matter, foreign defendants will not agree to bring witnesses to the United States for depositions. However, defendants will cooperate in setting particular deposition venues where witnesses are located, consistent with the legal obligations in those countries.

- It is too early to determine whether there will be significant interest in defendants attending the depositions of other defendants, but defendants do not think that issue should affect the timing or scheduling of depositions. Moreover, the level of interest may vary depending on the issues involved and the party being deposed. The primary contact for scheduling depositions should be with counsel for the particular defendant.

- Defendants do not intend to designate a single "lead counsel" in the consolidated litigation, but the defendants will coordinate to the extent possible to avoid duplicative work.

- Defendants are reviewing the draft protective order that Honeywell recently circulated and anticipate providing their comments thereon.

Defendants do not believe any of these issues will significantly affect the determination of an overall case schedule, or that resolution of a schedule must wait until these issues are finally resolved. Defendants will continue to discuss these matters with Honeywell as new defendants appear in the action and join the ongoing discussions.

**New Schedule Proposed By Honeywell**

During the parties' teleconference on December 15, 2005, and in subsequent correspondence, defendants repeatedly requested that Honeywell provide proposed dates for a new schedule. Honeywell declined, insisting that certain "threshold" issues needed to be resolved first. Then, on January 5, 2006, two business days before this progress report was due, Honeywell forwarded a new proposed schedule to defendants.

The Honorable Kent A. Jordan
January 9, 2006
Page 5

       Defendants have not had any meaningful opportunity to consider, or respond to, the new schedule that Honeywell has just proposed. However, defendants, once they are joined, will consider the proposed schedule that Honeywell has circulated, and will use that as a starting point for further discussions, together with the proposals previously submitted to the Court in May 2005. Defendants will negotiate a new schedule with Honeywell when the parties conduct their Rule 26(f) conference, and will do their best to reach agreement with Honeywell as to any issues where the parties failed to reach agreement previously. Based on information provided by Honeywell, it appears that a Rule 26(f) conference can be held following the joinder of HannStar on March 3, 2006. However, the current defendants will continue to discuss these issues with Honeywell in the interim.

                                    Respectfully,

                                      Richard L. Horwitz

RLH/714124

cc:    Clerk of the Court (via ECF and hand delivery)
        All Local Counsel of Record (via ECF and hand delivery)