# YOUNG CONAWAY STARGATT & TAYLOR, LLP

| | | | |
|---|---|---|---|
| BRUCE M. STARGATT | NEILLI MULLEN WALSH | ATHANASIOS E. AGELAKOPOULOS | JOHN C. KUFFEL |
| BEN T. CASTLE | JANET Z. CHARLTON | LISA A. ARMSTRONG | TIMOTHY E. LENGKEEK |
| SHELDON N. SANDLER | ROBERT S. BRADY | GREGORY J. BABCOCK | ANDREW A. LUNDGREN |
| RICHARD A. LEVINE | JOEL A. WAITE | JOSEPH M. BARRY | MATTHEW B. LUNN |
| RICHARD A. ZAPPA | BRENT C. SHAFFER | SEAN M. BEACH | JOSEPH A. MALFITANO |
| FREDERICK W. IOBST | DANIEL P. JOHNSON | DONALD J. BOWMAN, JR. | ADRIA B. MARTINELLI |
| RICHARD H. MORSE | CRAIG D. GREAR | TIMOTHY P. CAIRNS | MICHAEL W. MCDERMOTT |
| DAVID C. MCBRIDE | TIMOTHY JAY HOUSEAL | KARA HAMMOND COYLE | MARIBETH L. MINELLA |
| JOSEPH M. NICHOLSON | BRENDAN LINEHAN SHANNON | CURTIS J. CROWTHER | EDMON L. MORTON |
| CRAIG A. KARSNITZ | MARTIN S. LESSNER | MARGARET M. DIBIANCA | D. FON MUTTAMARA-WALKER |
| BARRY M. WILLOUGHBY | PAULINE K. MORGAN | MARY F. DUGAN | JENNIFER R. NOEL |
| JOSY W. INGERSOLL | C. BARR FLINN | ERIN EDWARDS | ADAM W. POFF |
| ANTHONY G. FLYNN | NATALIE WOLF | KENNETH J. ENOS | SETH J. REIDENBERG |
| JEROME K. GROSSMAN | LISA B. GOODMAN | IAN S. FREDERICKS | FRANCIS J. SCHANNE |
| EUGENE A. DIPRINZIO | JOHN W. SHAW | JAMES J. GALLAGHER | MICHELE SHERRETTA |
| JAMES L. PATTON, JR. | JAMES P. HUGHES, JR. | SEAN T. GREECHER | MONTÉ T. SQUIRE |
| ROBERT L. THOMAS | EDWIN J. HARRON | STEPHANIE L. HANSEN | MICHAEL P. STAFFORD |
| WILLIAM D. JOHNSTON | MICHAEL R. NESTOR | DAWN M. JONES | CHAD S.C. STOVER (SC ONLY) |
| TIMOTHY J. SNYDER | MAUREEN D. LUKE | RICHARD S. JULIE | JOHN E. TRACEY |
| BRUCE L. SILVERSTEIN | ROLIN P. BISSELL | KAREN E. KELLER | MARGARET B. WHITEMAN |
| WILLIAM W. BOWSER | SCOTT A. HOLT | JENNIFER M. KINKUS | SHARON M. ZIEG |
| LARRY J. TARABICOS | JOHN T. DORSEY | EDWARD J. KOSMOWSKI | |
| RICHARD A. DILIBERTO, JR. | M. BLAKE CLEARY | | |
| MELANIE K. SHARP | CHRISTIAN DOUGLAS WRIGHT | SPECIAL COUNSEL | OF COUNSEL |
| CASSANDRA F. ROBERTS | DANIELLE GIBBS | JOHN D. MCLAUGHLIN, JR. | STUART B. YOUNG |
| RICHARD J.A. POPPER | JOHN J. PASCHETTO | ELENA C. NORMAN (NY ONLY) | EDWARD B. MAXWELL, 2ND |
| TERESA A. CHEEK | | KAREN L. PASCALE | |
| | | PATRICIA A. WIDDOSS | |

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(800) 253-2234 (DE ONLY)
FAX: (302) 571-1253

110 WEST PINE STREET
P.O. BOX 594
GEORGETOWN, DELAWARE 19947
(302) 856-3571
(800) 255-2234 (DE ONLY)
FAX: (302) 856-9338

WWW.YOUNGCONAWAY.COM

DIRECT DIAL: (302) 571-5001
DIRECT FAX: (302) 571-1253
kpascale@ycst.com

January 9, 2006

**By E-Filing and Hand Delivery**

The Honorable Kent A. Jordan
United States District Court
 for the District of Delaware
844 North King Street
Wilmington, DE 19801

      Re: *Honeywell Int'l, Inc., et al. v. Audiovox Comm. Corp., et al.*,
            C.A. No. 04-1337-KAJ
            *Honeywell Int'l, Inc., et al. v. Apple Computer, Inc., et al.*,
            C.A. No. 04-1338-KAJ
            *Optrex America, Inc. v. Honeywell Int'l, Inc., et al.*,
            C.A. No. 04-1536-KAJ

Dear Judge Jordan:

      Pursuant to the Court's order of October 7, 2005, I write on behalf of Optrex America, Inc. ("Optrex") to further report on the progress made by the parties towards developing a schedule.

I.    <u>Optrex's efforts to resume discovery with Honeywell</u>

      In May of 2005, Optrex and Honeywell agreed to stay discovery as to each other pending resolution of a schedule for identification by the customer defendants of the products at issue. During the past five months, Optrex has attempted on three occasions (September 23, 2005, November 17, 2005, and January 4, 2006) to resume discovery between Optrex and Honeywell in an effort to advance the progress of the case. In each instance, Optrex noted that both Honeywell and Optrex had served written discovery on each other in the spring of 2005 and

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Kent A. Jordan
January 9, 2006
Page 2

Optrex proposed that the parties respond promptly to the outstanding discovery requests. On January 4, 2006, Optrex clarified (in the event there was any confusion) that Optrex sought only resumption of written discovery (not the taking of depositions) between Optrex and Honeywell.

Over the past five months, Honeywell has refused to agree even that Optrex and Honeywell should respond to discovery requests already served on each other. Honeywell advised that it was concerned that other defendants would be disadvantaged by having Optrex and Honeywell resume discovery and that proceeding with discovery between Optrex and Honeywell might "balkanize" the case.[1]

Optrex respectfully suggests that resuming only written discovery as to Honeywell and Optrex will advance the case as the Court has requested. To the extent that Honeywell provides documents and information to Optrex that are of interest to other defendants, that information can be served on other defendants at the same time it is provided to Optrex. This approach will help avoid duplicative discovery in the future. In addition, the information produced will also be available as additional defendants join the case, thereby allowing progress to occur before all defendants have appeared.

As Optrex has repeatedly pointed out to Honeywell, the Court never stayed discovery as to Optrex and Honeywell.[2] Optrex is concerned that during the delay in discovery memories may fade and documents may be lost both with respect to Honeywell and, equally importantly, third parties. Moreover, Optrex respectfully submits that it is entitled to have Honeywell answer discovery already served on Honeywell concerning Optrex products. Honeywell's refusal to respond to discovery requests concerning Optrex products harms Optrex by adding unnecessary uncertainty to Optrex's business.

II.    Honeywell's proposed schedule

Optrex has also briefly reviewed the proposed schedule set forth by Honeywell in a draft report sent to the defendants on January 6, 2005. Optrex is continuing to review the report and looks forward to discussing the proposal with Honeywell. Nonetheless, Optrex wishes to advise

---

[1] To date, only one defendant expressed concerns with Optrex's proposal, and those concerns related to the extent that discovery between Optrex and Honeywell might affect the scope of that defendant's ability to take discovery of Honeywell. However, Optrex submits that proceeding now with written discovery between Honeywell and Optrex should have no bearing on the scope of any other party's written discovery of Honeywell.

[2] On a related point, because Optrex and Honeywell already held a Rule 26(f) conference on April 27, 2005, there is no need for a second Rule 26 conference as to Optrex and Honeywell. Instead, Optrex submits that written discovery between Honeywell and Optrex should resume and proceed simultaneously with discussions on the schedule for the rest of the case.

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Kent A. Jordan
January 9, 2006
Page 3

the Court that Optrex will object to some of Honeywell's proposals, such as the very limited number of deposition hours of Honeywell and third parties. However, Optrex does not object to the specific dates proposed by Honeywell in its "proposed schedule" *so long as* the adoption of those dates is not contingent on resolution of the Honeywell concerns set forth in the draft report. Instead, Optrex supports entering the proposed schedule dates recognizing, as in any other case, that any party may move for modification of the schedule at a later date if good cause is shown.

Respectfully submitted,

*Karen L. Pascale*

Karen L. Pascale (#2903)
[kpascale@ycst.com]

cc:  Clerk of Court (by CMF/ECF E-Filing)
     CM/ECF Counsel of Record (by E-Filing)

DB02:5145537.1                                                                    900003.0001