IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HONEYWELL INTERNATIONAL INC. and<br>HONEYWELL INTELLECTUAL PROPERTIES INC.,<br><br>               Plaintiffs,<br><br>v.<br><br>APPLE COMPUTER, INC.; ALL AROUND CO., LTD., ARGUS A/K/A HARTFORD COMPUTER GROUP, INC.; ARIMA DISPLAY; AU OPTRONICS CORP.; AU OPTRONICS CORPORATION AMERICA; BOE TECHNOLOGY GROUP COMPANY, LTD.; BEIJING BOE OPTOELECTRONICS TECHNOLOGY CO., LTD.; BOE-HYDIS TECHNOLOGY CO., LTD.; CASIO COMPUTER CO., LTD.; CASIO, INC.; CITIZEN SYSTEMS EUROPE; CITIZEN SYSTEMS AMERICA CORPORATION; CONCORD CAMERAS; DELL INC.; EASTMAN KODAK COMPANY; FUJI PHOTO FILM CO., LTD.; FUJI PHOTO FILM U.S.A., INC.; FUJITSU LIMITED; FUJITSU AMERICA, INC.; FUJITSU COMPUTER PRODUCTS OF AMERICA, INC.; HANNSTAR DISPLAY CORPORATION; HITACHI, LTD.; HITACHI DISPLAYS, LTD.; HITACHI DISPLAY DEVICES, LTD.; HITACHI ELECTRONIC DEVICES (USA), INC.; INNOLUX DISPLAY CORPORATION; INTERNATIONAL DISPLAY TECHNOLOGY; INTERNATIONAL DISPLAY TECHNOLOGY USA, INC.; KONINKLIJKE PHILIPS ELECTRONICS N.V.; PHILIPS CONSUMER ELECTRONICS NORTH AMERICA; PHILIPS ELECTRONICS NORTH AMERICA CORPORATION; KYOCERA WIRELESS CORP.; MATSUSHITA ELECTRICAL INDUSTRIAL CO.; MATSUSHITA ELECTRICAL CORPORATION OF AMERICA; NAVMAN NZ LIMITED; NAVMAN U.S.A. INC.; OLYMPUS CORPORATION; OLYMPUS AMERICA, INC.; PENTAX CORPORATION; PENTAX U.S.A., INC.; PICVUE ELECTRONICS LIMITED; QUANTA DISPLAY INC.; SAMSUNG SDI CO., LTD; SAMSUNG SDI AMERICA, INC; SONY CORPORATION; SONY CORPORATION OF AMERICA; SONY ERICSSON MOBILE COMMUNICATIONS AB; SONY ERICSSON MOBILE COMMUNICATIONS (USA) INC.; ST | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  C.A. No. 04-1338-KAJ<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

| | |
|---|---|
| LIQUID CRYSTAL DISPLAY CORP.; TOPPOLY OPTOELECTRONICS CORP.; TOSHIBA CORPORATION; TOSHIBA AMERICA, INC.; WINTEK CORP.; WINTEK ELECTRO-OPTICS CORPORATION; WISTRON CORPORATION; and M-DISPLAY OPTRONICS CORP., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) |

| | | |
|---|---|---|
| HONEYWELL INTERNATIONAL INC. and HONEYWELL INTELLECTUAL PROPERTIES INC., <br><br> Plaintiffs, <br><br> v. <br><br> AUDIOVOX COMMUNICATIONS CORP.; AUDIOVOX ELECTRONICS CORPORATION; NIKON CORPORATION; NIKON INC.; NOKIA CORPORATION; NOKIA INC.; SANYO ELECTRIC CO., LTD.; SANYO NORTH AMERICA CORPORATION; and SANYO EPSON IMAGING DEVICES CORPORATION, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 04-1337-KAJ |

| | | |
|---|---|---|
| OPTREX AMERICA, INC. <br><br> Plaintiff, <br><br> v. <br><br> HONEYWELL INTERNATIONAL INC. and HONEYWELL INTELLECTUAL PROPERTIES INC. <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 04-1536-KAJ |

2

**PLAINTIFF HONEYWELL'S STATUS REPORT**

Plaintiffs Honeywell International Inc. and Honeywell Intellectual Properties Inc. (collectively "Honeywell") submit the following Status Report pursuant to Paragraph 6 of the Court's October 7, 2005 Order, which directed that "a report on progress toward establishing a schedule for bringing to trial claims against Manufacturers shall be submitted no later than January 9, 2006."  (C.A. No. 04-1338, D.I. 237 at ¶ 6 (the "October 7 Order")).[1]

While significant progress has been made in the restructuring of the case (as reflected in Section I), less progress has been made in working toward a schedule, including resolution of issues identified by Honeywell as potentially impacting the schedule (discussed below in Section II).  Honeywell raised these issues in a teleconference on December 15, explaining that they have a direct impact on the schedule.  (*See* Exhibit A, letter from Matthew L. Woods dated December 21, 2005).  Defendants contended that the issues were premature or would have no impact on the schedule.  (*See* Exhibit B, letter from Richard Horwitz, dated December 30, 2005).  The absence of any meaningful substantive engagement on these issues led Honeywell to draft its own report, a draft of which was provided to defendants on Friday, January 6, 2006.

## I.     Status of Defendants

### A.    "Customer" Defendants.

Subsequent to the October 7 Order, the Non-Manufacturer Defendants[2] made certain

---

[1] This status report has been submitted in C.A. Nos. 04-1337, 04-1338, and 04-1536.

[2] Apple Computer, Inc., Audiovox Communications Corp., Audiovox Electronics Corporation, Casio, Inc., Concord Cameras, Dell, Inc., Eastman Kodak Company, Fujitsu America Inc., Fujitsu Computer Products of America, Inc., Fujitsu Limited, Kyocera Wireless Corp., Nikon Corporation, Nikon, Inc., Nokia Corporation, Nokia, Inc., Olympus America, Inc., Olympus Corporation, Pentax Corporation, Pentax U.S.A. Inc., Sanyo Electric Co., Ltd., Sanyo North America Corporation, Sony Ericsson Mobile Communications AB, Sony Ericsson Mobile

disclosures regarding the source of the LCD Modules used in their portable consumer electronic products. The Non-Manufacturer Defendants have informed the Court by letter, dated November 22, 2005 (C.A. No. 04-1338, D.I. 250), that – as a result of these disclosures – the case is stayed against them, and thus they will not be answering the Amended Complaint (which was filed by Honeywell on November 7, 2005). Although Honeywell has expressed concerns regarding the comprehensiveness of these disclosures, Honeywell has agreed that, for now, these defendants need not answer the Amended Complaint.

**B.    "Hybrid" Defendants.**

As acknowledged in Footnote 1 of the October 7 Order, the original complaint named a number of entities that manufacture both LCD Modules as well as the end products incorporating such modules. These Hybrid Defendants included the Casio, Fuji, Matsushita,[3] Sanyo, Sony and Toshiba entities. Since the briefing regarding the stay motion, Honeywell has entered into license agreements under the '371 patent with Sanyo and Toshiba to the extent those entities manufacture and/or sell LCD modules. Accordingly, the case is now stayed as to these two entities.[4]

The status of the remaining hybrids, Casio, Fuji, Matsushita and Sony, is as follows:

| | | |
|---|---|---|
| Casio | Answer will be filed on January 10, 2006 | C.A. No. 04-1338, D.I. 294 |
| Fuji | Answer was filed on November 28, 2005 | C.A. No. 04-1338, D.I. 256 |
| Matsushita | Answer will be filed on January 17, 2006 | C.A. No. 04-1338, D.I. 295 |
| Sony | Answer will be filed on February 10, 2006 | C.A. No. 04-1338, D.I. 273 |

---

Communications (USA) Inc., Toshiba America, Inc., and Toshiba Corporation.

[3] Matsushita currently disputes whether it should be treated as a "hybrid" and has submitted this issue to the Court (C.A. No. 04-1338, D.I. 301).

[4] The license agreements do not cover the end products these entities manufacture which incorporate LCD modules from a different manufacturer.

**C.     Original Manufacturer Defendants.**

Optrex              Already answered

Seiko Epson         Already answered

**D.     New Manufacturer Defendants.**

After filing the Amended Complaint, Honeywell sent letters to the original defendants along with copies of the Amended Complaint and the Court's Orders of May 18, 2005 and October 7, 2005, requesting that they contact their disclosed suppliers pursuant to Paragraph 3 of the October 7 Order.  In addition, Honeywell itself initiated contact with those suppliers which had been newly named as defendants.  As a result of these parallel efforts, to date, the status is as follows:

1.     <u>Defendants who have retained trial counsel and agreed to waive formal service</u>.

| **Defendant/LCD Supplier** | **Answer Due** | **D.I.** |
|---|---|---|
| AU Optronics Corp. and AU Optronics Corporation America | February 10, 2006 | C.A. No. 04-1338, D.I. 290 |
| BOE-Hydis Technology Co., Ltd.[5] | February 21, 2006 | C.A. No. 04-1338, D.I. 296 |
| Citizen Watch Co., Ltd. and Citizen Displays Co., Ltd.[6] | February 21, 2006 | C.A. No. 05-874, D.I. 4 |
| HannStar Display Corporation | March 3, 2006 | C.A. No. 04-1338, D.I. 305 |

---

[5] BOE Technology Group Company Ltd. and Beijing BOE Optoelectronics Technology Co., Ltd. will be dismissed from the suit.

[6] Honeywell incorrectly named Citizen Systems Europe and Citizen Systems America Corporation in its First Amended Complaint.  Notices of dismissal without prejudice for these entities were filed on January 6, 2006 (C.A. No. 04-1338, D.I. 297, 298).  Honeywell filed a new action against Citizen Watch Co., Ltd. and Citizen Displays Co., Ltd. (C.A. No. 05-874).  These Citizen entities have agreed to move to consolidate the action against them with C.A. No. 04-1338-KAJ (*id.* at D.I. 4).

5

| | | |
|---|---|---|
| Hitachi, Ltd., Hitachi Displays, Ltd., Hitachi Display Devices, Ltd. and Hitachi Electronic Devices (USA), Inc. | February 10, 2006 | C.A. No. 04-1338, D.I. 278 |
| International Display Technology and International Display Technology USA, Inc. | February 10, 2006 | C.A. No. 04-1338, D.I. 291 |
| Koninklijke Philips Electronics N.V., Philips Consumer Electronics North America, and Philips Electronics North America | February 21, 2006 | *See* C.A. No. 04-1338, D.I. 248 |
| Quanta Display Inc. | February 21, 2006 | Stipulation will be filed |
| Samsung SDI Co., Ltd. and Samsung SDI America Inc. | February 13, 2006 | Stipulation will be filed |
| ST Liquid Crystal Display Corp. | February 10, 2006 | C.A. No. 04-1338, D.I. 273 |
| Toppoly Optoelectronics Corp. | April 15, 2006[7] | Stipulation will be filed |
| Wintek Corp. and Wintek Electro-Optics Corporation | February 10, 2006 | C.A. No. 04-1338, D.I. 270 |
| Sanyo Epson Imaging Devices Corporation | February 10, 2006 | C.A. No. 04-1337, D.I. 148 |

    2.    <u>Defendants who have not agreed to waive formal service</u>.

        All Around Co., Ltd.

        Arima Display

        Innolux Display Corporation

        Picvue Electronics Limited

Honeywell began the process of formally serving these entities in November 2005, but,

---

[7] Due to a unique set of circumstances, Toppoly has requested a longer extension to answer the Amended Complaint. In exchange for this extension, Toppoly has agreed in writing that it will participate in scheduling discussions along with the other defendants and will not seek to delay the entry of a scheduling order on the grounds that it has not yet answered the Amended

6

under the relevant international protocols, it is likely to be a number of months before service can be effected. Honeywell is willing to sever those entities that have not agreed to waive formal service from this case in the interest of moving this case forward. Once those entities appear, Honeywell will work with those entities to create a separate, but parallel, track with the main litigation.

      3.     <u>Defendants who will be dismissed</u>.

Honeywell filed a notice of dismissal without prejudice for Wistron Corporation and M-Display Optronics Corp. on January 9, 2006 (C.A. No. 04-1338, D.I. 303).

      **E.**     **Summary.**

In summary, by March 3, 2006, Honeywell anticipates that the case will be ready to proceed against 19 defendants/defendant groupings (2 original manufacturers, 13 new manufacturers, and 4 hybrids).

## II.     Progress Toward Establishing A Schedule

On December 15, 2005, counsel for Honeywell and counsel for a group of defendants met to discuss how to establish a schedule for bringing to trial claims against the Manufacturers. In this conference, Honeywell sought clarification from the Defendants on a number of threshold issues which it believes will have a direct, material impact on the length of pretrial activities and the orderliness and efficiency of those efforts. Those issues are summarized in Section A below. Following that conference, on December 30, defendants confirmed their basic position that the issues did not need resolution, but requested that Honeywell provide them with Honeywell's proposed overall case schedule. (*See* Exhibit B). Honeywell provided this schedule on January 5 and it is reproduced in Section B below.

---

Complaint.

As it stands, Honeywell and the substantial majority of defendants agree that the onset of discovery should be stayed for the time being. Defendant Optrex has sought Honeywell's agreement to initiate discovery now. While Honeywell earnestly desires to proceed with this case, it is concerned that the discovery not proceed in a piecemeal fashion that might balkanize the defendants and create issues regarding how to calculate the amount of discovery in this case. Defendant Fuji has recently expressed just this concern, stating its objection to such discovery if it might be used to limit the amount of discovery ultimately available to Fuji. Accordingly, Honeywell stands by its position that discovery should proceed in an orderly fashion once the scope and amount of such discovery has been decided.

### A.   Threshold Issues Impacting Schedule.

While Honeywell recognizes that many newly-added defendants have not yet answered the Amended Complaint, and thus are not yet before the Court, Honeywell believes it is appropriate to apprise the Court of certain issues that the parties discussed which Honeywell believes will need to be addressed to effectively manage this litigation. Those defendants who participated in the December 15 teleconference have indicated their general belief that it is premature to raise these issues with the Court. Honeywell recognizes that the Court cannot substantively address the issues raised below without the defendants' input, but Honeywell believes that these are issues that should be addressed early in the litigation in order to "establish a schedule for bringing to trial claims against Manufacturers," as the Court requested in its October 7 Order. (C.A. No. 04-1338, D.I. 237 at ¶ 6). This will allow all parties to move toward trial with common expectations and understandings and will hopefully minimize the need to alter the schedule in the future.

1.  <u>Impact of 35 U.S.C. § 271</u>.

To establish a schedule for bringing to trial claims against the LCD manufacturers, a threshold issue that must be addressed is whether the defendants will dispute that Honeywell's claims can be brought to trial against them because of any territorial limitations of 35 U.S.C. § 271. Section 271 generally allows recovery only for acts that occur within the United States. To date, several of LCD Manufacturers have asserted that they do not sell the LCD modules within the United States. Instead, it appears that the LCD Manufacturers sell their modules overseas and the end product manufacturers import them into the United States in the accused portable consumer electronic products. Honeywell is concerned that the LCD Manufacturers will assert that the liability portion of this matter can not be tried against them and that a judgment could not be rendered based on the territorial limitations of 35 U.S.C. § 271.

Honeywell believes this threshold issue must be resolved as soon as possible to avoid wasteful or duplicative proceedings. Honeywell raised this issue with the defendants, but the defendants do not believe it is an issue that must be addressed now. If the LCD Manufacturers invoke this statute, then it will clearly impact the orderly and timely progression of this case. Honeywell respectfully submits that it would be wasteful to work towards a schedule to trying this case against the LCD Manufacturers, only to have the defendants raise this issue at a later date. Because the defendants have not stated their positions with respect to this issue, it is unclear whether or not this will be an issue. Depending upon the extent to which this becomes an issue, it is Honeywell's view that the "customer" defendants may need to become more actively involved in this first stage of the case if it is determined that liability cannot be tried against the LCD Manufacturers.

2.  Scope of Discovery.

Honeywell believes that the discovery it seeks in this case will not be burdensome as to any individual defendant, and that it should conduct its discovery of each defendant on essentially parallel tracks. The primary focus will be upon identification and discussion of all LCD modules which contain the Accused Structure, i.e., any module employing a light source, two lens arrays, one of which is misaligned or rotated, and an LCD display. The sooner, and more efficiently, this information is provided to Honeywell, the more streamlined the schedule can be, especially since most of the Customer Defendants claimed to lack information regarding which products contained substantially similar structures to those LCD modules Honeywell had already identified. Moreover, the new defendants, as Manufacturers of LCD Modules, are in a fundamentally different position than the "customers" (to which the October 7 Order was largely directed) in that they have access to comprehensive information regarding which modules use the Accused Structure.

Honeywell believes it would be appropriate to include such information/documentation in each manufacturer's initial disclosures.

3.  Logistical Coordination of Discovery.

There are a number of issues regarding coordinating discovery that Honeywell has raised with the defendants, including:

- Protective Order. Honeywell has provided a draft Protective Order to the new defendants, who are considering that draft. Honeywell respectfully submits that the parties should agree to a Protective Order as soon as possible so the parties can engage in productive discovery once the last of the new defendants files an Answer, which is March 3, 2006.

- <u>Deposition Scheduling</u>.  It is unclear whether each defendant will desire to attend depositions of its co-defendants and whether such co-defendants would object to such participation, due to the competitive nature of the industry.  If each deposition is to be attended by all parties, it will likely impact the scheduling of those depositions and the time necessary to complete discovery.  Honeywell thus suggests that the scheduling process for depositions give priority to the schedules of the witnesses, their defending counsel and counsel for the noticing party.  Without clarity on this point, Honeywell believes that deposition scheduling could become problematic.  The defendants believe it is too early to tell whether they might desire to attend depositions of other defendants but believe that this issue will not impact timing or scheduling of depositions.

- <u>Location of Depositions</u>.  Most, if not all, of the defendants' witnesses likely reside outside the United States.  Honeywell has requested that the defendants cooperate in holding these depositions in a mutually agreeable midway location, such as Hawaii.  (Of course Honeywell would agree to share in the cost of such efforts.)  If, however, Honeywell is required to resort to deposing witnesses in foreign countries in corresponding U.S. Embassies, it will delay the matter due to the backlog in reservation space in these embassies, and additional time will be needed in the discovery schedule to accommodate this built-in delay.

    4.    <u>Lead Counsel</u>.

Honeywell has asked the defendants whether they intend to develop their legal positions and conduct their discovery of Honeywell under the "lead counsel" approach discussed in the Manual for Complex Litigation to avoid duplicative briefing and duplicative discovery demands upon Honeywell, thus helping streamline the schedule.  Defendants have indicated that they are

11

considering this approach, but have not yet developed a position on this issue.

### B. Proposed Schedule

Honeywell has proposed the following dates for a schedule beginning March 15, 2006. The timing and intervals being proposed are extremely similar to those proposed by Honeywell last April, with the exception that the schedule has been moved forward to reflect the restructuring of the case. This proposed schedule assumes that Honeywell's concerns set forth in Section A, above, are addressed and resolved so as to minimize any impact on the schedule.

| Event | Honeywell's Proposed Dates |
|---|---|
| Date of Scheduling Order | March 15, 2006 |
| 2. Joinder of parties | October 16, 2006 |
| 3(a). Deposition hours | Each party will produce witnesses under its care, custody and control to the other side for a total of 50 hours. Each side shall have 50 hours to conduct third party discovery. |
| 3(c). Discovery cut-off (includes expert discovery) | May 30, 2007 |
| 7. Interim Status Report | October 26, 2006 |
| 8. Status Conference | November 2, 2006 |
| 9. Technology Tutorial | December 22, 2006 |
| 10. Dispositive Motions | June 30, 2007<br>Answering briefs 30 days after opening briefs<br>Reply briefs 14 days after answering briefs |
| 11. Claim Construction Issue Identification | November 9, 2006 |
| 12. Claim Construction | May 30, 2007 – Joint Claim Construction Chart<br>June 29, 2007 – Opening briefs<br>July 27, 2007 – Reply briefs |
| 13. Hearing on Claim Construction | August 30, 2007 |
| 15. Pretrial Conference/Joint Proposed | September 28, 2007/ |

| Final Pretrial Order | September 21, 2007 |
| --- | --- |
| 17. Trial | October 22, 2007/ 15-18 Trial days |

### III. Conclusion

Honeywell stands ready to address any or all of these topics with the Court at its earliest convenience. Honeywell respectfully suggests that the Court set a Scheduling Conference for early March, with a view toward entering a Scheduling Order in mid-March. In the meantime, Honeywell will continue to work with the defendants to discuss the issues identified herein, and their impact on a schedule.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ *Leslie A. Polizoti*

_____
Thomas C. Grimm (#1098)
Leslie A. Polizoti (#4299)
1201 N. Market Street
Wilmington, DE 19899-1347
(302) 658-9200
 *Attorneys for Plaintiffs*

OF COUNSEL:

Martin R. Lueck
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
(612) 349-8500

January 9, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on January 9, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send notification of such filing to the following: John R. Alison, Parker H. Bagley, Robert J. Benson, Robert Karl Beste, III, Elizabeth L. Brann, Christopher E. Chalsen, Arthur G. Connolly, III, Frederick L. Cottrell, III, Francis DiGiovanni, Thomas M. Dunham, Amy Elizabeth Evans, York M. Faulkner, Christopher J. Gaspar, Alexander E. Gasser, Alan M. Grimaldi, Thomas C. Grimm, Thomas Lee Halkowski, Richard L. Horwitz, Robert J. Katzenstein, Nelson M. Kee, Richard D. Kelly, Stephen S. Korniczky, Hamilton Loeb, David J. Margules, David Ellis Moore, Carolyn E. Morris, Arthur I. Neustadt, Elizabeth A. Niemeyer, Gerard M. O'Rourke, Andrew M. Ollis, Karen L. Pascale, Adam Wyatt Poff, Leslie A. Polizoti, Alana A. Prills, Steven J. Rizzi, Avelyn M. Ross, Philip A. Rovner, Carl E. Schlier, Chad Michael Shandler, John W. Shaw, William J. Wade, Roderick B. Williams and Edward R. Yoches.

*/s/ Leslie A. Polizoti* (#4299)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
Wilmington, DE 19801
(302) 658-9200
lpolizoti@mnat.com