IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HONEYWELL INTERNATIONAL INC., et al.<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>APPLE COMPUTER, INC., et al.<br><br>　　　　Defendants. | C.A. No. 04-1338-KAJ<br><br>**JURY TRIAL DEMANDED** |

### CASIO COMPUTER CO. LTD.'S ANSWER TO HONEYWELL'S FIRST AMENDED COMPLAINT

Casio, Computer Co., Ltd. ("Casio Computer") for its answer to the averments in the First Amended Complaint of Honeywell International Inc. and Honeywell Intellectual Properties Inc. (collectively "Honeywell") responds as follows:

### Nature of the Action

1.　　Casio Computer admits that the Complaint purports to state a cause of action under the Patent Laws of the United States, and that the First Amended Complaint alleges willful infringement of a United States patent. Casio Computer however, denies that the First Amended Complaint states a valid cause of action.

### The Parties

2.　　Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 2 of the First Amended Complaint, and therefore denies the same.

3. Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 3 of the First Amended Complaint, and therefore denies the same.

4. Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 4 of the First Amended Complaint, and therefore denies the same.

5. Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 5 of the First Amended Complaint, and therefore denies the same.

6. Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 6 of the First Amended Complaint, and therefore denies the same.

7. Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 7 of the First Amended Complaint, and therefore denies the same.

8. Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 8 of the First Amended Complaint, and therefore denies the same.

9. Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 9 of the First Amended Complaint, and therefore denies the same.

10. Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 10 of the First Amended Complaint, and therefore denies the same.

11. Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 11 of the First Amended Complaint, and therefore denies the same.

12. Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 12 of the First Amended Complaint, and therefore denies the same.

13. Casio Computer admits averments in paragraph 13.

14. Casio Computer denies that Casio, Inc. has a principal place of business in Dover, Jersey, but it admits that Casio, Inc. is a New York Corporation and that it has a principal place of business in Dover, New Jersey.

15. Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 15 of the First Amended Complaint, and therefore denies the same.

16. Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 16 of the First Amended Complaint, and therefore denies the same.

17. Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 17 of the First Amended Complaint, and therefore denies the same.

18. Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 18 of the First Amended Complaint, and therefore denies the same.

19. Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 19 of the First Amended Complaint, and therefore denies the same.

20. Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 20 of the First Amended Complaint, and therefore denies the same.

21. Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 21 of the First Amended Complaint, and therefore denies the same.

22. Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 22 of the First Amended Complaint, and therefore denies the same.

23. Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 23 of the First Amended Complaint, and therefore denies the same.

24. Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 24 of the First Amended Complaint, and therefore denies the same.

25. Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 25 of the First Amended Complaint, and therefore denies the same.

26. Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 26 of the First Amended Complaint, and therefore denies the same.

27. Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 27 of the First Amended Complaint, and therefore denies the same.

28. Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 28 of the First Amended Complaint, and therefore denies the same.

29. Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 29 of the First Amended Complaint, and therefore denies the same.

30. Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 30 of the First Amended Complaint, and therefore denies the same.

31. Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 31 of the First Amended Complaint, and therefore denies the same.

32. Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 32 of the First Amended Complaint, and therefore denies the same.

33. Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 33 of the First Amended Complaint, and therefore denies the same.

34. Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 34 of the First Amended Complaint, and therefore denies the same.

35. Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 35 of the First Amended Complaint, and therefore denies the same.

36. Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 36 of the First Amended Complaint, and therefore denies the same.

37. Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 37 of the First Amended Complaint, and therefore denies the same.

38. Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 38 of the First Amended Complaint, and therefore denies the same.

39. Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 39 of the First Amended Complaint, and therefore denies the same.

40. Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 40 of the First Amended Complaint, and therefore denies the same.

41. Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 41 of the First Amended Complaint, and therefore denies the same.

42. Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 42 of the First Amended Complaint, and therefore denies the same.

43. Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 43 of the First Amended Complaint, and therefore denies the same.

44. Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 44 of the First Amended Complaint, and therefore denies the same.

45. Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 45 of the First Amended Complaint, and therefore denies the same.

46. Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 46 of the First Amended Complaint, and therefore denies the same.

47. Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 47 of the First Amended Complaint, and therefore denies the same.

48. Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 48 of the First Amended Complaint, and therefore denies the same.

49. Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 49 of the First Amended Complaint, and therefore denies the same.

50. Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 50 of the First Amended Complaint, and therefore denies the same.

51. Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 51 of the First Amended Complaint, and therefore denies the same.

52. Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 52 of the First Amended Complaint, and therefore denies the same.

53. Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 53 of the First Amended Complaint, and therefore denies the same.

54. Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 54 of the First Amended Complaint, and therefore denies the same.

55. Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 55 of the First Amended Complaint, and therefore denies the same.

56. Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 56 of the First Amended Complaint, and therefore denies the same.

57. Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 57 of the First Amended Complaint, and therefore denies the same.

58. Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 58 of the First Amended Complaint, and therefore denies the same.

59. Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 59 of the First Amended Complaint, and therefore denies the same.

60. Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 60 of the First Amended Complaint, and therefore denies the same.

## Jurisdiction and Venue

61. Casio Computer admits that jurisdiction over the subject matter of this action is based on Title 28, United States Code § 1338(a).

62. Casio Computer admits that paragraph 62 of the First Amended Complaint purports to assert that personal jurisdiction over it comports with the United States Constitution and § 3104 of the Delaware Code. Casio Computer denies the remaining averments in paragraph 62.

63. Casio Computer admits that venue is based on Title 28, United States Code, §§ 1391(b) and 1400(b).

## Background to the Action

64. Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 64 of the First Amended Complaint, and therefore denies the same.

65. Casio Computer admits that what appears to be a copy of U.S. Patent No. 5,280,371 ("the '371 patent") is attached to the First Amended Complaint as Exhibit 1. Casio Computer also admits that from the first page of the '371 patent, the date of issue of the '371 patent appears to be January 18, 1994. Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 65 of the First Amended Complaint, and therefore denies the same.

66. Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 66 of the First Amended Complaint, and therefore denies the same.

### Alleged Acts Giving Rise to the Action

67. Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 67 of the First Amended Complaint, and therefore denies the same.

68. Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 68 of the First Amended Complaint, and therefore denies the same.

69. Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 69 of the First Amended Complaint, and therefore denies the same.

70. Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 70 of the First Amended Complaint, and therefore denies the same.

71. Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 71 of the First Amended Complaint, and therefore denies the same.

72. Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 72 of the First Amended Complaint, and therefore denies the same.

73. Casio Computer admits that Casio US is engaged in the importation, offer for sale or sale of products in the United States that include a liquid crystal display, including PDAs, digital cameras, and portable televisions. Casio Computer denies the remaining averments of paragraph 73.

74. Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 74 of the First Amended Complaint, and therefore denies the same.

75. Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 75 of the First Amended Complaint, and therefore denies the same.

76. Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 76 of the First Amended Complaint, and therefore denies the same.

77. Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 77 of the First Amended Complaint, and therefore denies the same.

78. Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 78 of the First Amended Complaint, and therefore denies the same.

79. Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 79 of the First Amended Complaint, and therefore denies the same.

80. Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 80 of the First Amended Complaint, and therefore denies the same.

81. Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 81 of the First Amended Complaint, and therefore denies the same.

82. Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 82 of the First Amended Complaint, and therefore denies the same.

83. Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 83 of the First Amended Complaint, and therefore denies the same.

84. Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 84 of the First Amended Complaint, and therefore denies the same.

85. Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 85 of the First Amended Complaint, and therefore denies the same.

86. Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 86 of the First Amended Complaint, and therefore denies the same.

87. Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 87 of the First Amended Complaint, and therefore denies the same.

88. Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 88 of the First Amended Complaint, and therefore denies the same.

89. Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 89 of the First Amended Complaint, and therefore denies the same.

90. Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 90 of the First Amended Complaint, and therefore denies the same.

91. Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 91 of the First Amended Complaint, and therefore denies the same.

92. Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 92 of the First Amended Complaint, and therefore denies the same.

93. Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 93 of the First Amended Complaint, and therefore denies the same.

94. Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 94 of the First Amended Complaint, and therefore denies the same.

95. Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 95 of the First Amended Complaint, and therefore denies the same.

96. Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 96 of the First Amended Complaint, and therefore denies the same.

97. Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 97 of the First Amended Complaint, and therefore denies the same.

98. Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 98 of the First Amended Complaint, and therefore denies the same.

99. Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 99 of the First Amended Complaint, and therefore denies the same.

100. Casio Computer denies the averments of paragraph 100 to the extent they pertain to Casio. Otherwise, Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 100 of the First Amended Complaint, and therefore denies the same.

101.    Casio Computer denies the averments of paragraph 101 to the extent they pertain to Casio. Otherwise, Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 101 of the First Amended Complaint, and therefore denies the same.

## DEFENSES

### First Defense

1.    Honeywell's First Amended Complaint fails to state a claim upon which relief can be granted.

### Second Defense

2.    The '371 patent has not been and is not infringed by Casio Computer.

### Third Defense

3.    The claims of the '371 patent are invalid for failure to comply with the conditions for patentability specified in Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 102, 103, and 112.

### Fourth Defense

4.    Prosecution history estoppel bars Honeywell's assertion of the '371 patent against Casio Computer.

### Fifth Defense

5.    Honeywell's claims are barred in whole or in part by laches and/or equitable estoppel.

**Sixth Defense**

6.    Honeywell's damages claims are barred by failure to comply with the requirements of 35 U.S.C. §§ 286 and/or 287.

**Seventh Defense**

7.    Upon information and belief, some or all of the products accused to infringe the '371 patent are licensed and/or claims have been released pursuant to agreements with Honeywell.

**WHEREFORE**, Casio Computer prays that the Court enter judgment as follows:

(a) that the Complaint be dismissed with prejudice;

(b) that Casio Computer does not infringe and has not infringed any claim of the '371 patent;

(c) that the '371 patent is invalid;

(d) that the '371 patent is unenforceable;

(e) that Casio Computer be awarded its costs and attorneys fees under, *inter alia*, 35 U.S.C. § 285; and

(f) that Casio Computer be awarded such further legal and equitable relief as the Court may deem just and proper.

Dated:  January 10, 2006						FISH & RICHARDSON P.C.


								By: /s/ *Thomas L. Halkowski*
								       Thomas L. Halkowski (#4099)
								       919 N. Market Street, Suite 1100
								       P.O. Box 1114
								       Wilmington, DE 19899
								       Tel.: (302) 652-5070
								       Fax.: (302) 652-0607

								       John T. Johnson
								       Lewis E. Hudnell
								       Citigroup Center - 52nd Floor
								       153 East 53rd Street
								       New York, NY 10022-4611
								       Tel.: (212) 765-5070
								       Fax.: (212) 258-2291

								*Attorneys for Defendant*
								*Casio Computer Co., Ltd.*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 10, 2005, I electronically filed **CASIO COMPUTER CO. LTD'S ANSWER TO HONEYWELL'S FIRST AMENDED COMPLAINT** with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following. A copy was also delivered via hand delivery:

Thomas C. Grimm
Leslie Polizoti
Morris Nichols Arsht & Tunnell
Chase Manhattan Centre
1201 North Market Street, Suite 2100
P.O. Box 1347
Wilmington, DE  19899-1347

Frederick L. Cottrell, III
Chad Michael Shandler
Richards Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899-0551

Richard L. Horwitz
Potter Anderson & Corroon LLP
Hercules Plaza, 6th floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899-0951

Philip A. Rovner
Potter Anderson & Corroon LLP
Hercules Plaza, 6th floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899-0951

William J. Wade
Richards Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899-0551

John W. Shaw
Young Conaway Stargatt & Taylor LLP
1000 West Street, 17th floor
P.O. Box 391
Wilmington, DE 19899-0391

Adam Wyatt Poff
Young Conaway Stargatt & Taylor LLP
1000 West Street, 17th floor
P.O. Box 391
Wilmington, DE 19899-0391

Francis DiGiovanni
Connolly Bove Lodge & Hutz
The Nemours Building, 8th floor
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899-2207

| | |
|---|---|
| Arthur G. Connolly, III<br>Connolly Bove Lodge & Hutz<br>The Nemours Building, 8th floor<br>1007 N. Orange Street<br>P.O. Box 2207<br>Wilmington, DE 19899-2207 | Amy Evans<br>Cross & Simons, LLC<br>913 N. Market Street, Suite 1001<br>P.O. Box 1380<br>Wilmington, DE 19899-1380 |
| Robert J. Katzenstein<br>Robert K. Beste, III<br>Smith Kathzenstein & Furlow LLP<br>800 Delaware Avenue, 7th floor<br>P.O. Box 410<br>Wilmington, DE 19899 | Karen L. Pascale<br>Young Conaway Stargatt & Taylor LLP<br>1000 West Street, 17th floor<br>P.O. Box 391<br>Wilmington, DE 19899-0391 |
| Gerald M. O'Rourke<br>Connolly Bove Lodge & Hutz<br>The Nemours Building, 8th floor<br>1007 N. Orange Street<br>P.O. Box 2207<br>Wilmington, DE 19899-2207 | William J. Marsden, Jr.<br>Fish & Richardson P.C.<br>919 N. Market Street, Suite 1100<br>P.O. Box 1114<br>Wilmington, DE 19899 |
| David Ellis Moore<br>Potter Anderson & Corroon LLP<br>Hercules Plaza, 6th floor<br>1313 N. Market Street<br>P.O. Box 951<br>Wilmington, DE 19899-0951 | David J. Margules<br>Bouchard Margules & Friedlander, P.A.<br>222 Delaware Avenue, Suite 1400<br>Wilmington, DE 19801 |

　　　　I hereby certify that on January 10, 2006, I have caused to be mailed by U.S. Mail, the document to the following non-registered participant.

Martin R. Lueck
Robins Kaplan Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015

　　　　　　　　　　　　　　　　　　　　　　　　/s/ Thomas L. Halkowski　　　　　
　　　　　　　　　　　　　　　　　　　　　　　　Thomas L. Halkowski