# EXHIBIT A

## FULLY REDACTED

# EXHIBIT B

## FULLY REDACTED

# EXHIBIT C

## FULLY REDACTED

# EXHIBIT D

## FULLY REDACTED

# Exhibit E

LEXSEE 219 F.R.D. 427

**IP INNOVATION L.L.C. and TECHNOLOGY LICENSING CORPORATION, Plaintiffs,**
**v. SHARP CORPORATION, Defendant.**

**No. 03 C 2428**

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF**
**ILLINOIS, EASTERN DIVISION**

*219 F.R.D. 427; 2003 U.S. Dist. LEXIS 24772*

**December 8, 2003, Decided**
**December 9, 2003, Docketed**

**DISPOSITION:** [**1] Plaintiffs' motion to compel responses granted in part and denied in part.

**COUNSEL:** For IP Innovation LLC, Technology Licensing Corporation, PLAINTIFFS: Raymond P Niro, Niro, Scavone, Haller & Niro, Ltd, Chicago, IL USA. Arthur Anthony Gasey, Niro, Scavone, Haller & Niro, Ltd, Chicago, IL USA. Paul Christopher Gibbons, Niro, Scavone, Haller & Niro, Ltd, Chicago, IL USA. Douglas M Hall, Niro, Scavone, Haller & Niro, Ltd, Chicago, IL USA.

For Sharp Corporation, DEFENDANT: Updeep S Gill, [PHV] Robert Walker Adams, [PHV] Nixon & Vanderhye, Arlington, VA USA. Darrell J Graham, Perkins Coie LLC, Chicago, IL USA. Eric D Brandfonbrener, Perkins Coie LLC, Chicago, IL USA. Christopher B Wilson, Perkins Coie LLC, Chicago, IL USA.

For Sharp Corporation, COUNTER-CLAIMANT: Robert Walker Adams, Nixon & Vanderhye, Arlington, VA USA. Eric D Brandfonbrener, Perkins Coie LLC, Chicago, IL USA.

For IP Innovation LLC, Technology Licensing Corporation, COUNTER-DEFENDANTS: Raymond P Niro, Niro, Scavone, Haller & Niro, Ltd, Chicago, IL USA. Arthur Anthony Gasey, Niro, Scavone, Haller & Niro, Ltd, Chicago, IL USA. Paul Christopher Gibbons, Niro, Scavone, Haller & Niro, Ltd, Chicago, IL USA. Douglas M Hall, Niro, Scavone, [**2] Haller & Niro, Ltd, Chicago, IL USA.

**JUDGES:** Nan R. Nolan, United States Magistrate Judge. Judge Suzanne B. Conlon.

**OPINIONBY:** Nan R. Nolan

**OPINION:**

[*428] **ORDER**

This patent infringement action concerns technology relating to improving image enhancement as applied to consumer electronics products such as laser printers, VCRs, and television sets. Plaintiffs state that the patented technology can be found in "adaptive comb filters" utilized for chroma/luma separation in television receivers and VCRs.

Plaintiffs' motion to compel responses to their first set of document requests and interrogatories has been referred to this Court for ruling. Plaintiffs' motion seeks production of three categories of information: 1) documents showing relevant features of potentially infringing devices; 2) an analysis of any prior art or other invalidity defenses Sharp intends to rely upon to support its invalidity claims; and 3) documents showing the sales and profits of products which plaintiffs have identified. The Court has considered the relevant pleadings and the oral arguments of counsel presented on December 3, 2003. Plaintiffs' motion is granted in part and denied in part.

**DISCUSSION**

At the [**3] hearing on December 3, 2003, counsel indicated that they would attempt to reach a compromise on points 1 and 3 above. By letter dated December 5, 2003, plaintiffs' counsel notified the Court that the parties agreed to the following terms for discovery regarding points 1 and 3:

1) With respect to the products specifically identified by model number in plaintiffs' first set of document requests, Sharp will:

> (a) identify the chips used in those product model numbers. (Sharp will provide this

Page 2

219 F.R.D. 427, *428; 2003 U.S. Dist. LEXIS 24772, **3

information by Tuesday December 9, 2003). To the extent that Sharp is going to rely upon prior sales of [*429] products having adaptive comb filter features in support of a laches or estoppel defense, Sharp will provide the chip and model numbers of such products by Friday December 19, 2003.

(b) produce any documents in its possession relating to the chips identified in (1)(a) and it will diligently endeavor to obtain additional data sheet and/or internal schematics information from its chip supplier, and identify its supplier. Sharp will provide this information as soon as possible if and when received from its chip supplier; and

(c) identify representative technical manuals for two of the television [**4] products that plaintiffs have specifically identified by product number by Tuesday December 9, 2003.

2) Sharp will also produce documents reflecting unit and dollar volume sale information for the products specifically identified by model number in plaintiffs' first set of document requests. Sharp will begin producing these documents the week of December 8, 2003. In addition, Sharp will being collecting profit/loss summary documents for the foregoing specific model numbers. It will produce those summary documents within a reasonable time.

The Court accepts the parties' above compromise with the understanding that this Court is not in any way modifying the district court's scheduling order in this matter.

The parties disagree over whether Sharp should also be required to identify the chassis and end product model number of all models using the chips identified in (1)(a) above. Plaintiffs state that this information is relevant to validity, laches, and most importantly, damages. Plaintiffs' infringement allegations identified certain Sharp television models that supported their infringement position. Plaintiffs state that they are aware of Sharp's use of dynamic or adaptive [**5] comb filters in a larger number of televisions. Plaintiffs presently believe that all of the models which use the chips identified under (1)(a) above infringe the asserted patents. Plaintiff explain that they need the requested information because rapid changes in Sharp's model numbers make it difficult for plaintiffs to independently identify all of the models using the exact comb filter features which the plaintiffs have accused of infringement. Plaintiffs seek to determine the identity of all models using these chips to calculate the full extent of



their damages.

Sharp objects to plaintiffs' request on the ground that plaintiffs' request is overbroad and imposes an undue burden because it does not include claim limitations that were added to overcome prior art. Thus, Sharp argues, plaintiffs' request covers products that are covered by the prior art. Sharp also states that it is not possible for Sharp to quickly or easily review hundreds of products going back to 1995 to determine what chip is used in each product.

Sharp's objection is overruled. The information sought by plaintiffs is relevant to their infringement allegations and specifically, to determining whether additional [**6] Sharp products or systems infringe. Moreover, once plaintiffs determine the identity of all allegedly infringing models, they can seek sales information for additional specific model numbers and calculate the full level of damages to which they are allegedly entitled.

Plaintiffs' motion also seeks production of an analysis of any prior art or other invalidity defenses Sharp intends to rely upon to support its invalidity claims. Plaintiffs seek a claim by claim and element by element comparison of any prior art or other invalidity defenses. Sharp does not dispute that plaintiffs are entitled to discover the basis for its invalidity claims under *35 U.S.C. §§ 102, 103, and 112*. Rather, Sharp contends that plaintiffs' request is premature under the district court's scheduling order which provides that plaintiffs are required to provide their expert reports on December 5, 2003 and Sharp's expert reports are due on January 4, 2004. Sharp states that it will be in a position to more precisely identify its invalidity contentions after it receives plaintiffs' expert report.

The district court's scheduling order contemplates that plaintiffs will provide their claim charts [**7] comparing the patents at issue and the prior art prior to Sharp producing its claim charts. Sharp is directed to provide an analysis of any prior art or other invalidity defenses it intends to rely upon to support its invalidity claims in its expert report due on January 4, 2004. Plaintiffs then have until [*430] the discovery cut-off of February 4, 2004 to conduct any follow-up discovery regarding Sharp's invalidity contentions. Plaintiffs' request for an invalidity analysis before Sharp is required to produce its expert report is denied as premature. Defendant's request, however, to delay providing its invalidity positions until after the district court construes the claims of the patents is denied.

**Nan R. Nolan**

**United States Magistrate Judge**

**Dated: 12/8/03**

Exhibit F

Exhibit F



# EXHIBIT G

## FULLY REDACTED

# EXHIBIT H

## FULLY REDACTED