## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

HONEYWELL INTERNATIONAL INC. and )
HONEYWELL INTELLECTUAL PROPERTIES )
INC., )
                 )
            Plaintiffs, )
                 )  C.A. No. 04-1338-KAJ
     v. )
                 )
APPLE COMPUTER, INC., et al., )
                 )
            Defendants. )

## WINTEK ELECTRO-OPTICS CORPORATION'S ANSWER TO HONEYWELL INTERNATIONAL INC. AND HONEYWELL INTELLECTUAL PROPERTIES INC.'S FIRST AMENDED COMPLAINT

Defendant Wintek Electro-Optics Corporation ("WEOC") submits its Answer to

Honeywell International Inc. and Honeywell Intellectual Properties Inc.'s First Amended

Complaint as follows:

### Nature of the Action

1.    WEOC admits that the Complaint purports to state a cause of action under

the Patent Laws of the United States, and that the First Amended Complaint alleges

willful infringement of a United States patent. WEOC however, denies that the First

Amended Complaint states a valid cause of action.

### The Parties

2.    WEOC is without knowledge or information sufficient to form a belief as

to the truth of the averments of paragraph 2 of the First Amended Complaint, and

therefore denies the same.

3.    WEOC is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 3 of the First Amended Complaint, and therefore denies the same.

4.    WEOC is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 4 of the First Amended Complaint, and therefore denies the same.

5.    WEOC is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 5 of the First Amended Complaint, and therefore denies the same.

6.    WEOC is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 6 of the First Amended Complaint, and therefore denies the same.

7.    WEOC is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 7 of the First Amended Complaint, and therefore denies the same.

8.    WEOC is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 8 of the First Amended Complaint, and therefore denies the same.

9.    WEOC is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 9 of the First Amended Complaint, and therefore denies the same.

10.    WEOC is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 10 of the First Amended Complaint, and therefore denies the same.

11.    WEOC is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 11 of the First Amended Complaint, and therefore denies the same.

12.    WEOC is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 12 of the First Amended Complaint, and therefore denies the same.

13.    WEOC is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 13 of the First Amended Complaint, and therefore denies the same.

14.    WEOC is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 14 of the First Amended Complaint, and therefore denies the same.

15.    WEOC is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 15 of the First Amended Complaint, and therefore denies the same.

16.    WEOC is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 16 of the First Amended Complaint, and therefore denies the same.

17.    WEOC is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 17 of the First Amended Complaint, and therefore denies the same.

18.    WEOC is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 18 of the First Amended Complaint, and therefore denies the same.

19.    WEOC is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 19 of the First Amended Complaint, and therefore denies the same.

20.    WEOC is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 20 of the First Amended Complaint, and therefore denies the same.

21.    WEOC is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 21 of the First Amended Complaint, and therefore denies the same.

22.    WEOC is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 22 of the First Amended Complaint, and therefore denies the same.

23.    WEOC is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 23 of the First Amended Complaint, and therefore denies the same.

24.    WEOC is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 24 of the First Amended Complaint, and therefore denies the same.

25.    WEOC is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 25 of the First Amended Complaint, and therefore denies the same.

26.    WEOC is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 26 of the First Amended Complaint, and therefore denies the same.

27.    WEOC is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 27 of the First Amended Complaint, and therefore denies the same.

28.    WEOC is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 28 of the First Amended Complaint, and therefore denies the same.

29.    WEOC is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 29 of the First Amended Complaint, and therefore denies the same.

30.    WEOC is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 30 of the First Amended Complaint, and therefore denies the same.

31.    WEOC is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 31 of the First Amended Complaint, and therefore denies the same.

32.    WEOC is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 32 of the First Amended Complaint, and therefore denies the same.

33.    WEOC is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 33 of the First Amended Complaint, and therefore denies the same.

34.    WEOC is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 34 of the First Amended Complaint, and therefore denies the same.

35.    WEOC is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 35 of the First Amended Complaint, and therefore denies the same.

36.    WEOC is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 36 of the First Amended Complaint, and therefore denies the same.

37.    WEOC is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 37 of the First Amended Complaint, and therefore denies the same.

38.     WEOC is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 38 of the First Amended Complaint, and therefore denies the same.

39.     WEOC is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 39 of the First Amended Complaint, and therefore denies the same.

40.     WEOC is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 40 of the First Amended Complaint, and therefore denies the same.

41.     WEOC is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 41 of the First Amended Complaint, and therefore denies the same.

42.     WEOC is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 42 of the First Amended Complaint, and therefore denies the same.

43.     WEOC is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 43 of the First Amended Complaint, and therefore denies the same.

44.     WEOC is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 44 of the First Amended Complaint, and therefore denies the same.

45.    WEOC is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 45 of the First Amended Complaint, and therefore denies the same.

46.    WEOC is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 46 of the First Amended Complaint, and therefore denies the same.

47.    WEOC is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 47 of the First Amended Complaint, and therefore denies the same.

48.    WEOC is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 48 of the First Amended Complaint, and therefore denies the same.

49.    WEOC is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 49 of the First Amended Complaint, and therefore denies the same.

50.    WEOC is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 50 of the First Amended Complaint, and therefore denies the same.

51.    WEOC is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 51 of the First Amended Complaint, and therefore denies the same.

52.    WEOC is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 52 of the First Amended Complaint, and therefore denies the same.

53.    WEOC is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 53 of the First Amended Complaint, and therefore denies the same.

54.    WEOC is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 54 of the First Amended Complaint, and therefore denies the same.

55.    WEOC is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 55 of the First Amended Complaint, and therefore denies the same.

56.    WEOC is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 56 of the First Amended Complaint, and therefore denies the same.

57.    WEOC admits that defendant Wintek Corp. is a Taiwan corporation with a principal place of business in Taichung, Taiwan.

58.    WEOC admits that it is a Delaware corporation with a principal place of business in Ann Arbor, Michigan.

59.    WEOC is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 59 of the First Amended Complaint, and therefore denies the same.

60.    WEOC is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 60 of the First Amended Complaint, and therefore denies the same.

### Jurisdiction and Venue

61.    WEOC admits that jurisdiction over the subject matter of this action is based on 28 U.S.C. § 1338(a).

62.    WEOC admits that paragraph 62 of the First Amended Complaint purports to assert that personal jurisdiction over it comports with the United States Constitution and § 3104 of Title 10 of the Delaware Code.  WEOC denies the remaining averments in paragraph 62.

63.    WEOC admits that venue is based on Title 28, United States Code, §§ 1391(b) and (c) and 1400(b).

### Background to the Action

64.    WEOC is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 64 of the First Amended Complaint, and therefore denies the same.

65.    WEOC admits that what appears to be a copy of U.S. Patent No. 5,280,371 ("the '371 patent" ) is attached to the First Amended Complaint as Exhibit 1. WEOC also admits that from the first page of the '371 patent, the date of issue of the '371 patent appears to be January 18, 1994. WEOC is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 65 of the First Amended Complaint, and therefore denies the same.

66.   WEOC is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 66 of the First Amended Complaint, and therefore denies the same.

### Alleged Acts Giving Rise to the Action

67.   WEOC is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 67 of the First Amended Complaint, and therefore denies the same.

68.   WEOC is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 68 of the First Amended Complaint, and therefore denies the same.

69.   WEOC is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 69 of the First Amended Complaint, and therefore denies the same.

70.   WEOC is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 70 of the First Amended Complaint, and therefore denies the same.

71.   WEOC is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 71 of the First Amended Complaint, and therefore denies the same.

72.   WEOC is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 72 of the First Amended Complaint, and therefore denies the same.

73.    WEOC is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 73 of the First Amended Complaint, and therefore denies the same.

74.    WEOC is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 74 of the First Amended Complaint, and therefore denies the same.

75.    WEOC is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 75 of the First Amended Complaint, and therefore denies the same.

76.    WEOC is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 76 of the First Amended Complaint, and therefore denies the same.

77.    WEOC is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 77 of the First Amended Complaint, and therefore denies the same.

78.    WEOC is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 78 of the First Amended Complaint, and therefore denies the same.

79.    WEOC is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 79 of the First Amended Complaint, and therefore denies the same.

80.    WEOC is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 80 of the First Amended Complaint, and therefore denies the same.

81.    WEOC is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 81 of the First Amended Complaint, and therefore denies the same.

82.    WEOC is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 82 of the First Amended Complaint, and therefore denies the same.

83.    WEOC is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 83 of the First Amended Complaint, and therefore denies the same.

84.    WEOC is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 84 of the First Amended Complaint, and therefore denies the same.

85.    WEOC is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 85 of the First Amended Complaint, and therefore denies the same.

86.    WEOC is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 86 of the First Amended Complaint, and therefore denies the same.

87.    WEOC is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 87 of the First Amended Complaint, and therefore denies the same.

88.    WEOC is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 88 of the First Amended Complaint, and therefore denies the same.

89.    WEOC is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 89 of the First Amended Complaint, and therefore denies the same.

90.    WEOC is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 90 of the First Amended Complaint, and therefore denies the same.

91.    WEOC is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 91 of the First Amended Complaint, and therefore denies the same.

92.    WEOC is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 92 of the First Amended Complaint, and therefore denies the same.

93.    WEOC is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 93 of the First Amended Complaint, and therefore denies the same.

94.    WEOC is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 94 of the First Amended Complaint, and therefore denies the same.

95.    WEOC is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 95 of the First Amended Complaint, and therefore denies the same.

96.    WEOC is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 96 of the First Amended Complaint, and therefore denies the same.

97.    WEOC is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 97 of the First Amended Complaint, and therefore denies the same.

98.    WEOC denies the allegations of paragraph 98.

99.    WEOC is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 99 of the First Amended Complaint, and therefore denies the same.

100.    WEOC denies the averments of paragraph 100 to the extent they pertain to WEOC and Wintek Corp. Otherwise, WEOC is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 100 of the First Amended Complaint, and therefore denies the same.

101.    WEOC denies the averments of paragraph 101 to the extent they pertain to WEOC and Wintek Corp. Otherwise, WEOC is without knowledge or information

15

sufficient to form a belief as to the truth of the remaining averments of paragraph 101 of the First Amended Complaint, and therefore denies the same.

## DEFENSES

### First Defense

1.     Honeywell's First Amended Complaint fails to state a claim upon which relief can be granted.

### Second Defense

2.     The '371 patent has not been and is not infringed by WEOC.

### Third Defense

3.     The claims of the '371 patent are invalid for failure to comply with the conditions for patentability specified in Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 102, 103, 112, and/or 116.

### Fourth Defense

4.     Prosecution history estoppel bars Honeywell's assertion of the '371 patent against WEOC.

### Fifth Defense

5.     Honeywell's damages claims are limited and/or barred by failure to comply with the requirements of 35 U.S.C. §§ 286 and/or 287.

### Sixth Defense

6.     Honeywell's claims are barred in whole or in part by laches and/or equitable estoppel.

### Seventh Defense

7.     Upon information and belief, Honeywell's allegations of infringement by WEOC are barred in whole or in part under license.

16

**Eighth Defense**

8.     Honeywell is not entitled to damages under Title 35 with respect to any

sale made to the United States or to a government contractor providing goods or services

under a contract with the United States.

## **PRAYER FOR RELIEF**

**WHEREFORE**, WEOC prays that the Court enter judgment as follows:

(a)     that the Complaint be dismissed with prejudice;

(b)     that WEOC does not infringe and has not infringed any claim of the '371

patent;

(c)     that the '371 patent is invalid;

(d)     that WEOC be awarded its costs and attorneys fees under, *inter alia*, 35

U.S.C. § 285; and

(e)     that WEOC be awarded such further legal and equitable relief as the Court

may deem just and proper.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Robert E. Yoches
Elizabeth A. Niemeyer
FINNEGAN, HENDERSON, FARABOW
  GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, DC  20001
Tel.:  (202) 408-4000

York M. Faulkner
FINNEGAN, HENDERSON, FARABOW
  GARRETT & DUNNER, L.L.P.
11955 Freedom Drive
Reston, VA  20190
Tel.:  (571) 203-2700

By: */s/ David E. Moore*
  Richard L. Horwitz (#2246)
  David E. Moore (#3983)
  Hercules Plaza, 6th Floor
  1313 N. Market Street
  Wilmington, DE  19899
  Tel.:  (302) 984-6000
  rhorwitz@potteranderson.com
  dmoore@potteranderson.com

*Attorneys for Defendant*
*Wintek Electro-Optics Corporation*

John R. Alison
FINNEGAN, HENDERSON, FARABOW
   GARRETT & DUNNER, L.L.P.
12D, 167 DunHua North Road
Taipei 105, Taiwan, ROC
Tel.: (886)-2-2712-7001

Dated:  February 10, 2006
719351 / 29017

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on February 10, 2006, the foregoing

document was served via hand delivery and was electronically filed with the Clerk of the

Court using CM/ECF which will send notification of such filing(s) to the following and

the document is available for viewing and downloading from CM/ECF:

Philip A. Rovner
Potter Anderson & Corroon LLP
1313 N. Market Street
Hercules Plaza, 6th Floor
Wilmington, DE 19899
provner@potteranderson.com

William J. Wade
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899-0551
wade@rlf.com

John W. Shaw
Karen Keller
Young, Conaway, Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
jshaw@ycst.com
kkeller@ycst.com

Frederick L. Cottrell, III
Chad Michael Shandler
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899-0551
Cottrell@rlf.com
shandler@rlf.com

Adam W. Poff
Young, Conaway, Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
apoff@ycst.com

Thomas L. Halkowski
Fish & Richardson P.C.
919 N. Market St., Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
halkowski@fr.com

Thomas C. Grimm
Kristen Healey
Sean T. O'Kelly
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
tgrimm@mnat.com
sokelly@mnat.com
khealey@mnat.com

Francis DiGiovanni
James M. Olsen
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
fdigiovanni@cblh.com
jolsen@cblh.com

Amy Evans
Cross & Simon, LLC
913 N. Market Street, Suite 1001
P.O. Box 1380
Wilmington, DE 19899-1380
aevans@crosslaw.com

Robert J. Katzenstein, Esq.
Joelle E. Polesky, Esq.
Smith, Katzenstein, & Furlow
800 Delaware Avenue, 7th Fl.
P.O. Box 410
Wilmington, DE 19899
rkatzenstein@skfdelaware.com
jpolesky@skfdelaware.com

Karen L. Pascale
Young Conaway Stargatt & Taylor LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899
kpascale@ycst.com

Arthur G. Connolly, III
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
ac3@cblhlaw.com

William J. Marsden, Jr.
Fish & Richardson, P.C.
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
marsden@fr.com

Steven J. Balick
John G. Day
Ashby & Geddes
222 Delaware Avenue
17th Floor
Wilmington, DE 19899
sbalick@ashby-geddes.com
jday@ashby-geddes.com

Paul A. Bradley
Thomas D. Walsh
McCarter & English, LLP
919 N. Market Street, Suite 1800
Wilmington, DE 19899
pbradley@mccarter.com
twalsh@mccarter.com

Leslie A. Polizoti
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
lpolizoti@mnat.com

Gerard M. O'Rourke
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
gorourke@cblh.com


By: /s/ David E. Moore
    Richard L. Horwitz
    David E. Moore
    Potter Anderson & Corroon LLP
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    P.O. Box 951
    Wilmington, DE 19899-0951
    (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

709365