## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

HONEYWELL INTERNATIONAL INC., et al.,

<em>Plaintiffs,<br>Counterclaim-Defendants,</em>

vs.

CIVIL ACTION NO. 04-1338 (KAJ)

**JURY TRIAL DEMANDED**

APPLE COMPUTER INC., et al.,

<em>Defendants,<br>Counterclaim-Plaintiffs.</em>

## ANSWER OF DEFENDANTS SONY CORPORATION AND SONY CORPORATION OF AMERICA TO HONEYWELL INTERNATIONAL INC.'S FIRST AMENDED COMPLAINT

For their Answer to the *First Amended Complaint* of Plaintiffs Honeywell International Inc. and Honeywell Intellectual Properties Inc. ("Plaintiffs"), defendants Sony Corporation and Sony Corporation of America (collectively, "the Sony Parties") hereby demand a trial by jury on all issues so triable, and upon knowledge as to their own acts and upon information and belief as to the acts of others, respond to each of the numbered paragraphs thereof as follows:

### NATURE OF THE ACTION

1.      Answering the averments set forth in paragraph 1 of the *First Amended Complaint*, the Sony Parties admit that Plaintiffs allege an action for willful infringement. The Sony Parties deny that they have infringed, willfully or otherwise, any valid and/or enforceable claim of the patent-in-suit.

## THE PARTIES

2.    The Sony Parties are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 2 of the *First Amended Complaint* and, therefore, deny them.

3.    The Sony Parties are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 3 of the *First Amended Complaint* and, therefore, deny them.

4.    The Sony Parties are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 4 of the *First Amended Complaint* and, therefore, deny them.

5.    The Sony Parties are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 5 of the *First Amended Complaint* and, therefore, deny them.

6.    The Sony Parties are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 6 of the *First Amended Complaint* and, therefore, deny them.

7.    The Sony Parties are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 7 of the *First Amended Complaint* and, therefore, deny them.

058704.1004

8.    The Sony Parties are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 8 of the *First Amended Complaint* and, therefore, deny them.

9.    The Sony Parties are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 9 of the *First Amended Complaint* and, therefore, deny them.

10.    The Sony Parties are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 10 of the *First Amended Complaint* and, therefore, deny them.

11.    The Sony Parties are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 11 of the *First Amended Complaint* and, therefore, deny them.

12.    The Sony Parties are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 12 of the *First Amended Complaint* and, therefore, deny them.

13.    The Sony Parties are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 13 of the *First Amended Complaint* and, therefore, deny them.

14.    The Sony Parties are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 14 of the *First Amended Complaint* and, therefore, deny them.

3

058704.1004

15.     The Sony Parties are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 15 of the *First Amended Complaint* and, therefore, deny them.

16.     The Sony Parties are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 16 of the *First Amended Complaint* and, therefore, deny them.

17.     The Sony Parties are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 17 of the *First Amended Complaint* and, therefore, deny them.

18.     The Sony Parties are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 18 of the *First Amended Complaint* and, therefore, deny them.

19.     The Sony Parties are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 19 of the *First Amended Complaint* and, therefore, deny them.

20.     The Sony Parties are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 20 of the *First Amended Complaint* and, therefore, deny them.

21.     The Sony Parties are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 21 of the *First Amended Complaint* and, therefore, deny them.

DB01:1991562.1                                                                 058704.1004

22.    The Sony Parties are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 22 of the *First Amended Complaint* and, therefore, deny them.

23.    The Sony Parties are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 23 of the *First Amended Complaint* and, therefore, deny them.

24.    The Sony Parties are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 24 of the *First Amended Complaint* and, therefore, deny them.

25.    The Sony Parties are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 25 of the *First Amended Complaint* and, therefore, deny them.

26.    The Sony Parties are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 26 of the *First Amended Complaint* and, therefore, deny them.

27.    The Sony Parties are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 27 of the *First Amended Complaint* and, therefore, deny them.

28.    The Sony Parties are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 28 of the *First Amended Complaint* and, therefore, deny them.

DB01:1991562.1                                      058704.1004

29.    The Sony Parties are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 29 of the *First Amended Complaint* and, therefore, deny them.

30.    The Sony Parties are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 30 of the *First Amended Complaint* and, therefore, deny them.

31.    The Sony Parties are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 31 of the *First Amended Complaint* and, therefore, deny them.

32.    The Sony Parties are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 32 of the *First Amended Complaint* and, therefore, deny them.

33.    The Sony Parties are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 33 of the *First Amended Complaint* and, therefore, deny them.

34.    The Sony Parties are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 34 of the *First Amended Complaint* and, therefore, deny them.

35.    The Sony Parties are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 35 of the *First Amended Complaint* and, therefore, deny them.

6

36.    The Sony Parties are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 36 of the *First Amended Complaint* and, therefore, deny them.

37.    The Sony Parties are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 37 of the *First Amended Complaint* and, therefore, deny them.

38.    The Sony Parties are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 38 of the *First Amended Complaint* and, therefore, deny them.

39.    The Sony Parties are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 39 of the *First Amended Complaint* and, therefore, deny them.

40.    The Sony Parties are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 40 of the *First Amended Complaint* and, therefore, deny them.

41.    The Sony Parties are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 41 of the *First Amended Complaint* and, therefore, deny them.

42.    The Sony Parties are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 42 of the *First Amended Complaint* and, therefore, deny them.

7

058704.1004

43.    The Sony Parties are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 43 of the *First Amended Complaint* and, therefore, deny them.

44.    The Sony Parties are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 44 of the *First Amended Complaint* and, therefore, deny them.

45.    The Sony Parties are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 45 of the *First Amended Complaint* and, therefore, deny them.

46.    The Sony Parties are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 46 of the *First Amended Complaint* and, therefore, deny them.

47.    The Sony Parties are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 47 of the *First Amended Complaint* and, therefore, deny them.

48.    The Sony Parties are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 48 of the *First Amended Complaint* and, therefore, deny them.

49.    The Sony Parties admit the averments of paragraph 49 of the *First Amended Complaint*.

8

50.    The Sony Parties admit the averments of paragraph 50 of the *First Amended Complaint*.

51.    The Sony Parties are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 51 of the *First Amended Complaint* and, therefore, deny them.

52.    The Sony Parties are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 52 of the *First Amended Complaint* and, therefore, deny them.

53.    The Sony Parties admit the averments of paragraph 53 of the *First Amended Complaint*.

54.    The Sony Parties are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 54 of the *First Amended Complaint* and, therefore, deny them.

55.    The Sony Parties are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 55 of the *First Amended Complaint* and, therefore, deny them.

56.    The Sony Parties are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 56 of the *First Amended Complaint* and, therefore, deny them.

57.     The Sony Parties are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 57 of the *First Amended Complaint* and, therefore, deny them.

58.     The Sony Parties are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 58 of the *First Amended Complaint* and, therefore, deny them.

59.     The Sony Parties are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 59 of the *First Amended Complaint* and, therefore, deny them.

60.     The Sony Parties are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 60 of the *First Amended Complaint* and, therefore, deny them.

## JURISDICTION AND VENUE

61.     Answering the averments set forth in paragraph 61 of the *First Amended Complaint*, the Sony Parties admit that this Court has subject matter jurisdiction over actions arising under the patent laws of the United States based on 28 U.S.C. § 1338(a).

62.     The Sony Parties deny that they have committed any acts of patent infringement in this judicial district.  The Sony Parties further deny the remaining averments contained in paragraph 62 of the *First Amended Complaint* to the extent such averments are directed at the Sony Parties.  For any averments directed at defendants

10

other than the Sony Parties, The Sony Parties are without knowledge or information sufficient to form a belief as to the truth of the those averments and, therefore, deny them.

      63.    Answering the averments set forth in paragraph 63 of the *First Amended Complaint*, The Sony Parties admit that venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).

## BACKGROUND TO THE ACTION

      64.    The Sony Parties are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 64 of the *First Amended Complaint* and, therefore, deny them.

      65.    Answering the averments set forth in paragraph 65 of the *First Amended Complaint*, the Sony Parties admit that what appears to be a copy of United States Patent No. 5,280,371 patent (the "'371 patent") was attached to the *First Amended Complaint* as Exhibit 1. As to the remaining averments of this paragraph, the Sony Parties are without knowledge or information sufficient to form a belief as to the truth of these averments and, therefore, deny them.

      66.    The Sony Parties are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 66 of the *First Amended Complaint* and, therefore, deny them.

11

## ACTS GIVING RISE TO THE ACTION

67.    The Sony Parties are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 67 of the *First Amended Complaint* and, therefore, deny them.

68.    The Sony Parties are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 68 of the *First Amended Complaint* and, therefore, deny them.

69.    The Sony Parties are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 69 of the *First Amended Complaint* and, therefore, deny them.

70.    The Sony Parties are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 70 of the *First Amended Complaint* and, therefore, deny them.

71.    The Sony Parties are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 71 of the *First Amended Complaint* and, therefore, deny them.

72.    The Sony Parties are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 72 of the *First Amended Complaint* and, therefore, deny them.

DB01:1991562.1                                                                                      058704.1004

73.     The Sony Parties are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 73 of the *First Amended Complaint* and, therefore, deny them.

74.     The Sony Parties are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 74 of the *First Amended Complaint* and, therefore, deny them.

75.     The Sony Parties are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 75 of the *First Amended Complaint* and, therefore, deny them.

76.     The Sony Parties are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 76 of the *First Amended Complaint* and, therefore, deny them.

77.     The Sony Parties are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 77 of the *First Amended Complaint* and, therefore, deny them.

78.     The Sony Parties are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 78 of the *First Amended Complaint* and, therefore, deny them.

79.     The Sony Parties are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 79 of the *First Amended Complaint* and, therefore, deny them.

13

80. The Sony Parties are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 80 of the *First Amended Complaint* and, therefore, deny them.

81. The Sony Parties are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 81 of the *First Amended Complaint* and, therefore, deny them.

82. The Sony Parties are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 82 of the *First Amended Complaint* and, therefore, deny them.

83. The Sony Parties are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 83 of the *First Amended Complaint* and, therefore, deny them.

84. The Sony Parties are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 84 of the *First Amended Complaint* and, therefore, deny them.

85. The Sony Parties are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 85 of the *First Amended Complaint* and, therefore, deny them.

86. The Sony Parties are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 86 of the *First Amended Complaint* and, therefore, deny them.

14

87.    The Sony Parties are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 87 of the *First Amended Complaint* and, therefore, deny them.

88.    The Sony Parties are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 88 of the *First Amended Complaint* and, therefore, deny them.

89.    The Sony Parties are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 89 of the *First Amended Complaint* and, therefore, deny them.

90.    The Sony Parties are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 90 of the *First Amended Complaint* and, therefore, deny them.

91.    The Sony Parties are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 91 of the *First Amended Complaint* and, therefore, deny them.

92.    The Sony Parties are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 92 of the *First Amended Complaint* and, therefore, deny them.

93.    Answering the averments set forth in paragraph 93 of the *First Amended Complaint*, the Sony Parties deny that they offer for sale or sell products throughout the United States, including this judicial district, that include a liquid crystal

display (LCD). The Sony Parties admit that one of their indirect subsidiaries offers for sale and sells products throughout the United States, including this judicial district, that include a liquid crystal display (LCD). The Sony Parties deny the remaining averments of paragraph 93 of the *First Amended Complaint.*

94.    The Sony Parties are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 94 of the *First Amended Complaint* and, therefore, deny them.

95.    Answering the averments set forth in paragraph 95 of the *First Amended Complaint*, the Sony Parties admit that ST-Liquid Crystal Display Corp. manufactures liquid crystal display (LCDs). The Sony Parties deny the remaining averments of paragraph 95 of the *First Amended Complaint.*

96.    The Sony Parties are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 96 of the *First Amended Complaint* and, therefore, deny them.

97.    The Sony Parties are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 97 of the *First Amended Complaint* and, therefore, deny them.

98.    The Sony Parties are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 98 of the *First Amended Complaint* and, therefore, deny them.

16

99.    The Sony Parties are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 99 of the *First Amended Complaint* and, therefore, deny them.

100.    The Sony Parties deny the averments of paragraph 100 of the *First Amended Complaint* to the extent such averments are directed at the Sony Parties. For any averments directed at defendants other than the Sony Parties, the Sony Parties are without knowledge or information sufficient to form a belief as to the truth of the those averments and, therefore, deny them.

101.    The Sony Parties deny the averments of paragraph 101 of the *First Amended Complaint* to the extent such averments are directed at the Sony Parties. For any averments directed at defendants other than the Sony Parties, the Sony Parties are without knowledge or information sufficient to form a belief as to the truth of the those averments and, therefore, deny them.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE (NON-INFRINGEMENT)

102.    The Sony Parties incorporate and reallege each and every allegation contained in paragraphs 1-101 of their Answer to the *First Amended Complaint* as if fully set forth herein.

103.    The Sony Parties have not infringed and do not infringe (either directly, contributorily or by inducement) any valid and enforceable claim of the '371 patent.

17

## SECOND AFFIRMATIVE DEFENSE (INVALIDITY)

104.    The Sony Parties incorporate and reallege each and every allegation contained in paragraphs 1-103 of their Answer to the *First Amended Complaint* as if fully set forth herein.

105.    Each claim of the '371 patent is invalid and void because it fails to comply with one or more of the requirements of the patent laws of Title 35, United States Code, including, but not limited to §§ 101, 102, 103, and 112.

## THIRD AFFIRMATIVE DEFENSE (FAILURE TO MARK)

106.    The Sony Parties incorporate and reallege each and every allegation contained in paragraphs 1-105 of their Answer to the *First Amended Complaint* as if fully set forth herein.

107.    On information and belief, neither Plaintiffs nor their licensees have marked their products in accordance with 35 U.S.C. § 287 and, accordingly, Plaintiffs' damage claim is limited in accordance with that statute.

## FOURTH AFFIRMATIVE DEFENSE (UNENFORCEABILITY)

108.    The Sony Parties incorporate and reallege each and every allegation contained in paragraphs 1-107 of their Answer to the *First Amended Complaint* as if fully set forth herein.

18

109.     On information and belief, the '371 patent is unenforceable because the applicants, and/or individuals acting on behalf of the applicants, deliberately and knowingly withheld, omitted, and/or misrepresented material information in connection with the prosecution of the application which matured into the '371 patent in violation of the duty of candor to the United States Patent and Trademark Office ("PTO"), as prescribed by 37 C.F.R. § 1.56.  The reasons presently known to the Sony Parties that support their belief that the '371 patent is unenforceable are set forth in paragraphs 110-117, *infra*.

110.     The '371 patent is listed as issuing from U.S. Patent Application Ser. No. 911,547, which was filed on July 9, 1992 (the "'547 application").  Richard I. McCartney, Jr., Daniel D. Syroid and Karen E. Jachimowicz are the applicants listed on the face of the '547 application.  On information and belief, at the time the application was filed, the applicants were each employed by Honeywell.

111.     On or before 1989, H. Noda, T. Muraji, Y. Gohara, Y. Miki, K. Tsuda, I. Kikuchi, C. Kawasaki, T. Murao and Y. Miyatake published an article in Japan Display entitled "High Definition Liquid Crystal Projection TV" (the "Noda Article"). The Noda Article discusses, *inter alia*, moiré interference in rear projection systems.  The Noda Article was published more than one year prior to the filing date of the '547 and was material to the patentability of the '547 application.

112.     On or about October 12, 1992, Mr. Syroid and Mr. McCartney (alleged co-inventors of the '371 patent) published an article entitled "Directional Diffuser Lens Array for Backlit LCDs" (the "Syroid-McCartney Article").  The Syroid-

058704.1004

McCartney Article discusses, *inter alia*, moiré interference in direct view systems. In the Syroid-McCartney Article, the authors cite to the Noda Article (which uses a rear projection system) for a method of reducing moiré in a direct view system.

113.    Notwithstanding the foregoing, neither the applicants nor any individual acting on behalf of the applicants informed the PTO of the Noda Article.

114.    Based on the foregoing, on information and belief, one or more of the applicants and or individuals acting on behalf of the applicants knew of the Noda Article, but they deliberately and knowingly withheld this material reference from the PTO during prosecution of the '547 application.

115.    On information and belief, in response to and to overcome a rejection by the patent examiner during prosecution of the '547 application, the applicants and/or individuals acting on behalf of the applicants argued that there would be no suggestion to combine the teachings from the field of projection systems with the teachings from the field of direct view systems and, therefore, the examiner should not rely on prior art from the field of projection systems.

116.    Notwithstanding the foregoing, neither the applicants nor any individual acting on behalf of the applicants informed the PTO of the Syroid-McCartney Article or of the applicants' comments contained therein concerning the applicability of the teachings from the field of projection systems to the field of direct view systems or to the direct view apparatus disclosed and claimed in the '547 application.

20

117.    Based on the foregoing, on information and belief, one or more of the applicants and or individuals acting on behalf of the applicants knew of the Syroid-McCartney Article, but they deliberately and knowingly withheld this material reference from the PTO during prosecution of the '547 application.

## FIFTH AFFIRMATIVE DEFENSE (LICENSE)

118.    The Sony Parties incorporate and reallege each and every allegation contained in paragraphs 1-117 of their Answer to the *First Amended Complaint* as if fully set forth herein.

119.    On or about August 22, 1996, Plaintiff Honeywell Inc. and Sony Corporation entered into a License and Settlement Agreement (the "License Agreement"). In the License Agreement, Honeywell Inc. agreed it would not assert certain patents, including the '371 patent, against the Sony Parties with respect to certain devices, which would include many, if not all of the Sony Parties' products accused of infringement.

120.    By reason, *inter alia*, of the foregoing, Plaintiffs' claims for infringement of the '371 patent are barred against such devices, in whole or in part, by the doctrines of express license and/or implied license.

## SIXTH AFFIRMATIVE DEFENSE (LACHES/EQUITABLE ESTOPPEL)

121.    The Sony Parties incorporate and reallege each and every allegation contained in paragraphs 1-120 of their Answer to the *First Amended Complaint* as if fully set forth herein.

122.    Plaintiffs' claims for infringement of the '371 patent are barred, in whole or in part, by the doctrines of laches and/or equitable estoppel.

WHEREFORE, the Sony Parties request that the Court enter judgment:

(a)    Dismissing the *First Amended Complaint* against the Sony Parties in its entirety with prejudice;

(b)    Finding Plaintiffs' patent not infringed under 35 U.S.C. § 271;

(c)    Finding Plaintiffs' patent invalid under 35 U.S.C. §§ 101, 102, 103 and/or 112;

(d)    Finding Plaintiffs' patent unenforceable;

(e)    Finding Plaintiffs' claims barred by the doctrines of express license and/or implied license;

(f)    Finding that this is an exceptional case under 35 U.S.C. § 285;

(g)    Awarding the Sony Parties the costs of this action and reasonable attorneys' fees to the extent permitted under law; and

(h)    Granting such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Sony Parties request a trial by jury of all issues so triable.

DB01:1991562.1                                                   058704.1004

February 10, 2006                    YOUNG CONAWAY STARGATT & TAYLOR, LLP

                                     _____/s/ John W. Shaw_____
                                     John W. Shaw (No. 3362)
                                     The Brandywine Building
                                     1000 West St., 17th Floor
                                     P.O. Box 391
                                     Wilmington, DE  19801-0391
                                     (302) 571-6672
                                     jshaw@ycst.com

                                     Of Counsel:
                                     John Flock
                                     Robert Hails
                                     Clement J. Naples
                                     KENYON & KENYON LLP
                                     One Broadway
                                     New York, NY  10004
                                     (212) 425-7200
                                     *Attorneys for Defendants*
                                     *Sony Corporation and  Sony Corporation of America*

## CERTIFICATE OF SERVICE

I, John W. Shaw, hereby certify that on February 10, 2006, I caused to be electronically

filed a true and correct copy of the foregoing document with the Clerk of the Court using

CM/ECF, which will send notification that such document is available for viewing and

downloading to the following counsel of record:

Thomas C. Grimm
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P. O. Box 1347
Wilmington DE 19899
*Attorneys for Plaintiffs Honeywell
International Inc. and Honeywell Intellectual
Properties Inc.*

Frederick L. Cottrell, III
RICHARDS, LAYTON & FINGER
One Rodney Square
P. O. Box 551
Wilmington, DE 19899-0551
*Attorneys for Eastman Kodak Company*

William J. Wade
RICHARDS, LAYTON & FINGER
One Rodney Square
P. O. Box 551
Wilmington, DE 19899-0551
*Attorneys for Matsushita Electrical Industrial
Co. and Matsushita Electrical Corporation of
America*

Thomas L. Halkowski
FISH & RICHARDSON P.C.
919 N. Market St., Suite 1100
Wilmington, DE 19899-1114
*Attorneys for Apple Computer, Inc.,
Casio Computer Co., Ltd., and Casio, Inc.*

John W. Shaw
YOUNG, CONAWAY, STARGATT
   & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE 19899-0391
*Attorneys for Olympus Corporation and
Olympus America Inc.*

Richard L. Horwitz
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
P. O. Box 951
Wilmington, DE 19899-0951
*Attorneys for Concord Cameras, Dell Inc.,
Fujitsu Limited, Fujitsu America, Inc. and
Fujitsu Computer Products of America, Inc.,
and Toshiba America, Inc.*

Adam W. Poff
YOUNG, CONAWAY, STARGATT
  & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE  19899-0391
*Attorneys for Pentax Corporation
and Pentax U.S.A., Inc.*

Robert J. Katzenstein
SMITH, KATZENSTEIN, & FURLOW
800 Delaware Avenue
P.O. Box 410
Wilmington, DE 19899
*Attorneys for Seiko Epson Corporation*

Philip A. Rovner
POTTER ANDERSON
  & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P. O. Box 951
Wilmington, DE  19899
*Attorneys for Fuji Photo Film Co., Ltd. and
Fuji Photo Film U.S.A., Inc.*

Francis DiGiovanni
James M. Olsen
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building, 8th Floor
1007 North Orange Street
P. O. Box 2207
Wilmington, DE  19899
*Attorneys for Sony Ericcson Mobile
Communications AB and Sony Ericcson
Mobile Communications (USA) Inc.*

Arthur G. Connolly, III
CONNOLLY, BOVE, LODGE & HUTZ LLP
The Nemours Building, 8th Floor
1007 N. Orange Street
P. O. Box 2207
Wilmington, DE  19899
*Attorneys for Navman NZ Limited
and Navman U.S.A. Inc.*

Amy E. Evans
CROSS & SIMON
913 N. Market Street, Suite 1001
P. O. Box 1380
Wilmington, DE  19899-1380
*Attorneys for Argus a/k/a Hartford
Computer Group, Inc.*

Gerard M. O'Rourke
CONNOLLY, BOVE, LODGE & HUTZ LLP
The Nemours Building, 8th Floor
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE  19899
*Attorneys for AU Optronics Corporation*

Robert K. Beste, III
SMITH, KATZENSTEIN, & FURLOW
800 Delaware Avenue
P.O. Box 410
Wilmington, DE  19899
*Attorneys for Kyocera Wireless Corp.*

I further certify that on February 10, 2006, I caused copies of the foregoing documents to be served by hand delivery on the above-listed counsel of record and on the following counsel in the manner indicated:

**VIA FEDERAL EXPRESS:**

Martin R. Lueck
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN  55402-2015
*Attorneys for Plaintiffs Honeywell
International Inc. and Honeywell Intellectual
Properties, Inc.*

Christopher E. Chalsen
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, NY  10005-1413
*Attorneys for Defendants Fujitsu America, Inc.
Fujitsu Computer Products of America*

Arthur I. Neustadt
Oblon, Spivak, McClelland, Maier
  & Neustadt, P.C.
1940 Duke Street
Alexandria, VA  22313
*Attorneys for Toshiba America, Inc. and
Toshiba Corporation*

Steven J. Rizzi
Weil, Gotshal & Manges
767 Fifth Avenue
New York, NY  10153
*Attorneys for Defendants Matsushita
Electrical Industrial Co. and Matsushita
Electrical Corporation of America*

Brian D. Roche
Sachinoff & Weaver, Ltd.
30 S. Wacker Drive
Chicago, IL  60606
*Attorneys for Defendant Argus a/k/a Hartford
Computer Group, Inc.*

Roderick B. Williams
Avelyn M. Ross
Vinson & Elkins
The Terrace 7
2801 Via Fortuna, Suite 100
Austin, TX  78746-7568
*Attorneys for Defendant Dell, Inc.*

Scott L. Lamper
Intellectual Property and Business
  Development Counsel
Concord Camera Corp.
4000 Hollywood Boulevard, Suite 650N
Hollywood, FL  33021
*Intellectual Property & Business Development
Counsel for Concord Camera Corp.*

Lawrence Rosenthal
Matthew W. Siegal
Stroock & Stroock & Lavan L.L.P.
180 Maiden Lane
New York, NY  10038-4982
*Attorneys for Defendants Fuji Photo Film Co.,
Ltd. and Fuji Photo Film U.S.A., Inc.*

Michael J. Fink
Neil F. Greenblum
Greenblum and Berstein, P.L.C.
1950 Roland Clarke Place
Reston, VA  20191
*Attorneys for Defendant Pentax
Corporation and Pentax U.S.A., Inc.*

George E. Badenoch
Richard M. Rosati
Kenyon & Kenyon
One Broadway
New York, NY 10004
(212) 425-7200
*Attorneys for Olympus Corporation and
Olympus America Inc.*

Neil L. Slifkin
Harris Beach LLP
99 Garnsey Road
Pittsford, NY 14534
*Attorneys for Eastman Kodak Co.*

Kelly C. Hunsaker, Esquire
Fish & Richardson P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
*Attorney for Apple Computer Inc.*

John R. Alison, Esquire
Finnegan, Henderson, Farabow, Garrett
  & Dunner
*Attorneys for ThirdParty Defendant Wintek
Electro-Optics Corp.*

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ John W. Shaw*

John W. Shaw (No. 3362)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
jshaw@ycst.com

DB01:1610135.1