# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

HONEYWELL INTERNATIONAL INC.,
et al.,

*Plaintiffs,*
*Counterclaim-Defendants,*

vs.

CIVIL ACTION NO. 04-1338 (KAJ)

APPLE COMPUTER INC., et al.,

*Defendants,*
*Counterclaim-Plaintiffs.*

## DEFENDANT ST-LCD'S OPENING BRIEF IN SUPPORT OF ITS
## MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

YOUNG CONAWAY STARGATT & TAYLOR, LLP
John W. Shaw (I.D. No. 3362)
The Brandywine Building
1000 West St.
Wilmington, DE 19801
Tel. (302) 571-6672

*Attorneys for Defendant ST-LCD*

Of Counsel:
John Flock
Robert Hails
Clement J. Naples
KENYON & KENYON LLP
One Broadway
New York, NY 10004
Tel. (212) 425-7200

Dated: February 10, 2006

## TABLE OF CONTENTS

I.     STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS ................. 1

II.    SUMMARY OF ARGUMENT ........................................................................... 1

III.   STATEMENT OF FACTS .................................................................................. 2

IV.    ARGUMENT ..................................................................................................... 3

   A.   Honeywell Cannot Demonstrate That Personal Jurisdiction
        Exists Under the Delaware Long Arm Statute ................................................. 4

      1.   There Is No Specific Jurisdiction Over ST-LCD Under the
           Delaware Long Arm Statute ...................................................................... 5

      2.   There Is No General Jurisdiction Over ST-LCD Under the
           Delaware Long Arm Statute ...................................................................... 7

   B.   Honeywell Cannot Satisfy the Jurisdictional Requirements Of
        the Due Process Clause ................................................................................. 9

      1.   A Finding Of General Jurisdiction Over ST-LCD Would
           Violate The Due Process Clause ............................................................. 10

      2.   A Finding Of Specific Jurisdiction Over ST-LCD Would
           Violate The Due Process Clause ............................................................. 11

      3.   Exercising Jurisdiction Over ST-LCD Would Offend
           Traditional Notions Of Fair Play and Substantial Justice ........................... 14

V.     CONCLUSION ............................................................................................... 15

## TABLE OF AUTHORITIES

**Cases**

*3D Sys., Inc. v. Aarotech Labs., Inc.*, 160 F.3d 1373 (Fed. Cir. 1998) ..........................................3, 11

*American Bio Medica Corp. v. Peninsula Drug Analysis Co.*, 1999 WL 615175
(D. Del. Aug. 3, 1999)............................................................................................................6

*Applied Biosystems, Inc. v. Cruachem, Ltd.*, 772 F. Supp. 1458 (D. Del. 1991) .................................3

*Asahi Metal Indus. Co., Ltd. v. Superior Court of California*, 480 U.S. 102 (1987).............11, 12, 13

*Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558 (Fed. Cir. 1994) ...............................5

*Boone v. Oy Partek Ab*, 707 A.2d 765 (Del. Super. 1998).....................................................................9

*Burger King v. Rudzewicz*, 471 U.S. 462 (1985) ....................................................................10, 11 14

*Commissariat a L'Energie Atomique v. Chi Mei Optoelectronics Corp.*,
395 F.3d 1315 (Fed. Cir. 2005)....................................................................................passim

*Davlyn Manufacturing Co. v. H&M Auto Parts, Inc.*, 2005 U.S. Dist. LEXIS 17532 (E.D. Pa.
August 18, 2005) .................................................................................................................13

*Hanson v. Denckla*, 357 U.S. 235 (1958)...........................................................................................11

*Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408 (1984)............................10, 11, 14

*Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945) .....................................................................10, 14

*Intel Corp. v. Silicon Storage Tech.*, 20 F. Supp. 2d 690 (D. Del. 1998) ............................................4

*Jeffreys v. Exten*, 784 F. Supp. 146 (D. Del. 1992)..............................................................................5

*Keeton v. Hustler Magazine*, 465 U.S. 770 (1984) ............................................................11

*LaNuova D & B, S.p.A. v. Bowe Co.*, 513 A.2d 764 (Del. Sup. Ct. 1986)...........................5

*M&M Techs., Inc. v. Gurtler Chem., Inc.*, 2005 U.S. Dist. LEXIS 1726 (Feb. 8, 2005).................5, 9

*Merck & Co., v. Barr Laboratories, Inc.*, 179 F. Supp. 2d 368 (D. Del. 2002)..................................8

*Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437 (1952) ..........................................10

*Provident Nat'l Bank v. California Federal Sav. & Loan Ass'n*, 819 F.2d 434 (3d Cir. 1987) .....3, 10

*Reach & Assocs., P.C. v. Dencer*, 269 F. Supp. 2d 497 (D. Del. 2003) ..............................7

*Red Sail Easter Ltd. Partners v. Radio City Music Hall Prods., Inc.*, 1991 WL 129174
    (Del. Ch. Jul. 10, 1991) ...................................................................................7

*Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355 (Fed. Cir. 1998) ........................3

*Renner v. Lanard Toys Ltd.*, 33 F.3d 277 (3d Cir. 1994).............................................................13, 14

*Republic Envtl. Sys. v. RESI Acquisition Corp.*, 1999 Del. Super. LEXIS 219
    (Del. Super. Ct. May 28, 1999)........................................................................5

*Siemens Aktiengesellschaft v. LG Semicon Co.*, 69 F. Supp. 2d 622 (D. Del. 1999).......................5, 7

*Thorn EMI N. Am. v. Micron Tech.*, 821 F. Supp. 272 (D. Del. 1993)................................................5

**Statutes**

Del. Code Ann. Tit. 10, § 3104(c) (2004) ................................................................passim

Federal Rule of Civil Procedure 12(b)(2) ............................................................................1

**TABLE OF ABBREVIATIONS**

Ogura Decl. ¶ __          Refers to the February 9, 2006 *Declaration in Support of ST-LCD's Motion to Dismiss for Lack of Personal Jurisdiction*, attached hereto.

## I.    STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS

Honeywell International Inc. and Honeywell Intellectual Properties Inc.,

("Honeywell"), Delaware and Arizona corporations respectively, brought this patent

infringement action against ST Liquid Crystal Display ("ST-LCD"), a Japanese

corporation having its principal place of business in Aichi, Japan.

Pursuant to Federal Rule of Civil Procedure 12(b)(2), Defendant ST-LCD moves

to dismiss this action against it for lack of personal jurisdiction.

## II.    SUMMARY OF ARGUMENT

1.    ST-LCD has no contacts with the United States or with this forum. Thus,

ST-LCD meets neither the general nor the specific jurisdiction requirements set forth in

Delaware's long-arm statute. ST-LCD is a manufacturing company located entirely in

Japan. While some of ST-LCD's products might be integrated into final products and

sold by third-parties in the United States, ST-LCD does not manufacture or sell any

products in Delaware or the United States. In fact, ST-LCD conducts no business in

Delaware, and it has absolutely no contacts with Delaware. Further, since all of ST-

LCD's sales occur in Japan, there is no basis for a finding of jurisdiction under a stream

of commerce theory, as that theory has been recognized by Delaware courts.

2.    Because ST-LCD does not have sufficient minimum contacts with

Delaware, jurisdiction over ST-LCD under the Due Process Clause is also inappropriate.

3.    Even if ST-LCD had minimum contacts with Delaware, maintaining this

action against ST-LCD would violate traditional notions of fair play and substantial

justice. Dismissing ST-LCD from this action would not harm or prejudice Honeywell in

any way. Honeywell has already sued numerous parties that do sell allegedly infringing

products in Delaware and are subject to jurisdiction in Delaware. However, subjecting

ST-LCD to the jurisdiction of Delaware courts would be highly prejudicial.

## III.    STATEMENT OF FACTS

ST-LCD is a Japanese corporation that was established in October 1997 through a 50/50 joint venture between Sony Corporation and Toyota Industries Corporation. (Ogura Decl. ¶ 2.)  It is located in Aichi-Prefecture, Japan and manufactures low-temperature polysilicon TFT LCD panels and modules ("LCDs").  (*See id.* at ¶¶ 5, 6.) ST-LCD has no place of business in Delaware.  (*Id.* at ¶ 10.)  It owns no property in Delaware.  (*Id.* at ¶ 11.)  ST-LCD does not transact any business in Delaware.  (*See id.* at ¶ 8.)  It maintains no office, no local telephone listing, no bank account, and has no employees in Delaware.  (*See id.* at ¶¶ 10, 12, 16.)  ST-LCD has never paid taxes in Delaware and never commenced any legal action in Delaware or been named as a defendant in any action in Delaware, except the current litigation.  (*Id.* at ¶¶ 13, 14.) While ST-LCD has a website that could be accessed by someone in Delaware (like all websites), via www.stlcd.co.jp, ST-LCD's website is in Japanese, with no English translation.  (*Id.* at ¶ 20.)

ST-LCD sells all of its LCDs to Sony Corp., in Japan.  (*Id.* at ¶ 18.)  After Sony Corp. accepts the LCD products from ST-LCD in Japan, ST-LCD has no control over any further use or distribution of these products.  It is believed that Sony Corp. uses a portion of the ST-LCD LCDs as components within its own consumer electronics products and distributes another portion of the LCDs to others.

Honeywell added ST-LCD to this suit on November 7, 2005.  (D.I. 239.) Honeywell's First Amended Complaint alleges no direct contacts between ST-LCD and Delaware.  With respect to ST-LCD, Honeywell alleges only that:

> ST-LCD is a Japan corporation having its principal place of business in Aichi, Japan.  (*Id.* at ¶ 53.)
>
> ST-LCD has been and is engaged in the manufacture, importation, offer for sale, and/or sale of liquid crystal display (LCD) modules that are incorporated into products that are sold in the United States with the

2

> knowledge and intention that such LCD screen-containing products would
> be sold throughout the United States, including this judicial district."

(*Id.* at ¶ 95.)

The First Amended Complaint does not and cannot allege that ST-LCD engages in any activities whatsoever in Delaware or, for that matter, the United States.

## IV.    ARGUMENT

To support a motion to dismiss for lack of personal jurisdiction, a defendant need only allege that it is not subject to the court's jurisdiction. Once a defendant raises the defense, the burden shifts to the plaintiff to prove "with reasonable particularity sufficient contacts between the defendant and the forum state to support jurisdiction." *Provident Nat'l Bank v. California Federal Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987); *Applied Biosystems, Inc. v. Cruachem, Ltd.*, 772 F. Supp. 1458, 1462 (D. Del. 1991). Here, Honeywell cannot meet its burden to justify this Court's exercise of personal jurisdiction over ST-LCD.

The determination of whether a nonresident defendant is subject to personal jurisdiction requires a two-part analysis: (1) the court must first determine whether the state's long-arm statute reaches the defendant; and (2) if the court finds that the defendant's conduct gives rise to personal jurisdiction under the long-arm statute, the court must then determine whether subjecting the defendant to jurisdiction in that state comports with constitutional notions of due process. *See, e.g., Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1358 (Fed. Cir. 1998). In patent infringement cases, a district court applies Federal Circuit law in analyzing whether personal jurisdiction exists under the Due Process Clause. *See, e.g., Commissariat a L'Energie Atomique v. Chi Mei Optoelectronics Corp.*, 395 F.3d 1315 (Fed. Cir. 2005); *3D Sys., Inc. v. Aarotech Labs., Inc.*, 160 F.3d 1373, 1377 (Fed. Cir. 1998).

As set forth below, Delaware's long-arm statute does not reach ST-LCD, nor would constitutional notions of due process be satisfied even if, *arguendo*, the long arm statute was met.

### A.    Honeywell Cannot Demonstrate That Personal Jurisdiction Exists Under the Delaware Long Arm Statute

Under the Delaware long-arm statute, a court may not exercise personal jurisdiction over a nonresident unless the nonresident, in person or through an agent:

> (1) Transacts any business or performs any character of work or service in the State;
> (2) Contracts to supply services or things in this State;
> (3) Causes tortious injury in the State by an act or omission in this State;
> (4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State;
> (5) Has an interest in, uses or possesses real property in the State; or
> (6) Contracts to insure or act as surety for, or on, any person, property, risk, contract, obligation or agreement located, executed or to be performed within the State at the time the contract is made, unless the parties otherwise provide in writing.

DEL. CODE ANN. tit. 10, § 3104(c) (2004); *see also Intel Corp. v. Silicon Storage Tech.*, 20 F. Supp. 2d 690, 694 (D. Del. 1998) (stating that "it is important not to collapse the long-arm inquiry into the due process inquiry" because "the Delaware Supreme Court has not determined that § 3104(c) is coextensive with federal due process, nor does it substitute federal due process analysis for state long-arm analysis").

Honeywell does not allege direct contacts with Delaware. Rather, Honeywell alleges that infringing products with ST-LCD's products incorporated therein "are sold into the United States with [ST-LCD's] knowledge and intention that such ... products would be sold throughout the United States, including this judicial district" (D.I. 239 at ¶ 95). Thus, Honeywell has alleged that jurisdiction attaches, if at all, under a "stream of commerce" theory. In Delaware, courts have typically recognized this theory under subsections (c)(1) and (c)(4) of the Delaware long arm statute. *See, e.g., Commissariat*,

4

395 F. 3d at 1320-22; *M&M Techs., Inc. v. Gurtler Chem., Inc.*, 2005 U.S. Dist. LEXIS 1726, at *9 (Feb. 8, 2005).

Delaware Courts have interpreted subsection (c)(1) of the Delaware long-arm statute as conferring specific jurisdiction and subsection (c)(4) as conferring general jurisdiction. *See, e.g., LaNuova D & B, S.p.A. v. Bowe Co.*, 513 A.2d 764, 768 (Del. Sup. Ct. 1986); *Jeffreys v. Exten*, 784 F. Supp. 146, 151 (D. Del. 1992); *Republic Envtl. Sys. v. RESI Acquisition Corp.*, C.A. No. 99C-02-194, 1999 Del. Super. LEXIS 219, at *8 (Del. Super. Ct. May 28, 1999). Accordingly, Honeywell must demonstrate either specific or general jurisdiction, which here, it cannot.

      1.    **There Is No Specific Jurisdiction Over ST-LCD Under the Delaware Long Arm Statute**

A finding of specific jurisdiction under subsection (c)(1) of the Delaware long arm statute requires a "nexus" between the plaintiff's cause of action and the conduct of the defendant that is used as a basis for jurisdiction. *See, e.g., LaNuova*, 513 A.2d at 768; *Jeffreys*, 784 F. Supp. at 146. Under subsection c(1), a plaintiff must show either pre-filing sales by the defendant of the allegedly infringing product in the forum or that the defendant is transacting business through an "established distribution channel" such that its products are being sold into the forum. *Siemens Aktiengesellschaft v. LG Semicon Co.*, 69 F. Supp. 2d 622, 625 (D. Del. 1999); *see also Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558 (Fed. Cir. 1994). Additionally, the plaintiff must show that the defendant's actions were directed at residents of Delaware and the protection of Delaware laws. *Thorn EMI N. Am. v. Micron Tech.*, 821 F. Supp. 272, 274 (D. Del. 1993).

ST-LCD has never transacted any business in Delaware, established a distribution channel into Delaware or made any direct sales in Delaware or the United States, and Honeywell does not allege otherwise. As discussed above, all of ST-LCD's sales occur outside of the United States to independent manufacturers of products that incorporate

ST-LCD's LCD modules. Further, while ST-LCD maintains a website that is technically accessible by a Delaware resident, it is certainly not directed at the residents of Delaware. Indeed, the website is not even in English, and even if it was, no sales can be made via it. (Ogura Decl.¶¶ 18, 20.)

Moreover, even if Honeywell could point to the existence of an allegedly infringing ST-LCD LCD module in Delaware, it could not show that it arrived there through an "established distribution channel." *See American Bio Medica Corp. v. Peninsula Drug Analysis Co.*, 1999 WL 615175 (D. Del. Aug. 3, 1999). In *American Bio Medica*, Defendant Phamatec manufactured allegedly infringing products and arranged for the distribution of its products through two other defendants, Peninsula and Ramsey, who had directed their own marketing efforts of the allegedly infringing products at Delaware. Id. at *5. In light of these facts, plaintiff asserted that "Phamatec established a chain of distribution that it knew, or reasonably could have foreseen, had a termination point in Delaware." *Id.* However, the court stated:

> [T]here is no evidence demonstrating that Phamatech directed Peninsula and Ramsey's sales efforts at Delaware residents; [and] there certainly is no evidence of any ongoing commercial relationships between Phamatech, Peninsula Ramsey, and Delaware residents ... [T]he court declines to find that Phamatec transacted business in Delaware, consistent with 10 Del. C. § 3104(c)(1) and (3).

*Id.*[1]

Here, there is no (nor could there be) evidence of a relationship between ST-LCD and any entity that has engaged in sales or offers for sale of any allegedly infringing ST-LCD product, let alone an "ongoing commercial relationship" or direction of any such entity by ST-LCD. Accordingly, Honeywell has not shown and cannot show sufficient facts to support a finding of specific jurisdiction under the Delaware long-arm statute.

---

[1]     While there were no actual sales of Phamatec's products into Delaware prior to the filing date of the Complaint, it appears that Peninsula and Ramsey had offered for sale Phamatec's products to Delaware residents prior to the filing date. *Id.* at *2.

2.    **There Is No General Jurisdiction Over ST-LCD Under the
Delaware Long Arm Statute**

In addition to lacking specific jurisdiction under subsection (c)(1), this Court may

not exercise general jurisdiction over ST-LCD pursuant to subsection (c)(4) of the

Delaware long-arm statute.  Subsection (c)(4) of the Delaware long-arm statute allows

jurisdiction over a defendant who "regularly does or solicits business" or "derives

substantial revenue" in Delaware.  Jurisdiction under this subsection is appropriate only

"when a defendant has had contacts with [the forum state] that are *so extensive and

continuing* that it is fair and consistent with state policy to require that the defendant

appear [in Delaware] and defend a claim even when that claim arose outside of

[Delaware] and causes injury outside this state."  *Red Sail Easter Ltd. Partners v. Radio

City Music Hall Prods., Inc.*, No. CIV. A. 12036, 1991 WL 129174, at *3 (Del. Ch. Jul.

10, 1991) (emphasis added); *Reach & Assocs., P.C. v. Dencer*, 269 F. Supp. 2d 497, 505

(D. Del. 2003) ("[w]hile seemingly broad, the standard for general jurisdiction is high in

practice and not often met."); *Intel Corp.*, 20 F. Supp. 2d. at 699 (stating that cases of

general jurisdiction under Delaware's long-arm statute are rare).

This rigorous standard is regularly applied in Delaware in connection with §

3104(c)(4) where the manufacturer of an allegedly infringing component part of a final

product has no contacts with Delaware other than the fact that the final product ends up in

Delaware.  For example, in *Siemens*, the defendants directly sold their allegedly

infringing DRAM microchips to the leading manufacturers of personal computers.  The

computer manufacturers then integrated the DRAM into personal computers, which were

sold in Delaware.  The plaintiff argued that because the DRAM ultimately ended up in

Delaware within the personal computers, the defendants had intent to serve the Delaware

market.  *Siemens*, 69 F. Supp. 2d at 626.  Not surprisingly, the court flatly rejected this

argument and stated:

> In this case, LG Semicon has not exhibited an intent or purpose to serve
> the Delaware market and its sales of DRAM chips outside of Delaware do

7

061908.1002

> not amount to the continuous activity that § 3104(c)(4) requires. . . . LG
> Semicon's only contact with Delaware is second hand contact from the
> sale of DRAM chips to customers who use the chips in electronic devices
> that are available to Delaware consumers.

*Id.* at 627 (emphasis added).

The *Siemens* court also determined that the revenue generated by such third-party sales, *i.e.*, the sales of computers that contained defendant's allegedly infringing DRAM, could not be attributed to the defendant for purposes of determining whether the defendant has derived "substantial revenue" from Delaware:

> The court finds that any revenue LG Semicon has generated through sales
> of DRAM chips to customers outside Delaware whose electronic devices
> are sold in Delaware is too remote and insubstantial to meet the
> requirements of § 3104(c)(4).

*Id.*

Similarly in *Merck & Co., v. Barr Laboratories, Inc.*, 179 F. Supp. 2d 368, 373 (D. Del. 2002), the plaintiff argued that the defendant derived substantial revenue from Delaware sales by third parties of the defendant's drugs. *Merck*, 179 F.Supp.2d at 372. Notably, Defendant Barr had two licenses to sell drugs in Delaware, sold products directly to customers in Delaware, had a national account manager in charge of sales in Delaware and also contributed to Delaware's Medicaid program based on its sales. Despite all of these contacts, the court found that there was no jurisdiction and noted that it was "not persuaded that Barr's sales to corporations with national distribution, including Delaware, should be added to Barr's Delaware sales figures *because the nexus is too attenuated.*" *Id.* at 374 (emphasis added).[2]

---

[2]    In *Commissariat*, the Federal Circuit found that based on unrebutted evidence of sales of products containing allegedly infringing LCDs in Delaware, the district court should have found that substantial revenues *could* have been derived from sales of products in Delaware. 395 F.3d at 1320. However, even if Honeywell could somehow demonstrate that ST-LCD derived any revenue from sales in Delaware, which it cannot, any such evidence would be insufficient for purposes of the Delaware long-arm statute or the Due Process Clause. *Id.* (stating that even if the plaintiff could show "substantial revenue," the question of whether it would be sufficient for personal jurisdiction "presents difficult questions under both Delaware law and the Due Process Clause").

Here, the nexus is even more attenuated than in *Siemens* and *Merck*. ST-LCD does not sell products in Delaware, does not advertise in Delaware, and does not direct its customers to sell products containing ST-LCD components in Delaware. In fact, all of ST-LCD's sales occur outside of the United States, and any LCD manufactured by ST-LCD could only find its way to Delaware, if at all, through the sale of a final product by one of ST-LCD's customer's customers. Moreover, ST-LCD has never exercised control over its customers, has not directed or otherwise suggested where its customers' products could be sold, or derived any revenue from the direct sales its customers make. In short, it would be absurd to conclude that ST-LCD itself has derived "substantial revenue" from sales in Delaware or that ST-LCD has done anything to show an "intent and purpose" to serve the Delaware market in a "continuous and substantial" way.[3]

### B. Honeywell Cannot Satisfy the Jurisdictional Requirements Of the Due Process Clause

Not only do ST-LCD's contacts with Delaware fail the minimum requirements of Delaware's long-arm statute, they also fail the minimum requirements of constitutional due process. The constitutional touchstone of a due process analysis is whether the non-

---

[3]     Despite the fact that the requirement that there be an "intent and purpose" to serve the Delaware market was, and, ST-LCD submits, is well settled in Delaware, the Federal Circuit recently remanded a case back to this Court stating that this was unclear. *Commissariat*, 395 F.3d at 1323-24 (finding that the United States Supreme Court set forth two relevant standards in *Asahi*, and it is unclear which standard Delaware had adopted because the Delaware Supreme Court has not directly addressed the issue). While the Federal Circuit was correct that the Delaware Supreme Court had not directly addressed the issue, the Delaware Supreme Court did affirm one of the most often cited Delaware Superior Court case on this issue, *Boone v. Oy Partek Ab*, 724 A.2d 1150, 1158 (Del. Super. 1997), aff'd, 707 A.2d 765 (Del. Super. 1998), where the court stated: "the enumerated activities in [the long-arm statute] should be analyzed to determine whether there is *an intent or purpose* on the part of the manufacturer to serve the Delaware market with its product." (emphasis added.) In addition, in *M&M Techs.*, 2005 U.S. Dist. LEXIS 1726 (D. Del. February 8, 2005), a case decided after the Federal Circuit's decision in *Commissariat*, the district court approved of requiring a showing of an intent and purpose. However, as this issue is admittedly unsettled by the Federal Circuit, the competing standards outlined in *Asahi* are discussed in detail in Section IV. B. 2, *infra,* in connection with the Due Process Clause. Should this Court wish to engage in an analysis of what the Delaware Supreme Court would do if directly confronted with this issue, the discussion below would apply equally to such an analysis.

9

resident defendant has purposefully established "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice'" *Asahi Metal Indus. Co., Ltd. v. Superior Court of California*, 480 U.S. 102, 108-09, 113 (1987), (citing *Burger King v. Rudzewicz*, 471 U.S. 462, 474 (1985) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945))). The Supreme Court has repeatedly required that the defendant be purposeful and deliberate in establishing these contacts. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473-476 (1985). To find such "minimum contacts," the plaintiff must demonstrate either general or specific jurisdiction. *See Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). Again, Honeywell can do neither.

          1.    **A Finding Of General Jurisdiction Over ST-LCD Would Violate The Due Process Clause**

Courts have set a high standard for plaintiffs seeking to establish general jurisdiction. *See generally Helicopteros*, 466 U.S. at 408. Only if a nonresident defendant's activities in the forum state are "continuous and systematic" is there a constitutionally sufficient basis to warrant jurisdiction over all causes of action asserted against it. *Helicopteros*, 466 U.S. at 421; *Provident Nat'l Bank*, 819 F.2d at 437; *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 445 (1952). Of course, here, ST-LCD's activities in Delaware are non-existent.

In *Helicopteros*, the Supreme Court found that a foreign defendant's general business contacts with the forum state did not rise to the level of "continuous and systematic" despite the fact that the defendant purchased equipment from the forum state, sent personnel for training in the forum state, and sent a corporate officer for contract negotiations in the forum state. 466 U.S. at 416-418. The foreign defendant had never actually performed operations, solicited business, or sold any product that reached the state, and the Court held that the brief presence of employees or minor purchases did not rise to the level of "continuous and systematic general business contacts." *Id.*

Here, ST-LCD has *no* contacts with Delaware. There can be no plausible assertion that this Court has general jurisdiction over ST-LCD. As noted above, ST-LCD has not: (i) manufactured goods in Delaware; (ii) sold goods or services in Delaware; (iii) advertised or offered to sell goods or services in Delaware; (iv) traded in Delaware; (v) maintained an office in Delaware; (vi) owned property in Delaware; or (vii) employed staff in Delaware. (Ogura Decl. ¶¶ 7, 8, 10, 11.)

### 2.    A Finding Of Specific Jurisdiction Over ST-LCD Would Violate The Due Process Clause

Not only are ST-LCD's activities insufficient to establish general jurisdiction, its contacts with Delaware are insufficient to warrant this Court's exercise of specific jurisdiction. To invoke specific jurisdiction, a plaintiff must show that a nonresident defendant "has 'purposefully directed' his activities at residents of the forum . . . and the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Burger King*, 471 U.S. at 472, 486 (quoting *Keeton v. Hustler Magazine*, 465 U.S. 770, 774 (1984) and *Helicopteros*, 466 U.S. at 414); *accord 3D Sys.*, 160 F.3d at 1378; *see also Hanson v. Denckla*, 357 U.S. 235, 253 (1958) (finding that when asserting specific jurisdiction, it is "essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws.").

Honeywell cannot demonstrate that ST-LCD "purposefully directed" its activities at Delaware. ST-LCD manufactures LCDs only at its facilities in Japan. It then sells them in Japan to another Japanese company. (*See* Ogura Decl. ¶ 18.) Subsequent to that sale, its products are sold again to product manufacturers who integrate ST-LCD's LCDs into their final products, which are sold throughout the world, including the United States and possibly Delaware. This is the extent of ST-LCD's contacts with Delaware. It is clear that ST-LCD does not purposefully direct anything at Delaware.

11

As noted above, in *Commissariat*, the Federal Circuit recently remanded a case back to this Court for additional discovery because, in its view, it was unclear under Delaware law whether an "intent and purpose" was required for a finding of minimum contacts under the Delaware long-arm statute. 395 F.3d at 1322. While this issue does appear to be settled in Delaware, it is clearly not at the Federal Circuit level. *Id.* at n.7. In *Commissariat*, the Federal Circuit discussed the Supreme Court's decision in *Asahi*, the genesis of the competing theories. In *Asahi*, Justice O'Connor, writing for a plurality of the Court found that "a defendant's awareness that the stream of commerce may or will sweep the product into the forum State does not convert the mere act of placing the product into the stream into an act purposefully directed toward the forum State." 480 U.S. at 112. Under this standard, the exercise of personal jurisdiction requires conduct in addition to placing the product in the stream of commerce. This conduct must indicate "an intent or purpose to serve the market in the forum State." *Id.* Such conduct may include establishing channels for providing service or advice within the forum state, advertising in the forum state, or marketing through a distributor who agreed to serve as an agent in the forum state. *Id.*

Justice Brennan and three other Justices suggested a less restrictive view, and stated:

> The stream of commerce refers not to unpredictable currents or eddies, but to the regular and anticipated flow of products from manufacture to distribution to retail sale. As long as a participant in this process is aware that the final product is being marketed in the forum State, the possibility of a lawsuit there cannot come as a surprise.

*Id.* at 117.

As an initial matter, under Justice O'Connor's test, there is clearly no jurisdiction over ST-LCD. ST-LCD has no contacts at all with Delaware. It does not design its products for use in Delaware; it performs no advertising in Delaware; it has no channels for providing advice of any kind to anyone in Delaware – indeed, its website is not even

12

in English – and it has no marketing or sales agents in Delaware or that target Delaware. (Ogura Decl. ¶¶ 8, 20.)  At most, Honeywell could show that ST-LCD had a mere "awareness" that its LCDs could be swept into Delaware, which is entirely insufficient for a finding of personal jurisdiction.

However, similarly, there is no basis for a finding of jurisdiction under Justice Brennan's test.  It is important to recognize that while Justice Brennan's test is less restrictive than Justice O'Connor's, there are important limits to its reach.  And, while not binding on the Federal Circuit, many courts, including the Third Circuit, have commented on its limits.  For instance, in *Renner v. Lanard Toys Ltd.*, 33 F.3d 277 (3d Cir. 1994), the court stated:

> [e]ven under Justice Brennan's view, the mere knowledge or awareness that one's products will end up in the forum state without some regularity of shipment would not be enough.  *The contact must be purposeful, rather than incidental*, because the stream of commerce does not refer to 'unpredictable currents or eddies.'

33 F.3d at 282 (quoting *Asah*i, 480 U.S. at 117 (Brennan, J., concurring)) (emphasis added).

In *Davlyn Manufacturing Co. v. H&M Auto Parts, Inc.*, 2005 U.S. Dist. LEXIS 17532 (E.D. Pa. August 18, 2005), the district court for the District of Pennsylvania was faced squarely with the dilemma of choosing whether to adopt Justice O'Connor's view or Justice Brennan's view for purposes of a minimum contacts analysis where, as here, the defendant merely provided an allegedly infringing component part to a product that was ultimately sold in the forum state.  The court unequivocally adopted Justice O'Connor's view and stated:

> Despite the absence of clear guidance from either the Federal or Third Circuits, . . . we find that a defendant does not "purposefully direct" his activities at a forum state merely by selling a component part to a nationwide distributor of home appliances with the awareness that appliances containing the defendant's product may ultimately be sold in the forum state. . . . *The Supreme Court has held that 'foreseeability*

13

> *alone' is not a sufficient benchmark for personal jurisdiction under the*
> *Due Process Clause, and we believe that adoption of the broad minimum*
> *contacts test enunciated by Justice Brennan in Asahi would run afoul of*
> *this prescription.*

*Id.* at *19-20 (citations omitted) (emphasis added).  Thus, the *Davlyn* court recognized

that adopting Justice Brennan's view wholesale would itself violate due process.

Accordingly, put in the proper context, under Justice Brennan's theory

jurisdiction would not lie in this case.  An outright adoption of it would run afoul of due

process itself, and when viewed in a way such that it would not run afoul of due process,

any contact by ST-LCD with Delaware could only be classified as "incidental." *See*

*Renner*, 33 F.3d at 282 (citations omitted).  Indeed, in light of today's global economy,

adopting Justice Brennan's view wholesale would be tantamount to finding that every

foreign manufacturer of component parts that are used in a final product that is shipped to

the United States is subject to personal jurisdiction in every state in the United States.

This cannot be and is not the law.  ST-LCD merely manufactures LCDs and sells them in

Japan.  Like every high-tech global manufacturing company, knowledge that its products

might or will end up in the largest economy in the world, while not a "surprise" should

not be a punishment, absent an intent that the products end up there.

### 3.    Exercising Jurisdiction Over ST-LCD Would Offend Traditional Notions Of Fair Play and Substantial Justice

Even if Honeywell established sufficient "minimum contacts" between ST-LCD

and Delaware for this Court to exercise jurisdiction, to do so would violate the Due

Process Clause's requirement that "maintenance of the suit . . . not offend 'traditional

notions of fair play and substantial justice.'" *Helicopteros*, 466 U.S. at 414 (quoting *Int'l

Shoe*, 326 U.S. at 316).  This analysis requires a balancing of the burden on the defendant

in having to defend itself in the forum state, the interests of the forum state in resolving

controversies flowing from in-state events, and the plaintiff's interest in a convenient

forum.  *Burger King*, 471 U.S. at 477.  Consideration of these factors demonstrates the

14

inherent unfairness of hauling ST-LCD into a Delaware court to participate in an action brought by Honeywell.

The issues presented by this case have no connection with Delaware. The claim is based on federal law, and Delaware has no stake in how that law is applied here. In addition, all of ST-LCD's sales are made in Japan to a Japanese company. And because ST-LCD itself is located only in Japan, the burden on ST-LCD would be significant because all of its documents and witnesses are located outside of the United States. In contrast, Honeywell is free to sue (and has sued) parties that do sell products that incorporate allegedly infringing LCDs and are subject to jurisdiction in Delaware. Accordingly, dismissing ST-LCD from this action will not burden or harm Honeywell in any manner. In contrast, maintaining this action would be prejudicial and unfair to ST-LCD.

## V.    CONCLUSION

Honeywell bears the burden of proving that this Court has personal jurisdiction over ST-LCD. Yet, Honeywell has not, and cannot, allege sufficient contacts with Delaware for a finding of personal jurisdiction. Accordingly, this Court should dismiss Honeywell's First Amended Complaint against ST-LCD for lack of personal jurisdiction.

DB01:1991639.1                                                                    061908.1002

Dated:  February 10, 2006

Respectfully submitted:

/s/ John W. Shaw

_____

John W. Shaw (I.D. No. 3362)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West St.
Wilmington, DE 19801
Tel. (302) 571-6600
jshaw@ycst.com
*Attorneys for Defendant ST-LCD*

OF COUNSEL:
John Flock
Robert Hails
Clement J. Naples
KENYON & KENYON LLP
One Broadway
New York, NY 10004
Tel. (212) 425-7200

16

## CERTIFICATE OF SERVICE

I, John W. Shaw, hereby certify that on February 10, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such document is available for viewing and downloading to the following counsel of record:

Thomas C. Grimm
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P. O. Box 1347
Wilmington DE  19899
*Attorneys for Plaintiffs Honeywell
International Inc. and Honeywell Intellectual
Properties Inc.*

Frederick L. Cottrell, III
RICHARDS, LAYTON & FINGER
One Rodney Square
P. O. Box 551
Wilmington, DE  19899-0551
*Attorneys for Eastman Kodak Company*

William J. Wade
RICHARDS, LAYTON & FINGER
One Rodney Square
P. O. Box 551
Wilmington, DE  19899-0551
*Attorneys for Matsushita Electrical Industrial
Co. and Matsushita Electrical Corporation of
America*

Thomas L. Halkowski
FISH & RICHARDSON P.C.
919 N. Market St., Suite 1100
Wilmington, DE  19899-1114
*Attorneys for Apple Computer, Inc.,
Casio Computer Co., Ltd., and Casio, Inc.*

John W. Shaw
YOUNG, CONAWAY, STARGATT
    & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE  19899-0391
*Attorneys for Olympus Corporation and
Olympus America Inc.*

Richard L. Horwitz
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
P. O. Box 951
Wilmington, DE  19899-0951
*Attorneys for Concord Cameras, Dell Inc.,
Fujitsu Limited, Fujitsu America, Inc. and
Fujitsu Computer Products of America, Inc.,
and Toshiba America, Inc.*

Adam W. Poff
YOUNG, CONAWAY, STARGATT
    & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE   19899-0391
*Attorneys for Pentax Corporation*
*and Pentax U.S.A., Inc.*

Robert J. Katzenstein
SMITH, KATZENSTEIN, & FURLOW
800 Delaware Avenue
P.O. Box 410
Wilmington, DE 19899
*Attorneys for Seiko Epson Corporation*

Philip A. Rovner
POTTER ANDERSON
    & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P. O. Box 951
Wilmington, DE  19899
*Attorneys for Fuji Photo Film Co., Ltd. and*
*Fuji Photo Film U.S.A., Inc.*

Francis DiGiovanni
James M. Olsen
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building, 8th Floor
1007 North Orange Street
P. O. Box 2207
Wilmington, DE 19899
*Attorneys for Sony Ericcson Mobile*
*Communications AB and Sony Ericcson*
*Mobile Communications (USA) Inc.*

Arthur G. Connolly, III
CONNOLLY, BOVE, LODGE & HUTZ LLP
The Nemours Building, 8th Floor
1007 N. Orange Street
P. O. Box 2207
Wilmington, DE   19899
*Attorneys for Navman NZ Limited*
*and Navman U.S.A. Inc.*

Amy E. Evans
CROSS & SIMON
913 N. Market Street, Suite 1001
P. O. Box 1380
Wilmington, DE  19899-1380
*Attorneys for Argus a/k/a Hartford*
*Computer Group, Inc.*

Gerard M. O'Rourke
CONNOLLY, BOVE, LODGE & HUTZ LLP
The Nemours Building, 8th Floor
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE  19899
*Attorneys for AU Optronics Corporation*

Robert K. Beste, III
SMITH, KATZENSTEIN, & FURLOW
800 Delaware Avenue
P.O. Box 410
Wilmington, DE 19899
*Attorneys for Kyocera Wireless Corp.*

I further certify that on February 10, 2006, I caused copies of the foregoing documents to be served by hand delivery on the above-listed counsel of record and on the following counsel in the manner indicated:

**VIA FEDERAL EXPRESS:**

Martin R. Lueck
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN  55402-2015
*Attorneys for Plaintiffs Honeywell
International Inc. and Honeywell Intellectual
Properties, Inc.*


Christopher E. Chalsen
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, NY  10005-1413
*Attorneys for Defendants Fujitsu America, Inc.
Fujitsu Computer Products of America*

Arthur I. Neustadt
Oblon, Spivak, McClelland, Maier
  & Neustadt, P.C.
1940 Duke Street
Alexandria, VA  22313
*Attorneys for Toshiba America, Inc. and
Toshiba Corporation*


Steven J. Rizzi
Weil, Gotshal & Manges
767 Fifth Avenue
New York, NY  10153
*Attorneys for Defendants Matsushita
Electrical Industrial Co. and Matsushita
Electrical Corporation of America*

Brian D. Roche
Sachinoff & Weaver, Ltd.
30 S. Wacker Drive
Chicago, IL  60606
*Attorneys for Defendant Argus a/k/a Hartford
Computer Group, Inc.*


Roderick B. Williams
Avelyn M. Ross
Vinson & Elkins
The Terrace 7
2801 Via Fortuna, Suite 100
Austin, TX  78746-7568
*Attorneys for Defendant Dell, Inc.*

Scott L. Lamper
Intellectual Property and Business
  Development Counsel
Concord Camera Corp.
4000 Hollywood Boulevard, Suite 650N
Hollywood, FL  33021
*Intellectual Property & Business Development
Counsel for Concord Camera Corp.*

Lawrence Rosenthal
Matthew W. Siegal
Stroock & Stroock & Lavan L.L.P.
180 Maiden Lane
New York, NY  10038-4982
*Attorneys for Defendants Fuji Photo Film Co.,
Ltd. and Fuji Photo Film U.S.A., Inc.*

Michael J. Fink
Neil F. Greenblum
Greenblum and Berstein, P.L.C.
1950 Roland Clarke Place
Reston, VA  20191
*Attorneys for Defendant Pentax
Corporation and Pentax U.S.A., Inc.*

DB01:1610135.1

George E. Badenoch
Richard M. Rosati
Kenyon & Kenyon
One Broadway
New York, NY 10004
(212) 425-7200
*Attorneys for Olympus Corporation and
Olympus America Inc.*

Neil L. Slifkin
Harris Beach LLP
99 Garnsey Road
Pittsford, NY 14534
*Attorneys for Eastman Kodak Co.*

Kelly C. Hunsaker, Esquire
Fish & Richardson P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
*Attorney for Apple Computer Inc.*

John R. Alison, Esquire
Finnegan, Henderson, Farabow, Garrett
  & Dunner
*Attorneys for ThirdParty Defendant Wintek
Electro-Optics Corp.*

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ John W. Shaw*

John W. Shaw (No. 3362)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
jshaw@ycst.com