## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HONEYWELL INTERNATIONAL INC. and HONEYWELL INTELLECTUAL PROPERTIES INC., | ) ) ) |
| | ) |
| Plaintiffs, | ) |
| | ) C.A. No. 04-1338-KAJ |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| APPLE COMPUTER, INC., et al., | ) |
| | ) |
| Defendants. | ) |

### SAMSUNG SDI CO., LTD. AND SAMSUNG SDI AMERICA'S ANSWER TO HONEYWELL'S FIRST AMENDED COMPLAINT

Defendants Samsung SDI Co., Ltd. and Samsung SDI America, Inc. ("Samsung SDI")

submit their answer to Plaintiffs Honeywell International Inc. and Honeywell Intellectual

Properties Inc.'s ("Honeywell") First Amended Complaint as follows:

### Nature of the Action

1.      Responding to paragraph 1, Samsung SDI admits that the complaint purports to

be an action for willful infringement of a United States patent.

### The Parties

2.      Samsung SDI is without sufficient information to admit or deny the allegations of

paragraph 2 and therefore denies the same.

3.      Samsung SDI is without sufficient information to admit or deny the allegations of

paragraph 3 and therefore denies the same.

4.      Samsung SDI is without sufficient information to admit or deny the allegations of

paragraph 4 and therefore denies the same.

5.    Samsung SDI is without sufficient information to admit or deny the allegations of paragraph 5 and therefore denies the same.

6.    Samsung SDI is without sufficient information to admit or deny the allegations of paragraph 6 and therefore denies the same.

7.    Samsung SDI is without sufficient information to admit or deny the allegations of paragraph 7 and therefore denies the same.

8.    Samsung SDI is without sufficient information to admit or deny the allegations of paragraph 8 and therefore denies the same.

9.    Samsung SDI is without sufficient information to admit or deny the allegations of paragraph 9 and therefore denies the same.

10.    Samsung SDI is without sufficient information to admit or deny the allegations of paragraph 10 and therefore denies the same.

11.    Samsung SDI is without sufficient information to admit or deny the allegations of paragraph 11 and therefore denies the same.

12.    Samsung SDI is without sufficient information to admit or deny the allegations of paragraph 12 and therefore denies the same.

13.    Samsung SDI is without sufficient information to admit or deny the allegations of paragraph 13 and therefore denies the same.

14.    Samsung SDI is without sufficient information to admit or deny the allegations of paragraph 14 and therefore denies the same.

15.    Samsung SDI is without sufficient information to admit or deny the allegations of paragraph 15 and therefore denies the same.

16.    Samsung SDI is without sufficient information to admit or deny the allegations of paragraph 16 and therefore denies the same.

17.    Samsung SDI is without sufficient information to admit or deny the allegations of paragraph 17 and therefore denies the same.

18.    Samsung SDI is without sufficient information to admit or deny the allegations of paragraph 18 and therefore denies the same.

19.    Samsung SDI is without sufficient information to admit or deny the allegations of paragraph 19 and therefore denies the same.

20.    Samsung SDI is without sufficient information to admit or deny the allegations of paragraph 20 and therefore denies the same.

21.    Samsung SDI is without sufficient information to admit or deny the allegations of paragraph 21 and therefore denies the same.

22.    Samsung SDI is without sufficient information to admit or deny the allegations of paragraph 22 and therefore denies the same.

23.    Samsung SDI is without sufficient information to admit or deny the allegations of paragraph 23 and therefore denies the same.

24.    Samsung SDI is without sufficient information to admit or deny the allegations of paragraph 24 and therefore denies the same.

25.    Samsung SDI is without sufficient information to admit or deny the allegations of paragraph 25 and therefore denies the same.

26.    Samsung SDI is without sufficient information to admit or deny the allegations of paragraph 26 and therefore denies the same.

27.    Samsung SDI is without sufficient information to admit or deny the allegations of paragraph 27 and therefore denies the same.

28.    Samsung SDI is without sufficient information to admit or deny the allegations of paragraph 28 and therefore denies the same.

29.    Samsung SDI is without sufficient information to admit or deny the allegations of paragraph 29 and therefore denies the same.

30.    Samsung SDI is without sufficient information to admit or deny the allegations of paragraph 30 and therefore denies the same.

31.    Samsung SDI is without sufficient information to admit or deny the allegations of paragraph 31 and therefore denies the same.

32.    Samsung SDI is without sufficient information to admit or deny the allegations of paragraph 32 and therefore denies the same.

33.    Samsung SDI is without sufficient information to admit or deny the allegations of paragraph 33 and therefore denies the same.

34.    Samsung SDI is without sufficient information to admit or deny the allegations of paragraph 34 and therefore denies the same.

35.    Samsung SDI is without sufficient information to admit or deny the allegations of paragraph 35 and therefore denies the same.

36.    Samsung SDI is without sufficient information to admit or deny the allegations of paragraph 36 and therefore denies the same.

37.    Samsung SDI is without sufficient information to admit or deny the allegations of paragraph 37 and therefore denies the same.

38.    Samsung SDI is without sufficient information to admit or deny the allegations of paragraph 38 and therefore denies the same.

39.    Samsung SDI is without sufficient information to admit or deny the allegations of paragraph 39 and therefore denies the same.

40.    Samsung SDI is without sufficient information to admit or deny the allegations of paragraph 40 and therefore denies the same.

41.    Samsung SDI is without sufficient information to admit or deny the allegations of paragraph 41 and therefore denies the same.

42.    Samsung SDI is without sufficient information to admit or deny the allegations of paragraph 42 and therefore denies the same.

43.    Samsung SDI is without sufficient information to admit or deny the allegations of paragraph 43 and therefore denies the same.

44.    Samsung SDI is without sufficient information to admit or deny the allegations of paragraph 44 and therefore denies the same.

45.    Samsung SDI is without sufficient information to admit or deny the allegations of paragraph 45 and therefore denies the same.

46.    Samsung SDI is without sufficient information to admit or deny the allegations of paragraph 46 and therefore denies the same.

47.    Samsung SDI admits the allegations of paragraph 47.

48.    Samsung SDI admits the allegations of paragraph 48.

49.    Samsung SDI is without sufficient information to admit or deny the allegations of paragraph 49 and therefore denies the same.

50.    Samsung SDI is without sufficient information to admit or deny the allegations of paragraph 50 and therefore denies the same.

51.    Samsung SDI is without sufficient information to admit or deny the allegations of paragraph 51 and therefore denies the same.

52.    Samsung SDI is without sufficient information to admit or deny the allegations of paragraph 52 and therefore denies the same.

53.    Samsung SDI is without sufficient information to admit or deny the allegations of paragraph 53 and therefore denies the same.

54.    Samsung SDI is without sufficient information to admit or deny the allegations of paragraph 54 and therefore denies the same.

55.    Samsung SDI is without sufficient information to admit or deny the allegations of paragraph 55 and therefore denies the same.

56.    Samsung SDI is without sufficient information to admit or deny the allegations of paragraph 56 and therefore denies the same.

57.    Samsung SDI is without sufficient information to admit or deny the allegations of paragraph 57 and therefore denies the same.

58.    Samsung SDI is without sufficient information to admit or deny the allegations of paragraph 58 and therefore denies the same.

59.    Samsung SDI is without sufficient information to admit or deny the allegations of paragraph 59 and therefore denies the same.

60.    Samsung SDI is without sufficient information to admit or deny the allegations of paragraph 60 and therefore denies the same.

## Jurisdiction and Venue

61.    Responding to paragraph 61, Samsung SDI states that jurisdiction is a question of law to which no response is required.

62.    Responding to paragraph 62, Samsung SDI states that jurisdiction is a question of law to which no response is required.

63.    Responding to paragraph 63, Samsung SDI states that venue is a question of law to which no response is required.

## Background to the Action

64.    Samsung SDI is without sufficient information to confirm or deny the allegations of paragraph 64 and therefore denies the same.

65.    Samsung SDI is without sufficient information to confirm or deny the allegations of paragraph 65 and therefore denies the same.

66.    Samsung SDI is without sufficient information to confirm or deny the allegations of paragraph 66 and therefore denies the same.

## Acts Giving Rise to the Action

67.    Samsung SDI is without sufficient information to confirm or deny the allegations of paragraph 67 is not directed toward Samsung SDI, and therefore no response is required.

68.    Samsung SDI is without sufficient information to confirm or deny the allegations of paragraph 68 is not directed toward Samsung SDI, and therefore no response is required.

69.    Samsung SDI is without sufficient information to confirm or deny the allegations of paragraph 69 and therefore denies the same.

70.    Samsung SDI is without sufficient information to confirm or deny the allegations of paragraph 70 and therefore denies the same.

71.     Samsung SDI is without sufficient information to confirm or deny the allegations of paragraph 71 and therefore denies the same.

72.     Samsung SDI is without sufficient information to confirm or deny the allegations of paragraph 72 and therefore denies the same.

73.     Samsung SDI is without sufficient information to confirm or deny the allegations of paragraph 73 and therefore denies the same.

74.     Samsung SDI is without sufficient information to confirm or deny the allegations of paragraph 74 and therefore denies the same.

75.     Samsung SDI is without sufficient information to confirm or deny the allegations of paragraph 75 and therefore denies the same.

76.     Samsung SDI is without sufficient information to confirm or deny the allegations of paragraph 76 and therefore denies the same.

77.     Samsung SDI is without sufficient information to confirm or deny the allegations of paragraph 77 and therefore denies the same.

78.     Samsung SDI is without sufficient information to confirm or deny the allegations of paragraph 78 and therefore denies the same.

79.     Samsung SDI is without sufficient information to confirm or deny the allegations of paragraph 79 and therefore denies the same.

80.     Samsung SDI is without sufficient information to confirm or deny the allegations of paragraph 80 and therefore denies the same.

81.     Samsung SDI is without sufficient information to confirm or deny the allegations of paragraph 81 and therefore denies the same.

82.    Samsung SDI is without sufficient information to confirm or deny the allegations of paragraph 82 and therefore denies the same.

83.    Samsung SDI is without sufficient information to confirm or deny the allegations of paragraph 83 and therefore denies the same.

84.    Samsung SDI is without sufficient information to confirm or deny the allegations of paragraph 84 and therefore denies the same.

85.    Samsung SDI is without sufficient information to confirm or deny the allegations of paragraph 85 and therefore denies the same.

86.    Samsung SDI is without sufficient information to confirm or deny the allegations of paragraph 86 and therefore denies the same.

87.    Samsung SDI is without sufficient information to confirm or deny the allegations of paragraph 87 and therefore denies the same.

88.    Samsung SDI is without sufficient information to confirm or deny the allegations of paragraph 88 and therefore denies the same.

89.    Samsung SDI is without sufficient information to confirm or deny the allegations of paragraph 89 and therefore denies the same.

90.    Samsung SDI is without sufficient information to confirm or deny the allegations of paragraph 90 and therefore denies the same.

91.    Samsung SDI is without sufficient information to confirm or deny the allegations of paragraph 91 and therefore denies the same.

92.    Samsung SDI denies the allegations of paragraph 92.

93.    Samsung SDI is without sufficient information to confirm or deny the allegations of paragraph 93 and therefore denies the same.

94.    Samsung SDI is without sufficient information to confirm or deny the allegations of paragraph 94 and therefore denies the same.

95.    Samsung SDI is without sufficient information to confirm or deny the allegations of paragraph 95 and therefore denies the same.

96.    Samsung SDI is without sufficient information to confirm or deny the allegations of paragraph 96 and therefore denies the same.

97.    Samsung SDI is without sufficient information to confirm or deny the allegations of paragraph 97 and therefore denies the same.

98.    Samsung SDI is without sufficient information to confirm or deny the allegations of paragraph 98 and therefore denies the same.

99.    Samsung SDI is without sufficient information to confirm or deny the allegations of paragraph 99 and therefore denies the same.

100.    Samsung SDI denies that any LCD modules manufactured, imported, offered for sale, and/or sold by Samsung SDI infringe the '371 patent, either literally or under the doctrine of equivalents. Samsung SDI also denies that it is liable for direct and/or indirect infringement under 35 U.S.C. § 271. To the extent that paragraph 100 is directed towards defendants other than Samsung SDI, no response is required from SDI.

101.    Samsung SDI denies the allegations contained in paragraph 101 to the extent they are directed to Samsung SDI. To the extent that paragraph 101 is directed towards defendants other than Samsung SDI, no response is required from SDI.

### Defenses

Further responding to the Amended Complaint, Samsung SDI alleges as follows:

## Defense No. 1

(No Cause of Action)

102. The allegations of the Amended Complaint fail to state a claim against Samsung SDI for which relief can be granted.

## Defense No. 2

(No Infringement)

103. Samsung SDI has not infringed and is not infringing any claim of U.S. Patent No. 5,280,371 ("the '371 patent").

## Defense No. 3

(Invalidity)

104. Each and every claim of the '371 patent is invalid for failing to meet one or more of the requirements of Title 35 of the United States Code, including §§ 102, 103, and/or 112.

## Defense No. 4

(Prosecution History Estoppel)

105. An additional basis for non-infringement is made on the basis that statements, representations, and admissions made to the U.S. Patent and Trademark Office ("PTO") during the prosecution of the applications that matured into the '371 patents, as well as the prior art, estop Honeywell from asserting that the claims of the patents encompass or are infringed by any product or activities of Samsung SDI.

## Defense No. 5

(Unenforceability Of The '371 Patent Due To Inequitable Conduct)

106. On information and belief, the '371 patent is unenforceable because the applicants, and/or individuals acting on behalf of the applicants, deliberately and knowingly

withheld, omitted, and/or misrepresented material information in connection with the prosecution of the application that matured into the '371 patent in violation of the duty of candor to the United States Patent and Trademark Office ("PTO"), as prescribed by 37 C.F.R. § 1.56.

107.    The '371 patent issued from an application that was filed on July 9, 1992. That application listed three applicants: Richard I. McCartney, Daniel D. Syroid, and Karen E. Jachimowicz. At least two of the applicants of the '371 patent, Richard I. McCartney and Daniel D. Syroid, were aware, during the pendency of the application that issued as the '371 patent, of information material to the patentability of the applications and purposely withheld the information from the PTO with an intent to deceive the PTO.

108.    For example, Messrs. McCartney and Syroid authored an article entitled "Direction Diffuser Lens Array for Backlit LCDs," which was published in Japan Display in 1992 at pages 259–62 ("the McCartney article"). In that article, Messrs. McCartney and Syroid cited to an article by H. Noda entitled "High Definition Liquid Crystal Projection TV," which was published in Japan Display in 1989 at pages 256–59 ("the Noda article"), when discussing removing a moiré pattern in a direct view LCD display system by using a lens array pitch that is a non-integral multiple of a display pitch. The Noda article discusses removing a moiré pattern in a projection LCD display system by using a lens array pitch that is a non-integral multiple of a display pitch. Noda article at page 257, column 2.

109.    On February 2, 1993, in response to and to overcome a rejection by the patent examiner during prosecution of the '547 application, the applicants and/or their representatives argued that there would be no suggestion to combine the teachings from a projection system with those from a direct view system.

110.    In the McCartney article, however, Messrs. McCartney and Syroid cited to the Noda article, which discusses the moiré effect in projection systems, as relevant to the issue of removing the moiré effect in direct view systems.

111.    The Noda article is material under Rule 56 at least because it establishes a prima facie case of unpatentability of one or more claims of the '371 patent and/or a reasonable examiner would have considered this information important in deciding whether to allow one or more claims of the application that led to the issuance of the '371 patent.

112.    Notwithstanding the foregoing and in violation of 37 C.F.R. § 1.56, neither Messrs. McCartney and Syroid nor any representative acting on behalf of the applicants informed the PTO of the McCartney and Noda articles.

113.    Messrs. McCartney and Syroid and their representatives were obligated to bring the existence of the McCartney and Noda articles to the attention of the PTO during the prosecution of the '371 patent, consistent with their duty of good faith and candor in dealing with the PTO under 37 C.F.R. § 1.56 and M.P.E.P. § 2001.06(c).

114.    Upon information and belief, Messrs. McCartney and Syroid and their representatives withheld the existence of these articles from the PTO with an intent to deceive the PTO in order to secure allowance of the '371 patent.

115.    For at least this reason, Messrs. McCartney and Syroid and their representatives during the prosecution of the '371 patent breached their duty of good faith and candor in violation of 37 C.F.R. § 1.56. The '371 patent is unenforceable due to this inequitable conduct.

### Defense No. 6

(Estoppel)

116.    Honeywell, by its conduct and the conduct of its owners, employees, and agents, is legally and/or equitably estopped from asserting its claims or other rights against Samsung SDI.

### Defense No. 7

(Waiver)

117.    Plaintiff, by its conduct and the conduct of its owners, employees, and agents, has waived its claims and other rights against Samsung SDI.

### Defense No. 8

(Unclean Hands)

118.    Honeywell is barred by the equitable doctrine of unclean hands from obtaining the requested relief.

### Defense No. 9

(No Costs)

119.    Plaintiff is barred by 35 U.S.C. § 288 from receiving any costs associated with this suit.

### Defense No. 10

(Laches)

120.    Honeywell's cause of action against Samsung SDI is barred by the doctrine of laches.

## Defense No. 11

(Failure to Mark)

121.    On information and belief, Honeywell's claim of damages is barred, in whole or

in part, due to its failure to mark under 35 U.S.C. § 287.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Stephen S. Korniczky
Elizabeth L. Brann
PAUL HASTINGS JANOFSKY &
WALKER LLP
3579 Valley Centre Drive
San Diego, CA 92130
Tel:  (858) 720-2500
Fax:  (858) 720-2555
stevekorniczky@paulhastings.com

Hamilton Loeb
PAUL HASTINGS JANOFSKY &
WALKER LLP
875 15th Street, N.W.
Washington, D.C. 20005
Tel:  (202) 551-1700
Fax: (202) 551-1705


Dated:  February 13, 2006
719519 / 29140

By: */s/ Richard L. Horwitz*
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE  19899
    Tel.:  (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

*Attorneys for Defendant Samsung SDI Co., Ltd.*
*and Samsung SDI America, Inc.*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, Richard L. Horwitz, hereby certify that on February 13, 2006, the foregoing

document was served via hand delivery and was electronically filed with the Clerk of the

Court using CM/ECF which will send notification of such filing(s) to the following and

the document is available for viewing and downloading from CM/ECF:

Philip A. Rovner
Potter Anderson & Corroon LLP
1313 N. Market Street
Hercules Plaza, 6th Floor
Wilmington, DE 19899
provner@potteranderson.com

William J. Wade
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899-0551
wade@rlf.com

John W. Shaw
Karen Keller
Young, Conaway, Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
jshaw@ycst.com
kkeller@ycst.com

Frederick L. Cottrell, III
Chad Michael Shandler
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899-0551
Cottrell@rlf.com
shandler@rlf.com

Adam W. Poff
Young, Conaway, Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
apoff@ycst.com

Thomas L. Halkowski
Fish & Richardson P.C.
919 N. Market St., Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
halkowski@fr.com

Thomas C. Grimm
Kristen Healey
Sean T. O'Kelly
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
tgrimm@mnat.com
sokelly@mnat.com
khealey@mnat.com

Amy Evans
Cross & Simon, LLC
913 N. Market Street, Suite 1001
P.O. Box 1380
Wilmington, DE 19899-1380
aevans@crosslaw.com

Karen L. Pascale
Young Conaway Stargatt & Taylor LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899
kpascale@ycst.com

William J. Marsden, Jr.
Fish & Richardson, P.C.
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
marsden@fr.com

Paul A. Bradley
Thomas D. Walsh
McCarter & English, LLP
919 N. Market Street, Suite 1800
Wilmington, DE 19899
pbradley@mccarter.com
twalsh@mccarter.com

Francis DiGiovanni
James M. Olsen
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
fdigiovanni@cblh.com
jolsen@cblh.com

Robert J. Katzenstein, Esq.
Joelle E. Polesky, Esq.
Smith, Katzenstein, & Furlow
800 Delaware Avenue, 7th Fl.
P.O. Box 410
Wilmington, DE 19899
rkatzenstein@skfdelaware.com
jpolesky@skfdelaware.com

Arthur G. Connolly, III
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
ac3@cblhlaw.com

Steven J. Balick
John G. Day
Ashby & Geddes
222 Delaware Avenue
17th Floor
Wilmington, DE 19899
sbalick@ashby-geddes.com
jday@ashby-geddes.com

Leslie A. Polizoti
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
lpolizoti@mnat.com

Gerard M. O'Rourke
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
gorourke@cblh.com


By: */s/ Richard L. Horwitz*
    Richard L. Horwitz
    David E. Moore
    Potter Anderson & Corroon LLP
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    P.O. Box 951
    Wilmington, DE 19899-0951
    (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

709365

3