**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| HONEYWELL INTERNATIONAL INC., et al., | ) ) ) ) |
| Plaintiffs, | ) C.A. No. 04-1338 (KAJ) ) |
| v. | ) **JURY TRIAL DEMANDED** ) |
| APPLE COMPUTER, INC., et al., | ) ) |
| Defendants; | ) ) |

**KONINKLIJKE PHILIPS ELECTRONICS N.V. and
PHILIPS ELECTRONICS NORTH AMERICA CORPORATION'S
ANSWER TO HONEYWELL'S FIRST AMENDED COMPLAINT**

Defendants Koninklijke Philips Electronics N.V. ("KPENV") and Philips Electronics North America Corporation ("PENAC") (collectively "Philips") hereby answer each of the numbered paragraphs of Honeywell International Inc. and Honeywell Intellectual Properties Inc.'s (collectively "Honeywell") First Amended Complaint (D.I. 239). Honeywell has also named Philips Consumer Electronics North America ("Philips Consumer") as a defendant. Philips Consumer is a division of PENAC and not a separate legal entity and therefore cannot answer.

**GENERAL DENIAL**

Unless specifically admitted below, Philips denies each and every allegation contained in the First Amended Complaint.

**Nature of the Action**

1. Responding to paragraph 1, Philips admits that the Honeywell alleges an action for willful infringement of a United States patent. Philips denies that they have infringed, willfully or otherwise, any valid and/or enforceable claim of the patent-in-suit.

## The Parties

2. Philips lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 and therefore denies the same.

3. Philips lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 and therefore denies the same.

4. Philips lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 and therefore denies the same.

5. Philips lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 and therefore denies the same.

6. Philips lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 and therefore denies the same.

7. Philips lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 and therefore denies the same.

8. Philips lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 and therefore denies the same.

9. Philips lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 and therefore denies the same.

10. Philips lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 and therefore denies the same.

11. Philips lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 and therefore denies the same.

12. Philips lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 and therefore denies the same.

13. Philips lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 and therefore denies the same.

14. Philips lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 and therefore denies the same.

15. Philips lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 and therefore denies the same.

16. Philips lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 and therefore denies the same.

17. Philips lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 and therefore denies the same.

18. Philips lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 and therefore denies the same.

19. Philips lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 and therefore denies the same.

20. Philips lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 and therefore denies the same.

21. Philips lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 and therefore denies the same.

22. Philips lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 and therefore denies the same.

23. Philips lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 and therefore denies the same.

24. Philips lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 and therefore denies the same.

25. Philips lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 and therefore denies the same.

26. Philips lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 and therefore denies the same.

27. Philips lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 and therefore denies the same.

28. Philips lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 and therefore denies the same.

29. Philips lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 and therefore denies the same.

30. Philips lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 and therefore denies the same.

31. Philips lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 and therefore denies the same.

32. Philips lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 and therefore denies the same.

33. KPENV admits the allegations of paragraph 33.

34. The allegations of paragraph 34 are denied.

35. PENAC admits the allegations of paragraph 35.

36. Philips lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 and therefore denies the same.

37. Philips lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 and therefore denies the same.

38. Philips lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38 and therefore denies the same.

39. Philips lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 and therefore denies the same.

40. Philips lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 and therefore denies the same.

41. Philips lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 and therefore denies the same.

42. Philips lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 and therefore denies the same.

43. Philips lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43 and therefore denies the same.

44. Philips lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44 and therefore denies the same.

45. Philips lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45 and therefore denies the same.

46. Philips lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46 and therefore denies the same.

47. Philips lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47 and therefore denies the same.

48. Philips lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48 and therefore denies the same.

49. Philips lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49 and therefore denies the same.

50. Philips lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50 and therefore denies the same.

51. Philips lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51 and therefore denies the same.

52. Philips lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52 and therefore denies the same.

53. Philips lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 53 and therefore denies the same.

54. Philips lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54 and therefore denies the same.

55. Philips lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 55 and therefore denies the same.

56. Philips lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 56 and therefore denies the same.

57. Philips lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57 and therefore denies the same.

58. Philips lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58 and therefore denies the same.

59. Philips lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 59 and therefore denies the same.

60. Philips lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 60 and therefore denies the same.

## Jurisdiction and Venue

61. Responding to paragraph 61, Philips admits that jurisdiction over this action is based on 28 U.S.C. § 1338(a).

62. Philips admits that paragraph 62 purports to assert that personal jurisdiction over it comports with the United States Constitution and § 3104 of Title 10 of the Delaware Code. Philips denies the remaining averments of paragraph 62.

63. Responding to paragraph 63, Philips admits that venue is based on Title 28, United States Code §§ 1391(b), 1391(c), and 1400(b), but denies the remaining averments in paragraph 63.

## Background to the Action

64. Philips lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 64 and therefore denies the same.

65. Philips lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 65 and therefore denies the same.

66. Philips lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 66 and therefore denies the same.

### Acts Giving Rise to the Action

67. Philips lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 67 and therefore denies the same.

68. Philips lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 68 and therefore denies the same.

69. Philips lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 69 and therefore denies the same.

70. Philips lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 70 and therefore denies the same.

71. Philips lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 71 and therefore denies the same.

72. Philips lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 72 and therefore denies the same.

73. Philips lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 73 and therefore denies the same.

74. Philips lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 74 and therefore denies the same.

75. Philips lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 75 and therefore denies the same.

76. Philips lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 76 and therefore denies the same.

77. Philips lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 77 and therefore denies the same.

78. Philips lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 78 and therefore denies the same.

79. Philips lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 79 and therefore denies the same.

80. Philips lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 80 and therefore denies the same.

81. Philips lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 81 and therefore denies the same.

82. Philips lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 82 and therefore denies the same.

83. Philips lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 83 and therefore denies the same.

84. Philips denies the allegations of paragraph 84.

85. Philips lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 85 and therefore denies the same.

86. Philips lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 86 and therefore denies the same.

87. Philips lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 87 and therefore denies the same.

88. Philips lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 88 and therefore denies the same.

89. Philips lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 89 and therefore denies the same.

90. Philips lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 90 and therefore denies the same.

91. Philips lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 91 and therefore denies the same.

92. Philips lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 92 and therefore denies the same.

93. Philips lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 93 and therefore denies the same.

94.     Philips lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 94 and therefore denies the same.

95.     Philips lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 95 and therefore denies the same.

96.     Philips lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 96 and therefore denies the same.

97.     Philips lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 97 and therefore denies the same.

98.     Philips lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 98 and therefore denies the same.

99.     Philips lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 99 and therefore denies the same.

100.    Philips denies that any LCD modules manufactured, imported, offered for sale, and/or sold by Philips infringe the '371 patent, either literally or under the doctrine of equivalents.  Philips also denies that it is liable for direct and/or indirect infringement under 35 U.S.C. § 271.  To the extent paragraph 100 is directed towards defendants other than Philips, no response is required.

101.    Philips denies the allegations contained in paragraph 101 to the extent they are directed at Philips.  To the extent that paragraph 101 is directed towards defendants other that Philips, no response is required.

## **DEFENSES**

Philips has not completed its investigation into the defenses available to it and reserves the right to amend its answer to assert additional defenses after the investigation is complete.  Further answering Honeywell's First Amended Complaint, Philips alleges the following defenses:

### First Defense (No Jurisdiction)

102.   The Court does not have personal jurisdiction over Philips Consumer and venue in this district is not proper.

### Second Defense (No Cause of Action)

103.   The allegations of the First Amended Complaint fail to state a claim against Philips Consumer for which relief can be granted.

### Third Defense (Non-Infringement)

104.   Philips has not infringed and does not infringe (either directly, contributorily, or by inducement) any valid and enforceable claim of the '371 patent.

### Fourth Defense (Invalidity)

105.   Each claim of the '371 patent is invalid and void because it fails to comply with one or more of the requirements of Title 35 of the United States Code, including, but not limited to, §§ 101, 102, 103 and/or 112.

### Fifth Defense (Unenforceability due to Inequitable Conduct)

106.   On information and belief, the '371 patent is unenforceable because the applicants, and/or individuals acting on behalf of the applicants, deliberately and knowingly withheld, omitted, and/or misrepresented material information in connection with the prosecution of the application that matured into the '371 patent in violation of the duty of candor to the United States Patent and Trademark Office ("PTO"), as prescribed by 37 C.F.R. § 1.56.

107.   The '371 patent issued from an application that was filed on July 9. 1992. That application listed three applicants believed to be Honeywell employees:  Richard I. McCartney, Daniel D. Syroid, and Karen E. Jachimowicz.  At least two of the applicants of the '371 patent, Richard I. McCartney and Daniel D. Syroid, were aware during the pendency of the application that issued as the '371 patent, of information material to the patentability of the applications and purposely withheld the information from the PTO with an intent to deceive the PTO.

108. For example, Messrs. McCartney and Syroid authored an article entitled "Directional Diffuser Lens Array for Backlit LCDs," which was published in <u>Japan Display</u> in 1992 at pages 259-62 ("the McCartney article"). In that article, Messrs. McCartney and Syroid cited to an article by H. Noda entitled "High Definition Liquid Crystal Projection TV," which was published in <u>Japan Display</u> in 1989 at pages 256-59 ("the Noda article"), when discussing removing moiré pattern in a direct view LCD display system by using a lens array pitch that is a non-integral multiple of a display pitch. The Noda article discusses removing a moiré pattern in a projection LCD display system by using a lens array pitch that is a non-integral multiple of a display pitch. Noda article at page 257, column 2.

109. On February 2, 1993, in response to and to overcome a rejection by the patent examiner during prosecution of the '547 application, the applicants and/or their representatives argued that there would be no suggestion to combine the teachings from a projection system with those from a direct view system.

110. In the McCartney article, however, Messrs. McCartney and Syroid cited to the Noda article, which discusses the moiré effect in projection systems, as relevant to the issue of removing the moiré effect in direct view systems.

111. The Noda article is material under Rule 56 at least because it establishes a prima facie case of unpatentability of one or more claims of the '371 patent and/or a reasonable examiner would have considered this information important in deciding whether to allow one or more claims of the application that led to the issuance of the '371 patent.

112. Notwithstanding the foregoing and in violation of 37 C.F.R. § 1.56, neither Messrs. McCartney and Syroid nor any representative acting on behalf of the applicants informed the PTO of the McCartney and Noda articles.

113. Messrs. McCartney and Syroid and their representatives were obligated to bring the existence of the McCartney and Noda articles to the attention of the PTO during

the prosecution of the '371 patent, consistent with their duty of good faith and candor in dealing with the PTO under 37 C.F.R. § 1.56 and M.P.E.P. § 2001.06(c).

114. Upon information and belief, Messrs. McCartney and Syroid and their representatives withheld the existence of these articles from the PTO with the intent to deceive the PTO in order to secure allowance of the '371 patent.

115. For at least these reasons, Messrs. McCartney and Syroid and their representatives during the prosecution of the '371 patent breached their duty of good faith and candor in violation of 37 C.F.R. § 1.56. The '371 patent is unenforceable due to this inequitable conduct.

### Sixth Defense (Unclean Hands)

116. Plaintiffs' claims are barred by the equitable doctrine of unclean hands.

### Seventh Defense (Laches)

117. At least a portion of Plaintiffs' claims for damages is barred by the doctrine of laches.

### Eighth Defense (Estoppel)

118. Honeywell, by its conduct and the conduct of its owners, employees, and agents, is legally and/or equitably estopped from asserting its claims or other rights against Philips.

### Ninth Defense (Prosecution History Estoppel)

119. An additional basis for non-infringement is made on the basis that statements, representations, and admissions made to the U.S. Patent and Trademark Office ("PTO") during the prosecution of the application that matured into the '371 patent, as well as the prior art, estop Honeywell from asserting that the claims of the patents encompass or are infringed by any product or activities of Philips.

### Tenth Defense (Failure to Mark)

120. On information and belief, neither the Plaintiffs nor their licensees have marked their products in accordance with 35 U.S.C. § 287 and, accordingly, Plaintiffs' damage claim is limited in accordance with that statute.

### Eleventh Defense (Time Limit on Damages)

121. At least a portion of Plaintiffs' claim for damages is barred by the time limitation on damages set forth in 35 U.S.C. § 286.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Alan M. Grimaldi
Thomas M. Dunham
Nelson M. Kee
Howrey LLP
1299 Pennsylvania Ave, NW
Washington, DC 20004-2401
(202) 783-0800 (Main)
(202) 383-6610 (Fax)

Dated: February 16, 2006

By: /s/ David E. Moore
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 N. Market Street
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000

*Attorneys for Koninklijke Philips Electronics N.V. and Philips Electronics North America Corporation*

720167

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on February 16, 2006, the foregoing document was served via hand delivery and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

| | |
|---|---|
| Philip A. Rovner<br>Potter Anderson & Corroon LLP<br>1313 N. Market Street<br>Hercules Plaza, 6th Floor<br>Wilmington, DE 19899<br>provner@potteranderson.com | William J. Wade<br>Richards, Layton & Finger<br>One Rodney Square<br>P.O. Box 551<br>Wilmington, DE 19899-0551<br>wade@rlf.com |
| John W. Shaw<br>Karen Keller<br>Young, Conaway, Stargatt & Taylor, LLP<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>P.O. Box 391<br>Wilmington, DE 19899-0391<br>jshaw@ycst.com<br>kkeller@ycst.com | Frederick L. Cottrell, III<br>Chad Michael Shandler<br>Richards, Layton & Finger<br>One Rodney Square<br>P.O. Box 551<br>Wilmington, DE 19899-0551<br>Cottrell@rlf.com<br>shandler@rlf.com |
| Adam W. Poff<br>Young, Conaway, Stargatt & Taylor, LLP<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>P.O. Box 391<br>Wilmington, DE 19899-0391<br>apoff@ycst.com | Thomas L. Halkowski<br>Fish & Richardson P.C.
919 N. Market St., Suite 1100<br>P.O. Box 1114<br>Wilmington, DE 19899-1114<br>halkowski@fr.com |

Thomas C. Grimm
Kristen Healey
Sean T. O'Kelly
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
tgrimm@mnat.com
sokelly@mnat.com
khealey@mnat.com

Francis DiGiovanni
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
fdigiovanni@cblh.com

Amy Evans
Cross & Simon, LLC
913 N. Market Street, Suite 1001
P.O. Box 1380
Wilmington, DE 19899-1380
aevans@crosslaw.com

Robert J. Katzenstein, Esq.
Joelle E. Polesky, Esq.
Smith, Katzenstein, & Furlow
800 Delaware Avenue, 7th Fl.
P.O. Box 410
Wilmington, DE 19899
rkatzenstein@skfdelaware.com
jpolesky@skfdelaware.com

Karen L. Pascale
Young Conaway Stargatt & Taylor LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899
kpascale@ycst.com

Arthur G. Connolly, III
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
ac3@cblhlaw.com

William J. Marsden, Jr.
Fish & Richardson, P.C.
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
marsden@fr.com

Steven J. Balick
John G. Day
Ashby & Geddes
222 Delaware Avenue
17th Floor
Wilmington, DE 19899
sbalick@ashby-geddes.com
jday@ashby-geddes.com

Paul A. Bradley
Thomas D. Walsh
McCarter & English, LLP
919 N. Market Street, Suite 1800
Wilmington, DE 19899
pbradley@mccarter.com
twalsh@mccarter.com

Leslie A. Polizoti
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
lpolizoti@mnat.com

15

Gerard M. O'Rourke
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
gorourke@cblh.com

                                                        By:  */s/ David E. Moore*
                                                             Richard L. Horwitz
                                                             David E. Moore
                                                             Potter Anderson & Corroon LLP
                                                             Hercules Plaza, 6th Floor
                                                             1313 N. Market Street
                                                             P.O. Box 951
                                                             Wilmington, DE 19899-0951
                                                             (302) 984-6000
                                                             rhorwitz@potteranderson.com
                                                             dmoore@potteranderson.com

709365