IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HONEYWELL INTERNATIONAL INC., et al., | |
| Plaintiffs, | |
| v. | C.A. No. 04-1338-KAJ |
| APPLE COMPUTER, INC., et al., | JURY TRIAL DEMANDED |
| Defendants. | |

## ID TECH'S ANSWER TO HONEYWELL'S FIRST AMENDED COMPLAINT

International Display Technology ("ID Tech Japan") and International Display Technology USA, Inc. ("ID Tech USA"), (collectively, "ID Tech"), for its answer to the averments in the First Amended Complaint of Honeywell International Inc. and Honeywell Intellectual Properties Inc. (collectively "Honeywell") responds as follows. Unless specifically admitted below, ID Tech denies each and every allegation contained in the First Amended Complaint.

### Nature of the Action

1.      ID Tech admits that the First Amended Complaint purports to state a cause of action under the Patent Laws of the United States, and that the First Amended Complaint alleges willful infringement of a United States patent.  ID Tech, however, denies that the First Amended Complaint states a valid cause of action.

**<u>The Parties</u>**

2.    ID Tech is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 2 of the First Amended Complaint, and, therefore, denies the same.

3.    ID Tech is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 3 of the First Amended Complaint, and, therefore, denies the same.

4.    ID Tech is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 4 of the First Amended Complaint, and, therefore, denies the same.

5.    ID Tech is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 5 of the First Amended Complaint, and, therefore, denies the same.

6.    ID Tech is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 6 of the First Amended Complaint, and, therefore, denies the same.

7.    ID Tech is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 7 of the First Amended Complaint, and, therefore, denies the same.

8.    ID Tech is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 8 of the First Amended Complaint, and, therefore, denies the same.

9.      ID Tech is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 9 of the First Amended Complaint, and, therefore, denies the same.

10.      ID Tech is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 10 of the First Amended Complaint, and, therefore, denies the same.

11.      ID Tech is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 11 of the First Amended Complaint, and, therefore, denies the same.

12.      ID Tech is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 12 of the First Amended Complaint, and, therefore, denies the same.

13.      ID Tech is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 13 of the First Amended Complaint, and, therefore, denies the same.

14.      ID Tech is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 14 of the First Amended Complaint, and, therefore, denies the same.

15.      ID Tech is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 15 of the First Amended Complaint, and, therefore, denies the same.

16.     ID Tech is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 16 of the First Amended Complaint, and, therefore, denies the same.

17.     ID Tech is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 17 of the First Amended Complaint, and, therefore, denies the same.

18.     ID Tech is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 18 of the First Amended Complaint, and, therefore, denies the same.

19.     ID Tech is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 19 of the First Amended Complaint, and, therefore, denies the same.

20.     ID Tech is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 20 of the First Amended Complaint, and, therefore, denies the same.

21.     ID Tech is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 21 of the First Amended Complaint, and, therefore, denies the same.

22.     ID Tech is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 22 of the First Amended Complaint, and, therefore, denies the same.

23.    ID Tech is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 23 of the First Amended Complaint, and, therefore, denies the same.

24.    ID Tech is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 24 of the First Amended Complaint, and, therefore, denies the same.

25.    ID Tech is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 25 of the First Amended Complaint, and, therefore, denies the same.

26.    ID Tech is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 26 of the First Amended Complaint, and, therefore, denies the same.

27.    ID Tech is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 27 of the First Amended Complaint, and, therefore, denies the same.

28.    ID Tech is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 28 of the First Amended Complaint, and, therefore, denies the same.

29.    ID Tech is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 29 of the First Amended Complaint, and, therefore, denies the same.

30.     ID Tech is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 30 of the First Amended Complaint, and, therefore, denies the same.

31.     ID Tech Japan admits that ID Tech Japan is incorporated in Japan and has its principal place of business in Siga-ken, Japan.

32.     ID Tech USA admits that IDTech USA is a Delaware corporation having places of business in San Jose, California and Austin, Texas.

33.     ID Tech is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 33 of the First Amended Complaint, and, therefore, denies the same.

34.     ID Tech is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 34 of the First Amended Complaint, and, therefore, denies the same.

35.     ID Tech is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 35 of the First Amended Complaint, and, therefore, denies the same.

36.     ID Tech is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 36 of the First Amended Complaint, and, therefore, denies the same.

37.     ID Tech is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 37 of the First Amended Complaint, and, therefore, denies the same.

38.    ID Tech is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 38 of the First Amended Complaint, and, therefore, denies the same.

39.    ID Tech is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 39 of the First Amended Complaint, and, therefore, denies the same.

40.    ID Tech is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 40 of the First Amended Complaint, and, therefore, denies the same.

41.    ID Tech is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 41 of the First Amended Complaint, and, therefore, denies the same.

42.    ID Tech is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 42 of the First Amended Complaint, and, therefore, denies the same.

43.    ID Tech is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 43 of the First Amended Complaint, and, therefore, denies the same.

44.    ID Tech is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 44 of the First Amended Complaint, and, therefore, denies the same.

45.     ID Tech is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 45 of the First Amended Complaint, and, therefore, denies the same.

46.     ID Tech is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 46 of the First Amended Complaint, and, therefore, denies the same.

47.     ID Tech is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 47 of the First Amended Complaint, and, therefore, denies the same.

48.     ID Tech is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 48 of the First Amended Complaint, and, therefore, denies the same.

49.     ID Tech is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 49 of the First Amended Complaint, and, therefore, denies the same.

50.     ID Tech is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 50 of the First Amended Complaint, and, therefore, denies the same.

51.     ID Tech is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 51 of the First Amended Complaint, and, therefore, denies the same.

52.     ID Tech is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 52 of the First Amended Complaint, and, therefore, denies the same.

53.     ID Tech is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 53 of the First Amended Complaint, and, therefore, denies the same.

54.     ID Tech is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 54 of the First Amended Complaint, and, therefore, denies the same.

55.     ID Tech is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 55 of the First Amended Complaint, and, therefore, denies the same.

56.     ID Tech is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 56 of the First Amended Complaint, and, therefore, denies the same.

57.     ID Tech is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 57 of the First Amended Complaint, and, therefore, denies the same.

58.     ID Tech is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 58 of the First Amended Complaint, and, therefore, denies the same.

59.     ID Tech is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 59 of the First Amended Complaint, and, therefore, denies the same.

60.     ID Tech is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 60 of the First Amended Complaint, and, therefore, denies the same.

## Jurisdiction and Venue

61.     ID Tech admits that jurisdiction over the subject matter of this action is based on Title 28, United States Code § 1338(a).

62.     ID Tech Japan denies the averments in paragraph 62.  ID Tech USA admits that personal jurisdiction over ID Tech USA comports with the United States Constitution and § 3104 of the Delaware Code.  ID Tech USA denies the remaining averments in paragraph 62.

63.     ID Tech Japan denies that venue is proper in this judicial district pursuant to Title 28, United States Code, §§ 1391(b) and 1400(b).  ID Tech USA admits that venue is proper in this judicial district pursuant to Title 28, United States Code, §§ 1391(b) and 1400(b).

## Background to the Action

64.     ID Tech is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 64 of the First Amended Complaint, and, therefore, denies the same.

65.     ID Tech admits that what appears to be a copy of U.S. Patent No. 5,280,371 ("the '371 patent") is attached to the First Amended Complaint as Exhibit 1.

ID Tech also admits that from the first page of the '371 patent, the date of issue of the '371 patent appears to be January 18, 1994. ID Tech is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 65 of the First Amended Complaint, and, therefore, denies the same.

66.     ID Tech denies that Honeywell possesses the right to sue infringers of the '371 patent.

### Alleged Acts Giving Rise to the Action

67.     ID Tech is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 67 of the First Amended Complaint, and, therefore, denies the same.

68.     ID Tech is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 68 of the First Amended Complaint, and, therefore, denies the same.

69.     ID Tech is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 69 of the First Amended Complaint, and, therefore, denies the same.

70.     ID Tech is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 70 of the First Amended Complaint, and, therefore, denies the same.

71.     ID Tech is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 71 of the First Amended Complaint, and, therefore, denies the same.

72.    ID Tech is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 72 of the First Amended Complaint, and, therefore, denies the same.

73.    ID Tech is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 73 of the First Amended Complaint, and, therefore, denies the same.

74.    ID Tech is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 74 of the First Amended Complaint, and, therefore, denies the same.

75.    ID Tech is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 75 of the First Amended Complaint, and, therefore, denies the same.

76.    ID Tech is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 76 of the First Amended Complaint, and, therefore, denies the same.

77.    ID Tech is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 77 of the First Amended Complaint, and, therefore, denies the same.

78.    ID Tech is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 78 of the First Amended Complaint, and, therefore, denies the same.

79.     ID Tech is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 79 of the First Amended Complaint, and, therefore, denies the same.

80.     ID Tech is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 80 of the First Amended Complaint, and, therefore, denies the same.

81.     ID Tech is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 81 of the First Amended Complaint, and, therefore, denies the same.

82.     ID Tech is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 82 of the First Amended Complaint, and, therefore, denies the same.

83.     ID Tech denies the averments of paragraph 83 of the First Amended Complaint.

84.     ID Tech is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 84 of the First Amended Complaint, and, therefore, denies the same.

85.     ID Tech is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 85 of the First Amended Complaint, and, therefore, denies the same.

86.     ID Tech is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 86 of the First Amended Complaint, and, therefore, denies the same.

87.     ID Tech is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 87 of the First Amended Complaint, and, therefore, denies the same.

88.     ID Tech is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 88 of the First Amended Complaint, and, therefore, denies the same.

89.     ID Tech is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 89 of the First Amended Complaint, and, therefore, denies the same.

90.     ID Tech is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 90 of the First Amended Complaint, and, therefore, denies the same.

91.     ID Tech is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 91 of the First Amended Complaint, and, therefore, denies the same.

92.     ID Tech is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 92 of the First Amended Complaint, and, therefore, denies the same.

93.     ID Tech is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 93 of the First Amended Complaint, and, therefore, denies the same.

94.     ID Tech is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 94 of the First Amended Complaint, and, therefore, denies the same.

95.     ID Tech is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 95 of the First Amended Complaint, and, therefore, denies the same.

96.     ID Tech is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 96 of the First Amended Complaint, and, therefore, denies the same.

97.     ID Tech is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 97 of the First Amended Complaint, and, therefore, denies the same.

98.     ID Tech is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 98 of the First Amended Complaint, and, therefore, denies the same.

99.     ID Tech is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 99 of the First Amended Complaint, and, therefore, denies the same.

100.     ID Tech denies the averments of paragraph 100 to the extent they pertain to ID Tech.  Otherwise, ID Tech is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 100 of the First Amended Complaint, and, therefore, denies the same.

101.    ID Tech denies the averments of paragraph 101 to the extent they pertain to ID Tech.  Otherwise, ID Tech is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 101 of the First Amended Complaint, and, therefore, denies the same.

## DEFENSES

ID Tech continues to investigate the defenses available and reserves the right to amend its answer to assert additional defenses as the investigation proceeds.  Further answering the First Amended Complaint, ID Tech asserts the following defenses.

### First Defense

1.    Honeywell's First Amended Complaint fails to state a claim upon which relief can be granted.

### Second Defense

2.    The claims of the '371 patent are invalid for failure to comply with the conditions for patentability specified in Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 102, 103, and 112.

### Third Defense

3.    Prosecution history estoppel bars and/or limits Honeywell's assertion of the '371 patent against ID Tech.

### Fourth Defense

4.    Honeywell's claims are barred in whole or in part by laches, including but not limited to prosecution history laches, and/or equitable estoppel.

**Fifth Defense**

5.    Honeywell's damages claims are barred, at least in part, by failure to comply with the requirements of 35 U.S.C. §§ 286 and/or 287.

**Sixth Defense**

6.    Upon information and belief, some or all of the products accused to infringe the '371 patent are licensed, either explicitly or impliedly, and/or claims have been released pursuant to agreements with Honeywell and/or ID Tech is a third-party beneficiary to a license of the '371 patent.

**Seventh Defense**

7.    Neither of Plaintiffs Honeywell International Inc. nor Honeywell Intellectual Properties Inc. are listed on the patent (First Amended Complaint, Exhibit 1) as owners of the '371 patent so that on information and belief, neither has standing to bring this action.

**Eighth Defense**

8.    Neither Honeywell International Inc. nor Honeywell Intellectual Properties Inc. are entitled to recover damages for any past infringement, if any, under the doctrine of laches and their claims, if valid, are barred by the doctrine of estoppel because of the unreasonable delay in bringing suit, in substantial in excess of six years after at least one of Plaintiffs knew of should have know of any accused infringement. This delay has materially prejudice ID Tech at least in part because the Plaintiffs' failure to bring the '371 patent to the attention of ID Tech, at a time when Plaintiff's would have been expected to do so, at least in part induced ID Tech to continue manufacture components that it otherwise could have modified.

**Ninth Defense**

9.    The '371 patent is unenforceable as a result of inequitable conduct during the prosecution of the application that led to the issuance of the '371 patent. Specifically, on information and belief, the inventors of the '371 patent, the assignee of the '371 patent, and/or other persons associated with the filing and prosecution of the application that led to the issuance of the '371 patent, knowingly failed to appropriately disclose material information to the United States Patent and Trademark Office ("USPTO") with the intent to deceive the USPTO. Such material information includes, but is not limited to, an article by H. Noda et al. entitled "High Definition Liquid Crystal Projection TV," Japan Display 1989, pp. 256259 (hereinafter the "Noda article").

10.    Applicants for patents have a general duty of candor and good faith in their dealings with the USPTO. Pursuant to 37 C.F.R. § 1.56 ("Rule 56"), the inventors had an affirmative obligation to disclose to the USPTO all information that they knew was material to the examination of their pending application. The inventors' duty extended to their representatives, such as their attorneys, and all others who were substantively involved in the preparation or prosecution of the '371 patent.

11.    ID Tech is informed and believes that the inventors knew of their duty to cite material prior art references to the USPTO during the prosecution of the '371 patent. ID Tech is further informed and believes that the inventors and their agents knowingly and willfully concealed and misrepresented material information during the prosecution of the '371 patent and that because of such inequitable conduct, the '371 patent is unenforceable against ID Tech.

18

12.     The Noda article was published in 1989, and is prior art to the '371 patent under 35 U.S.C. § 102. The Noda article discloses removing a moiré pattern by using a lens array pitch which is a nonintegral multiple of a display pitch (see page 257, column 2).

13.     During the prosecution of the application that led to the issuance of the '371 patent, individuals who were subject to the duty of candor under Rule 56 were aware of the Noda article.  Two of the named inventors of the '371 patent, R.I. McCartney and D. Syroid, authored an article entitled "Directional Diffuser Lens Array for Backlit LCDs," Japan Display 1992, pp. 259-262 (hereinafter the "McCartney article"), in which the other named inventor of the '317 patent, Karen Jachimowicz, is acknowledged as a contributor. The McCartney article discloses technology similar to that disclosed in the '371 patent. The McCartney article cites the Noda article at page 261, column 2 and in footnote 4, for its teaching of removing a moiré pattern by using a lens array pitch that is a non-integral multiple of a display pitch.

14.     The Noda article is material under Rule 56 at least because it establishes, by itself or in combination with other information, a *prima facie* case of unpatentability of one or more claims of the '371 patent, and/or a reasonable examiner would have considered this information important in deciding whether to allow one or more claims of the application that led to the issuance of the '371 patent.

15.     In comments made during the prosecution of the application that led to the issuance of the '371 patent, the applicants argued, in response to prior art rejections, that the applied references do not discuss eliminating moiré effects with appropriate selection of the relative pitch of lens arrays (page 3 of the Amendment filed on February 2, 1993).

19

Further, the examiner indicated that dependent claims, which recited relative pitches of the lens arrays, contained allowable subject matter (page 4 of the Official Action mailed on May 6, 1993), and the applicants amended such claims to place them into independent form to obtain their allowance (Amendment filed on July 2, 1993). Accordingly, on information and belief, individuals subject to the duty of candor under Rule 56, including R.I. McCartney and D. Syroid knew, or should have known, that the Noda article, which teaches removing a moiré pattern by using a lens array pitch which is a non-integral multiple of a display pitch, was highly material to the patentability of the subject matter claimed in the '371 patent and should have been disclosed to the USPTO Examiner for consideration in determining whether or not to allow and issue the claims in the '371 patent.

16.     The Noda article was never disclosed to the USPTO during prosecution of the application that matured in to the '371 patent, even though individuals subject to the duties of candor and disclosure were aware of the article.  On information and belief, these individuals withheld the Noda article from the USPTO with an intent to mislead and deceive the USPTO.  As a result of the foregoing inequitable conduct, the '371 patent is unenforceable.

**Tenth Defense**

17.     Honeywell's claims are barred by the doctrines of unclean hands and patent misuse.

**Eleventh Defense**

18.     Honeywell's claims are barred, in whole or in part, under the doctrine of patent exhaustion and/or the first sale doctrine.

**WHEREFORE**, ID Tech prays that the Court enter judgment as follows:

(a) that the Complaint be dismissed with prejudice;

(b) that ID Tech does not infringe and has not infringed any claim of the '371 patent;

(c) that the '371 patent is invalid;

(d) that the '371 patent is unenforceable;

(e) that ID Tech be awarded its costs and attorneys fees under, *inter alia*, 35 U.S.C. § 285; and

(f) that ID Tech be awarded such further legal and equitable relief as the Court may deem just and proper.

Dated: February 17, 2006          FISH & RICHARDSON P.C.

By: /s/ *William J. Marsden, Jr.*
William J. Marsden, Jr. (#2247)
Sean P. Hayes (#4413)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899
Tel.: (302) 652-5070
Fax.: (302) 652-0607

*Attorneys for Defendants*
*International Display Technology and*
*International Display Technology USA, Inc.*

80030374.doc

21

## CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2006, I electronically filed **ID TECH'S ANSWER TO HONEYWELL'S FIRST AMENDED COMPLAINT** with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following. A copy was also delivered via hand delivery to local counsel.


Thomas C. Grimm
Leslie Polizoti
Morris Nichols Arsht & Tunnell
Chase Manhattan Centre
1201 North Market Street, Suite 2100
P.O. Box 1347
Wilmington, DE  19899-1347

Frederick L. Cottrell, III
Chad Michael Shandler
Richards Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899-0551


Richard L. Horwitz
Potter Anderson & Corroon LLP
Hercules Plaza, 6th floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899-0951

Philip A. Rovner
Potter Anderson & Corroon LLP
Hercules Plaza, 6th floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899-0951


William J. Wade
Richards Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899-0551

John W. Shaw
Young Conaway Stargatt & Taylor LLP
1000 West Street, 17th floor
P.O. Box 391
Wilmington, DE 19899-0391


Adam Wyatt Poff
Young Conaway Stargatt & Taylor LLP
1000 West Street, 17th floor
P.O. Box 391
Wilmington, DE 19899-0391

Francis DiGiovanni
Connolly Bove Lodge & Hutz
The Nemours Building, 8th floor
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899-2207

Arthur G. Connolly, III
Connolly Bove Lodge & Hutz
The Nemours Building, 8th floor
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899-2207

Amy Evans
Cross & Simons, LLC
913 N. Market Street, Suite 1001
P.O. Box 1380
Wilmington, DE 19899-1380

Robert J. Katzenstein
Robert K. Beste, III
Smith Kathzenstein & Furlow LLP
800 Delaware Avenue, 7th floor
P.O. Box 410
Wilmington, DE 19899

Karen L. Pascale
Young Conaway Stargatt & Taylor LLP
1000 West Street, 17th floor
P.O. Box 391
Wilmington, DE 19899-0391

Gerald M. O'Rourke
Connolly Bove Lodge & Hutz
The Nemours Building, 8th floor
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899-2207

Thomas L. Halkowski
Fish & Richardson P.C.
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899

David Ellis Moore
Potter Anderson & Corroon LLP
Hercules Plaza, 6th floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899-0951

David J. Margules
Bouchard Margules & Friedlander, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801


     I hereby certify that on February 17, 2006, I have caused the document to be mailed by Federal Express on the following individual:

Martin R. Lueck
Robins Kaplan Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015


                                            */s/ William J. Marsden, Jr.*
                                            William J. Marsden, Jr.