IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HONEYWELL INTERNATIONAL INC., *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-1338-KAJ |
| | ) | |
| APPLE COMPUTER, INC. , *et al.*, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

**DEFENDANT QUANTA DISPLAY, INC.'S ANSWER
TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

Defendant Quanta Display, Inc. ("QDI") hereby demands a trial by jury on all issues so triable, and files this answer to Honeywell International Inc. and Honeywell Intellectual Properties Inc.'s (collectively "Honeywell" or "Plaintiffs") First Amended Complaint for patent infringement (the "First Amended Complaint"), along with its defenses, denying infringement of any valid and/or enforceable claim of U.S. Patent No. 5,280,371 ("the '371 patent", also referred to herein as "the Patent-in-Suit").

1.      QDI admits that Plaintiffs allege an action for patent infringement.  QDI denies that  it has infringed, willfully or otherwise, any valid and/or enforceable claim of the Patent-in-Suit.

2.      QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the First Amended Complaint, and therefore denies them.

3.    QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the First Amended Complaint, and therefore denies them.

4.    QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the First Amended Complaint, and therefore denies them.

5.    QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the First Amended Complaint, and therefore denies them.

6.    QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the First Amended Complaint, and therefore denies them.

7.    QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the First Amended Complaint, and therefore denies them.

8.    QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the First Amended Complaint, and therefore denies them.

9.    QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the First Amended Complaint, and therefore denies them.

10.    QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the First Amended Complaint, and therefore denies them.

11.    QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the First Amended Complaint, and therefore denies them.

12.    QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the First Amended Complaint, and therefore denies them.

13.    QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the First Amended Complaint, and therefore denies them.

14.    QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the First Amended Complaint, and therefore denies them.

15.    QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the First Amended Complaint, and therefore denies them.

16.    QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the First Amended Complaint, and therefore denies them.

17.     QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the First Amended Complaint, and therefore denies them.

18.     QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the First Amended Complaint, and therefore denies them.

19.     QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the First Amended Complaint, and therefore denies them.

20.     QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the First Amended Complaint, and therefore denies them.

21.     QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the First Amended Complaint, and therefore denies them.

22.     QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the First Amended Complaint, and therefore denies them.

23.     QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the First Amended Complaint, and therefore denies them.

24.    QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the First Amended Complaint, and therefore denies them.

25.    QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the First Amended Complaint, and therefore denies them.

26.    QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the First Amended Complaint, and therefore denies them.

27.    QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the First Amended Complaint, and therefore denies them.

28.    QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the First Amended Complaint, and therefore denies them.

29.    QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the First Amended Complaint, and therefore denies them.

30.    QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the First Amended Complaint, and therefore denies them.

31.     QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the First Amended Complaint, and therefore denies them.

32.     QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the First Amended Complaint, and therefore denies them.

33.     QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 of the First Amended Complaint, and therefore denies them.

34.     QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 of the First Amended Complaint, and therefore denies them.

35.     QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 of the First Amended Complaint, and therefore denies them.

36.     QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36 of the First Amended Complaint, and therefore denies them.

37.     QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 of the First Amended Complaint, and therefore denies them.

38.    QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 of the First Amended Complaint, and therefore denies them.

39.    QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 of the First Amended Complaint, and therefore denies them.

40.    QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40 of the First Amended Complaint, and therefore denies them.

41.    QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41 of the First Amended Complaint, and therefore denies them.

42.    QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 421 of the First Amended Complaint, and therefore denies them.

43.    QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 43 of the First Amended Complaint, and therefore denies them.

44.    QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44 of the First Amended Complaint, and therefore denies them.

45.     QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 45 of the First Amended Complaint, and therefore denies them.

46.     QDI admits that Quanta Display, Inc. is a corporation organized under the laws of the Republic of China (Taiwan) with an office and principal place of business located in Taiwan.  QDI otherwise denies the allegations set forth in paragraph 46 of the First Amended Complaint.

47.     QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 47 of the First Amended Complaint, and therefore denies them.

48.     QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 48 of the First Amended Complaint, and therefore denies them.

49.     QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 49 of the First Amended Complaint, and therefore denies them.

50.     QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 50 of the First Amended Complaint, and therefore denies them.

51.     QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 51 of the First Amended Complaint, and therefore denies them.

52.     QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 52 of the First Amended Complaint, and therefore denies them.

53.     QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 53 of the First Amended Complaint, and therefore denies them.

54.     QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 54 of the First Amended Complaint, and therefore denies them.

55.     QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 55 of the First Amended Complaint, and therefore denies them.

56.     QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 56 of the First Amended Complaint, and therefore denies them.

57.     QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 57 of the First Amended Complaint, and therefore denies them.

58.     QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 58 of the First Amended Complaint, and therefore denies them.

59.    QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 59 of the First Amended Complaint, and therefore denies them.

60.    QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 60 of the First Amended Complaint, and therefore denies them.

61.    QDI admits that the First Amended Complaint purports to set forth a cause of action arising under the patent laws of the United States, and that subject matter jurisdiction is proper in this Court for purpose of this action under 28 U.S.C. § 1338(a).

62.    QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 62 of the First Amended Complaint to the extent that such allegations are directed to QDI, and therefore denies them.  For any allegations contained in paragraph 62 of the First Amended Complaint that are directed towards defendants other than QDI, QDI lacks information sufficient to form a belief as to the truth of these allegations and therefore denies them.

63.    QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 63 of the First Amended Complaint to the extent that such allegations are directed to QDI, and therefore denies them.  For any allegations contained in paragraph 63 of the First Amended Complaint that are directed towards defendants other than QDI, QDI lacks information sufficient to form a belief as to the truth of these allegations and therefore denies them.

64.     QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 64 of the First Amended Complaint, and therefore denies them.

65.     QDI admits that the '371 patent generally relates to the LCD technology, that the '371 patent was issued by the United States Patent and Trademark Office on January 8, 1994, and that the '371 was assigned on its face to a Honeywell Inc. from Minneapolis, Minn.  QDI denies all remaining allegations in paragraph 65 of the First Amended Complaint.

66.     QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 66 of the First Amended Complaint, and therefore denies them.

67.     The allegations contained in paragraph 67 of the First Amended Complaint are directed toward defendants other than QDI and therefore no response by QDI is necessary.  To the extent that a response is deemed necessary, QDI lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

68.     The allegations contained in paragraph 68 of the First Amended Complaint are directed toward defendants other than QDI and therefore no response by QDI is necessary.  To the extent that a response is deemed necessary, QDI lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

69.     The allegations contained in paragraph 69 of the First Amended Complaint are directed toward defendants other than QDI and therefore no response by

QDI is necessary. To the extent that a response is deemed necessary, QDI lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

70. The allegations contained in paragraph 70 of the First Amended Complaint are directed toward defendants other than QDI and therefore no response by QDI is necessary. To the extent that a response is deemed necessary, QDI lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

71. The allegations contained in paragraph 71 of the First Amended Complaint are directed toward defendants other than QDI and therefore no response by QDI is necessary. To the extent that a response is deemed necessary, QDI lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

72. The allegations contained in paragraph 72 of the First Amended Complaint are directed toward defendants other than QDI and therefore no response by QDI is necessary. To the extent that a response is deemed necessary, QDI lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

73. The allegations contained in paragraph 73 of the First Amended Complaint are directed toward defendants other than QDI and therefore no response by QDI is necessary. To the extent that a response is deemed necessary, QDI lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

74.     The allegations contained in paragraph 74 of the First Amended Complaint are directed toward defendants other than QDI and therefore no response by QDI is necessary.   To the extent that a response is deemed necessary, QDI lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

75.     The allegations contained in paragraph 75 of the First Amended Complaint are directed toward defendants other than QDI and therefore no response by QDI is necessary.   To the extent that a response is deemed necessary, QDI lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

76.     The allegations contained in paragraph 76 of the First Amended Complaint are directed toward defendants other than QDI and therefore no response by QDI is necessary.   To the extent that a response is deemed necessary, QDI lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

77.     The allegations contained in paragraph 77 of the First Amended Complaint are directed toward defendants other than QDI and therefore no response by QDI is necessary.   To the extent that a response is deemed necessary, QDI lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

78.     The allegations contained in paragraph 78 of the First Amended Complaint are directed toward defendants other than QDI and therefore no response by QDI is necessary.   To the extent that a response is deemed necessary, QDI lacks

information sufficient to form a belief as to the truth of the allegations and therefore denies them.

79.     The allegations contained in paragraph 79 of the First Amended Complaint are directed toward defendants other than QDI and therefore no response by QDI is necessary.  To the extent that a response is deemed necessary, QDI lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

80.     The allegations contained in paragraph 80 of the First Amended Complaint are directed toward defendants other than QDI and therefore no response by QDI is necessary.  To the extent that a response is deemed necessary, QDI lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

81.     The allegations contained in paragraph 81 of the First Amended Complaint are directed toward defendants other than QDI and therefore no response by QDI is necessary.  To the extent that a response is deemed necessary, QDI lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

82.     The allegations contained in paragraph 82 of the First Amended Complaint are directed toward defendants other than QDI and therefore no response by QDI is necessary.  To the extent that a response is deemed necessary, QDI lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

83.     The allegations contained in paragraph 83 of the First Amended Complaint are directed toward defendants other than QDI and therefore no response by QDI is necessary.     To the extent that a response is deemed necessary, QDI lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

84.     The allegations contained in paragraph 84 of the First Amended Complaint are directed toward defendants other than QDI and therefore no response by QDI is necessary.     To the extent that a response is deemed necessary, QDI lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

85.     The allegations contained in paragraph 85 of the First Amended Complaint are directed toward defendants other than QDI and therefore no response by QDI is necessary.     To the extent that a response is deemed necessary, QDI lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

86.     The allegations contained in paragraph 86 of the First Amended Complaint are directed toward defendants other than QDI and therefore no response by QDI is necessary.     To the extent that a response is deemed necessary, QDI lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

87.     The allegations contained in paragraph 87 of the First Amended Complaint are directed toward defendants other than QDI and therefore no response by QDI is necessary.     To the extent that a response is deemed necessary, QDI lacks

information sufficient to form a belief as to the truth of the allegations and therefore denies them.

88.    The allegations contained in paragraph 88 of the First Amended Complaint are directed toward defendants other than QDI and therefore no response by QDI is necessary.    To the extent that a response is deemed necessary, QDI lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

89.    The allegations contained in paragraph 89 of the First Amended Complaint are directed toward defendants other than QDI and therefore no response by QDI is necessary.    To the extent that a response is deemed necessary, QDI lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

90.    The allegations contained in paragraph 90 of the First Amended Complaint are directed toward defendants other than QDI and therefore no response by QDI is necessary.    To the extent that a response is deemed necessary, QDI lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

91.    QDI admits that it manufactures and sells LCD modules that could be incorporated into certain types of LCD screen-containing products.    QDI denies all remaining allegations in paragraph 91 of the First Amended Complaint.

92.    The allegations contained in paragraph 92 of the First Amended Complaint are directed toward defendants other than QDI and therefore no response by QDI is necessary.    To the extent that a response is deemed necessary, QDI lacks

information sufficient to form a belief as to the truth of the allegations and therefore denies them.

93.    The allegations contained in paragraph 93 of the First Amended Complaint are directed toward defendants other than QDI and therefore no response by QDI is necessary.  To the extent that a response is deemed necessary, QDI lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

94.    The allegations contained in paragraph 94 of the First Amended Complaint are directed toward defendants other than QDI and therefore no response by QDI is necessary.  To the extent that a response is deemed necessary, QDI lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

95.    The allegations contained in paragraph 95 of the First Amended Complaint are directed toward defendants other than QDI and therefore no response by QDI is necessary.  To the extent that a response is deemed necessary, QDI lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

96.    The allegations contained in paragraph 96 of the First Amended Complaint are directed toward defendants other than QDI and therefore no response by QDI is necessary.  To the extent that a response is deemed necessary, QDI lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

97.     The allegations contained in paragraph 97 of the First Amended Complaint are directed toward defendants other than QDI and therefore no response by QDI is necessary.   To the extent that a response is deemed necessary, QDI lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

98.     The allegations contained in paragraph 98 of the First Amended Complaint are directed toward defendants other than QDI and therefore no response by QDI is necessary.   To the extent that a response is deemed necessary, QDI lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

99.     The allegations contained in paragraph 99 of the First Amended Complaint are directed toward defendants other than QDI and therefore no response by QDI is necessary.   To the extent that a response is deemed necessary, QDI lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

100.    QDI denies that it has engaged in any activity that constitutes either direct or indirect infringement of any claim of the Patent-in-Suit.   QDI denies the rest of the allegations, if any, contained in paragraph 100 of the First Amended Complaint, to the extent such allegations are directed to QDI.   For any allegations contained in paragraph 100 of the First Amended Complaint that are directed towards defendants other than QDI, QDI lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

101.    QDI denies that it has engaged in any activities that constitute willful infringement of the Patent-in-Suit.    QDI denies the rest of the allegations, if any, contained in paragraph 101 of the First Amended Complaint, to the extent such allegations are directed to QDI.    For any allegations contained in paragraph 101 of the First Amended Complaint that are directed towards defendants other than QDI, QDI lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense: Non-infringement

QDI has not infringed, contributed to the infringement of or induced the infringement of any valid and/or enforceable claim of the '371 patent, and QDI is not liable for any such alleged infringement thereof.

### Second Affirmative Defense: Invalidity

The '371 patent, and each claim thereof, is invalid because it fails to comply with the provisions of the patent laws, 35 U.S.C. section 100 *et. seq.*, including but not limited to 35 U.S.C. sections 102, 103, and 112.

### Third Affirmative Defense: Prosecution History Estoppel

To the extent that Honeywell alleges infringement under the doctrine of equivalents, Honeywell's alleged cause of action is barred under the doctrine of prosecution history estoppel, and Honeywell is estopped from claiming that the '371 patent covers or includes any accused QDI product or service.

### Fourth Affirmative Defense: Laches

Honeywell is barred from obtaining relief sought in the First Amended Complaint because of the doctrine of laches.

### Fifth Affirmative Defense: Estoppel

Honeywell is barred from obtaining relief sought in the First Amended Complaint because of the doctrines of equitable estoppel and/or implied license.

### EXCEPTIONAL CASE

This is an exceptional case under 35 U.S.C. § 285 and, as such, QDI is entitled to recover from Plaintiff QDI's attorneys' fees and costs incurred in connection with this action.

### DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 28, QDI hereby demands a trial by jury as to all fact issues in this lawsuit.

### PRAYER FOR RELIEF

**WHEREFORE**, QDI prays that this Court enter a judgment as follows :

(a) Plaintiffs' First Amended Complaint against QDI be dismissed, with prejudice, and that judgment be entered in favor of QDI.

(b) Judgment be entered in favor of QDI declaring that each of the claims of the '372 patent are invalid and that QDI has not infringed any claim of the patent either literally or under the doctrine of equivalents.

(c) Judgment be entered in favor of QDI and against the Plaintiffs that this is an exceptional case and awarding QDI its attorneys' fees and costs under 35 U.S.C. § 285;

and

     (d) QDI be awarded any such other and further relief as is just and proper.

Respectfully submitted,

_____
Josy W. Ingersoll (No. 1088)
*jingersoll@ycst.com*
John W. Shaw (No. 3362)
*jshaw@ycst.com*
Monté T. Squire (No. 4764)
*msquire@ycst.com*
**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19899-0391
(302) 571-6600

Of Counsel:

Peter J. Wied, Esquire
Paul, Hastings, Janofsky & Walker LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA 90071-2228
Telephone: 213-683-6000

*Attorneys for Defendant Quanta Display Inc.*

Dated:  February 21, 2006

## CERTIFICATE OF SERVICE

I, Monté T. Squire, hereby certify that on February 21, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such document is available for viewing and downloading to the following counsel of record:

Thomas C. Grimm
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P. O. Box 1347
Wilmington DE  19899
*Attorneys for Plaintiffs Honeywell
International Inc. and Honeywell Intellectual
Properties Inc.*

Frederick L. Cottrell, III
RICHARDS, LAYTON & FINGER
One Rodney Square
P. O. Box 551
Wilmington, DE  19899-0551
*Attorneys for Eastman Kodak Company*

William J. Wade
RICHARDS, LAYTON & FINGER
One Rodney Square
P. O. Box 551
Wilmington, DE  19899-0551
*Attorneys for Matsushita Electrical Industrial
Co. and Matsushita Electrical Corporation of
America*

Thomas L. Halkowski
FISH & RICHARDSON P.C.
919 N. Market St., Suite 1100
Wilmington, DE  19899-1114
*Attorneys for Apple Computer, Inc.,
Casio Computer Co., Ltd., and Casio, Inc.*

John W. Shaw
YOUNG, CONAWAY, STARGATT
  & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE  19899-0391
*Attorneys for Olympus Corporation and
Olympus America Inc.*

Richard L. Horwitz
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
P. O. Box 951
Wilmington, DE  19899-0951
*Attorneys for Concord Cameras, Dell Inc.,
Fujitsu Limited, Fujitsu America, Inc. and
Fujitsu Computer Products of America, Inc.,
and Toshiba America, Inc.*

Adam W. Poff
YOUNG, CONAWAY, STARGATT
  &amp; TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE   19899-0391
*Attorneys for Pentax Corporation*
*and Pentax U.S.A., Inc.*

Philip A. Rovner
POTTER ANDERSON
  &amp; CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P. O. Box 951
Wilmington, DE   19899
*Attorneys for Fuji Photo Film Co., Ltd. and*
*Fuji Photo Film U.S.A., Inc.*

Arthur G. Connolly, III
CONNOLLY, BOVE, LODGE & HUTZ LLP
The Nemours Building, 8th Floor
1007 N. Orange Street
P. O. Box 2207
Wilmington, DE   19899
*Attorneys for Navman NZ Limited*
*and Navman U.S.A. Inc.*

Gerard M. O'Rourke
CONNOLLY, BOVE, LODGE & HUTZ LLP
The Nemours Building, 8th Floor
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE   19899
*Attorneys for AU Optronics Corporation*

Robert J. Katzenstein
SMITH, KATZENSTEIN, & FURLOW
800 Delaware Avenue
P.O. Box 410
Wilmington, DE 19899
*Attorneys for Seiko Epson Corporation*

Francis DiGiovanni
James M. Olsen
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building, 8th Floor
1007 North Orange Street
P. O. Box 2207
Wilmington, DE   19899
*Attorneys for Sony Ericcson Mobile*
*Communications AB and Sony Ericcson*
*Mobile Communications (USA) Inc.*

Amy E. Evans
CROSS & SIMON
913 N. Market Street, Suite 1001
P. O. Box 1380
Wilmington, DE   19899-1380
*Attorneys for Argus a/k/a Hartford*
*Computer Group, Inc.*

Robert K. Beste, III
SMITH, KATZENSTEIN, & FURLOW
800 Delaware Avenue
P.O. Box 410
Wilmington, DE   19899
*Attorneys for Kyocera Wireless Corp.*

     I further certify that on February 21, 2006, I caused copies of the foregoing documents to

be served by hand delivery on the above-listed counsel of record and on the following counsel in

the manner indicated:

**VIA FEDERAL EXPRESS:**

Martin R. Lueck
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN  55402-2015
*Attorneys for Plaintiffs Honeywell*
*International Inc. and Honeywell Intellectual*
*Properties, Inc.*


Christopher E. Chalsen
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, NY  10005-1413
*Attorneys for Defendants Fujitsu America, Inc.*
*Fujitsu Computer Products of America*

Roderick B. Williams
Avelyn M. Ross
Vinson & Elkins
The Terrace 7
2801 Via Fortuna, Suite 100
Austin, TX  78746-7568
*Attorneys for Defendant Dell, Inc.*


Arthur I. Neustadt
Oblon, Spivak, McClelland, Maier
  & Neustadt, P.C.
1940 Duke Street
Alexandria, VA  22313
*Attorneys for Toshiba America, Inc. and*
*Toshiba Corporation*

Scott L. Lamper
Intellectual Property and Business
   Development Counsel
Concord Camera Corp.
4000 Hollywood Boulevard, Suite 650N
Hollywood, FL  33021
*Intellectual Property & Business Development*
*Counsel for Concord Camera Corp.*


Steven J. Rizzi
Weil, Gotshal & Manges
767 Fifth Avenue
New York, NY  10153
*Attorneys for Defendants Matsushita*
*Electrical Industrial Co. and Matsushita*
*Electrical Corporation of America*

Lawrence Rosenthal
Matthew W. Siegal
Stroock & Stroock & Lavan L.L.P.
180 Maiden Lane
New York, NY  10038-4982
*Attorneys for Defendants Fuji Photo Film Co.,*
*Ltd. and Fuji Photo Film U.S.A., Inc.*


Brian D. Roche
Sachinoff & Weaver, Ltd.
30 S. Wacker Drive
Chicago, IL  60606
*Attorneys for Defendant Argus a/k/a Hartford*
*Computer Group, Inc.*

Michael J. Fink
Neil F. Greenblum
Greenblum and Berstein, P.L.C.
1950 Roland Clarke Place
Reston, VA  20191
*Attorneys for Defendant Pentax*
*Corporation and Pentax U.S.A., Inc.*

George E. Badenoch
Richard M. Rosati
Kenyon & Kenyon
One Broadway
New York, NY  10004
(212) 425-7200
*Attorneys for Olympus Corporation and*
*Olympus America Inc.*

Neil L. Slifkin
Harris Beach LLP
99 Garnsey Road
Pittsford, NY  14534
*Attorneys for Eastman Kodak Co.*

Kelly C. Hunsaker, Esquire
Fish & Richardson P.C.
500 Arguello Street, Suite 500
Redwood City, CA  94063
*Attorney for Apple Computer Inc.*

John R. Alison, Esquire
Finnegan, Henderson, Farabow, Garrett
  & Dunner
*Attorneys for ThirdParty Defendant Wintek*
*Electro-Optics Corp.*

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Monté T. Squire (No. 4764)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
(302) 571-6600
msquire@ycst.com