**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| HONEYWELL INTERNATIONAL INC. | ) | |
| and HONEYWELL INTELLECTUAL | ) | |
| PROPERTIES INC., | ) | |
| | ) | |
| Plaintiffs, | ) | C.A. No. 04-1338-KAJ |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| APPLE COMPUTER, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER AND DEFENSES OF DEFENDANT HITACHI DISPLAYS, LTD.

Defendant Hitachi Displays, Ltd. ("HDL") hereby files its Answer, including Defenses, in response to the First Amended Complaint and Demand for Jury Trial ("First Amended Complaint") filed by Plaintiffs, Honeywell International Inc. and Honeywell Intellectual Properties Inc. (collectively, "Honeywell"), on November 7, 2005 in the above-captioned action in accordance with the numbered paragraphs in the First Amended Complaint. Except to the extent expressly and specifically admitted herein, HDL denies each and every allegation contained in the First Amended Complaint.

## ANSWER

1.      HDL denies the allegations of paragraph 1, except admits only that the First Amended Complaint purports to state a cause of action for infringement of U.S. Patent No. 5,280,371 (the "'371 Patent") under the laws of the United States.

2.      HDL lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 2 of the First Amended Complaint, and, on that basis, denies the allegations.

3.      HDL lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 3 of the First Amended Complaint, and, on that basis, denies the allegations.

4.      HDL lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 4 of the First Amended Complaint, and, on that basis, denies the allegations.

5.      HDL lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 5 of the First Amended Complaint, and, on that basis, denies the allegations.

6.      HDL lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 6 of the First Amended Complaint, and, on that basis, denies the allegations.

7.      HDL lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 7 of the First Amended Complaint, and, on that basis, denies the allegations.

8.    HDL lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of the First Amended Complaint, and, on that basis, denies the allegations.

9.    HDL lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 9 of the First Amended Complaint, and, on that basis, denies the allegations.

10.    HDL lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 10 of the First Amended Complaint, and, on that basis, denies the allegations.

11.    HDL lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 11 of the First Amended Complaint, and, on that basis, denies the allegations.

12.    HDL lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 12 of the First Amended Complaint, and, on that basis, denies the allegations.

13.    HDL lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 13 of the First Amended Complaint, and, on that basis, denies the allegations.

14.    HDL lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 14 of the First Amended Complaint, and, on that basis, denies the allegations.

15.     HDL lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 15 of the First Amended Complaint, and, on that basis, denies the allegations.

16.     HDL lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 16 of the First Amended Complaint, and, on that basis, denies the allegations.

17.     HDL lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 17 of the First Amended Complaint, and, on that basis, denies the allegations.

18.     HDL lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 18 of the First Amended Complaint, and, on that basis, denies the allegations.

19.     HDL lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 19 of the First Amended Complaint, and, on that basis, denies the allegations.

20.     HDL lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 20 of the First Amended Complaint, and, on that basis, denies the allegations.

21.     HDL lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 21 of the First Amended Complaint, and, on that basis, denies the allegations.

22.     HDL lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 22 of the First Amended Complaint, and, on that basis, denies the allegations.

23.     HDL lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 23 of the First Amended Complaint, and, on that basis, denies the allegations.

24.     HDL lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 24 of the First Amended Complaint, and, on that basis, denies the allegations.

25.     HDL lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 25 of the First Amended Complaint, and, on that basis, denies the allegations.

26.     HDL admits on information and belief that defendant Hitachi Ltd. is a corporation organized under the laws of Japan, having a principal place of business in Tokyo, Japan.

27.     HDL admits that it is corporation organized under the laws of Japan, having a principal place of business in Tokyo, Japan.

28.     HDL admits on information and belief that defendant Hitachi Display Devices Ltd. is a corporation organized under the laws of Japan, having a principal place of business in Mobara-shi, Japan.

29.     HDL admits on information and belief that defendant Hitachi Electronic Devices (USA), Inc. is a corporation organized under the laws of Delaware, having a principal place of business in Greenville, South Carolina.

30.    HDL lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 30 of the First Amended Complaint, and, on that basis, denies the allegations.

31.    HDL lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 31 of the First Amended Complaint, and, on that basis, denies the allegations.

32.    HDL lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 32 of the First Amended Complaint, and, on that basis, denies the allegations.

33.    HDL lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 33 of the First Amended Complaint, and, on that basis, denies the allegations.

34.    HDL lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 34 of the First Amended Complaint, and, on that basis, denies the allegations.

35.    HDL lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 35 of the First Amended Complaint, and, on that basis, denies the allegations.

36.    HDL lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 36 of the First Amended Complaint, and, on that basis, denies the allegations.

37.    HDL lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 37 of the First Amended Complaint, and, on that basis, denies the allegations.

38.    HDL lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 38 of the First Amended Complaint, and, on that basis, denies the allegations.

39.    HDL lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 39 of the First Amended Complaint, and, on that basis, denies the allegations.

40.    HDL lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 40 of the First Amended Complaint, and, on that basis, denies the allegations.

41.    HDL lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 41 of the First Amended Complaint, and, on that basis, denies the allegations.

42.    HDL lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 42 of the First Amended Complaint, and, on that basis, denies the allegations.

43.    HDL lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 43 of the First Amended Complaint, and, on that basis, denies the allegations.

44.    HDL lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 44 of the First Amended Complaint, and, on that basis, denies the allegations.

45.    HDL lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 45 of the First Amended Complaint, and, on that basis, denies the allegations.

46.    HDL lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 46 of the First Amended Complaint, and, on that basis, denies the allegations.

47.    HDL lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 47 of the First Amended Complaint, and, on that basis, denies the allegations.

48.    HDL lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 48 of the First Amended Complaint, and, on that basis, denies the allegations.

49.    HDL lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 49 of the First Amended Complaint, and, on that basis, denies the allegations.

50.    HDL lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 50 of the First Amended Complaint, and, on that basis, denies the allegations.

51.     HDL lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 51 of the First Amended Complaint, and, on that basis, denies the allegations.

52.     HDL lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 52 of the First Amended Complaint, and, on that basis, denies the allegations.

53.     HDL lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 53 of the First Amended Complaint, and, on that basis, denies the allegations.

54.     HDL lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 54 of the First Amended Complaint, and, on that basis, denies the allegations.

55.     HDL lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 55 of the First Amended Complaint, and, on that basis, denies the allegations.

56.     HDL lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 56 of the First Amended Complaint, and, on that basis, denies the allegations.

57.     HDL lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 57 of the First Amended Complaint, and, on that basis, denies the allegations.

58.     HDL lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 58 of the First Amended Complaint, and, on that basis, denies the allegations.

59.     HDL lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 59 of the First Amended Complaint, and, on that basis, denies the allegations.

60.     HDL lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 60 of the First Amended Complaint, and, on that basis, denies the allegations.

61.     HDL admits that this Court has subject matter jurisdiction pursuant to Title 28, United States Code § 1338(a).

62.     HDL denies the allegations of paragraph 62, except admits that this Court has personal jurisdiction over HDL for purposes of this action only.

63.     HDL admits that venue is proper.

64.     HDL denies the allegations of paragraph 64.

65.     HDL denies the allegations of paragraph 65, except admits that United States Patent No. 5,280,371 ("the '371 Patent") was purportedly issued on January 18, 1994 and that a copy of the '371 Patent is attached to the First Amended Complaint as Exhibit 1.

66.     HDL denies the allegations of paragraph 66.

67.     HDL lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 67 of the First Amended Complaint, and, on that basis, denies the allegations.

68.    HDL lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 68 of the First Amended Complaint, and, on that basis, denies the allegations.

69.    HDL lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 69 of the First Amended Complaint, and, on that basis, denies the allegations.

70.    HDL lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 70 of the First Amended Complaint, and, on that basis, denies the allegations.

71.    HDL lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 71 of the First Amended Complaint, and, on that basis, denies the allegations.

72.    HDL lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 72 of the First Amended Complaint, and, on that basis, denies the allegations.

73.    HDL lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 73 of the First Amended Complaint, and, on that basis, denies the allegations.

74.    HDL lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 74 of the First Amended Complaint, and, on that basis, denies the allegations.

75.     HDL lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 75 of the First Amended Complaint, and, on that basis, denies the allegations.

76.     HDL lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 76 of the First Amended Complaint, and, on that basis, denies the allegations.

77.     HDL lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 77 of the First Amended Complaint, and, on that basis, denies the allegations.

78.     HDL lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 78 of the First Amended Complaint, and, on that basis, denies the allegations.

79.     HDL lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 79 of the First Amended Complaint, and, on that basis, denies the allegations.

80.     HDL lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 80 of the First Amended Complaint, and, on that basis, denies the allegations.

81.     HDL denies the allegations of paragraph 81, except admits that it is engaged in the manufacture, offer for sale, and/or sale of liquid crystal display modules.

82.     HDL lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 82 of the First Amended Complaint, and, on that basis, denies the allegations.

83.    HDL lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 83 of the First Amended Complaint, and, on that basis, denies the allegations.

84.    HDL lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 84 of the First Amended Complaint, and, on that basis, denies the allegations.

85.    HDL lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 85 of the First Amended Complaint, and, on that basis, denies the allegations.

86.    HDL lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 86 of the First Amended Complaint, and, on that basis, denies the allegations.

87.    HDL lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 87 of the First Amended Complaint, and, on that basis, denies the allegations.

88.    HDL lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 88 of the First Amended Complaint, and, on that basis, denies the allegations.

89.    HDL lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 89 of the First Amended Complaint, and, on that basis, denies the allegations.

90.    HDL lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 90 of the First Amended Complaint, and, on that basis, denies the allegations.

91.    HDL lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 91 of the First Amended Complaint, and, on that basis, denies the allegations.

92.    HDL lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 92 of the First Amended Complaint, and, on that basis, denies the allegations.

93.    HDL lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 93 of the First Amended Complaint, and, on that basis, denies the allegations.

94.    HDL lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 94 of the First Amended Complaint, and, on that basis, denies the allegations.

95.    HDL lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 95 of the First Amended Complaint, and, on that basis, denies the allegations.

96.    HDL lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 96 of the First Amended Complaint, and, on that basis, denies the allegations.

97.    HDL lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 97 of the First Amended Complaint, and, on that basis, denies the allegations.

98.    HDL lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 98 of the First Amended Complaint, and, on that basis, denies the allegations.

99.    HDL lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 99 of the First Amended Complaint, and, on that basis, denies the allegations.

100.    HDL denies the allegations contained in paragraph 100.

101.    HDL denies the allegations contained in paragraph 101.

## DEFENSES

In further responding to Honeywell's claims contained in the First Amended Complaint, HDL asserts the following defenses:

### First Defense (Failure to State a Claim)

102.    Honeywell has failed to state a claim upon which relief can be granted.

### Second Defense (Non-Infringement)

103.    HDL does not infringe, induce infringement, or contribute to the infringement of the '371 Patent, either literally or by the doctrine of equivalents, and at all times relevant to this Action, HDL has not infringed, induced infringement, or contributed to the infringement of the '371 Patent, either literally or by the doctrine of equivalents.

-15-

Third Defense (Invalidity)

104.    The '371 Patent is invalid due to the failure of the specification and/or claims of the '371 Patent to comply with the statutory requirements of one or more of the provisions of Title 35 of the United States Code, including Sections 102, 103, and 112.

Fourth Defense (Laches and/or Estoppel)

105.    Honeywell's claims are barred by the doctrine of laches and/or the doctrine of estoppel.

Fifth Defense (Failure to Mark)

106.    Upon information and belief, Honeywell and/or its licensees failed to comply with the marking and/or notice requirements set forth in 35 U.S.C. § 287. Honeywell is therefore barred from recovering any damages for any period prior to the filing of the Complaint.

Sixth Defense (Inequitable Conduct)

107.    An article by H. Noda et al. entitled "High Definition Liquid Crystal Projection TV" (Japan Display, 1989, pp. 256-259) (the "Noda Article") was not disclosed to the U.S. Patent and Trademark Office ("PTO") during prosecution of the application that issued as the '371 Patent.

108.    Upon information and belief, the Applicants were aware of the Noda Article during prosecution.  Two of the named inventors of the '371 Patent, Richard I. McCartney, Jr. and Daniel D. Syroid, authored another article, entitled "Directional Diffuser Lens Array for Backlit LCDs" (JAPAN DISPLAY '92, pp. 259-262, presented on October 13, 1993) (the "McCartney Article"), which cites the Noda

Article.  Additionally, the third named inventor of the '371 Patent, Karen E. Jachimowicz, is acknowledged by the authors of the McCartney Article "for her many contributions to this effort early on including a key solution to moire pattern problems."

109.    The Noda Article is material prior art to the patentability of the claims of the '371 Patent, for at least the reasons that the Noda Article addresses viewing angles and moire effects in liquid crystal displays, both of which are identified as key considerations in the alleged invention of the '371 Patent.

110.    Upon information and belief, the Applicants knowingly and willfully withheld the Noda Article from the PTO, with the intent to deceive the PTO, during prosecution of the patent application that issued as the '371 Patent.  Consequently, the Noda Article was not considered during prosecution of the application that issued as the '371 Patent.

111.    Upon information and belief, the Applicants' intentional withholding of the Noda Article resulted in the issuance of the '371 Patent.

## PRAYER FOR RELIEF

WHEREFORE, HDL respectfully requests that this Court enter a judgment on the First Amended Complaint granting the relief set forth below:

a)      a dismissal with prejudice of Plaintiffs' First Amended Complaint as against HDL;

b)      a denial of all relief sought by Plaintiffs as against HDL, and that Plaintiffs take nothing;

c)      judgment in favor of HDL and against Plaintiffs;

d)      adjudging this an exceptional case under 35 U.S.C. § 285 and awarding HDL its reasonable attorneys' fees; and

e)      such other relief as this Court may deem just and proper.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Robert C. Scheinfeld
Neil P. Sirota
Robert L. Maier
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, New York  10112
(212) 408-2500

Dated:  February 24, 2006

721136

By:   /s/ David E. Moore
      Richard L. Horwitz (#2246)
      David E. Moore (#3983)
      Hercules Plaza, 6th Floor
      1313 N. Market Street
      Wilmington, Delaware   19899-0951
      (302) 984-6000
      rhorwitz@potteranderson.com
      dmoore@potteranderson.com

*Attorneys for Defendant*
*Hitachi Displays, Ltd.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on February 24, 2006, the foregoing

document was served via hand delivery and was electronically filed with the Clerk of the

Court using CM/ECF which will send notification of such filing(s) to the following and

the document is available for viewing and downloading from CM/ECF:

| | |
|---|---|
| Philip A. Rovner<br>Potter Anderson & Corroon LLP<br>1313 N. Market Street<br>Hercules Plaza, 6th Floor<br>Wilmington, DE 19899<br>provner@potteranderson.com | William J. Wade<br>Richards, Layton & Finger<br>One Rodney Square<br>P.O. Box 551<br>Wilmington, DE 19899-0551<br>wade@rlf.com |
| John W. Shaw<br>Karen Keller<br>Young, Conaway, Stargatt & Taylor, LLP<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>P.O. Box 391<br>Wilmington, DE 19899-0391<br>jshaw@ycst.com<br>kkeller@ycst.com | Frederick L. Cottrell, III<br>Chad Michael Shandler<br>Richards, Layton & Finger<br>One Rodney Square<br>P.O. Box 551<br>Wilmington, DE 19899-0551<br>Cottrell@rlf.com<br>shandler@rlf.com |
| Adam W. Poff<br>Young, Conaway, Stargatt & Taylor, LLP<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>P.O. Box 391<br>Wilmington, DE 19899-0391<br>apoff@ycst.com | Thomas L. Halkowski<br>Fish & Richardson P.C.<br>919 N. Market St., Suite 1100<br>P.O. Box 1114<br>Wilmington, DE 19899-1114<br>halkowski@fr.com |

Thomas C. Grimm
Kristen Healey
Sean T. O'Kelly
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
tgrimm@mnat.com
sokelly@mnat.com
khealey@mnat.com

Amy Evans
Cross & Simon, LLC
913 N. Market Street, Suite 1001
P.O. Box 1380
Wilmington, DE  19899-1380
aevans@crosslaw.com

Karen L. Pascale
Young Conaway Stargatt & Taylor LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899
kpascale@ycst.com

William J. Marsden, Jr.
Fish & Richardson, P.C.
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE  19899-1114
marsden@fr.com

Paul A. Bradley
Thomas D. Walsh
McCarter & English, LLP
919 N. Market Street, Suite 1800
Wilmington, DE  19899
pbradley@mccarter.com
twalsh@mccarter.com

Francis DiGiovanni
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE  19899
fdigiovanni@cblh.com

Robert J. Katzenstein, Esq.
Joelle E. Polesky, Esq.
Smith, Katzenstein, & Furlow
800 Delaware Avenue, 7th Fl.
P.O. Box 410
Wilmington, DE  19899
rkatzenstein@skfdelaware.com
jpolesky@skfdelaware.com

Arthur G. Connolly, III
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE  19899
ac3@cblhlaw.com

Steven J. Balick
John G. Day
Ashby & Geddes
222 Delaware Avenue
17th Floor
Wilmington, DE 19899
sbalick@ashby-geddes.com
jday@ashby-geddes.com

Leslie A. Polizoti
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
lpolizoti@mnat.com

Gerard M. O'Rourke
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE  19899
gorourke@cblh.com


By:  _/s/ David E. Moore_____
     Richard L. Horwitz
     David E. Moore
     Potter Anderson & Corroon LLP
     Hercules Plaza, 6th Floor
     1313 N. Market Street
     P.O. Box 951
     Wilmington, DE  19899-0951
     (302) 984-6000
     rhorwitz@potteranderson.com
     dmoore@potteranderson.com

709365