## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HONEYWELL INTERNATIONAL INC. and HONEYWELL INTELLECTUAL PROPERTIES INC., | ) ) ) )  CONSOLIDATED CASES |
| Plaintiffs, | ) ) |
| | )  Civil Action No. 04-1338 (KAJ) |
| v. | ) ) |
| | )  DEFENDANT AU OPTRONICS' |
| APPLE COMPUTER, INC., et. al. | )  ANSWER AND AFFIRMATIVE )  DEFENSES TO COMPLAINT |
| | ) |
| Defendants. | )  DEMAND FOR JURY TRIAL |

## DEFENDANTS AU OPTRONICS CORPORATION'S AND AU OPTRONICS CORPORATION AMERICA'S ANSWER AND AFFIRMATIVE DEFENSES TO THE AMENDED COMPLAINT

Defendants AU Optronics Corporation and AU Optronics Corporation America (collectively "AUO"), by and through its undersigned attorneys, hereby respond to the First Amended Complaint filed by Plaintiffs Honeywell International, Inc. and Honeywell Intellectual Properties, Inc. (hereinafter "Plaintiffs" or "Honeywell"), with the following Answer and Affirmative Defenses. Except to the extent expressly and specifically admitted herein, AUO denies each and every allegation contained in the complaint.

### I. ANSWER

Answering each of the corresponding numbered paragraphs of the First Amended Complaint, AUO answers and responds to the allegations therein, based on the current information and belief, as follows:

## NATURE OF THE ACTION

1.      AUO only admits that the Complaint purports to state a civil cause of action for infringement of a United States Patent and alleges willfulness. AUO denies the remaining allegations of this paragraph.

## THE PARTIES

2.      Denied, on the basis that AUO is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2.

3.      Denied, on the basis that AUO is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3.

4.      Denied, on the basis that AUO is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4.

5.      Denied, on the basis that AUO is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5.

6.      Denied, on the basis that AUO is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6.

7.      Denied, on the basis that AUO is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7.

8.      Admitted.

9.      Admitted.

10.      Denied, on the basis that AUO is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10.

11.      Denied, on the basis that AUO is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11.

12.     Denied, on the basis that AUO is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12.

13.     Denied, on the basis that AUO is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13.

14.     Denied, on the basis that AUO is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14.

15.     Denied, on the basis that AUO is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15.

16.     Denied, on the basis that AUO is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16.

17.     Denied, on the basis that AUO is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17.

18.     Denied, on the basis that AUO is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18.

19.     Denied, on the basis that AUO is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19.

20.     Denied, on the basis that AUO is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20.

21.     Denied, on the basis that AUO is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21.

22.     Denied, on the basis that AUO is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22.

23.      Denied, on the basis that AUO is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23.

24.      Denied, on the basis that AUO is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24.

25.      Denied, on the basis that AUO is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25.

26.      Denied, on the basis that AUO is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26.

27.      Denied, on the basis that AUO is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27.

28.      Denied, on the basis that AUO is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28.

29.      Denied, on the basis that AUO is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29.

30.      Denied, on the basis that AUO is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30.

31.      Denied, on the basis that AUO is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31.

32.      Denied, on the basis that AUO is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32.

33.      Denied, on the basis that AUO is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33.

34.     Denied, on the basis that AUO is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34.

35.     Denied, on the basis that AUO is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35.

36.     Denied, on the basis that AUO is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36.

37.     Denied, on the basis that AUO is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37.

38.     Denied, on the basis that AUO is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38.

39.     Denied, on the basis that AUO is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39.

40.     Denied, on the basis that AUO is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40.

41.     Denied, on the basis that AUO is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41.

42.     Denied, on the basis that AUO is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42.

43      Denied, on the basis that AUO is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43.

44.     Denied, on the basis that AUO is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44.

45.    Denied, on the basis that AUO is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45.

46.    Denied, on the basis that AUO is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46.

47.    Denied, on the basis that AUO is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47.

48.    Denied, on the basis that AUO is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48.

49.    Denied, on the basis that AUO is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49.

50.    Denied, on the basis that AUO is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50.

51.    Denied, on the basis that AUO is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51.

52.    Denied, on the basis that AUO is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52.

53.    Denied, on the basis that AUO is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53.

54.    Denied, on the basis that AUO is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54.

55.    Denied, on the basis that AUO is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55.

56.    Denied, on the basis that AUO is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56.

57.    Denied, on the basis that AUO is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57.

58.    Denied, on the basis that AUO is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58.

59.    Denied, on the basis that AUO is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59.

60.    Denied, on the basis that AUO is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60.

## JURISDICTION AND VENUE

61.    AUO only admits that this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1338(a).

62.    Paragraph 62 states a legal conclusion to which no response is required.  To the extent a response is nonetheless required, AUO denies that sufficient contacts exist to assert personal jurisdiction over it and denies that it has infringed, contributed to the infringement of or induced the infringement of any valid claim of the patent in suit.  AUO denies the remaining allegations, if any, contained in paragraph 62 to the extent such allegations are directed to AUO. For any allegations contained in paragraph 62, which are directed to defendants other than AUO, AUO denies these allegations on the basis that AUO lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

7

63.    Denied, on the basis that AUO lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63.

## BACKGROUND OF THE ACTION

64.    Denied, on the basis that AUO lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64.

65.    AUO admits only that a document is attached to the Complaint as Exhibit 1 which purports to be a copy of United States Patent No. 5,280,371 (the "371 patent"). Except as admitted, AUO lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65, and on that basis denies these allegations.

66.    Denied, on the basis that AUO lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66.

## ACTS GIVING RISE TO THE ACTION

67.    Denied, on the basis that AUO is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67.

68.    Denied, on the basis that AUO is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68.

69.    Denied, on the basis that AUO is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69.

70.    Denied, on the basis that AUO is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70.

71.    Denied.

72.    Denied, on the basis that AUO is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72.

73.    Denied, on the basis that AUO is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73.

74.    Denied, on the basis that AUO is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74.

75.    Denied, on the basis that AUO is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75.

76.    Denied, on the basis that AUO is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76.

77.    Denied, on the basis that AUO is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77.

78.    Denied, on the basis that AUO is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78.

79.    Denied, on the basis that AUO is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79.

80.    Denied, on the basis that AUO is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80.

81.    Denied, on the basis that AUO is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81.

82.    Denied, on the basis that AUO is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82.

83.    Denied, on the basis that AUO is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83.

84.    Denied, on the basis that AUO is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84.

85.    Denied, on the basis that AUO is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85.

86.    Denied, on the basis that AUO is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86.

87.    Denied, on the basis that AUO is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87.

88.    Denied, on the basis that AUO is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88.

89.    Denied, on the basis that AUO is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 89.

90.    Denied, on the basis that AUO is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 90.

91.    Denied, on the basis that AUO is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91.

92.    Denied, on the basis that AUO is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92.

93.    Denied, on the basis that AUO is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93.

94.    Denied, on the basis that AUO is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94.

95.    Denied, on the basis that AUO is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 95.

96.    Denied, on the basis that AUO is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 96.

97.    Denied, on the basis that AUO is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 97.

98.    Denied, on the basis that AUO is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 98.

99.    Denied, on the basis that AUO is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 99.

100.    AUO denies the allegations of paragraph 100, to the extent that they may relate to AUO. AUO denies that it has directly infringed, contributed to the infringement of, or induced the infringement of the '371 patent. AUO lacks knowledge and information sufficient to form a belief as to the truth of the allegations against any other defendants, and on that basis denies those allegations.

101.    AUO denies the allegations of paragraph 101, to the extent they may relate to AUO. AUO denies that it has directly infringed, willfully infringed, contributed to the infringement of, or induced the infringement of the '371 patent. AUO lacks knowledge or information sufficient to form a belief as to the truth of the allegations against any other defendants, and on that basis denies those allegations.

## II.  RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

102.    AUO denies that Plaintiffs are entitled to any relief whatsoever against AUO in this action, either as prayed for in their Complaint or otherwise.  AUO is without knowledge or information sufficient to form a belief as to the truth of the allegations against any other defendants, and on that basis denies those allegations.

## III.  AFFIRMATIVE DEFENSES

AUO, on behalf of itself only, asserts the following as affirmative defenses to Plaintiff's Complaint:

103.    Upon information and belief, each asserted claim of the '371 patent is invalid for failure to comply with one or more of the requirements of United States Code, Title 35, §§ 101 et seq, including at least §§ 102, 103, and /or 112, and the rules, regulations, and law pertaining thereto.

104.    Upon information and belief, AUO has not infringed any valid claim of the '371 patent, either directly, indirectly, literally, or under the doctrine of equivalents.

105.    Upon information and belief, AUO has not induced infringement of any valid claim of the '371 patent by any other party, either directly, indirectly, literally, or under the doctrine of equivalents.

106.    Upon information and belief, AUO has not contributed to the infringement of any valid claim of the '371 patent by any other party, either directly, indirectly, literally, or under the doctrine of equivalents.

107.    Upon information and belief, Plaintiffs' claims are barred, in whole or in part, because of the doctrines of patent exhaustion, release, and/or license.

12

108.     Upon information and belief, Plaintiffs' claims are barred, in whole or in part, because of the doctrines of acquiescence, laches, estoppel, and/or waiver.

109.     Upon information and belief, Plaintiff and/or its licensees failed to follow the marking and/or notice requirements set forth in 35 U.S.C. § 287 and that Plaintiff is therefore precluded from recovering any damages for any period before the filing of the Complaint.

110.     Upon information and belief, Plaintiffs' claims are barred, in whole or in part, because of the doctrine of prosecution history laches.

## PRAYER FOR RELIEF

Wherefore, Defendant AUO prays for relief as follows:

A.     An order dismissing all counts of the Complaint with prejudice and denying all relief sought by the Plaintiff;

B.     A judgment that each claim of the '371 patent is invalid.

C.     A judgment that AUO has not and does not infringe any claim of the '371 patent.

D.     A judgment that AUO had not induced any third party to infringe any claim of the '371 patent.

E.     An award to AUO of its costs and reasonable attorneys' fees; and

F.     An award to AUO of such other and further relief as this Court may deem appropriate.

Respectfully submitted,

CONNOLLY BOVE LODGE & HUTZ LLP


By: /s/ Gerard M. O'Rourke
     Gerard M. O'Rourke (I.D. No. 3265)
     1007 North Orange Street
     P.O. Box 2207
     Wilmington, DE 19899
     (302) 888-6208
     Attorneys for Defendants
     AU OPTRONICS CORPORATION
     AU OPTRONICS CORPORATION AMERICA

## CERTIFICATE OF SERVICE

I, hereby certify that on March 3, 2006, a true and correct copy of the foregoing document entitled **DEFENDANT AU OPTRONICS CORPORATION'S AND AU OPTRONICS CORPORATION AMERICA'S ANSWER AND AFFIRMATIVE DEFENSES TO THE AMENDED COMPLAINT; DEMAND FOR JURY TRIAL** was served via electronic mail and was electronically filed with the Clerk of the Court using CM-ECF which will send notification of such filing to the following:

| | |
|---|---|
| Thomas C. Grimm, Esq.<br>Leslie A. Polizoti, Esq.<br>Morris, Nichols, Arsht & Tunnell<br>Chase Manhattan Centre, 18th Floor<br>1201 North Market Street<br>Wilmington, DE 19801<br>302-658-9200<br>*Attorneys for Plaintiffs Honeywell Int'l Inc. and*<br>*Honeywell Intellectual Properties, Inc.*<br>lpolizoti@mnat.com<br>tgrimm@mnat.com | Thomas Lee Halkowski<br>John T. Johnson<br>Fish & Richardson, P.C.<br>919 N. Market Street, Suite 1100<br>P.O. Box 1114<br>Wilmington, DE 19899<br>302-652-5070<br>*Attorneys for Defendant Apple Computer Inc.;*<br>*Casio Computer Co., LTD.; Casio Inc.;*<br>halkowski@fr.com<br>jjohnson@fr.com |
| John Shaw, Esq.<br>Karen Keller<br>Young, Conaway, Stargatt & Taylor, LLP<br>The Brandywine Building, 17th Floor<br>1000 West Street<br>Wilmington, DE 19801<br>302-571-6600<br>*Attorney for Defendant Olympus Corp.; Olympus*<br>*America Inc.; Sony Corp.; Sony Corp. of America*<br>jshaw@ycst.com<br>kkeller@ycst.com | Richard L. Horwitz, Esq.<br>Potter Anderson & Corroon LLP<br>Hercules Plaza, 6th Floor<br>1313 North Market Street<br>Wilmington, DE 19801<br>302-984-6000<br>*Attorney for Defendant Concord Camera; Dell*<br>*Inc.; Fujitsu Limited; Fujitsu America Inc.;*<br>*Fujitsu Computer Products of America Inc.;*<br>*Hatachi Displays Ltd.; Hitachi Ltd.; Toshiba*<br>*Corp.; Toshiba America Inc.; Philips*<br>*Electronics North America Corp.; Wintek*<br>*Electro-Optics Corp.*<br>rhorwitz@potteranderson.com |

| | |
|---|---|
| Adam Wyatt Poff, Esq.<br>Young, Conaway, Stargatt & Taylor, LLP<br>The Brandywine Building, 17th Floor<br>1000 West Street<br>Wilmington, DE 19801<br>302-571-6600<br>*Attorney for Defendant Pentax Corp.; Pentax*<br>*U.S.A. Inc.*<br>apoff@ycst.com | William J. Wade, Esq.<br>Richards, Layton & Finger, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE 19801<br>302-651-7718<br>*Attorney for Defendant Matsushita Electrical*<br>*Industrial Co.; Matsushita Electrical Corp. of*<br>*America*<br>wade@rlf.com |
| Philip A. Rovner, Esq.<br>Potter Anderson & Corroon, LLP<br>Hercules Plaza, 6th Floor<br>1313 North Market Street<br>Wilmington, DE 19801<br>302-984-6000<br>*Attorney for Defendant Fuji Photo Film Co. Ltd.;*<br>*Fuji Photo Film U.S.A. Inc.*<br>provner@potteranderson.com | Frederick L. Cottrell, III, Esq.<br>Chad M. Shandler, Esq.<br>Richards Layton & Finger<br>One Rodney Square<br>P.O. Box 551<br>Wilmington, DE 19899<br>302-658-6541<br>*Attorney for Eastman Kodak Comp.*<br>cottrell@rlf.com<br>shandler@rlf.com |
| Amy E. Evans, Esq.<br>Cross & Simon LLC<br>913 North Market Street<br>Suite 1001<br>Wilmington, DE 19899-1380<br>302-777-4200<br>*Attorney for Argus a/k/a Hartford Computer*<br>*Group Inc.*<br>aevans@crosslaw.com | Arthur G. Connolly, III<br>Connolly, Bove, Lodge & Hutz LLP<br>The Nemours Building – 8th Floor<br>1007 North Orange Street<br>Wilmington, DE 19899<br>302-658-9141<br>*Attorney for Defendant Navman NZ Ltd.;*<br>*Navman U.S.A. Inc.*<br>aconnollyIII@cblh.com |
| David Ellis Moore<br>Potter Anderson & Corroon LLP<br>1313 N. Market St. Hercules Plaza, 6th Fl.<br>P.O. Box 951<br>Wilmington, DE 19899<br>302-984-6000<br>*Attorney for Defendant Toshiba Corp.; Philips*<br>*Electronics North America Corp.; Samsung SDI*<br>*America Inc.; Samsung SKI Co. Ltd.; Samsung*<br>*SDI Co. Ltd.; Hannstar Display Corp.; Hitachi*<br>*Display Devices, Ltd.; Hitachi Ltd.*<br>dmoore@potteranderson.com | Karen L. Pascale, Esq.<br>Young Conaway Stargatt & Taylor LLP<br>The Brandywine Bldg. 17th Fl.<br>1000 West Street<br>Wilmington DE 19801<br>302-571-6600<br>*Attorney for Defendant Optrex America Inc.*<br>kpascale@ycst.com |

| | |
|---|---|
| Robert K. Beste, III<br>Robert J. Katzenstein<br>Smith Katzenstein & Furlow<br>800 Delaware Ave.<br>P.O. Box 410<br>Wilmington, DE 19899<br>302-652-8400<br>*Attorney for Defendant Kyocera Wireless Corp.;*<br>*Seiko Epson Corp.*<br>rkb@skfdelaware.com<br>rjk@skfdelaware.com | Francis DiGiovanni<br>Connolly Bove Lodge & Hutz LLP<br>The Nemours Bldg.<br>1007 N. Orange Street<br>Wilmington, DE 19899<br>302-658-9141<br>*Attorney for Defendant Sony Ericsson Mobile*<br>*Communications (USA) Inc.; Sony Ericsson*<br>*Mobile Communications AB*<br>fdigiovanni@cblh.com |
| Arthur I. Neustadt, Esq.<br>Carl E. Schlier<br>Oblon, Spivak, McClelland, Maier<br> & Neustadt,  P.C.<br>1940 Duke Street<br>Alexandria, VA 22314<br>*Attorney for Defendant Toshiba Corp.; Toshiba*<br>*America Inc.*<br>aneustadt@oblon.com<br>cschlier@oblon.com | Roderick B. Williams, Esq.<br>Avelyn M. Ross, Esq.<br>Vinson & Elkins<br>The Terrace 7<br>2801 Via Fortuna, Suite 100<br>Austin TX 78746-7568<br>*Attorney for Defendant Dell Inc.*<br>aross@velaw.com<br>rickwilliams@velaw.com |
| Christopher E. Chalsen, Esq.<br>Parker H. Bagley, Esq.<br>Christopher J. Gaspar, Esq.<br>Milbank, Tweed, Hadley & McCloy LLP<br>1 Chase Manhattan Plaza<br>New York, N.Y. 10005-1413<br>*Attorney for Defendant Fujitsu America Inc.;*<br>*Fujitsu Computer Products of America Inc.*<br>cchalsen@milbank.com<br>cgaspar@milbank.com<br>pbagley@milbank.com | Steve J. Rizzi, Esq.<br>Weil, Gotshal & Manges<br>767 Fifth Avenue<br>New York, N.Y. 10153<br>*Attorney for Defendant Matsushita Electrical*<br>*Industrial Co.; Matsushita Electrical Corp. of*<br>*America*<br>Steven.rizzi@weil.com |

| | |
|---|---|
| Alan M. Grimaldi, Esq.<br>Nelson M. Kee, Esq.<br>Thomas M. Dunham, Esq.<br>Howrey LLP<br>1299 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20004-2402<br>202-783-0800<br>*Attorney for Defendant Philips Electronics North*<br>*America Corp.*<br>grimaldia@howrey.com<br>keen@howrey.com<br>dunhamt@howrey.com | Elizabeth A. Niemeyer, Esq.<br>Edward R. Yoches, Esq.<br>John R. Alison, Esq.<br>York M. Faulkner, Esq.<br>Finnegan, Henderson, Farabow, Garrett &<br>Dunner, L.L.P.<br>901 New York Avenue, NW<br>Washington, D.C. 20001<br>202-408-4000<br>*Attorneys for Defendant*<br>*Wintek Electro-Optics Corp.*<br>Bob.yoches@finnegan.com<br>Elizabeth.niemeyer@finnegan.com<br>John.alison@finnegan.com<br>York.faulkner@finnegan.com |
| Alexander E. Gasser, Esq.<br>Oblon, Spivak, McClelland,<br>    Maier & Neustadt, P.C.<br>1940 Duke Street<br>Alexandria, Virginia 22314<br>(Independent City)<br>703-413-3000<br>*Attorney for Defendant Optrex America Inc.*<br>agasser@oblon.com<br>aollis@oblon.com<br>rkelly@oblon.com | Robert J. Benson<br>Hogan & Hartson L.L.P.<br>500 S. Grand Avenue<br>Los Angeles, CA 90071<br>rjbenson@hhlaw.com<br>*Attorney for Seiko Epson Corp.* |
| John Caracappa<br>Akin Gump Strauss Hauer & Feld LLP<br>Robert S. Strauss Building<br>1333 New Hampshire Avenue, N.W.<br>Washington, DC 20036-1564<br>202.887.4000<br>jcaracappa@akingump.com | Neil P. Sirota<br>Baker Botts L.L.P.<br>30 Rockefeller Plaza<br>New York, NY 10112-4498<br>Telephone: 212-408-2500<br>Neil.sirota@bakerbotts.com<br>*Attorney for Hitachi Display Devices, Ltd.* |
| Alana A. Prills<br>Carolyn E. Morris<br>Hamilton Loeb<br>Paul Hastings<br>875 15th Street, N.W.<br>Washington, DC 20005<br>United States of America<br>T 1(202) 551-1781<br>*Attorney for Samsung SDI Co. Ltd.*<br>alanaprills@paulhastings.com<br>carolynmorris@paulhastings.com<br>hamiltonloeb@paulhastings.com | Elizabeth L. Brann<br>Stephen S. Korniczky<br>Paul Hastings<br>3579 Valley Centre Drive<br>San Diego, CA 92130<br>United States of America<br>T 1(858) 720-263<br>*Attorney for Samsung SDI Co. Ltd.*<br>elizabethbrann@paulhastings.com<br>stephenkorniczky@paulhastings.com |

| Andrew M. Ollis<br>Richard D. Kelly<br>Oblon, Spivak, McClelland,<br>Maier & Neustadt, P.C.<br>1940 Duke Street<br>Alexandria, VA 22314<br>Telephone: 703-413-3000<br>aollis@oblon.com<br>rkelly@oblon.com<br>*Attorney for Optrex America Inc.* | |

By: _/s/ Gerard M. O'Rourke_____
     Gerard M. O'Rourke (I.D. No. 3265)
     CONNOLLY BOVE LODGE & HUTZ LLP
     1007 North Orange Street
     P.O. Box 2207
     Wilmington, DE 19899
     (302) 888-6208
     Attorneys for Defendant AU Optronics
     Corp. and
     AU Optronics Corporation America

449012_1