# YOUNG CONAWAY STARGATT & TAYLOR, LLP

BRUCE M. STARGATT
BEN T. CASTLE
SHELDON N. SANDLER
RICHARD A. LEVINE
RICHARD A. ZAPPA
FREDERICK W. IOBST
RICHARD H. MORSE
DAVID C. McBRIDE
JOSEPH M. NICHOLSON
CRAIG A. KARSNITZ
BARRY M. WILLOUGHBY
JOSY W. INGERSOLL
ANTHONY G. FLYNN
JEROME K. GROSSMAN
EUGENE A. DiPRINZIO
JAMES L. PATTON, JR.
ROBERT L. THOMAS
WILLIAM D. JOHNSTON
TIMOTHY J. SNYDER
BRUCE L. SILVERSTEIN
WILLIAM W. BOWSER
LARRY J. TARABICOS
RICHARD A. DiLIBERTO, JR.
MELANIE K. SHARP
CASSANDRA F. ROBERTS
RICHARD J.A. POPPER
TERESA A. CHEEK

NEILLI MULLEN WALSH
JANET Z. CHARLTON
ROBERT S. BRADY
JOEL A. WAITE
BRENT C. SHAFFER
DANIEL P. JOHNSON
CRAIG D. GREAR
TIMOTHY JAY HOUSEAL
BRENDAN LINEHAN SHANNON
MARTIN S. LESSNER
PAULINE K. MORGAN
C. BARR FLINN
NATALIE WOLF
LISA B. GOODMAN
JOHN W. SHAW
JAMES P. HUGHES, JR.
EDWIN J. HARRON
MICHAEL R. NESTOR
MAUREEN D. LUKE
ROLIN P. BISSELL
SCOTT A. HOLT
JOHN T. DORSEY
M. BLAKE CLEARY
CHRISTIAN DOUGLAS WRIGHT
DANIELLE GIBBS
JOHN J. PASCHETTO
NORMAN M. POWELL

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(800) 253-2234 (DE ONLY)
FAX: (302) 571-1253

110 WEST PINE STREET
P.O. BOX 594
GEORGETOWN, DELAWARE 19947
(302) 856-3571
(800) 255-2234 (DE ONLY)
FAX: (302) 856-9338

WWW.YOUNGCONAWAY.COM

DIRECT DIAL: (302) 571-5001
DIRECT FAX: (302) 576-3516
kpascale@ycst.com

ATHANASIOS E. AGELAKOPOULOS
LISA A. ARMSTRONG
GREGORY J. BABCOCK
JOSEPH M. BARRY
SEAN M. BEACH
DONALD J. BOWMAN, JR.
TIMOTHY P. CAIRNS
KARA HAMMOND COYLE
MARGARET M. DiBIANCA
MARY F. DUGAN
ERIN EDWARDS
KENNETH J. ENOS
IAN S. FREDERICKS
JAMES J. GALLAGHER
SEAN T. GREECHER
STEPHANIE L. HANSEN
DAWN M. JONES
RICHARD S. JULIE
KAREN E. KELLER
JENNIFER M. KINKUS
EDWARD J. KOSMOWSKI

JOHN C. KUFFEL
TIMOTHY E. LENGKEEK
ANDREW A. LUNDGREN
MATTHEW B. LUNN
JOSEPH A. MALFITANO
ADRIA B. MARTINELLI
MICHAEL W. McDERMOTT
MARIBETH L. MINELLA
EDMON L. MORTON
D. FON MUTTAMARA-WALKER
JENNIFER R. NOEL
JULIE C. PANARO
ADAM W. POFF
SETH J. REIDENBERG
MICHELE SHERRETTA
MONTÉ T. SQUIRE
MICHAEL P. STAFFORD
CHAD S.C. STOVER (SC ONLY)
JOHN E. TRACEY
MARGARET B. WHITEMAN
SHARON M. ZIEG

SPECIAL COUNSEL
JOHN D. McLAUGHLIN, JR.
ELENA C. NORMAN
KAREN L. PASCALE
PATRICIA A. WIDDOSS

SENIOR COUNSEL
CURTIS J. CROWTHER

OF COUNSEL
STUART B. YOUNG
EDWARD B. MAXWELL, 2ND

March 8, 2006

**_By E-Filing and Hand Delivery_**

The Honorable Kent A. Jordan
United States District Court
 for the District of Delaware
844 North King Street
Wilmington, DE 19801

> Re:    *Honeywell Int'l, Inc., et al. v. Audiovox Comm. Corp., et al.,*
>        C.A. No. 04-1337-KAJ
>        *Honeywell Int'l, Inc., et al. v. Apple Computer, Inc., et al.,*
>        C.A. No. 04-1338-KAJ
>        *Optrex America, Inc. v. Honeywell Int'l, Inc., et al.,*
>        C.A. No. 04-1536-KAJ

Dear Judge Jordan:

I am writing on behalf of Optrex America, Inc. ("Optrex") in the above-referenced matters to inform Your Honor of the reasons for the discovery limitations and trial format requested by Optrex in the Proposed Scheduling Order submitted to the Court today.

Turning first to the number of deposition hours to be afforded each side, Honeywell's proposal is inadequate. Honeywell offers to make its witnesses (including the inventors of the patent in suit) available for 100 hours of deposition for common issues, 10 additional hours for each defendant family to inquire into party-specific issues, and 75 hours per side to conduct third party discovery. Optrex proposes that Honeywell make its witnesses available for 150 hours for common issues, 21 additional hours per defendant family for party specific issues, and 112 hours per side for third party discovery. The basis for the Optrex's request for additional deposition hours is set forth briefly below.

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Kent A. Jordan
March 8, 2006
Page 2

The patent in suit was filed in 1992.  In the late 1980s and early 1990s a number of groups in the United States worked on developing LCD backlights that utilized lens arrays like those claimed in the patent in suit.   In addition to one or more groups at Honeywell, groups at Compaq, IBM, 3M, Optical Imaging Systems, NiOptics, and perhaps others were directly or indirectly working to develop such LCD modules.  Since that time, Optrex understands that virtually all of the relevant individuals (perhaps as many as two dozen) who worked in these groups have moved on to other employment.  Consequently, these individuals are scattered far and wide across the country.  Moreover, many of the relevant companies either changed names or were sold to still other companies (e.g., Hewlett-Packard purchased Compaq, Optical Imaging System was purchased by Guardian Industries, etc.).  As a result, many of the supporting documents have changed hands.  This fact will necessitate a separate round of depositions to authenticate the third party records at issue.  For these reasons, the 75 hour time limit on third party depositions proposed by Honeywell is inadequate.

In addition to substantial third party discovery, extensive discovery will be needed from Honeywell.  First, the depositions of the three inventors of the patent in suit and the two prosecuting attorneys will be taken.  Second, depositions will be required to determine which individuals and groups within Honeywell and its predecessors were developing relevant LCD displays in the early 1990s.  Honeywell and its predecessors also apparently worked closely with some of the third parties noted above to develop LCD modules and those relationships will need to be explored.

Depositions of an additional group of Honeywell (or former Honeywell) employees will be necessary to determine whether Honeywell ever practiced the invention, or if the invention was simply unused for the decade prior to the filing of this suit.  This inquiry relates to the fact that any damages due to Honeywell from Optrex would be based on a reasonable royalty resulting from a hypothetical negotiation between Honeywell and Optrex in the mid 1990s.

With respect to the discovery period required in this case, Optrex notes that Honeywell filed its complaint nearly 17 months ago.  All parties, including the manufacturers now being formally added to the case, have long been aware that this case is moving forward and that discovery relating to accused modules will take place.  Given that all parties have been on notice for such a long time, Optrex respectfully suggests that the 14 month discovery period (as proposed by Honeywell and other Manufacturing Defendants) is unnecessary.  The 11 month discovery period proposed by Optrex provides ample time.

Finally, the Optrex proposal for handling trial reflects the reality that a single joint trial of all Manufacturer Defendant families is unmanageable.  Instead, Optrex proposes a lead defendant (Optrex) and a first two-party trial with Optrex and Honeywell on all issues, with 22 hours per side, prior to trial between Honeywell and the remaining Manufacturer Defendants.  Once the Optrex trial has been completed, it is quite likely that issues common to other defendants will not need to be relitigated in later trials.  Thus, the Optrex proposal permits a simple and efficient way for the Court to manage the trial of these consolidated cases.

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Kent A. Jordan
March 8, 2006
Page 3


       Optrex is available at Your Honor's convenience to answer any questions concerning its proposals, and Optrex looks forward to discussing this matter during the Court's scheduling conference on March 13th.


                       Respectfully submitted,

                       Karen L. Pascale  (#2903)
                       [kpascale@ycst.com]


cc:     Clerk of Court (by CMF/ECF E-Filing)
         CM/ECF Counsel of Record (by E-Filing)