## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HONEYWELL INTERNATIONAL INC. and HONEYWELL INTELLECTUAL PROPERTIES INC., | ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 04-1338-KAJ |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| APPLE COMPUTER, INC., *et al*., | ) ) | |
| Defendants. | ) ) | |

## ANSWER AND DEFENSES OF DEFENDANT HANNSTAR DISPLAY CORPORATION TO PLAINTIFFS' *FIRST AMENDED* COMPLAINT

For their Answer to the *First Amended* Complaint of Plaintiffs Honeywell International Inc. and Honeywell Intellectual Properties Inc. ("Plaintiffs"), defendant Hannstar Display Corporation ("Hannstar") hereby demand a trial by jury on all issues so triable, and upon knowledge as to their own acts and upon information and belief as to the acts of others, responds to each of the numbered paragraphs thereof as follows:

### NATURE OF THE ACTION

1.    Hannstar admits that Plaintiffs allege an action for willful infringement. Hannstar denies that it has infringed, willfully or otherwise, any valid and/or enforceable claim of the patent-in-suit.

## THE PARTIES

2.     Hannstar is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the *First Amended* Complaint and, therefore, denies each and every allegation in this paragraph.

3.     Hannstar is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the *First Amended* Complaint and, therefore, denies each and every allegation in this paragraph.

4.     Hannstar is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the *First Amended* Complaint and, therefore, denies each and every allegation in this paragraph.

5.     Hannstar is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the *First Amended* Complaint and, therefore, denies each and every allegation in this paragraph.

6.     Hannstar is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the *First Amended* Complaint and, therefore, denies each and every allegation in this paragraph.

7.     Hannstar is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the *First Amended* Complaint and, therefore, denies each and every allegation in this paragraph.

8.     Hannstar is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the *First Amended* Complaint and, therefore, denies each and every allegation in this paragraph.

9.    Hannstar is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the *First Amended* Complaint and, therefore, denies each and every allegation in this paragraph.

10.    Hannstar is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the *First Amended* Complaint and, therefore, denies each and every allegation in this paragraph.

11.    Hannstar is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the *First Amended* Complaint and, therefore, denies each and every allegation in this paragraph.

12.    Hannstar is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the *First Amended* Complaint and, therefore, denies each and every allegation in this paragraph.

13.    Hannstar is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the *First Amended* Complaint and, therefore, denies each and every allegation in this paragraph.

14.    Hannstar is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the *First Amended* Complaint and, therefore, denies each and every allegation in this paragraph.

15.    Hannstar is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the *First Amended* Complaint and, therefore, denies each and every allegation in this paragraph.

16.     Hannstar is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the *First Amended* Complaint and, therefore, denies each and every allegation in this paragraph.

17.     Hannstar is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the *First Amended* Complaint and, therefore, denies each and every allegation in this paragraph.

18.     Hannstar is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the *First Amended* Complaint and, therefore, denies each and every allegation in this paragraph.

19.     Hannstar is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the *First Amended* Complaint and, therefore, denies each and every allegation in this paragraph.

20.     Hannstar is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the *First Amended* Complaint and, therefore, denies each and every allegation in this paragraph.

21.     Hannstar is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the *First Amended* Complaint and, therefore, denies each and every allegation in this paragraph.

22.     Hannstar is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the *First Amended* Complaint and, therefore, denies each and every allegation in this paragraph.

23.    Hannstar is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the *First Amended* Complaint and, therefore, denies each and every allegation in this paragraph.

24.    Hannstar is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 of the *First Amended* Complaint and, therefore, denies each and every allegation in this paragraph.

25.    Hannstar admits that it is a Taiwanese Corporation but denies that its principal place of business is in Taipei, Taiwan. Instead, HannStar has its principal place of business in Taoyuan, Taiwan.

26.    Hannstar is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 of the *First Amended* Complaint and, therefore, denies each and every allegation in this paragraph.

27.    Hannstar is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 of the *First Amended* Complaint and, therefore, denies each and every allegation in this paragraph.

28.    Hannstar is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 of the *First Amended* Complaint and, therefore, denies each and every allegation in this paragraph.

29.    Hannstar is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 of the *First Amended* Complaint and, therefore, denies each and every allegation in this paragraph.

30.     Hannstar is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 of the *First Amended* Complaint and, therefore, denies each and every allegation in this paragraph.

31.     Hannstar is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 of the *First Amended* Complaint and, therefore, denies each and every allegation in this paragraph.

32.     Hannstar is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 of the *First Amended* Complaint and, therefore, denies each and every allegation in this paragraph.

33.     Hannstar is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 of the *First Amended* Complaint and, therefore, denies each and every allegation in this paragraph.

34.     Hannstar is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 of the *First Amended* Complaint and, therefore, denies each and every allegation in this paragraph.

35.     Hannstar is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 of the *First Amended* Complaint and, therefore, denies each and every allegation in this paragraph.

36.     Hannstar is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 of the *First Amended* Complaint and, therefore, denies each and every allegation in this paragraph.

37.    Hannstar is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 of the *First Amended* Complaint and, therefore, denies each and every allegation in this paragraph.

38.    Hannstar is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38 of the *First Amended* Complaint and, therefore, denies each and every allegation in this paragraph.

39.    Hannstar is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 of the *First Amended* Complaint and, therefore, denies each and every allegation in this paragraph.

40.    Hannstar is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 of the *First Amended* Complaint and, therefore, denies each and every allegation in this paragraph.

41.    Hannstar is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 of the *First Amended* Complaint and, therefore, denies each and every allegation in this paragraph.

42.    Hannstar is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 of the *First Amended* Complaint and, therefore, denies each and every allegation in this paragraph.

43.    Hannstar is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43 of the *First Amended* Complaint and, therefore, denies each and every allegation in this paragraph.

44.    Hannstar is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44 of the *First Amended* Complaint and, therefore, denies each and every allegation in this paragraph.

45.    Hannstar is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45 of the *First Amended* Complaint and, therefore, denies each and every allegation in this paragraph.

46.    Hannstar is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46 of the *First Amended* Complaint and, therefore, denies each and every allegation in this paragraph.

47.    Hannstar is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47 of the *First Amended* Complaint and, therefore, denies each and every allegation in this paragraph.

48.    Hannstar is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48 of the *First Amended* Complaint and, therefore, denies each and every allegation in this paragraph.

49.    Hannstar is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49 of the *First Amended* Complaint and, therefore, denies each and every allegation in this paragraph.

50.    Hannstar is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50 of the *First Amended* Complaint and, therefore, denies each and every allegation in this paragraph.

51.    Hannstar is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51 of the *First Amended* Complaint and, therefore, denies each and every allegation in this paragraph.

52.    Hannstar is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52 of the *First Amended* Complaint and, therefore, denies each and every allegation in this paragraph.

53.    Hannstar is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52 of the *First Amended* Complaint and, therefore, denies each and every allegation in this paragraph.

54.    Hannstar is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54 of the *First Amended* Complaint and, therefore, denies each and every allegation in this paragraph.

55.    Hannstar is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 55 of the *First Amended* Complaint and, therefore, denies each and every allegation in this paragraph.

56.    Hannstar is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 56 of the *First Amended* Complaint and, therefore, denies each and every allegation in this paragraph.

57.    Hannstar is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57 of the *First Amended* Complaint and, therefore, denies each and every allegation in this paragraph.

58.     Hannstar is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58 of the *First Amended* Complaint and, therefore, denies each and every allegation in this paragraph.

59.     Hannstar is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 59 of the *First Amended* Complaint and, therefore, denies each and every allegation in this paragraph.

60.     Hannstar is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 60 of the *First Amended* Complaint and, therefore, denies each and every allegation in this paragraph.

## JURISDICTION AND VENUE

61.     Upon information and belief, Hannstar admits that this Court has subject matter jurisdiction over actions arising under the patent laws of the United States based on 28 U.S.C. § 1338(a). To the extend not expressly admitted, Hannstar denies each and every allegation set forth in paragraph 61 of the *First Amended Complaint*.

62.     Upon information and belief, Hannstar denies that it has committed any acts of patent infringement in this judicial district. Hannstar further denies the remaining allegations of paragraph 62 of the *First Amended* Complaint to the extent such allegations are directed at Hannstar. For allegations directed at defendants other than Hannstar, Hannstar is without sufficient knowledge or information to form a belief as to the truth of the those allegations and therefore denies each and every such allegation.

63.     Upon information and belief, Hannstar admits that venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).

10

## BACKGROUND TO THE ACTION

64. Hannstar is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 64 of the *First Amended* Complaint and, therefore, denies each and every allegation in this paragraph.

65. Hannstar admits that what appears to be a copy of United States Patent No. 5,280,371 patent (the "`371 patent") was attached to the *First Amended* Complaint as Exhibit 1. Hannstar lacks sufficient information to either admit or deny the remaining allegations in this paragraph and therefore denies each and every such allegation.

66. Hannstar is without sufficient information or knowledge to admit or deny the allegations set forth in paragraph 66 of the *First Amended* Complaint and, therefore, denies each and ever such allegation.

## ACTS GIVING RISE TO THE ACTION

67. Hannstar is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 67 of the *First Amended* Complaint and, therefore, denies each and every allegation in this paragraph.

68. Hannstar is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 68 of the *First Amended* Complaint and, therefore, denies each and every allegation in this paragraph.

69. Hannstar is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 69 of the *First Amended* Complaint and, therefore, denies each and every allegation in this paragraph.

70. Hannstar is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 70 of the *First Amended* Complaint and, therefore, denies each and every allegation in this paragraph.

71.    Hannstar is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 71 of the *First Amended* Complaint and, therefore, denies each and every allegation in this paragraph.

72.    Hannstar is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 72 of the *First Amended* Complaint and, therefore, denies each and every allegation in this paragraph.

73.    Hannstar is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 73 of the *First Amended* Complaint and, therefore, denies each and every allegation in this paragraph.

74.    Hannstar is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 74 of the *First Amended* Complaint and, therefore, denies each and every allegation in this paragraph.

75.    Hannstar is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 75 of the *First Amended* Complaint and, therefore, denies each and every allegation in this paragraph.

76.    Hannstar is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 76 of the *First Amended* Complaint and, therefore, denies each and every allegation in this paragraph.

77.    Hannstar is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 77 of the *First Amended* Complaint and, therefore, denies each and every allegation in this paragraph.

78.    Hannstar is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 78 of the *First Amended* Complaint and, therefore, denies each and every allegation in this paragraph.

79.    Hannstar is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 79 of the *First Amended* Complaint and, therefore, denies each and every allegation in this paragraph.

80.    Hannstar admits that it has been and is engaged in the manufacture, importation, offer for sale, and/or sale of liquid crystal display (LCD) modules that are incorporated into products that include at least one of the following: laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, portable televisions, portable entertainment systems, and/or portable navigational aids. Hannstar denies the remaining allegations of paragraph 80.

81.    Hannstar is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 81 of the *First Amended* Complaint and, therefore, denies each and every allegation in this paragraph.

82.    Hannstar is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 82 of the *First Amended* Complaint and, therefore, denies each and every allegation in this paragraph.

83.    Hannstar is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 83 of the *First Amended* Complaint and, therefore, denies each and every allegation in this paragraph.

84.     Hannstar is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 84 of the *First Amended* Complaint and, therefore, denies each and every allegation in this paragraph.

85.     Hannstar is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 85 of the *First Amended* Complaint and, therefore, denies each and every allegation in this paragraph.

86.     Hannstar is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 86 of the *First Amended* Complaint and, therefore, denies each and every allegation in this paragraph.

87.     Hannstar is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 87 of the *First Amended* Complaint and, therefore, denies each and every allegation in this paragraph.

88.     Hannstar is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 88 of the *First Amended* Complaint and, therefore, denies each and every allegation in this paragraph.

89.     Hannstar is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 89 of the *First Amended* Complaint and, therefore, denies each and every allegation in this paragraph.

90.     Hannstar is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 90 of the *First Amended* Complaint and, therefore, denies each and every allegation in this paragraph.

91.    Hannstar is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 91 of the *First Amended* Complaint and, therefore, denies each and every allegation in this paragraph.

92.    Hannstar is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 92 of the *First Amended* Complaint and, therefore, denies each and every allegation in this paragraph.

93.    Hannstar is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 93 of the *First Amended* Complaint and therefore, denies each and every such allegation.

94.    Hannstar is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 94 of the *First Amended* Complaint and, therefore, denies each and every allegation in this paragraph.

95.    Hannstar is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 95 of the *First Amended* Complaint and therefore, denies each and every such allegation.

96.    Hannstar is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 96 of the *First Amended* Complaint and, therefore, denies each and every allegation in this paragraph.

97.    Hannstar is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 97 of the *First Amended* Complaint and, therefore, denies each and every allegation in this paragraph.

15

98.    Hannstar is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 98 of the *First Amended* Complaint and, therefore, denies each and every allegation in this paragraph.

99.    Hannstar is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 99 of the *First Amended* Complaint and, therefore, denies each and every allegation in this paragraph.

100.    Hannstar denies the allegations of paragraph 100 of the *First Amended* Complaint to the extent such allegations are directed at Hannstar. Hannstar is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph directed at defendants other than Hannstar and therefore, Hannstar denies each and every such allegation.

101.    Hannstar denies the allegations of paragraph 101 of the *First Amended* Complaint to the extent such allegations are directed at the Hannstar. For any allegations directed at defendants other than Hannstar, Hannstar is without knowledge or information sufficient to form a belief as to the truth of the those allegations and, therefore, denies each and every such allegation.

## DEFENSES

## FIRST DEFENSE (NON-INFRINGEMENT)

102.    Hannstar incorporates and realleges each and every allegation contained in paragraphs 1-101 of its Answer to the *First Amended* Complaint as if fully set forth herein.

103.    Hannstar has not and does not infringe (either directly, contributorily or by inducement) any valid and enforceable claim of the `371 patent.

## SECOND DEFENSE (INVALIDITY)

104.    Hannstar incorporates and realleges each and every allegation contained in paragraphs 1-103 of their Answer to the *First Amended* Complaint as if fully set forth herein.

16

105.    Each claim of the `371 patent is invalid and void because it fails to comply with one or more of the requirements of the patent laws of Title 35, United States Code, including, but not limited to §§ 101, 102, 103, and 112.

### THIRD DEFENSE (FAILURE TO MARK)

106.    Hannstar incorporates and realleges each and every allegation contained in paragraphs 1-105 of its Answer to the *First Amended* Complaint as if fully set forth herein.

107.    On information and belief, neither Plaintiffs nor their licensees have marked their products in accordance with 35 U.S.C. § 287 and, accordingly, Plaintiffs' damage claim is limited in accordance with that statute.

### FOURTH DEFENSE (UNENFORCEABILITY)

108.    Hannstar incorporates and realleges each and every allegation contained in paragraphs 1-107 of its Answer to the *First Amended* Complaint as if fully set forth herein.

109.    On information and belief, the `371 patent is unenforceable because the applicants, and/or individuals acting on behalf of the applicants, deliberately and knowingly withheld, omitted, and/or misrepresented material information in connection with the prosecution of the application which matured into the `371 patent in violation of the duty of candor to the United States Patent and Trademark Office ("PTO"), as prescribed by 37 C.F.R. § 1.56. The reasons presently known to Hannstar that support their belief that the `371 patent is unenforceable are set forth in paragraphs 110-117, infra.

110.    The `371 patent is listed as issuing from U.S. Patent Application Ser. No. 911,547, which was filed on July 9, 1992 (the "`547 application"). Richard I. McCartney, Jr., Daniel D. Syroid and Karen E. Jachimowicz are the applicants listed on the face of the `547 application. On information and belief, at the time the application was filed, the applicants were each employed by Honeywell.

17

111.    On or before 1989, H. Noda, T. Muraji, Y. Gohara, Y. Miki, K. Tsuda, I. Kikuchi, C. Kawasaki, T. Murao and Y. Miyatake published an article in Japan Display entitled "High Definition Liquid Crystal Projection TV" (the "Noda Article"). The Noda Article discusses, *inter alia*, moiré interference in rear projection systems. The Noda Article was published more than one year prior to the filing date of the `547 and was material to the patentability of the `547 application.

112.    On or about October 12, 1992, Mr. Syroid and Mr. McCartney (alleged co-inventors of the `371 patent) published an article entitled "Directional Diffuser Lens Array for Backlit LCDs" (the "Syroid-McCartney Article"). The Syroid-McCartney Article discusses, *inter alia*, xxx interference in direct view systems. In the Syroid-McCartney Article, the authors, cite to the Noda Article (which uses a rear projection system) for a method of reducing moiré in a direct view system.

113.    Notwithstanding the foregoing, neither the applicants nor any individual acting on behalf of the applicants informed the PTO of the Noda Article.

114.    Based on the foregoing, and upon information and belief, one or more of the applicants and or individuals acting on behalf of the applicants knew of the Noda Article, but they deliberately and knowingly withheld this material reference from the PTO during prosecution of the `547 application.

115.    Upon information and belief, in response to and to overcome a rejection by the patent examiner during prosecution of the `547 application, the applicants and/or individuals acting on behalf of the applicants argued that there would be no suggestion to combine the teachings from the field of projection systems with the teachings from the field of direct view

18

systems and, therefore, the examiner should not rely on prior art from the field of projection systems.

116.    Notwithstanding the foregoing, neither the applicants nor any individual acting on behalf of the applicants informed the PTO of the Syroid-McCartney Article or of the applicants' comments contained therein concerning the applicability of the teachings from the field of projection systems to the field of direct view systems or to the direct view apparatus disclosed and claimed in the `547 application.

117.    Based on the foregoing, on information and belief, one or more of the applicants and or individuals acting on behalf of the applicants knew of the Syroid-McCartney Article, but they deliberately and knowingly withheld this material reference from the PTO during prosecution of the `547 application.

**FIFTH DEFENSE (LACHES/EQUITABLE ESTOPPEL)**

118.    Hannstar incorporates and realleges each and every allegation contained in paragraphs 1-117 of their Answer to the *First Amended* Complaint as if fully set forth herein.

119.    Plaintiffs' claims for infringement of the `371 patent are barred, in whole or in part, by the doctrines of laches and/or equitable estoppel.

WHEREFORE, Hannstar requests that the Court enter judgment:

(a)     Dismissing the *First Amended* Complaint against Hannstar in its entirety with prejudice;

(b)     Finding Plaintiffs' patent not infringed under 35 U.S.C. § 271;

(c)     Finding Plaintiffs' patent invalid under 35 U.S.C. §§ 101, 102, 103 and/or 112;

(d)     Finding Plaintiffs' patent unenforceable;

(e)     Finding that this is an exceptional case under 35 U.S.C. § 285;

(f)     Awarding Hannstar the costs of this action and reasonable attorneys' fees to the extent permitted under law; and

(g)     Granting such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Hannstar requests a trial by jury of all issues so triable.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

John M. Caracappa
Akin Gump Strauss Hauser & Feld LLP
Robert S. Strauss Building
1333 New Hampshire Avenue, NW
Washington, D.C. 20036
Tel: (202) 887-4000

Dated: March 10, 2006
723165 / 29980

By:  */s/ Richard L. Horwitz*
     Richard L. Horwitz (#2246)
     David E. Moore (#3983)
     Hercules Plaza, 6th Floor
     1313 N. Market Street
     Wilmington, Delaware   19899-0951
     (302) 984-6000
     rhorwitz@potteranderson.com
     dmoore@potteranderson.com

*Attorneys for Defendant*
*HannStar Display Corporation*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, Richard L. Horwitz, hereby certify that on March 10, 2006, the foregoing

document was served via hand delivery and was electronically filed with the Clerk of the

Court using CM/ECF which will send notification of such filing(s) to the following and

the document is available for viewing and downloading from CM/ECF:

Philip A. Rovner
Potter Anderson & Corroon LLP
1313 N. Market Street
Hercules Plaza, 6th Floor
Wilmington, DE  19899
provner@potteranderson.com

William J. Wade
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899-0551
wade@rlf.com

John W. Shaw
Karen Keller
Young, Conaway, Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899-0391
jshaw@ycst.com
kkeller@ycst.com

Frederick L. Cottrell, III
Chad Michael Shandler
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE  19899-0551
Cottrell@rlf.com
shandler@rlf.com

Adam W. Poff
Young, Conaway, Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899-0391
apoff@ycst.com

Thomas L. Halkowski
Fish & Richardson P.C.
919 N. Market St., Suite 1100
P.O. Box 1114
Wilmington, DE  19899-1114
halkowski@fr.com

Thomas C. Grimm
Leslie A. Polizoti
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
tgrimm@mnat.com
lpolizoti@mnat.com

Francis DiGiovanni
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE  19899
fdigiovanni@cblh.com

Amy Evans
Cross & Simon, LLC
913 N. Market Street, Suite 1001
P.O. Box 1380
Wilmington, DE  19899-1380
aevans@crosslaw.com

Karen L. Pascale
Young Conaway Stargatt & Taylor LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899
kpascale@ycst.com

William J. Marsden, Jr.
Fish & Richardson, P.C.
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE  19899-1114
marsden@fr.com

Paul A. Bradley
Thomas D. Walsh
McCarter & English, LLP
919 N. Market Street, Suite 1800
Wilmington, DE  19899
pbradley@mccarter.com
twalsh@mccarter.com

Matthew Neiderman, Esq.
Duane Morris LLP
1100 N. Market Street
Suite 1200
Wilmington, DE  19801
mneiderman@duanemorris.com

Robert J. Katzenstein, Esq.
Smith, Katzenstein, & Furlow
800 Delaware Avenue, 7th Fl.
P.O. Box 410
Wilmington, DE  19899
rkatzenstein@skfdelaware.com
jpolesky@skfdelaware.com

Arthur G. Connolly, III
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE  19899
ac3@cblhlaw.com

Steven J. Balick
John G. Day
Ashby & Geddes
222 Delaware Avenue
17th Floor
Wilmington, DE 19899
sbalick@ashby-geddes.com
jday@ashby-geddes.com

Gerard M. O'Rourke
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE  19899
gorourke@cblh.com

2

By: _/s/ Richard L. Horwitz_____
    Richard L. Horwitz
    David E. Moore
    Potter Anderson & Corroon LLP
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    P.O. Box 951
    Wilmington, DE  19899-0951
    (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

709365

3