IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

HONEYWELL INTERNATIONAL INC.,
et al.,

*Plaintiffs,*
*Counterclaim-Defendants,*

vs.

C.A. No. 04-1338 (KAJ)

APPLE COMPUTER INC., et al.,

*Defendants,*
*Counterclaim-Plaintiffs.*

## DEFENDANT ST-LCD'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

YOUNG CONAWAY STARGATT & TAYLOR, LLP
John Shaw (No. 3362)
The Brandywine Building
1000 West St.
Wilmington, DE 19801
(302) 571-6600
jshaw@ycst.com

*Attorneys for Defendant ST-LCD*

OF COUNSEL:
John Flock
Robert Hails
Clement J. Naples
KENYON & KENYON LLP
One Broadway
New York, NY 10004
Tel. (212) 425-7200

Dated: March 15, 2006

# TABLE OF CONTENTS

I.    INTRODUCTION.................................................................................................. 1

II.   Honeywell Cannot Demonstrate That Personal Jurisdiction Exists
      Under the Delaware Long Arm Statute................................................................ 2

      1.    There Is No Specific Jurisdiction Over ST-LCD Under the
            Delaware Long Arm Statute................................................................... 2

      2.    There Is No General Jurisdiction Over ST-LCD Under the
            Delaware Long Arm Statute................................................................... 4

III.  FEDERAL RULE OF CIVIL PROCEDURE 4(K)(2) IS NOT APPLICABLE................ 6

   A. Plaintiff Has Failed To Establish That ST-LCD Is Not Subject to
      Jurisdiction In Any Other State........................................................................ 7

   B. Exercising Jurisdiction Over ST-LCD Under Rule 4(k)(2) Would
      Violate Due Process ........................................................................................ 9

      1.    Plaintiff Has Not Demonstrated Specific Jurisdiction Over ST-LCD
            Under Rule 4(k)(2) ............................................................................... 9

      2.    Plaintiff Has Not Demonstrated General Jurisdiction Over ST-LCD
            Under Rule 4(k)(2) ............................................................................. 11

IV.   JURISDICTIONAL DISCOVERY IS NOT APPROPRIATE HERE ........................ 11

V.    CONCLUSION ................................................................................................ 12

# TABLE OF AUTHORITIES

## Cases

*3D Sys. v. Aarotech Lab.*,
  160 F.3d 1373 (Fed. Cir. 1998) ........................................................................................9

*Adams v. Unione Mediterranea di Sicurta*,
  364 F.3d 646 (5th Cir. 2004) ...........................................................................................7

*American Bio Medica Corp. v. Peninsula Drug Analysis Co., Inc.*,
  No. 99-218, 1999 U.S. Dist. LEXIS 12455 (D. Del. Aug. 3, 1999) ...............................3

*Asahi Metal Industry Co. v. Superior Court of California*,
  480 U.S. 102 (1987) ....................................................................................................9, 10

*Base Metal Trading, Ltd. v. OJSC Novokuznetsky Aluminum Factory*,
  283 F.3d 208 (4th Cir. 2002) ...........................................................................................8

*Burger King v. Rudzewicz*,
  471 U.S. 462 (1985) .........................................................................................................9

*CFMT, Inc. v. Steag Microtech, Inc.*,
  No. 95-442, 1997 U.S. Dist. LEXIS 7905 (D. Del. Jan. 9, 1997)....................................7

*Davlyn Mfg. Co. v. H&M Auto Parts, Inc.*,
  No. 04-5516, 2005 U.S. Dist. LEXIS 17532 (E.D. Pa. Aug. 18, 2005).........................10

*In re Elonex Phase II Power Mgmt. Litig.*,
  2003 U.S. Dist. LEXIS 7715 (D. Del. May 6, 2003) ...................................................4, 5

*eSpeed, Inc. v. BrokerTec USA, L.L.C.*,
  No. 03-612, 2004 U.S. Dist LEXIS 19760 (D. Del. Sep. 13, 2004) ................................6

*Estates of Ungar v. The Palestinian Authority*,
  153 F. Supp. 2d. 76 (D.R.I. 2001)....................................................................................7

DB01:2031099.1                               058704.1004

*Helicopteros Nacionales de Colombia, S.A. v. Hall,*
  466 U.S. 408 (1984) ..................................................................................................7, 11

*Intel Corp. v. Silicon Storage Tech., Inc.,*
  20 F. Supp. 2d. 690 (D. Del. 1998) ...................................................................................4

*Jeffreys v. Exten,*
  784 F. Supp. 146 (D. Del. 1992) .......................................................................................2

*Keeton v. Hustler Magazine,*
  465 U.S. 770 (1984) ..........................................................................................................9

*LaNuova D&B, S.P.A. v. Bowe Co., Inc.,*
  513 A.2d 764 (Del. 1986)...................................................................................................2

*In re Lupron Marketing & Sales Practices Litig.,*
  245 F. Supp. 2d 280, 302-03 (D. Mass. 2003) .................................................................8

*Perkins v. Benguet Consol. Mining Co.,*
  342 U.S. 437 (1952) ........................................................................................................11

*Philips Elecs. N. Am. Corp. v. Contec. Corp.,*
  No. 02-123, 2004 U.S. Dist. LEXIS 3940 (D. Del. March 11, 2004)......................2, 3, 4

*Provident Nat'l Bank v. California Federal Savings & Loan Ass'n,*
  819 F.2d 434 (3d Cir. 1987)............................................................................................11

*Reach & Assocs., P.C. v. Dencer,*
  269 F. Supp. 2d 497 (D. Del. 2003) ..................................................................................4

*Red Sail Easter Ltd. Partners, L.P. v. Radio City Music Hall Prods., Inc.,*
  No. 12036, 1991 Del. Ch. LEXIS 113 (Del. Ch. Jul. 10, 1991) .......................................4

*Saudi v. Acomarit Maritime Servs., S.A.,*
  No. 03-1609, 114 F. App'x 449 (3d Cir. 2004) ................................................................6

*Saudi v. Northrop Grumman Corp.,*
  221 F.R.D. 452, 457 (E.D. Va. 2004) ...............................................................................8

*Siemens Aktiengesellschaft v. LG Semicon Co.*,
    69 F. Supp. 2d. 622 (D. Del. 1999) ...............................................................................5, 6

*Smith v. S&S Dundalk Eng'g Works, Ltd.*,
    139 F. Supp. 2d 610 (D.N.J. 2001) ...............................................................................7, 8

*Smith v. Pat & Jane Emblems, Inc.*,
    No. 05-127-PH, 2005 WL 3032535 (D. Me. Nov. 10, 2005) ........................................ 8

*Societe Nationale Industrielle Aerospatiale v. United States District*
    *Court for the Southern District of Iowa*, 482 U.S. 522 (1987) ....................................12

*Thorn EMI N. Am. v. Micron Tech.*,
    821 F. Supp. 272 (D. Del. 1993) .................................................................................1, 2

*Toys 'R' Us, Inc. v. Step Two, S.A.*,
    318 F.3d 446 (3d Cir. 2003) ..........................................................................................11

*United States v. Swiss Am. Bank, Ltd.*,
    191 F.3d 30 (1st Cir. 1999) .............................................................................................7

*In re Vitamins Antitrust Litigation*,
    94 F. Supp. 2d 26 (D.D.C. 2000) ................................................................................7, 8

**Statutes**

10 Del. C. § 3104(c)(1) ........................................................................................................3

Fed. R. Civ. P. 4 ...........................................................................................................2, 6, 7

**Other Authorities**

16 *Moore's Federal Practice* § 108.123 (3d ed. 2004).........................................................6

058704.1004

## TABLE OF ABBREVIATIONS

| | |
|---|---|
| Ogura Decl. ¶ __ | Refers to the February 9, 2006 *Declaration in Support of ST-LCD's Motion to Dismiss for Lack of Personal Jurisdiction*, D.I. 326. |
| Opp'n Br. at __ | Refers to *Honeywell's Opposition To Defendant ST-LCD's Motion To Dismiss For Lack Of Personal Jurisdiction*, D.I. 341. |

DB01:2031099.1                                         058704.1004

## I.    INTRODUCTION

In its opening brief, ST-LCD established that it has no contacts with Delaware. ST-LCD is a manufacturing company located entirely in Japan. While some of ST-LCD's products might appear in the United States as components within products that are made by third-parties, ST-LCD does not manufacture or sell any products in Delaware or the United States. In fact, ST-LCD conducts no business in Delaware and it has absolutely no contacts with Delaware. These facts, which are unchallenged, demonstrate that this Court does not hold personal jurisdiction over ST-LCD.

Honeywell argues against dismissal, pointing to several contacts between Sony Corp. and Delaware. Had Sony Corp. filed this motion, these facts might have been relevant. However, the relevant inquiry here is limited to ST-LCD's contacts with Delaware, not Sony Corp's contacts. ST-LCD is not Sony Corp.'s alter ego. ST-LCD was established as a joint venture between Sony Corp. and Toyota, and Honeywell's attempt to blur Sony Corp. and ST-LCD together is improper.

Honeywell argues that this Court should exercise both specific and general jurisdiction over ST-LCD because ST-LCD's modules appear in products that are ultimately sold in Delaware, and ST-LCD should know that this may happen. Honeywell collapses the personal jurisdiction inquiry into a foreseeability test—is it foreseeable that the products may enter Delaware? But, the Supreme Court of the United States, the Third Circuit, and Delaware State and Federal courts, all have rejected such an approach. Mere knowledge that products may enter this district is insufficient to confer personal jurisdiction upon a defendant. *Thorn EMI N. Am. v. Micron Tech.*, 821 F. Supp. 272, 274 (D. Del. 1993).

1

Instead, a plaintiff must show that the defendant's actions were ***directed*** at residents of Delaware and the protection of Delaware laws.

Recognizing that ST-LCD's contacts with Delaware cannot satisfy the requirements of the Delaware long-arm statute, Honeywell also alleges that personal jurisdiction attaches under Fed. R. Civ. P. 4(k)(2). This argument also fails because Honeywell has not shown and cannot show sufficient contacts between ST-LCD and the United States as required by Rule 4(k)(2).

Finally, Honeywell requests jurisdictional discovery. However, because Honeywell failed to make even a *prima facie* showing of jurisdiction, it is not entitled to jurisdictional discovery.

## II.    HONEYWELL CANNOT DEMONSTRATE THAT PERSONAL JURIS-DICTION EXISTS UNDER THE DELAWARE LONG ARM STATUTE.

### 1.    There Is No Specific Jurisdiction Over ST-LCD Under the Delaware Long Arm Statute.

To satisfy subsection (c)(1) of the Delaware long arm statute, Honeywell must show a nexus between its cause of action and ST-LCD's conduct that gives rise to jurisdiction. *See, e.g., LaNuova D&B, S.P.A. v. Bowe Co., Inc.*, 513 A.2d 764, 767-68 (Del. 1986); *Jeffreys v. Exten*, 784 F. Supp. 146, 151 (D. Del. 1992). Honeywell must demonstrate that ST-LCD's actions were directed at residents of Delaware and the protection of Delaware laws. *Thorn*, 821 F. Supp. at 274. Honeywell did not.

Honeywell demonstrated that Sony Corp. buys ST-LCD's products, integrates them into its products and sells the finished products in the United States and Delaware. None of Honeywell's evidence demonstrates that ST-LCD directs its product to Delaware, even if

Sony Corp. does. As a joint venture between Sony Corp. and another company, ST-LCD does not become Sony Corp.'s alter ego.

In its attempt to show that a "nexus" exists, Honeywell relies heavily on *Philips Elecs. N. Am. Corp. v. Contec. Corp.*, No. 02-123, 2004 U.S. Dist. LEXIS 3940 (D. Del. March 11, 2004), which is easily distinguishable from the instant case. In *Philips*, the foreign manufacturer of the allegedly infringing product established a United States company for the specific purpose of selling the foreign manufacturer's products in the United States. *Id.* at *5. The U.S. company subsequently entered into an agreement with a Delaware corporation relating to the sale and manufacture of the allegedly infringing product. *Id.* In addition, the U.S. company agreed to defend any patent infringement claims brought against the Delaware corporation. *Id.* at *6. Moreover, the foreign manufacturer in *Philips* provided a website that could be used by Delaware residents. *Id.* at *4. Obviously, the *Philips* court exercised specific jurisdiction over the foreign manufacturer because that manufacturer made concerted efforts to develop contact in the United States; these contacts can hardly be characterized, as Honeywell did, as "more attenuated" than the case at bar. (Opp'n Br. at 9.) Here, ST-LCD has made no efforts whatsoever to develop contacts in the United States; it merely makes and sells LCDs in Asia.

ST-LCD cited cases in its opening brief where Delaware contacts by a foreign manufacturer of an allegedly infringing product were more substantial than the case at bar and still were too attenuated to support specific jurisdiction. For instance, in *American Bio Medica Corp. v. Peninsula Drug Analysis Co., Inc.*, defendant Phamatec manufactured allegedly infringing products and arranged for the distribution of its products through two other defendants who had directed their own marketing efforts of the allegedly infringing

products at Delaware. No. 99-218, 1999 U.S. Dist. LEXIS 12455, at *12 (D. Del. Aug. 3, 1999). In light of these facts, the plaintiff in *American Bio Medica* asserted that "Phamatec intentionally established a chain of distribution that it knew, or reasonably could have foreseen, had a termination point in Delaware." *Id.* at *16. Notwithstanding the fact that it was foreseeable that the products could appear in Delaware (and despite the relationship between Phamatec and its distributors), the court found that jurisdiction under § 3104(c)(1) would be improper because there was no evidence that Phamtec directed the other defendants' sales efforts at Delaware. *Id.* at *16-17.

Because ST-LCD has not directed any sales efforts in Delaware, Honeywell cannot show sufficient facts to support a finding of specific jurisdiction under the Delaware long-arm statute.

> ### 2. There Is No General Jurisdiction Over ST-LCD Under the Delaware Long Arm Statute.

Honeywell also argues that this Court should exercise general jurisdiction over ST-LCD. This argument also fails because ST-LCD has no contacts with Delaware. A finding of general jurisdiction is appropriate only "when a defendant has had contacts with [the forum state] that are *so extensive and continuing* that it is fair and consistent with state policy to require that the defendant appear [in Delaware] and defend a claim even when that claim arose outside of [Delaware] and causes injury outside this state." *Red Sail Easter Ltd. Partners, L.P. v. Radio City Music Hall Prods., Inc.*, No. 12036, 1991 Del. Ch. LEXIS 113, at *8 (Del. Ch. Jul. 10, 1991) (emphasis added); *Reach & Assocs., P.C. v. Dencer*, 269 F. Supp. 2d 497, 505 (D. Del. 2003); *Intel Corp. v. Silicon Storage Tech., Inc.*, 20 F. Supp. 2d 690, 699 (D. Del. 1998) (stating that cases of general jurisdiction under Delaware's long-arm statute are rare). Honeywell cannot meet this high standard.

4

As support for its argument that this Court should exercise general jurisdiction over ST-LCD, Honeywell relies on *In re Elonex Phase II Power Mgmt. Litig.*, 2003 U.S. Dist. LEXIS 7715 (D. Del. May 6, 2003). However, just as with *Philips*, Honeywell overlooks the facts of *In re Elonex*, which stand in stark contrast to the facts of this case. In *In re Elonex*, the foreign manufacturer (Jean) sold allegedly infringing computer monitors directly to two United States based monitor companies who both had nationwide reseller networks, including resellers in Delaware. *Id.* at *8-9. After purchasing a Jean monitor, end users (in Delaware) *could download monitor software directly from Jean's website and obtain customer service directly from Jean via email. Id.* at *9. Moreover, Jean's website listed an "East Coast" service facility located in New Jersey. *Id.*

Despite these critical factual differences, Honeywell claims:

> *In re Elonex* is so closely analogous to the case at bar that one need only replace the name 'Jean' with ST-LCD ... and [In re Elonex's] rationale remains 100% accurate.

(Opp'n Br. at 10.) Honeywell severely overstates this case's relevance. Unlike the defendant in *In re Elonex*, ST-LCD does not sell anything to any companies in the United States; it does not provide support in the United States to any users of its products; ST-LCD's website is not in English and does not accept sales; and ST-LCD has no facilities anywhere in the United States (Ogura Decl.¶¶ 8, 10, 11, 20.) *In re Elonex* is of marginal relevance, at best.

Honeywell's attempt to distinguish the *Siemens Aktiengesellschaft v. LG Semicon Co.* case also is unpersuasive. 69 F. Supp. 2d. 622 (D. Del. 1999). Honeywell implies that the *Siemens* court based its holding on the fact that allegedly infringing products were never sold in Delaware, which is untrue. In *Siemens*, computer manufacturers integrated DRAM from the defendants into personal computers, which were sold in Delaware. *Id.* at 623. In fact,

5

the plaintiff argued that because the DRAM ultimately ended up in Delaware within the personal computers, the defendants had intent to serve the Delaware market. *Id.* at 625.

Despite these facts, the *Siemens* court held there was no personal jurisdiction over the DRAM manufacturers. In so holding, the court stated:

> In this case, LG Semicon has not exhibited an intent or purpose to [] [sic] serve [the] Delaware market and its sales of DRAM chips outside Delaware do not amount to the continuous and substantial activity that § 3104(c)(4) requires. *. . . LG Semicon's only contact with Delaware is second hand contact from the sale of DRAM chips to customers who use the chips in electronic devices that are available to Delaware consumers.*

*Id.* at 627 (emphasis added). Because Honeywell's general jurisdiction theories are based on the same kind of "secondhand" contact the court in *Siemens* rejected, this Court should hold that ST-LCD has not shown an intent or purpose to serve the Delaware market in a "continuous and substantial" way that could support general jurisdiction.

## III.   FEDERAL RULE OF CIVIL PROCEDURE 4(K)(2) IS NOT APPLICABLE.

Honeywell also failed to demonstrate that this Court has personal jurisdiction over ST-LCD under Fed. R. Civ. P. 4(k)(2). Honeywell was required to establish that: (1) ST-LCD is not subject to the general jurisdiction of any state, and (2) the exercise of jurisdiction over ST-LCD would comport with due process. *Saudi v. Acomarit Maritime Servs., S.A.*, No. 03-1609, 114 F. App'x 449, 455 (3d Cir. 2004); *eSpeed, Inc. v. BrokerTec USA, L.L.C.*, No. 03-612, 2004 U.S. Dist LEXIS 19760, at *15-16 (D. Del. Sep. 13, 2004). Honeywell did neither.

058704.1004

A.    **Plaintiff Has Failed To Establish That ST-LCD Is**
      **Not Subject to Jurisdiction In Any Other State.**

Honeywell cannot rely on Rule 4(k)(2) because it is asserting that ST-LCD is subject to personal jurisdiction in Delaware.  To make out a *prima facie* case under Rule 4(k)(2), Honeywell must "affirmatively represent . . . that the defendant is not subject to the jurisdiction of any state." *CFMT, Inc. v. Steag Microtech, Inc.*, No. 95-442, 1997 U.S. Dist. LEXIS 7905, at *24 n.10 (D. Del. Jan. 9, 1997); *Smith v. S&S Dundalk Eng'g Works, Ltd.*, 139 F. Supp. 2d 610, 622 (D.N.J. 2001); *United States v. Swiss Am. Bank, Ltd.*, 191 F.3d 30, 41 (1st Cir. 1999) ("The plaintiff ... must certify that, based in the information that is readily available to the plaintiff and his counsel, the defendant is not subject to suit in the courts of general jurisdiction of any state."); *Estates of Ungar v. The Palestinian Authority*, 153 F. Supp. 2d. 76, 92 (D.R.I. 2001) (same); *In re Vitamins Antitrust Litigation*, 94 F. Supp. 2d 26, 35 (D.D.C. 2000) (same).[1]

Honeywell has made no such representation and, in fact, is asserting that ST-LCD is subject to personal jurisdiction in Delaware.  Because this affirmative representation is a threshold requirement for application of Rule 4(k)(2), *CFMT* and other decisions routinely reject jurisdiction under Rule 4(k)(2) when plaintiff contends that there *is* jurisdiction in plaintiff's chosen forum. *Id.*, at *24.  For example, the United States District Court for the District of Massachusetts recently held that Rule 4(k)(2):

> requires plaintiffs to certify that to their knowledge, based on
> information that is "readily available," [defendant] is not

---

[1]    Moore's Federal Practice states that the Fifth Circuit and Seventh Circuit have taken a similar approach. 16 *Moore's Federal Practice*, § 108.123. However, those Circuits have held that a defendant who wants to preclude use of Rule 4(k)(2) may do so by naming some other state in which the suit may proceed, and if a defendant does not identify such a state, the court is entitled to apply Rule 4(k)(2). *See Adams v. Unione Mediterranea di Sicurta*, 364 F.3d 646, 650-652 (5th Cir. 2004).

7

> subject to the jurisdiction of any state court. This [plaintiffs] have not done. Instead, they have attempted to shift the burden to [defendant] by arguing that if [defendant] is successful in defeating jurisdiction under the laws of Illinois, Massachusetts, Alabama, and Minnesota, "then it is difficult to imagine any state in which Plaintiffs can establish, or in which [defendant] will concede, in personam jurisdiction." ... Th[is] argument is not a substitute for the [certification] requirements of *Swiss Bank I*...

*In re Lupron Marketing & Sales Practices Litig.*, 245 F. Supp. 2d 280, 302-03 (D. Mass. 2003).

Many other cases reach similar results. *E.g. Smith v. Pat & Jane Emblems, Inc.,* No. 05-127-PH, 2005 WL 3032535, at *6 (D. Me. Nov. 10, 2005) (refusing to assert jurisdiction in the absence of the required certification); *In re Vitamins Antitrust Litig.*, 120 F. Supp. 2d 45, 58 (D.D.C. 2000) (noting that burden under the negation requirement shifts to defendant "only at that point" when "plaintiffs have certified that, to the best of their knowledge, these defendants are not subject to jurisdiction in any state."); *Base Metal Trading, Ltd. v. OJSC Novokuznetsky Aluminum Factory*, 283 F.3d 208, 215 (4th Cir. 2002) (refusing to assert 4(k)(2) jurisdiction because plaintiff "continues to assert that personal jurisdiction ... is proper in Maryland as well as in other states."); *S&S Dundalk*, 139 F. Supp. at 623 ("if plaintiff were successful in proving that [defendant] does business in several other states, that would be sufficient to confer jurisdiction in a state other than New Jersey and would render the narrow exception of Rule 4(k)(2) unavailable."); *Saudi v. Northrop Grumman Corp.*, 221 F.R.D. 452, 457 (E.D. Va. 2004) (refusing to assert jurisdiction under Rule 4(k)(2) when allegations in the complaint indicate that the defendant "might" be subject to jurisdiction in at least two states).

DB01:2031099.1

058704.1004

Because Honeywell has refused to make the required certification and, in fact, asserts that jurisdiction exists in Delaware, the Court should not consider Honeywell's Rule 4(k)(2) theories at all.

**B.      Exercising Jurisdiction Over ST-LCD Under Rule 4(k)(2) Would Violate Due Process.**

The purpose of Rule 4(k)(2) is to deal with those situations where an entity has extensive contacts with the United States, but those contacts are spread thinly enough among the states that there are insufficient contacts with any one state to support state-specific personal jurisdiction.  *See* Fed. R. Civ. P. 4 notes of advisory committee on 1993 amendments.  That is a far cry from the facts of this case.  The only contacts Honeywell alleges ST-LCD has with the United States are all related to Sony Corp., not ST-LCD.  ST-LCD has no contacts with the United States, and as set forth in ST-LCD's opening brief, any contacts ST-LCD has with Sony Corp. fail to satisfy the requirements of general or specific jurisdiction under the Due Process Clause.

**1.      Plaintiff Has Not Demonstrated Specific Jurisdiction Over ST-LCD Under Rule 4(k)(2).**

To invoke specific jurisdiction, a plaintiff must show that a nonresident defendant "'purposefully directed' his activities at residents of the forum ... and the litigation results from alleged injuries that 'arise out of or relate to' those activities."  *Burger King v. Rudzewicz*, 471 U.S. 462, 472 (1985) (quoting *Keeton v. Hustler Magazine*, 465 U.S. 770, 774 (1984) and *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)); *accord 3D Sys. v. Aarotech Lab.*, 160 F.3d 1373, 1378 (Fed. Cir. 1998).  In *Asahi Metal Industry Co. v. Superior Court of California*, Justice O'Connor, stated that mere awareness that the stream of commerce may sweep products into a forum is not enough—a

9

defendant must act purposefully directed toward the forum State. 480 U.S. 102, 112 (1987). Even when considered against the whole of the United States, ST-LCD's contacts do not demonstrate purposeful conduct toward the forum.

Not only does ST-LCD have no contacts with Delaware, it has no contacts with the United States. ST-LCD manufactures LCDs only at its facilities in Japan, and it sells its LCDs in Japan. (*See* Ogura Decl. ¶ 18.) Subsequent to that sale, its products are sold again to product manufacturers who integrate ST-LCD's LCDs into their final products and may bring them into the United States. If so, they are brought into the United States by market forces, not by any purposeful conduct of ST-LCD.

Moreover, ST-LCD has none of the kinds of contacts with United States identified by Justice O'Connor in *Asahi* that could indicate an intent to serve the forum state. ST-LCD does not design its products for use in the United States; it performs no advertising in the United States; it has no channels for providing advice of any kind to anyone in the United States—indeed, its website is not even in English—and it has no marketing or sales agents in the United States or that target the United States. (Ogura Decl. ¶¶ 8, 20.) At most, Honeywell could show that it would be foreseeable that ST-LCD's LCDs could end up in the United States, but again forseeability is not enough. *Asahi,* 480 U.S. at 112; *Davlyn Mfg. Co. v. H&M Auto Parts, Inc.,* No. 04-5516, 2005 U.S. Dist. LEXIS 17532, at *19-20 (E.D. Pa. Aug. 18, 2005) (stating that "[t]he Supreme Court has held that 'foreseeability alone' is not a sufficient benchmark for personal jurisdiction under the Due Process Clause, and we believe that adoption of the broad minimum contacts test enunciated by Justice Brennan in *Asahi* would run afoul of this prescription." (citations omitted).)

10

2.    **Plaintiff Has Not Demonstrated General
Jurisdiction Over ST-LCD Under Rule 4(k)(2).**

Courts have set a high standard for plaintiffs seeking to establish general jurisdiction. *See generally Helicopteros*, 466 U.S. 408. Only if a nonresident defendant's activities in the forum state are "continuous and systematic" is there a constitutionally sufficient basis to warrant jurisdiction over all causes of action asserted against it. *Helicopteros*, 466 U.S. at 415-16; *Provident Nat'l Bank v. California Federal Savings & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987); *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 445 (1952). As set forth above, ST-LCD's activities in the United States are not continuous and systematic; they are non-existent.[2]

## IV.    <u>JURISDICTIONAL DISCOVERY IS NOT APPROPRIATE HERE.</u>

Honeywell also asked this Court to allow jurisdictional discovery. However, Honeywell has failed to make even a *prima facie* showing that ST-LCD is subject to personal jurisdiction in Delaware, and Honeywell would only be entitled to jurisdictional discovery if it had done so. *Toys 'R' Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003). Honeywell's allegations fail to suggest the possible existence of any contacts with Delaware, let alone the requisite contacts for a finding of personal jurisdiction. Additionally, Honeywell's requests appear to be nothing more than fishing expeditions. For instance, Honeywell has asked this Court to allow jurisdictional discovery for Honeywell to investigate the extent to which "Sony advertises ST-LCD's products..." (Opp'n Br. at 19.) But, putting aside its relevance, Honeywell does not and cannot point to a single advertisement for ST-LCD's products anywhere in the world that would justify this request.

---

[2]    While not repeated here, ST-LCD established in its Opening Brief that exercising jurisdiction over it would also violate traditional notions of fair play and substantial justice.

11

Moreover, the Supreme Court of the United States has been clear that courts should "exercise special vigilance to protect foreign litigants from the danger that unnecessary, or unduly burdensome, discovery may place them in a disadvantageous position." *Societe Nationale Industrielle Aerospatiale v. United States District Court for the Southern District of Iowa*, 482 U.S. 522, 546 (1987) ("the additional cost of transportation of documents or witnesses to or from foreign locations may increase the danger that discovery may be *sought for the improper purpose of motivating settlement*, rather than finding relevant and probative evidence" (emphasis added)). Any amount of discovery would be unnecessary and unduly burdensome.

## V.     **CONCLUSION**

Honeywell bears the burden of proving that this Court has personal jurisdiction over ST-LCD. Yet, Honeywell has not, and cannot, allege sufficient contacts with Delaware or the United States for a finding of personal jurisdiction. Accordingly, this Court should dismiss Honeywell's First Amended Complaint against ST-LCD for lack of personal jurisdiction.

Respectfully submitted:

John Shaw (No. 3362)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West St.
Wilmington, DE 19801
(302) 571-6600
jshaw@ycst.com
*Attorneys for Defendant ST-LCD*

12

OF COUNSEL:
John Flock
Robert Hails
Clement J. Naples
KENYON & KENYON LLP
One Broadway
New York, NY 10004
Tel. (212) 425-7200

Dated:  March 15, 2006

## CERTIFICATE OF SERVICE

I, John W. Shaw, Esquire, hereby certify that on March 15, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such document is available for viewing and downloading to the following counsel of record:

Thomas C. Grimm
MORRIS, NICHOLS, ARSHT & TUNNELL
1201 North Market Street
P. O. Box 1347
Wilmington DE  19899
*Attorneys for Plaintiffs Honeywell*
*International Inc. and Honeywell Intellectual*
*Properties Inc.*

Frederick L. Cottrell, III
RICHARDS, LAYTON & FINGER
One Rodney Square
P. O. Box 551
Wilmington, DE  19899-0551
*Attorneys for Eastman Kodak Company*

William J. Wade
RICHARDS, LAYTON & FINGER
One Rodney Square
P. O. Box 551
Wilmington, DE  19899-0551
*Attorneys for Matsushita Electrical Industrial*
*Co. and Matsushita Electrical Corporation of*
*America*

Thomas L. Halkowski
FISH & RICHARDSON P.C.
919 N. Market St., Suite 1100
Wilmington, DE  19899-1114
*Attorneys for Apple Computer, Inc.,*
*Casio Computer Co., Ltd., and Casio, Inc.*

John W. Shaw
YOUNG, CONAWAY, STARGATT
    & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE  19899-0391
*Attorneys for Olympus Corporation and*
*Olympus America Inc.*

Richard L. Horwitz
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
P. O. Box 951
Wilmington, DE   19899-0951
*Attorneys for Concord Cameras, Dell Inc.,*
*Fujitsu Limited, Fujitsu America, Inc. and*
*Fujitsu Computer Products of America, Inc.,*
*and Toshiba America, Inc.*

Adam W. Poff
YOUNG, CONAWAY, STARGATT
   & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE   19899-0391
*Attorneys for Pentax Corporation
and Pentax U.S.A., Inc.*

Philip A. Rovner
POTTER ANDERSON
   & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P. O. Box 951
Wilmington, DE  19899
*Attorneys for Fuji Photo Film Co., Ltd. and
Fuji Photo Film U.S.A., Inc.*

Arthur G. Connolly, III
CONNOLLY, BOVE, LODGE & HUTZ LLP
The Nemours Building, 8th Floor
1007 N. Orange Street
P. O. Box 2207
Wilmington, DE   19899
*Attorneys for Navman NZ Limited
and Navman U.S.A. Inc.*

Gerard M. O'Rourke
CONNOLLY, BOVE, LODGE & HUTZ LLP
The Nemours Building, 8th Floor
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE  19899
*Attorneys for AU Optronics Corporation*

William J. Marsden, Jr.
FISH & RICHARDSON, P.C.
919 North Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114

Robert J. Katzenstein
SMITH, KATZENSTEIN, & FURLOW
800 Delaware Avenue
P.O. Box 410
Wilmington, DE 19899
*Attorneys for Seiko Epson Corporation*

Francis DiGiovanni
James M. Olsen
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building, 8th Floor
1007 North Orange Street
P. O. Box 2207
Wilmington, DE  19899
*Attorneys for Sony Ericcson Mobile
Communications AB and Sony Ericcson
Mobile Communications (USA) Inc.*

Amy E. Evans
CROSS & SIMON
913 N. Market Street, Suite 1001
P. O. Box 1380
Wilmington, DE  19899-1380
*Attorneys for Argus a/k/a Hartford
Computer Group, Inc.*

Robert K. Beste, III
SMITH, KATZENSTEIN, & FURLOW
800 Delaware Avenue
P.O. Box 410
Wilmington, DE  19899
*Attorneys for Kyocera Wireless Corp.*

Paul A. Bradley
MCCARTER & ENGLISH LLP
919 North Market Street, Suite 1800
P.O. Box 111
Wilmington, DE 19899

Matthew Neiderman                          Steven J. Balick
DUANE MORRIS LLP                           ASHBY & GEDDES
1100 North Market Street                   222 Delaware Avenue
Suite 1200                                 P.O. Box 1150
Wilmington, DE 19801-1246                  Wilmington, DE 19899


I further certify that on March 15, 2006, I caused copies of the foregoing documents to be

served by hand delivery on the above-listed counsel of record and on the following counsel in the

manner indicated:


**BY E-MAIL:**

Martin R. Lueck
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
*Attorneys for Plaintiffs Honeywell*
*International Inc. and Honeywell Intellectual*
*Properties, Inc.*


Christopher E. Chalsen                       Roderick B. Williams
Milbank, Tweed, Hadley & McCloy LLP          Avelyn M. Ross
1 Chase Manhattan Plaza                      Vinson & Elkins
New York, NY 10005-1413                      The Terrace 7
*Attorneys for Defendants Fujitsu America, Inc.*   2801 Via Fortuna, Suite 100
*Fujitsu Computer Products of America*       Austin, TX 78746-7568
                                             *Attorneys for Defendant Dell, Inc.*

Arthur I. Neustadt                           Scott L. Lamper
Oblon, Spivak, McClelland, Maier             Intellectual Property and Business
  & Neustadt, P.C.                              Development Counsel
1940 Duke Street                             Concord Camera Corp.
Alexandria, VA 22313                         4000 Hollywood Boulevard, Suite 650N
*Attorneys for Toshiba America, Inc. and*    Hollywood, FL 33021
*Toshiba Corporation*                        *Intellectual Property & Business Development*
                                             *Counsel for Concord Camera Corp.*

Steven J. Rizzi
Weil, Gotshal & Manges
767 Fifth Avenue
New York, NY 10153
*Attorneys for Defendants Matsushita*
*Electrical Industrial Co. and Matsushita*
*Electrical Corporation of America*

Brian D. Roche
Sachinoff & Weaver, Ltd.
30 S. Wacker Drive
Chicago, IL 60606
*Attorneys for Defendant Argus a/k/a Hartford*
*Computer Group, Inc.*

George E. Badenoch
Richard M. Rosati
Kenyon & Kenyon
One Broadway
New York, NY 10004
(212) 425-7200
*Attorneys for Olympus Corporation and*
*Olympus America Inc.*

Kelly C. Hunsaker
Fish & Richardson P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
*Attorney for Apple Computer Inc.*

Lawrence Rosenthal
Matthew W. Siegal
Stroock & Stroock & Lavan L.L.P.
180 Maiden Lane
New York, NY 10038-4982
*Attorneys for Defendants Fuji Photo Film Co.,*
*Ltd. and Fuji Photo Film U.S.A., Inc.*

Michael J. Fink
Neil F. Greenblum
Greenblum and Berstein, P.L.C.
1950 Roland Clarke Place
Reston, VA 20191
*Attorneys for Defendant Pentax*
*Corporation and Pentax U.S.A., Inc.*

Neil L. Slifkin
Harris Beach LLP
99 Garnsey Road
Pittsford, NY 14534
*Attorneys for Eastman Kodak Co.*

John R. Alison
Finnegan, Henderson, Farabow, Garrett
  & Dunner
901 New York Avenue, NW
Washington, DC 20001-4413
*Attorneys for ThirdParty Defendant Wintek*
*Electro-Optics Corp.*

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ John W. Shaw (No. 3362)

_____

John W. Shaw (No. 3362)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
jshaw@ycst.com