IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

HONEYWELL INTERNATIONAL INC., and )
HONEYWELL INTELLECTUAL PROPERTIES INC., )
)
Plaintiffs, )
)
v. )        Civil Action No. 04-1338-KAJ
)
APPLE COMPUTER, INC.; ALL AROUND CO., )
LTD.; ARGUS A/K/A HARTFORD COMPUTER )
GROUP, CIN.; ARIMA DISPLAY, AU OPTRONICS )
CORP.; AU OPTRONICS CORPORATION )
AMERICA; BOE TECHNOLOGY GROUP )
COMPANY, LTD.; BEIJING BOE )
OPTOELECTRONICS TECHNOLOGY CO., LTD.; )
BOE-HYDIS TECHNOLOGY CO., LTD.; CASIO )
COMPUTER CO., LTD.; CASIO, INC.; CITIZEN )
SYSTEMS EUROPE; CITIZEN SYSTEMS )
AMERICA CORPORATION; CONCORD )
CAMERAS; DELL INC.; EASTMAN KODAK )
COMPANY; FUJI PHOTO FILM CO., LTD.; FUJI )
PHOTO FILE U.S.A., INC.; FUJITSU CO., LTD.; )
FUJITSO AMERICA, INC.; FUJITSU COMPUTER )
PRODUCTS OF AMERICA, INC.; HANNSTAR )
DISPLAY CORPORATION; HITACHI, LTD.; )
HITACHI DISPLAYS, LTD.; HITACHI DISPLAY )
DEVICES, LTD.; HITACHI ELECTRONIC DEVICES )
(USA), INC.; INNOLUX DISPLAY CORPORATION; )
INTERNATIONAL DISPLAY TECHNOLOGY; )
INTERNATIONAL DISPLAY TECHNOLOGY USA, )
INC.; KONINKLIJKE PHILIPS ELECTRONICS N.V.; )
PHILIPS CONSUMER ELECTRONICS NORTH )
AMERICA; PHILIPS ELECTRONICS NORTH )
AMERICA CORPORATION; KYOCERA WIRELESS )
CORP.; MATSUSHITA ELECTRICAL INDUSTRIAL )
CO.; MATSUSHITA ELECTRICAL CORPORATION )
OF AMERICA; NAVMAN NZ LIMITED; NAVMAN )
U.S.A. INC.; OLYMPUS CORPORATION; )
OLYMPUS AMERICA, INC.; PENTAX )
CORPORATION; PENTAX U.S.A., INC.; PICVUE )
ELECTRONICS LTD.; QUANTA DISPLAY INC.; )
SAMSUNG SDI CO., LTD.; SAMSUNG SDI )
AMERICA, INC.; SONY CORPORATION; SONY )
CORPORATION OF AMERICA; SONY ERICSSON )

MOBILE COMMUNICATIONS AB; SONY ) \
ERICSSON MOBILE COMMUNICATIONS (USA) ) \
INC.; ST LIQUID CRYSTAL DISPLAY CORP.; ) \
TOPPOLY OPTOELECTRONICS CORP.; TOSHIBA ) \
CORPORATION; TOSHIBA AMERICA, INC.; ) \
WINTEK CORP.; WINTEK ELECTRO-OPTICS ) \
CORPORATION; WISTRON CORPORATION; and ) \
M-DISPLAY OPTRONICS CORP., ) \
　 ) \
     Defendants. )

―――――――――――――――――――――

HONEYWELL INTERNATIONAL INC. And ) \
HONEYWELL INTERNATIONAL PROPERTIES, ) \
INC., ) \
　 ) \
     Plaintiffs, ) \
　 ) \
    v. ) Civil Action No. 04-1337-KAJ \
　 ) \
AUDIOVOX COMMUNICATIONS CORP.; ) \
AUDIOVOX ELECTRONICS CORPORATION; ) \
NIKON CORPORATION; NIKON INC.; NOKIA ) \
CORPORATION; NOKIA INC.; SANYO ) \
ELECTRONIC CO., LTD.; SANYO NORTH ) \
AMERICA CORPORATION; and SANYO EPSON ) \
IMAGING DEVICES CORPORATION, ) \
　 ) \
     Defendants. )

―――――――――――――――――――――

OPTREX AMERICA, INC., ) \
　 ) \
     Plaintiff, ) \
　 ) \
    v. ) Civil Action No. 04-1536-KAJ \
　 ) \
HONEYWELL INTERNATIONAL, INC. and ) \
HONEYWELL INTELLECTUAL PROPERTIES INC., ) \
　 ) \
     Defendants. )

## TRIAL MANAGEMENT ORDER

Pursuant to Fed.R.Cv.P. 16 and unless otherwise ordered by the Court,

IT IS ORDERED as follows:

1. <u>Pretrial Conference and Pretrial Order</u>. The Court's Scheduling Order and Local Rule 16 set out the procedures for preparing, exchanging, and filing drafts of the proposed pretrial order. Counsel should expect the Court will look to that draft order when ruling on objections during the trial, when ruling on objections to arguments, and when ruling on objections to the relevance and admissibility of evidence.

a. <u>Issues of Law</u>. Local Rule 16.4(d)(5) provides that each party shall include in the draft order a statement of the issues of law which the party contends remain to be litigated. Counsel should expect the Court will preclude a party from seeking relief based on claims not in the pleadings and not described in the draft order.

b. <u>Issues of Fact and Expected Proof</u>. Local Rules 16.4(d)(4), (8), (9), and (10) provide that each party shall identify the facts in issue and set out a brief statement of what it intends to prove in support of its claims or defenses. Those summaries should be sufficient to identify for the Court the essential facts in issue and should fairly put the other party on notice as to what each party expects to prove at trial. Each party should expect the Court to look at those sections in the pretrial order and the proposed jury instructions when ruling on the relevance and admissibility of evidence. The Court encourages counsel to serve contention interrogatories early in discovery. Where a party has served contention interrogatories, the responding party should not expect to be able to include in the pretrial order new issues or new facts not fairly disclosed in the answers to those interrogatories.

c. <u>Witnesses</u>. At the pretrial conference the Court may review with counsel the trial schedule, whether or not certain witnesses may need to be

3

subpoenaed, and the expected scope of direct and cross examination for witnesses who may be called by more than one party.

        d.  <u>Exhibits</u>.  Local Rule 16.4(d)(6) provides that counsel should meet before the pretrial conference and mark all exhibits to be admitted into evidence during the trial.  To the extent any of the exhibits are objected to, counsel should bring copies of the objected to exhibits to the pretrial conference and be prepared to argue their clients' positions as to the admissibility of such exhibits.  On or before the day of trial, counsel should deliver to the Courtroom Deputy a completed AO Form 187 exhibit list for each party.

        e.  <u>Depositions</u>.  Counsel should confer prior to the pretrial conference to determine which testimony will be offered by deposition, to agree on the designations of those portions of the depositions to be offered into evidence, and to identify objections that will need to be ruled on before the deposition is read or admitted into evidence during trial.  Where there are objections that will need to be resolved, counsel should submit the transcript and a summary of the objections to the Court with the draft pretrial order.

        f.  <u>Opinion Testimony</u>.  Counsel should include in the draft pretrial order a brief summary of the opinions to be offered by any witness to be called to offer opinion testimony.  To the extent not previously resolved, counsel should also include in the pretrial order any objections to the qualifications of a witness to offer an opinion.  (This is not to be taken as leave for the late filing of *Daubert* motions, which are to be filed with opening briefs no later than the time for filing dispositive motions.  *See* Scheduling Order ¶ 3.d.)

4

g. Motions *in Limine*.  Rather than file motions *in limine*, a party should include in the draft pretrial order a brief summary of any evidentiary or other issue that would otherwise be the subject of a motion *in limine* and include in the summary any case law that party wishes to call to the Court's attention in connection with the matter. The opposing party should include a response of no more than five (5) pages.  If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single five (5) page submission, unless otherwise ordered by the Court.  Unless otherwise ordered by the Court, each party shall be limited to five (5) *in limine* requests. (*See* Scheduling Order ¶ 16.)  To the extent the *in limine* request relates to the admissibility of documents, counsel should bring copies of the documents to the pretrial conference.

h. Voir Dire.  Local Rule 47.1 provides that counsel shall file any proposed voir dire questions at least three business days before the pretrial conference.  The Court will not ask the panel voir dire questions that are not filed pursuant to this Rule. Counsel should assume the Court will ask questions seeking to determine whether the members of the panel are familiar with the case, with counsel, with any of the witnesses, or if any member of the panel has some physical disability or scheduling problem that will prevent him or her from attending the entire trial.  In preparing and filing proposed voir dire, counsel for each party should prepare a maximum of ten questions that are intended to elicit a "yes" or "no" answer.  Should any juror answer "yes" to a voir dire question, the Court and counsel will explore the basis for the answer at side bar.

5

i. <u>Jury Instructions</u>. Local Rule 51.1 provides that the parties must confer and file proposed jury instructions at least three business days before the pretrial conference. The Court has certain form instructions. You can obtain copies from the Court's website at www.ded.uscourts.gov. The Court will treat any failure to comply with this rule and those portions of the Scheduling Order relating to this rule as a waiver of a claim for relief.

j. <u>Verdict Form</u>. Local Rule 51.1(c) provides that any party desiring a special verdict must file a suggested form three days before the pretrial conference.

2. <u>Trial Procedures</u>

a. <u>Trial Schedule</u>. Unless otherwise ordered by the Court, counsel should assume the trial schedule will be from 9:00 a.m. to 4:30 p.m., with breaks at 10:30 a.m. and 3:00 p.m., and with a lunch break for one hour beginning at 12:30 p.m. (On the first day of a jury trial, jury selection will begin at 9:30 a.m.) The Courtroom Deputy will keep a running total of trial time used by counsel. Opening statements and closing arguments shall be included in the total. For depositions, counsel will jointly advise the Courtroom Deputy as to the allocation of time according to the lines of testimony designated by each party.

b. <u>Stand for the Jury</u>. The clerk will announce the entrance of the jury and those present at the trial shall stand for the jury as they enter and leave the court room.

c. <u>Jury Note Taking</u>. The Court will provide the jury with pads and pens.

d. <u>Preliminary Instructions</u>. Expect that the Court will give preliminary jury instructions prior to opening statements.

6

e. Use of Lectern. Except as otherwise permitted by the Court, counsel should present the opening statement, conduct examination of witnesses, and make the closing argument from the lectern. Counsel should seek leave to approach witnesses or otherwise conduct examination from a location other than the lectern. If it will be necessary to repeatedly approach a witness, counsel need not repeatedly ask permission, once the Court has granted leave to freely approach.

f. Opening Statement. The opening statement is not an argument. Counsel may object to an improper opening statement. Use of demonstrative exhibits is subject to the restrictions in ¶ 2.o, *infra*.

g. Order of Proof. Counsel should assume that the presentation of evidence will follow the pleadings and burdens of proof. Typically, this means that the plaintiff will go first on those issues as to which it has the burden. The defendant will answer as to those issues and then open as to the issues as to which it has the burden. The plaintiff may then reply on its claims for relief and answer the defendant's claims. The defendant may then reply as to its claims. Each party should assume that the reply will be limited to matters it could not have anticipated at the time it opened.

h. Order of Witnesses and Sequestration of Fact Witnesses. Unless otherwise ordered by the Court, counsel shall, no later than 6:00 p.m. on the day before trial and on each trial day thereafter, provide notice to opposing counsel of witnesses to be called for live testimony on the following trial day. Fact witnesses shall be sequestered, unless the parties agree to the contrary on the record, or the Court otherwise orders.

7

i. <u>Examination of Witnesses</u>.  Counsel should expect examination of witnesses will be limited to direct, cross examination and re-direct.  Cross examination will be limited to the matters covered in direct and impeachment.  Re-direct will be limited to matters covered in cross examination.

j. <u>Objections and Side Bar</u>.  Counsel should expect that side bar conferences during the trial will be strictly limited.  To the extent counsel can anticipate an evidentiary objection, bring it to the attention of the Court during a break before the evidence is offered.   In arguing that evidence is admissible, be prepared to identify 1) the matter in issue, 2) the fact that is of consequence to the determination of that issue, and 3) how the proffered evidence makes that fact more or less probable.   During the trial, counsel should object by standing, announcing an objection, and identifying the rule of evidence relied upon for the objection or a one word signal of the rule, such as "leading" or "relevance".  Counsel should not argue objections in front of the jury.

k. <u>Transition Statements</u>.  Counsel may make brief transition statements to the jury during the trial.  The statements should be restricted to identifying a shift from one topic (e.g., liability evidence) to another (e.g., damages evidence).

l. <u>Qualifying Experts</u>.  The parties shall not, in the presence of the jury, call upon the Court to find a witness qualified to offer an opinion.

m. <u>Exhibits</u>.  Counsel should consider providing the Court with an extra copy of key exhibits that may be the subject of direct and cross examination.

n. <u>Publishing Exhibits to the Jury</u>.  Counsel should ask the permission of the Court to publish exhibits to the jury.  At no time may anyone but the jury and the Courtroom Deputy enter the jury box.

o. <u>Demonstrative Exhibits</u>. Unless otherwise agreed to by the parties, demonstrative exhibits are marked for identification but not admitted into evidence. Unless otherwise ordered by the Court, demonstrative exhibits may only be used if they have been made available to opposing counsel no later than 24 hours before their proposed use.

p. <u>Testimony by Deposition</u>. Unless otherwise agreed to by the parties and permitted by the Court, designated portions of deposition transcripts shall be read in order from the beginning of the transcript to the end.

q. <u>Closing Arguments</u>. During closing argument, counsel may demonstrate to the jury how counsel asserts the verdict form should be filled out.

r. <u>Instructions</u>. The Court will read the final instructions to the jury after the closing arguments by counsel. The courtroom will be secured during the Court's final instructions to the jury.

UNITED STATES DISTRICT JUDGE

Dated:   March 29, 2006
Wilmington, Delaware

9