## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HONEYWELL INTERNATIONAL, INC. and HONEYWELL INTELLECTUAL PROPERTIES, INC., | : : : : | |
| Plaintiffs, | : : | |
| v. | : : | Civil Action No. 04-1338-KAJ |
| APPLE COMPUTER, INC., et al., | : : | |
| Defendants. | : : | |
| HONEYWELL INTERNATIONAL, INC. and HONEYWELL INTELLECTUAL PROPERTIES, INC., | : : : : | |
| Plaintiffs, | : : | |
| v. | : : | Civil Action No. 04-1337-KAJ |
| AUDIOVOX COMMUNICATIONS CORP., et al., | : : : | |
| Defendants. | : : | |
| OPTREX AMERICA, INC., | : : | |
| Plaintiff, | : : | |
| v. | : : | Civil Action No. 04-1536-KAJ |
| HONEYWELL INTERNATIONAL, INC. and HONEYWELL INTELLECTUAL PROPERTIES, INC., | : : : : | |
| Defendants. | : | |

## **ORDER**

At Wilmington this **29th** day of **March, 2006**.

Pursuant to Judge Jordan's Scheduling Order of March 28, 2006, these matters have been referred to the Magistrate Judge for the purpose of exploring possible settlement or resolution of these matters. Therefore,

IT IS ORDERED that a teleconference has been scheduled for **Thursday, May 18, 2006 at 9:00 a.m.** with Magistrate Judge Thynge to discuss the scheduling of, the procedures involved and the types of alternative dispute resolutions available, including mediation conferences. **Counsel for Honeywell shall initiate the teleconference call**.

Local counsel are reminded of their obligations to inform out-of-state counsel of this Order. To avoid the imposition of sanctions, counsel shall advise the Court immediately of any problems regarding compliance with this Order.

Counsel and the parties are required to review and be prepared to discuss the attachment to this Order during the teleconference.

/s/ Mary Pat Thynge
UNITED STATES MAGISTRATE JUDGE

## TELECONFERENCE PREPARATION REQUIREMENTS

The following are some areas that the Court will focus upon during the teleconference, if applicable. Counsel are required to be prepared to discuss these areas and shall advise the Court of other issues that may affect ADR.

1. The parties' interest in ADR and the type of ADR (e.g., mediation; arbitration, binding or non-binding, with or without high/low; neutral evaluation; summary or mini bench or jury proceeding).

2. The timing of any ADR process. Note: Generally, the Court's availability is approximately 140+ days from the teleconference date.

3. The availability of counsel, the parties and/or their decision makers.

4. The length of time needed for the scheduled ADR process (e.g., more than one day).

5. The identities of any non-parties who have an interest or influence on the outcome of the litigation, and whether they were notified by counsel or the parties of the teleconference. For example, such non-parties would include health care or workers' compensation lienholders, excess carriers, or unsecured creditors in bankruptcy adversary proceedings. **Note:** If any non-party's interest would likely prevent a resolution if not a participant in the selected ADR process, or whom counsel or a party feels may be necessary for an effective ADR process to occur, then counsel or the party **shall advise** the non-party or its representative of the date and time of the teleconference and their required participation.

6. Any ancillary litigation pending/planned which could affect the ADR process in this case, including companion cases filed in this Court or other courts, and

arbitration proceedings.

       7.      Previous efforts, if any, by the parties or their counsel to resolve this matter.

       8.      The identification of any outstanding liens, the amounts verified, and whether the liens are negotiable or limited by governmental regulations or statutes (federal, state or local).

       9.      The identification of other information required to appropriately and reasonably value this matter prior to the ADR process selected.  If the information will not be available or completed by the time of the teleconference, counsel shall have an understanding of the type of information, reports, data and necessary discovery before ADR should occur.