## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HONEYWELL INTERNATIONAL INC. and HONEYWELL INTELLECTUAL PROPERTIES INC., | ) ) ) | |
| | ) | |
| Plaintiffs, | ) ) | C.A. No. 04-1338-KAJ (consolidated) |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| APPLE COMPUTER, INC., *et al.*, | ) ) | |
| Defendants. | ) | |

### TOPPOLY OPTOELECTRONICS CORPORATION'S ANSWER TO HONEYWELL INTERNATIONAL INC. AND HONEYWELL INTELLECTUAL PROPERTIES INC.'S FIRST AMENDED COMPLAINT

Defendant Toppoly Optoelectronics Corporation ("Toppoly") submits its Answer to

Honeywell International Inc. and Honeywell Intellectual Properties Inc.'s First Amended

Complaint as follows:

### Nature of the Action

1.      Toppoly admits that the Complaint purports to state a cause of action under the

Patent Laws of the United States, and that the First Amended Complaint alleges willful

infringement of a United States patent. Toppoly however, denies that the First Amended

Complaint states a valid cause of action.

### The Parties

2.      Toppoly is without knowledge or information sufficient to form a belief as to the

truth of the averments of paragraph 2 of the First Amended Complaint, and therefore denies the

same.

3.    Toppoly is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 3 of the First Amended Complaint, and therefore denies the same.

4.    Toppoly is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 4 of the First Amended Complaint, and therefore denies the same.

5.    Toppoly is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 5 of the First Amended Complaint, and therefore denies the same.

6.    Toppoly is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 6 of the First Amended Complaint, and therefore denies the same.

7.    Toppoly is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 7 of the First Amended Complaint, and therefore denies the same.

8.    Toppoly is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 8 of the First Amended Complaint, and therefore denies the same.

9.    Toppoly is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 9 of the First Amended Complaint, and therefore denies the same.

10.     Toppoly is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 10 of the First Amended Complaint, and therefore denies the same.

11.     Toppoly is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 11 of the First Amended Complaint, and therefore denies the same.

12.     Toppoly is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 12 of the First Amended Complaint, and therefore denies the same.

13.     Toppoly is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 13 of the First Amended Complaint, and therefore denies the same.

14.     Toppoly is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 14 of the First Amended Complaint, and therefore denies the same.

15.     Toppoly is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 15 of the First Amended Complaint, and therefore denies the same.

16.     Toppoly is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 16 of the First Amended Complaint, and therefore denies the same.

17.    Toppoly is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 17 of the First Amended Complaint, and therefore denies the same.

18.    Toppoly is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 18 of the First Amended Complaint, and therefore denies the same.

19.    Toppoly is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 19 of the First Amended Complaint, and therefore denies the same.

20.    Toppoly is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 20 of the First Amended Complaint, and therefore denies the same.

21.    Toppoly is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 21 of the First Amended Complaint, and therefore denies the same.

22.    Toppoly is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 22 of the First Amended Complaint, and therefore denies the same.

23.    Toppoly is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 23 of the First Amended Complaint, and therefore denies the same.

24.     Toppoly is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 24 of the First Amended Complaint, and therefore denies the same.

25.     Toppoly is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 25 of the First Amended Complaint, and therefore denies the same.

26.     Toppoly is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 26 of the First Amended Complaint, and therefore denies the same.

27.     Toppoly is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 27 of the First Amended Complaint, and therefore denies the same.

28.     Toppoly is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 28 of the First Amended Complaint, and therefore denies the same.

29.     Toppoly is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 29 of the First Amended Complaint, and therefore denies the same.

30.     Toppoly is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 30 of the First Amended Complaint, and therefore denies the same.

31.    Toppoly is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 31 of the First Amended Complaint, and therefore denies the same.

32.    Toppoly is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 32 of the First Amended Complaint, and therefore denies the same.

33.    Toppoly is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 33 of the First Amended Complaint, and therefore denies the same.

34.    Toppoly is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 34 of the First Amended Complaint, and therefore denies the same.

35.    Toppoly is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 35 of the First Amended Complaint, and therefore denies the same.

36.    Toppoly is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 36 of the First Amended Complaint, and therefore denies the same.

37.    Toppoly is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 37 of the First Amended Complaint, and therefore denies the same.

38.     Toppoly is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 38 of the First Amended Complaint, and therefore denies the same.

39.     Toppoly is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 39 of the First Amended Complaint, and therefore denies the same.

40.     Toppoly is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 40 of the First Amended Complaint, and therefore denies the same.

41.     Toppoly is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 41 of the First Amended Complaint, and therefore denies the same.

42.     Toppoly is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 42 of the First Amended Complaint, and therefore denies the same.

43.     Toppoly is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 43 of the First Amended Complaint, and therefore denies the same.

44.     Toppoly is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 44 of the First Amended Complaint, and therefore denies the same.

45.    Toppoly is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 45 of the First Amended Complaint, and therefore denies the same.

46.    Toppoly is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 46 of the First Amended Complaint, and therefore denies the same.

47.    Toppoly is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 47 of the First Amended Complaint, and therefore denies the same.

48.    Toppoly is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 48 of the First Amended Complaint, and therefore denies the same.

49.    Toppoly is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 49 of the First Amended Complaint, and therefore denies the same.

50.    Toppoly is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 50 of the First Amended Complaint, and therefore denies the same.

51.    Toppoly is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 51 of the First Amended Complaint, and therefore denies the same.

52.    Toppoly is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 52 of the First Amended Complaint, and therefore denies the same.

53.    Toppoly is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 53 of the First Amended Complaint, and therefore denies the same.

54.    Toppoly admits that it is a Taiwan corporation with a principal place of business in Miao-Li Country, Taiwan.

55.    Toppoly is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 55 of the First Amended Complaint, and therefore denies the same.

56.    Toppoly is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 56 of the First Amended Complaint, and therefore denies the same.

57.    Toppoly is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 57 of the First Amended Complaint, and therefore denies the same.

58.    Toppoly is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 58 of the First Amended Complaint, and therefore denies the same.

59.    Toppoly is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 59 of the First Amended Complaint, and therefore denies the same.

9

60.     Toppoly is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 60 of the First Amended Complaint, and therefore denies the same.

## Jurisdiction and Venue

61.     Toppoly admits that jurisdiction over the subject matter of this action is based on 28 U.S.C. § 1338(a).

62.     Toppoly admits that paragraph 62 of the First Amended Complaint purports to assert that personal jurisdiction over it comports with the United States Constitution and § 3104 of Title 10 of the Delaware Code. Toppoly denies the remaining averments in paragraph 62.

63.     Toppoly admits that venue is based on 28 U.S.C. § 1391(b), but denies the remaining averments in paragraph 63.

## Background to the Action

64.     Toppoly is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 64 of the First Amended Complaint, and therefore denies the same.

65.     Toppoly admits that what appears to be a copy of U.S. Patent No. 5,280,371 ("the '371 patent") is attached to the First Amended Complaint as Exhibit 1. Toppoly also admits that from the first page of the '371 patent, the date of issue of the '371 patent appears to be January 18, 1994. Toppoly is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 65 of the First Amended Complaint, and therefore denies the same.

66.     Toppoly is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 66 of the First Amended Complaint, and therefore denies the same.

## Alleged Acts Giving Rise to the Action

67.    Toppoly is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 67 of the First Amended Complaint, and therefore denies the same.

68.    Toppoly is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 68 of the First Amended Complaint, and therefore denies the same.

69.    Toppoly is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 69 of the First Amended Complaint, and therefore denies the same.

70.    Toppoly is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 70 of the First Amended Complaint, and therefore denies the same.

71.    Toppoly is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 71 of the First Amended Complaint, and therefore denies the same.

72.    Toppoly is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 72 of the First Amended Complaint, and therefore denies the same.

73.    Toppoly is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 73 of the First Amended Complaint, and therefore denies the same.

74.    Toppoly is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 74 of the First Amended Complaint, and therefore denies the same.

75.    Toppoly is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 75 of the First Amended Complaint, and therefore denies the same.

76.    Toppoly is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 76 of the First Amended Complaint, and therefore denies the same.

77.    Toppoly is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 77 of the First Amended Complaint, and therefore denies the same.

78.    Toppoly is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 78 of the First Amended Complaint, and therefore denies the same.

79.    Toppoly is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 79 of the First Amended Complaint, and therefore denies the same.

80.    Toppoly is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 80 of the First Amended Complaint, and therefore denies the same.

12

81.     Toppoly is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 81 of the First Amended Complaint, and therefore denies the same.

82.     Toppoly is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 82 of the First Amended Complaint, and therefore denies the same.

83.     Toppoly is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 83 of the First Amended Complaint, and therefore denies the same.

84.     Toppoly is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 84 of the First Amended Complaint, and therefore denies the same.

85.     Toppoly is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 85 of the First Amended Complaint, and therefore denies the same.

86.     Toppoly is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 86 of the First Amended Complaint, and therefore denies the same.

87.     Toppoly is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 87 of the First Amended Complaint, and therefore denies the same.

88.     Toppoly is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 88 of the First Amended Complaint, and therefore denies the same.

89.     Toppoly is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 89 of the First Amended Complaint, and therefore denies the same.

90.     Toppoly is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 90 of the First Amended Complaint, and therefore denies the same.

91.     Toppoly is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 91 of the First Amended Complaint, and therefore denies the same.

92.     Toppoly is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 92 of the First Amended Complaint, and therefore denies the same.

93.     Toppoly is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 93 of the First Amended Complaint, and therefore denies the same.

94.     Toppoly is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 94 of the First Amended Complaint, and therefore denies the same.

95.    Toppoly is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 95 of the First Amended Complaint, and therefore denies the same.

96.    Toppoly denies the averments of paragraph 96.

97.    Toppoly is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 97 of the First Amended Complaint, and therefore denies the same.

98.    Toppoly is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 98 of the First Amended Complaint, and therefore denies the same.

99.    Toppoly is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 99 of the First Amended Complaint, and therefore denies the same.

100.    Toppoly denies the averments of paragraph 100 to the extent they pertain to Toppoly. Otherwise, Toppoly is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 100 of the First Amended Complaint, and therefore denies the same.

101.    Toppoly denies the averments of paragraph 101 to the extent they pertain to Toppoly. Otherwise, Toppoly is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 101 of the First Amended Complaint, and therefore denies the same.

## DEFENSES

### First Defense

1.    Honeywell's First Amended Complaint fails to state a claim upon which relief can be granted.

### Second Defense

2.    The '371 patent has not been and is not infringed by Toppoly.

### Third Defense

3.    The claims of the '371 patent are invalid for failure to comply with the conditions for patentability specified in Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 102, 103, 112, and/or 116.

### Fourth Defense

4.    Prosecution history estoppel bars Honeywell's assertion of the '371 patent against Toppoly.

### Fifth Defense

5.    Honeywell's damages claims are limited and/or barred by failure to comply with the requirements of 35 U.S.C. §§ 286 and/or 287.

### Sixth Defense

6.    Honeywell's claims are barred in whole or in part by laches and/or equitable estoppel.

### Seventh Defense

7.    The claims of the '371 patent are unenforceable for inequitable conduct.

8.    An article by H. Noda et al. entitled "High Definition Liquid Crystal Projection TV" (Japan Display, 1989, pp. 256-259) (the "Noda Article") was not disclosed to the U.S.

Patent and Trademark Office ("PTO") during prosecution of the application that issued as the '371 Patent.

9.    Upon information and belief, the Applicant s were aware of the Noda Article during prosecution. Two of the named inventors of the '371 Patent, Richard I. McCartney, Jr. and Daniel D. Syroid, authored another article, entitled "Directional Diffuser Lens Array for Backlit LCDs" (JAPAN DISPLAY '92, pp. 259-262, presented on October 13, 1993) (the "McCartney Article"), which cites the Noda Article. Additionally, the third named inventor of the '371 Patent, Karen E. Jachimowicz, is acknowledged by the authors of the McCartney Article "for her many contributions to this effort early on including a key solution to moire pattern problems."

10.    The Noda Article is material prior art to the patentability of the claims of the '371 Patent, for at least the reasons that the Noda Article addresses viewing angles and moire effects in liquid crystal displays, both of which are identified as key considerations in the alleged invention of the '371 Patent.

11.    Upon information and belief, the Applicants knowingly and willfully withheld the Noda Article from the PTO, with the intent to deceive the PTO, during prosecution of the patent application that issued as the '371 Patent. Consequently, the Noda Article was not considered during prosecution of the application that issued as the '371 Patent.

12.    Upon information and belief, the Applicants' intentional withholding of the Noda Article resulted in the issuance of the '371 Patent.

### Eighth Defense

13.    Upon information and belief, Honeywell's allegations of infringement by Toppoly are barred in whole or in part under license.

17

**Ninth Defense**

14.     Honeywell is not entitled to damages under Title 35 with respect to any sale made to the United States or to a government contractor providing goods or services under a contract with the United States.

## PRAYER FOR RELIEF

**WHEREFORE**, Toppoly prays that the Court enter judgment as follows:

(a)     that the Complaint be dismissed with prejudice;

(b)     that Toppoly does not infringe and has not infringed any claim of the '371 patent;

(c)     that the '371 patent is invalid and/or unenforceable;

(d)     that Toppoly be awarded its costs and attorneys fees under, *inter alia*, 35 U.S.C. § 285; and

(e)     that Toppoly be awarded such further legal and equitable relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Toppoly requests a trial by jury on all issues so triable.

                                        POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Robert E. Yoches
Elizabeth A. Niemeyer
FINNEGAN, HENDERSON, FARABOW
  GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, DC  20001
Tel.:  (202) 408-4000

York M. Faulkner
FINNEGAN, HENDERSON, FARABOW
  GARRETT & DUNNER, L.L.P.
11955 Freedom Drive
Reston, VA  20190
Tel.: (571) 203-2700

By: */s/ David E. Moore*
       Richard L. Horwitz (#2246)
       David E. Moore (#3983)
       Hercules Plaza, 6th Floor
       1313 N. Market Street
       Wilmington, DE  19899
       Tel.:  (302) 984-6000
       rhorwitz@potteranderson.com
       dmoore@potteranderson.com

*Attorneys for Defendant*
*Toppoly Optoelectronics Corporation*

John R. Alison
FINNEGAN, HENDERSON, FARABOW
 GARRETT & DUNNER, L.L.P.
12D, 167 DunHua North Road
Taipei 105, Taiwan, ROC
Tel.: (886)-2-2712-7001

Dated: April 17, 2006
728338 / 29017

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on April 17, 2006, the within document

was served via hand delivery and was electronically filed with the Clerk of the Court

using CM/ECF which will send notification of such filing(s) to the following and the

document is available for viewing and downloading from CM/ECF:

Philip A. Rovner
Potter Anderson & Corroon LLP
1313 N. Market Street
Hercules Plaza, 6th Floor
Wilmington, DE 19899
provner@potteranderson.com

John W. Shaw
Karen Keller
Young, Conaway, Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
jshaw@ycst.com
kkeller@ycst.com

Adam W. Poff
Young, Conaway, Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
apoff@ycst.com

Thomas C. Grimm
Leslie A. Polizoti
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
tgrimm@mnat.com
lpolizoti@mnat.com

William J. Wade
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899-0551
wade@rlf.com

Frederick L. Cottrell, III
Chad Michael Shandler
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899-0551
Cottrell@rlf.com
shandler@rlf.com

Thomas L. Halkowski
Fish & Richardson P.C.
919 N. Market St., Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
halkowski@fr.com

Francis DiGiovanni
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
fdigiovanni@cblh.com

Amy Evans
Cross & Simon, LLC
913 N. Market Street, Suite 1001
P.O. Box 1380
Wilmington, DE  19899-1380
aevans@crosslaw.com

Karen L. Pascale
Young Conaway Stargatt & Taylor LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899
kpascale@ycst.com

William J. Marsden, Jr.
Fish & Richardson, P.C.
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE  19899-1114
marsden@fr.com

Paul A. Bradley
Thomas D. Walsh
McCarter & English, LLP
919 N. Market Street, Suite 1800
Wilmington, DE  19899
pbradley@mccarter.com
twalsh@mccarter.com

Matthew Neiderman
Duane Morris LLP
1100 N. Market Street
Suite 1200
Wilmington, DE  19801
mneiderman@duanemorris.com

Robert J. Katzenstein
Smith, Katzenstein, & Furlow
800 Delaware Avenue, 7th Fl.
P.O. Box 410
Wilmington, DE  19899
rkatzenstein@skfdelaware.com

Arthur G. Connolly, III
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE  19899
ac3@cblhlaw.com

Steven J. Balick
John G. Day
Ashby & Geddes
222 Delaware Avenue
17th Floor
Wilmington, DE 19899
sbalick@ashby-geddes.com
jday@ashby-geddes.com

David J. Margules
John M. Seaman
Bouchard Margules & Friedlander, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE  19801
dmargules@bmf-law.com
jseaman@bmf-law.com

Monte Terrell Squire
Young Conaway Stargatt & Taylor LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899
msquire@ycst.com

By:  /s/ David E. Moore
      Richard L. Horwitz
      David E. Moore
      Potter Anderson & Corroon LLP
      Hercules Plaza, 6th Floor
      1313 N. Market Street
      P.O. Box 951
      Wilmington, DE  19899-0951
      (302) 984-6000
      rhorwitz@potteranderson.com
      dmoore@potteranderson.com

709365