# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Thomas C. Grimm
302 351 9595
302 425 4661 Fax
tgrimm@mnat.com

May 1, 2006

**BY E-FILING**

The Honorable Kent A. Jordan
United States District Court
 for the District of Delaware
844 King Street
Wilmington, DE 19801

      Re:    <u>Honeywell, et al. v. Apple Computer, et al.</u>, C.A. No. 04-1338-KAJ

Dear Judge Jordan:

      I am writing to convey Honeywell's position regarding the Court's directive to the defendants in March to identify a "more manageable group" against whom this matter would first be tried. Tr. 3/13/06, p. 33.

      We have had several conversations with Mr. Philip Rovner, who was designated by the defendants to discuss this issue with Honeywell. As reflected in Mr. Rovner's letter to the Court today, defendants have been unable to reach any agreement regarding which of them will be part of the lead group. Mr. Rovner has confirmed to us, without specifying individual defendants, that the problem is one of too few, not too many, volunteers. Consequently, defendants have asked Honeywell to agree that the defendants be allowed to put off their decision/election until the Court construes the claims of the McCartney '371 patent, which is currently scheduled for August 30, 2007. This is not acceptable to Honeywell for a number of reasons.

      First, and most importantly, postponing this decision would be contrary to the Court's desire to hold all parties' "feet to the fire" in moving the case forward. Since the reconfiguration of the case, Honeywell has sought on several occasions to engage the defendants in a discussion about various issues which bear on the orderly and efficient progress of the case. These issues were summarized in Honeywell's January 9, 2006 Status Report filed with the Court and includes such things as identification of lead defense counsel in order to facilitate scheduling, briefing, and other pretrial activities. Defendants have generally rebuffed these overtures, on the grounds that discussing these issues is "premature." Now that the Scheduling Order is in place, Honeywell is concerned that, without a lead defendant group as the Court ordered, it will be much more difficult for the parties to work proactively and cooperatively to get the case ready for trial. If the defendants do not believe that any particular one of them is

The Honorable Kent A. Jordan
May 1, 2006
Page 2

going to trial, it also will likely color their views upon whether a number of issues remain "premature." Conversely, if the case proceeds with a clear understanding of who will be in trial first, it is more likely that there will be a meaningful and comprehensive engagement on all issues relative to moving through discovery and getting the case trial ready.

Second, defendants' proposal is based upon a speculative and ill-defined premise. The defendants are apparently concerned that, if the lead group is identified now, and some or all of the members of the group settle with Honeywell prior to trial, it would somehow prejudice the remaining defendants who were not otherwise expecting to go to trial. The nature of this claimed prejudice is unclear, especially given that sophisticated parties such as these are continually evaluating throughout a case whether prudent business judgment counsels in favor of settlement versus continued litigation. To date, Honeywell has been able to negotiate licenses to the McCartney '371 patent with 10 entities, representing a substantial portion of the market, without the benefit of a claim construction order; there is no reason to believe that the remaining members of the industry cannot approach settlement in the same fashion. Moreover, there is no guarantee that the defendants will be any more prepared to select the lead group after claim construction than at any other time or that settlement will be any more or less likely after that ruling.

Finally, the defendants propose modifying the current Scheduling Order by moving up the claim construction hearing by 90 days. This would place claim construction proceedings during the same time as the final months of discovery, which is not desirable from a case management standpoint. In short, while defendants propose a single change to the schedule, it would have adverse ramifications on the rest of the schedule.

Accordingly, Honeywell has proposed a procedure to the defendants based upon the current status of written discovery. As of this date, only seven of the current defendant groups have served written discovery upon Honeywell (Hitachi, Optrex, Samsung SDI, BOE Hydis, Sony, Sanyo Epson, and Seiko Epson). Clearly, these entities have – by their conduct – shown some interest in developing a record and otherwise moving the case forward. Honeywell suggests that the Court order the defendants to pick some subset of these seven entities as the designated representatives for the lead group. The status of the group can be re-evaluated at the currently scheduled status conference.

Overall, if this case is to be tried in groups, as the Court has indicated, Honeywell is concerned that this decision be implemented as soon as possible; delaying the decision will only make it harder, not easier on all parties. Honeywell stands ready to answer any questions the Court may have regarding its position.

Respectfully,

Thomas C. Grimm

cc:   Dr. Peter T. Dalleo, Clerk (via hand delivery)
      CM/ECF list (via e-filing)

518293