# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HONEYWELL INTERNATIONAL INC. and | ) | |
| HONEYWELL INTELLECTUAL PROPERTIES INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 04-1338 (KAJ) |
| v. | ) | |
| | ) | |
| APPLE COMPUTER, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**HONEYWELL'S SUR-REPLY TO DEFENDANT ARIMA DISPLAY'S MOTION TO
DISMISS FOR LACK OF PERSONAL JURISDICTION**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Thomas C. Grimm (#1098)
Leslie A. Polizoti (#4299)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
tgrimm@mnat.com
lpolizoti@mnat.com
*Attorneys for Plaintiffs*

OF COUNSEL:

Martin R. Lueck
ROBINS, KAPLAN, MILLER
  & CIRESI L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN  55402-2015
(612) 349-8500

May 15, 2006
520410

## INTRODUCTION

On March 23, 2006 Arima Display Corporation ("Arima Display") filed a Motion to Dismiss for Lack of Personal Jurisdiction.  That Motion set forth a series of legal arguments predicated on Arima Display's claim that it possessed "no contacts" with the state of Delaware. (Memorandum at 2).  After considering the facts as presented in Arima Display's Motion, Honeywell filed its Opposition; in doing so, Honeywell observed:

> Arima Display's legal arguments . . . are set forth in some detail. Unfortunately, however, both the factual assertions in Arima Display's Memorandum as well as the supporting paragraphs in Hsing-Hung Shen's Declaration conspicuously omitted those facts that are most relevant to the issues before this Court, including the identities and specific locations of Arima Display's customers. . . .

> Given the lack of discovery on this matter, Honeywell has been left to respond to Arima Display's Motion with its evidentiary arms tied behind its back.  For that reason, Honeywell respectfully moves the Court for jurisdictional discovery in order to determine the exact extent and nature of its contacts with the forum state.

(Opposition at 1, 12).

On April 17, 2006 Arima Display filed its Reply to Honeywell's Opposition, characterizing Honeywell's position as follows:

> After lamenting about its general predicament, Honeywell then complains that Arima Display did not present details relevant to personal jurisdiction.  *Contrary to Honeywell's assertion, Arima Display did provide the relevant details.*  Unfortunately for Honeywell, those details establish that Arima Display is indeed, as Honeywell recognized, 'a distant foreign company with no ties to Delaware.'  (D.I. 385 at 6).  Rather than accept this reality, Honeywell insists that if only further details were provided, then personal jurisdiction could be fabricated.  However, the details that Honeywell seeks add nothing further to the jurisdictional analysis.

(Reply Brief at 1-2) (emphasis added).[1]

Following the above briefing, on May 4, 2006, this Court heard arguments on a closely-analogous Motion to Dismiss filed by ST-LCD. At that hearing the Court ordered ST-LCD and Honeywell to engage in jurisdictional discovery to more fully develop those facts related to the Court's jurisdiction. (Okerlund Aff., Ex. B at 30-31).[2] In light of that related Order, Honeywell contacted Arima Display on May 8 to inquire whether Arima Display was willing to engage in voluntary discovery. Ex. C. On May 9, Arima Display declined Honeywell's suggestion, calling the jurisdictional arguments in Honeywell's briefing "unsupported speculations," and stating that, "as set forth in Arima Display's Reply Brief, Honeywell has failed to adduce *any* facts that . . . Arima Display is subject to jurisdiction in Delaware." Ex. D. Since Arima Display's Reply, however, additional facts have come to light.

## ADDITIONAL JURISDICTIONALLY-RELEVANT FACTS

In its attempt to rebut Honeywell's arguments, Arima Display stated in its Reply Brief (utilizing the past tense) that it "*did* provide the [jurisdictionally-] relevant details." (emphasis added) (Reply Brief at 1). On this point, Honeywell must respectfully disagree. Appended to the same paragraph where Arima Display stated it "did provide" all relevant details is a solitary footnote. That footnote references new facts in a "Supplemental Declaration" by Mr. Hsing-Hung Shen which was filed *on the same day* as Arima Display's Reply brief. Ex. E.

---

[1]    Arima Display is mistaken. Honeywell, of course, never "recognized" that Arima Display is "a distant foreign company with no ties to Delaware." Nor has Honeywell ever stated that details would allow it to "fabricate" personal jurisdiction.

[2]    All exhibits referenced herein are attached to the Affidavit of Michael D. Okerlund in Support of Plaintiffs' Motion for Leave to File Sur-Reply in Opposition to Arima Display's Motion to Dismiss for Lack of Personal Jurisdiction, filed herewith. Each such exhibit is cited herein as "Ex. __."

Local Rule 7.1.3 (c)(2) states that "[t]he party filing the opening brief shall not reserve material for the reply brief which should have been included in a full and fair opening brief." The facts contained in Mr. Shen's Supplemental Declaration, however, were never previously disclosed to either Honeywell or this Court. The new facts presented in the Supplemental Declaration include the names and "locations" of four of Arima Display's U.S.-based customers.[3] *Id.* That declaration also discloses Arima Display's knowledge that its other five foreign customers "manufacture end products that may be sold in the United States." *Id.* While Arima Display states in its Reply that this limited information is being provided to "put an end to some of Honeywell's speculations," (Reply Brief at 2), that same information has recently led to the discovery of several facts relevant to the jurisdictional inquiry.

The Supplemental Shen Declaration identifies, for the first time, four U.S. customers with which Arima Display does business. One of those customers is identified as Zebra Technologies Corporation ("Zebra") of Warwick, Rhode Island. Ex. E. A visit to Zebra's website under "Investor FAQ's" states that "Zebra is incorporated in Delaware." Ex. F. Cross checking that information with Delaware's Department of State confirms that Zebra's registered agent in Delaware can be found at 1209 Orange Street, in Wilmington. Ex. G.

Another of Arima Display's customers identified in Mr. Shen's latest Declaration is Silicon Motion, Inc., of San Jose, California. Ex. E. While Honeywell cannot say at this time how many of Arima Display's modules are sold in Delaware through Silicon Motion, a similarly-named company, Silicon Motion International, is also incorporated in Delaware. Ex. H. The significance of this fact is still unknown.

---

[3]    Arima Display does not explain what it means by its use of the term "locations," though Arima Display has associated a city and state with each of its customers.

A third company identified by Arima Display is "AZ Displays," ostensibly of Aliso Viejo, California. Ex. E. While AZ Displays does not appear to be a Delaware company, its principal business appears to be the nationwide sale of LCDs and related technology. AZ Displays also has an LCD Online Store, which the company indicates is "an 'internet only' business designed to minimize costs and offer a broad range of LCDs at lower prices." Ex. I. At that store, any Delaware citizen with a credit card is invited to purchase LCDs from AZ Displays' "large selection of stock." *Id.* But customers don't have to utilize AZ Display's online store to satisfy their LCD needs; should a Delaware citizen prefer to purchase LCDs from a person, AZ Display's website indicates that Mr. Jon Hartmaier, a sales representative *for the state of Delaware*, stands ready to serve them. Ex. J. Delaware citizens can reach Mr. Hartmaier at 215-643-6691. *Id.* And indeed, AZ Display apparent enjoys a brisk business in this jurisdiction; the company's website indicates it is currently looking for an additional sales representative to serve the "territory" of Delaware. Ex. K.

The fourth and final company revealed by Arima Display is Trade Management Solutions of Plano, Texas. Ex. E. That company also appears to be *a Delaware* corporation. Ex. L. Unfortunately, absent jurisdictional discovery, very little is known about that company.

As for each of the five foreign companies that Arima Display now admits "manufacture end products that may be sold in the United States," Ex. E., no additional information has been provided by Arima Display and it is still uncertain whether those companies represent additional tributaries to the stream of commerce running from Arima Display to the State of Delaware.

## CONCLUSION

To Arima Display's repeated contention that "Honeywell has failed to adduce *any* facts that establish Arima Display is subject to jurisdiction in Delaware," Ex. D, Honeywell replies that *none* of the information concerning Arima Display's customers would have *ever* come to light absent Arima Display's "Supplemental Disclosure." Regardless, it is now apparent that Arima Display has several direct ties to Delaware via direct sales to multiple Delaware corporations. Arima Display's motion should be denied outright. Alternatively, Honeywell has demonstrated that it is entitled to jurisdictional discovery.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_____
Thomas C. Grimm (#1098)
Leslie A. Polizoti (#4299)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
tgrimm@mnat.com
lpolizoti@mnat.com
*Attorneys for Plaintiffs*

OF COUNSEL:

Martin R. Lueck
ROBINS, KAPLAN, MILLER
    & CIRESI L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN  55402-2015
(612) 349-8500

May 15, 2006

# EXHIBIT B

Page 1

```
 1               THE UNITED STATES DISTRICT COURT

 2              IN AND FOR THE DISTRICT OF DELAWARE

 3                          - - -

 4   HONEYWELL INTERNATIONAL, INC.     :     CIVIL ACTION
     et al.                           :
 5                                     :
                     Plaintiffs,       :
 6                                     :

 7        v.                           :
                                       :
 8   APPLE COMPUTER, INC.,  et al.,    :
                                       :     NO. 04-1338 (KAJ)
 9                   Defendants.       :

10                          - - -

11                   Wilmington, Delaware
                 Thursday, May 4, 2006 at 2:30 p.m.
12                     MOTIONS HEARING

13                          - - -

14   BEFORE:       HONORABLE KENT A. JORDAN, U.S.D.C.J.

15                          - - -
     APPEARANCES:
16

17        MORRIS NICHOLS ARSHT & TUNNELL
          BY:  THOMAS C. GRIMM, ESQ., and
18             LESLIE A. POLIZOTI, ESQ.

19             and

20        ROBINS KAPLAN MILLER & CIRESI, L.L.P
          BY:  MATTHEW L. WOODS, ESQ., and
21             STACIE E. OBERTS, ESQ.
               (Minneapolis, Minnesota)
22
               and
23

24
                         Brian P. Gaffigan
25                       Certified Merit Reporter
```

Page 2

```
 1   APPEARANCES: (Continued)

 2

 3        HONEYWELL INTERNATIONAL
          BY:  J. DAVID BRAFMAN, ESQ.
 4
                    Counsel on behalf of Honeywell
 5                  International, Inc., and Honeywell
                    Intellectual Properties, Inc.
 6

 7
          RICHARDS LAYTON & FINGER
 8        BY:  WILLIAM J. WADE, ESQ.

 9                  and

10        WEIL GOTSHAL & MANGES
          BY:  DAVID J. LENDER, ESQ., and
11             STEPHEN J. RIZZI, ESQ.
               (New York, New York)
12
                    Counsel for Matsushita Electrical
13                  Industrial Co. and Matsushita
                    Electrical Corporation of America
14

15
          YOUNG CONAWAY STARGATT & TAYLOR
16        BY:  JOHN W. SHAW, ESQ.

17                  and

18        KENYON & KENYON
          BY:  ROBERT L. HAILS, ESQ.
19             (Washington, District of Columbia)

20                  and

21        SONY CORPORATION OF AMERICAN
          BY:  PETER TOTO, ESQ.
22
                    Counsel for ST Liquid Crystal Display
23                  Corp.,  Sony Corporation and Sony
                    Corporation of America
24

25
```

1    to be learned from the CEA case?

2              MR. HAILS:  That's not a learning question at

3    all.  You know, I guess remand did suggest there would be

4    jurisdictional discovery, and I can see how someone would

5    take that as a lesson to be learned.  And we do have that.

6    I would say, however, that I don't know -- we have a lot of

7    different issues that are running around on the personal

8    jurisdiction cases.

9              One of the issues is this idea of fair play.

10   Like, for example, when the Federal Circuit did wrestle

11   which are the Asahi tests are we going to use and how are we

12   going to do it?  One of the options presented to this Court

13   is to decide whether we would have to reach that particular

14   prong.  I mean we have.

15             In the Asahi case, it was decided upon the

16   traditional motions of fair play, the interest of Delaware

17   in the forum.  And I would submit to you that Sony Corp. is

18   here.  It considered itself a manufacturer defendant.  It's

19   ready, willing and able to defend.  I don't know that we

20   have to reach all the way back to the guy on the assembly

21   line who actually made the module that winds up in Delaware

22   to get there.

23             I would think that Delaware's interest in

24   holding jurisdiction over ST-LCD, the entity is ameliorated

25   by the fact there are intermediaries that are ready and can

1    satisfy any judgment that occurs.

2              THE COURT:  Okay.  Thank you, Mr. Hails.

3              Mr. Wood, is this yours, too?

4              MR. WOODS:  This is mine, Your Honor.

5              THE COURT:  Okay.

6              MR. WOODS:  I get all the fun today.

7              Your Honor, I do believe that you fairly

8    accurately summarized the positions we made in the briefs

9    and really the focus of our analysis is as follows.  There

10   doesn't really seem to be any issue at all with regard to

11   the Court's personal jurisdiction over Sony here.  And so

12   really the question is does the relationship between Sony

13   and ST-LCD allow that personal jurisdiction to extend to the

14   manufacturing arm of Sony?  And that really is the issue.

15             What our focus really is, is that ST-LCD is the

16   first link in what appears to be a very well developed and

17   efficient distribution channel.  And under the Elonex case

18   and the other cases that are cited in the briefings, that

19   being the first link of that, even in a situation where it's

20   a component that is added on down the road, under the

21   appropriate circumstances, the nature of that relationship

22   can rise to a basis for personal jurisdiction.

23             And so what we're looking at is basic simple

24   facts.  One is Sony expressly created ST-LCD to make these

25   devices.  These are the very devices that are at issue in

1   this case.  So automatically there is a nexus between that

2   relationship and the nature and the essence of the

3   infringement allegations under the McCartney '371 patent.

4           It also turns out that all of ST-LCD's supply,

5   all of its production is sent to Sony.  And so again, you

6   start to see this partnership, this collaboration where it

7   defies common sense to think that ST-LCD doesn't know what

8   is going on.

9           Now, Mr. Hails has mentioned the phrase they

10  don't control, they don't participate.  We would

11  respectfully submit that is not the test even under the

12  higher standards that have been discussed in CEA and some of

13  the other law.  Because the point is not that you control

14  it, the point is that you know about it and you intend to

15  benefit from it.  And we believe that at a minimum, some

16  jurisdictional discovery is appropriate here because those

17  issues are not addressed at all in the Ogura declaration.

18          THE COURT:  Tell you what.  Sold.  All right?

19  We're going to have jurisdictional discovery here.  That is

20  the order I'm entering.  I think, having looked at these

21  positions, there is enough here that I think I have to allow

22  Honeywell to explore the links between ST-LCD and Sony to

23  see if it can make its theory stick.  Because if they can

24  make their theory or their beliefs, if they can verify their

25  beliefs about the relationship and about the knowledge and

1   intent, then they -- I don't know we'll have to take a look

2   at the law in light after a more developed record but it's

3   certainly not a frivolous position there is personal

4   jurisdiction.  So I'm going to permit the discovery.

5           And you folks should discuss with one another an

6   appropriate time frame for completing that.  Because I don't

7   want to have this motion hanging out there.  What I intend

8   to do is to grant the motion to the limit the extent

9   described here and dismiss it without prejudice in all other

10  regards.  And then when of the discovery is concluded, if

11  you think you still have a basis to move to dismiss for lack

12  of personal jurisdiction and you want to pursue that on the

13  ST-LCD side, you are free to bring that again and I'll

14  decide it in light of the discovery record you have

15  developed.  All right?

16          That takes care of the matters that we had on

17  our plate for today with this group.  I'll say one thing and

18  nobody has to respond to this.  But I do anticipate, unless

19  I am mistaken, there will be a lot of people reading this

20  transcript.

21          I'm interested in wrapping up the issue about

22  the case, who is in the box as we move forward to trial.

23  And I'm just getting letters about that in the last couple

24  of days and I really want to put that to bed so I want the

25  parties to be in earnest about speaking to each other and

# EXHIBIT C

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

ATTORNEYS AT LAW

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Tel: 612-349-8500 Fax: 612-339-4181
www.rkmc.com

MATTHEW L. WOODS
612-349-8272

May 8, 2006

**Via E-Mail**

Dan C. Hu, Esq.
Trop Pruner & Hu
8554 Katy Freeway
Houston, TX  77024-1834

Re:   Honeywell, et al. v. Apple Computer, et al.
       File No.: 019896.0229

Dear Dan:

I am writing with regard to Arima Display's pending Motion to Dismiss for Lack of Personal Jurisdiction.

By now, you have likely heard that the Court denied ST-LCD's similar motion last Thursday afternoon, pending a more complete record developed after jurisdictional discovery.  I am writing to inquire whether, given the results of ST-LCD's comparable motion, Arima Display is willing to dismiss its motion (without prejudice) and engage in jurisdictional discovery. Please note that the Court left it to the parties to discuss the scope and timing of such discovery, although it was clearly indicated that the Court wanted the parties to act with dispatch.

At your earliest convenience, please let me know whether Arima Display agrees to this proposal.  If so, we should communicate that agreement to the Court.

Very truly yours,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

Matthew L. Woods

MLW/ms

c:    Thomas C. Grimm, Esq. (via e-mail)
      Stacie E. Oberts, Esq. (via e-mail)
      Anthony R. Froio (via e-mail)

# EXHIBIT D

TROP, PRUNER & HU, P.C.

INTELLECTUAL PROPERTY LAW ATTORNEYS

8554 Katy Freeway, Suite 100
Houston, Texas  77024

Business:  (713) 468-8880
Facsimile: (713) 468-8883

May 9, 2006

*Via E-Mail*

Matthew L. Woods
Robins, Kaplan, Miller & Ciresi, LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015

Re:    *Honeywell International Inc., et al., v. Apple Computer, Inc. et al.*
       Civil Action No. 04-1338-KAJ in the U.S. District Court, District of Delaware

Dear Matt:

In response to your letter regarding Arima Display's pending Motion to Dismiss for Lack of Personal Jurisdiction, Arima Display is not willing to dismiss its Motion and engage in jurisdictional discovery at this time.

We recognize that the Court denied ST-LCD's Motion to Dismiss.  However, ST-LCD's factual scenario with respect to jurisdiction is significantly different than Arima Display's.  Indeed, as set forth in detail in Arima Display's Reply Brief, Honeywell has failed to adduce *any* facts that establish with reasonable particularity that Arima Display is subject to jurisdiction in Delaware. Accordingly, Honeywell has not shown that jurisdictional discovery is warranted. Moreover, Honeywell's unsupported speculations that jurisdiction exists provide a compelling distinction between this case and the facts that were before the Court in *CEA v. CMO.*

As such, Arima Display will not agree to your proposal and chooses, instead, to present its case to the Court.

Sincerely,

Dan C. Hu

DCH:DS:mh

May 9, 2006
Page 2


cc:    William J. Wade, Esq. (via e-mail)

# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HONEYWELL INTERNATIONAL INC. and<br>HONEYWELL INTELLECTUAL PROPERTIES INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 04-1338-KAJ |
| APPLE COMPUTER INC., et al, | ) ) | |
| Defendants. | ) ) | |

SUPPLEMENTAL DECLARATION OF HSING-HUNG SHEN
IN SUPPORT OF ARIMA DISPLAY CORP.'S
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

I, Hsing-Hung Shen, declare as follows:

1.    This declaration is offered to supplement my declaration executed on March 23, 2006,
which was made in support of Arima Display's Motion to Dismiss for lack of Personal
Jurisdiction.

2.    Arima Display has sold 2.66 inch LCD modules to Arima Computer Corporation for
Arima Computer Corporation's internal use.  Arima Display does not sell or supply to
Arima Computer Corporation any LCD modules that Arima Computer Corporation
incorporates into electronic products that are sold, distributed or assembled in the United
States.

3.    Arima Display has four customers located in the United States.  Those customers are:

1.    AZ Displays
Aliso Viejo, CA

2.    Silicon Motion, Inc.
San Jose, CA

3.    Zebra Technologies Corporation
Warwick, RI

4.    Trade Management Solutions
Plano, TX

1

4.  The identities of Arima Display's Asian customers that manufacture end products that may be sold in the United States are:

    1.  Arima Communications, Inc.
        Taipei, Taiwan

    2.  VTech Telecommunications Ltd.
        Tai Po, Hong Kong

    3.  Kaohsiung-Hitachi Electronics Co. Ltd.
        Kaohsiung, Taiwan

    4.  Wistron
        Hsinchu, Taiwan

5.  Arima Display has one European customer that manufactures end products that may be sold in the United States.  That customer is:

    1.  EM Microelectronics-Marin S.A.
        Marin, Switzerland

6.  The page attached hereto as Exhibit A is not a request for quotation form in Chinese for any product manufactured by Arima Display.  Rather, the page includes an error message indicating that the website cannot be found.

7.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Executed on April 17, 2006

         _Hsing-Hung Shen_ (signature)
    Hsing-Hung Shen
    Special Assistant to the President, Arima Display

2

# EXHIBIT F



**Printing Solutions for Business Improvement**

Home | Login | Create Profile | Contact Zebra

Select Language

Search    GO

Find it Now

Bookmark This Page

| INDUSTRY SOLUTIONS | PRODUCTS | HOW TO BUY | DRIVERS & DOWNLOADS | SERVICE & SUPPORT | RESOURCE LIBRARY | ABOUT ZEBRA | FOR PARTNERS |

OUR COMPANY

OUR SOLUTIONS

OUR PARTNERS

INVESTOR RELATIONS

Corporate Governance

Financial Performance

Investor Calendar

Analyst Coverage

Annual Reports

Investor FAQs and Glossary

Contact Zebra Investor Relations

NEWSROOM

CAREER CENTER

NEWSLETTERS

CONTACT ZEBRA

Home > About Zebra > Investor Relations > Investor FAQs and Glossary > Investor FAQs

## Investor FAQs

> Does Zebra have a direct stock purchase plan?

> Does Zebra issue dividends and have a Dividend Reinvestment Plan (DRIP)?

> When did Zebra split its stock?

> When did Zebra go public and at what price?

> In what state is Zebra incorporated?

> When does Zebra's year end?

> How many employees does Zebra have?

> When did Zebra merge with Eltron International?

> When did Zebra acquire Comtec Information Systems?

> When did Zebra acquire Atlantek, Inc.?

> How many shares are outstanding?

> Doesn't Zebra have two classes of Common Stock?

> On what market does Zebra stock trade?

> Who is Zebra's transfer agent?

> How do I change my address on my Zebra stock certificate? Or change title on the stock?

> What is the CUSIP number for Zebra stock?

> Who is Zebra's legal counsel?

> Who are Zebra's independent auditors?

> When is the next Annual Meeting of Stockholders?

> Does Zebra issue quarterly reports?

> How can I get an investor packet on Zebra?

**Does Zebra have a direct stock purchase plan?**                    Back to Top

Zebra currently does not have a direct stock purchase plan.

**Does Zebra issue dividends and have a Dividend Reinvestment Plan (DRIP)?**                    Back to Top

Zebra currently does not issue dividends and does not have a DRIP. We intend to retain earnings to finance future growth, including through acquisitions and internal development.

**When did Zebra split its stock?**                    Back to Top

Zebra had the following stock splits: a two-for-one stock split on 28 December 1995; a three-for-two stock split on 21 August 2003; and a three-for-two stock split on 25 August 2004.

**When did Zebra go public and at what price?**                    Back to Top

Zebra had its initial public offering (IPO) of common stock on 15 August 1991, at a price of $3.44 per share, adjusted for the stock splits.

**In what state is Zebra incorporated?**                    Back to Top



Zebra is incorporated in Delaware.

**When does Zebra's year end?**                    Back to Top

Zebra's fiscal year ends on 31 December.

**How many employees does Zebra have?**                    Back to Top

Zebra has approximately 2,400 employees worldwide.

**When did Zebra merge with Eltron International?**                    Back to Top

Zebra merged with Eltron International on 28 October 1998.

**When did Zebra acquire Comtec Information Systems?**                    Back to Top

Zebra acquired Comtec on 3 April 2000.

**When did Zebra acquire Atlantek, Inc.?**                    Back to Top

Zebra acquired Atlantek on 17 November 2003.

**How many shares are outstanding?**                    Back to Top

As of December 2005, Zebra had approximately 70.5 million shares of Class A Common Stock outstanding.

**Doesn't Zebra have two classes of Common Stock?**                    Back to Top

Until 31 July 2003, Zebra had Class A and Class B Common Stock. On that date, however, the number of Class B shares no longer represented at least 10% of total shares outstanding. Therefore, each remaining share of Class B Common Stock automatically converted into one share of Class A Common Stock. Holders of Class B Common stock entitled the holder to 10 votes per share. Each share of Class A Common Stock entitles the holder to one vote on matters brought before stockholders.

**On what market does Zebra stock trade?**                    Back to Top

Zebra Common Stock is traded on the Nasdaq Stock Market under the symbol ZBRA.

**Who is Zebra's transfer agent?**                    Back to Top

Zebra's transfer agent is Mellon Investor Services, 877 870 2368.
Hearing-impaired stockholder number: 201-680-6610
Foreign stockholder number: 201-680-6578
You can also access your account via the Web http://www.melloninvestor.com.
You can e-mail the transfer agent at shrrelations@mellon.com.

**How do I change my address on my Zebra stock certificate? Or change title on the stock?**                    Back to Top

All questions regarding your ownership of Zebra stock should be addressed to our transfer agent, Mellon Investor Services. Send your written inquiries to: Mellon Investor Services PO Box 3310 South Hackensack, NJ 07606-1910. Send registered or overnight packages to: Mellon Investor Services Stock Transfer Department 480 Washington Blvd., Jersey City, NJ 07310.

**What is the CUSIP number for Zebra stock?**                    Back to Top

Class A Common Stock: 989207105

**Who is Zebra's legal counsel?**                    Back to Top

Zebra's legal counsel is Katten Muchin Rosenman LLP, in Chicago, Illinois.

**Who are Zebra's independent auditors?**                    Back to Top

Zebra's independent auditors are KPMG LLP, Chicago, Illinois.

**When is the next Annual Meeting of Stockholders?**                    Back to Top

Zebra's Annual Meeting of Stockholders will be held on 9 May 2006.

**Does Zebra issue quarterly reports?**                    Back to Top

No, to keep costs down and use the power of new technologies, Zebra does not issue printed quarter reports. Rather, we are focusing more attention on delivering information about Zebra through our Web site. You can find our earnings reports, Securities and Exchange filings, and other press releases on the Zebra Web site.

**How can I get an investor packet on Zebra?**                    Back to Top

You can contact Zebra Investor Relations with questions related to Zebra finance and stock.

E-mail for financial inquiries: ir@zebra.com

Telephone: **847 793 6735**

Investor FAQs - Zebra Technologies

Need information about Zebra Card printers? Visit www.zebracard.com.

© 2006 ZIH Corp. All rights reserved.

Copyright | Terms & Conditions | Privacy Statement | Contact Zebra | Site Help | Site Map

# EXHIBIT G

Division of Corporations - Online Services                                    Page 1 of 1

 **State of Delaware** 
The Official Website for the First State

Visit the Governor | General Assembly | Courts | Other Elected Officials | Federal, State & Lc

State Directory | Help | Search Delaware :        [GO]        Citizen Services | Business Services | \

**Department of State: Division of Corporations**

---

HOME
About Agency
Secretary's Letter
Newsroom
Frequent Questions
Related Links
Contact Us
Office Location

**SERVICES**
Pay Taxes
File UCC's
Delaware Laws Online
Name Reservation
General Information
Status

**INFORMATION**
Corporate Forms
Corporate Fees
UCC Forms and Fees
UCC Searches
Taxes
Expedited Services
Service of Process
Registered Agents
Get Corporate Status
Submitting a Request

Frequently Asked Questions   View Search Results

---

## Entity Details

THIS IS NOT A STATEMENT OF GOOD STANDING

| File Number: | **2268064** | Incorporation Date /<br>Formation Date: | **07/10/1991**<br>(mm/dd/yyyy) |
| Entity Name: | **ZEBRA TECHNOLOGIES CORPORATION** | | |
| Entity Kind: | **CORPORATION** | Entity Type: | **GENERAL** |
| Residency: | **DOMESTIC** | State: | **DE** |

**REGISTERED AGENT INFORMATION**

| Name: | **THE CORPORATION TRUST COMPANY** | | |
| Address: | **CORPORATION TRUST CENTER 1209 ORANGE STREET** | | |
| City: | **WILMINGTON** | County: | **NEW CASTLE** |
| State: | **DE** | Postal Code: | **19801** |
| Phone: | **(302)658-7581** | | |

Additional Information is available for a fee. You can retrieve Status for a fee of $10.00 or more detailed information including current franchise tax assessment, current filing history and more for a fee of $20.00.

Would you like ○ Status ○ Status,Tax & History Information [ Submit ]

[ Back to Entity Search ]

To contact a Delaware Online Agent click here.

---

site map | about this site | contact us | translate | delaware.gov

# EXHIBIT H

Division of Corporations - Online Services                                    Page 1 of 1

 

# State of Delaware
## The Official Website for the First State

Visit the Governor | General Assembly | Courts | Other Elected Officials | Federal, State & L

State Directory | Help | Search Delaware                    Citizen Services | Business Services | \

**Department of State: Division of Corporations**

HOME
About Agency
Secretary's Letter
Newsroom
Frequent Questions
Related Links
Contact Us
Office Location

**SERVICES**
Pay Taxes
File UCC's
Delaware Laws Online
Name Reservation
General Information
Status

**INFORMATION**
Corporate Forms
Corporate Fees
UCC Forms and Fees
UCC Searches
Taxes
Expedited Services
Service of Process
Registered Agents
Get Corporate Status
Submitting a Request

Frequently Asked Questions   View Search Results

---

## Entity Details

**THIS IS NOT A STATEMENT OF GOOD STANDING**

| | | | |
|---|---|---|---|
| File Number: | 3217172 | Incorporation Date / Formation Date: | 06/01/2000 (mm/dd/yyyy) |
| Entity Name: | SILICON MOTION INTERNATIONAL, INC. | | |
| Entity Kind: | CORPORATION | Entity Type: | GENERAL |
| Residency: | DOMESTIC | State: | DE |

**REGISTERED AGENT INFORMATION**

| | | | |
|---|---|---|---|
| Name: | THE CORPORATION TRUST COMPANY | | |
| Address: | CORPORATION TRUST CENTER 1209 ORANGE STREET | | |
| City: | WILMINGTON | County: | NEW CASTLE |
| State: | DE | Postal Code: | 19801 |
| Phone: | (302)658-7581 | | |

Additional Information is available for a fee. You can retrieve Status for a fee of $10.00 or more detailed information including current franchise tax assessment, current filing history and more for a fee of $20.00.

Would you like ○ Status  ○ Status,Tax & History Information  [ Submit ]

[ Back to Entity Search ]

To contact a Delaware Online Agent click here.

---

site map | about this site | contact us | translate | delaware.gov

# EXHIBIT I

# Welcome to **LCD** OnlineStore.com

### Buy AZ Displays, Inc. LCDs online

**LCD *Online Store***
has created an "internet only" business designed to minimize costs and offer a broad range of LCDs at lower prices.
Your search starts and ends with LCD online Store because we offer easy shopping of parts, competitive pricing, and a large selection of stock to meet your LCD requirements.

Enter a partial or full part number of any manufacturer

or select a manufacturer from the list

Select manufacturer  



**We offer:**

■ Shipment from stock as available

■ We accept backorders and scheduled shipments

■ Payment by
  • credit card (Visa, Master Card, American Express)
  • establish open account
  • wire transfer or prepayment

■ Minimum Purchase orders of $25 accepted

■ Shop SSL-secured 🔒

| Product Groups |
|---|
| ■ Character Modules |
| ■ Graphic Modules |
| ■ Glass Panel LCDs |
| ■ Standard Models with Touch Panel Option |
| ■ Chip On Glass Models (COG) |

| Freight Login |
|---|
| Please enter code: |

*MWS-Internet 1999-2002*

| Other Links | Contact us |
|---|---|
| ■ Special Promotion List | AZ Displays' Website |
| ■ Terms of Sale | Email: sales@azdisplays.com |
| ■ Privacy Policy Statement | Phone: (949) 360-5830 |
| ■ Useful Links for Engineers | Fax: (949) 360-5839 |
| ■ Part Numbering System | |

© AZ Displays, Inc. 1999-2002 - A Zettler Components, Inc. Company

# EXHIBIT J

# AZ DISPLAYS, Inc.
## Complete LCD Solutions

### Sales Representatives
## Delaware, USA

**W.R. Hartmaier & Associates**
719 Cedar Hill Road
Ambler , PA 19002
USA
Phone: 215-643-6691
Fax: 215-643-6690
Contact: Jon Hartmaier
eMail: contact W.R. Hartmaier & Associates
WWW: www.azdisplays.com
Territory: Eastern PA, Southern NJ, & DE

Copyright © 1999-2006 AZ Displays, Inc., a Zettler Components Company
All rights reserved.
Tel: (949) 360-5830 | Fax: (949) 360-5839
Email: sales@azdisplays.com | Web: www.azdisplays.com
Website-Design by MWS-Internet 1999-2004

# EXHIBIT K

# AZ DISPLAYS, Inc.
## Complete LCD Solutions

Home | About Us | How To Reach Us | Product Finder | Competitors Cross Reference | Press Releases |
Distributor Finder | Sales Rep Finder | Buy LCDs | Other Products: Relays, LEDs & Transformers | More Info |
LCD Online Store | Employment Opportunities | ➡ Business Opportunities

# Business Opportunities

### Open US Territories:

Open Rep Territory: Delaware

Open Rep Territory: Eastern Idaho

Open Rep Territory: Eastern Pennsylvania

Open Rep Territory: Southern New Jersey

LCD displays - character and graphic modules, discrete LED and LED displays

Contact Saleem Aaron    saleem@azdisplays.com

Copyright © 1999-2006 AZ Displays, Inc., a Zettler Components Company
All rights reserved.
Tel: (949) 360-5830 | Fax: (949) 360-5839
Email: sales@azdisplays.com | Web: www.azdisplays.com

# EXHIBIT L

Division of Corporations - Online Services                                                    Page 1 of 1

 

# State of Delaware
## The Official Website for the First State

Visit the Governor | General Assembly | Courts | Other Elected Officials | Federal, State & Lo

State Directory | Help | Search Delaware :          GO          Citizen Services | Business Services | V

**Department of State: Division of Corporations**

| | |
|---|---|
| **HOME** | Frequently Asked Questions   View Search Results |

About Agency
Secretary's Letter
Newsroom
Frequent Questions
Related Links
Contact Us
Office Location

**SERVICES**
Pay Taxes
File UCC's
Delaware Laws Online
Name Reservation
General Information
Status

**INFORMATION**
Corporate Forms
Corporate Fees
UCC Forms and Fees
UCC Searches
Taxes
Expedited Services
Service of Process
Registered Agents
Get Corporate Status
Submitting a Request

## Entity Details

**THIS IS NOT A STATEMENT OF GOOD STANDING**

| | | | |
|---|---|---|---|
| File Number: | 3912499 | Incorporation Date / Formation Date: | 01/14/2005 (mm/dd/yyyy) |
| Entity Name: | **TRADE MANAGEMENT SOLUTIONS, LLP** | | |
| Entity Kind: | **LIMITED LIABILITY PARTNERSHIP (LLP)** | Entity Type: | **GENERAL** |
| Residency: | **DOMESTIC** | State: | **DE** |

### REGISTERED AGENT INFORMATION

| | | | |
|---|---|---|---|
| Name: | **THE COMPANY CORPORATION** | | |
| Address: | **2711 CENTERVILLE ROAD SUITE 400** | | |
| City: | **WILMINGTON** | County: | **NEW CASTLE** |
| State: | **DE** | Postal Code: | **19808** |
| Phone: | **(302)636-5440** | | |

Additional Information is available for a fee. You can retrieve Status for a fee of $10.00 or more detailed information including current franchise tax assessment, current filing history and more for a fee of $20.00.

Would you like ○ Status ○ Status,Tax & History Information  [ Submit ]

[ Back to Entity Search ]

To contact a Delaware Online Agent click here.

site map  |  about this site  |  contact us  |  translate  |  delaware.gov