**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| HONEYWELL INTERNATIONAL INC. and<br>HONEYWELL INTELLECTUAL PROPERTIES INC., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )    C.A. No. 04-1338-KAJ<br>) |
| APPLE COMPUTER INC., et al, | )<br>) |
| Defendants. | )<br>) |

**DEFENDANT ARIMA DISPLAY'S SUR-RESPONSE IN SUPPORT OF ITS
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

William J. Wade  (#704)
Wade@rlf.com
Matthew W. King  (#4566)
King@rlf.com
RICHARDS, LAYTON & FINGER
One Rodney Square
P.O. Box 551
OF COUNSEL:                               Wilmington, DE  19899

Dan C. Hu                                 Attorneys for Defendant
Diana M. Sangalli                         Arima Display Corporation
TROP, PRUNER & HU, P.C.
Suite 100
8554 Katy Freeway
Houston, TX  77024

Dated:  May 30, 2006

**INTRODUCTION**

On March 23, 2006, Arima Display filed its Motion to Dismiss and supporting brief, establishing that Arima Display is not subject to jurisdiction in Delaware. (D.I. 369, 370). Honeywell filed a Response opposing Arima Display's Motion that complained about the lack of details provided by Arima Display and requested jurisdictional discovery. (D.I. 385). In its Reply Brief, Arima Display voluntarily provided additional details sought by Honeywell, including the identities and places of business of its U.S.-based customers, even though those details contributed nothing to establishing jurisdiction in Delaware over Arima Display. (D.I. 405).

On May 4, 2006, this Court heard arguments on ST-LCD's Motion to Dismiss. Although Honeywell characterizes ST-LCD's Motion as "closely-analogous" to Arima Display's Motion, the only real similarity lies in that both Motions address the question of personal jurisdiction. (D.I. 435, Ex. A at 2). The jurisdictionally relevant facts underlying the two Motions are not analogous and, indeed, differ significantly. In view of those differences, Arima Display declined Honeywell's subsequent offer to engage in jurisdictional discovery.

On May 25, 2006 the Court entered an order granting both Honeywell's motion for leave to file a Sur-Reply in Opposition to Arima Display's Motion to Dismiss and Arima Display's request to file a Sur-Response in Support of its Motion to Dismiss. Honeywell's Sur-Reply asserts that the additional details that Arima Display provided in its Reply Brief establish that Arima Display is subject to jurisdiction in Delaware. (D.I. 435). Specifically, Honeywell states that "it is now apparent that Arima Display has several direct ties to Delaware via direct sales to multiple Delaware corporations." (D.I.

435, Ex. A at 5). Honeywell's analysis is flawed. The mere fact that some of Arima Display's customers may be incorporated in Delaware establishes, at most, that those customers—not Arima Display—may be subject to jurisdiction in Delaware. On May 25, 2006 the Court granted both Honeywell's motion for leave to file a Sur-Reply and Arima Display's request to file a Sur-Response

Honeywell continues to overlook that the jurisdictional analysis must focus on Arima Display's conduct and whether that conduct has been purposefully directed toward Delaware. Where a defendant raises lack of personal jurisdiction on a motion to dismiss, the trial court may permit limited discovery directed at the specific theory of personal jurisdiction asserted by the plaintiff. However, that permission is generally limited to when the moving party has met a threshold showing of factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts between the party and the forum state. *See Commissariat A L'Energie Atomique v. Chi Mei Optoelectronics Corp.*, 395 F.3d 1315, 1323 (Fed. Cir. 2005)("*Commissariat*"); *Hockerson-Halberstadt, Inc. v. Propet USA, Inc.*, 62 Fed. Appx. 322, 338 (Fed. Cir. 2003)(unpublished)(holding "[w]hen the lack of personal jurisdiction is clear, ... further discovery serves no purpose and should be denied."); *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003); *Hansen v. Nuemueller GmbH*, 163 F.R.D. 471, 475 (D. Del. 1995)(holding "there must be some competent evidence to demonstrate that personal jurisdiction over [a] defendant might exist before allowing discovery to proceed.").

Here, Plaintiffs have failed to suggest in the Complaint, through briefing, by affidavit or otherwise, that any credible basis exists to subject Arima Display to

3

jurisdictional discovery in this forum.  Plaintiffs allege only that Arima's website is accessible to Delaware residents and that some of Arima's customers are incorporated in Delaware.  This evidence falls far short of that which is required under the Federal Circuit's analysis in *Commissariat*.  Although the plaintiff in that case, CEA, did not present evidence of pre-filing sales in Delaware, it did show that a Delaware resident had placed a pre-filing order and then cancelled it.  *Commissariat*, 395 F.3d at 1317.  In this case Honeywell has shown only that a pre-filing sale was made in New Mexico.  CEA also went to a lot more effort to show that the defendant, CMO, was a big player in the LCD panel market and that an established distribution channel existed.  *Id.*  CEA made this showing using publicly available industry data.  *Id.*  Honeywell has not even attempted to make such a showing.  Simply put, Honeywell's sparse and unsupported allegations fail to meet the threshold standard necessary to permit it access to the processes of discovery customarily available to parties to litigation.  Because Honeywell has once again failed to connect the dots between its alleged "jurisdictionally relevant" facts and Delaware, Arima Display reasserts its contention that Honeywell has yet to adduce any evidence or make any well-founded allegations that establish or even suggest with reasonable particularity that Arima Display is subject to jurisdiction in this forum.  Honeywell has failed to show that jurisdictional discovery is warranted, much less that "Arima Display's motion should be denied outright."  (D.I. 435, Ex. A. at 5).

## HONEYWELL'S ALLEGED "JURISDICTIONALLY-RELEVANT" FACTS

Honeywell named Arima Display as a defendant to this lawsuit on November 7, 2005.  (D.I. 239).  To date, Honeywell has established that:

1.    a Sony Ericsson phone with an Arima Display LCD was purportedly purchased in Albuquerque, New Mexico (D.I. 385);

4

2.    Arima Display's website includes an email link to its sales department and a purported Request for Quotation form that, in reality, is a page with an error message that the server could not be found (D.I. 385; D.I. 405);

3.    Arima Display's parent corporation, Arima Computer, has a presence in the United States and sells consumer products that incorporate LCDs which are not manufactured by Arima Display (D.I. 385; D.I. 405); and

4.    two of Arima Display's four U.S.-based customers purportedly are incorporated in Delaware; a third customer may be incorporated in Delaware; and a fourth customer is not incorporated in Delaware, but has both a website through which LCDs may be purchased and a sales representative for the State of Delaware (D.I. 435).

The purchase of a phone in New Mexico, Arima Computer's presence in the United States and its sales of unrelated LCD-equipped products, and the incorporation of some of Arima Display's customers in Delaware are irrelevant to whether this Court has jurisdiction over Arima Display. With regard to Arima Display's website, it alone is insufficient to confer jurisdiction for the reasons set forth in Arima Display's Reply Brief. (D.I. 405 at 6). With respect to Arima Display's customer that sells LCDs through its website and has a sales representative for the State of Delaware, Honeywell has not, and cannot, point to a single sale by this customer of an Arima manufactured LCD in Delaware. The fact that an Arima customer sells products through a website and has a sales representative in Delaware simply does not subject Arima to jurisdiction in Delaware. *See Massachusetts School of Law at Andover, Inc. v. American bar Association,* 107 F.3d 1026, 1042 (3d Cir. 1997)(holding that denial of jurisdictional discovery is appropriate where the plaintiff fails to allege with particularity any credible threshold minimum contacts between the defendant and the plaintiffs forum of choice). This Court has made it clear that it is inappropriate to allow a party to conduct a fishing expedition in order to construct a basis for jurisdiction. *Telcordia Technologies, Inc. v. Alcatel S.A.*, 2005 WL 1268061 at *8 (D. Del. 2005). In *Telcordia,* Judge Sleet denied

5

plaintiff's request for jurisdictional discovery, noting that the United States Supreme Court has held that courts should "exercise special vigilance to protect foreign litigants from the danger that unnecessary, or unduly burdensome, discovery may place them in a disadvantageous position." *Id.* (citing *Societe Nationale Industrielle Aerospatiale v. United States District Court for Southern District of Iowa*, 482 U.S. 522, 546 (1987)). As a foreign corporation Arima is entitled to be protected from Honeywell's burdensome discovery.

Conspicuously absent from Honeywell's "jurisdictionally relevant" facts is evidence—or well-founded allegations based on those facts—that establishes or even suggests with reasonable particularity that a single Arima Display LCD module was present in Delaware before the date that Arima Display was named as a defendant in this lawsuit. Indeed, other than examining a Sony Ericsson phone purchased in New Mexico, it appears that Honeywell had done little prior to naming Arima Display as a defendant to this lawsuit to ensure that there was *any* well-founded basis to subject Arima Display to this Court's jurisdiction. Also missing from Honeywell's "jurisdictionally-relevant" facts is anything that establishes or suggests with reasonable particularity the purposeful establishment of a distribution chain through which Arima Display's LCDs might travel and arrive in Delaware. The Federal Circuit, in *Commissariat*, placed tremendous significance on the existence of such a distribution network. *Commissariat*, 395 F.3d at 1323. The court in *Commissariat* found that the plaintiff had gone beyond mere factual allegations and had made a *prima facie* case for defendant's use of an established distribution network that likely resulted in substantial sales of its products in Delaware. *Id.* Honeywell has not made any factual allegations, let alone a *prima facie* showing, that

6

Arima Display has established a distribution network that likely results in substantial sales of its products in Delaware.

Honeywell continues to ignore the fact that, before jurisdictional discovery can be granted, Honeywell bears the burden of coming forward with factual allegations that suggest with reasonable particularity that personal jurisdiction exists. Here, Honeywell's allegations fall far short of suggesting any contacts with or purposeful conduct directed toward Delaware with reasonable particularity. In light of Honeywell's failure to make the requisite threshold showing, it would be fundamentally unfair to subject Arima Display to jurisdictional discovery.

7

## CONCLUSION

Honeywell once again attempts to make much of facts that are irrelevant to whether Arima Display is subject to jurisdiction in this forum. Having failed to come forward with any well-founded allegation that shows or suggests with reasonable particularity that Arima Display is subject to jurisdiction in Delaware, Honeywell has neither established a *prima facie* case that personal jurisdiction exists nor made a sufficient threshold showing to merit jurisdictional discovery. As such, Honeywell is not entitled to now burden Arima Display with jurisdictional discovery and cannot support its contention that Arima Display's Motion should be denied outright. Therefore, it is respectfully submitted that Honeywell's request for jurisdictional discovery should be denied and Arima Display's Motion to Dismiss should be granted.

William J. Wade (#704)
Wade@rlf.com
Matthew W. King (#4566)
King@rlf.com
Richards, Layton & Finger
OF COUNSEL:                                One Rodney Square
                                           P.O. Box 551
Dan C. Hu                                  Wilmington, DE 19899
Diana M.Sangalli                           302-651-7700
Trop, Pruner and Hu, P.C.
Suite 100                                  Attorneys for Defendant
8554 Katy Freeway                          Arima Display Corporation
Houston, TX 77024

Dated: May 30, 2006

8

# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 30, 2006, copies of the foregoing document were served on the following attorneys of record in the manner and at the addresses indicated:

### BY HAND DELIVERY

Thomas C. Grimm, Esquire
Leslie A. Polizoti, Esquire
Morris, Nichols, Arsht & Tunnell
Chase Manhattan Centre
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
tgrimm@mnat.com
lpolizoti@mnat.com

Adam Wyatt Poff, Esquire
Young, Conaway, Stargatt & Taylor
17th Floor, The Brandywine Building
1000 West Street
P.O. Box 391
Wilmington, DE 19899
apoff@ycst.com

Thomas L. Halkowski, Esquire
Fish & Richardson, P.C.
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
halkowski@fr.com

Francis DiGiovanni, Esquire
Connolly, Bove, Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
fdigiovanni@cblh.com

Richard L. Horwitz, Esquire
Potter Anderson & Corroon
6th Floor, Hercules Plaza
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899
rhorowitz@potteranderson.com

Arthur G. Connolly, III, Esquire
Connolly Bove Lodge & Hutz
8th Floor, The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
aconnollyIII@cblh.com

-1-

David E. Moore, Esquire
Potter Anderson & Corroon
6th Floor, Hercules Plaza
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899
dmoore@potteranderson.com

Frederick L. Cottrell, III, Esquire
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
cottrell@rlf.com

Philip A. Rovner, Esquire
Potter Anderson & Corroon
6th Floor, Hercules Plaza
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899
provner@potteranderson.com

John W. Shaw, Esquire
Young, Conaway, Stargatt & Taylor
17th Floor, The Brandywine Building
1000 West Street
P.O. Box 391
Wilmington, DE 19899
jshaw@ycst.com

William J. Marsden, Jr., Esquire
Fish & Richardson, P.C.
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899
marsden@fr.com

Amy Evans, Esquire
Cross & Simons, LLC
Suite 1001, 913 N. Market Street
P.O. Box 1380
Wilmington, DE 19899
aevans@crosslaw.com

Robert J. Katzenstein, Esquire
Smith, Katzenstein & Furlow LLP
800 Delaware Avenue, 7th Floor
P.O. Box 410
Wilmington, DE 19899
rkatzenstein@skdelaware.com

David J. Margules, Esquire
Bouchard, Margules, Friedlander
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
dmargules@BMF-law.com

Karen L. Pascale, Esquire
Young, Conaway, Stargatt & Taylor
17th Floor, The Brandywine Building
1000 West Street
Wilmington, DE 19899
kpascale@ycst.com

Matthew W. King (#4566)
king@rlf.com

Dated: May 30, 2006

-2-