IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

HONEYWELL INTERNATIONAL INC., et al.

Plaintiffs,

v.

APPLE COMPUTER, INC., et al.

Defendants.

C.A. No. 04-1338-KAJ

**JURY TRIAL DEMANDED**

## CASIO COMPUTER CO. LTD.'S AMENDED ANSWER TO HONEYWELL'S FIRST AMENDED COMPLAINT

Casio Computer Co., Ltd. ("Casio Computer") for its amended answer to the averments in the First Amended Complaint of Honeywell International Inc. and Honeywell Intellectual Properties Inc. (collectively "Honeywell") responds as follows:

### Nature of the Action

1.      Casio Computer admits that the Complaint purports to state a cause of action under the Patent Laws of the United States, and that the First Amended Complaint alleges willful infringement of a United States patent. Casio Computer however, denies that the First Amended Complaint states a valid cause of action.

### The Parties

2.      Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 2 of the First Amended Complaint, and therefore denies the same.

3.      Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 3 of the First Amended Complaint, and therefore denies the same.

4.     Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 4 of the First Amended Complaint, and therefore denies the same.

5.     Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 5 of the First Amended Complaint, and therefore denies the same.

6.     Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 6 of the First Amended Complaint, and therefore denies the same.

7.     Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 7 of the First Amended Complaint, and therefore denies the same.

8.     Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 8 of the First Amended Complaint, and therefore denies the same.

9.     Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 9 of the First Amended Complaint, and therefore denies the same.

10.     Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 10 of the First Amended Complaint, and therefore denies the same.

11.     Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 11 of the First Amended Complaint, and therefore denies the same.

12.     Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 12 of the First Amended Complaint, and therefore denies the same.

13.     Casio Computer admits averments in paragraph 13.

14.     Casio Computer denies that Casio, Inc. has a principal place of business in Dover, Jersey, but it admits that Casio, Inc. is a New York Corporation and that it has a principal place of business in Dover, New Jersey.

15.     Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 15 of the First Amended Complaint, and therefore denies the same.

16.     Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 16 of the First Amended Complaint, and therefore denies the same.

17.     Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 17 of the First Amended Complaint, and therefore denies the same.

18.     Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 18 of the First Amended Complaint, and therefore denies the same.

3

19.     Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 19 of the First Amended Complaint, and therefore denies the same.

20.     Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 20 of the First Amended Complaint, and therefore denies the same.

21.     Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 21 of the First Amended Complaint, and therefore denies the same.

22.     Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 22 of the First Amended Complaint, and therefore denies the same.

23.     Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 23 of the First Amended Complaint, and therefore denies the same.

24.     Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 24 of the First Amended Complaint, and therefore denies the same.

25.     Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 25 of the First Amended Complaint, and therefore denies the same.

26.    Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 26 of the First Amended Complaint, and therefore denies the same.

27.    Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 27 of the First Amended Complaint, and therefore denies the same.

28.    Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 28 of the First Amended Complaint, and therefore denies the same.

29.    Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 29 of the First Amended Complaint, and therefore denies the same.

30.    Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 30 of the First Amended Complaint, and therefore denies the same.

31.    Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 31 of the First Amended Complaint, and therefore denies the same.

32.    Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 32 of the First Amended Complaint, and therefore denies the same.

33.     Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 33 of the First Amended Complaint, and therefore denies the same.

34.     Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 34 of the First Amended Complaint, and therefore denies the same.

35.     Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 35 of the First Amended Complaint, and therefore denies the same.

36.     Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 36 of the First Amended Complaint, and therefore denies the same.

37.     Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 37 of the First Amended Complaint, and therefore denies the same.

38.     Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 38 of the First Amended Complaint, and therefore denies the same.

39.     Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 39 of the First Amended Complaint, and therefore denies the same.

40.     Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 40 of the First Amended Complaint, and therefore denies the same.

41.     Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 41 of the First Amended Complaint, and therefore denies the same.

42.     Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 42 of the First Amended Complaint, and therefore denies the same.

43.     Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 43 of the First Amended Complaint, and therefore denies the same.

44.     Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 44 of the First Amended Complaint, and therefore denies the same.

45.     Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 45 of the First Amended Complaint, and therefore denies the same.

46.     Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 46 of the First Amended Complaint, and therefore denies the same.

47.    Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 47 of the First Amended Complaint, and therefore denies the same.

48.    Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 48 of the First Amended Complaint, and therefore denies the same.

49.    Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 49 of the First Amended Complaint, and therefore denies the same.

50.    Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 50 of the First Amended Complaint, and therefore denies the same.

51.    Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 51 of the First Amended Complaint, and therefore denies the same.

52.    Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 52 of the First Amended Complaint, and therefore denies the same.

53.    Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 53 of the First Amended Complaint, and therefore denies the same.

54.     Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 54 of the First Amended Complaint, and therefore denies the same.

55.     Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 55 of the First Amended Complaint, and therefore denies the same.

56.     Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 56 of the First Amended Complaint, and therefore denies the same.

57.     Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 57 of the First Amended Complaint, and therefore denies the same.

58.     Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 58 of the First Amended Complaint, and therefore denies the same.

59.     Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 59 of the First Amended Complaint, and therefore denies the same.

60.     Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 60 of the First Amended Complaint, and therefore denies the same.

**Jurisdiction and Venue**

61.     Casio Computer admits that jurisdiction over the subject matter of this action is based on Title 28, United States Code § 1338(a).

62.     Casio Computer admits that paragraph 62 of the First Amended Complaint purports to assert that personal jurisdiction over it comports with the United States Constitution and § 3104 of the Delaware Code.  Casio Computer denies the remaining averments in paragraph 62.

63.     Casio Computer admits that venue is based on Title 28, United States Code, §§ 1391(b) and 1400(b).

**Background to the Action**

64.     Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 64 of the First Amended Complaint, and therefore denies the same.

65.     Casio Computer admits that what appears to be a copy of U.S. Patent No. 5,280,371 ("the '371 patent") is attached to the First Amended Complaint as Exhibit 1. Casio Computer also admits that from the first page of the '371 patent, the date of issue of the '371 patent appears to be January 18, 1994.  Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 65 of the First Amended Complaint, and therefore denies the same.

66.     Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 66 of the First Amended Complaint, and therefore denies the same.

**Alleged Acts Giving Rise to the Action**

67.     Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 67 of the First Amended Complaint, and therefore denies the same.

68.     Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 68 of the First Amended Complaint, and therefore denies the same.

69.     Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 69 of the First Amended Complaint, and therefore denies the same.

70.     Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 70 of the First Amended Complaint, and therefore denies the same.

71.     Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 71 of the First Amended Complaint, and therefore denies the same.

72.     Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 72 of the First Amended Complaint, and therefore denies the same.

73.     Casio Computer admits that Casio US is engaged in the importation, offer for sale or sale of products in the United States that include a liquid crystal display, including PDAs, digital cameras, and portable televisions.  Casio Computer denies the remaining averments of paragraph 73.

11

74.    Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 74 of the First Amended Complaint, and therefore denies the same.

75.    Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 75 of the First Amended Complaint, and therefore denies the same.

76.    Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 76 of the First Amended Complaint, and therefore denies the same.

77.    Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 77 of the First Amended Complaint, and therefore denies the same.

78.    Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 78 of the First Amended Complaint, and therefore denies the same.

79.    Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 79 of the First Amended Complaint, and therefore denies the same.

80.    Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 80 of the First Amended Complaint, and therefore denies the same.

81.    Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 81 of the First Amended Complaint, and therefore denies the same.

82.    Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 82 of the First Amended Complaint, and therefore denies the same.

83.    Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 83 of the First Amended Complaint, and therefore denies the same.

84.    Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 84 of the First Amended Complaint, and therefore denies the same.

85.    Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 85 of the First Amended Complaint, and therefore denies the same.

86.    Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 86 of the First Amended Complaint, and therefore denies the same.

87.    Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 87 of the First Amended Complaint, and therefore denies the same.

88.    Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 88 of the First Amended Complaint, and therefore denies the same.

89.    Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 89 of the First Amended Complaint, and therefore denies the same.

90.    Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 90 of the First Amended Complaint, and therefore denies the same.

91.    Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 91 of the First Amended Complaint, and therefore denies the same.

92.    Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 92 of the First Amended Complaint, and therefore denies the same.

93.    Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 93 of the First Amended Complaint, and therefore denies the same.

94.    Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 94 of the First Amended Complaint, and therefore denies the same.

95.     Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 95 of the First Amended Complaint, and therefore denies the same.

96.     Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 96 of the First Amended Complaint, and therefore denies the same.

97.     Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 97 of the First Amended Complaint, and therefore denies the same.

98.     Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 98 of the First Amended Complaint, and therefore denies the same.

99.     Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 99 of the First Amended Complaint, and therefore denies the same.

100.    Casio Computer denies the averments of paragraph 100 to the extent they pertain to Casio.  Otherwise, Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 100 of the First Amended Complaint, and therefore denies the same.

101.    Casio Computer denies the averments of paragraph 101 to the extent they pertain to Casio.  Otherwise, Casio Computer is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 101 of the First Amended Complaint, and therefore denies the same.

15

## DEFENSES

### First Defense

1.     Honeywell's First Amended Complaint fails to state a claim upon which relief can be granted.

### Second Defense

2.     The '371 patent has not been and is not infringed by Casio Computer.

### Third Defense

3.     The claims of the '371 patent are invalid for failure to comply with the conditions for patentability specified in Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 102, 103, and 112.

### Fourth Defense

4.     Prosecution history estoppel bars Honeywell's assertion of the '371 patent against Casio Computer.

### Fifth Defense

5.     Honeywell's claims are barred in whole or in part by laches and/or equitable estoppel.

### Sixth Defense

6.     Honeywell's damages claims are barred by failure to comply with the requirements of 35 U.S.C. §§ 286 and/or 287.

16

**Seventh Defense**

7.     Upon information and belief, some or all of the products accused to infringe the '371 patent are licensed and/or claims have been released pursuant to agreements with Honeywell.

**Eighth Defense**

8.     The '371 patent is unenforceable as a result of inequitable conduct during the prosecution of the application that led to the issuance of the '371 patent.  Specifically, on information and belief, the inventors of the '371 patent, the assignee of the '371 patent, and/or other persons associated with the filing and prosecution of the application that led to the issuance of the '371 patent, knowingly failed to appropriately disclose material information to the United States Patent and Trademark Office ("USPTO") with the intent to deceive the USPTO.  Such material information includes, but is not limited to, an article by H. Noda et al. entitled "High Definition Liquid Crystal Projection TV," Japan Display 1989, pp. 256-259 (hereinafter the "Noda article").

9.     Applicants for patents have a general duty of candor and good faith in their dealings with the USPTO.  Pursuant to 37 C.F.R. § 1.56 ("Rule 56"), the inventors had an affirmative obligation to disclose to the USPTO all information that they knew was material to the examination of their pending application.  The inventors' duty extended to their representatives, such as their attorneys, and all others who were substantively involved in the preparation or prosecution of the '371 patent.

10.     Casio Computer is informed and believes that the inventors knew of their duty to cite material prior art references to the USPTO during the prosecution of the '371 patent.  Casio Computer is further informed and believes that the inventors and their

agents knowingly and willfully concealed and misrepresented material information during the prosecution of the '371 patent and that because of such inequitable conduct, the '371 patent is unenforceable against Casio Computer.

11.    The Noda article was published in 1989, and is prior art to the '371 patent under 35 U.S.C. § 102. The Noda article discloses removing a moiré pattern by using a lens array pitch which is a non-integral multiple of a display pitch (see page 257, column 2).

12.    During the prosecution of the application that led to the issuance of the '371 patent, individuals who were subject to the duty of candor under Rule 56 were aware of the Noda article.  Two of the named inventors of the '371 patent, R.I. McCartney and D. Syroid, authored an article entitled "Directional Diffuser Lens Array for Backlit LCDs," Japan Display 1992, pp. 259-262 (hereinafter the "McCartney article"), in which the other named inventor of the '317 patent, Karen Jachimowicz, is acknowledged as a contributor. The McCartney article discloses technology similar to that disclosed in the '371 patent. The McCartney article cites the Noda article at page 261, column 2 and in footnote 4, for its teaching of removing a moiré pattern by using a lens array pitch that is a non-integral multiple of a display pitch.

13.    The Noda article is material under Rule 56 at least because it establishes, by itself or in combination with other information, a prima facie case of unpatentability of one or more claims of the '371 patent, and/or a reasonable examiner would have considered this information important in deciding whether to allow one or more claims of the application that led to the issuance of the '371 patent.

14.    In comments made during the prosecution of the application that led to the issuance of the '371 patent, the applicants argued, in response to prior art rejections, that the applied references do not discuss eliminating moiré effects with appropriate selection of the relative pitch of lens arrays (page 3 of the Amendment filed on February 2, 1993).  Further, the examiner indicated that dependent claims, which recited relative pitches of the lens arrays, contained allowable subject matter (page 4 of the Official Action mailed on May 6, 1993), and the applicants amended such claims to place them into independent form to obtain their allowance (Amendment filed on July 2, 1993).  Accordingly, on information and belief, individuals subject to the duty of candor under Rule 56, including R.I. McCartney and D. Syroid knew, or should have known, that the Noda article, which teaches removing a moiré pattern by using a lens array pitch which is a non-integral multiple of a display pitch, was highly material to the patentability of the subject matter claimed in the '371 patent and should have been disclosed to the USPTO Examiner for consideration in determining whether or not to allow and issue the claims in the '371 patent.

15.    The Noda article was never disclosed to the USPTO during prosecution of the application that matured in to the '371 patent, even though individuals subject to the duties of candor and disclosure were aware of the article.  On information and belief, these individuals withheld the Noda article from the USPTO with an intent to mislead and deceive the USPTO.  As a result of the foregoing inequitable conduct, the '371 patent is unenforceable.

**WHEREFORE**, Casio Computer prays that the Court enter judgment as follows:

(a) that the Complaint be dismissed with prejudice;

19

(b) that Casio Computer does not infringe and has not infringed any claim of the

'371 patent;

(c) that the '371 patent is invalid;

(d) that the '371 patent is unenforceable;

(e) that Casio Computer be awarded its costs and attorneys fees under, *inter alia*,

35 U.S.C. § 285; and

(f) that Casio Computer be awarded such further legal and equitable relief as the

Court may deem just and proper.

Dated:  July 7, 2006                    FISH & RICHARDSON P.C.

                                        By:  /s/ *Thomas L. Halkowski*
                                             Thomas L. Halkowski (#4099)
                                             919 N. Market Street, Suite 1100
                                             P.O. Box 1114
                                             Wilmington, DE 19899
                                             Tel.: (302) 652-5070
                                             Fax.: (302) 652-0607

                                             John T. Johnson
                                             Citigroup Center - 52nd Floor
                                             153 East 53rd Street
                                             New York, NY 10022-4611
                                             Tel.: (212) 765-5070
                                             Fax.: (212) 258-2291

                                        *Attorneys for Defendants*
                                        *Casio Computer Co., Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2006, a true and correct copy of **CASIO COMPUTER CO. LTD.'S AMENDED ANSWER TO HONEYWELL'S FIRST AMENDED COMPLAINT** was caused to be served on the attorneys of record at the following addresses as indicated:

Thomas C. Grimm
Morris Nichols Arsht & Tunnell
Chase Manhattan Centre
1201 North Market Street, Suite 2100
P.O. Box 1347
Wilmington, DE 19899-1347

Frederick L. Cottrell, III
Richards Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899-0551

Richard L. Horwitz
Potter Anderson & Corroon LLP
Hercules Plaza, 6th floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899-0951

Philip A. Rovner
Potter Anderson & Corroon LLP
Hercules Plaza, 6th floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899-0951

William J. Wade
Richards Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899-0551

John W. Shaw
Monté T. Squire
Young Conaway Stargatt & Taylor LLP
1000 West Street, 17th floor
P.O. Box 391
Wilmington, DE 19899-0391

Adam Wyatt Poff
Young Conaway Stargatt & Taylor LLP
1000 West Street, 17th floor
P.O. Box 391
Wilmington, DE 19899-0391

Francis DiGiovanni
Connolly Bove Lodge & Hutz
The Nemours Building, 8th floor
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899-2207

Arthur G. Connolly, III
Connolly Bove Lodge & Hutz
The Nemours Building, 8th floor
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899-2207

Amy Evans
Cross & Simons, LLC
913 N. Market Street, Suite 1001
P.O. Box 1380
Wilmington, DE 19899-1380

Karen L. Pascale
Young Conaway Stargatt & Taylor LLP
1000 West Street, 17th floor
P.O. Box 391
Wilmington, DE 19899-0391

Robert J. Katzenstein
Smith, Katzenstein & Furlow
800 Delaware Avenue, 7th floor
P.O. Box 410
Wilmington, DE 19899

David J. Margules
John M. Seaman
Bouchard Margules & Friedlander, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801

Steven J. Balick
John G. Day
Ashby & Geddes
222 Delaware Avenue, 17th floor
Wilmington, DE 19899

Paul A. Bradley
Thomas D. Walsh
McCarter & English, LLP
919 N. Market Street, Suite 1800
Wilmington, DE 19801

Matthew Neiderman
Duane Morris LLP
1100 N. Market Street, Suite 1200
Wilmington, DE 19801

/s/ *Thomas L. Halkowski*
Thomas L. Halkowski