# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Honeywell International, Inc., et al., | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 04-1338 (KAJ) |
| Apple Computer, Inc., et al., | ) |
| Defendants. | ) |

**WINTEK CORPORATION'S AMENDED ANSWER TO HONEYWELL INTERNATIONAL INC. AND HONEYWELL INTELLECTUAL PROPERTIES INC.'S FIRST AMENDED COMPLAINT**

Defendant Wintek Corporation ("Wintek") submits its Amended Answer to Honeywell International Inc. and Honeywell Intellectual Properties Inc.'s First Amended Complaint as follows:

**Nature of the Action**

1. Wintek admits that the Complaint purports to state a cause of action under the Patent Laws of the United States, and that the First Amended Complaint alleges willful infringement of a United States patent. Wintek however, denies that the First Amended Complaint states a valid cause of action.

**The Parties**

2. Wintek is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 2 of the First Amended Complaint, and therefore denies the same.

3. Wintek is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 3 of the First Amended Complaint, and therefore denies the same.

4. Wintek is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 4 of the First Amended Complaint, and therefore denies the same.

5. Wintek is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 5 of the First Amended Complaint, and therefore denies the same.

6. Wintek is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 6 of the First Amended Complaint, and therefore denies the same.

7. Wintek is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 7 of the First Amended Complaint, and therefore denies the same.

8. Wintek is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 8 of the First Amended Complaint, and therefore denies the same.

9. Wintek is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 9 of the First Amended Complaint, and therefore denies the same.

10. Wintek is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 10 of the First Amended Complaint, and therefore denies the same.

11. Wintek is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 11 of the First Amended Complaint, and therefore denies the same.

12. Wintek is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 12 of the First Amended Complaint, and therefore denies the same.

13. Wintek is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 13 of the First Amended Complaint, and therefore denies the same.

14. Wintek is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 14 of the First Amended Complaint, and therefore denies the same.

15. Wintek is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 15 of the First Amended Complaint, and therefore denies the same.

16. Wintek is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 16 of the First Amended Complaint, and therefore denies the same.

17. Wintek is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 17 of the First Amended Complaint, and therefore denies the same.

18. Wintek is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 18 of the First Amended Complaint, and therefore denies the same.

19. Wintek is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 19 of the First Amended Complaint, and therefore denies the same.

20. Wintek is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 20 of the First Amended Complaint, and therefore denies the same.

21. Wintek is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 21 of the First Amended Complaint, and therefore denies the same.

22. Wintek is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 22 of the First Amended Complaint, and therefore denies the same.

23. Wintek is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 23 of the First Amended Complaint, and therefore denies the same.

24. Wintek is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 24 of the First Amended Complaint, and therefore denies the same.

25. Wintek is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 25 of the First Amended Complaint, and therefore denies the same.

26. Wintek is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 26 of the First Amended Complaint, and therefore denies the same.

27. Wintek is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 27 of the First Amended Complaint, and therefore denies the same.

28. Wintek is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 28 of the First Amended Complaint, and therefore denies the same.

29. Wintek is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 29 of the First Amended Complaint, and therefore denies the same.

30. Wintek is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 30 of the First Amended Complaint, and therefore denies the same.

31. Wintek is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 31 of the First Amended Complaint, and therefore denies the same.

32. Wintek is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 32 of the First Amended Complaint, and therefore denies the same.

33. Wintek is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 33 of the First Amended Complaint, and therefore denies the same.

34. Wintek is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 34 of the First Amended Complaint, and therefore denies the same.

35. Wintek is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 35 of the First Amended Complaint, and therefore denies the same.

36. Wintek is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 36 of the First Amended Complaint, and therefore denies the same.

37. Wintek is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 37 of the First Amended Complaint, and therefore denies the same.

38. Wintek is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 38 of the First Amended Complaint, and therefore denies the same.

39. Wintek is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 39 of the First Amended Complaint, and therefore denies the same.

40. Wintek is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 40 of the First Amended Complaint, and therefore denies the same.

41. Wintek is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 41 of the First Amended Complaint, and therefore denies the same.

42. Wintek is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 42 of the First Amended Complaint, and therefore denies the same.

43. Wintek is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 43 of the First Amended Complaint, and therefore denies the same.

44. Wintek is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 44 of the First Amended Complaint, and therefore denies the same.

45. Wintek is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 45 of the First Amended Complaint, and therefore denies the same.

46. Wintek is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 46 of the First Amended Complaint, and therefore denies the same.

47. Wintek is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 47 of the First Amended Complaint, and therefore denies the same.

48. Wintek is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 48 of the First Amended Complaint, and therefore denies the same.

49. Wintek is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 49 of the First Amended Complaint, and therefore denies the same.

50. Wintek is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 50 of the First Amended Complaint, and therefore denies the same.

51. Wintek is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 51 of the First Amended Complaint, and therefore denies the same.

52. Wintek is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 52 of the First Amended Complaint, and therefore denies the same.

53. Wintek is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 53 of the First Amended Complaint, and therefore denies the same.

54. Wintek is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 54 of the First Amended Complaint, and therefore denies the same.

55. Wintek is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 55 of the First Amended Complaint, and therefore denies the same.

56. Wintek is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 56 of the First Amended Complaint, and therefore denies the same.

57. Wintek admits that it is a Taiwan corporation with a principal place of business in Taichung, Taiwan.

58. Wintek admits that defendant Wintek Electro-Optics Corp. ("WEOC") is a Delaware corporation with a principal place of business in Ann Arbor, Michigan.

59. Wintek is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 59 of the First Amended Complaint, and therefore denies the same.

60. Wintek is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 60 of the First Amended Complaint, and therefore denies the same.

## Jurisdiction and Venue

61. Wintek admits that jurisdiction over the subject matter of this action is based on 28 U.S.C. § 1338(a).

62. Wintek admits that paragraph 62 of the First Amended Complaint purports to assert that personal jurisdiction over it comports with the United States Constitution and § 3104 of Title 10 of the Delaware Code. Wintek denies the remaining averments in paragraph 62.

63. Wintek admits that venue is based on Title 28, United States Code, §§ 1391(b), but denies the remaining averments in paragraph 63.

## Background to the Action

64. Wintek is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 64 of the First Amended Complaint, and therefore denies the same.

65. Wintek admits that what appears to be a copy of U.S. Patent No. 5,280,371 ("the '371 patent") is attached to the First Amended Complaint as Exhibit 1. Wintek also admits that from the first page of the '371 patent, the date of issue of the '371 patent appears to be January 18, 1994. Wintek is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 65 of the First Amended Complaint, and therefore denies the same.


66. Wintek is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 66 of the First Amended Complaint, and therefore denies the same.

### Alleged Acts Giving Rise to the Action

67. Wintek is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 67 of the First Amended Complaint, and therefore denies the same.

68. Wintek is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 68 of the First Amended Complaint, and therefore denies the same.

69. Wintek is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 69 of the First Amended Complaint, and therefore denies the same.

70. Wintek is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 70 of the First Amended Complaint, and therefore denies the same.

71. Wintek is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 71 of the First Amended Complaint, and therefore denies the same.

72. Wintek is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 72 of the First Amended Complaint, and therefore denies the same.

73. Wintek is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 73 of the First Amended Complaint, and therefore denies the same.

74. Wintek is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 74 of the First Amended Complaint, and therefore denies the same.

75. Wintek is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 75 of the First Amended Complaint, and therefore denies the same.

76. Wintek is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 76 of the First Amended Complaint, and therefore denies the same.

77. Wintek is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 77 of the First Amended Complaint, and therefore denies the same.

78. Wintek is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 78 of the First Amended Complaint, and therefore denies the same.

79. Wintek is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 79 of the First Amended Complaint, and therefore denies the same.

80. Wintek is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 80 of the First Amended Complaint, and therefore denies the same.

81. Wintek is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 81 of the First Amended Complaint, and therefore denies the same.

82. Wintek is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 82 of the First Amended Complaint, and therefore denies the same.

83. Wintek is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 83 of the First Amended Complaint, and therefore denies the same.

84. Wintek is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 84 of the First Amended Complaint, and therefore denies the same.

85. Wintek is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 85 of the First Amended Complaint, and therefore denies the same.

86. Wintek is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 86 of the First Amended Complaint, and therefore denies the same.

87. Wintek is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 87 of the First Amended Complaint, and therefore denies the same.

88. Wintek is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 88 of the First Amended Complaint, and therefore denies the same.

89. Wintek is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 89 of the First Amended Complaint, and therefore denies the same.

90. Wintek is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 90 of the First Amended Complaint, and therefore denies the same.

91. Wintek is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 91 of the First Amended Complaint, and therefore denies the same.

92. Wintek is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 92 of the First Amended Complaint, and therefore denies the same.

93. Wintek is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 93 of the First Amended Complaint, and therefore denies the same.

14

WINTEK'S AMENDED ANSWER TO
HONEYWELL'S FIRST AMENDED COMPLAINT

PAC740130v.1 07/07/2006 05:36 PM

94. Wintek is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 94 of the First Amended Complaint, and therefore denies the same.

95. Wintek is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 95 of the First Amended Complaint, and therefore denies the same.

96. Wintek is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 96 of the First Amended Complaint, and therefore denies the same.

97. Wintek is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 97 of the First Amended Complaint, and therefore denies the same.

98. Wintek denies the allegations of paragraph 98.

99. Wintek is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 99 of the First Amended Complaint, and therefore denies the same.

100. Wintek denies the averments of paragraph 100 to the extent they pertain to Wintek and WEOC. Otherwise, Wintek is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 100 of the First Amended Complaint, and therefore denies the same.

101. Wintek denies the averments of paragraph 101 to the extent they pertain to Wintek and WEOC. Otherwise, Wintek is without knowledge or information sufficient to form a

15

belief as to the truth of the remaining averments of paragraph 101 of the First Amended Complaint, and therefore denies the same.

## DEFENSES

### First Defense

1. Honeywell's First Amended Complaint fails to state a claim upon which relief can be granted.

### Second Defense

2. The '371 patent has not been and is not infringed by Wintek.

### Third Defense

3. The claims of the '371 patent are invalid for failure to comply with the conditions for patentability specified in Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 102, 103, 112, and/or 116.

### Fourth Defense

4. Prosecution history estoppel bars Honeywell's assertion of the '371 patent against Wintek.

### Fifth Defense

5. Honeywell's damages claims are limited and/or barred by failure to comply with the requirements of 35 U.S.C. §§ 286 and/or 287.

### Sixth Defense

6. Honeywell's claims are barred in whole or in part by laches and/or equitable estoppel.

### Seventh Defense

7. Upon information and belief, Honeywell's allegations of infringement by Wintek are barred in whole or in part under license.

### Eighth Defense

8.     Honeywell is not entitled to damages under Title 35 with respect to any sale made to the United States or to a government contractor providing goods or services under a contract with the United States.

### Ninth Defense

9.     On information and belief, the claims of the '371 patent are unenforceable for inequitable conduct by reason of the Applicants' intentional failure to disclose material prior art to the U.S. Patent and Trademark Office ("PTO") as of the July 9, 1992 filing date of the application that issued as the '371 patent.

10.    Specifically, the Applicants failed to disclose to the PTO the subject matter described in H. Noda et al. titled "High Definition Liquid Crystal Projection TV" (Japan Display, 1989, pp. 256–59) (the "Noda Article") during prosecution of the application that issued as the '371 Patent. Consequently, the Noda Article was not considered by the PTO during prosecution of the application that issued as the '371 Patent.

11.    The Applicants evidently were aware of the Noda Article during prosecution of the application that issued as the '371 patent. Indeed, two of the named inventors of the '371 Patent (Richard I. McCartney, Jr. and Daniel D. Syroid) cited the Noda Article in a publication entitled "Directional Diffuser Lens Array for Backlit LCDs" (JAPAN DISPLAY '92, pp. 259-262) ("the McCartney Article"). Applicants McCartney and Syroid publicly presented the contents of the McCartney Article on October 13, 1993, at a time during the prosecution of the application that thereafter issued as the '371 patent. A third named inventor of the '371 Patent (Karen E. Jachimowicz), although not credited as an author of the McCartney Article, is

acknowledged in the McCartney Article "for her many contributions to this effort early on including a key solution to moiré pattern problems."

12. The Noda Article is material prior art to the patentability of the claims of the '371 Patent, for at least the reasons that the Noda Article addresses viewing angles and moiré effects in liquid crystal displays, both of which are identified as key considerations in the alleged invention of the '371 Patent.

13. Upon information and belief, the Applicants knowingly and willfully withheld the Noda Article from the PTO, with the intent to deceive the PTO, during prosecution of the patent application that issued as the '371 Patent.

## PRAYERS FOR RELIEF

**WHEREFORE**, Wintek prays that the Court enter judgment as follows:

(a) that the Complaint be dismissed with prejudice;

(b) that Wintek does not infringe and has not infringed any claim of the '371 patent;

(c) that the '371 patent is invalid;

(d) that Wintek be awarded its costs and attorneys fees under, *inter alia*, 35 U.S.C. § 285; and

(e) that Wintek be awarded such further legal and equitable relief as the Court may deem just and proper.

OF COUNSEL:

E. Robert Yoches
Elizabeth A. Niemeyer
FINNEGAN, HENDERSON, FARABOW
  GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, DC 20001
Tel.: (202) 408-4000

York M. Faulkner
FINNEGAN, HENDERSON, FARABOW
  GARRETT & DUNNER, L.L.P.
11955 Freedom Drive
Reston, VA 20190
Tel.: (571) 203-2700

John R. Alison
FINNEGAN, HENDERSON, FARABOW
  GARRETT & DUNNER, L.L.P.
12D, 167 DunHua North Road
Taipei 105, Taiwan, ROC
Tel.: (886)-2-2712-7001

740130

POTTER ANDERSON & CORROON LLP

By: /s/ David E. Moore
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    P.O. Box 951
    Wilmington, DE 19899
    Tel.: (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

*Attorneys for Defendant*
*Wintek Corporation*

19