IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HONEYWELL INTERNATIONAL INC., et al.,<br><br>*Plaintiffs,*<br>*Counterclaim-Defendants,*<br>vs.<br><br><br>APPLE COMPUTER INC., et al.,<br>*Defendants,*<br>*Counterclaim-Plaintiffs.* | CIVIL ACTION NO. 04-1338 (KAJ)<br><br>**JURY TRIAL DEMANDED** |

## ANSWER OF DEFENDANT ST-LCD TO HONEYWELL INTERNATIONAL INC.'S FIRST AMENDED COMPLAINT

For its Answer to the *First Amended Complaint* of Plaintiffs Honeywell International Inc. and Honeywell Intellectual Properties Inc. ("Plaintiffs"), defendant ST-Liquid Crystal Display Corp. ("ST-LCD") hereby demands a trial by jury on all issues so triable, and upon knowledge as to its own acts and upon information and belief as to the acts of others, responds to each of the numbered paragraphs thereof as follows:

### NATURE OF THE ACTION

1.      Answering the averments set forth in paragraph 1 of the *First Amended Complaint*, ST-LCD admits that Plaintiffs allege an action for willful infringement.  ST-LCD denies that it has infringed, willfully or otherwise, any valid and/or enforceable claim of the patent-in-suit.

## THE PARTIES

2.      ST-LCD is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 2 of the *First Amended Complaint* and, therefore, denies them.

3.      ST-LCD is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 3 of the *First Amended Complaint* and, therefore, denies them.

4.      ST-LCD is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 4 of the *First Amended Complaint* and, therefore, denies them.

5.      ST-LCD is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 5 of the *First Amended Complaint* and, therefore, denies them.

6.      ST-LCD is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 6 of the *First Amended Complaint* and, therefore, denies them.

7.      ST-LCD is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 7 of the *First Amended Complaint* and, therefore, denies them.

DB01:2142825.1                                                                                        058704.1004

8.    ST-LCD is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 8 of the *First Amended Complaint* and, therefore, denies them.

9.    ST-LCD is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 9 of the *First Amended Complaint* and, therefore, denies them.

10.    ST-LCD is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 10 of the *First Amended Complaint* and, therefore, denies them.

11.    ST-LCD is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 11 of the *First Amended Complaint* and, therefore, denies them.

12.    ST-LCD is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 12 of the *First Amended Complaint* and, therefore, denies them.

13.    ST-LCD is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 13 of the *First Amended Complaint* and, therefore, denies them.

14.    ST-LCD is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 14 of the *First Amended Complaint* and, therefore, denies them.

3

15.    ST-LCD is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 15 of the *First Amended Complaint* and, therefore, denies them.

16.    ST-LCD is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 16 of the *First Amended Complaint* and, therefore, denies them.

17.    ST-LCD is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 17 of the *First Amended Complaint* and, therefore, denies them.

18.    ST-LCD is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 18 of the *First Amended Complaint* and, therefore, denies them.

19.    ST-LCD is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 19 of the *First Amended Complaint* and, therefore, denies them.

20.    ST-LCD is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 20 of the *First Amended Complaint* and, therefore, denies them.

21.    ST-LCD is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 21 of the *First Amended Complaint* and, therefore, denies them.

22.     ST-LCD is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 22 of the *First Amended Complaint* and, therefore, denies them.

23.     ST-LCD is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 23 of the *First Amended Complaint* and, therefore, denies them.

24.     ST-LCD is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 24 of the *First Amended Complaint* and, therefore, denies them.

25.     ST-LCD is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 25 of the *First Amended Complaint* and, therefore, denies them.

26.     ST-LCD is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 26 of the *First Amended Complaint* and, therefore, denies them.

27.     ST-LCD is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 27 of the *First Amended Complaint* and, therefore, denies them.

28.     ST-LCD is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 28 of the *First Amended Complaint* and, therefore, denies them.

29.    ST-LCD is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 29 of the *First Amended Complaint* and, therefore, denies them.

30.    ST-LCD is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 30 of the *First Amended Complaint* and, therefore, denies them.

31.    ST-LCD is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 31 of the *First Amended Complaint* and, therefore, denies them.

32.    ST-LCD is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 32 of the *First Amended Complaint* and, therefore, denies them.

33.    ST-LCD is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 33 of the *First Amended Complaint* and, therefore, denies them.

34.    ST-LCD is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 34 of the *First Amended Complaint* and, therefore, denies them.

35.    ST-LCD is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 35 of the *First Amended Complaint* and, therefore, denies them.

6

36.    ST-LCD is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 36 of the *First Amended Complaint* and, therefore, denies them.

37.    ST-LCD is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 37 of the *First Amended Complaint* and, therefore, denies them.

38.    ST-LCD is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 38 of the *First Amended Complaint* and, therefore, denies them.

39.    ST-LCD is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 39 of the *First Amended Complaint* and, therefore, denies them.

40.    ST-LCD is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 40 of the *First Amended Complaint* and, therefore, denies them.

41.    ST-LCD is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 41 of the *First Amended Complaint* and, therefore, denies them.

42.    ST-LCD is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 42 of the *First Amended Complaint* and, therefore, denies them.

7

43.     ST-LCD is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 43 of the *First Amended Complaint* and, therefore, denies them.

44.     ST-LCD is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 44 of the *First Amended Complaint* and, therefore, denies them.

45.     ST-LCD is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 45 of the *First Amended Complaint* and, therefore, denies them.

46.     ST-LCD is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 46 of the *First Amended Complaint* and, therefore, denies them.

47.     ST-LCD is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 47 of the *First Amended Complaint* and, therefore, denies them.

48.     ST-LCD is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 48 of the *First Amended Complaint* and, therefore, denies them.

49.     ST-LCD admits the averments of paragraph 49 of the *First Amended Complaint*.

8

50.     ST-LCD admits the averments of paragraph 50 of the *First Amended Complaint*.

51.     ST-LCD is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 51 of the *First Amended Complaint* and, therefore, denies them.

52.     ST-LCD is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 52 of the *First Amended Complaint* and, therefore, denies them.

53.     ST-LCD admits the averments of paragraph 53 of the *First Amended Complaint*.

54.     ST-LCD is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 54 of the *First Amended Complaint* and, therefore, denies them.

55.     ST-LCD is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 55 of the *First Amended Complaint* and, therefore, denies them.

56.     ST-LCD is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 56 of the *First Amended Complaint* and, therefore, denies them.

DB01:2142825.1                                                                    058704.1004

57.    ST-LCD is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 57 of the *First Amended Complaint* and, therefore, denies them.

58.    ST-LCD is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 58 of the *First Amended Complaint* and, therefore, denies them.

59.    ST-LCD is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 59 of the *First Amended Complaint* and, therefore, denies them.

60.    ST-LCD is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 60 of the *First Amended Complaint* and, therefore, denies them.

## JURISDICTION AND VENUE

61.    Answering the averments set forth in paragraph 61 of the *First Amended Complaint*, ST-LCD admits that this Court has subject matter jurisdiction over actions arising under the patent laws of the United States based on 28 U.S.C. § 1338(a).

62.    ST-LCD denies that it has committed any acts of patent infringement in this judicial district. ST-LCD further denies the remaining averments contained in paragraph 62 of the *First Amended Complaint* to the extent such averments are directed at ST-LCD. For any averments directed at defendants other than ST-LCD,

ST-LCD is without knowledge or information sufficient to form a belief as to the truth of the those averments and, therefore, denies them.

63.    Answering the averments set forth in paragraph 63 of the *First Amended Complaint*, ST-LCD admits that venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).

## BACKGROUND TO THE ACTION

64.    ST-LCD is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 64 of the *First Amended Complaint* and, therefore, denies them.

65.    Answering the averments set forth in paragraph 65 of the *First Amended Complaint*, ST-LCD admits that what appears to be a copy of United States Patent No. 5,280,371 patent (the "'371 patent") was attached to the *First Amended Complaint* as Exhibit 1.  As to the remaining averments of this paragraph, ST-LCD is without knowledge or information sufficient to form a belief as to the truth of these averments and, therefore, denies them.

66.    ST-LCD is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 66 of the *First Amended Complaint* and, therefore, denies them.

## ACTS GIVING RISE TO THE ACTION

67. ST-LCD is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 67 of the *First Amended Complaint* and, therefore, denies them.

68. ST-LCD is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 68 of the *First Amended Complaint* and, therefore, denies them.

69. ST-LCD is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 69 of the *First Amended Complaint* and, therefore, denies them.

70. ST-LCD is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 70 of the *First Amended Complaint* and, therefore, denies them.

71. ST-LCD is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 71 of the *First Amended Complaint* and, therefore, denies them.

72. ST-LCD is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 72 of the *First Amended Complaint* and, therefore, denies them.

73.    ST-LCD is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 73 of the *First Amended Complaint* and, therefore, denies them.

74.    ST-LCD is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 74 of the *First Amended Complaint* and, therefore, denies them.

75.    ST-LCD is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 75 of the *First Amended Complaint* and, therefore, denies them.

76.    ST-LCD is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 76 of the *First Amended Complaint* and, therefore, denies them.

77.    ST-LCD is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 77 of the *First Amended Complaint* and, therefore, denies them.

78.    ST-LCD is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 78 of the *First Amended Complaint* and, therefore, denies them.

79.    ST-LCD is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 79 of the *First Amended Complaint* and, therefore, denies them.

058704.1004

80.    ST-LCD is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 80 of the *First Amended Complaint* and, therefore, denies them.

81.    ST-LCD is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 81 of the *First Amended Complaint* and, therefore, denies them.

82.    ST-LCD is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 82 of the *First Amended Complaint* and, therefore, denies them.

83.    ST-LCD is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 83 of the *First Amended Complaint* and, therefore, denies them.

84.    ST-LCD is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 84 of the *First Amended Complaint* and, therefore, denies them.

85.    ST-LCD is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 85 of the *First Amended Complaint* and, therefore, denies them.

86.    ST-LCD is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 86 of the *First Amended Complaint* and, therefore, denies them.

14

87.    ST-LCD is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 87 of the *First Amended Complaint* and, therefore, denies them.

88.    ST-LCD is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 88 of the *First Amended Complaint* and, therefore, denies them.

89.    ST-LCD is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 89 of the *First Amended Complaint* and, therefore, denies them.

90.    ST-LCD is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 90 of the *First Amended Complaint* and, therefore, denies them.

91.    ST-LCD is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 91 of the *First Amended Complaint* and, therefore, denies them.

92.    ST-LCD is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 92 of the *First Amended Complaint* and, therefore, denies them.

93.    ST-LCD is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 93 of the *First Amended Complaint* and, therefore, denies them.

DB01:2142825.1

058704.1004

94.     ST-LCD is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 94 of the *First Amended Complaint* and, therefore, denies them.

95.     Answering the averments set forth in paragraph 95 of the *First Amended Complaint*, ST-LCD admits that it manufactures liquid crystal display (LCD) modules. ST-LCD denies the remaining averments of paragraph 95 of the *First Amended Complaint.*

96.     ST-LCD is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 96 of the *First Amended Complaint* and, therefore, denies them.

97.     ST-LCD is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 97 of the *First Amended Complaint* and, therefore, denies them.

98.     ST-LCD is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 98 of the *First Amended Complaint* and, therefore, denies them.

99.     ST-LCD is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 99 of the *First Amended Complaint* and, therefore, denies them.

100.    ST-LCD denies the averments of paragraph 100 of the *First Amended Complaint* to the extent such averments are directed at ST-LCD.  For any

DB01:2142825.1                                                                                              058704.1004

averments directed at defendants other than ST-LCD, ST-LCD is without knowledge or information sufficient to form a belief as to the truth of the those averments and, therefore, denies them.

      101.    ST-LCD denies the averments of paragraph 101 of the *First Amended Complaint* to the extent such averments are directed at ST-LCD. For any averments directed at defendants other than ST-LCD, ST-LCD is without knowledge or information sufficient to form a belief as to the truth of the those averments and, therefore, denies them.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE (NON-INFRINGEMENT)

      102.    ST-LCD incorporates and realleges each and every allegation contained in paragraphs 1-101 of its Answer to the *First Amended Complaint* as if fully set forth herein.

      103.    ST-LCD has not infringed and does not infringe (either directly, contributorily or by inducement) any valid and enforceable claim of the '371 patent.

## SECOND AFFIRMATIVE DEFENSE (INVALIDITY)

      104.    ST-LCD incorporates and realleges each and every allegation contained in paragraphs 1-103 of its Answer to the *First Amended Complaint* as if fully set forth herein.

058704.1004

105.    Each claim of the '371 patent is invalid and void because it fails to comply with one or more of the requirements of the patent laws of Title 35, United States Code, including, but not limited to §§ 101, 102, 103, and 112.

### THIRD AFFIRMATIVE DEFENSE (FAILURE TO MARK)

106.    ST-LCD incorporates and realleges each and every allegation contained in paragraphs 1-105 of its Answer to the *First Amended Complaint* as if fully set forth herein.

107.    On information and belief, neither Plaintiffs nor their licensees have marked their products in accordance with 35 U.S.C. § 287 and, accordingly, Plaintiffs' damage claim is limited in accordance with that statute.

### FOURTH AFFIRMATIVE DEFENSE (UNENFORCEABILITY)

108.    ST-LCD incorporates and realleges each and every allegation contained in paragraphs 1-107 of its Answer to the *First Amended Complaint* as if fully set forth herein.

109.    On information and belief, the '371 patent is unenforceable because the applicants, and/or individuals acting on behalf of the applicants, deliberately and knowingly withheld, omitted, and/or misrepresented material information in connection with the prosecution of the application which matured into the '371 patent in violation of the duty of candor to the United States Patent and Trademark Office ("PTO"), as prescribed by 37 C.F.R. § 1.56. The reasons presently known to ST-LCD

DB01:2142825.1                                                                                                    058704.1004

that support its belief that the '371 patent is unenforceable are set forth in paragraphs 110-117, *infra*.

110.    The '371 patent is listed as issuing from U.S. Patent Application Ser. No. 911,547, which was filed on July 9, 1992 (the "'547 application"). Richard I. McCartney, Jr., Daniel D. Syroid and Karen E. Jachimowicz are the applicants listed on the face of the '547 application. On information and belief, at the time the application was filed, the applicants were each employed by Honeywell.

111.    On or before 1989, H. Noda, T. Muraji, Y. Gohara, Y. Miki, K. Tsuda, I. Kikuchi, C. Kawasaki, T. Murao and Y. Miyatake published an article in Japan Display entitled "High Definition Liquid Crystal Projection TV" (the "Noda Article"). The Noda Article discusses, *inter alia*, moiré interference in rear projection systems. The Noda Article was published more than one year prior to the filing date of the '547 and was material to the patentability of the '547 application.

112.    On or about October 12, 1992, Mr. Syroid and Mr. McCartney (alleged co-inventors of the '371 patent) published an article entitled "Directional Diffuser Lens Array for Backlit LCDs" (the "Syroid-McCartney Article"). The Syroid-McCartney Article discusses, *inter alia*, moiré interference in direct view systems. In the Syroid-McCartney Article, the authors cite to the Noda Article (which uses a rear projection system) for a method of reducing moiré in a direct view system.

113.    Notwithstanding the foregoing, neither the applicants nor any individual acting on behalf of the applicants informed the PTO of the Noda Article.

19

114.    Based on the foregoing, on information and belief, one or more of the applicants and or individuals acting on behalf of the applicants knew of the Noda Article, but they deliberately and knowingly withheld this material reference from the PTO during prosecution of the '547 application.

115.    On information and belief, in response to and to overcome a rejection by the patent examiner during prosecution of the '547 application, the applicants and/or individuals acting on behalf of the applicants argued that there would be no suggestion to combine the teachings from the field of projection systems with the teachings from the field of direct view systems and, therefore, the examiner should not rely on prior art from the field of projection systems.

116.    Notwithstanding the foregoing, neither the applicants nor any individual acting on behalf of the applicants informed the PTO of the Syroid-McCartney Article or of the applicants' comments contained therein concerning the applicability of the teachings from the field of projection systems to the field of direct view systems or to the direct view apparatus disclosed and claimed in the '547 application.

117.    Based on the foregoing, on information and belief, one or more of the applicants and or individuals acting on behalf of the applicants knew of the Syroid-McCartney Article, but they deliberately and knowingly withheld this material reference from the PTO during prosecution of the '547 application.

20

## FIFTH AFFIRMATIVE DEFENSE (LICENSE)

118.    ST-LCD incorporates and realleges each and every allegation contained in paragraphs 1-117 of its Answer to the *First Amended Complaint* as if fully set forth herein.

119.    On information and belief, on or about August 22, 1996, Plaintiff Honeywell Inc. and Sony Corporation entered into a License and Settlement Agreement (the "License Agreement").  On information and belief, in the License Agreement, Honeywell Inc. agreed it would not assert certain patents, including the '371 patent, against at least Sony Corporation and Sony Corporation of America with respect to certain devices (the "Licensed Devices"), which would include many, if not all of Sony Corporation and Sony Corporation of America's  products accused of infringement.  On information and belief, Honeywell has entered into similar license agreements with other consumer electronics manufacturers.  On information and belief, ST-LCD products appear in the United States in such Licensed Devices.

120.    By reason, *inter alia*, of the foregoing, Plaintiffs' claims for infringement of the '371 patent are barred against any ST-LCD LCDs that are made, used, sold, offered for sale or imported into the United States as component parts within Licensed Devices by the doctrines of express license and/or implied license.

## SIXTH AFFIRMATIVE DEFENSE (LACHES/EQUITABLE ESTOPPEL)

121.    ST-LCD incorporates and realleges each and every allegation contained in paragraphs 1-120 of its Answer to the *First Amended Complaint* as if fully set forth herein.

122.    Plaintiffs' claims for infringement of the '371 patent are barred, in whole or in part, by the doctrines of laches and/or equitable estoppel.

WHEREFORE, ST-LCD requests that the Court enter judgment:

(a)    Dismissing the *First Amended Complaint* against ST-LCD in its entirety with prejudice;

(b)    Finding Plaintiffs' patent not infringed under 35 U.S.C. § 271;

(c)    Finding Plaintiffs' patent invalid under 35 U.S.C. §§ 101, 102, 103 and/or 112;

(d)    Finding Plaintiffs' patent unenforceable;

(e)    Finding Plaintiffs' claims barred by the doctrines of express license and/or implied license;

(f)    Finding that this is an exceptional case under 35 U.S.C. § 285;

(g)    Awarding ST-LCD the costs of this action and reasonable attorneys' fees to the extent permitted under law; and

(h)    Granting such other and further relief as the Court deems just and proper.

DB01:2142825.1                                                                            058704.1004

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, ST-LCD requests a trial by jury of all issues so triable.

YOUNG CONAWAY STARGATT & TAYLOR

John W. Shaw (No. 3362)
Monté T. Squire (No. 4764)
The Brandywine Building
1000 West St., 17th Floor
P.O. Box 391
Wilmington, DE  19801-0391
(302) 571-6713
msquire@ycst.com
*Attorneys for Defendants*
*ST-Liquid Crystal Display Corp.*

Of Counsel:
John Flock
Robert Hails
KENYON & KENYON, LLP
One Broadway
New York, NY  10004
(212) 425-7200

Dated: July 10, 2006

DB01:2142825.1                                                          058704.1004

## CERTIFICATE OF SERVICE

I, Monte T. Squire, Esquire, hereby certify that on July 10, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such document is available for viewing and downloading to the following counsel of record:

Thomas C. Grimm
MORRIS, NICHOLS, ARSHT & TUNNELL
1201 North Market Street
P. O. Box 1347
Wilmington DE 19899
*Attorneys for Plaintiffs Honeywell International Inc. and Honeywell Intellectual Properties Inc.*

Frederick L. Cottrell, III
RICHARDS, LAYTON & FINGER
One Rodney Square
P. O. Box 551
Wilmington, DE 19899-0551
*Attorneys for Eastman Kodak Company*

William J. Wade
RICHARDS, LAYTON & FINGER
One Rodney Square
P. O. Box 551
Wilmington, DE 19899-0551
*Attorneys for Matsushita Electrical Industrial Co. and Matsushita Electrical Corporation of America*

Thomas L. Halkowski
FISH & RICHARDSON P.C.
919 N. Market St., Suite 1100
Wilmington, DE 19899-1114
*Attorneys for Apple Computer, Inc., Casio Computer Co., Ltd., and Casio, Inc.*

John W. Shaw
YOUNG, CONAWAY, STARGATT
  & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE 19899-0391
*Attorneys for Olympus Corporation and Olympus America Inc.*

Richard L. Horwitz
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
P. O. Box 951
Wilmington, DE 19899-0951
*Attorneys for Concord Cameras, Dell Inc., Fujitsu Limited, Fujitsu America, Inc. and Fujitsu Computer Products of America, Inc., and Toshiba America, Inc.*

DB01:1610135.1

Adam W. Poff
YOUNG, CONAWAY, STARGATT
   & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE   19899-0391
*Attorneys for Pentax Corporation
and Pentax U.S.A., Inc.*

Robert J. Katzenstein
SMITH, KATZENSTEIN, & FURLOW
800 Delaware Avenue
P.O. Box 410
Wilmington, DE 19899
*Attorneys for Seiko Epson Corporation*

Philip A. Rovner
POTTER ANDERSON
   & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P. O. Box 951
Wilmington, DE 19899
*Attorneys for Fuji Photo Film Co., Ltd. and
Fuji Photo Film U.S.A., Inc.*

Francis DiGiovanni
James M. Olsen
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building, 8th Floor
1007 North Orange Street
P. O. Box 2207
Wilmington, DE 19899
*Attorneys for Sony Ericcson Mobile
Communications AB and Sony Ericcson
Mobile Communications (USA) Inc.*

Arthur G. Connolly, III
CONNOLLY, BOVE, LODGE & HUTZ LLP
The Nemours Building, 8th Floor
1007 N. Orange Street
P. O. Box 2207
Wilmington, DE   19899
*Attorneys for Navman NZ Limited
and Navman U.S.A. Inc.*

Amy E. Evans
CROSS & SIMON
913 N. Market Street, Suite 1001
P. O. Box 1380
Wilmington, DE  19899-1380
*Attorneys for Argus a/k/a Hartford
Computer Group, Inc.*

Gerard M. O'Rourke
CONNOLLY, BOVE, LODGE & HUTZ LLP
The Nemours Building, 8th Floor
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE  19899
*Attorneys for AU Optronics Corporation*

Robert K. Beste, III
SMITH, KATZENSTEIN, & FURLOW
800 Delaware Avenue
P.O. Box 410
Wilmington, DE  19899
*Attorneys for Kyocera Wireless Corp.*

William J. Marsden, Jr.
FISH & RICHARDSON, P.C.
919 North Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114

Paul A. Bradley
MCCARTER & ENGLISH LLP
919 North Market Street, Suite 1800
P.O. Box 111
Wilmington, DE 19899

Matthew Neiderman
DUANE MORRIS LLP
1100 North Market Street
Suite 1200
Wilmington, DE 19801-1246

Steven J. Balick
ASHBY & GEDDES
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899

     I further certify that on July 10, 2006, I caused copies of the foregoing documents to be

served by hand delivery on the above-listed counsel of record and on the following counsel in the

manner indicated:

**BY E-MAIL:**

Martin R. Lueck
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
*Attorneys for Plaintiffs Honeywell*
*International Inc. and Honeywell Intellectual*
*Properties, Inc.*

Christopher E. Chalsen
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, NY 10005-1413
*Attorneys for Defendants Fujitsu America, Inc.*
*Fujitsu Computer Products of America*

Roderick B. Williams
Avelyn M. Ross
Vinson & Elkins
The Terrace 7
2801 Via Fortuna, Suite 100
Austin, TX 78746-7568
*Attorneys for Defendant Dell, Inc.*

Arthur I. Neustadt
Oblon, Spivak, McClelland, Maier
  & Neustadt, P.C.
1940 Duke Street
Alexandria, VA 22313
*Attorneys for Toshiba America, Inc. and*
*Toshiba Corporation*

Scott L. Lamper
Intellectual Property and Business
  Development Counsel
Concord Camera Corp.
4000 Hollywood Boulevard, Suite 650N
Hollywood, FL 33021
*Intellectual Property & Business Development*
*Counsel for Concord Camera Corp.*

Steven J. Rizzi
Weil, Gotshal & Manges
767 Fifth Avenue
New York, NY 10153
*Attorneys for Defendants Matsushita
Electrical Industrial Co. and Matsushita
Electrical Corporation of America*

Brian D. Roche
Sachinoff & Weaver, Ltd.
30 S. Wacker Drive
Chicago, IL 60606
*Attorneys for Defendant Argus a/k/a Hartford
Computer Group, Inc.*

George E. Badenoch
Richard M. Rosati
Kenyon & Kenyon
One Broadway
New York, NY 10004
(212) 425-7200
*Attorneys for Olympus Corporation and
Olympus America Inc.*

Kelly C. Hunsaker
Fish & Richardson P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
*Attorney for Apple Computer Inc.*

Lawrence Rosenthal
Matthew W. Siegal
Stroock & Stroock & Lavan L.L.P.
180 Maiden Lane
New York, NY 10038-4982
*Attorneys for Defendants Fuji Photo Film Co.,
Ltd. and Fuji Photo Film U.S.A., Inc.*

Michael J. Fink
Neil F. Greenblum
Greenblum and Berstein, P.L.C.
1950 Roland Clarke Place
Reston, VA 20191
*Attorneys for Defendant Pentax
Corporation and Pentax U.S.A., Inc.*

Neil L. Slifkin
Harris Beach LLP
99 Garnsey Road
Pittsford, NY 14534
*Attorneys for Eastman Kodak Co.*

John R. Alison
Finnegan, Henderson, Farabow, Garrett
 & Dunner
901 New York Avenue, NW
Washington, DC 20001-4413
*Attorneys for ThirdParty Defendant Wintek
Electro-Optics Corp.*

YOUNG CONAWAY STARGATT & TAYLOR, LLP

John W. Shaw (No. 3362)
Monté T. Squire (No. 4764)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
msquire@ycst.com