# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Thomas C. Grimm
302 351 9595
302 425 4661 Fax
tgrimm@mnat.com

July 20, 2006

The Honorable Kent A. Jordan                                     **BY E-FILING**
United States District Court for the District of Delaware
844 North King Street, Lockbox 10
Wilmington, DE  19801

      Re:    *Honeywell International Inc., et al. v. Apple Computer, Inc., et al.*
               Consolidated C.A. No. 04-1338-KAJ

Dear Judge Jordan:

      On behalf of the Honeywell Plaintiffs, I write in response to the July 14, 2006 letter of Richard Horwitz (D.I. 495), raising alleged "deficiencies" with certain discovery responses provided by Honeywell to four Defendants (Quanta, Samsung, BOE Hydis, and Seiko/Sanyo Epson). In actuality, the letter is an attempt to manufacture a dispute where there is in fact none, presumably in order to obtain some counter leverage to Honeywell's letter-motion filed on the same date. The Defendants' letter seeks the Court's assistance on four issues; Honeywell will address them *seriatim*.

      (1)    Defendants argue that Honeywell has refused to produce information regarding its infringement contentions and claim construction positions. This is not the case. Honeywell does believe that *full* development and exposition of its infringement and claim construction positions can and should be done only after Honeywell has been allowed to engage in discovery, and then in accordance with the procedures in the Scheduling Order set forth for submitting expert reports and conducting claim construction. However, as has been communicated to the four Defendants who have held meet and confers, Honeywell is prepared to provide some additional information on these topics, but believes it is appropriate to do so in an orderly and fair manner.

      As it stands, Defendants themselves are refusing to provide the very discovery from which further detail about Honeywell contentions could be provided. For example, some Defendants have refused to produce information regarding those modules expressly identified by Honeywell, ostensibly on the grounds of claimed affirmative defenses. *See* Letter of Thomas Grimm (D.I. 496). Moreover, Honeywell has been trying since October of last year to obtain information about modules using "substantially the same structure" (as referenced in the Court's Order of October 7, 2005) as those previously identified. Without information and documents from the Defendants, and without waiving the attorney client and work product privileges regarding its presuit analyses, Honeywell can only describe its infringement contentions in general terms with regard to the Accused Structure.

The Honorable Kent A. Jordan
July 20, 2006
Page 2

Honeywell has proposed a global, efficient and fair solution to any lingering concerns about contention discovery. Specifically, Honeywell proposes that each Defendant identify each module it has made during the relevant time period (including any modules upon which Defendants would rely for their laches claim) which has a backlight, an LCD panel, and two lens arrays, at least one of which is misaligned (the "Accused Structure"). Defendants can then either produce assembly drawings for each such module or allow Honeywell to purchase a sample of each such module. A reasonable time after that information is produced, Honeywell will provide a detailed chart which points to where each of the four claim elements is found in Defendants' documentation for each module, if at all. Of course, then, the Defendants should be similarly required to respond to Honeywell's contention discovery regarding non-infringement, invalidity and claim construction.

While Honeywell is moving forward on this issue in good faith, any claim by Defendants that they are in the dark as to the basis of Honeywell's assertion is belied by the straightforward nature of the single claim at issue in the '371 Patent and the information available to them to date. In the context of a backlit LCD module, claim 3 requires two lens arrays, at least one of which is misaligned. What the Defendants characterize as Honeywell merely repeating the claim language is in fact palpable evidence of the straightforward nature of this claim.

Honeywell is only asserting infringement against backlit LCD modules. Such modules by definition necessarily have an LCD panel and a backlight – thus satisfying two of the four basic structural elements of the claim. As to the two other structural elements (two lens arrays, at least one of which is misaligned), Honeywell has provided a working definition of this term in its discovery[1], and has explained to Defendants that this definition includes discrete Brightness Enhancement Films (known in the industry as "BEFs"), as well as comparable lenticular structures fashioned on what is known as the light pipe or light guide. Both of these configurations apparently have become standard and well known in the industry.

The modules previously identified by Honeywell all include two such arrays, at least one of which is misaligned – an easily verifiable fact for the Defendants. Defendants complain that Honeywell has not identified the "parameters" Honeywell used in determining the "slight" misalignment. The precise construction of the term "slight" must, however, await discovery and the claim construction process, especially where as here, Defendants are withholding basic information about their modules. *See Wilson Sporting Goods Co. v. Hillerich & Bradsby Co.*, 442 F.3d 1322, 1326-27 (Fed. Cir. 2006) (knowledge of accused device provides meaningful context for claim construction). Even so, as some Defendants have noted, the specification itself discloses that the misalignment of the preferred embodiment is "approximately 2 to 16 degrees." *See* '371 Patent, Fig. 12; Col. 5, ll. 23-28. Even though this disclosure is only of the preferred embodiment, it provides Defendants with sufficient information and guidance upon which to prepare their defense.

---

[1] *See, e.g.*, definition of "lens array" in Plaintiffs' First Set of Interrogatories to Seiko Epson Corporation, excerpt attached hereto, as Exhibit A.

The Honorable Kent A. Jordan
July 20, 2006
Page 3

  (2) Contrary to Defendants' accusation, Honeywell has not refused to produce documents in this case. Honeywell served its document requests upon every Defendant in this case at the end of March 2006 -- as soon as it was allowed to under the Scheduling Order. Despite the fact that Honeywell served its document requests in advance of any discovery request from the Defendants, not one document has been produced by the Defendants to date. As a result, Honeywell has proposed to the Defendants that the parties agree upon a date for a mutual exchange of documents. Honeywell has been prepared to produce documentation, but it is only fair that Defendants, who are already tardy on this subject, should do likewise. Defendants have ignored this proposal in their submission to the Court.

  (3) BOE HYDIS objects to the fact that Honeywell has limited its discovery responses to those products it has concluded infringed the '371 Patent, and has not provided information regarding any other products that may have been investigated and about which Honeywell concluded do not infringe. At the outset, it bears emphasizing that any internal decision not to assert infringement against a particular product at this time (and without discovery) is a matter of the attorney client and work product privileges and thus beyond the scope of discovery, under established case law. *See, e.g., Phillips Elec. N. Am. Corp. v. Universal Elecs., Inc.*, 892 F. Supp. 108, 109 (D. Del. 1995). Moreover, Defendants' request for such information smacks of a double standard insofar as they themselves have taken the position that the scope of discovery includes only those modules that Honeywell has expressly identified by model number. Having taken this position as a discovery "shield," Defendants then reverse course and suggest that Honeywell is required to provide a broader scope of information. Such double standard would fundamentally skew the discovery process against Honeywell.

  (4) Honeywell has not refused to provide discovery regarding the "Honeywell Products at issue." Certain Defendants seek an identification of those Honeywell products which practice the '371 Patent specifically, as well as all Honeywell LCD products generally. Honeywell has provided detailed interrogatory answers regarding the conception and reduction to practice of the claimed subject matter of the '371 Patent; Honeywell has further agreed to provide documentation regarding that design effort and the Boeing 777 cockpit display project out of which the invention was developed. As Honeywell has explained, however, the invention was not adopted for the Boeing 777 cockpit display, and Honeywell has never manufactured a product embodying the claims of the '371 Patent. In sum, there is no information to produce about the invention other than what Honeywell has already agreed to produce. Moreover, any request for Honeywell to produce information regarding *any* LCD related product is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

  Honeywell stands ready to discuss these issues with the Court at Friday's teleconference.

            Respectfully,

            */s/ Thomas C. Grimm*

            Thomas C. Grimm (#1098)

The Honorable Kent A. Jordan
July 20, 2006
Page 4

Enclosure
cc: Dr. Peter T. Dalleo, Clerk (by hand - w/encl.)
　　　All Counsel (via CM/ECF and attached service list - w/encl.)

## CERTIFICATE OF SERVICE

I certify that on July 20, 2006, I caused to be served true and correct copies of the foregoing on the following by hand and by e-mail:

| | |
|---|---|
| John W. Shaw<br>Monte T. Squire<br>YOUNG CONAWAY STARGATT<br>  & TAYLOR LLP<br>1000 West Street, 17th Floor<br>P.O. Box 391<br>Wilmington, DE  19899-0391<br><br>*Attorneys for Sony Corporation, Sony Corporation of America, ST Liquid Crystal Display and Quanta Display Inc.* | William J. Wade<br>RICHARDS LAYTON & FINGER<br>One Rodney Square<br>P.O. Box 551<br>Wilmington, DE  19899-0551<br><br>*Attorneys for Arima Display Corporation, Matsushita Electrical Industrial Co., and Matsushita Electrical Corporation of America* |
| Karen L. Pascale<br>YOUNG CONAWAY STARGATT<br>  & TAYLOR, LLP<br>The Brandywine Building, 17th floor<br>1000 West Street<br>Wilmington, DE  19801<br><br>*Attorney for Optrex America, Inc.* | Philip A. Rovner<br>POTTER ANDERSON & CORROON LLP<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>P.O. Box 951<br>Wilmington, DE  19899<br><br>*Attorneys for Fuji Photo Film Co., Ltd. and Fuji Photo Film U.S.A., Inc.* |
| Thomas L. Halkowski<br>FISH & RICHARDSON P.C.<br>919 N. Market Street, Suite 1100<br>P.O. Box 1114<br>Wilmington, DE  19899-1114<br><br>*Attorneys for Casio Computer Co., Ltd.* | David Margules<br>John M. Seaman<br>BOUCHARD MARGULES<br>  & FRIEDLANDER, P.A.<br>222 Delaware Ave., Suite 1400<br>Wilmington DE 19801<br><br>*Attorneys for Citizen Watch Co., Ltd. and Citizen Displays Co., Ltd.* |

| | |
|---|---|
| Robert J. Katzenstein<br>Robert Karl Beste, III<br>SMITH, KATZENSTEIN<br>    & FURLOW LLP<br>800 Delaware Avenue, 7th Floor<br>P.O. Box 410<br>Wilmington, DE  19899<br><br>*Attorneys for Seiko Epson Corporation* | William J. Marsden, Jr.<br>Raymond N. Scott, Jr.<br>FISH & RICHARDSON, P.C.<br>919 North Market Street, Suite 1100<br>Wilmington DE 19899-1114<br><br>*Attorney for International Display Technology and International Display Technology USA, Inc.* |
| Richard L. Horwitz<br>David E. Moore<br>POTTER ANDERSON & CORROON LLP<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>P.O. Box 951<br>Wilmington, DE  19899<br><br>*Attorneys for BOE Hydis Technology Co., Ltd., Hitachi Displays, Ltd., Toppoly Optoelectronics Corp., Koninklijke Philips Electronics N.V., Philips Electronics North America Corp., Wintek Corp., Wintek Electro-Optics Corporation, Samsung SDI America, Inc.  and Samsung SDI Co., Ltd.* | |

I also certify that on July 20, 2006, I caused to be served true and correct copies of the foregoing on the following by e-mail:

| | |
|---|---|
| Robert C. Scheinfeld<br>BAKER BOTTS L.L.P.<br>30 Rockefeller Plaza<br>New York, NY  10112<br><br>*Attorneys for Hitachi Displays, Ltd.* | Richard D. Kelly<br>Andrew M. Ollis<br>OBLON, SPIVAK, McCLELLAND,<br>    MAIER & NEUSTADT, P.C.<br>1940 Duke Street<br>Alexandria, VA  22314<br><br>*Attorneys for Optrex America, Inc.* |

| | |
|---|---|
| Elizabeth A. Niemeyer<br>FINNEGAN, HENDERSON,<br>  FARABOW, GARRETT<br>  &amp; DUNNER, L.L.P.<br>901 New York Avenue, NW<br>Washington, DC 20001<br><br>York M. Faulkner<br>FINNEGAN, HENDERSON,<br>  FARABOW, GARRETT<br>  &amp; DUNNER, L.L.P.<br>11955 Freedom Drive<br>Reston, VA 20190<br><br>*Attorneys for Toppoly Optoelectronics,*<br>*Wintek Corp. and Wintek Electro-Optics*<br>*Corporation* | Stephen S. Korniczky<br>PAUL, HASTINGS, JANOFSKY<br>  &amp; WALKER LLP<br>3579 Valley Centre Drive<br>San Diego, CA 92130<br><br>Hamilton Loeb<br>PAUL, HASTINGS, JANOFSKY<br>  &amp; WALKER LLP<br>875 15th Street, N.W.<br>Washington, DC 20005<br><br>*Attorneys for Samsung SDI Co., Ltd.*<br>*and Samsung SDI America, Inc.* |
| John T. Johnson<br>FISH & RICHARDSON P.C.<br>Citigroup Center - 52nd Floor<br>153 East 53rd Street<br>New York, NY 10022-4611<br><br>*Attorneys for Casio Computer Co., Ltd.* | Alan M. Grimaldi<br>HOWREY LLP<br>1299 Pennsylvania Avenue, N.W.<br>Washington, DC 20004-2401<br><br>*Attorneys for Koninklijke Philips Electronics*<br>*N.V., and Philips Electronics North America*<br>*Corporation* |
| John Flock<br>KENYON & KENYON<br>One Broadway<br>New York, NY 10004-1050<br><br>*Attorneys for Sony Corporation, Sony*<br>*Corporation of America, and ST Liquid*<br>*Crystal Display Corporation* | Kevin M. O'Brien<br>BAKER & McKENZIE LLP<br>815 Connecticut Avenue, N.W.<br>Washington, DC 20006<br><br>*Attorneys for BOE Hydis Technology Co., Ltd.* |

| | |
|---|---|
| Robert L. Hails, Jr.<br>KENYON & KENYON<br>1500 K Street, N.W.<br>Washington, DC  20005-1257<br><br>*Attorneys for Sony Corporation, Sony Corporation of America, and ST Liquid Crystal Display Corporation* | |
| David J. Lender<br>Steven J. Rizzi<br>WEIL, GOTSHAL & MANGES LLP<br>767 Fifth Avenue<br>New York, NY  10153<br><br>*Attorneys for Matsushita Electrical Industrial Co. and Matsushita Electrical Corporation of America* | Stuart Lubitz<br>HOGAN & HARTSON LLP<br>1999 Avenue of the Stars, Suite 1400<br>Los Angeles, CA  90067<br><br>*Attorneys for Seiko Epson Corporation, Citizen Watch Co., Ltd. and Citizen Displays Co., Ltd.* |
| Peter J. Wied<br>PAUL, HASTINGS, JANOFSKY<br>  & WALKER, LLP<br>515 South Flower Street, 25th Floor<br>Los Angeles, CA  90071<br><br>*Attorney for Quanta Display Inc.* | Lawrence Rosenthal<br>Matthew W. Siegal<br>STROOCK & STROOCK & LAVAN LLP<br>180 Maiden Lane<br>New York, NY  10038-4982<br><br>*Attorneys for Fuji Photo Film Co., Ltd. and Fuji Photo Film U.S.A., Inc.* |
| Dan C. Hu<br>TROP PRUNER & HU, P.C.<br>8554 Katy Freeway<br>Houston, TX  77024-1834<br><br>*Attorney for Arima Display Corporation* | |

*/s/ Thomas C. Grimm*

_____

Thomas C. Grimm (#1098)

529553