# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HONEYWELL INTERNATIONAL INC. and HONEYWELL INTELLECTUAL PROPERTIES INC., <br><br> Plaintiffs, <br><br> v. <br><br> APPLE COMPUTER, INC., et al., <br><br> Defendants. | ) ) ) ) ) ) ) C.A. No. 04-1338-KAJ ) ) ) ) ) ) |

**PLAINTIFFS' FIRST SET OF INTERROGATORIES TO
<u>SEIKO EPSON CORPORATION</u>**

PLEASE TAKE NOTICE that, pursuant to Rules 33 and 26 of the Federal Rules of Civil Procedure, Plaintiffs Honeywell International Inc. and Honeywell Intellectual Properties Inc. (collectively referred to herein as "Honeywell" or "Plaintiff") hereby request that you answer the following interrogatories within thirty (30) days of the date of service of these requests upon you.

**INSTRUCTIONS**

1. Answer each and every interrogatory separately and fully, including each subdivision thereof, unless it is objected to, in which event the reason for all objections shall be specifically and separately stated. Where a complete answer to an interrogatory is not possible, the interrogatory shall be answered to the extent possible and a statement shall be made indicating why only a partial answer is given.

2. In the event that any document or part thereof subject to this request is withheld on the basis of a claim of privilege, you shall furnish to Honeywell a list identifying each document withheld, together with the following information:

    a.    A statement of the nature of the privilege upon which you base any objection to disclosure;

    b.    The name, job title, and last known address of each person who received or otherwise had access to the document involved or copies thereof, or with whom the document was discussed;

    c.    The subject matter of the document in question;

    d.    The date of the preparation of the document; and

    e.    The author(s) of the document.

3.    If any "communication," "conversation," or "statement" is withheld under a claim of privilege, please furnish a list identifying each such communication, conversation or statement for which the privilege is claimed together with the following information:

    a.    The date of such conversation, communication, or statement;

    b.    The place at which it occurred and the medium involved;

    c.    The identity of each person involved, together with his or her job title at the time of the communication;

    d.    The subject matter and nature of the conversation, communication or statement;

    e.    The basis on which the privilege is claimed; and

    f.    Whether any non-privileged matter was contained in the conversation, communication, or statement.

## **DEFINITIONS**

For purposes of these interrogatories, the following terms shall have the meaning set forth below.

1.  The terms "Plaintiff" or "Honeywell" shall mean Honeywell International Inc. and Honeywell Intellectual Properties Inc., including officers, agents, employees, and representatives of each entity.

2.  The terms "Seiko Epson," "you," or "your" shall refer to Seiko Epson Corporation and include, without limitation, your divisions, subsidiaries, directors, agents, representatives, and employees and any predecessor with an interest.

3.  The term "Complaint" shall mean the Complaint and any Amended Complaints filed by Plaintiff in this action.

4.  The term "Named Defendants" shall mean the defendants named in Honeywell's Complaints and any Amended Complaints in the Honeywell actions (C.A. Nos. 04-CV-1337, 04-CV-1338, 04-CV-1536 and 05-CV-874).

5.  The phrase "referring or relating to" as used herein, includes, but is not limited to, the following meanings: bearing upon, concerning, constituting, discussing, describing, evidencing, identifying, in connection with, pertaining to, respecting, regarding, responding to, or in any way logically or factually relevant to the matter described in the request.

6.  The term "Person" shall mean any individual, partnership, incorporated or unincorporated association, and any other legal or commercial entity.

7.  The term "Date" shall mean the exact day, month and year, if ascertainable, or, if not, the best available approximation, including relationship to other events.

8.  The term "Document" shall mean all writings of any kind, including the originals and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise as contemplated by Fed. R. Civ. P. 26 in any form, whether on paper, in electronic form, on microfilm, or otherwise.

9. The term "Identify" when used in reference to a person means to provide the following information:

    a. Full name;

    b. Present or last known address; and

    c. Present or last known telephone number.

10. The terms "'371 patent" and "patent-in-suit" shall mean United States Patent No. 5,280,371 entitled "Directional Diffuser For A Liquid Crystal Display."

11. The phrase "lens array" shall mean a structure that includes an array of light refracting features.

12. The phrase "Accused Structure" shall mean a liquid crystal display ("LCD") module that contains a light source, an LCD panel, and two lens arrays, one of which is misaligned.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify by trade name and model name or number, including any internal identification numbers or parts numbers, each and every Accused Structure that you make, use, sell, have made, or offer for sale from October 1998 to the present. For each Accused Structure, identify the date on which the model was first offered for sale or sold to others and identify any affiliated entity that is involved in the manufacture, distribution and/or sale of the Accused Structure.

**INTERROGATORY NO. 2:**

For each Accused Structure identified in Interrogatory No. 1, identify by model name or number which Accused Structures were supplied to which Named Defendant(s) from October 1998 to the present.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_____
Thomas C. Grimm (#1098)
Leslie A. Polizoti (#4299)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
*Attorneys for Honeywell International Inc.
and Honeywell Intellectual Properties Inc.*

OF COUNSEL:

Martin R. Lueck
Matthew L. Woods
Stacie E. Oberts
Michael D. Okerlund
Denise S. Rahne
Peter N. Surdo
Marta M. Chou
ROBINS, KAPLAN, MILLER
  & CIRESI L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
(612) 349-8500

Anthony A. Froio
Marc N. Henschke
Alan E. McKenna
Jeremy C. McDiarmid
ROBINS, KAPLAN, MILLER
  & CIRESI L.L.P.
111 Huntington Avenue, Suite 1300
Boston, MA 02199
(617) 267-2300

March 29, 2006
511634

9