# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Thomas C. Grimm
302 351 9595
302 425 4661 Fax
tgrimm@mnat.com

July 20, 2006

**BY E-FILING**

The Honorable Kent A. Jordan
United States District Court
  for the District of Delaware
844 North King Street, Lockbox 10
Wilmington, DE 19801

      Re:    *Honeywell International Inc., et al. v. Apple Computer, Inc., et al.*
              C.A. No. 04-1338-KAJ

Dear Judge Jordan:

      On behalf of the Honeywell Plaintiffs, I write in response to the July 14, 2006 letter from the Manufacturer Defendants (D.I. 494) asking this Court to advance claim construction proceedings by six months, ostensibly on the grounds that it will facilitate selection of the "Lead Defendants" against whom the case will first be tried. For the reasons set forth below, Honeywell strongly objects to expediting claim construction proceedings, and further submits that there is no reason to further delay identification of the Lead Defendants.

      This issue has been lingering since the hearing held on March 13, 2006, in which the Court directed the Manufacturer Defendants to confer amongst themselves and with Honeywell and then report back in a month as to whether any agreement could be reached. The parties did confer, but were unable to reach any type of agreement because no Manufacturer Defendant was willing to assume the mantle of "Lead Defendant" at this point in the case; the only proposal ever made to Honeywell has been to defer the selection process until after claim construction.

      Honeywell submits that it is inappropriate to link selection of the Lead Defendants to claim construction in the first instance. Throughout the entire process leading to the original Scheduling Order entered this March, the Manufacturer Defendants never once sought or even suggested that early claim construction proceedings would be desirable. Indeed, the parties actually agreed upon the timing of claim construction proceedings in their joint submission on the Scheduling Order. Even after the Court ordered the Manufacturer Defendants to confer and select a group of Lead Defendants, it was not until much later that they sought to link this issue to the subject of claim construction.

The Honorable Kent A. Jordan
July 20, 2006
Page 2

    The July 14 letter claims that selecting the Lead Defendants now is "disfavored" because the Manufacturer Defendants may have different strategies depending upon how the claims of the '371 patent are construed. Nevertheless, if their Answers and Counterclaims are taken at face value (they are largely identical), the Manufacturer Defendants equally share an interest in undermining the presumed validity of the '371 patent and establishing that their LCD modules do not infringe that patent. Moreover, the Court will recall that the Manufacturer Defendants spoke with one voice in March when they sought to relegate Honeywell's infringement case to a second stage of the proceedings and first hold a trial on validity and enforceability issues only. The fact that certain Manufacturer Defendants are having second thoughts about their prior strategy is not a basis for revising the settled Scheduling Order.

    Ultimately, the Manufacturer Defendants offer no specifics as to how resolution of any particular claim construction issue will facilitate the selection process. As the Manufacturer Defendants well know, Honeywell has asserted infringement of a single claim (claim 3) of the '371 patent. As revealed in the exchange between counsel for Honeywell and the Court back in September of last year, that claim is straightforward and not overly complex. *See* D.I. 230, Transcript of Telephone Conference, September 9, 2005, at 31 (defining the "Accused Structure"). It calls for a backlit LCD display with two lenticular arrays, at least one of which is misaligned. *Id.* Contrary to the accusation in footnote 2 of Mr. Rovner's letter, there simply is no mystery about the basis of Honeywell's claim. In sum, it is difficult to see why any particular group of Manufacturer Defendants would react differently to claim construction than any other.

    It appears that the real reason the Manufacturer Defendants cannot currently select a group of Lead Defendants is because they are concerned that those selected might join the over 50% of the industry that has already resolved their differences with Honeywell. *See* Rovner Letter, p. 2. This concern about the Lead Defendants settling with Honeywell was raised in the last exchange with the Court on this issue, and appears to still be driving the debate, insofar as counsel has reported that the problem is that too few of the Manufacturer Defendants are currently willing to step into this role. *See* D.I. 425, Letter of T. Grimm to Court, dated May 1, 2006. This concern is unfounded. Even if the Lead Defendants are selected now, and some of them subsequently settle with Honeywell before trial, there is ample time for a replacement defendant(s) to join the group, if that is desired, since the pretrial schedule would remain the same for all parties. Moreover, there is no guarantee that a Lead Defendant would not settle with Honeywell even if it was identified after an expedited claim construction.

    Next, the proposed expedited schedule for claim construction threatens to substantially prejudice Honeywell's ability to prepare its case. Under the current Scheduling Order, the Joint Claim Construction Chart and opening briefs are not due until at or after the close of discovery; the schedule thus allows both sides to take into consideration the results of the discovery effort in advancing their claim construction positions. This proposal essentially shortens Honeywell's ability to conduct claim construction discovery from ten months (August through May) to four months (August through November). This proposed compression of time to conduct claim construction discovery is exacerbated by the fact that, as previously reported at the January 2006 status conference, Defendants are refusing to produce their witnesses for deposition here in the United States. *See* D.I. 302, Status Letter of Richard Horwitz to the Court, dated

The Honorable Kent A. Jordan
July 20, 2006
Page 3

January 9, 2006. As it currently stands, if Honeywell is forced to go overseas for depositions, then it must hold the depositions in United States embassies in those countries. However, Honeywell has been informed that those embassies are booked for the remainder of this year and cannot be reserved until next year. In essence then, this proposal would have the effect of preventing Honeywell from conducting any depositions of the Manufacturer Defendants regarding claim construction.

Finally, delaying the selection of the Lead Defendants deprives the case of a significant management tool. The Manufacturer Defendants admit that they "see no need" to require Lead Defendants to coordinate early aspects of the case. Honeywell respectfully disagrees. The size of the case is such that identification of Lead Defendants will undoubtedly facilitate the progress of discovery in this case. Honeywell has sought on several occasions to engage the parties in a discussion about various issues which bear on the orderly and efficient progress of the case, only to have these overtures rebuffed as "premature." The fact that certain Manufacturer Defendants know they are going to trial will facilitate the proactive identification, and cooperative resolution, of the myriad of logistical issues that inevitably arise in a case such as this.

In a case of this size, Honeywell believes that the Court's order to the Manufacturer Defendants to identify a lead group serves a number of purposes, including facilitating the progress of all aspects of the case, not merely certain paragraphs of the Scheduling Order. On the other hand, the timing of claim construction proceedings serves a very different purpose, namely to allow the parties and the Court to conduct claim construction on a comprehensive record. The Manufacturer Defendants' current proposal inappropriately links these two unrelated tasks, in the process ignoring one of the benefits of the first task and potentially prejudicing Honeywell's ability to participate in the second task. Especially insofar as it has relied upon the Scheduling Order for the past four months, Honeywell respectfully submits that the drastic change proposed by Defendants should be rejected.

For all these reasons, Honeywell proposes that the Lead Defendants be immediately selected, and proposes that they include: Epson (Seiko/Sanyo); Sony, Optrex, Samsung SDI, and BOE Hydis. These parties have all served discovery and represent a reasonable cross section of small, medium and large Defendants. Moreover, both Epson and Optrex entered the dispute "voluntarily" -- Epson by intervening and Optrex by filing a separate declaratory judgment action. These Defendants thus have, through their actions, demonstrated an interest in moving the case forward.

Honeywell is prepared to discuss this issue at the Court's convenience.

Respectfully,

*/s/ Thomas C. Grimm*

Thomas C. Grimm (#1098)

cc: Dr. Peter T. Dalleo, Clerk (by hand)
All Counsel (via CM/ECF and attached service list)

<u>CERTIFICATE OF SERVICE</u>

I certify that on July 20, 2006, I caused to be served true and correct copies of the foregoing on the following by hand and by e-mail:

| John W. Shaw<br>Monte T. Squire<br>YOUNG CONAWAY STARGATT<br>  &amp; TAYLOR LLP<br>1000 West Street, 17th Floor<br>P.O. Box 391<br>Wilmington, DE 19899-0391<br><br>*Attorneys for Sony Corporation, Sony Corporation of America, ST Liquid Crystal Display and Quanta Display Inc.* | William J. Wade<br>RICHARDS LAYTON & FINGER<br>One Rodney Square<br>P.O. Box 551<br>Wilmington, DE 19899-0551<br><br>*Attorneys for Arima Display Corporation, Matsushita Electrical Industrial Co., and Matsushita Electrical Corporation of America* |
| --- | --- |
| Karen L. Pascale<br>YOUNG CONAWAY STARGATT<br>  &amp; TAYLOR, LLP<br>The Brandywine Building, 17th floor<br>1000 West Street<br>Wilmington, DE 19801<br><br>*Attorney for Optrex America, Inc.* | Philip A. Rovner<br>POTTER ANDERSON & CORROON LLP<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>P.O. Box 951<br>Wilmington, DE 19899<br><br>*Attorneys for Fuji Photo Film Co., Ltd. and Fuji Photo Film U.S.A., Inc.* |
| Thomas L. Halkowski<br>FISH & RICHARDSON P.C.<br>919 N. Market Street, Suite 1100<br>P.O. Box 1114<br>Wilmington, DE 19899-1114<br><br>*Attorneys for Casio Computer Co., Ltd.* | David Margules<br>John M. Seaman<br>BOUCHARD MARGULES<br>  &amp; FRIEDLANDER, P.A.<br>222 Delaware Ave., Suite 1400<br>Wilmington DE 19801<br><br>*Attorneys for Citizen Watch Co., Ltd. and Citizen Displays Co., Ltd.* |

| | |
|---|---|
| Robert J. Katzenstein<br>Robert Karl Beste, III<br>SMITH, KATZENSTEIN<br>  & FURLOW LLP<br>800 Delaware Avenue, 7th Floor<br>P.O. Box 410<br>Wilmington, DE 19899<br><br>*Attorneys for Seiko Epson Corporation* | William J. Marsden, Jr.<br>Raymond N. Scott, Jr.<br>FISH & RICHARDSON, P.C.<br>919 North Market Street, Suite 1100<br>Wilmington DE 19899-1114<br><br>*Attorney for International Display Technology and International Display Technology USA, Inc.* |
| Richard L. Horwitz<br>David E. Moore<br>POTTER ANDERSON & CORROON LLP<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>P.O. Box 951<br>Wilmington, DE 19899<br><br>*Attorneys for BOE Hydis Technology Co., Ltd., Hitachi Displays, Ltd., Toppoly Optoelectronics Corp., Koninklijke Philips Electronics N.V., Philips Electronics North America Corp., Wintek Corp., Wintek Electro-Optics Corporation, Samsung SDI America, Inc. and Samsung SDI Co., Ltd.* | |

I also certify that on July 20, 2006, I caused to be served true and correct copies of the foregoing on the following by e-mail:

| | |
|---|---|
| Robert C. Scheinfeld<br>BAKER BOTTS L.L.P.<br>30 Rockefeller Plaza<br>New York, NY 10112<br><br>*Attorneys for Hitachi Displays, Ltd.* | Richard D. Kelly<br>Andrew M. Ollis<br>OBLON, SPIVAK, McCLELLAND,<br>  MAIER & NEUSTADT, P.C.<br>1940 Duke Street<br>Alexandria, VA 22314<br><br>*Attorneys for Optrex America, Inc.* |

| | |
|---|---|
| Elizabeth A. Niemeyer<br>FINNEGAN, HENDERSON,<br>  FARABOW, GARRETT<br>  & DUNNER, L.L.P.<br>901 New York Avenue, NW<br>Washington, DC 20001<br><br>York M. Faulkner<br>FINNEGAN, HENDERSON,<br>  FARABOW, GARRETT<br>  & DUNNER, L.L.P.<br>11955 Freedom Drive<br>Reston, VA 20190<br><br>*Attorneys for Toppoly Optoelectronics, Wintek Corp. and Wintek Electro-Optics Corporation* | Stephen S. Korniczky<br>PAUL, HASTINGS, JANOFSKY<br>  & WALKER LLP<br>3579 Valley Centre Drive<br>San Diego, CA 92130<br><br>Hamilton Loeb<br>PAUL, HASTINGS, JANOFSKY<br>  & WALKER LLP<br>875 15th Street, N.W.<br>Washington, DC 20005<br><br>*Attorneys for Samsung SDI Co., Ltd. and Samsung SDI America, Inc.* |
| John T. Johnson<br>FISH & RICHARDSON P.C.<br>Citigroup Center - 52nd Floor<br>153 East 53rd Street<br>New York, NY 10022-4611<br><br>*Attorneys for Casio Computer Co., Ltd.* | Alan M. Grimaldi<br>HOWREY LLP<br>1299 Pennsylvania Avenue, N.W.<br>Washington, DC 20004-2401<br><br>*Attorneys for Koninklijke Philips Electronics N.V., and Philips Electronics North America Corporation* |
| John Flock<br>KENYON & KENYON<br>One Broadway<br>New York, NY 10004-1050<br><br>*Attorneys for Sony Corporation, Sony Corporation of America, and ST Liquid Crystal Display Corporation* | Kevin M. O'Brien<br>BAKER & McKENZIE LLP<br>815 Connecticut Avenue, N.W.<br>Washington, DC 20006<br><br>*Attorneys for BOE Hydis Technology Co., Ltd.* |

| | |
|---|---|
| Robert L. Hails, Jr.<br>KENYON & KENYON<br>1500 K Street, N.W.<br>Washington, DC 20005-1257<br><br>*Attorneys for Sony Corporation, Sony Corporation of America, and ST Liquid Crystal Display Corporation* | |
| David J. Lender<br>Steven J. Rizzi<br>WEIL, GOTSHAL & MANGES LLP<br>767 Fifth Avenue<br>New York, NY 10153<br><br>*Attorneys for Matsushita Electrical Industrial Co. and Matsushita Electrical Corporation of America* | Stuart Lubitz<br>HOGAN & HARTSON LLP<br>1999 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067<br><br>*Attorneys for Seiko Epson Corporation, Citizen Watch Co., Ltd. and Citizen Displays Co., Ltd.* |
| Peter J. Wied<br>PAUL, HASTINGS, JANOFSKY<br>  & WALKER, LLP<br>515 South Flower Street, 25th Floor<br>Los Angeles, CA 90071<br><br>*Attorney for Quanta Display Inc.* | Lawrence Rosenthal<br>Matthew W. Siegal<br>STROOCK & STROOCK & LAVAN LLP<br>180 Maiden Lane<br>New York, NY 10038-4982<br><br>*Attorneys for Fuji Photo Film Co., Ltd. and Fuji Photo Film U.S.A., Inc.* |
| Dan C. Hu<br>TROP PRUNER & HU, P.C.<br>8554 Katy Freeway<br>Houston, TX 77024-1834<br><br>*Attorney for Arima Display Corporation* | |

/s/ *Thomas C. Grimm*
Thomas C. Grimm (#1098)

529545