IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

HONEYWELL INTERNATIONAL INC. and HONEYWELL INTELLECTUAL PROPERTIES INC.,

Plaintiffs,

v.

APPLE COMPUTER, INC., et al.,

Defendants and Counterclaimants.

C.A. No. 04-1338-KAJ
(Consolidated)

**PLAINTIFFS HONEYWELL INTERNATIONAL INC. AND HONEYWELL INTELLECTUAL PROPERTIES INC.'S MOTION FOR LEAVE TO FILE ITS SECOND AMENDED COMPLAINT**

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, plaintiffs Honeywell International Inc. and Honeywell Intellectual Properties Inc. ("Honeywell") move for leave to file their Second Amended Complaint. Pursuant to D. Del. LR 15.1, attached as Exhibit A are two copies of the proposed Second Amended Complaint. Attached as Exhibit B is a redlined version comparing the First Amended Complaint to the proposed Second Amended Complaint.

Honeywell seeks to amend its First Amended Complaint (D.I. 239) to add subsidiaries and related entities of Quanta Display Inc. ("Quanta"), Seiko Epson Corporation ("Seiko Epson"), Fuji Photo Film Co., Ltd. ("Fuji"), Wintek Corp. ("Wintek"), and Toppoly Optoelectronics Corp. ("Toppoly") as parties and to clarify language regarding Honeywell's intent to seek an accounting. During discovery, many defendants have identified related entities that are involved in some way with the infringing activity that is the subject of this action. Consequently, each entity that Honeywell proposes to add is: (1) related to a named defendant; and (2) identified by a named defendant as a related entity involved in the manufacture, sale,

and/or distribution of LCD modules that are the subject of this litigation. None of these amendments represent an expansion of this litigation, and Honeywell has sought to avoid naming these parties in the Second Amended Complaint by working with defendants to secure adequate assurances that Honeywell's interests in having the appropriate parties in the case and having access to necessary discovery would be protected. While Honeywell received such assurances from many defendants, some have refused, necessitating the present motion and Second Amended Complaint.

Specifically, Tech-Well is a subsidiary of Quanta that is involved in manufacturing LCD modules for Quanta. United Win (China) Technology Ltd. and Dongguan Masstop Liquid Crystal Display Co., Ltd. are subsidiaries of Wintek that manufacture LCD modules. Toppoly Nanjing is a subsidiary of Toppoly that manufacturers LCD modules. Suzhou Epson Co., Ltd., Sanyo Epson Imaging Devices (Hong Kong) Ltd., and Sanyo Epson Imaging Devices (Philippines) Inc., are affiliated entities of Seiko Epson that manufacture modules. Epson Europe Electronics GmbH and Epson Hong Kong Ltd. are affiliated entities of Seiko Epson that sell and distribute LCD modules. Fujifilm Photonix Co., Ltd. is a subsidiary of Fuji that manufactures modules.

The amended language regarding an accounting is merely a clarification of language already included in Honeywell's original complaint. Honeywell believes that with the language regarding "account for," we have sufficiently pled a request for an accounting, but in order to make sure there is not confusion, we have clarified the language to ensure notice to all defendants.

Rule 15 provides, in pertinent part, that after a responsive pleading has been filed, a party may amend its pleadings "by leave of court or by written consent of the adverse party; and leave

shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Unless the opposing party can show undue delay, bad faith or dilatory motive on the part of the movant, or undue prejudice to the opposing party, a court should freely grant leave to file the amendment. ***Foman v. Davis***, 371 U.S. 178, 182 (1962); ***Mylan Pharm., Inc. v. Kremers Urban Dev.***, No. 02-1628 (GMS), 2003 U.S. Dist. LEXIS 20665, at *6 (D. Del. Nov. 14, 2003); ***France Telecom S.A. v. Novell, Inc.***, No. 02-437-GMS, 2002 U.S. Dist. LEXIS 19967, at *2-*3 (D. Del. Oct. 17, 2002).[1]

Honeywell's motion to amend its First Amended Complaint is timely, brought in good faith, and will not delay the proceedings or unfairly prejudice any defendant. By stipulation of the parties and with the approval of the Court, the Scheduling Order governing the proceedings in this matter was amended to set July 28, 2006, as the deadline to add parties and to amend the pleadings (D.I. 480). Thus, there is no question that Honeywell's present motion is timely.

In addition, Honeywell's Second Amended Complaint is brought in good faith and without any dilatory motive. Each of the proposed additional entities has been identified by a named defendant as a related entity that is involved in the manufacture, sale and/or distribution of the LCD modules accused of infringement. In order to avoid adding new parties and yet ensure both that the right parties are in the case and that Honeywell would be able to secure appropriate discovery, Honeywell endeavored to obtain assurances from defendants as to their willingness to stand in for the related entities. Because the defendants identified above refused to provide these assurances as to their respective related entities, the Second Amended Complaint is the only way that Honeywell can be sure that the right parties are in the case and that discovery regarding infringing modules can proceed expeditiously.

1 All unreported opinions are attached hereto as Exhibit C.

Moreover, the addition of these related entities as parties will not unduly delay the present proceedings. As each entity is a related party of a named defendant, and in fact identified by a named defendant, knowledge of Honeywell's allegations cannot possibly be a surprise. As well, while the relevant defendants presumably have access to the discovery required in the present litigation, the addition of these specific entities acts as important insurance that the discovery will be had efficiently and without technical obstacles.

Lastly, Honeywell's Second Amended complaint does not unfairly prejudice the defendants. As stated above, in each instance defendants are related to the proposed additional entities that, according to the defendants' own discovery responses, are involved in the manufacture, sale and/or distribution of LCD modules that Honeywell has accused of infringement. Due to these entities' involvement in the acts accused of infringing Honeywell's patent claims, and the defendants' unwillingness to provide assurances that they will stand in for these entities, the additional entities are appropriate and predictable parties to the action. Therefore, defendants cannot seriously contend that they would be unfairly prejudiced by the addition of their related entities as parties.

Similarly, defendants cannot contend that the clarifying language regarding an accounting would prejudice them in any way. Honeywell's original complaint laid claim to an accounting and the propose amendment merely clarifies this in light of Delaware's pleading conventions.

**CONCLUSION**

In light of the foregoing, Honeywell submits that the Court should grant leave for Honeywell to file its Second Amended Complaint and respectfully requests that the Court ask the

current defendants to accept service of the Second Amended Complaint on behalf of their related entities.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Maria Granovsky*

Thomas C. Grimm (#1098)
Leslie A. Polizoti (#4299)
Maria Granovsky (#4709)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
tgrimm@mnat.com
lpolizoti@mnat.com
mgranovsky@mnat.com
*Attorneys for Honeywell International Inc. and Honeywell Intellectual Properties Inc.*

OF COUNSEL:

Martin R. Lueck
Matthew L. Woods
Stacie E. Oberts
Michael D. Okerlund
Denise S. Rahne
Peter N. Surdo
Marta M. Chou
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
(612) 349-8500

Anthony A. Froio
Marc N. Henschke
Alan E. McKenna
Jeremy C. McDiarmid
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
111 Huntington Avenue, Suite 1300
Boston, MA 02199
(617) 267-2300

July 28, 2006
530530

**RULE 7.1.1 CERTIFICATION**

I hereby certify that counsel for Honeywell International, Inc. has raised the subject of the foregoing motion with counsel for non-stayed defendants.

Counsel for defendant Samsung SDI does not oppose the motion.

Counsel for Sanyo Epson and Seiko Epson opposes the motion.

Counsel for Sony Corporation, Sony Corporation of America, ST Liquid Crystal Display, Quanta Display Inc., Arima Display Corporation, Matsushita Electrical Industrial Co., Matsushita Electrical Corporation of America, Optrex America, Inc., Fuji Photo Film Co., Ltd., Fuji Photo Film U.S.A., Inc., Casio Computer Co., Ltd., Citizen Watch Co., Ltd., Citizen Displays Co., Ltd., International Display Technology, International Display Technology USA, Inc., BOE Hydis Technology Co., Ltd., Hitachi Displays, Ltd., Toppoly Optoelectronics Corp., Koninklijke Philips Electronics N.V., Philips Electronics North America Corp., Wintek Corp., and Wintek Electro-Optics Corporation have not provided a response.

*/s/ Maria Granovsky*

Maria Granovsky

CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send notification of such filing to the following: John R. Alison, Parker H. Bagley, Robert J. Benson, Robert Karl Beste, III, Elizabeth L. Brann, Christopher E. Chalsen, Hua Chen, Jay C. Chiu, Arthur G. Connolly, III, Frederick L. Cottrell, III, Sang N. Dang, Francis DiGiovanni, Thomas M. Dunham, Kevin C. Ecker, Amy Elizabeth Evans, York M. Faulkner, Maxwell A. Fox, Terry D. Garnett, Christopher J. Gaspar, Alexander E. Gasser, Alan M. Grimaldi, Thomas C. Grimm, Thomas Lee Halkowski, Angie Hankins, Richard L. Horwitz, Dan C. Hu, John T. Johnson, Robert J. Katzenstein, Nelson M. Kee, Richard D. Kelly, Matthew W. King, Stephen S. Korniczky, Hamilton Loeb, Robert Maier, David J. Margules, David Ellis Moore, Carolyn E. Morris, Arthur I. Neustadt, Elizabeth A. Niemeyer, Kevin M. O'Brien, Andrew M. Ollis, Karen L. Pascale, Adam Wyatt Poff, Leslie A. Polizoti, Alana A. Prills, Steven J. Rizzi, Lawrence Rosenthal, Avelyn M. Ross, Philip A. Rovner, Diana M. Sangelli, Robert C. Scheinfeld, Carl E. Schlier, Chad Michael Shandler, John W. Shaw, Matthew W. Siegal, Neil P. Sirota, Monte Terrell Squire, William J. Wade, Peter J. Wied, Roderick B. Williams, Vincent K. Yip, Edward R. Yoches.

I also certify that on July 28, 2006, I caused to be served true and correct copies of the foregoing on the following by hand and by e-mail:

John W. Shaw
Monte T. Squire
YOUNG CONAWAY STARGATT
& TAYLOR LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391

William J. Wade
RICHARDS LAYTON & FINGER
One Rodney Square
P.O. Box 551
Wilmington, DE 19899-0551

*Attorneys for Sony Corporation, Sony Corporation of America, ST Liquid Crystal Display and Quanta Display Inc.*

*Attorneys for Arima Display Corporation, Matsushita Electrical Industrial Co., and Matsushita Electrical Corporation of America*

Karen L. Pascale
YOUNG CONAWAY STARGATT
& TAYLOR, LLP
The Brandywine Building, 17th floor
1000 West Street
Wilmington, DE 19801

*Attorney for Optrex America, Inc.*

Philip A. Rovner
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899

*Attorneys for Fuji Photo Film Co., Ltd. and Fuji Photo Film U.S.A., Inc.*

Thomas L. Halkowski
FISH & RICHARDSON P.C.
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114

*Attorneys for Casio Computer Co., Ltd.*

David Margules
John M. Seaman
BOUCHARD MARGULES
& FRIEDLANDER, P.A.
222 Delaware Ave., Suite 1400
Wilmington DE 19801

*Attorneys for Citizen Watch Co., Ltd. and Citizen Displays Co., Ltd.*

Robert J. Katzenstein
Robert Karl Beste, III
SMITH, KATZENSTEIN
& FURLOW LLP
800 Delaware Avenue, 7th Floor
P.O. Box 410
Wilmington, DE 19899

*Attorneys for Seiko Epson Corporation*

William J. Marsden, Jr.
Raymond N. Scott, Jr.
FISH & RICHARDSON, P.C.
919 North Market Street, Suite 1100
Wilmington DE 19899-1114

*Attorney for International Display Technology and International Display Technology USA, Inc.*

Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899

*Attorneys for BOE Hydis Technology Co., Ltd., Hitachi Displays, Ltd., Toppoly Optoelectronics Corp., Koninklijke Philips Electronics N.V., Philips Electronics North America Corp., Wintek Corp., Wintek Electro-Optics Corporation, Samsung SDI America, Inc. and Samsung SDI Co., Ltd.*

I further certify that on July 28, 2006, I caused to be served true and correct copies of the foregoing on the following by e-mail:

Robert C. Scheinfeld
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, NY 10112

*Attorneys for Hitachi Displays, Ltd.*

Richard D. Kelly
Andrew M. Ollis
OBLON, SPIVAK, McCLELLAND, MAIER & NEUSTADT, P.C.
1940 Duke Street
Alexandria, VA 22314

*Attorneys for Optrex America, Inc.*

Elizabeth A. Niemeyer
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, L.L.P.
901 New York Avenue, NW
Washington, DC 20001

York M. Faulkner
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, L.L.P.
11955 Freedom Drive
Reston, VA 20190

*Attorneys for Toppoly Optoelectronics, Wintek Corp. and Wintek Electro-Optics Corporation*

Stephen S. Korniczky
PAUL, HASTINGS, JANOFSKY & WALKER LLP
3579 Valley Centre Drive
San Diego, CA 92130

Hamilton Loeb
PAUL, HASTINGS, JANOFSKY & WALKER LLP
875 15th Street, N.W.
Washington, DC 20005

*Attorneys for Samsung SDI Co., Ltd. and Samsung SDI America, Inc.*

John T. Johnson
FISH & RICHARDSON P.C.
Citigroup Center - 52nd Floor
153 East 53rd Street
New York, NY 10022-4611

*Attorneys for Casio Computer Co., Ltd.*

Alan M. Grimaldi
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004-2401

*Attorneys for Koninklijke Philips Electronics N.V., and Philips Electronics North America Corporation*

John Flock
KENYON & KENYON
One Broadway
New York, NY 10004-1050

*Attorneys for Sony Corporation, Sony Corporation of America, and ST Liquid Crystal Display Corporation*

Kevin M. O'Brien
BAKER & McKENZIE LLP
815 Connecticut Avenue, N.W.
Washington, DC 20006

*Attorneys for BOE Hydis Technology Co., Ltd.*

Robert L. Hails, Jr.
KENYON & KENYON
1500 K Street, N.W.
Washington, DC 20005-1257

*Attorneys for Sony Corporation, Sony Corporation of America, and ST Liquid Crystal Display Corporation*

David J. Lender
Steven J. Rizzi
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153

*Attorneys for Matsushita Electrical Industrial Co. and Matsushita Electrical Corporation of America*

Stuart Lubitz
HOGAN & HARTSON LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067

*Attorneys for Seiko Epson Corporation, Citizen Watch Co., Ltd. and Citizen Displays Co., Ltd.*

Peter J. Wied
PAUL, HASTINGS, JANOFSKY & WALKER, LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071

*Attorney for Quanta Display Inc.*

Lawrence Rosenthal
Matthew W. Siegal
STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY 10038-4982

*Attorneys for Fuji Photo Film Co., Ltd. and Fuji Photo Film U.S.A., Inc.*

Dan C. Hu
TROP PRUNER & HU, P.C.
8554 Katy Freeway
Houston, TX 77024-1834

*Attorney for Arima Display Corporation*

*/s/ Maria Granovsky*

Maria Granovsky (#4709)
mgranovsky@mnat.com

530530