## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HONEYWELL INTERNATIONAL INC. and HONEYWELL INTELLECTUAL PROPERTIES INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 04-1338-KAJ |
| v. | ) ) | |
| APPLE COMPUTER, INC., et al., | ) ) | |
| Defendants. | ) | |

### BOE HYDIS LTD.'S FIRST AMENDED ANSWER TO
### HONEYWELL'S FIRST AMENDED COMPLAINT

BOE HYDIS TECHNOLOGY CO., LTD. (erroneously named as "BOE-Hydis Technology Co., Ltd." in the First Amended Complaint and hereinafter "BOE HYDIS") for its answer to the averments in the First Amended Complaint of Honeywell International Inc. and Honeywell Intellectual Properties Inc. (collectively "Honeywell") responds as follows:

### Nature of the Action

1.    BOE HYDIS  admits that the First Amended Complaint purports to state a cause of action under the Patent Laws of the United States, and that the First Amended Complaint alleges willful infringement of a United States patent.  BOE HYDIS, however, denies that the First Amended Complaint states a valid cause of action.

### The Parties

2.    BOE HYDIS is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 2 of the First Amended Complaint, and therefore denies the same.

3.      BOE HYDIS is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 3 of the First Amended Complaint, and therefore denies the same.

4.      BOE HYDIS is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 4 of the First Amended Complaint, and therefore denies the same.

5.      BOE HYDIS is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 5 of the First Amended Complaint, and therefore denies the same.

6.      BOE HYDIS is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 6 of the First Amended Complaint, and therefore denies the same.

7.      BOE HYDIS is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 7 of the First Amended Complaint, and therefore denies the same.

8.      BOE HYDIS is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 8 of the First Amended Complaint, and therefore denies the same.

9.      BOE HYDIS is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 9 of the First Amended Complaint, and therefore denies the same.

10.     BOE HYDIS admits that BOE Technology Group Company Ltd. is a China corporation having its principal place of business in Beijing, China.

11.     BOE HYDIS admits that BOE Optoelectronics Technology Co. Ltd. is a China corporation having its principal place of business in Beijing, China.

12.     BOE HYDIS admits that it is a South Korean corporation having its principal place of business in Gyeonggi-do, South Korea.

13.     BOE HYDIS is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 13 of the First Amended Complaint, and therefore denies the same.

14.     BOE HYDIS is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 14 of the First Amended Complaint, and therefore denies the same.

15.     BOE HYDIS is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 15 of the First Amended Complaint, and therefore denies the same.

16.     BOE HYDIS is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 16 of the First Amended Complaint, and therefore denies the same.

17.     BOE HYDIS is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 17 of the First Amended Complaint, and therefore denies the same.

18.     BOE HYDIS is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 18 of the First Amended Complaint, and therefore denies the same.

19.     BOE HYDIS is without knowledge or information sufficient to form a

belief as to the truth of the averments of paragraph 19 of the First Amended Complaint, and therefore denies the same.

20.    BOE HYDIS is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 20 of the First Amended Complaint, and therefore denies the same.

21.    BOE HYDIS is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 21 of the First Amended Complaint, and therefore denies the same.

22.    BOE HYDIS is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 22 of the First Amended Complaint, and therefore denies the same.

23.    BOE HYDIS is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 23 of the First Amended Complaint, and therefore denies the same.

24.    BOE HYDIS is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 24 of the First Amended Complaint, and therefore denies the same.

25.    BOE HYDIS is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 25 of the First Amended Complaint, and therefore denies the same.

26.    BOE HYDIS is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 26 of the First Amended Complaint, and therefore denies the same.

27.     BOE HYDIS is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 27 of the First Amended Complaint, and therefore denies the same.

28.     BOE HYDIS is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 28 of the First Amended Complaint, and therefore denies the same.

29.     BOE HYDIS is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 29 of the First Amended Complaint, and therefore denies the same.

30.     BOE HYDIS is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 30 of the First Amended Complaint, and therefore denies the same.

31.     BOE HYDIS is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 31 of the First Amended Complaint, and therefore denies the same.

32.     BOE HYDIS is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 32 of the First Amended Complaint, and therefore denies the same.

33.     BOE HYDIS is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 33 of the First Amended Complaint, and therefore denies the same.

34.     BOE HYDIS is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 34 of the First Amended Complaint,

and therefore denies the same.

35.     BOE HYDIS is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 35 of the First Amended Complaint, and therefore denies the same.

36.     BOE HYDIS is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 36 of the First Amended Complaint, and therefore denies the same.

37.     BOE HYDIS is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 37 of the First Amended Complaint, and therefore denies the same.

38.     BOE HYDIS is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 38 of the First Amended Complaint, and therefore denies the same.

39.     BOE HYDIS is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 39 of the First Amended Complaint, and therefore denies the same.

40.     BOE HYDIS is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 40 of the First Amended Complaint, and therefore denies the same.

41.     BOE HYDIS is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 41 of the First Amended Complaint, and therefore denies the same.

42.     BOE HYDIS is without knowledge or information sufficient to form a

belief as to the truth of the averments of paragraph 42 of the First Amended Complaint, and therefore denies the same.

43.     BOE HYDIS is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 43 of the First Amended Complaint, and therefore denies the same.

44.     BOE HYDIS is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 44 of the First Amended Complaint, and therefore denies the same.

45.     BOE HYDIS is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 45 of the First Amended Complaint, and therefore denies the same.

46.     BOE HYDIS is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 46 of the First Amended Complaint, and therefore denies the same.

47.     BOE HYDIS is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 47 of the First Amended Complaint, and therefore denies the same.

48.     BOE HYDIS is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 48 of the First Amended Complaint, and therefore denies the same.

49.     BOE HYDIS is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 49 of the First Amended Complaint, and therefore denies the same.

50.    BOE HYDIS is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 50 of the First Amended Complaint, and therefore denies the same.

51.    BOE HYDIS is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 51 of the First Amended Complaint, and therefore denies the same.

52.    BOE HYDIS is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 52 of the First Amended Complaint, and therefore denies the same.

53.    BOE HYDIS is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 53 of the First Amended Complaint, and therefore denies the same.

54.    BOE HYDIS is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 54 of the First Amended Complaint, and therefore denies the same.

55.    BOE HYDIS is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 55 of the First Amended Complaint, and therefore denies the same.

56.    BOE HYDIS is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 56 of the First Amended Complaint, and therefore denies the same.

57.    BOE HYDIS is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 57 of the First Amended Complaint,

and therefore denies the same.

58.     BOE HYDIS is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 58 of the First Amended Complaint, and therefore denies the same.

59.     BOE HYDIS is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 59 of the First Amended Complaint, and therefore denies the same.

60.     BOE HYDIS is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 60 of the First Amended Complaint, and therefore denies the same.

## Jurisdiction and Venue

61.     Paragraph 61 of the First Amended Complaint states a legal conclusion to which no response is required.

62.     Paragraph 62 of the First Amended Complaint states a legal conclusion to which no response is required.  To the extent a response is required, BOE HYDIS admits that paragraph 62 of the First Amended Complaint purports to assert that personal jurisdiction over it comports with the United States Constitution and § 3104 of the Delaware Code.  BOE HYDIS denies the remaining averments in paragraph 62.

63.     Paragraph 63 of the First Amended Complaint states a legal conclusion to which no response is required.

## Background to the Action

64.     BOE HYDIS is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 64 of the First Amended

Complaint, and therefore denies the same.

65.    BOE HYDIS admits that what appears to be a copy of U.S. Patent No. 5,280,371 ("the'371 patent") which appears to state the issue date of January 18, 1994, is attached to the First Amended Complaint as Exhibit 1.  BOE HYDIS is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 65 of the First Amended Complaint, and therefore denies the same.

66.    BOE HYDIS is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 66 of the First Amended Complaint, and therefore denies the same.

### Alleged Acts Giving Rise to the Action

67.    BOE HYDIS is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 67 of the First Amended Complaint, and therefore denies the same.

68.    BOE HYDIS is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 68 of the First Amended Complaint, and therefore denies the same.

69.    BOE HYDIS is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 69 of the First Amended Complaint, and therefore denies the same.

70.    BOE HYDIS is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 70 of the First Amended Complaint,

and therefore denies the same.

71.    BOE HYDIS is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 71 of the First Amended Complaint, and therefore denies the same.

72.    BOE HYDIS denies the averments of paragraph 72 to the extent they apply to BOE HYDIS.  Otherwise, BOE HYDIS is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 72 of the First Amended Complaint, and therefore denies the same.

73.    BOE HYDIS is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 73 of the First Amended Complaint, and therefore denies the same.

74.    BOE HYDIS is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 74 of the First Amended Complaint, and therefore denies the same.

75.    BOE HYDIS is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 75 of the First Amended Complaint, and therefore denies the same.

76.    BOE HYDIS is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 76 of the First Amended Complaint, and therefore denies the same.

77.    BOE HYDIS is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 77 of the First Amended Complaint, and therefore denies the same.

78.     BOE HYDIS is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 78 of the First Amended Complaint, and therefore denies the same.

79.     BOE HYDIS is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 79 of the First Amended Complaint, and therefore denies the same.

80.     BOE HYDIS is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 80 of the First Amended Complaint, and therefore denies the same.

81.     BOE HYDIS is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 81 of the First Amended Complaint, and therefore denies the same.

82.     BOE HYDIS is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 82 of the First Amended Complaint, and therefore denies the same.

83.     BOE HYDIS is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 83 of the First Amended Complaint, and therefore denies the same.

84.     BOE HYDIS is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 84 of the First Amended Complaint, and therefore denies the same.

85.     BOE HYDIS is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 85 of the First Amended

Complaint, and therefore denies the same.

86.    BOE HYDIS is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 86 of the First Amended Complaint, and therefore denies the same.

87.    BOE HYDIS is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 87 of the First Amended Complaint, and therefore denies the same.

88.    BOE HYDIS is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 88 of the First Amended Complaint, and therefore denies the same.

89.    BOE HYDIS is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 89 of the First Amended Complaint, and therefore denies the same.

90.    BOE HYDIS is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 90 of the First Amended Complaint, and therefore denies the same.

91.    BOE HYDIS is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 91 of the First Amended Complaint, and therefore denies the same.

92.    BOE HYDIS is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 92 of the First Amended Complaint, and therefore denies the same.

93.    BOE HYDIS is without knowledge or information sufficient to form a

belief as to the truth of the averments of paragraph 93 of the First Amended Complaint, and therefore denies the same.

94.     BOE HYDIS is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 94 of the First Amended Complaint, and therefore denies the same.

95.     BOE HYDIS is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 95 of the First Amended Complaint, and therefore denies the same.

96.     BOE HYDIS is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 96 of the First Amended Complaint, and therefore denies the same.

97.     BOE HYDIS is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 97 of the First Amended Complaint, and therefore denies the same.

98.     BOE HYDIS is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 98 of the First Amended Complaint, and therefore denies the same.

99.     BOE HYDIS is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 99 of the First Amended Complaint, and therefore denies the same.

100.     BOE HYDIS denies the averments of paragraph 100 to the extent they pertain to BOE HYDIS.  Otherwise, BOE HYDIS is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 100 of

the First Amended Complaint, and therefore denies the same.

101.    BOE HYDIS denies the averments of paragraph 101 to the extent they pertain to BOE HYDIS.  Otherwise, BOE HYDIS is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 101 of the First Amended Complaint, and therefore denies the same.

### DEFENSES

#### First Defense: No Cause of Action

1.    Honeywell's First Amended Complaint fails to state a claim upon which relief can be granted.

#### Second Defense: Non-Infringement

2.    The '371 patent has not been and is not infringed by BOE HYDIS.

#### Third Defense: Invalidity

3.    The claims of the '371 patent are invalid for failure to comply with the conditions for patentability specified in Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 102, 103, and 112.

#### Fourth Defense: Prosecution History Estoppel

4.    Prosecution history estoppel bars Honeywell's assertion of the '371 patent against BOE HYDIS.

#### Fifth Defense : Laches and/or Equitable Estoppel

5.    Honeywell's claims are barred in whole or in part by laches and/or equitable estoppel.

15

**Sixth Defense: Time Limitation and/or Failure to Mark**

6.    Honeywell's damages claims are barred by failure to comply with the requirements of 35 U.S.C. §§ 286 and/or 287.

**Seventh Defense: License**

7.    Upon information and belief, at least some of the products accused to infringe the '371 patent are licensed and/or claims have been released pursuant to agreements with Honeywell.

**Eighth Defense: Inequitable Conduct**

8.    On information and belief, the '371 patent is unenforceable because the applicants and/or individuals acting on behalf of the applicants, deliberately and knowingly withheld, omitted and/or misrepresented material information in connection with the prosecution of the application that became the '371 patent in violation of the duty of candor to the USPTO, as required by 37 C.F.R. §1.56.

9.    Applicants for patents have a general duty of candor and good faith in their dealings with the USPTO. Pursuant to 37 C.F.R. § 1.56, the inventors had an affirmative obligation to disclose to the USPTO all information that they knew was material to the examination of their pending application. The inventors' duty extended to their representatives, including their attorneys, and all others who were substantively involved in the preparation or prosecution of the '371 patent.

10.   The '371 patent issued from an application filed on July 9, 1992 and listing three applicants: Richard I. McCartney, Daniel D. Syroid and Karen E. Jachimowicz. At least two of the applicants, Mr. McCartney and Mr. Syroid, were aware during the pendency of this application of information material to the patentability of the

16

applications and purposefully withheld the information from the USPTO with an intent to deceive the USPTO.

11.     For example, inventors McCartney and Syroid authored an article entitled "Direction Diffuser Lens Array for Backlit LCDs," which was published in Japan Display in 1992 at pp. 259-62 ("the McCartney article"). The third inventor, Karen Jachimowicz, is acknowledged as a contributor. In that article, the inventors cited to an article by H. Noda, et al., entitled "High Definition Liquid Crystal Projection TV," which was published in Japan Display in 1989 at pp. 256-59 (the "Noda article"), when discussing removing a moiré pattern in a direct view LCD display system by using a lens array pitch that is a non-integral multiple of a display pitch. The Noda article discusses removing a moiré pattern in a projection LCD display system by using a lens array pitch that is a non-integral multiple of a display pitch. See Noda article at p. 257, column 2. The Noda article was published more than one year prior to the filing date of the application that became the '371 patent and was material to the patentability of that application. In the McCartney article, the authors cite to the Noda Article (which discusses a rear projection system) for a method of reducing moiré in a direct view system.

12.     The Noda article is material under 37 C.F.R. § 1.56 because, among other things, it establishes, independently or in combination with other information, a *prima facie* case of unpatentability of one or more claims of the '371 patent, and/or a reasonable examiner would have considered this information important in deciding whether to allow one or more claims of the application that led to the issuance of the '371 patent.

13.     On information and belief, in response to and to overcome a rejection by the patent examiner during prosecution of the application, the applicants and/or individuals acting on their behalf argued that there would be no suggestion to combine the teachings from the field of projection systems with the teachings from the field of direct view systems and, therefore, the examiner should not rely on prior art from the field of projection systems.

14.     Nonetheless, neither the applicants nor any individual acting on behalf of the applicants informed the USPTO of the McCartney article or of the applicants' comments contained therein concerning the applicability of the teachings from the field of projection systems to the field of direct view systems or to the direct view apparatus disclosed and claimed in the application that led to the '371 patent.

15.     Neither the McCartney article nor the Noda article was never disclosed to the USPTO during the prosecution of the application that became the '371 patent, even though individuals subject to the duties of candor and disclosure were aware of these articles.  On information and belief, these individuals withheld the McCartney and Noda articles from the USPTO with an intent to mislead and deceive the USPTO in order to secure allowance of the '371 patent.  The '371 patent is unenforceable due to this inequitable conduct.

**WHEREFORE**, BOE HYDIS prays that the Court enter judgment as follows:

(a) that the Complaint be dismissed with prejudice;

(b) that BOE HYDIS does not infringe and has not infringed any claim of the '371 patent;

(c) that the '371 patent is invalid;

18

(d) that BOE HYDIS be awarded its costs and attorneys fees under, *inter alia*, 35 U.S.C. § 285; and

(e) that BOE HYDIS be awarded such further legal and equitable relief as the Court may deem just and proper.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Kevin M. O'Brien
Jennifer A. Semko
BAKER & MCKENZIE LLP
815 Connecticut Avenue, NW
Washington, D.C. 20006
Tel: (202) 452-7000

Dated: July 28, 2006

By:  */s/ David E. Moore*
　　 Richard L. Horwitz (#2246)
　　 David E. Moore (#3983)
　　 Hercules Plaza, 6th Floor
　　 1313 N. Market Street
　　 Wilmington, Delaware  19899-0951
　　 (302) 984-6000
　　 rhorwitz@potteranderson.com
　　 dmoore@potteranderson.com

*Attorneys for Defendant*
*BOE HYDIS Technology Co., Ltd.*

743127