IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HONEYWELL INTERNATIONAL INC. and HONEYWELL INTELLECTUAL PROPERTIES INC., <br><br> Plaintiffs, <br><br> v. <br><br> APPLE COMPUTER, INC., *et al.*, <br><br> Defendants. | C.A. No. 04-1338-KAJ <br> (consolidated) <br><br> **JURY TRIAL DEMANDED** |

**WINTEK CORPORATION, WINTEK ELECTRO-OPTICS CORPORATION, AND TPO DISPLAY CORPORATION'S
PARTIAL OPPOSITION TO HONEYWELL INTERNATIONAL INC. AND HONEYWELL INTELLECTUAL PROPERTIES INC.'S
<u>MOTION FOR LEAVE TO FILE ITS SECOND AMENDED COMPLAINT</u>**

I.  **Introduction.**

Defendants Wintek Corporation ("Wintek"), Wintek Electro-Optics Corporation ("WEOC"), and TPO Displays Corporation ("TPO Displays," formerly known as Toppoly Optoelectronics Corporation) oppose only the portion of Honeywell International Inc. and Honeywell Intellectual Properties Inc.'s Motion for Leave to File Its Second Amended Complaint that asks the Court to request that they accept service on behalf of the parties sought to be added.

On July 25, 2006, counsel for Honeywell International Inc. and Honeywell Intellectual Properties Inc. (collectively "Honeywell") circulated a letter to the Manufacturing Defendants inquiring whether the Manufacturing Defendants would oppose a motion to amend the complaint to add certain entities as defendants. Although Wintek, WEOC, and TPO Displays were concerned about the impact of adding new entities to the litigation at this stage, each chose not to further delay proceedings by

opposing the motion. Honeywell's motion, however, goes beyond seeking to add new entities. It essentially asks the Court to pressure the defendants so that Honeywell can serve the Manufacturing Defendants instead of serving the new entities.

## II.  Background.

Honeywell filed its original complaint on October 6, 2004, alleging infringement of the '371 patent against numerous parties, many of which are now known as the "Customer Defendants." (D.I. 1.) Over Honeywell's objections, the Customer Defendants established that the case should proceed against the manufacturers of the LCD modules used in their accused products, since the Customer Defendants had little or no technical knowledge about those modules. Consequently on October 7, 2005, the Court ordered the Customer Defendants to identify the manufacturers of the LCD modules found in the accused products. (D.I. 237.) The Court further ordered Honeywell to file a new or an amended complaint naming those identified manufacturers within 30 days of the Order. (*Id.*) And the Court ordered the Customer Defendants to send a copy of the new or amended to complaint to those manufacturers asking them to waive formal service of the complaint since many are outside the United States. (*Id.*) Honeywell filed its Amended Complaint November 7, 2005. (D.I. 239.)

On July 28, 2006, Honeywell filed a motion to file a Second Amended Complaint, which seeks to add additional entities as defendants and asks the Court to ask the Manufacturing Defendants to accept service on behalf of the new entities.

III. **Argument**

    A. **Honeywell Is the Party Tasked With Serving the Named Defendants and Should not Shirk Its Burden.**

The plaintiff has the obligation to serve each named defendant. FED. R. CIV. P. 4. Yet without any explanation or justification, Honeywell asks the Court to ignore those procedures and "ask the current defendants to accept service of the Second Amended Complaint on behalf of their related entities."

Honeywell seeks to add certain entities, despite providing no real basis for doing so, but does not want to expend the efforts to do so. Instead, it asks the Court to request the Manufacturing Defendants to accept service on behalf of those new entities. Honeywell provides no basis for this request, and no justification for shifting its responsibilities to the Manufacturing Defendants.

    B. **The Court Should Not Request the Manufacturing Defendants to Accept Service on Behalf of the Entities Sought to Be Added, but Should Instead Require Honeywell to Follow the Federal Rules and Bear the Expenses for Continuing to Expand This Lawsuit.**

Wintek and TPO Displays are Taiwanese companies with little exposure to the United States courts and judicial system. WEOC is a wholly owned subsidiary of Wintek. The newly identified defendants are Chinese companies with no exposure to the United States judicial system. Wintek, WEOC, and TPO Displays reasonably believe that they will strain the relationship with the newly-identified defendants if they ask them for permission to accept service of process. The newly identified defendants have no understanding of the United States system and are understandably wary of it. Wintek, WEOC, and TPO Displays do not want to appear to the newly-identified defendants as in any way assisting Honeywell's efforts to ensnare them in this lawsuit.

By the same token, Wintek, WEOC, and TPO Displays do not want to appear to this Court as obstreperous if they refuse the Court's request. Indeed, Wintek, WEOC, and TPO Displays object to Honeywell's attempt to put them in this awkward position. Therefore, they ask that the Court not make Honeywell's job any easier at the expense of their relationship with the newly identified defendants. Wintek, WEOC, and TPO Displays merely ask that the Court not request that they ask the newly-identified defendants whether Wintek, WEOC, and TPO Displays can accept service for them.

## IV.  Conclusion.

For the foregoing reasons and to the extent stated, Wintek, WEOC, and TPO Displays oppose Honeywell's Motion for Leave to File Its Second Amended Complaint.

OF COUNSEL:

E. Robert Yoches
Elizabeth A. Niemeyer
FINNEGAN, HENDERSON, FARABOW
 GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, DC 20001
Tel.: (202) 408-4000

York M. Faulkner
FINNEGAN, HENDERSON, FARABOW
 GARRETT & DUNNER, L.L.P.
11955 Freedom Drive
Reston, VA 20190
Tel.: (571) 203-2700

John R. Alison
FINNEGAN, HENDERSON, FARABOW
 GARRETT & DUNNER, L.L.P.
12D, 167 DunHua North Road
Taipei 105, Taiwan, ROC
Tel.: (886)-2-2712-7001

POTTER ANDERSON & CORROON LLP

By:  /s/ David E. Moore
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    P.O. Box 951
    Wilmington, DE 19899
    Tel.: (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

*Attorneys for Defendants*
 *Wintek Corp.,*
 *Wintek Electro-Optics Corp., and*
 *TPO Displays Corp.*

745835

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on August 11, 2006, the within document was served via electronic mail and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

Philip A. Rovner
Potter Anderson & Corroon LLP
1313 N. Market Street
Hercules Plaza, 6th Floor
Wilmington, DE 19899
provner@potteranderson.com

John W. Shaw
Karen Keller
Young, Conaway, Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
jshaw@ycst.com
kkeller@ycst.com

Adam W. Poff
Young, Conaway, Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
apoff@ycst.com

Thomas C. Grimm
Leslie A. Polizoti
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
tgrimm@mnat.com
lpolizoti@mnat.com

William J. Wade
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899-0551
wade@rlf.com

Frederick L. Cottrell, III
Chad Michael Shandler
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899-0551
Cottrell@rlf.com
shandler@rlf.com

Thomas L. Halkowski
Fish & Richardson P.C.
919 N. Market St., Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
halkowski@fr.com

Francis DiGiovanni
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
fdigiovanni@cblh.com

Amy Evans
Cross & Simon, LLC
913 N. Market Street, Suite 1001
P.O. Box 1380
Wilmington, DE 19899-1380
aevans@crosslaw.com

Karen L. Pascale
Young Conaway Stargatt & Taylor LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899
kpascale@ycst.com

William J. Marsden, Jr.
Fish & Richardson, P.C.
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
marsden@fr.com

Paul A. Bradley
Thomas D. Walsh
McCarter & English, LLP
919 N. Market Street, Suite 1800
Wilmington, DE 19899
pbradley@mccarter.com
twalsh@mccarter.com

Matthew Neiderman
Duane Morris LLP
1100 N. Market Street
Suite 1200
Wilmington, DE 19801
mneiderman@duanemorris.com

Robert J. Katzenstein
Smith, Katzenstein, & Furlow
800 Delaware Avenue, 7th Fl.
P.O. Box 410
Wilmington, DE 19899
rkatzenstein@skfdelaware.com

Arthur G. Connolly, III
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
ac3@cblhlaw.com

Steven J. Balick
John G. Day
Ashby & Geddes
222 Delaware Avenue
17th Floor
Wilmington, DE 19899
sbalick@ashby-geddes.com
jday@ashby-geddes.com

David J. Margules
John M. Seaman
Bouchard Margules & Friedlander, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
dmargules@bmf-law.com
jseaman@bmf-law.com

Monte Terrell Squire
Young Conaway Stargatt & Taylor LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899
msquire@ycst.com

2

By: /s/ David E. Moore
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE  19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

709365