IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HONEYWELL INTERNATIONAL INC. and HONEYWELL INTELLECTUAL PROPERTIES INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 04-1338 (KAJ) |
| v. | ) ) | |
| APPLE COMPUTER, INC., et al., | ) ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| HONEYWELL INTERNATIONAL INC. and HONEYWELL INTELLECTUAL PROPERTIES INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 04-1337 (KAJ) |
| v. | ) ) | |
| AUDIOVOX COMMUNICATIONS CORP., et al., | ) ) ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| OPTREX AMERICA, INC., | ) ) | |
| Plaintiff, | ) ) | C.A. No. 04-1536 (KAJ) |
| v. | ) ) | |
| HONEYWELL INTERNATIONAL INC. and HONEYWELL INTELLECTUAL PROPERTIES INC., | ) ) ) ) | |
| Defendants. | ) | |

**NOTICE OF SUBPOENA**
**DIRECTED TO HEWLETT-PACKARD COMPANY**

PLEASE TAKE NOTICE that pursuant to Rule 45 of the Federal Rules of Civil Procedure, Optrex America, Inc. ("Optrex") has served a subpoena duces tecum upon Hewlett Packard Company, in the form appended hereto, for the production on September 13, 2006 of the documents described in "Attachment A" to the subpoena.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

August 15, 2006

*/s/ Karen L. Pascale*

Karen L. Pascale (#2903) [kpascale@ycst.com]
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600

- and -

Richard D. Kelly
Andrew M. Ollis
Alexander E. Gasser
OBLON, SPIVAK, MCCLELLAND,
  MAIER & NEUSTADT, P.C.
1940 Duke Street
Alexandria, VA 22314
(703) 413-3000

*Attorneys for Optrex America, Inc.*

● AO88 (Rev. 1/94) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **OPTREX AMERICA, INC.** <br> v. <br> **HONEYWELL INTERNATIONAL INC., et al.** | SUBPOENA IN A CIVIL CASE <br><br> PENDING IN THE U.S. DISTRICT COURT <br> FOR THE DISTRICT OF DELAWARE <br><br> CASE NO. 04-1536 (KAJ) |

TO:  Hewlett-Packard Company          c/o CT Corporation
     3000 Hanover Street              818 West Seventh Street
     Palo Alto, CA 94304              Los Angeles, CA 90017

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A

| PLACE <br> OBLON, SPIVAK, MCCLELLAND, MAIER & NEUSTADT, P.C. <br> 1940 Duke Street <br> Alexandria, VA 22314 | DATE AND TIME <br><br> September 13, 2006, 9:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]*  Attorney for Plaintiff Optrex America, Inc. | August 14, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER:

Alexander E. Gasser, Esq.
OBLON, SPIVAK, MCCLELLAND, MAIER & NEUSTADT, P.C.
1940 Duke Street
Alexandria, VA 22314
(703) 413-3000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

| | PROOF OF SERVICE | |
|---|---|---|
| | DATE | PLACE |

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____    _____
                    DATE                       SIGNATURE OF SERVER

                                        _____
                                        ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## ATTACHMENT A

## **DEFINITIONS**

1. As used herein, the term "document" shall refer to, without limitation, printed, typed, recorded, photocopied, photographed, graphically or electronically generated, or stored matter, however produced or reproduced, including originals, copies, and drafts thereof, which may be considered a "document" or "tangible thing" within the meaning of Rule 34 of the Federal Rules of Civil Procedure, including but not limited to all patents and all applications, foreign or domestic, as well as correspondence and filings in connection therewith, contracts, agreements, guarantees, amendments, assignments, offers, prospectuses, proxy statements, invoices, purchase orders, research and development records, production records, quality control records, management reports, audit reports, accounting reports, work papers, ledgers, balance sheets, profit and loss statements, financial statements, memoranda, correspondence, communications, computer printouts, computer tapes or disks, envelopes, summaries, analyses, opinions, projections, forecasts, budgets, estimates, transcripts, tape recordings, business cards, notes, calendar or diary entries, newspaper articles advertisements, pamphlets, periodicals, pleadings, indexes, file folders and press releases.

2. As used herein, the term "Honeywell" shall refer to Honeywell International, Inc. and Honeywell Intellectual Properties Inc., and all divisions, departments, subsidiaries (whether direct or indirect), parents, affiliates, acquisitions, predecessors and entities controlled by any of them, whether domestic or foreign, including but not limited to, Allied Corporation, Bendix Corp., Honeywell Inc., Allied-Signal, and/or AlliedSignal and their respective present or former officers, directors, employees, owners, attorneys and agents, as well as consultants and any other persons acting or purporting to act on behalf of each such entity or person.

3. As used herein, the term "Hewlett-Packard," "you," or "your" shall refer to Hewlett-Packard Company and HP, and include, without limitation, your divisions, subsidiaries, directors, agents, representatives, employees, and any predecessor in interest, including but not limited to, Compaq Computer Corp.

4. As used herein, the term "communication" shall refer to any and all exchanges of information between two or more persons by any medium, including, but not limited to, meetings, telephone conversations, correspondence, memoranda, contracts, agreements, e-mails, computer, radio, telegraph, or verbal actions intended to convey or actually conveying information or data.

5. As used herein, the term "relate" or "relating" shall mean embodying, concerning, containing, comprising, constituting, indicating, referring to, identifying, describing, discussing, involving, supporting, reflecting, evidencing, or otherwise in any way pertaining directly or indirectly to.

## INSTRUCTIONS

1. As used herein, the use of the singular form of any word shall include the plural and vice versa.

2. As used herein, the connectives "and" and "or" shall be construed either disjunctively or conjunctively so as to acquire the broadest possible meaning.

3. As used herein, the terms "any," "all" or "each" shall be construed as "any, all and each" inclusively.

4. These requests shall apply to all documents in your possession, custody, or control at the present time or coming into your possession, custody, or control prior to the date of the production. If you know of the existence, past or present, of any documents or things requested below, but is unable to produce such documents or things because they are not presently in your possession, custody, or control, you shall so state and shall identify such documents or things, and the person who has possession, custody, or control of the documents or things.

5. For each and every document for which you assert either attorney-client privilege, work product protection, or some other allegedly applicable privilege, (1) identify the document by date, title, nature, author, sender, recipients, and/or participants; (2) provide a summary statement of the subject matter of the document sufficient in detail to permit a determination of the propriety of your assertion or such privilege or protection; and (3) identify the allegedly applicable privilege or protection.

6. These document requests seek answers current to the date of response, and further shall be deemed to be continuing under Rule 26 (e) of the Federal Rules of Civil Procedure, so that any additional documents referring or relating in any way to these document requests which you acquire or which becomes known to you up to and including the time of trial shall be produced promptly after being so acquired or known by you.

## DOCUMENTS AND THINGS TO BE PRODUCED

1. All documents relating to the preparation and prosecution of patent applications that resulted in U.S. Patent Nos. 5,050,946 or 5,202,950, invented by Messrs. Douglas Arego, Gaylon Kornfuehrer, Richard Knox and Kevin Hathaway, including documents relating to the preparation and prosecution of patent applications that resulted in such patents, and all related U.S. and foreign patent applications, including prosecution histories, draft applications, prior art, scientific articles or publications, and translations of any such documents.

2. All inventor notebooks or other documents relating to the conception, reduction to practice, research, development, testing, implementation, or analysis of the technology described in U.S. Patent Nos. 5,050,946 or 5,202,950.

3. All documents received from Compaq Computer Corp., including its divisions, subsidiaries, directors, agents, representatives, employees, or any predecessor in interest, relating to any work performed by Messrs. Douglas Arego, Gaylon Kornfuehrer, Richard Knox or Kevin Hathaway, or any other person, involving moiré patterns in liquid crystal display (LCD) devices prior to January 18, 1994.

4. All documents referring to or evidencing sales of products containing the liquid crystal display (LCD) backlit devices described in U.S. Patent Nos. 5,050,946 or 5,202,950, including LCD backlit devices manufactured for Compaq products by outside entities (e.g., Reflexite Corp.) prior to January 18, 1994.

5. All documents relating or referring to liquid crystal displays (LCDs) used in devices developed for the Calypso or Athens programs prior to January 18, 1994.

6. All documents relating or referring to liquid crystal displays (LCDs) used in devices sold as part of the Compaq LTE product line prior to January 18, 1994.

7. All documents relating or referring to communications with Honeywell regarding U.S. Patent Nos. 5,050,946 or 5,202,950, or products containing or embodying the technology described therein.

8. All documents relating or referring to communications concerning U.S. Patent No. 5,280,371 and/or the application thereof (Serial No. 911, 547).

9. All documents relating or referring to communications or contact with Honeywell regarding C.A. No. 04-1337-KAJ, C.A. No. 04-1338-KAJ, C.A. No. 04-1536-KAJ or C.A. No. 05-874-KAJ, cases pending in the District of Delaware.

10. To the extent the documents or materials in categories 1-9 no longer exist, all documents that evidence the pertinent document retention policies and destruction of these documents.

**CERTIFICATE OF SERVICE**

      I, Karen L. Pascale, hereby certify that on August 15, 2006, I caused to be electronically filed a true and correct copy of the foregoing document – *Notice of Subpoena Directed to Hewlett-Packard Company* – with the Clerk of Court using CM/ECF which will send notification of such filing to the following counsel of record:

| | |
|---|---|
| John R. Alison | john.alison@finnegan.com, |
| Parker H. Bagley | pbagley@milbank.com |
| Robert J. Benson | rjbenson@hhlaw.com |
| Robert Karl Beste, III | rkb@skfdelaware.com, vkm@skfdelaware.com |
| Elizabeth L. Brann | elizabethbrann@paulhastings.com |
| Christopher E. Chalsen | cchalsen@milbank.com |
| Hua Chen | huachen@paulhastings.com |
| Jay C. Chiu | jaychiu@paulhastings.com |
| Arthur G. Connolly, III | aconnollyIII@cblh.com, dkt@cblh.com; telwell@cblh.com |
| Frederick L. Cottrell, III | cottrell@rlf.com |
| Francis DiGiovanni | fdigiovanni@cblh.com, ddunmeyer@cblh.com; dkt@cblh.com; ljarrell@cblh.com |
| Thomas M. Dunham | dunhamt@howrey.com |
| Kevin C. Ecker | kecker@stroock.com |
| Amy Elizabeth Evans | aevans@crosslaw.com |
| York M. Faulkner | york.faulkner@finnegan.com |
| Maxwell A. Fox | maxwellfox@paulhastings.com |
| Terry D. Garnett | terrygarnett@paulhastings.com |
| Christopher J. Gaspar | cgaspar@milbank.com |

| | |
|---|---|
| Alexander E. Gasser | agasser@oblon.com |
| Alan M. Grimaldi | grimaldia@howrey.com |
| Thomas C. Grimm | tcgefiling@mnat.com |
| Thomas Lee Halkowski | halkowski@fr.com, sub@fr.com |
| Angie Hankins | ahankins@stroock.com |
| Richard L. Horwitz | rhorwitz@potteranderson.com, dmoore@potteranderson.com; nmcmenamin@potteranderson.com; achin@potteranderson.com; mbaker@potteranderson.com; ntarantino@potteranderson.com; kmorris@potteranderson.com; iplitigation@potteranderson.com |
| Dan C. Hu | hu@tphm.com, gyount@tphm.com; awoods@tphm.com |
| John T. Johnson | jjohnson@fr.com, lperez@fr.com; autuoro@fr.com |
| Robert J. Katzenstein | rjk@skfdelaware.com, eys@skfdelaware.com |
| Nelson M. Kee | keen@howrey.com |
| Richard D. Kelly | rkelly@oblon.com |
| Matthew W. King | king@rlf.com |
| Stephen S. Korniczky | stephenkorniczky@paulhastings.com |
| Hamilton Loeb | hamiltonloeb@paulhastings.com |
| Robert L. Maier | Robert.Maier@BakerBotts.com |
| David J. Margules | dmargules@BMF-law.com, jspeakman@bmf-law.com |
| David Ellis Moore | dmoore@potteranderson.com, ntarantino@potteranderson.com |
| Carolyn E. Morris | carolynmorris@paulhastings.com |
| Arthur I. Neustadt | aneustadt@oblon.com |
| Elizabeth A. Niemeyer | elizabeth.niemeyer@finnegan.com |
| Kevin M. O'Brien | boehydis@bakernet.com |

| | |
|---|---|
| Andrew M. Ollis | aollis@oblon.com |
| Karen L. Pascale | kpascale@ycst.com, corporate@ycst.com; corpcal@ycst.com |
| Adam Wyatt Poff | apoff@ycst.com, corporate@ycst.com; corpcal@ycst.com |
| Leslie A. Polizoti | lpolizoti@mnat.com, lpolizoti@mnat.com |
| Alana A. Prills | alanaprills@paulhastings.com |
| Steven J Rizzi | steven.rizzi@weil.com |
| Lawrence Rosenthal | lrosenthal@stroock.com |
| Avelyn M. Ross | aross@velaw.com |
| Philip A. Rovner | provner@potteranderson.com, mstackel@potteranderson.com; nmcmenamin@potteranderson.com; iplitigation@potteranderson.com |
| Diana M. Sangalli | dsangalli@tphm.com |
| Robert C. Scheinfeld | robert.scheinfeld@bakerbotts.com |
| Carl E. Schlier | cschlier@oblon.com |
| Chad Michael Shandler | shandler@rlf.com, pstewart@rlf.com |
| John W. Shaw | jshaw@ycst. com, corporate@ycst.com; ptorterotot@ycst.com; corpcal@ycst.com |
| Matthew W. Siegal | msiegal@stroock.com |
| Neil P. Sirota | neil.sirota@bakerbotts.com |
| Monte Terrell Squire | msquire@ycst.com |
| William J. Wade | wade@rlf.com |
| Peter J. Wied | peterwied@paulhastings.com |
| Roderick B. Williams | rickwilliams@velaw.com, smendoza@velaw.com |

| | |
|---|---|
| Vincent K. Yip | vincentyip@paulhastings.com |
| Edward R. Yoches | bob.yoches@finnegan.com |
| | |
| Steven J. Balick | sbalick@ashby-geddes.com |
| Paul A. Bradley | pab@maronmarvel.com |
| John G. Day | jday@ashby-geddes.com |
| Tara D. Elliott | elliott@fr.com |
| Barry M. Graham | barry.graham@finnegan.com |
| Darren M. Jiron | darren.jiron@finnegan.com |
| William J. Marsden, Jr. | marsden@fr.com |
| Matt Neiderman | mneiderman@duanemorris.com |
| Timothy J. Vezeau | timothy.vezeau@kmzr.com |

I further certify that on August 15, 2006, I caused a copy of the foregoing document to be served by e-mail on the below-listed counsel:

Thomas C. Grimm [tgrimm@mnat.com]
Leslie A. Polizoti [lpolizoti@ mnat.com]
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
Wilmington, DE 19899-1347
*Attorneys for Honeywell International Inc. and Honeywell Intellectual Properties Inc.*

Steven J. Balick [sbalick@ashby-geddes.com]
John G. Day [jday@ashby-geddes.com]
ASHBY & GEDDES
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899
*Attorneys for Honeywell International Inc. and Honeywell Intellectual Properties Inc.*

Martin R. Lueck [MRLueck@rkmc.com]
Matthew L. Woods [MLWoods@rkmc.com]
Jacob S. Zimmerman [JSZimmerman@rkmc.com]
Marta M. Chou [MMChou@rkmc.com]
ROBINS, KAPLAN, MILLER & CIRESI LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
*Attorneys for Honeywell International Inc. and Honeywell Intellectual Properties Inc.*

Alan E. McKenna [AEMckenna@rkmc.com]
Anthony A. Froio [AAFroio@rkmc.com]
Jeremy C. McDiarmid [JCMcDiarmid@rkmc.com]
ROBINS, KAPLAN, MILLER & CIRESI LLP
111 Huntington Avenue, Suite 1300
Boston, MA 02199-7610
*Attorneys for Honeywell International Inc. and Honeywell Intellectual Properties Inc.*

William J. Wade [wade@rlf.com]
RICHARDS, LAYTON & FINGER
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
*Attorneys for Arima Display Corporation, Matsushita Elecrical Industrial Co., and Matsushita Electrical Corporation of America*

Richard L. Horwitz [rhorwitz@potteranderson.com]
David E. Moore [dmoore@potteranderson.com]
POTTER ANDERSON & CORROON
6th Floor, Hercules Plaza
1313 N. Market Street
P.O. Box. 951
Wilmington, DE 19801
*Attorneys for BOE-Hydis Technology Co., Ltd., Hitachi Displays, Ltd., Koninklijke Philips Electronics N.V., Philips Electronics North America Corp., Samsung SDI America, Inc., and Samsung SDI Co., Ltd., Toppoly Oproelectronics Corp., Wintek Corp., Wintek Electro-Optics Corporation;*

Thomas L. Halkowski [halkowski@fr.com]
FISH & RICHARDSON, P.C.
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19801
*Attorneys for Casio Computer Co., Ltd., and Casio, Inc.*

Philip A. Rovner [provner@potteranderson.com]
POTTER, ANDERSON & CORROON
6th Floor, Hercules Plaza
1313 N. Market Street
Wilmington, DE 19801
*Attorneys for Fuji Photo Film Co. Ltd. And Fuji Photo Film U.S.A. Inc.*

William J. Marsden, Jr. [marsden@fr.com]
Fish & Richardson, P.C.
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
*Attorneys for International Display Technology and International Display Technology USA, Inc.*

John W. Shaw [jshaw@ycst.com]
Monté T. Squire [msquire@ycst.com]
YOUNG CONAWAY STARGATT & TAYLOR LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
*Attorneys for Quanta Display Inc., Sony Corporation, Sony Corporation of America, and ST Liquid Crystal Display Corp.*

Robert J. Katzenstein [rjk@skfdelaware.com]
Robert K. Beste, III [rkb@skfdelaware.com]
SMITH, KATZENSTEIN & FURLOW
800 Delaware Avenue
P.O. Box 410
Wilmington, DE  19899
*Attorneys for Seiko Epson Corporation and Sanyo Epson Imaging Devices Corporation*

David J. Margules [dmargules@bmf-law.com]
John M. Seaman [jseaman@bmf-law.com]
BOUCHARD MARGULES & FRIEDLANDER, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
*Attorneys for Citizen Watch Co., Ltd., and Citizen Displays Co., Ltd.*

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Karen L. Pascale*

August 15, 2006

Karen L. Pascale. (#2903) [kpascale@ycst.com]
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600
  *Attorneys for Optrex America, Inc.*