# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Thomas C. Grimm
302 351 9595
302 425 4661 Fax
tgrimm@mnat.com

September 7, 2006

**BY E-FILING**

The Honorable Kent A. Jordan
United States District Court
  for the District of Delaware
844 King Street
Wilmington, DE 19801

      Re:   *Honeywell International Inc., et al. v. Apple Computer, Inc., et al.*
             Cons. C.A. No. 04-1338-KAJ

Dear Judge Jordan:

      On behalf of the Honeywell Plaintiffs ("Honeywell"), I am writing regarding the teleconference scheduled for September 14 and to seek the Court's assistance with regard to three discovery issues that have arisen since the telephonic hearing conducted on July 21, 2006, the most significant of which is the failure of most of the defendants to produce a single document to date. Honeywell is concerned that, absent relief from the Court, this case may not be in a position to be tried in accordance with the Scheduling Order entered this past March, due largely to what has been a refusal and/or delay on the part of a majority of defendants to meaningfully participate in discovery. This would be unacceptable to Honeywell, given it filed this case back in October 2004.

      First and foremost, as of the filing of this letter, only one defendant (Optrex) has produced any documents in this case. Five defendants (Epson, Hitachi, BOE-Hydis, Wintek and Toppoly) have made general promises to begin a rolling production in the near future, but have given no commitment as to a firm timetable for completion. The remaining defendants have made absolutely no commitments to produce documents. It has been over five months since all defendants served Rule 26 initial disclosures identifying categories of relevant documents and since Honeywell sought the production of such documents (and other more particularized categories of documents) in formal Rule 34 discovery requests. Given the amount of time that has passed since defendants received notice of Honeywell's claims and Honeywell's specific document requests, and given that almost one third of the discovery period has passed, there is simply no excuse for defendants' complete failure to produce their documents.

The Honorable Kent A. Jordan
September 7, 2006
Page 2

Second, during the July 21, 2006, telephonic hearing, the Court stated that it expected the parties to provide substantive responses to contention interrogatories. Honeywell took this directive to heart, and on July 25, 2006, contacted each of the defendants to propose a timeline for a mutual exchange of supplemental interrogatory responses. An example of that letter is attached hereto as Exhibit A. Despite the defendants' failure to agree to a mutual exchange, Honeywell went ahead and unilaterally produced documents and supplemented its responses to contention interrogatories in the middle of August. To date, only three of the defendants have supplemented their responses, although those supplementations did not include detailed claim charts of the type that defendants themselves were demanding back in July. As a result, Honeywell still has not received any meaningful information regarding most defendants' affirmative defenses of non-infringement, invalidity, and laches – subjects about which defendants must have done an analysis in order to assert these defenses in the early months of this year. Clearly, fairness demands that the Court's rules regarding contention discovery apply equally to both sides, and defendants should be ordered to provide substantive responses to Honeywell's contention interrogatories regarding their defenses.

Third, during the July 21 telephonic hearing, the Court clarified that defendants must produce information and documentation regarding "other versions" of the modules Honeywell specifically identified and accused of infringing the '371 patent (July 21, 2006 Tr. at 18-19). Honeywell's July 25 letter (Exhibit A) specifically asked defendants to identify all such modules and explain the criteria used in determining that any particular module qualified as an "other version" of one specifically identified. To this date, only one defendant (BOE-Hydis) has made such identification. Given the Court's clarification in July on this issue, there is no reason why the remaining defendants should not have already produced this information.

Honeywell anticipates that some defendants will argue that this motion is premature because they have already committed to timeframes for supplementation and production and/or because they have not yet had sufficient opportunity to study Honeywell's supplemental responses and documents which were produced on August 23. These arguments are makeweight for a host of reasons. First, it was not until Honeywell informed defendants that it was seeking a date for this motion that most of the defendants even came to the table. Honeywell's original effort in July to discuss a reasonable and mutually convenient time for supplementation and document production was, until recently, ignored. Second, information and documents regarding defendants' affirmative defenses and regarding those modules that are indisputably at issue can and should have been produced long ago; there is no justification for any further delay whatsoever. Finally, Honeywell is concerned that, without firm deadlines for the production of what appears to be a large volume of documentation (a significant portion of which may require English language translation), it will be very difficult to complete discovery in accordance with the schedule. Open ended assurances merely to start production in the near future, without any firm deadline to complete that production, threaten the schedule. For example, if rolling productions of documents are not completed until November or December, Honeywell will not be able to evaluate the contents of those documents prior to the scheduled exchange of claim

terms on November 9.  Equally important, given that it will take several months to translate the documents and analyze them prior to depositions, Honeywell may not be able to begin depositions until March or April.  This is palpably prejudicial, especially since defendants should have been gathering their documents and preparing them for production back this spring.[1]

For all these reasons, Honeywell respectfully submits that this Court should order the immediate production of defendants' documents and supplemental discovery responses.

Respectfully,

Thomas C. Grimm

Enclosure
cc:   Dr. Peter T. Dalleo, Clerk (by hand, w/encl.)
      CM/ECF list (by e-filing, w/encl.)

---

[1]    Indeed, one defendant, Seiko Epson, has admitted that it has *already* gathered its documents regarding its LCD products, but now wants additional time to segregate out those documents that do not directly pertain to the specific modules accused by Honeywell of infringement.  This admission not only undercuts the earlier claim that defendants did not understand what was at issue in this case, but also demonstrates that immediate production of documents gathered to date is not overly burdensome.