# EXHIBIT A

# ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
TEL: 612-349-8500 FAX: 612-339-4181
www.rkmc.com

ATTORNEYS AT LAW

PETER N. SURDO
612-349-0982

July 25, 2006

**VIA FACSIMILE
AND MAIL**

John T. Johnson
Michael F. Autuoro
Fish & Richardson, P.C.
Citigroup Center-52nd Floor
153 East 53rd Street
New York, NY 10022-4611

Re:   *Honeywell International, Inc. et al. v. Apple Computer, Inc., et al.*
      Civil Action No. 04-1338 (KAJ)
      Our File No. 019896-0229

Gentlemen:

I am writing with regard to several discovery matters. Judge Jordan made a number of comments at last Friday's hearing which all parties need to take to heart as we complete the first phase of written discovery.

First, as per Judge Jordan's direction, Honeywell is in the process of supplementing its infringement contentions. You already have a list of those modules Honeywell has identified as infringing the '371 patent. Honeywell will supplement that list with any additional infringing modules it has identified. Honeywell will also supplement its interrogatory answers to describe how the structures within those modules meet the limitations of claim 3 of the '371 patent, based upon non-privileged facts available to Honeywell at this time.

Second, many defendants objected to Honeywell's requests on the basis that they failed to understand what was meant by the Accused Structure. Now that we have an understanding of how Judge Jordan views that phrase, we expect that all defendants will response to discovery accordingly. At the same time, please note, that Judge Jordan ordered all defendants to identify all "generational changes" of these specifically identified modules, as well as produce relevant documentation regarding the same. Despite the fact that Honeywell sought at least such information since March of this year, it has not been provided to date. As a result, Casio's identification of such modules, and production of related documentation, is long overdue. Moreover, Casio needs to explain what criteria it is using to determine what constitutes an earlier or later generation of an expressly identified LCD module; otherwise, Honeywell has no means of verifying the comprehensiveness of the identification.

John T. Johnson
Michael F. Autuoro
July 25, 2006
Page 2

Given that Honeywell's discovery requests predate Casio's, it is reasonable to discuss an orderly and fair schedule for this respective mutual supplementation. While Honeywell believes that Casio should supplement its responses first, it is willing to schedule a date for a mutual exchange of supplementations, keeping in mind that the timing and extent of Casio's disclosures will have an impact on Honeywell's ability to supplement its contentions. *See* July 21, 2006 Transcript, p. 30, lines 12-24 (explicitly noting parties' ability to amend contentions). In this spirit, we propose exchanging supplemental responses 30 days from now. Please let me know if Casio agrees to the content and timing for this supplementation process.

We note that Judge Jordan's comments about contention discovery applied to both sides of the case. *See* July 21, 2006 Telephone Conference, page 30, lines 12-14 ("I encourage the parties to file contention interrogatories early and I require answers early [ . . . ]") As part of the proposed mutual exchange referenced above, Honeywell expects Casio to supplement its responses, including its responses to Interrogatory Nos. 6, 12, 13, and 15 where Honeywell sought information regarding Casio's affirmative defenses of invalidity, laches, equitable estoppel, license and/or release, and Section 271. Judge Jordan ordered the parties to respond to contention interrogatories now. You have affirmatively asserted these defenses, and Honeywell is entitled to know the bases for your contentions. Nevertheless, your answers to date to Honeywell's interrogatories have provided no substantive information and are otherwise non-responsive.

For example, as to your affirmative defense of laches, please identify every LCD module on which you are basing your claim of laches, including the basis for the contention that Honeywell should have reasonably been on notice as to the existence of each module on which your laches defense is based. Your contention should also demonstrate that any identified LCD module contains an Accused Structure within the scope of Honeywell's infringement assertion.

As a further example, we expect a detailed response as to the bases of your assertion that the patent is invalid, including an identification of any prior art you intend to assert, a detailed explanation, on a limitation by limitation bases, as to how the prior art anticipates or renders obvious, claim 3 of the '371 patent and a discussion of your view—as an LCD manufacturer—of the level of ordinary skill in the art at the time of the invention.

                                                Sincerely,

                                                ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

                                                Peter N. Surdo

PNS/

cc:     Thomas C. Grimm, Esq.
           Matthew L. Woods, Esq.

MP3 20188199.1