

**Smith Katzenstein Furlow LLP**

*Attorneys at Law*

Craig B. Smith
Robert J. Katzenstein
David A. Jenkins
Laurence V. Cronin
Michele C. Gott
Kathleen M. Miller
Joelle E. Polesky
Roger D. Anderson
Robert K. Beste
Etta R. Wolfe

The Corporate Plaza
800 Delaware Avenue, 7th Floor
P.O. Box 410
Wilmington, Delaware 19899
(Courier 19801)
Phone (302) 652-8400
Fax (302) 652-8405
www.skfdelaware.com

September 13, 2006

**BY E-FILING**

The Honorable Kent A. Jordan
United States District Court
 for the District of Delaware
844 King Street
Wilmington, DE 19801

Re: *Honeywell International Inc., et al. v. Apple Computer, Inc., et al.*
C.A. No. 04-1338-KAJ (consolidated)

Dear Judge Jordan:

Seiko Epson Corp. and Sanyo Epson Imaging Devices (collectively "SEC") respond to Honeywell's September 7, 2006 letter to the Court regarding several discovery issues that have been scheduled for a teleconference on September 14, 2006. The parties have already reached resolution as to two of those issues. SEC has agreed to supplement its interrogatory responses by September 30, and SEC has agreed to produce discovery as to "generational changes" in the accused models of products. The only remaining dispute involves SEC's upcoming document production.

When Honeywell first filed this litigation, Honeywell's complaint was not specific as to which of SEC's LCD modules were accused of infringement. In fact, it appeared from the face of the complaint that *all* LCD modules were accused of infringement. Subsequently, Honeywell served discovery responses that were directed toward "Accused Structures" -- an overly broad and vaguely defined term -- and argued that SEC should be compelled to determine which of its products fell within that definition. Honeywell insisted on this approach, despite the direction of this Court in the fall of 2005, which made it clear that Honeywell, as the plaintiff, was obligated to identify the specific models of LCDs accused of infringement, and that discovery should be limited to those accused products.

This Court resolved the scope of discovery with finality on July 21, 2006. Prior to that time, SEC proceeded to collect documents relating to all of its LCD products, not knowing which models would ultimately be accused of infringement, or what the scope of discovery would be when determined by the Court. In all, SEC collected nearly 500

10017541.WPD

The Honorable Kent A. Jordan
September 13, 2006
Page 2

boxes of documents pertaining to all of its LCD products. SEC did so on the premise that once the scope of discovery was defined, it would be able to more quickly identify and produce relevant and responsive documents concerning the specifically accused products, rather than waiting until July 21, 2006 to begin collecting anything.

Counsel for SEC is now in the process of identifying and segregating for production those documents that pertain to the seven accused LCD products, and generational changes of those products, as required by the Court's July 21, 2006 ruling. Even though the potential universe of documents has been limited to 500 boxes, this is still a time consuming task, especially given that many documents are in Japanese. Nevertheless, we are striving to produce as many such documents as possible by September 30 and we informed Honeywell of these facts and our efforts.

Operating under the rationale that no good deed should ever go unpunished, counsel for Honeywell took the following position:

> "There is no need to segregate the documents. Since SEC has already completed the task of compiling the requested documents for **all** of SEC's LCD modules, **all** of these documents should be produced immediately. Both parties would save substantial time and money if all of the documents are produced at this time."

[Letter from Robins, Kaplan, dated September 6, 2006, attached.]

Honeywell's statement is misplaced. Substantial time and money would have been saved if Honeywell had properly limited the scope of its discovery to the accused models of products in the first instance. Substantial time and money would have been saved if Honeywell had heeded the direction of this Court last year, to identify specific models of products as being accused of infringement, and to limit its discovery accordingly. Instead, Honeywell continued to persist in its broad, undefined discovery requests, and insisted on relitigating the issue time and time again, which resulted in significant unnecessary burden and expense for SEC.

Now, completely ignoring this Court's July 21, 2006 ruling, Honeywell is *again* insisting that SEC produce documents concerning *all* of its LCD products, *regardless* of whether those products are accused of infringement.

The Honorable Kent A. Jordan
September 13, 2006
Page 3

SEC does not understand how many times this issue will have to be addressed by the Court. However, SEC believes that the Court has been clear, that Honeywell should *not* be permitted discovery as to *all* of SEC's LCD products, regardless of whether those products infringe the '371 patent. Honeywell's current demand, that SEC produce *all* documents concerning *all* of its LCD products "immediately," is unconscionable in view of this Court's repeated rulings.

SEC is diligently identifying those documents that pertain to the accused products, in accordance with the Court's July 21, 2006 ruling. SEC will produce as many documents as it is able by September 30, and SEC will produce any remaining documents as soon thereafter as possible.

Respectfully,

*/s/ Robert J. Katzenstein*

Robert J. Katzenstein (Bar I.D. No. 378)

Enclosure

cc:   Dr. Peter T. Dalleo, Clerk (by hand, w/encl.)
      CM/ECF list (by e-filing, w/encl.)

10017541.WPD