

## Potter Anderson & Corroon LLP

1313 North Market Street
P O Box 951
Wilmington, DE 19899-0951
302 984-6000

www.potteranderson.com

**Richard L. Horwitz**
Partner
Attorney at Law
rhorwitz@potteranderson com
302 984-6027  Direct Phone
302 658-1192  Fax

September 13, 2006

**VIA ELECTRONIC FILING**
The Honorable Kent A. Jordan
United States District Court for the District of Delaware
844 King Street, Lockbox 10
Wilmington, Delaware 19801

> **Re:**  *Honeywell Int'l, Inc. et al. v. Apple Computer, Inc. et al..*
> **C.A. No. 04-1338-KAJ**

Dear Judge Jordan:

We write to the Court on behalf of defendant Hitachi Displays, Ltd. ("Hitachi") in response to the Honeywell plaintiffs' letter to the Court of September 7, 2006.  D.I. 549. Honeywell fails to identify for the Court the precise nature of Honeywell's complaints as against Hitachi or, for that matter, any other defendant. Rather, Honeywell alleges the existence of three broad discovery disputes with regard to "a majority of defendants" and seeks unspecified relief. *Id* , p. 1.  Hitachi respectfully submits that Honeywell's amorphous request for judicial intervention, including, most egregiously, its failure to identify the defendants against whom relief is sought, is inappropriate  To the extent Honeywell's complaints are directed at Hitachi, Hitachi disagrees that any legitimate discovery issue exists.

Hitachi has proceeded in good faith throughout the discovery process, and in particular during the recent time period to which Honeywell's complaints are directed.  Until receiving a letter from Honeywell that was sent to all defendants on August 25 advising that Honeywell had already contacted the Court seeking a hearing, Hitachi had no idea that any dispute existed, much less one that required Court intervention.  Indeed, as of the writing of this response letter, Hitachi still does not know what Honeywell is seeking from Hitachi despite several unambiguous requests that went unanswered.  *See* 09/05/06 Letter from Sirota to Woods ("[P]lease advise whether Honeywell intends to bring a motion as against Hitachi and, if so, what relief Honeywell intends to seek."), Ex. A; 09/08/06 Letter from Sirota to McKenna ("Please advise ... what relief Honeywell is seeking specifically with respect to Hitachi.") (emphasis in original), Ex. B.

The Honeywell-Hitachi "Meet and Confer" Process

A review of the recent correspondence between Honeywell and Hitachi demonstrates Hitachi's good faith and highlights Honeywell's conscious refusal to deal with Hitachi on an individual basis.  Although addressing the individual circumstances of each defendant undoubtedly takes some effort, Honeywell, not the defendants, chose to proceed with a multiple party suit.  Honeywell should not be permitted to now use the number of defendants as an excuse to bypass the party-specific "meet and confer" process by which Honeywell is obligated to attempt to resolve or narrow disputes before seeking Court intervention.

On July 25, Hitachi received its form letter from Honeywell seeking an exchange of supplemental interrogatory responses.  Ex. C.  Due to vacations and holiday closures in the months of August and September, Hitachi proposed an exchange on September 22, 2006.

The Honorable Kent A. Jordan
September 13, 2006
Page 2

08/11/06 Email, Ex. D. A teleconference between counsel followed on August 22, 2006 wherein Honeywell inquired about the status of Hitachi's supplemental interrogatory responses and document production. Hitachi again committed to providing its supplemental interrogatory responses on September 22 and advised Honeywell that Hitachi's document production would begin within the next couple of weeks and would continue thereafter on a rolling basis until complete. Although Honeywell was seeking a quicker turnaround for the interrogatory responses, no dissatisfaction with Hitachi's proposed document production was expressed, and a need for Court intervention was never discussed. At that time, Honeywell had itself not yet produced any documents.

On August 18, Hitachi received six boxes of documents from Honeywell. One week later, on August 25, Honeywell sent another one-size-fits-all letter to all defendants advising that Honeywell had already contacted the Court for a hearing date due to the alleged discovery failures of "the majority of defendants." Ex. E. In view of its prior discussions and correspondence with Honeywell, Hitachi assumed that it was not one of "the majority of defendants" against whom relief was being sought.

On August 29, the undersigned sent a letter on behalf of all defendants seeking clarification from Honeywell regarding the disputes and parties against whom Honeywell was seeking relief. Ex. F. In a responsive letter, Honeywell made numerous demands of defendants, but the identity of the "majority of defendants" being targeted by Honeywell was not disclosed. Ex. G.

Hitachi separately wrote to Honeywell on September 5 to ensure no misunderstanding regarding Hitachi's position. Ex. A. Hitachi committed to commence its rolling document production with approximately 20,000 pages on or before September 8 and reiterated its commitment to provide supplemental interrogatory responses on or before September 22. Hitachi concluded the letter by inquiring "whether Honeywell intends to bring a motion as against Hitachi, and, if so, what relief Honeywell intends to seek." *Id*, p. 2.

The parties spoke on September 6, and an exchange of letters followed. In a letter dated September 6, Honeywell expressed disappointment that Hitachi was not moving more quickly, but made no threat to seek relief from the Court as against Hitachi. Ex. H. On September 7, Honeywell filed its letter with the Court which did not identify either the allegedly uncooperative parties or the specific relief requested.

Hitachi sent a letter on September 8 to clarify its position on several matters set forth in Honeywell's letter of September 6. Ex. B. Additionally, having still not received any representation that Hitachi was not one of the "majority of defendants" against whom Honeywell was seeking relief, Hitachi concluded the September 8 letter with a request to "advise [Hitachi] no later than 5 p.m. today whether Honeywell's motion is directed to Hitachi, and, if so, what relief Honeywell is seeking specifically with respect to Hitachi." *Id*, p. 2 (emphasis in original).

Honeywell responded that its motion was "directed to several defendants, including Hitachi," but, again, Honeywell refused to tell Hitachi what relief Honeywell is seeking. Ex. I.

The Honorable Kent A. Jordan
September 13, 2006
Page 3

Honeywell's Issues vis-á-vis Hitachi

In its letter to the Court, Honeywell broadly identifies three issues: (1) document production; (2) contention interrogatory supplementation; and (3) production of documents and information regarding "other versions" of modules accused by Honeywell.

As Honeywell is well aware, prior to Honeywell filing its letter: (1) Hitachi committed to begin its production of documents with a 20,000 page production last week, with Hitachi's rolling production expected to conclude in November;[1] (2) Hitachi agreed to serve its supplemental interrogatory responses on or before September 22; and (3) in an effort to avoid any future disputes over whether Hitachi has produced documents and information relating to the full scope of "accused structures," Hitachi advised Honeywell that its document production will include an identification of, and technical specifications for, all small- or medium-sized modules that could possibly be considered relevant here without regard to a "generational" or "version" formulation. *See* Exs. A and B.

The only issue identified by Honeywell in its September 7 letter to the Court that could reasonably be read as applying to Hitachi is Honeywell's concern that the conclusion of document production in November or December will somehow prejudice Honeywell. However, in its August 29 letter to the defendants, Honeywell acknowledged that it had reserved time for depositions in the Japanese embassy in early January 2007 and for three weeks in March 2007. Ex. G, p. 2 n. 2. Due to holiday closures and other commitments, the January 2007 dates will not be possible for Hitachi, leaving March 2007 as the likely time for the Hitachi depositions. Therefore, Honeywell will have three to four months of review and translation time from the expected conclusion of the document production which does not even take into account the additional months Honeywell will have to analyze the rolling document production that is currently underway. Put into proper context, Honeywell's complaints of undue and prejudicial delay are therefore without merit. This is particularly true because the large volume of documents Hitachi is producing is the direct result of Honeywell's failure to properly identify the scope of accused products.

In view of the foregoing, Hitachi respectfully requests denial of Honeywell's request for relief (whatever that request may be) to the extent it relates to Hitachi.

Respectfully,

*/s/ Richard L. Horwitz*

Richard L. Horwitz

/749983

cc:    Clerk of the Court (via hand delivery)
       Counsel of Record (via electronic mail)

---

[1] On September 8, Hitachi produced more than 29,000 pages of documents including detailed technical specifications for the modules Honeywell specifically identified as an "accused structure."