# EXHIBIT A

# BAKER BOTTS LLP

30 ROCKEFELLER PLAZA
NEW YORK, NEW YORK
10112-4498

TEL +1 212.408.2500
FAX +1 212.408.2501
www.bakerbotts.com

AUSTIN
DALLAS
DUBAI
HONG KONG
HOUSTON
LONDON
MOSCOW
**NEW YORK**
RIYADH
WASHINGTON

September 5, 2006

**VIA EMAIL**

Matthew L. Woods, Esq.
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015

Neil P. Sirota
212-408-2548
FAX 212-259-2548
neil.sirota@bakerbotts.com

Re:  *Honeywell Int'l, Inc. et al. v. Apple Computer, Inc. et al.*
     Civil Action No. 04-1338 (KAJ)

Dear Matt:

We write with reference to Tom Grimm's letters of August 25 and August 29 to the collective defendants in this case regarding a discovery conference that Honeywell requested with the Court. As an initial matter, on behalf of Hitachi, we echo the sentiments expressed in Rich Horwitz's letter of August 29. We believe it was improper for Honeywell to approach the Court for a discovery conference without first clarifying what is in dispute, and against whom. In view of what Hitachi believed to be fruitful discussions with Honeywell on discovery issues earlier in the month, Honeywell's global assertions as against "the majority of defendants" in its August 25 letter made it impossible for Hitachi to determine whether any of Honeywell's complaints applied to Hitachi, or whether Hitachi was the subject of the requested conference with the Court. Honeywell has made similar general accusations as against all defendants in the past, and Hitachi objects to this practice .

In Honeywell's August 29 follow-up letter, Mr. Grimm indicated that "Hitachi has offered a counterproposal, but that counterproposal is only partially satisfactory." As far as we are aware, after several calls with Jeremy McDiarmid the only outstanding issue was a due date for Hitachi's supplemental responses. As I explained to Mr. McDiarmid, Hitachi's supplemental responses will be provided to Honeywell no later than September 22. In view of delays attributable to company-wide holidays and vacations that were scheduled for the month of August and into September, we believe this is a reasonable proposal, and we would be quite surprised if this is the basis for a motion against Hitachi.

Regarding documents, Hitachi will begin its production of documents with a first production this week including approximately 20,000 pages of documents including detailed technical schematics of allegedly infringing devices. As discussed with Mr. McDiarmid, Hitachi's production will continue on a rolling basis and will provide Honeywell with discovery relating to all of Hitachi's LCD products that Hitachi understands to be implicated in this action. We received no indication that this would not be satisfactory to Honeywell.

In light of the above, please advise whether Honeywell intends to bring a motion as against Hitachi and, if so, what relief Honeywell intends to seek.

**BAKER BOTTS** LLP

Matthew L. Woods, Esq.                                2                                September 5, 2006

Very truly yours,

Neil P. Sirota

cc:     Thomas C. Grimm, Esq.
        Jeremy C. McDiarmid, Esq.
        Richard L. Horwitz, Esq.

NY02:559731.1

# EXHIBIT B

# BAKER BOTTS LLP

30 ROCKEFELLER PLAZA
NEW YORK, NEW YORK
10112-4498

TEL  +1 212.408 2500
FAX  +1 212.408 2501
www bakerbotts.com

AUSTIN
DALLAS
DUBAI
HONG KONG
HOUSTON
LONDON
MOSCOW
NEW YORK
RIYADH
WASHINGTON

September 8, 2006

**VIA EMAIL**

Alan E. McKenna, Esq.
Robins, Kaplan, Miller & Ciresi L.L.P.
800 Boylston Street, 25th Floor
Boston, Massachusetts  02199

Neil P. Sirota
212-408-2548
FAX 212 259-2548
neil.sirota@bakerbotts.com

> Re:    *Honeywell Int'l, Inc. et al. v. Apple Computer, Inc. et al.*
>           Civil Action No. 04-1338 (KAJ)

Dear Alan:

Thank you for your letter of September 6. I am writing to address several matters noted therein.

As a threshold issue, during our call I thought I made it very clear that I was *not* representing to you that Hitachi would be providing "information (and documents) relating to all of its small and mid-sized LCD modules," as you allege. We are providing documents relating to (at least) a significant majority of such modules which will include all that could be considered relevant to this suit. Moreover, while we talked generally about the expected format and content of Hitachi's forthcoming interrogatory responses, no binding representations were made by me about what would be included. You will have our responses within two weeks.

Regarding document production, during our call I inquired as to when Honeywell had reserved embassy time in Japan for Hitachi depositions. I explained that it is Hitachi's desire to ensure that a timely production is made with reference to the deposition dates and that Honeywell's preparation for depositions is not prejudiced. Although you stated that you would get back to me, you never responded to my inquiry. However, I have since seen that in Tom Grimm's August 29, 2006 letter, he identified a period in early January 2007 and a block of time in March 2007 during which the embassy had been reserved in Japan. Due to holiday closures and other commitments, the January 2007 dates will not be possible for Hitachi, leaving March 2007 as the likely time for depositions. Therefore, Hitachi's suggested timeframe for document production provides Honeywell with three to four months of review and translation time from the expected conclusion of the production. Moreover, beginning with today's production of approximately 29,000 pages, Hitachi will be producing documents on a rolling basis going forward. Put into proper context, Honeywell's complaints of prejudicial delay are therefore without merit.

Moreover, while you continue to complain about the five months that have passed since Honeywell served its requests (while ignoring Honeywell's own four-and-a-half month delay), Hitachi, in fact, responded in a timely fashion with valid objections regarding the scope of the requests, particularly with respect to Honeywell's failure to properly identify the accused products. The validity of these objections was subsequently upheld by Judge Jordan. Nevertheless, to avoid any future disputes on this point, Hitachi will be producing documents

NY02:559911.1

**BAKER BOTTS** LLP

Alan E. McKenna, Esq.                    2                    September 8, 2006

relating to a large number of its small and mid-sized LCD modules. The document volume is significant, and the time it is taking to make this production is a direct result of Honeywell's amorphous and overbroad allegations of what constitutes an "accused structure."

Regarding the remainder of your inquiries, such as what we have been doing and how many documents Honeywell should expect, we find the tone and substance of your requests inappropriate and offensive. Our document collection, review and production process is ongoing, and we do not have an obligation to provide you with anything more than a complete and timely production, which we intend to do

Finally, we have received Honeywell's letter to the Court of September 7 seeking relief as against "a majority of defendants." As stated in my September 5 letter, this approach is unacceptable. Please advise no later than 5 p.m. today whether Honeywell's motion is directed to Hitachi, and, if so, what relief Honeywell is seeking specifically with respect to Hitachi.

Very truly yours,

Neil P. Sirota

cc:     Matthew L. Woods, Esq.
        Jeremy C. McDiarmid, Esq.
        Thomas C. Grimm, Esq.
        Richard L. Horwitz, Esq.

NY02:559911.1

# EXHIBIT C

# ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

800 BOYLSTON STREET
25TH FLOOR
BOSTON, MA 02199-7610
TEL: 617-267-2300 FAX: 617-267-8288
www.rkmc.com

ATTORNEYS AT LAW

Jeremy C. McDiarmid
617-859-2723

July 25, 2006

**VIA FACSIMILE AND FEDERAL EXPRESS**

Neil P. Sirota, Esq.
Robert C. Scheinfeld, Esq.
Robert L. Maier, Esq.
Baker Botts L.L.P.
30 Rockefeller Plaza
New York, NY 10112

**Re:**   **Honeywell International, Inc. et al. v. Apple Computer, Inc., et al.**
         **Civil Action No. 04-1338 (KAJ) (consolidated)**
         **Our File No. 019896-0229**

Dear Counsel:

I am writing with regard to several discovery matters. Judge Jordan made a number of comments at last Friday's hearing which all parties, including Hitachi Displays, Ltd. ("Hitachi"), need to take to heart as we complete the first phase of written discovery.

First, as per Judge Jordan's direction, Honeywell is in the process of supplementing its infringement contentions. You already have a list of those modules Honeywell has identified as infringing the '371 patent. Honeywell will supplement that list with any additional infringing modules it has identified. Honeywell will also supplement its interrogatory answers to describe how the structures within those modules meet the limitations of claim 3 of the '371 patent, based upon non-privileged facts available to Honeywell at this time.

Second, many defendants objected to Honeywell's requests on the basis that they failed to understand what was meant by the Accused Structure. Now that we have an understanding of how Judge Jordan views that phrase, we expect that all defendants will respond to discovery accordingly. At the same time, please note, that Judge Jordan ordered all defendants to identify all "generational changes" of these specifically identified modules, as well as produce relevant documentation regarding the same. Despite the fact that Honeywell sought at least such information since March of this year, it has not been provided to date. As a result, Hitachi's identification of such modules, and production of related documentation, is long overdue.

BN1 35032885.1

July 25, 2006
Page 2 of 4

Moreover, Hitachi needs to explain what criteria it is using to determine what constitutes an earlier or later generation of an expressly identified LCD module; otherwise, Honeywell has no means of verifying the comprehensiveness of the identification.

Given that Honeywell's discovery requests predate Hitachi's, it is reasonable to discuss an orderly and fair schedule for this respective mutual supplementation. While Honeywell believes that Hitachi should supplement its responses first, it is willing to schedule a date for a mutual exchange of supplementations, keeping in mind that the timing and extent of Hitachi's disclosures will have an impact on Honeywell's ability to supplement its contentions. *See* July 21, 2006 Transcript, p. 30, lines 12-24 (explicitly noting parties' ability to amend contentions). In this spirit, we propose exchanging supplemental responses 30 days from now. Please let me know if Hitachi agrees to the content and timing for this supplementation process.

In addition, we note that Judge Jordan's comments about contention discovery applied to both sides of the case. *See* July 21, 2006 Telephone Conference, page 30, lines 12-14 ("I encourage the parties to file contention interrogatories early and I require answers early [ . . . ]"). As part of the proposed mutual exchange referenced above, Honeywell expects Hitachi to supplement its responses to Interrogatory Nos. 6, 12 and 13 where Honeywell sought information regarding Hitachi's affirmative defenses of invalidity, laches and estoppel. Judge Jordan ordered the parties to respond to contention interrogatories now. You have affirmatively asserted these defenses, and Honeywell is entitled to know the bases for your contentions. Nevertheless, your answers to date to Honeywell's interrogatories have provided little substantive information and are otherwise non-responsive.

For example, as to your affirmative defense of laches, please identify every LCD module on which you are basing your claim of laches, including the basis for the contention that Honeywell should have reasonably been on notice as to the existence of each module on which your laches defense is based. Your contention should also demonstrate that any identified LCD module contains, an Accused Structure within the scope of Honeywell's infringement assertion.

As a further example, we expect a detailed response as to the bases of your assertion that the patent is invalid, including an identification of any prior art you intend to assert, a detailed explanation, on a limitation by limitation bases, as to how the prior art anticipates or renders obvious, claim 3 of the '371 patent and a discussion of your view -- as an LCD manufacturer -- of the level of ordinary skill in the art at the time of the invention.

July 25, 2006
Page 3 of 4

     Should you have any questions concerning the above, please feel free to contact Alan
McKenna or myself.  We look forward to hearing from you.

Very truly yours,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

Jeremy C. McDiarmid

JCM/gpf

cc:    Thomas C. Grimm, Esq.
       John G. Day, Esq.
       Alan E. McKenna, Esq.

# EXHIBIT D

## Sirota, Neil P.

| | |
|---|---|
| **From:** | Sirota, Neil P. |
| **Sent:** | Friday, August 11, 2006 3:33 PM |
| **To:** | 'McDiarmid, Jeremy C.' |
| **Cc:** | Oberts, Stacie E.; Scheinfeld, Robert C.; Maier, Robert L. |

**Subject:** RE: Honeywell Discovery Letter

Dear Jeremy,

Thank you for your letter  With regard to your proposal to exchange contention interrogatory responses, Hitachi proposes having an exchange on September 22  Please let us know if Honeywell is agreeable

If you would like to discuss this with me, please feel free to call

Regards.

Neil

Neil P. Sirota
Baker Botts L L P. ▣
30 Rockefeller Plaza
New York, New York 10112
tel.: 212.408.2548
personal fax: 212.259.2548
main fax: 212.408.2501

This transmittal may be a confidential attorney-client communication or may be otherwise privileged or confidential. If you are not the intended recipient, you are hereby notified that you have received this transmittal in error; any review, dissemination, distribution or copying of this transmittal is strictly prohibited. If you have received this communication in error, please notify us immediately by reply electronic mail or by telephone (call collect at 212-408-2572) and immediately delete this message and all its attachments.

-----Original Message-----
**From:** McDiarmid, Jeremy C. [mailto:JCMcDiarmid@rkmc.com]
**Sent:** Wednesday, July 26, 2006 10:39 AM
**To:** Scheinfeld, Robert C.
**Cc:** Oberts, Stacie E.; Maier, Robert L.; Sirota, Neil P.
**Subject:** RE: Honeywell Discovery Letter

>>>> Please read the confidentiality statement below <<<<

Hi Rob,

Sorry for the confusion—here's the letter.

Regards,

Jeremy

**From:** Robert.Scheinfeld@bakerbotts.com [mailto:Robert.Scheinfeld@bakerbotts.com]
**Sent:** Wednesday, July 26, 2006 10:27 AM
**To:** McDiarmid, Jeremy C.
**Cc:** Oberts, Stacie E.; Robert.Maier@bakerbotts.com; Neil.Sirota@bakerbotts.com

**Subject:** Honeywell Discovery Letter

Jeremy— it seems as though you've been trying to send through to us yesterday, and again this morning, a fax related to discovery  We've only received the first page of what seems to be multi-page letter. So, I'm just writing to let you know that we've yet to receive a complete version   Maybe you can email it to us?

Thanks,
Rob

-----Original Message-----
**From:** McDiarmid, Jeremy C. [mailto:JCMcDiarmid@rkmc.com]
**Sent:** Monday, July 24, 2006 3:47 PM
**To:** Scheinfeld, Robert C.
**Cc:** Oberts, Stacie E.; Maier, Robert L.
**Subject:** RE: Honeywell's Responses to Hitachi's Interrogatory Responses (No. 11 & 12)

>>>> Please read the confidentiality statement below <<<<

Rob,

Thanks for the courtesy  We would certainly be amenable to reciprocating should a similar need arise for Hitachi

I will ask our local counsel to work with your local counsel to formalize this agreement

Best regards,

Jeremy

Jeremy C  McDiarmid
Robins, Kaplan, Miller & Ciresi L L P
800 Boylston Street, 25th Floor
Boston, MA 02199
617-267-2300 tel
617-859-2723 direct
617-267-8288 fax

**From:** Robert.Scheinfeld@bakerbotts.com [mailto:Robert.Scheinfeld@bakerbotts.com]
**Sent:** Monday, July 24, 2006 3:35 PM
**To:** McDiarmid, Jeremy C.; Robert.Maier@bakerbotts.com
**Cc:** Neil.Sirota@bakerbotts.com; Oberts, Stacie E.; Errol.Chapman@bakerbotts.com
**Subject:** RE: Honeywell's Responses to Hitachi's Interrogatory Responses (No. 11 & 12)

Jeremy — both Rob and Neil are out of town.  One week is fine, assuming of course you would extend to us a similar courtesy should the need arise

Regards,
Rob

-----Original Message-----
**From:** McDiarmid, Jeremy C. [mailto:JCMcDiarmid@rkmc.com]
**Sent:** Monday, July 24, 2006 3:26 PM
**To:** Maier, Robert L.
**Cc:** Sirota, Neil P.; Scheinfeld, Robert C.; Oberts, Stacie E.

**Subject:** Honeywell's Responses to Hitachi's Interrogatory Responses (No. 11 & 12)

>>>> Please read the confidentiality statement below <<<<

Hi Rob,

As you probably know, our client has been in Japan meeting with defendants (including Hitachi) and we have not yet been able to connect with them regarding the discovery responses that are due today.   Thus, I'm writing to request a brief, one week extension for Honeywell's responses to Hitachi's Second Set of Interrogatories (Nos  11 & 12) currently due today.

Best regards,

Jeremy McDiarmid

Jeremy C  McDiarmid
Robins, Kaplan, Miller & Ciresi L L P.
800 Boylston Street, 25th Floor
Boston, MA 02199
617-267-2300 tel
617-859-2723 direct
617-267-8288 fax

Information contained in this e-mail transmission is privileged, confidential and covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521.

If you are not the intended recipient, do not read, distribute, or reproduce this transmission.

If you have received this e-mail transmission in error, please notify us immediately of the error by return email and please delete the message from your system.

Pursuant to requirements related to practice before the U. S. Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the U. S. Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.

Thank you in advance for your cooperation.

Robins, Kaplan, Miller & Ciresi L.L.P.
http://www.rkmc.com

9/11/2006

# EXHIBIT E

# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Thomas C. Grimm
302 351 9595
302 425 4661 Fax
tgrimm@mnat.com

August 25, 2006

**BY E-MAIL**

John W. Shaw, Esquire
Young Conaway Stargatt & Taylor LLP
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, DE 19801

Karen L. Pascale, Esquire
Young Conaway Stargatt & Taylor LLP
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, DE 19801

Thomas L. Halkowski, Esquire
Fish & Richardson P.C.
919 N. Market Street, Suite 1100
Wilmington, DE 19801

Robert J. Katzenstein, Esquire
Smith, Katzenstein & Furlow LLP
800 Delaware Avenue, 7th Floor
Wilmington, DE 19801

Richard L. Horwitz, Esquire
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801

William J. Wade, Esquire
Richards Layton & Finger
One Rodney Square
Wilmington, DE 19801

Philip A. Rovner, Esquire
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801

David Margules, Esquire
Bouchard Margules & Friedlander, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801

William J. Marsden, Jr., Esquire
Fish & Richardson P.C.
919 N. Market Street, Suite 1100
Wilmington, DE 19801

Re:    *Honeywell, et al. v. Apple Computer, et al.*, Cons. C.A. No. 04-1338-KAJ

Dear Counsel:

Letter to Non-Stayed Defendants
August 25, 2006
Page 2

We have contacted the Judge's chambers to obtain available dates for a teleconference for the Court to consider the following issues that Honeywell intends to raise:

First, that the majority of defendants have neither produced documents nor committed to a reasonable timeline for doing so.

Second, that the majority of defendants have neither supplemented responses to contention interrogatories nor committed to a reasonable timeline for doing so. Particularly as to affirmative defenses like laches and invalidity, the defendants must have had some good faith bases to plead this defenses and Honeywell is entitled to know what these bases are.

Third, that the majority of defendants have neither provided responses to discovery regarding LCD modules that are related by generational changes or other adaptations to the accused LCD modules nor committed to a reasonable timeline for doing so.

Fourth, that the defendants have not made a reasonable effort to reach agreement as to an appropriate protective order.

While the status of some defendants may change as discovery agreements are reached with Honeywell, the fact that the majority of defendants have refused to engage in discovery in a timely manner necessitates the Court's intervention.

The Court is available August 30 at 2:00 p.m., September 14 at 9:00 a.m. and September 14 at 11:00 a.m. Please let us know if one or more of those dates are not workable for you.

Sincerely yours,

Thomas C. Grimm/DLA

Thomas C. Grimm

cc:    Robert C. Scheinfeld, Esquire
       Richard D. Kelly, Esquire
       Elizabeth A. Niemeyer, Esquire
       Stephen S. Korniczky, Esquire
       John T. Johnson, Esquire
       Alan M. Grimaldi, Esquire
       John Flock, Esquire
       Kevin M. O'Brien, Esquire
       David J. Lender, Esquire
       Stuart Lubitz, Esquire
       Peter J. Wied, Esquire
       Lawrence Rosenthal, Esquire
       Dan C. Hu, Esquire
       **(ALL BY E-MAIL)**

# EXHIBIT F



Potter
Anderson
&Corroon LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

**Richard L. Horwitz**
Partner
Attorney at Law
rhorwitz@potteranderson.com
302 984-6027 Direct Phone
302 658-1192 Fax

August 29, 2006

## VIA ELECTRONIC MAIL

Thomas D. Grimm
Morris Nichols Arsht & Tunnell
1201 North Market Street
P. O. Box 1347
Wilmington, DE 19899

Re:    **Honeywell International Inc., et al. v. Audiovox Communications Corp., et al.,
C.A. No. 04-1337-KAJ
Honeywell International Inc., et al. v. Apple Computer, Inc., et al..
C.A. No. 04-1338-KAJ**

Dear Tom:

I am writing on behalf of the non-stayed defendants, to whom you addressed your August 25, 2006 letter. We think the letter, as well as your contact with Chambers, was inappropriate for a number of reasons to be discussed immediately below.

First, until Honeywell conducts proper meet and confer efforts with each defendant (or defendant group), it is wrong to contact the court on your own and unilaterally request a hearing date. Apparently this was done shortly after Honeywell supplemented, to some extent, its discovery responses to some defendants. This form of "gotcha" is simply not productive, and we reserve our rights to raise this procedural issue with the Court.

Second, although it would be unrealistic to assume all defendants could be available on such short notice for a teleconference with the Court on August 30, and it also would appear to be pure gamesmanship to even attempt to get such a quick date based on the timing of the partial supplemental discovery responses discussed above, that date would not even comply with the Scheduling Order in this case, because of the due dates for letters in advance of any teleconference.

Third, it is inappropriate to group all defendants together and make general assertions about a "majority" of defendants, which majority appears to be different depending on the issue, without saying who is in the majority and who isn't. In order to conduct a fair meet and confer process, Honeywell should identify which defendants are implicated in which issues raised in your August 25 letter. Without that identification, individual defendants can't be sure which

Thomas D. Grimm
August 29, 2006
Page 2

complaints are directed against them. Rather than run to the Court in an attempt to create a misimpression, fair and efficient discovery efforts dictate that Honeywell provide a comprehensive list, by complaint, that says which defendants have not complied (in Honeywell's view), and should suggest a reasonable date certain (which should take into account that we are in prime vacation time) by which all parties can discuss and try to resolves their problems with the discovery responses they have received from the other side. Any other approach, with this many parties, is only going to create more confusion and frustration by the Court. We should be trying to work together, not rushing to the Court before trying to work things out.

When you provide specifics about which defendants you believe have been deficient in meeting their discovery obligations, please also suggest some dates by which the parties should attempt to resolve their differences before writing letters to the Court.

Respectfully,

Richard L. Horwitz

RLH/747965

cc:    All Local Counsel of Record (via electronic mail)

# EXHIBIT G

# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Thomas C. Grimm
302 351 9595
302 425 4661 Fax
tgrimm@mnat.com

August 29, 2006

**BY E-MAIL**

Richard L. Horwitz, Esquire
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801

                    Re:    _Honeywell, et al. v. Apple Computer, et al._, Cons. C.A. No. 04-1338-KAJ

Dear Rich:

        I write in response to your letter of today regarding Honeywell's request for a discovery conference with the Court.

        Frankly, the tone of your letter is astounding given most defendants' complete failure to comply with their discovery obligations and the wholly inadequate response to Honeywell's letters of July 25, 2006, seeking defendants' cooperation in discovery.[1]  Honeywell served discovery five months ago and has yet to receive a single document from defendants. Moreover, after the July 21 teleconference with Judge Jordan – which imposed independent obligations on both sides to answer contention discovery – Honeywell tried (via its July 25 letters) to engage defendants in a mutual exchange of necessary discovery and in fact provided its documents and supplemental responses to defendants. Defendants' response to Honeywell's efforts has been dilatory at best, and nonexistent at worst. No documents have been produced, no responses to contention interrogatories on defendants' affirmative defenses have been provided, and five of the defendants have not even bothered to acknowledge Honeywell's proposals.    Given defendants' failure to provide discovery, or to even meaningfully respond to Honeywell's efforts

---

[1]    Only Optrex and BOE-Hydis have provided discovery counterproposals that could be seen as remotely reasonable.  Should there be satisfactory follow through on these representations, Optrex and BOE-Hydis's status regarding the current discovery issues would obviously change.  We also note that Hitachi has offered a counterproposal, but that counterproposal is only partially satisfactory.

Richard L. Horwitz, Esquire
August 29, 2006
Page 2

to coordinate discovery, your suggestion that the parties need further "meet and confers" is senseless. As the record demonstrates, it is defendants who are "playing games."

Moreover, defendants' failure to provide discovery, or to even commit to a date to provide discovery, threatens the scheduling order in this case. All discovery is to be completed in May of next year -- only nine months from now. In reliance on this schedule, Honeywell has reserved time at the Japanese embassy for depositions[2] and made other arrangements necessary in light of the international nature of this litigation. The defendants' unreasonable delay in these initial stages of discovery — basic document production and substantive responses to interrogatories -- may have a negative ripple effect on the entire schedule.

Honeywell seeks three things: (1) that the defendants produce documents; (2) that pursuant to the Court's Order of October 7 2005, defendants provide identification of other versions of the modules Honeywell has specifically identified; and (3) that defendants provide substantive responses to contention interrogatories on affirmative defenses on which they bear the burden of proof. To the extent that any or all defendants are willing, by the close of business on August 30, 2006, to commit to providing the requested discovery by September 15, it will obviate the need for a hearing regarding any or all of the defendants' discovery deficiencies. Short of such a commitment, however, defendants have left Honeywell no option but to ask the Court to proceed with the September 14 teleconference that has been requested by Honeywell and agreed to by two members of the defendant group.

Sincerely yours,

*Jnn*

Thomas C. Grimm

TCG

cc:     John W. Shaw, Esquire
        William J. Wade, Esquire
        Karen L. Pascale, Esquire
        Philip A. Rovner, Esquire
        Thomas L. Halkowski, Esquire
        David Margules, Esquire
        Robert J. Katzenstein, Esquire
        William J. Marsden, Jr., Esquire
        Robert C. Scheinfeld, Esquire

---

[2]     Honeywell has reserved the Japanese embassy for the time periods of January 2-12, 2007 and March 5-23, 2007. Once it has a chance to review documents and analyze the defendants' discovery responses, Honeywell will begin identifying individuals it wishes to depose and will work with specific defendants to find mutually agreeable times within those time-frames to complete the necessary depositions.

Richard L. Horwitz, Esquire
August 29, 2006
Page 3

       Richard D. Kelly, Esquire
       Elizabeth A. Niemeyer, Esquire
       Stephen S. Korniczky, Esquire
       John T. Johnson, Esquire
       Alan M. Grimaldi, Esquire
       John Flock, Esquire
       Kevin M. O'Brien, Esquire
       David J. Lender, Esquire
       Stuart Lubitz, Esquire
       Peter J. Wied, Esquire
       Lawrence Rosenthal, Esquire
       Dan C. Hu, Esquire
       **(ALL BY E-MAIL)**

# EXHIBIT H

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

800 BOYLSTON STREET
25TH FLOOR
BOSTON, MA 02199
TEL: 617-267-2300 FAX: 617-267-8288
www.rkmc.com

ATTORNEYS AT LAW

Alan E. McKenna
617-859-2719

September 6, 2006

**VIA FACSIMILE AND FIRST-CLASS MAIL**

Neil P. Sirota, Esq.
Baker Botts L.L.P.
30 Rockefeller Plaza
New York, NY 10112

> Re:   *Honeywell International, Inc. et al. v. Apple Computer, Inc., et al.*
>        Civil Action No. 04-1338 (KAJ) (consolidated)
>        Our File No. 019896-0229

Dear Neil:

It was a pleasure speaking with you today. I am writing to follow up on several issues we discussed this morning with respect to Hitachi's discovery.

Based on our discussion and your September 5, 2006 letter to Mr. Woods, it is our understanding that Hitachi will be serving supplemental responses to Honeywell's interrogatories no later than September 22, 2006. We understand that Hitachi will not only be providing information (and documents) relating to modules of the same "generation" as those previously-identified by Honeywell, but that Hitachi will also be providing information (and documents) relating to all of its small and mid-sized LCD modules.

We also understand that in its supplemental responses Hitachi will be providing information regarding its invalidity defenses, and you believe Hitachi will be providing this information in the form of a claim chart. We would expect such a chart to provide an element-by-element analysis to support Hitachi's invalidity contentions. Moreover, with respect to Hitachi's laches defense, we expect Hitachi's supplemental responses will identify the specific Hitachi modules and sale dates that Hitachi claims support its laches defense.

While we are encouraged to learn that Hitachi will begin its document production this week (with the production of approximately 20,000 pages of documents), we were nevertheless disappointed to hear that Hitachi will not complete its document production until an unspecified date in November. As we discussed this morning, we understand that Hitachi is expecting to produce a substantial number of documents, which we understand you estimate will be substantially more than 20,000, but less than one million pages. We also understand that the bulk of Hitachi's documents will be in Japanese. We further understand that Hitachi is not

BNI 35033888 1

Neil P. Sirota, Esq.
September 6, 2006
Page 2 of 3

willing to provide us with translations of any of its documents at this time. Given these factors, it will obviously take many weeks for Honeywell to translate, review and analyze Hitachi's documents. Given this, we again urge you to accelerate the time-table of Hitachi's document production to ensure that both Honeywell and Hitachi will be able to meet the discovery deadlines set forth by the Court in this matter. As we discussed this morning, Honeywell served its document requests in March—more than five months ago, and it is unclear to Honeywell why Hitachi needs such a substantial amount of time to complete its document production. Please help us understand the reasons why Hitachi needs until an unknown date in November to complete its production—what has Hitachi been doing since March to collect and produce responsive documents? Also, since it is unclear as to when in November Hitachi is currently planning to complete its production, kindly inform us as to a date certain by which Hitachi's document production will be complete.

With respect to the volume of documents Hitachi intends to produce (which we understand you believe would be substantially more than 20,000, but less than one million pages), kindly provide us with a more detailed estimate of how many Hitachi documents we can expect. Obviously, the current estimate you have provided to us evidences a considerably large gap, which deprives us of any ability to plan for the volume of Hitachi's production (especially in light of the substantial number of Japanese documents that will be produced).

Also, we understand from our discussion this morning and your September 5, 2006 letter to Mr. Woods that Hitachi's production will continue on a rolling basis. Please note that we fully expect Hitachi to produce documents in regular intervals, and not simply to withheld documents until the last possible date.

We look forward to hearing from you.

Very truly yours,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

Alan E. McKenna

cc:    Matthew L. Woods, Esq.
       Thomas C. Grimm, Esq.
       Jeremy C. McDiarmid, Esq.

BN1 35033888.1

# EXHIBIT I

# ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

800 BOYLSTON STREET
25TH FLOOR
BOSTON, MA 02199
TEL: 617-267-2300  FAX: 617-267-8288
www.rkmc.com

ATTORNEYS AT LAW

Alan E. McKenna
617-859-2719

September 8, 2006

**VIA FACSIMILE AND FIRST-CLASS MAIL**

Neil P. Sirota, Esq.
Baker Botts L.L.P.
30 Rockefeller Plaza
New York, NY 10112

> Re:  *Honeywell International, Inc. et al. v. Apple Computer, Inc., et al.*
>      **Civil Action No. 04-1338 (KAJ) (consolidated)**
>      **Our File No. 019896-0229**

Dear Neil:

I am in receipt of your letter from earlier today. Please note that Honeywell's motion is directed to several defendants, including Hitachi, for all of the reasons set forth in Mr. Grimm's September 7, 2006 letter to the Court.

If you should have any questions, or wish to discuss this matter, please do not hesitate to contact me.

Very truly yours,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

Alan E. McKenna

cc:   Matthew L. Woods, Esq.
      Thomas C. Grimm, Esq.
      Jeremy C. McDiarmid, Esq.

BN1 35033959 1