

Potter
Anderson
& Corroon LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

**Philip A. Rovner**
Partner
provner@potteranderson.com
302 984-6140 Direct Phone
302 658-1192 Fax

September 13, 2006

**BY E-FILE**
The Honorable Kent A. Jordan
United States District Court
  for the District of Delaware
U.S. Courthouse
844 King Street
Wilmington, Delaware 19801

Re:   Honeywell International, Inc., et al., v. Apple Computer, Inc., et al.,
      D. Del., C.A. No. 04-1338-KAJ (Consolidated)

Dear Judge Jordan:

I write in response to the letter from Honeywell dated September 7, 2006 on behalf of defendants Fuji Photo Film Co., Ltd. ("Fuji Japan") and Fuji Photo Film U.S.A., Inc. ("Fuji USA") (collectively "Fuji"). As an initial matter, contrary to the statement in Honeywell's letter to the Court of August 31, 2006, Fuji does not believe that the issues Honeywell seeks to raise with the Court at tomorrow's teleconference are ripe and our agreement to a date for the telephone conference should not be so construed. Fuji strongly believes that the issues raised by Honeywell for tomorrow's conference call are more properly the subject of a meet and confer between Fuji and Honeywell. Since, on information and belief, the status of the issues raised by Honeywell in its September 7 letter differs materially from defendant to defendant, Fuji objects to Honeywell's treatment of the more than 16 defendant groups in general terms, making it impossible to know where, if at all, Honeywell is referring to Fuji amongst the unnamed "most" or "remaining" defendants.

While a letter dated July 25, 2006 was apparently faxed to Lawrence Rosenthal of Stroock & Stroock & Lavan by Robins, Kaplan, for some unexplained reason, it never reached Mr. Rosenthal. A copy was not sent to me. Coincidentally, a second July 25, 2006 letter from Morris, Nichols, sent to both me and Mr. Rosenthal, was received by both. The issue in that letter was amicably resolved. After receipt of the September 7 letter (which referred to a July 25 letter to each defendant) and a search of Stroock's offices, on September 11, Mr. Rosenthal called Matthew Woods, Honeywell's lead counsel, to inquire after the July 25 letter and to discuss the issues. Mr. Woods arranged for a copy to be faxed to Mr. Rosenthal, but in a scheduled telephone conference with Mr. Woods on September 12, Mr. Woods did not even have before him Fuji's Interrogatory answers, so it is not surprising that the issues raised by the September 7 and July 25 letters were not resolved. When Mr. Rosenthal asked Mr. Woods why there was

The Honorable Kent A. Jordan
September 13, 2006
Page 2

no telephone or other follow-up of the July 25 letter, Mr. Woods inexplicably advised that it was Honeywell's position that it had no obligation to speak to each defendant individually regarding that Defendant's position regarding the issues presented in Honeywell's July correspondence.

A copy of Robins, Kaplan's July 25 letter to Fuji is annexed as Exhibit A. This letter is nothing more than a slightly tailored form letter apparently drafted for all defendants (e.g., see reference on page 2 to Fuji being an "LCD manufacture", which it is not). As pointed out below, Honeywell ignores Fuji's Interrogatory responses and agreement to produce documents.

First, regarding Honeywell's request to begin the production of documents, Fuji stated in responses dated May 30, 2006, to Honeywell's document requests that it would produce documents and it intends to do so. It should be noted that Fuji has not been contacted individually by Honeywell with respect to the adequacy or inadequacy of Fuji's discovery responses since the filing of Fuji's responses, aside from the July 25th letter which Fuji's counsel did not see until September 11, 2006. In Fuji's response to Honeywell's interrogatories, Fuji identified by model and LCD module number, <u>every</u> Fuji digital still camera incorporating an LCD assembled by Fuji in response to Interrogatory No. 1 (*see* Exhibit B (redacted to exclude confidential information)). In fact, Fuji went further and provided Honeywell with three cameras and an LCD module in order to determine the scope attributed by Honeywell to claim 3 of the suit patent.

During the telephone conference with Honeywell's counsel yesterday, Mr. Rosenthal stated that Fuji would be able to begin production of documents on a rolling basis within 30 days, Fuji's production of documents will be sizable, given the number of products and modules which Fuji has identified to Honeywell and the time period involved. Months ago, Fuji Japan and Fuji USA began the collection of documents based upon our understanding of the modules at issue and the process to review and produce these documents takes time. In the spirit of cooperation, Fuji Japan has also collected documents from several of its wholly-owned subsidiaries and will produce responsive documents. Honeywell's concern that the production of documents may "threaten the schedule" is not based upon Fuji's proposed schedule for the production of documents. Rather, it is the product of Honeywell's choice to sue 16 groups of defendants, while failing to deal with each of their separate discovery issues.

Second, regarding Honeywell's position that Fuji is among the defendants which have not provided substantive responses to contention interrogatories, it is Fuji's position that the answers to contention Interrogatory Nos. 6, 12 and 13 (the only ones identified in the July 25 letter) are responsive and sufficiently detailed to notify Honeywell of Fuji's position. See Exhibit B annexed. Regarding Interrogatory No. 6, it is Fuji's position that the statutory bases of invalidity as well as the detailed listing of prior art references, including US, Japanese and the European patents, as well as several technical articles, are responsive. Fuji will supplement this answer with a definition of the field of relevant art and the definition of the level of ordinary skill in the art at the time of the invention, and an enumeration of the prior art which teach each limitation of the claims, but nothing in

The Honorable Kent A. Jordan
September 13, 2006
Page 3

the interrogatory requested the limitation by limitation application of the art to claim 3 in claim chart form now demanded. Fuji will also supplement its responses to this interrogatory to expand on two defenses under Section 112 now known to Fuji, one of which only came to Fuji's attention from a review of the documents just produced by Honeywell.[1] Regarding Interrogatory No. 12, Fuji provided a detailed description of the bases for its defense of inequitable conduct committed by Honeywell during the prosecution of the '371 patent. Lastly, regarding Interrogatory No. 13, Fuji provides two pages of description of the bases for Fuji's affirmative defense of laches based on the nation-wide distribution since 1997 of Fuji digital still cameras with LCD modules (provided in most cases by other Defendants). Nevertheless, Honeywell now asks that Fuji state why Honeywell should have been on notice as to the existence of each module, which is totally unrelated to the laches defense stated by Fuji.

Third, given Fuji's answers to Interrogatory No. 1, which listed every module assembled by Fuji, and Fuji's voluntarily providing of sample modules to Honeywell starting in 2005, it is inexplicable for Honeywell to continue to refer to the "other versions" definition in the July 25 letter to Fuji, and in the September 7 letter to the Court without excluding Fuji.

Fuji respectfully requests that the Court defer all action on Honeywell's September 7 letter, at least as to Fuji, until the requisite focused meet and confer has taken place, let alone results in an impasse requiring court intervention. In this connection, Fuji has identified numerous deficiencies in Honeywell's interrogatory responses (served August 28, 2006) and document production (including a description of some of Fuji's samples which bears no relation to the samples, the failure to even examine a module in Honeywell's hands since April 7, 2006 and a refusal to explain a claim of equivalence of 34° to a claimed "slight misalignment" defined by Honeywell in the answers to be "typically 2-16 degrees" (the only definition in the patent)). Fuji will address these issues in accordance with the March 28, 2006 Scheduling Order by letter and meet and confer and will only raise them with the Court if they cannot be resolved.

Respectfully,

Philip A. Rovner
provner@potteranderson.com

PAR/mes/749997
Enc.
cc:   All Local Counsel of Record – By ECF
      All Other Counsel by Email

---

[1] While Honeywell refers to the speed in which Defendants have produced documents, it is worth noting that Honeywell first produced documents only on or about August 16, 2006. That production was not responsive to specific document requests propounded by each defendant; rather, it appears that each defendant received the identical production.