# EXHIBIT A

# ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
TEL: 612-349-8500 FAX: 612-339-4181
www.rkmc.com

ATTORNEYS AT LAW

DENISE S. RAHNE
612-349-8433

July 25, 2006

Lawrence Rosenthal, Esq.                          *Via Facsimile*
Stroock, Stroock & Laven LLP
180 Maiden Lane
New York, NY 10038-4982

     Re:   *Honeywell, et al. v. Apple Computer, et al.*
           Our File No. 019896-0229

Dear Mr. Rosenthal:

I am writing with regard to several discovery matters involving Fuji Photo Film Co., Ltd. and Fuji Photo Film U.S.A., Inc. ("Fuji"). Judge Jordan made a number of comments at last Friday's hearing which all parties need to take to heart as we complete the first phase of written discovery.

First, as per Judge Jordan's direction, Honeywell is in the process of supplementing its infringement contentions. You already have a list of those modules Honeywell has identified as infringing the '371 patent. Honeywell will supplement that list with any additional infringing modules it has identified. In its responses to Fuji's discovery, Honeywell will also provide answers that describe how the structures within those modules must have limitations of Class 3 of the '371 patent, based upon non-privileged facts available to Honeywell at this time.

Second, many defendants objected to Honeywell's requests on the basis that they failed to understand what was meant by the Accused Structure. Now that we have an understanding of how Judge Jordan views that phrase, we expect that all defendants will respond to discovery accordingly. At the same time, please note that Judge Jordan ordered all defendants to identify all "generational changes" of these specifically identified modules, as well as produce relevant documentation regarding the same. Despite the fact that Honeywell sought at least such information since March of this year, it has not been provided to date. As a result, Fuji's explanation regarding such modules, and production of related documentation, is long overdue. Specifically, Fuji needs to explain what criteria it is using to determine what constitutes an earlier or later generation of an expressly identified LCD module; otherwise, Honeywell has no means of verifying the comprehensiveness of the identification.

Given that Honeywell's discovery requests predate Fuji's, it is reasonable to discuss an orderly and fair schedule for a respective mutual exchange of information. While Honeywell believes

MP3 20186237.1

ATLANTA · BOSTON · LOS ANGELES · MINNEAPOLIS · NAPLES · SAINT PAUL · WASHINGTON, D.C.

Lawrence Rosenthal, Esq.
July 25, 2006
Page 2

that Fuji should supplement its responses first, it is willing to schedule a date for mutual exchanges, keeping in mind that the timing and extent of Fuji's disclosures will have an impact on Honeywell's ability to supplement its contentions. *See* July 21, 2006 Transcript, p. 30, lines 12-24 (explicitly noting parties' ability to amend contentions). In this spirit, we propose exchanging Fuji's supplemental responses and Honeywell's responses to Fuji's discovery 30 days from now. Please let me know if Fuji agrees to the content and timing for this process.

In addition, we note that Judge Jordan's comments about contention discovery applied to both sides of the case. *See* July 21, 2006 Telephone Conference, page 30, lines 12-14 ("I encourage the parties to file contention interrogatories early and I require answers early [ . . . ]") As part of the proposed mutual exchange referenced above, Honeywell expects Fuji to supplement its responses to Interrogatory Nos. 6, 12 and 13 where Honeywell sought information regarding Fuji's affirmative defenses of invalidity, misuse and laches/estoppel. Judge Jordan ordered the parties to respond to contention interrogatories now. You have affirmatively asserted these defenses, and Honeywell is entitled to know the bases for your contentions. Nevertheless, your answers to date to Honeywell's interrogatories have provided no substantive information and are otherwise non-responsive.

For example, as to your affirmative defense of laches, please identify every LCD module on which you are basing your claim of laches, including the basis for the contention that Honeywell should have reasonably been on notice as to the existence of each module on which your laches defense is based. Your contention should also demonstrate that any identified LCD module contains an Accused Structure within the scope of Honeywell's infringement assertion.

As a further example, we expect a detailed response as to the bases of your assertion that the patent is invalid, including an identification of any prior art you intend to assert, a detailed explanation, on a limitation by limitation bases, as to how the prior art anticipates or renders obvious, claim 3 of the '371 patent and a discussion of your view -- as an LCD manufacturer -- of the level of ordinary skill in the art at the time of the invention.

If you have any questions regarding this correspondence, contact me or my colleague Michael Okerlund.

Regards,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

Denise S. Rahne

DSR/cd
cc:    Thomas C. Grimm, Esq.
       John G. Day, Esq.

MP3 20188237 1

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HONEYWELL INTERNATIONAL INC. and<br>HONEYWELL INTELLECTUAL PROPERTIES INC., )<br> )<br>Plaintiffs, )<br> )<br>v. )<br> )<br>APPLE COMPUTER, INC., et al., )<br> )<br>Defendants. )<br> ) | C.A. No. 04-1338-KAJ<br><br>**CONTAINS**<br>**CONFIDENTIAL –**<br>**OUTSIDE ATTORNEY'S**<br>**EYES ONLY**<br>**INFORMATION, PER**<br>**LOCAL RULE 26.2** |

### DEFENDANT FUJI PHOTO FILM CO., LTD.'S OBJECTIONS AND RESPONSES
### TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

Pursuant to Rule 26 and 33 of the Federal Rules of Civil Procedure, Defendant Fuji Photo

Film Co. Ltd. ("Fuji Japan"), through its undersigned counsel, hereby submits the following

responses and objections to the Plaintiffs' First Set of Interrogatories (the "Interrogatories"):

### GENERAL OBJECTIONS

The following General Objections are incorporated into each of Fuji Japan's responses

and objections to the Interrogatories, as if fully set forth therein. The stated objections shall be

deemed continuous throughout the responses and objections to the specific Interrogatories that

follow even though not specifically referred to therein.

1.    Fuji Japan objects generally to the Definitions and Instructions accompanying

these Interrogatories to the extent they go beyond the limits of the Federal Rules of Civil

Procedure and/or by the Local Rules of this Court.

2.    Fuji Japan objects generally to these Interrogatories to the extent they seek

information that is beyond the scope of discovery permitted by the Federal Rules of Civil

Procedure and/or by the Local Rules of this Court.

CONTAINS CONFIDENTIAL – OUTSIDE ATTORNEY'S EYES ONLY
INFORMATION, PER LOCAL RULE 26.2

18. Fuji Japan objects generally to these interrogatories as including more than the 25 interrogatories including discrete subparts permitted by Fed.R.Civ.P. 33(a).

19. Fuji Japan objects generally to these interrogatories to the extent they purport to relate to other than claim 3 of the '371 patent, the only claim at issue.

These General Objections apply to each of Honeywell's Interrogatories as if fully stated therein. Subject to and without waiver of the foregoing General Objections, Plaintiff responds and objects to the Interrogatories as follows, reserving its right to produce documents from which answers can be derived pursuant to Fed. R. Civ. P. 33(d), where appropriate if and when Interrogatories are properly stated or conditions to responding are met:

## INTERROGATORIES

### INTERROGATORY NO. 1:
Identify by trade name and model name or number, including any internal identification numbers or parts numbers, each and every Accused Structure that you make, use, sell, have made, or offer for sale from October 1998 to the present. For each Accused Structure, identify the date on which the model was first offered for sale or sold to others and identify any affiliated entity that is involved in the manufacture, distribution and/or sale of the Accused Structure.

### RESPONSE TO INTERROGATORY NO. 1:
Fuji Japan objects to this Interrogatory for the reasons set out in General Objection Nos. 1-8, 12-14, and 17-19. Fuji Japan further objects to this Interrogatory as being vague and ambiguous, overbroad, and unduly burdensome. (See at least "Accused Structure"). However, in the interest of cooperating in discovery, Fuji Japan treats the term only for the purpose of this Interrogatory as referring to LCD modules assembled by Fuji and sold in the Untied States without regard as to whether they qualify as an "Accused Structure", or were identified as "accused" by the Plaintiffs, and without conceding that any such LCD module otherwise infringes claim 3 of the '371 patent. To the extent not objected to, and without waiving the General Objections, Fuji Japan answers as follows:

5

CONTAINS CONFIDENTIAL – OUTSIDE ATTORNEY'S EYES ONLY
INFORMATION, PER LOCAL RULE 26.2

Fuji Japan sells digital still cameras incorporating LCD modules to Fuji USA and Fuji Hawaii for sale in the United States. Fuji Japan does not sell or distribute LCD modules in or to the United States aside from LCD modules in digital still cameras, except for the distribution of limited quantities of LCD modules to Fuji USA and Fuji Hawaii for repair purposes.

Fuji Japan identifies the following digital still cameras having LCD Modules assembled by Fuji Japan and sold in or to the United States:

[THIS PAGE CONTAINS CONFIDENTIAL INFORMATION]

| First Offer for Sale In U.S. | Model Number | Internal Part Number |
|---|---|---|
| 2002 | FinePix S2Pro | |
| 2002 | FinePix F401 | |
| 2002 | FinePix 3800 | |
| 2002 | FinePix A203 | |
| 2002 | FinePix A303 | |
| 2002 | FinePix F402 | |
| 2002 | FinePix M603 | |
| 2002 | FinePix S602 | |
| 2003 | FinePix S3000 | |
| 2003 | FinePix F410 | |
| 2003 | FinePix S5000 | |
| 2003 | FinePix A310 | |
| 2003 | FinePix A210 | |
| 2003 | FinePix S7000 | |
| 2003 | FinePix S20Pro | |
| 2003 | FinePix F700 | |
| 2004 | FinePix F710 | |
| 2004 | FinePix F810 | |

CONTAINS CONFIDENTIAL – OUTSIDE ATTORNEY'S EYES ONLY
INFORMATION, PER LOCAL RULE 26.2

| | |
|---|---|
| 2004 | FinePix E500 |
| 2004 | FinePix E510 |
| 2004 | FinePix E550 |
| 2004 | FinePix S5100 |
| 2004 | FinePix F440 |
| 2004 | FinePix F450 |
| 2004 | FinePix A330 |
| 2004 | FinePix A340 |
| 2004 | FinePix A120 |
| 2004 | FinePix S3100 |
| 2005 | FinePix F10 |
| 2005 | FinePix Z1 |
| 2005 | FinePix E900 |
| 2005 | FinePix S9000 |
| 2005 | FinePix S5200 |
| 2005 | FinePix F11 |
| 2005 | FinePix Z2 |
| 2006 | FinePix V10 |

[THIS PAGE CONTAINS CONFIDENTIAL INFORMATION]


**INTERROGATORY NO. 2:**

   For each Accused Structure identified in Interrogatory No. 1, identify by model name or number, which Accused Structures were supplied to which Named Defendant(s) from October 1998 to the present.

CONTAINS CONFIDENTIAL – OUTSIDE ATTORNEY'S EYES ONLY
INFORMATION, PER LOCAL RULE 26.2

To the extent not objected to, and without waiving the General Objections, Fuji Japan answers as

follows:

Fuji Japan believes that claim 3 of the '371 patent is invalid and that the '371 patent is

unenforceable. Furthermore, Fuji Japan believes that its LCD modules assembled by it and sold

in the United States do not infringe any of the claims of the '371 Patent. Accordingly, no effort

to "design around" (whatever that terms means) was required.

## INTERROGATORY NO. 5:

For each Accused Structure identified in response to Interrogatory No. 1 that you contend
does not infringe the '371 patent, specify each claim element or limitation that allegedly is not
met by the Accused Structure, the factual bases for that contention, and the three persons most
knowledgeable about those facts. Your response may take the form of a claim chart.

## RESPONSE TO INTERROGATORY NO. 5:

Fuji Japan objects to this Interrogatory for the reasons set out in General Objection Nos.

1-8, 12, 14-15, and 17-19. Fuji Japan further objects to this Interrogatory as being vague and

ambiguous, overbroad, and unduly burdensome. (See at least "Accused Structure"). However,

in the interest of cooperating in discovery, Fuji Japan treats the term only for the purpose of this

Interrogatory as referring to LCD modules assembled by Fuji and sold in the United States

without regard as to whether they qualify as an "Accused Structure", or were identified by

Plaintiffs as "accused," and without conceding that any such LCD module otherwise infringes

claim 3 of the '371 patent. Fuji Japan objects to this Interrogatory as premature as this Court has

not determined as a matter of law the proper construction of the claim terms of claims of the '371

Patent. Fuji Japan will supplement its responses to this interrogatory after the terms of claim 3

are interpreted by the Court in a Markman proceeding.

## INTERROGATORY NO. 6:

If you contend that any claim of the patent-in-suit is invalid, identify the specific
statutory bases for the invalidity (e.g., 35 U.S.C. §102(a)), the factual bases for that contention,
your alleged definition of the field of relevant art, your alleged definition of the level of ordinary

CONTAINS CONFIDENTIAL – OUTSIDE ATTORNEY'S EYES ONLY
INFORMATION, PER LOCAL RULE 26.2

skill in that relevant art at the time of the invention, any allegedly invalidating prior art or publications, where each element of the claim is found in the prior art or publications, and the three people most knowledgeable about the factual bases for your contention. Your response may take the form of a claim chart.

## RESPONSE TO INTERROGATORY NO. 6:

Fuji Japan objects to this Interrogatory for the reasons set out in General Objection Nos.

1-3, 12-19. Fuji Japan further objects to this Interrogatory as premature inasmuch as Fuji

Japan's investigation and discovery is ongoing. Fuji USA further objects to this Interrogatory to

the extent the documents and information are already in the possession of Honeywell and/or are

publicly available. To the extent not objected to, and without waiving the General Objections,

Fuji Japan answers as follows:

Fuji Japan contends that, to the extent understood, claim 3 of the '371 patent is invalid if

it has the scope attributed to it applied by Plaintiffs, or when properly interpreted by the Court,

for failure to comply with the conditions for patentability specified in Title 35 of the United

States Code, including but not limited to 35 U.S.C. §§102, 103, 112, and/or 116. Without

prejudice to Fuji Japan's right to supplement this list, and in compliance with 35 U.S.C. §282

and as presently advised at least Fuji Japan cites the following preliminary list:

The Following U.S. Patents are relevant: 2,499,453 (Bonnet); 2,618,198 (Luboshez);

3,486,061 (Barten); 3,580,661 (Cooper); 3,830,556 (Bratkowski); 3,972,593 (Appledorn);

4,043,636 (Eberhardt et al.); 4,149,194 (Holladay); 4,298,249 (Gloor); 4,416,515 (Fumada);

4,468,706 (Cahill); 4,575,767 (Cohen); 4,686,519 (Yoshida); 4,751,425 (Barten); 4,804,253

(Stewart); 4,812,709 (Dudasik); 4,894,726 (Steinhardt); 4,936,657 (Tejima); 5,046,827 (Frost,

Jachimowicz et al.); 5,050,946 (Hathaway); 5,052,783 (Hamada); 5,101,279 (Kurematsu);

5,121,030 (Schott); 5,124,803 (Troxel); 5,128,783 (Abileah); 5,161,041 (Abileah); 5,176,661

(Bradley); 5,179,448 (Steinhardt); 5,202,950 (Arego); 5,254,388 (Melby); 5,262,880 (Abileah);

5,302,989 (Taguchi); 5,317,409 (Macocs); 5,394,255 (Yokota); 5,414,599 (Kaneko);

CONTAINS CONFIDENTIAL – OUTSIDE ATTORNEY'S EYES ONLY
INFORMATION, PER LOCAL RULE 26.2

The Following Japanese Patents are Relevant: 02123342 (Sekiguchi); 02131775 (Sato);

02212880 (Kawasaki); 02158725 (Ohtaki); 03196087 (Ueda); 03200929 (Yanai); 63118125

(Fukuda); JP 58-109786U;  JP 59-126523; JP 02-14822; 63-058745 (Nakamura);

The Following References are Relevant: IBM Technical Disclosure Bulletin Vol. 33, No.

IB, June 1990, entitled "Polarized Backlight for Liquid Crystal Display;" and IBM Technical

Disclosure Bulletin entitled "High Efficiency Back Light for LCD," written by H. Suzuki and M.

Suzuki; and Japan Display '89 article entitled "High Definition Liquid Crystal Projection TV,"

written by H. Noda (See p. 257); McCartney article- McCartney, Syroid, Directional Diffuser

Lens Array for Backlit LCDs, Japan Display 1992, 259-262; Davies article- Davies, On the

Elimination of Unwanted Moiré Patterns In Two-Dimensional Images Generated by a Defective

Optical Scanning Process, Optica Acta, 1986, vol. 33, no. 7, 877-888; Tachibana article,

Tachibana et al. Study On Moiré Between Screen and Panel Structure in a LCD Rear Projector

for HDTV; and

The Following European Patent Application EP 0 556 606 A1 and the references listed

on the face of the '371 patent are relevant.

## INTERROGATORY NO. 7:

State whether you have conducted, caused to be conducted, or received any information
regarding any search, study, evaluation, investigation, opinion, advice, or assessment of the
infringement, validity or enforceability of the '371 patent. If the answer is affirmative, with
respect to each, identify the date it was requested, the identity of the person who requested it, the
date on which it was received, the identity of the person who provided it, the identity of all
persons who received it, the identity of all persons who performed the study, the form in which it
was received (e.g., oral or written; draft or final), any documents that set forth its result, any prior
art located or discussed in it, and whether you intend to rely upon it as a defense to Honeywell's
claim of willful infringement.

## RESPONSE TO INTERROGATORY NO. 7:

Fuji Japan objects to this Interrogatory for the reasons set out in General Objection Nos.

1-2, 10, 12-15 and 17-19. Fuji Japan objects to this interrogatory to the extent that it seeks

CONTAINS CONFIDENTIAL – OUTSIDE ATTORNEY'S EYES ONLY
INFORMATION, PER LOCAL RULE 26.2

## RESPONSE TO INTERROGATORY NO. 11:

Fuji Japan objects to this Interrogatory for the reasons set out in General Objection Nos. 1-8, 10, 12-15 and 17-19. To the extent not objected to, and without waiving the General Objections, Fuji Japan answers as follows:

Fuji Japan's only customers for sales of digital still cameras containing an LCD module and/or distribution of limited quantities of LCD modules for repair purposes in the United States are wholly owned subsidiaries Fuji USA and Fuji Hawaii. All communications between Fuji Japan and such subsidiaries occurred after the filing of this Complaint and are communications protected by the attorney client privilege, the work product doctrine or another privilege, doctrine or immunity.

Based upon a separate agreement with Honeywell described in correspondence exchanged between the Honeywell and Fuji on September 1, 7, 8, 15, 16, and 19, of 2005, and November 7, 11 and 15 of 2005, Fuji Japan was exempted from complying with paragraphs 1 and 3 of Judge Jordan's October 7, 2005 order as described therein. Accordingly, Fuji Japan took no such efforts.

## INTERROGATORY NO. 12:

State the factual basis for your allegations of patent misuse against Honeywell, and to the extent they have been produced, identify by bates number all documents, which support or relate to such bases.

## RESPONSE TO INTERROGATORY NO. 12:

Fuji Japan objects to this Interrogatory for the reasons set out in General Objection Nos. 12 – 18. Fuji Japan objects to this Interrogatory No. 12 as premature inasmuch as discovery has just started and reserves its right to supplement its answer.

To the extent not objected to, and without waiving the General Objections, Fuji Japan answers as follows:

15

CONTAINS CONFIDENTIAL – OUTSIDE ATTORNEY'S EYES ONLY
INFORMATION, PER LOCAL RULE 26.2

Honeywell committed inequitable conduct during the prosecution of the '371 patent.

Relevant material prior art known to one or more of the inventors of the '371 patent was not

disclosed to the patent office while the '371 patent application was pending. At least, in an

article submitted to Japan Display in 1992 entitled "Directional Diffuser Lens Array for Backlit

LCDs" written by R. McCartney and D. Syroid of Honeywell Inc. (two of the named applicants

for the '371 patent), there was a reference to an article entitled "High Definition Liquid Crystal

Projection TV" which was submitted to Japan Display in 1989 and written by H. Noda, et al.

This article was material prior art that should have been disclosed during the pendency of the

'371 patent. As a result, the '371 patent is unenforceable at least due to this inequitable conduct

on the part of applicants.

## INTERROGATORY NO. 13:

State the factual basis for your Affirmative Defense in your Answer wherein you state

that:

> Plaintiffs are not entitled to recover damages for past infringement, if any, under
> the doctrine of laches and their claims, if valid, are barred by the doctrine of
> estoppel because of the unreasonable delay in bringing suit, in substantial excess
> of six years after at least one of Plaintiffs knew or should have known of (a) at
> least some of the digital still cameras including LCD screens of the type accused
> of infringement sold in the United States by Fuji USA, (b) at least some of the
> other accused products sold in the United States incorporating LCD screens
> provided by one or more of the suppliers of such screens to Fuji Japan, and/or (c)
> at least some of the LCD screens sold or offered for sale in the United States by a
> supplier of such screens to Fuji Japan. This delay has materially prejudiced Fuji
> USA and Fuji Japan, at least in part because the failure of Plaintiffs to bring the
> '371 patent to the attention of Fuji USA and/or Fuji Japan or to a supplier of LCD
> screens to Fuji Japan earlier, at a time when Plaintiffs would have been expected
> to do so, at least in part induced Fuji Japan to change its position by continuing to
> make or have made for sale in the United States, and at least in part induced Fuji
> USA to change its position by continuing to sell and offer for sale in the United
> States, the digital still cameras accused of infringement, in reliance on an absence
> of knowledge of the existence of the '371 patent, no less of Honeywell's claims of
> infringement. If Fuji USA or Fuji Japan had been made aware of the existence of
> the '371 patent and Plaintiffs' claims of infringement, Fuji Japan and its suppliers
> could have adopted a design of LCD screens for all of Fuji Japan's digital still

CONTAINS CONFIDENTIAL – OUTSIDE ATTORNEY'S EYES ONLY
INFORMATION, PER LOCAL RULE 26.2

cameras that avoids even Honeywell's unreasonable claims of infringement of the
claims of the '371 patent, without regard to whether the claims of the '371 patent
are valid or enforceable.

and identify all direct or indirect actions by Honeywell that led Fuji Japan to infer or believe that

Honeywell would not assert the '371 patent against Fuji Japan.

## RESPONSE TO INTERROGATORY NO. 13:

Fuji Japan objects to this Interrogatory for the reasons set out in General Objection Nos.

6, 8, 12, 13 and 16-19. To the extent not objected to, and without waiving the General

Objections, Fuji Japan answers as follows:

The '371 patent to McCartney et al. was based on an application filed July 9, 1992, and

issued January 18, 1994 and is assigned on its face to Honeywell Inc. Fuji Japan began selling

digital still cameras incorporating an LCD module to the United States in 1997. Numerous new

models of digital still cameras were subsequently introduced in the United States on a yearly

basis. Fuji Japan was not aware of the '371 Patent. Fuji Japan began assembling the LCD

modules of its digital still cameras sold in the United States as of 2002. The present action is

stayed with respect to those digital still cameras where Fuji Japan purchased the LCD modules

from a third party. Fuji was not made aware of any allegations of infringement or aware of the

'371 patent by any of its third party suppliers of LCD modules or by Honeywell prior to receipt

of the October 6, 2004 letter from Honeywell International forwarding the complaint in the

present action.

Plaintiff Honeywell International Inc., a large U.S. corporation, knew or reasonably

should have known of the sale of digital still cameras by defendants Fuji Japan and Fuji USA in

the United States as early as 1997. Fuji's cameras are readily available for purchase and

inspection. There is no undue technical or financial burden to purchase a consumer product and

CONTAINS CONFIDENTIAL – OUTSIDE ATTORNEY'S EYES ONLY
INFORMATION, PER LOCAL RULE 26.2

inspect the LCD module in view of the '371 patent. Fuji is aware of no excuses that would justify Plaintiffs sitting on their patent rights for a period of almost seven years.

Fuji Japan has been materially prejudiced as a result of the plaintiff's delay in asserting the '371 patent. Fuji Japan makes and sells several models of digital still cameras in the United States, which on their face do not fall within the claim terms of claim 3 of the '371 patent. Assuming arguendo that this '371 patent is valid and enforceable (which it is not), and further assuming that the unreasonably broad claim construction adopted by Plaintiffs is justified (which it is not), Fuji Japan has sold and continues to sell cameras incorporating LCD modules developed without knowledge of the '371 patent which are not covered by any claim of the '371 patent. Had Fuji Japan been aware of the '371 patent in 1997, Fuji Japan could have adopted or instructed its suppliers to adopt designs which are non-infringing even under Plaintiffs' improper claim interpretation and could have avoided the risk of an award of damages against it (no matter how slight), and the cost of this action. Honeywell's inactivity induced Fuji Japan to continue its production of cameras using LCD modules provided by various vendors or assembled by it, only two of which have, thus far, been accused of infringement by Plaintiffs. Furthermore, the inexcusable delay of Plaintiffs and/or their predecessors in asserting the '371 patent materially prejudices Fuji Japan's ability to present a full and fair defense on the merits, and on the likely issue of the availability of a defense against a claim for damages under 28 U.S.C. § 287 based on Plaintiffs' predecessor's failure to mark products covered by the claims of the '371 patent as interpreted by Plaintiffs, or as properly interpreted. The unexcused seven-year delay has caused the potential loss and dispersal of records, the potential death, loss of memory and dispersal of potential witnesses and/or the unreliability of memories spanning approximately fifteen years. The situation undermines the Court and jury's ability to fairly judge the facts. The technology

18

CONTAINS CONFIDENTIAL – OUTSIDE ATTORNEY'S EYES ONLY
INFORMATION, PER LOCAL RULE 26.2

underlying claim 3 of the '371 patent is very old. Plaintiffs have inexcusably waited almost

seven years before bringing suit from the introduction of Fuji Japan's digital still cameras having

LCD modules into the United States.

Fuji Japan is continuing its ongoing investigation and will take discovery into the facts

surrounding the material financial and evidentiary prejudice to Fuji Japan due to Plaintiff's

unreasonable delay in bringing suit and preserves its right to supplement this response.

## INTERROGATORY NO. 14:

With regard to your responses to REQUESTS FOR ADMISSION NOS. 1-21, for each
request to which you admit, identify by model number each module that was sold in the United
States and state the number of each such module sold.

## RESPONSE TO INTERROGATORY NO. 14:

Fuji Japan objects to this Interrogatory for the reasons set out in General Objection Nos. 1

through 19. Fuji Japan incorporates all of its objections to the Requests For Admission Nos. 1

through 21 and Interrogatory No. 1 herein. To the extent not objected to, and without waiving

the General Objections, Fuji Japan answers as follows:

Fuji Japan has objected to Requests For Admission Nos. 1 through 21, inter alia, as being

premature and because this Court has not set forth, as a matter of law, the meaning of the claim

terms of the '371 patent in a Markman proceeding. Accordingly, Fuji Japan is unable, at this

time, to respond to this Interrogatory. Fuji Japan reserves its right to supplement the answer to

this Interrogatory, Request For Admission Nos. 1 through 21 and Interrogatory No. 1, upon

completion of this Court's legal determination of the proper construction of the terms of the

claims of the '371 patent.

## INTERROGATORY NO. 15:

State all facts relevant to your contention, if you so contend, that your sales of the
Accused Structures identified in response to Interrogatory No. 1 are beyond the territorial limits
of 35 U.S.C. § 271(a).

CONTAINS CONFIDENTIAL – OUTSIDE ATTORNEY'S EYES ONLY
INFORMATION, PER LOCAL RULE 26.2

## RESPONSE TO INTERROGATORY NO. 15:

Fuji Japan objects to this Interrogatory for the reasons set out in General Objection Nos. 1 through 19. This Court has not set forth, as a matter of law, the meaning of the claim terms of claim 3 of the '371 patent in a <u>Markman</u> proceeding. Accordingly, the definitions of the terms contained in this Interrogatory, namely "Accused Structures" are vague and ambiguous. To the extent not objected to, and without waiving the General Objections, Fuji Japan answers as follows:

See response to Interrogatory No. 1. To the extent Fuji Japan sells its digital still cameras outside the United States and not to the U.S, such sales are beyond the territorial limits of 35 U.S.C. § 271(a). Fuji Japan's exclusive distribution channel in the United States for digital still cameras containing an LCD module consists of Fuji USA and Fuji Hawaii.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Lawrence Rosenthal
Matthew W. Siegal
Angie M. Hankins
Kevin C. Ecker
STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY 10038
(212) 806-5400

Dated: May 30, 2006

By: _____
Philip A. Rovner (#3215)
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
provner@potteranderson.com

*Attorneys for Defendants*
*Fuji Photo Film Co., Ltd and*
*Fuji Photo Film U.S.A., Inc.*

734338

20

As to the Answers:

I, Atsushi Nakamura, Senior Technical Manager, Intellectual Property Legal Div., Intellectual Property Div., R&D Management HQ of Fuji Japan, am duly authorized to sign these Responses to Interrogatories ("Responses"), as to the answers, on behalf of Fuji Photo Film Co. Ltd. I have read the Responses and am aware of the contents. To the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, all answers made herein are on my own personal knowledge and are true or are made on information and belief and are believed to be true. These answers were made with the knowledge that willful false statements are punishable by fine or imprisonment, or both, under Section 101 of Title 18 of the United States Code.

Dated: _May, 29, 2006_

_Atsushi Nakamura_

Atsushi Nakamura

21

# UNITED STATES DISTRICT COURT

## DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, hereby certify that, on May 30, 2006, true and correct copies of the within document were served on the following counsel of record, at the addresses and in the manner indicated:

**BY HAND DELIVERY**

Thomas C. Grimm, Esq.
Leslie A. Polizoti, Esq.
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
tgrimm@mnat.com
lpolizoti@mnat.com

Thomas L. Halkowski, Esq.
Fish & Richardson P.C.
919 N. Market Street
Suite 1100
P.O. Box 1114
Wilmington, DE 19899
halkowski@fr.com

William J. Wade, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
wade@rlf.com

**BY HAND DELIVERY**

Frederick L. Cottrell, III, Esq.
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
Cottrell@rlf.com

Richard L. Horwitz, Esq.
David E. Moore, Esq.
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899
rhorwitz@potteranderson.com
dmoore@potteranderson.com

John W. Shaw, Esq.
Young, Conaway, Stargatt & Taylor LLP
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE 19899-0391
jshaw@ycst.com

Adam Wyatt Poff, Esq.
Young, Conaway, Stargatt & Taylor LLP
1000 West Street, 17th Floor
P.O. Box 3981
Wilmington, D E 19899-0391
apoff@ycst.com

Arthur G. Connolly, III, Esq.
Brian M. Gottesman, Esq.
Connolly Bove Lodge & Hutz LLP
The Nemours Building – 8th Floor
1007 N. Orange Street
P. O. Box 2207
Wilmington, DE 19899-2207
Ac3@cblh.com

Robert J. Katzenstein, Esq.
800 Delaware Avenue, 7th Fl.
P.O. Box 410
Wilmington, DE 19899
rkatzenstein@skfdelaware.com

William J. Marsden, Jr., Esq.
Fish & Richardson, P.C.
919 N. Market Street, Suite 1100
P. O. Box 1114
Wilmington, DE 19899-1114
marsden@fr.com

Paul A. Bradley, Esq.
McCarter & English, LLP
919 N. Market Street
Suite 1800
P.O. Box 111
Wilmington, DE 19899
pbradley@mccarter.com

Francis DiGiovanni, Esq.
James M. Olsen, Esq.
Connolly Bove Lodge & Hutz LLP
The Nemours Building – 8th Fl.
1007 N. Orange Street
Wilmington, DE 19899-2207
fdigiovanni@cblh.com

Amy Evans, Esq.
Cross & Simon, LLC
913 N. Market Street, Suite 1001
Wilmington, DE 19899-1380
aevans@crosslaw.com

Karen L. Pascale, Esq.
Young, Conaway, Stargatt & Taylor, LLP
The Brandywine Bldg., 17th Fl.
1000 West Street
Wilmington, DE 19801
kpascale@ycst.com

Monte Terrell Squire, Esq.
Young, Conaway, Stargatt & Taylor
The Brnadywine Building
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE 19899-0391
msquire@ycst.com

Steven J. Balick, Esq.
John G. Day, Esq.
Ashby & Geddes
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899
sbalick@ashby-geddes.com
jday@ashby-geddes.com

Matthew Neiderman, Esq.
Duane Morris LLP
1100 N. Market Street
Suite 1200
Wilmington, DE  19801
mneiderman@duanemorris.com

David J. Margules, Esq.
John M. Seaman, Esq.
Bouchard Margules & Friedlander, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE  19801
dmargules@bmf-law.com
jseaman@bmf-law.com


Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE  19899
(302) 984-6000
E-mail:  provner@potteranderson.com

726238