

**Potter
Anderson
Corroon** LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984-6000

www.potteranderson.com

Richard L. Horwitz
Partner
Attorney at Law
rhorwitz@potteranderson.com
302 984-6027 Direct Phone
302 658-1192 Fax

September 13, 2006

<u>VIA ELECTRONIC FILING</u>
The Honorable Kent A. Jordan
United States District Court for the District of Delaware
844 King Street, Lockbox 10
Wilmington, Delaware 19801

      Re:    <u>*Honeywell v. Koninklijke Philips Electronics NV, et al.*
              C. A. No. 04-1338 (KAJ)</u>

Dear Judge Jordan:

      We write on behalf of the Philips defendants ("Philips") to respond to Honeywell's September 7, 2006 letter to the Court. As we have discussed with Honeywell and most recently explained in correspondence, Philips' Mobile Display Systems ("MDS") business was sold to Toppoly (a named defendant in this case) in or about May 2006. Philips' MDS was responsible for the LCDs Honeywell now accuses of infringement. As a result of the sale, Philips no longer retains possession, custody, or control over the requested documents or information. Specifically, relevant documents, employees knowledgeable about Philips' former LCD products, and related facilities were all transferred to Toppoly. Furthermore, on September 5, 2006, Honeywell only recently wrote "to clarify and identify those Philips modules that, at this time, Honeywell contends infringes the patent-in-issue." Up until now, Honeywell had never formally provided such an identification to Philips. This explains many (if not all) of the perceived deficiencies in Philips discovery responses and production. Nevertheless, we will address Honeywell's three issues in turn.

      <u>Document Production</u>: As explained above, Honeywell formally identified the accused products to Philips on September 5, 2006. Unfortunately, Philips no longer has access to the many of the requested documents due to the sale of its MDS LCD business to Toppoly. Philips has requested that Honeywell seek this information directly from co-defendant Toppoly where this information now resides. To help facilitate the production of documents, lead counsel for Philips have talked to Toppoly's lead counsel about trying to get access to information regarding the recently identified accused Philips products. Toppoly's lead counsel are consulting with Toppoly.

      <u>Supplementing Responses to Contention Interrogatories</u>: Philips intends to supplement its responses (to the extent it can) in the near future or as guided by the Court.

      <u>"Other Versions" of Identified Accused Products</u>: During the July 21, 2006 telephonic hearing, the Court clarified its definition of "other versions." For the first time in its September 5, 2006 letter, Honeywell formally identified the LCD modules that it contends Philips infringes.

The Honorable Kent A. Jordan
September 13, 2006
Page 2

However by then, Philips had already sold its MDS LCD business back in May 2006. Due to the timing of these events, Philips no longer has access to knowledgeable former employees and information necessary to identify "other versions" of accused products.

In summary, it will be difficult for Philips to respond to Honeywell's discovery requests given that Philips no longer retains possession, custody or control over the documents and former knowledgeable employees. Philips has requested that Honeywell seek this information directly from co-defendant Toppoly where this information now resides. Philips has been in contact with Toppoly's lead counsel about getting access to the requested information and seeks to facilitate its production.

                                                      Respectfully,

                                                      */s/ Richard L. Horwitz*

                                                      Richard L. Horwitz

/750013

cc:    Clerk of the Court (via hand delivery)
        Counsel of Record (via electronic mail)