

**Potter Anderson & Corroon LLP**

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984-6000

www.potteranderson.com

Richard L. Horwitz
Partner
Attorney at Law
rhorwitz@potteranderson.com
302 984-6027 Direct Phone
302 658-1192 Fax

September 13, 2006

**VIA ELECTRONIC FILING**
The Honorable Kent A. Jordan
United States District Court for the District of Delaware
844 King Street, Lockbox 10
Wilmington, Delaware 19801

    Re:    **Honeywell International, Inc., *et al.*, v. Apple Computer, Inc., *et al.*
             C.A. No. 04-1338-KAJ**

Dear Judge Jordan:

    I write on behalf of defendant BOE HYDIS Technology Co., Ltd. ("BOE HYDIS") in response to Plaintiffs' letter dated September 7, 2006, outlining certain purported deficiencies in the manufacturer defendants' discovery responses. Plaintiffs' own letter makes clear that BOE HYDIS is neither delinquent nor deficient in its discovery obligations, and it is therefore unclear why Plaintiffs have included BOE HYDIS in tomorrow's scheduled teleconference.

    First, Plaintiffs concede that BOE HYDIS has supplemented its interrogatory responses. Although Plaintiffs complain generally about the sufficiency of the manufacturer defendants' responses in its letter to the Court, Plaintiff does not identify any precise deficiencies in BOE HYDIS's supplementation. Nor have Plaintiffs ever contacted BOE HYDIS itself to identify any purported deficiencies in its supplemental responses, much less to conduct the meet-and-confer required by local rule. Thus, Plaintiffs' assertions in this regard are both imprecise and premature. Even if Plaintiffs' allegations regarding the defendants' failure to provide "detailed claim charts" were properly before the Court at this time, Plaintiffs' interrogatories to BOE HYDIS do not call for the provision of a claim chart, in any event.

    Second, Plaintiffs acknowledge that BOE HYDIS has identified "other versions" of the BOE HYDIS LCD module Plaintiffs have specifically identified as infringing and make no allegations of insufficiency against BOE HYDIS in this regard.

    Finally, Plaintiffs concede that BOE HYDIS is one of the defendants that has agreed to produce documents shortly. It is disingenuous for Plaintiffs to suggest that this production is dilatory, considering that: (1) Plaintiffs' document requests centered largely on "Accused Structures," a term that was the subject of much disagreement until very recently; and (2) Plaintiffs' own document production to BOE HYDIS did not occur until August 17, 2006 and appears incomplete.

The Honorable Kent A. Jordan
September 13, 2006
Page 2

                      Respectfully,

                      */s/ Richard L. Horwitz*

                      Richard L. Horwitz

/750001

cc:    Clerk of the Court (via hand delivery)
        Counsel of Record (via electronic mail)

Case 1:04-cv-01338-JJF   Document 557   Filed 09/13/2006   Page 3 of 3