

**Potter
Anderson
& Corroon** LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984-6000

www.potteranderson.com

Richard L. Horwitz
Partner
Attorney at Law
rhorwitz@potteranderson.com
302 984-6027 Direct Phone
302 658-1192 Fax

September 13, 2006

**VIA ELECTRONIC FILING**
The Honorable Kent A. Jordan
United States District Court for the District of Delaware
844 King Street, Lockbox 10
Wilmington, Delaware 19801

    Re:   *Honeywell International Inc., et al. v. Apple Computer, Inc., et al.,*
            C.A. No. 04-1338-KAJ

Dear Judge Jordan:

      On behalf of Samsung SDI Co., Ltd. and Samsung SDI America, Inc. (collectively, "Samsung SDI"), I write to respond to Honeywell's letter to the court regarding discovery. Samsung SDI respectfully requests that the Court decline to order immediate production of documents and supplementation of interrogatory responses. Such an order would be unnecessary because Samsung SDI is preparing to serve supplemental interrogatory responses and an initial document production on Honeywell by September 19. Samsung SDI hopes to complete its document production by the end of October.

      Despite repeated requests from Samsung SDI, Honeywell and Samsung SDI have not met and conferred to discuss this timetable. Instead, Honeywell has made unreasonable demands for supplementation. In a letter dated July 25, which did not differ substantially from the letter to Casio attached to Honeywell's September 7 letter to the Court, Honeywell unilaterally decided that all supplementation should be completed by August 24. On August 18, Samsung SDI sent a letter to Honeywell offering to supplement its responses by October 16. When Honeywell complained that October 16 was too late, Samsung SDI promised to attempt to supplement its responses earlier and offered to meet and confer. On August 25, Honeywell indicated that it planned to move to compel immediate responses. Since that date, Samsung SDI has been able to gather sufficient information to supplement its discovery responses by September 19.

      Honeywell's complaint that these supplemental responses should have been served months ago is unrealistic. As discussed during the previous discovery teleconference, Honeywell's original document requests sought to force the defendants to identify "Accused Structures" based on a definition crafted by Honeywell, to which Samsung SDI objected. The scope of Honeywell's discovery requests was almost entirely based on the definition of that term. It was not until July 21 that the defendants obtained relief from the Court forcing Honeywell itself to identify the Accused Structures. Further, in its July 25 letter to Samsung SDI, Honeywell indicated that it would supplement its answer with any additional infringing modules. Prior to obtaining that potential supplemental identification, it was premature for Samsung SDI to search its multiple facilities for documents responsive to Honeywell's document requests.

The Honorable Kent A. Jordan
September 13, 2006
Page 2

      In light of the above, Samsung SDI respectfully requests that the Court deny as unnecessary Honeywell's demand for immediate production of all documents and immediate supplementation of interrogatory responses.

                                          Respectfully,

                                          */s/ Richard L. Horwitz*

                                          Richard L. Horwitz

/750007

cc:     Clerk of the Court (via hand delivery)
        Counsel of Record (via electronic mail)