

**Potter
Anderson
& Corroon** LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984-6000

www.potteranderson.com

Richard L. Horwitz
Partner
Attorney at Law
rhorwitz@potteranderson.com
302 984-6027 Direct Phone
302 658-1192 Fax

September 13, 2006

**VIA ELECTRONIC FILING**
The Honorable Kent A. Jordan
United States District Court for the District of Delaware
844 King Street, Lockbox 10
Wilmington, Delaware 19801

      Re:    *Honeywell Int'l et al. v. Apple Computer et al.,*
              **C.A. No. 04-1338-KAJ**

Dear Judge Jordan:

      We respond on behalf of defendants TPO Displays Corp. (formerly known as Toppoly Optoelectronics Corp.), Wintek Corp., and Wintek Electo-Optics Corp. (collectively "Wintek") to plaintiff Honeywell's September 7, 2006 letter to the Court.

      Honeywell unfairly and incorrectly complains that TPO and Wintek have squandered the discovery schedule and inexcusably delayed in collecting and producing documents. TPO and Wintek are mindful of this Court's discovery orders and are committed to meeting both the letter and substance of this Court's rules.

      Honeywell's September 7, 2006 letter asserts – without basis in fact – that the defendants have had adequate notice of Honeywell's claims. As early as May 2006, the lead counsel for Wintek conferred with Honeywell, demanding that it specifically identify Wintek's "accused products," as has now been ordered three times in this Court's discovery rulings. In fact, Honeywell delayed in identifying "accused products" until August 28, 2006.

      Having at last received Honeywell's identification of accused products, Wintek is expediting the collection of responsive documents and information. Honeywell's long delay in identifying the accused products has unnecessarily complicated the now-hurried collection and review of those documents—many of which are written in Chinese and require multiple levels of translation and review. Nevertheless, consistent with this Court's discovery rules, Wintek expects to begin producing its documents before the end of this month.

      TPO Displays also has begun production of documents related to the products Honeywell originally identified as accused. As recently as September 1, 2006, however, Honeywell identified an additional "accused" product. It is unreasonable for Honeywell to expect TPO to identify, collect, translate, review, and produce documents related to a product identified only last week. Nonetheless, consistent with this Court's discovery rules, TPO is in the process of processing responsive documents for production this month.

The Honorable Kent A. Jordan
September 13, 2006
Page 2

      Honeywell's September 7, 2006 letter also prematurely complains about the defendants' supplementation of contention interrogatories. Honeywell first contacted the Court on September 7 without first engaging in the required meet-and-confer with defendants. Ironically, at that time, Honeywell, had barely begun its own document production and had not yet even responded to Wintek's long-outstanding interrogatories. Indeed, over the past summer Honeywell requested – and Wintek granted – three extensions of time to respond to Wintek's interrogatories. Wintek's cooperation contrasts starkly with Honeywell's current gamesmanship. Both TPO Displays and Wintek are preparing and will seasonably supplement their interrogatory responses, as required by Fed. R. Civ. P. 26(e)(2). We further note that Honeywell's contention interrogatories to both TPO and Wintek concerning the validity and enforceability of Honeywell's patent are largely premature given Honeywell's delay in responding to Wintek's interrogatories (including its failure to respond to numerous issues regarding its own claim construction) and Honeywell's apparent withholding of responsive documents relating to the research, development, commercialization, and use of the claimed invention. Clearly, the supplementation process will require multiple steps while Honeywell gradually responds to defendants' discovery.

      Honeywell's discovery posturing wastes this Court's time. It ignores Honeywell's own delaying tactics while rushing to Court only weeks after Honeywell produced its first installment of documents and served its own first-draft interrogatory responses. Honeywell's conduct is even more improper because it failed to conduct a proper meet-and-confer session with the defendants before telephoning the Court.

      We regret burdening the Court with this play-by-play rendition of disputes that are either moot or simply not ripe for the Court's consideration. Wintek and TPO remain committed to moving forward with their discovery obligations under this Court's rules. We urge this Court to direct its attention only to genuine disputes about real discovery issues that the parties cannot resolve without judicial assistance. This instance does not qualify.

                                          Respectfully,

                                          /s/ *Richard L. Horwitz*

                                          Richard L. Horwitz

/750021v2

cc:    Clerk of the Court (via hand delivery)
          Counsel of Record (via electronic mail)