**BOUCHARD MARGULES & FRIEDLANDER**

A PROFESSIONAL CORPORATION
SUITE 1400
222 DELAWARE AVENUE
WILMINGTON, DELAWARE 19801
(302) 573-3500
FAX (302) 573-3501

ANDRE G. BOUCHARD
JOEL FRIEDLANDER
DAVID J. MARGULES

JOHN M. SEAMAN
DOMINICK T. GATTUSO
JAMES G. MCMILLAN, III
SEAN M. BRENNECKE

September 13, 2006

**BY CM/ECF**

The Honorable Kent A. Jordan
United States District Court
 for the District of Delaware
844 King Street
Wilmington, DE 19801

      Re: *Honeywell International Inc., et al v. Apple Computer Inc. et al.*
          Consol. C.A. Nos. 04-1338 (KAJ)

Dear Judge Jordan:

      We write on behalf of defendants Citizen Watch Co., Ltd. and Citizen Displays Co., Ltd. ("Citizen"), in response to the Honeywell Plaintiffs' ("Honeywell") letter, dated September 7, 2006, regarding three discovery issues scheduled for a teleconference on September 14.

      Honeywell's primary discovery issue relates to various defendants' document production. On September 11, 2006, Citizen produced two disks to Honeywell containing all the non-privileged documents we have been able to identify in Citizen's possession, custody or control that are responsive to Honeywell's document requests. Accordingly, the document production issue raised in Honeywell's September 7 letter is moot as it relates to Citizen.

      Honeywell's second discovery issue relates to defendants' responses to contention interrogatories, and how Honeywell allegedly "still has not received any meaningful information regarding most defendants' affirmative defenses...." Citizen has diligently been working to supplement its responses to plaintiffs' contention interrogatories. In order to finalize those supplemental responses, however, Citizen needs to communicate with its client in Japan, which can take some time. Nevertheless, Citizen has committed to serve supplemental responses to plaintiffs' contention interrogatories by September 30, 2006.

      Honeywell's third and final discovery issue is the identification of "other versions" of the modules accused of infringement. In its first set of interrogatory responses, Citizen specifically identified two accused model numbers K1122H-HL and L1084H-HL. Citizen's interrogatory responses also identified later versions of the accused models (for example, model L1084H-HL 00001) even before Court's July 21, 2006 ruling requiring defendants to identify the "next

The Honorable Kent A. Jordan
September 13, 2006
Page 2

generation" of the accused models. Citizen, therefore, has fully complied with the Court's instruction to identify any "next generation" products.

For all of the above reasons, Citizen submits that none of the issues raised in Honeywell's September 7 letter are disputes ripe for the Court's consideration. Consequently, Citizen should not be ordered to produce additional documents or further supplement its discovery responses.

We are available to respond to any questions the Court may have at tomorrow's hearing.

Respectfully,

John M. Seaman
(I.D. No. 3868)

cc: Clerk of the Court (by hand and CM/ECF)
Counsel of Record (by CM/ECF)