IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HONEYWELL INTERNATIONAL INC. and HONEYWELL INTELLECTUAL PROPERTIES INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 04-1338-KAJ |
| v. | ) ) | (Consolidated) |
| APPLE COMPUTER, INC., et al., | ) ) ) | |
| Defendants. | ) | |

**HONEYWELL'S OPPOSITION TO DEFENDANT
INNOLUX DISPLAY CORPORATION'S MOTION TO DISMISS
<u>FOR LACK OF PERSONAL JURISDICTION</u>**

OF COUNSEL:

Martin R. Lueck
Matthew L. Woods
Stacie E. Oberts
Michael D. Okerlund
Denise S. Rahne
Peter N. Surdo
Marta M. Chou
ROBINS, KAPLAN, MILLER
 & CIRESI L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
(612) 349-8500

Anthony A. Froio
Marc N. Henschke
Alan E. McKenna
Jeremy C. McDiarmid
ROBINS, KAPLAN, MILLER
 & CIRESI L.L.P.
111 Huntington Avenue, Suite 1300
Boston, MA 02199
(617) 267-2300

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Thomas C. Grimm (#1098)
Leslie A. Polizoti (#4299)
Maria Granovsky (#4709)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
tgrimm@mnat.com
lpolizoti@mnat.com
mgranovsky@mnat.com
  *Attorneys for Honeywell International Inc.
  and Honeywell Intellectual Properties Inc.*

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES……………………………………………………………...ii

INTRODUCTION……………………………………………………………………...1

SUMMARY OF RECORD JUSTIFYING JURISDICTIONAL DISCOVERY…………………2

ARGUMENT…………...………………………………………………………………3

   I.    JURISDICTIONAL DISCOVERY IS PROPER TO CONFIRM
        INNOLUX'S RELATIONSHIP WITH ITS PARENT, HON HAI..…..……………..…..3

   II.   INNOLUX'S BRIEF ACKNOWLEDGES THAT IT SELLS TO HP, DELL,
        AND VIEWSONIC – COMPANIES WITH DISTRIBUTION
        THROUGHOUT THE UNITED STATES……………………………………….9

   III.  ANY RELIEF TO INNOLUX SHOULD BE CONDITIONED UPON
        PROVIDING HONEYWELL WITH A "REPLACEMENT" DEFENDANT………….12

   CONCLUSION…………………………………………………………………...13

# TABLE OF AUTHORITIES

Page

**Cases**

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (U.S. 1985) .......................................................... 11

*Commissariat a l'Energie Atomique v. Chi Mei Optoelectronics Corp.*,
    395 F.3d 1315 (Fed. Cir. 2005) ................................................................................................ 3, 9

*In re Elonex Phase II Power Mgmt. Litig.*,
    2003 U.S. Dist. LEXIS 7715 (D. Del. 2003) .............................................................................. 9, 11

*M & L of Del., Inc. v. Wallace*,
    2004 U.S. Dist. LEXIS 21863 (D. Del. Oct. 18, 2004) .................................................................. 2

*N.J. Institute of Tech. v. Medjet, Inc.*,
    47 Fed. Appx. 921 (Fed. Cir. 2002) .............................................................................................. 12

*Padcom, Inc. v. NetMotion Wireless, Inc.*,
    2004 U.S. Dist. LEXIS 9658 (D. Del. May 24, 2004) .................................................................. 9, 11

*Philips Elecs. N. Am. Corp. v. Contec Corp.*,
    2004 U.S. Dist. LEXIS 3940 (D. Del. Mar. 11, 2004) ........................................................... 6, 9, 11

**Statutes**

DEL. CODE. ANN. tit. 10 § 3104(c) ........................................................................................... 1

## **INTRODUCTION**

On August 25, 2006, InnoLux Display Corporation ("InnoLux"), a Taiwanese manufacturer of LCD modules, filed a Motion to Dismiss for Lack of Personal Jurisdiction. This Motion follows this Court's dismissal of similar motions filed by other defendants in this case, such as Arima Display Corporation and ST-LCD, in order to allow the parties to conduct jurisdictional discovery.[1] Essentially, InnoLux's Motion claims the company does not have sufficient (or for that matter, any) contacts with the State of Delaware and that InnoLux should not be subjected to this Court's jurisdiction, stating that such an exercise "would offend traditional notions of fair play and substantial justice." InnoLux's legal arguments in this regard are set forth in some detail. But the factual assertions in InnoLux's Brief, as well as the supporting paragraphs in Jack Yang's Declaration, omit two key subjects relevant to the issue before this Court: (1) InnoLux's relationship with Hon Hai Corporation ("Hon Hai"), a global presence in the electronics manufacturing industry; and (2) InnoLux's access to a global distribution network via the customers that it does identify, which include HP, Dell, and ViewSonic. At a minimum, those relationships evidence a prima-facie case of personal jurisdiction under the stream-of-commerce theory,[2] so as to warrant the tabling of this Motion until jurisdictional discovery can be completed.

---

[1]  It is telling, then, that both Arima Display Corporation and ST-LCD dropped their jurisdictional motions when jurisdictional discovery commenced.

[2]  As explained in prior briefing regarding Arima Display Corporation's and ST-LCD's motions, the stream-of-commerce theory can satisfy both the Delaware long-arm statute and constitutional requirements of due process.

1

## SUMMARY OF RECORD JUSTIFYING JURISDICTIONAL DISCOVERY

As this Court is aware, the issue of personal jurisdiction is highly fact-driven under Delaware law, and proper analysis of this issue requires a reasonably complete factual record. *See* DEL. CODE. ANN. tit. 10 § 3104(c). Therefore, when "personal jurisdiction is contested without the benefit of discovery, [Honeywell] need only establish a prima facie case, with the record viewed in the light most favorable to [Honeywell]." *M & L of Del., Inc. v. Wallace*, 2004 U.S. Dist. LEXIS 21863 at *4-5 (D. Del. Oct. 18, 2004). Moreover, granting jurisdictional discovery does not in and of itself run afoul of the Due Process guarantee. Given the facts and theory articulated herein, a prima-facie case exists, and InnoLux's Motion to Dismiss should be dismissed.

Defendant InnoLux is a Taiwanese corporation having its principal place of business in Chu-nan, Taiwan. In addition to its corporate headquarters in Taiwan, InnoLux has offices and manufacturing plants in Taiwan and China. InnoLux became part of this action because Honeywell identified the Audiovox D2010 DVD Player, purchased in the United States from Amazon.com, as containing an infringing LCD module manufactured by InnoLux. P. Surdo Aff., Ex. A.[3] This purchase was shipped to New Mexico, but is available via the Internet. *Id.* In addition, a similar Audiovox DVD player (identical screen size of 10.2") is currently available to consumers in Delaware at Circuit City's retail store in Wilmington. Ex. B.

According to InnoLux's instant Motion, the company manufactures and sells LCD modules and LCD panels to its customers located throughout Asia and the United States. (Brief at 3-4). In addition, InnoLux appears to (1) have been created by, and (2) maintain a supply

---

[3] All further references to exhibits herein refer to those attached to the Affidavit of Peter N. Surdo.

relationship with, Hon Hai, a company that has extensive distribution channels throughout the United States. That same company, Hon Hai (also known by its trade name, Foxconn) is registered as a corporation in the State of Delaware. Moreover, even InnoLux admits that it has an OEM sales relationship with HP, Dell, ViewSonic, Acer, and LG. (Brief at 4). And InnoLux also admits that it maintains a subsidiary, InnoLux Corporation, in Austin, Texas, to process LCD monitor orders and perform testing services for its LCD monitor customers. *Id.* By virtue of its dealing with entities such as HP, Dell, ViewSonic, Acer, and LG, it is clear that InnoLux profits from a distribution network that extends throughout the entire United States. These channels establish a prima-facie case for personal jurisdiction on the grounds that InnoLux's products enter channels of commerce that reach the entire United States, including Delaware. *Commissariat a l'Energie Atomique v. Chi Mei Optoelectronics Corp.*, 395 F.3d 1315, 1320-22 (Fed. Cir. 2005).

## ARGUMENT

I.  **JURISDICTIONAL DISCOVERY IS PROPER TO CONFIRM INNOLUX'S RELATIONSHIP WITH ITS PARENT, HON HAI.**

Beyond the disclosures that InnoLux volunteered to this Court in its Brief and accompanying Declaration, Honeywell has learned that InnoLux is a subsidiary of, and supplier to, Hon Hai, a global company doing business throughout the United States, including Delaware, as "Foxconn." Ex. C (Hoovers report stating, "Hon Hai Precision Industry may be the biggest company you never heard of. The company, more commonly known by its trade name, Foxconn, is one of the world's largest contract electronics manufacturers."); Ex. D (Foxconn Tech Corp. is registered with the Delaware Secretary of State); *see also*, *e.g.*, Ex. E ("Hon Hai Precision Ind. Co. Ltd will increase investment in its Taiwan TFT-LCD subsidiary InnoLux

3

Display Corp."").[4] In 2004, Hon Hai was Number 436 in the Financial Times Global 500 (a listing of the world's largest companies) and had annual sales of nearly $17 billion and over 166,000 employees. Ex. C. By June of 2006, it had leapfrogged to Number 277 on the Global 500. Ex. J. It produces a wide array of electronic products, including mobile handsets, laptop computers, and flat-panel monitors—many of the types of end-products associated with this lawsuit. Ex. K at 50. Indeed, Business Week reported the following in 2005:

> Hon Hai Precision Industry is the Taiwanese manufacturer that makes everything from PCs for Hewlett-Packard to cell phones for Nokia and PlayStation 2 game consoles for Sony. Hon Hai, which consistently ranks high in BusinessWeek's Info Tech 100, has been closing the gap on its big North American electronics rivals and now boasts the title of No. 1 electronics manufacturer worldwide.

Ex. L; *see also* Exs. M, N (market reports indicating the extensive nature of Hon Hai's lines of business). A more recent news report states that Hon Hai/Foxconn reached a net profit of $388 million for the second quarter of 2006, largely driven by demand for mobile music players, particularly iPods, which it manufactures for Apple. Ex. O.

Much like Arima Display Corporation, Hon Hai maintains a website—at http://www.foxconn.com—that indicates Foxconn targets the United States as a whole, including Delaware. That website is in English, and the homepage graphic states "Speed Quality Service Value Flexibility." Ex. P. By clicking on "About Foxconn" on the left side of the home page, a

---

[4] The materials uncovered by Honeywell consistently indicate that InnoLux is a Hon Hai subsidiary, and Honeywell will refer to the relationship as such. *E.g.*, Ex. F at 2 ("Innolux Display Corp, a subsidiary of Taiwan's Hon Hai Group . . ."); *accord* Ex. G (referring to InnoLux as "Hon Hai subsidiary InnoLux Co."); *accord* Ex. H ("Innolux primarily makes thin-film-transistor (TFT) liquid-crystal-display (LCD) screens for computers as well as monitors for its parent company, Hon Hai Precision Inc . . . , which supplies desktop computers to computer giant Dell Inc."). Because InnoLux is planning an IPO, Ex. I, there is currently no public information available through the Taiwan Stock Exchange specific to that offering. So the exact nature of InnoLux's ownership can only be revealed through jurisdictional discovery.

4

user is presented with a drop-down menu including "Global Network." Ex. Q ("Foxconn puts significant emphasis on global production and distribution logistics. Besides the home base in Taiwan, Foxconn has major distribution centers in many key cities in Asia, Europe, and America."). It touts its presence in Kansas City, Harrisburg, Cypress, Fullerton, and Houston, all in the United States. *Id.*



Ex. Q ("Global Network").

In addition to publicizing its "global" presence in the United States and the rest of the world, Foxconn's website further solicits United States customers through the "Sales" link on the home page, which in turn offers menu options, including "Contact Sales" where a user can input information in a field labeled, "Your Product Need." Ex. R. Another "Sales" option is the "iPAQ Parts Store," which takes the user to a website that enables users to purchase iPAQ (a brand of PDA) parts. Ex. S ("iPAQ Pocket PC Parts Store. The sole HP authorized Worldwide (B2B, B2C) distributor of iPAQ spare parts and accessories for all of your iPAQ development and repair needs."). There is no limit on the states from which the user can place an order. When the user signs up and attempts to have their parts order shipped, the default country in the drop-down menu is the United States. Ex. S. The user is also sent an e-mail message from

ipaqservices_cn@foxconn.com. Ex. T. All of these website features are designed to solicit and interact with users throughout the United States, including Delaware. *Philips Elecs. N. Am. Corp. v. Contec Corp.*, 2004 U.S. Dist. LEXIS 3940 at *12-*14 (D. Del. Mar. 11, 2004)

Clearly, given these facts, this Court would have jurisdiction over the global entity that is Hon Hai/Foxconn, in part because the products it supplies (*e.g.*, iPods) are sold throughout the United States and Delaware, and also in part because it offers products for sale through its website (*e.g.*, iPAQ parts) to consumers in the United States and in Delaware.[5] The primary question, then, is whether InnoLux's supply of LCD and other electronic technology to Hon Hai/Foxconn (and its corresponding distribution networks) in the context of its corporate affiliation to that company provides a basis for subjecting it to jurisdiction in this forum.

Honeywell's investigation into the relationship between Hon Hai and InnoLux—conducted thus far without the benefit of jurisdictional discovery—indicates that there is a significant affiliation between InnoLux and Hon Hai, including ownership, control and supply arrangements. InnoLux was started by Hon Hai and Hon Hai Founder, Chairman, and CEO, Terry Gou, to manufacture and sell LCD panels. Ex. K at 52 ("And in 2002, Hon Hai and Gou, using his own money, helped finance a startup to make TFT-LCD panels . . ."); Ex. I (Hon Hai Precision Industry Co. "founded Innolux"). Hon Hai planned to make a significant investment in InnoLux's factory in 2003. Ex. U at 2 ("Hon Hai will invest a total of NT$5 billion in the Innolux TFT-LCD panel factory this year . . ."). In 2004, Hon Hai shareholders approved in an investment plan to expand Hon Hai's stake in InnoLux ("its Taiwan TFT-LCD subsidiary") from 6 to 33 percent because it expected that InnoLux would supply half of Hon Hai's demand for

---

[5]    Note that Foxconn Tech Corp. is a registered corporation here in Delaware. Ex. D.

TFT-LCD panels. Ex. E. Moreover, industry reports indicate that InnoLux is a Hon Hai subsidiary. *See* fn.4, *supra* (citing several reports referring to InnoLux as a Hon Hai subsidiary).

It appears that Hon Hai and Terry Gou exert not only ownership, but also some degree of control over InnoLux. The InnoLux affiliate that is registered in Texas shares the same business address and/or agent contact address as various Foxconn—and therefore Hon Hai—entities.[6] Ex. V. Moreover, reports state that Hon Hai built InnoLux's LCD factory for the specific purpose of filling a gap in its own supply chain. Ex. U at 1 ("The opening of a flat-panel factory also acts to plug a hole in Hon Hai's supply chain."). This supply chain is depicted in an equity research report by a securities company known as MasterLink Securities in the following manner:

---

[6] InnoLux Corporation's address is at 2525 Brockton Dr., Ste 300 in Austin, Texas. Its Registered Agent is on the 8800 block of Fallbrook Drive in Houston Texas. Ex. V. The following Foxconn entities also have addresses or agents at 2525 Brockton Drive in Austin, or on the 8800 block of Fallbrook Dr. in Houston: Foxconn/Hon Hai Logistics Texas LLC, Foxconn Advanced Technology Inc., Foxconn Assembly LLC, Foxconn Corporation, Foxconn Electronics Inc., Foxconn EMS Inc., Foxconn Integration Inc., Foxconn Precision Components Co LTD, Foxconn Technology Co LTD, FTC Technology Inc.

7



Ex. N at 2. Here, the report depicts InnoLux as a supplier of LCD panels and LCD components to Hon Hai, Foxconn, Chi Mei, and Ambit. This, in conjunction with the 2004 report that InnoLux was expected to supply half of Hon Hai's demand for TFT-LCD flat panel displays, indicates that Hon Hai works closely with InnoLux to bring InnoLux's products to a worldwide market, including the United States and Delaware. Ex. E. Clearly, if half of Hon Hai's supply comes from InnoLux, Honeywell is highly likely to be able to establish that InnoLux has a reasonable belief that its products will be sold throughout the United States, including Delaware. Indeed, the relationship between InnoLux and Hon Hai appears to be similar to that of ST-LCD and Sony, where the subsidiary entity was specifically created to produce the LCD products that the parent company would then sell throughout the parent's global distribution network. *See* Honeywell's Opposition to Defendant ST-LCD's Motion to Dismiss for Lack of Personal Jurisdiction, D.I. 341 at 9.

Accordingly, whether InnoLux knows where a particular LCD module is ultimately sold is not determinative; what matters is whether InnoLux knowingly benefits from supplying LCD technology to its global founder. Such a relationship alone justifies development of a full record through jurisdictional discovery.[7] *Commissariat* 395 F.3d at 1320-22 (finding abuse of discretion where district court denied jurisdictional discovery); *Philips*, 2004 U.S. Dist. LEXIS at *12-*14 (finding jurisdiction where defendant knew it was supplying remote controls to entities that distributed them throughout the United States); *In re Elonex Phase II Power Mgmt. Litig.*, 2003 U.S. Dist. LEXIS 7715 (D. Del. 2003) (finding jurisdiction where defendant knew it was selling into a chain of distribution that went throughout the United States); *Padcom, Inc. v. NetMotion Wireless, Inc.*, 2004 U.S. Dist. LEXIS 9658 at *12-*17 (D. Del. May 24, 2004) (finding jurisdiction where defendant "purposefully shipped the accused [product] into [the forum state] through an established distribution channel").

## II.   INNOLUX'S BRIEF ACKNOWLEDGES THAT IT SELLS TO HP, DELL, AND VIEWSONIC - COMPANIES WITH DISTRIBUTION THROUGHOUT THE UNITED STATES .

Buried within the Yang Declaration is a single sentence which suggests that InnoLux's business is worldwide. Specifically, at Paragraph 13, Yang discloses that InnoLux sells LCD monitors under an OEM relationship with customers "including" HP, Dell, ViewSonic, Acer, and LG. (*See also* Brief at 4). And at Paragraph 14, he discloses that InnoLux maintains a

---

[7]   Hon Hai (and also Terry Gou) has a reputation for being very secretive. Ex. K (titled, "Why is Hon Hai so Shy?"); Ex. L (calling Terry Gou "publicity-shy"). It makes the minimum disclosures required by law, and has been described using terms like "veil of secrecy," "stealthy company," "dodge the spotlight," and reports note that the company "minimizes outsiders' access to information about the company." Ex. K at 45-46. There are therefore no publicly-available statements or interviews by Hon Hai regarding the impetus for the formation of InnoLux, as were available from Sony regarding ST-LCD. This secretive culture heightens Honeywell's need for the process of formal discovery to flesh out its jurisdictional theory.

subsidiary in Austin, Texas to receive and process orders and provide testing services for these monitor customers.  *Id.*  Clearly InnoLux's presence in Texas to serve those of its world-wide customers that are based in the United States is no small jurisdictional component.  Indeed, these customers are quite important to InnoLux's parent company, Hon Hai.  Ex. N at 1 (Hon Hai "improved its relationship, from OEM to partner, with HPQ and was reported to receive Sony's PSP and Dell's printer orders . . . Its main customers are mostly the leaders in their respective areas").[8]  The contours of such supply relationships are pertinent to the question of jurisdiction.

Although InnoLux claims that it does not have "*direct* knowledge" (emphasis added) and that it "does not care" about its customers' distribution systems, its maintenance of an affiliate in the state of Texas to service these customers belies those claims.  In any event, what InnoLux knows or cares about is not the appropriate jurisdictional query.  Rather, what matters is that InnoLux knowingly benefits from its customers' well-known distribution throughout the United States, including Delaware.  HP, Acer, and LG all have LCD monitor products available in Circuit City's Wilmington store.  Ex. W.  ViewSonic's LCD monitor products are available to Delaware customers through Circuit City's website.  Ex. X.  Dell LCD monitors are available to Delaware customers through Dell's website.  Ex. Y.  And an Audiovox DVD player that infringes Honeywell's patent was purchased from Amazon.com (which is accessible to consumers throughout the United States) and shipped to New Mexico.  Ex. A.[9]  These are likely to be just a few of the instances in which products sold by huge InnoLux customers make their way into the United States and Delaware through big-box and Internet retailers. *Philips*, 2004

---

[8]  Note that this report about Hon Hai is inconsistent with Yang's representation that InnoLux is an "OEM" supplier to HP instead of a "partner" with HP.

[9]  At the Wilmington, Delaware Circuit City store, an Audiovox DVD player with an identically-sized screen (10.2") is currently available.  Ex. B.

U.S. Dist. LEXIS at *12-*14 (where defendant sold to customers who distributed their products through Comcast, Circuit City, and Best Buy, jurisdiction was appropriate).

Based on the availability of its customers' products to consumers in Delaware, the fact that the InnoLux customers are such large corporations, and the fact that InnoLux maintains a sales presence in the United States to serve such customers, InnoLux had a reasonable basis to foresee that it could be hailed into this forum. *Burger King*, 471 U.S. at 476 ("So long as a commercial actor's efforts are 'purposefully directed' toward residents of another State, we have consistently rejected the notion that an absence of physical contacts can defeat personal jurisdiction there."); *accord Padcom, Inc.*, 2004 U.S. Dist. LEXIS at *12-*17 (finding specific jurisdiction under the stream-of-commerce theory where a third party maintained a website accessible by "consumers located anywhere" including Delaware); *In re Elonex Phase II Power Mgmt. Litig.*, 2003 U.S. Dist. LEXIS 7715 (D. Del. 2003) (same finding where defendant benefited from its customer's—including ViewSonic's—sales through well-known big-box retailers).

Ultimately, it is difficult to reconcile InnoLux's purported ignorance regarding its customers' distribution chains with the fact that it deals with such large and prominent national and/or worldwide electronics companies. *In re Elonex*, 2003 U.S. Dist. LEXIS at *12 (finding defendant's claims that it "had no inkling that some of its monitors would make their way into Delaware" were not credible in light of the "extensive re-reseller networks in Delaware and on the Internet"). Such inconsistencies can be resolved only in the context of a fully-developed record, which itself warrants an order for jurisdictional discovery.

### III. ANY RELIEF TO INNOLUX SHOULD BE CONDITIONED UPON PROVIDING HONEYWELL WITH A "REPLACEMENT" DEFENDANT.

Honeywell has a meritorious claim for the infringement of its patent rights; it is axiomatic that every plaintiff is entitled to its day in court. *See, e.g.*, *N. J. Institute of Tech. v. Medjet, Inc.*, 47 Fed. Appx. 921, 926 (Fed. Cir. 2002). Releasing InnoLux from this Court's jurisdiction, without replacing InnoLux with the companies that incorporate its infringing LCD Modules, will therefore prejudice Honeywell and stand in the way of due process.

Should this Court provide any relief to InnoLux, it should condition that relief on InnoLux identifying: (1) all generational variations of the module identified by Honeywell, and (2) each and every customer who purchases those LCD modules. Upon InnoLux's full compliance with those conditions, the Court should release the stay as to those customers, including Audiovox, who purchase InnoLux's allegedly infringing modules.

## **CONCLUSION**

Because a prima facie case can be established for jurisdiction in this forum, InnoLux's Motion to Dismiss for Lack of Personal Jurisdiction should be denied and the parties directed to conduct jurisdictional discovery.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

OF COUNSEL:

*/s/ Maria Granovsky*

Martin R. Lueck
Matthew L. Woods
Stacie E. Oberts
Michael D. Okerlund
Denise S. Rahne
Peter N. Surdo
Marta M. Chou
ROBINS, KAPLAN, MILLER
  & CIRESI L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN  55402-2015
(612) 349-8500

Thomas C. Grimm (#1098)
Leslie A. Polizoti (#4299)
Maria Granovsky (#4709)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
tgrimm@mnat.com
lpolizoti@mnat.com
mgranovsky@mnat.com
  *Attorneys for Honeywell International Inc.*
  *and Honeywell Intellectual Properties Inc.*

Anthony A. Froio
Marc N. Henschke
Alan E. McKenna
Jeremy C. McDiarmid
ROBINS, KAPLAN, MILLER
  & CIRESI L.L.P.
111 Huntington Avenue, Suite 1300
Boston, MA  02199
(617) 267-2300

September 18, 2006
537579

<u>CERTIFICATE OF SERVICE</u>

I certify that on September 18, 2006, I caused to be served true and correct copies of the foregoing on the following by hand and by e-mail:

| | |
|---|---|
| John W. Shaw<br>Monte T. Squire<br>YOUNG CONAWAY STARGATT<br>  &amp; TAYLOR LLP<br>1000 West Street, 17th Floor<br>P.O. Box 391<br>Wilmington, DE  19899-0391<br><br>*Attorneys for Sony Corporation, Sony Corporation of America, ST Liquid Crystal Display and Quanta Display Inc.* | William J. Wade<br>RICHARDS LAYTON & FINGER<br>One Rodney Square<br>P.O. Box 551<br>Wilmington, DE  19899-0551<br><br>*Attorneys for Arima Display Corporation, Matsushita Electrical Industrial Co., and Matsushita Electrical Corporation of America* |
| Karen L. Pascale<br>YOUNG CONAWAY STARGATT<br>  &amp; TAYLOR, LLP<br>The Brandywine Building, 17th floor<br>1000 West Street<br>Wilmington, DE  19801<br><br>*Attorneys for Optrex America, Inc.* | Philip A. Rovner<br>POTTER ANDERSON & CORROON LLP<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>P.O. Box 951<br>Wilmington, DE  19899<br><br>*Attorneys for Fuji Photo Film Co., Ltd. and Fuji Photo Film U.S.A., Inc.* |
| Thomas L. Halkowski<br>FISH & RICHARDSON P.C.<br>919 N. Market Street, Suite 1100<br>P.O. Box 1114<br>Wilmington, DE  19899-1114<br><br>*Attorneys for Casio Computer Co., Ltd.* | David J. Margules<br>John M. Seaman<br>BOUCHARD MARGULES<br>  &amp; FRIEDLANDER, P.A.<br>222 Delaware Ave., Suite 1400<br>Wilmington DE 19801<br><br>*Attorneys for Citizen Watch Co., Ltd. and Citizen Displays Co., Ltd.* |

Robert J. Katzenstein
Robert Karl Beste, III
SMITH, KATZENSTEIN
 & FURLOW LLP
800 Delaware Avenue, 7th Floor
P.O. Box 410
Wilmington, DE 19899

*Attorneys for Seiko Epson Corporation*

William J. Marsden, Jr.
Raymond N. Scott, Jr.
FISH & RICHARDSON, P.C.
919 North Market Street, Suite 1100
Wilmington DE 19899-1114

*Attorneys for International Display Technology and International Display Technology USA, Inc.*

Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899

*Attorneys for BOE Hydis Technology Co., Ltd., Hitachi Displays, Ltd., Toppoly Optoelectronics Corp., Koninklijke Philips Electronics N.V., Philips Electronics North America Corp., Wintek Corp., Wintek Electro-Optics Corporation, Samsung SDI America, Inc. and Samsung SDI Co., Ltd.*

Daniel V. Folt
Gary W. Lipkin
DUANE MORRIS LLP
1100 North Market Street, 12th Floor
Wilmington, DE 19801-1246

*Attorneys for InnoLux Display Corporation*

I also certify that on September 18, 2006, I caused to be served true and correct copies of the foregoing on the following by e-mail:

Robert C. Scheinfeld
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, NY 10112

*Attorneys for Hitachi Displays, Ltd.*

Richard D. Kelly
Andrew M. Ollis
OBLON, SPIVAK, McCLELLAND,
 MAIER & NEUSTADT, P.C.
1940 Duke Street
Alexandria, VA 22314

*Attorneys for Optrex America, Inc.*

Elizabeth A. Niemeyer
FINNEGAN, HENDERSON,
 FARABOW, GARRETT
 & DUNNER, L.L.P.
901 New York Avenue, NW
Washington, DC  20001

York M. Faulkner
FINNEGAN, HENDERSON,
 FARABOW, GARRETT
 & DUNNER, L.L.P.
11955 Freedom Drive
Reston, VA  20190

*Attorneys for Toppoly Optoelectronics, Wintek Corp. and Wintek Electro-Optics Corporation*

Stephen S. Korniczky
PAUL, HASTINGS, JANOFSKY
 & WALKER LLP
3579 Valley Centre Drive
San Diego, CA  92130

Hamilton Loeb
PAUL, HASTINGS, JANOFSKY
 & WALKER LLP
875 15th Street, N.W.
Washington, DC  20005

*Attorneys for Samsung SDI Co., Ltd. and Samsung SDI America, Inc.*

John T. Johnson
FISH & RICHARDSON P.C.
Citigroup Center - 52nd Floor
153 East 53rd Street
New York, NY  10022-4611

*Attorneys for Casio Computer Co., Ltd.*

Alan M. Grimaldi
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC  20004-2401

*Attorneys for Koninklijke Philips Electronics N.V., and Philips Electronics North America Corporation*

John Flock
KENYON & KENYON
One Broadway
New York, NY  10004-1050

*Attorneys for Sony Corporation, Sony Corporation of America, and ST Liquid Crystal Display Corporation*

Kevin M. O'Brien
BAKER & McKENZIE LLP
815 Connecticut Avenue, N.W.
Washington, DC  20006

*Attorneys for BOE Hydis Technology Co., Ltd.*

Robert L. Hails, Jr.
KENYON & KENYON
1500 K Street, N.W.
Washington, DC  20005-1257

*Attorneys for Sony Corporation, Sony Corporation of America, and ST Liquid Crystal Display Corporation*

David J. Lender
Steven J. Rizzi
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY  10153

*Attorneys for Matsushita Electrical Industrial Co. and Matsushita Electrical Corporation of America*

Stuart Lubitz
HOGAN & HARTSON LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA  90067

*Attorneys for Seiko Epson Corporation, Citizen Watch Co., Ltd. and Citizen Displays Co., Ltd.*

Peter J. Wied
PAUL, HASTINGS, JANOFSKY
  & WALKER, LLP
515 South Flower Street, 25th Floor
Los Angeles, CA  90071

*Attorneys for Quanta Display Inc.*

Lawrence Rosenthal
Matthew W. Siegal
STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY  10038-4982

*Attorneys for Fuji Photo Film Co., Ltd. and Fuji Photo Film U.S.A., Inc.*

Dan C. Hu
TROP PRUNER & HU, P.C.
1616 South Voss Road
Suite 750
Houston, TX  77057-2631

*Attorneys for Arima Display Corporation*

Donald R. McPhail
DUANE MORRIS LLP
1667 K Street, N.W., Suite 700
Washington, DC  20006

*Attorneys for InnoLux Display Corporation*

*/s/ Maria Granovsky*
_____
Maria Granovsky (#4709)