IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HONEYWELL INTERNATIONAL INC. and HONEYWELL INTELLECTUAL PROPERTIES INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 04-1338-KAJ |
| v. | ) ) | (Consolidated) |
| APPLE COMPUTER, INC., et al., | ) ) | |
| Defendants. | ) ) | |
| HONEYWELL INTERNATIONAL INC., et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 04-1337-KAJ |
| AUDIOVOX CORPORATION, et al., | ) ) ) | |
| Defendants. | ) ) ) | |
| OPTREX AMERICA, INC., | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 04-1536-KAJ |
| HONEYWELL INTERNATIONAL INC., et al., | ) ) ) | |
| Defendants. | ) ) | |

## STIPULATED PROTECTIVE ORDER

Whereas pretrial discovery in this action will necessarily involve the disclosure of trade

secrets or confidential research, development, product or commercial information by the

undersigned parties and by other non-parties from whom discovery may be sought; and

Whereas the undersigned parties wish to establish rules and procedures governing the treatment of such information, and accordingly have conferred in good faith with respect to the terms of this Protective Order pursuant to Fed. R. Civ. P. 26(c);

IT IS HEREBY STIPULATED AND AGREED BY AND AMONG THE UNDERSIGNED PARTIES AS FOLLOWS:

## 1.    Scope of Protection.

1.1    This Protective Order shall govern any record of information produced in this action and designated pursuant to ¶ 2 below, including all designated deposition testimony, all designated testimony taken at a hearing or other proceeding, interrogatory answers, documents and other discovery materials, whether produced informally or in response to interrogatories, requests for admissions, requests for production of documents, or other formal method of discovery.

1.2    This Protective Order shall also govern any designated record of information produced in this action pursuant to required disclosures under any federal procedural rule or any District of Delaware local rule, and any supplementary disclosures thereto.

1.3    This Protective Order shall apply to the undersigned parties and to any non-party from whom discovery may be sought and who produces confidential information (as defined below) (hereinafter, collectively, referred to as a "party" or the "parties").

## 2.    Designation

2.1    Each party shall have the right to designate as confidential and subject to this Protective Order any information produced by it in this action which contains, reflects, or otherwise discloses confidential technical, business, or financial information

("CONFIDENTIAL information"). This designation shall be made by stamping or otherwise labeling each page or thing containing confidential information with the legend CONFIDENTIAL prior to its production or, if inadvertently produced without such legend, by furnishing written notice to the receiving party that the information shall be considered CONFIDENTIAL under this Protective Order. The parties will use reasonable care to avoid designating any documents or information CONFIDENTIAL that are generally available to the public.

      2.2    Each party shall have the right to designate as restricted to review by those categories of individuals identified in ¶ 4.2 below and subject to this Protective Order any information produced in this action which contains, reflects, or otherwise discloses: (1) trade secrets; (2) research and development or other highly sensitive technical information; or (3) highly sensitive business-related financial information (collectively, "CONFIDENTIAL— ATTORNEYS' EYES ONLY information"). This designation shall be made by stamping or otherwise labeling each page or thing containing confidential information with the legend CONFIDENTIAL—ATTORNEYS' EYES ONLY prior to its production or, if inadvertently produced without such legend, by furnishing written notice to the receiving party that the information shall be considered CONFIDENTIAL—ATTORNEYS' EYES ONLY under this Protective Order. To the extent that material is marked CONFIDENTIAL—ATTORNEYS' EYES ONLY, such material shall be revealed to or used by limited categories of individuals, as provided for in ¶ 4.2 below, and shall not be communicated in any manner, either directly or indirectly, to any person or entity not permitted disclosure pursuant to this Protective Order. Any copies of such material, abstracts, summaries, or information derived therefrom, and any notes or other records regarding the contents thereof, shall also be deemed

CONFIDENTIAL—ATTORNEYS' EYES ONLY, and the same terms regarding confidentiality of these materials shall apply as apply to the originals. The parties will use reasonable care to avoid designating any documents or information CONFIDENTIAL—ATTORNEYS' EYES ONLY for which the designating party does not have a good faith belief that the documents or information satisfy the criteria set forth in this paragraph.

      2.3    Each party shall have the right to designate as restricted to review by those categories of individuals identified in ¶ 4.3 below and subject to this Protective Order any information produced in this action which contains, reflects, or otherwise discloses confidential information that comprises or contains sensitive information which is deemed by the producing party as inappropriate for review by in house personnel of non-affiliated companies except as otherwise provided herein, including: (1) trade secrets; (2) research and development or other highly sensitive technical information; or (3) highly sensitive business-related financial information (collectively, "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY"). This designation shall be made by stamping or otherwise labeling each page or thing containing confidential information with the legend HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY prior to its production or, if inadvertently produced without such legend, by furnishing written notice to the receiving party that the information shall be considered HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY under this Protective Order. To the extent that material is marked HIGHLY CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY, such material shall be revealed to or used by limited categories of individuals, as provided for in ¶ 4.3 below, and shall not be communicated in any manner, either directly or indirectly, to any person or entity not permitted disclosure pursuant to this Protective Order. Any copies of

4

such material, abstracts, summaries, or information derived therefrom, and any notes or other records regarding the contents thereof, shall also be deemed HIGHLY CONFIDENTIAL— OUTSIDE ATTORNEYS' EYES ONLY, and the same terms regarding confidentiality of these materials shall apply as apply to the originals.  Use of this highly restrictive designation is limited to information of the highest sensitivity.  The parties will use reasonable care to avoid designating any documents or information HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY for which the designating party does not have a good faith belief that the documents or information satisfy the criteria set forth in this paragraph.

2.4    CONFIDENTIAL, CONFIDENTIAL— ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY information shall be used only for purposes directly related to this action, and for no other purpose whatsoever, except by consent of the producing party or by order of the Court.

2.5    To the extent that any party has, prior to the date that this Order is entered, produced to the other side materials that the producing party has marked with any confidentiality designation, all such materials shall be considered to have been designated under this Order as HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY unless otherwise agreed by the producing party.

### 3.    Limit On Use And Disclosure Of Designated Information.

3.1    Each party and all persons bound by the terms of this Protective Order shall use any information or document governed by this Protective Order only in connection with the prosecution or defense of this action, except by consent of the producing party or by order of the Court.  No party or other person shall disclose or release to any person not authorized under this Protective Order any information or document governed by this Protective Order

for any purpose, or to any person authorized under this Protective Order for any other purpose.

3.2    It is, however, understood that counsel for a party may give advice and opinions to his or her client based on his or her evaluation of designated confidential information received by the party, provided that such rendering of advice and opinions shall not reveal the content of such information except by prior written agreement with counsel for the producing party.

3.3    The attorneys of record for the parties and other persons receiving documents or information governed by this Protective Order shall exercise reasonable care to ensure that said documents or information governed by this Protective Order are: (a) used only for the purposes specified herein; and (b) disclosed only to authorized persons.

**4.    Disclosures Of Confidential, Confidential—Attorney's Eyes Only, and Highly Confidential—Outside Attorneys' Eyes Only Material.**

4.1    Absent the consent of the producing party, documents or information designated CONFIDENTIAL shall be disclosed by the recipient thereof only to:

(a)    the outside counsel of record and their staffs who are actively involved in this action and such additional law firms that become law firms of record for a party after the effective date of this Protective Order.

(b)    the Court and Court personnel, as provided in ¶ 12 below;

(c)    consultants, experts, or translators and their staffs retained by a party or its attorneys for purposes of this action, who are agreed upon by the parties pursuant to ¶ 6 below, who are not employees or otherwise affiliated with any of the parties (except persons scheduled

to be deposed by a party pursuant to Fed. R. Civ. P. 30(b)(6)), and who first agree to be bound by the terms of this Protective Order;

      (d)    court reporters employed in connection with this action;

      (e)    outside copying and computer services necessary for document handling, and other litigation support personnel (e.g., graphic designers and animators); and

      (f)    up to four (4) in-house counsel, legal or intellectual property staff members regularly employed by a party or the party's related corporate affiliate and responsible for assisting such party in connection with this action (hereinafter collectively with in-house counsel "In-house Counsel") or other designated employees of a party or the party's related corporate affiliate and responsible for assisting such party in connection with this action, provided that each such individual must first agree to be bound by the terms of this Protective Order.  If the receiving party has less than four (4) In-house Counsel, the receiving party may assign designated employees of the party or employees of the party's related corporate affiliate who are responsible for assisting the receiving party in this action and agree to be bound by the terms of this protective order, who shall be deemed to be In-house Counsel for the purposes of this Protective Order, to have access to CONFIDENTIAL—ATTORNEYS' EYES ONLY documents or information of the Honeywell parties, but not of the non-Honeywell parties, provided that the total number of actual and deemed In-house Counsel allowed access to CONFIDENTIAL—ATTORNEYS' EYES ONLY documents or information is not more than four (4).

      4.2    Absent the consent of the producing party, documents or information designated CONFIDENTIAL—ATTORNEYS' EYES ONLY may be disclosed by the recipient thereof only to those categories of individuals listed in ¶¶ 4.1(a) - 4.1(e) above

subject to the restrictions therein; provided, however, documents or information designated CONFIDENTIAL—ATTORNEYS' EYES ONLY by a non-Honeywell party may be disclosed by the Honeywell parties to their In-house Counsel, and documents or information designated CONFIDENTIAL-ATTORNEY'S EYES ONLY by the Honeywell parties may be disclosed by a non-Honeywell party to its actual and deemed In-house Counsel.

4.3    Absent the consent of the producing party, documents or information designated HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY may be disclosed by the recipient thereof only to those categories of individuals listed in ¶¶ 4.1(a) - 4.1(e) above subject to the restrictions therein.

**5.    Redaction.**

Counsel for a party producing documents may mask ("redact") material deemed exempt from discovery because it is protected from disclosure under the attorney-client privilege or work product immunity afforded by Fed. R. Civ. P. 26(b).  However, any document from which material is masked on this ground must identify in the masked area that masking or redaction has occurred.  The reason for any such masking must be stated on a log to be provided within a reasonable time after the production of the documents.  Sufficient information regarding the masked material must be provided to the other party to enable it to evaluate the legitimacy of the asserted privilege or immunity.  The parties reserve the right to pursue categories for redaction in addition to those identified above, by either consent of the parties or order of the Court, to be addressed on a case-by-case basis.

6.     **Disclosure to Independent Consultants, Translators, Designated Employees, In-House Counsel, and Experts.**

6.1     If any party desires to disclose information designated by a producing party as CONFIDENTIAL, CONFIDENTIAL—ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY to any consultant, expert, or translator pursuant to ¶ 4.1(c) above or to any In-house Counsel or designated employee pursuant to ¶4.1(f), to the extent permitted by ¶ 4.2, it must first identify in writing to the attorneys for the producing party each such consultant, expert, translator, In-house Counsel, or designated employee. The writing shall be a facsimile, an email, or a first class mailing with facsimile or email confirmation. The attorneys for the producing party shall have ten (10) business days from receipt of such facsimile or email to object to disclosure of such information to any of the consultant, expert, translator, In-house Counsel, or designated employee so identified.

6.2     The identification of an expert or consultant shall include the full name and professional address and/or affiliation of the proposed expert or consultant, an up-to-date curriculum vitae, and a listing of at least all other present and prior employments or consultancies of the expert or consultant in the field of LCD display technologies. Additional information shall be provided upon request if available. The identification of an In-house Counsel shall include the full name and professional address of the In-house Counsel, an indication of whether such In-house Counsel performs patent prosecution in his/her employment. The identification of a designated employee shall identify the full name, professional address, position and job description of the designated employee. The identification of a translator shall include the full name, professional address of the proposed translator, and a listing of other present and prior employments in this case. The parties shall

9

attempt to resolve any objections informally. If the objections cannot be resolved, the party

objecting to the disclosure of CONFIDENTIAL, CONFIDENTIAL—ATTORNEYS' EYES

ONLY or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY

information to the expert, consultant, translator, In-house Counsel, or designated employee

may move the Court for an Order proscribing the disclosure. Failure by the objecting party to

move the Court for an Order within fifteen (15) days of its service of the original objection

will be deemed a waiver of its objections. On any motion challenging the disclosure of such

information to an expert, consultant, translator, In-house Counsel, or designated employee,

the burden of proof shall lie with the party objecting to the disclosure to establish that the

information should not be disclosed to the expert, consultant, translator, In-house Counsel, or

designated employee. In the event objections are made and not resolved informally, disclosure

of information to the expert, consultant, translator, In-house Counsel, or designated employee

shall not be made except by the Order of the Court (or to any limited extent upon which the

parties may agree).

### 7.    Agreement Of Confidentiality

In no event shall any information designated CONFIDENTIAL, CONFIDENTIAL—

ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS'

EYES ONLY be disclosed to any person authorized pursuant to ¶ 4 above, other than (a) the

Court and Court personnel, (b) the parties' attorneys identified in ¶ 4.1(a) and their authorized

secretarial and legal assistant staffs, (c) court reporters, and (d) outside copying and computer

services necessary for document handling, until such person has executed a written

Confidentiality Undertaking (in the form set forth in Exhibit A hereto) acknowledging and

agreeing to be bound by the terms of this Protective Order. Copies of such Confidentiality Undertakings shall be promptly served on the producing party.

### 8.    Related Documents.

Information designated CONFIDENTIAL, CONFIDENTIAL—ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY shall include: (a) all documents, copies, extracts, and complete or partial summaries prepared from or containing such information; (b) portions of deposition transcripts and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; (c) portions of briefs, memoranda or any papers filed with the Court and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; (d) deposition testimony designated in accordance with ¶ 9 below; and (e) testimony taken at a hearing or other proceeding that is designated in accordance with ¶ 10 below.

### 9.    Designation of Deposition Transcripts.

9.1    Deposition transcripts, or portions thereof, may be designated as subject to this Protective Order either (a) at the time of such deposition, in which case the transcript of the designated testimony shall be marked by the reporter with the appropriate legend (see ¶ 2 above) as the designating party may direct, or (b) within thirty (30) days following the receipt of the transcript of the deposition by providing written notice to the reporter and all counsel of record, in which case all counsel receiving such notice shall mark the copies or portions of the designated transcript in their possession or under their control as directed by the designating party.

9.2    All deposition transcripts not previously designated shall be deemed to be, and shall be treated as CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY until the

expiration of the period set forth in ¶ 9.1 above, and neither the transcript nor the content of

the testimony shall be disclosed by a non-designating party to persons other than those

persons named or approved according to ¶ 4 above.

       9.3     The designating party shall have the right to exclude from a deposition, before

the taking of testimony which the designating party designates CONFIDENTIAL,

CONFIDENTIAL—ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL—

OUTSIDE ATTORNEYS' EYES ONLY and subject to this Protective Order, all persons

other than those persons previously qualified to receive such information pursuant to ¶ 4

above.

### 10.    Designation of Hearing Testimony or Argument.

      With respect to testimony elicited during hearings and other proceedings, whenever

counsel for any party deems that any question or line of questioning calls for the disclosure of

CONFIDENTIAL, CONFIDENTIAL—ATTORNEYS' EYES ONLY or HIGHLY

CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY information, counsel may

designate on the record at any time during the hearing that the disclosure is subject to

confidentiality restrictions.  Whenever matter designated CONFIDENTIAL,

CONFIDENTIAL—ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL—OUTSIDE

ATTORNEYS' EYES ONLY is to be discussed in a hearing or other proceeding, any party

claiming such confidentiality may ask the Court to have excluded from the hearing or other

proceeding any person who is not entitled under this Order to receive information so designated.

### 11.    Disclosure To Author Or Recipient.

      Notwithstanding any other provisions of this Order, nothing herein shall prohibit counsel

or a party from disclosing a document containing information designated CONFIDENTIAL,

CONFIDENTIAL—ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL—OUTSIDE

ATTORNEYS' EYES ONLY to any person which the document clearly identifies as an author,

addressee, or carbon copy recipient of such document, or to any current employee of the

producing party who by their testimony indicates that they have access to the type of information

sought to be disclosed. During deposition or trial testimony, counsel may disclose documents

produced by a party to current employees and officers of the producing party who by their

testimony indicates that they have access to the type of information sought to be disclosed.

Regardless of confidentiality designations made pursuant to this Protective Order, if a document

or testimony makes reference to the actual or alleged conduct or statements of a person who is a

potential witnesses, counsel may discuss such conduct or statements with such witness without

revealing any portion of the document or testimony other than that which specifically refers to

such conduct or statement, and such discussion shall not constitute disclosure in violation of this

Protective Order.

## 12.    Designation of Documents Under Seal.

Any information designated CONFIDENTIAL, CONFIDENTIAL—ATTORNEYS'

EYES ONLY or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY, if

filed with the Court, shall be filed under seal and shall be made available only to the Court and to

persons authorized by the terms of this Protective Order. A party filing any paper which reflects,

contains or includes any CONFIDENTIAL, CONFIDENTIAL—ATTORNEYS' EYES ONLY

or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY information subject

to this Protective Order shall file such paper in a sealed envelope, or other appropriately sealed

container, which indicates the title of the action, the party filing the materials, the nature of the

materials filed, the appropriate legend (see ¶ 2 above), and a statement substantially in the following form:

> **This envelope contains documents subject to a Protective Order of the Court. It should be opened only by the Court. Its contents should not be disclosed, revealed, or made public except by Order of the Court or written agreement of the parties.**

**13.    Confidentiality Of A Party's Own Documents.**

No person may disclose, in public or private, any designated information of another party except as provided for in this Protective Order, but nothing herein shall affect the right of the designating party to disclose to its own officers, directors, employees, attorneys, consultants or experts, or to any other person, its own information.  Such disclosure shall not waive the protections of this Protective Order and shall not entitle other parties or their attorneys to disclose such information in violation of it, unless by such disclosure of the designating party the information becomes public knowledge (see ¶ 16 below).  Similarly, the Protective Order shall not preclude a party from showing its own information to its own officers, directors, employees, attorneys, consultants or experts, or to any other person, which information has been filed under seal by the opposing party.

**14.    Other Protections.**

14.1    No person shall use any CONFIDENTIAL, CONFIDENTIAL—ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY information, or information derived therefrom, for purposes other than the prosecution or defense of this action, including without limitation, for purposes of preparing, filing or prosecuting any patent application, continuation or divisional patent application, reissue patent application, or request for re-examination.

14

14.2    Any party may mark any document or thing containing CONFIDENTIAL,

CONFIDENTIAL—ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL—

OUTSIDE ATTORNEYS' EYES ONLY information as an exhibit to a deposition, hearing,

or other proceeding and examine any witness thereon qualified under the terms of this

Protective Order to have access to such designated material.  Any respective portion of a

transcript of the deposition, hearing, or other proceeding discussing the exhibit shall have the

same confidentiality designation as the exhibit.  No separate notice is needed regarding the

respective portion unless otherwise agreed upon at the deposition, hearing, or other

proceeding.

### 15.    Challenge To Confidentiality.

15.1    This Protective Order shall not preclude any party from seeking and obtaining,

on an appropriate showing, such additional protection with respect to the confidentiality of

documents or other discovery materials as that party may consider appropriate. Nor shall any

party be precluded from: (a) claiming that any matter designated hereunder is not entitled to

the protections of the Protective Order; (b) applying to the Court for an Order permitting the

disclosure of use of information or documents otherwise prohibited by this Protective Order;

or (c) applying for a further Order modifying this Protective Order in any respect.  No party

shall be obligated to challenge the propriety of any designation, and failure to do so shall not

preclude a subsequent challenge to the propriety of such designation.

15.2    On any motion challenging the designation of any information, the burden of

proof shall lie with the producing party to establish that the information is, in fact,

CONFIDENTIAL, CONFIDENTIAL—ATTORNEYS' EYES ONLY or HIGHLY

CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY information.  If a party seeks

declassification or removal of particular items from a designation on the ground that such

designation is not necessary to protect the interests of the party wishing the designated

information, the following procedure shall be utilized:

        a.      the party seeking such declassification or removal shall give counsel of

record for the other party written notice thereof specifying the designated information as to

which such removal is sought and the reasons for the request; and

        b.      if, after conferring, the parties cannot reach agreement concerning the

matter, then the party requesting the declassification or removal of particular items may file and

serve a motion for a further Order of this Court directing that the designation shall be so

removed.

### 16.    Prior Or Public Knowledge

This Protective Order shall not apply to information that, prior to disclosure, is public

knowledge, and the restrictions contained in this Protective Order shall not apply to information

that is, or after disclosure becomes, public knowledge other than by an act or omission of the

party to whom such disclosure is made, or that is legitimately and independently acquired from a

source not subject to this Protective Order.

### 17.    Limitation Of Protective Order.

This Protective Order is not intended to address discovery objections to produce, answer,

or respond on the grounds of attorney-client privilege or work product doctrine, or to preclude

any party from seeking further relief or protective orders from the Court as may be appropriate

under the Federal Rules of Civil Procedure or other applicable rule.

18.    **Other Proceedings.**

By entering this Protective Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this Order who may be subject to a motion to disclose another party's CONFIDENTIAL, CONFIDENTIAL—ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY information pursuant to this Order shall promptly notify that party of the motion so that it may have an opportunity to appear and be heard on whether such information should be disclosed.

19.    **Inadvertent Disclosure Of Work Product Or Privileged Information: Procedure And Waiver.**

19.1    If the producing party at any time notified the non-producing party in writing that it has inadvertently produced documents and/or things that are protected from disclosure under attorney-client privilege, work-product immunity, and/or any other applicable privilege or immunity from disclosure, the non-producing party shall return or destroy all physical and electronic copies of such documents and/or things to the producing party within five (5) business days of receipt of such notice and shall not further disclose or use such items, or information learned exclusively therefrom, for any purpose until further order of the Court. Upon being notified by the producing party pursuant to this section, counsel for the non-producing party shall use his or her best efforts to retrieve all copies of the documents or things at issue.

19.2    The return of any discovery item to the producing party shall not in any way preclude the non-producing party from moving the Court for a ruling that: (a) the document or

thing was never privileged or otherwise immune from disclosure; and/or (b) that any applicable privilege or immunity has been waived.

19.3    Inadvertent or unintentional disclosure of information subject to any privilege or immunity during the course of this litigation without proper designation shall not be deemed a waiver of a claim that disclosed information is in fact subject to a privilege or immunity if so designated within ten (10) business days after the producing party actually learns of the inadvertent or unintentional disclosure.

**20.    Non-Party Material.**

The terms of this Protective Order, as well as the terms of any protective order that may be entered into between a discovering party and third party for the production of information to the discovering party, are applicable to CONFIDENTIAL, CONFIDENTIAL—ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY information provided by a non-party. Information provided by a non-party in connection with this action and designated CONFIDENTIAL, CONFIDENTIAL—ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY pursuant to the terms of this Protective Order shall be protected by the remedies and relief provided by this Protective Order.

**21.    Return Of Designated Information.**

Within thirty (30) days of final termination of this action, unless otherwise agreed to in writing by an attorney of record for the designating party, each party shall assemble and return, or certify destruction of, all materials including both physical and electronic copies containing information designated CONFIDENTIAL, CONFIDENTIAL—ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY, including all copies,

extracts and summaries thereof, to the party from whom the designated material was obtained, except that (a) any documents or copies which contain, constitute, or reflect attorney's work product or attorney-client privilege communications, and (b) archive copies of pleadings, motion papers, deposition transcripts, correspondence, and written discovery responses may be retained by counsel.

### 22.    Waiver Or Termination Of Order.

No part of the restrictions imposed by this Protective Order may be waived or terminated, except by written stipulation executed by counsel of record for each designating party, or by an Order of the Court. The restrictions provided for herein shall not terminate upon the conclusion of this action, but shall continue until further Order of the Court.

### 23.    Modification Of Order; Prior Agreements.

This Protective Order may be modified, and any matter related to it may be resolved, by written stipulation of the parties without further Order of the Court. To the extent the terms of this Protective Order conflict with Local Rule 26.2 or with any agreements between the parties regarding the confidentiality of particular documents or information entered into before the date of this Protective Order, the terms of this Protective Order shall govern, except as to those documents and information produced or disclosed prior to the entry of this Protective Order, which documents and information shall continue to be governed by the terms of such prior agreements or by the provisions of Local Rule 26.2, as applicable.

Dated this _____ day of September 2006.

MORRIS, NICHOLS, ARSHT & TUNNELL          FISH & RICHARDSON P.C.


By: /s/ Thomas C. Grimm                   By: /s/ Thomas L. Halkowski
    Thomas C. Grimm                           Thomas L. Halkowski
    Leslie A. Polizoti                        919 N. Market Street
    1201 N. Market Street                     Suite 1100
    P.O. Box 1347                             P.O. Box 1114
    Wilmington, DE 19899-1347                 Wilmington, DE 19899-1114
    (302) 658-9200                            (302) 652-5070
    tgrimm@mnat.com                           halkowski@fr.com
    lpolizoti@mnat.com

*Attorneys for Plaintiffs Honeywell*          *Attorneys for Casio Computer Co., Ltd.*
*International Inc. and Honeywell Intellectual*
*Properties, Inc. in C.A. Nos. 04-1338 and 04-*
*1536*

YOUNG CONAWAY STARGATT &                  RICHARDS LAYTON & FINGER
TAYLOR LLP


                                          By: /s/ William J. Wade
By: /s/ John W. Shaw                          William J. Wade
    John W. Shaw                              One Rodney Square
    Monte T. Squire                           P. O. Box 551
    1000 West Street, 17th Floor              Wilmington, DE 19899
    Wilmington, DE 19899                      (302) 651-7700
    (302) 571-6600                            wade@rlf.com
    jshaw@ycst.com
    msquire@ycst.com                      *Attorneys for Arima Display Corporation*

*Attorneys for Sony Corporation, Sony*
*Corporation of America, ST Liquid Crystal*
*Display and Quanta Display Inc.*

YOUNG CONAWAY STARGATT &
TAYLOR LLP

By: /s/ Karen L. Pascale
      Karen L. Pascale
      The Brandywine Bldg.
      1000 West Street, 17th Floor
      Wilmington, DE  19899
      (302) 571-6600
      kpascale@ycst.com

*Attorneys for Optrex America, Inc.*

POTTER ANDERSON & CORROON LLP

By: /s/ Richard L. Horwitz
      Richard L. Horwitz
      David E. Moore
      Hercules Plaza
      P.O. Box 951
      Wilmington, DE  19899
      (302) 984-6000
      rhorwitz@potteranderson.com
      dmoore@potteranderson.com

*Attorneys for BOE Hydis Technology Co., Ltd.,
Hitachi Displays, Ltd., Toppoly
Optoelectronics Corp., Koninklijke Philips
Electronics NV, Philips Electronics North
America Corp., Philips Consumer Electronics
North America, Wintek Corp., Wintek Electro-
Optics Corporation, Samsung SDI America,
Inc. and Samsung SDI Co., Ltd.*

POTTER ANDERSON & CORROON LLP

By: /s/ Philip A. Rovner
      Philip A. Rovner
      Hercules Plaza
      P. O. Box 951
      Wilmington, DE  19899
      (302) 984-6000
      provner@potteranderson.com

*Attorneys for Fuji Photo Film Co., Ltd. and
Fuji Photo Film U.S.A., Inc.*

BOUCHARD MARGULES &
FRIEDLANDER, P.A.

By: /s/ David Margules
      David Margules
      John M. Seaman
      222 Delaware Avenue, Suite 1400
      Wilmington, DE  19801
      (302) 573-3500
      dmargules@bmf-law.com
      jseaman@bmf-law.com

*Attorneys for Citizen Watch Co., Ltd. and
Citizen Displays Co., Ltd.*

SMITH KATZENSTEIN & FURLOW LLP

DUANE MORRIS LLP


By:  /s/ Robert J. Katzenstein
      Robert J. Katzenstein
      Robert Karl Beste, III
      800 Delaware Avenue, 7th Floor
      P. O. Box 410
      Wilmington, DE  19899
      (302) 652-8400
      rkatzenstein@skfdelaware.com
      rkb@skfdelaware.com

By:  /s/ Gary William Lipkin
      Gary William Lipkin
      1100 N. Market Street
      Suite 1200
      Wilmington, DE  19801
      (302) 657-4903
      gwlipkin@duanemorris.com

*Attorneys for Seiko Epson Corporation and
Sanyo Epson Imaging Devices*

*Attorneys for Innolux Display Corporation*

ASHBY & GEDDES


By: /s/ Steven J. Balick
      Steven J. Balick
      John G. Day
      222 Delaware Avenue
      P. O. Box 1150
      Wilmington, DE  19899
      (302) 654-1888
      sbalick@ashby-geddes.com
      jday@ashby-geddes.com

*Attorneys for Honeywell International Inc.
and Honeywell Intellectual Properties, Inc. in
C.A. 04-1337*


SO ORDERED:


Dated: _Sept. 19, 2006_

United States District Court Judge

## EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| HONEYWELL INTERNATIONAL INC.; and HONEYWELL INTELLECTUAL PROPERTIES INC.; | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 04-1338 KAJ (Consolidated) |
| v. | ) ) | |
| APPLE COMPUTER, INC., et al. | ) ) | |
| Defendants. | ) ) | |

## CONFIDENTIALITY UNDERTAKING

I certify that I have read the Stipulated Protective Order entered in the above-referenced action and that I fully understand the terms of that Order. By signing below, I recognize that I am bound by the terms of that Order, and I agree to comply with those terms in all respects. I hereby consent to the personal jurisdiction of the United States District Court, District of Delaware, for any proceedings involving the enforcement of that Order, and I waive any venue objection with respect to any such proceedings.

Executed this _____ day of _____, 200_.

_____
Name

_____
Affiliation

_____
Business Address

722501