## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

HONEYWELL INTERNATIONAL INC.   )
and HONEYWELL INTELLECTUAL   )
PROPERTIES INC.,   )
               Plaintiffs,   )
   )
     v.   )    C.A. No. 04-1338-KAJ
   )
APPLE COMPUTER INC., et al,   )
   )    **DEMAND FOR JURY TRIAL**
              Defendants.   )

### ANSWER OF DEFENDANT ARIMA DISPLAY CORPORATION
### TO PLAINTIFFS' FIRST AMENDED COMPLAINT

For its Answer to the *First Amended Complaint* of Plaintiffs Honeywell International, Inc. and Honeywell Intellectual Properties Inc. ("Plaintiffs"), defendant Arima Display Corporation ("Arima Display"), hereby demands a trial by jury on all issues so triable, and upon knowledge as to its own acts and upon information and belief as to the acts of others, responds to each of the numbered paragraphs thereof as follows:

### NATURE OF ACTION

1.    Answering to the averments set forth in paragraph 1 of the *First Amended Complaint,* Arima Display admits that Plaintiffs allege an action for willful infringement. Arima Display denies that it has infringed, willfully or otherwise, any valid and/or enforceable claim of U.S. Patent No. 5,280,371 (the "'371 patent).

### THE PARTIES

2.    Arima Display is without knowledge or sufficient information to form a belief as to the truth of the averments of paragraph 2 of the *First Amended Complaint,* and therefore, denies them.

3.    Arima Display is without knowledge or sufficient information to form a belief as to the truth of the averments of paragraph 3 of the *First Amended Complaint*, and therefore, denies them.

4.    Arima Display is without knowledge or sufficient information to form a belief as to the truth of the averments of paragraph 4 of the *First Amended Complaint*, and therefore, denies them.

5.    Arima Display is without knowledge or sufficient information to form a belief as to the truth of the averments of paragraph 5 of the *First Amended Complaint*, and therefore, denies them.

6.    Arima Display is without knowledge or sufficient information to form a belief as to the truth of the averments of paragraph 6 of the *First Amended Complaint*, and therefore, denies them.

7.    Arima Display admits the averments of paragraph 7 of the *First Amended Complaint*.

8.    Arima Display is without knowledge or sufficient information to form a belief as to the truth of the averments of paragraph 8 of the *First Amended Complaint*, and therefore, denies them.

9.    Arima Display is without knowledge or sufficient information to form a belief as to the truth of the averments of paragraph 9 of the *First Amended Complaint*, and therefore, denies them.

10.    Arima Display is without knowledge or sufficient information to form a belief as to the truth of the averments of paragraph 10 of the *First Amended Complaint*, and therefore, denies them.

11.    Arima Display is without knowledge or sufficient information to form a belief as to the truth of the averments of paragraph 11 of the *First Amended Complaint*, and therefore, denies them.

12.    Arima Display is without knowledge or sufficient information to form a belief as to the truth of the averments of paragraph 12 of the *First Amended Complaint*, and therefore, denies them.

13.    Arima Display is without knowledge or sufficient information to form a belief as to the truth of the averments of paragraph 13 of the *First Amended Complaint*, and therefore, denies them.

14.    Arima Display is without knowledge or sufficient information to form a belief as to the truth of the averments of paragraph 14 of the *First Amended Complaint*, and therefore, denies them.

15.    Arima Display is without knowledge or sufficient information to form a belief as to the truth of the averments of paragraph 15 of the *First Amended Complaint*, and therefore, denies them.

16.    Arima Display is without knowledge or sufficient information to form a belief as to the truth of the averments of paragraph 16 of the *First Amended Complaint*, and therefore, denies them.

17.    Arima Display is without knowledge or sufficient information to form a belief as to the truth of the averments of paragraph 17 of the *First Amended Complaint*, and therefore, denies them.

RLF1-3061745-1

18.     Arima Display is without knowledge or sufficient information to form a belief as to the truth of the averments of paragraph 18 of the *First Amended Complaint*, and therefore, denies them.

19.     Arima Display is without knowledge or sufficient information to form a belief as to the truth of the averments of paragraph 19 of the *First Amended Complaint*, and therefore, denies them.

20.     Arima Display is without knowledge or sufficient information to form a belief as to the truth of the averments of paragraph 20 of the *First Amended Complaint*, and therefore, denies them.

21.     Arima Display is without knowledge or sufficient information to form a belief as to the truth of the averments of paragraph 21 of the *First Amended Complaint*, and therefore, denies them.

22.     Arima Display is without knowledge or sufficient information to form a belief as to the truth of the averments of paragraph 22 of the *First Amended Complaint*, and therefore, denies them.

23.     Arima Display is without knowledge or sufficient information to form a belief as to the truth of the averments of paragraph 23 of the *First Amended Complaint*, and therefore, denies them.

24.     Arima Display is without knowledge or sufficient information to form a belief as to the truth of the averments of paragraph 24 of the *First Amended Complaint*, and therefore, denies them.

25.    Arima Display is without knowledge or sufficient information to form a belief as to the truth of the averments of paragraph 25 of the *First Amended Complaint*, and therefore, denies them.

26.    Arima Display is without knowledge or sufficient information to form a belief as to the truth of the averments of paragraph 26 of the *First Amended Complaint*, and therefore, denies them.

27.    Arima Display is without knowledge or sufficient information to form a belief as to the truth of the averments of paragraph 27 of the *First Amended Complaint*, and therefore, denies them.

28.    Arima Display is without knowledge or sufficient information to form a belief as to the truth of the averments of paragraph 28 of the *First Amended Complaint*, and therefore, denies them.

29.    Arima Display is without knowledge or sufficient information to form a belief as to the truth of the averments of paragraph 29 of the *First Amended Complaint*, and therefore, denies them.

30.    Arima Display is without knowledge or sufficient information to form a belief as to the truth of the averments of paragraph 30 of the *First Amended Complaint*, and therefore, denies them.

31.    Arima Display is without knowledge or sufficient information to form a belief as to the truth of the averments of paragraph 31 of the *First Amended Complaint*, and therefore, denies them.

32.    Arima Display is without knowledge or sufficient information to form a belief as to the truth of the averments of paragraph 32 of the *First Amended Complaint*, and therefore, denies them.

33.    Arima Display is without knowledge or sufficient information to form a belief as to the truth of the averments of paragraph 33 of the *First Amended Complaint*, and therefore, denies them.

34.    Arima Display is without knowledge or sufficient information to form a belief as to the truth of the averments of paragraph 34 of the *First Amended Complaint*, and therefore, denies them.

35.    Arima Display is without knowledge or sufficient information to form a belief as to the truth of the averments of paragraph 35 of the *First Amended Complaint*, and therefore, denies them.

36.    Arima Display is without knowledge or sufficient information to form a belief as to the truth of the averments of paragraph 36 of the *First Amended Complaint*, and therefore, denies them.

37.    Arima Display is without knowledge or sufficient information to form a belief as to the truth of the averments of paragraph 37 of the *First Amended Complaint*, and therefore, denies them.

38.    Arima Display is without knowledge or sufficient information to form a belief as to the truth of the averments of paragraph 38 of the *First Amended Complaint*, and therefore, denies them.

RLF1-3061745-1

39.    Arima Display is without knowledge or sufficient information to form a belief as to the truth of the averments of paragraph 39 of the *First Amended Complaint*, and therefore, denies them.

40.    Arima Display is without knowledge or sufficient information to form a belief as to the truth of the averments of paragraph 40 of the *First Amended Complaint*, and therefore, denies them.

41.    Arima Display is without knowledge or sufficient information to form a belief as to the truth of the averments of paragraph 41 of the *First Amended Complaint*, and therefore, denies them.

42.    Arima Display is without knowledge or sufficient information to form a belief as to the truth of the averments of paragraph 42 of the *First Amended Complaint*, and therefore, denies them.

43.    Arima Display is without knowledge or sufficient information to form a belief as to the truth of the averments of paragraph 43 of the *First Amended Complaint*, and therefore, denies them.

44.    Arima Display is without knowledge or sufficient information to form a belief as to the truth of the averments of paragraph 44 of the *First Amended Complaint*, and therefore, denies them.

45.    Arima Display without knowledge or sufficient information to form a belief as to the truth of the averments of paragraph 45 of the *First Amended Complaint*, and therefore, denies them.

46.    Arima Display is without knowledge or sufficient information to form a belief as to the truth of the averments of paragraph 46 of the *First Amended Complaint*, and therefore, denies them.

47.    Arima Display is without knowledge or sufficient information to form a belief as to the truth of the averments of paragraph 47 of the *First Amended Complaint*, and therefore, denies them.

48.    Arima Display is without knowledge or sufficient information to form a belief as to the truth of the averments of paragraph 48 of the *First Amended Complaint*, and therefore, denies them.

49.    Arima Display is without knowledge or sufficient information to form a belief as to the truth of the averments of paragraph 49 of the *First Amended Complaint*, and therefore, denies them.

50.    Arima Display is without knowledge or sufficient information to form a belief as to the truth of the averments of paragraph 50 of the *First Amended Complaint*, and therefore, denies them.

51.    Arima Display is without knowledge or sufficient information to form a belief as to the truth of the averments of paragraph 51 of the *First Amended Complaint*, and therefore, denies them.

52.    Arima Display is without knowledge or sufficient information to form a belief as to the truth of the averments of paragraph 52 of the *First Amended Complaint*, and therefore, denies them.

53.    Arima Display is without knowledge or sufficient information to form a belief as to the truth of the averments of paragraph 53 of the *First Amended Complaint*, and therefore, denies them.

54.    Arima Display is without knowledge or sufficient information to form a belief as to the truth of the averments of paragraph 54 of the *First Amended Complaint*, and therefore, denies them.

55.    Arima Display is without knowledge or sufficient information to form a belief as to the truth of the averments of paragraph 55 of the *First Amended Complaint*, and therefore, denies them.

56.    Arima Display is without knowledge or sufficient information to form a belief as to the truth of the averments of paragraph 56 of the *First Amended Complaint*, and therefore, denies them.

57.    Arima Display is without knowledge or sufficient information to form a belief as to the truth of the averments of paragraph 57 of the *First Amended Complaint*, and therefore, denies them.

58.    Arima Display is without knowledge or sufficient information to form a belief as to the truth of the averments of paragraph 58 of the *First Amended Complaint*, and therefore, denies them.

59.    Arima Display is without knowledge or sufficient information to form a belief as to the truth of the averments of paragraph 59 of the *First Amended Complaint*, and therefore, denies them.

9

60.    Arima Display is without knowledge or sufficient information to form a belief as to the truth of the averments of paragraph 60 of the *First Amended Complaint*, and therefore, denies them.

## JURISDICTION AND VENUE

61.    Answering the averments set forth in paragraph 61 of the *First Amended Complaint*, Arima Display admits that this Court has subject matter jurisdiction over actions under the patent laws of the United States based on 28 U.S.C. § 1338(a).

62.    Arima Display denies that it has committed any acts of patent infringement in this judicial district. Arima Display further denies the remaining averments contained in paragraph 62 of the *First Amended Complaint* to the extent such averments are directed at Arima Display. For any averments directed at defendants other than Arima Display, Arima Display is without knowledge or information sufficient to form a belief as to the truth of those averments and, therefore, denies them.

63.    Answering the averments set forth in paragraph 63 of the *First Amended Complaint*, Arima Display admits that venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).

## BACKGROUND TO THE ACTION

64.    Arima Display is without knowledge or sufficient information to form a belief as to the truth of the averments of paragraph 64 of the *First Amended Complaint*, and therefore, denies them.

65.    Answering the averments set forth in paragraph 65 of the *First Amended Complaint*, Arima Display admits that what appears to be a copy of United States Patent No. 5,280,371 patent (the "'371 patent") was attached to the *First Amended Complaint* as Exhibit 1. As to the remaining averments of this paragraph, Arima Display is without

10

knowledge or information sufficient to form a belief as to the truth of these averments and, therefore, denies them.

66.    Arima Display is without knowledge or sufficient information to form a belief as to the truth of the averments of paragraph 66 of the *First Amended Complaint*, and therefore, denies them.

## ACTS GIVING RISE TO THE ACTION

67.    Arima Display is without knowledge or sufficient information to form a belief as to the truth of the averments of paragraph 67 of the *First Amended Complaint*, and therefore, denies them.

68.    Arima Display is without knowledge or sufficient information to form a belief as to the truth of the averments of paragraph 68 of the *First Amended Complaint*, and therefore, denies them.

69.    Arima Display is without knowledge or sufficient information to form a belief as to the truth of the averments of paragraph 69 of the *First Amended Complaint*, and therefore, denies them.

70.    Arima Display denies the averments of paragraph 70 of the *First Amended Complaint.*

71.    Arima Display is without knowledge or sufficient information to form a belief as to the truth of the averments of paragraph 71 of the *First Amended Complaint*, and therefore, denies them.

72.    Arima Display is without knowledge or sufficient information to form a belief as to the truth of the averments of paragraph 72 of the *First Amended Complaint*, and therefore, denies them.

11

73.    Arima Display is without knowledge or sufficient information to form a belief as to the truth of the averments of paragraph 73 of the *First Amended Complaint*, and therefore, denies them.

74.    Arima Display is without knowledge or sufficient information to form a belief as to the truth of the averments of paragraph 74 of the *First Amended Complaint*, and therefore, denies them.

75.    Arima Display is without knowledge or sufficient information to form a belief as to the truth of the averments of paragraph 75 of the *First Amended Complaint*, and therefore, denies them.

76.    Arima Display is without knowledge or sufficient information to form a belief as to the truth of the averments of paragraph 76 of the *First Amended Complaint*, and therefore, denies them.

77.    Arima Display is without knowledge or sufficient information to form a belief as to the truth of the averments of paragraph 77 of the *First Amended Complaint*, and therefore, denies them.

78.    Arima Display is without knowledge or sufficient information to form a belief as to the truth of the averments of paragraph 78 of the *First Amended Complaint*, and therefore, denies them.

79.    Arima Display is without knowledge or sufficient information to form a belief as to the truth of the averments of paragraph 79 of the *First Amended Complaint*, and therefore, denies them.

RLF1-3061745-1

80.    Arima Display is without knowledge or sufficient information to form a belief as to the truth of the averments of paragraph 80 of the *First Amended Complaint*, and therefore, denies them.

81.    Arima Display is without knowledge or sufficient information to form a belief as to the truth of the averments of paragraph 81 of the *First Amended Complaint*, and therefore, denies them.

82.    Arima Display is without knowledge or sufficient information to form a belief as to the truth of the averments of paragraph 82 of the *First Amended Complaint*, and therefore, denies them.

83.    Arima Display is without knowledge or sufficient information to form a belief as to the truth of the averments of paragraph 83 of the *First Amended Complaint*, and therefore, denies them.

84.    Arima Display is without knowledge or sufficient information to form a belief as to the truth of the averments of paragraph 84 of the *First Amended Complaint*, and therefore, denies them.

85.    Arima Display is without knowledge or sufficient information to form a belief as to the truth of the averments of paragraph 85 of the *First Amended Complaint*, and therefore, denies them.

86.    Arima Display is without knowledge or sufficient information to form a belief as to the truth of the averments of paragraph 86 of the *First Amended Complaint*, and therefore, denies them.

87.    Arima Display is without knowledge or sufficient information to form a belief as to the truth of the averments of paragraph 87 of the *First Amended Complaint*, and therefore, denies them.

88.    Arima Display is without knowledge or sufficient information to form a belief as to the truth of the averments of paragraph 88 of the *First Amended Complaint*, and therefore, denies them.

89.    Arima Display is without knowledge or sufficient information to form a belief as to the truth of the averments of paragraph 89 of the *First Amended Complaint*, and therefore, denies them.

90.    Arima Display is without knowledge or sufficient information to form a belief as to the truth of the averments of paragraph 90 of the *First Amended Complaint*, and therefore, denies them.

91.    Arima Display is without knowledge or sufficient information to form a belief as to the truth of the averments of paragraph 91 of the *First Amended Complaint*, and therefore, denies them.

92.    Arima Display is without knowledge or sufficient information to form a belief as to the truth of the averments of paragraph 92 of the *First Amended Complaint*, and therefore, denies them.

93.    Arima Display is without knowledge or sufficient information to form a belief as to the truth of the averments of paragraph 93 of the *First Amended Complaint*, and therefore, denies them.

RLF1-3061745-1

94.    Arima Display is without knowledge or sufficient information to form a belief as to the truth of the averments of paragraph 94 of the *First Amended Complaint*, and therefore, denies them.

95.    Arima Display is without knowledge or sufficient information to form a belief as to the truth of the averments of paragraph 95 of the *First Amended Complaint*, and therefore, denies them.

96.    Arima Display is without knowledge or sufficient information to form a belief as to the truth of the averments of paragraph 96 of the *First Amended Complaint*, and therefore, denies them.

97.    Arima Display is without knowledge or sufficient information to form a belief as to the truth of the averments of paragraph 97 of the *First Amended Complaint*, and therefore, denies them.

98.    Arima Display is without knowledge or sufficient information to form a belief as to the truth of the averments of paragraph 98 of the *First Amended Complaint*, and therefore, denies them.

99.    Arima Display is without knowledge or sufficient information to form a belief as to the truth of the averments of paragraph 99 of the *First Amended Complaint*, and therefore, denies them.

100.    Arima Display denies the averments of paragraph 100 of the *First Amended Complaint* to the extent such averments are directed at Arima Display. For any averments directed at defendants other than Arima Display, Arima Display is without knowledge or information sufficient to form a belief as to the truth of those averments and, therefore, denies them.

101.    Arima Display denies the averments of paragraph 101 of the *First Amended Complaint* to the extent such averments are directed at Arima Display. For any averments directed at defendants other than Arima Display, Arima Display is without knowledge or information sufficient to form a belief as to the truth of those averments and, therefore, denies them.

## AFFIRMATIVE DEFENSES

Arima Display has not completed its investigation of defenses available to Arima Display, and therefore reserves the right to amend its Answer as its investigation continues. Further answering the *First Amended Complaint*, Arima Display asserts the following defenses:

### FIRST AFFIRMATIVE DEFENSE (NON-INFRINGEMENT)

102.    Arima Display incorporates and realleges each and every allegation contained in paragraphs 1-101 of its Answer to the *First Amended Complaint* as if fully set forth herein.

103.    Arima Display has not infringed and does not infringe (either directly, contributorily or by inducement) any valid and enforceable claim of the '371 patent.

### SECOND AFFIRMATIVE DEFENSE (INVALIDITY)

104.    Arima Display incorporates and realleges each and every allegation contained in paragraphs 1-103 of its Answer to the *First Amended Complaint* as if fully set forth herein.

105.    Each claim of the '371 patent is invalid because it fails to comply with one or more of the requirements of the patent laws of Title 35, United States Code, including, but not limited to, §§ 102, 103, and 112.

## THIRD AFFIRMATIVE DEFENSE (FAILURE TO MARK)

106.    Arima Display incorporates and realleges each and every allegation contained in paragraphs 1-105 of its Answer to the *First Amended Complaint* as if fully set forth herein.

107.    On information and belief, neither Plaintiffs nor their licensees have marked their products in accordance with 35 U.S.C. § 287 and, accordingly, Plaintiffs' damage claim is limited in accordance with that statute.

## FOURTH AFFIRMATIVE DEFENSE (UNENFORCEABLITY)

108.    Arima Display incorporates and realleges each and every allegation contained in paragraphs 1-107 of its Answer to the *First Amended Complaint* as if fully set forth herein.

109.    On information and belief, the '371 patent is unenforceable because the applicants, and/or individuals acting on behalf of the applicants, deliberately and knowingly withheld, omitted, and/or misrepresented material information in connection with the prosecution of the application which matured into the '371 patent in violation of the duty of candor to the United States Patent and Trademark Office ("PTO") as prescribed by 37 C.F.R. § 1.56. The reasons presently known to Arima Display that support its belief that the '371 patent is unenforceable are set forth in paragraphs 110-117, *infra*.

110.    The '371 patent is listed as issuing from U.S. Patent Application Ser. No. 911,547 which was filed on July 9, 1992 (the "'547 application"). Richard I. McCartney, Jr., Daniel D. Syroid and Karen E. Jachimowicz are applicants listed on the face of the '547 application. On information and belief, at the time the application was filed, the applicants were each employed by Honeywell.

111.    On or before 1989, H. Noda T. Muraji Y. Gohara, Y. Miki, K. Tsuda, I. Kikuchi, C. Kawasaki, T. Murao and Y. Miyatake published an article in Japan Display entitled "High Definition Liquid Crystal Projection TV" (the "Noda Article"). The Noda Article discusses, *inter alia,* moiré interference in rear projection systems. The Noda Article was published more than one year prior to the filing date of the '547 and was material to the patentability of the '547 application.

112.    On or about October 12, 1992, Mr. Syroid and Mr. McCartney (alleged co-inventors of the '371 patent) published an article entitled "Directional Diffuser Lens Array for Backlit LCDs" (the "Syroid-McCartney Article"). The Syroid-McCartney Article discusses, *inter alia,* moiré interference in direct view systems. In the Syroid-McCartney Article, the authors cite to the Noda Article (which uses a rear projection system) for a method of reducing moiré in a direct view system.

113.    Notwithstanding the foregoing, neither the applicants nor any individual acting on behalf of the applicants or the assignee informed the PTO of the Noda Article.

114.    Based on the foregoing, on information and belief, one or more of the applicants and/or individuals acting on behalf of the applicants or the assignee knew of the Noda Article, but they deliberately and knowingly withheld this material reference from the PTO during prosecution of the '547 application.

115.    On information and belief, in response to and to overcome a rejection by the patent examiner during prosecution of the '547 application, the applicants and/or individuals acting on behalf of the applicants argued that there would be no suggestion to combine the teachings from the field of projection systems with the teachings from the

field of direct view systems and, therefore, the examiner should not rely on prior art from the field of projection systems.

116.    Notwithstanding the foregoing, neither the applicants nor any individual acting on behalf of the applicants or the assignee informed the PTO of the Syroid-McCartney Article or of the applicants' comments contained therein concerning the applicability of the teachings from the field of projection systems to the field of direct view systems or to the direct view apparatus disclosed and claimed in the '547 application.

117.    Based on the foregoing, on information and belief, one or more of the applicants and/or individuals acting on behalf of the applicants or the assignee knew of the Syroid-McCartney Article, but they deliberately and knowingly withheld this material reference from the PTO during prosecution of the '547 application.

## FIFTH AFFIRMATIVE DEFENSE (LACHES/EQUITABLE ESTOPPEL)

118.    Arima Display incorporates and realleges each and every allegation contained in paragraphs 1-117 of its Answer to the *First Amended Complaint* as if fully set forth herein.

119.    Plaintiffs' claims for infringement of the '371 patent are barred, in whole or in part, by the doctrines of laches and/or equitable estoppel.

## SIXTH AFFIRMATIVE DEFENSE (LACK OF STANDING)

120.    Arima Display incorporates and realleges each and every allegation contained in paragraphs 1-119 of its Answer to the *First Amended Complaint* as if fully set forth herein.

RLF1-3061745-1

121.    Neither of Plaintiffs Honeywell International Inc. nor Honeywell Intellectual Properties Inc. are the record owners of the '371 patent so that, on information and belief, neither has standing to bring this lawsuit.

**SEVENTH AFFIRMATIVE DEFENSE (PROSECUTION HISTORY ESTOPPEL)**

122.    Arima Display incorporates and realleges each and every allegation contained in paragraphs 1-121 of its Answer to the *First Amended Complaint* as if fully set forth herein.

123.    On information and belief, one or more of Plaintiffs' claims for relief are barred based on the doctrine of prosecution history estoppel.

**EIGHTH AFFIRMATIVE DEFENSE (STATUTE OF LIMITATIONS)**

124.    Arima Display incorporates and realleges each and every allegation contained in paragraphs 1-123 of its Answer to the *First Amended Complaint* as if fully set forth herein.

125.    On information and belief, Plaintiffs' claim for damages, if any, are statutorily limited by 35 U.S.C. § 286.

WHEREFORE Arima Display requests that the Court enter judgment:

a.    Dismissing the *First Amended Complaint* against Arima Display in its entirety with prejudice;

b.    Finding Plaintiffs' patent not infringed under 35 U.S.C. § 271;

c.    Finding Plaintiffs' patent invalid under 35 U.S.C. § 102, 103, and/or 112;

d.    Finding Plaintiffs' patent unenforceable;

20

e.  Finding that, by reason of Plaintiffs' conduct, this is an exceptional case under 35 U.S.C. § 285, and as such, award Arima Display its reasonable attorney fees and costs; and

f.  Granting such other and further relief as the Court deems just and proper.

OF COUNSEL:
Dan C. Hu
Diana M. Sangalli
TROP, PRUNER & HU, P.C.
1616 S. Voss Road, Suite 750
Houston, TX  77057-2631

William J. Wade  (#704)
Wade@rlf.com
Matthew W. King  (#4566)
King@rlf.com
RICHARDS, LAYTON & FINGER
One Rodney Square
P.O. Box 551
Wilmington, DE  19899
(302) 651-7700
*Attorneys for Defendant*
*Arima Display Corporation*

Dated:  September 22, 2006

**UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 22, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing to the following, and the document is available for viewing and downloading from CM/ECF, and the document has also been served as indicated:

**BY HAND DELIVERY**

Thomas C. Grimm, Esquire
Leslie A. Polizoti, Esquire
Morris, Nichols, Arsht & Tunnell
Chase Manhattan Centre
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
tgrimm@mnat.com
lpolizoti@mnat.com

Adam Wyatt Poff, Esquire
Young, Conaway, Stargatt & Taylor
17th Floor, The Brandywine Building
1000 West Street
P.O. Box 391
Wilmington, DE 19899
apoff@ycst.com

Thomas L. Halkowski, Esquire
Fish & Richardson, P.C.
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
halkowski@fr.com

Francis DiGiovanni, Esquire
Connolly, Bove, Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
fdigiovanni@cblh.com

Richard L. Horwitz, Esquire
Potter Anderson & Corroon
6th Floor, Hercules Plaza
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899
rhorowitz@potteranderson.com

Arthur G. Connolly, III, Esquire
Connolly Bove Lodge & Hutz
8th Floor, The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
aconnollyIII@cblh.com

David E. Moore, Esquire
Potter Anderson & Corroon
6th Floor, Hercules Plaza
1313 N. Market Street
P.O. Box 951
Wilmington, DE  19899
dmoore@potteranderson.com

Amy Evans, Esquire
Cross & Simons, LLC
Suite 1001, 913 N. Market Street
P.O. Box 1380
Wilmington, DE  19899
aevans@crosslaw.com

Frederick L. Cottrell, III, Esquire
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE  19899
cottrell@rlf.com

Robert J. Katzenstein, Esquire
Smith, Katzenstein & Furlow LLP
800 Delaware Avenue, 7th Floor
P.O. Box 410
Wilmington, DE  19899
rkatzenstein@skdelaware.com

Philip A. Rovner, Esquire
Potter Anderson & Corroon
6th Floor, Hercules Plaza
1313 N. Market Street
P.O. Box 951
Wilmington, DE  19899
provner@potteranderson.com

David J. Margules, Esquire
Bouchard, Margules, Friedlander
222 Delaware Avenue, Suite 1400
Wilmington, DE  19801
dmargules@BMF-law.com

John W. Shaw, Esquire
Young, Conaway, Stargatt & Taylor
17th Floor, The Brandywine Building
1000 West Street
P.O. Box 391
Wilmington, DE  19899
jshaw@ycst.com

Karen L. Pascale, Esquire
Young, Conaway, Stargatt & Taylor
17th Floor, The Brandywine Building
1000 West Street
Wilmington, DE  19899
kpascale@ycst.com

William J. Marsden, Jr., Esquire
Fish & Richardson, P.C.
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE  19899
marsden@fr.com

Monte Terrell Squire, Esquire
Young, Conaway, Stargatt & Taylor
17th Floor, The Brandywine Building
1000 West Street
P.O. Box 391
Wilmington, DE  19899
msquire@ycst.com

William J. Wade  (#704)

Dated:  September 22, 2006