# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HONEYWELL INTERNATIONAL INC. and HONEYWELL INTELLECTUAL PROPERTIES INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 04-1338 (KAJ) |
| v. | ) ) | |
| APPLE COMPUTER, INC., et al., | ) ) ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| HONEYWELL INTERNATIONAL INC. and HONEYWELL INTELLECTUAL PROPERTIES INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 04-1337 (KAJ) |
| v. | ) ) | |
| AUDIOVOX COMMUNICATIONS CORP., et al., | ) ) ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| OPTREX AMERICA, INC., | ) ) | |
| Plaintiff, | ) ) | C.A. No. 04-1536 (KAJ) |
| v. | ) ) | |
| HONEYWELL INTERNATIONAL INC. and HONEYWELL INTELLECTUAL PROPERTIES INC., | ) ) ) ) | |
| Defendants. | ) | |

## NOTICE OF SUBPOENA
## DIRECTED TO IBM CORPORATION

065004.1001

PLEASE TAKE NOTICE that pursuant to Rule 45 of the Federal Rules of Civil Procedure, Optrex America, Inc. ("Optrex") has served a subpoena duces tecum upon IBM Corporation, in the form appended hereto, for the production on October 13, 2006 of the documents described in "Attachment A" to the subpoena.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

October 5, 2006

/s/ *Karen L. Pascale*

Karen L. Pascale (#2903) [kpascale@ycst.com]
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600

- and -

Richard D. Kelly
Andrew M. Ollis
Alexander E. Gasser
John F. Presper
OBLON, SPIVAK, MCCLELLAND,
  MAIER & NEUSTADT, P.C.
1940 Duke Street
Alexandria, VA 22314
(703) 413-3000
*Attorneys for Optrex America, Inc.*

AO88 (Rev. 1/94) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF NEW YORK

)PTREX AMERICA, INC.

v.

IONEYWELL INTERNATIONAL INC., et al.

**SUBPOENA IN A CIVIL CASE**

PENDING IN THE U.S. DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CASE NO. 04-1536 (KAJ)

TO:    IBM Corporation
c/o Gail H. Zarick, Esq.
IP Counsel, Corporate Litigation
1133 Westchester Avenue
White Plains, NY 10604

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑ **YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):**

**See Attachment A**

| PLACE OBLON, SPIVAK, MCCLELLAND, MAIER & NEUSTADT, P.C. 1940 Duke Street Alexandria, VA 22314 | DATE AND TIME October 13, 2006, 9:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]*  Attorney for Plaintiff Optrex America, Inc. | September 29, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER:

John F. Presper, Esq.
OBLON, SPIVAK, MCCLELLAND, MAIER & NEUSTADT, P.C.
1940 Duke Street
Alexandria, VA 22314
(703) 413-3000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| | | |
|---|---|---|
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |

| | | |
|---|---|---|
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

    (i)    fails to allow reasonable time for compliance,
    (ii)   requires a person who is not a party or an officer of a

party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

    (iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or
    (iv)   subjects a person to undue burden.

(B) If a subpoena

    (i)    requires disclosure of a trade secret or other confidential research, development, or commercial information, or
    (ii)   requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
    (iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## ATTACHMENT A

## DEFINITIONS

1. As used herein, the term "document" shall refer to, without limitation, printed, typed, recorded, photocopied, photographed, graphically or electronically generated, or stored matter, however produced or reproduced, including originals, copies, and drafts thereof, which may be considered a "document" or "tangible thing" within the meaning of Rule 34 of the Federal Rules of Civil Procedure, including but not limited to all patents and all applications, foreign or domestic, as well as correspondence and filings in connection therewith, contracts, agreements, guarantees, amendments, assignments, offers, prospectuses, proxy statements, invoices, purchase orders, research and development records, production records, quality control records, management reports, audit reports, accounting reports, work papers, ledgers, balance sheets, profit and loss statements, financial statements, memoranda, correspondence, communications, computer printouts, computer tapes or disks, envelopes, summaries, analyses, opinions, projections, forecasts, budgets, estimates, transcripts, tape recordings, business cards, notes, calendar or diary entries, newspaper articles advertisements, pamphlets, periodicals, pleadings, indexes, file folders and press releases.

2. As used herein, the term "Honeywell" shall refer to Honeywell International, Inc. and Honeywell Intellectual Properties Inc., and all divisions, departments, subsidiaries (whether direct or indirect), parents, affiliates, acquisitions, predecessors and entities controlled by any of them, whether domestic or foreign, including but not limited to, Allied Corporation, Bendix Corp., Honeywell Inc., Allied-Signal, and/or AlliedSignal and their respective present or former officers, directors, employees, owners, attorneys and agents, as well as consultants and any other persons acting or purporting to act on behalf of each such entity or person.

3. As used herein, the term "IBM," "you," or "your" shall refer to IBM Corporation and include, without limitation, your divisions, subsidiaries, directors, agents, representatives, employees, and any predecessor in interest.

4. As used herein, the term "communication" shall refer to any and all exchanges of information between two or more persons by any medium, including, but not limited to, meetings, telephone conversations, correspondence, memoranda, contracts, agreements, e-mails, computer, radio, telegraph, or verbal actions intended to convey or actually conveying information or data.

5. As used herein, the term "relate" or "relating" shall mean embodying, concerning, containing, comprising, constituting, indicating, referring to, identifying, describing, discussing, involving, supporting, reflecting, evidencing, or otherwise in any way pertaining directly or indirectly to.

## INSTRUCTIONS

1. As used herein, the use of the singular form of any word shall include the plural and vice versa.

2. As used herein, the connectives "and" and "or" shall be construed either disjunctively or conjunctively so as to acquire the broadest possible meaning.

3. As used herein, the terms "any," "all" or "each" shall be construed as "any, all and each" inclusively.

4. These requests shall apply to all documents in your possession, custody, or control at the present time or coming into your possession, custody, or control prior to the date of the production. If you know of the existence, past or present, of any documents or things requested below, but is unable to produce such documents or things because they are not presently in your possession, custody, or control, you shall so state and shall identify such documents or things, and the person who has possession, custody, or control of the documents or things.

5. For each and every document for which you assert either attorney-client privilege, work product protection, or some other allegedly applicable privilege, (1) identify the document by date, title, nature, author, sender, recipients, and/or participants; (2) provide a summary statement of the subject matter of the document sufficient in detail to permit a determination of the propriety of your assertion or such privilege or protection; and (3) identify the allegedly applicable privilege or protection.

6. These document requests seek answers current to the date of response, and further shall be deemed to be continuing under Rule 26 (e) of the Federal Rules of Civil Procedure, so that any additional documents referring or relating in any way to these document requests which you acquire or which becomes known to you up to and including the time of trial shall be produced promptly after being so acquired or known by you.

2

## DOCUMENTS AND THINGS TO BE PRODUCED

1.  All documents in the United States referring or relating to IBM Technical Disclosure Bulletins entitled "Backlighting for Liquid Crystal Display" (April 1987), "Flat Panel Backlight Relecting [sic] Device" (July 1988) and "High Efficiency Back Light for LCD" (February 1991) (attached hereto as Exhibits A, B and C).

2.  All documents in the United States referring or relating to the structures used in backlit liquid crystal displays (LCDs) between 1987 and 1991, as shown in IBM Technical Disclosure Bulletins entitled "Backlighting for Liquid Crystal Display" (April 1987), "Flat Panel Backlight Relecting [sic] Device" (July 1988) and "High Efficiency Back Light for LCD" (February 1991) (attached hereto as Exhibits A, B and C).

3.  All documents relating or referring to communications concerning U.S. Patent No. 5,280,371 and/or the application thereof (Serial No. 911, 547).

4.  To the extent the documents or materials in categories 1-3 no longer exist, all documents that evidence the pertinent document retention policies and destruction of these documents.

# EXHIBIT A

**DELPHION**

| RESEARCH | PRODUCTS | INSIDE DELPHION |

My Account

Search: Quick/Number   Boolean   Advanced   Derwent

261775-dky

April 1987    ... IBM TECHNICAL DISCLOSURE BULLETIN ...    <-- pp4838-4839 -->

Title: # Backlighting for Liquid Crystal Display

Author(s): **Howard, WE**
Location: Yorktown

Index terms: **DISPLAYS**

Text:



Contrast and brightness of liquid crystal display cells are markedly improved by directing relatively well collimated light from the back of the cell toward the front. This is done by using individual cell lenslets. In Fig. 1, light guide plate 1 is silvered over its back surface 2 and most of its front surface 3 except at apertures 4 which permit light to exit. A lens plate 5 covers front surface 3 and carries a plurality of molded lenslets 6. The plate is positioned so that a lenslet is aligned with a respective aperture 4.

Each lenslet 6 effects light collimation and directs its light through a respective liquid crystal cell (not shown). Apertures 4 are roughened to improve coupling of the exiting light. Light guide plate 1 should be of low refractive index and, as an alternative, an air gap can be used, formed between a mirror and the lenslet plate 5. An arrangement of a light source for guide plate 1 is shown in Fig. 2. A fluorescent lamp 7 is nearly surrounded by reflector 8 which joins opposite surfaces of plate 1 to direct light into the plate.

Diagrams:

TDB: Backlighting for Liquid Crystal Display



Order/Fcode/Docket:    **87A 60713 / 35-040 P400 / YO8850600**

April 1987    ... IBM TECHNICAL DISCLOSURE BULLETIN ...
<-- pp4838-4839 -->

Copyright © 1997-2005 The Thomson

THOMSON

Subscriptions  |  Web Seminars  |  Privacy  |  Terms & Conditions  |  Site Map  |  Contact Us  |

# EXHIBIT B



**DELPHION**

PRODUCTS    INSIDE DELPHION

My Account    Search:  Quick/Number  Boolean  Advanced  Derwent    Help

Title:    **Flat Panel Backlight Relecting Device**

Author(s):  **Garwin, RL Hodgson, RT**
Location:   **Yorktown**

Text:



A technique is described whereby a flat panel backlight reflecting device provides for efficient fluorescent or incandescent light to be spread uniformly over the surface, but directed toward the eyes of the user. Liquid crystal display (LCD) devices are typically difficult to read in normal office environments and almost impossible to read in low light levels. The device is particularly designed to enhance the readability of flat panel LCDs and similar devices. The flat panel backlight, as shown in Fig. 1, enables light from aperture fluorescent tube 10, or an incandescent source, to be focused into tapered flat plate 11. If the plate were not tapered, most of the light would be internally reflected at the interface between the more dense transparent material of the plate and the less dense air. Since the plate is tapered in one dimension, at every bounce of light, the angle of the light with respect to the surface normal will become greater. Eventually, the angle will be greater than the critical angle, enabling the light to escape. ***** SEE ORIGINAL DOCUMENT ***** Fresnel lens 12 is attached to tapered flat plate 11, as shown in Fig. 2, so as to redirect the light in a direction normal to plate 11, instead of at a large angle to the normal, as would be the case without the lens. As a result, the light can be directed toward the eyes of the user, and less total light (and electrical power) is required. To further enhance the efficiency, reflecting surface 13 is employed, as shown in Fig. 3, in order that the light which escapes from the bottom of the taper guide be redirected to the top. Reflecting surface 13 must be at least a few wavelengths of light from the flat surface of plate 11 in order that the total internal reflection can be maintained. The use of aluminum foil is commonly used as the reflecting material. Fig. 4 shows the assembly with the light source and tapered flat light guide. Under some circumstances, it may be preferable to use the bottom surface of the guide, itself a set of sharp ninety-degree included grooves, as in light-pipe sheets currently marketed. This will maintain total internal reflection at the bottom surface and allow emergence only through the top.

Diagrams:



FIG. 1



FIG. 2

FIG. 3



FIG. 4

·der/Fcode/Docket:    **88A 61169 / / YO8860522**

<u>**July 1988**</u>    ... IBM TECHNICAL DISCLOSURE BULLETIN ...
<u><-- pp190-191 --></u>

Copyright © 1997-2005 The Thomson Corporation

**THOMSON**

<u>Subscriptions</u> | <u>Web Seminars</u> | <u>Privacy</u> | <u>Terms & Conditions</u> | <u>Site Map</u> | <u>Contact Us</u> | <u>Help</u>

# EXHIBIT C

No active trail

 

**DELPHION**

RESEARCH    PRODUCTS    INSIDE DELPHION

    My Account    Search: Quick/Number  Boolean  Advanced  Derwent

**Feb. 1991**    ... IBM TECHNICAL DISCLOSURE BULLETIN ...    <= pp261-262 =>

Title:

# High Efficiency Back Light for Lcd.

Author(s): **Suzuki, H Suzuki, M**
Location: Japan

Text:

**TDB**...

Disclosed is a technique for a high efficiency back light system. This technique is widely applicable to all types of liquid crystal displays (LCDs).

To achieve high efficiency back light, as shown in Fig. 1, the structure disclosed herein uses a micro-prism-plate, edge lighting-type light guide and thin light scattering film in combination. Fig. 2 shows a structure of the micro-prism-plate. Emitted light from the surface of the light guide has an angle perpendicular to the surface. This light beam deflects to normal direction to the surface by the micro-prism plate. The light scattering film is employed to eliminate interference pattern of the micro-prism-plate and LCD's pixel arrangement pattern as shown Fig. 3.

With this technique, emitted light from the back light system has strong intensity distribution to the normal direction to the back light surface as shown in Fig. 4.

Liquid crystal display's application is mostly portable area. This requires low power consumption. Most of the power of the LCD module is consumed at back light system. Therefore, the technique disclosed herein is a very effective means to achieve a low power consumption LCD module.

Diagrams:



EMITTED LIGHT

THIN SCATTERING FILM
GAP ( 1mm )
MICRO PRISM PLATE
LIGHT GUIDE

LAMP

**FIG. 1**

MICRO PRISM PLATE

GAP
LIGHT GUIDE

**FIG. 2**

THIN SCATTERING FILM

GAP

MICRO PRISM PLATE

LIGHT GUIDE

**FIG. 3**

INTENSITY

**FIG. 4**

-90°    0    +90°
VIEWING ANGLE

Order/Fcode/Docket:    **91A 60360 / / JA8900035**
**PubNo=9**

<u>Feb. 1991</u>    ... IBM TECHNICAL DISCLOSURE BULLETIN ...
<u><-- pp261-262 --></u>

**THOMSON**

Copyright © 1997-2005 The Thomson Corp

<u>Subscriptions</u>  |  <u>Web Seminars</u>  |  <u>Privacy</u>  |  <u>Terms & Conditions</u>  |  <u>Site Map</u>  |  <u>Contact Us</u>  |  <u>Help</u>

## CERTIFICATE OF SERVICE

I, Karen L. Pascale, hereby certify that on October 5, 2006, I caused to be electronically filed a true and correct copy of the foregoing document – **Notice of Subpoena Directed to IBM Corporation** – with the Clerk of Court using CM/ECF which will send notification of such filing to the following counsel of record:

| | |
|---|---|
| John R. Alison | john.alison@finnegan.com, |
| Parker H. Bagley | pbagley@milbank.com |
| Robert J. Benson | rjbenson@hhlaw.com |
| Robert Karl Beste, III | rkb@skfdelaware.com, vkm@skfdelaware.com |
| Elizabeth L. Brann | elizabethbrann@paulhastings.com |
| Christopher E. Chalsen | cchalsen@milbank.com |
| Hua Chen | huachen@paulhastings.com |
| Jay C. Chiu | jaychiu@paulhastings.com |
| Arthur G. Connolly, III | aconnollyIII@cblh.com, dkt@cblh.com; telwell@cblh.com |
| Frederick L. Cottrell, III | cottrell@rlf.com |
| Francis DiGiovanni | fdigiovanni@cblh.com, ddunmeyer@cblh.com; dkt@cblh.com; ljarrell@cblh.com |
| Thomas M. Dunham | dunhamt@howrey.com |
| Kevin C. Ecker | kecker@stroock.com |
| Amy Elizabeth Evans | aevans@crosslaw.com |
| York M. Faulkner | york.faulkner@finnegan.com |
| Maxwell A. Fox | maxwellfox@paulhastings.com |
| Terry D. Garnett | terrygarnett@paulhastings.com |
| Christopher J. Gaspar | cgaspar@milbank.com |
| Alexander E. Gasser | agasser@oblon.com |
| Alan M. Grimaldi | grimaldia@howrey.com |
| Thomas C. Grimm | tcgefiling@mnat.com |
| Thomas Lee Halkowski | halkowski@fr.com, sub@fr.com |
| Angie Hankins | ahankins@stroock.com |

065004.1001

Richard L. Horwitz          rhorwitz@potteranderson.com,
    dmoore@potteranderson.com; nmcmenamin@potteranderson.com;
    achin@potteranderson.com; mbaker@potteranderson.com;
    ntarantino@potteranderson.com; kmorris@potteranderson.com;
    iplitigation@potteranderson.com

Dan C. Hu                   hu@tphm.com, gyount@tphm.com; awoods@tphm.com

John T. Johnson             jjohnson@fr.com, lperez@fr.com; autuoro@fr.com

Robert J. Katzenstein       rjk@skfdelaware.com, eys@skfdelaware.com

Nelson M. Kee               keen@howrey.com

Richard D. Kelly            rkelly@oblon.com

Matthew W. King             king@rlf.com

Stephen S. Korniczky        stephenkorniczky@paulhastings.com

Hamilton Loeb               hamiltonloeb@paulhastings.com

Robert L. Maier             Robert.Maier@BakerBotts.com

David J. Margules           dmargules@BMF-law.com, jspeakman@bmf-law.com

David Ellis Moore           dmoore@potteranderson.com,
    ntarantino@potteranderson.com

Carolyn E. Morris           carolynmorris@paulhastings.com

Arthur I. Neustadt          aneustadt@oblon.com

Elizabeth A. Niemeyer       elizabeth.niemeyer@finnegan.com

Kevin M. O'Brien            boehydis@bakernet.com

Andrew M. Ollis             aollis@oblon.com

Adam Wyatt Poff             apoff@ycst.com, corporate@ycst.com; corpcal@ycst.com

Leslie A. Polizoti          lpolizoti@mnat.com, lpolizoti@mnat.com

Alana A. Prills             alanaprills@paulhastings.com

Steven J Rizzi              steven.rizzi@weil.com

Lawrence Rosenthal          lrosenthal@stroock.com

Avelyn M. Ross             aross@velaw.com

Philip A. Rovner          provner@potteranderson.com, mstackel@potteranderson.com;
    nmcmenamin@potteranderson.com; iplitigation@potteranderson.com

Diana M. Sangalli           dsangalli@tphm.com

Robert C. Scheinfeld        robert.scheinfeld@bakerbotts.com

Carl E. Schlier             cschlier@oblon.com

| Chad Michael Shandler | shandler@rlf.com, pstewart@rlf.com |
|---|---|
| John W. Shaw jshaw@ycst. com, corporate@ycst.com; ptorterotot@ycst.com; corpcal@ycst.com | |
| Matthew W. Siegal | msiegal@stroock.com |
| Neil P. Sirota | neil.sirota@bakerbotts.com |
| Monte Terrell Squire | msquire@ycst.com |
| William J. Wade | wade@rlf.com |
| Peter J. Wied | peterwied@paulhastings.com |
| Roderick B. Williams | rickwilliams@velaw.com, smendoza@velaw.com |
| Vincent K. Yip | vincentyip@paulhastings.com |
| Edward R. Yoches | bob.yoches@finnegan.com |
| Steven J. Balick | sbalick@ashby-geddes.com |
| Paul A. Bradley | pab@maronmarvel.com |
| John G. Day | jday@ashby-geddes.com |
| Tara D. Elliott | elliott@fr.com |
| Barry M. Graham | barry.graham@finnegan.com |
| Darren M. Jiron | darren.jiron@finnegan.com |
| William J. Marsden, Jr. | marsden@fr.com |
| Matt Neiderman | mneiderman@duanemorris.com |
| Timothy J. Vezeau | timothy.vezeau@kmzr.com |

I further certify that on October 5, 2006, I caused a copy of the foregoing document to be served by e-mail on the below-listed counsel:

Thomas C. Grimm [tgrimm@mnat.com]
Leslie A. Polizoti [lpolizoti@ mnat.com]
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
Wilmington, DE  19899-1347
*Attorneys for Honeywell International Inc. and Honeywell Intellectual Properties Inc.*

Steven J. Balick [sbalick@ashby-geddes.com]
John G. Day [jday@ashby-geddes.com]
ASHBY & GEDDES
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899
*Attorneys for Honeywell International Inc. and Honeywell Intellectual Properties Inc.*

Martin R. Lueck [MRLueck@rkmc.com]
Matthew L. Woods [MLWoods@rkmc.com]
Jacob S. Zimmerman [JSZimmerman@rkmc.com]
Marta M. Chou [MMChou@rkmc.com]
ROBINS, KAPLAN, MILLER & CIRESI LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
*Attorneys for Honeywell International Inc. and Honeywell Intellectual Properties Inc.*

Alan E. McKenna [AEMckenna@rkmc.com]
Anthony A. Froio [AAFroio@rkmc.com]
Jeremy C. McDiarmid [JCMcDiarmid@rkmc.com]
ROBINS, KAPLAN, MILLER & CIRESI LLP
111 Huntington Avenue, Suite 1300
Boston, MA 02199-7610
*Attorneys for Honeywell International Inc. and Honeywell Intellectual Properties Inc.*

William J. Wade [wade@rlf.com]
RICHARDS, LAYTON & FINGER
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
*Attorneys for Arima Display Corporation, Matsushita Elecrical Industrial Co., and Matsushita Electrical Corporation of America*

Richard L. Horwitz [rhorwitz@potteranderson.com]
David E. Moore [dmoore@potteranderson.com]
POTTER ANDERSON & CORROON
6th Floor, Hercules Plaza
1313 N. Market Street
P.O. Box. 951
Wilmington, DE 19801

*Attorneys for BOE-Hydis Technology Co., Ltd., Hitachi Displays, Ltd., Koninklijke Philips Electronics N.V., Philips Electronics North America Corp., Samsung SDI America, Inc., and Samsung SDI Co., Ltd., Toppoly Oproelectronics Corp., Wintek Corp., Wintek Electro-Optics Corporation;*

Thomas L. Halkowski [halkowski@fr.com]
FISH & RICHARDSON, P.C.
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19801
*Attorneys for Casio Computer Co., Ltd., and Casio, Inc.*

Philip A. Rovner [provner@potteranderson.com]
POTTER, ANDERSON & CORROON
6th Floor, Hercules Plaza
1313 N. Market Street
Wilmington, DE 19801
*Attorneys for Fuji Photo Film Co. Ltd. And Fuji Photo Film U.S.A. Inc.*

William J. Marsden, Jr. [marsden@fr.com]
FISH & RICHARDSON, P.C.
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
*Attorneys for International Display Technology and International Display Technology USA, Inc.*

John W. Shaw [jshaw@ycst.com]
Monté T. Squire [msquire@ycst.com]
YOUNG CONAWAY STARGATT & TAYLOR LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
*Attorneys for Sony Corporation, Sony Corporation of America, and ST Liquid Crystal Display Corp.*

Robert J. Katzenstein [rjk@skfdelaware.com]
Robert K. Beste, III [rkb@skfdelaware.com]
SMITH, KATZENSTEIN & FURLOW
800 Delaware Avenue
P.O. Box 410
Wilmington, DE  19899
*Attorneys for Seiko Epson Corporation and Sanyo Epson Imaging Devices Corporation*

David J. Margules [dmargules@bmf-law.com]
John M. Seaman [jseaman@bmf-law.com]
BOUCHARD MARGULES & FRIEDLANDER, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
*Attorneys for Citizen Watch Co., Ltd., and Citizen Displays Co., Ltd.*

YOUNG CONAWAY STARGATT & TAYLOR, LLP

October 5, 2006

Karen L. Pascale (#2903) [kpascale@ycst.com]
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600
   *Attorneys for Optrex America, Inc.*