

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

**Philip A. Rovner**
Partner
provner@potteranderson.com
302 984-6140 Direct Phone
302 658-1192 Fax

October 24, 2006

**BY E-FILE**

The Honorable Kent A. Jordan
United States District Court
 for the District of Delaware
U.S. Courthouse
844 King Street
Wilmington, Delaware 19801

    Re:    Honeywell International, Inc., *et al.*, v. Apple Computer, Inc., *et al.*,
           D. Del., C.A. No. 04-1338-KAJ
           Honeywell International Inc., *et al.* v. Audiovox Communications Corp., *et al.*
           D. Del., C.A. No. 04-1337-KAJ
           Optrex America, Inc. v. Honeywell International Inc., *et al.*,
           D. Del., C.A. No. 04-1536-KAJ

Dear Judge Jordan:

        Because the large number of defendants makes it impractical to submit a joint letter, the parties have agreed to submit separate status reports. Accordingly, pursuant to this Court's March 28, 2006 Scheduling Order (D.I. 376), I submit this interim status report on behalf of the Manufacturer Defendants generally and, where indicated, on behalf of a number of individual Manufacturer Defendants.

        **1.**    **Issues Common to All Manufacturer Defendants.[1]**

        The parties have exchanged and responded to written discovery requests, including discovery requests for the production of documents and interrogatories. Pursuant to the schedule set forth in the Court's most-recent discovery order (D.I. 582), the Manufacturer Defendants are in the process of producing responsive documents and providing supplemental responses to Plaintiffs' contention interrogatories.

---

[1] The issues raised herein do not apply to Defendant Innolux Display Corporation. Because of its pending motion to dismiss, Innolux has not answered the complaint and has not engaged in discovery.

The Honorable Kent A. Jordan
October 24, 2006
Page 2

      By service of several subpoenas, the Manufacturer Defendants have initiated third-party discovery. Pursuant to paragraph 3 of the Scheduling Order, the Manufacturer Defendants are in the process of coordinating their efforts, where possible, before conducting fact depositions of Plaintiffs on issues common to all Defendants. The Manufacturer Defendants expect deposition discovery to begin shortly.

      The Manufacturer Defendants also are presently engaged in the review of Plaintiffs' document production and interrogatory responses (as supplemented). With few exceptions, the documents Plaintiffs produced are generic in nature and contain little or no defendant-specific material. In fact, Plaintiffs have failed to produce a single document relating to its bases for alleging infringement, (or for that matter, the bases for their claimed determination that numerous examined LCD modules do not infringe (*see* Tr. of September 9, 2005 Teleconference at 22-23). Plaintiffs' refusal to do so violates this Court's requirement that Plaintiffs provide defendants with their "view about how it is the things they make infringe your patent" (Tr. of July 21, 2006 Teleconference at 31, lines 9-10). Moreover, Honeywell's production is devoid of documents relating to the Manufacturer Defendants' respective laches defenses. A number of the Manufacturer Defendants have been selling products believed to be accused since the mid-1990s. Yet Honeywell has not provided documents indicating its first knowledge of any of the accused products or any internal documentation regarding when it began patent enforcement efforts. Not only has Honeywell failed to provide much in the way of defendant-specific documents, Honeywell has failed to produce any non-publicly available documents relating to the preparation and prosecution of the application that resulted in the '371 patent.

      Among the other deficiencies in Plaintiffs' discovery responses, they have not produced all documents relating to licenses of the '371 patent, including documents relating or referring to licensing agreements recently reached with, for example, Sony, and documents relating to communications between Plaintiffs and prospective licensees. Plaintiffs contend that they are not authorized to produce any additional license agreements or settlement correspondence without approval of its licensees or an Order from this Court. As Plaintiffs know, a provision of that type in a license agreement does not insulate that agreement from the discovery process. Likewise, neither a confidentiality agreement or Fed. R. Evid. 408 protect communications that led to a license from discovery. These documents are clearly relevant not only to damages issues, but also to the Manufacturer Defendants' obviousness defense to the extent Honeywell will argue, as it is expected to, that the licensing program is evidence of "commercial success."

      If appropriate meets and confer are unsuccessful, the Manufacturer Defendants will request that Plaintiffs be ordered to provide complete interrogatory responses and document production.

      Activities in the near future involving all parties include an exchange by the parties of a list of claim terms that they believe need construction and their proposed

The Honorable Kent A. Jordan
October 24, 2006
Page 3

construction. Pursuant to paragraph 11 of the Scheduling Order, that exchange is to take place on November 9, 2006.

### 2. Issues Relevant to Specific Manufacturer Defendants.

Arima Display Corporation

In accordance with the Court's Discovery Order, Arima Display initiated document production on October 10 and will substantially complete production on October 30.

Arima Display is in the process of reviewing Honeywell's document production and supplemental document production, which Honeywell served on October 19 and October 20, respectively. Arima Display also is in the process of reviewing Honeywell's answers to Arima Display's interrogatories, which Honeywell served on October 23. Arima Display anticipates that, upon completion of its review, Arima Display will have specific issues to raise with respect to Honeywell's document production and written discovery responses.

Citizen Watch Co., Ltd. and Citizen Displays Co., Ltd.

On September 11, 2006, the Citizen Defendants produced two disks of documents to Honeywell containing all the non-privileged documents they have been able to identify in their clients' possession, custody or control that are responsive to Honeywell's document requests. The Citizen Defendants supplemented their interrogatory responses on September 29, 2006, in compliance with the Court's most recent Discovery Order. (D.I. 582). On October 2, 2006, the Citizen Defendants served Honeywell with their first set of interrogatories and first set of requests for production. The Citizen Defendants otherwise join in the positions taken by the Manufacturer Defendants regarding outstanding discovery issues.

Fuji Photo Film Co., Ltd. and Fuji Photo Film U.S.A., Inc.

Fuji will shortly send counsel for the Plaintiffs a letter describing the numerous deficiencies in the interrogatory answers and document production to start the meet and confer process.

Fuji Japan and Fuji USA responded to Honeywell's first set of interrogatories and document requests on May 30, 2006. Both Fuji Japan and Fuji USA supplemented their interrogatory responses on August 30, 2006. A second supplemental response to Honeywell's first set of interrogatories will be served shortly, for both Fuji Japan and Fuji USA, to clarify invalidity claims and their first awareness of the '371 patent. Furthermore, in response to Honeywell's document requests, Fuji U.S.A. has produced 14,023 pages of documents, including production of about 5700 pages on September 29, 2006, about 5000 pages on October 9, 2006 and about 2600 pages on October 17, 2006. Fuji Japan also began production of documents by producing 3240 pages on October 17, 2006. These documents relate to technical specifications of the accused products. An additional 9791 pages were produced on Monday October 23, 2006.

The Honorable Kent A. Jordan
October 24, 2006
Page 4

Both Fuji Japan and Fuji USA are actively reviewing and producing documents to complete their document productions. The document productions should be substantially completed by the end of October.

### Optrex America Inc.

Optrex is in the process of meeting and conferring with Honeywell this week regarding several outstanding discovery issues. To the extent the remaining issues between Optrex and Honeywell are not resolved, Optrex will shortly submit a letter to the Court addressing the remaining disputes.

### Koninklijke Philips Electronics N.V. and Philips Electronics North America Corp. ("Philips")

Philips' Mobile Display Systems (MDS) was sold to Toppoly Optoelectronics Corp. (a named defendant in this case now known as TPO Display Corp.) in or about May 2006. Philips' MDS was responsible for the LCDs that Honeywell accuses of infringement (many of which were only recently identified on September 15, 2006). As a result of the sale, KPENV and PENAC no longer retain possession, custody, or control of the requested information or documents. Specifically, relevant documents, employees knowledgeable about Philips' former LCD products, and related facilities were all transferred to TPO.

Per its agreement with Honeywell, Philips supplemented its responses to laches and invalidity interrogatories on October 13, 2006. Philips has been working with TPO's counsel to collect information regarding the LCDs Honeywell accuses of infringement. TPO recently collected documents potentially relevant to 4 of the 6 accused LCDs. After TPO has reviewed the documents and turned them over to Philips, Philips will review and produce the documents to Honeywell as soon as possible. Only after Philips has received the documents from TPO will Philips be able to determine the time table for production to Honeywell. In all likelihood, Philips will not be able to produce documents by the proposed October 30 deadline. Honeywell was made aware of and understood the status of Philips/TPO's document collection efforts during a recent meet-and-confer with TPO.

\*   \*   \*

The Honorable Kent A. Jordan
October 24, 2006
Page 5

      At this time, the Manufacturer Defendants do not contemplate any changes to the case schedule. Should Your Honor have any questions or comments prior to the October 31 status teleconference, counsel is available at the Court's convenience.

      Respectfully,

      Philip A. Rovner
      provner@potteranderson.com

PAR/mes/757492
cc:    All Local Counsel of Record – By ECF