IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HONEYWELL INTERNATIONAL INC. and HONEYWELL INTELLECTUAL PROPERTIES INC., <br><br>Plaintiffs, <br><br>v. <br><br>APPLE COMPUTER, INC., *et al.*, <br><br>Defendants. | C.A. No. 04-1338-KAJ <br> (consolidated) <br><br> **JURY TRIAL DEMANDED** |

**NOTICE OF DEPOSITION OF PLAINTIFF**
**HONEYWELL INTELLECTUAL PROPERTIES INC. (LACHES)**

TO:   COUNSEL IDENTIFIED ON ATTACHED SERVICE LIST

PLEASE TAKE NOTICE that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure and pursuant to Delaware Local Rules 30.1 through 30.5, Defendants Hitachi Displays, Ltd., Optrex America, Inc., Fuji Photo Film Co., Ltd. (now FUJIFILM Corporation), Fuji Photo Film U.S.A., Inc. (now FUJIFILM U.S.A., Inc.), TPO Displays Corporation (formerly known as "Topply Optoelectronics Corp."), Wintek Electro-Optics Corporation, Wintek Corporation and Arima Display Corporation will take the deposition upon oral examination of plaintiff Honeywell Intellectual Properties Inc. ("HIPI"), and specifically the witness or witnesses designated by HIPI as officers, managing agents, directors, agents, employees or other person(s) who are most knowledgeable and can testify on its behalf with respect to each of the categories identified in Appendix A hereto, commencing at 9:30 A.M. on November 29, 2006, and proceeding day-to-day until complete, before a notary public or other officer duly authorized to administer oaths at Potter Anderson & Corroon LLP, Hercules Plaza, 6th

Floor, 1313 N. Market Street, Wilmington, DE 19899-0951, or such other location as mutually agreed upon by counsel. The deposition will also be videotaped.

PLEASE TAKE FURTHER NOTICE that HIPI is requested to identify, on or before November 15, 2006, its designated witnesses and the matters to which each will testify.

You are invited to attend and cross-examine.

OF COUNSEL:

Robert C. Scheinfeld
Neil P. Sirota
Robert L. Maier
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, New York 10112-4498
(212) 408-2500

*Attorneys for Defendant
Hitachi Displays, Ltd.*

Lawrence Rosenthal
Matthew W. Siegal
Kevin Ecker
Angie Hankins
STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, New York 10038
(212) 806-5400

*Attorneys for Defendants
Fuji Photo Film Co., Ltd. and Fuji Photo
Film U.S.A., Inc.*

E. Robert Yoches
Elizabeth A. Niemeyer
FINNEGAN, HENDERSON, FARABOW
GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, DC 20001
(202) 408-4000

*Attorneys for Defendants TPO Displays
Corp., Wintek Electro-Optics Corp. and
Wintek Corp.*

POTTER ANDERSON & CORROON LLP

By:  /s/ *David E. Moore*
     Richard L. Horwitz (#2246)
     Philip A. Rovner (#3215)
     David E. Moore (#3983)
     Hercules Plaza, 6th Floor
     1313 N. Market Street
     Wilmington, Delaware 19899-0951
     (302) 984-6000
     rhorwitz@potteranderson.com
     provner@potteranderson.com
     dmoore@potteranderson.com

*Attorneys For Defendants
Hitachi Displays, Ltd., Fuji Photo Film Co.,
Ltd., Fuji Photo Film U.S.A., Inc., TPO
Displays Corp., Wintek Electro-Optics Corp.
and Wintek Corp.,*

| | |
|---|---|
| OF COUNSEL: | RICHARDS, LAYTON & FINGER |
| Dan C. Hu<br>Diana M. Sangalli<br>TROP, PRUNER & HU, P.C.<br>1616 S. Voss Road, Suite 750<br>Houston, TX  77057<br>(713) 468-8880 | By:  /s/ William J. Wade<br>      William J. Wade (#704)<br>      One Rodney Square<br>      P.O. Box 551<br>      Wilmington, DE 19899-0551<br>      (302) 651-7718<br>      wade@rlf.com<br><br>*Attorneys for Defendant*<br>*Arima Display Corporation* |
| OF COUNSEL:<br><br>Richard D. Kelly<br>Andrew M. Ollis<br>Alexander E. Gasser<br>OBLON, SPIVAK, MCCLELLAND,<br>MAIER & NEUSTADT, P.C.<br>1940 Duke Street<br>Alexandria, Virginia  22314<br>Tel. No.: (703) 413-3000<br>Fax No.: (703) 413-2220<br><br><br>Dated:  October 27, 2006 | YOUNG CONAWAY STARGATT &<br>TAYLOR, LLP<br><br>By:  /s/ Karen L. Pascale<br>      Karen L. Pascale (#2903)<br>      Young Conaway Stargatt & Taylor, LLP<br>      The Brandywine Building<br>      1000 West Street, 17th Floor<br>      P.O. Box 391<br>      Wilmington, DE  19899-0391<br>      (302) 571-5001<br>      kpascale@ycst.com<br><br>*Attorneys For Defendant*<br>*Optrex America, Inc.* |

758416/29765

## APPENDIX A

### Definitions

A.   "HIPI" shall mean plaintiff Honeywell Intellectual Properties Inc., and all divisions, departments, subsidiaries (whether direct or indirect), parents, affiliates, acquisitions, predecessors and entities controlled by any of them, whether domestic or foreign, including but not limited to, Allied Corporation, Bendix Corp., Honeywell Inc., Allied-Signal, and/or AlliedSignal and their respective present or former officers, directors, employees, owners, attorneys and agents, as well as consultants and any other persons acting or purporting to act on behalf of each such entity or person.

B.   "HDL" shall mean defendant Hitachi Displays, Ltd. and all divisions, departments, subsidiaries (whether direct or indirect), parents, affiliates and predecessors, whether domestic or foreign, including, but not limited to stayed defendants Hitachi, Ltd.; Hitachi Display Devices, Ltd.; and Hitachi Electronic Devices (USA), Inc.

C.   "Optrex" shall mean Optrex America, Inc. and all divisions, departments, subsidiaries (whether direct or indirect), parents, affiliates and predecessors, whether domestic or foreign.

D.   "Fujfilm" shall mean Fuji Photo Film Co., Ltd. (now FUJIFILM Corporation), Fuji Photo Film U.S.A., Inc. (now FUJIFILM U.S.A., Inc.) and all divisions, departments, subsidiaries (whether direct or indirect), parents, affiliates and predecessors, whether domestic or foreign.

E.   "TPO Displays" or "TPO Displays Corp." means defendant TPO Displays Corporation, its parents, predecessors in interest including Toppoly Optoelectronics

Corporation, subsidiaries, joint ventures, and other legal entities that are wholly or partially owned or controlled by TPO Displays, either directly or indirectly, and the principals, directors, officers, owners, members, representatives, employees, agents, consultants, accountants, and attorneys of these same entities.

F.  "Wintek Electro-Optics Corp." or "WEOC" means defendant Wintek Electro-Optics Corporation, its parents, predecessors in interest, subsidiaries, joint ventures, and other legal entities that are wholly or partially owned or controlled by WEOC, either directly or indirectly, and the principals, directors, officers, owners, members, representatives, employees, agents, consultants, accountants, and attorneys of these same entities.

G.  "Wintek" or "Wintek Corp." means defendant Wintek Corporation, its parents, predecessors in interest, subsidiaries, joint ventures, and other legal entities that are wholly or partially owned or controlled by Wintek, either directly or indirectly, and the principals, directors, officers, owners, members, representatives, employees, agents, consultants, accountants, and attorneys of these same entities.

H.  "Arima Display" shall mean Arima Display Corporation and all divisions, departments, subsidiaries (whether direct or indirect), parents, affiliates and predecessors, whether domestic or foreign.

I.  "LCD" shall mean liquid crystal display.

J.  "'371 patent" shall mean U.S. Pat. No. 5,280,371.

K.     "LCD Module" shall mean an LCD including a liquid crystal panel and other components for incorporation into another product to provide a viewable image to a user.

L.     "LCD Products" shall mean an LCD module and/or a product incorporating an LCD module, where such product is one of laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, and portable televisions, and/or portable game systems, and all similar products.

M.     "LCD Technology" shall mean technology related to the structure of LCDs and LCD Modules and the components thereof.

N.     "Others" shall mean any entity other than HIPI.

## Topics

1.     HIPI's efforts to monitor the growth of the United States market for LCD Products from January 1, 1994, through October 6, 2004.

2.     HIPI's knowledge of LCD Products made, used, imported, marketed or sold in or into the United States by others before October 6, 2004.

3.     HIPI's consideration, review or analysis of LCD Products made, used, imported, marketed or sold in or into the United States by others before October 6, 2004.

4.     HIPI's possession, custody or control of documents related to and/or reflecting LCD Products made, used, imported, marketed or sold in or into the United States by others before October 6, 2004.

5.      HIPI's efforts to determine and/or monitor potential infringements of its patents relating to LCD Technology, including, but not limited to the '371 patent, from January 1, 1994, through October 6, 2004.

6.      HIPI's knowledge before October 6, 2004, of the use, sale, offer for sale, importation, and manufacture of films, including but not limited to 3M films, that HIPI contends are for providing a predetermined variation with viewing angle when used in LCD products, and all communications and other documents reflecting such knowledge.

7.      The decision to initiate and the initiation of HIPI's efforts to license and/or enforce any of HIPI's patents relating to LCD Technology, including, but not limited to the '371 patent.

8.      HIPI's possession, custody or control, at any time, of documents related to and/or reflecting research and development on LCD Technology that led to the filing of the '371 patent (including documents created by or for the inventors such as inventor's notebooks and documents containing technical data reported in the '371 patent) and the destruction or discarding of any such documents.

9.      HIPI's possession, custody or control, at any time, of documents concerning prosecution of the '371 patent), and the destruction or discarding of any such documents.

10.     HIPI's possession, custody or control, at any time, of documents related to or reflecting the decision not to file the application for the '371 patent until July 9, 1992, and/or the decision to prepare and ultimately file that application on July 9, 1992, and the destruction or discarding of any such documents.

11. HIPI's document retention policies from 1992–2005.

## Specific to HDL

12. HIPI's first actual knowledge that HDL makes, uses and/or sells LCD Products in the United States and/or imports LCD Products into the United States.

13. HIPI's first actual knowledge of any product HDL makes, uses, sells and/or imports into the United States that HIPI alleges infringes the '371 patent.

14. All efforts by HIPI to investigate whether HDL's LCD Products infringe the '371 patent.

15. HIPI's first notification to, and all consideration given by HIPI at any time to notifying, HDL of alleged infringement of the '371 patent.

16. All of the reasons or excuses why HIPI did not bring suit against HDL prior to November 7, 2005.

17. All facts supporting or rebutting HDL's laches defense.

## Specific as to Optrex

18. HIPI's first actual knowledge that Optrex makes, uses and/or sells LCD Products in the United States and/or imports LCD Products into the United States.

19. HIPI's first actual knowledge of any product Optrex makes, uses, sells and/or imports into the United States that HIPI alleges infringes the '371 patent.

20. All efforts by HIPI to investigate whether Optrex's LCD products infringe the '371 patent.

21. HIPI's first notification to, and all consideration given by HIPI at any time to notifying, Optrex of alleged infringement of the '371 patent.

22. All of the reasons or excuses why HIPI did not bring suit against Optrex.

23. All facts supporting or rebutting Optrex's laches defense.

### Specific as to Fujifilm

24. HIPI's first actual knowledge that Fujifilm makes, uses and/or sells LCD Products in the United States and/or imports LCD Products into the United States.

25. HIPI's first actual knowledge of any product Fujifilm makes, uses, sells and/or imports into the United States that HIPI alleges infringes the '371 patent.

26. All efforts by HIPI to investigate whether Fujifilm's LCD products infringe the '371 patent.

27. HIPI's first notification to, and all consideration given by HIPI at any time to notifying, Fujifilm of alleged infringement of the '371 patent.

28. All of the reasons or excuses why HIPI did not bring suit against Fujifilm prior to October 7, 2004.

29. All facts supporting or rebutting Fujifilm's laches defense.

### Specific as to Arima Display

30. HIPI's first actual knowledge that Arima Display makes, uses and/or sells LCD Products in the United States and/or imports LCD Products into the United States.

31. HIPI's first actual knowledge of any product Arima Display makes, uses, sells and/or imports into the United States that HIPI alleges infringes the '371 patent.

32. All efforts by HIPI to investigate whether Arima Display's LCD Products infringe the '371 patent.

33. HIPI's first notification to, and all consideration given by HIPI at any time to notifying, Arima Display of alleged infringement of the '371 patent.

34. All of the reasons or excuses why HIPI did not bring suit against Arima Display prior to November 7, 2005.

35. All facts supporting or rebutting Arima Display's laches defense.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

      I, David E. Moore, hereby certify that on October 27, 2006, the within document was served via hand delivery and electronic mail and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

Philip A. Rovner
Potter Anderson & Corroon LLP
1313 N. Market Street
Hercules Plaza, 6th Floor
Wilmington, DE 19899
provner@potteranderson.com

John W. Shaw
Karen Keller
Young, Conaway, Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
jshaw@ycst.com
kkeller@ycst.com

Adam W. Poff
Young, Conaway, Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
apoff@ycst.com

Thomas C. Grimm
Leslie A. Polizoti
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
tgrimm@mnat.com
lpolizoti@mnat.com

William J. Wade
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899-0551
wade@rlf.com

Frederick L. Cottrell, III
Chad Michael Shandler
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899-0551
Cottrell@rlf.com
shandler@rlf.com

Thomas L. Halkowski
Fish & Richardson P.C.
919 N. Market St., Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
halkowski@fr.com

Francis DiGiovanni
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
fdigiovanni@cblh.com

Amy Evans
Cross & Simon, LLC
913 N. Market Street, Suite 1001
P.O. Box 1380
Wilmington, DE 19899-1380
aevans@crosslaw.com

Karen L. Pascale
Young Conaway Stargatt & Taylor LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899
kpascale@ycst.com

William J. Marsden, Jr.
Fish & Richardson, P.C.
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
marsden@fr.com

Paul A. Bradley
Thomas D. Walsh
McCarter & English, LLP
919 N. Market Street, Suite 1800
Wilmington, DE 19899
pbradley@mccarter.com
twalsh@mccarter.com

Matthew Neiderman
Duane Morris LLP
1100 N. Market Street
Suite 1200
Wilmington, DE 19801
mneiderman@duanemorris.com

Robert J. Katzenstein
Smith, Katzenstein, & Furlow
800 Delaware Avenue, 7th Fl.
P.O. Box 410
Wilmington, DE 19899
rkatzenstein@skfdelaware.com

Arthur G. Connolly, III
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
ac3@cblhlaw.com

Steven J. Balick
John G. Day
Ashby & Geddes
222 Delaware Avenue
17th Floor
Wilmington, DE 19899
sbalick@ashby-geddes.com
jday@ashby-geddes.com

David J. Margules
John M. Seaman
Bouchard Margules & Friedlander, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
dmargules@bmf-law.com
jseaman@bmf-law.com

Monte Terrell Squire
Young Conaway Stargatt & Taylor LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899
msquire@ycst.com

2

Gary William Lipkin
Duane Morris LLP
1100 N. Market Street
Suite 1200
Wilmington, DE 19801
gwlipkin@duanemorris.com

                           By: */s/ David E. Moore*
                                Richard L. Horwitz
                                David E. Moore
                                Potter Anderson & Corroon LLP
                                Hercules Plaza, 6th Floor
                                1313 N. Market Street
                                P.O. Box 951
                                Wilmington, DE 19899-0951
                                (302) 984-6000
                                rhorwitz@potteranderson.com
                                dmoore@potteranderson.com

709365

3