# YOUNG CONAWAY STARGATT & TAYLOR, LLP

KAREN L. PASCALE
DIRECT DIAL: (302) 571-5001
DIRECT FAX: (302) 576-3516
kpascale@ycst.com

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(302) 571-1253 FAX
(800) 253-2234 (DE ONLY)
www.youngconaway.com

November 22, 2006

**BY E-FILING**

The Honorable Kent A. Jordan
United States District Court
 for the District of Delaware
844 King Street
Wilmington, DE 19801

> Re: *Honeywell International Inc., et al v. Apple Computer Inc., et al.*
> C.A. Nos. 04-1337, -1338, and -1536-KAJ

Dear Judge Jordan:

In advance of the telephone conference scheduled for December 1, 2006 at 4:30 p.m. EST (*see* D.I. 641) I write on behalf of Optrex America, Inc. ("Optrex") in the above-captioned case regarding several discovery matters that Optrex addressed with Honeywell during meet and confers commencing on October 30, 2006, and in subsequent correspondence.

Optrex now respectfully asks the Court for the following relief:

1. That Honeywell be ordered to produce its license agreement with LG-Philips and related papers; and

2. That Honeywell be ordered to produce its privilege log to Optrex three (3) business days prior to the Honeywell laches deposition or within five (5) days of the requested order, whichever is earlier, without restriction on Optrex's ability to share that log with other defendants.

1.  **LG-Philips License Agreement**

Honeywell continues to insist on a court order before producing its license agreement between Honeywell and LG-Philips and related papers. Honeywell bases its refusal on LG Philips' alleged withholding of consent to allow Honeywell to produce the agreement absent a court order. (See Mr. McDiarmid's letter to Mr. Gasser, Ex. A). Since Optrex is entitled to discovery regarding Honeywell's licenses of the patent-in-suit, and because "Honeywell does not anticipate opposing a motion to compel production of the agreement between Honeywell and LG-Philips" (*id.*), Optrex respectfully requests that the Court order Honeywell to produce its

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Kent A. Jordan
November 22, 2006
Page 2

license agreement with LG Philips, and related papers, and any other outstanding license agreements under the '371 patent to Optrex as soon as possible.

2.  Privilege Log Exchange

Despite Optrex's efforts over the last two months to exchange privilege logs, Honeywell has placed unreasonable conditions on its proposed exchange of logs with Optrex. Specifically, Honeywell proposes either (1) withholding production of its privilege log to Optrex until all defendants simultaneously exchange their respective privilege logs, or (2) exchanging privilege logs with Optrex only if Optrex agrees not to share Honeywell's privilege log with other defendants. (See Mr. Gasser's letter to Mr. McDiarmid, Ex. B). Both of Honeywell's proposals are improper and have prejudiced Optrex.

Honeywell's first proposal improperly holds the exchange of its privilege log hostage to the conduct of other defendants. This approach goes directly against the Court's instruction that Honeywell treat defendants individually rather than as a group. (See Tr. of September 14, 2006 Teleconference, pp. 20-21) (D.I. 565). In addition to the obvious prejudice in the delay itself, the delay has created a risk that Honeywell will not produce its privilege logs prior to the noticed depositions of Honeywell personnel on issues relating to laches.[1]

Equally improper is Honeywell's alternative proposal to provide its privilege log to Optrex only on the condition that Optrex not disclose Honeywell's privilege log to other defendants until such other defendants produce their respective logs.[2] Indeed, this is the sort of "You first" arrangement that the Court expressly rejected on several occasions. (See Tr. of July 21, 2006 Teleconference, p. 15) (D.I. 506). This Court has emphasized the importance of defendants coordinating their efforts in this case. Honeywell's proposal thwarts that goal by not allowing Optrex to share Honeywell's privilege log with other defendants. To the extent the defendants have objections to Honeywell's privilege log, Honeywell's approach makes it impossible to properly coordinate those objections.

For these reasons, Optrex respectfully requests that the Court order a bilateral exchange of privilege logs between Optrex and Honeywell at least three (3) business days prior to the commencement of the Honeywell laches deposition, or within five (5) days of the requested order, whichever is earlier, with no conditions regarding disclosure to other defendants.

---

[1] The logs may indicate, for example, whether various key documents remain in Honeywell's possession, or whether such documents have been lost or destroyed during the ten years that have passed between the issuance of the patent in suit and the filing of the instant lawsuits.

[2] Honeywell is always free to bring to the Court complaints relating to other defendants.

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Kent A. Jordan
November 22, 2006
Page 3

                                          Respectfully submitted,

                                          */s/ Karen L. Pascale*

                                          Karen L. Pascale
                                          Delaware Bar No. 2903

cc:   Dr. Peter T. Dalleo, Clerk (by hand)
       CM/ECF list (by e-filing)