# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Thomas C. Grimm
302 351 9595
302 425 4661 Fax
tgrimm@mnat.com

November 30, 2006

**BY E-FILING**

The Honorable Kent A. Jordan
United States District Court,
   for the District of Delaware
844 King Street
Wilmington, DE 19801

Re:    *Honeywell International Inc., et al. v. Apple Computer, Inc., et al.*
       C.A. No. 04-1338-KAJ (consolidated)

Dear Judge Jordan:

We write on behalf of Honeywell in advance of the telephone conference scheduled for December 1, 2006 at 4:30 p.m. EST. Optrex has made two requests of the Court: (1) that it order the production of Honeywell's license agreement with LG-Philips; and (2) that it order an unconditional exchange of privilege logs between Honeywell and Optrex. This letter addresses each request briefly.

LG-Philips License Agreement

Optrex requests that the Court order Honeywell to produce its license agreement with LG-Philips and related papers. This request has been mooted by Honeywell's recent production of the license, following LG-Philips' recent consent. It has been Honeywell's clearly stated position from the earliest stage of discovery that all such agreements and related materials would be produced as soon as Honeywell met its contractual obligations with its licensees by securing their consent for the requested production. LG-Philips, the last of the current thirteen licensees to provide its contractual consent, recently acquiesced – after extensive effort on the part of Honeywell. This week, upon receiving LG-Philips' consent, the requested license was immediately produced, and counsel for Optrex was notified as soon as the production could be confirmed. The related materials will follow shortly upon an expedited privilege review. As a consequence, this issue is now moot.

The Honorable Kent A. Jordan
November 30, 2006
Page 2

Privilege Log Exchange

Honeywell has been and remains prepared to exchange privilege logs with *Optrex*. The problem is that Optrex wants to share Honeywell's log with the remaining defendants who have not yet committed to a date for providing their logs despite Honeywell's repeated requests. Honeywell respectfully submits that it is fundamentally unfair to allow Optrex to funnel this material to defendants who have not yet produced their own logs and allow them to scrutinize and question Honeywell's log.

Honeywell has thus made two proposals to address this inequity. One proposal merely requires that Optrex agree not to share Honeywell's log with other defendants who have not yet produced their logs to Honeywell. The defendants note their desire to be treated individually, and this proposal is wholly consistent with that principle. (*See* Ms. Pascale's letter to Your Honor at p. 2) (D.I. 643 in C.A. No. 04-1338).

The second proposal involves a universal date for mutual exchange of logs for all parties. Optrex claims this scenario holds them hostage to the conduct of other defendants. This concern, however, is undercut by Optrex's express desire to coordinate its efforts with other defendants. Optrex cannot seek to act for the benefit of all defendants when it is unwilling to accept the consequences of the conduct of those defendants. Honeywell's proposal offers a pragmatic approach to the need to get all privilege logs exchanged in time for the defendants to have them for their stated purpose – in time for their *collaborative* 30(b)(6) deposition on issues relating to laches. (*Id.*)[1]

Honeywell is willing to produce its log under either circumstance noted above, but Optrex has indicated that these options are unacceptable. Honeywell would be pleased to provide the Court with additional information on either of these issues prior to or during the telephone conference.

Respectfully,

Thomas C. Grimm (#1098)

---

[1] For its part, within the last month Honeywell has reached out to defendants on two occasions in an attempt to negotiate exchange dates. As of the submission of this letter, only three defendants have responded to Honeywell's entreaties. All defendants committed to having their document production substantially complete by the end of October – a full month ago. It is Honeywell's position that, were they meeting their obligations pursuant to Fed. R. Civ. P. 26, all defendants would have their privilege logs ready for production.

The Honorable Kent A. Jordan
November 30, 2006
Page 3


cc:     Dr. Peter T. Dalleo, Clerk (via hand delivery)
        Matthew L. Woods, Esquire (via e-mail)
        Counsel for Non-Stayed Defendant Module Makers (via e-filing and e-mail)
        Seong Yoon Jeong (of BOE-Hydis) (via Federal Express)