# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HONEYWELL INTERNATIONAL INC. and HONEYWELL INTELLECTUAL PROPERTIES INC., <br><br> Plaintiffs, <br><br> v. <br><br> APPLE COMPUTER, INC., *et al.*, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) C.A. No. 04-1338-*** <br> (consolidated) <br><br><br><br> **JURY TRIAL DEMANDED** |

## NOTICE OF DEPOSITION OF PLAINTIFFS HONEYWELL INTERNATIONAL INC. AND HONEYWELL INTELLECTUAL PROPERTIES INC.

TO:   COUNSEL IDENTIFIED ON ATTACHED SERVICE LIST

PLEASE TAKE NOTICE that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure and pursuant to Delaware Local Rules 30.1 through 30.5, Defendants Hitachi Displays, Ltd., Fuji Photo Film Co., Ltd. (now FUJIFILM Corporation), Fuji Photo Film U.S.A., Inc. (now FUJIFILM U.S.A., Inc.), Arima Display Corporation, Optrex America, Inc., Samsung SDI America, Inc., Seiko Epson Corporation, Sanyo Epson Imaging Devices, Citizen Watch Co., Ltd, and Citizen Displays Co., Ltd. will take the deposition upon oral examination of plaintiffs Honeywell International Inc. ("HII") and Honeywell Intellectual Properties Inc. ("HIPI"), and specifically the witness or witnesses designated by HII and HIPI as officers, managing agents, directors, agents, employees or other person(s) who are most knowledgeable and can testify on their behalf with respect to each of the categories identified in Appendix A hereto, commencing at 9 a.m. on February 5, 2007 and proceeding day-to-day until complete, before a notary public or other officer duly authorized to administer oaths at Potter Anderson & Corroon LLP, Hercules Plaza, 6th Floor, 1313 N. Market Street,

Wilmington, DE 19899-0951, or such other location as mutually agreed upon by counsel. The deposition will also be videotaped.

PLEASE TAKE FURTHER NOTICE that HII and HIPI are requested to identify, on or before January 22, 2007, their designated witnesses and the matters to which each will testify.

You are invited to attend and cross-examine.

POTTER ANDERSON & CORROON LLP

Dated: December 29, 2006

By: /s/ David E. Moore
Richard L. Horwitz (#2246)
Philip A. Rovner (#3215)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
provner@potteranderson.com
dmoore@patteranderson.com

COUNSEL FOR DEFENDANTS,
Hitachi Displays, Ltd., Fuji Photo Film Co., Ltd., Fuji, Photo Film U.S.A., Inc., and Samsung SDI America, Inc.
and On Behalf of
Arima Display Corporation, Optrex America, Inc., Seiko Epson Corporation, Sanyo Epson Imaging Devices, Citizen Watch Co., Ltd., and Citizen Displays Co., Ltd.

Of Counsel:
Robert C. Scheinfeld, Esq.
Neil P. Sirota, Esq.
Robert L. Maier, Esq.
Baker Botts L.L.P.
30 Rockefeller Plaza, 44th Floor
New York, NY 10112-4498
Tel.: (212) 408-2500
Fax: (212) 408-2501
Counsel for Hitachi Displays, Ltd.

Of Counsel:
Lawrence Rosenthal
Matthew W. Siegal
Kevin Ecker
Angie Hankins
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, New York 10038
Tel.: (212) 806-5400
Fax: (212) 806-6102
Counsel for Fuji Photo
Film Co., Ltd.
and Fuji Photo Film U.S.A., Inc.

Of Counsel:
Stephen S. Korniczky
Elizabeth L. Brann
PAUL HASTINGS JANOFSKY & WALKER LLP
3579 Valley Centre Drive
San Diego, CA 92130
Tel: (858) 720-2500
Fax: (858) 720-2555
Counsel for Samsung SDI America, Inc.

Of Counsel:
Dan C. Hu
Diana M. Sangalli
TROP, PRUNER & HU, P.C.
1616 S. Voss Road, Suite 750
Houston, TX 77057
Tel: (713) 468-8880
Fex: (713) 468-8883
Counsel for Arima Display Corporation

Of Counsel:
Stuart Lubitz
Robert J. Benson
Hogan & Hartson
1999 Avenue of the Stars, Ste. 1400
Los Angeles, CA 90067
(310) 785-4629
Counsel for Seiko Epson Corporation and
Sanyo Epson Imaging Devices

Of Counsel:
Richard D. Kelly
Andrew M. Ollis
Alexander E. Gasser
Oblon, Spivak, McClelland, Maier
& Neustadt, P.C.
1940 Duke Street
Alexandria, Virginia 22314
Tel. No.: (703) 413-3000
Fax No.: (703) 413-2220
Counsel for Optrex America, Inc.

Of Counsel:
Stuart Lubitz
David Ben-Meir
Hogan & Hartson L.L.P.
1999 Avenue of the Stars
Suite 1400
Los Angeles, California 90067
Tel. No.: (310) 785-4600
Fax No.: (310) 785-4601
Counsel for Citizen Watch Co., Ltd,
and Citizen Displays Co., Ltd.

# APPENDIX A

## Definitions

A.   "HII" shall mean plaintiff Honeywell International Inc., and all divisions, departments, subsidiaries (whether direct or indirect), parents, affiliates, acquisitions, predecessors and entities controlled by any of them, whether domestic or foreign, including but not limited to, Allied Corporation, Bendix Corp., Honeywell Inc., Allied-Signal, and/or AlliedSignal and their respective present or former officers, directors, employees, owners, attorneys and agents, as well as consultants and any other persons acting or purporting to act on behalf of each such entity or person.

B.   "HIPI" shall mean plaintiff Honeywell Intellectual Properties Inc., and all divisions, departments, subsidiaries (whether direct or indirect), parents, affiliates, acquisitions, predecessors and entities controlled by any of them, whether domestic or foreign, including but not limited to, Allied Corporation, Bendix Corp., Honeywell Inc., Allied-Signal, and/or AlliedSignal and their respective present or former officers, directors, employees, owners, attorneys and agents, as well as consultants and any other persons acting or purporting to act on behalf of each such entity or person.

C.   "Plaintiffs" shall mean HII and HIPI both individually and collectively.

D.   "Defendants" shall mean AU Optronics Corp., AU Optronics Corporation America, All Around Co Ltd., Apple Computer Inc., Argus, Arima Display, BOE Technology Group Company Ltd., BOE-Hydis Technology Co Ltd., Beijing BOE Optoelectronics Technology Co Ltd., Casio Computer Co., LTD, Casio Inc., Citizen Displays Co Ltd, Citizen Systems America Corporation, Citizen Systems Europe, Citizen Watch Co Ltd, Concord Cameras, Dell Inc., Eastman Kodak Comp., Fuji Photo Film Co. Ltd., Fuji Photo Film U.S.A. Inc., Fujitsu America Inc., Fujitsu Computer Products of

1

America Inc., Fujitsu Limited, Hannstar Display Corporation, Hitachi Display Devices, Ltd., Hitachi Displays Ltd., Hitachi Electronic Devices (USA) Inc., Hitachi Ltd., Innolux Display Corporation, International Display Technology, International Display Technology USA Inc., Koninklijke Philips Electronics N.V., Kyocera Wireless Corp., M-Display Optronics Corp., Matsushita Electrical Corporation of America, Matsushita Electrical Industrial Co., Navman NZ Limited, Navman U.S.A. Inc., Olympus America Inc., Olympus Corporation, Optrex America Inc., Pentax Corporation, Pentax U.S.A. Inc., Philips Consumer Electronics North America, Philips Electronics North America Corporation, Picvue Electronics Limited, Quanta Display Inc., ST Liquid Crystal Display Corp., Samsung SDI America Inc., Samsung SDI Co Ltd., Seiko Epson Corporation, Sanyo Epson Imaging Devices, Sony Corp. of America, Sony Corporation, Sony Ericsson Mobile Communications (USA) Inc., Sony Ericsson Mobile Communications AB, Toppoly Optoelectronics Corp., Toshiba America Inc., Toshiba Corporation, Wintek Corp., Wintek Electro-Optics Corporation, and Wistron Corporation, individually and collectively.

E.   "LCD" shall mean liquid crystal display.

F.   "'371 patent" shall mean U.S. Pat. No. 5,280,371.

G.   "LCD Module" shall mean an LCD including a liquid crystal panel and other components for incorporation into another product to provide a viewable image to a user.

H.   "LCD Products" shall mean an LCD module and/or a product incorporating an LCD module, where such product is one of laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, and portable televisions, and/or portable game systems, and all similar products.

I.  "LCD Technology" shall mean technology related to the structure of LCDs and LCD Modules and the components thereof.

J.  "Others" shall mean any entity other than Plaintiffs.

## Topics

1. The conception and reduction to practice of the subject matter claimed in the '371 patent; documents relating thereto; the present and/or last known custody and location of documents relating thereto; the destruction of documents relating thereto; and the facts and circumstances surrounding said destruction and when such destruction took place.

2. The research and development of subject matter described and/or claimed in the '371 patent; documents relating thereto; the present and/or last known custody and location of documents relating thereto; the destruction of documents relating thereto; and the facts and circumstances surrounding said destruction and when such destruction took place.

3. Plaintiffs' document retention policies and the suspension of such policies in connection with this litigation.

4. The search for and collection of documents in response to discovery requests served by the Defendants in this action.

5. The relationship between Plaintiffs relating to the '371 patent, including, but not limited to, agreements relating to the '371 patent.

6. Licenses Plaintiffs have granted to any LCD Technology patents including, but not limited to, the '371 patent.

7. The relationship between Plaintiffs and LG.Philips LCD, Ltd. or other licensees relating to the '371 patent, including, but not limited to, all communications and agreements relating to the '371 patent.

8. Communications Plaintiffs have had with Defendants, licensees of Plaintiffs, or Others relating to the '371 patent.

9. The sale, offer for sale, public use and experimental use by Plaintiffs of any device within the scope of the claims of the '371 patent.

10. Marking by Plaintiffs of any device within the scope of the claims of the '371 patent.

11. The sale of LCD Products by any licensee of Plaintiffs, any measures taken by Plaintiffs to ensure that those products would be marked with the patent number of the '371 patent pursuant to 35 U.S.C. § 287, and whether those products were, in fact, marked with the patent number of the '371 patent pursuant to 35 U.S.C. § 287.

12. LCD Module and LCD Products, including the products manufactured by Defendants, that are alleged by Plaintiffs to fall within the scope of any claim of the '371 patent, and all testing or analyses performed on such products by Plaintiffs.

13. All testing and analysis performed on any LCD Module and LCD Products manufactured by Defendants.

14. All facts and circumstances relating to the basis for each of Plaintiffs' allegations of infringement and allegations that such infringement was willful as set forth in Plaintiffs' First Amended Complaint ¶¶ 100 and 101.

15. The facts and circumstances surrounding the preparation and prosecution of the application that led to the '371 patent before the United States Patent and Trademark Office ("PTO"), including any records, descriptions or reports thereof, the individuals involved, and the identity of anyone to whom the foregoing was communicated.

16. The facts and circumstances surrounding the decision not to file an application directed in whole or in part to the subject matter of the '371 patent in 1990 when the invention is alleged to have been reduced to practice or in 1991, including any records,

descriptions, reports, recommendations and disclosures related thereto, the individuals involved, the identity of anyone to whom the foregoing was communicated, and if any documents relating thereto have been destroyed, the circumstances of their destruction and when such destruction took place.

17.  The consideration, preparation and prosecution of all foreign counterparts to the '371 patent including any decision not to file such counterparts.

18.  The awareness of the inventors of the '371 patent, the attorneys who prepared and/or prosecuted the application that led to the '371 patent, and anybody substantively involved in the preparation and/or prosecution of the application that led to the '371 patent of any prior art, whether or not disclosed to the PTO in connection with the prosecution of the '371 patent, and the facts and circumstances surrounding said awareness of said prior art, documents reflecting such awareness, the destruction of documents reflecting such awareness, the circumstances surrounding the destruction of documents reflecting such awareness, and when such destruction took place.

19.  The decision during the prosecution of the '371 patent not to disclose to the PTO and the reasons why none of the inventors of the '371 patent, the attorneys who prepared and/or prosecuted the application that led to the '371 patent, or anybody else substantively involved in the preparation and/or prosecution of the application that led to the '371 patent disclosed to the PTO the article by H. Noda et al. entitled "High Definition Liquid Crystal Projection TV" (Japan Display, 1989, pp. 256-259) ("the Noda Article"), documents reflecting such decision and reasons, the destruction of documents reflecting such decision and reasons, the circumstances surrounding the destruction of documents reflecting such decision and reasons, and when such destruction took place.

20. The facts and circumstances surrounding the decision to file the application for the '371 patent, including any records, descriptions, reports, recommendations and disclosures related thereto, the individuals involved, the identity of anyone to whom the foregoing was communicated, and if any documents relating thereto have been destroyed, the circumstances of their destruction and when such destruction took place.

21. The awareness of the inventors of the '371 patent, the attorneys who prepared and/or prosecuted the application that led to the '371 patent, and anybody substantively involved in the preparation and/or prosecution of the application that led to the '371 patent of the prior art teachings or usage of rotation of at least one of more than one optical elements having a periodic structure as a technique to reduce or eliminate moire effects in optical displays, documents reflecting such awareness, the destruction of documents reflecting such awareness, the circumstances surrounding the destruction of documents reflecting such awareness, and when such destruction took place.

22. Plaintiffs' policies for licensing patents from 1994 to the present, including circumstances under which Plaintiffs will grant a license, the factors that Plaintiffs consider when deciding what terms to incorporate in such license, the amounts and royalty rates that Plaintiffs have either offered for such a license, and settlement of a patent, licensing, or trade secret dispute between Plaintiffs and any third party relating in any way to the production, use, import, export, or sale of LCD Products.

23. The organizational structure of Plaintiffs including, but not limited to, the engineering, research and development, marketing, sales, and/or customer service divisions, for each year from 1994 to the present including, but no limited to, the officers, directors, supervisors and/or managers of such divisions.

24. Plaintiffs' business, marketing and strategic plans related to any LCD Technology covered by any claim of the '371 patent.

25. The disclosure of the subject matter of the '371 patent, or of prior art to the '371 patent, to any third party (including, but not limited to, Fresnel Technologies and Japan Aviation Electronics), prior to filing of the application that led to the '371 patent, including any confidentiality agreements between Plaintiffs and any third parties concerning the disclosure of the subject matter of the '371 patent.

26. For any LCD Module and LCD Products that Plaintiffs sold or offered for sale prior to October 6, 2004, how those products and modules control their viewing angle or provide a predetermined variation of light transmission with viewing angle.

27. Prior to October 6, 2004, the extent to which Plaintiffs designed backlight components and assembled backlights to incorporate into any LCD Module or LCD Products sold or offered for sale by Plaintiffs.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on December 29, 2006, the within document was served via hand delivery and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

Philip A. Rovner
Potter Anderson & Corroon LLP
1313 N. Market Street
Hercules Plaza, 6th Floor
Wilmington, DE 19899
provner@potteranderson.com

John W. Shaw
Karen Keller
Young, Conaway, Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
jshaw@ycst.com
kkeller@ycst.com

Adam W. Poff
Young, Conaway, Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
apoff@ycst.com

Thomas C. Grimm
Leslie A. Polizoti
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
tgrimm@mnat.com
lpolizoti@mnat.com

William J. Wade
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899-0551
wade@rlf.com

Frederick L. Cottrell, III
Chad Michael Shandler
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899-0551
Cottrell@rlf.com
shandler@rlf.com

Thomas L. Halkowski
Fish & Richardson P.C.
919 N. Market St., Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
halkowski@fr.com

Francis DiGiovanni
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
fdigiovanni@cblh.com

| | |
|---|---|
| Amy Evans<br>Cross & Simon, LLC<br>913 N. Market Street, Suite 1001<br>P.O. Box 1380<br>Wilmington, DE 19899-1380<br>aevans@crosslaw.com | Robert J. Katzenstein<br>Smith, Katzenstein, & Furlow<br>800 Delaware Avenue, 7th Fl.<br>P.O. Box 410<br>Wilmington, DE 19899<br>rkatzenstein@skfdelaware.com |
| Karen L. Pascale<br>Young Conaway Stargatt & Taylor LLP<br>1000 West Street, 17th Floor<br>P.O. Box 391<br>Wilmington, DE 19899<br>kpascale@ycst.com | Arthur G. Connolly, III<br>Connolly Bove Lodge & Hutz LLP<br>The Nemours Building<br>1007 North Orange Street<br>P.O. Box 2207<br>Wilmington, DE 19899<br>ac3@cblhlaw.com |
| William J. Marsden, Jr.<br>Fish & Richardson, P.C.<br>919 N. Market Street, Suite 1100<br>P.O. Box 1114<br>Wilmington, DE 19899-1114<br>marsden@fr.com | Steven J. Balick<br>John G. Day<br>Ashby & Geddes<br>500 Delaware Avenue, 8th Floor<br>P.O. Box 1150<br>Wilmington, DE 19899<br>sbalick@ashby-geddes.com<br>jday@ashby-geddes.com |
| Paul A. Bradley<br>Thomas D. Walsh<br>McCarter & English, LLP<br>919 N. Market Street, Suite 1800<br>Wilmington, DE 19899<br>pbradley@mccarter.com<br>twalsh@mccarter.com | David J. Margules<br>John M. Seaman<br>Bouchard Margules & Friedlander, P.A.<br>222 Delaware Avenue, Suite 1400<br>Wilmington, DE 19801<br>dmargules@bmf-law.com<br>jseaman@bmf-law.com |
| Matthew Neiderman<br>Duane Morris LLP<br>1100 N. Market Street<br>Suite 1200<br>Wilmington, DE 19801<br>mneiderman@duanemorris.com | Monte Terrell Squire<br>Young Conaway Stargatt & Taylor LLP<br>1000 West Street, 17th Floor<br>P.O. Box 391<br>Wilmington, DE 19899<br>msquire@ycst.com |

3

Gary William Lipkin
Duane Morris LLP
1100 N. Market Street
Suite 1200
Wilmington, DE 19801
gwlipkin@duanemorris.com

By: /s/ David E. Moore
    Richard L. Horwitz
    David E. Moore
    Potter Anderson & Corroon LLP
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    P.O. Box 951
    Wilmington, DE 19899-0951
    (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

709365