IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HONEYWELL INTERNATIONAL INC. and<br>HONEYWELL INTELLECTUAL PROPERTIES INC., | )<br>)<br>) | |
| Plaintiffs, | )<br>) | C.A. No. 04-1338-***<br>C.A. No. 04-1337-*** |
| v. | ) | C.A. No. 04-1536-*** |
| APPLE COMPUTER, INC., et al., | )<br>)<br>) | |
| Defendants. | )<br>) | |

### NOTICE OF SUBPOENA DIRECTED TO DALE E. JEPSEN

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendants Fuji Photo Film Co., Ltd. and Fuji Photo Film U.S.A., Inc. (collectively "Fuji") are serving the attached subpoena on Dale E. Jepson, 6239 E. Monte Cristo Ave. Scottsdale, AZ 85254. Pursuant to the subpoena, Fuji will, by and through its undersigned counsel, take the deposition upon oral examination of Dale E. Jepsen, on February 21, 2007 at a place to be determined by mutual agreement. The deposition is for the purpose of discovery and evidentiary use and may be recorded by stenographic and videographic means. The deposition will continue from day to day until completed. You are invited to attend and cross-examine.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Lawrence Rosenthal
Matthew W. Siegal
Angie M. Hankins
Kevin C. Ecker
STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY 10038-4982
(212) 806-5400

Dated: January 19, 2007

By: /s/ Philip A. Rovner
    Philip A. Rovner (#3215)
    Hercules Plaza
    P.O. Box 951
    Wilmington, DE 19899
    (302) 984-6000
    provner@potteranderson.com

Attorneys for Defendants
Fuji Photo Film Co., Ltd. and
Fuji Photo Film U.S.A., Inc.

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA

HONEYWELL INTERNATIONAL INC. and
HONEYWELL INTELLECTUAL PROPERTIES, INC.
                Plaintiff,
- v. -
APPLE COMPUTER, INC., et al.,
                Defendants.

**SUBPOENA IN A CIVIL CASE**

PENDING IN THE U.S. DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

CASE NUMBER: 04-1338 (KAJ)

To:  Mr. Dale E. Jepsen
      6239 E Monte Cristo Ave
      Scottsdale, AZ 85254

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| To Be Determined | February 21, 2007 |

☐ YOU ARE COMMANDED to produce a witness having personal knowledge of the matters set forth in Schedule A of the attached Notice of Deposition to appear at the place, date and time specified below to testify at the taking of a deposition in the above case.

| PLACE: TO BE DETERMINED | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the documents or objects listed in Schedule A attached hereto, at the place, date, and time specified below.

| PLACE: Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, NY 10038-4982 | DATE AND TIME: February 12, 2007 at 5 pm |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES: | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this proceeding case that is subpoenaed for the taking of a deposition shall designate one or more officers, directors or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Fed.R.Civ.P. 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| Attorney for Defendant Fuji Photo Film Co., Ltd | January 18, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Ian G. DiBernardo, 180 Maiden Lane, New York, NY 10038-4982 (212) 806-5400

Case 1:04-cv-01338-JJF   Document 689   Filed 01/19/2007   Page 3 of 13

## PROOF OF SERVICE

| SERVED | DATE | PLACE |
|---|---|---|
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Fed.R.Civ.P., Parts (C) & (D)

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect this premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice is to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed and or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applied, or

(iv) subject a person to undue burden.

(B) If a subpoena

(i) require disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## **SCHEDULE A**

## **DEFINITIONS**

As used in this Subpoena the terms listed below are defined as follows:

1. The terms "person" or "persons" mean any natural person, corporation, partnership, association, organization, or group of natural persons, including but not limited to any employee, officer, director, consultant, independent contractor, agent, attorney or representative of any of them.

2. The terms "you" or "your" refer to Dale E. Jepsen as well as anyone working with or at the direction of Dale E. Jepsen.

3. The terms "thing" and "things" refer to any material object, such as samples, prototypes, packaging samples, models, illustrations of physical and chemical phenomena, and photographs, montages, movies or videotapes of physical objects, and electronic representations of any of the above.

4. Unless otherwise specified herein, "relates to" and "refers to" shall be used interchangeably to mean concerning, comprising, involving, directed to, created by, sent to, received by, copied to, responsible for, or in any way logically or factually connected to the subject of the request.

5. The words "document" or "documents" shall be used in their broadest sense and shall include, but are not limited to, any tangible thing capable of storing information, including but not limited to the following items, whether printed, typed or recorded or reproduced by hand or electronically, magnetically, optically or in any graphic manner of any kind or nature however produced or reproduced, whether sent or received or neither, whether within the actual or

1

constructive possession, custody, or control of any agent, employee, consultant, or any other person acting or purporting to act on behalf of you, including drafts and copies bearing notations or marks not found on the original, and includes, but is not limited to:

1. all letters or other forms of correspondence or communication, including envelopes, notes, telefaxes, telegrams, cables, electronic mail messages, telex messages, and telephone messages (including reports, notes, notations and memoranda of or relating to any telephone conversations or conferences or personal interviews);

2. all memoranda, laboratory notebooks, research reports, speeches, reports, financial statements or reports, appraisals, estimates, sales proposals, RFQ or RFP responses, notes, transcripts, tabulations, ledgers, studies, analyses, evaluations, projections, work papers of any type, corporate records or copies thereof, lists, comparisons, questionnaires, surveys, charts, graphs, maps, diagrams, summaries, tables, indexes, extracts, statistical records, compilations, reports and/or summaries of investigations, testing or analyses, marginal notations, all desk calendars, appointment books, diaries;

3. all books, manuscripts (whether submitted for publication or not), press releases, magazines, newspapers, booklets, brochures, sales support materials, training materials, pamphlets, circulars, bulletins, notices, speeches, instructions, manuals, and articles;

4. all minutes, transcripts, notes, presentation material, and memoranda of meetings;

5. all photographs, drawings, microfilms, tapes or other recordings, punch cards, magnetic tapes, magnetic disks, optical or magneto-optical disks, print-outs, and other data compilations from which information can be obtained, and any other information recorded in or on any medium whatsoever; and

6. all contracts, agreements, understandings, representations, warranties.

6. The words "and", "and/or", and "or" shall each be deemed to refer to both their conjunctive and disjunctive meanings. The words "all" and "any" shall mean "each and every" as well as "any one". The masculine gender shall be deemed to include the feminine and the neuter where appropriate, the singular, the plural, and vice versa.

7. The term "Honeywell" shall refer to Honeywell International, Inc. and Honeywell Intellectual Properties Inc., and all divisions, departments, subsidiaries (whether direct or

SSL-DOCS1 1765219v1

indirect), parents, affiliates, acquisitions, predecessors and entities controlled by any of them, whether domestic or foreign, including but not limited to, Allied Corporation, Bendix Corp., Honeywell Inc., Allied-Signal, and/or AlliedSignal and their respective present or former officers, directors, employees, owners, attorneys and agents, as well as consultants and any other persons acting or purporting to act on behalf of each such entity or person.

# INSTRUCTIONS

1. These requests shall apply to all documents and things in your possession, custody or control at the present time or coming into your possession, custody or control. If you know of the existence, past or present, of any document or thing requested below, but are unable to produce such document or thing because it is not presently in your possession, custody, or control, you shall so state and shall identify such document or thing, and the person who now has or lost his possession, custody or control of the document or thing.

2. All documents that respond, in whole or in part, to any request are to be produced in their entirety, without abbreviation or expurgation, including all attachments or other matters affixed thereto.

3. If no documents are responsive to a particular request, you are to state that no responsive documents exist.

4. All documents shall be produced either in order of Request or in the manner that they are kept in the usual course of business. Whenever a document or group of documents is removed from a file folder, binder, file drawer, file box, notebook, or other cover or container, a copy of the label or other means of identification of such cover or other container shall be attached to the document.

5. If any document requested has existed, but has been lost, destroyed, or is no longer within your possession, custody or control, identify those documents and describe the document, its author(s), the recipients(s) or addressee(s), the subject matter and content. Further, if the document has been destroyed, state with particularity the date and circumstances surrounding the

reasons for its destruction, and identify the last known custodian of the document and each person who has knowledge of the contents, loss or destruction of any such document.

    6. In the event that any document identified in these Requests is subject to any claim of privilege (including work product), you shall furnish a list identifying each such document by:

    7. identifying the person who prepared or authored the document and, if applicable, the persons who sent the document or thing and to whom the document (including copies) or thing was sent and the dates on which the document or thing was prepared and transmitted, identifying persons who prepared, sent and/or received the document or thing as required in the accompanying Definitions;

    8. describing the nature of the document or thing (e.g., letter, inter-office memorandum, telegram, notes, etc.) and, to the extent possible, the subject matter thereof;

    9. identifying any and all attachments or enclosures appurtenant to such documents;

    10. stating briefly the nature of the privilege asserted; and

    11. producing any non-privileged portions, attachments or enclosures to any such privileged document, and identifying the portion(s) of the document to which privilege is claimed.

    7. If, subsequent to the date you produce documents responsive to these requests you discover or receive documents that are responsive to any request herein, promptly produce all such additional documents to the full extent required by the Federal Rules of Civil Procedure and the Local Rules of the District Court.

    8. Each document is to be produced along with all drafts and copies having annotations different from those on other copies, without abbreviation or redaction.

## REQUESTS

1. All documents and things relating or referring to the preparation, filing, delay in filing and prosecution of the patent application that resulted in U.S. Patent No. 5,280,371 and all related U.S. and foreign patent applications, including without limitation invention disclosure documents, prosecution histories, draft applications, prior art, scientific articles or publications, and translations of any such documents.

2. All documents and things relating or referring to the preparation and prosecution of patent applications prior to January 18, 1994, whether or not such patent applications were filed with the U.S. Patent and Trademark Office, relating to Liquid Crystal Display (LCD) technology.

3. All documents and things relating or referring to prior art to U.S. Patent No. 5,280,371 discovered prior to January 18, 1994, including without limitation any prior art searches conducted and any prior art discussed in any opinion rendered, regarding the patentabilty or enforceability of U.S. Patent No. 5,280,371.

4. All documents and things relating or referring to the article entitled "High Definition Liquid Crystal Projection TV" written by H. Noda, et al. (attached hereto as Exhibit 1) and any version or draft thereof, including without limitation, all documents and things relating or referring to the extent and timing of your knowledge of the article.

5. All documents and things relating or referring to the article entitled "Directional Diffuser Lens Arrary for Backlit LCDs" written by R.I. McCartney and D. Syroid (attached hereto as Exhibit 2) and any version or draft thereof, including without limitation, all documents and things relating or referring to the extent and timing of your knowledge of the article.

6. All documents and things relating or referring to communications between you and any of the listed inventors on U.S. Patent No. 5,280,371 regarding the preparation, filing, delay in filing, and prosecution of the patent application that resulted in U.S. Patent No. 5,280,371.

7. All documents and things relating or referring to communications between you and any of the listed inventors on U.S. Patent No. 5,280,371 relating to LCD technology.

8. All documents and things relating or referring to the conception and reduction to practice of the alleged invention found in U.S. Patent No. 5,280,371.

9. All documents and things relating or referring to LCD technology, including without limitation, products, patents or publications, that you were aware of prior to January 18, 1994.

10. All documents and things relating or referring to moiré effect or rotation of at least one of more than one optical elements having a periodic structure, including without limitation, products, patents or publications, that you were aware of before January 18, 1994.

11. All documents and things relating or referring to the enforcement, licensing, valuation, analysis or investigation of U.S. Patent No. 5,280,371 or of the alleged invention thereof.

12. All documents and things relating or referring to the making, commercialization, sale, offer for sale, public use and experimental use of any device within the scope of the claims of U.S. Patent No. 5,280,371 by Honeywell.

13. All documents and things relating or referring to your knowledge of whether the alleged invention of U.S. Patent No. 5,280,371 was offered for sale or disclosed prior to July 9,

1992, including without limitation any analysis or inquiry conducted to make such a determination.

14. All documents and things relating or referring to the decision not to file an application directed in whole or in part to the subject matter of U.S. Patent No. 5,280,371 prior to July 9, 1992, including without limitation any records, descriptions, reports, recommendations and disclosures related thereto.

15. All documents and things relating or referring to Honeywell's procedures and policies relating to the preparation and/or filing of patent applications during the period of 1989 through 1994, including without limitation those relating or referring to invention disclosures and the selection of disclosures or other sources of information as the basis for patent filings.

16. All documents and things relating or referring to U.S. Patent No. 5,280,371 and the application that resulted in U.S. Patent No. 5,280,371.

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, hereby certify that, on January 19, 2007, the within document was electronically filed with the Clerk of the Court using CM-ECF which will send notification of such filing to the following; the document was served by E-mail on the following; and the document is available for viewing and downloading from CM-ECF:

| | |
|---|---|
| Thomas C. Grimm, Esq.<br>Leslie A. Polizoti, Esq.<br>Morris, Nichols, Arsht & Tunnell<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899-1347<br>tgrimm@mnat.com<br>lpolizoti@mnat.com | Thomas L. Halkowski, Esq.<br>Fish & Richardson P.C.<br>919 N. Market Street<br>Suite 1100<br>P.O. Box 1114<br>Wilmington, DE 19899<br>halkowski@fr.com |
| William J. Wade, Esq.<br>Richards, Layton & Finger<br>One Rodney Square<br>P.O. Box 551<br>Wilmington, DE 19899<br>wade@rlf.com | Richard L. Horwitz, Esq.<br>David E. Moore, Esq.<br>Potter Anderson & Corroon LLP<br>Hercules Plaza<br>P.O. Box 951<br>Wilmington, DE 19899<br>rhorwitz@potteranderson.com<br>dmoore@potteranderson.com |
| Robert J. Katzenstein, Esq.<br>800 Delaware Avenue, 7th Fl.<br>P.O. Box 410<br>Wilmington, DE 19899<br>rkatzenstein@skfdelaware.com | Karen L. Pascale, Esq.<br>Young, Conaway, Stargatt & Taylor, LLP<br>The Brandywine Bldg., 17th Fl.<br>1000 West Street<br>Wilmington, DE 19801<br>kpascale@ycst.com |

| | |
|---|---|
| Gary William Lipkin, Esq.<br>Duane Morris LLP<br>1100 N. Market Street<br>Suite 1200<br>Wilmington, DE 19801<br>gwlipkin@duanemorris.com | David J. Margules, Esq.<br>John M. Seaman, Esq.<br>Bouchard Margules & Friedlander, P.A.<br>222 Delaware Avenue, Suite 1400<br>Wilmington, DE 19801<br>dmargules@bmf-law.com<br>jseaman@bmf-law.com |

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899
(302) 984-6000
E-mail: provner@potteranderson.com

759311