# Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HONEYWELL INTERNATIONAL INC., and HONEYWELL INTELLECTUAL PROPERTIES INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 04-1337-KAJ (Consolidated) |
| v. | ) ) ) | |
| AUDIOVOX COMMUNICATIONS CORP., AUDIOVOX ELECTRONICS CORPORATION, NIKON CORPORATION, NIKON, INC., NOKIA CORPORATION; NOKIA INC., SANYO ELECTRIC CO., LTD., and SANYO NORTH AMERICA CORPORATION, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| SEIKO EPSON CORPORATION, | ) ) | |
| Intervenor. | ) ) ) | |
| HONEYWELL INTERNATIONAL INC., and HONEYWELL INTELLECTUAL PROPERTIES INC., | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | Civil Action No. 04-1338-KAJ |
| APPLE COMPUTER, INC.; ARGUS A/K/A HARTFORD COMPUTER GROUP, INC.; CASIO COMPUTER CO., LTD.; CASIO, INC.; CONCORD CAMERAS; DELL INC.; EASTMAN KODAK COMPANY; FUJI PHOTO FILM CO., LTD.; FUJI PHOTO FILM U.S.A., INC.; FUJITSU LIMITED; FUJITSU AMERICA, INC.; FUJITSU COMPUTER PRODUCTS OF AMERICA, INC.; KYOCERA WIRELESS CORP.; MATSUSHITA ELECTRICAL INDUSTRIAL CO.; MATSUSHITA ELECTRICAL CORPORATION OF AMERICA; NAVMAN NZ LIMITED; NAVMAN U.S.A. INC.; OLYMPUS CORPORATION; OLYMPUS | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |



AMERICA, INC.; PENTAX CORPORATION; )
PENTAX U.S.A., INC.; SONY CORPORATION; )
SONY CORPORATION OF AMERICA; SONY )
ERICSSON MOBILE COMMUNICATIONS AB; )
SONY ERICSSON MOBILE )
COMMUNICATIONS (USA) INC.; TOSHIBA )
CORPORATION; and TOSHIBA AMERICA, )
INC., )
   )
        Defendants. )
   )
SEIKO EPSON CORPORATION, )
   )
        Intervenor. )
_____ )

OPTREX AMERICA, INC., )
   )
        Plaintiff, )
   )
       v. )           Civil Action No. 04-1536-KAJ
   )
HONEYWELL INTERNATIONAL INC., and )
HONEYWELL INTELLECTUAL PROPERTIES )
INC., )
   )
        Defendants. )

## MEMORANDUM ORDER

In these consolidated cases, Honeywell International, Inc. and Honeywell

Intellectual Properties, Inc. (collectively "Honeywell") have sued 35 defendants, C.A.

Nos. 04-1338-KAJ and 04-1337-KAJ, and have been sued in turn, C.A. No. 04-1536-

KAJ.  Several third-party defendants have also been brought into the fray.  In all of the

cases, the underlying issue is whether Liquid Crystal Display ("LCD") modules

incorporated into consumer electronics products infringe Honeywell's U.S. Patent No.

5,280,371 (the "'371 patent" or "patent-in-suit").  The extraordinary number of

defendants includes many who are retailers of products that incorporate LCD modules, or are consumer device manufacturers that only acquire LCD modules from other manufacturers, rather than being manufacturers of the modules themselves.[1]  Given that number and variety of defendants, I have attempted for several months to bring the parties to a consensus position on how best to organize the cases so that the litigation can proceed on an efficient and appropriate basis, with suit proceeding against the Manufacturers in the first instance.  (See D.I. 119 in C.A. 04-1337-KAJ.)

Among other things, on May 18, 2005, I issued a Memorandum Order stating that "large-scale litigation like this requires the business and strategic legal interests of the plaintiff to cede some ground to case management imperatives." (Id. at 7.)  I ruled that dealing first with the Manufacturers "is the fairest and most efficient way to proceed." (Id. at 8.)   To that end, I stayed the cases against the Non-manufacturer Defendants, with the exception of permitting Honeywell to take some limited discovery to determine the identity of Manufacturers whom it may wish to  sue as infringers.  I ordered the parties "to confer and provide me with proposed language respecting permissible discovery activities directed at the non-manufacturer defendants during the stay." Unfortunately, despite two in-person conferences with counsel, which involved literally dozens of attorneys, and despite the direction given in the Memorandum Order

---

[1]For ease of reference, I will refer herein to the manufacturers of LCD modules as the  "Manufacturers," and to the retailers and the consumer device manufacturers as the "Non-manufacturer Defendants".  These definitions do not pertain to third-party defendants.  For case organization and scheduling purposes, those defendants who are both consumer device manufacturers and manufacturers of LCD modules shall be treated as Non-manufacturer Defendants only to the extent that they do not manufacture LCD modules in certain of their products; otherwise they shall be treated as Manufacturers, unless otherwise ordered.

in May, these cases are still not progressing. It is apparent that I have not been

sufficiently clear in previous statements to guide the parties toward a mutually

acceptable resolution of the allowable discovery against the Non-manufacturer

Defendants. I now have a request from Honeywell seeking yet another in-person

conference of the parties and the court. (D.I. 139.) Because I do not believe further

discussion will be productive and will only increase the substantial costs associated with

these cases, I will not again convene the platoons of attorneys involved. Instead, I am

providing the following direction[2] and schedule for discovery against the Non-

manufacturer Defendants.

       IT IS HEREBY ORDERED that:

---

[2]The directions given here are consistent with what I have previously told the parties. During the last conference with the counsel, I stated:

      I said in the order that I put out last May that Honeywell was required to specifically identify accused products. And that's what I meant. Not that Honeywell was entitled to say, you know, we think all your cellular phones infringe so we want you to tell us everything about all your cellular phones. What I mean is if you've got a basis for believing that a manufacturer's cellular phones are infringing, and I mean you can say we've done this tear-down on these specific products and these things appear to us to infringe, well, then you are absolutely entitled to conduct additional discovery with respect to those products, that is, were earlier generations than the one you tore down. Also, have they come out with subsequent generations of that same model which could also be infringing?

      But what you are not entitled to do is to say you manufacture 15 different kinds of cell phones. We tore down three. Tell us about your other 12. Because I agree with the defendants that now what you are doing is you are telling manufacturers, you know what? You got one or two things that are bad. We want to you do an analysis of everything you make and tell us whether you are guilty on those fronts, too; and that is not what the law requires, and it's not what I'm going to require them to do.

      If you want to go out, you want to buy them, you want to do the tear-downs, you want to get information that prompts you to be able to say "now I know that this specific model also infringes," then you can certainly do that. And then you would be in an area where you could be requiring additional discovery from them. But to ask them to come forward in the first instance, which is what it really comes down to, is not right. (Transcript of September 9, 2005 Conference, at pp. 27-29.)

1. Within 21 days, each Non-manufacturer Defendant shall provide to Honeywell the identity of the Manufacturers of LCDs incorporated into that Defendant's products and product lines which have been identified by Honeywell with specificity (e.g., by make and model number). To the extent Honeywell identifies the products in which the so-called "unknown" modules are incorporated, as referred to in Honeywell's May 27, 2005 letter proposal to defense counsel (see D.I. 135 at p. 3, ¶ 2; D.I. 138 at p. 1, ¶ 1), the Non-manufacturer Defendants shall also identify the Manufacturers of those modules. The information to be provided to Honeywell shall include the following: (a) an identification of the supplier and LCD module number for the products Honeywell has specifically identified as infringing the patent-in-suit; (b) an identification of other versions (i.e., earlier or later generations) of the specifically identified products that utilize the same LCD module as in the specifically identified products, or other versions of the same LCD module, if any; and (c) an identification of other versions of the identified products that include other LCD modules with substantially the same structure as the LCD module or modules contained in the specifically identified products, if any. To the extent a Non-manufacturer Defendant and Honeywell have already reached a mutually agreeable basis for the exchange of information about Manufacturers, this paragraph 1 shall not apply to that Non-manufacturer Defendant.

2. Within 30 days, Honeywell shall file an amended complaint, or a new complaint to be added to these consolidated cases, in which, consistent with the obligations imposed by the Federal Rules of Civil Procedure, Honeywell names as defendants any Manufacturers it wishes to accuse of infringing the patent-in-suit.

5

3. Except for the Non-manufacturer Defendants that have resolved their disagreements with Honeywell concerning information exchange, within 7 days after receipt of a service copy of an amended or new complaint as referenced above, each Non-manufacturer Defendant shall forward a copy of such amended or new complaint to the newly sued Manufacturers who supply LCD modules to that defendant. At the same time, such Non-manufacturer Defendants shall forward the contact information for Honeywell's attorneys of record in these consolidated cases and provide to the Manufacturers copies of this Memorandum Order and the May 18, 2005 Memorandum Order, emphasizing the public interest in having Honeywell's infringement claims tested first in litigation against the LCD module Manufacturers. The Non-manufacturer Defendants shall use reasonable, good-faith efforts to persuade the Manufacturers that supply them with allegedly infringing LCD modules to waive formal service of process and to accept service of the amended or new complaint directly from Honeywell's attorneys of record. Any Manufacturer that waives formal service and accepts such service shall have 90 days to answer, move, or otherwise plead, as provided in Federal Rule of Civil Procedure 12(a)(1)(B).

4. Upon compliance with sections 1 through 3 above, the suits against the Non-manufacturer Defendants shall be entirely stayed. The stay shall be without prejudice to Honeywell's seeking an order for further discovery from the Non-manufacturer Defendants, subject to any agreement Honeywell may have with any such defendant concerning discovery.

5. Upon appearance of all Manufacturers named in the amended or new complaints, or such earlier time as agreed upon by Honeywell, Optrex America, Inc.,

6

and Seiko Epson Corporation, those Manufacturers who have appeared as defendants in the consolidated cases, shall promptly meet with Honeywell, Optrex America, Inc., and Seiko Epson Corporation to discuss a schedule for remaining pretrial activities and shall report to the court with a joint proposed scheduling order to govern the remaining pretrial activities with respect to those parties.

6. In any event, a report on progress toward establishing a schedule for bringing to trial claims against Manufacturers shall be submitted no later than January 9, 2006.

UNITED STATES DISTRICT JUDGE

October 7, 2005
Wilmington, Delaware