

Potter
Anderson
&Corroon LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

**Philip A. Rovner**
Partner
provner@potteranderson.com
302  984-6140  Direct Phone
302  658-1192  Fax


January 24, 2007


**BY E-FILE**

The Honorable Mary Pat Thynge
Magistrate Judge
United States District Court
U.S. Courthouse
844 N. King Street
Wilmington, DE  19801

   Re:  Honeywell International, Inc., *et al.*, v. Apple Computer, Inc., *et al.*,
      D. Del., C.A. No. 04-1338-***

Dear Magistrate Judge Thynge:

     We write on behalf of the Manufacturer Defendants in response to Your Honor's

order of January 18 requesting the parties' respective positions regarding the efficient handling

of the remainder of this large, multi-defendant patent infringement action.  Specifically, we write

in support of our proposal to defer expert reports on damages until after completion of the initial

jury trial, which Judge Jordan limited to the issues of validity and enforceability of the patent-in-

suit.  For reasons that will lead only to case management inefficiencies, Honeywell opposes any

such postponement.  Indeed, it appears that, in addition to its desire to proceed with expert

discovery on damages notwithstanding that damages is not a "first trial" issue, Honeywell seeks

The Honorable Mary Pat Thynge
January 24, 2007
Page 2

to lift the stay of its claims against the Customer Defendants, which has been in place for more than one year.[1]

As Your Honor is aware, the patent-in-suit, the '371 patent, was filed on July 9, 1992 and issued January 18, 1994. Honeywell waited until October 6, 2004 (more than ten years later) to assert its patent against the initial defendants (both manufacturer and customer defendants) and another year to assert the patent against the new Manufacturer Defendants. Honeywell's long delay in asserting the '371 patent against the defendants compounded the normal problem of finding prior art and relevant contemporaneous third-party work in the field at issue. Not only did this delay impact on validity and enforceability discovery, it created an impact on many of the party-specific issues of the Manufacturer Defendants, such as infringement, laches, damages and willfulness.

In Judge Jordan's Order of May 18, 2005 (D.I. 202) (Ex. A hereto), he stayed this case as to "customer defendants" and set out a procedure whereby they would be replaced by their suppliers after this process was completed. In his March 28, 2006 Scheduling Order (D.I. 376) (Ex. B hereto), after the procedure for identifying and providing Manufacturer Defendants was essentially completed, Judge Jordan recognized the difficulties confronting the large number of Manufacturer Defendants in preparing for, and participating in, the trial of this action. Indeed, during the March 13 hearing on the parties' respective scheduling proposals, the Court expressly

---

[1] For many of the same reasons that support postponing expert reports on damages (not the least of which is that damages will not be tried, if it is tried at all, until after the initial trial), the Manufacturer Defendants oppose Honeywell's request to lift the stay as to the Customer Defendants and respectfully refer the Court to the letter submitted today by the Customer Defendants in support of a continued stay. Please note that several of the Manufacturer Defendants are what were classified as hybrids, both manufacturing or assembling LCD modules and buying such modules from third parties. The portion of this case relating to such hybrid defendants' third party modules has also been stayed.

The Honorable Mary Pat Thynge
January 24, 2007
Page 3

rejected Honeywell's trial approach (trial on all issues against all defendants). Instead, Judge

Jordan adopted the approach advocated by the majority of Manufacturer Defendants: a first trial

on common issues. *See* March 13, 2006 Hearing Tr. at 32 (Ex. C hereto).

Accordingly, paragraph 18 of the Scheduling Order provides for an initial jury

trial on the issues of validity and enforcement of U.S. Patent No. 5,280,371 involving only the

Manufacturer Defendants. Following that trial, Judge Jordan was to decide how the remaining

issues (*e.g.*, infringement, laches, damages, willfulness) were to be tried, to the extent they

survive the first trial.

Paragraph 3(d) of the Order provides that:

> Unless otherwise agreed to by the parties, they shall file their initial Federal Rule of Civil
> Procedure 26(a)(2) disclosures of expert testimony on or before ninety (90) days before
> the date of completion of discovery, and file a supplemental disclosure to contradict or
> rebut evidence on the same subject matter identified by another party on or before forty-
> five (45) days before the date for the completion of discovery.

As the foregoing deadline approached, it became clear that it would be a waste of

time, money and effort to produce damages expert reports at this early stage of the case. To the

extent a second trial or trials become necessary, supplemental discovery on damages and

supplemental damages expert reports would, inevitably, be required. To the extent products and

defendants are eliminated from the case by summary judgment or as a result of the first trial, the

initial damages expert reports would have been unnecessary, in whole or in part.

In view of the foregoing, the Manufacturer Defendants propose to defer only

damages expert reports until after the results of the initial trial are known and the Court sets a

schedule for the conduct of the next stage of this case. Damages discovery would be completed

and technical expert reports would be exchanged in accordance with the existing Scheduling

The Honorable Mary Pat Thynge
January 24, 2007
Page 4

Order (as amended to extend all deadlines by three months as proposed by Plaintiffs and the

Manufacturer Defendants).

The Manufacturer Defendants, through Lawrence Rosenthal (counsel for the Fuji

Defendants), have met and conferred with Matthew Woods, counsel to Plaintiffs, but Plaintiffs

have refused to agree to the Manufacturer Defendants' common sense approach to expert

damages discovery. Rather, it is now clear that Plaintiffs oppose the Manufacturer Defendants'

proposal because Plaintiffs seek a more fundamental change in the schedule: the reintroduction

of the stayed customer defendants. The Manufacturer Defendants, which advocated the two-step

trial schedule adopted by Judge Jordan over the vigorous objections of the Plaintiffs, oppose any

such fundamental change in the Scheduling Order, especially at this late date.[2]

Respectfully,

/s/ Philip A. Rovner

Philip A. Rovner

PAR/mes/774064
Enc.
cc:  All Local Counsel of Record – By ECF

---

[2] Aside from Mr. Woods' mention, without explanation, that Plaintiffs were contemplating a
"fundamental change" in the schedule, and Mr. Rosenthal's advice that the Manufacturer
Defendants would oppose any "fundamental change" in the schedule, the meet and confer
between Mr. Rosenthal and Mr. Woods on the 3-month extension and damages expert report
issues did not deal with a lifting of the stay applicable to customer defendants.