IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HONEYWELL INTERNATIONAL INC. and HONEYWELL INTELLECTUAL PROPERTIES INC., <br><br>Plaintiffs,<br><br>v.<br><br>APPLE COMPUTER, INC., *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)  C.A. No. 04-1338-***<br>)  (consolidated)<br>)<br>)  **JURY TRIAL DEMANDED**<br>)<br>) |

## CITIZEN WATCH CO., LTD. AND CITIZEN DISPLAYS CO., LTD.'S OBJECTIONS TO PLAINTIFFS' NOTICE OF RULE 30(b)(6) DEPOSITION

Defendants Citizen Watch Co., Ltd. and Citizen Displays Co., Ltd. (hereinafter collectively referred to as "Citizen"), by their attorneys, submit the following General and Specific Objections to Plaintiffs Honeywell International, Inc.'s and Honeywell Intellectual Properties Inc.'s (collectively "Honeywell") Notice of Rule 30(b)(6) Deposition of Citizen.

### GENERAL OBJECTIONS

1. Citizen objects to the instructions and definitions provided by Honeywell to the extent they purport to impose obligations on Citizen that are beyond what is required by the Federal Rules of Civil Procedure, the Court's Local Rules, Orders issued in this case, and applicable case law.

2. Citizen objects to the time and location of the deposition, in part because the notice of deposition provides only three dates and times for the deposition (January 10-12, 2007, at 9:00 a.m.) and a location that is overly burdensome for the intended deponent(s). Subject to its objections, Citizen will make available representatives at a mutually agreeable time and place.

1

3. Citizen further objects to the Deposition Topics to the extent they are vague, ambiguous, and/or fail to describe with reasonable particularity the matters on which examination is requested. The level and specificity of the knowledge for which Citizen will be able to prepare a witness to testify is necessarily commensurate in scope with the specificity of the Deposition Topics.

4. Citizen further objects to the Deposition Topics to the extent they seek information protected from disclosure by attorney-client privilege, work product immunity, or other applicable privilege.

5. Citizen further objects to the Deposition Topics to the extent they seek confidential and/or proprietary information, including the proprietary information of third parties provided to Citizen under confidentiality obligations.

6. Citizen further objects to the Deposition Topics to the extent that they assume facts that are not accurate, not known to Citizen, or not relevant to the claims and defenses in this litigation.

7. Citizen further objects to the Deposition Topics to the extent that the information requested therein is not within the possession, custody, or control of Citizen.

8. Citizen further objects to the Deposition Topics to the extent they are cumulative and/or duplicative.

9. Citizen further objects to the Deposition Topics to the extent that they call for legal conclusions.

10. Citizen objects to Honeywell's definition of "Citizen," "you," or "you" to the extent these terms potentially include entities or persons outside the possession, custody, or control of Citizen. Citizen interprets "Citizen," "you," or "your" to mean Citizen Watch Co., Ltd. and Citizen Displays Co., Ltd.

11.     Citizen objects to Honeywell's definition of "your corporate organization" to the extent it includes entities or persons outside the control of Citizen. Citizen interprets "your corporate organization" to mean just Citizen Watch Co., Ltd. and Citizen Displays Co., Ltd.

12.     Citizen's responses will be based on Citizen's present knowledge, information, and belief, and may be subject to change or modification based on Citizen's further discovery, or on facts or circumstances that may come to Citizen's knowledge.

13.     Citizen objects to Honeywell's definition of "Document" to the extent it includes materials produced by another in this litigation that Citizen is precluded from viewing under the terms of the governing Protective Order.

14.     Citizen objects to the Time Period as overbroad as Citizen has no information of any Accused Module possibly entering the United States until December, 2004. Citizen first began selling the accused LCD part outside of the United States in 2004. The relevant time frame is 2004 to the present, and Citizen's responses to all deposition topics will be limited accordingly, unless otherwise stated.

15.     Citizen objects to the definition of "Accused Module" or "Accused Modules" as overbroad to the extent that these terms are not limited to the one model of products identified by the Plaintiffs as made or sold by Citizen that Plaintiffs accuse of infringement, namely, the module designated K1122H-HL. Plaintiffs' definition of "Accused Module(s)" extends discovery beyond the limits previously ordered by the Court (see Judge Jordan's October 7, 2005 Order), especially with respect to subsection (3). Accordingly, Citizen will respond to the Notice as to this one module (the "Accused Module") that Honeywell has identified as infringing together with any generational changes, as that term is understood by Citizen. Citizen will also respond to the Notice as to the additional modules designated as L1084H-HL and L1084H-HL0001, which have not been accused by Honeywell. Citizen is unaware of these modules ever being sold in or imported into the United States.

16. Insofar as any of Honeywell's deposition topics seek information to which the foregoing General Objections apply, specification of, or failure to, note particular General Objections is not a waiver of those or other General Objections with respect to any specific topic.

## SPECIFIC OBJECTIONS

**Topic No. 1:**

Your corporate organization and structure, including the identity of departments, affiliates, groups and individuals with decision-making authority regarding the design, manufacture and distribution of LCD modules.

**OBJECTIONS AND RESPONSE:**

Citizen objects to this topic as overly broad and unduly burdensome to the extent it requires identification of "corporate organization and structure" for a period of time prior to 2004. Citizen objects to this topic as seeking information neither relevant to any claim or defense in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Citizen will only produce a witness to testify regarding this subject insofar as the testimony involves the K1122H-HL, L1084H-HL, and L1084H-HL0001 modules.

Subject to the foregoing General and Specific Objections, Citizen will produce one or more witnesses to testify about Citizen's corporate structure in the requested areas as limited to the K1122H-HL, L1084H-HL, and L1084H-HL0001 modules at a mutually agreeable date and place.

**Topic No. 2:**

All communications between you and any third party regarding Honeywell's claims of infringement of the '371 Patent including, but not limited to any formal and/or informal discussions between you and any third party relating to any request to be defended against Honeywell's claims of infringement.

**OBJECTIONS AND RESPONSE:**

Citizen objects to this topic to the extent it seeks information that is protected by attorney-client privilege, common interest privilege, work product immunity, or other applicable privilege.

4

Citizen also objects to this topic as seeking information not relevant to any claim or defense in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to the foregoing General and Specific Objections, Citizen will produce one or more witnesses to testify as to Topic No. 2 at a mutually agreeable time and place.

### Topic No. 3:

The circumstances under which you began manufacturing and/or offering for sale LCD modules with two lenticular and/or prismatic films, including but not limited to a description of the technical and marketing reasons for such development.

### OBJECTIONS AND RESPONSE:

Citizen objects to this topic as vague and ambiguous with regard to the terms "circumstances" and "such developments." Citizen also objects to this topic as seeking information not relevant to any claim or defense in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to the foregoing General and Specific Objections, Citizen will produce one or more witnesses at a mutually agreeable time and place to testify regarding this subject only insofar as the testimony involves the K1122H-HL, L1084H-HL, and L1084H-HL0001 modules.

### Topic No. 4:

For each of the Accused Modules, from the date of their first manufacture to the present:

    a.    the manner in which you identify each such Accused Module, including but not limited to any alphanumeric, model number or other label used to identify each such module;

    b.    any and all generations or variations of such Accused Module, including the criteria used to identify generational modules;

    c.    the operation and configuration of all lighting components of each accused module, particularly including but not limited to: the presence of lenticular and/or prismatic films and/or structures; the orientation of such structures with regard to the LCD panel and the reasons for such orientation;

    d.    the extent to which your customers or intended customers participated in the design of each such Accused Module, including the identification of any design ideas or changes provided by such customers or intended customers;

  e. to the extent you only assemble, but do not manufacture any lighting component used in such module, an identification of where you obtain such component parts including without limitation who manufactures and supplies lenticular and/or prismatic films used in such Accused Module; and

  f. the identification by Bates ranges and the authentication of the technical documents and specifications related to your Accused Modules produced in response to Honeywell's Requests for Production of Documents.

**OBJECTIONS AND RESPONSE:**

  Citizen objects to the topic as vague and ambiguous with respect to the phrases "intended customers" and "generations or variations." Citizen further objects to the topic to the extent it seeks information not within Citizen's possession, custody, or control. Citizen also objects to the topic as overly broad and unduly burdensome to the extent it seeks to force Citizen to prepare a witness to identify documents by Bates ranges. Honeywell served interrogatories requesting an identification of technical documents related to the Accused Module. If Honeywell identifies additional documents beyond those Citizen identified in response to these interrogatories, Citizen will be better able to prepare a witness to identify the Bates ranges of these additional documents. Citizen also objects to this topic because it does not specify any specific documents, making it impossible for Citizen to prepare a witness who can authenticate those undefined documents. If Honeywell identifies specific documents, Citizen will be better able to prepare a witness to provide authentication testimony.

  Subject to the foregoing General and Specific Objections, Citizen will produce one or more witnesses to testify, at a mutually agreeable time and place, as to Topic No. 4.

**Topic No. 5:**

  Any and all efforts undertaken by or at your direction to investigate whether any LCD Module manufactured, assembled and/or sold by you may infringe the '371 patent, including but not limited to obtaining opinions of counsel and all facts that support your assertion that any Accused Modules manufactured by you do not infringe the '371 patent.

6

**OBJECTIONS AND RESPONSE:**

Citizen objects to this topic as vague and ambiguous with regard to the term "efforts." Citizen also objects to this topic to the extent it seeks information that is protected by attorney-client privilege, common interest privilege, work product immunity, or other applicable privilege.

Subject to the foregoing General and Specific Objections, Citizen will produce one or more witnesses to testify, at a mutually agreeable time and place, as to Topic No. 5.

**Topic No. 6:**

The date upon and circumstances under which you first learned of the existence of the '371 patent.

**OBJECTIONS AND RESPONSE:**

Citizen objects to this topic to the extent it seeks information that is protected by attorney-client privilege, work product immunity, or other applicable privilege. Subject to the foregoing General and Specific Objections, Citizen states that it will produce one or more witnesses who will testify, at a mutually agreeable time and place, as to Topic No. 6.

**Topic No. 7:**

Your knowledge of, and experiences with any of the named inventors of the '371 patent and their body of work, including but not limited to your consideration of the subject matter of the presentation entitled "Directional Diffuser Lens Array for Backlit LCDs" given at or about the Japan Display SID Conference in October 1992.

**OBJECTIONS AND RESPONSE:**

Citizen objects to this topic to the extent it seeks information that is protected by attorney-client privilege, work product immunity, or other applicable privilege. Subject to the foregoing General and Specific Objections, Citizen will produce one or more witnesses to testify, at a mutually agreeable time and place, as to Topic No. 7.

**Topic No. 8:**

Consideration, development and implementation of any alternative design(s) for your Accused Modules relating to different angles of rotation for any lenticular and/or prismatic

7

structures contained thereon; and/or relating to the use of two such structures as opposed to any other number.

**OBJECTIONS AND RESPONSE:**

Citizen objects to this topic as overly board, vague, and ambiguous with regard to the term "alternative design(s)." Citizen objects to this topic to the extent it seeks information that is protected by attorney-client privilege, work product immunity, or other applicable privilege.

Subject to the foregoing General and Specific Objections, Citizen states that it will produce one or more witnesses to testify, at a mutually agreeable time and place, as to Topic No. 8 as it relates to the K1122H-HL, L1084H-HL, and L1084H-HL0001 modules.

**Topic No. 9:**

Citizen's accounting and financial reporting standards, systems, and methods.

**OBJECTIONS AND RESPONSE:**

Citizen objects to this topic as overly broad, unduly burdensome, and seeking irrelevant information. Citizen will limit its response to the time period beginning in 2004 and running to the present. Subject to the foregoing General and Specific Objections, Citizen will produce one or more witnesses to testify, at a mutually agreeable time and place, as to financial records relating to the K1122H-HL, L1084H-HL, and L1084H-HL0001 modules to the extent that Honeywell can identify with greater specificity those financial records to which this topic relates.

**Topic No. 10:**

The method and/or procedure for gathering the data used to calculate and/or compute gross revenue, net revenue, cost of revenue, gross margin, selling, general, administrative and other expenses, income before income taxes and net income on a monthly, quarterly, and annual basis or any other timeframe Citizen regularly keeps records for its sales.

**OBJECTIONS AND RESPONSE:**

Citizen objects to this topic as overly broad, unduly burdensome, and seeking irrelevant information. Citizen will limit its response to the time period beginning in 2004 and running to the present. Subject to the foregoing General and Specific Objections, Citizen states that it will

produce one or more witnesses who will testify, at a mutually agreeable time and place, as to any of the areas of Topic No. 10 that involve the K1122H-HL, L1084H-HL, and L1084H-HL0001 modules as kept in the ordinary course of business.

**Topic No. 11:**

For each Accused Module, from the date of its first sale to the present:

    a.    the projected and actual sales revenue generated by month, quarter and year;

    b.    the projected and actual sales expenses or cost of sales incurred by month, quarter and year; and

    c.    the projected and actual profits and profit margins generated and how profit is calculated.

**OBJECTIONS AND RESPONSE:**

Citizen objects to this topic as overly broad and unduly burdensome to the extent it seeks financial information "by month, quarter and year," to the extent it differs from Citizen's normal timeframe for maintaining financial information. Citizen will limit its response to the time period beginning in 2004 and running to the present. This topic is also irrelevant to the extent it seeks any information about current projected sales, expenses, or profits.

Subject to the foregoing General and Specific Objections, Citizen will produce one or more witnesses who will testify, at a mutually agreeable time and place, as to Topic No. 11.

**Topic No. 12:**

The:

    a.    process by which Citizen distributes and sells its LCD Modules, including without limitation a description of the channel(s) of distribution utilized by Citizen;

    b.    market in the United States and worldwide for Citizen's LCD Modules; and

    c.    process by which Citizen markets or promotes the sale of its LCD Modules in the United States and worldwide, including any and all advertising or promotional materials and/or campaigns.

9

**OBJECTIONS AND RESPONSE:**

Citizen objects to this topic as overly broad, vague and ambiguous with regard to the terms "process" and "description of the channel(s) of distribution utilized." Citizen also objects to this topic as seeking information neither relevant to any claim or defense in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Citizen will limit its response to the time period beginning in 2004 and running to the present. Subject to the foregoing General and Specific Objections, Citizen will only produce a witness to testify regarding the K1122H-HL, L1084H-HL, and L1084H-HL0001 modules and with regard to information available to Citizen.

**Topic No. 13:**

The target market and/or customer base for Citizen LCD Modules, and the reason(s) why Citizen targets this market and/or customer base, including without limitation any and all advertising, marketing and/or promotional efforts Citizen has undertaken or considered undertaking relating to the Accused Modules.

**OBJECTIONS AND RESPONSE:**

Citizen objects to this topic as unrelated to a claim or defense of any party to this action and as unlikely to lead to the discovery of admissible evidence. Citizen will limit its response to the time period beginning in 2004 and running to the present and to markets in the United States. Citizen also objects to this topic as overly broad, vague, and ambiguous as to the terms "target market," "considered," and "customer base."

Subject to the foregoing General and Specific Objections, Citizen will produce one or more witnesses who will testify, at a mutually agreeable time and place, as to identified topics, limited to the market for the K1122H-HL, L1084H-HL, and L1084H-HL0001 modules.

**Topic No. 14:**

Citizen's policy and marketing program for maintaining their patent monopolies by not licensing others to use their inventions or by granting licenses under special conditions designed to preserve that monopoly.

**OBJECTIONS AND RESPONSE:**

Citizen objects this topic as overly broad, vague, and ambiguous as to the terms and phrases "their," "policy and marketing program," "special conditions," "designed to preserve," and "monopoly." Citizen also objects to this topic on the ground that it seeks irrelevant information and to the extent that the topic presumes facts without any basis for such presumption. The topic also is not limited to any particular time period, field, or industry. Citizen interprets "their" to mean "Citizen's." Citizen objects to this topic to the extent it seeks information that is protected by attorney-client privilege, work product immunity, or other applicable privilege. Citizen objects to this topic (Citizen's patent policy) as unrelated to a claim or defense of any party to this action nor likely to lead to the discovery of admissible evidence.

**Topic No. 15:**

Citizen's policies and practices for the negotiation of royalty or license agreements for the use of patented technology, including without limitation, licensing of third party technology for Citizen's use, the licensing of Citizen's technology to third parties, and the cross licensing of technologies.

**OBJECTIONS AND RESPONSE:**

Citizen objects to this topic to the extent it seeks information that is protected by attorney-client privilege, work product immunity, or other applicable privilege. Citizen also objects to this topic as seeking information protected under Federal Rule of Evidence 408. Citizen also objects to this topic as overly broad and unduly burdensome to the extent it seeks information unrelated to a claim or defense of any party to this action nor likely to lead to the discovery of admissible evidence. Citizen further objects to this topic to the extent it seeks confidential and/or proprietary information of third parties that was provided to Citizen under confidentiality obligations.

Subject to the foregoing General and Specific Objections, Citizen will produce one or more witnesses to testify, at a mutually agreeable time and place, as to the terms of license agreements related to the technology of the patent-in-suit in the United States.

**Topic No. 16:**

Citizen's license agreements, including the terms and conditions of such license agreements, related to consumer electronics entered into by Citizen.

**OBJECTIONS AND RESPONSE:**

Citizen objects to this topic as overly broad, particularly as to "consumer electronics," and unduly burdensome to the extent it seeks information unrelated to a claim or defense of any party to this action nor likely to lead to the discovery of admissible evidence. Citizen will limit its response to the time period beginning in 2004 and running to the present. Subject to the foregoing General and Specific Objections, Citizen will produce one or more witnesses to testify regarding license agreements related to the technology of the patent-in-suit in the United States.

**Topic No. 17:**

Royalty or license fees received or paid by Citizen from October 1998 to the present for any non-consumer license.

**OBJECTIONS AND RESPONSE:**

Citizen objects to this topic to the extent it seeks information unrelated to a claim or defense of any party to this action nor likely to lead to the discovery of admissible evidence. Citizen objects to this topic as overly broad and unduly burdensome to the extent it requires identification of "[r]oyalty or license fees received or paid by Citizen" for a period of time prior to 2004 and that it applies to "any non-consumer license." Subject to the foregoing General and Specific Objections, Citizen will produce one or more witnesses to testify regarding licenses related to the technology of the patent-in-suit in the United States.

**Topic No. 18:**

Any analysis of Citizen's domestic and foreign market share from October 1998 to the present, including but not limited to, the size of the markets and expected growth in the markets, prices in the markets, supply and demand in the markets, competition and expected future competition in the markets, and factors that might influence the markets.

**OBJECTIONS AND RESPONSE:**

Citizen objects to this topic as overly broad, vague, and ambiguous as to the terms "domestic market" and "foreign market." Citizen objects to this topic as overly broad and unduly burdensome to the extent it requires identification of "Citizen's domestic and foreign market share" for a period of time prior to 2004. Citizen also objects to this topic to the extent it seeks information unrelated to a claim or defense of any party to this action nor likely to lead to the discovery of admissible evidence. Citizen will only produce a witness to testify regarding the market for the K1122H-HL, L1084H-HL, and L1084H-HL0001 modules.

Subject to the foregoing General and Specific Objections, Citizen will produce one or more witnesses to testify, at a mutually agreeable time and place, as to the items in Topic No. 18 relating to the market for the K1122H-HL, L1084H-HL, and L1084H-HL0001 modules.

**Topic No. 19:**

Citizen's pricing and pricing policies and strategy for the sale of each of the Accused Modules.

**OBJECTIONS AND RESPONSE:**

Citizen objects to the deposition topic as vague and ambiguous as to the phrases "pricing policies" and "strategy for the sale" of each accused module.

Subject to the foregoing General and Specific Objections, Citizen will produce one or more witnesses to testify at a mutually agreeable time and place about Citizen's determination of prices for the K1122H-HL module.

**Topic No. 20:**

The effect of selling the Accused Modules in promoting the sale of other products of Citizen, including but not limited to the existing value of the Accused Modules as a generator of sales of other items, and the extent of such derivative or convoyed sales.

**OBJECTIONS AND RESPONSE:**

Citizen objects to this topic as overly broad, vague, and ambiguous with regard to the terms "promoting," "generator," and "derivative or convoyed sales." This topic is also irrelevant and not reasonably calculated to lead to the discovery of admissible evidence to the extent Honeywell is not entitled to lost profits and therefore not entitled to recovery for convoyed sales.

Subject to the foregoing General and Specific Objections, Citizen will produce one or more witnesses to testify, at a mutually agreeable time and place, as to Topic No. 20, but only as to the K1122H-HL module and as to the effect of sales in the United States market.

**Topic No. 21:**

Information and documents relied on or reviewed by the corporate representative(s) for purposes of becoming knowledgeable about the topics set forth in Schedule A.

**OBJECTIONS AND RESPONSE:**

Citizen objects to this topic to the extent it seeks information that is protected at least by attorney-client privilege, common interest privilege, work product immunity, or other applicable privilege.

Subject to the foregoing General and Specific Objections, Citizen will produce a witness to testify as to Topic No. 21.

**Topic No. 22:**

Citizen's document retention policies from October 1998 to the present.

**OBJECTIONS AND RESPONSE:**

Citizen objects to this topic to the extent it seeks information that is protected at least by attorney-client privilege or work product immunity. Citizen objects to this topic as overly broad and unduly burdensome to the extent it requires identification of "Citizen's document retention policies" for a period of time prior to 2004. Subject to the foregoing General and Specific

Objections, Citizen states that it will produce one or more witnesses who will testify, at a mutually agreeable time and place, as to Topic No. 22.

OF COUNSEL:
Stuart Lubitz
David H. Ben-Meir
HOGAN & HARTSON, LLP
1999 Avenue of the Stars
Suite 1400
Los Angeles, California
90067-6047

BOUCHARD MARGULES & FRIEDLANDER, P.A.

*/s/ John M. Seaman*

David J. Margules (Bar No. 2554)
John M. Seaman (Bar No. 3868)
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
Tel:   (302) 573-3508
Fax:   (302) 573-3501
E-mail: dmargules@bmf-law.com
E-mail: jseaman@bmf-law.com

*Attorneys for Defendants*
*Citizen Watch Co., Ltd. and*
*Citizen Displays Co., Ltd.*

DATED: January 29, 2007