IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HONEYWELL INTERNATIONAL INC. and HONEYWELL INTELLECTUAL PROPERTIES INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 04-1338-*** |
| v. | ) ) | (Consolidated) |
| APPLE COMPUTER, INC., et al., | ) ) | |
| Defendants. | ) | |

**PLAINTIFFS' RE-NOTICE OF RULE 30(b)(6)**
**DEPOSITION OF DEFENDANT WINTEK ELECTRO-OPTICS CORPORATION**

PLEASE TAKE NOTICE that, in accordance with Rules 26, 30(b)(6), and 32 of the Federal Rules of Civil Procedure, Plaintiffs will take the deposition of Defendant Wintek Electro-Optics Corporation, through one or more of its officers, directors, managing agents, or other persons who consent to testify on its behalf and who are most knowledgeable with respect to the deposition subjects set forth in Schedule A at the time and place as set forth below.

Said deposition will be taken on February 27, 2007 at 9:00 a.m. at the Courtyard Ann Arbor, 3205 Boardwalk, Ann Arbor, Michigan 41808 or at such other time and place as may be agreed to by the parties. The deposition will continue until completed as provided in the Federal Rules of Civil Procedure. The deposition will be recorded stenographically and by videotape. You are invited to attend and cross-examine.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Leslie A. Polizoti*
_____
Thomas C. Grimm (#1098)
Leslie A. Polizoti (#4299)
Maria Granovsky (#4709)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
tgrimm@mnat.com
lpolizoti@mnat.com
mgranovsky@mnat.com
  *Attorneys for Honeywell International Inc.*
  *and Honeywell Intellectual Properties Inc.*

OF COUNSEL:

Martin R. Lueck
Matthew L. Woods
Stacie E. Oberts
Michael D. Okerlund
Denise S. Rahne
Peter N. Surdo
Marta M. Chou
ROBINS, KAPLAN, MILLER
  & CIRESI L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN  55402-2015
(612) 349-8500

Anthony A. Froio
Marc N. Henschke
Alan E. McKenna
Jeremy C. McDiarmid
ROBINS, KAPLAN, MILLER
  & CIRESI L.L.P.
111 Huntington Avenue, Suite 1300
Boston, MA  02199
(617) 267-2300

February 2, 2007

## **SCHEDULE A**

I.    **DEFINITIONS**

    1.    The term "communication" means any transmission of thoughts, opinions or information, whether written or oral and including without limitation, letters, memoranda, meetings, discussions, conversations, negotiations, agreements, understandings, inquiries, notes, telegrams, and/or e-mail.

    2.    The terms "Plaintiffs" or "Honeywell" shall mean Honeywell International Inc. and Honeywell Intellectual Properties Inc., including officers, agents, employees, and representatives of each entity.

    3.    The terms "WEOC," "you," or "your" shall refer to Wintek Electro-Optics Corporation and includes, without limitation, your divisions, subsidiaries, directors, agents, representatives, and employees and any predecessor with an interest.

    4.    The term "Complaint" shall mean the Complaint and any amended Complaints filed by Plaintiffs in this action.

    5.    The term "Named Defendants" shall mean the defendants named in Honeywell's Complaints and any Amended Complaints in the Honeywell actions (C.A. Nos. 04-CV-1337, C.A. No. 04-1338 and C.A. No. 1536).

    6.    The term "your corporate organization" shall mean Wintek Corporation, Wintek Electro-Optics Corporation, United Win (China) Technology Ltd., and/or Dongguan Masstop Liquid Crystal Display Co., Ltd.

7. The phrase "referring or relating to" as used herein, includes, but is not limited to, the following meanings: bearing upon, concerning, constituting, discussing, describing, evidencing, identifying, in connection with, pertaining to, respecting, regarding, responding to, or in any way logically or factually relevant to the matter described in the request.

8. The term "Person" shall mean any individual, partnership, incorporated or unincorporated association, and any other legal or commercial entity.

9. The term "Date" shall mean the exact day, month and year, if ascertainable, or, if not, the best available approximation, including relationship to other events.

10. The term "Document" shall mean all writings of any kind, including the originals and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise as contemplated by Fed. R. Civ. P. 26 in any form, whether on paper, in electronic form, on microfilm, or otherwise. Documents generated by another party or non-party and in your possession, custody or control are within the scope of this request.

11. The term "Identify" when used in reference to a person means to provide the following information:

    a. Full name;

    b. Present or last known address; and

    c. Present or last known telephone number.

12. The terms "'371 patent" and "patent-in-suit" shall mean United States Patent No. 5,280,371 entitled "Directional Diffuser For A Liquid Crystal Display."

13. The term "LCD Modules" shall mean liquid crystal display modules.

14. The terms "Accused Module" or "Accused Modules" shall mean those LCD modules identified by Honeywell in its Response No. 2 to Wintek Corporation's First Set of

Interrogatories (Nos. 1-12) (and any and all generations or variations of those modules and/or substantially similar modules) that were made, used, sold or offered for sale in, or imported into, the United States by you at any time from October 1998 to the present.

15. The term "lighting components" shall include any and all components of your Accused Modules used to illuminate the LCD panel, and include without limitation backlight units, lamps, LEDs, reflectors, diffusers, polarizers, light pipes/wedges, prismatic/lenticular films and combinations thereof.

## II. TIME PERIOD

16. Unless otherwise specifically noted, these deposition topics cover the time period October 6, 1998 to present.

**WEOC's General Entity Information**

1. Your corporate organization and structure, including the identity of departments, affiliates, groups and individuals with decision-making authority regarding the design, manufacture and distribution of LCD modules.

**WEOC's LCD Modules**

2. All communications between you and any third party regarding Honeywell's claims of infringement of the '371 Patent including, but not limited to any formal and/or informal discussions between you and any third party relating to any request to be defended against Honeywell's claims of infringement.

3. The circumstances under which you began manufacturing and/or offering for sale LCD modules with two lenticular and/or prismatic films, including but not limited to a description of the technical and marketing reasons for such development.

4. For each of the Accused Modules, from the date of their first manufacture to the present:

    a. the manner in which you identify each such Accused Module, including but not limited to any alphanumeric, model number or other label used to identify each such module;

    b. any and all generations or variations of such Accused Module, including the criteria used to identify generational modules;

    c. the operation and configuration of all lighting components of each accused module, particularly including but not limited to: the presence of lenticular and/or prismatic films and/or structures; the orientation of such structures with regard to the LCD panel' and the reasons for such orientation;

    d. the extent to which your customers or intended customers participated in the design of each such Accused Modules, including the identification of any design ideas or changes provided by such customers or intended customers;

    e. to the extent you only assemble, but do not manufacture any lighting component used in such module, an identification of where you obtain such component parts including without limitation who manufactures and supplies lenticular and/or prismatic films used in such Accused Module; and

    f. the identification by Bates ranges and the authentication of the technical documents and specifications related to your Accused Modules produced in response to Honeywell's Requests for Production of Documents.

5. Any and all efforts undertaken by or at your direction to investigate whether any LCD Module manufactured, assembled and/or sold by you may infringe the '371 patent, including but not limited to obtaining opinions of counsel and all facts that support your assertion that any Accused Modules manufactured by you do not infringe the '371 patent.

6. The date upon and circumstances under which you first learned of the existence of the '371 patent.

7. Your knowledge of, and experiences with any of the named inventors of the '371 patent and their body of work, including but not limited to your consideration of the subject matter of the presentation entitled "Directional Diffuser Lens Array for Backlit LCDs" given at or about the Japan Display SID Conference in October 1992.

8. Consideration, development and implementation of any alternative design(s) for your Accused Modules relating to different angles of rotation for any lenticular and/or prismatic structures contained thereon; and/or relating to the use of two such structures as opposed to any other number.

**WEOC's Accounting and Financial Reporting Methods**

9. WEOC's accounting and financial reporting standards, systems, and methods.

10. The method and/or procedure for gathering the data used to calculate and/or compute gross revenue, net revenue, cost of revenue, gross margin, selling, general, administrative and other expenses, income before income taxes and net income on a monthly, quarterly, and annual basis or any other timeframe WEOC regularly keeps records for its sales.

**WEOC's Distribution, Sale and Marketing of Accused Products**

11. For each Accused Module, from the date of its first sale to the present:

   a. the projected and actual sales revenue generated by month, quarter and year;

   b. the projected and actual sales expenses or cost of sales incurred by month, quarter and year; and

   c. the projected and actual profits and profit margins generated and how profit is calculated.

12. The process by which WEOC**:**

   **a.** distributes and sells its LCD Modules, including without limitation a description of the channel(s) of distribution utilized by WEOC;

   b. the market in the United States and worldwide for WEOC's LCD Modules; and

   c. the process by which WEOC markets or promotes the sale of its LCD Modules in the United States and worldwide, including any and all advertising or promotional materials and/or campaigns

13. The target market and/or customer base for WEOC LCD Modules, and the reason(s) why WEOC targets this market and/or customer base, including without limitation any and all advertising, marketing and/or promotional efforts WEOC has undertaken or considered undertaking relating to the Accused Modules.

14. WEOC's policy and marketing program for maintaining their patent monopolies by not licensing others to use their inventions or by granting licenses under special conditions designed to preserve that monopoly.

15. WEOC's policies and practices for the negotiation of royalty or license agreements for the use of patented technology, including without limitation, licensing of third party technology for WEOC's use, the licensing of WEOC's technology to third parties, and the cross licensing of technologies.

16. WEOC's license agreements, including the terms and conditions of such license agreements, related to consumer electronics entered into by WEOC.

17. Royalty or license fees received or paid by WEOC from October 6, 1998 to the present for any non-consumer license.

18. Any analysis of WEOC's domestic and foreign market share from October 6, 1998 to the present, including but not limited to, the size of the markets and expected growth in the markets, prices in the markets, supply and demand in the markets, competition and expected future competition in the markets, and factors that might influence the markets.

19. WEOC's pricing and pricing policies and strategy for the sale of each of the Accused Modules.

20. The manner in which prices for each of the Accused Modules are determined between WEOC and Wintek Corporation, including but not limited to any and all transfer pricing policies.

21. The effect of selling the Accused Modules in promoting the sale of other products of WEOC, including but not limited to the existing value of the Accused Modules as a generator of sales of other items, and the extent of such derivative or convoyed sales.

22. Information and documents relied on or reviewed by the corporate representative(s) for purposes of becoming knowledgeable about the topics set forth in this Schedule A.

23. WEOC's document retention policies from October 6, 1998 to the present.

8

CERTIFICATE OF SERVICE

I certify that on February 2, 2007, I caused to be served true and correct copies of the foregoing on the following in the manner indicated:

**BY HAND & E-MAIL:**

John W. Shaw
Monte T. Squire
YOUNG CONAWAY STARGATT
  & TAYLOR LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899-0391

*Attorneys for Sony Corporation*

William J. Wade
RICHARDS LAYTON & FINGER
One Rodney Square
P.O. Box 551
Wilmington, DE  19899-0551

*Attorneys for Arima Display Corporation*

Karen L. Pascale
YOUNG CONAWAY STARGATT
  & TAYLOR, LLP
The Brandywine Building, 17th floor
1000 West Street
Wilmington, DE  19801

*Attorneys for Optrex America, Inc.*

Philip A. Rovner
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE  19899

*Attorneys for Fuji Photo Film Co., Ltd.
and Fuji Photo Film U.S.A., Inc.*

David J. Margules
John M. Seaman
BOUCHARD MARGULES
  & FRIEDLANDER, P.A.
222 Delaware Ave., Suite 1400
Wilmington DE 19801

*Attorneys for Citizen Watch Co., Ltd.
and Citizen Displays Co., Ltd.*

Robert J. Katzenstein
Robert Karl Beste, III
SMITH, KATZENSTEIN
  & FURLOW LLP
800 Delaware Avenue, 7th Floor
P.O. Box 410
Wilmington, DE  19899

*Attorneys for Seiko Epson Corporation*

| | |
|---|---|
| Daniel V. Folt<br>Gary W. Lipkin<br>DUANE MORRIS LLP<br>1100 North Market Street, 12th Floor<br>Wilmington, DE 19801-1246<br><br>*Attorneys for InnoLux Display Corporation* | Richard L. Horwitz<br>David E. Moore<br>POTTER ANDERSON & CORROON LLP<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>P.O. Box 951<br>Wilmington, DE 19899<br><br>*Attorneys for Hitachi Displays, Ltd., Toppoly Optoelectronics Corp., Koninklijke Philips Electronics N.V., Philips Electronics North America Corp., Wintek Corp., Wintek Electro-Optics Corporation, Samsung SDI America, Inc. and Samsung SDI Co., Ltd.* |

**BY E-MAIL:**

| | |
|---|---|
| Robert C. Scheinfeld<br>Neil P. Sirota<br>BAKER BOTTS L.L.P.<br>30 Rockefeller Plaza<br>New York, NY 10112<br>robert.scheinfeld@bakerbotts.com<br>neil.sirota@bakerbotts.com<br><br>*Attorneys for Hitachi Displays, Ltd.* | Andrew M. Ollis<br>OBLON, SPIVAK, McCLELLAND,<br>  MAIER & NEUSTADT, P.C.<br>1940 Duke Street<br>Alexandria, VA 22314<br>aollis@oblon.com<br><br>*Attorneys for Optrex America, Inc.* |

Elizabeth A. Niemeyer
FINNEGAN, HENDERSON,
  FARABOW, GARRETT
  & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, DC 20001
elizabeth.niemeyer@finnegan.com

York M. Faulkner
FINNEGAN, HENDERSON,
  FARABOW, GARRETT
  & DUNNER, L.L.P.
11955 Freedom Drive
Reston, VA 20190
york.faulkner@finnegan.com

*Attorneys for Toppoly Optoelectronics, Wintek Corp. and Wintek Electro-Optics Corporation*

Stephen S. Korniczky
Elizabeth L. Brann
PAUL, HASTINGS, JANOFSKY
  & WALKER LLP
3579 Valley Centre Drive
San Diego, CA 92130
stephen korniczky@paulhastings.com
elizabeth.brann@paulhastings.com

Hamilton Loeb
PAUL, HASTINGS, JANOFSKY
  & WALKER LLP
875 15th Street, N.W.
Washington, DC 20005
hamiltonloeb@paulhastings.com

*Attorneys for Samsung SDI Co., Ltd. and Samsung SDI America, Inc.*


Alan M. Grimaldi
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004-2401
grimaldia@howrey.com

*Attorneys for Koninklijke Philips Electronics N.V., and Philips Electronics North America Corporation*

John Flock
KENYON & KENYON
One Broadway
New York, NY 10004-1050
jflock@kenyon.com

*Attorneys for Sony Corporation*

3

| | |
|---|---|
| Stuart Lubitz<br>HOGAN & HARTSON LLP<br>1999 Avenue of the Stars, Suite 1400<br>Los Angeles, CA  90067<br>slubitz@hhlaw.com<br><br>*Attorneys for Seiko Epson Corporation, Citizen Watch Co., Ltd. and Citizen Displays Co., Ltd.* | Lawrence Rosenthal<br>Matthew W. Siegal<br>STROOCK & STROOCK & LAVAN LLP<br>180 Maiden Lane<br>New York, NY  10038-4982<br>lrosenthal@stroock.com<br>msiegal@stroock.com<br><br>*Attorneys for Fuji Photo Film Co., Ltd. and Fuji Photo Film U.S.A., Inc.* |
| Dan C. Hu<br>TROP PRUNER & HU, P.C.<br>1616 South Voss Road<br>Suite 750<br>Houston, TX  77057-2631<br>hu@tphm.com<br><br>*Attorneys for Arima Display Corporation* | Donald R. McPhail<br>DUANE MORRIS LLP<br>1667 K Street, N.W., Suite 700<br>Washington, DC  20006<br>drmcphail@duanemorris.com<br><br>*Attorneys for InnoLux Display Corporation* |

**BY FEDERAL EXPRESS**

Mr. Seong Yoon Jeong
Assistant Manager
Technology Planning Group
BOE HYDIS TECHNOLOGY CO., LTD.
San 136-1, Ami-ri, Bubal-eub
Ichon-si, Gyeonggi-do 467-701
Republic of Korea

*/s/ Leslie A. Polizoti*

Leslie A. Polizoti (#4299)
lpolizoti@mnat.com

529973