IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Honeywell International Inc. and<br>Honeywell Intellectual Properties Inc.,<br><br>Plaintiffs,<br><br>v.<br><br>Apple Computer, Inc., et al.,<br><br>Defendants. | Civil Action No. 04-1338 KAJ<br>(<u>Consolidated</u>) |

**PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER PRECLUDING THE DISCLOSURE OF CONFIDENTIAL INFROMATION TO OPTREX AMERICA, INC.'S PROPOSED EXPERT/CONSULTANT**

**<u>INTRODUCTION</u>**

This is a patent infringement case in which Optrex America, Inc. ("Optrex"), sued Honeywell International Inc. and Honeywell Intellectual Properties Inc. (collectively, "Honeywell") for declaratory judgment that Optrex's products do not infringe Honeywell's directional diffuser patent, U.S. Patent No. 5,280,371 (the "'371 patent"). On January 12, 2007, Optrex notified Honeywell that it intended to disclose Honeywell information and documents designated as confidential to Robert Smith-Gillespie to facilitate his services as a consulting and/or testifying expert in this case (Ex. A).

Mr. Smith-Gillespie is a former Honeywell employee who worked as an engineer at Honeywell for twelve years, from 1985 to 1997. During that time, he helped develop the backlight technology for use in airplane cockpit displays, and specifically worked on the Boeing 777 project (Ex. A). Although it is unclear whether he worked on the directional diffuser aspect of that project – which led to the '371 patent – he worked with the inventors of the directional

diffuser and he co-authored an article with one of them in 1994 (Ex. B). Because of his status as an engineer, his twelve year tenure at Honeywell, his work on the 777 project, and his relationship with the inventors of the directional diffuser, Mr. Smith-Gillespie had access to a substantial amount of Honeywell confidential information that is directly relevant to the issues in dispute in this case.

Concerned about protecting its confidential and privileged information, Honeywell, therefore, informed Optrex that it was willing to work cooperatively with Optrex to allow it to consult with Mr. Smith-Gillespie, as long as Optrex was able to ensure that Honeywell's confidential and privileged information would remain protected from disclosure to or by Mr. Smith-Gillespie. Following a meet-and-confer on February 8, 2007, Honeywell prepared a proposed agreement for Optrex's consideration with the following basic terms: (1) that Optrex and Mr. Smith-Gillespie confirm that Mr. Smith-Gillespie has not and will not disclose information he learned or obtained while employed as an engineer at Honeywell; and (2) that Optrex and Mr. Smith-Gillespie agree that the factual basis for Mr. Smith-Gillespie's opinions would be based exclusively on publicly available information, documents produced in this litigation, and deposition testimony provided in this litigation (Ex. C). On February 13, 2007, Optrex and Mr. Smith-Gillespie rejected Honeywell's compromise proposal (Ex. D).

On February 14, 2007, Honeywell made a second proposal, asking that Optrex and Mr. Smith-Gillespie confirm the following: (1) that Mr. Smith-Gillespie has not disclosed confidential Honeywell information to Optrex and will not do so going forward; and (2) that Mr. Smith-Gillespie does not have knowledge of (a) the development of the directional diffuser or (b) the contractual terms of Boeing's agreement with Honeywell. Optrex rejected this second proposal.

In an ongoing effort to work cooperatively with Optrex, on February 15, 2007, Honeywell proposed that Optrex agree to either (1) a representation that Mr. Smith-Gillespie has not and will not disclose to Optrex information he learned or obtained while employed as an engineer at Honeywell; or (2) (a) a representation that Mr. Smith-Gillespie has not and will not disclose Honeywell confidential information to Optrex, and (b) an agreement that the factual basis for Mr. Smith-Gillespie's opinions will be based exclusively on publicly available information, documents produced in this litigation, and deposition testimony provided in this litigation. Although Optrex is willing to agree to (2)(a) (a representation that Mr. Smith-Gillespie has not and will not disclose Honeywell confidential information to Optrex), Optrex will not agree to the second part of that proposal (2)(b). In Honeywell's view, that second part is important, because it takes away any potential disagreement as to whether something is "confidential" or not and ensures that Mr. Smith-Gillespie would not be able to use information that he learned while at Honeywell because he believed it was not confidential – even though Honeywell would consider it so, and would rightfully wish to assert its right to keep it confidential.[1]

Without assurances that Honeywell's confidential information will be protected, Honeywell has no choice but to move for a protective order.

---

[1] Honeywell also understands that Optrex will not agree to (2)(b) because it does not want to preclude Mr. Smith-Gillespie from potentially utilizing facts or information he learned while at Honeywell in the event it is necessary to contradict a fact put forth by Honeywell. To address that hypothetical, Honeywell informed Optrex that it was willing to agree that if Mr. Smith-Gillespie indicates that he has confidential information contradictory to something disclosed in the case, then the parties would agree to conduct an immediate deposition of Mr. Smith-Gillespie before he reveals the potentially confidential information, which procedure would allow Honeywell to maintain its right to designate any such information as confidential. Although Optrex agrees to this deposition procedure, it still does not agree to (2)(b).

### HONEYWELL'S OBJECTION TO THE DISCLOSURE OF CONFIDENTIAL INFORMATION AND REQUEST FOR RELIEF

Honeywell objects to the disclosure of confidential Honeywell information to Mr. Smith-Gillespie under Paragraph 6.2 of the Stipulated Protective Order (D.I. 572 in C.A. No. 04-1338). As set forth above, despite Honeywell's efforts, it has not yet been able to reach an agreement with Optrex that will allow Optrex to work with Mr. Smith-Gillespie while ensuring that Honeywell's confidential information remains protected. Although it is unclear precisely what information Mr. Smith-Gillespie obtained while working at Honeywell, it is clear that he had access to Honeywell confidential information directly relevant to this matter.

It is not Honeywell's intent to delay Optrex's use of its experts. Honeywell, therefore, respectfully requests the following relief: (1) that Optrex and Mr. Smith-Gillespie confirm that Mr. Smith-Gillespie has not and will not disclose to Optrex information he learned or obtained while employed as an engineer at Honeywell; and (2) that Optrex and Mr. Smith-Gillespie agree that the factual basis for Mr. Smith-Gillespie's opinions will be based exclusively on publicly available information, documents produced in this litigation, and deposition testimony provided in this litigation. Until Honeywell has these assurances, Honeywell respectfully requests that no confidential Honeywell information be disclosed to Mr. Smith-Gillespie.

Pursuant to D. Del. LR 7.1.1, counsel for Honeywell hereby certifies that that the subject of this motion has been discussed with counsel for Optrex, and that the parties have not been able to reach agreement thereon.

                                                            MORRIS, NICHOLS, ARSHT & TUNNELL LLP

OF COUNSEL:

Martin R. Lueck  
Matthew L. Woods  
Stacie E. Oberts  
Michael D. Okerlund  
Denise S. Rahne  
Peter N. Surdo  
Marta M. Chou  
ROBINS, KAPLAN, MILLER  
  & CIRESI L.L.P.  
2800 LaSalle Plaza  
800 LaSalle Avenue  
Minneapolis, MN 55402-2015  
(612) 349-8500  

Anthony A. Froio  
Marc N. Henschke  
Alan E. McKenna  
Jeremy C. McDiarmid  
ROBINS, KAPLAN, MILLER  
  & CIRESI L.L.P.  
111 Huntington Avenue, Suite 1300  
Boston, MA 02199  
(617) 267-2300  

*/s/ Leslie A. Polizoti (#4299)*  
Thomas C. Grimm (#1098)  
Leslie A. Polizoti (#4299)  
Maria Granovsky (#4709)  
1201 N. Market Street  
P.O. Box 1347  
Wilmington, DE 19899-1347  
(302) 658-9200  
tgrimm@mnat.com  
lpolizoti@mnat.com  
mgranovsky@mnat.com  
  *Attorneys for Honeywell International Inc.*  
  *and Honeywell Intellectual Properties Inc.*

February 15, 2007

742069v1

CERTIFICATE OF SERVICE

I certify that on February 15, 2007, I caused to be served true and correct copies of the foregoing on the following in the manner indicated:

**BY HAND & E-MAIL:**

John W. Shaw
Monte T. Squire
YOUNG CONAWAY STARGATT
 & TAYLOR LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899-0391

*Attorneys for Sony Corporation*

William J. Wade
RICHARDS LAYTON & FINGER
One Rodney Square
P.O. Box 551
Wilmington, DE  19899-0551

*Attorneys for Arima Display Corporation*

Karen L. Pascale
YOUNG CONAWAY STARGATT
 & TAYLOR, LLP
The Brandywine Building, 17th floor
1000 West Street
Wilmington, DE  19801

*Attorneys for Optrex America, Inc.*

Philip A. Rovner
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE  19899

*Attorneys for Fuji Photo Film Co., Ltd.
and Fuji Photo Film U.S.A., Inc.*

David J. Margules
John M. Seaman
BOUCHARD MARGULES
  & FRIEDLANDER, P.A.
222 Delaware Ave., Suite 1400
Wilmington DE 19801

*Attorneys for Citizen Watch Co., Ltd.
and Citizen Displays Co., Ltd.*

Daniel V. Folt
Gary W. Lipkin
DUANE MORRIS LLP
1100 North Market Street, 12th Floor
Wilmington, DE 19801-1246

*Attorneys for InnoLux Display Corporation*

Robert J. Katzenstein
Robert Karl Beste, III
SMITH, KATZENSTEIN
  & FURLOW LLP
800 Delaware Avenue, 7th Floor
P.O. Box 410
Wilmington, DE 19899

*Attorneys for Seiko Epson Corporation*

Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899

*Attorneys for Hitachi Displays, Ltd., Wintek Corp., Wintek Electro-Optics Corporation, Samsung SDI America, Inc. and Samsung SDI Co., Ltd.*

**BY E-MAIL:**

Robert C. Scheinfeld
Neil P. Sirota
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, NY 10112
robert.scheinfeld@bakerbotts.com
neil.sirota@bakerbotts.com

*Attorneys for Hitachi Displays, Ltd.*

Andrew M. Ollis
OBLON, SPIVAK, McCLELLAND,
 MAIER & NEUSTADT, P.C.
1940 Duke Street
Alexandria, VA 22314
aollis@oblon.com

*Attorneys for Optrex America, Inc.*

Elizabeth A. Niemeyer
FINNEGAN, HENDERSON,
 FARABOW, GARRETT
 & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, DC 20001
elizabeth.niemeyer@finnegan.com

York M. Faulkner
FINNEGAN, HENDERSON,
 FARABOW, GARRETT
 & DUNNER, L.L.P.
11955 Freedom Drive
Reston, VA 20190
york.faulkner@finnegan.com

*Attorneys for Wintek Corp. and Wintek Electro-Optics Corporation*

Stephen S. Korniczky
Elizabeth L. Brann
PAUL, HASTINGS, JANOFSKY
 & WALKER LLP
3579 Valley Centre Drive
San Diego, CA 92130
stephen.korniczky@paulhastings.com
elizabeth.brann@paulhastings.com

Hamilton Loeb
PAUL, HASTINGS, JANOFSKY
 & WALKER LLP
875 15th Street, N.W.
Washington, DC 20005
hamiltonloeb@paulhastings.com

*Attorneys for Samsung SDI Co., Ltd. and Samsung SDI America, Inc.*

John Flock
KENYON & KENYON
One Broadway
New York, NY 10004-1050
jflock@kenyon.com

*Attorneys for Sony Corporation*

Stuart Lubitz
HOGAN & HARTSON LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
slubitz@hhlaw.com

*Attorneys for Seiko Epson Corporation, Citizen Watch Co., Ltd. and Citizen Displays Co., Ltd.*

Lawrence Rosenthal
Matthew W. Siegal
STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY 10038-4982
lrosenthal@stroock.com
msiegal@stroock.com

*Attorneys for Fuji Photo Film Co., Ltd. and Fuji Photo Film U.S.A., Inc.*

Dan C. Hu
TROP PRUNER & HU, P.C.
1616 South Voss Road
Suite 750
Houston, TX 77057-2631
hu@tphm.com

*Attorneys for Arima Display Corporation*

Donald R. McPhail
DUANE MORRIS LLP
1667 K Street, N.W., Suite 700
Washington, DC 20006
drmcphail@duanemorris.com

*Attorneys for InnoLux Display Corporation*

**BY FEDERAL EXPRESS**

Mr. Seong Yoon Jeong
Assistant Manager
Technology Planning Group
BOE HYDIS TECHNOLOGY CO., LTD.
San 136-1, Ami-ri, Bubal-eub
Ichon-si, Gyeonggi-do 467-701
Republic of Korea

*/s/ Leslie A. Polizoti (#4299)*
Leslie A. Polizoti (#4299)
lpolizoti@mnat.com