

Potter
Anderson
& Corroon LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

**Philip A. Rovner**
Partner
provner@potteranderson.com
302 984-6140 Direct Phone
302 658-1192 Fax

February 28, 2007

**BY E-FILE**

The Honorable Mary Pat Thynge
United States Magistrate
United States District Court
   for the District of Delaware
U.S. Courthouse
844 King Street
Wilmington, Delaware 19801

      Re:    Honeywell International, Inc., *et al.*, v. Apple Computer, Inc., *et al.*,
             D. Del., C.A. No. 04-1338-KAJ
             Honeywell International Inc., *et al.* v. Audiovox Communications Corp., *et al.*
             D. Del., C.A. No. 04-1337-KAJ
             Optrex America, Inc. v. Honeywell International Inc., *et al.*,
             D. Del., C.A. No. 04-1536-KAJ

Dear Magistrate Thynge:

        We write on an urgent basis to request an extension of the 5 day deadline of section 19.1 of the Protective Order (now March 2, 2007) that will require us to destroy a second document (distinct from the document discussed at the end of the February 22, 2007 conference) claimed by Honeywell (in a letter dated February 23, 2007 from Stacie Oberts, Esq.) to be privileged and to have been inadvertently produced by Honeywell's counsel. Like the document discussed at the end of the February 22, 2007 conference, we do not believe this document is privileged (but for different reasons), and contend that destroying the document in accordance with the 5 day deadline of Section 19.1 of the Protective Order would be destructive to our ability to argue that it is not privileged. Thus, we would like an extension to the 5 day deadline in this situation as was granted by Your Honor with regard to the first document inadvertently produced by Honeywell.

        During the February 22, 2007 conference Your Honor extended the 5 day deadline so that the document in question did not have to be destroyed until the issue regarding

The Honorable Mary Pat Thynge
February 28, 2007
Page 2

whether it was privileged was aired and decided. Please see pages 76-79 of the annexed transcript. After Your Honor left the bench, counsel for Honeywell and Fuji disagreed as to the meaning of your resolution of the issue and the parties agreed that Fuji's counsel would destroy all but one copy of the document now and could file a copy of that copy *in camera* with the letter raising the issue with Your Honor. Nevertheless, in a meet and confer on February 26 and again on February 27, Honeywell has insisted that all copies of this second document be destroyed. Please note that Fuji's counsel will destroy a third clawed back document, which it agrees is privileged.

In view of the foregoing, it is respectfully submitted that an emergency Order is required by no later than March 2, 2007 to permit the retention of at least on copy of the document in question so that counsel for Fuji can complete its investigation, meet and confer on the merits of the issue and, if necessary, present the issue to Your Honor for *in camera* resolution. Counsel for Fuji will represent the other Manufacturer Defendants when the substance of this issue is addressed.

Respectfully,

/s/ Philip A. Rovner

Philip A. Rovner
provner@potteranderson.com

PAR/mes/780238
Enc.
cc:   All Local Counsel of Record – By ECF

Thursday, February 22, 2007

SHEET 1

1

```
 1                THE UNITED STATES DISTRICT COURT

 2               IN AND FOR THE DISTRICT OF DELAWARE

 3                            - - -

 4   HONEYWELL INTERNATIONAL, INC.     :    CIVIL ACTION
     et al.                            :
 5                                     :
                 Plaintiffs,           :
 6                                     :
            v.                         :
 7                                     :
     APPLE COMPUTER, INC., et al.,     :
 8                                     :    NO. 04-1338 (***)
                 Defendants.           :
 9
                              - - -
10
                       Wilmington, Delaware
11           Thursday, February 22, 2007 at 4:37 p.m.
                       TELEPHONE CONFERENCE
12
                              - - -
13
     BEFORE:   HONORABLE MARY PAT THYNGE, U.S. MAGISTRATE JUDGE
14
                              - - -
15   APPEARANCES:

16

17       MORRIS NICHOLS ARSHT & TUNNELL
         BY:  THOMAS C. GRIMM, ESQ.
18
                and
19
         ROBINS KAPLAN MILLER & CIRESI, L.L.P
20       BY:  MATTHEW L. WOODS, ESQ.
              (Minneapolis, Minnesota)
21
                   Counsel on behalf of Honeywell
22                 International, Inc., and Honeywell
                   Intellectual Properties, Inc.
23

24
                                    Brian P. Gaffigan
25                                  Registered Merit Reporter
```

United States District Court - Honorable Mary Pat Thynge

Thursday, February 22, 2007

SHEET 20

74

1    THE COURT: I always think authentication is
2 probably one of the worst things to try to exclude on an
3 evidence basis. I really do.
4    MR. WOODS: I would agree, Your Honor. And I
5 hope that is how we can proceed, but again that is the type
6 of dialogue that we would like to have with the manufacturer
7 defendants but haven't been able to have yet. I think those
8 are the kind of issues we could be --
9    THE COURT: Are you talking about if the
10 Court -- and I'm not saying the Court is going to because
11 I'm not certain I will -- allow some limited discovery from
12 the customer defendants; once that discovery is obtained, if
13 it's documents, whether the manufacturers are going to be
14 agreeable to allow, so it didn't come from them? It hasn't
15 been authenticated, for example, or some other reason there
16 could be relevance. I know there are relevance arguments.
17 Everybody makes a relevance argument about every piece of
18 discovery, it seems. That you don't want to get suddenly
19 stuck because it came from a customer and you can't get it
20 authenticated. That you can't use it at trial.
21    MR. WOODS: Exactly. And can an expert rely on
22 it? I know it doesn't have to be admissible but they might
23 make a motion in limine to exclude a portion of an expert
24 testimony because. We're trying to think down the road
25 here, and we hope that --

75

1    THE COURT: I understand.
2    MR. ROVNER: Well, we do think, Your Honor, on
3 behalf of manufacturer defendants that is premature since
4 Your Honor has yet to rule. We've opposed the discovery so
5 it would be we never even began a dialogue about the scope
6 of it.
7    THE COURT: And I wasn't suggesting you had an
8 obligation to do so since you opposed it. But what I was
9 concerned with was just exactly the vision of the
10 extensiveness of this and I was trying to get a feel of
11 this. Is this going to be a concentration? Is this type of
12 discovery going to be concentrated on documents or are now
13 are we going to have to depose 35 people or something like
14 that? That is going to play a factor, too. Because if you
15 have to depose 35 people in my mind or 100 people in my mind
16 to show commercial success, it kind of says something about
17 commercial success.
18    All right. Does everybody understand what I
19 outlined today?
20    I'm not going to be sending out a separate
21 order. Please get a copy of the transcript. And I will be
22 issuing an order incorporating the transcript as an order
23 of the Court. The dates that are included for when the
24 submissions are due will be included in that transcript.
25 I'll even do a separate order for that.

76

1    And you, right now, have, I understand, at least
2 the relief for three months. I'm seriously considering, and
3 whether I allow the commercial success discovery to occur
4 against the customer defendants, I'm seriously thinking that
5 I'm going to probably allow discovery to go beyond three
6 months with or without that discovery. All right?
7    MR. ROSENTHAL: Your Honor, before we break?
8    THE COURT: Yes.
9    MR. ROSENTHAL: I have an emergent issue --
10    THE COURT: An emergent issue.
11    MR. ROSENTHAL: -- with Mr. Woods that was less
12 than satisfactory and I need to raise it now.
13    Under the protective order, paragraph 19, if a
14 party decides that a document was inadvertently produced
15 which it deems privileged, all the parties then have to
16 destroy all the copies of the document. And, in this
17 particular case, we received, on the 14th and today is the
18 fifth day, a letter.
19    THE COURT: That is important because?
20    MR. ROSENTHAL: That is important because we
21 don't want to destroy the document.
22    THE COURT: No, no, no. Back up. You said to
23 me it was the fifth day.
24    MR. ROSENTHAL: Because today I have to produce,
25 I have to start the destruction process. That's why today

77

1 is the day.
2    THE COURT: Thank you.
3    MR. ROSENTHAL: The document in question was
4 used in a deposition in December.
5    THE COURT: By whom?
6    MR. ROSENTHAL: By the defendants in a 30(b)(6)
7 deposition of the Honeywell designee without question. The
8 letter which says it's protected identifies "the recipient"
9 as being lawyer when in fact the document and why I don't
10 want to let loose of the document, the document itself on
11 its face says that the recipients are this gentleman who I
12 don't know if he is or isn't a lawyer and a whole team of
13 Honeywell people called the -- what are they called? The
14 Japan Display Team, core, are the recipient with this person
15 and then there is a cc, somebody called, a group called the
16 Japan Display Team Support. And from the depositions we've
17 taken so far, that's a lot of people.
18    So with those two sets of facts, we would like
19 relief from the requirement to destroy the document and we
20 would tee up the issue in the normal course in the normal
21 way if we can't reach agreement with Mr. Woods that it is in
22 fact not privileged. But I think the destruction is very
23 destructive to our ability to argue the issue.
24    MR. WOODS: Your Honor, I told Mr. Rosenthal
25 this morning or this afternoon when he raised this issue

United States District Court - Honorable Mary Pat Thynge

SHEET 21

78

1  with me we didn't have any objection because this issue was
2  just raised this afternoon and we don't have an objection.
3  They do not need to destroy this document at this point in
4  time until we can do a meet and confer so I'm not sure what
5  was unsatisfactory.
6          MR. ROSENTHAL: Well, Your Honor, it's until
7  we have a meet and confer. I would like the deadline for
8  destruction to be extended until after this issue is aired
9  and decided.
10         THE COURT: You didn't mean literally until you
11 have the meet and confer. If the meet and confer and you
12 can't come to an agreement, did you expect him to destroy it
13 immediately after the meet and confer?
14         MR. WOODS: The procedure in that situation,
15 Your Honor, would be we submit it to Your Honor in camera.
16         THE COURT: That's what I thought.
17         MR. WOODS: That's how we normally go about
18 doing it.
19         MR. ROSENTHAL: As long as that is the
20 understanding. That is not what I walked away with, Your
21 Honor.
22         THE COURT: That's my impression I was left
23 with. If you have a discovery issue, I think Judge Jordan
24 had it in his scheduling order, I have not changed that, my
25 understanding is it's you contact me, say we have a problem.

79

1  I give you a date and time. Forty-eight hours before that
2  time -- and please, do not file it after 5:00 o'clock
3  because I'm not going to sit around until 11:49 to find out
4  if you filed a document. You have 48 hours to explain what
5  the problem is, 24 hours to the other side. And we have a
6  teleconference.
7          MR. ROSENTHAL: Your Honor, that's all I'm
8  asking for. And apparently that is not what I walked away
9  with before, but I'm satisfied now that is what I'm going to
10 get.
11         THE COURT: All right.
12         MR. ROSENTHAL: Thank you very much, Your Honor.
13         THE COURT: Thank you.
14         (Oral Argument Hearing ends at 6:35 p.m.)
15
16
17
18
19
20
21
22
23
24
25

United States District Court - Honorable Mary Pat Thynge