# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Thomas C. Grimm
302 351 9595
302 425 4661 Fax
tgrimm@mnat.com

March 1, 2007

**BY E-FILING**

The Honorable Mary Pat Thynge
United States Magistrate Judge
United States District Court
  for the District of Delaware
844 North King Street
Wilmington, DE 19801

      Re:   *Honeywell International Inc., et al. v. Apple Computer, Inc., et al.*
              Cons. C.A. No. 04-1338-***

Dear Magistrate Judge Thynge:

      I write on behalf of Honeywell in response to Mr. Philip Rovner's letter of February 28, 2007, submitted on behalf of the Manufacturer Defendants. In circumvention of the Protective Order that all parties negotiated and agreed to, Mr. Rovner's letter requests the ability to keep a copy of a plainly privileged document that Honeywell inadvertently produced during the course of this litigation. What Mr. Rovner's letter requests would completely negate Section 19.1 of the Protective Order and undermine the principles underlying the attorney-client and work-product privilege.

      The privileged document at issue was inadvertently produced by Honeywell on October 20, 2006. Honeywell became aware of the inadvertent production on February 23, 2007, and immediately requested in writing that, pursuant to Section 19.1 of the Protective Order, all copies of the documents be returned or destroyed. This section of the Protective Order is attached for Your Honor's convenience (*see* Exhibit A). While Mr. Rovner implies that the inadvertent production of this document presents a situation identical to that which was discussed at the February 22, 2007 conference with Your Honor, nothing could be further from the truth. This specific document is clearly privileged on its face: (1) Loria Yeadon, who all parties know to be counsel for Honeywell, is expressly indicated as a recipient; and (2) the document is explicitly marked as "Attorney-Client Privilege/Attorney Work Product/Honeywell Confidential." Besides these clear indications of privilege, in contrast to the document that was

The Honorable Mary Pat Thynge
March 1, 2007
Page 2

the subject of discussion at the February 22 conference, this document has not been used in any way in the present litigation.[1]

If any of the defendants were aware of the document prior to Honeywell bringing it to their attention, then they were obligated to inform Honeywell. Under Delaware Rule of Professional Conduct 4.4 (b), a lawyer who receives a document that he or she knows or reasonably should know was inadvertently produced shall promptly notify the sender. Honeywell has itself followed this rule at least three times during the course of this litigation when something on the face of a document produced by defendants indicated that it may contain privileged information. Moreover, Honeywell has on at least six occasions undertaken to destroy documents upon the request of a defendant who wrote, pursuant to Section 19.1 of the Protective Order, to request the destruction or return of inadvertently produced documents (*see* Exhibit B, correspondence from Honeywell to Epson, Toppoly and Optrex confirming destruction of inadvertently produced documents per request of those parties). The privileged document at issue presents clear indications of privilege on its face, and Honeywell expects the same courtesy and compliance with Delaware practices regarding inadvertent productions of privileged documents from defendants' counsel.

If the defendants were not previously aware of the privileged document and were only made aware of it upon receipt of Honeywell's letter of February 23, 2007, then it is their obligation under the Protective Order – *which they negotiated, agreed to, and signed* – to destroy all copies of the document. There is absolutely no basis, under either the Protective Order or any rule of professional responsibility, to allow Fuji or any other defendant to retain an inadvertent production so that they can consider the privileged document in terms of the basis for the privilege. At this time, the defendants should never have even seen the document, let alone be in any position to claim a right to retain this document in order to evaluate it. Defendants presumably, and properly, have yet to examine the document — because when pressed by Honeywell for the basis for the impending privilege challenge or the basis for their claimed right to refuse to destroy the document, the defendants provided no response.

This is how it should be: the defendants should not be allowed continued access to privileged material, and the procedures established by the Protective Order should and must be followed. The proper procedure for any challenge to the status of this document is to wait until the document is destroyed and properly placed on Honeywell's privilege log. At that time, the defendants may request an *in-camera* review of the document. Under no circumstances should a party in this case or any other be allowed to circumvent a protective order and retain a privileged document that has been called to their attention as inadvertently produced so that the party can

---

[1] As the defendants know, the document that was the subject of the discussion at the February 22 conference was used at a deposition and was not immediately recognized by Honeywell as privileged. Honeywell's agreement that defendants be allowed to keep one copy of this particular document until the issue was resolved was a unique compromise born out of that specific situation.

"complete its investigation" of the document. Such a proposal completely negates the procedure that the parties agreed to in the Protective Order and undermines the very nature of the rules of professional conduct surrounding attorney-client privilege and inadvertent productions.

Honeywell is available on Friday should Your Honor wish to have a teleconference on this matter.

Respectfully,

Thomas C. Grimm (#1098)

TCG
Enclosures
cc: Dr. Peter T. Dalleo, Clerk (by hand)
    All Counsel of Record (by e-filing and e-mail)
    Matthew L. Woods, Esquire (by e-mail)
    Stacie E. Oberts, Esquire (by e-mail)