IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

HONEYWELL INTERNATIONAL INC.          )
and HONEYWELL INTELLECTUAL            )
PROPERTIES INC.,                      )
                                      )
        Plaintiffs,                   )
                                      )    C.A. No. 04-1338-***
        v.                            )    (Consolidated)
                                      )
APPLE COMPUTER, INC., et al.,         )
                                      )
        Defendants.                   )

**OPTREX AMERICA, INC.'S OPPOSITION TO HONEYWELL
INTERNATIONAL INC.'S AND HONEYWELL INTELLECTUAL PROPERTIES
INC.'S MOTION FOR A PROTECTIVE ORDER**

Honeywell International, Inc. and Honeywell Intellectual Properties Inc.

(collectively "Honeywell") express a single concern in their motion: that Robert Smith-

Gillespie not share confidential Honeywell information with Optrex America, Inc.

("Optrex"). Optrex has recognized Honeywell's concern and fully responded to it. Mr.

Smith-Gillespie has not and will not share what he knows to be confidential Honeywell

information with Optrex outside the presence of Honeywell's counsel. Optrex offered

this concession despite the fact that neither Honeywell nor Mr. Smith-Gillespie has been

able to produce any documents imposing any confidentiality obligation on Mr. Smith-

Gillespie relating to his work at Honeywell. Its concern fully addressed, Honeywell's

further efforts to limit the ability of Optrex to work with Mr. Smith-Gillespie are

unnecessary and serve only to unfairly handicap Optrex. Accordingly, Honeywell's

motion for a protective order should be denied.

BACKGROUND

Mr. Smith-Gillespie is a former Honeywell engineer with extensive experience in LCD technology, and in backlight technology in particular. Mr. Smith-Gillespie's work at Honeywell (from 1985 to 1997) coincided with at least one of the inventors of the '371 patent beginning in 1992 when they both worked on developing LCD modules for the Boeing 777 aircraft. (D.I. 713, Exhibit A at 1-2). Notably, Mr. Smith-Gillespie's work on the Boeing 777 program did not begin until more than a year-and-a-half after May of 1990 – at which time Honeywell had allegedly already reduced to practice the subject matter of claim 3 of the '371 patent. Mr. Smith-Gillespie has advised that he worked exclusively on commercial avionics programs while at Honeywell and did not work on any classified government projects.

As an employee of Honeywell, Mr. Smith-Gillespie may have entered into an agreement requiring that certain aspects of his work at Honeywell be kept confidential. However, the scope and time limitations contained in any such agreement are unknown. Both Mr. Smith-Gillespie and Honeywell have been unable to locate any confidentiality agreements he entered into as a Honeywell employee.[1] Moreover, the relevant events at issue, Mr. Smith-Gillespie's work at Honeywell prior to 1994, occurred approximately 15 years ago. As a threshold matter, Optrex questions whether any work performed by the inventors or Mr. Smith-Gillespie relating to the development of an LCD module for the Boeing 777 can still be considered confidential.[2]

---

[1] To the extent Mr. Smith-Gillespie's personnel files and any confidentiality agreement are relevant, the loss of those records due to the passage of time should be held against Honeywell and not Optrex. Indeed, as Optrex and others have pointed out in pleading laches, it was Honeywell who waited until more than ten years after the '371 patent issued to bring suit.

[2] Optrex fully expects that all historical testimony regarding the development efforts that led to the filing of the '371 patent will be publicly aired at trial. Moreover, to the extent Honeywell and Mr. Smith-Gillespie

Optrex and other manufacturing defendants desire to work with Mr. Smith-Gillespie in potentially three capacities relating to the issues of non-infringement, invalidity, and/or unenforceability of the '371 patent. First, he may serve as a consultant. Second, Mr. Smith-Gillespie may be called upon to prepare an expert report and provide expert testimony at trial. These reports and testimony, while of necessity primarily relying on publicly available information and information of record in this litigation, will also be informed by Mr. Smith-Gillespie's own work experience.

Third, while Optrex does not presently intend to call Mr. Smith-Gillespie as a fact witness, if it becomes clear at a later date that Mr. Smith-Gillespie has factual knowledge relevant to the issues in the case, Optrex wishes to preserve its right to rely on that knowledge. For example, if testimony from the inventors concerning the Boeing 777 program contradicts Mr. Smith-Gillespie's own understanding of the program in a material respect, he should be able to advise Optrex accordingly. To the extent this would require Mr. Smith-Gillespie to divulge confidential Honeywell information, Honeywell's counsel would have an opportunity to be present during such disclosure (such as during a deposition) so that Honeywell could designate such information confidential pursuant to the Stipulated Protective Order entered in this case if it chose to do so.[3]

---

disagree on what old Honeywell information is confidential, that possibility has <u>always</u> existed ever since he left Honeywell ten years ago. During that time Honeywell has been comfortable trusting Mr. Smith-Gillespie's judgment in making confidentiality determinations.

[3] The Stipulated Protective Order dated September 19, 2006 negotiated and agreed upon by the parties and approved by the Court sufficiently protects any legitimate confidentiality interests of Honeywell. In particular, the Stipulated Protective Order provides, inter alia, that any confidential information exchanged will be used "only for purposes directly related to this action, and for no other purpose whatsoever, except by consent of the producing party or by order of the Court." (D.I. 572, ¶ 2.4).

Instead, Honeywell now seeks to impose two limitations on the ability of Optrex and other defendants to work with Mr. Smith-Gillespie. First, Honeywell asks the Court to require that Mr. Smith-Gillespie agree that he has not and will not disclose <u>any</u> information (even public information!) he learned or obtained while employed for twelve years as an engineer at Honeywell. (D.I. 713 at 4). Honeywell's request would thus preclude Mr. Smith-Gillespie from relying on and disclosing publicly available information learned during his employment at Honeywell such as knowledge gained while attending conferences and trade shows or reading literature in the field.

Second, Honeywell asks the Court to require that the factual basis for Mr. Smith-Gillespie's opinions be based <u>exclusively</u> on publicly available information, documents produced in this litigation, and deposition testimony provided in this litigation. (D.I. 713 at 4). This request would preclude Mr. Smith-Gillespie from relying on personal experiences and expertise gained throughout his career, including experience gained while at Honeywell for twelve years in the 1980s and 1990s that may relate to the display art during the time the '371 patent application was prepared and filed.

Finally, and in contrast to Honeywell's request, it should be noted that Optrex (and other defendants) chose not to object to Honeywell's disclosure of confidential information to Dennis Wilwerding, a potential Honeywell expert who was also a Honeywell employee for over 30 years. (Exhibit A). From 1992 to 1999 (during which time the '371 patent was filed, prosecuted, and issued), Mr. Wilwerding worked in Honeywell's Office of General Counsel. In that capacity, he classified Honeywell's entire patent portfolio, thus making him a potentially relevant fact witness regarding Honeywell's efforts (or lack thereof) to enforce its patents, including the '371 patent.

ARGUMENT

Honeywell asserts that it must protect certain undefined confidential information Mr. Smith-Gillespie learned while employed at Honeywell. (D.I. 713 at 2, 4). Despite the highly uncertain basis for Honeywell's claim that information known by Mr. Smith-Gillespie is confidential, Optrex has agreed that Mr. Smith-Gillespie has not and will not disclose what he knows to be confidential Honeywell information (including privileged information) to Optrex (or any other defendant) in an effort to accommodate Honeywell's concerns and avoid troubling the Court.

The additional relief requested by Honeywell, however, is extraordinary. The suggestion that Mr. Smith-Gillespie not rely on any information he learned at Honeywell – regardless of whether such information was or remains confidential – can serve no purpose other than to frustrate Optrex's ability to work with Mr. Smith-Gillespie. Nor can Optrex accept Honeywell's proposal that the factual basis for Mr. Smith-Gillespie's opinions be based exclusively on publicly available information, documents and deposition testimony provided in this litigation, and not on his own work experiences. As Optrex conveyed to Honeywell, it is simply impossible for Mr. Smith-Gillespie, or any expert, to separate his own work experiences from an expert report or any expert testimony that is given. (D.I. 713, Ex. D). Indeed, Mr. Smith-Gillespie's experiences at Honeywell form a central element of his expertise related to backlight technology. Forbidding him from relying on twelve years of work experience would be a tremendous handicap. For example, should rebuttal testimony or answers to cross-examination questions call on Mr. Smith-Gillespie to refer to his personal and/or confidential experiences from his Honeywell work, he should be free to so testify. Since such

situations would only arise while counsel for Honeywell is present, Honeywell would in no way be prejudiced and could freely ask that appropriate steps be taken to protect any allegedly confidential information.[4]

In addition, it is incongruous to say the least for Honeywell to, on the one hand, retain one of its own former employees as an expert when that employee's work during the relevant time period also may make him a relevant fact witness, and on the other hand, deny Optrex the same opportunity.

As an alternative to simply denying Honeywell's motion, in view of the lack of any written confidentiality agreements between Honeywell and Mr. Smith-Gillespie and the passage of ten to twenty plus years, Optrex invites the Court to further order that Mr. Smith-Gillespie is free to discuss all of his work at Honeywell without limitation (except as to attorney-client privilege and work-product). Such an order would have the undeniable merit of helping the parties avoid any future disputes over what information is, or is not, confidential.

In short, Optrex does not understand, and Honeywell has yet to explain, how Honeywell's allegedly confidential information may be compromised and why the relief requested by Honeywell is required. Accordingly, Optrex respectfully requests that Honeywell's motion be denied.

---

[4] If Honeywell wishes to know the extent of Mr. Smith-Gillespie's personal knowledge regarding factual matters, Honeywell is always free to take Mr. Smith-Gillespie's deposition as with any other potential fact witness. Honeywell will also have an opportunity to explore this knowledge during expert discovery. Despite Honeywell's suggestion otherwise (D.I. 713 at 3, n.1), however, Optrex does not agree to an "immediate" deposition whenever Mr. Smith-Gillespie's account of facts – confidential or not – differs from Honeywell's.

YOUNG CONAWAY STARGATT & TAYLOR, LLP


/s/ *Karen L. Pascale*

March 2, 2007                          Karen L. Pascale (#2903) [kpascale@ycst.com]
                                       The Brandywine Building
                                       1000 West Street, 17th Floor
                                       Wilmington, DE 19801
                                       (302) 571-6600
                                       *Attorneys for Optrex America, Inc.*

*Of Counsel:*

    Richard D. Kelly
    Andrew M. Ollis
    Alexander E. Gasser
    John F. Presper
    OBLON, SPIVAK, MCCLELLAND,
    MAIER & NEUSTADT, P.C.
    1940 Duke Street
    Alexandria, VA 22314
    (703) 413-3000

## CERTIFICATE OF SERVICE

I, Karen L. Pascale, hereby certify that on March 2, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing to the following counsel of record:

| | |
|---|---|
| John R. Alison | john.alison@finnegan.com |
| Parker H. Bagley | pbagley@milbank.com |
| Robert J. Benson | rjbenson@hhlaw.com |
| Robert Karl Beste, III | rkb@skfdelaware.com, vkm@skfdelaware.com |
| Elizabeth L. Brann | elizabethbrann@paulhastings.com |
| Christopher E. Chalsen | cchalsen@milbank.com |
| Hua Chen | huachen@paulhastings.com |
| Arthur G. Connolly, III | aconnollyIII@cblh.com, dkt@cblh.com; telwell@cblh.com |
| Frederick L. Cottrell, III | cottrell@rlf.com |
| Francis DiGiovanni | fdigiovanni@cblh.com, dkt@cblh.com, ljarrell@cblh.com, rlitterst@cblh.com |
| Thomas M. Dunham | dunhamt@howrey.com |
| Kevin C. Ecker | kecker@stroock.com |
| Amy Elizabeth Evans | aevans@crosslaw.com |
| York M. Faulkner | york.faulkner@finnegan.com |
| Christopher J. Gaspar | cgaspar@milbank.com |
| Alexander E. Gasser | agasser@oblon.com |
| Anne Shea Gaza | gaza@rlf.com, innis@rlf.com |
| Maria Granovsky | mgranovsky@mnat.com |
| Alan M. Grimaldi | grimaldia@howrey.com |
| Thomas C. Grimm | tcgefiling@mnat.com |

| | |
|---|---|
| Thomas Lee Halkowski | halkowski@fr.com, dob@fr.com, jrm@fr.com, kxk@fr.com, sub@fr.com |
| Angie Hankins | ahankins@stroock.com |
| Richard L. Horwitz | rhorwitz@potteranderson.com, iplitigation@potteranderson.com, jsutton@potteranderson.com, mbaker@potteranderson.com, nmcmenamin@potteranderson.com |
| Dan C. Hu | hu@tphm.com, gyount@tphm.com; awoods@tphm.com |
| John T. Johnson | jjohnson@fr.com, lperez@fr.com; autuoro@fr.com |
| Robert J. Katzenstein | rjk@skfdelaware.com, eys@skfdelaware.com |
| Nelson M. Kee | keen@howrey.com |
| Richard D. Kelly | rkelly@oblon.com |
| Stephen S. Korniczky | stephenkorniczky@paulhastings.com |
| Gary William Lipkin | gwlipkin@duanemorris.com |
| Hamilton Loeb | hamiltonloeb@paulhastings.com |
| Robert L. Maier | Robert.Maier@BakerBotts.com |
| David J. Margules | (Terminated) dmargules@BMF-law.com, lheritage@bmf-law.com |
| David Ellis Moore | dmoore@potteranderson.com, ntarantino@potteranderson.com |
| Carolyn E. Morris | carolynmorris@paulhastings.com |
| Arthur I. Neustadt | aneustadt@oblon.com |
| Elizabeth A. Niemeyer | elizabeth.niemeyer@finnegan.com |
| Andrew M. Ollis | aollis@oblon.com |
| Adam Wyatt Poff | apoff@ycst.com, corporate@ycst.com; corpcal@ycst.com |
| Leslie A. Polizoti | lpolizoti@mnat.com |
| John F. Presper | jpresper@oblon.com |
| Alana A. Prills | alanaprills@paulhastings.com |
| Steven J Rizzi | steven.rizzi@weil.com |

| | |
|---|---|
| Lawrence Rosenthal | lrosenthal@stroock.com |
| Avelyn M. Ross | aross@velaw.com |
| Philip A. Rovner | provner@potteranderson.com, iplitigation@potteranderson.com, mstackel@potteranderson.com, mcmenamin@potteranderson.com |
| Diana M. Sangalli | dsangalli@tphm.com |
| Robert C. Scheinfeld | robert.scheinfeld@bakerbotts.com |
| Carl E. Schlier | cschlier@oblon.com |
| Chad Michael Shandler | shandler@rlf.com, pstewart@rlf.com |
| John W. Shaw | jshaw@ycst. com, corporate@ycst.com; ptorterotot@ycst.com; corpcal@ycst.com |
| Matthew W. Siegal | msiegal@stroock.com |
| Neil P. Sirota | neil.sirota@bakerbotts.com |
| Monte Terrell Squire | msquire@ycst.com, corpcal@ycst.com, corporate@ycst.com |
| William J. Wade | wade@rlf.com, casper@rlf.com |
| Roderick B. Williams | rickwilliams@velaw.com, smendoza@velaw.com |
| Edward R. Yoches | bob.yoches@finnegan.com |
| Steven J. Balick | sbalick@ashby-geddes.com, dfioravanti@ashby-geddes.com, dharker@ashby-geddes.com, jday@ashby-geddes.com, lmaguire@ashby-geddes.com, mkipp@ashby-geddes.com, nlopez@ashby-geddes.com, tlydon@ashby-geddes.com |
| William F. Taylor, Jr. | wtaylor@mccarter.com |
| John G. Day | jday@ashby-geddes.com, dfioravanti@ashby-geddes.com, dharker@ashby-geddes.com, lmaguire@ashby-geddes.com, mkipp@ashby-geddes.com, nlopez@ashby-geddes.com, sbalick@ashby-geddes.com, tlydon@ashby-geddes.com |
| Barry M. Graham | barry.graham@finnegan.com |
| Darren M. Jiron | darren.jiron@finnegan.com |
| William J. Marsden, Jr. | marsden@fr.com |
| Matt Neiderman | mneiderman@duanemorris.com |

I further certify that on March 2, 2007, I caused a copy of the foregoing document to be served by e-mail on the below-listed counsel:

Thomas C. Grimm [tgrimm@mnat.com]
Leslie A. Polizoti [lpolizoti@ mnat.com]
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
Wilmington, DE  19899-1347
*Attorneys for Honeywell International Inc. and Honeywell Intellectual Properties Inc.*

Steven J. Balick [sbalick@ashby-geddes.com]
John G. Day [jday@ashby-geddes.com]
ASHBY & GEDDES
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899
*Attorneys for Honeywell International Inc. and Honeywell Intellectual Properties Inc.*

Martin R. Lueck [MRLueck@rkmc.com]
Matthew L. Woods [MLWoods@rkmc.com]
Jacob S. Zimmerman [JSZimmerman@rkmc.com]
Marta M. Chou [MMChou@rkmc.com]
ROBINS, KAPLAN, MILLER & CIRESI LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN  55402-2015
*Attorneys for Honeywell International Inc. and Honeywell Intellectual Properties Inc.*

Alan E. McKenna [AEMckenna@rkmc.com]
Anthony A. Froio  [AAFroio@rkmc.com]
Jeremy C. McDiarmid [JCMcDiarmid@rkmc.com]
ROBINS, KAPLAN, MILLER & CIRESI LLP
111 Huntington Avenue, Suite 1300
Boston, MA 02199-7610
*Attorneys for Honeywell International Inc. and Honeywell Intellectual Properties Inc.*

William J. Wade [wade@rlf.com]
RICHARDS, LAYTON & FINGER
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
*Attorneys for Arima Display Corporation*

Philip A. Rovner [provner@potteranderson.com]
POTTER, ANDERSON & CORROON
6th Floor, Hercules Plaza
1313 N. Market Street
Wilmington, DE 19801
*Attorneys for Fuji Photo Film Co. Ltd. And Fuji Photo Film U.S.A. Inc.*

Richard L. Horwitz [rhorwitz@potteranderson.com]
David E. Moore [dmoore@potteranderson.com]
POTTER ANDERSON & CORROON
6th Floor, Hercules Plaza
1313 N. Market Street
P.O. Box. 951
Wilmington, DE 19801
*Attorneys for Hitachi Displays, Ltd., Samsung SDI America, Inc., and Samsung SDI Co.,*
*Ltd., Wintek Corp., Wintek Electro-Optics Corporation;*

Gary W. Lipkin [GWLipkin@duanemorris.com]
DUANE MORRIS LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801-1246
*Attorneys for InnoLux Display Corporation*

Robert J. Katzenstein [rjk@skfdelaware.com]
Robert K. Beste, III [rkb@skfdelaware.com]
SMITH, KATZENSTEIN & FURLOW
800 Delaware Avenue
P.O. Box 410
Wilmington, DE  19899
*Attorneys for Seiko Epson Corporation and Sanyo Epson Imaging Devices Corporation*

David J. Margules [dmargules@bmf-law.com]
John M. Seaman [jseaman@bmf-law.com]
BOUCHARD MARGULES & FRIEDLANDER, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
*Attorneys for Citizen Watch Co., Ltd., and Citizen Displays Co., Ltd.*

YOUNG CONAWAY STARGATT & TAYLOR, LLP


/s/ Karen L. Pascale
March 2, 2007                          Karen L. Pascale (#2903) [kpascale@ycst.com]
                                       The Brandywine Building
                                       1000 West Street, 17th Floor
                                       Wilmington, DE 19801
                                       (302) 571-6600
                                           Attorneys for Optrex America, Inc.