IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HONEYWELL INTERNATIONAL INC. and HONEYWELL INTELLECTUAL PROPERTIES INC., <br><br> Plaintiffs, <br><br> v. <br><br> APPLE COMPUTER, INC., et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 04-1338-*** <br><br> Consolidated |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR**
**MOTION FOR A PROTECTIVE ORDER**

To protect its confidential and privileged information, Honeywell sought assurances from Optrex that Mr. Smith-Gillespie would not divulge Honeywell information that is confidential and that he would rely exclusively on publicly available information and information produced in this litigation to render his opinion. Honeywell offered Optrex three different proposals, and Optrex refused each one of them. Optrex's qualified response, that Mr. Smith-Gillespie has not and will not share "*what he knows to be*" confidential Honeywell information, does not adequately protect the information that Honeywell considers confidential.

Honeywell's concern is that Mr. Smith-Gillespie worked at Honeywell during the relevant time period and in that capacity learned of confidential information that goes to the heart of this matter.[1]  In working with Optrex and other defendants, Mr. Smith-Gillespie could divulge

---

[1] Honeywell does not, as Optrex asserts, dispute that Mr. Smith-Gillespie can rely on general information he has learned through his work experiences.  As such, Honeywell is not insisting that Mr. Smith-Gillespie somehow erase knowledge he has gleaned from 12 years of work with Honeywell.  Instead, Honeywell is merely trying to protect unfettered disclosure of confidential information about specific projects on which Mr. Smith-Gillespie worked as a Honeywell employee that are directly relevant to the issues in this litigation.

1

confidential information, and Honeywell would have no opportunity to determine if such information should not be disclosed for privilege reasons, or to assign the appropriate level of confidentiality to the information to protect its disclosure. Under Optrex's proposal (D.I. 725 at 6), Mr. Smith-Gillespie – a non-lawyer – unilaterally would police whether the information he is divulging is privileged and would decide whether to divulge Honeywell confidential information to the defendants, including their business representatives. Optrex says it "does not understand" (*id*. at 6) how Honeywell's confidential information may be compromised – but its own proposal asks the Court to let Mr. Smith-Gillespie divulge all non-privileged Honeywell confidential information that he knows.

There is no dispute that Mr. Smith-Gillespie worked at Honeywell when the directional diffuser was being developed, and that during that employment he received information that is confidential to Honeywell. There is also no dispute that Mr. Smith-Gillespie worked on the Boeing 777 project when employed at Honeywell – the same project that led to the invention disclosed and claimed in the '371 patent.

Optrex, however, asserts that Mr. Smith-Gillespie's work on the Boeing 777 project did not begin until 1992, well after Honeywell reduced to practice the subject matter of claim 3 of the '371 patent sometime prior to May 1990. Notably, at this time, it is unclear whether the defendants, including Optrex, intend to challenge the May 1990 reduction to practice date. As such, the fact that Mr. Smith-Gillespie may not have worked on the Boeing 777 project at that time is irrelevant to this issue. Moreover, while Optrex protests that Mr. Smith-Gillespie's work experience at Honeywell is irrelevant since he did not work on the Boeing project until 1992, the defendants *themselves* have made information at that time relevant. In depositions, the defendants have asked witnesses questions and marked as exhibits highly

2

confidential and confidential documents from 1991 and 1992 regarding the directional diffuser and the work on the Boeing 777 project. Mr. Smith-Gillespie, therefore, has knowledge of confidential information regarding his work on the Boeing 777 project during this time period which is relevant to the current litigation. Since the defendants have made issues surrounding the Boeing 777 project during this time period relevant to the litigation, it is imperative that Optrex not be allowed unfettered access to confidential information that Mr. Smith-Gillespie acquired during his work with Honeywell.

Optrex's assertion that its retention of Mr. Smith-Gillespie is no different than Honeywell's retention of Mr. Wilwerding, its own former employee, is wrong. While Mr. Wilwerding is working as an expert for Honeywell, whatever Honeywell confidential or privileged information he knows will be disclosed right back to Honeywell – who can protect it.

Moreover, unlike Mr. Smith-Gillespie, Mr. Wilwerding did not work on any Honeywell project that is relevant to this matter. Mr. Wilwerding worked in Honeywell's Camera division in Denver, Colorado during the relevant time frame. He has never worked in Honeywell's Commercial Flight Systems division in Phoenix, Arizona. Honeywell retaining one of its own former employees as an expert is entirely different than Optrex retaining a former Honeywell employee who worked in Honeywell's Aerospace division during the development of the invention at issue in this litigation, who worked with the inventors of the '371 patent, and who worked on the Boeing 777 project under which the directional diffuser was developed.

To ensure that its confidential information remains protected, Honeywell respectfully requests: (1) that Optrex and Mr. Smith-Gillespie confirm that Mr. Smith-Gillespie has not and will not disclose to Optrex confidential information he learned or obtained while employed as an engineer at Honeywell; and (2) that Optrex and Mr. Smith-Gillespie agree that

the factual basis for Mr. Smith-Gillespie's opinions will be based exclusively on publicly available information, documents produced in this litigation, and deposition testimony provided in this litigation.[2]  As an alternative, Honeywell is willing to depose Mr. Smith-Gillespie to determine the scope of his knowledge of relevant confidential information, and could then assign the appropriate confidentiality designations to that information.  After that deposition, Mr. Smith-Gillespie would not be allowed to disclose to Optrex or the other defendants any information he did not share at his deposition.  Unless and until it has these assurances, Honeywell requests that no confidential information be disclosed to Mr. Smith-Gillespie.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Leslie A. Polizoti*

Thomas C. Grimm (#1098)
Leslie A. Polizoti (#4299)
Maria Granovsky (#4709)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
tgrimm@mnat.com
lpolizoti@mnat.com
mgranovsky@mnat.com
   *Attorneys for Honeywell International Inc.*
   *and Honeywell Intellectual Properties Inc.*

OF COUNSEL:

Martin R. Lueck
Matthew L. Woods
Stacie E. Oberts
Michael D. Okerlund
Denise S. Rahne
Peter N. Surdo
Marta M. Chou
ROBINS, KAPLAN, MILLER
  & CIRESI L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN  55402-2015
(612) 349-8500

---

[2]    Optrex notes that it may want to call Mr. Smith-Gillespie as a fact witness (D.I. 725 at 3). That is a totally separate and distinct issue from whether he may serve as Optrex's expert.

4

Anthony A. Froio
Marc N. Henschke
Alan E. McKenna
Jeremy C. McDiarmid
ROBINS, KAPLAN, MILLER
  & CIRESI L.L.P.
111 Huntington Avenue, Suite 1300
Boston, MA  02199
(617) 267-2300

March 9, 2007
759703.2

<u>CERTIFICATE OF SERVICE</u>

I certify that on March 9, 2007, I caused to be served true and correct copies of the foregoing on the following in the manner indicated:

**<u>BY HAND & E-MAIL</u>:**

John W. Shaw
Monte T. Squire
YOUNG CONAWAY STARGATT
  & TAYLOR LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899-0391

*Attorneys for Sony Corporation*

William J. Wade
RICHARDS LAYTON & FINGER
One Rodney Square
P.O. Box 551
Wilmington, DE  19899-0551

*Attorneys for Arima Display Corporation*

Karen L. Pascale
YOUNG CONAWAY STARGATT
  & TAYLOR, LLP
The Brandywine Building, 17th floor
1000 West Street
Wilmington, DE  19801

*Attorneys for Optrex America, Inc.*

Philip A. Rovner
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE  19899

*Attorneys for Fuji Photo Film Co., Ltd.
and Fuji Photo Film U.S.A., Inc.*

David J. Margules
John M. Seaman
BOUCHARD MARGULES
  & FRIEDLANDER, P.A.
222 Delaware Ave., Suite 1400
Wilmington DE 19801

*Attorneys for Citizen Watch Co., Ltd.
and Citizen Displays Co., Ltd.*

Daniel V. Folt
Gary W. Lipkin
DUANE MORRIS LLP
1100 North Market Street, 12th Floor
Wilmington, DE  19801-1246

*Attorneys for InnoLux Display Corporation*

Robert J. Katzenstein
Robert Karl Beste, III
SMITH, KATZENSTEIN
  & FURLOW LLP
800 Delaware Avenue, 7th Floor
P.O. Box 410
Wilmington, DE  19899

*Attorneys for Seiko Epson Corporation*

Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE  19899

*Attorneys for Hitachi Displays, Ltd., Wintek Corp., Wintek Electro-Optics Corporation, Samsung SDI America, Inc.  and Samsung SDI Co., Ltd.*

2

**BY E-MAIL:**

Robert C. Scheinfeld
Neil P. Sirota
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, NY 10112
robert.scheinfeld@bakerbotts.com
neil.sirota@bakerbotts.com

*Attorneys for Hitachi Displays, Ltd.*

Andrew M. Ollis
OBLON, SPIVAK, McCLELLAND,
  MAIER & NEUSTADT, P.C.
1940 Duke Street
Alexandria, VA 22314
aollis@oblon.com

*Attorneys for Optrex America, Inc.*

Elizabeth A. Niemeyer
FINNEGAN, HENDERSON,
  FARABOW, GARRETT
  & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, DC 20001
elizabeth.niemeyer@finnegan.com

York M. Faulkner
FINNEGAN, HENDERSON,
  FARABOW, GARRETT
  & DUNNER, L.L.P.
11955 Freedom Drive
Reston, VA 20190
york.faulkner@finnegan.com

*Attorneys for Wintek Corp. and Wintek Electro-Optics Corporation*

Stephen S. Korniczky
Elizabeth L. Brann
PAUL, HASTINGS, JANOFSKY
  & WALKER LLP
3579 Valley Centre Drive
San Diego, CA 92130
stephen.korniczky@paulhastings.com
elizabeth.brann@paulhastings.com

Hamilton Loeb
PAUL, HASTINGS, JANOFSKY
  & WALKER LLP
875 15th Street, N.W.
Washington, DC 20005
hamiltonloeb@paulhastings.com

*Attorneys for Samsung SDI Co., Ltd. and Samsung SDI America, Inc.*

John Flock
KENYON & KENYON
One Broadway
New York, NY 10004-1050
jflock@kenyon.com

*Attorneys for Sony Corporation*

Stuart Lubitz
HOGAN & HARTSON LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
slubitz@hhlaw.com

*Attorneys for Seiko Epson Corporation, Citizen Watch Co., Ltd. and Citizen Displays Co., Ltd.*

| | |
|---|---|
| Lawrence Rosenthal<br>Matthew W. Siegal<br>STROOCK & STROOCK & LAVAN LLP<br>180 Maiden Lane<br>New York, NY  10038-4982<br>lrosenthal@stroock.com<br>msiegal@stroock.com<br><br>*Attorneys for Fuji Photo Film Co., Ltd.*<br>*and Fuji Photo Film U.S.A., Inc.* | Dan C. Hu<br>TROP PRUNER & HU, P.C.<br>1616 South Voss Road<br>Suite 750<br>Houston, TX  77057-2631<br>hu@tphm.com<br><br>*Attorneys for Arima Display Corporation* |
| Donald R. McPhail<br>DUANE MORRIS LLP<br>1667 K Street, N.W., Suite 700<br>Washington, DC  20006<br>drmcphail@duanemorris.com<br><br>*Attorneys for InnoLux Display Corporation* | **BY FEDERAL EXPRESS**<br><br>Mr. Seong Yoon Jeong<br>Assistant Manager<br>Technology Planning Group<br>BOE HYDIS TECHNOLOGY CO., LTD.<br>San 136-1, Ami-ri, Bubal-eub<br>Ichon-si, Gyeonggi-do 467-701<br>Republic of Korea |

*/s/ Leslie A. Polizoti*
Leslie A. Polizoti (#4299)
lpolizoti@mnat.com

4