# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Thomas C. Grimm
302 351 9595
302 425 4661 Fax
tgrimm@mnat.com

**BY E-FILING**

The Honorable Mary Pat Thynge
United States District Court for the District of Delaware
844 North King Street
Wilmington, DE 19801

Re: *Honeywell International Inc., et al. v. Apple Computer, Inc.*, Cons. C.A. No. 04-1338-***

    Plaintiffs Honeywell International Inc., and Honeywell Intellectual Properties Inc., ("Honeywell") respectfully request that the Court compel Defendant Optrex America, Inc. ("Optrex") to produce documents and information identifying *all* sales of its accused modules regardless of the situs of those sales.[1] As explained in detail below, despite the fact that all sales of its accused modules are highly relevant to claims and issues in this case--and the fact that other defendants have acknowledged this and agreed to provide discovery for worldwide sales of their accused modules--Optrex has refused to produce discoverable information for any non-U.S. sales of its accused modules.

    Optrex should be ordered to produce information for all worldwide sales of its accused modules because this information is discoverable and relates directly to claims and defenses in this case, including Optrex's own claim that the '371 patent is invalid and Honeywell's claims that Optrex has contributed to and/or induced infringement of the '371 patent. From both the perspective of proving infringement, and establishing commercial success, the first step to determining what modules ultimately enter the U.S. is to identify what Optrex has sold to end product makers, regardless of location; then, the end product makers ("customers") can cull that list and identify what is incorporated into a product destined for the U.S.[2]

---

[1] *See, e.g.,* Optrex's Objections and Responses to Honeywell's First Set Of Document Requests, Nos. 21 and 22, attached as Exhibit A. On July 13, 2006, Honeywell and Optrex entered into a certain Stipulation whereby Optrex agreed to produce discoverable information from its affiliates and subsidiaries, including Optrex Corporation, located in Japan.

[2] As addressed further below, Honeywell requires commercial success discovery from *both* module manufacturers such as Optrex and their customers, the end product makers. As the Court is aware, the customer defendants are refusing to provide their discoverable information relating to commercial success.

The Honorable Mary Pat Thynge
March 19, 2007
Page 2

Optrex's refusal to produce this relevant and discoverable information prejudices Honeywell's right and ability to properly defend against Optrex's invalidity assertions and otherwise prepare this case for trial.

    A.    **The Commercial Success of Optrex's Accused Modules Is Relevant To Optrex's Invalidity Claims And Optrex Should Produce Information For All Accused Module Sales**

It cannot be disputed that the commercial success of Optrex's accused products is relevant to Optrex's invalidity contention because commercial success can be used by a patent holder as indicia of non-obviousness. *See Graham v. John Deere Co.*, 383 U.S. 1, 17-18, 35-36 (1996). It also cannot be disputed that sales of the accused infringing products can be utilized to gauge the commercial success of the patented invention. *See, e.g., Brown & Williamson Tobacco Corp. v. Phillip Morris Inc.*, 229 F.3d 1120, 1130 (Fed Cir. 2000). Moreover, the commercial success of Optrex's accused modules is highly relevant to Optrex's claim that the subject matter of the '371 patent is obvious. Without information establishing the commercial success of Optrex's accused products, Honeywell cannot properly and adequately rebut Optrex's obviousness argument. Optrex's refusal to produce all discoverable information evidencing the commercial success of its products, therefore, unduly prejudices Honeywell.

As set forth in Honeywell's March 2, 2007 letter, Honeywell's ability to counter Optrex's (and the other defendants') obviousness argument is already impaired by the fact that Honeywell does not currently have information from the Customer Defendants showing the commercial success of the patented invention as incorporated into end products sold in the United States. Optrex's refusal to produce its own information relating to the commercial success of its products only exacerbates the prejudice to Honeywell, which is faced with opposing Optrex's obviousness arguments without *any* information relating to commercial success of Optrex's products. While Honeywell's request for such information from the Customer Defendants has been addressed in Honeywell's March 2, 2007 letter, it is important to note that Honeywell needs commercial success information from *both* the Customer Defendants and the manufacturers such as Optrex in order to gain a complete understanding of the commercial success of the patented invention. Without all of this information Honeywell cannot properly challenge Optrex's invalidity contentions.

      B.      Information Regarding Optrex's Non-U.S. Sales Is Relevant to Honeywell's Inducement and Contributory Infringement Claims, And Honeywell's Direct Infringement Claims Against The Customers Even If Optrex Asserts Honeywell Cannot Recover Damages For Every Sale Of An Accused Module

Regardless of the fact that Optrex may contend that most of its sales of infringing modules are beyond the territorial scope of 35 U.S.C. § 271, information relating to Optrex's sales is nevertheless relevant and discoverable because Honeywell has alleged that Optrex has contributed to and/or induced infringement of the '371 patent. As outlined recently by the Federal Circuit in *DSU Medical Corp. v. JMS Co.*, F.3d, Nos. 04-1620, 05-1048, 04-1052, 2006 WL 3615056 (Fed. Cir. Dec. 13, 2006), Optrex is liable under 35 U.S.C. 271(b) even for foreign module sales if it: (1) knowingly caused the acts that constituted direct infringement and (2) possessed specific intent to encourage those acts of direct infringement. Based upon its own investigation and information provided by Optrex's customers, Honeywell has also alleged that Optrex's modules have been found in infringing end products sold in the United States.

As a result of the test outlined in *DSU Medical*, it imperative that Honeywell have access to Optrex's worldwide sales information as a first step in building its inducement of infringement case against Optrex. Even if ultimately some of those foreign sales are not subject to damages calculations against Optrex per se, the information regarding *all* sales is nevertheless relevant and discoverable at this stage so that Honeywell can determine whether those sales are made to a Customer Defendant who incorporates the modules into end products that are then imported into the United States. In this way, Honeywell will have an opportunity to meet its burden under *DSU Medical* and determine whether sales that appear "foreign" on their face are nevertheless infringing because they are sales made by Optrex with the requisite knowledge and intent to cause direct infringement. If Optrex refuses to produce information relating to its worldwide sales, Honeywell will not be able to discover information highly relevant and necessary under the test outlined in *DSU Medical*. Optrex's refusal, therefore, prejudices Honeywell's ability to prosecute its case.

For all of these reasons, Honeywell respectfully requests that this Court order Optrex to produce information detailing the worldwide sales of its accused modules within 7 days.

                                                                             Respectfully,
                                                                            /s/ *Thomas C. Grimm*
                                                                            Thomas C. Grimm (#1098)

The Honorable Mary Pat Thynge
March 19, 2007
Page 4

cc:    Dr. Peter T. Dalleo, Clerk (by hand)
        All Counsel of Record (by e-filing and e-mail)
        Matthew L. Woods, Esquire (by e-mail)