# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| OPTREX AMERICA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-1536 (KAJ) |
| | ) | |
| HONEYWELL INTERNATIONAL INC. | ) | |
| and HONEYWELL INTELLECTUAL | ) | |
| PROPERTIES INC., | ) | |
| | ) | |
| Defendants. | ) | |

**OPTREX AMERICA, INC.'S OBJECTIONS AND RESPONSES TO**
**HONEYWELL'S FIRST SET OF DOCUMENT REQUESTS**

Plaintiff Optrex America, Inc. ("Optrex") provides the following responses to

Defendants Honeywell International Inc. and Honeywell Intellectual Properties Inc.'s

("Defendants" or "Honeywell") First Set of Document Requests (Nos. 1-55), served on

March 29, 2006.

**PRELIMINARY STATEMENT AND GENERAL OBJECTIONS**

Each of Optrex's answers is subject to the following objections, unless such

answer specifically states that it is made notwithstanding such objections (in which case

such objections are reserved but not relied upon to withhold information):

1.      Optrex objects to any of Honeywell's document requests that call for

documents or information protected by any applicable privilege, doctrine, or immunity,

including, but not limited to the attorney-client privilege, work-product doctrine, joint

defense privilege, or any other constitutional, statutory or common law privilege or

protection.  The production of any privileged document, thing, or information by Optrex

is unintentional, and Optrex does not intend to waive any applicable objection or

Subject to the foregoing General and Specific Objections, Optrex will produce non-privileged, responsive discoverable documents, to the extent such documents exist.

REQUEST NO. 20:

All communications or opinions of your officers, directors and/or employees with respect to the infringement, validity or enforceability of the patent-in-suit.

**RESPONSE TO REQUEST NO. 20:**

Optrex specifically objects to this request as seeking information protected by the attorney-client privilege, work product immunity, and/or other applicable privilege. Subject to the foregoing General and Specific Objections, Optrex will produce non-privileged, responsive discoverable documents, to the extent such documents exist.

REQUEST NO. 21:

All documents which set forth, on a monthly, quarterly or annual basis from 1998 to the present, the number and nature of units manufactured, used, sold, and/or distributed for each of the Accused Structures identified in response to Interrogatory No. 1 of Defendants' First Set of Interrogatories.

**RESPONSE TO REQUEST NO. 21:**

Optrex specifically objects to Honeywell's definition of "Accused Structure" and incorporates by reference paragraphs 13 and 14 of the general objections above. Optrex also objects to the extent it attempts to circumvent Judge Jordan's October 7, 2005 Order.

Subject to the foregoing General and Specific Objections, Optrex will produce non-privileged, responsive discoverable documents regarding the Optrex products identified in response to Interrogatory No. 1 of Defendants' First Set of Interrogatories, insofar as those products are sold by Optrex or Optrex Japan to a Named Defendant in these consolidated actions for use in the categories of products identified in paragraph 28 of Honeywell's counterclaims in the 04-1536 action, to the extent such documents exist.

17

REQUEST NO. 22:

All documents that set forth, on a monthly, quarterly or annual basis from 1998 to the present, the amount of sales in U.S. dollars or local currency (indicate currency type if not U.S. dollars) for each of the Accused Structures identified in response to Interrogatory No. 1 of Defendants' First Set of Interrogatories.

**RESPONSE TO REQUEST NO. 22:**

Optrex specifically objects to Honeywell's definition of "Accused Structure" and incorporates by reference paragraphs 13 and 14 of the general objections above. Optrex also objects to the extent it attempts to circumvent Judge Jordan's October 7, 2005 Order.

Subject to the foregoing General and Specific Objections, Optrex will produce non-privileged, responsive discoverable documents regarding the Optrex products identified in response to Interrogatory No. 1 of Defendants' First Set of Interrogatories, insofar as those products are sold by Optrex or Optrex Japan to a Named Defendant in these consolidated actions for use in the categories of products identified in paragraph 28 of Honeywell's counterclaims in the 04-1536 action, to the extent such documents exist.

REQUEST NO. 23:

All projections, forecasts, market share reports, marketing acceptance documents, business plans, strategic plans, fiscal plans, marketing plans, or sales plans which refer or relate to the sale of the Accused Structures identified in response to Interrogatory No. 1 of Defendants' First Set of Interrogatories.

**RESPONSE TO REQUEST NO. 23:**

Optrex specifically objects to Honeywell's definition of "Accused Structure" and incorporates by reference paragraphs 13 and 14 of the general objections above. Optrex also objects to the extent it attempts to circumvent Judge Jordan's October 7, 2005 Order. Optrex further objects to this request as vague, ambiguous, and overboard with respect to the terms "marketing acceptance documents."

18

**RESPONSE TO REQUEST NO. 54:**

Optrex specifically objects to this request as seeking information protected by the attorney-client privilege, work product immunity, and/or other applicable privilege. Optrex also objects to this request as not relevant to a claim or defense of any party or likely to lead to the discovery of admissible evidence.

REQUEST NO. 55:

All documents that you intend to rely on in this proceeding.

**RESPONSE TO REQUEST NO. 55:**

Optrex specifically objects to this request as vague, ambiguous, and overbroad as to the term "rely."  Subject to the foregoing General and Specific Objections, paragraph 14 of the General Objections notwithstanding, Optrex will produce non-privileged, responsive documents.

May 9, 2006

_Attorney for Optrex America, Inc._

Karen L. Pascale (DE Bar No. #2903)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600

Richard D. Kelly
Andrew M. Ollis
Alexander E. Gasser
John E. Presper
OBLON, SPIVAK, MCCLELLAND,
  MAIER & NEUSTADT, P.C.
1940 Duke Street
Alexandria, VA 22314
(703) 413-3000

35