# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Thomas C. Grimm
302 351 9595
302 425 4661 Fax
tgrimm@mnat.com

ORIGINAL FILING DATE: APRIL 24, 2007
REDACTED FILING DATE: MAY 1, 2007

PUBLIC VERSION

**BY E-FILING**

The Honorable Mary Pat Thynge
United States District Court
  for the District of Delaware
844 North King Street
Wilmington, DE 19801

    Re:    *Honeywell International Inc., et al. v. Apple Computer, Inc., et al.*
            C.A. No. 04-1338-*** (Consolidated)

Dear Magistrate Judge Thynge:

    This letter is in response to the first letter brief of the Fuji defendants, submitted on April 10, 2007, which seeks production of certain documents generated by the Japan Display Team of Honeywell's Commercial Avionics Group, regarding valuations of certain intellectual property.

    This motion need not and should not have been filed. Fuji has scrupulously ignored and avoided the fact that, for some time now, Honeywell has been proposing a resolution to this dispute that would allow access to these documents simply with the understanding that granting such access would not be viewed as a waiver of any privilege associated with Honeywell's efforts to value its intellectual property. Honeywell has made this proposal to Fuji (and the other defendants who have not joined in Fuji's motion) on at least three separate occasions, but Fuji has never responded to Honeywell's proposal. Fuji's conduct not only does not comply with the letter and spirit of its meet and confer obligations, but it also signals an ulterior motive to manufacture a dispute.

    The document upon which Fuji bases its argument – Brafman Deposition Exhibit 10 – contains a clear, unequivocal request for legal advice ████████████████

---

[1]    Mr. Clark was identified in Honeywell's Rule 26(a) initial disclosures served in April 2006.

The Honorable Mary Pat Thynge
April 24, 2007
Page 2



   Because the valuation effort was done at least in part with input from a lawyer, Honeywell had, and continues to have, concerns that defendants would use unrestricted production of such materials as a basis for claiming a waiver of privilege. There is no doubt that valuations of intellectual property rights, under appropriate circumstances, can be subject to the attorney-client privilege. *See Whatley v. Nike, Inc.*, 2000 WL 1335053 (D. Ore. 2000) (consultation with patent attorneys relative to valuation of intellectual property rights was privileged) attached hereto as Exhibit B; *see generally, Mead Digital Systems, Inc. v. A.B. Dist. Co.*, 89 F.R.D. 318, 320-21 (D. Ohio 1980) (communications with British patent advisors regarding patent valuations not privileged because British law does not treat patent agents as attorneys). Fuji's conduct to date (as reflected in its not honoring the inadvertent production provisions of the protective order and in its co-pending motion regarding Honeywell's pre-suit analysis) demonstrates that it is keen on manufacturing a waiver of privilege, thereby justifying Honeywell's concerns.

   Notwithstanding these concerns, however, Honeywell proposed that Fuji could have access to the documents as long as it did not use such access as a basis for claiming a waiver of any privilege. This proposal was first made on March 12, 2007 in a letter e-mailed to all counsel, attached hereto as Exhibit A.[2] Importantly, in that letter Honeywell notified the defendants that it would not allow inquiry into the valuation efforts at Mr. McCartney's upcoming deposition unless and until the issue was resolved. Fuji nonetheless proceeded with the McCartney deposition without even responding to Honeywell's proposal.

   The McCartney deposition took place on March 14 and 15. On the evening after the first day of deposition, Mr. Matt Woods and Ms. Stacie Oberts specifically held a discussion with counsel for Fuji and the other defendants as to whether they would accept Honeywell's outstanding proposal. At one point, it appeared that the defendants were going to make a counter proposal, but ultimately they did not do so. As a result, the issue continued to linger, thus giving rise to the instructions not to answer in the transcript attached to Fuji's letter. The week following the deposition, on March 20, Honeywell yet again raised its offer with the defendants, but the defendants again literally remained mute and offered no response.

   The complete history of this issue, together with Fuji's other conduct, reveals an effort on its part to manufacture a dispute where there should in fact be none. Honeywell stands by its prior offer, including its offer to reproduce Mr. McCartney for additional deposition time at Fuji's cost, as long as access to the valuation documents and testimony is provided with the simple understanding that it will not be treated as a waiver of any privilege. This is a reasonable

---

[2] Fuji attaches this letter to its letter brief, but does not discuss its contents.

The Honorable Mary Pat Thynge
April 24, 2007
Page 3

and balanced solution and one which Fuji should have accepted last month without burdening this Court.

                Respectfully,

                */s/ Thomas C. Grimm*

                Thomas C. Grimm (#1098)

Enclosures
cc:    Dr. Peter T. Dalleo, Clerk (by hand, w/encls.)
       See attached Certificate of Service

810516

# EXHIBIT A

# ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Tel: 612-349-8500 Fax: 612-339-4181
www.rkmc.com

ATTORNEYS AT LAW

MATTHEW L. WOODS
612-349-8272

March 12, 2007

**VIA E-MAIL**

Neil P. Sirota, Esq.
Baker Botts LLP
30 Rockefeller Plaza
New York, NY 10112

Ian G. DiBernardo, Esq.
Stroock, Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038

Andrew M. Ollis, Esq.
Oblon, Spivak, McClelland, Maier & Neustadt, P.C.
1940 Duke Street
Alexandria, VA 22314

Elizabeth L. Brann, Esq.
Paul, Hastings, Janofsky & Walker LLP
3579 Valley Centre Drive
San Diego, CA 92130

    Re:   *Honeywell International, Inc., et al. v. Apple Computer, Inc., et al.*
           Our File No.: 019896.0229

Dear Counsel:

    This letter is in response to Neil's e-mail from last Friday regarding several outstanding matters related to the upcoming deposition of Richard McCartney.

    First, with regard to the document identified by Dale Jepsen during his deposition, please note the exchange reflected on pages 112-113 of the transcript in which I informed you that document was not attached to the invention disclosure statement. On those pages, I suggested that you confirm this at Mr. McCartney's upcoming deposition. Having said that, the document which I understand Mr. Jepsen to be referring to bears production numbers HW013601 through HW013608.

    With regard to our continued discussions involving Brafman Deposition Exhibit 10 and the estimation documents stemming therefrom, Honeywell's ongoing investigation suggests that attorneys were involved to some extent in this underlying project. Having said that, we acknowledge defendants' concerns regarding these documents. Accordingly, we propose as follows:

Counsel
March 12, 2007
Page 2

    1.    The defendants will agree to substitute, for Brafman Deposition Exhibit No. 10, a redacted document, which redacts the substance under Item No. 3, "Action" (referencing specific request for legal advice);

    2.    Honeywell will withdraw any objection to use of the estimation documents (HW021021-HW021049) in this litigation (reserving, of course, all applicable objections regarding admissibility), and will produce an additional document generated by Mr. McCartney with regard to the application file that ultimately became the '371 patent;

    3.    All defendants participating in any Joint Defense Agreement regarding this case will agree that the withdrawal of such objection and production will not constitute, or serve as a basis for claiming, a waiver of the Attorney-Client and Work Product privileges, if any.

With regard to your request for best copies of HW021042-45, we have confirmed that you already have the best available copies of the documents. The documents that are in Honeywell's possession are the same quality as the documents that were produced. Given the ongoing discussion regarding these documents, however, this issue should be tabled until resolution of the matters outlined above. It is our intent at the upcoming McCartney deposition to prohibit testimony regarding matters which may, by their inquiry, constitute a waiver of the privilege, unless or until the broader issue referenced above is resolved.

Finally, with regard to the issue of the 30(b)(6) categories, as previously communicated in Ms. Oberts' letter of January 26, 2007, Mr. McCartney will be able to speak to topics 1, 2, 19, 21, 25. While he will testify as Honeywell's representative (as well as an individual), he is testifying regarding his personal participation in the events noticed in these categories. As we have communicated, the breadth of the categories, as well as their reference to the "awareness" or "knowledge" of a variety of persons, has caused Honeywell to designate multiple persons in response to a category. Also, as noted at the Jepsen deposition, Mr. McCartney will have some personal information responsive to categories 16, 18 and 20, given what we understand from your recent questioning to be subjects of interest to you. As you know, Honeywell has objected to the breadth of these categories as well, but will continue to work with you to ensure you have a reasonably complete record on these topics.

I look forward to hearing from you regarding all these matters.

    Sincerely,

    ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

    Matthew L. Woods

MLW/sdg
cc:    Stacie E. Oberts
        Anthony A. Froio
        Marc Henschke
MP3 20216695.1

# EXHIBIT B

Not Reported in F.Supp.2d                                                                                                          Page 1
Not Reported in F.Supp.2d, 2000 WL 1335053 (D.Or.)
**(Cite as: Not Reported in F.Supp.2d)**

Whatley v. Nike, Inc.
D.Or.,2000.
Only the Westlaw citation is currently available.
United States District Court, D. Oregon.
Ian WHATLEY, Plaintiff,
v.
NIKE, INC., Defendant.
**No. CV 98-963-AS.**

June 30, 2000.

OPINION and ORDER
ASHMANSKAS.
**\*1** Plaintiff filed this action against defendant asserting two claims: (1) patent infringement; and (2) slander *per se.* Plaintiff now moves to strike affirmative defenses raised to oppose his slander claims. The parties have also filed cross-motions to compel and for a protective order.

1. *Motion to Strike Affirmative Defenses*

Plaintiff's slander claim is premised upon two telephone conversations between a Nike employees and the President and Vice-President of Business Development for Tietex Inc. From 1994-96, plaintiff was a consultant for Tietex. Tietex provides materials, sales and marketing for the athletic footwear industry. Plaintiff claims that in July of 1996, he was offered a full-time position with Tietex as a footwear product manager. Shortly thereafter, plaintiff claims that Nike employees told Tietex that they would "have a problem" with Tietex if Whatley was hired full time. Plaintiff further alleges that Nike employees told Tietex that Whatley had stolen trade secrets from previous employers and that Whatley's patent issues with Nike "must be dealt with before he comes on board with you." Plaintiff contends that Nike made these statements in a deliberate attempt to force Whatley to accept its offer of $20,000 for his patents. Plaintiff further contends that when this effort failed, Tietex withdrew its offer of employment based upon Nike's interference.

Plaintiff now moves to strike two categories of affirmative defenses raised against his slander claim: (a) a statute of limitations bar (affirmative defense # 11); and (b) the unconstitutionality of punitive damages (affirmative defenses # 12-15).

Pursuant to Rule 12(f), a court may strike any "insufficient defense." The facts must be viewed in the light most favorable to the non-moving party. *American Agriculture, Inc. v. Shropshire,* 1999 U.S. Dist. LEXIS 13972, \*2 (D.Or.1999) (cites omitted). A motion to strike a defense is disfavored except when the defense is insufficient as a matter of law. *Id.*

Both parties agree that the court must apply South Carolina conflicts of law analysis to determine which law applies to the slander claim since this action was originally filed in a Federal District Court in South Carolina. *Klaxon Co. v. Stentor Electric Manufacturing Co.,* 313 U.S. 487, 496 (1941); *Van Dusen v. Barrack,* 376 U.S. 612, 639 (1964).

In tort actions, South Carolina generally follows the *"lex loci delicti"* rule which calls for application of the substantive law of the situs of the injury. *Thornton v. Cessna Aircraft Co.,* 886 F.2d 85 (4th Cir.1989). However, the court may refuse to apply the law of the situs of the injury if to do so would be contrary to South Carolina public policy or due process. *Id.*

As the pleadings now stand, the situs of plaintiff's injury remains unclear. In his complaint, plaintiff alleges damage to his business representation in the athletic shoe industry in general. The fact that plaintiff is currently a South Carolina resident is not determinative if the injury to his reputation has a more substantial connection to another forum, such as Oregon. Because plaintiff has declined to expressly limit his claim for damages to his business reputation in South Carolina and/or damages relative to the loss of the Tietex contract, then the issue of the applicable statute of limitations necessarily involves a factual inquiry unsuitable for a ruling on a motion to strike. Further, because defendant seeks to preserve a due process challenge to the system for

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:04-cv-01338-JJF    Document 787    Filed 05/01/2007    Page 9 of 18

Not Reported in F.Supp.2d    Page 2
Not Reported in F.Supp.2d, 2000 WL 1335053 (D.Or.)
**(Cite as: Not Reported in F.Supp.2d)**

awarding punitive damages (as opposed to the fact of punitive damages), elimination of this defense would be premature as well.

**\*2** Based upon the foregoing, plaintiff's motion to strike (# 172) is DENIED.

### 2. *Plaintiff's Motion for a Protective Order; Defendant's Motion to Compel*

Defendant seeks to compel the depositions of plaintiff's patent attorneys, Roy Anderson and Richard Warburg, to discover how plaintiff determined the value of his patents for purposes of his divorce proceedings. Defendant claims that during a deposition, plaintiff referred to consultation with his patent attorneys relative to the valuation issue.

Plaintiff argues that he never waived the attorney-client privilege relative to his patent attorneys. Plaintiff agrees that he has waived the attorney-client privilege relative to his divorce attorney and the patent valuation issue. Further, plaintiff has submitted sworn declarations from Anderson and Warburg in which they attest to the fact that they have no memory of having given advice to the plaintiff regarding the value of his intellectual property for purposes of his divorce proceedings. Plaintiff seeks a protective order to prevent the depositions based upon the attorney-client privilege.

Having reviewed the plaintiff's deposition excerpts, I find that there has been no clear waiver of the privilege relative to the patent attorneys. The crux of the valuation question should be adequately addressed with the deposition of plaintiff's divorce attorney. Plaintiff testified that it was his belief that the patents should be valued at $0 as contingent property; this testimony does not rest upon any understanding of patent law. Should any unresolved issues remain following the deposition of plaintiff's divorce attorney, defendant may re-raise this motion. Based upon the foregoing, defendant's motion to compel (# 230-1) is DENIED and plaintiff's motion for protective order (# 233) is DENIED as MOOT.

### 3. *Defendant's Motion for Extension of Time (# 230-2)*

Defendant seeks additional time to file a reply memorandum in support of its motion for summary judgment based upon judicial estoppel relative to plaintiff's valuation of his patents during his divorce proceedings. Defendant's motion (# 230-2) is GRANTED as follows: defendant shall file any reply to its motion for summary judgment based upon judicial estoppel (# 187) and plaintiff shall file any reply to his motion for partial summary judgment on infringement (# 123) that has not been withdrawn by July 31, 2000. Oral argument on motions # 187 and # 123 shall be held on Monday, August 7, 2000, at 9:30 a.m.

IT IS SO ORDERED and DATED this 30th day of June, 2000.

D.Or.,2000.
Whatley v. Nike, Inc.
Not Reported in F.Supp.2d, 2000 WL 1335053 (D.Or.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**CERTIFICATE OF SERVICE**

I hereby certify that on April 24, 2007, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send notification of such filing to the following: John R. Alison, Parker H. Bagley, Robert J. Benson, Robert Karl Beste, III, Elizabeth L. Brann, Christopher E. Chalsen, Hua Chen, Arthur G. Connolly, III, Frederick L. Cottrell, III, Francis DiGiovanni, Thomas M. Dunham, Kevin C. Ecker, Amy Elizabeth Evans, York M. Faulkner, Maria Granovsky, Christopher J. Gaspar, Alexander E. Gasser, Alan M. Grimaldi, Thomas C. Grimm, Thomas Lee Halkowski, Angie Hankins, Richard L. Horwitz, Dan C. Hu, John T. Johnson, Robert J. Katzenstein, Nelson M. Kee, Richard D. Kelly, Matthew W. King, Stephen S. Korniczky, Gary William Lipkin, Hamilton Loeb, Robert L. Maier, David J. Margules, David Ellis Moore, Carolyn E. Morris, Arthur I. Neustadt, Elizabeth A. Niemeyer, Andrew M. Ollis, Karen L. Pascale, Adam Wyatt Poff, Leslie A. Polizoti, John F. Presper, Alana A. Prills, Steven J. Rizzi, Lawrence Rosenthal, Avelyn M. Ross, Philip A. Rovner, Diana M. Sangelli, Robert C. Scheinfeld, Carl E. Schlier, Chad Michael Shandler, John W. Shaw, Matthew W. Siegal, Neil P. Sirota, Monte Terrell Squire, William J. Wade, Roderick B. Williams, Edward R. Yoches.

I also certify that on April 24, 2007, I caused to be served true and correct copies of the foregoing on the following as indicated below:

**BY HAND & E-MAIL:**

John W. Shaw
Monte T. Squire
YOUNG CONAWAY STARGATT
 & TAYLOR LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
jshaw@ycst.com

*Attorneys for Sony Corporation*

William J. Wade
RICHARDS LAYTON & FINGER
One Rodney Square
P.O. Box 551
Wilmington, DE 19899-0551
wade@rlf.com

*Attorneys for Arima Display Corporation*


Karen L. Pascale
YOUNG CONAWAY STARGATT
 & TAYLOR, LLP
The Brandywine Building, 17th floor
1000 West Street
Wilmington, DE 19801
kpascale@ycst.com

*Attorneys for Optrex America, Inc.*

Philip A. Rovner
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899
provner@potteranderson.com

*Attorneys for Fuji Photo Film Co., Ltd.
and Fuji Photo Film U.S.A., Inc.*


David J. Margules
John M. Seaman
BOUCHARD MARGULES
 & FRIEDLANDER, P.A.
222 Delaware Ave., Suite 1400
Wilmington DE 19801
dmargules@BMF-law.com

*Attorneys for Citizen Watch Co., Ltd.
and Citizen Displays Co., Ltd.*

Gary W. Lipkin
DUANE MORRIS LLP
1100 North Market Street, 12th Floor
Wilmington, DE 19801-1246
GWLipkin@duanemorris.com

*Attorneys for InnoLux Display Corporation*

The Honorable Mary Pat Thynge
April 24, 2007
Page 3

Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899
rhorwitz@potteranderson.com

*Attorneys for Hitachi Displays, Ltd., Wintek Corp., Wintek Electro-Optics Corporation, Samsung SDI America, Inc. and Samsung SDI Co., Ltd.*

**BY E-MAIL:**

Robert C. Scheinfeld
Neil P. Sirota
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, NY 10112
robert.scheinfeld@bakerbotts.com
neil.sirota@bakerbotts.com

*Attorneys for Hitachi Displays, Ltd.*

Andrew M. Ollis
OBLON, SPIVAK, McCLELLAND,
  MAIER & NEUSTADT, P.C.
1940 Duke Street
Alexandria, VA 22314
aollis@oblon.com

*Attorneys for Optrex America, Inc.*

3

The Honorable Mary Pat Thynge
April 24, 2007
Page 4

| | |
|---|---|
| Elizabeth A. Niemeyer<br>FINNEGAN, HENDERSON,<br>  FARABOW, GARRETT<br>  & DUNNER, L.L.P.<br>901 New York Avenue, N.W.<br>Washington, DC  20001<br>elizabeth.niemeyer@finnegan.com<br><br>York M. Faulkner<br>FINNEGAN, HENDERSON,<br>  FARABOW, GARRETT<br>  & DUNNER, L.L.P.<br>11955 Freedom Drive<br>Reston, VA  20190<br>york.faulkner@finnegan.com<br><br>*Attorneys for Wintek Corp. and Wintek Electro-Optics Corporation* | Stephen S. Korniczky<br>Elizabeth L. Brann<br>PAUL, HASTINGS, JANOFSKY<br>  & WALKER LLP<br>3579 Valley Centre Drive<br>San Diego, CA  92130<br>stephenkorniczky@paulhastings.com<br>elizabethbrann@paulhastings.com<br><br>Hamilton Loeb<br>PAUL, HASTINGS, JANOFSKY<br>  & WALKER LLP<br>875 15th Street, N.W.<br>Washington, DC  20005<br>hamiltonloeb@paulhastings.com<br><br>*Attorneys for Samsung SDI Co., Ltd. and Samsung SDI America, Inc.* |
| John Flock<br>KENYON & KENYON<br>One Broadway<br>New York, NY  10004-1050<br>jflock@kenyon.com<br><br>*Attorneys for Sony Corporation* | Stuart Lubitz<br>HOGAN & HARTSON LLP<br>1999 Avenue of the Stars, Suite 1400<br>Los Angeles, CA  90067<br>slubitz@hhlaw.com<br><br>*Attorneys for Citizen Watch Co., Ltd. and Citizen Displays Co., Ltd.* |
| Lawrence Rosenthal<br>Matthew W. Siegal<br>STROOCK & STROOCK & LAVAN LLP<br>180 Maiden Lane<br>New York, NY  10038-4982<br>lrosenthal@stroock.com<br>msiegal@stroock.com<br><br>*Attorneys for Fuji Photo Film Co., Ltd. and Fuji Photo Film U.S.A., Inc.* | Dan C. Hu<br>TROP PRUNER & HU, P.C.<br>1616 South Voss Road<br>Suite 750<br>Houston, TX  77057-2631<br>hu@tphm.com<br><br>*Attorneys for Arima Display Corporation* |

The Honorable Mary Pat Thynge
April 24, 2007
Page 5

| | |
|---|---|
| Donald R. McPhail<br>DUANE MORRIS LLP<br>1667 K Street, N.W., Suite 700<br>Washington, DC  20006<br>drmcphail@duanemorris.com<br><br>*Attorneys for InnoLux Display Corporation* | **BY FEDERAL EXPRESS**<br><br>Mr. Seong Yoon Jeong<br>Assistant Manager<br>Technology Planning Group<br>BOE HYDIS TECHNOLOGY CO., LTD.<br>San 136-1, Ami-ri, Bubal-eub<br>Ichon-si, Gyeonggi-do 467-701<br>Republic of Korea |

*/s/ Thomas C. Grimm*
_____
Thomas C. Grimm (#1098)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Wilmington, DE  19801
(302) 658-9200
tgrimm@mnat.com

778878

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 1, 2007, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send notification of such filing to the following: John R. Alison, Parker H. Bagley, Robert J. Benson, Robert Karl Beste, III, Elizabeth L. Brann, Christopher E. Chalsen, Hua Chen, Arthur G. Connolly, III, Frederick L. Cottrell, III, Francis DiGiovanni, Thomas M. Dunham, Kevin C. Ecker, Amy Elizabeth Evans, York M. Faulkner, Maria Granovsky, Christopher J. Gaspar, Alexander E. Gasser, Alan M. Grimaldi, Thomas C. Grimm, Thomas Lee Halkowski, Angie Hankins, Richard L. Horwitz, Dan C. Hu, John T. Johnson, Robert J. Katzenstein, Nelson M. Kee, Richard D. Kelly, Matthew W. King, Stephen S. Korniczky, Gary William Lipkin, Hamilton Loeb, Robert L. Maier, David J. Margules, David Ellis Moore, Carolyn E. Morris, Arthur I. Neustadt, Elizabeth A. Niemeyer, Andrew M. Ollis, Karen L. Pascale, Adam Wyatt Poff, Leslie A. Polizoti, John F. Presper, Alana A. Prills, Steven J. Rizzi, Lawrence Rosenthal, Avelyn M. Ross, Philip A. Rovner, Diana M. Sangelli, Robert C. Scheinfeld, Carl E. Schlier, Chad Michael Shandler, John W. Shaw, Matthew W. Siegal, Neil P. Sirota, Monte Terrell Squire, William J. Wade, Roderick B. Williams, Edward R. Yoches.

I also certify that on May 1, 2007, I caused to be served true and correct copies of the foregoing on the following as indicated below:

**BY E-MAIL:**

John W. Shaw
Monte T. Squire
YOUNG CONAWAY STARGATT
 & TAYLOR LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
jshaw@ycst.com

*Attorneys for Sony Corporation*

Karen L. Pascale
YOUNG CONAWAY STARGATT
 & TAYLOR, LLP
The Brandywine Building, 17th floor
1000 West Street
Wilmington, DE 19801
kpascale@ycst.com

*Attorneys for Optrex America, Inc.*

Philip A. Rovner
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899
provner@potteranderson.com

*Attorneys for Fuji Photo Film Co., Ltd.
and Fuji Photo Film U.S.A., Inc.*

David J. Margules
John M. Seaman
BOUCHARD MARGULES
 & FRIEDLANDER, P.A.
222 Delaware Ave., Suite 1400
Wilmington DE 19801
dmargules@BMF-law.com

*Attorneys for Citizen Watch Co., Ltd.
and Citizen Displays Co., Ltd.*

Gary W. Lipkin
DUANE MORRIS LLP
1100 North Market Street, 12th Floor
Wilmington, DE 19801-1246
GWLipkin@duanemorris.com

*Attorneys for InnoLux Display Corporation*

Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899
rhorwitz@potteranderson.com

*Attorneys for Hitachi Displays, Ltd., Wintek Corp., Wintek Electro-Optics Corporation, Samsung SDI America, Inc. and Samsung SDI Co., Ltd.*

2

Robert C. Scheinfeld
Neil P. Sirota
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, NY 10112
robert.scheinfeld@bakerbotts.com
neil.sirota@bakerbotts.com

*Attorneys for Hitachi Displays, Ltd.*

Elizabeth A. Niemeyer
FINNEGAN, HENDERSON,
  FARABOW, GARRETT
  & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, DC 20001
elizabeth.niemeyer@finnegan.com

York M. Faulkner
FINNEGAN, HENDERSON,
  FARABOW, GARRETT
  & DUNNER, L.L.P.
11955 Freedom Drive
Reston, VA 20190
york.faulkner@finnegan.com

*Attorneys for Wintek Corp. and Wintek
Electro-Optics Corporation*

John Flock
KENYON & KENYON
One Broadway
New York, NY 10004-1050
jflock@kenyon.com

*Attorneys for Sony Corporation*

Andrew M. Ollis
OBLON, SPIVAK, McCLELLAND,
  MAIER & NEUSTADT, P.C.
1940 Duke Street
Alexandria, VA 22314
aollis@oblon.com

*Attorneys for Optrex America, Inc.*

Stephen S. Korniczky
Elizabeth L. Brann
PAUL, HASTINGS, JANOFSKY
  & WALKER LLP
3579 Valley Centre Drive
San Diego, CA 92130
stephenkorniczky@paulhastings.com
elizabethbrann@paulhastings.com

Hamilton Loeb
PAUL, HASTINGS, JANOFSKY
  & WALKER LLP
875 15th Street, N.W.
Washington, DC 20005
hamiltonloeb@paulhastings.com

*Attorneys for Samsung SDI Co., Ltd.
and Samsung SDI America, Inc.*

Stuart Lubitz
HOGAN & HARTSON LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
slubitz@hhlaw.com

*Attorneys for Citizen Watch Co., Ltd.
and Citizen Displays Co., Ltd.*

| | |
|---|---|
| Lawrence Rosenthal<br>Matthew W. Siegal<br>STROOCK & STROOCK & LAVAN LLP<br>180 Maiden Lane<br>New York, NY  10038-4982<br>lrosenthal@stroock.com<br>msiegal@stroock.com<br><br>*Attorneys for Fuji Photo Film Co., Ltd.*<br>*and Fuji Photo Film U.S.A., Inc.* | Donald R. McPhail<br>DUANE MORRIS LLP<br>1667 K Street, N.W., Suite 700<br>Washington, DC  20006<br>drmcphail@duanemorris.com<br><br>*Attorneys for InnoLux Display Corporation* |

**BY FEDERAL EXPRESS**

Mr. Seong Yoon Jeong
Assistant Manager
Technology Planning Group
BOE HYDIS TECHNOLOGY CO., LTD.
San 136-1, Ami-ri, Bubal-eub
Ichon-si, Gyeonggi-do 467-701
Republic of Korea


　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Thomas C. Grimm*

　　　　　　　　　　　　　　　　　　　　　　　　Thomas C. Grimm (#1098)
　　　　　　　　　　　　　　　　　　　　　　　　MORRIS, NICHOLS, ARSHT & TUNNELL LLP
　　　　　　　　　　　　　　　　　　　　　　　　Wilmington, DE  19801
　　　　　　　　　　　　　　　　　　　　　　　　(302) 658-9200
　　　　　　　　　　　　　　　　　　　　　　　　tgrimm@mnat.com

734570