# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Thomas C. Grimm
302 351 9595
302 425 4661 Fax
tgrimm@mnat.com

ORIGINAL FILING DATE: APRIL 24, 2007
REDACTED FILING DATE: MAY 1, 2007

**BY E-FILING**

The Honorable Mary Pat Thynge                          PUBLIC VERSION
United States District Court for the Di:
844 North King Street
Wilmington, DE 19801

Re:    _Honeywell Int'l Inc. v. Apple Computer, Inc._, C.A. No. 04-1338-***- (Cons.)

Dear Magistrate Judge Thynge:

We write on behalf of the Honeywell Plaintiffs to oppose Fuji's overreaching motion to compel production of documents that are clearly covered by the attorney work product privilege.[1]  Fuji takes the incredible position that its request is both "narrow" and that the information it seeks is not privileged, but in fact Fuji's motion seeks documents that are at the core of the attorney work product doctrine.

Fuji seeks discovery of all data and documents, photographs and databases that were created during Honeywell's presuit investigation into the infringement of the '371 patent.  Fuji also seeks access to the actual products that Honeywell tore down to investigate infringement. Fuji seeks such documents for _all_ products that Honeywell evaluated, even ones that are not at issue in this litigation.  Remarkably, Fuji argues that these documents "do not reveal litigation concerns" (D.I. 764 at 2).  Contrary to Fuji's protestations, this information is absolutely covered by the attorney work product doctrine.[2]

---

[1]    Notably, the other five defendants to this suit (Hitachi, Optrex, Samsung SDI, Wintek and Citizen) have not joined in this motion.  Accordingly, only Fuji takes the view that such information is not covered by the work product privilege.

[2]    On March 20, the defendants and Honeywell had a discussion regarding the defendants' belief that the presuit investigation documents were not privileged.  After that discussion, the parties indicated they would consider various arguments that were raised during that call.  Nevertheless, Fuji filed the instant motion without further conferring with Honeywell.  After Fuji filed its motion, Honeywell proposed potential solutions, including producing the photographs of those products that were accused of infringement, so long as the defendants would agree that the production would not constitute a waiver of any applicable privilege (Ex. A).  Fuji, however, would only agree if Honeywell provided photographs of _all_ products it tore down, and refused to

(Continued . . . )

The Honorable Mary Pat Thynge
April 24, 2007
Page 2

The teardown spreadsheet and the related documents and tangible items constitute attorney work product. The work product doctrine is governed by Fed. R. Civ. P. 26(b)(3), "and shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case." *In re Cendant Corp. Sec. Litig.*, 343 F.3d 658, 662 (3d Cir. 2003). The doctrine applies to documents and tangible things "prepared in anticipation of litigation or for trial *by or for another party or by or for that party's representative.*" Fed. R. Civ. P. 26(b)(3) (emphasis added). The protection extends beyond materials prepared by an attorney to include materials prepared by the attorney's agents and consultants. Here, the work product doctrine extends to the teardown materials that were prepared by Honeywell engineers at the direction of Honeywell attorneys and in anticipation of litigation.

The record clearly establishes that the information that Fuji seeks was prepared at the direction of Honeywell's attorneys prior to the initiation of this lawsuit (Ex. D, Wood Dep. at 85-86, 154, 232-33).



*See Sporck v. Peil*, 759 F.2d 312, 315 (3d Cir. 1985).

The decision in *Vardon Golf Co. v. BBMG Golf Ltd.*, 156 F.R.D. 641, 646-47 (N.D. Ill. 1994) is particularly instructive. There, the defendant, Dunlop, selected certain golf clubs to be cut open to investigate a claim of patent infringement. The plaintiff sought production of the documents regarding those golf clubs. The district court denied the motion, and found that the requested materials clearly fell within the opinion work product. Notably, the court stated that:

> [t]he selection of the clubs to be cut open is strongly indicative of the mental impressions, conclusions, opinions, or legal theories of Dunlop's attorneys, since Dunlop's club heads are not cut open during the ordinary course of business, and that each club head chosen to be cut open was done so at the direction of its attorneys in response to this litigation.

*Id.* at 647. Similarly, the court found that photographs of those products were also clearly covered by the opinion work product doctrine, noting that:

> The taking of photographs of the cut-open samples involves an additional layer of opinion work product. In selecting which club head to photograph, which features of the club heads to photograph, and what angle to take the

---

( . . . continued.)
> agree to limit the production to photographs of those modules manufactured by the current defendants; Honeywell rejected that proposal (Exs. B & C).

The Honorable Mary Pat Thynge
April 24, 2007
Page 3

> photographs from, the attorney makes a number of decisions about which
> club heads and what features of the club heads potentially infringe upon
> the [asserted] patent. Production of the photographs would reveal both
> layers of the attorney's thought processes, as such, the absolute privilege
> which is accorded these materials bars discovery of the items sought.

*Id.* As in *Vardon*, the documents Fuji seeks fall within the attorney work product privilege.

In an attempt to argue that the information it seeks is not privileged, Fuji has completely misrepresented the factual background of Honeywell's presuit investigation. For example, Fuji asserts that documents identifying Loria Yeadon are not privileged, since Ms. Yeadon only received information "in her business role as negotiator and CEO" (D.I. 764 at 2).

Fuji also incorrectly asserts that the "products torn down were selected by engineers, not lawyers, and no lawyer comments were recorded" (D.I. 764 at 2). As such, Fuji has not set forth any cogent argument as to why the requested materials do not fall within the work product protection.

In addition, Fuji's unsupported assertions that it has a substantial need for the documents are insufficient to warrant production of privileged materials. Because the teardown and related documents are work product protected, Fuji must meet a "heightened showing of extraordinary circumstances" to compel discovery. *In re Cendant Corp. Sec. Litig.*, 343 F.3d at 662; Fed. R. Civ. P. 26(b)(3). Indeed, "[o]pinion work product . . . is afforded an almost absolute protection from discovery because any slight factual content that such items may have is generally outweighed by the adversary system's interest in maintaining the privacy of an attorneys' thought processes and in ensuring that each side relies on its own wit in preparing their respective cases." *Spork*, 759 F.2d at 316. Fuji simply cannot meet this burden with the sweeping assertion of hardship in its letter.

Given that Fuji developed and marketed its own modules at issue, it is reasonable to expect that Fuji "rely on its own wit" to prepare its case, as long as Honeywell has fairly apprised Fuji of the basis for its claims, which Honeywell has done. For example, as to laches, Honeywell provided to Fuji a chart containing the date and manner Honeywell learned of the infringing end product and the date and manner it learned of the infringing module (Ex. F, Brafman Depo. at Ex. 5). Further, counsel for Fuji has deposed David Brafman, Honeywell's 30(b)(6) designee on laches. Fuji's argument -- that it is entitled to work product because it must compare the relative sales of accused products and those not accused -- also cannot stand. Fuji --

The Honorable Mary Pat Thynge
April 24, 2007
Page 4

not Honeywell -- has access to the sales information of its own products. Fuji has not demonstrated why it cannot obtain the same information from its own files.

Moreover, Fuji's assertion that information regarding products that are not currently accused of infringement is relevant to issues of commercial success, laches and non-infringing alternatives is directly contrary to the positions Fuji and the other defendants have taken throughout this case. As the Court is aware, the defendants successfully sought to limit the scope of this case to those products which Honeywell specifically accused of infringing the '371 patent. In light of Judge Jordan's order, Fuji and the other defendants have refused to produce documents regarding its other LCD modules, which technically would be the most complete source of information regarding these issues. Fuji's *own* documents prepared in the ordinary course of business should be relied upon, rather than Honeywell's privileged information gathered under the guidance of lawyers in anticipation of litigation.

Finally, Honeywell has not waived the attorney work product protection for the information related to its presuit investigation, and Fuji's repeated arguments that Honeywell waived its attorney-client privilege are misplaced. While Fuji would prefer the Court to analyze its motion under the rubric of attorney-client privilege, the information and materials at issue are attorney work product, and Honeywell has not waived the work product protection.

Fuji provides three bases for its assertion of waiver: (1) Mr. Brafman's comment regarding the "hit rate," (2) exhibits that were created to assist Mr. Brafman's testimony as a 30(b)(6) witness on the issue of laches, and (3) documents that were used during negotiations with potential licensees. None of the alleged disclosures amount to waiver, and even if they did, Fuji would be entitled only to the documents actually revealed to the adversary. Waiver and scope of waiver are far more limited under the work product doctrine because it serves a different purpose than the attorney-client privilege.

The attorney work product doctrine directly promotes the adversary system by protecting the confidentiality of papers prepared by or on behalf of attorneys in anticipation of litigation. The purpose of the protection is "to enable[e] attorneys to prepare cases without fear that their work product will be used against their clients." *Westinghouse Elec. Corp v. Republic of the Philippines*, 951 F.2d 1414, 1428 (3d Cir. 1991). To waive the attorney work product protection, disclosure must enable the adversary to gain access to the information. The scope of waiver of attorney work product protection is limited: "disclosure of some documents does not destroy the work product protection for other documents of the same character." Wright & Miller, § 2024 at 209; *see also Pittman v. Frazer*, 129 F.3d 983, 987-88 (8th Cir. 1997) ("[D]isclosure to an adversary waives work product protection as to items actually disclosed."); *Duplan Corp. v. Deering Milliken, Inc.*, 540 F.2d 1215, 1222 (4th Cir. 1976) ("Broad concepts of subject matter waiver analogous to those applicable to claims of attorney-client privilege are inappropriate when applied to Rule 26(b)(3)."). In fact, so long as the disclosure does not frustrate the purposes of the protection, such disclosure amounts to waiver only with regard to the protected document that was actually revealed to the adversary. *Westinghouse*, 951 F.2d at 1429; *In re Hechinger Inv. Co.*, 303 B.R. 18 (D. Del. 2003).

The Honorable Mary Pat Thynge
April 24, 2007
Page 5

Here, there is no basis on which Fuji can argue for the broad waiver it seeks. First, as to Mr. Brafman's statement, it was a general statement made in the early stages of the case when the defendants were arguing that Honeywell's discovery requests amounted to a fishing expedition. Mr. Brafman made the statement to rebut the arguments of the customer defendants that they should not be required to identify other products that used the same structures of those products that Honeywell had specifically identified as infringing. Certainly, such a generic statement cannot lead to the overreaching scope of privileged materials that Fuji currently seeks. *See In re Vecco Instruments, Inc. Sec. Litig.*, 2007 WL 210110 (S.D.N.Y. Jan. 25, 2007) ("limited disclosure does not constitute waiver of work product privilege.") (Ex. E).

Second, as to the exhibits used at Mr. Brafman's deposition, Honeywell did not, as Fuji asserts, "selectively produce" documents from its presuit investigation. To the contrary, Honeywell compiled the factual information regarding the only modules ruled by the Court to be at issue in the case, and did so specifically in response to defendants' request for information regarding when Honeywell first learned of these modules. It is grossly unfair to now argue that having compiled the requested factual information, that it somehow constitutes a broad waiver over all of Honeywell's presuit investigation.

Finally, the annotated photographs were documents that were created to assist in negotiating settlements with potential licensees. To educate the potential licensee of Honeywell's infringement allegations, Honeywell provided a few pictures detailing the structures in some of the modules that Honeywell found infringed the '371 patent. To the extent any waiver is found based on these limited materials, the waiver relates solely to those documents that were specifically disclosed, *i.e.*, only those photographs that were specifically incorporated into the presentations to be shared with the licensees during settlement negotiations.

Consistently, Judge Jordan narrowly construed the scope of work product protection waiver in *In re Hechinger Investment Co.*, 303 B.R. 18. There, a consulting firm had been hired by post-bankruptcy counsel to analyze potential litigation against K-Mart. The defendants subpoenaed the consulting firm, and 3,700 pages of privileged and work product documents were produced. Hechinger asked the defendants to return the documents as inadvertently produced, but later withdrew that request. Defendants then moved to compel production of any related documents, arguing that the production of those documents constituted a broad subject matter waiver. Judge Jordan disagreed, concluding that Hechinger waived the work product protection when it inadvertently disclosed the documents and failed to take steps to restore their confidentiality, and that the waiver was limited to those inadvertently produced documents.

Since the documents Fuji seeks are clearly protected by the attorney work product doctrine, and because Honeywell has not waived the privilege, Fuji's motion should be denied. If the Court finds that the disclosures made during settlement negotiations do constitute a waiver, then that waiver should be limited to only those photographs actually shared with the licensees, consistent with Judge Jordan's decision in *In re Hechinger*.

The Honorable Mary Pat Thynge
April 24, 2007
Page 6

Respectfully,

*/s/ Thomas C. Grimm*

Thomas C. Grimm (#1098)

Enclosures

cc:    Dr. Peter T. Dalleo, Clerk (by hand, w/encls.)
       See attached Certificate of Service

810741

EXHIBIT A

# ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

ATTORNEYS AT LAW

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
TEL: 612-349-8500 FAX: 612-339-4181
www.rkmc.com

Matthew L. Woods
612-349-8272

April 16, 2007

Via E-Mail

Lawrence Rosenthal, Esq.
Stroock, Stroock & Laven LLP
180 Maiden Lane
New York, NY 10038

> Re:    Honeywell International Inc., etc. al., v. Apple Computer Inc., et al.
> File No.: 019896.0229

Dear Larry:

I write with regard to the second discovery motion filed by Fuji on April 10, 2007, seeking to compel discovery relating to Honeywell's pre-suit investigation. We will respond to that motion in accordance with court procedure, but wanted to raise an issue with you in the interim.

Candidly, we were surprised that Fuji proceeded with the motion after the substance of the parties' meet and confer conference held on March 20. At the conclusion of that lengthy conference, it was our understanding that the parties were going to consider the various arguments made during that conference and talk again before any motion practice was filed. We believe in this regard that Fuji's filing of this letter was premature. We also do not know to what extent, if any, the other remaining defendants share the concerns outlined in Fuji's motion. Certainly, they did not formally join in that motion.

In keeping with our view of the continuing obligation to discuss discovery matters, Honeywell remains concerned about the privileged nature of its pre-suit analysis. As you know, Fuji has been apprised, as per Judge Jordan's Order, of the modules accused of infringement as well as the basis for the infringement. Moreover, Honeywell and Fuji had an early agreement regarding the sharing of such information. We believe that the information previously provided obviates any claimed need for further discovery regarding Honeywell's pre-suit analysis. Nevertheless, in an effort to resolve this matter, Honeywell would be willing to produce the photographs taken of all remaining accused modules (including photographs of all remaining defendants' accused modules) as long as such production would not be used to claim a waiver of any applicable privilege. I have copied this letter to the counsel for other remaining defendants to the extent it is important that they consider this proposal as well.

Lawrence Rosenthal, Esq.
April 16, 2007
Page 2

To the extent that Fuji's motion seeks discovery regarding modules which have not been accused of infringement, Honeywell is willing to extend the proposal set forth above to include photographs of non-accused modules (of remaining defendants) on the same condition that such production will not be treated as a waiver and on the further condition that the defendants produce discovery regarding all of their modules. As mentioned during the meet and confer process, we think Judge Jordan's ruling regarding the scope of discovery applies to both sides; if Fuji or any other defendants seek to revisit that ruling, then it must be done so in a way which maintains a level playing field for both sides.

In accordance with conversations between Leslie Polizoti and Phil Rovner, I understand that Honeywell's response is due on Tuesday, April 24, 2007. Accordingly, I would appreciate having a response to this letter by close of business, Monday, April 23.

Very truly yours,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

Matthew L. Woods

MLW/sdg
c:     Thomas C. Grimm
       Leslie A. Polizoti
       Stacie E. Oberts
       Neil P. Sirota
       Elizabeth L. Brann
       Andrew M. Ollis
       Elizabeth A. Niemeyer
       David H. Ben-Meir

EXHIBIT B

# STROOCK

April 20, 2007                                        By Facsimile and E-mail

Lawrence Rosenthal
Direct Dial  212-806-6660
LRosenthal@stroock.com

Matthew L. Woods, Esq.
Robin, Kaplan, Miller & Ciresi LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN  55402-2015

Re:     Honeywell International Inc. et al. v. Apple Computer Inc. et al.
        USDC/DDE Case No. 04-1338-MBT
        Our Client/Matter No. 208801/0921

Dear Matt:

This is in response to your letter of April 16, 2007.

Initially, let me assure you that, while I did not participate in the parties' meet and confer held on March 20, I received a full report of the discussions had at that meet and confer and we addressed the issues which you raised in our second discovery motion letter.

Regarding the information that Fuji has with regard to the models accused of infringement as enumerated in the letter to which you refer in behalf of Honeywell during the period that the defendants were sorting out between manufacture defendants, customer defendants and hybrids, Fuji has no way of knowing the structure of the listed modules.  In any event, the list was limited to modules of some of the defendants did not include modules of licensees which were accused of infringement before and during the licensing process.  Of course, products not accused of infringement do not appear on that list.

With regard to your offer to resolve this matter, we are prepared to accept photographs in place of the spreadsheet which we ask for in the letter motion provided:  (a) they are accompanied by information disclosing the measured angle of rotation, if any (to the extent not shown on the photographs) and the identification of the products from which the module was taken and of the module by manufacturer or seller and product and module identifiers (e.g., model numbers); and (b) you agree not to object to the admissibility of the photographs and information other than on relevancy grounds.  The second condition is necessitated by the fact that we will not receive access to the actual products or models.   However, we are not prepared to limit our request to "all remaining accused modules."  Such production would not be used to claim a waiver of any applicable privilege, if any.

Matthew L. Woods, Esq.
April 20, 2007
Page 2

With regard to modules which have not been accused of infringement, again we are prepared to accept your offer on the foregoing conditions, and further that the non-accused modules not be limited to those of the "remaining defendants."

I will be traveling on Monday, but will try to check emails if you wish to discuss this matter further.

Sincerely,

Lawrence Rosenthal

cc:    Thomas C. Grimm, Esq.
       Leslie A. Polizoti, Esq.
       Stacie E. Oberts, Esq.
       Neil P. Sirota, Esq.
       Andrew M. Ollis, Esq.
       Elizabeth A. Niemeyer, Esq.
       Matthew W. Siegal, Esq.
       Kevin Ecker, Esq.
       Angie Hankins, Esq.
       Phil Rovner, Esq.

STROOCK & STROOCK & LAVAN LLP · NEW YORK · LOS ANGELES · MIAMI
180 MAIDEN LANE, NEW YORK, NY 10038-4982 TEL 212.806.5400 FAX 212.806.6006 WWW.STROOCK.COM
180 MAIDEN LANE, NEW YORK, NY 10038-4982 TEL 212.806.5400 FAX 212.806.6006 WWW.STROOCK.COM

EXHIBIT C

**ROBINS, KAPLAN, MILLER & CIRESI** L.L.P.

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
TEL: 612-349-8500 FAX: 612-339-4181
www.rkmc.com

ATTORNEYS AT LAW

**MATTHEW L. WOODS**
612-349-8272

April 23, 2007

<u>**Via E-Mail**</u>

Lawrence Rosenthal, Esq.
Stroock, Stroock & Laven LLP
180 Maiden Lane
New York, NY  10038

      Re:    Honeywell International Inc., etc. al., v. Apple Computer Inc., et al.
             File No.: 019896.0229

Dear Larry:

      Thank you for your letter of April 20, 2007, responding to the proposal set forth in my letter of April 16, 2007. Several points merit further response.

      First, with regard to photographs of remaining accused modules, it is unclear whether *all defendants* have agreed that production would not constitute a waiver and would resolve remaining issues regarding Honeywell's pre-suit analysis. Please clarify, because counsel for Hitachi, Samsung, and Optrex participated in the original meet and confer teleconference regarding Honeywell's pre-suit analysis, yet it remains unclear to what extent these parties join in Fuji's motion. Honeywell can not reach agreement without an understanding among all interested parties.

      With regard to non-accused modules, the proposal was conditioned upon each defendant producing discovery regarding its respective modules. Please clarify whether you have authority to speak on their behalf in this regard. If not, a resolution could only be with regard to Fuji's (and/or any other agreeing defendant's) non-accused modules.

      Finally, Honeywell cannot agree, as part of a potential resolution, to produce photographs of modules of those entities that have settled this litigation or otherwise licensed the '371 patent.

      If you believe, with these clarifications, that further discussion would be productive, please contact me at your convenience.

      Very truly yours,

      ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

      Matthew L. Woods

MLW/sdg
c:    Stacie E. Oberts

EXHIBIT D

CONFIDENTIAL EXHIBIT

# EXHIBIT E

Slip Copy                                                                                 Page 1
Slip Copy, 2007 WL 210110 (S.D.N.Y.)
**(Cite as: Slip Copy)**

In re Vecco Instruments, Inc. Securities Litigation
S.D.N.Y.,2007.
Only the Westlaw citation is currently available.
United States District Court,S.D. New York.
In re VECCO INSTRUMENTS, INC. SECURITIES
LITIGATION
No. 05 MD 1695(CM)(GAY).

Jan. 25, 2007.

MEMORANDUM DECISION AND ORDER
YANTHIS, J.
**\*1** THIS DOCUMENT RELATES TO ALL AC-
TIONS

Presently before this Court is plaintiffs' motion to
compel pursuant to Rule 37(a) of the Federal Rules of
Civil Procedure ("FRCP"), wherein plaintiffs seek an
Order directing defendants to produce all documents
related to the investigation of TurboDisc accounting
and the restatement of Vecco's financials. Defendants
assert, *inter alia,* that the Kaye Scholer and Jefferson
Wells investigative reports, along with the documents
prepared in support of said reports, constitute priv-
ileged work product. Plaintiffs contend, *inter alia,*
that the work product privilege is inapplicable be-
cause the documents at issue were not prepared in an-
ticipation of litigation and, in any event, plaintiffs
have demonstrated substantial need for the docu-
ments. Plaintiffs also argue that defendants' "public
disclosure" of the information constituted a waiver of
any work product privilege. For the following reas-
ons, plaintiffs' motion to compel is denied.

*A. The Work Product Privilege*

Pursuant to the work product doctrine, materials pre-
pared in anticipation of litigation are not discoverable
absent a showing that the party seeking discovery has
a substantial need for the materials and cannot obtain
the equivalent without undue hardship. *See* FRCP
26(b)(3). As to the "anticipation of litigation" re-
quirement, the Second Circuit has held that a docu-
ment which is privileged work product "does not lose
work-product protection merely because it is inten-

ded to assist in the making of a business decision in-
fluenced by the likely outcome of the anticipated lit-
igation. Where a document was created because of
anticipated litigation, and would not have been pre-
pared in substantially similar form but for the pro-
spect of that litigation, it falls within Rule 26(b)(3)."
*United States v. Adlman,* 134 F.3d 1194, 1195 (2d
Cir.1998). The party claiming the privilege has the
burden of demonstrating that the privilege exists and
that it has not been waived. *See* von Bulow v. von Bu-
low, 811 F.2d 136, 144 (2d Cir.1987).

In opposition to plaintiffs' assertion that the docu-
ments at issue were not prepared in anticipation of lit-
igation, defendants proffer the Declaration of Rory A.
Greiss, a partner at Kaye Scholer, who avers the fol-
lowing:

Kaye Scholer has served as outside securities counsel
to Vecco Instruments, Inc. since 1993. After Vecco's
internal auditing personnel discovered potentially er-
roneous or improper accounting transactions in Vec-
co's TurboDisc business division, members of Vec-
co's management contacted Greiss for the purpose of
obtaining legal advice. Greiss believed that a finan-
cial restatement might be required, which Greiss ex-
pected would likely subject Vecco to litigation. Vec-
co authorized Kaye Scholer to conduct an internal in-
vestigation and to retain Jefferson Wells, a forensic
accounting firm, to assist in the investigation. Greiss,
and other members of Kaye Scholer, supervised and
directed the work of Jefferson Wells, all of which
was done for the purpose of assisting Kaye Scholer in
providing legal advice to Vecco regarding its finan-
cial statements, past and future disclosures and pos-
sible litigation arising therefrom.

**\*2** Defendants also proffer the Affidavit of John F.
Rein, Vecco's Executive Vice President, Chief Finan-
cial Officer and Secretary, who avers that the docu-
ments at issue were prepared because of the anticip-
ated litigation and "would not have been prepared by
Vecco in the ordinary course of business, nor would
Vecco prepare work in a form substantially similar to
that prepared by Kaye Scholer and Jefferson Wells."
(¶ 11.)

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy, 2007 WL 210110 (S.D.N.Y.)
**(Cite as: Slip Copy)**

Based upon the Greiss Declaration and the Rein Affidavit, I conclude that the documents at issue are eligible for protection under Rule 26(b)(3). Further, plaintiffs have failed to demonstrate a substantial need necessary to overcome the privilege, given that defendants have already produced voluminous amounts of non-privileged accounting-related documents, including: documents prepared by Vecco's own financial professionals and internal and external auditors concerning TurboDisc's potentially improper accounting transactions; documents related to Vecco's internal audit of TurboDisc; documents reflecting Vecco's own investigation into TurboDisc's financial controls and the accuracy of its financial statements; and documents prepared by Vecco's financial professionals concerning the preparation of its financial restatement. Accordingly, this Court declines to order the production of the documents at issue under exceptions to the work-product privilege.

### B. Waiver

"The work product privilege is not automatically waived by any disclosure to third persons. Rather, the courts generally find a waiver of the work product privilege only if the disclosure substantially increases the opportunity for potential adversaries to obtain the information." *Merrill Lynch & Co., Inc. v. Allegheny Energy, Inc.,* 229 F.R.D. 441, 445-46 (S.D.N.Y.2004) (quotations and citations omitted). Here, plaintiffs contend that defendants waived work-product protection through two disclosures: a March 16, 2005 press release and an August 3, 2005 letter from Kaye Scholer to the SEC. The press release announced to investors that Vecco had completed its internal investigation and concluded that "the improper accounting entries were made by a single individual at TurboDisc." The SEC letter stated that "there were not sufficient facts to come to a conclusion on whether the improper accounting entries were made intentionally." Clearly, the disclosures cited by plaintiff merely summarized the findings and conclusions of the internal investigation and did not quote, paraphrase or reference any of the specific documents at issue in support of its conclusions. Said limited disclosure does not constitute waiver of the work product privilege. *See e.g.,* In re Dayco, 99 F.R.D. 616, 619 (S.D.Ohio 1983) (no waiver where press re-

lease disclosed findings of an internal investigation but did not summarize evidence in the report).

I conclude, therefore, that the documents at issue constitute privileged work product, that defendants have not waived said privilege and that plaintiffs have failed to demonstrate substantial need necessary to overcome the privilege. Accordingly, plaintiffs' motion to compel is DENIED.
**\*3** SO ORDERED:

S.D.N.Y.,2007.
In re Vecco Instruments, Inc. Securities Litigation
Slip Copy, 2007 WL 210110 (S.D.N.Y.)

END OF DOCUMENT

EXHIBIT F

CONFIDENTIAL EXHIBIT

## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2007, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send notification of such filing to the following: John R. Alison, Parker H. Bagley, Robert J. Benson, Robert Karl Beste, III, Elizabeth L. Brann, Christopher E. Chalsen, Hua Chen, Arthur G. Connolly, III, Frederick L. Cottrell, III, Francis DiGiovanni, Thomas M. Dunham, Kevin C. Ecker, Amy Elizabeth Evans, York M. Faulkner, Maria Granovsky, Christopher J. Gaspar, Alexander E. Gasser, Alan M. Grimaldi, Thomas C. Grimm, Thomas Lee Halkowski, Angie Hankins, Richard L. Horwitz, Dan C. Hu, John T. Johnson, Robert J. Katzenstein, Nelson M. Kee, Richard D. Kelly, Matthew W. King, Stephen S. Korniczky, Gary William Lipkin, Hamilton Loeb, Robert L. Maier, David J. Margules, David Ellis Moore, Carolyn E. Morris, Arthur I. Neustadt, Elizabeth A. Niemeyer, Andrew M. Ollis, Karen L. Pascale, Adam Wyatt Poff, Leslie A. Polizoti, John F. Presper, Alana A. Prills, Steven J. Rizzi, Lawrence Rosenthal, Avelyn M. Ross, Philip A. Rovner, Diana M. Sangelli, Robert C. Scheinfeld, Carl E. Schlier, Chad Michael Shandler, John W. Shaw, Matthew W. Siegal, Neil P. Sirota, Monte Terrell Squire, William J. Wade, Roderick B. Williams, Edward R. Yoches.

I also certify that on April 24, 2007, I caused to be served true and correct copies of the foregoing on the following as indicated below:

**BY HAND & E-MAIL:**

John W. Shaw
Monte T. Squire
YOUNG CONAWAY STARGATT
   & TAYLOR LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899-0391
jshaw@ycst.com

*Attorneys for Sony Corporation*

William J. Wade
RICHARDS LAYTON & FINGER
One Rodney Square
P.O. Box 551
Wilmington, DE  19899-0551
wade@rlf.com

*Attorneys for Arima Display Corporation*

Karen L. Pascale
YOUNG CONAWAY STARGATT
   & TAYLOR, LLP
The Brandywine Building, 17th floor
1000 West Street
Wilmington, DE  19801
kpascale@ycst.com

*Attorneys for Optrex America, Inc.*

Philip A. Rovner
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE  19899
provner@potteranderson.com

*Attorneys for Fuji Photo Film Co., Ltd.*
*and Fuji Photo Film U.S.A., Inc.*

David J. Margules
John M. Seaman
BOUCHARD MARGULES
   & FRIEDLANDER, P.A.
222 Delaware Ave., Suite 1400
Wilmington DE  19801
dmargules@BMF-law.com

*Attorneys for Citizen Watch Co., Ltd.*
*and Citizen Displays Co., Ltd.*

Gary W. Lipkin
DUANE MORRIS LLP
1100 North Market Street, 12th Floor
Wilmington, DE  19801-1246
GWLipkin@duanemorris.com

*Attorneys for InnoLux Display Corporation*

The Honorable Mary Pat Thynge
April 24, 2007
Page 3

Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE  19899
rhorwitz@potteranderson.com

*Attorneys for Hitachi Displays, Ltd., Wintek*
*Corp., Wintek Electro-Optics Corporation,*
*Samsung SDI America, Inc.  and Samsung*
*SDI Co., Ltd.*

**BY E-MAIL:**

Robert C. Scheinfeld
Neil P. Sirota
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, NY  10112
robert.scheinfeld@bakerbotts.com
neil.sirota@bakerbotts.com

*Attorneys for Hitachi Displays, Ltd.*

Andrew M. Ollis
OBLON, SPIVAK, McCLELLAND,
  MAIER & NEUSTADT, P.C.
1940 Duke Street
Alexandria, VA  22314
aollis@oblon.com

*Attorneys for Optrex America, Inc.*

The Honorable Mary Pat Thynge
April 24, 2007
Page 4

Elizabeth A. Niemeyer
FINNEGAN, HENDERSON,
  FARABOW, GARRETT
  & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, DC  20001
elizabeth.niemeyer@finnegan.com

York M. Faulkner
FINNEGAN, HENDERSON,
  FARABOW, GARRETT
  & DUNNER, L.L.P.
11955 Freedom Drive
Reston, VA  20190
york.faulkner@finnegan.com

*Attorneys for Wintek Corp. and Wintek
Electro-Optics Corporation*

Stephen S. Korniczky
Elizabeth L. Brann
PAUL, HASTINGS, JANOFSKY
  & WALKER LLP
3579 Valley Centre Drive
San Diego, CA  92130
stephenkorniczky@paulhastings.com
elizabethbrann@paulhastings.com

Hamilton Loeb
PAUL, HASTINGS, JANOFSKY
  & WALKER LLP
875 15th Street, N.W.
Washington, DC  20005
hamiltonloeb@paulhastings.com

*Attorneys for Samsung SDI Co., Ltd.
and Samsung SDI America, Inc.*

John Flock
KENYON & KENYON
One Broadway
New York, NY  10004-1050
jflock@kenyon.com

*Attorneys for Sony Corporation*

Stuart Lubitz
HOGAN & HARTSON LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA  90067
slubitz@hhlaw.com

*Attorneys for Citizen Watch Co., Ltd.
and Citizen Displays Co., Ltd.*

Lawrence Rosenthal
Matthew W. Siegal
STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY  10038-4982
lrosenthal@stroock.com
msiegal@stroock.com

*Attorneys for Fuji Photo Film Co., Ltd.
and Fuji Photo Film U.S.A., Inc.*

Dan C. Hu
TROP PRUNER & HU, P.C.
1616 South Voss Road
Suite 750
Houston, TX  77057-2631
hu@tphm.com

*Attorneys for Arima Display Corporation*

The Honorable Mary Pat Thynge
April 24, 2007
Page 5


Donald R. McPhail
DUANE MORRIS LLP
1667 K Street, N.W., Suite 700
Washington, DC  20006
drmcphail@duanemorris.com

*Attorneys for InnoLux Display Corporation*

**BY FEDERAL EXPRESS**

Mr. Seong Yoon Jeong
Assistant Manager
Technology Planning Group
BOE HYDIS TECHNOLOGY CO., LTD.
San 136-1, Ami-ri, Bubal-eub
Ichon-si, Gyeonggi-do 467-701
Republic of Korea


*/s/ Thomas C. Grimm*
_____
Thomas C. Grimm (#1098)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Wilmington, DE  19801
(302) 658-9200
tgrimm@mnat.com

778878

## CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2007, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send notification of such filing to the following: John R. Alison, Parker H. Bagley, Robert J. Benson, Robert Karl Beste, III, Elizabeth L. Brann, Christopher E. Chalsen, Hua Chen, Arthur G. Connolly, III, Frederick L. Cottrell, III, Francis DiGiovanni, Thomas M. Dunham, Kevin C. Ecker, Amy Elizabeth Evans, York M. Faulkner, Maria Granovsky, Christopher J. Gaspar, Alexander E. Gasser, Alan M. Grimaldi, Thomas C. Grimm, Thomas Lee Halkowski, Angie Hankins, Richard L. Horwitz, Dan C. Hu, John T. Johnson, Robert J. Katzenstein, Nelson M. Kee, Richard D. Kelly, Matthew W. King, Stephen S. Korniczky, Gary William Lipkin, Hamilton Loeb, Robert L. Maier, David J. Margules, David Ellis Moore, Carolyn E. Morris, Arthur I. Neustadt, Elizabeth A. Niemeyer, Andrew M. Ollis, Karen L. Pascale, Adam Wyatt Poff, Leslie A. Polizoti, John F. Presper, Alana A. Prills, Steven J. Rizzi, Lawrence Rosenthal, Avelyn M. Ross, Philip A. Rovner, Diana M. Sangelli, Robert C. Scheinfeld, Carl E. Schlier, Chad Michael Shandler, John W. Shaw, Matthew W. Siegal, Neil P. Sirota, Monte Terrell Squire, William J. Wade, Roderick B. Williams, Edward R. Yoches.

I also certify that on May 1, 2007, I caused to be served true and correct copies of

the foregoing on the following as indicated below:

**BY E-MAIL:**

John W. Shaw
Monte T. Squire
YOUNG CONAWAY STARGATT
  & TAYLOR LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899-0391
jshaw@ycst.com

*Attorneys for Sony Corporation*

Karen L. Pascale
YOUNG CONAWAY STARGATT
  & TAYLOR, LLP
The Brandywine Building, 17th floor
1000 West Street
Wilmington, DE  19801
kpascale@ycst.com

*Attorneys for Optrex America, Inc.*

Philip A. Rovner
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE  19899
provner@potteranderson.com

*Attorneys for Fuji Photo Film Co., Ltd.
and Fuji Photo Film U.S.A., Inc.*

David J. Margules
John M. Seaman
BOUCHARD MARGULES
  & FRIEDLANDER, P.A.
222 Delaware Ave., Suite 1400
Wilmington DE 19801
dmargules@BMF-law.com

*Attorneys for Citizen Watch Co., Ltd.
and Citizen Displays Co., Ltd.*

Gary W. Lipkin
DUANE MORRIS LLP
1100 North Market Street, 12th Floor
Wilmington, DE  19801-1246
GWLipkin@duanemorris.com

*Attorneys for InnoLux Display Corporation*

Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE  19899
rhorwitz@potteranderson.com

*Attorneys for Hitachi Displays, Ltd., Wintek
Corp., Wintek Electro-Optics Corporation,
Samsung SDI America, Inc.  and Samsung
SDI Co., Ltd.*

Robert C. Scheinfeld
Neil P. Sirota
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, NY  10112
robert.scheinfeld@bakerbotts.com
neil.sirota@bakerbotts.com

*Attorneys for Hitachi Displays, Ltd.*

Andrew M. Ollis
OBLON, SPIVAK, McCLELLAND,
  MAIER & NEUSTADT, P.C.
1940 Duke Street
Alexandria, VA  22314
aollis@oblon.com

*Attorneys for Optrex America, Inc.*

Elizabeth A. Niemeyer
FINNEGAN, HENDERSON,
  FARABOW, GARRETT
  & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, DC  20001
elizabeth.niemeyer@finnegan.com

York M. Faulkner
FINNEGAN, HENDERSON,
  FARABOW, GARRETT
  & DUNNER, L.L.P.
11955 Freedom Drive
Reston, VA  20190
york.faulkner@finnegan.com

*Attorneys for Wintek Corp. and Wintek*
*Electro-Optics Corporation*

Stephen S. Korniczky
Elizabeth L. Brann
PAUL, HASTINGS, JANOFSKY
  & WALKER LLP
3579 Valley Centre Drive
San Diego, CA  92130
stephenkorniczky@paulhastings.com
elizabethbrann@paulhastings.com

Hamilton Loeb
PAUL, HASTINGS, JANOFSKY
  & WALKER LLP
875 15th Street, N.W.
Washington, DC  20005
hamiltonloeb@paulhastings.com

*Attorneys for Samsung SDI Co., Ltd.*
*and Samsung SDI America, Inc.*

John Flock
KENYON & KENYON
One Broadway
New York, NY  10004-1050
jflock@kenyon.com

*Attorneys for Sony Corporation*

Stuart Lubitz
HOGAN & HARTSON LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA  90067
slubitz@hhlaw.com

*Attorneys for Citizen Watch Co., Ltd.*
*and Citizen Displays Co., Ltd.*

Lawrence Rosenthal
Matthew W. Siegal
STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY  10038-4982
lrosenthal@stroock.com
msiegal@stroock.com

*Attorneys for Fuji Photo Film Co., Ltd.*
*and Fuji Photo Film U.S.A., Inc.*

Donald R. McPhail
DUANE MORRIS LLP
1667 K Street, N.W., Suite 700
Washington, DC  20006
drmcphail@duanemorris.com

*Attorneys for InnoLux Display Corporation*

**BY FEDERAL EXPRESS**

Mr. Seong Yoon Jeong
Assistant Manager
Technology Planning Group
BOE HYDIS TECHNOLOGY CO., LTD.
San 136-1, Ami-ri, Bubal-eub
Ichon-si, Gyeonggi-do 467-701
Republic of Korea

*/s/ Thomas C. Grimm*

Thomas C. Grimm (#1098)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Wilmington, DE  19801
(302) 658-9200
tgrimm@mnat.com

734570

4