MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

302 658 9200

THOMAS C. GRIMM
302 351 9595
302 425 4661 FAX
tgrimm@mnat.com

ORIGINAL FILING DATE: April 24, 2007
REDACTED FILING DATE: May 1, 2007

**BY E-FILING**

PUBLIC VERSION

The Honorable Mary Pat Thynge
United States District Court
for the District of Delaware
844 North King Street
Wilmington, DE 19801

Re: *Honeywell International Inc., et al. v. Apple Computer, Inc. et al.*
C.A. No. 04-1338-*** (Consolidated)

Dear Magistrate Judge Thynge:

We write on behalf of the Honeywell Plaintiffs to oppose Optrex's motion to compel testimony directed to the "hit rate" of its presuit infringement investigation (that is, testimony regarding the percentage of total products that Honeywell investigated and ultimately accused of infringement).[1] Optrex's motion should be denied because the information it seeks is protected by the work product doctrine and Rule 26(b)(3) of the Federal Rules of Civil Procedure, and is otherwise not reasonably tailored to the limited scope of discovery forced on this case by the defendants themselves.

First, it bears noting that Optrex effectively concedes that the information it seeks is protected work product (as it must, since decisions regarding what is to be accused of infringement necessarily involve the mental impressions of attorneys). Instead, Optrex's entire

1 At the conclusion of its letter, Optrex generically states that it requests an order compelling "discovery" of the asserted hit rate. In the opening paragraph of its letter, however, Optrex specifically states that it only seeks "testimony" about the hit rate. Since Optrex did not complete the meet and confer process prior to filing this motion, it is unclear what information Optrex actually seeks. Honeywell assumes that Optrex merely requests testimony, and not the production of documents, since, notably, Optrex did not join in on Fuji's contemporaneous motion which seeks the production of documents regarding Honeywell's presuit investigation.

motion rests on its assertion that Honeywell has waived work product protection over the hit rate of its extensive presuit investigation.

Optrex's entire assertion rests on a general statement made by Honeywell's counsel at a hearing in the early stages of this case. In a September 9, 2005 hearing with Judge Jordan that related to the scope of the discovery that was required from the customer defendants prior to a stay, Honeywell's in-house counsel, David Brafman, made a brief statement that Honeywell, on average, was finding that about 50 percent of the products that were torn down were found to infringe the '371 patent. The statement was made at a time that the customer defendants were arguing that Honeywell was seeking a "fishing expedition" into the customers' products to determine what other products also incorporate the technology of the '371 patent. Such a generic statement cannot constitute a waiver over Honeywell's extensive presuit investigation.

The recent case *In re Vecco Instruments, Inc. Securities Litigation* is directly on point. 2007 WL 210110 (S.D.N.Y. Jan. 25, 2007) (Exhibit A). There, the court rejected plaintiff's theory of waiver because "limited disclosure does not constitute waiver of work product privilege." *Id.* at *2. In *Vecco Instruments,* the defendants issued a press release that announced that the company had completed its internal investigation and that the "improper accounting entries were made by a single individual at TurboDisk." *Id.* Also, in a letter to the SEC, the company stated that "there were not sufficient facts to come to a conclusion on whether the improper accounting entries were made intentionally." *Id.* Like the disclosure in that case, the statement here was a general statement about the case that did not amount to waiver of the work product privilege.

The cases cited by Optrex are inapposite to the facts of the alleged waiver here. Those cases deal with substantial disclosure of privileged information and waiver of the *attorney-client privilege*, not a short, generic statement and the protection of the *attorney work product* privilege.[2] For example, in *Helman v. Murry's Steaks, Inc.*, 728 F. Supp. 1099 (D. Del. 1990), a former shareholder sued the corporation and the purchaser who had acquired the corporation after the plaintiff had sold her interest. During discovery, the defendant took the depositions of *five* attorneys who had represented the plaintiff in the sale of her stock. *Id.* at 1101. The plaintiff failed to assert her attorney-client privilege in all but two of those depositions. Because the other attorneys had testified extensively about the closings, the court found that the plaintiff waived her attorney-client privilege as to that subject matter. *Id.* at 1103.

Similarly, in *United States v. Martin Marietta Corp.*,886 F. Supp. 1243 (D. Md. 1995), the parties engaged in settlement discussions, and the defendant disclosed by letter to the government "the reasons why Martin Marietta cannot accept your settlement offer and why it

---

2 As explained in detail in response to Fuji's motion to compel no. 2, filed contemporaneously herewith, waiver and scope of waiver are far more limited under the work product doctrine because it serves a different purpose than the attorney-client privilege.

believes continued discussion is necessary." *Id.* at 1247. In the letter, the defendant denied that it intentionally violated the law or committed fraud, *explained its interpretation of the underlying law*, and stated that the defendant formed its legal opinion on the contemporaneous advice of in-house counsel. *Id.* The plaintiffs argued that Martin Marietta waived its attorney-client privilege as to two research memorandums when it disclosed legal advice on the same subject matter in the letter to the government, and the court agreed.

The circumstances surrounding Optrex's motion in this case is entirely different. Here, the information Optrex seeks is covered by the work product doctrine, not the attorney client privilege. As such, the scope of waiver is much more narrow. *See e.g., Westinghouse Elec. Corp. v. Republic of the Philippines*, 951 F.2d 1414 at 1429 (3rd Cir. 1991); *Duplan Corp. v. Deering Milliken, Inc.*, 540 F.2d 1215, 1222 (4th Cir. 1976). In addition, here there was only one conclusory statement, not the disclosure of underlying legal advice or analysis, nor an effort to selectively put privileged matters at issue. As such, the cases Optrex relies on do not support its motion.

Moreover, Optrex's argument that this information is relevant to issues of commercial success, laches and non-infringing alternative is directly contrary to the positions Optrex and the other defendants have taken throughout this case. As the Court is aware, the defendants successfully sought to limit the scope of this case to those particular products which Honeywell specifically accused of infringing the '371 patent. In light of Judge Jordan's order, Optrex has refused to produce documents regarding its other LCD modules, despite the fact that such complete documentation would be the best source of information regarding these issues, as well as additional infringement. If Optrex intends to raise issues of commercial success, laches and non-infringing alternatives in its case in chief, then its *own* documents created in the ordinary course of business should be relied upon, not Honeywell's protected work product created under attorney supervision in anticipation of litigation. Having urged Judge Jordan to establish the operative scope of discovery in this case, it is both unfair and inconsistent for Optrex to now demand the type of information from Honeywell which it is itself unwilling to provide.

Finally, in its motion, Optrex complains that two Honeywell witnesses were instructed not to answer questions about the hit rate, and Optrex now seeks testimony on this topic. Notably, the second witness was deposed over *two months* after Honeywell made the instruction not to answer with the first witness. Despite that, Optrex *never* engaged Honeywell in a discussion about this issue. Instead, Optrex moved forward with the deposition of the second witness, knowing that it was Honeywell's position that information regarding the hit rate is protected work product. Now Optrex seeks to re-open the depositions to gain access to testimony regarding the hit rate. Such an approach is prejudicial to Honeywell. Had Optrex felt strongly about its waiver position, the appropriate time to engage both Honeywell and the Court would have been back in December, after the deposition of the first witness, and after Optrex was placed on notice that Honeywell would not allow its witnesses to answer questions about the hit rate. Having failed to raise this issue prior to the second deposition -- despite being on notice

of the issue -- Optrex should not be allowed to reopen that deposition, or the deposition of any other witness on this issue.

For all of the foregoing reasons, Optrex's motion should be denied.

Respectfully,

*/s/ Thomas C. Grimm*

Thomas C. Grimm (#1098)

cc: Dr. Peter T. Dalleo, Clerk (by hand, w/encls.)
See attached Certificate of Service

810492

# EXHIBIT A

Westlaw.

H
In re Vecco Instruments, Inc. Securities Litigation
S.D.N.Y.,2007.
Only the Westlaw citation is currently available.
United States District Court,S.D. New York.
In re VECCO INSTRUMENTS, INC. SECURITIES LITIGATION
**No. 05 MD 1695(CM)(GAY).**

Jan. 25, 2007.

MEMORANDUM DECISION AND ORDER
YANTHIS, J.
***1** THIS DOCUMENT RELATES TO ALL ACTIONS

Presently before this Court is plaintiffs' motion to compel pursuant to Rule 37(a) of the Federal Rules of Civil Procedure ("FRCP"), wherein plaintiffs seek an Order directing defendants to produce all documents related to the investigation of TurboDisc accounting and the restatement of Vecco's financials. Defendants assert, *inter alia,* that the Kaye Scholer and Jefferson Wells investigative reports, along with the documents prepared in support of said reports, constitute privileged work product. Plaintiffs contend, *inter alia,* that the work product privilege is inapplicable because the documents at issue were not prepared in anticipation of litigation and, in any event, plaintiffs have demonstrated substantial need for the documents. Plaintiffs also argue that defendants' "public disclosure" of the information constituted a waiver of any work product privilege. For the following reasons, plaintiffs' motion to compel is denied.

A. *The Work Product Privilege*

Pursuant to the work product doctrine, materials prepared in anticipation of litigation are not discoverable absent a showing that the party seeking discovery has a substantial need for the materials and cannot obtain the equivalent without undue hardship. *See* FRCP 26(b)(3). As to the "anticipation of litigation" requirement, the Second Circuit has held that a document which is privileged work product "does not lose work-product protection merely because it is intended to assist in the making of a business decision influenced by the likely outcome of the anticipated litigation. Where a document was created because of anticipated litigation, and would not have been prepared in substantially similar form but for the prospect of that litigation, it falls within Rule 26(b)(3)." *United States v. Adlman,* 134 F.3d 1194, 1195 (2d Cir.1998). The party claiming the privilege has the burden of demonstrating that the privilege exists and that it has not been waived. *See von Bulow v. von Bulow,* 811 F.2d 136, 144 (2d Cir.1987).

In opposition to plaintiffs' assertion that the documents at issue were not prepared in anticipation of litigation, defendants proffer the Declaration of Rory A. Greiss, a partner at Kaye Scholer, who avers the following:

Kaye Scholer has served as outside securities counsel to Vecco Instruments, Inc. since 1993. After Vecco's internal auditing personnel discovered potentially erroneous or improper accounting transactions in Vecco's TurboDisc business division, members of Vecco's management contacted Greiss for the purpose of obtaining legal advice. Greiss believed that a financial restatement might be required, which Greiss expected would likely subject Vecco to litigation. Vecco authorized Kaye Scholer to conduct an internal investigation and to retain Jefferson Wells, a forensic accounting firm, to assist in the investigation. Greiss, and other members of Kaye Scholer, supervised and directed the work of Jefferson Wells, all of which was done for the purpose of assisting Kaye Scholer in providing legal advice to Vecco regarding its financial statements, past and future disclosures and possible litigation arising therefrom.

***2** Defendants also proffer the Affidavit of John F. Rein, Vecco's Executive Vice President, Chief Financial Officer and Secretary, who avers that the documents at issue were prepared because of the anticipated litigation and "would not have been prepared by Vecco in the ordinary course of business, nor would Vecco prepare work in a form substantially similar to that prepared by Kaye Scholer and Jefferson Wells." (¶ 11.)

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Based upon the Greiss Declaration and the Rein Affidavit, I conclude that the documents at issue are eligible for protection under Rule 26(b)(3). Further, plaintiffs have failed to demonstrate a substantial need necessary to overcome the privilege, given that defendants have already produced voluminous amounts of non-privileged accounting-related documents, including: documents prepared by Vecco's own financial professionals and internal and external auditors concerning TurboDisc's potentially improper accounting transactions; documents related to Vecco's internal audit of TurboDisc; documents reflecting Vecco's own investigation into TurboDisc's financial controls and the accuracy of its financial statements; and documents prepared by Vecco's financial professionals concerning the preparation of its financial restatement. Accordingly, this Court declines to order the production of the documents at issue under exceptions to the work-product privilege.

B. *Waiver*

"The work product privilege is not automatically waived by any disclosure to third persons. Rather, the courts generally find a waiver of the work product privilege only if the disclosure substantially increases the opportunity for potential adversaries to obtain the information." *Merrill Lynch & Co., Inc. v. Allegheny Energy, Inc.*, 229 F.R.D. 441, 445-46 (S.D.N.Y.2004) (quotations and citations omitted). Here, plaintiffs contend that defendants waived work-product protection through two disclosures: a March 16, 2005 press release and an August 3, 2005 letter from Kaye Scholer to the SEC. The press release announced to investors that Vecco had completed its internal investigation and concluded that "the improper accounting entries were made by a single individual at TurboDisc." The SEC letter stated that "there were not sufficient facts to come to a conclusion on whether the improper accounting entries were made intentionally." Clearly, the disclosures cited by plaintiff merely summarized the findings and conclusions of the internal investigation and did not quote, paraphrase or reference any of the specific documents at issue in support of its conclusions. Said limited disclosure does not constitute waiver of the work product privilege. *See e.g.*, *In re Dayco*, 99 F.R.D. 616, 619 (S.D.Ohio 1983) (no waiver where press release disclosed findings of an internal investigation but did not summarize evidence in the report).

I conclude, therefore, that the documents at issue constitute privileged work product, that defendants have not waived said privilege and that plaintiffs have failed to demonstrate substantial need necessary to overcome the privilege. Accordingly, plaintiffs' motion to compel is DENIED.
***3** SO ORDERED:

S.D.N.Y.,2007.
In re Vecco Instruments, Inc. Securities Litigation
Slip Copy, 2007 WL 210110 (S.D.N.Y.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**CERTIFICATE OF SERVICE**

I hereby certify that on April 24, 2007, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send notification of such filing to the following: John R. Alison, Parker H. Bagley, Robert J. Benson, Robert Karl Beste, III, Elizabeth L. Brann, Christopher E. Chalsen, Hua Chen, Arthur G. Connolly, III, Frederick L. Cottrell, III, Francis DiGiovanni, Thomas M. Dunham, Kevin C. Ecker, Amy Elizabeth Evans, York M. Faulkner, Maria Granovsky, Christopher J. Gaspar, Alexander E. Gasser, Alan M. Grimaldi, Thomas C. Grimm, Thomas Lee Halkowski, Angie Hankins, Richard L. Horwitz, Dan C. Hu, John T. Johnson, Robert J. Katzenstein, Nelson M. Kee, Richard D. Kelly, Matthew W. King, Stephen S. Korniczky, Gary William Lipkin, Hamilton Loeb, Robert L. Maier, David J. Margules, David Ellis Moore, Carolyn E. Morris, Arthur I. Neustadt, Elizabeth A. Niemeyer, Andrew M. Ollis, Karen L. Pascale, Adam Wyatt Poff, Leslie A. Polizoti, John F. Presper, Alana A. Prills, Steven J. Rizzi, Lawrence Rosenthal, Avelyn M. Ross, Philip A. Rovner, Diana M. Sangelli, Robert C. Scheinfeld, Carl E. Schlier, Chad Michael Shandler, John W. Shaw, Matthew W. Siegal, Neil P. Sirota, Monte Terrell Squire, William J. Wade, Roderick B. Williams, Edward R. Yoches.

I also certify that on April 24, 2007, I caused to be served true and correct copies of the foregoing on the following as indicated below:

**BY HAND & E-MAIL:**

John W. Shaw
Monte T. Squire
YOUNG CONAWAY STARGATT
& TAYLOR LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
jshaw@ycst.com

*Attorneys for Sony Corporation*

William J. Wade
RICHARDS LAYTON & FINGER
One Rodney Square
P.O. Box 551
Wilmington, DE 19899-0551
wade@rlf.com

*Attorneys for Arima Display Corporation*

Karen L. Pascale
YOUNG CONAWAY STARGATT
& TAYLOR, LLP
The Brandywine Building, 17th floor
1000 West Street
Wilmington, DE 19801
kpascale@ycst.com

*Attorneys for Optrex America, Inc.*

Philip A. Rovner
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899
provner@potteranderson.com

*Attorneys for Fuji Photo Film Co., Ltd. and Fuji Photo Film U.S.A., Inc.*

David J. Margules
John M. Seaman
BOUCHARD MARGULES
& FRIEDLANDER, P.A.
222 Delaware Ave., Suite 1400
Wilmington DE 19801
dmargules@BMF-law.com

*Attorneys for Citizen Watch Co., Ltd. and Citizen Displays Co., Ltd.*

Gary W. Lipkin
DUANE MORRIS LLP
1100 North Market Street, 12th Floor
Wilmington, DE 19801-1246
GWLipkin@duanemorris.com

*Attorneys for InnoLux Display Corporation*

Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899
rhorwitz@potteranderson.com

*Attorneys for Hitachi Displays, Ltd., Wintek Corp., Wintek Electro-Optics Corporation, Samsung SDI America, Inc. and Samsung SDI Co., Ltd.*

**BY E-MAIL:**

Robert C. Scheinfeld
Neil P. Sirota
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, NY 10112
robert.scheinfeld@bakerbotts.com
neil.sirota@bakerbotts.com

*Attorneys for Hitachi Displays, Ltd.*

Andrew M. Ollis
OBLON, SPIVAK, McCLELLAND, MAIER & NEUSTADT, P.C.
1940 Duke Street
Alexandria, VA 22314
aollis@oblon.com

*Attorneys for Optrex America, Inc.*

Elizabeth A. Niemeyer
FINNEGAN, HENDERSON,
FARABOW, GARRETT
& DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, DC 20001
elizabeth.niemeyer@finnegan.com

York M. Faulkner
FINNEGAN, HENDERSON,
FARABOW, GARRETT
& DUNNER, L.L.P.
11955 Freedom Drive
Reston, VA 20190
york.faulkner@finnegan.com

*Attorneys for Wintek Corp. and Wintek Electro-Optics Corporation*

Stephen S. Korniczky
Elizabeth L. Brann
PAUL, HASTINGS, JANOFSKY
& WALKER LLP
3579 Valley Centre Drive
San Diego, CA 92130
stephenkorniczky@paulhastings.com
elizabethbrann@paulhastings.com

Hamilton Loeb
PAUL, HASTINGS, JANOFSKY
& WALKER LLP
875 15th Street, N.W.
Washington, DC 20005
hamiltonloeb@paulhastings.com

*Attorneys for Samsung SDI Co., Ltd. and Samsung SDI America, Inc.*

John Flock
KENYON & KENYON
One Broadway
New York, NY 10004-1050
jflock@kenyon.com

*Attorneys for Sony Corporation*

Stuart Lubitz
HOGAN & HARTSON LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
slubitz@hhlaw.com

*Attorneys for Citizen Watch Co., Ltd. and Citizen Displays Co., Ltd.*

Lawrence Rosenthal
Matthew W. Siegal
STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY 10038-4982
lrosenthal@stroock.com
msiegal@stroock.com

*Attorneys for Fuji Photo Film Co., Ltd. and Fuji Photo Film U.S.A., Inc.*

Dan C. Hu
TROP PRUNER & HU, P.C.
1616 South Voss Road
Suite 750
Houston, TX 77057-2631
hu@tphm.com

*Attorneys for Arima Display Corporation*

Donald R. McPhail
DUANE MORRIS LLP
1667 K Street, N.W., Suite 700
Washington, DC 20006
drmcphail@duanemorris.com

*Attorneys for InnoLux Display Corporation*

**BY FEDERAL EXPRESS**

Mr. Seong Yoon Jeong
Assistant Manager
Technology Planning Group
BOE HYDIS TECHNOLOGY CO., LTD.
San 136-1, Ami-ri, Bubal-eub
Ichon-si, Gyeonggi-do 467-701
Republic of Korea

*/s/ Thomas C. Grimm*

Thomas C. Grimm (#1098)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Wilmington, DE 19801
(302) 658-9200
tgrimm@mnat.com

778878

**CERTIFICATE OF SERVICE**

I hereby certify that on May 1, 2007, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send notification of such filing to the following: John R. Alison, Parker H. Bagley, Robert J. Benson, Robert Karl Beste, III, Elizabeth L. Brann, Christopher E. Chalsen, Hua Chen, Arthur G. Connolly, III, Frederick L. Cottrell, III, Francis DiGiovanni, Thomas M. Dunham, Kevin C. Ecker, Amy Elizabeth Evans, York M. Faulkner, Maria Granovsky, Christopher J. Gaspar, Alexander E. Gasser, Alan M. Grimaldi, Thomas C. Grimm, Thomas Lee Halkowski, Angie Hankins, Richard L. Horwitz, Dan C. Hu, John T. Johnson, Robert J. Katzenstein, Nelson M. Kee, Richard D. Kelly, Matthew W. King, Stephen S. Korniczky, Gary William Lipkin, Hamilton Loeb, Robert L. Maier, David J. Margules, David Ellis Moore, Carolyn E. Morris, Arthur I. Neustadt, Elizabeth A. Niemeyer, Andrew M. Ollis, Karen L. Pascale, Adam Wyatt Poff, Leslie A. Polizoti, John F. Presper, Alana A. Prills, Steven J. Rizzi, Lawrence Rosenthal, Avelyn M. Ross, Philip A. Rovner, Diana M. Sangelli, Robert C. Scheinfeld, Carl E. Schlier, Chad Michael Shandler, John W. Shaw, Matthew W. Siegal, Neil P. Sirota, Monte Terrell Squire, William J. Wade, Roderick B. Williams, Edward R. Yoches.

I also certify that on May 1, 2007, I caused to be served true and correct copies of the foregoing on the following as indicated below:

**BY E-MAIL:**

John W. Shaw
Monte T. Squire
YOUNG CONAWAY STARGATT
& TAYLOR LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
jshaw@ycst.com

*Attorneys for Sony Corporation*

Karen L. Pascale
YOUNG CONAWAY STARGATT
& TAYLOR, LLP
The Brandywine Building, 17th floor
1000 West Street
Wilmington, DE 19801
kpascale@ycst.com

*Attorneys for Optrex America, Inc.*

Philip A. Rovner
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899
provner@potteranderson.com

*Attorneys for Fuji Photo Film Co., Ltd. and Fuji Photo Film U.S.A., Inc.*

David J. Margules
John M. Seaman
BOUCHARD MARGULES
& FRIEDLANDER, P.A.
222 Delaware Ave., Suite 1400
Wilmington DE 19801
dmargules@BMF-law.com

*Attorneys for Citizen Watch Co., Ltd. and Citizen Displays Co., Ltd.*

Gary W. Lipkin
DUANE MORRIS LLP
1100 North Market Street, 12th Floor
Wilmington, DE 19801-1246
GWLipkin@duanemorris.com

*Attorneys for InnoLux Display Corporation*

Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899
rhorwitz@potteranderson.com

*Attorneys for Hitachi Displays, Ltd., Wintek Corp., Wintek Electro-Optics Corporation, Samsung SDI America, Inc. and Samsung SDI Co., Ltd.*

Robert C. Scheinfeld
Neil P. Sirota
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, NY 10112
robert.scheinfeld@bakerbotts.com
neil.sirota@bakerbotts.com

*Attorneys for Hitachi Displays, Ltd.*

Andrew M. Ollis
OBLON, SPIVAK, McCLELLAND, MAIER & NEUSTADT, P.C.
1940 Duke Street
Alexandria, VA 22314
aollis@oblon.com

*Attorneys for Optrex America, Inc.*

Elizabeth A. Niemeyer
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, DC 20001
elizabeth.niemeyer@finnegan.com

York M. Faulkner
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, L.L.P.
11955 Freedom Drive
Reston, VA 20190
york.faulkner@finnegan.com

*Attorneys for Wintek Corp. and Wintek Electro-Optics Corporation*

Stephen S. Korniczky
Elizabeth L. Brann
PAUL, HASTINGS, JANOFSKY & WALKER LLP
3579 Valley Centre Drive
San Diego, CA 92130
stephenkorniczky@paulhastings.com
elizabethbrann@paulhastings.com

Hamilton Loeb
PAUL, HASTINGS, JANOFSKY & WALKER LLP
875 15th Street, N.W.
Washington, DC 20005
hamiltonloeb@paulhastings.com

*Attorneys for Samsung SDI Co., Ltd. and Samsung SDI America, Inc.*

John Flock
KENYON & KENYON
One Broadway
New York, NY 10004-1050
jflock@kenyon.com

*Attorneys for Sony Corporation*

Stuart Lubitz
HOGAN & HARTSON LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
slubitz@hhlaw.com

*Attorneys for Citizen Watch Co., Ltd. and Citizen Displays Co., Ltd.*

Lawrence Rosenthal
Matthew W. Siegal
STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY 10038-4982
lrosenthal@stroock.com
msiegal@stroock.com

*Attorneys for Fuji Photo Film Co., Ltd. and Fuji Photo Film U.S.A., Inc.*

Donald R. McPhail
DUANE MORRIS LLP
1667 K Street, N.W., Suite 700
Washington, DC 20006
drmcphail@duanemorris.com

*Attorneys for InnoLux Display Corporation*

**BY FEDERAL EXPRESS**

Mr. Seong Yoon Jeong
Assistant Manager
Technology Planning Group
BOE HYDIS TECHNOLOGY CO., LTD.
San 136-1, Ami-ri, Bubal-eub
Ichon-si, Gyeonggi-do 467-701
Republic of Korea

*/s/ Thomas C. Grimm*

Thomas C. Grimm (#1098)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Wilmington, DE 19801
(302) 658-9200
tgrimm@mnat.com

734570