# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Thomas C. Grimm
302 351 9595
302 425 4661 Fax
tgrimm@mnat.com

ORIGINAL FILING DATE: MAY 9, 2007
REDACTED FILING DATE: MAY 16, 2007

**BY E-FILING**

PUBLIC VERSION

The Honorable Mary Pat Thynge
United States District Court for the District of Delaware
844 North King Street
Wilmington, DE 19801

    Re:    <u>Honeywell Int'l Inc. v. Apple Computer, Inc.</u>, C.A. No. 04-1338-*** (Cons.)

Dear Magistrate Judge Thynge:

    We write on behalf of the Plaintiffs ("Honeywell") to seek an order compelling Hitachi Displays, Ltd. ("Hitachi") to produce certain 30(b)(6) witnesses for further deposition time. We also seek a judicial declaration that *res judicata* shall not apply to modules for which Hitachi has refused to provide discovery, or in the alternative, that Hitachi provide the information necessary to accuse such modules of infringement. These issues are scheduled to be heard by the Court on May 17, 2007.

    I.    **Honeywell Seeks an Order Compelling Hitachi to Produce Witnesses for Follow-Up Rule 30(b)(6)Testimony.**

    In the fall of 2006, Hitachi consented to three deposition dates in January 2007 for the depositions of its designees on various 30(b)(6) topics. Ex. 23. Then, in December 2006, Hitachi notified Honeywell that it would be producing *three* separate Japanese-speaking witnesses to testify about all non-technical issues on *one* day, and noted that there might not be enough time to conduct all three depositions in that one day (an average of two hours and 20 minutes per witness, roughly halved again because of translation). Exs. 1-2. Honeywell proposed that Hitachi make its witnesses available on a scheduled "down day" as well. Hitachi refused. Exs. 2, 4. Honeywell suggested additional alternatives that included every week from January 2007 through early February, offering the United States Embassy and Consulate in Japan and other locations in the United States. Ex. 3. Hitachi refused, suggesting two unacceptable alternatives: that Honeywell delay its depositions until *after* the then-pending deadline for submission of expert reports (February 28, 2007), or that Honeywell cut short its technical deposition on January 24. Both were unacceptable. Ex. 5, p. 2; Ex. 6.

    The limited availability for Hitachi's witnesses presented Honeywell with a conundrum: either take the single day offered or further delay the onset of depositions. Given the difficulty in arranging the depositions (and limited Embassy time), Honeywell had no practical choice but to

**HIGHLY CONFIDENTIAL: OUTSIDE ATTORNEYS' EYES ONLY**

The Honorable Mary Pat Thynge
May 9, 2007
Page 2

go forward and reserve its right to seek additional time with the 30(b)(6) witnesses. Honeywell made its best efforts to conduct the depositions efficiently despite the time limit. Not surprisingly, Honeywell did not have enough time to explore the witnesses' designated topics. Ex. 7, p. 7. Despite repeated requests, Hitachi refused to provide these witnesses for any additional testimony time on selected topics. Ex. 8, p. 4; Ex. 9, p. 2; Ex. 10, p. 3; Exs. 11-13. Hitachi has argued that because Honeywell proceeded despite Hitachi's warnings about the limited schedule, Honeywell should now be foreclosed from further testimony; this of course would reward Hitachi for limiting its witnesses' availability in the first instance.

Despite its refusal to provide follow-up testimony with these three witnesses, Hitachi has agreed to produce a witness later this summer in response to a separate 30(b)(6) notice of deposition in Tokyo, where all of Hitachi's previously-designated witnesses are also located. To that end, counsel for both parties will be in Japan the week of July 2, 2007. Ex. 17. Honeywell has arranged time at the United States Embassy and is arranging the logistics for this deposition, and believes it makes the most sense and is most efficient - for both parties - to complete the earlier depositions at the same time. Given this, it is reasonable for the Court to require Hitachi to make its other witnesses available for follow-up testimony. Honeywell therefore requests that the Court order Hitachi to produce the three witnesses for two additional days of follow-up testimony on the following topics that Honeywell was not able to fully probe due to the limited deposition time: Topic Nos. 2, 5, 6, 11, 12, 14-17, 19.[1]

II.     **Honeywell Seeks a Judicial Declaration that *Res Judicata* Shall Not Apply to Modules For Which Hitachi Refuses to Provide Discovery.**

Hitachi flooded Honeywell with approximately 450,000 pages of documents which do not necessarily relate to the specific modules accused of infringement, and is using them to place Honeywell in a "Catch 22" situation. Hitachi's circular logic is as follows: on one hand, Hitachi purports to place "all potentially relevant" modules at issue, and has demanded that Honeywell identify which modules infringe. On the other hand, Hitachi refuses to provide information that would allow Honeywell to identify which modules infringe, because the sizeable production is not correlated with any corresponding modules. Ex. 18.

As the Court is aware, Judge Jordan circumscribed discovery to only those modules accused of infringement. In regard to *res judicata*, Judge Jordan stated that if a defendant does not tell Honeywell "about a different product, nobody I think in their right mind is going to say, well, you gave up a claim against that accused product because you never had the chance to accuse it." Ex. 20 (July 21, 2006 Hearing Transcript at 19). This commentary recognized Honeywell's concern that infringing modules had to be either part of this litigation, or subject to further litigation. Instead of following Judge Jordan's plan, Hitachi produced information for what it viewed as "all potentially relevant modules." The problem with this production is that Hitachi has not disclosed which documents correspond with which modules; therefore, this does

---

[1]    Moreover, the Scheduling Order provides for 50 hours of part-specific deposition time. Hitachi has provided less than half that amount.

**HIGHLY CONFIDENTIAL: OUTSIDE ATTORNEYS' EYES ONLY**

The Honorable Mary Pat Thynge
May 9, 2007
Page 3

not give Honeywell the "chance to accuse" additional modules.
REDACTED

Hitachi has also not provided Rule 33(d) guidance sufficient to identify which modules are disclosed in its sizeable production -    REDACTED


As a result of extensive meet-and-confer efforts, Hitachi acknowledged that Honeywell cannot accuse additional modules given the state of Hitachi's production, and has now agreed to associate a few technical diagrams for each module, but only for those sold directly into the United States. Exs. 14-17. While this is a potentially acceptable resolution as far as those modules are concerned (assuming it is done in a timely and complete fashion), it does not resolve the issue of modules that make it into the United States indirectly. Exs. 16, 19.

Honeywell asked Hitachi to confirm that, at least for the modules for which it refuses to provide information appropriately correlating the produced technical documentation to specific modules, *res judicata* shall not apply. Hitachi inexplicably refused. Exs. 16, 19. Thus, Hitachi seeks to place Honeywell between the proverbial rock and a hard place: it will not provide information necessary for Honeywell to accuse modules that are sold worldwide, but wants to argue that Honeywell had the chance to accuse them sufficient to trigger *res judicata*.

Given the size and condition of Hitachi's production, Honeywell requests a judicial declaration that *res judicata* shall not apply to any module for which Hitachi refuses to provide proper identification and correlation with technical documentation (either via Rule 33(d) or a supplemental, correlated production). In the alternative, Honeywell requests that the Court compel Hitachi to provide such identification and correlation for all of its potentially relevant modules that are included in its production.

Respectfully,

*Thomas C. Grimm*
Thomas C. Grimm (#1098)

Enclosures
cc:   Dr. Peter T. Dalleo, Clerk (by hand, w/encls.)
      See attached Certificate of Service
823092

**HIGHLY CONFIDENTIAL: OUTSIDE ATTORNEYS' EYES ONLY**

**CERTIFICATE OF SERVICE**

I hereby certify that on May 9, 2007, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send notification of such filing to the following: John R. Alison, Parker H. Bagley, Robert J. Benson, Robert Karl Beste, III, Elizabeth L. Brann, Christopher E. Chalsen, Hua Chen, Arthur G. Connolly, III, Frederick L. Cottrell, III, Francis DiGiovanni, Thomas M. Dunham, Kevin C. Ecker, Amy Elizabeth Evans, York M. Faulkner, Maria Granovsky, Christopher J. Gaspar, Alexander E. Gasser, Alan M. Grimaldi, Thomas C. Grimm, Thomas Lee Halkowski, Angie Hankins, Richard L. Horwitz, Dan C. Hu, John T. Johnson, Robert J. Katzenstein, Nelson M. Kee, Richard D. Kelly, Matthew W. King, Stephen S. Korniczky, Gary William Lipkin, Hamilton Loeb, Robert L. Maier, David J. Margules, David Ellis Moore, Carolyn E. Morris, Arthur I. Neustadt, Elizabeth A. Niemeyer, Andrew M. Ollis, Karen L. Pascale, Adam Wyatt Poff, Leslie A. Polizoti, John F. Presper, Alana A. Prills, Steven J. Rizzi, Lawrence Rosenthal, Avelyn M. Ross, Philip A. Rovner, Diana M. Sangelli, Robert C. Scheinfeld, Carl E. Schlier, Chad Michael Shandler, John W. Shaw, Matthew W. Siegal, Neil P. Sirota, Monte Terrell Squire, William J. Wade, Roderick B. Williams, Edward R. Yoches.

I also certify that on May 9, 2007, I caused to be served true and correct copies of the foregoing on the following as indicated below:

**BY HAND & E-MAIL:**

John W. Shaw
Monte T. Squire
YOUNG CONAWAY STARGATT
  & TAYLOR LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
jshaw@ycst.com

*Attorneys for Sony Corporation*

Karen L. Pascale
YOUNG CONAWAY STARGATT
  & TAYLOR, LLP
The Brandywine Building, 17th floor
1000 West Street
Wilmington, DE 19801
kpascale@ycst.com

*Attorneys for Optrex America, Inc.*

Philip A. Rovner
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899
provner@potteranderson.com

*Attorneys for Fuji Photo Film Co., Ltd.
and Fuji Photo Film U.S.A., Inc.*

David J. Margules
John M. Seaman
BOUCHARD MARGULES
  & FRIEDLANDER, P.A.
222 Delaware Ave., Suite 1400
Wilmington DE 19801
dmargules@BMF-law.com

*Attorneys for Citizen Watch Co., Ltd.
and Citizen Displays Co., Ltd.*

Gary W. Lipkin
DUANE MORRIS LLP
1100 North Market Street, 12th Floor
Wilmington, DE 19801-1246
GWLipkin@duanemorris.com

*Attorneys for InnoLux Display Corporation*

Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899
rhorwitz@potteranderson.com

*Attorneys for Hitachi Displays, Ltd., Wintek
Corp., Wintek Electro-Optics Corporation,
Samsung SDI America, Inc. and Samsung
SDI Co., Ltd.*

**BY E-MAIL:**

Robert C. Scheinfeld  
Neil P. Sirota  
BAKER BOTTS L.L.P.  
30 Rockefeller Plaza  
New York, NY 10112  
robert.scheinfeld@bakerbotts.com  
neil.sirota@bakerbotts.com  

*Attorneys for Hitachi Displays, Ltd.*

Andrew M. Ollis  
OBLON, SPIVAK, McCLELLAND,  
  MAIER & NEUSTADT, P.C.  
1940 Duke Street  
Alexandria, VA 22314  
aollis@oblon.com  

*Attorneys for Optrex America, Inc.*

Elizabeth A. Niemeyer  
FINNEGAN, HENDERSON,  
  FARABOW, GARRETT  
  & DUNNER, L.L.P.  
901 New York Avenue, N.W.  
Washington, DC 20001  
elizabeth.niemeyer@finnegan.com  

York M. Faulkner  
FINNEGAN, HENDERSON,  
  FARABOW, GARRETT  
  & DUNNER, L.L.P.  
11955 Freedom Drive  
Reston, VA 20190  
york.faulkner@finnegan.com  

*Attorneys for Wintek Corp. and Wintek Electro-Optics Corporation*

Stephen S. Korniczky  
Elizabeth L. Brann  
PAUL, HASTINGS, JANOFSKY  
  & WALKER LLP  
3579 Valley Centre Drive  
San Diego, CA 92130  
stephenkorniczky@paulhastings.com  
elizabethbrann@paulhastings.com  

Hamilton Loeb  
PAUL, HASTINGS, JANOFSKY  
  & WALKER LLP  
875 15th Street, N.W.  
Washington, DC 20005  
hamiltonloeb@paulhastings.com  

*Attorneys for Samsung SDI Co., Ltd. and Samsung SDI America, Inc.*

John Flock  
KENYON & KENYON  
One Broadway  
New York, NY 10004-1050  
jflock@kenyon.com  

*Attorneys for Sony Corporation*

Stuart Lubitz  
HOGAN & HARTSON LLP  
1999 Avenue of the Stars, Suite 1400  
Los Angeles, CA 90067  
slubitz@hhlaw.com  

*Attorneys for Citizen Watch Co., Ltd. and Citizen Displays Co., Ltd.*

Lawrence Rosenthal
Matthew W. Siegal
STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY 10038-4982
lrosenthal@stroock.com
msiegal@stroock.com

*Attorneys for Fuji Photo Film Co., Ltd.
and Fuji Photo Film U.S.A., Inc.*

Donald R. McPhail
DUANE MORRIS LLP
1667 K Street, N.W., Suite 700
Washington, DC 20006
drmcphail@duanemorris.com

*Attorneys for InnoLux Display Corporation*

**BY FEDERAL EXPRESS**

Mr. Seong Yoon Jeong
Assistant Manager
Technology Planning Group
BOE HYDIS TECHNOLOGY CO., LTD.
San 136-1, Ami-ri, Bubal-eub
Ichon-si, Gyeonggi-do 467-701
Republic of Korea

_____
Thomas C. Grimm (#1098)
tgrimm@mnat.com

823092

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 16, 2007, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send notification of such filing to the following: John R. Alison, Parker H. Bagley, Robert J. Benson, Robert Karl Beste, III, Elizabeth L. Brann, Christopher E. Chalsen, Hua Chen, Arthur G. Connolly, III, Frederick L. Cottrell, III, Francis DiGiovanni, Thomas M. Dunham, Kevin C. Ecker, Amy Elizabeth Evans, York M. Faulkner, Maria Granovsky, Christopher J. Gaspar, Alexander E. Gasser, Alan M. Grimaldi, Thomas C. Grimm, Thomas Lee Halkowski, Angie Hankins, Richard L. Horwitz, Dan C. Hu, John T. Johnson, Robert J. Katzenstein, Nelson M. Kee, Richard D. Kelly, Matthew W. King, Stephen S. Korniczky, Gary William Lipkin, Hamilton Loeb, Robert L. Maier, David J. Margules, David Ellis Moore, Carolyn E. Morris, Arthur I. Neustadt, Elizabeth A. Niemeyer, Andrew M. Ollis, Karen L. Pascale, Adam Wyatt Poff, Leslie A. Polizoti, John F. Presper, Alana A. Prills, Steven J. Rizzi, Lawrence Rosenthal, Avelyn M. Ross, Philip A. Rovner, Diana M. Sangelli, Robert C. Scheinfeld, Carl E. Schlier, Chad Michael Shandler, John W. Shaw, Matthew W. Siegal, Neil P. Sirota, Monte Terrell Squire, William J. Wade, Roderick B. Williams, Edward R. Yoches.

I also certify that on May 16, 2007, I caused to be served true and correct copies of the foregoing on the following as indicated below:

**BY HAND & E-MAIL:**

| | |
|---|---|
| John W. Shaw<br>Monte T. Squire<br>YOUNG CONAWAY STARGATT<br>  & TAYLOR LLP<br>1000 West Street, 17th Floor<br>P.O. Box 391<br>Wilmington, DE 19899-0391<br>jshaw@ycst.com<br><br>*Attorneys for Sony Corporation* | Karen L. Pascale<br>YOUNG CONAWAY STARGATT<br>  & TAYLOR, LLP<br>The Brandywine Building, 17th floor<br>1000 West Street<br>Wilmington, DE 19801<br>kpascale@ycst.com<br><br>*Attorneys for Optrex America, Inc.* |
| Philip A. Rovner<br>POTTER ANDERSON & CORROON LLP<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>P.O. Box 951<br>Wilmington, DE 19899<br>provner@potteranderson.com<br><br>*Attorneys for Fuji Photo Film Co., Ltd.*<br>*and Fuji Photo Film U.S.A., Inc.* | David J. Margules<br>John M. Seaman<br>BOUCHARD MARGULES<br>  & FRIEDLANDER, P.A.<br>222 Delaware Ave., Suite 1400<br>Wilmington DE 19801<br>dmargules@BMF-law.com<br><br>*Attorneys for Citizen Watch Co., Ltd.*<br>*and Citizen Displays Co., Ltd.* |
| Gary W. Lipkin<br>DUANE MORRIS LLP<br>1100 North Market Street, 12th Floor<br>Wilmington, DE 19801-1246<br>GWLipkin@duanemorris.com<br><br>*Attorneys for InnoLux Display Corporation* | Richard L. Horwitz<br>David E. Moore<br>POTTER ANDERSON & CORROON LLP<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>P.O. Box 951<br>Wilmington, DE 19899<br>rhorwitz@potteranderson.com<br><br>*Attorneys for Hitachi Displays, Ltd., Wintek*<br>*Corp., Wintek Electro-Optics Corporation,*<br>*Samsung SDI America, Inc. and Samsung*<br>*SDI Co., Ltd.* |

**BY E-MAIL:**

Robert C. Scheinfeld
Neil P. Sirota
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, NY 10112
robert.scheinfeld@bakerbotts.com
neil.sirota@bakerbotts.com

*Attorneys for Hitachi Displays, Ltd.*

Andrew M. Ollis
OBLON, SPIVAK, McCLELLAND,
  MAIER & NEUSTADT, P.C.
1940 Duke Street
Alexandria, VA 22314
aollis@oblon.com

*Attorneys for Optrex America, Inc.*

Elizabeth A. Niemeyer
FINNEGAN, HENDERSON,
  FARABOW, GARRETT
  & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, DC 20001
elizabeth.niemeyer@finnegan.com

York M. Faulkner
FINNEGAN, HENDERSON,
  FARABOW, GARRETT
  & DUNNER, L.L.P.
11955 Freedom Drive
Reston, VA 20190
york.faulkner@finnegan.com

*Attorneys for Wintek Corp. and Wintek Electro-Optics Corporation*

Stephen S. Korniczky
Elizabeth L. Brann
PAUL, HASTINGS, JANOFSKY
  & WALKER LLP
3579 Valley Centre Drive
San Diego, CA 92130
stephenkorniczky@paulhastings.com
elizabethbrann@paulhastings.com

Hamilton Loeb
PAUL, HASTINGS, JANOFSKY
  & WALKER LLP
875 15th Street, N.W.
Washington, DC 20005
hamiltonloeb@paulhastings.com

*Attorneys for Samsung SDI Co., Ltd. and Samsung SDI America, Inc.*

John Flock
KENYON & KENYON
One Broadway
New York, NY 10004-1050
jflock@kenyon.com

*Attorneys for Sony Corporation*

Stuart Lubitz
HOGAN & HARTSON LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
slubitz@hhlaw.com

*Attorneys for Citizen Watch Co., Ltd. and Citizen Displays Co., Ltd.*

| | |
|---|---|
| Lawrence Rosenthal<br>Matthew W. Siegal<br>STROOCK & STROOCK & LAVAN LLP<br>180 Maiden Lane<br>New York, NY  10038-4982<br>lrosenthal@stroock.com<br>msiegal@stroock.com<br><br>*Attorneys for Fuji Photo Film Co., Ltd.*<br>*and Fuji Photo Film U.S.A., Inc.* | Donald R. McPhail<br>DUANE MORRIS LLP<br>1667 K Street, N.W., Suite 700<br>Washington, DC  20006<br>drmcphail@duanemorris.com<br><br>*Attorneys for InnoLux Display Corporation* |

**BY FEDERAL EXPRESS**

Mr. Seong Yoon Jeong
Assistant Manager
Technology Planning Group
BOE HYDIS TECHNOLOGY CO., LTD.
San 136-1, Ami-ri, Bubal-eub
Ichon-si, Gyeonggi-do 467-701
Republic of Korea

 */s/ Thomas C. Grimm*

Thomas C. Grimm (#1098)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Wilmington, DE  19801
(302) 658-9200
tgrimm@mnat.com

778878