# EXHIBIT 1

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Tel: 612-349-8500 Fax: 612-339-4181
www.rkmc.com

ATTORNEYS AT LAW

PETER N. SURDO
612-349-0982

December 28, 2006

**VIA FACSIMILE AND MAIL (212) 408-2501**

Neil P. Sirota
Baker Botts L.L.P.
3o Rockefeller Plaza
New York, NY 10112

Re:     *Honeywell International, Inc. et al. v. Apple Computer, Inc., et al.*
        Our File No.: 019896.0229

Dear Mr. Sirota:

I write to address two issues: Hitachi's unacceptable "exemplary" disclosures in response to Honeywell's most recent interrogatories, and the deposition schedule for Osaka at the end of January.

First, Hitachi provided "exemplary" Bates ranges in response to Honeywell's request that Hitachi identify documents responsive to Honeywell's discovery efforts. Instead of providing full disclosure of those documents that are responsive, it appears as though Hitachi merely provided a small sampling of such documents (and even then, it does not appear that the documents are fully responsive). I would also appreciate clarification of what Hitachi means by "exemplary" identification. Please explain whether the identified ranges of documents contain all the necessary information—making the remaining production superfluous—or whether it is merely a subset of all of the relevant production. In either case, Hitachi must immediately supplement its responses with full disclosures as was required by Honeywell's interrogatories.

Second, in regard to our conversation about the schedule for the depositions in Japan, we understand that Hitachi is considering identifying several individuals to address the non-technical aspects of the notice of deposition, and is concerned with finishing their deposition in one day. We have always understood that Honeywell would be able to use two days to depose technical witnesses, and we are scheduled to conduct the deposition of Hitachi's witnesses on January 23, 24 and 26 in Osaka, Japan. Because we agree that it does not seem practical to depose as many as three witnesses—with translation—in one day, we suggest that we add January 25 to our current schedule. Both parties will already be in Osaka along with a court reporter and translator, and Honeywell already has the Embassy reserved. Adding January 25 appears to be a simple and efficient way to provide enough time for depositions.

MP3 20206855.1

TLANTA · BOSTON · LOS ANGELES · MINNEAPOLIS · NAPLES · SAINT PAUL · WASHINGTON, D.C.

Neil P. Sirota
December 28, 2006
Page 2

Please contact me to confirm that you will add January 25 to the deposition schedule for
Hitachi's witnesses, and to discuss Hitachi's deficient interrogatory responses.

Sincerely,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

Peter N. Surdo

cc:     Matthew L. Woods, Esq.
        Alan R. McKenna, Esq.

# EXHIBIT 2

## Surdo, Peter N.

| | |
|---|---|
| **From:** | Neil.Sirota@bakerbotts.com |
| **Sent:** | Thursday, January 11, 2007 9:48 AM |
| **To:** | McKenna, Alan E. |
| **Cc:** | Surdo, Peter N.; Ketterling, Carrie R.; Robert.Scheinfeld@bakerbotts.com; Robert.Maier@bakerbotts.com |
| **Subject:** | Honeywell v. Hitachi - Hitachi deposition |

Dear Alan,

With reference to our prior agreement regarding deposition dates and further to our recent discussions regarding designees, Hitachi will be providing the following witnesses in Osaka on the dates and topics indicated:

January 23 and 24: Tsukizaki-san (topics 1, 3, 4, 7, 8)
January 26: Kato-san (topics 9-11)
January 26: Tanaka-san (topics 5, 6, 14-17)
January 26: Kojima-san (topics 2, 12, 13, 18-20).

Each witness will testify on topic 21. As to topic 22, we designate Tanaka-san to testify on document retention policies generally, but the other witnesses will also have knowledge of such policies.

Please note that we will be producing the witnesses on January 26th in the order indicated. Please also note that the witnesses are being produced subject to our objections being served on this date.

In addition to the witnesses, below please find a list of attendees in response to Ms. Ketterling's letter of January 8:

1. Neil Sirota (Baker Botts)
2. Robert Maier (Baker Botts)
3. Yuko Wakai  (Hitachi Ltd., Legal Dept.)
4. Toyokazu Nagano (Hitachi Displays, Ltd., Global Business Support Center)
5. Masao Hatakeyama (Hitachi Displays, Ltd., Global Business Support Center)
6. William Lise (New-Tech Ltd. - Check Interpreter)

Please note that not each of the Hitachi representatives will necessarily attend each deposition session, but we expect at least Wakai-san and one of the HDL representatives at each session.

If you have any questions regarding the foregoing, please let me know.

Regards.

Neil

Neil P. Sirota
Baker Botts L.L.P. ■
30 Rockefeller Plaza
New York, New York 10112
tel.: 212.408.2548
personal fax: 212.259.2548
main fax: 212.408.2501

This transmittal may be a confidential attorney-client communication or may be otherwise privileged or confidential. If you are not the intended recipient, you are hereby notified that you have received this transmittal in error; any review, dissemination, distribution or copying of this transmittal is strictly prohibited. If you have received this communication in error, please notify us immediately by reply electronic mail or by telephone (call collect at 212-408-2572) and immediately delete this message and all its attachments.

# EXHIBIT 3

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Tel: 612-349-8500 Fax: 612-339-4181
www.rkmc.com

ATTORNEYS AT LAW

PETER N. SURDO
612-349-0982

January 18, 2007

**VIA FACSIMILE AND MAIL (212) 408-2501**

Neil P. Sirota
Baker Botts L.L.P.
3o Rockefeller Plaza
New York, NY  10112

> Re:    *Honeywell International, Inc. et al. v. Apple Computer, Inc., et al.*
>        Our File No.: 019896.0229

Dear Mr. Sirota:

I write to address your letter of Tuesday afternoon.  As an initial matter, I note that it is unacceptable to receive this information so close to our departure to Japan to take the depositions of Hitachi's designated witnesses.  The late date of your disclosures will make it difficult—if not impossible—to fully and adequately evaluate the information you provided, especially since the vast majority of the new documents you identified require translation.

But more importantly, based on a quick overview of the disclosed bates ranges, your "complete set of technical documents" does not appear to be complete, especially given the continued absence of module assembly drawings from the designated ranges for each module.  While Honeywell does appreciate the few documents you identified on Tuesday that provide technical drawings, including those at HIT 0003554-77 and HIT 0395000-01, your letter of Tuesday afternoon did not truly add to what was already disclosed in Hitachi's original response to Interrogatory No. 16.  Indeed, the majority of the 70 entries in the table provide bates ranges that Hitachi previously disclosed.  Only 16 entries disclose new ranges, in addition to 4 that apply to a newly-identified module.  This is hardly helpful when Hitachi's production consists of nearly 500,000 pages of documents.

In particular, the Bates-range identification remains deficient in light of Interrogatory No. 16's requirements and Hitachi's own production.  The disclosures simply do not provide the information that the Interrogatory called for as was noted in my correspondence of December 28, nor do they address the specific requests in my letter of January 10. ███████████████████ ██████████████████████████████████████████████████████████████████ This is especially important because it appears that such documents often do not reference a particular module.  Hitachi must fully and adequately respond to Interrogatory No. 16, including identification of such drawings.

Neil P. Sirota
January 18, 2007
Page 2

Honeywell does appreciate Hitachi's efforts to facilitate more productive depositions in Osaka. Therefore, please explain what you mean by "sales summaries" regarding the 10 module numbers identified in your letter.  What type of information will be provided, and in what format?  When will it be produced?  We obviously need adequate time to review such a summary in advance of the depositions scheduled for January 26, and are concerned that further delay will adversely impact our ability to conduct a comprehensive examination.

Finally, I must continue Honeywell's objection to the schedule for Hitachi's three non-technical witnesses over one day on January 26.  It does not make sense to conduct the depositions (with translation) of so many witnesses in one day.  We offered—and Hitachi refused—to use January 25, a date Honeywell has reserved at the United States Embassy, and a date on which the parties, attorneys, translator(s), and court reporter would all be in Osaka, anyway.  In addition to refusing to go forward on January 25, which was eminently reasonable, Hitachi has refused every single option that Honeywell has proposed to ensure sufficient deposition time.  This includes proposals to conduct depositions the week of January 15, or for Hitachi to make its witnesses available in a United States state or territory the first two weeks of February.

Because of all of the foregoing issues, Honeywell will likely have to hold open the deposition, and will likely seek to compel Hitachi to bring its witnesses to the United States for continued testimony.

Sincerely,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

Peter N. Surdo

cc:    Matthew L. Woods, Esq.
       Alan R. McKenna, Esq.

EXHIBIT 4

# BAKER BOTTS LLP

| | |
|---|---|
| 30 ROCKEFELLER PLAZA | AUSTIN |
| NEW YORK, NEW YORK | DALLAS |
| 10112-4498 | DUBAI |
| | HONG KONG |
| TEL +1 212.408.2500 | HOUSTON |
| FAX +1 212.408.2501 | LONDON |
| www.bakerbotts.com | MOSCOW |
| | **NEW YORK** |
| | RIYADH |
| | WASHINGTON |

January 19, 2007

Neil P. Sirota
TEL  +1 (212) 408-2548
FAX  +1 (212) 259-2548
neil.sirota@bakerbotts.com

**VIA E-MAIL**

Peter N. Surdo
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
(612) 349-0982

Re:    *Honeywell Int'l, Inc. et al. v. Apple Computer, Inc. et al.*
       Civil Action No. 04-1338 (KAJ)

Dear Peter:

Thank you for your letter of January 18. I am writing to address several matters discussed therein.

As an initial matter, Hitachi has made a substantial, good-faith effort to comply with Honeywell's requests for documents relating to the Accused Modules. The documents and Bates ranges identified are the result of Hitachi's diligent efforts to locate documents responsive to Honeywell's interrogatories. Hitachi does not maintain or organize its technical records according to Module ID and does not track documents according to whether they disclose prism sheet angle information. At this point, the burden of identifying any additional responsive documents that may be in Hitachi's production would be substantially the same for both parties.

Further, there is little merit to Honeywell's claim that Hitachi's "late" disclosures will make it difficult to fully evaluate the information provided therein. On the one hand, Honeywell asserts that there will not be sufficient time to adequately evaluate the additional information. On the other hand, Honeywell complains that Hitachi has not provided enough information because, of the 70 entries providing Bates ranges for technical documents related to Accused Modules, "only 16 entries disclose new ranges." The numerous translators retained by Honeywell will be able to assist in evaluating the recently-identified documents.

Regarding production of a sales summary, we are currently preparing it and will provide the document early next week. As you are aware, these sales summaries exceed Hitachi's discovery obligations and are intended primarily to facilitate productive depositions in Osaka. To the extent that Honeywell seeks additional information not provided in the summary, we can address any such issues as they arise.

Finally, regarding the deposition of Hitachi's three non-technical witnesses, the deposition schedule is consistent with the parties' long-standing agreement that the depositions on the entirety of the noticed topics would last three days. Hitachi, its witnesses, and counsel arranged their schedules and deposition preparation based on that agreement. Honeywell has

**BAKER BOTTS** LLP

Peter N. Surdo                                    - 2 -                              January 19, 2007

refused all of Hitachi's suggestions that would have provided additional time to depose the non-technical witnesses. Hitachi offered to make these three witnesses available over the course of two days, but Honeywell declined. In addition, Honeywell rebuffed Hitachi's suggestion that the non-technical depositions be rescheduled for a later date. Honeywell has insisted on proceeding on this schedule, and Hitachi therefore does not intend to re-produce these witnesses in Japan or the United States.

    Please contact me if you have any questions regarding the foregoing.

                                        Very truly yours,

                                        Neil P. Sirota

EXHIBIT 5

# ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Tel: 612-349-8500 Fax: 612-339-4181
www.rkmc.com

ATTORNEYS AT LAW

Peter N. Surdo
612-349-0982

January 19, 2007

**VIA E-MAIL AND U.S. MAIL**

Neil P. Sirota
Baker Botts L.L.P.
3o Rockefeller Plaza
New York, NY 10112

Re:   *Honeywell International, Inc. et al. v. Apple Computer, Inc., et al.*
Our File No.: 019896.0229

Dear Mr. Sirota:

I write in response your letter that I received earlier today, as well as the CD of documents that we received at approximately 11:00 a.m. CST this morning. Matt Woods and I are leaving tomorrow morning for Osaka to take Hitachi's depositions, and your correspondence causes several concerns that I will address seriatim:

First, Hitachi's efforts to comply with the document requests are simply not sufficient. Hitachi received Honeywell's original set of discovery requests in March 2006 and Honeywell's Supplemental Interrogatory Responses in August 2006. Yet Hitachi is still, to this day, producing responsive documents.

Second, I note your letter makes no mention of Hitachi's obligation to respond to Honeywell's Interrogatories. Hitachi's Interrogatory Responses expressly cited Rule 33(d), which requires identification of the specific documents that provide the requested information. Judge Jordan expressly reminded the parties of their obligations under Rule 33(d). Hitachi's failure to comply with this rule, coupled with its deficient response to Interrogatory No. 16, violate its discovery obligations.

Third, the burden of identifying the technical documents for each accused module is not the same for both parties. These are Hitachi's documents that it produced as being purportedly relevant and responsive to Honeywell's document requests regarding specifically-identified modules. Hitachi has always demanded that discovery should focus on those specifically-identified modules. Please reconcile that demand with your representation that "Hitachi does not maintain or organize its technical records according to Module ID." Did Hitachi know at the time that it would not be able to fulfill its consequent discovery obligations?

Fourth, as you acknowledge, Hitachi disclosed applicable Bates ranges only one week before depositions are to begin in Japan. Honeywell will simply not have an adequate opportunity to

Neil P. Sirota
January 19, 2007
Page 2

evaluate them.    Indeed, the very fact that the documents require translation exacerbates the problem.

Fifth, we received a CD this morning that appears to contain 500 pages of sales-related documents.     Again, Hitachi's dilatory tactics in producing such information will hamper Honeywell's ability to prepare for the depositions.    We will not be able to fully evaluate these recently-produced documents by the time depositions begin.

Sixth, your representation that a sales summary will be available early next week is even more troublesome considering that we just received the aforementioned CD of Japanese-language sales-related documents.

Seventh, Hitachi never offered to truly "extend time" for all depositions.    Its proposal was to cut the technical deposition short and move some non-technical testimony over to January 24.    As we previously explained, that trade-off was unacceptable to Honeywell. It was Hitachi that refused to make its witnesses available at any other time before the second week of February.

Overall, we believe that Hitachi's conduct over the past month will speak for itself, and intend to bring that conduct to the Court's attention if further testimony is necessary.

Sincerely,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

Peter N. Surdo

cc:     Matthew L. Woods, Esq.
        Alan R. McKenna, Esq.

# EXHIBIT 6

# BAKER BOTTS LLP

30 ROCKEFELLER PLAZA
NEW YORK, NEW YORK
10112-4498

TEL  +1 212.408.2500
FAX +1 212.408.2501
www.bakerbotts.com

AUSTIN
DALLAS
DUBAI
HONG KONG
HOUSTON
LONDON
MOSCOW
**NEW YORK**
RIYADH
WASHINGTON

January 23, 2007

**VIA E-MAIL**

Peter N. Surdo
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
(612) 349-0982

Neil P. Sirota
TEL  +1 (212) 408-2548
FAX +1 (212) 259-2548
neil.sirota@bakerbotts.com

> Re:    *Honeywell Int'l, Inc. et al. v. Apple Computer, Inc. et al.*
> Civil Action No. 04-1338 (KAJ)

Dear Peter:

I write in response to your letter of January 19.

Hitachi has produced documents relating to all potentially relevant modules as those documents are kept in the ordinary course of its business, and has put the burden of identifying accused modules on Honeywell, where it belongs.  When Honeywell has identified such modules, Hitachi has identified documents responsive to Honeywell's interrogatories by Bates number.  Moreover, Hitachi has supplemented its production and identification of documents, and has provided a sales and profit/loss summary for the accused modules for Honeywell's convenience.  In sum, Hitachi has gone above and beyond what is required of it.  We are at a loss to find a basis for any of Honeywell's complaints.

Your letter appears to be yet another effort to paper the record with baseless, often contradictory, complaints with the goal of obtaining further depositions of Hitachi before Honeywell has even taken any.  We remind you, again, that despite Hitachi's suggestion to move the non-technical depositions to March, Honeywell insisted on proceeding with them in January. It is Honeywell's conduct that will speak for itself should Honeywell continue to pursue further depositions of Hitachi without basis.

Very truly yours,

Neil P. Sirota

NY02:573536.1

EXHIBIT 7

CONFIDENTIAL EXHIBIT

EXHIBIT 8

# BAKER BOTTS LLP

30 ROCKEFELLER PLAZA
NEW YORK, NEW YORK
10112-4498

TEL +1 212.408.2500
FAX +1 212.408.2501
www.bakerbotts.com

AUSTIN
DALLAS
DUBAI
HONG KONG
HOUSTON
LONDON
MOSCOW
**NEW YORK**
RIYADH
WASHINGTON

March 5, 2007

**VIA E-MAIL**

Neil P. Sirota
TEL +1 (212) 408-2548
FAX +1 (212) 259-2548
neil.sirota@bakerbotts.com

Peter N. Surdo
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
(612) 349-0982

Re:     *Honeywell Int'l, Inc. et al. v. Apple Computer, Inc. et al.*
        Civil Action No. 04-1338 (KAJ)

Dear Pete:

I write in response to your lengthy letter of February 12. Each of the issues raised in your letter is addressed herein. At the outset, I must note that while you raise a handful of legitimate follow up issues, the vast majority of your letter amounts to little more than baseless posturing for more deposition time, something Honeywell began doing even before a single question was asked. Given that Hitachi urged Honeywell to reconsider pressing ahead with the agreed-upon three-day schedule, and in particular sought to defer depositions on the non-technical issues until March, it is beyond the pale that Honeywell would now complain that it was not given sufficient time with the witnesses. Moreover, as I noted several times during the depositions, Honeywell wasted a significant amount of deposition time with patently improper lines of questioning. Contrary to Honeywell's contentions regarding the quality of the witnesses, addressed in more detail herein, Hitachi put forth fully-prepared, highly-knowledgeable witnesses in complete compliance with Rule 30(b)(6). No further depositions are warranted. I now turn to the issues raised in your letter.

1.     **Correlation between drawings and module numbers**

Although Honeywell contends that it did not learn until November 2006 that Hitachi planned to produce technical documents relating to modules other than those specifically accused by Honeywell, the record belies the contention. As far back as June 2006 Hitachi made clear to Honeywell that that is exactly what Hitachi would be doing. *See* 06/23/06 letter of R. Maier to A. McKenna. In putting the burden on Honeywell to identify allegedly infringing structures, Hitachi fully complied with Judge Jordan's rulings, e.g., 7/26/06 Hearing Tr., 19:25-20:8, and until now Honeywell has never stated otherwise. Moreover, Hitachi has specifically identified by Bates number the drawings and other relevant technical documents that correlate to the products that Honeywell has alleged are infringing the '371 patent. In several instances, significant efforts on Hitachi's part were required to determine the allegedly infringing module because Honeywell provided only a partial identification of Hitachi's customers' product number. Hitachi has therefore fully met its obligations.

NY02:577632.2

**BAKER BOTTS** LLP

Peter N. Surdo                           - 2 -                        March 5, 2007

We disagree with the implicit allegation in your letter that by producing technical documents relating to non-accused modules Hitachi has in any way intimated that these non-accused modules are now somehow accused or otherwise part of the case. Unless and until Honeywell identifies a module as infringing, it is not an accused module. Your complaint that Hitachi has made an unfair "dump" of irrelevant documents is baseless. Had Hitachi not made such a production of documents, Honeywell would surely have complained that Hitachi's document production was incomplete and did not afford Honeywell an opportunity to identify additional infringing structures.

We are willing to explore with you further the issue of correlating technical documents to particular modules. However, we reject the framework set forth on pages 2-3 of your letter.

### 2.    Documents Requested at January 2007 30(b)(6) Depositions of Hitachi

 We are investigating the other requests and any responsive, relevant, non-privileged documents will be produced in due course.

### 3.    Honeywell's Requests for Admission and Interrogatories

Your attempt to relate the witnesses' testimony to Hitachi's previous answers to Honeywell's discovery requests is misguided. The requests for admission and interrogatories served by Honeywell differ significantly from the questions the witnesses answered. We therefore decline your general request for supplementation in the paragraph bridging pages 3 and 4 of your letter.



### 4.    Date When Hitachi First Learned of the '371 Patent

**BAKER BOTTS** LLP

Peter N. Surdo                              - 3 -                              March 5, 2007

[text redacted]

### 5.    Consideration of Alternative Designs

[text redacted]

### 6.    Deposition Testimony and Witness Preparation

In your letter, you allege that each and every one of the Hitachi witnesses were not adequately prepared to testify on the relevant issues. This complaint is utterly baseless. All of Hitachi's witnesses were as prepared as they could possibly be given the overly broad nature of the topics identified in Honeywell's 30(b)(6) notice. Despite receiving detailed objections to each of these topics two weeks prior to the deposition, Honeywell made no effort to narrow the topics beforehand. The witnesses provided three full days of responsive testimony on the relevant issues. Your complaints about witness preparedness are nothing more than an attempt to manufacture issues where there are none, all to further Honeywell's long-standing goal of teeing up a request for additional deposition time with Hitachi, knowing full well how disruptive such depositions are to Hitachi's business.

In your letter you failed to identify even a single topic for which Hitachi did not produce a well-prepared, knowledgeable individual. [text redacted]

[text redacted]

Hitachi is continuing to investigate whether additional, non-privileged documents relating to Hitachi's early design and uses of the accused structure and will produce such documents if found.

[text redacted]

NY02:577632.2

**BAKER BOTTS** LLP

Peter N. Surdo                          - 4 -                          March 5, 2007

[redacted]

### 7.    Profit and Loss Reports

[redacted]

We do not understand the point you are trying to make in the paragraph bridging pages 6 and 7 of your letter by alleging that Honeywell can not "rely" on certain documents produced by Hitachi. Unless the witness testified that such documents are not accurate or otherwise are not what they purport to be, Honeywell may "rely" on them as appropriate whether or not they were consulted in connection with the preparation of Hitachi's sales summaries. Again, this appears to be yet another instance of Honeywell trying to manufacture a dispute where none exists.

[redacted]

[redacted]

### 6.    Deposition Schedule and Alleged "Inappropriate Restrictions on Time"

Despite the rescheduling that resulted from a visa issue, the Osaka deposition schedule was consistent with the parties' long-standing agreement to have three full days of deposition testimony. The schedule provided Honeywell ample opportunity to question witnesses fully on all of the noticed topics.

Despite Hitachi's suggestion to move the non-technical depositions to March, Honeywell insisted on scheduling depositions for the entirety of its 30(b)(6) notice for three days in January. The schedule proceeded according to Honeywell's preference in this respect. Accordingly, any perceived "inappropriate restrictions on time" are strictly a result of Honeywell's actions.

**BAKER BOTTS** LLP

Peter N. Surdo                               - 5 -                        March 5, 2007

Moreover, Honeywell's decision to waste time questioning witnesses on issues that were clearly privileged, ███████████████████████████████████████ and attempting to establish non-production of documents with witnesses when a letter to counsel plainly would have been more constructive, ████████████████████ is tantamount to an admission that Honeywell understood that it had more than enough time to question the witnesses.

It is clear that Honeywell's complaints on the whole are grounded not in fact, but are based on a desire to obtain additional, unjustified depositions of Hitachi. Hitachi has fully met its discovery obligations in this case and, in fact, has taken additional steps to cooperate with Honeywell. To the extent additional document production or supplementation of interrogatory responses is warranted as noted above, we will provide such discovery shortly.

If you would like to discuss these issues further, please do not hesitate to contact me.

Very truly yours,

Neil P. Sirota

# EXHIBIT 9

# ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Tel: 612-349-8500 Fax: 612-339-4181
www.rkmc.com

ATTORNEYS AT LAW

Peter N. Surdo
612-349-0982

March 20, 2007

**VIA FACSIMILE AND MAIL (212) 408-2501**

Neil P. Sirota
Baker Botts L.L.P.
3o Rockefeller Plaza
New York, NY  10112

Re:    *Honeywell International, Inc. et al. v. Apple Computer, Inc., et al.*
Our File No.: 019896.0229

Dear Mr. Sirota:

I write in response to your most recent letter regarding Honeywell's need for additional deposition testimony and other related matters.  The fact that I address only some issues herein is not a waiver of our rights to pursue those issues; but rather an attempt to narrow the topics on which we request a meet-and-confer.

**Additional Potentially-Infringing Modules:** Your representation that Hitachi's non-accused modules are not part of this case unless and until Honeywell accuses them avoids the fundamental issue of why Hitachi has produced thousands of documents ostensibly regarding modules which it claims are not part of the case. Apparently, Hitachi seeks to place Honeywell between the proverbial rock and a hard place.  Hitachi's production, purportedly on "all" modules, does not disclose what those modules are, or what components are associated with a particular module; ▮▮▮▮▮▮▮▮▮▮  It is impossible to determine whether a module infringes the '371 patent until Hitachi identifies which components are associated with particular modules. Otherwise, Honeywell does not have the chance to accuse Hitachi's additional modules.[1]  If Hitachi wishes to truly give Honeywell the chance to accuse all of its products that infringe, it must provide the information that will allow Honeywell to do so. Either we proceed against the accused modules only (with no preclusive effect on our ability to pursue Hitachi's other modules in further litigation), or we need to be able to accuse the modules—depicted in part but not identified—in Hitachi's production. You also stated that you are willing to explore the issue with us further, but reject our framework—yet you provided no alternatives. We therefore must meet-and-confer on this issue, as it requires resolution.

---

[1] Recall that at the July 21, 2006, hearing, Judge Jordan stated:  "I reject the assertion that this raises res judicata problems for you on claim splitting.  If you sue them on a specific thing and in the course of discovery, they don't tell you about a different product, nobody I think in their right mind is going to say, well, you gave up a claim against that accused product because you never had the chance to accuse it."

Neil P. Sirota
March 20, 2007
Page 2

**Your Persistent References to Production in Due Course:** Instead of stating "in due course" as you do throughout the letter, Honeywell demands that you provide dates by which you will produce documents and information responsive to our requests. As you know, Judge Thynge is currently evaluating the amount of additional time to be added to the discovery schedule; the speed with which Hitachi provides this information is directly relevant to this issue.

**Contention Interrogatories:** Honeywell agrees that contention interrogatories can be one method for obtaining discovery, but they are only effective to the extent that Hitachi answers them. Hitachi has not done so with respect to Interrogatory No. 5 regarding Hitachi's noninfringement contention. Judge Jordan ordered that contention interrogatories be answered early and that Hitachi's supplementation to contention interrogatories take place in September 2006. *See* July 21, 2006 Hearing Transcript ("I encourage parties to file contention interrogatories early and I require answers early."); September 27, 2006 Discovery Order. Hitachi's failure to answer Interrogatory No. 5 forced Honeywell to ask about it at a deposition—which it was entirely within its rights to do, with or without an interrogatory answer. ███████████████████████ please tell us when Hitachi will supplement its responses to Honeywell's contention interrogatories, especially Interrogatory No. 5. Such supplementation is now 5 months overdue, and Hitachi's positioning whipsaws Honeywell between Hitachi's refusal to provide deposition testimony and refusal to respond to contention interrogatories. We need to meet-and-confer regarding Hitachi's noninfringement contention.

**Document Production and Sales:** 

**Deposition Schedule:** Despite your letter's characterizations, the fact remains that Hitachi refused every other alternative to the deposition dates that Honeywell originally proposed, and that at the time, a deadline was in place to submit expert reports at the end of February. Honeywell had to go forward when it did—which in no way precludes its right to additional deposition time. In addition, the Scheduling Order specifically grants Honeywell at least 50 hours of party-specific testimony from Hitachi. By my calculation, we have taken less

Neil P. Sirota
March 20, 2007
Page 3

than half that amount.  We demand a meet-and-confer on this issue as well if Hitachi continues
to refuse to make its witnesses available for complete testimony.

Given the above issues, we request an immediate meet-and-confer.  Please let us know
your availability this week.

Sincerely,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

Peter N. Surdo

cc:     Matthew L. Woods, Esq.
        Alan R. McKenna, Esq.

EXHIBIT 10

# BAKER BOTTS LLP

30 ROCKEFELLER PLAZA
NEW YORK, NEW YORK
10112-4498
212.408.2500
FAX 212.408.2501

AUSTIN
BAKU
DALLAS
DUBAI
HONG KONG
HOUSTON
LONDON
MOSCOW
**NEW YORK**
RIYADH
WASHINGTON

March 23, 2007

Robert L. Maier
212.408.2538
FAX 212.259.2538
robert.maier@bakerbotts.com

**VIA E-MAIL**

Peter N. Surdo, Esq.
Robins, Kaplan, Miller & Ciresi LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015

Re:    *Honeywell Int'l, Inc. et al. v. Apple Computer, Inc. et al.*
       Civil Action No. 04-1338 (KAJ)

Dear Peter:

This is in response to your March 20, 2007 letter to Neil Sirota regarding various discovery issues.

1. Additional Potentially-Infringing Modules

As we have stated previously on several occasions, Hitachi agreed to produce documents relating to a broad set of potentially-relevant modules only after Honeywell's repeated demands for those documents. Per Judge Jordan's mandate, it was not Hitachi's obligation to determine which modules should and should not be accused by Honeywell, and Honeywell's vague definition of "Accused Modules" provided little assistance. However, in a good-faith effort to provide Honeywell with the discovery it sought, and after Honeywell threatened to seek court intervention on this issue, Hitachi agreed to produce the documents.

Accordingly, as Honeywell memorialized in a letter of June 22, 2006 from Alan McKenna:

Based on our discussions, I understand that while Hitachi does not intend to waive its objections, and while Hitachi is not willing to provide samples of its modules to Honeywell at this time, Hitachi has nevertheless agreed to produce to Honeywell the requested documents (including technical documents) relating to the full universe of Hitachi's modules, including all of Hitachi's 1 and 2 prism sheet modules. [1]

While Honeywell must likewise reserve its rights *vis a vis* its discovery requests (and specifically its right to seek module samples), we do appreciate Hitachi's cooperation in this regard, and look forward to receiving Hitachi's documents.

---

[1] We note that a responsive letter was sent on June 23, 2006.

NY02:579840.1

**BAKER BOTTS** LLP

Peter N. Surdo, Esq.                              2                              March 23, 2007

Although it was our understanding that other defendants were producing only documents relevant to modules specifically accused by Honeywell (by part number, for example), after several discussions we ultimately agreed to produce documents relating to all modules. Honeywell then agreed unequivocally with that approach. However, you now attempt to pick a bone and raise discovery issues when Hitachi has proceeded precisely as Honeywell requested (and after Hitachi initially refused to provide such an overbroad production). We find it difficult to understand how Honeywell could complain about receiving the very document collection it fought for so adamantly less than a year ago.

Additionally, despite your assertions, *res judicata* applies as to all of Honeywell's claims relating to all modules for which Hitachi has produced documents in this case.

However, in a good-faith attempt to compromise, Hitachi will do its best to resolve these issues to provide Honeywell with the additional information it now seeks. To the extent that Honeywell is having a difficult time correlating module drawings with module part numbers, if Honeywell can identify by Bates number a reasonable number of module drawings for which it seeks corresponding module part numbers, Hitachi will attempt to perform electronic searches of its technical drawings database to relate those module drawings back to module part numbers. Assuming that task is not overly burdensome for Hitachi personnel, we will make our best efforts to provide the information Honeywell seeks. We note, however, that should Hitachi perform this task, it again would be going above and beyond its discovery obligations in this case in an attempt to cooperate to resolve discovery issues, and Hitachi will reserve its rights to dispute this issue now and in the future.

2. Production of Documents

The vast majority of Hitachi's document production was completed long ago. To the extent we have identified a hard drive containing relevant information, we have consulted with Honeywell regarding Boolean searches of that hard drive. Hitachi's outside vendor in Japan now has that hard drive and will be proceeding with the Boolean searches for relevant information. As we have previously discussed, we will keep you apprised of our progress. Because we must rely on an outside vendor to perform these searches, we are unable to commit to a date certain for completion at this time. However, we assure you that the process is moving forward expeditiously.

Your letter was not specific in the material for which you seek a date certain for completion of production. Accordingly, to the extent your complaint relates to the production of some other materials, please confirm in writing what materials you are expecting so that we can respond in more detail. We note that we expect to produce certain documents ███████

**BAKER BOTTS** LLP

Peter N. Surdo, Esq.                               3                               March 23, 2007

### 3. Contention Interrogatories

Hitachi will be providing a supplemented, substantive response to Honeywell's Interrogatory No. 5 (regarding non-infringement issues) and other supplemented responses to interrogatories as appropriate ███████████████████████████ no later than April 6.

### 4. Document Production and Sales



### 5. Deposition Schedule

We maintain our position that Hitachi offered other alternative deposition schedules to Honeywell prior to the 30(b)(6) depositions that took place in Osaka during the week of January 22. For example, we offered to make a witness available for three full days that week to testify on technical issues, and to make other witnesses available at a later date (*e.g.*, in March) to testify regarding other topics in Honeywell's notice. Honeywell refused, and demanded that witnesses be provided to testify to all topics during the three day period – which is exactly what happened.

Nonetheless, it would be helpful for us to know what other information Honeywell seeks to obtain through further depositions. Certainly we cannot agree to further deposition

**BAKER BOTTS** LLP

Peter N. Surdo, Esq.                          4                          March 23, 2007

regarding the topics already covered. Additionally, in your letter you mention that Honeywell has been allotted 50 hours of party-specific deposition time in this case. However, Hitachi will not consent to further depositions merely for the reason that Honeywell has additional hours to burn.

　　　We look forward to your response regarding the above issues. We are generally available for a teleconference any day next week. Please contact Neil Sirota to arrange a convenient time.

　　　　　　　　　　　　　　Very truly yours,

　　　　　　　　　　　　　　Robert L. Maier

cc: Neil P. Sirota, Esq.

EXHIBIT 11

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

2800 LASALLE PLAZA
800 LASALLE AVENUE
MINNEAPOLIS, MN 55402-2015
TEL: 612-349-8500 FAX: 612-339-4181
www.rkmc.com

ATTORNEYS AT LAW

PETER N. SURDO
Admitted in Minnesota
612-349-0982

March 29, 2007

**VIA E-MAIL**
**neil.sirota@bakerbotts.com**

Neil P. Sirota
Baker Botts L.L.P.
30 Rockefeller Plaza
New York, NY 10112

      Re:    *Honeywell International, Inc., et al. v. Apple Computer, et al.*
              Our File No.: 019896-0229

Dear Mr. Sirota:

Thank you for taking the time to meet-and-confer with me and Matt Woods earlier today regarding the ongoing discovery issues in this case.

The issue relating to additional potentially-infringing modules was not resolved, but we did agree to provide you with a sample of the documents to which we were referring. I will attach a list in electronic format to an e-mail message later today. We also renew our request that Hitachi provide a few pages for each of their modules as it did for the accused modules before Mr. Tsukizaki's deposition.

As for the issue of additional deposition time, I will send you a letter on Monday identifying the topics and areas for which we feel we were not fully able to develop the record. You agreed to consider those topics and inform us by the end of next week if you will make Hitachi's 30(b)(6) witnesses available for additional deposition time. As I noted on the call, we now regard our meet-and-confer obligation as complete, and pending your response next week, consider this issue ripe for judicial intervention.

Finally, I can confirm that we reserved the following dates for depositions in Japan: the week of May 14 in Fukuoka; the week of June 25 in Osaka; and the week of July 2 in Tokyo. Because the latter two reservations take place so near the close of discovery—and after the currently-contemplated dates for an exchange of expert reports—we consider the week of May 14 the only viable option. We are also trying to coordinate the trip with other defendants, so we will need to

ATLANTA     BOSTON     LOS ANGELES     | MINNEAPOLIS |     NAPLES     SAINT PAUL     WASHINGTON, D.C.
MP3 20219259.1

Neil P. Sirota
March 29, 2007
Page 2

arrange deposition time with that in mind. The other dates might become more usable depending on Judge Thynge's pending decision about the Scheduling Order, so we thought it best to let you know about those later dates, as well.

Sincerely,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

Peter N. Surdo

PNS/rr

cc:    Matthew L. Woods, Esq.
       Alan R. McKenna, Esq.

MP3 20219259.1

EXHIBIT 12

CONFIDENTIAL EXHIBIT

# EXHIBIT 13

CONFIDENTIAL EXHIBIT

# EXHIBIT 14

# BAKER BOTTS LLP

30 ROCKEFELLER PLAZA      AUSTIN
NEW YORK, NEW YORK        DALLAS
10112-4498                DUBAI
                          HONG KONG
TEL  +1 212.408.2500      HOUSTON
FAX +1 212.408.2501       LONDON
www.bakerbotts.com        MOSCOW
                          **NEW YORK**
                          RIYADH
                          WASHINGTON

April 12, 2007

<u>**VIA E-MAIL**</u>

Peter N. Surdo
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
(612) 349-0982

Neil P. Sirota
TEL  +1 (212) 408-2548
FAX +1 (212) 259-2548
neil.sirota@bakerbotts.com

Re:    *Honeywell Int'l, Inc. et al. v. Apple Computer, Inc. et al.*
       Civil Action No. 04-1338 (***)

Dear Pete:

I write as a follow up to our March 29 discussion on the scope of accused modules and your subsequent emails providing sample listings of documents for which Honeywell is seeking an identification of corresponding modules. While Hitachi remains open to pursuing this potential avenue of resolving our dispute over the scope of accused modules, we can see practical difficulties arising from Honeywell's representation that there may be tens of thousands of such documents that Honeywell will seek to have correlated. Hitachi would therefore like to raise another potential solution.

During our March 29 discussion, Matt Woods proposed that Honeywell would identify for Hitachi module numbers found in Hitachi's production, and then Hitachi would provide a set of documents (or Bates numbers) for each identified module of the type that were provided for each of the accused modules prior to Mr. Tsukizaki's deposition. *See* HIT 0446114-229. Hitachi may be willing to proceed in this manner, but with the restriction that documents (or Bates numbers) would be provided only for modules identified by Honeywell that have been sold in or imported into the U.S. directly by Hitachi. In addition, if Honeywell has an evidentiary basis to support an allegation that any third parties have sold or imported such modules into the U.S., Hitachi would identify or provide documents for those modules, as well.

Please note that Hitachi's production or identification of documents pursuant to such an agreement would not constitute an admission by Hitachi that modules identified by Honeywell are infringing or within Honeywell's definition of an Accused Product or that an inducement claim could properly be made based on alleged U.S. sales or importation by third parties.

Please let me know whether Honeywell is interested in discussing this potential resolution to our dispute further.

Very truly yours,

Neil P. Sirota

NY02:581568.1

EXHIBIT 15

# ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
TEL: 612-349-8500  FAX: 612-339-4181
www.rkmc.com

ATTORNEYS AT LAW

PETER N. SURDO
612-349-0982

April 13, 2007

## VIA FACSIMILE AND MAIL (212) 408-2501

Robert L. Maier
Baker Botts L.L.P.
3o Rockefeller Plaza
New York, NY 10112

     Re: *Honeywell International, Inc. et al. v. Apple Computer, Inc., et al.*
         Our File No.: 019896.0229

Dear Mr. Maier:

     Thank you for your call confirming that Hitachi will make its 30(b)(6) designee(s) available in Osaka the week of May 28, 2007. We will begin processing the necessary paperwork, so please be on the lookout for correspondence from us regarding the logistics. As I noted, you will be responsible for your own travel arrangements, including the necessary visas. We will take care of the arrangements with the Consulate.

     Further recapping our discussion, we appreciate Hitachi's engagement on this deposition notice, but it does raise issues with our ongoing dispute regarding follow-up testimony from the last round of Hitachi depositions. We will be in touch on that issue.

     Finally, we are evaluating Neil Sirota's proposal from yesterday regarding Hitachi's modules, and will contact you soon to discuss our thoughts.

     Sincerely,

     ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

     Peter N. Surdo

cc:   Neil P. Sirota, Esq.
      Matthew L. Woods, Esq.

MP3 20221128.1

ATLANTA · BOSTON · LOS ANGELES · MINNEAPOLIS · NAPLES · SAINT PAUL · WASHINGTON, D.C.

EXHIBIT 16

# ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

2800 LASALLE PLAZA
800 LASALLE AVENUE
MINNEAPOLIS, MN 55402-2015
TEL: 612-349-8500 FAX: 612-339-4181
wwww.rkmc.com

ATTORNEYS AT LAW

PETER N. SURDO
612-349-0982

April 17, 2007

**VIA FACSIMILE AND MAIL (212) 408-2501**

Neil P. Sirota
Baker Botts L.L.P.
3o Rockefeller Plaza
New York, NY 10112

Re:   *Honeywell International, Inc. et al. v. Apple Computer, Inc., et al.*
       Our File No.: 019896.0229

Dear Mr. Sirota:

Thank you for taking the time to engage in a meet-and-confer session with Alan and me this morning. Given your travel, we appreciate your availability.

Regarding the issue of more time with Hitachi's witnesses, we agreed that the meet-and-confer process was complete. As we noted, we plan on being in Japan for additional deposition testimony, and would have liked to come to agreement on additional time.

We continue to believe that Hitachi is obligated to provide discovery for modules sold worldwide, or at least as to those sales that make it into the United States via end-product manufacturers (indirect sales). Given our ongoing res judicata concerns, we need to divide Hitachi's modules into two clearly-defined groups: those modules for which it will provide discovery, and those modules for which Hitachi will not provide discovery. The former will become part of this case; the latter will not be subject to res judicata. Honeywell reserves its right to seek the Court's assistance in this regard.

Nevertheless, we agreed that Hitachi would, at the very least, provide technical documentation for modules sold directly into the United States. Rather than have us compile a list of all module numbers, you thought that it would be workable to provide us with technical documentation for all modules that Hitachi sold directly into the United States. You will confirm that that is the case by Friday.

As for the deposition schedule, we noted that since we plan to engage in motion practice, the week of May 28 may not work for Hitachi's laches deposition. The final schedule will depend on how soon we can reach resolution on the issues above. We queried whether Hitachi was amenable to the weeks of June 25 in Osaka or July 2 in Tokyo, and you agreed to get back to us.

Neil P. Sirota
April 17, 2007
Page 2

Thank you again for your time, and we look forward to hearing from you.

Sincerely,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

Peter N. Surdo

cc:    Matthew L. Woods, Esq.
       Alan R. McKenna, Esq.