MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

302 658 9200
302 658 3989 FAX

THOMAS C. GRIMM
302.351.9595
302 425 4661 FAX
tgrimm@mnat.com

ORIGINAL VERSION FILED: MAY 30, 2007
REDACTED VERSION FILED: JUNE 6, 2007

PUBLIC VERSION

**BY E FILING**

The Honorable Mary Pat Thynge
United States Magistrate Judge
United States District Court
  for the District of Delaware
844 King Street
Wilmington, DE 19801

> Re:    *Honeywell, et al. v. Apple Computer, et al.*
>         C.A. No. 04-1338-\*\*\* (Consolidated)

Dear Magistrate Judge Thynge:

We write on behalf of Plaintiffs ("Honeywell"), respectfully requesting that the Court: (i) compel Defendants Wintek Corporation and Wintek Electro-Optics Corporation ("Wintek") to produce all sales information relating to modules with purported rotation of 0°, 90°, and > 30°; and (ii) compel Wintek to produce witness(es) for certain 30(b)(6) topics for continued deposition because Honeywell was unable to complete the deposition in January in Taipei. Furthermore, due to Wintek's failure to adequately prepare for the 30(b)(6) deposition, Honeywell respectfully requests that the Court order Wintek to produce these witnesses in the United States or bear the financial burden for the continuation of the deposition in Taiwan.

**I.    Wintek Should Produce Sales Information For All Accused Modules, Including Those It Claims Use 0°, 90°, Or > 30° of Rotation**

As Your Honor is aware, to move this matter in a more efficient manner, Judge Jordan circumscribed discovery by requiring Honeywell to identify specifically accused modules and to seek discovery related to those accused products. The defendants, including Wintek, are then obligated to meet their discovery burdens and produce **all** materials relating to the modules accused by Honeywell. Unfortunately, Wintek refused to produce sales information for modules accused of infringement, based solely on its unilateral view that those modules fall outside the

The Honorable Mary Pat Thynge
May 30, 2007
Page 2

scope of the '371 patent. However, claim construction – including the range of equivalents – is for a later day, and there is no basis for avoiding legitimate discovery in the interim.

### A.    Modules with rotation of 0° or 90°

Wintek cannot in good faith withhold discovery under the claim that modules have no BEF film rotation.

**Ex. 1** (Huang Depo. Vol. II, 114-115; 143:3-144:3.).

In fact, Honeywell has accused one such module of infringing the '371 patent because of its approximate 1° of rotation.

### B.    Modules with rotation of Greater Than 30°

Wintek likewise refuses to produce discovery for modules with greater than 30° of rotation. Wintek's only reason for refusing to provide discovery is that a module with more than 30° of rotation cannot be "slight" rotation. Wintek apparently construes "slight" not to include these modules, but when Honeywell asked Wintek to supplement its response to Honeywell's request for admission, Wintek refused on the grounds that to do so would be tantamount to requiring "construction of the claim terms." **Ex. 2** (E. Niemeyer March 4, 2007 Letter to A. McKenna). Yet, barely one month later, in response to another Honeywell request for supplemented admissions, Wintek engaged in its own extra-judicial claim construction by declaring that modules with greater than 30° of rotation were outside of Honeywell's patent specification. **Ex. 3** (E. Niemeyer April 19, 2007 Letter to A. McKenna). On the one hand, Wintek does not understand the claim terms sufficiently to answer Honeywell's Requests for Admission, but on the other hand it understands the terms well enough to support its refusal to produce sales information for accused modules.

Wintek cannot be allowed to thwart the discovery process in this way. Because all of these modules fall within the parameters of the accused modules and are relevant to Honeywell's claims, Wintek should be compelled to produce full discovery on these modules.

### II.    Wintek Must Be Compelled to Produce Certain 30(b)(6) Witnesses for Continued Depositions

Wintek's efforts to dodge discovery obligations have also permeated the deposition process. Despite the fact that: (i) its 30(b)(6) witnesses were unprepared; (ii) it failed to produce documents requested months in advance until the deposition commenced (and delivered a volume of licensing documents to counsel's hotel room *after* the deposition of its

The Honorable Mary Pat Thynge
May 30, 2007
Page 3

licensing designee); and (iii) Honeywell reserved its rights to continue these depositions, Wintek has arbitrarily refused to produce these witnesses for the necessary continued depositions.

In January 2007, Honeywell traveled to Taipei prepared to depose 30(b)(6) witnesses on properly noticed topics including technical aspects of Wintek's modules and sales information. However, Wintek's decision to produce unprepared witnesses as well as to engage in "document dumps" during and after testimony thwarted Honeywell's ability to complete the depositions.

Wintek designated Dr. Huang as its 30(b)(6) designee on technical aspects of the modules. Honeywell assumed that Wintek's designee would have a working knowledge as to how and why Wintek designates its modules with a numbering system. ███████████████ ███████████████████████████████████ **Ex. 4** (Huang Depo., Vol. I, 68:2-69:3; 73:24-74:21; 77:16-78:9; 79:1-10). During the deposition, counsel for Honeywell questioned Dr. Huang regarding Wintek's decision to begin rotating BEF films, a topic upon which the technical designee should at least have some working knowledge. ██████████████████ Yet, Dr. Huang had not even **attempted** to contact these managers prior to the deposition, let alone actually inform himself as to a key topic in this matter.



---

[1]    Dr. Huang was unfamiliar with the unique numbering system used by Wintek on its technical drawings, and was unable to tell Honeywell whether a particular component drawing related to a particular accused module.

The Honorable Mary Pat Thynge
May 30, 2007
Page 4



**Ex. 4** (Huang Depo., Vol. I, at 90:15-91:1, 102:8-23) (emphasis added).[3]

 Unfortunately, Ms. Susie Lee, Wintek's 30(b)(6) designee on sales information, was Dr. Huang's equal in inadequate deposition preparation. Honeywell attempted to question Ms. Lee regarding license agreements, a properly noticed topic. When asked what she had done to locate such license agreements for the deposition, Ms. Lee testified:



---

[3]  The above was not an isolated incident with Dr. Huang. At the conclusion of his Friday afternoon session, Dr. Huang was asked to make an inquiry into who had made design change decisions.   (*See* **Ex. 1** (Huang Depo., Vol. 2, at 164:8-17)).

The Honorable Mary Pat Thynge
May 30, 2007
Page 5



**Ex. 5** (Lee Depo., Vol. I, 71:15-72:4).

  Honeywell believes Wintek's failure to adequately prepare its corporate designees is clear evidence of Wintek's consistent flaunting of its discovery obligations.[5]  Honeywell respectfully requests that it be allowed to continue the depositions of Wintek's witnesses, and, furthermore, Honeywell requests that the Court order Wintek to bring these witnesses to the United States or pay Honeywell's costs if the depositions are to be continued in Taipei.

       Respectfully,

       */s/ Thomas C. Grimm*

       Thomas C. Grimm (#1098)

TCG/dam
Attachments
cc: Dr. Peter T. Dalleo, Clerk (by hand – w/attachments)
   See attached Certificate of Service
843495

---

[4] At the end of the deposition day, counsel for Wintek attempted to rectify Ms. Lee's failure to look for the depositions, but did not address her failure to familiarize herself with them as Wintek's 30(b)(6) designee. *See* **Ex. 5** (Lee Depo., Vol. I, at 118).

[5] These discovery issues have been addressed in repeated correspondence between counsel. *See, e.g.,* **Ex. 6** (A. McKenna May 14, 2007 Letter to E. Niemeyer).

## CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2007, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send notification of such filing to the following: John R. Alison, Parker H. Bagley, Robert J. Benson, Robert Karl Beste, III, Elizabeth L. Brann, Christopher E. Chalsen, Hua Chen, Arthur G. Connolly, III, Frederick L. Cottrell, III, Francis DiGiovanni, Thomas M. Dunham, Kevin C. Ecker, Amy Elizabeth Evans, York M. Faulkner, Maria Granovsky, Christopher J. Gaspar, Alexander E. Gasser, Alan M. Grimaldi, Thomas C. Grimm, Thomas Lee Halkowski, Angie Hankins, Richard L. Horwitz, Dan C. Hu, John T. Johnson, Robert J. Katzenstein, Nelson M. Kee, Richard D. Kelly, Matthew W. King, Stephen S. Korniczky, Gary William Lipkin, Hamilton Loeb, Robert L. Maier, David J. Margules, David Ellis Moore, Carolyn E. Morris, Arthur I. Neustadt, Elizabeth A. Niemeyer, Andrew M. Ollis, Karen L. Pascale, Adam Wyatt Poff, Leslie A. Polizoti, John F. Presper, Alana A. Prills, Steven J. Rizzi, Lawrence Rosenthal, Avelyn M. Ross, Philip A. Rovner, Diana M. Sangelli, Robert C. Scheinfeld, Carl E. Schlier, Chad Michael Shandler, John W. Shaw, Matthew W. Siegal, Neil P. Sirota, Monte Terrell Squire, William J. Wade, Roderick B. Williams, Edward R. Yoches.

I also certify that on May 30, 2007, I caused to be served true and correct copies

of the foregoing on the following as indicated below:

**BY E-MAIL:**

John W. Shaw
Monte T. Squire
YOUNG CONAWAY STARGATT
  & TAYLOR LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899-0391
jshaw@ycst.com

*Attorneys for Sony Corporation*

Karen L. Pascale
YOUNG CONAWAY STARGATT
  & TAYLOR, LLP
The Brandywine Building, 17th floor
1000 West Street
Wilmington, DE  19801
kpascale@ycst.com

*Attorneys for Optrex America, Inc.*


Philip A. Rovner
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE  19899
provner@potteranderson.com

*Attorneys for Fuji Photo Film Co., Ltd.
and Fuji Photo Film U.S.A., Inc.*

David J. Margules
John M. Seaman
BOUCHARD MARGULES
  & FRIEDLANDER, P.A.
222 Delaware Ave., Suite 1400
Wilmington DE 19801
dmargules@BMF-law.com

*Attorneys for Citizen Watch Co., Ltd.
and Citizen Displays Co., Ltd.*


Gary W. Lipkin
DUANE MORRIS LLP
1100 North Market Street, 12th Floor
Wilmington, DE  19801-1246
GWLipkin@duanemorris.com

*Attorneys for InnoLux Display Corporation*

Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE  19899
rhorwitz@potteranderson.com

*Attorneys for Hitachi Displays, Ltd., Wintek
Corp., Wintek Electro-Optics Corporation,
Samsung SDI America, Inc.  and Samsung
SDI Co., Ltd.*

Robert C. Scheinfeld
Neil P. Sirota
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, NY 10112
robert.scheinfeld@bakerbotts.com
neil.sirota@bakerbotts.com

*Attorneys for Hitachi Displays, Ltd.*


Elizabeth A. Niemeyer
FINNEGAN, HENDERSON,
   FARABOW, GARRETT
   & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, DC 20001
elizabeth.niemeyer@finnegan.com

York M. Faulkner
FINNEGAN, HENDERSON,
   FARABOW, GARRETT
   & DUNNER, L.L.P.
11955 Freedom Drive
Reston, VA 20190
york.faulkner@finnegan.com

*Attorneys for Wintek Corp. and Wintek
Electro-Optics Corporation*


John Flock
KENYON & KENYON
One Broadway
New York, NY 10004-1050
jflock@kenyon.com

*Attorneys for Sony Corporation*


Andrew M. Ollis
OBLON, SPIVAK, McCLELLAND,
   MAIER & NEUSTADT, P.C.
1940 Duke Street
Alexandria, VA 22314
aollis@oblon.com

*Attorneys for Optrex America, Inc.*


Stephen S. Korniczky
Elizabeth L. Brann
PAUL, HASTINGS, JANOFSKY
   & WALKER LLP
3579 Valley Centre Drive
San Diego, CA 92130
stephenkorniczky@paulhastings.com
elizabethbrann@paulhastings.com


Hamilton Loeb
PAUL, HASTINGS, JANOFSKY
   & WALKER LLP
875 15th Street, N.W.
Washington, DC 20005
hamiltonloeb@paulhastings.com

*Attorneys for Samsung SDI Co., Ltd.
and Samsung SDI America, Inc.*


Stuart Lubitz
HOGAN & HARTSON LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
slubitz@hhlaw.com

*Attorneys for Citizen Watch Co., Ltd.
and Citizen Displays Co., Ltd.*

Lawrence Rosenthal
Matthew W. Siegal
STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY  10038-4982
lrosenthal@stroock.com
msiegal@stroock.com

*Attorneys for Fuji Photo Film Co., Ltd.*
*and Fuji Photo Film U.S.A., Inc.*

Donald R. McPhail
DUANE MORRIS LLP
1667 K Street, N.W., Suite 700
Washington, DC  20006
drmcphail@duanemorris.com

*Attorneys for InnoLux Display Corporation*

**BY FEDERAL EXPRESS**

Mr. Seong Yoon Jeong
Assistant Manager
Technology Planning Group
BOE HYDIS TECHNOLOGY CO., LTD.
San 136-1, Ami-ri, Bubal-eub
Ichon-si, Gyeonggi-do 467-701
Republic of Korea

/s/ *Thomas C. Grimm*

Thomas C. Grimm (#1098)
tgrimm@mnat.com

- 4 -

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 6, 2007, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send notification of such filing to the following: John R. Alison, Parker H. Bagley, Robert J. Benson, Robert Karl Beste, III, Elizabeth L. Brann, Christopher E. Chalsen, Hua Chen, Arthur G. Connolly, III, Frederick L. Cottrell, III, Francis DiGiovanni, Thomas M. Dunham, Kevin C. Ecker, Amy Elizabeth Evans, York M. Faulkner, Maria Granovsky, Christopher J. Gaspar, Alexander E. Gasser, Alan M. Grimaldi, Thomas C. Grimm, Thomas Lee Halkowski, Angie Hankins, Richard L. Horwitz, Dan C. Hu, John T. Johnson, Robert J. Katzenstein, Nelson M. Kee, Richard D. Kelly, Matthew W. King, Stephen S. Korniczky, Gary William Lipkin, Hamilton Loeb, Robert L. Maier, David J. Margules, David Ellis Moore, Carolyn E. Morris, Arthur I. Neustadt, Elizabeth A. Niemeyer, Andrew M. Ollis, Karen L. Pascale, Adam Wyatt Poff, Leslie A. Polizoti, John F. Presper, Alana A. Prills, Steven J. Rizzi, Lawrence Rosenthal, Avelyn M. Ross, Philip A. Rovner, Diana M. Sangelli, Robert C. Scheinfeld, Carl E. Schlier, Chad Michael Shandler, John W. Shaw, Matthew W. Siegal, Neil P. Sirota, Monte Terrell Squire, William J. Wade, Roderick B. Williams, Edward R. Yoches.

I also certify that on June 6, 2007, I caused to be served true and correct copies of the foregoing on the following as indicated below:

**BY E-MAIL:**

John W. Shaw
Monte T. Squire
YOUNG CONAWAY STARGATT
  & TAYLOR LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
jshaw@ycst.com

*Attorneys for Sony Corporation*

Karen L. Pascale
YOUNG CONAWAY STARGATT
  & TAYLOR, LLP
The Brandywine Building, 17th floor
1000 West Street
Wilmington, DE 19801
kpascale@ycst.com

*Attorneys for Optrex America, Inc.*

Philip A. Rovner
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899
provner@potteranderson.com

*Attorneys for Fuji Photo Film Co., Ltd.*
*and Fuji Photo Film U.S.A., Inc.*

David J. Margules
John M. Seaman
BOUCHARD MARGULES
  & FRIEDLANDER, P.A.
222 Delaware Ave., Suite 1400
Wilmington DE 19801
dmargules@BMF-law.com

*Attorneys for Citizen Watch Co., Ltd.*
*and Citizen Displays Co., Ltd.*

Gary W. Lipkin
DUANE MORRIS LLP
1100 North Market Street, 12th Floor
Wilmington, DE 19801-1246
GWLipkin@duanemorris.com

*Attorneys for InnoLux Display Corporation*

Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899
rhorwitz@potteranderson.com

*Attorneys for Hitachi Displays, Ltd., Wintek*
*Corp., Wintek Electro-Optics Corporation,*
*Samsung SDI America, Inc. and Samsung*
*SDI Co., Ltd.*

Robert C. Scheinfeld
Neil P. Sirota
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, NY 10112
robert.scheinfeld@bakerbotts.com
neil.sirota@bakerbotts.com

*Attorneys for Hitachi Displays, Ltd.*

Elizabeth A. Niemeyer
FINNEGAN, HENDERSON,
  FARABOW, GARRETT
  & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, DC 20001
elizabeth.niemeyer@finnegan.com

York M. Faulkner
FINNEGAN, HENDERSON,
  FARABOW, GARRETT
  & DUNNER, L.L.P.
11955 Freedom Drive
Reston, VA 20190
york.faulkner@finnegan.com

*Attorneys for Wintek Corp. and Wintek
Electro-Optics Corporation*

John Flock
KENYON & KENYON
One Broadway
New York, NY 10004-1050
jflock@kenyon.com

*Attorneys for Sony Corporation*

Andrew M. Ollis
OBLON, SPIVAK, McCLELLAND,
  MAIER & NEUSTADT, P.C.
1940 Duke Street
Alexandria, VA 22314
aollis@oblon.com

*Attorneys for Optrex America, Inc.*

Stephen S. Korniczky
Elizabeth L. Brann
PAUL, HASTINGS, JANOFSKY
  & WALKER LLP
3579 Valley Centre Drive
San Diego, CA 92130
stephenkorniczky@paulhastings.com
elizabethbrann@paulhastings.com

Hamilton Loeb
PAUL, HASTINGS, JANOFSKY
  & WALKER LLP
875 15th Street, N.W.
Washington, DC 20005
hamiltonloeb@paulhastings.com

*Attorneys for Samsung SDI Co., Ltd.
and Samsung SDI America, Inc.*

Stuart Lubitz
HOGAN & HARTSON LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
slubitz@hhlaw.com

*Attorneys for Citizen Watch Co., Ltd.
and Citizen Displays Co., Ltd.*

Lawrence Rosenthal
Matthew W. Siegal
STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY  10038-4982
lrosenthal@stroock.com
msiegal@stroock.com

*Attorneys for Fuji Photo Film Co., Ltd.
and Fuji Photo Film U.S.A., Inc.*

Donald R. McPhail
DUANE MORRIS LLP
1667 K Street, N.W., Suite 700
Washington, DC  20006
drmcphail@duanemorris.com

*Attorneys for InnoLux Display Corporation*


**BY FEDERAL EXPRESS**

Mr. Seong Yoon Jeong
Assistant Manager
Technology Planning Group
BOE HYDIS TECHNOLOGY CO., LTD.
San 136-1, Ami-ri, Bubal-eub
Ichon-si, Gyeonggi-do 467-701
Republic of Korea


                                        */s/ Thomas C. Grimm*
                                        _____
                                        Thomas C. Grimm (#1098)
                                        tgrimm@mnat.com

734570

4