# EXHIBIT 1

# CONFIDENTIAL EXHIBIT

# EXHIBIT 2

03/04/2007 12:54    2024084400                FINNEGAN HENDERSON                        PAGE  02



**FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP**

901 New York Avenue, NW ▪ Washington, DC 20001-4413 ▪ 202.408.4000 ▪ Fax 202.408.4400
www.finnegan.com

ELIZABETH A. NIEMEYER
202.408.4236
elizabeth.niemeyer@finnegan.com

March 4, 2007

Mr. Alan E. McKenna                              **Via Facsimile**
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.           617.267.8288
25th Floor
800 Boylston Street
Boston, MA 02199

    Re:  *Honeywell Int'l et al. v. Apple Computer et al.,*
        C.A. No. 04-1338-KAJ (D. Del.)

Dear Alan:

    I write in response to your March 1, 2007 letter requesting a date certain when Wintek expects to substantially complete its document product. Provided that Honeywell does not identify any additional products, we expect to complete Wintek's production within the next couple of weeks.

    [REDACTED] Please see Wintek's second supplemental response to Honeywell's interrogatory number 9 for Wintek's and WEOC's position regarding production of information for those products.

    Regarding your request that Wintek and WEOC supplement their responses to Honeywell's requests for admission that require construction of claim terms by the Court, we stand by our original objections. Wintek and WEOC will supplement their responses after the Court has issued its claim construction ruling.

                                                Sincerely,

                                                E. Niemeyer

                                                Elizabeth A. Niemeyer

PAGE 2/2 * RCVD AT 3/4/2007 11:58:11 AM [Central Standard Time] * SVR:MP-RIGHTFAX/5 * DNIS:612 * CSID:2024084400 * DURATION (mm-ss):01-18    Taipei ▪ Tokyo



**FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP**

901 New York Avenue, NW ■ Washington, DC 20001-4413 ■ 202.408.4000 ■ Fax 202.408.4400
www.finnegan.com

# FACSIMILE TRANSMITTAL

### TO

| | | | |
|---|---|---|---|
| Name: | Alan E. McKenna | Date: | March 4, 2007 |
| Company: | ROBINS, KAPLAN, MILLER & CIRESI L.L.P. | Phone Number: | 617.267.2300 |
| Fax Number: | 617.267.8288 | Total Pages (including cover): | 2 |
| Subject: | Honeywell Int'l et al v. Apple Computer et al. | Confirmation Copy via US mail: | Y |

### FROM

| | | | |
|---|---|---|---|
| Name: | Elizabeth A. Niemeyer | Verified by: | EAN MD 828 |
| Phone Number: | 202.408.4238 | | |

### MESSAGE

Please see attached.

If there is a problem with this transmission, notify the sender at the number above.

This facsimile is intended only for the individual to whom it is addressed and may contain information that is privileged, confidential, or exempt from disclosure under applicable law. If you have received this facsimile in error, please notify the sender immediately by telephone (collect), and return the original message by first-class mail to the above address.

# EXHIBIT 3



**FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP**

901 New York Avenue, NW ■ Washington, DC 20001-4413 ■ 202.408.4000 ■ Fax 202.408.4400
www.finnegan.com

ELIZABETH A. NIEMEYER
202.408.4236
elizabeth.niemeyer@finnegan.com

April 19, 2007

Mr. Alan E. McKenna
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
25th Floor
800 Boylston Street
Boston, MA 02199

**Via Facsimile**
617.267.8288

Re:   *Honeywell Int'l et al. v. Apple Computer et al.,*
      C.A. No. 04-1338-KAJ (D. Del.)

Dear Alan:

In response to your April 5 letter, Wintek and WEOC will supplement their respective responses to Honeywell's Interrogatory No. 5 [sic: 7] in the near future. Those supplementations should address the questions raised in your letter.

In accordance with applicable case law, Wintek and WEOC will not supplement their responses at this time to Honeywell's requests for admission that require Wintek and WEOC to apply the claim terms to the accused products. *Tulip Computers Int'l, B.V. v. Dell Computers Corp.,* 210 F.R.D. 100 (D. Del. 2002) ("requests directed towards applying the claims of the patent or requiring application of the claims prior to any Markman ruling are not the application of law to facts relevant to the case, but in reality are requests for legal conclusions and therefore, improper.").

Contrary to your statement that Wintek refuses "to produce documents and information relating to the accused modules that Wintek claims have BEF sheets with either 0° and 90° or greater than 30° of rotation," Wintek has produce full technical specifications for all identified products regardless of the angles of alignment. To the extent Honeywell seeks further discovery regarding any particular product, claim 3 of Honeywell's '371 patent claims "a slight misalignment." The specification supports that express limitation by disclosing a 14° range of alignment (between 2° and 16°) relative to the rows of pixels in the LCD display. Over its own objection, and in a good faith effort to avoid burdening the Court with discovery disputes, Wintek has provided Honeywell with financial information regarding products having an additional 14° range of alignment (between 17° and 30°). The amount of additional discovery that Wintek already has provided to Honeywell encompasses products having a range 100%

Mr. Alan E. McKenna
April 19, 2007
Page 2

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

greater than the disclosed range. Further discovery renders the limitation "slight" absolutely meaningless. Wintek believes it has made every effort to meet Honeywell's legitimate concerns regarding the scope of discovery and that further discovery would border on harassment.

If you have any remaining questions after receiving Wintek's and WEOC's supplemental discovery responses, please feel free to contact me.

Sincerely,

*E. Niemeyer*

Elizabeth A. Niemeyer

# EXHIBIT 4

# CONFIDENTIAL EXHIBIT

EXHIBIT 5

# CONFIDENTIAL EXHIBIT

# EXHIBIT 6

# ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

800 BOYLSTON STREET
25TH FLOOR
BOSTON, MA 02199
TEL: 617-267-2300 FAX: 617-267-8288
www.rkmc.com

ATTORNEYS AT LAW

ALAN E. MCKENNA
617-859-2719

May 14, 2007

**VIA ELECTRONIC MAIL AND FACSIMILE**

Elizabeth A. Niemeyer, Esq.
Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001-4413

> Re: Honeywell International, Inc. et al. v. Apple Computer, Inc. et al.
> Civil Action No. 04-1338 (KAJ) (consolidated)

Dear Elizabeth,

I am in receipt of your May 9, 2007 letter. At the outset, I note that your letter does not refute in anyway the summary of Wintek's position I set forth in my May 8, 2007 letter to you.

Much like you did during our meet and confer, your letter continues the "smoke and mirrors" campaign rather than address the shortcomings of Wintek's 30(b)(6) witness' preparation. Your letter contains pure fiction and directly contradicts the *facts* surrounding the January depositions. Despite my repeated requests, you have apparently chosen to ignore the transcripts from the depositions at issue. Accordingly and as further basis for why these depositions should be continued, I write to remind you of what actually happened leading up to, and at, the depositions in January.

First, you assert that it was Honeywell's fault that Ms. Lee was not fully questioned regarding Wintek's license agreements. As set forth below, your assertion clearly flies in the face of the relevant facts.

Honeywell first requested that Wintek produce relevant, discoverable license agreements in *March 2006*. See Request No. 45 in Honeywell's First Set of Document Requests to Wintek Corp., served on March 29, 2006. Despite our repeated demands—including numerous telephone calls and letters during 2006—Wintek failed to produce even a *single page* of paper relating in anyway to any of its license agreements *until mid-way through the deposition of Ms. Lee*, Wintek's 30(b)(6) designee on numerous topics relating to damages issues (sales, licensing, marketing, etc.). (In fact, Wintek also failed to produce any documents relating to sales of accused modules or any damages-related issue for that matter until mid-way through Ms. Lee's deposition.)

Elizabeth A. Niemeyer, Esq.
May 14, 2007
Page 2



*See* January 25, 2007 Transcript at pp. 69-71.  Again, this is the 30(b)(6) witness Wintek offered and purportedly prepared on licensing.

Ms. Lee then offered the following regarding her "preparation":

*See* January 25, 2007 Transcript at pp. 71-72.  While you and Wintek consider this conduct to be an adequate discovery response and a properly prepared witness pursuant to Rule 30(b)(6), we respectfully disagree.

As though it is equivalent to preparing a 30(b)(6) designee or timely producing documents, you try to excuse Wintek's abuse of the discovery process and its obligations under Rule 30(b)(6) under the auspice of the production of license agreements that came *during Ms. Lee's deposition*.  Wintek produced a volume of responsive documents—for the first time—after virtually every break we took during the day with Ms. Lee.[1]  Additionally, *after* we concluded for the day with Ms. Lee, you then sent an additional stack of documents to my hotel room that night.

Second, your letter tries to mask your own failings by asserting that Honeywell should have repeatedly used its limited deposition time to return to topics where Dr. Huang had already been proven to lack knowledge.  Once again, you attempt to turn Rule 30(b)(6) on its head and ignore the facts of what actually happened in Taipei.

---

[1] The rolling productions made during the deposition included a limited number of sales spreadsheets for some of the accused modules, but not all.

BN1 35039219.3

Elizabeth A. Niemeyer, Esq.
May 14, 2007
Page 3

    To avoid any confusion and provide the context that is lacking in your letter, I would point you to the following portions of the transcript from Dr. Huang's deposition. The testimony illustrates that Honeywell did follow-up, and more importantly, illustrates how futile such follow-up was since Dr. Huang simply ignored my requests to gather information that he should have had prior to the deposition.

    Specifically, at the conclusion of the first day of Dr. Huang's testimony, I made the following request on the record:



*See* January 26, 2007 Transcript, at p. 106 (emphasis added). I note that you did not object in any way to this request.

    Then, on Monday morning, the second and final day of Dr. Huang's deposition, he provided the following update on his efforts (or lack thereof) to locate information relating to the various issues for which he lacked knowledge, including information relating to a design change notice in which Wintek apparently decided to change the angle of rotation on its BEF films due to moiré:



*See* January 29, 2007 Transcript, at p. 164. If you will recall, we broke well before 5:00 p.m. on Friday (recall, that your office was having cake to celebrate an employee's birthday). While it is one thing if someone is unavailable, it is entirely unacceptable to have allowed your witness to have made no effort whatsoever. Yet, this is how you and Wintek chose to proceed.

    Additionally, the logic of Wintek's assertion in your letter that it is up to Honeywell to repeatedly question and re-question Wintek's witnesses, even those who have already demonstrated that they lack knowledge on a topic or in response to a question, is just wrong. Not only is the position illogical, it is especially troublesome in this situation where Wintek's own

BN1 35039219.3

Elizabeth A. Niemeyer, Esq.
May 14, 2007
Page 4

witnesses admitted to having failed to prepare for their testimony on topics for which they were designated under Rule 30(b)(6) (*see, e.g.,* above quotes from Ms. Lee regarding license agreements).

■ Despite this, Dr. Huang did not even make an attempt to talk with the product managers on key technical issues in advance of his deposition on technical topics:



---
[2] Dr. Huang was unfamiliar with the unique numbering system used by Wintek on its technical drawings, and was unable to tell us whether a particular component drawing related to a particular accused module.

BNI 35039219.3

Elizabeth A. Niemeyer, Esq.
May 14, 2007
Page 5

 Despite this, Dr. Huang—Wintek's 30(b)(6) designee on technical topics—made no effort to learn about the module by discussing its technical aspects with the person at Wintek he said would have the necessary information, the product manager. Wintek's assertion that this type of preparation meets Wintek's obligations under Rule 30(b)(6) lacks credibility.

Lastly, I note your belated objection to certain of the 30(b)(6) topics; wherein, you now claim certain areas of deficient testimony should be ignored because they are beyond the scope of the noticed topics. Specifically, you mention module components as being outside the scope of the notice. This is yet another example of your attempts to turn the spotlight away from the substantive issues Honeywell has raised. Quite simply, when I inquired as to the order of components and the lack of documents showing the order of components produced by Wintek, you did not object but rather stated on the record that you believed (albeit incorrectly) that Wintek had already produced documents showing the components. *See* January 26, 2007 Transcript, at p. 100-101).

Additionally, topic 4(c) of the 30(b)(6) notice, upon which Dr. Huang was designated to testify on behalf of Wintek, calls for testimony regarding "**the operation and configuration of all lighting components of each accused module**, particularly including but not limited to: the presence of lenticular and/or prismatic films and/or structures, **the orientation of such structures with regard to the LCD panel and the reasons for such orientation.**" Given this, it is surprising that Wintek asserts, as stated in your letter, that it was unaware it had to produce a witness "knowledgeable of all components that are used in or that somehow related to each accused module." Is Wintek honestly not aware that the structure and components of its accused modules is an issue in the case?

As I previously informed you, these examples, and the examples we have discussed and that were cited in my prior letters, are meant solely as examples of the lack of preparation by Wintek in responding to Honeywell's discovery requests and 30(b)(6) notice. Wintek continues to take what Honeywell believes is an unreasonable position by asserting that the January depositions are closed and that Wintek's witnesses were adequately prepared. As I informed you during our meet and confer on this topic, Honeywell respectfully disagrees.

Elizabeth A. Niemeyer, Esq.
May 14, 2007
Page 6

      Please note that Honeywell is requesting a date and time from the Court to address the issues we have discussed during our recent meet and confers, including the deposition issues discussed herein and Wintek's failure to produce discovery for all accused modules.

      If you should have any questions, please do not hesitate to contact me.

      Very truly yours,

      ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

      Alan E. McKenna

cc:   Thomas C. Grimm, Esq.
      Matthew L. Woods, Esq.

BN1 35039219.3