# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Thomas C. Grimm
302 351 9595
302 425 4661 Fax
tgrimm@mnat.com

July 26, 2007
Public Version Filed: August 2, 2007

**VIA E-FILING**

PUBLIC VERSION

The Honorable Mary Pat Thynge
United States District Court
  for the District of Delaware
844 North King Street
Wilmington, DE 19801

Re: *Honeywell International Inc., et al. v. Apple Computer, Inc. et al.*
C.A. No. 04-1338-*** (Consolidated)

Dear Magistrate Judge Thynge:

I write on behalf of Plaintiffs Honeywell International Inc. and Honeywell Intellectual Properties Inc. (collectively "Honeywell") in response to Fuji's motion regarding Honeywell's teardown information and collected data.[1] Contrary to Fuji's assertions, Honeywell has not withheld any factual information or documents that were ordered to be produced.

### A.   Teardown Information for Settled or Stayed Parties

Most fundamentally, the parties disagree as to whether Honeywell was to provide teardown information for the customer defendants who are now stayed and those defendants who have settled with Honeywell, or if the ruling was limited to the accused products of the current, non-stayed defendants. Honeywell's understanding was that it had to produce the information for the current active defendants, and it has done so.

---

[1] We are surprised that Fuji is pressing this issue at this time. Honeywell responded to Fuji's letter on June 22, 2007. Fuji, however, never responded nor requested to meet and confer to discuss this issue. As such, the first time this issue resurfaced was three weeks later, when Fuji filed its motion on July 12, 2007.

The Honorable Mary Pat Thyne
July 26, 2007
Page 2

There is no basis on which Fuji can assert that the teardown information for those entities who are no longer parties to this suit is relevant to its defense. To date, Honeywell has provided detailed infringement contention interrogatory responses (Exhibit A, pp. 4-8), the teardown data that is the basis for those interrogatory responses (Exhibit B), and even photographs of the teardowns that relate to the accused modules (*e.g.*, Exhibit C, a set of photographs for one of Fuji's products). As such, there is absolutely no basis for Fuji's assertion that it needs the requested additional information to understand the scope of Honeywell's infringement claims.

In addition, Fuji and the remaining defendants have continuously and successfully fought Honeywell's attempts to open up discovery with the stayed defendants. It cannot be that Honeywell is required to produce documents relating to the stayed defendants while Honeywell continues to be prevented from pursuing its own discovery requests regarding those defendants and their products.

### B.   Information Beyond Honeywell's Contentions

Fuji argues that Honeywell was required to provide *all* information captured during the teardown process. The Court's May 17, 2007 Ruling, however, is not as broad as Fuji asserts. Your Honor ruled that the information *that relates to Honeywell's infringement contentions* must be produced. 5/17/07 transcript pp. 36:19-25, 37:8-13, 17-25. Honeywell, as ordered, has produced that information.

Fuji, however, complains that it is entitled to additional information. Each of its requests lack merit. First, Fuji requests that Honeywell provide the dates the teardowns were performed. This complaint is meritless because Honeywell has already provided that information in its contention interrogatory responses, as well as in December 2006 during the defendants' 30(b)(6) deposition on their laches defenses. (*See e.g.*, Exhibit D).

Second, Fuji requests all of the optical testing results obtained during the teardown process. However, the referenced optical testing is not related to nor disclosed in Honeywell's infringement contentions. As such, Fuji is not entitled to that information.

Third, Fuji requests that Honeywell's production include the names of the people that performed each specific teardown. However, the teardown spreadsheet does not contain this information. It has therefore not been withheld. Honeywell is not obligated to create documents for Fuji that do not exist.

### C.   Form of Spreadsheet

Fuji's final complaint relates to the format of the spreadsheet. Fuji complains that Honeywell created the spreadsheet specifically for the production. This is a knowing mischaracterization. We made clear to Fuji in our June 22 letter that the spreadsheet was not

The Honorable Mary Pat Thyne
July 26, 2007
Page 3

created for this production. Instead, as Fuji requested during the May 17, 2007 hearing, Honeywell took its existing teardown spreadsheet and merely hid the columns and rows containing the information that Honeywell was not required to produce since it is not relevant to Honeywell's infringement contentions or is otherwise protected by the attorney client or work product privilege. Mr. Rosenthal acknowledged that Honeywell could reformulate the Excel spreadsheet when he previously argued that Honeywell faced no burden because of the ease with which irrelevant information could be excluded from the spreadsheet. 5/17/07 transcript p. 27:3-7. Accordingly, Honeywell did not "blatant[ly] disregard" this Court's order, as Fuji asserts.

The information that has been produced that relates to Honeywell's infringement contentions is extensive. For all of the foregoing reasons, Fuji's request for additional information should be denied.

Respectfully,

*/s/ Thomas C. Grimm (#1098)*

Thomas C. Grimm (#1098)

cc: Manufacturer Defendants (via e-filing)
    Matthew L. Woods, Esq. (via email)

990870.1