## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

HONEYWELL INTERNATIONAL INC. and )
HONEYWELL INTELLECTUAL PROPERTIES INC., )
                                         )
               Plaintiffs, )
                                         )     C.A. No. 04-1338 - ***
    v.                             )     (Consolidated)
                                         )
APPLE COMPUTER, INC., et al., )
                                         )
             Defendants. )
                                         )

## <u>NOTICE OF SUBPOENA DIRECTED TO LG. PHILIPS LCD CO. LTD.</u>

PLEASE TAKE NOTICE that, pursuant to Rules 26 and 45 of the Federal Rules

of Civil Procedure, Defendant FUJIFILM Corporation, ("Fuji") is serving a subpoena on LG.

Philips LCD Co. Ltd. ("LG. Philips"), care of LG. Philips LCD America, Inc., 150 East Brokaw

Road, San Jose, CA, in the form attached hereto as Exhibit 1.  LG. Philips is commanded to

produce, on October 19, 2007, the documents described in "Attachment A" to the subpoena.

OF COUNSEL:                    POTTER ANDERSON & CORROON LLP

Lawrence Rosenthal
Matthew W. Siegal
Ian G. DiBernardo              By: _____
Angie M. Hankins
Kevin C. Ecker                      Philip A. Rovner (#3215)
STROOCK & STROOCK & LAVAN LLP      Hercules Plaza
180 Maiden Lane                     P.O. Box 951
New York, NY  10038-4982         Wilmington, DE 19899
(212) 806-5400                      (302) 984-6000
                                provner@potteranderson.com

Date: September 19, 2007          Attorneys for Defendant
820017                         FUJIFILM Corporation.

# EXHIBIT 1

# UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

HONEYWELL INTERNATIONAL INC. and
HONEYWELL INTELLECTUAL PROPERTIES,
INC.

                Plaintiffs,

         - v. -

APPLE COMPUTER, INC., et al.,

                Defendants.

**SUBPOENA IN A CIVIL CASE**

PENDING IN THE U.S. DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

CASE NUMBER: 04-1338 (***)
(Consolidated)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

To:    LG.Philips LCD Co. Ltd.
       c/o LG.Philips LCD America, Inc.
       150 East Brokaw Rd.
       San Jose, California 95112

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to produce a witness having personal knowledge of the matters set forth in Attachment B of the attached Notice of Deposition to appear at the place, date and time specified below to testify at the taking of a deposition in the above case.

| PLACE:  TO BE DETERMINED | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the documents or objects listed in Attachment A attached hereto, at the place, date, and time specified below.

| PLACE:<br>Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, NY 10038 | DATE AND TIME<br>October 19, 2007 |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES: | DATE AND TIME |
|---|---|
| | |

      Any organization not a party to this proceeding case that is subpoenaed for the taking of a deposition shall designate one or more officers, directors or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Fed.R.Civ.P. 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE<br>Attorney for Defendant FUJIFILM Corporation | DATE<br>September 19, 2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Ian G. DiBernardo, Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, NY 10038-4982 (212) 806-5400

SSL-DOCS1 1845116v1

## PROOF OF SERVICE

| SERVED | DATE | PLACE |
|---|---|---|
| | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
            DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

---

### Rule 45, Fed.R.Civ.P., Parts (C) & (D)

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)  Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect this premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance;

(ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed and or regularly transacts business

in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applied, or

(iv)  subject a person to undue burden.

(B)  If a subpoena

(i)  require disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

SSL-DOCS1 1845116v1

**ATTACHMENT A**

**DEFINITIONS**

1.  As used herein, the term "document" shall refer to, without limitation, printed, typed, recorded, photocopied, photographed, graphically or electronically generated, or stored matter, however produced or reproduced, including originals, copies, and drafts thereof, which may be considered a "document" or "tangible thing" within the meaning of Rule - 34 of the Federal Rules of Civil Procedure, including but not limited to all patents and all applications, foreign or domestic, as well as correspondence and filings in connection therewith, contracts, agreements, guarantees, amendments, assignments, offers, prospectuses, proxy statements, invoices, purchase orders, research and development records, production records, quality control records, management reports, audit reports, accounting reports, work papers, ledgers, balance sheets, profit and loss statements, financial statements, memoranda, correspondence, communications, computer printouts, computer tapes or disks, envelopes, summaries, analyses, opinions, projections, forecasts, budgets, estimates, transcripts, tape recordings, business cards, notes, calendar or diary entries, newspaper articles advertisements, pamphlets, periodicals, pleadings, indexes, file folders and press releases.

2.  As used herein, the term "Honeywell" shall refer to Honeywell International, Inc. and Honeywell Intellectual Properties Inc., and all divisions, departments, subsidiaries (whether direct or indirect), parents, affiliates, acquisitions, predecessors and entities controlled by any of them, whether domestic or foreign, including but not limited to, Allied Corporation, Bendix Corp., Honeywell Inc., Allied-Signal, and/or AlliedSignal and their respective present or former officers, directors, employees, owners, attorneys and agents, as well as consultants and any other persons acting or purporting to act on behalf of each such entity or person.

3.  As used herein, the term "LG.Philips," "you," or "your" shall refer to LG.Philips LCD Co. Ltd. and include, without limitation, your divisions, subsidiaries, directors, agents, representatives, employees, and any predecessor in interest.

4.  As used herein, the term "March 28, 2003 License Agreement" shall refer to the document entitled "Patent License Agreement Between Honeywell International Inc. and Honeywell Intellectual Properties Inc. And LG.Philips LCD Co. Ltd. Relating to U.S. Patent No. 5,280,371 – Directional Diffuser for a Liquid Crystal Display" that was signed on March 28, 2003, including any amendment, modification or addendum thereto, if any.

5.  As used herein, the term "November 3, 2003 License Agreement" shall refer to the document entitled "Patent Agreement Between Honeywell International Inc. and Honeywell Intellectual Properties Inc. And LG.Philips LCD Co. Ltd. Relating to Liquid Crystal Display Patents" that was signed on November 3, 2003, including any amendment, modification or addendum thereto, if any.

6.  As used herein, the term "June 21, 2004 License Agreement" shall refer to the document entitled "Patent License Agreement Between Honeywell International Inc. and

Honeywell Intellectual Properties Inc. And LG.Philips LCD Co. Ltd. Relating to Liquid Crystal Display Patents" that LG.Philips signed on June 21, 2004, including any amendment, modification or addendum thereto, if any.

7.  As used herein, the term "communication" shall refer to any and all exchanges of information between two or more persons by any medium, including, but not limited to, meetings, telephone conversations, correspondence, memoranda, contracts, agreements, e-mails, computer, radio, telegraph, or verbal actions intended to convey or actually conveying information or data.

8.  As used herein, the term "relate" or "relating" shall mean embodying, concerning, containing, comprising, constituting, indicating, referring to, identifying, describing, discussing, involving, supporting, reflecting, evidencing, or otherwise in any way pertaining directly or indirectly to.

## INSTRUCTIONS

1.  As used herein, the use of the singular form of any word shall include the plural and vice versa.

2.  As used herein, the connectives "and" and "or" shall be construed either disjunctively or conjunctively so as to acquire the broadest possible meaning.

3.  As used herein, the terms "any," "all" or "each" shall be construed as "any, all and each" inclusively.

4.  These requests shall apply to all documents in your possession, custody, or control at the present time or coming into your possession, custody, or control prior to the date of the production. If you know of the existence, past or present, of any documents or things requested below, but are unable to produce such documents or things because they are not presently in your possession, custody, or control, you shall so state and shall identify such documents or things, and the person who has possession, custody, or control of the documents or things.

5.  For each and every document for which you assert either attorney-client privilege, work product protection, or some other allegedly applicable privilege, (1) identify the document by date, title, nature, author, sender, recipients, and/or participants; (2) provide a summary statement of the subject matter of the document sufficient in detail to permit a determination of the propriety of your assertion or such privilege or protection; and (3) identify the allegedly applicable privilege or protection.

6.  These document requests seek answers current to the date of response, and further shall be deemed to be continuing under Rule 26 (e) of the Federal Rules of Civil Procedure, so that any additional documents referring or relating in any way to these document requests which you acquire or which becomes known to you up to and including the time of trial shall be produced promptly after being so acquired or known by you.

## DOCUMENTS AND THINGS TO BE PRODUCED

1.   All documents referring or relating to the March 28, 2003 License Agreement.

2.   All documents referring or relating to U.S. Patent No. 5,280,371.

3.   All documents referring or relating to the licensing and enforcement of U.S. Patent No. 5,280,371, including, but not limited to, decisions whether or not to license or enforce such patent, identification of products potentially infringing such patent, identification of potential licensees under or potential defendants to an enforcement action asserting such patent and preparations for filing of any action to enforce such patent.

4.   All documents referring or relating to license agreements between Honeywell and any third party.

5.   All documents referring or relating to any common interest or joint defense agreement with Honeywell.

6.   All documents referring or relating to any invoices, payments, billing or accounting statements relating to the March 28, 2003 License Agreement.

7.   All documents relating to communications between LG.Philips (including, without limitation, LG.Philips employees Messrs. Jae Yl Cho, Young-Woo Cho, Won Jun Choi, Jong Hwan Kim, Joo Sup Kim, Ho Lee, Jeong Hwan Lee, Myeong Jo Seo, and Choi WonJun) and Honeywell regarding the March 28, 2003 License Agreement.

8.   All documents relating to communications or agreements between LG.Philips (including, without limitation, LG.Philips employees Messrs. Jae Yl Cho, Young-Woo Cho, Won Jun Choi, Jong Hwan Kim, Joo Sup Kim, Ho Lee, Jeong Hwan Lee, Myeong Jo Seo, and Choi WonJun) and Honeywell regarding U.S. Patent No. 5,280,371.

9.   All documents relating to communications between LG.Philips (including without limitation LG.Philips employees Messrs. Jae Yl Cho, Young-Woo Cho, Won Jun Choi, Jong Hwan Kim, Joo Sup Kim, Ho Lee, Jeong Hwan Lee, Myeong Jo Seo, and Choi WonJun) and Honeywell regarding the licensing or enforcement of U.S. Patent No. 5,280,371, including, but not limited to, decisions whether or not to license or enforce such patent, identification of products potentially infringing such patent, identification of potential licensees under or potential defendants to an enforcement action asserting such patent and preparations for filing of any action to enforce such patent.

10.   All documents relating to communications between Honeywell or LG Philips, on the one hand, and any third party, on the other hand, regarding U.S. Patent No. 5,280,371.

11.   All documents referring or relating to the November 3, 2003 License Agreement.

12.   All documents referring or relating to U.S. Patent No. 5,041,823.

13.    All documents referring or relating to the licensing and enforcement of U.S. Patent No. 5,041,823.

14.    All documents referring or relating to U.S. Patent No. 5,061,920.

15.    All documents referring or relating to licensing and enforcement of U.S. Patent No. 5,061,920.

16.    All documents referring or relating to any invoices, payments, billing or accounting statements relating to the November 3, 2003 License Agreement.

17.    All documents relating to communications between LG.Philips (including, without limitation, LG.Philips employees Messrs. Jae Yl Cho, Young-Woo Cho, Won Jun Choi, Jong Hwan Kim, Joo Sup Kim, Ho Lee, Jeong Hwan Lee, Myeong Jo Seo, and Choi WonJun) and Honeywell regarding the November 3, 2003 License Agreement.

18.    All documents referring or relating to the June 21, 2004 License Agreement.

19.    All documents referring or relating to any invoices, payments, billing or accounting statements relating to the June 21, 2004 License Agreement.

20.    All documents relating to communications between LG.Philips (including, without limitation, LG.Philips employees Messrs. Jae Yl Cho, Young-Woo Cho, Won Jun Choi, Jong Hwan Kim, Joo Sup Kim, Ho Lee, Jeong Hwan Lee, Myeong Jo Seo, and Choi WonJun) and Honeywell regarding the June 21, 2004 License Agreement.

21.    To the extent the documents or materials in categories 1-19 no longer exist, all documents that evidence the pertinent document retention polices and destruction of these documents.

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, hereby certify that, on September 19, 2007, the within document was

electronically filed with the Clerk of the Court using CM-ECF which will send notification of

such filing to the following; the document was served by E-mail on the following; and the

document is available for viewing and downloading from CM-ECF:

Thomas C. Grimm, Esq.
Leslie A. Polizoti, Esq.
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
tgrimm@mnat.com
lpolizoti@mnat.com

Richard L. Horwitz, Esq.
David E. Moore, Esq.
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE  19899
rhorwitz@potteranderson.com
dmoore@potteranderson.com

Karen L. Pascale, Esq.
Young, Conaway, Stargatt & Taylor, LLP
The Brandywine Bldg., 17th Fl.
1000 West Street
Wilmington, DE  19801
kpascale@ycst.com

David J. Margules, Esq.
John M. Seaman, Esq.
Bouchard Margules & Friedlander, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE  19801
dmargules@bmf-law.com
jseaman@bmf-law.com

Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE  19899
(302) 984-6000
E-mail:  provner@potteranderson.com

759311