## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HONEYWELL INTERNATIONAL INC. and<br>HONEYWELL INTELLECTUAL PROPERTIES INC., | )<br>)<br>) | |
| Plaintiffs, | )<br>) | C.A. No. 04-1338-\*\*\* |
| v. | )<br>) | (Consolidated) |
| APPLE COMPUTER, INC., et al., | )<br>)<br>) | |
| Defendants. | )<br>) | |

### NOTICE OF RULE 30(b)(6) DEPOSITION AND SUBPOENA
### DIRECTED TO THE BOEING COMPANY

PLEASE TAKE NOTICE that, pursuant to Rules 30(b)(1) of the Federal Rules of

Civil Procedure, Defendant FUJIFILM Corporation, ("Fuji") is serving the attached subpoena on

The Boeing Company ("Boeing") in the form appended hereto. Fuji will take the deposition of

Boeing through one or more of its officers, directors, managing agents, or other persons who

consent to testify on its behalf and who are most knowledgeable with respect to the deposition

topics set forth in "Attachment B" at the time and place as set forth below.

Said deposition will be taken on October 22, 2007 at 9:00 a.m., at the offices of

Stroock & Stroock & Lavan LLP, New York, NY, or at such other time and place as may be

agreed to by the parties. The deposition will continue until completed as provided in the Federal

Rules of Civil Procedure. The deposition will be recorded stenographically and/or by videotape.

You are invited to attend and cross-examine.

OF COUNSEL:

Lawrence Rosenthal
Matthew W. Siegal
Ian G. DiBernardo
Angie M. Hankins
Kevin C. Ecker
STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY  10038-4982
(212) 806-5400

Dated:  October 15, 2007

825359

POTTER ANDERSON & CORROON LLP

By:  _____
        Philip A. Rovner (#3215)
        Hercules Plaza
        P.O. Box 951
        Wilmington, DE 19899
        (302) 984-6000
        provner@potteranderson.com

Attorneys for Defendant
FUJIFILM Corporation

2

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS**

HONEYWELL INTERNATIONAL INC. and
HONEYWELL INTELLECTUAL PROPERTIES,
INC.

|  |  |
|---|---|
| Plaintiff, | **SUBPOENA IN A CIVIL CASE** |
| - v. - | |
| APPLE COMPUTER, INC., et al., | PENDING IN THE U.S. DISTRICT COURT FOR |
| Defendants. | THE DISTRICT OF DELAWARE |

CASE NUMBER: 04-1338 (***)
(CONSOLIDATED)

- - - - - - - - - - - - - - - - - - - - - - - - - - - -

To:   The Boeing Company
       100 North Riverside
       Chicago, Illinois 60606

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce a witness having personal knowledge of the matters set forth in Attachment B of the attached Notice of Deposition to appear at the place, date and time specified below to testify at the taking of a deposition in the above case.

| PLACE: | DATE AND TIME |
|---|---|
| Offices of Stroock & Stroock & Lavan LL, NY, NY or as otherwise agreed | October 22, 2007 |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the documents or objects listed in Attachment A attached hereto, at the place, date, and time specified below.

| PLACE: | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES: | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this proceeding case that is subpoenaed for the taking of a deposition shall designate one or more officers, directors or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Fed.R.Civ.P. 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| Attorney for Defendant FUJIFILM Corporation | October 12, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Ian G. DiBernardo, 180 Maiden Lane, New York, NY 10038-4982 (212) 806-5400

## PROOF OF SERVICE

| SERVED | DATE | PLACE |
|---|---|---|
| | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

## Rule 45, Fed.R.Civ.P., Parts (C) & (D)

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)   A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A)   A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)   Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect this premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice is to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A)   On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)   fails to allow reasonable time for compliance;

(ii)   requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed and or regularly transacts business

in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)   requires disclosure of privileged or other protected matter and no exception or waiver applied, or

(iv)   subject a person to undue burden.

(B)   If a subpoena

(i)   require disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)   requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)   requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1)   A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)   When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## ATTACHMENT A

## DEFINITIONS

As used in this Subpoena the terms listed below are defined as follows:

1.    The terms "person" or "persons" mean any natural person, corporation, partnership, association, organization, or group of natural persons, including but not limited to any employee, officer, director, consultant, independent contractor, agent, attorney or representative of any of them.

2.    The terms "Boeing", "you" or "your" refer to The Boeing Company, including all predecessors in interest, divisions and business units, subsidiaries and affiliates, as well as anyone working with or at the direction of any of the foregoing.

3.    The term "Honeywell" shall refer to Honeywell International, Inc. and Honeywell Intellectual Properties Inc., and all divisions, departments, subsidiaries (whether direct or indirect), parents, affiliates, acquisitions, predecessors and entities controlled by any of them, whether domestic or foreign, including but not limited to Honeywell Inc. and their respective present or former officers, directors, employees, owners, attorneys and agents, as well as consultants and any other persons acting or purporting to act on behalf of each such entity or person.

4.  The words "document" or "documents" shall be used in their broadest sense and shall include, but are not limited to, any tangible thing capable of storing information, including but not limited to the following items, whether printed, typed or recorded or reproduced by hand or electronically, magnetically, optically or in any graphic manner of any kind or nature however produced or reproduced, whether sent or received or neither, whether within the actual or constructive possession, custody, or control of any agent, employee, consultant, or any other

1

person acting or purporting to act on behalf of you, including drafts and copies bearing notations

or marks not found on the original, and includes, but is not limited to:

a.  all letters or other forms of correspondence or communication, including envelopes, notes, telefaxes, telegrams, cables, electronic mail messages, telex messages, and telephone messages (including reports, notes, notations and memoranda of or relating to any telephone conversations or conferences or personal interviews);

b.  all memoranda, laboratory notebooks, research reports, speeches, reports, financial statements or reports, appraisals, estimates, sales proposals, RFQ or RFP responses, notes, transcripts, tabulations, ledgers, studies, analyses, evaluations, projections, work papers of any type, corporate records or copies thereof, lists, comparisons, questionnaires, surveys, charts, graphs, maps, diagrams, summaries, tables, indexes, extracts, statistical records, compilations, reports and/or summaries of investigations, testing or analyses, marginal notations, all desk calendars, appointment books, diaries;

c.  all books, manuscripts (whether submitted for publication or not), press releases, magazines, newspapers, booklets, brochures, sales support materials, training materials, pamphlets, circulars, bulletins, notices, speeches, instructions, manuals, and articles;

d.  all minutes, transcripts, notes, presentation material, and memoranda of meetings;

e.  all photographs, drawings, microfilms, tapes or other recordings, punch cards, magnetic tapes, magnetic disks, optical or magneto-optical disks, print-outs, and other data compilations from which information can be obtained, and any other information recorded in or on any medium whatsoever; and

f.  all contracts, agreements, understandings, representations, warranties.

5.    The term "communication" (or any variant thereof) means any contact between or

among two or more persons and shall include, without limitation, written contact by means such

as letters, memoranda, telegrams, telecopies, telexes, e-mail, or any other document; and any

writings memorializing any oral contact such as face-to-face meetings or telephone

conversations.

6.    The term "avionic display" shall refer to a device intended for mounting in an aircraft for displaying graphical and/or textural information which includes one or more flat panel LCD-based displays.

7.    "LCD" shall mean liquid crystal display and components thereof.

8.    "'371 patent" shall mean U.S. Patent No. 5,280,371.

9.    "Hosiden" shall mean Hosiden Corporation of Japan and all of its divisions, departments, subsidiaries (whether direct or indirect), parents, affiliates, acquisitions, predecessors and entities controlled by any of them, whether domestic or foreign,

10.    "JAE" shall mean Japan Aviation Electronics and all of its divisions, departments, subsidiaries (whether direct or indirect), parents, affiliates, acquisitions, predecessors and entities controlled by any of them, whether domestic or foreign,

11.    "SID" shall mean the Society for Information Display.

12.    "3M" shall mean the 3M Company and all of its divisions, departments, subsidiaries (whether direct or indirect), parents, affiliates, acquisitions, predecessors and entities controlled by any of them, whether domestic or foreign, and their respective present or former officers, directors, employees, owners, attorneys and agents, as well as consultants and any other persons acting or purporting to act on behalf of each such entity or person.

SSL-DOCS1 1837534v1

3

## ATTACHMENT B

## TOPICS

1.    Proposals from Honeywell involving, in whole or in part, avionic displays and/or LCDs issued or outstanding between January 1, 1988 and January 18, 1994, including but not limited to proposals relating to the 777, 767, 767X or 7J7 aircraft and /or any versions of the TCAS collision avoidance system.

2.    The existence and/terms of any agreements or contracts with Honeywell involving avionic displays and/or LCDs issued, outstanding or in force at any time between January 1, 1988 and January 18, 1994, including but not limited to agreements or contracts relating to the 777, 767, 767X or 7J7 aircraft and/or any versions of the TCAS collision avoidance system.

3.    The existence and terms of any nondisclosure agreements or confidentiality agreements with Honeywell, issued, outstanding or in force at any time between January 1, 1988 and January 18, 1994, including but not limited to agreements relating to the technology disclosed in the '371 patent, avionic displays or LCDs, the 777, 767, 767X or 7J7 airplane or any version of the TCAS collision avoidance system.

4.    Communications between any one or more of Honeywell, Hosiden, JAE and Boeing dated between January 1, 1988 and December 31, 1994 relating or referring to avionic displays or LCDs.

5.    Work performed by or on behalf of Honeywell, Hosiden or JAE relating to avionic displays and/or LCDs between January 1, 1988 and December 31, 1994, including but not limited to work performed by or on behalf of Honeywell pursuant to any proposal covered by Topic 1.

1

SSL-DOCS1 1837534v1

6.      All samples, prototypes, models, demonstrations and/or final products or components provided by or on behalf of Honeywell related to avionic displays and/or LCDs between January 1, 1988 and January 18, 1994, including but not limited to display units (DUs) designated as DU 8, DU 9 and DU 10 by Honeywell, including but not limited to all offers to sell or purchase any of the forgoing and the ability to do so, requests to receive the foregoing and the existence, structures and disclosures of the foregoing.

7.      Orders for production to or from Honeywell related to avionic displays and/or LCDs between January 1, 1988 and December 31, 1994.

8.      The actual or potential use, testing, design, structure or development of any directional diffuser, including but not limited to any directional diffuser disclosed or claimed in the '371 patent, for use in an avionic display and/or LCD that was provided to Boeing by or on behalf of Honeywell and/or provided by Boeing to Honeywell.

9.      Boeing's requirements and specifications for avionic displays and/or LCDs for its commercial airplanes issued, outstanding or in force between January 1, 1988 and January 18, 1994, including but not limited to all requests for proposals (RFP's) and requests for quotes (RFQ's), and all response thereto.

10.     The decision to use or not use a directional diffuser disclosed or claimed in '371 patent.

11.     The existence, reduction or avoidance of moiré interference, use of one or more lenticular, prismatic or other lens arrays (including, but not limited to, Optical Lighting Film (OLF) or Brightness Enhancing Film (BEF) offered by 3M or similar product) in an avionic display, LCD, CRT or backlight for a LCD on or before December 31, 1998, or rotation of a periodic structure to avoid or reduce moiré interference on or before December 31, 1998.

SSL-DOCS1 1837534v1

2

12.    Boeing's document retention and document destruction policies in effect from
January 1988.

SSL-DOCS1 1837534v1

3

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, hereby certify that, on October 15, 2007, the within document was

electronically filed with the Clerk of the Court using CM-ECF which will send notification of

such filing to the following; the document was served by E-mail on the following; and the

document is available for viewing and downloading from CM-ECF:

Thomas C. Grimm, Esq.
Leslie A. Polizoti, Esq.
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
tgrimm@mnat.com
lpolizoti@mnat.com

Richard L. Horwitz, Esq.
David E. Moore, Esq.
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899
rhorwitz@potteranderson.com
dmoore@potteranderson.com

Karen L. Pascale, Esq.
Young, Conaway, Stargatt & Taylor, LLP
The Brandywine Bldg., 17th Fl.
1000 West Street
Wilmington, DE 19801
kpascale@ycst.com

David J. Margules, Esq.
John M. Seaman, Esq.
Bouchard Margules & Friedlander, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
dmargules@bmf-law.com
jseaman@bmf-law.com

Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899
(302) 984-6000
E-mail: provner@potteranderson.com

759311