# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HONEYWELL INTERNATIONAL, INC. and HONEYWELL INTELLECTUAL PROPERTIES INC., <br><br> Plaintiffs, <br><br> v. <br><br> APPLE COMPUTER, INC., et al., <br><br> Defendants. | ) ) ) ) ) C.A. No. 04-1338-*** ) (Consolidated) ) ) ) ) ) ) ) |

### CITIZEN DEFENDANTS' NOTICE OF DEPOSITION OF PLAINTIFFS HONEYWELL INTERNATIONAL INC. AND HONEYWELL INTELLECTUAL PROPERTIES INC.

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure and Delaware Local Rules 30.1 through 30.6, Defendants Citizen Watch Co., Ltd. and Citizen Displays Co., Ltd. (collectively referred to herein as "Citizen") will take the deposition upon oral examination of Plaintiffs, Honeywell International, Inc. and Honeywell Intellectual Properties, Inc. (collectively "Honeywell"), and specifically the witness or witnesses designated by Honeywell as officers, managing agents, directors, agents, employees, or other person(s) most knowledgeable and can testify on their behalf with respect to each of the topics listed in Appendix A hereto, commencing at 9:00 a.m. on November 22, 2007 before a notary public or other officer duly authorized to administer oaths at the offices of Hogan & Hartson, LLP, 1999 Avenue of the Stars, Suite 1400, Los Angeles, CA  90067, or such other location as mutually agreed upon by counsel.  The deposition will be recorded by stenographic means and videotape.

PLEASE TAKE FURTHER NOTICE that Honeywell is requested to identify, on or before November 1, 2007, its designated witnesses and the matters to which each Plaintiff will testify.

You are invited to attend and cross-examine.

|  |  |
|---|---|
|  | /s/ David J. Margules _____ |
|  | David J. Margules (Bar No. 2554) |
|  | BOUCHARD MARGULES & FRIEDLANDER, P.A. |
|  | 222 Delaware Avenue, Suite 1400 |
|  | Wilmington, DE 19801 |
| OF COUNSEL | Tel.    (302) 573-3508 |
| Stuart Lubitz | Fax    (302) 573-3501 |
| David Ben-Meir | Email   dmargules@bmf-law.com |
| HOGAN & HARTSON L.L.P. |  |
| 1999 Avenue of the Stars |  |
| Suite 1400 | *Attorneys for Defendants* |
| Los Angeles, California 90067 | *Citizen Watch Co., Ltd.* |
| Telephone:  (310) 785-4600 | *Citizen Displays Co., Ltd.* |
| Facsimile:  (310) 785-4601 |  |

DATED:  October 19, 2007

# APPENDIX A

## Definitions

A.    "HII" shall mean plaintiff Honeywell International Inc., and all divisions, departments, subsidiaries (whether direct or indirect), parents, affiliates, acquisitions, predecessors and entities controlled by any of them, whether domestic or foreign, including but not limited to, Allied Corporation, Bendix Corp., Honeywell Inc., Allied-Signal, and/or AlliedSignal and their respective present or former officers, directors, employees, owners, attorneys and agents, as well as consultants and any other persons acting or purporting to act on behalf of each such entity or person.

B.    "HIPI" shall mean plaintiff Honeywell Intellectual Properties Inc., and all divisions, departments, subsidiaries (whether direct or indirect), parents, affiliates, acquisitions, predecessors and entities controlled by any of them, whether domestic or foreign, including but not limited to, Allied Corporation, Bendix Corp., Honeywell Inc., Allied-Signal, and/or AlliedSignal and their respective present or former officers, directors, employees, owners, attorneys and agents, as well as consultants and any other persons acting or purporting to act on behalf of each such entity or person.

C.    "Plaintiffs" shall mean HII and HIPI both individually and collectively.

D.    "Citizen" means Defendants Citizen Watch Co., Ltd. and Citizen Displays Co., Ltd., or any officer, agent, representative, servant, employee, attorney, or other person or entity acting on their behalf.

E.    "LCD" shall mean liquid crystal display.

F.      "'371 patent" shall mean U.S. Pat. No. 5,280,371.

G.      "LCD Module" shall mean an LCD including a liquid crystal panel and other components for incorporation into another product to provide a viewable image to a user.

H.      "LCD Products" shall mean an LCD Module and/or a product incorporating an LCD Module, where such product is one of laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, and portable televisions, and/or portable game systems, and all similar products.

I.      "Accused Products" shall mean any LCD Modules or LCD Products that were made, used, sold, offered for sale, or imported by Citizen, which Honeywell accuses of infringing the '371 Patent.

J.       "Third Party" means a person other than Citizen.

**Topics**

1.      All facts related to Plaintiffs' contention that Citizen committed, induced and/or contributed to any infringement of the '371 Patent, including but not limited to, a description of each act performed by Citizen that allegedly constituted, induced or contributed to the direct infringement, the geographic location of each such act, the direct infringement allegedly resulting from each such act (including the identity of the Third Party committing the direct infringement), and how each such act resulted in the direct infringement.

2.      All facts related to Plaintiffs' contention that Citizen knowingly induced the direct infringement of the '371 Patent and possessed specific intent to encourage the infringement.

3.      All facts related to the computation of Plaintiffs' damages claims against Citizen, including but not limited to, the importation and sale of the Accused Products in the United States, the revenues and profits attributable to those sales, and the portion of such revenues and profits attributable to Citizen's LCD Modules.

4.      Any pre-filing investigation by Plaintiffs relating to its contention that Citizen infringed the '371 Patent either directly, contributorily, or by inducement.

5.      All LCD Products made or sold by a Third Party for which Plaintiffs contend Citizen induced direct infringement, including Plaintiffs' first awareness of those LCD Products being sold in the United States and the person who first acquired such awareness.

6.      All negotiations, agreements, or communications relating to the license or offer to license the '371 Patent, including but not limited to any license fees, royalties, or other payments or consideration associated therewith.

7.      All facts and circumstances relating to the basis for each of Plaintiffs' allegations set forth in numbered paragraphs 7, 10, 12, 13, and 14 of Plaintiffs' Complaint filed on December 16, 2005.