IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HONEYWELL INTERNATIONAL INC. and<br>HONEYWELL INTELLECTUAL PROPERTIES INC.,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE COMPUTER, INC., *et al.*,<br><br>Defendants. | C.A. No. 04-1338-***<br>(Consolidated) |

## NOTICE OF SUBPOENA DIRECTED TO BRUCE LIND

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendant FUJIFILM Corporation, ("Fuji") is serving the attached subpoena on Bruce Lind, 7808 137th Avenue SE, Smohomish, WA 98290. Pursuant to the subpoena, Fuji will, by and through its undersigned counsel, take the deposition upon oral examination of Bruce Lind, on October 23, 2007 at 9:00 am. at the offices of Stroock & Stroock & Lavan LLP, New York, NY, or at such other time and place as may be agreed to by the parties. The deposition is for the purpose of discovery and evidentiary use and may be recorded by stenographic and videographic means. The deposition will continue from day to day until completed. You are invited to attend and cross-examine.

OF COUNSEL:

Lawrence Rosenthal
Matthew W. Siegal
Ian G. DiBernardo
Angie M. Hankins
Kevin C. Ecker
STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY  10038-4982
(212) 806-5400

Dated:  October 22, 2007
826780

POTTER ANDERSON & CORROON LLP


By: /s/ Philip A. Rovner
    Philip A. Rovner (#3215)
    Hercules Plaza
    P.O. Box 951
    Wilmington, DE 19899
    (302) 984-6000
    provner@potteranderson.com

Attorneys for Defendant
FUJIFILM Corporation.

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON

HONEYWELL INTERNATIONAL INC. and
HONEYWELL INTELLECTUAL PROPERTIES,
INC.
                Plaintiff,
- v. -
APPLE COMPUTER, INC., et al.,
                Defendants.

**SUBPOENA IN A CIVIL CASE**

PENDING IN THE U.S. DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

CASE NUMBER: 04-1338 (***)
(Consolidated)

To:    Bruce Lind
        7808 137th Avenue SE
        Smohomish, WA 98290

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| Offices of Stroock & Stroock & Lavan LL, Ny, NY or as otherwise agreed | October 23, 2007 |

☐ YOU ARE COMMANDED to produce a witness having personal knowledge of the matters set forth in Schedule A of the attached Notice of Deposition to appear at the place, date and time specified below to testify at the taking of a deposition in the above case.

| PLACE: TO BE DETERMINED | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the documents or objects listed in Schedule A attached hereto, at the place, date, and time specified below.

| PLACE: | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES: | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this proceeding case that is subpoenaed for the taking of a deposition shall designate one or more officers, directors or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Fed.R.Civ.P. 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| Attorney for Defendant FUJIFILM Corporation | October 19, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Ian G. DiBernardo, 180 Maiden Lane, New York, NY 10038-4982 (212) 806-5400

SSL-DOCS1 1769404v1

## PROOF OF SERVICE

| SERVED | DATE | PLACE |
|---|---|---|
| | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Fed.R.Civ.P., Parts (C) & (D)

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect this premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice is to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed and or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applied, or

(iv) subject a person to undue burden.

(B) If a subpoena

(i) require disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

SSL-DOCS1 1769404v1

2

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

      I, hereby certify that, on October 22, 2007, the within document was electronically filed with the Clerk of the Court using CM-ECF which will send notification of such filing to the following; the document was served by E-mail on the following; and the document is available for viewing and downloading from CM-ECF:

Thomas C. Grimm, Esq.
Leslie A. Polizoti, Esq.
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
tgrimm@mnat.com
lpolizoti@mnat.com

Richard L. Horwitz, Esq.
David E. Moore, Esq.
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899
rhorwitz@potteranderson.com
dmoore@potteranderson.com

Karen L. Pascale, Esq.
Young, Conaway, Stargatt & Taylor, LLP
The Brandywine Bldg., 17th Fl.
1000 West Street
Wilmington, DE 19801
kpascale@ycst.com

David J. Margules, Esq.
John M. Seaman, Esq.
Bouchard Margules & Friedlander, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
dmargules@bmf-law.com
jseaman@bmf-law.com

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899
(302) 984-6000
E-mail: provner@potteranderson.com

759311