# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

HONEYWELL INTERNATIONAL INC. and HONEYWELL
INTELLECTUAL PROPERTIES INC.,

Plaintiffs,

v.-

APPLE COMPUTER, INC.; ALL AROUND CO., LTD.,
ARGUS A/K/A HARTFORD COMPUTER GROUP, INC.;
~~ARIMA DISPLAY; AU OPTRONICS CORP.; AU~~
~~OPTRONICS CORPORATION AMERICA; BOE~~
~~TECHNOLOGY GROUP COMPANY LTD.; BEIJING BOE~~
~~OPTOELECTRONICS TECHNOLOGY CO., LTD.; BOE~~
~~BOE~~-HYDIS TECHNOLOGY CO., LTD.; ~~CASIO~~
~~COMPUTER CO., LTD.; CASIO, INC.; CITIZEN~~
~~SYSTEMS EUROPE; CITIZEN SYSTEMS AMERICA~~
~~CORPORATION;~~CITIZEN WATCH CO., LTD., CITIZEN
DISPLAYS CO., LTD., CONCORD CAMERAS; DELL
INC.; EASTMAN KODAK COMPANY; ~~FUJI PHOTO~~
~~FILM CO., LTD.; FUJI PHOTO FILM~~FUJIFILM
CORPORATION, FUJIFILM U.S.A., INC.;, FUJITSU
LIMITED; FUJITSU AMERICA, INC.; FUJITSU
COMPUTER PRODUCTS OF AMERICA, INC.;
~~HANNSTAR DISPLAY CORPORATION; HITACHI, LTD.;~~
~~HITACHI DISPLAYS, LTD.; HITACHI DISPLAY~~
~~DEVICES, LTD.; HITACHI ELECTRONIC DEVICES~~
~~(USA), INC.; INNOLUX DISPLAY CORPORATION;~~
~~INTERNATIONAL DISPLAY TECHNOLOGY;~~
~~INTERNATIONAL DISPLAY TECHNOLOGY USA, INC.;~~
~~KONINKLIJKE PHILIPS ELECTRONICS N.V.; PHILIPS~~
~~CONSUMER ELECTRONICS NORTH AMERICA;~~
~~PHILIPS ELECTRONICS NORTH AMERICA~~INNOLUX
DISPLAY CORPORATION; KYOCERA WIRELESS
CORP.; MATSUSHITA ELECTRICAL INDUSTRIAL CO.;
MATSUSHITA ELECTRICAL CORPORATION OF
AMERICA; NAVMAN NZ LIMITED; NAVMAN U.S.A.
INC.; OLYMPUS CORPORATION; OLYMPUS AMERICA,
INC.; PENTAX CORPORATION; PENTAX U.S.A., INC.;
PICVUE ELECTRONICS LIMITED; ~~QUANTA DISPLAY~~
~~INC.;~~ SAMSUNG SDI CO., LTD; SAMSUNG SDI
AMERICA, INC.; SONY CORPORATION; SONY
~~CORPORATION OF AMERICA; SONY~~ ERICSSON

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

C.A. No. 04-1338-***
(Consolidated)

JURY TRIAL DEMAND

MOBILE COMMUNICATIONS AB; SONY ERICSSON       )
MOBILE COMMUNICATIONS (USA) INC.; ST LIQUID       )
CRYSTAL DISPLAY CORP.; TOPPOLY       )
OPTOELECTRONICS CORP.; TOSHIBA CORPORATION;       )
TOSHIBA AMERICA, INC.; WINTEK CORP.; WINTEK       )
ELECTRO-OPTICS CORPORATION; WISTRON       )
CORPORATION; and M-DISPLAY OPTRONICS
CORP.,TOSHIBA CORPORATION; and TOSHIBA
AMERICA, INC.;

Defendants.

**REVISED SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

Pursuant to the Court's October 7, 2005 Memorandum Order (D.I. 237), Plaintiffs, for

their Revised Second Amended Complaint against Defendants, hereby allege as follows:

**Nature of the Action**

1.    This is an action for the willful infringement of a United States patent.

**The Parties**

2.    Plaintiff Honeywell International Inc. ("Honeywell International") is a corporation

organized and existing under the laws of Delaware with its principal place of business in

Morristown, New Jersey.

3.    Plaintiff Honeywell Intellectual Properties Inc. ("HIPI") is a corporation organized

and existing under the laws of Arizona with its principal place of business in Tempe, Arizona.

(Honeywell International and HIPI will be referred to collectively as "Honeywell.")

4.    Upon information and belief, Defendant Apple Computer, Inc. ("Apple") is a

California corporation with its principal place of business in Cupertino, California.

5.    Upon information and belief, Defendant All Around Co., Ltd. ("All Around") is a

Taiwan corporation having its principal place of business in Taipei, Taiwan.

6.    Upon information and belief, Defendant Argus, ~~Aa/Kk/Aa~~ Hartford Computer Group, Inc. ("Argus") is an Illinois corporation with its principal place of business in Inverness, Illinois.

~~7.    Upon information and belief, Defendant Arima Display ("Arima Display") is a Taiwan corporation having its principal place of business in Kaohsiung, Taiwan.~~

~~8.    Upon information and belief, Defendant AU Optronics Corp. ("AUO Taiwan") is a Taiwan corporation having its principal place of business in Hsinchu, Taiwan.~~

~~9.    Upon information and belief, Defendant AU Optronics Corporation America ("AUO America") is a California corporation having its principal place of business in Round Rock, Texas. (AUO Taiwan and AUO America will be referred to collectively as "AUO.")~~

~~10.    Upon information and belief, Defendant BOE Technology Group Company Ltd. ("BOE Technology") is a China corporation having its principal place of business in Beijing, China.~~

~~11.    Upon information and belief, Defendant Beijing BOE Optoelectronics Technology Co., Ltd. ("BOE Optoelectronics") is a China corporation having its principal place of business in Beijing, China.~~

<u>7.</u>    ~~12.~~ Upon information and belief, Defendant BOE-Hydis Technology Co., Ltd. ("BOE-Hydis") is a South Korea corporation having its principal place of business in Gyeonggi-do, South Korea. ~~(BOE Technology, BOE Optoelectronics, and BOE-Hydis will be referred to collectively as "BOE.")~~

<u>8.</u>    ~~13.~~ Upon information and belief, ~~Defendant Casio Computer~~<u>Citizen Watch</u> Co., Ltd. ("~~Casio Computer~~<u>Citizen Japan</u>") is a Japan corporation ~~having~~<u>with</u> its principal place of business in Tokyo, Japan.

9.    ~~14.~~ Upon information and belief, Defendant ~~Casio Inc. ("Casio U.S.") is a New York~~Citizen Displays Co., Ltd. ("Citizen Displays") is a Japan corporation having its principal place of business in ~~Dover, New Jersey. (Casio Computer and Casio U.S.~~Tokyo, Japan. (Citizen Japan and Citizen Displays will be referred to collectively as ~~"Casio."~~)

~~15.    Upon information and belief, Defendant Citizen Systems Europe is a United Kingdom corporation having its principal place of business in Middlesex, United Kingdom.~~

~~16.    Upon information and belief, Defendant Citizen Systems America Corporation ("Citizen Systems America") is a California corporation having its principal place of business in Torrance, California. (Citizen Systems Europe and Citizen Systems America will be referred to collectively as "Citizen Systems~~Citizen.")

10.    ~~17.~~ Upon information and belief, Defendant Concord Cameras ("Concord") is a Florida corporation having its principal place of business in Hollywood, Florida.

11.    ~~18.~~ Upon information and belief, Defendant Dell Inc. ("Dell") is a Delaware corporation having its principal place of business in Round Rock, Texas.

12.    ~~19.~~ Upon information and belief, Defendant Eastman Kodak Company ("Kodak") is a New Jersey corporation having its principal place of business in Rochester, New York.

13.    ~~20.~~ Upon information and belief, Defendant ~~Fuji Photo Film Co., Ltd. ("Fuji Photo~~FUJIFILM Corporation. ("FUJIFILM Japan") is a Japan corporation having its principal place of business in Tokyo, Japan.

~~21.    Upon information and belief, Defendant Fujifilm Photonix Co., Ltd. ("Fujifilm Photonix") is a Japan corporation having its principal place of business in Miyagi, Japan. Fujifilm Photonix is a subsidiary of Fuji that manufactures LCD modules.~~

14. 22. Upon information and belief, Defendant ~~Fuji Photo Film~~FUJIFILM U.S.A., Inc. ("~~Fuji Photo~~FUJIFILM U.S.A.") is a New York corporation having its principal place of business in Valhalla, New York. (~~Fuji Photo~~FUJIFILM Japan~~, Fujifilm Photonix,~~ and ~~Fuji Photo~~FUJIFILM U.S.A. will be referred to collectively as "Fuji.")

15. 23. Upon information and belief, Defendant Fujitsu Limited ("Fujitsu Japan") is a Japan corporation having its principal place of business in Kanagawa, Japan.

16. 24. Upon information and belief, Defendant Fujitsu America, Inc. ("Fujitsu America") is a California corporation having its principal place of business in Sunnyvale, California.

17. 25. Upon information and belief, Defendant Fujitsu Computer Products of America, Inc. ("Fujitsu Computer") is a California corporation having its principal place of business in San Jose, California. (Fujitsu Japan, Fujitsu America, and Fujitsu Computer will be referred to collectively as "Fujitsu.")

18. 26. Upon information and belief, Defendant ~~HannStar Display Corporation ("HannStar") is a Taiwan corporation having its principal place of business in Taipei, Taiwan.~~

~~27.    Upon information and belief, Defendant Hitachi, Ltd. ("Hitachi Japan") is a Japan corporation having its principal place of business in Tokyo, Japan.~~

~~28.    Upon information and belief, Defendant Hitachi Displays, Ltd. ("Hitachi Displays") is a Japan corporation having its principal place of business in Tokyo, Japan.~~

~~29.    Upon information and belief, Defendant Hitachi Display Devices, Ltd. ("Hitachi Display Devices") is a Japan corporation having its principal place of business in Mobara-shi, Japan.~~

30.    ~~Upon information and belief, Defendant Hitachi Electronic Devices (USA), Inc.~~ ~~("Hitachi Display US") is a Delaware corporation having its principal place of business in~~ ~~Greenville, South Carolina. (Hitachi Japan, Hitachi Displays, Hitachi Display Devices, and~~ ~~Hitachi Display US will be referred to collectively as "Hitachi.")~~31.    Upon information and ~~belief, Defendant Innolux Display Corporation ("Innolux~~InnoLux Display Corporation ("InnoLux") is a Taiwan corporation having its principal place of business in Chu-nan, Taiwan.

32.    ~~Upon information and belief, Defendant International Display Technology ("ID~~ ~~Tech Japan") is a Japan corporation having its principal place of business in Siga-ken, Japan.~~

33.    ~~Upon information and belief, Defendant International Display Technology USA,~~ ~~Inc. ("ID Tech USA") is a Delaware corporation having its principal place of business in San~~ ~~Jose, California. (ID Tech Japan and ID Tech USA will be referred to collectively as "ID Tech.")~~

34.    ~~Upon information and belief, Defendant Koninklijke Philips Electronics N.V.~~ ~~("Philips Netherlands") is a Netherlands corporation having its principal place of business in~~ ~~Eindhoven, Netherlands.~~

35.    ~~Upon information and belief, Defendant Philips Consumer Electronics North~~ ~~America ("Philips Consumer N.A.") is a Delaware corporation having its principal place of~~ ~~business in Atlanta, Georgia.~~

36.    ~~Upon information and belief, Defendant Philips Electronics North America~~ ~~Corporation ("Philips N.A.") is a Delaware corporation having its principal place of business in~~ ~~New York, New York. (Philips Netherlands, Philiips Consumer N.A., and Philips N.A. will be~~ ~~referred to collectively as "Philips.")~~

19.    37.    Upon information and belief, Defendant Kyocera Wireless Corp. ("Kyocera Wireless") is a California corporation having its principal place of business in San Diego, California.

20.    38.    Upon information and belief, Defendant Matsushita Electrical Industrial Co. ("Matsushita Japan") is a Japan corporation having its principal place of business in Osaka, Japan.

21.    39.    Upon information and belief, Defendant Matsushita Electrical Corporation of America ("Matsushita America") is a Delaware corporation having its principal place of business in Secaucus, New Jersey.  (Matsushita Japan and Matsushita America will be referred to collectively as "Matsushita.")

22.    40.    Upon information and belief, Defendant Navman NZ Limited ("Navman New Zealand") is a New Zealand corporation having its principal place of business in Auckland, New Zealand.

23.    41.    Upon information and belief, Defendant Navman U.S.A., Inc. ("Navman U.S.") is a Delaware corporation having its principal place of business in Acton, Massachusetts. (Navman New Zealand and Navman U.S. will be referred to collectively as "Navman.")

24.    42.    Upon information and belief, Defendant Olympus Corporation ("Olympus Japan") is a Japan corporation having its principal place of business in Tokyo, Japan.

25.    43.    Upon information and belief, Defendant Olympus America, Inc. ("Olympus America") is a New York corporation having its principal place of business in Melville, New York.  (Olympus Japan and Olympus America will be referred to collectively as "Olympus.")

26. 44. Upon information and belief, Defendant Pentax Corporation ("Pentax Japan") is a Japan corporation having its principal place of business in Tokyo, Japan.

27. 45. Upon information and belief, Defendant Pentax U.S.A., Inc. ("Pentax U.S.A.") is a Delaware corporation having its principal place of business in Golden, Colorado. (Pentax Japan and Pentax U.S.A. will be referred to collectively as "Pentax.")

28. 46. Upon information and belief, Defendant Picvue Electronics Limited. ("Picvue") is a Taiwan corporation having its principal place of business in Hsinchu, Taiwan.

47. Upon information and belief, Tech-Well (Shanghai) Display Co. ("Tech-Well") is a China corporation having its principal place of business in Shanghai, China. Tech-Well is a subsidiary of Quanta that manufactures LCD modules.

48. Upon information and belief, Defendant Quanta Display Inc. ("Quanta Display") is a Taiwan corporation having its principal place of business in Taoyuan, Taiwan. (Techwell and Quanta Display will be referred to collectively as "Quanta Display.")

29. 49. Upon information and belief, Defendant Samsung SDI Co., Ltd. ("SDI Korea") is a South Korea corporation having its principal place of business in Seoul, South Korea.

30. 50. Upon information and belief, Defendant Samsung SDI America, Inc. ("SDI America") is a California corporation having its principal place of business in Rancho Dominguez, California. (SDI Korea and SDI America will be referred to collectively as "Samsung SDI.")

31. 51. Upon information and belief, Defendant Sony Corporation ("Sony Japan") is a Japan corporation having its principal place of business in Tokyo, Japan.

52. ~~Upon information and belief, Defendant Sony Corporation of America ("Sony America") is a New York corporation having its principal place of business in New York, New York. (Sony Japan and Sony America will be referred to collectively as "Sony.")~~

32. ~~53.~~ Upon information and belief, Defendant Sony Ericsson Mobile Communications AB ("Sony Ericsson England") is an England corporation having its principal place of business in London, England.

33. ~~54.~~ Upon information and belief, Defendant Sony Ericsson Mobile Communications (USA) Inc. ("Sony Ericsson USA") is a Delaware corporation having its principal place of business in Research Triangle Park, North Carolina. (Sony Ericsson England and Sony Ericsson USA will be referred to collectively as "Sony Ericsson.")

55. ~~Upon information and belief, Defendant ST Liquid Crystal Display Corp. ("ST-LCD") is a Japan corporation having its principal place of business in Aichi, Japan.~~

56. ~~Upon information and belief, Toppoly Nanjing is a China corporation having its principal place of business in Nanjing, China. Toppoly Nanjing is a subsidiary of Toppoly Optoelectronics Corp. that manufactures LCD modules.~~

57. ~~Upon information and belief, Defendant Toppoly Optoelectronics Corp. ("Toppoly") is a Taiwan corporation having its principal place of business in Miao-Li County, Taiwan. (Toppoly Nanjing and Toppoly will be referred to collectively as "Toppoly.")~~

34. ~~58.~~ Upon information and belief, Defendant Toshiba Corporation ("Toshiba Japan") is a Japan corporation having its principal place of business in Tokyo, Japan.

35. ~~59.~~ Upon information and belief, Defendant Toshiba America, Inc. ("Toshiba America") is a Delaware corporation having its principal place of business in Irvine, California. (Toshiba Japan and Toshiba America will be referred to collectively as "Toshiba.").

60. Upon information and belief, United Win (China) Technology Ltd. ("United Win") is a China corporation having its principal place of business in China. United Win is a subsidiary of Wintek Corp. that manufactures LCD modules.

61. Upon information and belief, Dongguan Masstop Liquid Crystal Display Co., Ltd. ("Dongguan") is a China corporation having its principal place of business in Dongguan, China. Dongguan is a subsidiary of Wintek Corp. that manufactures LCD modules.

62. Upon information and belief, Defendant Wintek Corp. ("Wintek Taiwan") is a Taiwan corporation having its principal place of business in Taichung, Taiwan.

63. Upon information and belief, Defendant Wintek Electro-Optics Corporation ("Wintek US") is a Delaware corporation having its principal place of business in Ann Arbor, Michigan. (United Win, Dongguan, Wintek Taiwan and Wintek US will be referred to collectively as "Wintek.").

64. Upon information and belief, Defendant Wistron Corporation ("Wistron") is a Taiwan corporation having its principal place of business in Taipei, Taiwan.

65. Upon information and belief, M-Display Optronics Corp. d/b/a M-Display Corporation ("M-Display"), is a Taiwan corporation having its principal place of business in Hsinchu, Taiwan. Also upon information and belief, M-Display is Wistron's affiliate and a manufacturer of its LCD modules. (Wistron and M-Display will be referred to collectively as "Wistron.")

66. Upon information and belief, Epson Europe Electronics GmbH ("Epson Europe") is a German corporation having its principal place of business in Munchen, Germany. Epson Europe is a related entity of Seiko Epson Corporation (an intervenor in this action) that sells and/or distributes LCD modules.

~~67.     Upon information and belief, Epson Hong Kong Ltd. ("Epson Hong Kong") is a Hong Kong corporation having its principal place of business in Wanchai, Hong Kong. Epson Hong Kong is a related entity of Seiko Epson Corporation (an intervenor in this action) that sells and/or distributes LCD modules. (Epson Europe and Epson Hong Kong will be collectively referred to herein as "the Epson subsidiaries.")~~

## Jurisdiction and Venue

36.     ~~68.~~     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1338(a).

37.     ~~69.~~     Personal jurisdiction over defendants comports with the United States Constitution and § 3104 of title 10 of the Delaware Code because defendants have committed and continue to commit, have contributed to and continue to contribute to, and have induced and continue to induce, acts of patent infringement in this district as alleged in this ~~First~~Revised Second Amended Complaint.

38.     ~~70.~~     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## Background to the Action

39.     ~~71.~~     In the 1980s, years before LCD screen-containing products such as cellular phones, digital cameras, PDAs, and portable DVD players became ubiquitous in the consumer electronics market, the aviation and aerospace industry became interested in replacing traditional cockpit displays with LCD displays. Honeywell invested heavily in developing the technology necessary to provide LCD displays that would meet this need.

40.     ~~72.~~     Among Honeywell's LCD display inventions was technology that enables a display to produce a brighter image (making the screen easier to see) without requiring

additional power while helping to reduce the appearance of an undesirable interference pattern called the "Moire effect" on the screen.  Honeywell protected this invention by obtaining United States Patent No. 5,280,371, (the "'371 Patent"), which was duly and legally issued by the United States Patent and Trademark Office on January 18, 1994.  A copy of the '371 Patent is attached hereto as Exhibit 1.

41.    73.    Honeywell possesses the right to sue infringers of the '371 Patent.

**Acts Giving Rise to the Action**

42.    74.    Apple has been and is engaged in the manufacture, importation, offer for sale, and/or sale of products that include a liquid crystal display (LCD) in the United States with the knowledge and intention that such LCD screen-containing products would be sold throughout the United States, including this judicial district.  Such products include at least one of the following: laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, portable televisions, portable entertainment systems, and/or portable navigation aids.

43.    75.    All Around has been and is engaged in the manufacture, importation, offer for sale, and/or sale of liquid crystal display (LCD) modules that are incorporated into products that are sold in the United States with the knowledge and intention that such LCD screen-containing products would be sold throughout the United States, including this judicial district.  Such products include at least one of the following: laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, portable televisions, portable entertainment systems, and/or portable navigation aids.

44.    76.    Argus has been and is engaged in the manufacture, importation, offer for sale, and/or sale of products that include a liquid crystal display (LCD) in the United States with

the knowledge and intention that such LCD screen-containing products would be sold throughout the United States, including this judicial district. Such products include at least one of the following: laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, portable televisions, portable entertainment systems, and/or portable navigation aids.

77. Arima Display has been and is engaged in the manufacture, importation, offer for sale, and/or sale of liquid crystal display (LCD) modules that are incorporated into products that are sold in the United States with the knowledge and intention that such LCD screen-containing products would be sold throughout the United States, including this judicial district. Such products include at least one of the following: laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, portable televisions, portable entertainment systems, and/or portable navigation aids.

78. AUO has been and is engaged in the manufacture, importation, offer for sale, and/or sale of liquid crystal display (LCD) modules that are incorporated into products that are sold in the United States with the knowledge and intention that such LCD screen-containing products would be sold throughout the United States, including this judicial district. Such products include at least one of the following: laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, portable televisions, portable entertainment systems, and/or portable navigation aids.

45. 79. BOE-Hydis has been and is engaged in the manufacture, importation, offer for sale, and/or sale of liquid crystal display (LCD) modules that are incorporated into products that are sold in the United States with the knowledge and intention that such LCD screen-containing products would be sold throughout the United States, including this judicial district.

Such products include at least one of the following: laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, portable televisions, portable entertainment systems, and/or portable navigation aids.

80. Casio has been and is engaged in the use, manufacture, importation, offer for sale, and/or sale of liquid crystal display (LCD) modules and/or products that include an LCD module in the United States with the knowledge and intention that such LCD modules and/or products would be sold throughout the United States, including this judicial district. Such products include at least one of the following: LCD modules, laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, portable televisions, portable entertainment systems, and/or portable navigation aids.

46. 81. Citizen Systems has been and is engaged in the manufacture, importation, offer for sale, and/or sale of liquid crystal display (LCD) modules that are incorporated into products that are sold in the United States with the knowledge and intention that such LCD screen-containing products would be sold throughout the United States, including this judicial district. Such products include at least one of the following: laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, portable televisions, portable entertainment systems, and/or portable navigation aids.

47. 82. Concord has been and is engaged in the manufacture, importation, offer for sale, and/or sale products that include a liquid crystal display (LCD) in the United States with the knowledge and intention that such LCD screen-containing products would be sold throughout the United States, including this judicial district. Such products include at least one of the following: laptop computers, cellular phones, PDAs, digital still cameras, video cameras,

portable DVD players, portable televisions, portable entertainment systems, and/or portable navigation aids.

48.    ~~83.~~    Dell has been and is engaged in the manufacture, importation, offer for sale, and/or sale of products that include a liquid crystal display (LCD) in the United States with the knowledge and intention that such LCD screen-containing products would be sold throughout the United States, including this judicial district.  Such products include at least one of the following:  laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, portable televisions, portable entertainment systems, and/or portable navigation aids.

49.    ~~84.~~    Kodak has been and is engaged in the manufacture, importation, offer for sale, and/or sale products that include a liquid crystal display (LCD) in the United States with the knowledge and intention that such LCD screen-containing products would be sold throughout the United States, including this judicial district.  Such products include at least one of the following: laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, portable televisions, portable entertainment systems, and/or portable navigation aids.

50.    ~~85.~~    Fuji has been and is engaged in the manufacture, importation, offer for sale, and/or sale of liquid crystal display (LCD) modules and/or products that include an LCD module in the United States with the knowledge and intention that such LCD modules and/or products would be sold throughout the United States, including this judicial district.  Such products include at least one of the following: laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, portable televisions, portable entertainment systems, and/or portable navigation aids.

51.   86.   Fujitsu has been and is engaged in the manufacture, importation, offer for sale, and/or sale of products that include a liquid crystal display (LCD) in the United States with the knowledge and intention that such LCD screen-containing products would be sold throughout the United States, including this judicial district.   Such products include at least one of the following: laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, portable televisions, portable entertainment systems, and/or portable navigation aids.

52.   87.   HannStarInnoLux has been and is engaged in the manufacture, importation, offer for sale, and/or sale of liquid crystal display (LCD) modules that are incorporated into products that are sold in the United States with the knowledge and intention that such LCD screen-containing products would be sold throughout the United States, including this judicial district.   Such products include at least one of the following: laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, portable televisions, portable entertainment systems, and/or portable navigation aids.

88.   Hitachi has been and is engaged in the manufacture, importation, offer for sale, and/or sale of liquid crystal display (LCD) modules that are incorporated into products that are sold in the United States with the knowledge and intention that such LCD screen-containing products would be sold throughout the United States, including this judicial district. Such products include at least one of the following: laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, portable televisions, portable entertainment systems, and/or portable navigation aids.

89.   Innolux has been and is engaged in the manufacture, importation, offer for sale, and/or sale of liquid crystal display (LCD) modules that are incorporated into products that are

16

~~sold in the United States with the knowledge and intention that such LCD screen-containing products would be sold throughout the United States, including this judicial district. Such products include at least one of the following: laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, portable televisions, portable entertainment systems, and/or portable navigation aids.~~

~~90.    ID Tech has been and is engaged in the manufacture, importation, offer for sale, and/or sale of liquid crystal display (LCD) modules that are incorporated into products that are sold in the United States with the knowledge and intention that such LCD screen-containing products would be sold throughout the United States, including this judicial district. Such products include at least one of the following: laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, portable televisions, portable entertainment systems, and/or portable navigation aids.~~

~~91.    Philips has been and is engaged in the manufacture, importation, offer for sale, and/or sale of liquid crystal display (LCD) modules that are incorporated into products that are sold in the United States with the knowledge and intention that such LCD screen-containing products would be sold throughout the United States, including this judicial district. Such products include at least one of the following: laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, portable televisions, portable entertainment systems, and/or portable navigation aids.~~

<u>53.</u>    ~~92.~~    Kyocera Wireless has been and is engaged in the manufacture, importation, offer for sale, and/or sale of products that include a liquid crystal display (LCD) in the United States with the knowledge and intention that such LCD screen-containing products would be sold throughout the United States, including this judicial district. Such products

include at least one of the following: laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, portable televisions, portable entertainment systems, and/or portable navigation aids.

54. ~~93.~~ Matsushita has been and is engaged in the use, manufacture, importation, offer for sale, and/or sale of liquid crystal display (LCD) modules and/or products that include an LCD module in the United States with the knowledge and intention that such LCD modules and/or module products would be sold throughout the United States, including this judicial district. Such products include at least one of the following: LCD modules, laptop computers, cellular phones, PDAs, portable DVD players, portable televisions, portable entertainment systems, and/or portable navigation aids.

55. ~~94.~~ Navman has been and is engaged in the manufacture, importation, offer for sale, and/or sale of products that include a liquid crystal display (LCD) in the United States with the knowledge and intention that such LCD screen-containing products would be sold throughout the United States, including this judicial district. Such products include at least one of the following: laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, portable televisions, portable entertainment systems, and/or portable navigation aids.

56. ~~95.~~ Olympus has been and is engaged in the manufacture, importation, offer for sale, and/or sale of products that include a liquid crystal display (LCD) in the United States with the knowledge and intention that such LCD screen-containing products would be sold throughout the United States, including this judicial district. Such products include at least one of the following: laptop computers, cellular phones, PDAs, digital still cameras, video cameras,

portable DVD players, portable televisions, portable entertainment systems, and/or portable navigation aids.

57.    96.    Pentax has been and is engaged in the manufacture, importation, offer for sale, and/or sale of products that include a liquid crystal display (LCD) in the United States with the knowledge and intention that such LCD screen-containing products would be sold throughout the United States, including this judicial district.  Such products include at least one of the following: laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, portable televisions, portable entertainment systems, and/or portable navigation aids.

58.    97.    Picvue has been and is engaged in the manufacture, importation, offer for sale, and/or sale of liquid crystal display (LCD) modules that are incorporated into products that are sold in the United States with the knowledge and intention that such LCD screen-containing products would be sold throughout the United States, including this judicial district.  Such products include at least one of the following: laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, portable televisions, portable entertainment systems, and/or portable navigation aids.

98.    Quanta Display has been and is engaged in the manufacture, importation, offer for sale, and/or sale of liquid crystal display (LCD) modules that are incorporated into products that are sold in the United States with the knowledge and intention that such LCD screen-containing products would be sold throughout the United States, including this judicial district. Such products include at least one of the following: laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, portable televisions, portable entertainment systems, and/or portable navigation aids.

59. 99. Samsung SDI has been and is engaged in the manufacture, importation, offer for sale, and/or sale of liquid crystal display (LCD) modules that are incorporated into products that are sold in the United States with the knowledge and intention that such LCD screen-containing products would be sold throughout the United States, including this judicial district. Such products include at least one of the following: laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, portable televisions, portable entertainment systems, and/or portable navigation aids.

60. 100. Sony has been and is engaged in the use, manufacture, importation, offer for sale, and/or sale of liquid crystal display (LCD) modules and/or products that include an LCD module in the United States with the knowledge and intention that such LCD modules and/or products would be sold throughout the United States, including this judicial district. Such products include at least one of the following: LCD modules, laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, portable televisions, portable entertainment systems, and/or portable navigation aids.

61. 101. Sony Ericsson has been and is engaged in the manufacture, importation, offer for sale, and/or sale of products that include a liquid crystal display (LCD) in the United States with the knowledge and intention that such LCD screen-containing products would be sold throughout the United States, including this judicial district. Such products include at least one of the following: laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, portable televisions, portable entertainment systems, and/or portable navigation aids.

102. ST-LCD has been and is engaged in the manufacture, importation, offer for sale, and/or sale of liquid crystal display (LCD) modules that are incorporated into products that are

20

sold in the United States with the knowledge and intention that such LCD screen-containing products would be sold throughout the United States, including this judicial district. Such products include at least one of the following: laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, portable televisions, portable entertainment systems, and/or portable navigation aids.

103.    Toppoly has been and is engaged in the manufacture, importation, offer for sale, and/or sale of liquid crystal display (LCD) modules that are incorporated into products that are sold in the United States with the knowledge and intention that such LCD screen-containing products would be sold throughout the United States, including this judicial district. Such products include at least one of the following: laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, portable televisions, portable entertainment systems, and/or portable navigation aids.

62.    104.    Toshiba has been and is engaged in the use, manufacture, importation, offer for sale, and/or sale of liquid crystal display (LCD) modules and/or products that include an LCD module in the United States with the knowledge and intention that such LCD modules and/or products would be sold throughout the United States, including this judicial district. Such products include at least one of the following: LCD modules, laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, portable televisions, portable entertainment systems, and/or portable navigation aids.

105.    Wintek has been and is engaged in the manufacture, importation, offer for sale, and/or sale of liquid crystal display (LCD) modules that are incorporated into products that are sold in the United States with the knowledge and intention that such LCD screen-containing products would be sold throughout the United States, including this judicial district. Such

~~products include at least one of the following: laptop computers, cellular phones, PDAs, digital~~ ~~still cameras, video cameras, portable DVD players, portable televisions, portable entertainment~~ ~~systems, and/or portable navigation aids.~~

~~106.    Wistron has been and is engaged in the manufacture, importation, offer for sale,~~ ~~and/or sale of liquid crystal display (LCD) modules that are incorporated into products that are~~ ~~sold in the United States with the knowledge and intention that such LCD screen-containing~~ ~~products would be sold throughout the United States, including this judicial district. Such~~ ~~products include at least one of the following: laptop computers, cellular phones, PDAs, digital~~ ~~still cameras, video cameras, portable DVD players, portable televisions, portable entertainment~~ ~~systems, and/or portable navigation aids.~~

~~107.    The Epson subsidiaries have been and are engaged in the manufacture,~~ ~~importation, offer for sale, and/or sale of liquid crystal display (LCD) modules that are~~ ~~incorporated into products that are sold in the United States with the knowledge and intention~~ ~~that such LCD screen-containing products would be sold throughout the United States, including~~ ~~this judicial district. Such products include at least one of the following: laptop computers,~~ ~~cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, portable~~ ~~televisions, portable entertainment systems, and/or portable navigation aids.~~

63.    ~~108.~~    At least some of the LCD modules and/or LCD screen-containing products manufactured, imported, offered for sale, and/or sold by Apple, All Around, Argus, ~~Arima Display, AUO, BOE, Casio~~BOE-Hydis, Citizen ~~Systems~~, Concord, Dell, Kodak, Fuji, Fujitsu, ~~HannStar, Hitachi, Innolux, ID Tech, Philips~~InnoLux, Kyocera Wireless, Matsushita, Navman, Olympus, Pentax, Picvue, ~~Quanta Display,~~ Samsung SDI, Sony, Sony Ericsson, ~~ST-LCD,~~ ~~Toppoly,~~and Toshiba, ~~Wintek, Wistron, and the Epson subsidiaries~~ infringe the '371 patent

literally and/or under the doctrine of equivalents, making Apple, All Around, Argus, ~~Arima Display, AUO, BOE, Casio~~<u>BOE-Hydis</u>, Citizen ~~Systems~~, Concord, Dell, Kodak, Fuji, Fujitsu, ~~HannStar, Hitachi, Innolux, ID Tech, Philips~~<u>InnoLux</u>, Kyocera Wireless, Matsushita, Navman, Olympus, Pentax, Picvue, ~~Quanta Display,~~ Samsung SDI, Sony, Sony Ericsson, ~~ST-LCD, Toppoly,~~<u>and</u> Toshiba, ~~Wintek, Wistron, and the Epson Subsidiaries~~ liable for direct and/or indirect infringement under 35 U.S.C. § 271.

 <u>64.</u> ~~109.~~ The manufacture, importation, offer for sale, or sale of these infringing products, and/or the continued such manufacture, importation, offer for sale, or sale of them in the future by Apple, All Around, Argus, ~~Arima Display, AUO, BOE, Casio~~<u>BOE-Hydis</u>, Citizen ~~Systems~~, Concord, Dell, Kodak, Fuji, Fujitsu, ~~HannStar, Hitachi, Innolux, ID Tech, Philips~~<u>InnoLux</u>, Kyocera Wireless, Matsushita, Navman, Olympus, Pentax, Picvue, ~~Quanta Display,~~ Samsung SDI, Sony, Sony Ericsson, ~~ST-LCD, Toppoly,~~<u>and</u> Toshiba, ~~Wintek, Wistron, and the Epson subsidiaries~~ is and/or will be willful, warranting a finding that this is an exceptional case pursuant to 35 U.S.C. § 285, entitling Honeywell to treble damages, and an award of attorneys' fees.

**Prayer For Relief**

WHEREFORE, Plaintiffs pray for entry of a judgment against Defendants as follows:

a.    That Defendants have infringed the '371 patent;

b.    That Defendants, and their respective agents, servants, officers, directors, employees and all persons acting in concert with them, directly or indirectly, be preliminarily and permanently enjoined from infringing, inducing others to infringe, or contributing to the infringement of the '371 patent;

c.    That Defendants account for and pay to Plaintiffs damages adequate to compensate them for Defendants' infringement, including an accounting, in an amount to be proven at trial, together with interest and costs as fixed by the Court;

d.    Finding that Defendants' infringement has been willful and trebling the award of damages;

e.    Declaring that this case is exceptional and awarding Plaintiffs their costs and attorneys' fees in accordance with 35 U.S.C. § 285; and

f.    That Plaintiffs be awarded such other and further relief as the Court may deem just and equitable.

## Jury Demand

Plaintiffs hereby demand a trial by jury on all issues triable by a jury.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Thomas C. Grimm

Thomas C. Grimm (#1098)
Benjamin J. Schladweiler (#4601)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
tgrimm@mnat.com
bschladweiler@mnat.com
*Attorneys for Plaintiffs*

*OF COUNSEL:*

Martin R. Lueck
ROBINS, KAPLAN, MILLER
  & CIRESI L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
(612) 349-8500

~~October 24,~~ November 6, 2007
530570

## ~~CERTIFICATE OF SERVICE~~

~~I hereby certify that on October 24, 2007, I electronically filed the foregoing~~

~~document with the Clerk of Court using CM/ECF, which will send notification of such filing to~~

~~all registered participants.~~

~~I also certify that on October 24, 2007, I caused to be served true and correct~~

~~copies of the foregoing on the following as indicated below:~~

~~BY HAND & E-MAIL:~~

~~John W. Shaw~~                         ~~Karen L. Pascale~~
~~Monte T. Squire~~                      ~~YOUNG CONAWAY STARGATT~~
~~YOUNG CONAWAY STARGATT~~               ~~& TAYLOR, LLP~~
~~& TAYLOR LLP~~                         ~~The Brandywine Building, 17th floor~~
~~1000 West Street, 17th Floor~~         ~~1000 West Street~~

P.O. Box 391
Wilmington, DE 19899-0391
jshaw@ycst.com

*Attorneys for Sony Corporation*

Philip A. Rovner
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899
provner@potteranderson.com

*Attorneys for FUJIFILM Corporation
and FUJIFILM U.S.A., Inc.*

Matt Neiderman
DUANE MORRIS LLP
1100 North Market Street, 12th Floor
Wilmington, DE 19801-1246
MNeiderman@duanemorris.com

*Attorneys for InnoLux Display Corporation*

Wilmington, DE 19801
kpascale@ycst.com

*Attorneys for Optrex America, Inc.*

David J. Margules
John M. Seaman
BOUCHARD MARGULES
& FRIEDLANDER, P.A.
222 Delaware Ave., Suite 1400
Wilmington DE 19801
dmargules@BMF-law.com

*Attorneys for Citizen Watch Co., Ltd.
and Citizen Displays Co., Ltd.*

Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899
rhorwitz@potteranderson.com

*Attorneys for Samsung SDI America, Inc.
and Samsung SDI Co., Ltd.*

**BY E-MAIL:**

Andrew M. Ollis
OBLON, SPIVAK, McCLELLAND,
MAIER & NEUSTADT, P.C.
1940 Duke Street
Alexandria, VA 22314
aollis@oblon.com

*Attorneys for Optrex America, Inc.*

Stephen S. Korniczky
Elizabeth L. Brann
PAUL, HASTINGS, JANOFSKY
 & WALKER LLP
3579 Valley Centre Drive
San Diego, CA  92130
stephenkorniczky@paulhastings.com
elizabethbrann@paulhastings.com


Hamilton Loeb
PAUL, HASTINGS, JANOFSKY
 & WALKER LLP
875 15th Street, N.W.
Washington, DC  20005
hamiltonloeb@paulhastings.com

*Attorneys for Samsung SDI Co., Ltd.
and Samsung SDI America, Inc.*


John Flock
KENYON & KENYON
One Broadway
New York, NY  10004-1050
jflock@kenyon.com

*Attorneys for Sony Corporation*

Stuart Lubitz
HOGAN & HARTSON LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA  90067
slubitz@hhlaw.com

*Attorneys for Citizen Watch Co., Ltd.
and Citizen Displays Co., Ltd.*


Lawrence Rosenthal
Matthew W. Siegal
STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY  10038-4982
lrosenthal@stroock.com
msiegal@stroock.com

*Attorneys for FUJIFILM Corporation
and FUJIFILM U.S.A., Inc.*

Donald R. McPhail
DUANE MORRIS LLP
1667 K Street, N.W., Suite 700
Washington, DC  20006
drmcphail@duanemorris.com

*Attorneys for InnoLux Display Corporation*

**BY FEDERAL EXPRESS**

Mr. Seong Yoon Jeong
Assistant Manager
Technology Planning Group
BOE HYDIS TECHNOLOGY CO., LTD.
San 136-1, Ami-ri, Bubal-eub
Ichon-si, Gyeonggi-do 467-701
Republic of Korea

/s/ Thomas C. Grimm

Thomas C. Grimm (#1098)
tgrimm@mnat.com

530570
1299233

Document comparison by Workshare Professional on Tuesday, November 06, 2007 3:32:40 PM

| Input: | |
|---|---|
| Document 1 ID | interwovenSite://mnat-idms/WILM/530570/3 |
| Description | #530570v3<WILM> - Honeywell/CC:  Second Amended Complaint |
| Document 2 ID | interwovenSite://mnat-idms/WILM/1299233/1 |
| Description | #1299233v1<WILM> - Honeywell/CC:  REVISED Second Amended Complaint |
| Rendering set | standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 37 |
| Deletions | 292 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 329 |