IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HONEYWELL INTERNATIONAL INC. and<br>HONEYWELL INTELLECTUAL PROPERTIES INC.,<br><br>        Plaintiffs,<br><br>    v.<br><br>APPLE COMPUTER, INC.; ALL AROUND CO., LTD.,<br>ARGUS A/K/A HARTFORD COMPUTER GROUP, INC.;<br>BOE-HYDIS TECHNOLOGY CO., LTD.; CITIZEN<br>WATCH CO., LTD., CITIZEN DISPLAYS CO., LTD.,<br>CONCORD CAMERAS; DELL INC.; EASTMAN KODAK<br>COMPANY; FUJIFILM CORPORATION, FUJIFILM<br>U.S.A., INC., FUJITSU LIMITED; FUJITSU AMERICA,<br>INC.; FUJITSU COMPUTER PRODUCTS OF AMERICA,<br>INC.; INNOLUX DISPLAY CORPORATION; KYOCERA<br>WIRELESS CORP.; MATSUSHITA ELECTRICAL<br>INDUSTRIAL CO.; MATSUSHITA ELECTRICAL<br>CORPORATION OF AMERICA; NAVMAN NZ LIMITED;<br>NAVMAN U.S.A. INC.; OLYMPUS CORPORATION;<br>OLYMPUS AMERICA, INC.; PENTAX CORPORATION;<br>PENTAX U.S.A., INC.; PICVUE ELECTRONICS<br>LIMITED; SAMSUNG SDI CO., LTD; SAMSUNG SDI<br>AMERICA, INC.; SONY CORPORATION; SONY<br>ERICSSON MOBILE COMMUNICATIONS AB; SONY<br>ERICSSON MOBILE COMMUNICATIONS (USA) INC.;<br>TOSHIBA CORPORATION; and TOSHIBA AMERICA,<br>INC.;<br><br>        Defendants. | C.A. No. 04-1338-***<br>(Consolidated)<br><br>JURY TRIAL DEMAND |

**REVISED SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

    Pursuant to the Court's October 7, 2005 Memorandum Order (D.I. 237), Plaintiffs, for their Revised Second Amended Complaint against Defendants, hereby allege as follows:

**Nature of the Action**

    1.    This is an action for the willful infringement of a United States patent.

**The Parties**

2. Plaintiff Honeywell International Inc. ("Honeywell International") is a corporation organized and existing under the laws of Delaware with its principal place of business in Morristown, New Jersey.

3. Plaintiff Honeywell Intellectual Properties Inc. ("HIPI") is a corporation organized and existing under the laws of Arizona with its principal place of business in Tempe, Arizona. (Honeywell International and HIPI will be referred to collectively as "Honeywell.")

4. Upon information and belief, Defendant Apple Computer, Inc. ("Apple") is a California corporation with its principal place of business in Cupertino, California.

5. Upon information and belief, Defendant All Around Co., Ltd. ("All Around") is a Taiwan corporation having its principal place of business in Taipei, Taiwan.

6. Upon information and belief, Defendant Argus, a/k/a Hartford Computer Group, Inc. ("Argus") is an Illinois corporation with its principal place of business in Inverness, Illinois.

7. Upon information and belief, Defendant BOE-Hydis Technology Co., Ltd. ("BOE-Hydis") is a South Korea corporation having its principal place of business in Gyeonggi-do, South Korea.

8. Upon information and belief, Citizen Watch Co., Ltd. ("Citizen Japan") is a Japan corporation with its principal place of business in Tokyo, Japan.

9. Upon information and belief, Defendant Citizen Displays Co., Ltd. ("Citizen Displays") is a Japan corporation having its principal place of business in Tokyo, Japan. (Citizen Japan and Citizen Displays will be referred to collectively as "Citizen.")

10. Upon information and belief, Defendant Concord Cameras ("Concord") is a Florida corporation having its principal place of business in Hollywood, Florida.

11. Upon information and belief, Defendant Dell Inc. ("Dell") is a Delaware corporation having its principal place of business in Round Rock, Texas.

12. Upon information and belief, Defendant Eastman Kodak Company ("Kodak") is a New Jersey corporation having its principal place of business in Rochester, New York.

13. Upon information and belief, Defendant FUJIFILM Corporation. ("FUJIFILM Japan") is a Japan corporation having its principal place of business in Tokyo, Japan.

14. Upon information and belief, Defendant FUJIFILM U.S.A., Inc. ("FUJIFILM U.S.A.") is a New York corporation having its principal place of business in Valhalla, New York. (FUJIFILM Japan and FUJIFILM U.S.A. will be referred to collectively as "Fuji.")

15. Upon information and belief, Defendant Fujitsu Limited ("Fujitsu Japan") is a Japan corporation having its principal place of business in Kanagawa, Japan.

16. Upon information and belief, Defendant Fujitsu America, Inc. ("Fujitsu America") is a California corporation having its principal place of business in Sunnyvale, California.

17. Upon information and belief, Defendant Fujitsu Computer Products of America, Inc. ("Fujitsu Computer") is a California corporation having its principal place of business in San Jose, California. (Fujitsu Japan, Fujitsu America, and Fujitsu Computer will be referred to collectively as "Fujitsu.")

18. Upon information and belief, Defendant InnoLux Display Corporation ("InnoLux") is a Taiwan corporation having its principal place of business in Chu-nan, Taiwan.

19. Upon information and belief, Defendant Kyocera Wireless Corp. ("Kyocera Wireless") is a California corporation having its principal place of business in San Diego, California.

20. Upon information and belief, Defendant Matsushita Electrical Industrial Co. ("Matsushita Japan") is a Japan corporation having its principal place of business in Osaka, Japan.

21. Upon information and belief, Defendant Matsushita Electrical Corporation of America ("Matsushita America") is a Delaware corporation having its principal place of business in Secaucus, New Jersey. (Matsushita Japan and Matsushita America will be referred to collectively as "Matsushita.")

22. Upon information and belief, Defendant Navman NZ Limited ("Navman New Zealand") is a New Zealand corporation having its principal place of business in Auckland, New Zealand.

23. Upon information and belief, Defendant Navman U.S.A., Inc. ("Navman U.S.") is a Delaware corporation having its principal place of business in Acton, Massachusetts. (Navman New Zealand and Navman U.S. will be referred to collectively as "Navman.")

24. Upon information and belief, Defendant Olympus Corporation ("Olympus Japan") is a Japan corporation having its principal place of business in Tokyo, Japan.

25. Upon information and belief, Defendant Olympus America, Inc. ("Olympus America") is a New York corporation having its principal place of business in Melville, New York. (Olympus Japan and Olympus America will be referred to collectively as "Olympus.")

26. Upon information and belief, Defendant Pentax Corporation ("Pentax Japan") is a Japan corporation having its principal place of business in Tokyo, Japan.

27. Upon information and belief, Defendant Pentax U.S.A., Inc. ("Pentax U.S.A.") is a Delaware corporation having its principal place of business in Golden, Colorado. (Pentax Japan and Pentax U.S.A. will be referred to collectively as "Pentax.")

28. Upon information and belief, Defendant Picvue Electronics Limited. ("Picvue") is a Taiwan corporation having its principal place of business in Hsinchu, Taiwan.

29. Upon information and belief, Defendant Samsung SDI Co., Ltd. ("SDI Korea") is a South Korea corporation having its principal place of business in Seoul, South Korea.

30. Upon information and belief, Defendant Samsung SDI America, Inc. ("SDI America") is a California corporation having its principal place of business in Rancho Dominguez, California. (SDI Korea and SDI America will be referred to collectively as "Samsung SDI.")

31. Upon information and belief, Defendant Sony Corporation ("Sony") is a Japan corporation having its principal place of business in Tokyo, Japan.

32. Upon information and belief, Defendant Sony Ericsson Mobile Communications AB ("Sony Ericsson England") is an England corporation having its principal place of business in London, England.

33. Upon information and belief, Defendant Sony Ericsson Mobile Communications (USA) Inc. ("Sony Ericsson USA") is a Delaware corporation having its principal place of business in Research Triangle Park, North Carolina. (Sony Ericsson England and Sony Ericsson USA will be referred to collectively as "Sony Ericsson.")

34. Upon information and belief, Defendant Toshiba Corporation ("Toshiba Japan") is a Japan corporation having its principal place of business in Tokyo, Japan.

35. Upon information and belief, Defendant Toshiba America, Inc. ("Toshiba America") is a Delaware corporation having its principal place of business in Irvine, California. (Toshiba Japan and Toshiba America will be referred to collectively as "Toshiba.").

### Jurisdiction and Venue

36. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1338(a).

37. Personal jurisdiction over defendants comports with the United States Constitution and § 3104 of title 10 of the Delaware Code because defendants have committed and continue to commit, have contributed to and continue to contribute to, and have induced and continue to induce, acts of patent infringement in this district as alleged in this Revised Second Amended Complaint.

38. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

### Background to the Action

39. In the 1980s, years before LCD screen-containing products such as cellular phones, digital cameras, PDAs, and portable DVD players became ubiquitous in the consumer electronics market, the aviation and aerospace industry became interested in replacing traditional cockpit displays with LCD displays. Honeywell invested heavily in developing the technology necessary to provide LCD displays that would meet this need.

40. Among Honeywell's LCD display inventions was technology that enables a display to produce a brighter image (making the screen easier to see) without requiring additional power while helping to reduce the appearance of an undesirable interference pattern called the "Moire effect" on the screen. Honeywell protected this invention by obtaining United States

6

Patent No. 5,280,371, (the "'371 Patent"), which was duly and legally issued by the United States Patent and Trademark Office on January 18, 1994. A copy of the '371 Patent is attached hereto as Exhibit 1.

41.     Honeywell possesses the right to sue infringers of the '371 Patent.

**Acts Giving Rise to the Action**

42.     Apple has been and is engaged in the manufacture, importation, offer for sale, and/or sale of products that include a liquid crystal display (LCD) in the United States with the knowledge and intention that such LCD screen-containing products would be sold throughout the United States, including this judicial district. Such products include at least one of the following: laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, portable televisions, portable entertainment systems, and/or portable navigation aids.

43.     All Around has been and is engaged in the manufacture, importation, offer for sale, and/or sale of liquid crystal display (LCD) modules that are incorporated into products that are sold in the United States with the knowledge and intention that such LCD screen-containing products would be sold throughout the United States, including this judicial district. Such products include at least one of the following: laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, portable televisions, portable entertainment systems, and/or portable navigation aids.

44.     Argus has been and is engaged in the manufacture, importation, offer for sale, and/or sale of products that include a liquid crystal display (LCD) in the United States with the knowledge and intention that such LCD screen-containing products would be sold throughout the United States, including this judicial district. Such products include at least one of the following:

laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, portable televisions, portable entertainment systems, and/or portable navigation aids.

45. BOE-Hydis has been and is engaged in the manufacture, importation, offer for sale, and/or sale of liquid crystal display (LCD) modules that are incorporated into products that are sold in the United States with the knowledge and intention that such LCD screen-containing products would be sold throughout the United States, including this judicial district. Such products include at least one of the following: laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, portable televisions, portable entertainment systems, and/or portable navigation aids.

46. Citizen has been and is engaged in the manufacture, importation, offer for sale, and/or sale of liquid crystal display (LCD) modules that are incorporated into products that are sold in the United States with the knowledge and intention that such LCD screen-containing products would be sold throughout the United States, including this judicial district. Such products include at least one of the following: laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, portable televisions, portable entertainment systems, and/or portable navigation aids.

47. Concord has been and is engaged in the manufacture, importation, offer for sale, and/or sale products that include a liquid crystal display (LCD) in the United States with the knowledge and intention that such LCD screen-containing products would be sold throughout the United States, including this judicial district. Such products include at least one of the following: laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, portable televisions, portable entertainment systems, and/or portable navigation aids.

48. Dell has been and is engaged in the manufacture, importation, offer for sale, and/or sale of products that include a liquid crystal display (LCD) in the United States with the knowledge and intention that such LCD screen-containing products would be sold throughout the United States, including this judicial district. Such products include at least one of the following: laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, portable televisions, portable entertainment systems, and/or portable navigation aids.

49. Kodak has been and is engaged in the manufacture, importation, offer for sale, and/or sale products that include a liquid crystal display (LCD) in the United States with the knowledge and intention that such LCD screen-containing products would be sold throughout the United States, including this judicial district. Such products include at least one of the following: laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, portable televisions, portable entertainment systems, and/or portable navigation aids.

50. Fuji has been and is engaged in the manufacture, importation, offer for sale, and/or sale of liquid crystal display (LCD) modules and/or products that include an LCD module in the United States with the knowledge and intention that such LCD modules and/or products would be sold throughout the United States, including this judicial district. Such products include at least one of the following: laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, portable televisions, portable entertainment systems, and/or portable navigation aids.

51. Fujitsu has been and is engaged in the manufacture, importation, offer for sale, and/or sale of products that include a liquid crystal display (LCD) in the United States with the knowledge and intention that such LCD screen-containing products would be sold throughout the United States, including this judicial district. Such products include at least one of the following:

laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, portable televisions, portable entertainment systems, and/or portable navigation aids.

52. InnoLux has been and is engaged in the manufacture, importation, offer for sale, and/or sale of liquid crystal display (LCD) modules that are incorporated into products that are sold in the United States with the knowledge and intention that such LCD screen-containing products would be sold throughout the United States, including this judicial district. Such products include at least one of the following: laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, portable televisions, portable entertainment systems, and/or portable navigation aids.

53. Kyocera Wireless has been and is engaged in the manufacture, importation, offer for sale, and/or sale of products that include a liquid crystal display (LCD) in the United States with the knowledge and intention that such LCD screen-containing products would be sold throughout the United States, including this judicial district. Such products include at least one of the following: laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, portable televisions, portable entertainment systems, and/or portable navigation aids.

54. Matsushita has been and is engaged in the use, manufacture, importation, offer for sale, and/or sale of liquid crystal display (LCD) modules and/or products that include an LCD module in the United States with the knowledge and intention that such LCD modules and/or module products would be sold throughout the United States, including this judicial district. Such products include at least one of the following: LCD modules, laptop computers, cellular phones, PDAs, portable DVD players, portable televisions, portable entertainment systems, and/or portable navigation aids.

55. Navman has been and is engaged in the manufacture, importation, offer for sale, and/or sale of products that include a liquid crystal display (LCD) in the United States with the knowledge and intention that such LCD screen-containing products would be sold throughout the United States, including this judicial district. Such products include at least one of the following: laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, portable televisions, portable entertainment systems, and/or portable navigation aids.

56. Olympus has been and is engaged in the manufacture, importation, offer for sale, and/or sale of products that include a liquid crystal display (LCD) in the United States with the knowledge and intention that such LCD screen-containing products would be sold throughout the United States, including this judicial district. Such products include at least one of the following: laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, portable televisions, portable entertainment systems, and/or portable navigation aids.

57. Pentax has been and is engaged in the manufacture, importation, offer for sale, and/or sale of products that include a liquid crystal display (LCD) in the United States with the knowledge and intention that such LCD screen-containing products would be sold throughout the United States, including this judicial district. Such products include at least one of the following: laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, portable televisions, portable entertainment systems, and/or portable navigation aids.

58. Picvue has been and is engaged in the manufacture, importation, offer for sale, and/or sale of liquid crystal display (LCD) modules that are incorporated into products that are sold in the United States with the knowledge and intention that such LCD screen-containing products would be sold throughout the United States, including this judicial district. Such products include at least one of the following: laptop computers, cellular phones, PDAs, digital

still cameras, video cameras, portable DVD players, portable televisions, portable entertainment systems, and/or portable navigation aids.

59.     Samsung SDI has been and is engaged in the manufacture, importation, offer for sale, and/or sale of liquid crystal display (LCD) modules that are incorporated into products that are sold in the United States with the knowledge and intention that such LCD screen-containing products would be sold throughout the United States, including this judicial district.  Such products include at least one of the following: laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, portable televisions, portable entertainment systems, and/or portable navigation aids.

60.     Sony has been and is engaged in the use, manufacture, importation, offer for sale, and/or sale of liquid crystal display (LCD) modules and/or products that include an LCD module in the United States with the knowledge and intention that such LCD modules and/or products would be sold throughout the United States, including this judicial district.  Such products include at least one of the following: LCD modules, laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, portable televisions, portable entertainment systems, and/or portable navigation aids.

61.     Sony Ericsson has been and is engaged in the manufacture, importation, offer for sale, and/or sale of products that include a liquid crystal display (LCD) in the United States with the knowledge and intention that such LCD screen-containing products would be sold throughout the United States, including this judicial district.  Such products include at least one of the following: laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, portable televisions, portable entertainment systems, and/or portable navigation aids.

62. Toshiba has been and is engaged in the use, manufacture, importation, offer for sale, and/or sale of liquid crystal display (LCD) modules and/or products that include an LCD module in the United States with the knowledge and intention that such LCD modules and/or products would be sold throughout the United States, including this judicial district. Such products include at least one of the following: LCD modules, laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, portable televisions, portable entertainment systems, and/or portable navigation aids.

63. At least some of the LCD modules and/or LCD screen-containing products manufactured, imported, offered for sale, and/or sold by Apple, All Around, Argus, BOE-Hydis, Citizen, Concord, Dell, Kodak, Fuji, Fujitsu, InnoLux, Kyocera Wireless, Matsushita, Navman, Olympus, Pentax, Picvue, Samsung SDI, Sony, Sony Ericsson, and Toshiba infringe the '371 patent literally and/or under the doctrine of equivalents, making Apple, All Around, Argus, BOE-Hydis, Citizen, Concord, Dell, Kodak, Fuji, Fujitsu, InnoLux, Kyocera Wireless, Matsushita, Navman, Olympus, Pentax, Picvue, Samsung SDI, Sony, Sony Ericsson, and Toshiba liable for direct and/or indirect infringement under 35 U.S.C. § 271.

64. The manufacture, importation, offer for sale, or sale of these infringing products, and/or the continued such manufacture, importation, offer for sale, or sale of them in the future by Apple, All Around, Argus, BOE-Hydis, Citizen, Concord, Dell, Kodak, Fuji, Fujitsu, InnoLux, Kyocera Wireless, Matsushita, Navman, Olympus, Pentax, Picvue, Samsung SDI, Sony, Sony Ericsson, and Toshiba is and/or will be willful, warranting a finding that this is an exceptional case pursuant to 35 U.S.C. § 285, entitling Honeywell to treble damages, and an award of attorneys' fees.

**Prayer For Relief**

WHEREFORE, Plaintiffs pray for entry of a judgment against Defendants as follows:

a. That Defendants have infringed the '371 patent;

b. That Defendants, and their respective agents, servants, officers, directors, employees and all persons acting in concert with them, directly or indirectly, be preliminarily and permanently enjoined from infringing, inducing others to infringe, or contributing to the infringement of the '371 patent;

c. That Defendants account for and pay to Plaintiffs damages adequate to compensate them for Defendants' infringement, including an accounting, in an amount to be proven at trial, together with interest and costs as fixed by the Court;

d. Finding that Defendants' infringement has been willful and trebling the award of damages;

e. Declaring that this case is exceptional and awarding Plaintiffs their costs and attorneys' fees in accordance with 35 U.S.C. § 285; and

f. That Plaintiffs be awarded such other and further relief as the Court may deem just and equitable.

**<u>Jury Demand</u>**

Plaintiffs hereby demand a trial by jury on all issues triable by a jury.

                                                MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Thomas C. Grimm*

_____
Thomas C. Grimm (#1098)
Benjamin J. Schladweiler (#4601)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
tgrimm@mnat.com
bschladweiler@mnat.com
*Attorneys for Plaintiffs*

*OF COUNSEL:*

Martin R. Lueck
ROBINS, KAPLAN, MILLER
  & CIRESI L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
(612) 349-8500

November 8, 2007
1299233

## CERTIFICATE OF SERVICE

I hereby certify that on November 8, 2007, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send notification of such filing to all registered participants.

I also certify that on November 8, 2007, I caused to be served true and correct copies of the foregoing on the following as indicated below:

**BY HAND & E-MAIL:**

Karen L. Pascale
YOUNG CONAWAY STARGATT
 & TAYLOR, LLP
The Brandywine Building, 17th floor
1000 West Street
Wilmington, DE 19801
kpascale@ycst.com

*Attorneys for Optrex America, Inc.*

Philip A. Rovner
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899
provner@potteranderson.com

*Attorneys for FUJIFILM Corporation
and FUJIFILM U.S.A., Inc.*

David J. Margules
John M. Seaman
BOUCHARD MARGULES
 & FRIEDLANDER, P.A.
222 Delaware Ave., Suite 1400
Wilmington DE 19801
dmargules@BMF-law.com

*Attorneys for Citizen Watch Co., Ltd.
and Citizen Displays Co., Ltd.*

Matt Neiderman
DUANE MORRIS LLP
1100 North Market Street, 12th Floor
Wilmington, DE 19801-1246
MNeiderman@duanemorris.com

*Attorneys for InnoLux Display Corporation*

Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE  19899
rhorwitz@potteranderson.com

*Attorneys for Samsung SDI America, Inc.
and Samsung SDI Co., Ltd.*

**BY E-MAIL:**

Andrew M. Ollis
OBLON, SPIVAK, McCLELLAND,
  MAIER & NEUSTADT, P.C.
1940 Duke Street
Alexandria, VA  22314
aollis@oblon.com

*Attorneys for Optrex America, Inc.*


Stephen S. Korniczky
Elizabeth L. Brann
PAUL, HASTINGS, JANOFSKY
  & WALKER LLP
3579 Valley Centre Drive
San Diego, CA  92130
stephenkorniczky@paulhastings.com
elizabethbrann@paulhastings.com


Hamilton Loeb
PAUL, HASTINGS, JANOFSKY
  & WALKER LLP
875 15th Street, N.W.
Washington, DC  20005
hamiltonloeb@paulhastings.com

*Attorneys for Samsung SDI Co., Ltd.
and Samsung SDI America, Inc.*

Stuart Lubitz
HOGAN & HARTSON LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
slubitz@hhlaw.com

*Attorneys for Citizen Watch Co., Ltd.
and Citizen Displays Co., Ltd.*

Lawrence Rosenthal
Matthew W. Siegal
STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY 10038-4982
lrosenthal@stroock.com
msiegal@stroock.com

*Attorneys for FUJIFILM Corporation
and FUJIFILM U.S.A., Inc.*

Donald R. McPhail
DUANE MORRIS LLP
1667 K Street, N.W., Suite 700
Washington, DC 20006
drmcphail@duanemorris.com

*Attorneys for InnoLux Display Corporation*

**BY FEDERAL EXPRESS**

Mr. Seong Yoon Jeong
Assistant Manager
Technology Planning Group
BOE HYDIS TECHNOLOGY CO., LTD.
San 136-1, Ami-ri, Bubal-eub
Ichon-si, Gyeonggi-do 467-701
Republic of Korea

*/s/ Thomas C. Grimm*
_____
Thomas C. Grimm (#1098)
tgrimm@mnat.com

1299233