

**Potter Anderson & Corroon LLP**

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

Richard L. Horwitz
Partner
Attorney at Law
rhorwitz@potteranderson.com
302 984-6027  Direct Phone
302 658-1192  Fax

November 19, 2007

**BY ELECTRONIC FILING**

The Honorable Mary Pat Thynge
United States District Court
For the District of Delaware
844 North King Street
Wilmington, DE 19801

> Re:  **Honeywell International, Inc., et al., v. Apple Computer, Inc., et al., D. Del., C.A. No. 04-1338-\*\*\***

Dear Magistrate Judge Thynge:

    Plaintiffs Honeywell International, Inc. and Honeywell Intellectual Property, Inc. (collectively, "Honeywell") have failed to provide documents sufficient to fulfill their burden of proof under 35 U.S.C. § 287(a). Honeywell seeks damages for alleged infringement occurring years before Honeywell provided actual notice of the alleged infringement of U.S. Patent No. 5,280,371 ("the '371 patent"). To collect such damages, Honeywell must first prove that it has complied with the marking provisions of Title 35. Therefore, defendants Samsung SDI Co., Ltd. ("Samsung SDI"), FUJIFILM Corp., and FUJIFILM U.S.A., Inc. (collectively, "Defendants") requested information regarding the design of LCDs incorporated into Honeywell products. In response, Honeywell has refused to provide sufficient discovery to demonstrate that it has, in fact, satisfied its statutory marking obligations, even though it bears the burden of proof on this issue. Without the requested discovery, which is uniquely in Honeywell's possession, Defendants must take Honeywell at its word that it has never made or sold a product practicing the '371 patent. Therefore, Defendants respectfully request that the Court compel Honeywell to respond to interrogatories, produce documents, and provide corporate testimony to substantiate its claim that it provided constructive notice of the alleged infringement of the '371 patent to Defendants by properly marking its products pursuant to 35 U.S.C. § 287(a).

    The award of damages for infringement occurring prior to actual notice of a patent depends on whether the patentee provided constructive notice pursuant to § 287(a). *See* 35 U.S.C. § 287(a); *Gart v. Logitech, Inc.*, 254 F.3d 1334 (Fed. Cir. 2001). Section 287(a) requires "patentees, and persons making or selling any patented article for or under them" to mark products that practice a patent with the relevant patent number. Therefore, to satisfy § 287(a), a patentee must demonstrate 1) that it marked any products practicing the patent with the patent number and 2) that its licensees were required to mark their products and that it made reasonable efforts to police its licensees. *See Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111–13 (Fed. Cir. 1996); *Maxwell v. K Mart Corp.*, 880 F. Supp. 1323, 1336 (D. Minn. 1995) ("Compliance with the marking statute cannot be measured by the reasonable efforts of a licensor alone as such efforts without substantial and continuous marking by the licensee provide no notice to the

Case 1:04-cv-01338-JJF    Document 919    Filed 11/19/2007    Page 2 of 3

The Honorable Mary Pat Thynge
November 19, 2007
Page 2

public."). The patentee bears the burden of proving compliance with the marking statute. *Dunlap v. Schofield*, 152 U.S. 244, 248 (1894); *Maxwell*, 86 F.3d at 1112–13.

Accordingly, Defendants sought discovery to determine whether Honeywell's LCD products practice the '371 patent and whether Honeywell and/or its licensees have marked products as required by § 287(a). Samsung SDI served its Interrogatories Nos. 12–14 ("the marking interrogatories") seeking: 1) an identification of any products that Honeywell or its licensees made, sold, offered for sale, or imported into the United States that contain any LCD; 2) a description of Honeywell's efforts to investigate whether Honeywell or any of its licensees made, sold, offered for sale, or imported into the United States any unmarked LCD modules or products incorporating the '371 technology; and 3) all facts supporting Honeywell's contention that it has complied with 35 U.S.C. § 287(a). Samsung SDI also served Document Request Nos. 52 and 53 ("the marking document requests") seeking documents sufficient to show the composition of all relevant LCD modules, which would demonstrate whether any Honeywell products are covered by the '371 patent.[1]

Honeywell failed to provide substantive information in response to these requests. Rather than provide substantive responses to the marking interrogatories, Honeywell provided the unsupported, conclusory, and self-serving statement that it has not commercialized the technology of the '371 patent. Further, Honeywell objected to producing any information responsive to the marking document requests, stating, without support, that the requests were overly broad, unduly burdensome, and not likely to lead to admissible evidence. As discussed below, Honeywell's objections are not supported by the law or the facts.

Defendants' requests are neither overly broad nor unduly burdensome, especially in light of the significant damages that Honeywell seeks. Courts have compelled this type of information from plaintiffs who fail to respond to discovery requests. *See, e.g., McKesson Info. Solutions LLC v. Epic Sys. Corp.*, 242 F.R.D. 689 (N.D. Ga. 2007). In *McKesson*, the defendant asserted a marking defense and asked the plaintiff to produce information supporting its contention that it had complied with the marking statute. The court ordered the plaintiff to produce such information, stating that the information was relevant to the marking defense.

Despite the relevance of the requested information, Honeywell has stonewalled Defendants' attempts to obtain this discovery. When Samsung SDI attempted to convince Honeywell to comply with its discovery obligations, counsel for Honeywell stated that responsive information could be obtained from Honeywell's 30(b)(6) witness. Honeywell's corporate witness, however, was unable to explain the most basic details of Honeywell's investigation into whether its products incorporate the technology claimed in the '371 patent and in fact testified that he was not familiar with either the design of any given LCD or the reasons why any given LCD was deemed not to be covered by the '371 patent. Honeywell then attempted to place the onus on Defendants to identify products for which it wishes to see design information. Yet, Defendants can only identify and purchase a small subset of Honeywell's LCD products because many of Honeywell's products are included in non-consumer products

---

[1] FUJIFILM Corp.'s document request numbers 2 and 4 request discovery provided to other defendants and thus also request such documentation. FUJIFILM Corp.'s document request number 8 also requests marking and notice-related information.

such as jets and space shuttles. Therefore, Honeywell must be compelled to produce documents sufficient to show the composition of all of the LCD modules incorporated into its products.

Defendants' requests fairly and properly seek information that could greatly reduce Honeywell's damages claim. In fact, Samsung SDI has recently uncovered proof that Honeywell and its licensees have sold unmarked products that practice the '371 patent. Samsung SDI purchased and examined an unmarked Honeywell TE601CELW Color Weather Forecaster. This product is covered by the '371 patent at least under Honeywell's claim interpretation. Upon confrontation with the device, Honeywell stated that the device was not marked because it was made by a third party licensee and thus was not subject to the marking requirements of § 287(a). This position, however, is in blatant disregard of the plain language of § 287(a) and supporting case law, which require licensees to mark products covered by the patent. *See, e.g., Maxwell v. K Mart Corp.*, 880 F. Supp. 1323, 1336 (D. Minn. 1995). Given this new evidence, Honeywell's motives for refusing to provide discovery are clear: Honeywell does not want Defendants to have the opportunity to evaluate Honeywell's marking compliance because Honeywell knows it has not complied with the statute. Defendants will be highly prejudiced if Honeywell is allowed to continue to withhold this highly relevant information because the information will significantly reduce the potential damages allowable for Honeywell's claims.

Without the requested discovery, Defendants have no way of confirming Honeywell's contention that its LCDs do not practice the '371 patent. Only through additional discovery will Defendants be able to determine the full extent to which Honeywell has failed to comply with the marking requirements. Honeywell should therefore be compelled to do the following: 1) provide a complete document production in response to request Nos. 52 and 53; 2) answer Samsung SDI's interrogatory nos. 12, 13, and 14, and 3) provide a corporate witness for deposition about Honeywell's failure to mark. Honeywell should not be allowed to make unsupported allegations to sustain its damages claim, for which it has the burden of proof, without producing the underlying information to substantiate its position. In the alternative, if Honeywell refuses to produce the requested discovery regarding basic compliance with the patent statutes, then it should be precluded from seeking any damages incurred prior to giving actual notice to Defendants.

Respectfully,

*/s/ Richard L. Horwitz*

Richard L. Horwitz

RLH:nmt/830123/29140
cc:   Clerk of Court (by hand)
      Counsel of Record (by e-filing and e-mail)