# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Thomas C. Grimm
302 351 9595
302 425 4661 Fax
tgrimm@mnat.com

**VIA E-FILING**

PUBLIC VERSION

November 19, 2007

The Honorable Mary Pat Thynge
United States Magistrate Judge
United States District Court
 for the District of Delaware
844 North King Street
Wilmington, DE 19801

Re: *Honeywell International Inc., et al. v. Apple Computer, Inc., et al.*
Cons. C.A. No. 04-1338-***

Dear Magistrate Judge Thynge:

We write on behalf of the Honeywell Plaintiffs ("Honeywell") in opposition to Optrex America, Inc.'s ("Optrex") November 1, 2007 letter to Your Honor in which it seeks to force Honeywell to admit that certain module designs selected and identified by Optrex do not infringe the '371 patent. After battling along with the other defendants to limit the scope of module discovery in this matter, Optrex is now attempting to reverse course, but is attempting to do so on a limited record and in an unfair manner, as explained below.

I. Discovery is Incomplete with Regard to the Modules Selected and Identified by Optrex.

As currently phrased, Honeywell cannot provide responses or admissions to Optrex's requests without further discovery. Optrex is demanding that Honeywell make dispositive admissions based on 1 or 2 pages of lens sheet drawings for the modules it deliberately selected and identified. Honeywell, in turn, requested that Optrex provide complete discovery for these modules. Optrex, however, contends that additional discovery is not warranted.

Two examples explain why such discovery is very necessary. First, as Honeywell reminded Optrex during the meet and confer process, during the early stages of the case,
REDACTED

Optrex's letter to Your Honor essentially ignores -- and relegates to a footnote -- this issue of Optrex modules with identical part numbers having different internal structures. Nevertheless, the experience demonstrates why it is potentially problematic to rely upon

The Honorable Mary Pat Thynge
November 6, 2007
Page 2

conventions such as model numbers or specifications in the absence of confirming discovery (of the type Optrex has provided on the specifically accused modules).

REDACTED

II.     Optrex' Requests Are Premature Since The Court Has Not Issued Its Claim Construction Order.

Aside from the well-founded objections Honeywell has asserted, Optrex's demand for further information and analysis as to non-infringement is simply premature. As Your Honor is aware, the Court has not yet heard the parties' claim construction positions nor issued its claim construction ruling.

REDACTED

Optrex made this very objection when it responded to Honeywell's First Set of Requests for Admission in this matter. In its responses Optrex stated: "Optrex objects to [Honeywell's Requests for Admission] to the extent they are premature in that a proper infringement analysis requires not only the Court's interpretation of the claims, but also expert testimony regarding infringement under the doctrine of equivalents." See Exhibit B attached hereto at p. 3 (emphasis added). The standard Optrex invoked to avoid discovery directed to it should apply with equal force to the discovery it now seeks.

III.    Optrex Is Improperly Attempting To "Whipsaw" Honeywell on Module Discovery.

As Your Honor will recall, from the outset of this case, Honeywell has sought a consistent approach to module discovery. On the other hand, Optrex – and the other defendants – set out to narrow the scope of the case by limiting discovery only to those modules specifically accused of infringement by Honeywell. Optrex (and the other defendants) supported their position by asserting that it was too burdensome for them to look across their product lines to determine which of their LCD modules contain the necessary elements and structures to infringe the '371 patent (e.g., those modules having two lens sheets, at least one of which is rotated). Honeywell contested this assertion and argued that the defendants, such as Optrex, were in the best position to know their module lines and disclose which met this criterion. See, e.g.,

---

[1]                              REDACTED

The Honorable Mary Pat Thynge
November 6, 2007
Page 3

Transcript of September 9, 2005 Teleconference at 14-15; 20-24.[2]  Despite these arguments, Judge Jordan accepted the defendants' position and, since then, Optrex has opposed every effort by Honeywell to obtain broader discovery.

Fast forward many months and the supposed burden on Optrex of looking across its product line has vanished.  Optrex has been able to do just that in order to locate potential modules to assist its laches defense and its damages calculations, but still refuses to inform Honeywell as to what other modules are relevant to Honeywell's allegations.  As counsel for Optrex informed Honeywell's counsel during a recent telephonic meet and confer on this issue, Optrex has, in fact, looked across its product line to search for the modules that are now the subject of its requests for admission and interrogatories to Honeywell.  While such a task was too burdensome when Honeywell suggested it earlier in the discovery process, Optrex was able to undertake this task when it better served its needs.  The burden has inexplicably disappeared.

It is fundamentally unfair and improper to allow Optrex to "cherry pick" those modules of interest from its portfolio when it is unwilling to inform Honeywell what other modules might exist that would act as a counterweight to Optrex's cherry picking.  After learning of Optrex's efforts in this regard, Honeywell asked Optrex if it would be willing to provide discovery for all the modules it had to examine in arriving at the list of modules for which it chose to seek admissions of non-infringement.  Not surprisingly, Optrex refused.  Honeywell also inquired as to whether Optrex's review uncovered any additional infringing modules not yet identified by Honeywell.  Optrex ignored this inquiry.

For all of these reasons, Honeywell respectfully requests that this Court deny Optrex's requested relief.  In the event the Court is inclined to order further supplementation by Honeywell to the requests at issue, Honeywell respectfully requests that the Court order that any such supplementation be preceded by the production by Optrex of complete discovery – not simply 1 or 2 pages of lens sheet drawings – for each of the modules at issue in its discovery requests, and a full identification of all modules using the Accused Structure.

Respectfully,

Thomas C. Grimm (#1098)

Enclosures
cc:   Dr. Peter T. Dalleo, Clerk (by hand, w/encls.)
      All Counsel of Record (via e-filing & e-mail, w/encls.)

---

[2]  In order to attempt to ease the paper burden on the Court, and since this Transcript is already attached as Exhibit E to Optrex's Letter, Honeywell is not attaching an additional copy for the Court.  Although the September 9 hearing was directed toward the end product manufacturers, it was subsequently adopted by Judge Jordan at the hearing on July 21, 2006, at the urgings of the module makers.

# EXHIBIT A

## FULLY REDACTED

# EXHIBIT B

## FULLY REDACTED

Case 1:04-cv-01338-JJF    Document 922    Filed 11/19/2007    Page 5 of 5