

**Potter Anderson & Corroon LLP**

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

**Richard L. Horwitz**
Partner
Attorney at Law
rhorwitz@potteranderson.com
302 984-6027  Direct Phone
302 658-1192  Fax

November 19, 2007

**BY ELECTRONIC FILING**

The Honorable Mary Pat Thynge
United States District Court
For the District of Delaware
844 North King Street
Wilmington, DE  19801

**PUBLIC VERSION**
**Public Version Dated: November 26, 2007**

Re:  **Honeywell International, Inc., et al., v. Apple Computer, Inc., et al.,
D. Del., C.A. No. 04-1338-\*\*\***

Dear Magistrate Judge Thynge:

Plaintiffs Honeywell International, Inc. and Honeywell Intellectual Properties, Inc. (collectively, "Honeywell") have prosecuted this litigation ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■. Honeywell, however, wishes to keep the details of their collaboration with ■■ secret from Defendants Samsung SDI Co., Ltd, Samsung SDI America, Inc. (collectively, "Samsung SDI"), FUJIFILM Corp., FUJIFILM U.S.A., Inc., and Optrex America, Inc. (collectively, "Defendants") in two ways.  First, Honeywell refuses to allow counsel for Defendants to disclose even the most limited details of the ■■ license to their clients.  Second, Honeywell refuses to produce its communications with ■■, stating that they are protected by the common interest privilege. Honeywell's motivation is clear:  Honeywell does not want Defendants to know that one of their competitors is driving this lawsuit or that any settlement payment will directly benefit their competitor.  Therefore, Defendants request that the Court order Honeywell to do the following: 1) permit counsel for Defendants to disclose enumerated details of the ■■ license to their clients and 2) produce its communications with ■■.

**I.    In-House Counsel Should Be Permitted to See Certain Provisions of The ■■ Licenses**

On ■■■■■■■■, Honeywell granted a non-exclusive license (hereinafter, "the 2003 License") to U.S. Patent No. 5,280,371 to ■■. (Ex. A § 2.1.) ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

The Honorable Mary Pat Thynge
November 19, 2007 (Public Version Dated: November 26, 2007)
Page 2



Over a year later, ███████████, Honeywell and ███ entered into a second license ("the 2004 License"). (Ex. B.)

Earlier this year, counsel for Samsung SDI requested that Honeywell allow them to disclose the following facts to their client:



Samsung SDI justified this request by stating that these facts could potentially form the basis for a patent misuse claim. Further, Samsung SDI did not seek to disseminate these facts as public information, instead seeking only to disclose them to a limited set of in-house counsel for Samsung SDI, who have already agreed to be bound by the protective order, as "Confidential-Attorneys' Eyes Only" information. Honeywell refused and offered to obtain an affidavit from ███ that would prove that no patent misuse occurred. Later, however, Honeywell stated that it would only attempt to obtain such an affidavit if counsel for Samsung SDI agreed in advance not to pursue a patent misuse claim. Counsel for Samsung SDI could not agree to Honeywell's proposal because Honeywell's proposal did not allow for counsel for Samsung SDI to consult with its client about the underlying facts.

Honeywell has offered no justification for its claim that these facts deserve "Highly Confidential-Outside Attorneys' Eyes Only" designation, which justification is required under the protective order. Further, licenses that grant a third party the ability to approve license agreements have formed the basis for a patent misuse claim. *See United States v. Krasnov*, 143 F. Supp. 184, 203 (E.D. Pa. 1956); *United States v. Besser Mfg. Co.*, 96 F. Supp. 304 (E.D.

The Honorable Mary Pat Thynge
November 19, 2007 (Public Version Dated: November 26, 2007)
Page 3

Mich. 1951). Therefore, Honeywell should be compelled to permit Defendants' counsel to disclose the five facts enumerated above to individuals qualified to view "Confidential-Attorneys' Eyes Only" information.

## II. Honeywell's Communications with ▓ Are Not Protected By a Joint Defense or Common Interest Privilege

Defendants' requests for production encompass communications between Honeywell and ▓ regarding licensing of the '371 patent. In response to these requests, Honeywell has produced only a single email between ▓ and Honeywell and refused to produce almost one hundred communications, arguing that they are protected by an alleged joint defense of common interest privilege. However, the joint defense doctrine expands the attorney-client privilege to enable counsel for clients facing a common litigation opponent to exchange privileged communications and attorney work product in order to adequately prepare a defense without waiving either privilege. *Haines v. Liggett Group, Inc.*, 975 F.2d 81, 94 (3d Cir. 1992). For a communication to be protected, the interests must be identical, not similar, and be legal, not solely commercial. *Corning Inc. v. SRU Biosystems, LLC*, 223 F.R.D. 189, 190 (D. Del. 2004) (quotations and citations omitted).

Here, Honeywell has not demonstrated that it shares a legal interest with ▓, instead stating only that it and ▓ "had a common interest in this '371 patent." (Ex. C at 29:18–30:4.) Courts have found licensees and patent owners to have a common interest in a patent only when the licensee is an exclusive licensee or when the patentee owes the licensee a duty to defend that licensee's rights. *See Research Institute for Medicine & Chemistry, Inc. v. Wis. Alumni Research Found.*, 114 F.R.D. 672, 678 (W.D. Wis. 1987). Neither situation exists here. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Therefore, Honeywell and ▓ do not share a legal interest in the '371 patent, and the common interest privilege does not apply to Honeywell's communications with ▓.

Without a common interest privilege, any privilege attaching to Honeywell's communications with ▓ has been waived. *See Corning*, 223 F.R.D. at 191-92 ("'Once a corporate decision is made to disclose [privileged documents] for commercial purposes, no matter what the economic imperatives, the privilege is lost.'"). Therefore, Defendants respectfully request that the Court order production of each of the documents withheld by Honeywell as joint defense or common interest privileged.

                                                        Respectfully,

                                                        */s/ Richard L. Horwitz*

                                                        Richard L. Horwitz

RLH:nmt/830121/29140
cc:    Clerk of Court (by hand w/attachments)
         Counsel of Record (by e-filing and e-mail w/attachments)