IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HONEYWELL INTERNATIONAL INC. and HONEYWELL INTELLECTUAL PROPERTIES INC., | ) ) ) ) | C.A. No. 04-1338-*** (consolidated) |
| Plaintiffs, | ) ) | **JURY TRIAL DEMANDED** |
| v. | ) ) | **PUBLIC VERSION** |
| APPLE COMPUTER, INC., *et al.*, | ) ) | Public Version Dated: November 26, 2007 |
| Defendants. | ) | |

## LETTER TO THE HONORABLE MARY PAT THYNGE FROM RICHARD L. HORWITZ DATED NOVEMBER 20, 2007

cc:   Clerk of Court (by hand w/attachments)

Counsel of Record (by e-filing and e-mail w/attachments)

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant Samsung SDI Co., Ltd.*



**Potter Anderson & Corroon LLP**

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

**Richard L. Horwitz**
Partner
Attorney at Law
rhorwitz@potteranderson.com
302 984-6027  Direct Phone
302 658-1192  Fax

November 20, 2007

**BY ELECTRONIC FILING**

The Honorable Mary Pat Thynge
United States District Court
For the District of Delaware
844 North King Street
Wilmington, DE  19801

**PUBLIC VERSION**
**Public Version Dated:  November 26, 2007**

Re:   Honeywell International, Inc., et al., v. Apple Computer, Inc., et al.,
      D. Del., C.A. No. 04-1338-***

Dear Magistrate Judge Thynge:

Samsung SDI Co., Ltd. ("Samsung SDI") has provided five days of extensive corporate testimony in response to a Fed. R. Civ. P. 30(b)(6) notice from Honeywell International Inc. and Honeywell Intellectual Properties Inc. (collectively, "Honeywell"). Indeed, one witness, Dr. Tae-hyeog Jung, has traveled from Korea to California at Samsung SDI's expense on two separate occasions and testified for three days. Notwithstanding this extensive effort, Honeywell suddenly complains that Samsung SDI's 30(b)(6) testimony is insufficient and needs supplementation. Samsung SDI has already provided all of the testimony that Honeywell requested, and therefore Honeywell's motion should be denied.

Almost seven months ago, in early May 2007, Samsung SDI provided Dr. Jung, Mr. Heung-ju Kwon, and Mr. Joseph Kim to testify for a combined total of four days. Prior to Dr. Jung's first deposition, Samsung SDI informed Honeywell that Dr. Jung would be reproduced at a later date to testify regarding prior and subsequent generations of the Samsung SDI products that Honeywell has accused of infringement ("Topic 4(b)"). In late May, Honeywell wrote to Samsung SDI asking for additional testimony regarding, in pertinent part: 1) the investigation that was done to determine Samsung SDI's first awareness of the '371 patent; 2) Samsung SDI's communications about this lawsuit with Samsung Electronics ("SEC") and LG Electronics ("LG"); and 3) Samsung SDI's communications about this lawsuit with 3M. (Honeywell's Ex. D.) Samsung SDI designated Dr. Jung to testify about these topics at the same time as his previously scheduled deposition regarding Topic 4(b).[1] Accordingly, Dr. Jung testified for seven hours on September 10.

---

[1] Samsung SDI designated Dr. Jung to testify regarding Samsung SDI's communications with SEC and LG regarding ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

The Honorable Mary Pat Thynge
November 20, 2007 (Public Version Dated: November 26, 2007
Page 2

Not once after the September 10 deposition did Honeywell contact Samsung SDI to express concerns about Dr. Jung's testimony. In fact, Honeywell did not identify any issues with Dr. Jung's testimony until November 13, 2007, after Samsung SDI indicated that it planned to approach the Court regarding other discovery issues. Despite Samsung SDI's numerous letters and phone calls to Honeywell over the last week, Honeywell refused to identify the specific testimony that it sought, evasively stating only that Samsung SDI's witnesses had been improperly prepared. Notwithstanding, Samsung SDI will address each of Honeywell's alleged issues in turn.

I. **The Investigation Done to Determine Samsung SDI's First Awareness Of The '371 Patent**

Honeywell does not and indeed cannot argue that it has been denied discovery related to the investigation to determine Samsung SDI's first awareness of the '371 patent. This discovery has focused on two points: (1) when Samsung SDI first learned of the '371 patent; and 2) what Samsung SDI did to determine when it first learned of the '371 patent. [redacted] In response to the second point and in an attempt to avoid needless and expensive motion practice, Samsung SDI agreed to allow Dr. Jung to testify regarding the investigation done to determine Samsung SDI's first awareness of the '371 patent. (Honeywell Ex. G.) Yet, at Dr. Jung's deposition on September 10, Honeywell never asked a single question about this investigation. Now, in an attempt to demonstrate that Samsung SDI's testimony is incomplete, Honeywell points to one question asked of Dr. Jung about when Samsung SDI first learned of the '371 patent. Honeywell, however, already had this testimony via Samsung SDI's interrogatory responses and Mr. Kwon's deposition, as described above.

II. **Samsung SDI's Communications with 3M Related to This Lawsuit**

Honeywell cannot identify any discovery refused to it regarding Samsung SDI's communications with 3M related to this lawsuit. Instead, Honeywell states that Dr. Jung was unprepared because internal documents produced by 3M allegedly contradict Samsung SDI's testimony. Indeed, at his September 10 deposition, Dr. Jung clearly testified that Samsung SDI had not communicated with 3M regarding Honeywell's allegations. Honeywell obtained yes-or-no answers from Dr. Jung to a series of questions about those communications. (Ex. C at 385:7–389:6.)

Honeywell makes two unfounded complaints about Dr. Jung's testimony. First, Honeywell makes much of alleged inconsistencies between Dr. Jung's testimony and internal 3M documents and alleges that those inconsistencies demonstrate that Dr. Jung was unprepared to testify regarding communications with 3M. Notably, Honeywell never showed those internal documents to Dr. Jung, and counsel for Samsung SDI was prohibited from showing the documents to Dr. Jung due to the protective order. Further, Honeywell never asked Dr. Jung what he had done to investigate the communications with 3M. Second, Honeywell unfairly complains that one of Dr. Jung's responses was "based on what I've heard." Yet, there is no requirement under Fed. R. Civ. P. 30(b)(6) that a 30(b)(6) witness have personal knowledge of all matters. Moore's Federal Practice – Civil § 30.25. Honeywell has no basis to attack

The Honorable Mary Pat Thynge
November 20, 2007 (Public Version Dated: November 26, 2007
Page 3

Samsung SDI's testimony or preparation to testify about its communications with 3M related to this lawsuit, and therefore its demand for further testimony on this point should be denied.

### III. Samsung SDI's Communications With SEC and LG About This Lawsuit

Honeywell cannot and does not point to any withheld testimony regarding Samsung SDI's communications with its customers SEC and LG about this lawsuit. Indeed, Samsung SDI has produced both Mr. Kwon and Dr. Jung to testify on this topic. Those witnesses testified extensively on the communications between Samsung SDI, and SEC and LG, individually, regarding the design change and any requests for indemnification from SEC or LG. Honeywell's complaints about Samsung SDI's testimony about these communications are unfounded for two reasons. ■■■ Second, Honeywell never asked Dr. Jung what he did to prepare himself to testify regarding Samsung SDI's communications with SEC and LG regarding this lawsuit. Therefore, Honeywell's complaints that it has not received sufficient testimony regarding these points are unfounded.

### IV. Samsung SDI's Identification of Generational Modules

Prior to yesterday's letter to the Court, Honeywell never identified any deficiencies in Dr. Jung's testimony regarding prior and subsequent generations of modules accused of infringement by Honeywell ■■■



■■■ Therefore, Honeywell already has had sufficient testimony about Topic 4(b), and its request for further testimony should be denied.

Honeywell has already had several opportunities to depose Samsung SDI's witnesses to obtain the testimony requested in its letter to the Court. Indeed, as described above, Samsung SDI's witnesses were properly prepared to address the information requested. Therefore, Honeywell's demand for additional testimony should be denied.

The Honorable Mary Pat Thynge
November 20, 2007 (Public Version Dated: November 26, 2007
Page 4

Respectfully,

*/s/ Richard L. Horwitz*

Richard L. Horwitz

RLH:nmt/833607/29140
cc:    Clerk of Court (by hand w/attachments)
       Counsel of Record (by e-filing and e-mail w/attachments)