IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HONEYWELL INTERNATIONAL INC. and HONEYWELL INTELLECTUAL PROPERTIES INC., <br><br> Plaintiffs, <br><br> v. <br><br> APPLE COMPUTER, INC., *et al.*, <br><br> Defendants. | C.A. No. 04-1338-*** <br> (consolidated) <br><br> **JURY TRIAL DEMANDED** |

**SAMSUNG SDI CO., LTD. AND SAMSUNG SDI AMERICA'S ANSWER TO HONEYWELL'S REVISED SECOND AMENDED COMPLAINT**

Defendants Samsung SDI Co., Ltd. and Samsung SDI America, Inc. ("Samsung SDI") submit their answer to Plaintiffs Honeywell International Inc. and Honeywell Intellectual Properties Inc.'s ("Honeywell") Revised Second Amended Complaint as follows:

### Nature of the Action

1. Responding to paragraph 1, Samsung SDI admits that the complaint purports to be an action for willful infringement of a United States patent.

### The Parties

2. Samsung SDI is without sufficient information to admit or deny the allegations of paragraph 2 and therefore denies the same.

3. Samsung SDI is without sufficient information to admit or deny the allegations of paragraph 3 and therefore denies the same.

4. Samsung SDI is without sufficient information to admit or deny the allegations of paragraph 4 and therefore denies the same.

5. Samsung SDI is without sufficient information to admit or deny the allegations of paragraph 5 and therefore denies the same.

6. Samsung SDI is without sufficient information to admit or deny the allegations of paragraph 6 and therefore denies the same.

7. Samsung SDI is without sufficient information to admit or deny the allegations of paragraph 7 and therefore denies the same.

8. Samsung SDI is without sufficient information to admit or deny the allegations of paragraph 8 and therefore denies the same.

9. Samsung SDI is without sufficient information to admit or deny the allegations of paragraph 9 and therefore denies the same.

10. Samsung SDI is without sufficient information to admit or deny the allegations of paragraph 10 and therefore denies the same.

11. Samsung SDI is without sufficient information to admit or deny the allegations of paragraph 11 and therefore denies the same.

12. Samsung SDI is without sufficient information to admit or deny the allegations of paragraph 12 and therefore denies the same.

13. Samsung SDI is without sufficient information to admit or deny the allegations of paragraph 13 and therefore denies the same.

14. Samsung SDI is without sufficient information to admit or deny the allegations of paragraph 14 and therefore denies the same.

15. Samsung SDI is without sufficient information to admit or deny the allegations of paragraph 15 and therefore denies the same.

16. Samsung SDI is without sufficient information to admit or deny the allegations of paragraph 16 and therefore denies the same.

17. Samsung SDI is without sufficient information to admit or deny the allegations of paragraph 17 and therefore denies the same.

18. Samsung SDI is without sufficient information to admit or deny the allegations of paragraph 18 and therefore denies the same.

19. Samsung SDI is without sufficient information to admit or deny the allegations of paragraph 19 and therefore denies the same.

20. Samsung SDI is without sufficient information to admit or deny the allegations of paragraph 20 and therefore denies the same.

21. Samsung SDI is without sufficient information to admit or deny the allegations of paragraph 21 and therefore denies the same.

22. Samsung SDI is without sufficient information to admit or deny the allegations of paragraph 22 and therefore denies the same.

23. Samsung SDI is without sufficient information to admit or deny the allegations of paragraph 23 and therefore denies the same.

24. Samsung SDI is without sufficient information to admit or deny the allegations of paragraph 24 and therefore denies the same.

25. Samsung SDI is without sufficient information to admit or deny the allegations of paragraph 25 and therefore denies the same.

26. Samsung SDI is without sufficient information to admit or deny the allegations of paragraph 26 and therefore denies the same.

27. Samsung SDI is without sufficient information to admit or deny the allegations of paragraph 27 and therefore denies the same.

28. Samsung SDI is without sufficient information to admit or deny the allegations of paragraph 28 and therefore denies the same.

29. Samsung SDI admits the allegations of paragraph 29.

30. Samsung SDI admits the allegations of paragraph 30.

31. Samsung SDI is without sufficient information to admit or deny the allegations of paragraph 31 and therefore denies the same.

32. Samsung SDI is without sufficient information to admit or deny the allegations of paragraph 32 and therefore denies the same.

33. Samsung SDI is without sufficient information to admit or deny the allegations of paragraph 33 and therefore denies the same.

34. Samsung SDI is without sufficient information to admit or deny the allegations of paragraph 34 and therefore denies the same.

35. Samsung SDI is without sufficient information to admit or deny the allegations of paragraph 35 and therefore denies the same.

### Jurisdiction and Venue

36. Responding to paragraph 36, Samsung SDI states that jurisdiction is a question of law to which no response is required.

37. Responding to paragraph 37, Samsung SDI states that jurisdiction is a question of law to which no response is required.

38. Responding to paragraph 38, Samsung SDI states that venue is a question of law to which no response is required.

## Background to the Action

39. Samsung SDI is without sufficient information to confirm or deny the allegations of paragraph 39 and therefore denies the same.

40. Samsung SDI is without sufficient information to confirm or deny the allegations of paragraph 40 and therefore denies the same.

41. Samsung SDI is without sufficient information to confirm or deny the allegations of paragraph 41 and therefore denies the same.

## Acts Giving Rise to the Action

42. Samsung SDI is without sufficient information to confirm or deny the allegations of paragraph 42, and therefore no response is required.

43. Samsung SDI is without sufficient information to confirm or deny the allegations of paragraph 43, and therefore no response is required.

44. Samsung SDI is without sufficient information to confirm or deny the allegations of paragraph 44 and therefore denies the same.

45. Samsung SDI is without sufficient information to confirm or deny the allegations of paragraph 45 and therefore denies the same.

46. Samsung SDI is without sufficient information to confirm or deny the allegations of paragraph 46 and therefore denies the same.

47. Samsung SDI is without sufficient information to confirm or deny the allegations of paragraph 47 and therefore denies the same.

48. Samsung SDI is without sufficient information to confirm or deny the allegations of paragraph 48 and therefore denies the same.

49. Samsung SDI is without sufficient information to confirm or deny the allegations of paragraph 49 and therefore denies the same.

50. Samsung SDI is without sufficient information to confirm or deny the allegations of paragraph 50 and therefore denies the same.

51. Samsung SDI is without sufficient information to confirm or deny the allegations of paragraph 51 and therefore denies the same.

52. Samsung SDI is without sufficient information to confirm or deny the allegations of paragraph 52 and therefore denies the same.

53. Samsung SDI is without sufficient information to confirm or deny the allegations of paragraph 53 and therefore denies the same.

54. Samsung SDI is without sufficient information to confirm or deny the allegations of paragraph 54 and therefore denies the same.

55. Samsung SDI is without sufficient information to confirm or deny the allegations of paragraph 55 and therefore denies the same.

56. Samsung SDI is without sufficient information to confirm or deny the allegations of paragraph 56 and therefore denies the same.

57. Samsung SDI is without sufficient information to confirm or deny the allegations of paragraph 57 and therefore denies the same.

58. Samsung SDI is without sufficient information to confirm or deny the allegations of paragraph 58 and therefore denies the same.

59. Samsung SDI denies the allegations of paragraph 59.

60. Samsung SDI is without sufficient information to confirm or deny the allegations of paragraph 60 and therefore denies the same.

61. Samsung SDI is without sufficient information to confirm or deny the allegations of paragraph 61 and therefore denies the same.

62. Samsung SDI is without sufficient information to confirm or deny the allegations of paragraph 62 and therefore denies the same.

63. Samsung SDI denies that any LCD modules manufactured, imported, offered for sale, and/or sold by Samsung SDI infringe the '371 patent, either literally or under the doctrine of equivalents. Samsung SDI also denies that it is liable for direct and/or indirect infringement under 35 U.S.C. § 271. To the extent that paragraph 63 is directed towards defendants other than Samsung SDI, no response is required from SDI.

64. Samsung SDI denies the allegations contained in paragraph 64 to the extent they are directed to Samsung SDI. To the extent that paragraph 64 is directed towards defendants other than Samsung SDI, no response is required from SDI.

## Defenses

Further responding to the Amended Complaint, Samsung SDI alleges as follows:

### Defense No. 1

(No Cause of Action)

65. The allegations of the Amended Complaint fail to state a claim against Samsung SDI for which relief can be granted.

### Defense No. 2

(No Infringement)

66. Samsung SDI has not infringed and is not infringing any claim of U.S. Patent No. 5,280,371 ("the '371 patent").

## Defense No. 3

(Invalidity)

67. Each and every claim of the '371 patent is invalid for failing to meet one or more of the requirements of Title 35 of the United States Code, including §§ 102, 103, and/or 112.

## Defense No. 4

(Prosecution History Estoppel)

68. An additional basis for non-infringement is made on the basis that statements, representations, and admissions made to the U.S. Patent and Trademark Office ("PTO") during the prosecution of the applications that matured into the '371 patents, as well as the prior art, estop Honeywell from asserting that the claims of the patents encompass or are infringed by any product or activities of Samsung SDI.

## Defense No. 5

(Unenforceability of The '371 Patent Due To Inequitable Conduct Due to Failure to Disclose the McCartney Article)

69. On information and belief, the '371 patent is unenforceable because the applicants, and/or individuals acting on behalf of the applicants, deliberately and knowingly withheld, omitted, and/or misrepresented material information in connection with the prosecution of the application that matured into the '371 patent in violation of the duty of candor to the United States Patent and Trademark Office ("PTO"), as prescribed by 37 C.F.R. § 1.56.

70. The '371 patent issued from an application that was filed on July 9, 1992. That application listed three applicants: Richard I. McCartney, Daniel D. Syroid, and Karen E. Jachimowicz.

71. At least one of the applicants of the '371 patent was aware, during the pendency of the application that issued as the '371 patent, of information material to the patentability of the applications and purposely withheld the information from the PTO with an intent to deceive the PTO.

72. On February 2, 1993, in response to and to overcome a rejection by the patent examiner during prosecution of the application that issued as the '371 patent, the applicants and/or their representatives argued that there would be no suggestion to combine the teachings from a projection system with those from a direct view system.

73. Messrs. McCartney and Syroid authored an article entitled "Direction Diffuser Lens Array for Backlit LCDs," which was published in Japan Display in 1992 at pages 259–62 ("the McCartney Article").

74. The McCartney Article was not cited to the examiner.

75. The McCartney Article acknowledges rear projection systems are related to direct view systems.

76. The position that rear projection systems are related to direct view systems is contrary to the position taken by applicants and/or their representatives during prosecution.

77. The McCartney Article is material under Rule 56 at least because it establishes a prima facie case of unpatentability of one or more claims of the '371 patent and/or because a reasonable examiner would have considered this information important in deciding whether to allow one or more claims of the application that led to the issuance of the '371 patent.

78. Notwithstanding the foregoing and in violation of 37 C.F.R. § 1.56, neither Messrs. McCartney or Syroid, nor any representative acting on behalf of the applicants informed the PTO of the McCartney Article.

79. Messrs. McCartney and Syroid, and their representatives were obligated to bring the existence of the McCartney Article to the attention of the PTO during the prosecution of the '371 patent, consistent with their duty of good faith and candor in dealing with the PTO under 37 C.F.R. § 1.56 and M.P.E.P. § 2001.06(c).

80. Upon information and belief, Messrs. McCartney and Syroid, and their representatives withheld the existence of the McCartney Article from the PTO with an intent to deceive the PTO in order to secure allowance of the '371 patent.

81. For at least this reason, Messrs. McCartney and Syroid, and their representatives, during the prosecution of the '371 patent, breached their duty of good faith and candor in violation of 37 C.F.R. § 1.56. The '371 patent is unenforceable due to this inequitable conduct.

### Defense No. 6

(Unenforceability of The '371 Patent Due To Inequitable Conduct Due to the Failure to Disclose the Jachimowicz Chapter)

82. Samsung SDI hereby incorporates the statements in paragraphs 69-72 as if fully set forth herein.

83. Ms. Jachimowicz authored a survey on projection displays entitled "Projection Display Technologies," in the book Electro-Optical Displays, (Mohammed Karim ed.) (1992) (pp. 211-89) (the "Jachimowicz Chapter").

84. The Jachimowicz Chapter was not cited to the examiner.

85. The Jachimowicz Chapter discusses some of the technology discussed in the '371 patent, including the use of lenticular arrays in rear projection screens to enhance the horizontal viewing angle.

86. The Jachimowicz Chapter includes Fig. 6.64 on page 272, which depicts the improvement in viewing angle from the use of lenticular arrays in rear projection screens.

87. Figs 8, 9, and 11 of the '371 patent show much of the same results as Fig. 6.64 on page 272 in the Jachimowicz Chapter.

88. The position that lenticular arrays can enhance the horizontal viewing angle in rear projector screen technology and direct view liquid crystal displays is contrary to positions taken by applicants and/or their representatives during prosecution.

89. The Jachimowicz Chapter is material under Rule 56 at least because it establishes a prima facie case of unpatentability of one or more claims of the '371 patent and/or because a reasonable examiner would have considered this information important in deciding whether to allow one or more claims of the application that led to the issuance of the '371 patent.

90. Notwithstanding the foregoing and in violation of 37 C.F.R. § 1.56, neither Ms. Jachimowicz, nor any representative acting on behalf of the applicant informed the PTO of the Jachimowicz Chapter.

91. Ms. Jachimowicz and her representatives were obligated to bring the existence of the Jachimowicz Chapter to the attention of the PTO during the prosecution of the '371 patent, consistent with their duty of good faith and candor in dealing with the PTO under 37 C.F.R. § 1.56 and M.P.E.P. § 2001.06(c).

92. Upon information and belief, Ms. Jachimowicz, and her representatives withheld the existence of the Jachimowicz Chapter from the PTO with an intent to deceive the PTO in order to secure allowance of the '371 patent.

93. For at least this reason, Ms. Jachimowicz and her representatives, during the prosecution of the '371 patent, breached their duty of good faith and candor in violation of 37 C.F.R. § 1.56. The '371 patent is unenforceable due to this inequitable conduct.

## Defense No. 7

(Unenforceability of The '371 Patent Due To Inequitable Conduct Due to the Failure to Disclose the Noda Article)

94. Samsung SDI hereby incorporates the statements in paragraphs 69-72 as if fully set forth herein.

95. Both the McCartney Article and the Jachimowicz Chapter cited to an article by H. Noda entitled "High Definition Liquid Crystal Projection TV," which was published in Japan Display in 1989 at pages 256–59 ("the Noda Article").

96. The Noda Article was not cited to the examiner.

97. The Noda Article discusses removing a moiré pattern in a projection LCD display system by using a lens array pitch that is a non-integral multiple of a display pitch.

98. On February 2, 1993, in response to and to overcome a rejection by the patent examiner during prosecution of the '547 application, the applicants and/or their representatives argued that there would be no suggestion to combine the teachings from a projection system with those from a direct view system.

99. In the McCartney Article, however, Messrs. McCartney and Syroid cited to the Noda Article, which discusses the moiré effect in projection systems, as relevant to the issue of removing the moiré effect in direct view systems.

100. The Noda Article is material under Rule 56 at least because it establishes a prima facie case of unpatentability of one or more claims of the '371 patent and/or because a reasonable examiner would have considered this information important in deciding whether to allow one or more claims of the application that led to the issuance of the '371 patent.

101. Notwithstanding the foregoing and in violation of 37 C.F.R. § 1.56, neither Messrs. McCartney and Syroid nor any representative acting on behalf of the applicants informed the PTO of the McCartney and Noda Articles.

102. Messrs. McCartney and Syroid and their representatives were obligated to bring the existence of the McCartney and Noda Articles to the attention of the PTO during the prosecution of the '371 patent, consistent with their duty of good faith and candor in dealing with the PTO under 37 C.F.R. § 1.56 and M.P.E.P. § 2001.06(c).

103. Upon information and belief, Messrs. McCartney and Syroid and their representatives withheld the existence of these articles from the PTO with an intent to deceive the PTO in order to secure allowance of the '371 patent.

104. For at least this reason, Messrs. McCartney and Syroid and their representatives during the prosecution of the '371 patent breached their duty of good faith and candor in violation of 37 C.F.R. § 1.56. The '371 patent is unenforceable due to this inequitable conduct.

### Defense No. 8
(Unenforceability of The '371 Patent Due To Inequitable Conduct Due to the Failure to Disclose the Murakami Article)

105. Samsung SDI hereby incorporates the statements in paragraphs 69-71 as if fully set forth herein.

106. The Jachimowicz Chapter cited to "55 inch High Definition Projection Display," Murakami et al., Projection Display Technology, Systems, and Applications (F.J. Kahn, Ed.), Proc. SPIE 1081, pp 46–52 (1989) ("the Murakami Article").

107. The Murakami Article was not cited to the examiner.

108. Honeywell contends that a structure having two lenticular screens facing each other and crossed at 90° is an alleged reduction to practice.

13

109. The Murakami Article discloses a rear projection screen comprising a Fresnel lens screen and both vertical and horizontal diffusing lenticular lens screens.

110. The lenticular lens arrays in the Murakami Article are facing each other and crossed at what appears to be a 90° relationship.

111. The Murakami Article is material under Rule 56 at least because it establishes a prima facie case of unpatentability of one or more claims of the '371 patent and/or because a reasonable examiner would have considered this information important in deciding whether to allow one or more claims of the application that led to the issuance of the '371 patent.

112. Notwithstanding the foregoing and in violation of 37 C.F.R. § 1.56, neither Ms. Jachimowicz, nor any representative acting on behalf of the applicant informed the PTO of the Murakami Article.

113. Ms. Jachimowicz and her representatives were obligated to bring the existence of the Murakami Article to the attention of the PTO during the prosecution of the '371 patent, consistent with their duty of good faith and candor in dealing with the PTO under 37 C.F.R. § 1.56 and M.P.E.P. § 2001.06(c).

114. Upon information and belief, Ms. Jachimowicz, and her representatives withheld the existence of the Murakami Article from the PTO with an intent to deceive the PTO in order to secure allowance of the '371 patent.

115. For at least this reason, Ms. Jachimowicz, and her representatives during the prosecution of the '371 patent breached their duty of good faith and candor in violation of 37 C.F.R. § 1.56. The '371 patent is unenforceable due to this inequitable conduct.

**Defense No. 9**

(Unenforceability of The '371 Patent Due To Inequitable Conduct Due to the Failure to Disclose the McCartney Article, Jachimowicz Chapter, Noda Article, and Murakami Article)

116.    Samsung SDI hereby incorporates the statements in paragraphs 69-115 as if fully set forth herein.

117.    The McCartney Article, Jachimowicz Chapter, Noda Article, and Murakami Article, collectively, are material under Rule 56 at least because they establish a prima facie case of unpatentability of one or more claims of the '371 patent and/or because a reasonable examiner would have considered this information important in deciding whether to allow one or more claims of the application that led to the issuance of the '371 patent.

118.    Notwithstanding the foregoing and in violation of 37 C.F.R. § 1.56, neither Messrs. McCartney and Syroid, and Ms. Jachimowicz, nor any representative acting on behalf of the applicants informed the PTO of the McCartney Article, Jachimowicz Chapter, Noda Article, and Murakami Article.

119.    Messrs. McCartney and Syroid, Ms. Jachimowicz, and their representatives were obligated to bring the existence of the McCartney Article, Jachimowicz Chapter, Noda Article, and Murakami Article to the attention of the PTO during the prosecution of the '371 patent, consistent with their duty of good faith and candor in dealing with the PTO under 37 C.F.R. § 1.56 and M.P.E.P. § 2001.06(c).

120.    Upon information and belief, Messrs. McCartney and Syroid, Ms. Jachimowicz, and their representatives withheld the existence of the McCartney Article, Jachimowicz Chapter, Noda Article, and Murakami Article from the PTO with an intent to deceive the PTO in order to secure allowance of the '371 patent.

121.  For at least this reason, Messrs. McCartney and Syroid, Ms. Jachimowicz, and their representatives during the prosecution of the '371 patent breached their duty of good faith and candor in violation of 37 C.F.R. § 1.56. The '371 patent is unenforceable due to this inequitable conduct.

### Defense No. 10

(Unclean Hands)

122.  Honeywell is barred by the equitable doctrine of unclean hands from obtaining the requested relief.

### Defense No. 11

(No Costs)

123.  Plaintiff is barred by 35 U.S.C. § 288 from receiving any costs associated with this suit.

### Defense No. 12

(Failure to Mark)

124.  On information and belief, Honeywell's claim of damages is barred, in whole or in part, due to its failure to mark under 35 U.S.C. § 287.

OF COUNSEL:

Stephen S. Korniczky
Elizabeth L. Brann
PAUL HASTINGS JANOFSKY &
WALKER LLP
3579 Valley Centre Drive
San Diego, CA 92130
Tel: (858) 720-2500
stevekorniczky@paulhastings.com
elizabethbrann@paulhastings.com

Hamilton Loeb
PAUL HASTINGS JANOFSKY &
WALKER LLP
875 15th Street, N.W.
Washington, D.C. 20005
Tel: (202) 551-1700
hamiltonloeb@paulhastings.com

Dated: November 26, 2007
833690 / 29140

POTTER ANDERSON & CORROON LLP

By: /s/ David E. Moore
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE  19801
    Tel: (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

*Attorneys for Defendants
Samsung SDI Co., Ltd. and
Samsung SDI America, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on November 26, 2007, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I hereby certify that on November 26, 2007, I have Electronically Mailed the document to the following person(s):

Thomas C. Grimm
Benjamin Schladweiler
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
tgrimm@mnat.com
bschladweiler@mnat.com

Philip A. Rovner
Potter Anderson & Corroon LLP
1313 N. Market Street
Hercules Plaza, 6th Floor
Wilmington, DE 19899
provner@potteranderson.com

Karen L. Pascale
Young, Conaway, Stargatt & Taylor, LLP
The Brandywine Bldg., 17th Fl.
1000 West Street
Wilmington, DE 19801
kpascale@ycst.com

David J. Margules
Dominick Gattuso
Bouchard Margules & Friedlander, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
dmargules@bmf-law.com
dgattuso@bmf-law.com

By: /s/ David E. Moore
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

785096