IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HONEYWELL INTERNATIONAL INC. and HONEYWELL INTELLECTUAL PROPERTIES INC., <br><br> Plaintiffs, <br><br> v. <br><br> APPLE COMPUTER, INC., *et al.*, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 04-1338-\*\*\* <br> (consolidated) <br><br> **JURY TRIAL DEMANDED** |

**FUJIFILM CORPORATION AND FUJIFILM USA INC.'S ANSWER TO HONEYWELL'S REVISED SECOND AMENDED COMPLAINT**

Defendants FUJIFILM Corporation ("Fuji Japan") and FUJIFILM USA Inc. ("Fuji USA") (collectively referred to as "Fuji") by and through their undersigned counsel, files this Answer and Affirmative Defenses to Plaintiffs' Honeywell International Inc. ("Honeywell International") and Honeywell International Properties Inc. ("Honeywell IP") (collectively "Honeywell") Revised Second Amended Complaint And Demand For Jury Trial (the "Amended Complaint").

**INTRODUCTORY STATEMENT**

Pursuant to the Memorandum Orders of this Court dated May 18, 2005 and October 7, 2005, these proceedings are partially stayed against "Non-manufacturer Defendants" who have satisfied the requirements set forth in the October 7, 2005 Order. Fuji, to the extent it is a "Non-manufacturer Defendant" is therefore stayed. Accordingly, this Answer does not cover products which are subject to the Stay as ordered by this Court.

**Nature of the Action**

1. Fuji admits that Plaintiff alleges a claim for willful infringement of U.S 5,280,371 ("the '371 patent") against Fuji and other defendants. Fuji denies that they have infringed,

willfully or otherwise, any valid claim of the '371 patent and any remaining allegations of paragraph 1 of the Amended Complaint.

## The Parties

2. Fuji admits the allegations set forth in paragraph 2 of the Amended Complaint.

3. Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Amended Complaint, and therefore denies them.

4. Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Amended Complaint, and therefore denies them.

5. Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Amended Complaint, and therefore denies them.

6. Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Amended Complaint, and therefore denies them.

7. Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Amended Complaint, and therefore denies them.

8. Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Amended Complaint, and therefore denies them.

9. Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Amended Complaint, and therefore denies them.

10. Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Amended Complaint, and therefore denies them.

11. Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Amended Complaint, and therefore denies them.

12. Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Amended Complaint, and therefore denies them.

13. Fuji admits the allegations set forth in paragraph 13 of the Amended Complaint.

14. Fuji admits the allegations set forth in paragraph 14 of the Amended Complaint.

15. Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Amended Complaint, and therefore denies them.

16. Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Amended Complaint, and therefore denies them.

17. Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Amended Complaint, and therefore denies them.

18. Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Amended Complaint, and therefore denies them.

19. Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Amended Complaint, and therefore denies them.

20. Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Amended Complaint, and therefore denies them.

21. Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the Amended Complaint, and therefore denies them.

22. Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the Amended Complaint, and therefore denies them.

23. Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the Amended Complaint, and therefore denies them.

24. Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Amended Complaint, and therefore denies them.

25. Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the Amended Complaint, and therefore denies them.

26. Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the Amended Complaint, and therefore denies them.

27. Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the Amended Complaint, and therefore denies them.

28. Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the Amended Complaint, and therefore denies them.

29. Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the Amended Complaint, and therefore denies them.

30. Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the Amended Complaint, and therefore denies them.

31. Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the Amended Complaint, and therefore denies them.

32. Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the Amended Complaint, and therefore denies them.

33. Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 of the Amended Complaint, and therefore denies them.

34. Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 of the Amended Complaint, and therefore denies them.

35. Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 of the Amended Complaint, and therefore denies them.

## Jurisdiction and Venue

36. Fuji admits that Plaintiff alleges a cause of action under the Patent Laws of the United States and that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1338(a).

37. Fuji admits that this Court has personal jurisdiction over them, but denies that they have infringed, contributed to the infringement of or induced the infringement of any valid claim of the '371 patent and therefore deny the remaining allegations contained in paragraph 37 of the Amended Complaint to the extent such allegations are directed to Fuji. For any allegations contained in paragraph 37 of the Amended Complaint that are directed to defendants other than Fuji, Fuji lacks knowledge or information sufficient to form a belief as to truth of the allegations and therefore denies them.

38. Responding to paragraph 38, Fuji states that venue is a question of law to which no response is required.

## Background to the Action

39. Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 of the Amended Complaint, and therefore denies them.

40. Fuji admits that a copy of the '371 patent is annexed as Exhibit 1 to the Amended Complaint, but avers that the '371 patent is invalid and was improperly issued to the named applicants. Fuji lacks information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 40 of the Amended Complaint, and therefore denies them.

41. Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41 of the Amended Complaint, and therefore denies them.

## Acts Giving Rise to the Action

42. Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42 of the Amended Complaint, and therefore denies them.

43.     Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 43 of the Amended Complaint, and therefore denies them.

44.     Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44 of the Amended Complaint, and therefore denies them.

45.     Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 45 of the Amended Complaint, and therefore denies them.

46.     Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 46 of the Amended Complaint, and therefore denies them.

47.     Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 47 of the Amended Complaint, and therefore denies them.

48.     Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 48 of the Amended Complaint, and therefore denies them.

49.     Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 49 of the Amended Complaint, and therefore denies them.

50.     Fuji denies that they are engaged in the manufacture of any Liquid Crystal Display ("LCD") modules and/or products that include an LCD module in the United States. Fuji admits that Fuji USA imports, offers for sale and sells products (digital still cameras) that include an LCD screen in the United States with the knowledge and intention that such LCD screen-containing products would be sold throughout the United States, including this judicial district, and imports and uses for the purposes of repairing its digital still cameras in the United States small quantities of liquid crystal modules. Fuji denies that in the United States, within the six years prior to the date of filing of the Complaint, they import, make, offer for sale or sell laptop computers, PDAs, cellular phones, video cameras, portable DVD players, portable

televisions, portable entertainment systems, or portable navigation aids in the United States. Fuji admits that Fuji USA offers for sale and sells digital still cameras in the United States. Fuji denies the remaining allegations contained in paragraph 50 of the Amended Complaint.

51. Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 51 of the Amended Complaint, and therefore denies them.

52. Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 52 of the Amended Complaint, and therefore denies them.

53. Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 53 of the Amended Complaint, and therefore denies them.

54. Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 54 of the Amended Complaint, and therefore denies them.

55. Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 55 of the Amended Complaint, and therefore denies them.

56. Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 56 of the Amended Complaint, and therefore denies them.

57. Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 57 of the Amended Complaint, and therefore denies them.

58. Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 58 of the Amended Complaint, and therefore denies them.

59. Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 59 of the Amended Complaint, and therefore denies them.

60. Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 60 of the Amended Complaint, and therefore denies them.

61.  Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 61 of the Amended Complaint, and therefore denies them.

62.  Fuji lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 62 of the Amended Complaint, and therefore denies them.

63.  Fuji denies that any LCD modules and/or LCD screen-containing product imported, offered for sale, or sold by Fuji infringes the '371 patent, either literally or under the doctrine of equivalents. Fuji denies that they are liable for either direct or indirect infringement under 35 U.S.C. § 271. Fuji denies the remaining allegations contained in paragraph 63 of the Amended Complaint to the extent they are directed to them. To the extent the allegations contained in paragraph 63 of the Amended Complaint are directed to alleged infringement by defendants other than Fuji, Fuji lacks sufficient information to form a belief as to the truth of the allegations, and therefore denies them.

64.  Fuji denies the allegations contained in paragraph 64 of the Amended Complaint to the extent they are directed to Fuji. To the extent the allegations contained in paragraph 64 of the Amended Complaint are directed to conduct of defendants other than Fuji, Fuji lacks sufficient information to form a belief as to the truth of the allegations, and therefore denies them.

## Affirmative Defenses

Further responding to the Amended Complaint, Fuji alleges as follows:

### Defense No. I.

(No Cause of Action)

65.  The allegations of the Amended Complaint fail to state a claim against Fuji for which relief can be granted.

### Defense No. 2

(No Infringement)

66.     Fuji has not infringed and is not infringing any claim of U.S. Patent No. 5,280,371 ("the '371 patent") either literally or under the Doctrine of Equivalents.

### Defense No. 3

(Invalidity)

67.     Each and every claim of the '371 patent is invalid for failing to meet one or more of the requirements of Title 35 of the United States Code, including §§ 102, 103, and/or 112, including but not limited to, violation of the Best Mode requirement, offering the claimed invention for sale and subsequent sale more than one year prior to filing the application which became the '371 patent, the impermissible addition of new matter to the application after filing of the patent application, failure to comply with the written description requirements, failure to enable the alleged invention, and/or indefiniteness at least in part given Honeywell's proposed claim interpretation.

### Defense No. 4

(Prosecution History Estoppel)

68.     An additional basis for non-infringement is made on the basis that statements, representations, and admissions made to the U.S. Patent and Trademark Office ("PTO") during the prosecution of the applications that matured into the '371 patent, as well as the prior art, estop Honeywell from asserting that the claims of the patents encompass or are infringed by any product or activities of Fuji.  Furthermore, Honeywell is estopped from asserting an invention date prior to the priority date of references cited on the face of the issued patent and/or cited during the prosecution of the '371 patent application and relied on as prior art by the PTO.

### Defense No. 5

(Unenforceability of The '371 Patent Due To Inequitable Conduct Due to Failure to Disclose the McCartney Article)

69. On information and belief, the '371 patent is unenforceable because the applicants, and/or individuals acting on behalf of the applicants, deliberately and knowingly withheld, omitted, and/or misrepresented material information in connection with the prosecution of the application that matured into the '371 patent in violation of the duty of candor to the United States Patent and Trademark Office ("PTO"), as prescribed by 37 C.F.R. § 1.56.

70. The '371 patent issued from an application that was filed on July 9, 1992. That application listed three applicants: Richard I. McCartney, Daniel D. Syroid, and Karen E. Jachimowicz.

71. At least one of the applicants of the '371 patent was aware, during the pendency of the application that issued as the '371 patent, of information material to the patentability of the applications and purposely withheld the information from the PTO with an intent to deceive the PTO.

72. On February 2, 1993, in response to and to overcome a rejection by the patent examiner during prosecution of the application that issued as the '371 patent, the applicants and/or their representatives argued that there would be no suggestion to combine the teachings from a projection system with those from a direct view system.

73. Messrs. McCartney and Syroid authored an article entitled "Direction Diffuser Lens Array for Backlit LCDs," which was published in <u>Japan Display</u> in 1992 at pages 259-62 ("the McCartney Article"), during the pendency of the application for the '371 patent.

74. The McCartney Article was not cited to the examiner.

75. The McCartney Article acknowledges rear projection systems are related to direct view systems and the acknowledgment is contrary to the position taken by applicants and/or their representatives during prosecution and is therefore material.

76. The McCartney Article is also material under Rule 56 at least because it establishes a prima facie case of unpatentability of one or more claims of the '371 patent and/or because a reasonable examiner would have considered this information important in deciding whether to allow one or more claims of the application that led to the issuance of the '371 patent.

77. Notwithstanding the foregoing and in violation of 37 C.F.R. § 1.56, neither Messrs. McCartney or Syroid, nor any representative acting on behalf of the applicants informed the PTO of the McCartney Article.

78. Messrs. McCartney and Syroid, and their representatives were obligated to bring the existence of the McCartney Article to the attention of the PTO during the prosecution of the '371 patent, consistent with their duty of good faith and candor in dealing with the PTO under 37 C.F.R. § 1.56 and M.P.E.P. § 2001.06(c).

79. Given the high degree of materiality of this reference, intent to deceive the PTO can at least be inferred. Upon information and belief, Messrs. McCartney and Syroid, and their representatives withheld the existence of the McCartney Article from the PTO with an intent to deceive the PTO in order to secure allowance of the '371 patent.

80. For at least this reason, Messrs. McCartney and Syroid, and their representatives, during the prosecution of the '371 patent, breached their duty of good faith and candor in violation of 37 C.F.R. § 1.56. The '371 patent is unenforceable due to this inequitable conduct.

### Defense No. 6

(Unenforceability of The '371 Patent Due To Inequitable Conduct Due to the Failure to Disclose the Jachimowicz Chapter)

81.  Fuji hereby incorporates the statements in paragraphs 67-80 as if fully set forth herein.

82.  Ms. Jachimowicz authored a survey on projection displays entitled "Projection Display Technologies," in the book Electro-Optical Displays, (Mohammed Karim ed.) (1992) (pp. 211-89) (the "Jachimowicz Chapter"), during the pendency of the application for the '371 patent.

83.  The Jachimowicz Chapter was not cited to the examiner.

84.  The Jachimowicz Chapter discusses some of the technology discussed in the '371 patent, including the use of lenticular arrays in rear projection screens to enhance the horizontal viewing angle.

85.  The Jachimowicz Chapter includes Fig. 6.64 on page 272, which depicts the improvement in viewing angle from the use of lenticular arrays in rear projection screens.

86.  Figs 8, 9, and 11 of the '371 patent show much of the same results as Fig. 6.64 on page 272 in the Jachimowicz Chapter.

87.  The position that lenticular arrays can enhance the horizontal viewing angle in rear projector screen technology and direct view liquid crystal displays of the Jachimowicz Article is contrary to positions taken by applicants and/or their representatives during prosecution and is therefore material.

88.  The Jachimowicz Chapter is also material under Rule 56 at least because it establishes a prima facie case of unpatentability of one or more claims of the '371 patent and/or

because a reasonable examiner would have considered this information important in deciding whether to allow one or more claims' of the application that led to the issuance of the '371 patent.

89.   Notwithstanding the foregoing and in violation of 37 C.F.R. § 1.56, neither Ms. Jachimowicz, nor any representative acting on behalf of the applicant informed the PTO of the Jachimowicz Chapter.

90.   Ms. Jachimowicz and her representatives were obligated to bring the existence of the Jachimowicz Chapter to the attention of the PTO during the prosecution of the '371 patent, consistent with their duty of good faith and candor in dealing with the PTO under 37 C.F.R. § 1.56.

91.   Given the high degree of materiality of this reference, intent to deceive the PTO can at least be inferred. Upon information and belief, Ms. Jachimowicz, and her representatives withheld the existence of the Jachimowicz Chapter from the PTO with an intent to deceive the PTO in order to secure allowance of the '371 patent.

92.   For at least this reason, Ms. Jachimowicz and her representatives, during the prosecution of the '371 patent, breached their duty of good faith and candor in violation of 37 C.F.R. § 1.56. The '371 patent is unenforceable due to this inequitable conduct.

### Defense No. 7
(Unenforceability of The '371 Patent Due To Inequitable Conduct Due to the Failure to Disclose the Noda Article)

93.   Fuji hereby incorporates the statements in paragraphs 67-92 as if fully set forth herein.

94.   Both the McCartney Article and the Jachimowicz Chapter cited to an article by H. Noda entitled "High Definition Liquid Crystal Projection TV," which was published in Japan Display in 1989 at pages 256-59 ("the Noda Article").

95.     The Noda Article was not cited to the examiner.

96.     The Noda Article discusses removing a moiré pattern in a projection LCD display system by using a lens array pitch that is a non-integral multiple of a display pitch.

97.     On February 2, 1993, in response to and to overcome a rejection by the patent examiner during prosecution of the '547 application, the applicants and/or their representatives argued that there would be no suggestion to combine the teachings from a projection system with those from a direct view system.

98.     In the McCartney Article, however, Messrs. McCartney and Syroid cited to the Noda Article, which discusses the moiré effect in projection systems, as relevant to the issue of removing the moiré effect in direct view systems.

99.     The Noda Article is material under Rule 56 at least because it establishes a prima facie case of unpatentability of one or more claims of the '371 patent and/or because a reasonable examiner would have considered this information important in deciding whether to allow one or more claims of the application that led to the issuance of the '371 patent.

100.    Notwithstanding the foregoing and in violation of 37 C.F.R. § 1.56, neither Messrs. McCartney and Syroid, Ms. Jachimowicz nor any representative acting on behalf of the applicants informed the PTO of the McCartney and Noda Articles.

101.    Messrs. McCartney and Syroid and their representatives were obligated to bring the existence of the McCartney and Noda Articles to the attention of the PTO during the prosecution of the '371 patent, consistent with their duty of good faith and candor in dealing with the PTO under 37 C.F.R. § 1.56 and M.P.E.P. § 2001.06(c).

102.    Given the high degree of materiality of this reference, intent to deceive the PTO can at least be inferred. Upon information and belief, Messrs. McCartney and Syroid and their

representatives withheld the existence of these articles from the PTO with an intent to deceive the PTO in order to secure allowance of the '371 patent.

103. For at least this reason, Messrs. McCartney and Syroid and their representatives during the prosecution of the '371 patent breached their duty of good faith and candor in violation of 37 C.F.R. § 1.56. The '371 patent is unenforceable due to this inequitable conduct.

### Defense No. 8

(Unenforceability of The '371 Patent Due To Inequitable Conduct Due to the Failure to Disclose the Murakami Article)

104. Fuji hereby incorporates the statements in paragraphs 67-103 as if fully set forth herein.

105. The Jachimowicz Chapter cited to "55 inch High Definition Projection Display," Murakami et al., Projection Display Technology, Systems, and Applications (F.J. Kahn, Ed.), Proc. SPIE 1081, pp 46-52 (1989) ("the Murakami Article").

106. The Murakami Article was not cited to the examiner.

107. Honeywell contends that a structures not disclosed in the '371 patent specification are an alleged reduction to practice.

108. The Murakami Article discloses a rear projection screen comprising a Fresnel lens screen and both vertical and horizontal diffusing lenticular lens screens.

109. The lenticular lens arrays in the Murakami Article are facing each other and crossed at what appears to be a 90° relationship.

110. If Honeywell's claim of reduction to practice before the July 1992 date of the application for its '371 patent is correct and the '371 patent covers the claimed reduction to practice, the Murakami Article is material under Rule 56 at least because it establishes a prima facie case of unpatentability of one or more claims of the '371 patent and/or because a

15

reasonable examiner would have considered this information important in deciding whether to allow one or more claims of the application that led to the issuance of the '371 patent.

111.   Notwithstanding the foregoing and in violation of 37 C.F.R. § 1.56, neither Ms. Jachimowicz, nor any representative acting on behalf of the applicant informed the PTO of the Murakami Article.

112.   Ms. Jachimowicz and her representatives were obligated to bring the existence of the Murakami Article to the attention of the PTO during the prosecution of the '371 patent, consistent with their duty of good faith and candor in dealing with the PTO under 37 C.F.R. § 1.56 and M.P.E.P. § 2001.06(c).

113.   Given the high degree of materiality of this reference, intent to deceive the PTO can at least be inferred. Upon information and belief, Ms. Jachimowicz, and her representatives withheld the existence of the Murakami Article from the PTO with an intent to deceive the PTO in order to secure allowance of the '371 patent.

114.   For at least this reason, Ms. Jachimowicz, and her representatives during the prosecution of the '371 patent breached their duty of good faith and candor in violation of 37 C.F.R. § 1.56. The '371 patent is unenforceable due to this inequitable conduct.

### Defense No. 9
(Unclean Hands)

115.   Honeywell is barred by the equitable doctrine of unclean hands from obtaining the requested relief.

### Defense No. 10
(No Costs)

116.   Plaintiffs are barred by 35 U.S.C. § 288 from receiving any costs associated with this suit.

**Defense No. 11**

(Failure to Mark)

117.    On information and belief, Honeywell's claim of damages is barred, in whole or in part, due to its failure to mark under 35 U.S.C. § 287.

**Defense No. 12**

(Lack of Ownership)

118.    Neither of Plaintiffs Honeywell International nor Honeywell IP are the record owners of the '371 patent so that, on information and belief, neither has standing to bring this action.

**Defense No. 13**

(Laches)

119.    Plaintiffs are not entitled to recover damages for past infringement, if any, under the doctrine of laches and their claims, if valid, are barred by the doctrine of estoppel because of the unreasonable delay in bringing suit, in substantial excess of six years after at least one of Plaintiffs knew or should have known of (a) at least some of the digital still cameras including LCD screens of the type accused of infringement sold in the United States by Fuji USA, (b) at least some of the other accused products sold in the United States incorporating LCD screens provided by one or more of the suppliers of such screens to Fuji Japan, and/or (c) at least some of the LCD screens sold or offered for sale in the United States by a supplier of such screens to Fuji Japan. This delay has materially prejudiced Fuji USA and Fuji Japan, at least in part because the failure of Plaintiffs to bring the '371 patent to the attention of Fuji USA and/or Fuji Japan or to a supplier of LCD screens to Fuji Japan earlier, at a time when Plaintiffs would have been expected to do so, at least in part induced Fuji Japan to change its position by continuing to make or have made for sale in the United States, and at least in part induced Fuji USA to change its

position by continuing to sell and offer for sale in the United States, the digital still cameras accused of infringement, in reliance on an absence of knowledge of the existence of the '371 patent, no less of Honeywell's claims of infringement. If Fuji USA or Fuji Japan had been made aware of the existence of the '371 patent and Plaintiffs' claims of infringement, Fuji Japan and its suppliers could have adopted a design of LCD screens for all of Fuji Japan's digital still cameras that avoids even Honeywell's unreasonable claims of infringement of the claims of the '371 patent, without regard to whether the claims of the '371 patent are valid or enforceable. Further, due to the delay in bringing this action, material documents and things (including models) of Honeywell and third parties have been destroyed and the memory of witnesses is materially impaired to Fuji's detriment.

120.   To the extent Fuji's understanding of the Partial Stay is incorrect, Individuals or entities that are not named as a party to this action may be liable for at least a part of Plaintiffs' claims against Fuji.

### Defense No. 14

(Statutory limitation on any alleged Damages)

121.   On information and belief, Plaintiffs' claim for damages, if any, against Fuji is statutorily limited by 35 U.S.C. § 286 and/or § 287.

### PRAYER FOR RELIEF

WHEREFORE Fuji prays for entry of judgment against Plaintiffs and in Fuji's favor as follows:

(a)   That all claims of Plaintiffs' Amended Complaint against Fuji be dismissed with prejudice;

(b)   That claims for past damages of Plaintiffs against Fuji are statutorily barred and barred by laches and therefore dismissed with prejudice;

(c)   That Plaintiffs are estoppel from asserting claims for future relief against Fuji;

(d)   That none of the products of Fuji infringe any claim of the '371 patent;

(e)   That the claims of the '371 patent are invalid;

(f)   That the '371 patent is unenforceable and/or has been misused and that Plaintiffs are barred from asserting their claims against Fuji in their entirety;

(g)   That by reason of Plaintiffs' conduct, this is an exceptional case and awarding Fuji their reasonable attorney fees and costs under 35 U.S.C. § 285; and

(h)   That Fuji be awarded any such other and further relief as is just and proper.

OF COUNSEL:

Lawrence Rosenthal
Matthew W. Siegal
Ian G. DiBernardo
Angie M. Hankins
Kevin C. Ecker
STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY 10038-4982
(212) 806-5400

Dated: November 27, 2007
834105

POTTER ANDERSON & CORROON LLP

By: _____
Philip A. Rovner (#3215)
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

*Attorneys for Defendants*
*FUJIFILM Corporation and FUJIFILM U.S.A., Inc.*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, hereby certify that, on November 27, 2007, the within document was electronically filed with the Clerk of the Court using CM-ECF which will send notification of such filing to the following; the document was served by E-mail on the following; and the document is available for viewing and downloading from CM-ECF:

Thomas C. Grimm, Esq.
Benjamin J. Schladweiler, Esq.
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
tgrimm@mnat.com
bschladweiler@mnat.com

Karen L. Pascale, Esq.
Young, Conaway, Stargatt & Taylor, LLP
The Brandywine Bldg., 17th Fl.
1000 West Street
Wilmington, DE 19801
kpascale@ycst.com

Richard L. Horwitz, Esq.
David E. Moore, Esq.
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899
rhorwitz@potteranderson.com
dmoore@potteranderson.com

David J. Margules, Esq.
John M. Seaman, Esq.
Bouchard Margules & Friedlander, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
dmargules@bmf-law.com
jseaman@bmf-law.com

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899
(302) 984-6000
E-mail: provner@potteranderson.com

759311