IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HONEYWELL INTERNATIONAL INC. and HONEYWELL INTELLECTUAL PROPERTIES INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 04-1338-*** |
| v. | ) ) ) | CONSOLIDATED |
| APPLE COMPUTER, INC., et al., | ) ) ) | PUBLIC VERSION |
| Defendants. | ) ) | |

## LETTER TO THE HONORABLE MARY PAT THYNGE FROM THOMAS C. GRIMM REGARDING MOTION TO COMPEL ADDITIONAL TESTIMONY FROM SAMSUNG SDI

OF COUNSEL:

Martin R. Lueck
Matthew L. Woods
Stacie E. Oberts
Denise S. Rahne
Peter N. Surdo
Marta M. Chou
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
800 LaSalle Avenue
Minneapolis, MN  55402-2015
(612) 349-8500

Anthony A. Froio
Marc N. Henschke
Alan E. McKenna
Michael J. Garko
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
800 Boylston Street, 25th Floor
Boston, MA  02199
(617) 267-2300

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Thomas C. Grimm (#1098)
Benjamin J. Schladweiler (#4601)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
tgrimm@mnat.com
bschladweiler@mnat.com

*Attorneys for Plaintiffs*

Confidential Version Filed: November 19, 2007
Public Version Filed: December 13, 2007

Dear Magistrate Judge Thynge:

I write in regard to Honeywell's motion to compel additional testimony from Samsung SDI based on its 30(b)(6) witnesses' preparation and knowledge of their designated topics. In short, by having Samsung SDI's in-house counsel perform the investigation that was selectively provided to its designees, the witnesses were not prepared to discuss the basis for their testimony or how the information was collected. Instead, their testimony was limited to select information filtered through Samsung SDI's in-house counsel. The testimony was therefore incomplete, and at times, obviously inaccurate. The witnesses were simply mouthpieces, and not prepared on significant topics, including Samsung SDI's communications with third parties.

Honeywell's Notice of Deposition Included Topic 2, which sought all communications between SDI and any third party regarding Honeywell's claims of infringement of the '371 Patent, including formal and informal indemnification discussions. Ex. A, p. 3.

REDACTED

This testimony, based on what the designees had "heard" in preparing for their depositions, is not sufficient—and moreover, it is incorrect in light of REDACTED

More troublesome is the fact that this is only what Honeywell was able to discover by virtue of the defendants' own subpoena of REDACTED and does not address the other topics for which the witnesses were not fully informed.

REDACTED

---
1

REDACTED

The Honorable Mary Pat Thynge
November 19, 2007
Page 2

REDACTED

REDACTED

REDACTED

    The remedy of an additional deposition was insufficient on this issue. Given the issues described above, Honeywell requested a properly-prepared witness on the issue of communications with third parties, and Samsung SDI offered up Dr. Jung, although improperly limited the scope of his testimony to communications about the technical design change. Exs. D-I. Yet when pressed in advance of the follow-up deposition during a meet-and-confer, SDI's counsel refused to define the scope of that limitation. Exs. K-L (requests for definition). Ex. M (no definition provided).

REDACTED

Exs. L-N. It was not.
REDACTED

---

[2] Interpreters disagreed about the use of "investigated," but the distinction is not material because either translation indicates the witness's unfamiliarity with the topic.

[3] In July of 2007, in response to Honeywell's complaints about Mr. Kwon's preparedness, SDI's counsel wrote,

REDACTED

Ex. G (emphasis added).

The Honorable Mary Pat Thynge
November 19, 2007
Page 3

REDACTED

REDACTED

REDACTED

  In sum, Samsung SDI was required to provide properly-prepared witness regarding Topic 2, including testimony regarding the witness's preparation and investigation that formed the basis of the witness's testimony. Its original witnesses were not properly prepared, and its follow-up witness was similarly not prepared. Instead, Samsung SDI's in-house counsel conducted the investigation and provided SDI's witnesses with only certain information—which was incomplete and incorrect—while the rest was shielded from disclosure by Samsung SDI's failure to provide it to the designated witnesses.[4] The proper remedy for this unacceptable preparation is a properly-prepared witness who can testify about the nature, scope, and extent of Samsung SDI's investigation into the Deposition topics. Honeywell suggests that the proper deponent regarding this issue is Mr. Seo, who actually conducted the investigations.

Respectfully,

*/s/ Thomas C. Grimm*

Thomas C. Grimm (#1098)

TCG/dam
Enclosures: Exhibits A-Y
cc: Dr. Peter T. Dalleo, Clerk (by hand delivery)
   Richard L. Horwitz, Esquire (by e-mail and hand delivery)
   Counsel of Record (by e-mail)

---

[4] This relates to Topic 4(b) as well, which included the criteria by which Samsung SDI identified generational products. Ex. A.

## **CERTIFICATE OF SERVICE**

I certify that on December 13, 2007, I caused to be served true and correct copies of the foregoing on the following in the manner indicated:

**BY HAND & E-MAIL:**

Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE  19899

*Attorneys for Samsung SDI America, Inc.
and Samsung SDI Co., Ltd.*


**BY E-MAIL:**

Karen L. Pascale
YOUNG CONAWAY STARGATT
  & TAYLOR, LLP
The Brandywine Building, 17th floor
1000 West Street
Wilmington, DE  19801

*Attorneys for Optrex America, Inc.*

Philip A. Rovner
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE  19899

*Attorneys for FUJIFILM Corporation
and FUJIFILM U.S.A., Inc.*

David J. Margules
John M. Seaman
BOUCHARD MARGULES
  & FRIEDLANDER, P.A.
222 Delaware Ave., Suite 1400
Wilmington DE 19801

*Attorneys for Citizen Watch Co., Ltd.
and Citizen Displays Co., Ltd.*

Daniel V. Folt
Matt Neiderman
DUANE MORRIS LLP
1100 North Market Street, 12th Floor
Wilmington, DE  19801-1246

*Attorneys for InnoLux Display Corporation*

Andrew M. Ollis
OBLON, SPIVAK, McCLELLAND,
 MAIER & NEUSTADT, P.C.
1940 Duke Street
Alexandria, VA  22314
aollis@oblon.com

*Attorneys for Optrex America, Inc.*

Stephen S. Korniczky
Elizabeth L. Brann
PAUL, HASTINGS, JANOFSKY
 & WALKER LLP
3579 Valley Centre Drive
San Diego, CA  92130
stephen.korniczky@paulhastings.com
elizabeth.brann@paulhastings.com

Hamilton Loeb
PAUL, HASTINGS, JANOFSKY
 & WALKER LLP
875 15th Street, N.W.
Washington, DC  20005
hamiltonloeb@paulhastings.com

*Attorneys for Samsung SDI Co., Ltd.*
*and Samsung SDI America, Inc.*

Lawrence Rosenthal
Matthew W. Siegal
STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY  10038-4982
lrosenthal@stroock.com
msiegal@stroock.com

*Attorneys for FUJIFILM Corporation*
*and FUJIFILM U.S.A., Inc.*

Stuart Lubitz
HOGAN & HARTSON LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA  90067
slubitz@hhlaw.com

*Attorneys for Citizen Watch Co., Ltd.*
*and Citizen Displays Co., Ltd.*

Donald R. McPhail
DUANE MORRIS LLP
1667 K Street, N.W., Suite 700
Washington, DC  20006
drmcphail@duanemorris.com

*Attorneys for InnoLux Display Corporation*

**BY FEDERAL EXPRESS**

Mr. Seong Yoon Jeong
Assistant Manager
Technology Planning Group
BOE HYDIS TECHNOLOGY CO., LTD.
San 136-1, Ami-ri, Bubal-eub
Ichon-si, Gyeonggi-do 467-701
Republic of Korea

*/s/ Thomas C. Grimm*
_____
Thomas C. Grimm (#1098)