EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

HONEYWELL INTERNATIONAL INC.　　)
and HONEYWELL INTELLECTUAL　　　)
PROPERTIES INC.,　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　　　Plaintiffs,　　　)
　　　　　　　　　　　　　　　　)　　　C.A. No. 04-1338-KAJ
　　　　　v.　　　　　　　　　　)　　　(Consolidated)
　　　　　　　　　　　　　　　　)
APPLE COMPUTER, INC., et al.,　　)
　　　　　　　　　　　　　　　　)
　　　　　　　　Defendants.　　　)

### PLAINTIFFS' NOTICE OF RULE 30(b)(6) DEPOSITION
### OF DEFENDANT SAMSUNG SDI CO., LTD.

PLEASE TAKE NOTICE that, in accordance with Rules 26, 30(b)(6), and 32 of the

Federal Rules of Civil Procedure, Plaintiffs will take the deposition of Defendant Samsung SDI

Co., Ltd., through one or more of its officers, directors, managing agents, or other persons who

consent to testify on its behalf and who are most knowledgeable with respect to the deposition

subjects set forth in Schedule A at the time and place as set forth below.

Said deposition will be taken on January 22-24, 2007, at a mutually-agreeable location,

commencing at 9:00 a.m. local time, or at such other time and place as may be agreed to by the

parties. The deposition will continue until completed as provided in the Federal Rules of Civil

Procedure. The deposition will be recorded stenographically and by videotape. You are invited

to attend and cross-examine.



Honeywell v Apple
Date 5-1-07
EXHIBIT 117

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Leslie A. Polizoti*

Thomas C. Grimm (#1098)
Leslie A. Polizoti (#4299)
Maria Granovsky (#4709)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
tgrimm@mnat.com
lpolizoti@mnat.com
mgranovsky@mnat.com
    *Attorneys for Honeywell International Inc.*
    *and Honeywell Intellectual Properties Inc.*

OF COUNSEL:

Martin R. Lueck
Matthew L. Woods
Stacie E. Oberts
Michael D. Okerlund
Denise S. Rahne
Peter N. Surdo
Marta M. Chou
ROBINS, KAPLAN, MILLER
    & CIRESI L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
(612) 349-8500

Anthony A. Froio
Marc N. Henschke
Alan E. McKenna
Jeremy C. McDiarmid
ROBINS, KAPLAN, MILLER
    & CIRESI L.L.P.
111 Huntington Avenue, Suite 1300
Boston, MA 02199
(617) 267-2300

November 14, 2006

## SCHEDULE A

**I.     DEFINITIONS**

1.     The term "communication" means any transmission of thoughts, opinions or information, whether written or oral and including without limitation, letters, memoranda, meetings, discussions, conversations, negotiations, agreements, understandings, inquiries, notes, telegrams, and/or e-mail.

2.     The terms "Plaintiffs" or "Honeywell" shall mean Honeywell International Inc. and Honeywell Intellectual Properties Inc., including officers, agents, employees, and representatives of each entity.

3.     The terms "Samsung SDI", "you," or "your" shall refer to Samsung SDI Co., Ltd. and includes, without limitation, your divisions, subsidiaries, directors, agents, representatives, and employees and any predecessor with an interest.

4.     The term "Complaint" shall mean the Complaint and any amended Complaints filed by Plaintiffs in this action.

5.     The term "Named Defendants" shall mean the defendants named in Honeywell's Complaints and any Amended Complaints in the Honeywell actions (C.A. Nos. 04-CV-1337, 1338, and 05-CV-874).

6.     The term "your corporate organization" shall mean Samsung SDI and Samsung SDI America, Inc.

7.     The phrase "referring or relating to" as used herein, includes, but is not limited to, the following meanings: bearing upon, concerning, constituting, discussing, describing, evidencing, identifying, in connection with, pertaining to, respecting, regarding, responding to, or in any way logically or factually relevant to the matter described in the request.

8.    The term "Person" shall mean any individual, partnership, incorporated or unincorporated association, and any other legal or commercial entity.

9.    The term "Date" shall mean the exact day, month and year, if ascertainable, or, if not, the best available approximation, including relationship to other events.

10.    The term "Document" shall mean all writings of any kind, including the originals and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise as contemplated by Fed. R. Civ. P. 26 in any form, whether on paper, in electronic form, on microfilm, or otherwise.  Documents generated by another party or non-party and in your possession, custody or control are within the scope of this request.

11.    The term "Identify" when used in reference to a person means to provide the following information:

    a.    Full name;

    b.    Present or last known address; and

    c.    Present or last known telephone number.

12.    The terms "'371 patent" and "patent-in-suit" shall mean United States Patent No. 5,280,371 entitled "Directional Diffuser For A Liquid Crystal Display."

13.    The term "LCD Modules" shall mean liquid crystal display modules.

14.    The terms "Accused Module" or "Accused Modules" shall mean those LCD modules identified by Honeywell in its Response to Interrogatory No. 1 of Samsung SDI's Co., Ltd.'s First Set of Interrogatories (and any and all generations or variations of those modules and/or substantially similar modules) that were made, used, sold or offered for sale in, or imported into, the United States by you at any time from October 1998 to the present, including LJ41-02032A and LJ41-01753A (identified by Samsung SDI as UG12D205A and

2

UG12R076A).  In addition, the terms shall also include the modules LJ41-01774A and LJ41-1773A.

15.    The term "lighting components" shall include any and all components of your Accused Modules used to illuminate the LCD panel, and include without limitation backlight units, lamps, LEDs, reflectors, diffusers, polarizers, light pipes/wedges, prismatic/lenticular films and combinations thereof.

## II.    TIME PERIOD

16.    Unless otherwise specifically noted, these deposition topics cover the time period October 1998 to present.

## III.    RULE 30(b)(6) TOPICS

### Samsung SDI's General Entity Information

1.    Your corporate organization and structure, including the identity of departments, affiliates, groups and individuals with decision-making authority regarding the design, manufacture and distribution of LCD modules.

### Samsung SDI's LCD Modules

2.    All communications between you and any third party regarding Honeywell's claims of infringement of the '371 Patent including, but not limited to any formal and/or informal discussions between you and any third party relating to any request to be defended against Honeywell's claims of infringement.

3.    The circumstances under which you began manufacturing and/or offering for sale LCD modules with two lenticular and/or prismatic films, including but not limited to a description of the technical and marketing reasons for such development.

4.     For each of the Accused Modules, from the date of their first manufacture to the present:

    a.    the manner in which you identify each such Accused Module, including but not limited to any alphanumeric, model number or other label used to identify each such module;

    b.    any and all generations or variations of such Accused Module, including the criteria used to identify generational modules;

    c.    the operation and configuration of all lighting components of each accused module, particularly including but not limited to: the presence of lenticular and/or prismatic films and/or structures; the orientation of such structures with regard to the LCD panel and the reasons for such orientation;

    d.    the extent to which your customers or intended customers participated in the design of each such Accused Module, including the identification of any design ideas or changes provided by such customers or intended customers;

    e.    to the extent you only assemble, but do not manufacture any lighting component used in such module, an identification of where you obtain such component parts including without limitation who manufactures and supplies lenticular and/or prismatic films used in such Accused Module; and

    f.    the identification by Bates ranges and the authentication of the technical documents and specifications related to your Accused Modules produced in response to Honeywell's Requests for Production of Documents.

4

5.    Any and all efforts undertaken by or at your direction to investigate whether any LCD Module manufactured, assembled and/or sold by you may infringe the '371 patent, including but not limited to obtaining opinions of counsel and all facts that support your assertion that any Accused Modules manufactured by you do not infringe the '371 patent.

6.    The date upon and circumstances under which you first learned of the existence of the '371 patent.

7.    Your knowledge of, and experiences with any of the named inventors of the '371 patent and their body of work, including but not limited to your consideration of the subject matter of the presentation entitled "Directional Diffuser Lens Array for Backlit LCDs" given at or about the Japan Display SID Conference in October 1992.

8.    Consideration, development and implementation of any alternative design(s) for your Accused Modules relating to different angles of rotation for any lenticular and/or prismatic structures contained thereon; and/or relating to the use of two such structures as opposed to any other number.

**Samsung SDI's Accounting and Financial Reporting Methods**

9.    Samsung SDI's accounting and financial reporting standards, systems, and methods.

10.    The method and/or procedure for gathering the data used to calculate and/or compute gross revenue, net revenue, cost of revenue, gross margin, selling, general, administrative and other expenses, income before income taxes and net income on a monthly, quarterly, and annual basis or any other timeframe Samsung SDI regularly keeps records for its sales.

**Samsung SDI's Distribution, Sale and Marketing of Accused Products**

      11.    For each Accused Module, from the date of its first sale to the present:

           a.    the projected and actual sales revenue generated by month, quarter and year;

           b.    the projected and actual sales expenses or cost of sales incurred by month, quarter and year; and

           c.    the projected and actual profits and profit margins generated and how profit is calculated.

      12.    The:

           a.    process by which Samsung SDI distributes and sells its LCD Modules, including without limitation a description of the channel(s) of distribution utilized by Samsung SDI;

           b.    market in the United States and worldwide for Samsung SDI LCD Modules; and

           c.    process by which Samsung SDI markets or promotes the sale of its LCD Modules in the United States and worldwide, including any and all advertising or promotional materials and/or campaigns.

      13.    The target market and/or customer base for Samsung SDI's LCD Modules, and the reason(s) why Samsung SDI targets this market and/or customer base, including without limitation any and all advertising, marketing and/or promotional efforts Samsung SDI has undertaken or considered undertaking relating to the Accused Modules.

14.    Samsung SDI's policy and marketing program for maintaining their patent monopolies by not licensing others to use their inventions or by granting licenses under special conditions designed to preserve that monopoly.

15.    Samsung SDI's policies and practices for the negotiation of royalty or license agreements for the use of patented technology, including without limitation, licensing of third party technology for Samsung SDI's use, the licensing of Samsung SDI's technology to third parties, and the cross licensing of technologies.

16.    Samsung SDI's license agreements, including the terms and conditions of such license agreements, related to consumer electronics entered into by Samsung SDI.

17.    Royalty or license fees received or paid by Samsung SDI from October 1998 to the present for any non-consumer license.

18.    Any analysis of Samsung SDI's domestic and foreign market share from October 1998 to the present, including but not limited to, the size of the markets and expected growth in the markets, prices in the markets, supply and demand in the markets, competition and expected future competition in the markets, and factors that might influence the markets.

19.    Samsung SDI's pricing and pricing policies and strategy for the sale of each of the Accused Modules.

20.    The effect of selling the Accused Modules in promoting the sale of other products of Samsung SDI, including but not limited to the existing value of the Accused Modules as a generator of sales of other items, and the extent of such derivative or convoyed sales.

21.    Information and documents relied on or reviewed by the corporate representative(s) for purposes of becoming knowledgeable about the topics set forth in this Schedule A.

7

22.    Samsung SDI's document retention policies from October 1998 to the present.

# EXHIBIT B

## FULLY REDACTED

# EXHIBIT C

## FULLY REDACTED

# EXHIBIT D

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Tel: 612-349-8500 Fax: 612-339-4181
www.rkmc.com

ATTORNEYS AT LAW

PETER N. SURDO
612-349-0982

May 23, 2007

**VIA FACSIMILE AND MAIL (858) 847-3631**

Elizabeth L. Brann
Paul, Hastings, Janofsky & Walker LLP
3579 Valley Centre Drive
San Diego, CA 92130

Re:     *Honeywell International, Inc. et al. v. Apple Computer, Inc., et al.*
        Our File No.: 019896.0229

Dear Liza:

I write to raise some issues relating to the depositions that we took of Samsung SDI and Samsung SDI America during the first week of May. We thank you and Steve for extending your space and hospitality.

As an initial matter, and to follow on my e-mail message of May 10, 2007, we need to schedule a witness on Topic 4(b) as soon as possible. Please inform us of when Samsung SDI and SDI America will be producing a witness (or witnesses) to testify on this topic. In addition, we had expected to receive sworn verifications for Samsung SDI's discovery responses by now. Please provide them without further delay

Turning to the depositions, we have several issues arising from those depositions relating to the witnesses' conduct, your instructions not to answer and claims of privilege, areas in which we were not able to fully develop the record on the noticed topics, and requests for information. I address these issues below.

**I.     Witness Conduct**

Dr. Jung and Mr. Kwon generally took an inordinate amount of time before beginning their answers to our questions. While this could have been for several reasons, we did not get a true seven hours of testimony from these two witnesses.
REDACTED
                                    In your consideration of the issues below, please note that they were further exacerbated by these unacceptable delays. While we certainly appreciate any desire to give accurate and complete answers, it appeared that the delays instead served to reduce the total amount of time that we had to question the witnesses. As the

**HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY**

MP3 20226064.1

Elizabeth L. Brann
May 23, 2007
Page 2

depositions progressed, it became clear that any follow-up questioning was likely to burn a significant amount of time, given the slow pace of the witnesses' answers. We are considering our options in this regard, but wanted to bring it to your attention as soon as possible. If motion practice becomes necessary, we plan on showing video excerpts to the Court.

**II.    Samsung's Spurious Claims of Privilege and Honeywell's Need for Testimony**

Honeywell is entitled to know the investigation that was done to determine Samsung SDI's first awareness of the '371 patent.[1]

REDACTED

Honeywell is also entitled to deposition discovery regarding Topic No. 5 relating to Samsung SDI's claims of noninfringement, which would include all facts supporting its contention that it does not infringe the '371 patent. Samsung SDI did not provide a witness of this topic. Any facts underlying Samsung SDI's claim of non-infringement are not subject to privilege, and Honeywell has a right to understand the basis for this contention, and to test the veracity of Samsung SDI's discovery responses (points recently discussed with Judge Thynge). If Samsung SDI refuses to provide a witness on these topics, we will consider it bound at trial by its lack of response to this inquiry.

REDACTED

We are considering our options with respect to your instruction not to answer.

**III.    Witness Investigation, Preparation, and Lack of Knowledge**

REDACTED

---

[1] I note that Samsung SDI has demanded information relating to Honeywell's investigation into whether it ever commercialized or marked any product using the '371. At the Defendants' upcoming deposition of Kurt Luther, Honeywell will properly prepare the witness to answer questions relating to his investigation in preparing to testify on his designated topics.

[2]                                                                REDACTED

HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY

Elizabeth L. Brann
May 23, 2007
Page 3

REDACTED

REDACTED    described in the previous paragraph casts doubt upon Mr. Kwon's testimony regarding communications with

REDACTED

If it turns out that Mr. Kwon's testimony was similarly incorrect, we demand immediate supplementation and additional deposition time.

The same concerns and demands also relate to
REDACTED

Please investigate and supplement this issue as discussed above.

REDACTED

REDACTED

**Requests for Documents**

We made several requests for documents, production, and other items during the course of the deposition. In general, you and Mr. Korniczky took these matters under advisement, so

HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY

Elizabeth L. Brann
May 23, 2007
Page 4

we now need to revisit them. We need to know as soon as possible whether you will be producing documents in response to these requests. For the sake of clarity, they are summarized here in a bullet-pointed list with reference to the transcription pages where they can be found.

- REDACTED

- REDACTED

- REDACTED
- REDACTED
- REDACTED

- REDACTED

- REDACTED

In addition, the deposition testimony leads us to make the following requests for documents related to the witnesses' statements.

- REDACTED

- REDACTED

- REDACTED

Please give me a call to discuss all of the foregoing issues. Because we need to depose another witness on Topic 4(b), we would suggest that if SDI agrees to make its witnesses available for follow-up testimony, then we should coordinate the depositions.

HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY

MP3 20226064.1

Elizabeth L. Brann
May 23, 2007
Page 5

I look forward to hearing from you.

Sincerely,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

Peter N. Surdo

PNS/sdg

cc:    Matthew L. Woods, Esq.
       Stacie E. Oberts, Esq.

HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY

MP3 20226064.1

# EXHIBIT E

## Surdo, Peter N.

| | |
|---|---|
| **From:** | Surdo, Peter N. |
| **Sent:** | Monday, June 25, 2007 4:18 PM |
| **To:** | Brann, Elizabeth L. |
| **Cc:** | Woods, Matthew L. |
| **Subject:** | May 23 Letter |

Dear Liza,

I just wanted to touch base on Samsung SDI's response to my letter of May 23, as it has now been over a month since then and we have not received a substantive reply. As you know, even with the extension in place, discovery will be tight and this sort of delay could hamper our ability to efficiently process the case. Please let me know when we can expect to hear from you.

Best regards,

Pete

P.S. Neither Samsung SDI nor Samsung SDI America have responded to our Fourth Set of Interrogatories, and SDI America has not responded to our Second Set of Requests for Admission. I am sure you aware of the consequences for these failures under the Rules of Civil Procedure. We will be in touch shortly to follow up on these issues.

---

**From:** Brann, Elizabeth L. [mailto:elizabethbrann@paulhastings.com]
**Sent:** Friday, June 15, 2007 4:17 PM
**To:** Surdo, Peter N.
**Cc:** Woods, Matthew L.; Gustafson, Stacy D.
**Subject:** RE: Interrogatory Responses

Dear Peter:

We are working on a comprehensive response to your May 23 letter, which was four pages long and single spaced and contained a broad variety of requests.

Best regards,

Liza

---

> **From:** Surdo, Peter N. [mailto:PNSurdo@rkmc.com]
> **Sent:** Friday, June 15, 2007 1:20 PM
> **To:** Brann, Elizabeth L.
> **Cc:** Woods, Matthew L.; Gustafson, Stacy D.
> **Subject:** Interrogatory Responses
>
> >>>> Please read the confidentiality statement below <<<<
>
> Dear Liza,
>
> I have just reviewed Samsung SDI's supplemental interrogatory answers filed earlier today. Yet again, there is no sworn verification from Samsung SDI or Samsung SDI America, which reminded me to ask you for a response to my letter of May 23. Thanks for your prompt attention.
>
> Pete

Peter N. Surdo
Robins, Kaplan, Miller & Ciresi L.L.P.
800 LaSalle Avenue, Suite 2800
Minneapolis, MN, 55402
(612) 349-0982 (office)
(612) 339-4181 (fax)
www.rkmc.com
pnsurdo@rkmc.com

---

Information contained in this e-mail transmission may be privileged, confidential and covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521.

If you are not the intended recipient, do not read, distribute, or reproduce this transmission.

If you have received this e-mail transmission in error, please notify us immediately of the error by return email and please delete the message from your system.

Pursuant to requirements related to practice before the U. S. Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the U. S. Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.

Thank you in advance for your cooperation.

Robins, Kaplan, Miller & Ciresi L.L.P.
http://www.rkmc.com

---

*********************************************************
IRS Circular 230 Disclosure:    As required by U.S.
Treasury Regulations governing tax practice, you are
hereby advised that any written tax advice contained
herein was not written or intended to be used (and cannot
be used) by any taxpayer for the purpose of avoiding
penalties that may  be imposed under the U.S. Internal
Revenue Code.
*********************************************************

This message is sent by a law firm and may contain
information that is privileged or confidential.  If you
received this transmission in error, please notify the
sender by reply e-mail and delete the message and any
attachments.

For additional information, please visit our website at

11/14/2007

www.paulhastings.com.

11/14/2007

# EXHIBIT F

## Surdo, Peter N.

| | |
|---|---|
| **From:** | Surdo, Peter N. |
| **Sent:** | Tuesday, July 03, 2007 2:00 PM |
| **To:** | 'Brann, Elizabeth L.'; stephenkorniczky@paulhastings.com |
| **Cc:** | Woods, Matthew L. |
| **Subject:** | FW: May 23 Letter |

Dear Steve and Liza,

It has now been over a week since my last e-mail message, and as of tomorrow, *six weeks* since my letter of May 23. I would have expected a reply by now. Please advise us as to the status of your response, as we are contemplating motion practice in the absence of any substantive communications.

Thanks for providing your update,

Pete

---

**From:** Surdo, Peter N.
**Sent:** Monday, June 25, 2007 10:34 PM
**To:** 'stevekorniczky@paulhastings.com'
**Cc:** Woods, Matthew L.; 'elizabethbrann@paulhastings.com'
**Subject:** FW: May 23 Letter

Dear Steve,

When I sent the message below earlier today, I received an auto-reply from Liza's account that she was out of the office with intermittent e-mail access until July 2. I am forwarding that message to you, too, to see if we can expect a response before then. Please provide your thoughts.

Thanks and best regards,

Pete

---

**From:** Surdo, Peter N.
**Sent:** Monday, June 25, 2007 4:18 PM
**To:** Brann, Elizabeth L.
**Cc:** Woods, Matthew L.
**Subject:** May 23 Letter

Dear Liza,

I just wanted to touch base on Samsung SDI's response to my letter of May 23, as it has now been over a month since then and we have not received a substantive reply. As you know, even with the extension in place, discovery will be tight and this sort of delay could hamper our ability to efficiently process the case. Please let me know when we can expect to hear from you.

Best regards,

Pete

P.S. Neither Samsung SDI nor Samsung SDI America have responded to our Fourth Set of Interrogatories, and SDI

America has not responded to our Second Set of Requests for Admission.  I am sure you aware of the consequences for these failures under the Rules of Civil Procedure.  We will be in touch shortly to follow up on these issues.

---

**From:** Brann, Elizabeth L. [mailto:elizabethbrann@paulhastings.com]
**Sent:** Friday, June 15, 2007 4:17 PM
**To:** Surdo, Peter N.
**Cc:** Woods, Matthew L.; Gustafson, Stacy D.
**Subject:** RE: Interrogatory Responses

Dear Peter:

We are working on a comprehensive response to your May 23 letter, which was four pages long and single spaced and contained a broad variety of requests.

Best regards,

Liza

---

**From:** Surdo, Peter N. [mailto:PNSurdo@rkmc.com]
**Sent:** Friday, June 15, 2007 1:20 PM
**To:** Brann, Elizabeth L.
**Cc:** Woods, Matthew L.; Gustafson, Stacy D.
**Subject:** Interrogatory Responses

>>>> Please read the confidentiality statement below <<<<

Dear Liza,

I have just reviewed Samsung SDI's supplemental interrogatory answers filed earlier today.  Yet again, there is no sworn verification from Samsung SDI or Samsung SDI America, which reminded me to ask you for a response to my letter of May 23.  Thanks for your prompt attention.

Pete

Peter N. Surdo
Robins, Kaplan, Miller & Ciresi L.L.P.
800 LaSalle Avenue, Suite 2800
Minneapolis, MN, 55402
(612) 349-0982 (office)
(612) 339-4181 (fax)
www.rkmc.com
pnsurdo@rkmc.com

---

Information contained in this e-mail transmission may be privileged, confidential and covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521.

If you are not the intended recipient, do not read, distribute, or reproduce this transmission.

If you have received this e-mail transmission in error, please

11/14/2007

notify us immediately of the error by return email and please
delete the message from your system.

Pursuant to requirements related to practice before the U. S. Internal
Revenue Service, any tax advice contained in this
communication (including any attachments) is not intended
to be used, and cannot be used, for purposes of (i) avoiding
penalties imposed under the U. S. Internal Revenue Code
or (ii) promoting, marketing or recommending to another
person any tax-related matter.

Thank you in advance for your cooperation.

Robins, Kaplan, Miller & Ciresi L.L.P.
http://www.rkmc.com

---

```
***********************************************************
IRS Circular 230 Disclosure:    As required by U.S.
Treasury Regulations governing tax practice, you are
hereby advised that any written tax advice contained
herein was not written or intended to be used (and cannot
be used) by any taxpayer for the purpose of avoiding
penalties that may  be imposed under the U.S. Internal
Revenue Code.
***********************************************************

This message is sent by a law firm and may contain
information that is privileged or confidential.  If you
received this transmission in error, please notify the
sender by reply e-mail and delete the message and any
attachments.

For additional information, please visit our website at
www.paulhastings.com.
```

11/14/2007

EXHIBIT G

# Paul Hastings

Paul, Hastings, Janofsky & Walker LLP
3579 Valley Centre Dr. • San Diego, CA 92130
telephone 858 720 2500 • facsimile 858 720 2555 • www.paulhastings.com

Atlanta
Beijing
Brussels
Chicago
Hong Kong
London
Los Angeles
Milan
New York
Orange County
Palo Alto
Paris
San Diego
San Francisco
Shanghai
Stamford
Tokyo
Washington, DC

(858) 720-2631
elizabethbrann@paulhastings.com

July 6, 2007                                                                                    33975.00004

**VIA FACSIMILE**

Peter Surdo
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN  55402

Re:    *Honeywell v. Samsung SDI*
       Case No. 04-1338 (D. Del.)

Dear Peter:

We write in response to your May 23 letter regarding various discovery matters.  I note that your letter was five pages long and contained numerous alleged issues.  We take Honeywell's concerns seriously and hope to be able to work out any issues without burdening the court.

Mr. Jung is available for deposition on Topic 4(b) after August 20, 2007.
                                    REDACTED

Honeywell's complaints about Samsung SDI's witnesses' deposition conduct are unfounded.  Indeed, Honeywell terminated Mr. Jung's deposition early and did not state that it was doing so due to a lack of time to complete additional lines of questioning.  As you know, Samsung SDI voluntarily brought its witnesses to the United States despite the court's guidance that defendants be deposed in their native countries.  If Honeywell believed that it needed more time with Mr. Jung or Mr. Kwon, it should have so stated prior to the witnesses returning to Korea.  Samsung SDI will only re-produce its witnesses for deposition to the extent necessary to address additional enumerated topics.

I.    Topic No. 5 of Honeywell's 30(b)(6) Notice

Honeywell has inappropriately demanded that Samsung SDI provide a witness for Topic No. 5 of Honeywell's 30(b)(6) Notice, including all facts supporting Samsung SDI's

Peter Surdo
July 6, 2007
Page 2

contention that it does not infringe the '371 patent.  Samsung SDI has already provided an
interrogatory response regarding this issue and responded to numerous questions from
Honeywell regarding the composition of the Accused Modules.  "[D]epositions, including
30(b)(6) depositions, are designed to discover facts, *not contentions or legal theories*, which, to
the extent discoverable at all prior to trial, must be discovered by other means."  *JPMorgan
Chase Bank v. Liberty Mutual Insurance Co.,* 209 F.R.D. 361, 363 (S.D.N.Y. 2002) (emphasis
added).  Another court explained that although a party "has a right to discover the facts
upon which [the other party] will rely for its defense and counterclaims, [the party's]
attempt to discover those facts through a Rule 30(b)(6) deposition is overbroad,
inefficient, and unreasonable.  It also implicates serious privilege concerns...."  *In re
Independent Service Organizations Antitrust Litigation,* 168 F.R.D. 651, 654 (D. Kan. 1996).  In a
30(b)(6) deposition, a party "is not required to have counsel 'marshal all of its factual
proof' and prepare a witness to be able to testify on a given defense or counterclaim."  *Id.*
"To provide the information [Honeywell] seek[s] would in effect require [Samsung SDI]
to marshal all of its factual proof and then provide it to [the 30(b)(6) designee] so that she
could respond to what are essentially a form of contention interrogatories.  Aside from
any issues of privilege, this would be *highly inefficient and burdensome,* rather than the most
direct manner of securing relevant information...."  *Id.* (emphasis added, citations omitted).
Here, Honeywell has already propounded contention interrogatories.  To the extent that
Honeywell seeks additional information in response to those contention interrogatories,
the least burdensome way is to meet and confer to discuss supplementing those
interrogatory responses, if necessary.

II.                    REDACTED

                         REDACTED




Honeywell's demand for these communications is inappropriate.

III.                   REDACTED




                         REDACTED

Peter Surdo
July 6, 2007
Page 3

REDACTED

IV.    Honeywell's Specific Document Requests

A.

REDACTED

B.

REDACTED

C.

REDACTED

D.

REDACTED

E.

REDACTED

F.

REDACTED

G.

REDACTED

---

¹

REDACTED

Peter Surdo
July 6, 2007
Page 4

       H.                      REDACTED


       I.                       REDACTED


       J.                       REDACTED


Please let me know if you have any questions regarding the above.


Best regards,

Elizabeth L. Brann
for PAUL, HASTINGS, JANOFSKY & WALKER LLP

# EXHIBIT H

## Surdo, Peter N.

| | |
|---|---|
| **From:** | Surdo, Peter N. |
| **Sent:** | Friday, July 06, 2007 3:11 PM |
| **To:** | 'elizabethbrann@paulhastings.com' |
| **Cc:** | Woods, Matthew L.; Oberts, Stacie E. |
| **Subject:** | Your letter of today's date |

Dear Liza,

I finally received your response to my May 23 letter earlier today.  While we will obviously be following up regarding the issues you addressed, we require your immediate attention on a significant issue that you did not address: REDACTED


REDACTED


We do not want to be sandbagged.  Therefore, please respond immediately so that we may properly prepare for REDACTED
    REDACTED

Pete

Peter N. Surdo
Robins, Kaplan, Miller & Ciresi L.L.P.
800 LaSalle Ave Suite 2800
Minneapolis, MN 55402
(612) 349-0982 (direct)
(612) 339-4181 (fax)
www.rkmc.com
pnsurdo@rkmc.com

11/14/2007

EXHIBIT I

Page 1 of 3

## Surdo, Peter N.

| | |
|---|---|
| **From:** | Surdo, Peter N. |
| **Sent:** | Friday, July 06, 2007 3:38 PM |
| **To:** | 'Brann, Elizabeth L.' |
| **Cc:** | Woods, Matthew L.; Oberts, Stacie E. |
| **Subject:** | RE: Your letter of today's date |

Dear Liza,

While we appreciate Dr. Jung's availability for additional deposition time (another six weeks from now), it does not address our concerns about
REDACTED

Pete

---

**From:** Brann, Elizabeth L. [mailto:elizabethbrann@paulhastings.com]
**Sent:** Friday, July 06, 2007 3:18 PM
**To:** Surdo, Peter N.
**Cc:** Woods, Matthew L.; Oberts, Stacie E.
**Subject:** RE: Your letter of today's date

Dear Pete:

REDACTED            In response and as stated on the first page of my letter, we will produce Mr. Jung to testify regarding this topic along with the other topics for which we agreed to reproduce Mr. Jung.  We further will search for and produce any responsive, non-privileged documents regarding      REDACTED

Best regards,

Liza

---

**From:** Surdo, Peter N. [mailto:PNSurdo@rkmc.com]
**Sent:** Friday, July 06, 2007 1:11 PM
**To:** Brann, Elizabeth L.
**Cc:** Woods, Matthew L.; Oberts, Stacie E.
**Subject:** Your letter of today's date

>>>> Please read the confidentiality statement below <<<<

Dear Liza,

I finally received your response to my May 23 letter earlier today.  While we will obviously be following up regarding the issues you addressed, we require your immediate attention on a significant issue that you did not address:
REDACTED

REDACTED

REDACTED

Pete

Peter N. Surdo
Robins, Kaplan, Miller & Ciresi L.L.P.
800 LaSalle Ave Suite 2800
Minneapolis, MN 55402
(612) 349-0982 (direct)
(612) 339-4181 (fax)
www.rkmc.com
pnsurdo@rkmc.com

Information contained in this e-mail transmission may be privileged, confidential and covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521.

If you are not the intended recipient, do not read, distribute, or reproduce this transmission.

If you have received this e-mail transmission in error, please notify us immediately of the error by return email and please delete the message from your system.

Pursuant to requirements related to practice before the U. S. Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the U. S. Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.

Thank you in advance for your cooperation.

Robins, Kaplan, Miller & Ciresi L.L.P.
http://www.rkmc.com

```
*********************************************************
IRS Circular 230 Disclosure:   As required by U.S.
Treasury Regulations governing tax practice, you are
hereby advised that any written tax advice contained
herein was not written or intended to be used (and cannot
be used) by any taxpayer for the purpose of avoiding
penalties that may  be imposed under the U.S. Internal
Revenue Code.
*********************************************************
```

This message is sent by a law firm and may contain

11/14/2007

information that is privileged or confidential.  If you
received this transmission in error, please notify the
sender by reply e-mail and delete the message and any
attachments.

For additional information, please visit our website at
www.paulhastings.com.

11/14/2007

EXHIBIT J

## Mattingly, Stacy D.

| | |
|---|---|
| **From:** | Surdo, Peter N. |
| **Sent:** | Tuesday, July 10, 2007 11:04 PM |
| **To:** | 'Brann, Elizabeth L.' |
| **Cc:** | Mattingly, Stacy D. |
| **Subject:** | RE: Your letter of today's date |

Dear Liza,

Thank you for the quick response, which we will consider over the next few days as we prepare. But until we take additional testimony from Dr. Jung, we cannot be sure if our                    REDACTED
                    REDACTED

And, as I noted before, we will be following up on the other outstanding issues addressed in your letter shortly.

REDACTED

Best regards,

Pete

---

**From:** Brann, Elizabeth L. [mailto:elizabethbrann@paulhastings.com]
**Sent:** Tuesday, July 10, 2007 10:50 PM
**To:** Surdo, Peter N.
**Cc:** Woods, Matthew L.; Oberts, Stacie E.
**Subject:** RE: Your letter of today's date

Dear Peter,

REDACTED

Best regards,

Liza

---

**From:** Surdo, Peter N. [mailto:PNSurdo@rkmc.com]
**Sent:** Friday, July 06, 2007 1:38 PM
**To:** Brann, Elizabeth L.
**Cc:** Woods, Matthew L.; Oberts, Stacie E.
**Subject:** RE: Your letter of today's date

>>>> Please read the confidentiality statement below <<<<

Dear Liza,

REDACTED

REDACTED

Pete

---

**From:** Brann, Elizabeth L. [mailto:elizabethbrann@paulhastings.com]
**Sent:** Friday, July 06, 2007 3:18 PM
**To:** Surdo, Peter N.
**Cc:** Woods, Matthew L.; Oberts, Stacie E.
**Subject:** RE: Your letter of today's date

Dear Pete:

REDACTED

Best regards,

Liza

---

**From:** Surdo, Peter N. [mailto:PNSurdo@rkmc.com]
**Sent:** Friday, July 06, 2007 1:11 PM
**To:** Brann, Elizabeth L.
**Cc:** Woods, Matthew L.; Oberts, Stacie E.
**Subject:** Your letter of today's date

>>>> Please read the confidentiality statement below <<<<

Dear Liza,

I finally received your response to my May 23 letter earlier today. While we will obviously be following up regarding the issues you addressed, we require your immediate attention on a significant issue that you did not address:

REDACTED

REDACTED

REDACTED

Pete

Peter N. Surdo
Robins, Kaplan, Miller & Ciresi L.L.P.
800 LaSalle Ave Suite 2800
Minneapolis, MN 55402

7/11/2007

(612) 349-0982 (direct)
(612) 339-4181 (fax)
www.rkmc.com
pnsurdo@rkmc.com

Information contained in this e-mail transmission may be privileged,
confidential and covered by the Electronic Communications
Privacy Act, 18 U.S.C. Sections 2510-2521.

If you are not the intended recipient, do not read, distribute,
or reproduce this transmission.

If you have received this e-mail transmission in error, please
notify us immediately of the error by return email and please
delete the message from your system.

Pursuant to requirements related to practice before the U. S. Internal
Revenue Service, any tax advice contained in this
communication (including any attachments) is not intended
to be used, and cannot be used, for purposes of (i) avoiding
penalties imposed under the U. S. Internal Revenue Code
or (ii) promoting, marketing or recommending to another
person any tax-related matter.

Thank you in advance for your cooperation.

Robins, Kaplan, Miller & Ciresi L.L.P.
http://www.rkmc.com

*********************************************************
IRS Circular 230 Disclosure:    As required by U.S.
Treasury Regulations governing tax practice, you are
hereby advised that any written tax advice contained
herein was not written or intended to be used (and cannot
be used) by any taxpayer for the purpose of avoiding
penalties that may  be imposed under the U.S. Internal
Revenue Code.
*********************************************************

This message is sent by a law firm and may contain
information that is privileged or confidential.  If you
received this transmission in error, please notify the
sender by reply e-mail and delete the message and any
attachments.

For additional information, please visit our website at
www.paulhastings.com.

7/11/2007

```
**********************************************************
IRS Circular 230 Disclosure:    As required by U.S.
Treasury Regulations governing tax practice, you are
hereby advised that any written tax advice contained
herein was not written or intended to be used (and cannot
be used) by any taxpayer for the purpose of avoiding
penalties that may  be imposed under the U.S. Internal
Revenue Code.
**********************************************************
```

This message is sent by a law firm and may contain
information that is privileged or confidential.  If you
received this transmission in error, please notify the
sender by reply e-mail and delete the message and any
attachments.

For additional information, please visit our website at
www.paulhastings.com.

EXHIBIT K

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Tel: 612-349-8500 Fax: 612-339-4181
www.rkmc.com

ATTORNEYS AT LAW

PETER N. SURDO
612-349-0982

August 3, 2007

**VIA FACSIMILE AND MAIL (858) 847-3631**

Elizabeth L. Brann
Paul, Hastings, Janofsky & Walker LLP
3579 Valley Centre Drive
San Diego, CA 92130

Re:    *Honeywell International, Inc. et al. v. Apple Computer, Inc., et al.*
       Our File No.: 019896.0229

Dear Liza:

We write to follow-up on a few issues raised during our meet-and-confer session last week.

REDACTED

It is SDI's burden to prove that, at the time of the disclosure, all of the factual predicates for common interest existed. *Corning, Inc. v. SRU Biosystems, LLC*, 223 F.R.D. 189, 190 (D. Del. 2004). SDI has not made any claim or showing to that effect. As I stated during the call, your cite to the non-controlling Indiana *BASF* case does not apply. *BASF v. Reilly Indus., Inc.*, 224 F.R.D. 438 (S.D. Ind. 2004). In that case, the defendant specifically alleged that work product (and consequently common interest) applied, and explicitly disclosed the involvement of attorneys in directing the communication. *Id.* at 441.

REDACTED

Even more distinguishable is the second prong of the *BASF* analysis: the defendant had an explicit confidentiality agreement with the third party. *Id.* at 443.

REDACTED

Finally, as you will see in Footnote 4, the court never reached the

**HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY**

ATLANTA · BOSTON · LOS ANGELES · MINNEAPOLIS · NAPLES · SAINT PAUL · WASHINGTON, D.C.

Elizabeth L. Brann
August 3, 2007
Page 2

issue of whether common interest applied to the third-party disclosure.[1]

REDACTED

Given SDI's complete failure to provide information sufficient to meet any of the threshold requirements for common interest, we maintain that

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

---

[1] there was a customer-supplier relationship between the defendant and the third party. Not only is your statement wholly inconsistent with the controlling Delaware standards set out above, but is also completely inconsistent with

HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY

Elizabeth L. Brann
August 3, 2007
Page 3

REDACTED


We look forward to hearing from you on all of these issues.


Sincerely,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

Peter N. Surdo

PNS/sdm

cc:     Matthew L. Woods, Esq.
        Stacie E. Oberts, Esq.

HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY

EXHIBIT L

## Mattingly, Stacy D.

**From:** Surdo, Peter N.
**Sent:** Tuesday, August 07, 2007 4:33 PM
**To:** Brann, Elizabeth L.
**Cc:** Woods, Matthew L.
**Subject:** SDI Meet and Confer Issues and Upcoming Deposition

Dear Liza,

We are still awaiting your reply to the several outstanding discovery issues that we discussed on July 25. Your response could lead to Honeywell's need to engage in motion practice, and we rapidly approach the close of discovery.

Today is August 7. As we discussed, and as I wrote in my letter dated August 3, August 10 may be too late for us to meaningfully process, translate, and evaluate your proposed production, and will likely lead Honeywell to incur rush fees for the translation. We have been asking for these documents since May 23. Therefore, if SDI or its counsel have translations for these documents, it should produce them. In the alternative, please confirm that you will reimburse Honeywell for the cost of a rushed translation. In addition, we need confirmation that the entire proposed production will be completed no later than the close of business tomorrow.

We also need responses regarding the schedule for the upcoming deposition(s) themselves. First, please respond to my request in my letter of August 3 regarding how SDI distinguishes between          REDACTED
            REDACTED                              Without such an explanation,
we cannot understand the scope of the production.
            REDACTED                    Given the difficulty in moving the case along, due to SDI's own delays in responding to our inquiries, we are disinclined to reschedule Dr. Jung and intend to proceed with his deposition as planned. We reserve all rights, however, to seek additional time with Mr. Jung to address any deficiencies related to the production or corresponding inappropriate claims of privilege or common interest.

REDACTED

REDACTED

Given all of the above, we expect your responses, together with SDI's production, by the close of business tomorrow .

Pete

8/24/2007

EXHIBIT M

# Paul*Hastings*

Paul, Hastings, Janofsky & Walker LLP
3579 Valley Centre Drive
San Diego, CA 92130
telephone 858-720-2500 • facsimile 858-720-2555 • www.paulhastings.com

Atlanta
Beijing
Brussels
Chicago
Hong Kong
London
Los Angeles
Milan
New York
Orange County
Palo Alto
Paris
San Diego
San Francisco
Shanghai
Stamford
Tokyo
Washington, DC

(858) 720-2631
elizabethbrann@paulhastings.com

August 8, 2007                                                        33975.00004

**VIA FACSIMILE**

Peter Surdo
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN  55402

Re:     *Honeywell v. Samsung SDI,*
        Case No. 04-1338 (D. Del.)

Dear Peter:

We write in response to your August 3 letter and August 7 e-mail.

As a preliminary matter and as stated in previous communications, Samsung SDI searched
REDACTED


                                        REDACTED
          REDACTED                *BASF v. Reilly Indus., Inc.,* 224 F.R.D. 438
(S.D. Ind. 2004) is on point here.  *BASF* states that "[t]o claim protection of the doctrine,
a party must demonstrate that the materials in question were prepared in anticipation of
litigation."  *Id.* at 441.  Here, there is no doubt that any communications between SDI and
                                        REDACTED



Honeywell's cited case, *Corning Inc. v. SRU Biosystems, LLC,* 223 F.R.D. 189 (D. Del. 2004),
is inapposite because it addressed a situation where a party to the litigation had disclosed
attorney-client privileged communications to a third party seeking to make an investment..
*Id.* at 190.  Here, Honeywell seeks discovery of work product information  REDACTED
                                        REDACTED

RightFax                8/8/2007 4:57    PAGE 003/004    Fax Server

Peter Surdo
August 8, 2007
Page 2

Notwithstanding the above, SDI will be producing any communications located regarding

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

RightFax                8/8/2007 4:57    PAGE 004/004    Fax Server

Peter Surdo
August 8, 2007
Page 3

Honeywell had made no such demand.                REDACTED
    REDACTED

Best regards,

Elizabeth L. Brann
for PAUL, HASTINGS, JANOFSKY & WALKER LLP

EXHIBIT N

# ROBINS, KAPLAN, MILLER & CIRESI LLP

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
TEL: 612-349-8500 FAX: 612-339-4181
www.rkmc.com

ATTORNEYS AT LAW

PETER N. SURDO
612-349-0982

August 15, 2007

## VIA FACSIMILE AND MAIL (858) 847-3631

Elizabeth L. Brann
Paul, Hastings, Janofsky & Walker LLP
3579 Valley Centre Drive
San Diego, CA 92130

Re:     *Honeywell International, Inc. et al. v. Apple Computer, Inc., et al.*
        Our File No.: 019896.0229

Dear Liza:

In response to your letter of August 8, we have the following responses.

As I noted in my e-mail of August 10, you did not produce any documents until August 7 (and we received them August 8).

We will evaluate the sufficiency of SDI's discovery responses regarding     REDACTED
    REDACTED   after Dr. Jung's deposition on August 22.




                    REDACTED




                    REDACTED


## HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY

ATLANTA · BOSTON · LOS ANGELES · MINNEAPOLIS · NAPLES · SAINT PAUL · WASHINGTON, D.C.

Elizabeth L. Brann
August 15, 2007
Page 2

REDACTED

REDACTED

Sincerely,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

Peter N. Surdo

PNS/sdm

cc:    Matthew L. Woods, Esq.
       Stacie E. Oberts, Esq.

MP3 20237596.1

HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY

EXHIBIT O



Junseob Hwang/KR-Korea/3M/US@3M-Corporate
Woosuk Choi/KR-Korea/3M/US@3M-Corporate
John Z. Fei/CN-China/3M/US@3M-Corporate
Cary Zhou/CN-China/3M/US@3M-Corporate
Leon Sun/CN-China/3M/US@3M-Corporate
Joe Liu/CN-China/3M/US@3M-Corporate
Michael J. Weng/CN-China/3M/US@3M-Corporate
Laurie Li/CN-China/3M/US@3M-Corporate
Ashok Lu/CN-China/3M/US@3M-Corporate
Johnson Ji/US-Corporate/3M/US@3M-Corporate
Robert Cheng/TW-Taiwan/3M/US@3M-Corporate
Charles Chang/TW-Taiwan/3M/US@3M-Corporate
Jeffrey Tung/TW-Taiwan/3M/US@3M-Corporate
Shih-Lai Lu/TW-Taiwan/3M/US@3M-Corporate
Shogo Shimpo/TW-Taiwan/3M/US@3M-Corporate
Terrence Chen/TW-Taiwan/3M/US@3M-Corporate
Simon Su/TW-Taiwan/3M/US@3M-Corporate
Alex Tsai/TW-Taiwan/3M/US@3M-Corporate
Carl K. Choi/HK-HongKong/3M/US@3M-Corporate
Henry P. Lai/HK-HongKong/3M/US@3M-Corporate
Roger Lee/CN-China/3M/US@3M-Corporate
Rob P Bennett/UK-Europe/3M/US@3M-Corporate
Kay-Uwe Schenke/GE-Europe/3M/US@3M-Corporate
Pekka Inkinen/UK-Europe/3M/US@3M-Corporate
Ilkka Kallioniemi/UK-Europe/3M/US@3M-Corporate
Subject  20051013 Samsung SDI HH L2L Meeting Summary

HH Team,

Here is an executive summary and action items from our Samsung SDI meeting held October 13.
Please forward to persons I missed on the copy list.

Link to Full Report and Presentation Materials on HH Meeting DB --> 📄

### Samsung SDI HH L2L – Ulsan, Korea
### October 13, 2005
### (09:30 – 14:30)

***Samsung SDI:***
*Dong Hwan Lee, Assistant Manager, 6 Sigma Green Belt, Component Engineering, MDI Purchasing*
*Dong Ho Lee, Manager, 6 Sigma Black Belt, Component Engineering, Purchasing Team*
*Keun Tae Kim, Manager, 6 Sigma Black Belt, 6 Sigma Office, MDI Headquarters*
*Tae Hyeog Jung, Manager, 6 Sigma Green Belt, MDI Development Engineering Team*
*8 other engineers joined during the meeting*

***3M Attendees:***
*Jeong-Yeon Seo, Sang-Kee Baek, D.H. Kim, Wade Kretman, Eric Almquist, Patrick Marushin*

### Executive Summary:
- Overall this has been the most cooperative meeting with SDI to date
- SDI showed us their product roadmap, but could not give us a copy

REDACTED

- Pixel Moiré
  - o SDI has not licensed the Honeywell IP for prism biasing, so they are trying to use alternate pitches of prism films for their panels

REDACTED

Regards,
E.

Eric Almquist
Application Engineer, 3M Optical Systems Division
+1-651-733-4775

3M HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY

# EXHIBIT P

## FULLY REDACTED

# EXHIBIT Q

## FULLY REDACTED

# EXHIBIT R

## FULLY REDACTED

# EXHIBIT S

## FULLY REDACTED

# EXHIBIT T

## FULLY REDACTED

# EXHIBIT U

## FULLY REDACTED

# EXHIBIT V

## FULLY REDACTED

# EXHIBIT W

## FULLY REDACTED

# EXHIBIT X

## FULLY REDACTED

# EXHIBIT Y

## FULLY REDACTED