IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HONEYWELL INTERNATIONAL INC. and HONEYWELL INTELLECTUAL PROPERTIES INC., <br><br> Plaintiffs, <br><br> v. <br><br> APPLE COMPUTER, INC., et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> C.A. No. 04-1338-*** <br><br> CONSOLIDATED <br> PUBLIC VERSION |

**LETTER TO THE HONORABLE MARY PAT THYNGE
FROM THOMAS C. GRIMM REGARDING DEFENDANTS'
MOTION TO COMPEL DISCOVERY CONCERNING LG PHILIPS**

OF COUNSEL:

Martin R. Lueck
Matthew L. Woods
Stacie E. Oberts
Denise S. Rahne
Peter N. Surdo
Marta M. Chou
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
800 LaSalle Avenue
Minneapolis, MN  55402-2015
(612) 349-8500

Anthony A. Froio
Marc N. Henschke
Alan E. McKenna
Michael J. Garko
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
800 Boyleston Street, 25th Floor
Boston, MA  02199
(617) 267-2300

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Thomas C. Grimm (#1098)
Benjamin J. Schladweiler (#4601)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
tgrimm@mnat.com
bschladweiler@mnat.com

*Attorneys for Plaintiffs*

Confidential Version Filed: November 20, 2007
Public Version Filed: December 13, 2007

Dear Magistrate Judge Thynge:

**I.    Samsung SDI's Request to Disclose Enumerated Details** REDACTED **to In-House Counsel Should be Denied**

   a.                                       REDACTED

REDACTED

Hitachi raised the same issue in January, 2007. The parties exchanged numerous correspondence, and had numerous telephone conversations regarding this issue since February, 2007.
REDACTED

or any summary of it, and how Samsung's "need" outweighed Honeywell's right to protect the information pursuant to the Protective Order.

REDACTED

(emphasis supplied.) When Honeywell demanded factual support for its claim of patent misuse, Samsung provided no basis whatsoever. Rather, it then sought to disclose a summary of key portions   REDACTED   in the form contained on Page 2 of Samsung's letter brief (the "Summary").

Samsung erroneously argues that Honeywell has provided "no justification" for its claim that the alleged facts contained in Samsung's Summary are appropriately designated as "Highly Confidential – Outside Attorneys' Eyes Only."

REDACTED

The best Samsung can do is allege that the REDACTED *could potentially* form the basis for a patent misuse claim, yet refuses to detail how and misstates the terms of the agreement.

   b.    *Samsung's Proposed Summary Misstates the Terms of the* REDACTED

Samsung's proposed Summary misstates the provisions of the REDACTED Specifically, Samsung's statement regarding paragraph 3 of the Summary is false, and an intentional misreading of the agreement.

REDACTED

The Honorable Mary Pat Thynge
November 19, 2007
Page 2

REDACTED

In fact, a reading of § 2.9 as originally drafted in the 2003 License makes no sense whatsoever.

REDACTED

referenced by Samsung corrected the error in § 2.9, and otherwise reinforced the remaining provisions of the

REDACTED

Samsung has offered no evidence whatsoever to contradict Honeywell's explanation and understanding of these provisions. Tellingly, Samsung has undertaken no other discovery in this regard.

REDACTED

Because Samsung has no basis for its position that REDACTED any patent misuse claim is baseless and without merit. Samsung's citations to *United States v. Krasnov and United States v. Besser Mfg. Co.* are inapposite.

   c.   *Samsung's Request is Untimely and Prejudicial to Honeywell*

Samsung's request at this late date should be denied because it is untimely and prejudicial to Honeywell. Samsung, and other defendants, first raised issues relative to the disclosure of REDACTED REDACTED well over 9 months ago and have just now sought relief from this Court. Even if Samsung could provide a factual basis to assert a patent misuse claim against Honeywell, the time to amend its pleadings has long since passed. In fact, discovery is currently scheduled to close on December 20, 2007. Allowing Samsung to now amend its pleadings and assert any such claim would be prejudicial to Honeywell and should be denied.

**II.   Honeywell's Communications** REDACTED **Are Protected By The Common Interest Privilege**

Honeywell has properly withheld on the grounds of privilege a number of communications between itself REDACTED that relate to the common interest Honeywell REDACTED share regarding the '371 patent. The common interest doctrine extends attorney-client privilege to communications between clients and attorneys "'allied in a "common legal cause'" . . . because it is reasonable to expect that parties pursuing common legal interests intended resultant disclosures to be [protected]." *Corning Inc. v. SRU Biosystems, LLC*, 223 F.R.D. 189, 190 (D. Del. 2004), *quoting In re Regents of the Univ. of Cal.*, 101 F.3d 1386, 1389 (Fed. Cir. 1996). This common interest may arise where two entities share a common legal or definable commercial interest and, therefore, share legal advice with respect to that common interest. *See, e.g., Hewlett Packard Co. v. Bausch & Lomb Inc.,* 115 F.R.D. 308, 309 (N.D. Cal. 1987) (finding a common interest between Bausch and Lomb and GEC,

a prospective purchaser, with respect to a patent opinion letter, even where GEC later decided not to buy the division).

REDACTED

In this instance, Honeywell         clearly share a common legal interest in the enforcement of the '371 patent by virtue of the financial provisions found

REDACTED

*Constar Int'l, Inc. v. Cont'l Pet Techs., Inc.*, 2003 U.S. Dist. LEXIS 21132, at *5 (D. Del. Nov. 13, 2003), *quoting Duplan Corp. v. Deering Milliken, Inc.*, 397 F. Supp. 1146, 1172 (D.S.C. 1975). In order for the common interest doctrine to apply, the common interest between two parties must be "legal and not solely commercial." *Corning*, 223 F.R.D. at 190. In *Constar*, the court held that parties engaging in a cross-license of patents had an identical legal interest in developing the patents to obtain the greatest amount of protection and in exploiting the patents. 2003 LEXIS 21132, at *5.

REDACTED

REDACTED

While Honeywell has express    REDACTED
, Samsung offers nothing similar to support its own contention that the common interest doctrine protects those communications, yet still asserts that it has sufficiently asserted privilege by means of common interest. (Ex. B.)

For the foregoing reasons, Honeywell respectfully requests that this Court deny Samsung's requests to compel production of these privileged documents.

Respectfully,

*/s/ Thomas C. Grimm*

Thomas C. Grimm (#1098)

TCG
Enclosures
cc:   Dr. Peter T. Dalleo, Clerk (by hand delivery, w/encls.)
      Richard L. Horwitz, Esquire (by e-mail & hand delivery, w/encls.)
      Counsel of Record (by e-mail, w/encls.)

## CERTIFICATE OF SERVICE

I certify that on December 13, 2007, I caused to be served true and correct copies of the foregoing on the following in the manner indicated:

**BY HAND & E-MAIL:**

Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE  19899

*Attorneys for Samsung SDI America, Inc.
and Samsung SDI Co., Ltd.*


**BY E-MAIL:**

Karen L. Pascale
YOUNG CONAWAY STARGATT
  & TAYLOR, LLP
The Brandywine Building, 17th floor
1000 West Street
Wilmington, DE  19801

*Attorneys for Optrex America, Inc.*

Philip A. Rovner
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE  19899

*Attorneys for FUJIFILM Corporation
and FUJIFILM U.S.A., Inc.*

David J. Margules
John M. Seaman
BOUCHARD MARGULES
  & FRIEDLANDER, P.A.
222 Delaware Ave., Suite 1400
Wilmington DE 19801

*Attorneys for Citizen Watch Co., Ltd.
and Citizen Displays Co., Ltd.*

Daniel V. Folt
Matt Neiderman
DUANE MORRIS LLP
1100 North Market Street, 12th Floor
Wilmington, DE  19801-1246

*Attorneys for InnoLux Display Corporation*

| | |
|---|---|
| Andrew M. Ollis<br>OBLON, SPIVAK, McCLELLAND,<br>  MAIER & NEUSTADT, P.C.<br>1940 Duke Street<br>Alexandria, VA 22314<br>aollis@oblon.com<br><br>*Attorneys for Optrex America, Inc.* | Lawrence Rosenthal<br>Matthew W. Siegal<br>STROOCK & STROOCK & LAVAN LLP<br>180 Maiden Lane<br>New York, NY 10038-4982<br>lrosenthal@stroock.com<br>msiegal@stroock.com<br><br>*Attorneys for FUJIFILM Corporation<br>and FUJIFILM U.S.A., Inc.* |
| Stephen S. Korniczky<br>Elizabeth L. Brann<br>PAUL, HASTINGS, JANOFSKY<br>  & WALKER LLP<br>3579 Valley Centre Drive<br>San Diego, CA 92130<br>stephen korniczky@paulhastings.com<br>elizabeth.brann@paulhastings.com | Stuart Lubitz<br>HOGAN & HARTSON LLP<br>1999 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067<br>slubitz@hhlaw.com<br><br>*Attorneys for Citizen Watch Co., Ltd.<br>and Citizen Displays Co., Ltd.* |
| Hamilton Loeb<br>PAUL, HASTINGS, JANOFSKY<br>  & WALKER LLP<br>875 15th Street, N.W.<br>Washington, DC 20005<br>hamiltonloeb@paulhastings.com<br><br>*Attorneys for Samsung SDI Co., Ltd.<br>and Samsung SDI America, Inc.* | Donald R. McPhail<br>DUANE MORRIS LLP<br>1667 K Street, N.W., Suite 700<br>Washington, DC 20006<br>drmcphail@duanemorris.com<br><br>*Attorneys for InnoLux Display Corporation* |

**BY FEDERAL EXPRESS**

Mr. Seong Yoon Jeong
Assistant Manager
Technology Planning Group
BOE HYDIS TECHNOLOGY CO., LTD.
San 136-1, Ami-ri, Bubal-eub
Ichon-si, Gyeonggi-do 467-701
Republic of Korea

*/s/ Thomas C. Grimm*
_____
Thomas C. Grimm (#1098)