IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HONEYWELL INTERNATIONAL INC. and HONEYWELL INTELLECTUAL PROPERTIES INC., | ) ) ) | |
| | ) | C.A. No. 04-1338-*** |
| Plaintiffs, | ) ) | CONSOLIDATED |
| v. | ) ) | PUBLIC VERSION |
| APPLE COMPUTER, INC., et al., | ) ) | |
| Defendants. | ) | |

**LETTER TO THE HONORABLE MARY PAT THYNGE
FROM THOMAS C. GRIMM IN RESPONSE TO SAMSUNG SDI'S
LETTER BRIEF OF NOVEMBER 19, 2007 REGARDING MOTION
TO COMPEL ADDITIONAL TESTIMONY FROM SAMSUNG SDI**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Thomas C. Grimm (#1098)
Benjamin J. Schladweiler (#4601)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
tgrimm@mnat.com
bschladweiler@mnat.com

*Attorneys for Plaintiffs*

OF COUNSEL:

Martin R. Lueck
Matthew L. Woods
Stacie E. Oberts
Denise S. Rahne
Peter N. Surdo
Marta M. Chou
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
800 LaSalle Avenue
Minneapolis, MN  55402-2015
(612) 349-8500


Anthony A. Froio
Marc N. Henschke
Alan E. McKenna
Michael J. Garko
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
800 Boyleston Street, 25th Floor
Boston, MA  02199
(617) 267-2300

Confidential Version Filed: November 20, 2007
Public Version Filed: December 13, 2007

Dear Magistrate Judge Thynge:

I write in response to Samsung SDI's letter brief filed with the Court yesterday.  As a preliminary matter, it bears noting that the issues raised by Samsung SDI had been dormant for two months when Samsung SDI recently obtained a hearing date.  Had Samsung SDI appropriately engaged in a meet-and-confer, or even notified Honeywell of its intent, several issues could have been addressed, including Honeywell's own issues as outlined in its letter brief filed yesterday.

**I.      Honeywell Provided a Highly-Prepared Witness to Explain His Investigation into Whether any Honeywell Product Practiced the '371 Patent.**

Samsung SDI's motion regarding the marking statute is essentially a request for Honeywell to produce documents regarding every LCD module ever made or manufactured by Honeywell in any device, even though those products do not practice the invention claimed in the '371 patent.  While REDACTED , it is undisputed that the invention claimed in the '371 patent was never used in those displays.  Since then, Honeywell has never commercialized the invention of the '371 patent.
REDACTED

                                                                                      It is simply too burdensome to provide documentation from Honeywell's entire range of products where Honeywell's investigation was more than sufficient to confirm that none of Honeywell's products practices the '371 patent.

Contrary to Samsung SDI's unsupported assertions, Honeywell provided a substantial response to Samsung SDI's inquiries regarding products that practice the '371 patent.  As an initial matter, Honeywell appropriately responded to Samsung SDI's Interrogatories 12-14.  Ex. A (Interrogatory Responses).  In addition, Honeywell provided extensive testimony about the basis upon which it asserts that it never commercialized the invention of the '371.  Ex. B (Deposition of Kurt Luther).  Notably, Samsung SDI never cites to Mr. Luther's deposition testimony to support its complaints, and does not attach Honeywell's Interrogatory Responses or discovery correspondence relating to this issue.

In response to Samsung SDI's initial inquiries on this issue,


REDACTED




REDACTED

The Honorable Mary Pat Thynge
November 20, 2007
Page 2


REDACTED




REDACTED



After Mr. Luther's deposition, and despite his exhaustive testimony responsive to Topic 9, Samsung SDI demanded that Honeywell produce all documents relating to any product with any sort of LCD display regardless of whether it practices the '371 patent. Ex. F. Such a request is unreasonably burdensome, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence, as Honeywell described to Samsung SDI. Ex. G. This is particularly true because Honeywell is a large company with a wide range of products that might contain some form of LCD display (anything from household thermostats to aviation displays to industrial controls).[1] To demand that Honeywell provide information on numerous products that have already been determined to be irrelevant to this litigation is clearly overbroad and burdensome.

The parties arranged a meet-and-confer session in July of 2007. Ex. H. In response to Honeywell's concerns about the burden associated with Samsung SDI's demands, Samsung SDI acknowledged the burden and agreed to ask for documents depicting the design of a reasonable number of Honeywell products; Honeywell correspondingly agreed to make such a production. Exs I, J (correspondence confirming agreed-upon process). Four months later, Samsung SDI has now retreated from its position at the meet and confer and renews its demand for discovery regarding every Honeywell product with an LCD module, even where those modules do not practice the '371 patent. *Id.*, Exs. I-K.

---

[1]    Significantly, it is Samsung SDI that has always argued that it would be too burdensome to survey its own mobile display product line, yet now demands that Honeywell do so across all product areas.

The Honorable Mary Pat Thynge
November 20, 2007
Page 3

## II.    Samsung SDI Disclosed the Weather Forecaster for the Very First Time in its Opening Brief.

In its brief, for the first time, Samsung SDI raises a specific product, the TE601CELW Color Weather Forecaster. This product is made by Hideki Electronics, Inc., a company that has an agreement allowing it to use the Honeywell trademark. Samsung SDI never raised this product with Honeywell's counsel during the meet-and-confer process, never identified a specific model number, never provided any basis to support its claim that the product practices the '371, and never provided any details regarding its purchase and teardown of the product.[2] *See* Exs. C-K (no mention of a weather forecaster product). At a minimum, such information must be produced before Honeywell can adequately address the issue. Honeywell would have demanded such information during a meet-and-confer session if Samsung had properly engaged in the meet-and-confer process.

Nonetheless, and in the spirit of Samsung SDI's original compromise from July of 2007, Honeywell will endeavor to obtain drawings of the TE601CELW Color Weather Forecaster display from Hideki Electronics, Inc., once it receives information from Samsung SDI that supports its assertions.

## III.    Conclusion

Because Honeywell's investigation was sufficient, this Court should deny Samsung SDI's motion for voluminous discovery that is unrelated to the '371 patent, and thus is not likely to lead to the discovery of admissible evidence. Even if the Court believes that some degree of follow-up discovery is warranted, it should enter an order requiring Samsung SDI to abide by the resolution it agreed to in July of 2007, by which it will provide Honeywell with a reasonable number of products that it believes may be relevant to this litigation and Honeywell will then attempt to produce engineering drawings to Samsung SDI. Anything more—especially broad demands that are not tailored to this litigation or the technology of the '371 patent—would be overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Respectfully,

*/s/ Thomas C. Grimm*

Thomas C. Grimm (#1098)

TCG
Enclosures
cc:    Dr. Peter T. Dalleo, Clerk (by hand delivery, w/encls.)
       Richard L. Horwitz, Esquire (by e-mail & hand delivery, w/encls.)
       Counsel of Record (by e-mail, w/encls.)

---

[2]                                        REDACTED

## CERTIFICATE OF SERVICE

I certify that on December 13, 2007, I caused to be served true and correct copies

of the foregoing on the following in the manner indicated:

**BY HAND & E-MAIL:**

Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE  19899

*Attorneys for Samsung SDI America, Inc.
and Samsung SDI Co., Ltd.*

**BY E-MAIL:**

Karen L. Pascale
YOUNG CONAWAY STARGATT
  & TAYLOR, LLP
The Brandywine Building, 17th floor
1000 West Street
Wilmington, DE  19801

*Attorneys for Optrex America, Inc.*

Philip A. Rovner
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE  19899

*Attorneys for FUJIFILM Corporation
and FUJIFILM U.S.A., Inc.*

David J. Margules
John M. Seaman
BOUCHARD MARGULES
  & FRIEDLANDER, P.A.
222 Delaware Ave., Suite 1400
Wilmington DE 19801

*Attorneys for Citizen Watch Co., Ltd.
and Citizen Displays Co., Ltd.*

Daniel V. Folt
Matt Neiderman
DUANE MORRIS LLP
1100 North Market Street, 12th Floor
Wilmington, DE  19801-1246

*Attorneys for InnoLux Display Corporation*

Andrew M. Ollis
OBLON, SPIVAK, McCLELLAND,
  MAIER & NEUSTADT, P.C.
1940 Duke Street
Alexandria, VA  22314
aollis@oblon.com

*Attorneys for Optrex America, Inc.*

Stephen S. Korniczky
Elizabeth L. Brann
PAUL, HASTINGS, JANOFSKY
  & WALKER LLP
3579 Valley Centre Drive
San Diego, CA  92130
stephen korniczky@paulhastings.com
elizabeth.brann@paulhastings.com

Hamilton Loeb
PAUL, HASTINGS, JANOFSKY
  & WALKER LLP
875 15th Street, N.W.
Washington, DC  20005
hamiltonloeb@paulhastings.com

*Attorneys for Samsung SDI Co., Ltd.*
*and Samsung SDI America, Inc.*

Lawrence Rosenthal
Matthew W. Siegal
STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY  10038-4982
lrosenthal@stroock.com
msiegal@stroock.com

*Attorneys for FUJIFILM Corporation*
*and FUJIFILM U.S.A., Inc.*

Stuart Lubitz
HOGAN & HARTSON LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA  90067
slubitz@hhlaw.com

*Attorneys for Citizen Watch Co., Ltd.*
*and Citizen Displays Co., Ltd.*

Donald R. McPhail
DUANE MORRIS LLP
1667 K Street, N.W., Suite 700
Washington, DC  20006
drmcphail@duanemorris.com

*Attorneys for InnoLux Display Corporation*

**BY FEDERAL EXPRESS**

Mr. Seong Yoon Jeong
Assistant Manager
Technology Planning Group
BOE HYDIS TECHNOLOGY CO., LTD.
San 136-1, Ami-ri, Bubal-eub
Ichon-si, Gyeonggi-do 467-701
Republic of Korea

*/s/ Thomas C. Grimm*

_____
Thomas C. Grimm (#1098)