# EXHIBIT A

## FULLY REDACTED

# EXHIBIT B

## FULLY REDACTED

Exhibit C

# Paul Hastings

Paul, Hastings, Janofsky & Walker LLP
3579 Valley Centre Dr. • San Diego, CA 92130
telephone 858 720 2500 • facsimile 858 720 2555 • www.paulhastings.com

Atlanta
Beijing
Brussels
Chicago
Hong Kong
London
Los Angeles
Milan
New York
Orange County
Palo Alto
Paris
San Diego
San Francisco
Shanghai
Stamford
Tokyo
Washington, DC

(858) 720-2631
elizabethbrann@paulhastings.com

May 15, 2007                                                                 33975.00004

**VIA FACSIMILE**

Peter Surdo
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402

Re:    *Honeywell v. Samsung SDI,*
       Case No. 04-1338 (D. Del.)

Dear Peter:

We write to follow up on our April 23 letter regarding Honeywell's responses to Samsung SDI's discovery requests regarding marking. Honeywell has refused to provide any support for its assertion that it never has made, sold, or offered to sell products that practice the claims of the '371 patent. Although we discussed this issue briefly over the phone last month, Honeywell has not responded substantively to Samsung SDI's concerns about this point.

We request a meet and confer on this point as soon as possible and are generally available any time over the next two weeks. Please provide us with your availability by the close of business Friday, May 11.

Best regards,

Elizabeth L. Brann
for PAUL, HASTINGS, JANOFSKY & WALKER LLP

Exhibit D

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Tel: 612-349-8500 Fax: 612-339-4181
www.rkmc.com

ATTORNEYS AT LAW

PETER N. SURDO
612-349-0982

May 17, 2007

### VIA FACSIMILE AND MAIL (858) 847-3631

Elizabeth L. Brann
Paul, Hastings, Janofsky & Walker LLP
3579 Valley Centre Drive
San Diego, CA 92130

Re:    *Honeywell International, Inc. et al. v. Apple Computer, Inc., et al.*
Our File No.: 019896.0229

Dear Liza:

I am in receipt of your fax from yesterday evening. Any meet-and-confer regarding Honeywell's interrogatory responses related to marking and commercialization of any product incorporating the '371 is premature. First, as I explained during our telephone call, Honeywell's written responses are complete. Further, they are subject to sworn verification (unlike any of Samsung SDI's or SDI America's interrogatory responses). Your only basis in asking for additional information was that Honeywell's responses were "self-serving," but that is hardly a basis to allege that they are incomplete or inaccurate in the first instance.

Second, despite your requests for "support" for Honeywell's answers in our telephone conversation and your letter (which I take to mean a description of Honeywell's efforts to investigate its response), Samsung SDI's interrogatories were not so broad. Honeywell's responses answered the interrogatories that were posed; your subsequent demand for additional information goes beyond what SDI originally requested.

Finally, Honeywell has designated a witness, Kurt Luther, to provide testimony responsive to Topics 4, 9, and 10 of the Defendants' 30(b)(6) notice, subject to the objections noted in Honeywell's response.

- Topic No. 4: The search for and collection of documents in response to discovery requests served by the Defendants in this action;

- Topic No. 9: The sale, offer for sale, public use and experimental use by Plaintiffs of any device within the scope of the claims of the '371 patent; and

- Topic No. 10: Marking by the Plaintiffs of any device within the scope of the claims of the '371 patent.

### HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY

MP3 20224745.1

Elizabeth L. Brann
May 17, 2007
Page 2

If you believe that Honeywell's discovery responses are still deficient after you have conducted
Mr. Luther's deposition on those topics, please let us know at that time.

Sincerely,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

Peter N. Surdo

PNS/sg

cc:     Matthew L. Woods, Esq.
        Stacie E. Oberts, Esq.

HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY

# Exhibit E

## Fully Redacted

# Exhibit F

# Paul Hastings

**Paul, Hastings, Janofsky & Walker LLP**
3579 Valley Centre Dr. • San Diego, CA 92130
telephone 858 720 2500 • facsimile 858 720 2555 • www.paulhastings.com

Atlanta
Beijing
Brussels
Chicago
Hong Kong
London
Los Angeles
Milan
New York
Orange County
Palo Alto
Paris
San Diego
San Francisco
Shanghai
Stamford
Tokyo
Washington, DC

(858) 720-2631
elizabethbrann@paulhastings.com

July 6, 2007                                                                33975.00004

**VIA FACSIMILE**

Peter Surdo
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402

Re:     *Honeywell v. Samsung SDI*
        Case No. 04-1338 (D. Del.)

Dear Peter:

We write to follow up on the June 13 30(b)(6) deposition of Kurt Luther. In previous

REDACTED

REDACTED

, Samsung SDI is left to take Honeywell at its word without any meaningful chance for cross-examination. Honeywell therefore must immediately supplement its responses to Samsung SDI's interrogatory numbers 12 and 13 to provide details regarding its product designs.

Further, Honeywell must supplement its response to interrogatory number 14. Honeywell responded to interrogatory number 14 by referring to Fed. R. Civ. P. 33(d) but has not provided any specific Bates ranges in its response.

Please let me know by the close of business Tuesday, July 10 when Honeywell is available to meet and confer regarding these issues.

Peter Surdo
July 6, 2007
Page 2

Best regards,

Elizabeth L. Brann
for PAUL, HASTINGS, JANOFSKY & WALKER LLP

Exhibit G

# ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

2800 LASALLE PLAZA
800 LASALLE AVENUE
MINNEAPOLIS, MN 55402-2015
TEL: 612-349-8500  FAX: 612-339-4181
www.rkmc.com

ATTORNEYS AT LAW

STACIE E. OBERTS
612-349-8235
SEOberts@rkmc.com

July 10, 2007

**VIA FACSIMILE**

Elizabeth L. Brann
Paul, Hastings, Janofsky & Walker LLP
3579 Valley Centre Drive
San Diego, CA  92130

      Re:    Honeywell International Inc., et al v. Apple Computer, Inc., et al.
             Court File No. C.A. No. 04-1338-KAJ (consolidated)
             Our File No.: 019896.0229

Dear Liza:

      I write in response to your July 6, 2007 letter to Pete Surdo regarding Kurt Luther's deposition.

      First, I note that you are now demanding that Honeywell provide "details regarding its product designs" for all LCD modules that Honeywell manufactures, despite the fact that none of those products practice the invention claimed in the '371 patent.  This is entirely at odds with the position that you and the other defendants have repeatedly taken throughout this case. Specifically, Samsung SDI has <u>refused</u> to provide information regarding other products that likely infringe the '371 patent based solely on the fact that Honeywell has not yet found the module to confirm infringement.  In light of that position, there is no basis on which you can now insist that Honeywell provide detailed information regarding all of its LCD modules even when such products do not practice the invention claimed in the '371 patent.

REDACTED

Elizabeth L. Brann
July 10, 2007
Page 2

REDACTED

As such, there is no basis for your repeated complaints regarding Honeywell's verified response to interrogatories which confirm that Honeywell does not manufacture or sell any LCD module that practices the '371 patent.

Very truly yours,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

Stacie E. Oberts

SEO/jw

cc:  Matthew L. Woods
     Peter N. Surdo

# Exhibit H

# Paul Hastings

Paul, Hastings, Janofsky & Walker LLP
3579 Valley Centre Drive
San Diego, CA 92130
telephone 858-720-2500 • facsimile 858-720-2555 • www.paulhastings.com

Atlanta
Beijing
Brussels
Chicago
Hong Kong
London
Los Angeles
Milan
New York
Orange County
Palo Alto
Paris
San Diego
San Francisco
Shanghai
Stamford
Tokyo
Washington, DC

(858) 720-2631
elizabethbrann@paulhastings.com

July 18, 2007                                                                    33975.00004

**VIA FACSIMILE**

Stacie E. Oberts
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN  55402

Re:    Honeywell v. Samsung SDI
       Case No. 04-1338 (D. Del.)

Dear Stacie:

We write in response to your July 10 letter. We would like to meet and confer with you as soon as possible to determine whether the parties can come to any resolution of the dispute over Honeywell's marking investigation and the appropriate scope of Honeywell's document production and interrogatory responses related to the structure of Honeywell's LCD products. We are generally available next week to discuss this topic. Please let me know as soon as possible when you are available.

Best regards,

Elizabeth L. Brann
for PAUL, HASTINGS, JANOFSKY & WALKER LLP

# ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

2800 LASALLE PLAZA
800 LASALLE AVENUE
MINNEAPOLIS, MN 55402-2015
TEL: 612-349-8500 FAX: 612-339-4181
www.rkmc.com

ATTORNEYS AT LAW

STACIE E. OBERTS
612-349-8235
SEOberts@rkmc.com

July 19, 2007

**VIA FACSIMILE**

Elizabeth L. Brann
Paul, Hastings, Janofsky & Walker LLP
3579 Valley Centre Drive
San Diego, CA 92130

Re:    Honeywell International Inc., et al v. Apple Computer, Inc., et al.
       Court File No. C.A. No. 04-1338-KAJ (consolidated)
       Our File No.: 019896.0229

Dear Liza:

In response to your letter yesterday, we are available to meet and confer regarding Honeywell's marking investigation next Wednesday, July 25, at 2:00 p.m. Central. At that time, we expect you to be prepared to discuss the issues that Pete Surdo has repeatedly raised with you regarding Samsung's discovery responses. Please let me know if you are available at that time.

Very truly yours,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

St Olt s

Stacie E. Oberts

SEO/jw

cc:  Matthew L. Woods
     Peter N. Surdo

Exhibit I

# Paul*Hastings*

. Paul, Hastings, Janofsky & Walker LLP
3579 Valley Centre Drive
San Diego, CA 92130
telephone 858-720-2500 • facsimile 858-720-2555 • www.paulhastings.com

Atlanta
Beijing
Brussels
Chicago
Hong Kong
London
Los Angeles
Milan
New York
Orange County
Palo Alto
Paris
San Diego
San Francisco
Shanghai
Stamford
Tokyo
Washington, DC

(858) 720-2631
elizabethbrann@paulhastings.com

September 12, 2007                                               33975.00004

**VIA FACSIMILE**

Peter Surdo
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN  55402

Re:    *Honeywell v. Samsung SDI,*
       Case No. 04-1338 (D. Del.)

Dear Peter:

We write to address Honeywell's responses to Samsung SDI's marking discovery requests.
As we discussed in July, Samsung SDI is concerned about the scope of Honeywell's
investigation into whether any of its products practice the '371 patent. Honeywell's
30(b)(6) witness testified that various Honeywell divisions searched for products
containing two lens sheets or any rotated lens sheet. Yet, Honeywell's 30(b)(6) witness
was unable to answer specific questions about the design of various Honeywell LCD
products. Therefore, Samsung SDI was unable to cross-examine Honeywell regarding its
compliance with the marking statute.

As we agreed during our call, Samsung SDI considered whether limiting its discovery
requests to Honeywell LCD products identified online would be appropriate. Such a
solution is unworkable, however, because Honeywell designs LCDs for various devices
that Samsung SDI cannot identify or examine.           REDACTED
              REDACTED                          Samsung SDI cannot be
expected to identify or purchase such products and is entitled to determine whether such
products should have been marked.

Please let us know by the end of the week when Honeywell has reconsidered its position
on SDI's marking discovery requests.

09/12/2007 19:26 FAX 18587202555          PAUL HASTINGS                    ☑003

Peter Surdo
September 12, 2007
Page 2

Best regards,

Elizabeth L. Brann
for PAUL, HASTINGS, JANOFSKY & WALKER LLP

Exhibit J

# Paul Hastings

Paul, Hastings, Janofsky & Walker LLP
3579 Valley Centre Drive
San Diego, CA 92130
telephone 858-720-2500 • facsimile 858-720-2555 • www.paulhastings.com

Atlanta
Beijing
Brussels
Chicago
Hong Kong
London
Los Angeles
Milan
New York
Orange County
Palo Alto
Paris
San Diego
San Francisco
Shanghai
Stamford
Tokyo
Washington. DC

(858) 720-2631
elizabethbrann@paulhastings.com

November 8, 2007

33975.00004

**VIA FACSIMILE**

Peter Surdo
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402

Re:    *Honeywell v. Apple,*
       Case No. 04-1338 (D. Del.)

Dear Peter:

As you may know,                          REDACTED
                 REDACTED                      We understand from our local
counsel that Honeywell felt that additional conferring between the parties could resolve
these issues. Samsung SDI feels that the parties are at an impasse regarding both of these
issues but is always willing to confer with Honeywell in an attempt to avoid burdening the
Court with discovery disputes.

With respect to the marking issue, we sent Honeywell a letter in early September asking if
Honeywell would reconsider its position that Samsung SDI must identify products for
which it wishes to see design information. We heard no response. In light of Honeywell's
previous refusals to provide any additional discovery on the marking issue, we determined
that the issue was ripe for a motion to compel.

REDACTED

Peter Surdo
November 8, 2007
Page 2

Second, even if such a letter were sent, we cannot commit our client to not asserting a claim without providing our client with the underlying facts of that claim. Therefore, we believe this issue is ripe for a motion to compel.

REDACTED

Notwithstanding the above, we remain willing to attempt to resolve these issues informally with Honeywell so that we can avoid burdening the Court. I am generally available on Monday and Tuesday of next week. Please let me know when Honeywell is available.

Best regards,

Elizabeth L. Brann
for PAUL, HASTINGS, JANOFSKY & WALKER LLP

LEGAL_US_W # 57518399.1

# Exhibit K

# ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
TEL: 612-349-8500 FAX: 612-339-4181
www.rkmc.com

ATTORNEYS AT LAW

PETER N. SURDO
612-349-0982

November 13, 2007

**VIA E-MAIL**

Elizabeth L. Brann, Esq.
Paul, Hastings, Janofsky & Walker LLP
3579 Valley Centre Drive
San Diego, CA 92130

Re:  *Honeywell International, Inc. et al. v. Apple Computer, Inc., et al.*
     Our File No. 019896-0229

Dear Liza,

Now that SDI has already obtained a date with the Court, we are not sure if there is any value in continuing our exchange of meet-and-confer information. Nonetheless, we respond to your letter regarding the issues that you have unilaterally raised with the Court, and their relevance to our own complaints about Samsung SDI. Please note that we will be filing our own motion on the issues identified below.

We are, quite frankly, surprised by the apparent urgency with which you are suddenly pursing these long-dormant issues and would have appreciated the courtesy of receiving notice of your intent, or even a good-faith effort at finalizing the meet-and-confer process.

REDACTED

REDACTED

I further note that Samsung SDI has no basis in fact for any patent misuse allegation whatsoever, and we have repeatedly asked you for the basis of such a complaint. Although you never provided us with such information, we assume that you will provide us with all purported facts

Elizabeth L. Brann, Esq.
November 13, 2007
Page 2

that support your allegations in this regard, particularly now that you have the benefit of Loria Yeadon's deposition testimony.

**Appropriate Preparation of 30(b)(6) Witnesses**
Regarding your complaints about Mr. Kurt Luther's deposition, I must first note that you have reneged on our agreed-upon process. At the conclusion of our last meet-and-confer session on this issue, you stated that Samsung SDI would provide a sample of the Interrogatory identifying specific products of interest, and Honeywell would let you know if it was reasonable to answer for such modules. You have apparently reconsidered that process, and now demand—once again—that Honeywell provide information about every single Honeywell product that contains an LCD and the configuration of the LCD's structures. As I thought we had sufficiently explained during that meet-and-confer session, that request is unreasonable and overbroad, particularly in light of Mr. Luther's extensive investigation into the issue. We renew our invitation to undertake a reasonable investigation into the structures of certain modules to the extent that Samsung SDI can articulate a reasonable basis for believing that certain products practice the '371 patent, notwithstanding Mr. Luther's extensive investigation.

Moreover, and yet again, you are imposing a greater burden than your original request entailed. The topic on which Mr. Luther was made available was the "sale, offer for sale, public use and experimental use by Plaintiffs of any device *within the scope* of the claims of the '371 patent" (emphasis added). Rest assured, that if the deposition notice had said "the configuration of every single Honeywell product containing any sort of LCD whatsoever," we would have objected to the deposition notice as overbroad and unduly burdensome. In attempting to manufacture an issue regarding Mr. Luther's deposition, you are expanding the scope of your original request to seek something you never requested in the first place.

REDACTED

REDACTED

Elizabeth L. Brann, Esq.
November 13, 2007
Page 3

REDACTED

Given that we are now aware that you are seeking a date with Judge Thynge on the issue of Kurt Luther's preparation (without finalizing the meet-and-confer process), and the Judge's instruction that all issues should be brought before her, we plan to raise the corresponding issue of the preparation of Samsung SDI's own witnesses, their lack of knowledge regarding Samsung SDI's investigation, and your improper privilege instructions regarding their preparation and investigation. As we noted in correspondence before Dr. Jung's follow-up deposition, we considered our meet-and-confer obligations on this issue complete, and we further raised our objection at the end of Dr. Jung's follow-up deposition when you engaged in a direct examination of the witness on issues you alleged were either privileged out outside the scope of the deposition notice.

**Willfulness**
Finally, I remind you that we have not heard your response to our repeated requests regarding willfulness and Samsung SDI's election to waive privilege and produce any opinion of counsel (a subject that has been prompted by SDI's recent insistence upon supplementation regarding Honeywell's willfulness obligation).

Regards,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

Peter N. Surdo

PNS/sdm

MP3 20250062.1