IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HONEYWELL INTERNATIONAL INC. and ) <br> HONEYWELL INTELLECTUAL PROPERTIES INC., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> APPLE COMPUTER, INC., et al., ) <br> ) <br> Defendants. ) <br> ) | C.A. No. 04-1338-*** <br> (Consolidated) |

## NOTICE OF DEPOSITION AND SUBPOENA DIRECTED TO JENNY NEEDHAM

PLEASE TAKE NOTICE that, pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, Defendant FUJIFILM Corporation, ("Fuji") is serving the attached subpoena on Jenny Needham, c/o Society for Information Display, 610 S. 2d Street, San Jose, CA 95112. Pursuant to the subpoena, Fuji will, by and through its undersigned counsel, take the deposition upon oral examination via telephone of Jenny Needham, on January 8, 2008 at 1 p.m. EST, at the offices of Society for Information Display, 610 S. 2d Street, San Jose, CA 95112, or at such other time and place as may be agreed to by the parties. The deposition is for the purpose of discovery and evidentiary use and will be recorded by stenographic means. The deposition will continue from day to day until completed. You are invited to attend and cross-examine.

| | |
|---|---|
| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
| Lawrence Rosenthal<br>Matthew W. Siegal<br>Ian G. DiBernardo<br>Angie M. Hankins<br>Kevin C. Ecker<br>STROOCK & STROOCK & LAVAN LLP<br>180 Maiden Lane<br>New York, NY 10038-4982<br>(212) 806-5400 | By: _____<br>Philip A. Rovner (#3215)<br>Hercules Plaza<br>P.O. Box 951<br>Wilmington, DE 19899<br>(302) 984-6000<br>provner@potteranderson.com |
| Date: December 28, 2007<br>840127 | Attorneys for Defendant<br>FUJIFILM Corporation |

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

HONEYWELL INTERNATIONAL INC. and
HONEYWELL INTELLECTUAL PROPERTIES, INC.
                Plaintiffs,
- v. -
APPLE COMPUTER, INC., et al.,
                Defendants.

**SUBPOENA IN A CIVIL CASE**

PENDING IN THE U.S. DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

CASE NUMBER: 04-1338 (***)
(Consolidated)

To:    Jenny Needham
        c/o Society for Information Display
        610 S 2nd Street
        San Jose, CA 95112

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition recorded by stenographic means in the above case.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| 610 S 2nd Street, San Jose, CA 95112 | January 8, 2008, 1 P.M, EST |

☐ YOU ARE COMMANDED to produce a witness having personal knowledge of the matters set forth in Attachment B of the attached Notice of Deposition to appear at the place, date and time specified below to testify at the taking of a deposition in the above case.

| PLACE: TO BE DETERMINED | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the documents or objects listed in Attachment A attached hereto, at the place, date, and time specified below.

| PLACE: | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES: | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this proceeding case that is subpoenaed for the taking of a deposition shall designate one or more officers, directors or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Fed.R.Civ.P. 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE *[signature]* Attorney for Defendant FUJIFILM Corporation | DATE December 28, 2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Kevin C. Ecker, Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, NY 10038-4982 (212) 806-5400

NY 71180141v1

## PROOF OF SERVICE

| SERVED | DATE | PLACE |
|---|---|---|
| | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| 12/28/07 | Deponent agreed to accept service via email in lieu of Formal Service |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

### Rule 45, Fed.R.Civ.P., Parts (C) & (D)

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect this premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice is to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed and or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applied, or

(iv) subject a person to undue burden.

(B) If a subpoena

(i) require disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## ATTACHMENT B

## DEFINITIONS

As used in this Subpoena the terms listed below are defined as follows:

1. The terms "person" or "persons" mean any natural person, corporation, partnership, association, organization, or group of natural persons, including but not limited to any employee, officer, director, consultant, independent contractor, agent, attorney or representative of any of them.

2. The terms "SID", "you" or "your" refer to the Society For Information Display, including all predecessors in interest, divisions and business units, subsidiaries and affiliates, as well as anyone working with or at the direction of any of the foregoing.

3. The term "Palisades" refers to Palisades Convention Management, Inc. located at 411 Lafayette Street, Suite 201, New York, NY 10003 including all predecessors in interest, divisions and business units, subsidiaries and affiliates, as well as anyone working with or at the direction of any of the foregoing.

4. The terms "Honeywell", refer to Honeywell International, Inc. and Honeywell Intellectual Properties Inc., and all divisions, departments, subsidiaries (whether direct or indirect), parents, affiliates, acquisitions, predecessors and entities controlled by any of them, whether domestic or foreign, including but not limited to Honeywell Inc., Allied Corporation, Bendix Corp., Allied-Signal, AlliedSignal, Sperry and/or SP-Commercial Flight Inc., and their respective present or former officers, directors, employees, owners, attorneys and agents, as well as consultants and any other persons acting or purporting to act on behalf of each such entity or person.

5. The terms "thing" and "things" refer to any material object, such as samples, prototypes, packaging samples, models, illustrations of physical and chemical phenomena, and photographs, montages, movies or videotapes of physical objects, and electronic representations of any of the above.

6. The term "avionic display" shall refer to a device intended for mounting in an aircraft for displaying graphical and/or textural information which includes one or more flat panel LCD-based displays.

7. The term "LCD" shall mean liquid crystal display.

8. The Term "LCD Module" shall mean any and all sub-assemblies and components of an LCD.

9. The terms "thing" and "things" refer to any material object, such as samples, prototypes, packaging samples, models, illustrations of physical and chemical phenomena, and photographs, montages, movies or videotapes of physical objects, and electronic representations of any of the above.

10. Unless otherwise specified herein, "relates to" and "refers to" shall be used interchangeably to mean concerning, comprising, involving, directed to, created by, sent to, received by, copied to, responsible for, or in any way logically or factually connected to the subject of the request.

11. The words "document" or "documents" shall be used in their broadest sense and shall include, but are not limited to, any tangible thing capable of storing information, including but not limited to the following items, whether printed, typed or recorded or reproduced by hand or electronically, magnetically, optically or in any graphic manner of any kind or nature however produced or reproduced, whether sent or received or neither, whether within the actual or

constructive possession, custody, or control of any agent, employee, consultant, or any other person acting or purporting to act on behalf of you, including drafts and copies bearing notations or marks not found on the original, and includes, but is not limited to:

1. all letters or other forms of correspondence or communication, including envelopes, notes, telefaxes, telegrams, cables, electronic mail messages, telex messages, and telephone messages (including reports, notes, notations and memoranda of or relating to any telephone conversations or conferences or personal interviews);

2. all memoranda, laboratory notebooks, research reports, speeches, reports, financial statements or reports, appraisals, estimates, sales proposals, RFQ or RFP responses, notes, transcripts, tabulations, ledgers, studies, analyses, evaluations, projections, work papers of any type, corporate records or copies thereof, lists, comparisons, questionnaires, surveys, charts, graphs, maps, diagrams, summaries, tables, indexes, extracts, statistical records, compilations, reports and/or summaries of investigations, testing or analyses, marginal notations, all desk calendars, appointment books, diaries;

3. all books, manuscripts (whether submitted for publication or not), press releases, magazines, newspapers, booklets, brochures, sales support materials, training materials, pamphlets, circulars, bulletins, notices, speeches, instructions, manuals, and articles;

4. all minutes, transcripts, notes, presentation material, and memoranda of meetings;

5. all photographs, drawings, microfilms, tapes or other recordings, punch cards, magnetic tapes, magnetic disks, optical or magneto-optical disks, print-outs, and other data compilations from which information can be obtained, and any other information recorded in or on any medium whatsoever; and

6. all Contracts.

12. The words "and", "and/or", and "or" shall each be deemed to refer to both their conjunctive and disjunctive meanings. The words "all" and "any" shall mean "each and every" as well as "any one". The masculine gender shall be deemed to include the feminine and the neuter where appropriate, the singular, the plural, and vice versa.

## DEPOSITION TOPICS

1. Honeywell's attendance at any SID conference held between January 1985 and November 2004.

2. Identification of Exhibitors who attended one or more of SID conferences held between January 1990 and November 2004.

3. The distribution of materials to attendees, including Honeywell, at SID conferences held between January 1985 and November 2004.

4. Distribution of digests of published papers from SID conferences held between January 1985 and November 2004 that were sent or distributed to Honeywell.

5. Receipt by Honeywell or any employee of Honeywell of any SID publication, including but not limited to SID's monthly magazine "Information Display."

6. The definition of "sustaining membership" or "sustaining member" including all documents and materials related to the process, rights and benefits of becoming a "sustaining member" of SID, including whether Honeywell or any employee of Honeywell has or was a "sustaining member".

7. The relationship between SID and Palisades.

8. Identification, authentication and description of documents and things produced by SID or received by Palisades in response to FUJIFILM Corporation's Subpoena to the SID dated August 21, 2007.

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, hereby certify that, on December 28, 2007, the within document was electronically filed with the Clerk of the Court using CM-ECF which will send notification of such filing to the following; the document was served by E-mail on the following; and the document is available for viewing and downloading from CM-ECF:

Thomas C. Grimm, Esq.
Benjamin J. Schladweiler, Esq.
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
tgrimm@mnat.com
bschladweiler@mnat.com

Karen L. Pascale, Esq.
Young, Conaway, Stargatt & Taylor, LLP
The Brandywine Bldg., 17th Fl.
1000 West Street
Wilmington, DE 19801
kpascale@ycst.com

Richard L. Horwitz, Esq.
David E. Moore, Esq.
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899
rhorwitz@potteranderson.com
dmoore@potteranderson.com

David J. Margules, Esq.
John M. Seaman, Esq.
Bouchard Margules & Friedlander, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
dmargules@bmf-law.com
jseaman@bmf-law.com

_/s/ Philip A. Rovner_
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899
(302) 984-6000
E-mail: provner@potteranderson.com

759311