

**Potter Anderson & Corroon LLP**

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

Philip A. Rovner
Partner
provner@potteranderson.com
(302) 984-6140 Direct Phone
(302) 658-1192 Fax

January 2, 2008

**BY E-FILE**
The Honorable Mary Pat Thynge
United States Magistrate Judge
U.S. Courthouse, 844 King Street
Wilmington, DE 19801

      Re:   Honeywell International, Inc. *et al.* v. Apple Computer, Inc. *et al.*
             D. Del., C.A. Nos. 04-1338, 04-1337, 04-1536

Dear Magistrate Judge Thynge:

    We write on behalf of Defendants FUJIFILM Corporation and FUJIFILM U.S.A., Inc. (collectively "Fuji") regarding Plaintiffs' (1) admitted failure to produce to Fuji, documents and transcripts responsive to Fuji Document Requests 2, 3 and 40-43 (*see* Exs. 1 and 2); and (2) admitted destruction of documents that were not produced to Fuji during this action, but were responsive to Fuji's document requests. Plaintiffs excuse their conduct on the grounds that the documents in question are the subject of confidentiality agreements with licensees or former defendants and that Fuji should obtain the missing documents from the other defendants, including those that have been dismissed from this action, leaving Fuji no practical way to obtain the missing documents or even know the extent of Plaintiff's discovery failures.

    Fuji respectfully requests that the Court order Plaintiffs to produce to Fuji: (1) all documents that they produced or otherwise communicated to any current, stayed or settled party in this litigation, which (to the extent not already produced) are responsive to Fuji Document Requests 2 and 40-43; (2) all documents produced to or otherwise communicated to Honeywell in this matter by anyone, which are responsive to Document Requests 3 and 40-43, including but not limited to all current, stayed and settled defendants (excluding Fuji documents); and (3) produce all transcripts from depositions in this matter and exhibits thereto, which are responsive to Document Request 3, aside from the transcripts of certain depositions of the remaining defendants recently produced or where Fuji was in attendance. These requests include exchanges between Plaintiffs and licensees and defendants under Fed. R. Evid. 408 that bear on non-infringing alternatives, defenses asserted against Plaintiffs' claims and the nature and quantity of products to which the licenses apply. Fuji also requests that the Court appropriately sanction Plaintiffs for their destruction of requested documents during the course of this litigation.

    Fuji Doc. Request 2 seeks "All documents and things that you produce or make available for inspection to any party in the present litigation, …." Ex. 1 at 4. On August 28, 2006, Plaintiffs

The Honorable Mary Pat Thynge
January 2, 2008
Page 2

responded by refusing to produce documents "that relate to individual party-specific issues." Ex. 3 at 3. However, Fuji has learned that Plaintiffs have taken an overly broad interpretation of this exception, so as to withhold from Fuji documents relevant to Fuji's defenses.

 For example, Fuji learned by happenstance that Plaintiffs produced certain documents only to defendant Optrex. These documents were not purely Optrex specific documents, but related to Fuji's laches defense because they evidence Plaintiffs' decision to delay enforcing its patent. Ex. 4. On September 24, 2007, Plaintiffs responded to Fuji's request for the documents by claiming that the documents "relate to an issue that only concerns Optrex" and that it is Fuji's job to poll all of the defendants in this matter to determine the scope of Plaintiffs' production to each defendant to learn what is missing. Ex. 5 Plaintiffs eventually produced the documents in question and have selectively produced some Rule 408 documents largely devoted to the scheduling of meetings but Fuji has no way of knowing what else is withheld or destroyed. It is not Fuji's obligation to take discovery from all of the other defendants (current, stayed and dismissed) to find out what documents Plaintiffs produced to them or they produced to Plaintiffs. Plaintiffs can easily make production to the extent the documents were not destroyed. Plaintiffs raise as a red herring, the existence of a Joint Defense Agreement ("JDA") among the defendants. Regardless of its terms, a JDA does not remove Plaintiffs' obligation to respond to properly propounded discovery requests. It suffices to say that Fuji has not received the requested documents from the other defendants.

 Recently Plaintiffs refused to produce responsive communications with third parties, licensees or other defendants relating to licensing (Document Request 40), alternative designs (Doc. Request 41), communications related to non-infringing structures (Document Request 42) and communications related to non-asserted LCD models (Document Request 43) relying on confidentiality agreements with such third parties. Ex. 6. These requests do not seek Plaintiffs' internal documents for which a privilege has been asserted (see undecided Fuji July 12, 2007 letter motion), aside from notes of conversations with such third parties, which, at best, are work product producible as containing facts not otherwise available without undue hardship. Fed. R. Civ. P. 26(b) (3) (A). Specifically with regard to Fuji's Document Requests 41-43, Fuji has the burden of proof with respect to laches, and documents responsive to these requests are directly related to at least laches, and therefore are discoverable. These documents are also relevant to the determination of damages including the calculation of a reasonable royalty for which non-infringing alternatives are relevant. *See* Order in *Antor Media Corp. v. Sony Ericsson*, C.A. No. 5-06-CV-0239 (DF), E.D. Tx. (Dec. 18, 2007) (ordering production of confidential documents from prior litigation pursuant to Protective Order). Ex. 7.

 Doc. Request 3 seeks "All documents that you receive from Third Parties in connection with this litigation." Ex. 1 at 4. Deposition transcripts and exhibits fall into this category. Initially, Plaintiffs refused to produce any such documents arguing that the request "calls for documents that can be exchanged between the defendants pursuant to [the] joint defense agreement." Ex. 3 at 3-4. On September 24, 2007, after Fuji followed up, Plaintiffs contended that it was Fuji's responsibility to request the documents from the other defendants. Ex. 5. On October 29, 2007, Fuji pointed out that Plaintiffs' experts had relied on documents produced by the other defendants, which were not produced to Fuji, and that Fuji was entitled to review all of the material produced by the other defendants *including* the documents on which Honeywell decided not to rely. Ex. 8. Plaintiffs have since backpedaled from this position and indicated that it will

The Honorable Mary Pat Thynge
January 2, 2008
Page 3

produce those productions that were made by electronic means, as a "courtesy," but not those made by paper means. Ex. 9. Most recently, Plaintiffs have explained the selective retention and production of third party documents as being because only some documents were retained in the "ordinary course of business," and a claim to confidentiality by Sanyo. Ex. 10. It is extraordinary that any relevant documents would be destroyed by a Plaintiff during the run up to and pendency of this litigation. Plaintiffs continue to attempt to shift the burden of production to the defendants by requesting that the defendants "confer amongst [themselves] to arrange for access" to the paper production. Ex. 9. Plaintiffs also suggest that permission of each defendant is required to give its confidential information to other defendants. *See, e.g.* Ex. 10. Paragraph 3.1 of the Stipulated Protective Order ("SPO") deals with how a defendant is to handle the documents of other defendants and contemplates the discovery requested here. Ex. 11 at ¶ 3.1.

More troubling is Plaintiffs' admission that some of the requested documents that were produced to Honeywell by parties in this action **have been destroyed**. Ex. 5. Plaintiffs claim that they were obligated to destroy documents produced by those defendants that settled with Plaintiffs pursuant to the SPO. Rather, the SPO requires that documents be retained until "final termination of this action ..." while permitting destruction agreements with individual defendants. Ex. 11 at ¶ 21. But it does not mandate the destruction of documents exchanged with settled parties. Plaintiffs had an independent obligation to maintain the documents and to not agree to their destruction until the end of the case, even if a dismissed defendant insisted on such a term, especially considering that they were the subject of Fuji's Document Request 3. *In re Wechsler*, 121 F. Supp. 2d 404, 429 (D. Del. 2000). Honeywell's suggestion that Fuji was aware of such destruction is simply baseless. Ex. 12.

"This court has the inherent power to impose sanctions [including an adverse inference or even dismissal] against a party that has destroyed evidence which is relevant to a legal proceeding." *Wechsler*, 121 F. Supp. 2d at 427. The Court may be guided by the following factors in exercising its discretion: "(1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the opposing party; and (3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party and, where the offending party is seriously at fault, will serve to deter such conduct by others in the future." *Schmid v. Milwaukee Elec. Tool Corp.*, 13 F.3d 76, 79 (3d. Cir. 1994). When evidence is destroyed in bad faith (i.e., intentionally or willfully), as it was by Honeywell in this case, that fact alone is sufficient to demonstrate the relevance of the materials destroyed. *Zubulake v. UBS Warburg LLC,* 229 F.R.D. 422, 431 (S.D.N.Y., 2004).

The destroyed documents likely included information regarding Plaintiffs' claimed commercial success, methods of avoiding infringement, independent development of the invention, prior art, laches and reasonable royalty supporting Fuji's position and contrary to Honeywell's position. Accordingly, Fuji requests that the Court: a) issue a standing order that Honeywell refrain from destroying documents produced in this litigation until the action is terminated as to *all* remaining parties; b) impose the appropriate sanction of a negative inference that the destroyed documents supported Fuji's defenses in this action and refuted Plaintiffs' claims of commercial success and reasonable royalty; and c) order Plaintiffs to make a good faith effort to recover copies of destroyed documents from licensees and former defendants and report to the Court on its efforts and results.

The Honorable Mary Pat Thynge
January 2, 2008
Page 4

                                              Respectfully,

                                              /s/ Philip A. Rovner

                                              Philip A. Rovner
                                              provner@potteranderson.com

PAR/mes/836878
cc: Thomas C. Grimm, Esq. (w/encls.) – by ECF and E-mail
     Manufacturer Defendants (w/encls.) – by ECF and E-Mail