# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

HONEYWELL INTERNATIONAL INC.; and )
HONEYWELL INTELLECTUAL PROPERTIES )
INC.; )
              )
      Plaintiffs, )
              )
      v. )
              )
APPLE COMPUTER, INC., *et al.* )
              )
      Defendants. )

C. A. No. 04-1338-KAJ
C.A. No. 04-1337–KAJ
C.A. No. 04-1536-KAJ
C.A. No. 05-874-KAJ

**DEFENDANT FUJI PHOTO FILM CO., LTD.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFFS HONEYWELL INTERNATIONAL, INC. AND HONEYWELL INTELLECTUAL PROPERTIES INC.**

Pursuant to Rules 26 and 34 of the Federal Rules of Procedure, Defendant Fuji Photo Film Co., Ltd. ("Fuji") requests that Plaintiffs Honeywell International, Inc. and Honeywell Intellectual Properties, Inc. (collectively "Honeywell") produce for inspection and copying each of the documents and tangible items described below at the offices of Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, New York 10038-4982 or at such place as may be mutually agreed on within the time specified by the Court.

## DOCUMENT REQUESTS

A.  Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these Requests for Production of Documents and Things are deemed to be continuing and Plaintiffs Honeywell are required to reasonably supplement these responses upon receipt or discovery of additional information or documents pertinent to any of the propounded Requests.

B.  The Definitions and Instructions that appear in the accompanying First Set of Interrogatories to Plaintiffs Honeywell are incorporated herein by reference as though fully set forth.

## INSTRUCTIONS

A.  These requests shall apply to all documents and things in your possession, custody or control at the present time or coming into your possession, custody or control.  If you know of the existence, past or present, of any document or thing requested below, but are unable to produce such document or thing because it is not presently in your possession, custody, or control, you shall so state and shall identify such document or thing, and the person who now has or lost his possession, custody or control of the document or thing.

B.  All documents that respond, in whole or in part, to any request are to be produced in their entirety, without abbreviation or expurgation, including all attachments or other matters affixed thereto.

C.  If no documents are responsive to a particular request, you are to state that no responsive documents exist.

D.  All documents shall be produced either in order of Request or in the manner that they are kept in the usual course of business.  Whenever a document or group of documents is removed from a file folder, binder, file drawer, file box, notebook, or other cover or container, a copy of the label or other means of identification of such cover or other container shall be attached to the document.

E.  If any document requested has existed, but has been lost, destroyed, or is no longer within your possession, custody or control, identify those documents and describe the document,

2

its author(s), the recipients(s) or addressee(s), the subject matter and content. Further, if the document has been destroyed, state with particularity the date and circumstances surrounding the reasons for its destruction, and identify the last known custodian of the document and each person who has knowledge of the contents, loss or destruction of any such document.

F. In the event that any document identified in these Requests is subject to any claim of privilege (including work product), Plaintiffs shall furnish a list identifying each such document by:

(1) identifying the person who prepared or authored the document and, if applicable, the persons who sent the document and to whom the document was sent (including copies) and the dates on which the document was prepared and transmitted, identifying persons who prepared, sent and/or received the document as required in the accompanying Definitions;

(2) describing the nature of the document (e.g., letter, inter-office memorandum, telegram, notes, etc.) and, to the extent possible, the subject matter thereof;

(3) identifying any and all attachments or enclosures appurtenant to such documents;

(4) stating briefly the nature of the privilege asserted; and

(5) producing any non-privileged portions, attachments or enclosures to any such privileged document, and identifying the portion(s) of the document to which privilege is claimed.

G. If, subsequent to the date you produce documents responsive to these requests you discover or receive documents that are responsive to any request herein, promptly produce all

3

such additional documents to the full extent required by the Federal Rules of Civil Procedure and the Local Rules of the District Court.

H. Each document is to be produced along with all drafts and copies having annotations different from those on other copies, without abbreviation or redaction.

I. If Honeywell refuses to produce any documents by reason of a confidentiality agreement with a third party or a Government secrecy designation, so state and identify each such Agreement and Government classification order and produce a copy of the confidentiality agreement and/or order upon which Honeywell relies.

## REQUESTS FOR PRODUCTION

1. All documents reviewed, consulted or referred to in any way by any person in preparing the answers to Fuji Photo Film Co., Ltd.'s First Set Of Interrogatories To Plaintiffs Honeywell International, Inc. and Honeywell Intellectual Properties Inc.

2. All documents and things that you produce or make available for inspection to any party in the present litigation, Honeywell Intl. Inc., et al. v. Apple Computer, Inc., et al., C.A. No. 04-1338-KAJ (D. Del. 2004), Honeywell Intl. Inc., et al. v. Audiovox Communications Corp. et al., C.A. No. 04-1337-KAJ (D. Del. 2004), Honeywell Intl. Inc., et al. v. Citizen Watch Co. Ltd, et al., C.A. No. 05-874-KAJ (D. Del. 2005), and/or Optrex America, Inc. v. Honeywell Intl. Inc., et al., C.A. No. 04-1536-KAJ (D. Del. 2004), including all privilege logs.

3. All documents that you receive from Third Parties in connection with this litigation.

4. All Answers to Interrogatories propounded by any entity named in the above referenced cases.

4

5.  All documents relating to or concerning Honeywell's policy and/or practice of enforcing its patents.

6.  The documents sufficient to determine the time between the issuance of any patent owned by Honeywell which Honeywell has licensed or made the subject of a suit and the initiation of an infringement suit involving that patent and/or the entry of a decision covering that patent.

7.  All documents referring or relating to Honeywell's decision to initiate this lawsuit against Fuji and Fuji USA.

8.  All documents that Honeywell contends, if it so contends, provided notice of the '371 patent to Fuji.

9.  All documents that Honeywell contends, if it so contends, provided an indication, warning or notice that Honeywell intended to assert the '371 patent against any entity or individual.

10. All documents relating to Honeywell's first notice or knowledge that any Fuji digital still camera contained a liquid crystal display.

11. All documents relating to Honeywell's contentions, if it so contends, that any delay between the issuance of the '371 patent and the filing of the Complaints in CA No. 04-1357 and 04-1338 was reasonable and/or justified.

12. All documents relating to Honeywell's knowledge and/or analysis of the alleged infringement of the '371 patent by Fuji.

13. All documents supporting, evidencing, contradicting, and/or relating to Honeywell's claim that Fuji's alleged infringement of the '371 patent was willful.

5

14. All documents that support, rebut, refer or relate to Honeywell's contention that Fuji infringes, willfully infringes, contributes to the infringement of, or induces infringement, of any claim of the '371 patent.

15. All documents which support, rebut or concern Honeywell's claims for damages including documents sufficient to identify the methods by which Honeywell hopes to calculate damages and the amount of damages Honeywell is seeking from Fuji.

16. All documents which support, rebut or concern Honeywell's claims that this case is "exceptional" pursuant to 35 U.S.C. §285.

17. All documents which support, rebut or concern Honeywell's claims that Honeywell is entitled to an injunction against Fuji.

18. All documents produced by any party to the litigation which identifies Fuji as a supplier of LCD modules to entities other than its subsidiaries or in connection with a repair program of digital still cameras made or sold by or on behalf of Fuji.

19. All documents that refer or relate to ownership of the '371 patent including but not limited to any assignments of the rights to the '371 patent.

20. All documents that refer, relate to or constitute licenses granted to practice the '371 patent.

21. All documents that refer or relate to Honeywell's dealings with Japan Aviation Electronics Ltd. ("JAE") from 1986 to date to the extent they relate to the general relationship between the entities and/or products which include or consist of LCD modules or components thereof.

22. All documents exchanged between JAE and Honeywell referring or to relating to any LCD module or part thereof which would be covered by a claim of the '371 patent if such LCD module were made, sold or offered for sale in the United States after the issuance of the '371 patent.

23. The drawing furnished by or on behalf of a Named Inventor and/or Honeywell to JAE in 1990 which Honeywell claims constituted a reduction to practice of the alleged inventions of the '371 patent and all documents referring or relating to such drawing.

24. Documents which show the structure of all LCD modules or components thereof developed in whole or in part and/or sold or offered for sale by JAE or to for Honeywell, developed in whole or in part and/or offered for sale by Honeywell for or to JAE and/or developed and/or sold or offered for sale jointly by Honeywell and JAE, and which shows the date of creation and/or transfer of a copy of each such document.

25. Documents which show the structure of all LCD modules or components thereof developed in whole or in part and/or sold or offered for sale by Hosiden Corporation of Japan ("Hosiden") for Honeywell, developed in whole or in part and/or offered for sale by Honeywell for Hosiden and/or developed jointly and/or sold or offered for sale by Honeywell and Hosiden, and which shows the date of creation and/or transfer of a copy of each such document.

26. Documents which show the structure of all LCD modules or components thereof which, from 1986 to 1996, were developed in whole or in part and/or sold or offered for sale by OIS Optical Imaging Systems ("OIS") for Honeywell, developed in whole or in part and/or offered for sale by Honeywell for OIS, and/or developed jointly by Honeywell and OIS, and which show the dates of creation and/or transfer of a copy of each such document.

27. Documents which show the structure of all LCD modules or components thereof, lens arrays and/or diffusers from 1986 to 1996, which were developed in whole or in part by Minnesota Mining and Manufacturing Company ("3M") for Honeywell and/or sold to Honeywell by 3M, developed in whole or in part and/or sold or offered for sale by Honeywell to 3M, and/or developed jointly by Honeywell and 3M and which show the dates of creation and/or transfer of a copy of each such document.

28. Documents which show the structure of all LCD modules or components thereof which, from 1986 to 1996, were developed in whole or in part and/or sold or offered for sale by Compaq Computer Company ("Compaq") for Honeywell, developed in whole or in part and/or sold or offered for sale by Honeywell for Compaq and/or developed jointly by Honeywell and Compaq, and which shows the dates of creation and/or transfer of a copy of each such document.

29. Documents which show the structure of all LCD modules or components thereof which, from 1986 to 1996, were developed in whole or in part and/or sold or offered for sale by Bendix Corporation ("Bendix") for Honeywell, Allied Signal, Allied Corporation and/or Allied-Signal (collectively referred to as "Honeywell" for this Document Request), developed in whole or in part and/or sold or offered for sale by Honeywell for Bendix and/or developed jointly by Honeywell and Bendix, and which shows the dates of creation and/or transfer of a copy of each such document.

30. Documents which show the structure of all LCD modules developed (in whole or in part), sold and/or offered for sale by, in behalf of, or with Honeywell in connection with bids, proposals, contracts and/or sub-contracts relating to each of the following projects:

    a.  TCAS;

    b.  cockpit displays for the F-16 aircraft;

    c.  cockpit displays for the F-22 aircraft;

    d.  cockpit displays for the C-130 aircraft;

    e.  cockpit displays for the Boeing 777 aircraft

31. Documents which show the structure of all LCD modules developed (in whole or in part), sold and/or offered for sale by, in behalf of or with Honeywell in connection with a cockpit display and not produced in response to a foregoing document request.

32. Documents which show the date, location and nature of participation by Honeywell of every air show at which a product consisting of or including an LCD module was shown by Honeywell and/or another entity from 1986 to 1996.

33. All documents referring or relating to any experiments developmental or supply efforts and/or projects of Honeywell relating to projection televisions or components thereof started prior to January 1994.

34. All documents referring or relating to any experiments and/or projects of Honeywell relating to moiré interference started prior to January 1994.

35. All documents which describe, support or contradict the continuous diligence on the part of the named inventors and any prosecuting attorneys to obtain patent protection for the subject matter of the '371 patent from the claimed date of reduction to practice of the alleged inventions of the '371 patent and until the filing of the application of the '371 patent.

9

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Lawrence Rosenthal
Matthew W. Siegal
Angie M. Hankins
Kevin C. Ecker
STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY 10038
(212) 806-5400

By: _Philip A. Rovner/jones_
    Philip A. Rovner (#3215)
    Hercules Plaza
    P.O. Box 951
    Wilmington, DE 19899-0951
    (302) 984-6000
    provner@potteranderson.com

*Attorneys for Defendants*
*Fuji Photo Film Co., Ltd. and*
*Fuji Photo Film U.S.A., Inc.*

Dated: July 19, 2006

741930

10

# UNITED STATES DISTRICT COURT

## DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, hereby certify that, on July 19, 2006, true and correct copies of the within document were served on the following counsel of record, at the addresses and in the manner indicated:

**BY HAND DELIVERY**

Thomas C. Grimm, Esq.
Leslie A. Polizoti, Esq.
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
tgrimm@mnat.com
lpolizoti@mnat.com

Thomas L. Halkowski, Esq.
Fish & Richardson P.C.
919 N. Market Street
Suite 1100
P.O. Box 1114
Wilmington, DE  19899
halkowski@fr.com

William J. Wade, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE  19899
wade@rlf.com

**BY HAND DELIVERY**

Frederick L. Cottrell, III, Esq.
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE  19801
Cottrell@rlf.com

Richard L. Horwitz, Esq.
David E. Moore, Esq.
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE  19899
rhorwitz@potteranderson.com
dmoore@potteranderson.com

John W. Shaw, Esq.
Young, Conaway, Stargatt & Taylor LLP
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE  19899-0391
jshaw@ycst.com

Adam Wyatt Poff, Esq.
Young, Conaway, Stargatt & Taylor LLP
1000 West Street, 17th Floor
P.O. Box 3981
Wilmington, DE 19899-0391
apoff@ycst.com

Arthur G. Connolly, III, Esq.
Brian M. Gottesman, Esq.
Connolly Bove Lodge & Hutz LLP
The Nemours Building – 8th Floor
1007 N. Orange Street
P. O. Box 2207
Wilmington, DE 19899-2207
Ac3@cblh.com

Robert J. Katzenstein, Esq.
800 Delaware Avenue, 7th Fl.
P.O. Box 410
Wilmington, DE 19899
rkatzenstein@skfdelaware.com

William J. Marsden, Jr., Esq.
Fish & Richardson, P.C.
919 N. Market Street, Suite 1100
P. O. Box 1114
Wilmington, DE 19899-1114
marsden@fr.com

Paul A. Bradley, Esq.
McCarter & English, LLP
919 N. Market Street
Suite 1800
P.O. Box 111
Wilmington, DE 19899
pbradley@mccarter.com

Francis DiGiovanni, Esq.
James M. Olsen, Esq.
Connolly Bove Lodge & Hutz LLP
The Nemours Building – 8th Fl.
1007 N. Orange Street
Wilmington, DE 19899-2207
fdigiovanni@cblh.com

Amy Evans, Esq.
Cross & Simon, LLC
913 N. Market Street, Suite 1001
Wilmington, DE 19899-1380
aevans@crosslaw.com

Karen L. Pascale, Esq.
Young, Conaway, Stargatt & Taylor, LLP
The Brandywine Bldg., 17th Fl.
1000 West Street
Wilmington, DE 19801
kpascale@ycst.com

Monte Terrell Squire, Esq.
Young, Conaway, Stargatt & Taylor
The Brnadywine Building
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE 19899-0391
msquire@ycst.com

Steven J. Balick, Esq.
John G. Day, Esq.
Ashby & Geddes
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899
sbalick@ashby-geddes.com
jday@ashby-geddes.com

Matthew Neiderman, Esq.
Duane Morris LLP
1100 N. Market Street
Suite 1200
Wilmington, DE 19801
mneiderman@duanemorris.com

David J. Margules, Esq.
John M. Seaman, Esq.
Bouchard Margules & Friedlander, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
dmargules@bmf-law.com
jseaman@bmf-law.com

_Philip A. Rovner / mes_

Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899
(302) 984-6000
E-mail: provner@potteranderson.com

726238

# Exhibit 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

HONEYWELL INTERNATIONAL INC.; and )
HONEYWELL INTELLECTUAL PROPERTIES )
INC.; )
 )
            Plaintiffs, )
 )            Civil Action No. 04-1338***
        v. )            (Consolidated)
 )
APPLE COMPUTER, INC., *et al.*, )
 )
            Defendants. )

## DEFENDANT FUJIFILM CORPORATION'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFFS HONEYWELL INTERNATIONAL, INC. AND HONEYWELL INTELLECTUAL PROPERTIES INC.

Pursuant to Rules 26 and 34 of the Federal Rules of Procedure, Defendant FUJIFILM

Corporation ("Fuji") requests that Plaintiffs Honeywell International, Inc. and Honeywell

Intellectual Properties, Inc. (collectively "Honeywell") produce for inspection and copying each

of the documents and tangible items described below at the offices of Stroock & Stroock &

Lavan LLP, 180 Maiden Lane, New York, New York 10038-4982 or at such place as may be

mutually agreed on within the time specified by the Court.

## DOCUMENT REQUESTS

A.  Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these Requests for

Production of Documents and Things are deemed to be continuing and Plaintiffs Honeywell are

required to reasonably supplement these responses upon receipt or discovery of additional

information or documents pertinent to any of the propounded Requests.

B. The Definitions and Instructions that appear in the accompanying First Set of Interrogatories to Plaintiffs Honeywell are incorporated herein by reference as though fully set forth.

## INSTRUCTIONS

A. These requests shall apply to all documents and things in your possession, custody or control at the present time or coming into your possession, custody or control. If you know of the existence, past or present, of any document or thing requested below, but are unable to produce such document or thing because it is not presently in your possession, custody, or control, you shall so state and shall identify such document or thing, and the person who now has or lost his possession, custody or control of the document or thing.

B. All documents that respond, in whole or in part, to any request are to be produced in their entirety, without abbreviation or expurgation, including all attachments or other matters affixed thereto.

C. If no documents are responsive to a particular request, you are to state that no responsive documents exist.

D. All documents shall be produced either in order of Request or in the manner that they are kept in the usual course of business. Whenever a document or group of documents is removed from a file folder, binder, file drawer, file box, notebook, or other cover or container, a copy of the label or other means of identification of such cover or other container shall be attached to the document.

E. If any document requested has existed, but has been lost, destroyed, or is no longer within your possession, custody or control, identify those documents and describe the document,

2

its author(s), the recipients(s) or addressee(s), the subject matter and content. Further, if the document has been destroyed, state with particularity the date and circumstances surrounding the reasons for its destruction, and identify the last known custodian of the document and each person who has knowledge of the contents, loss or destruction of any such document.

F. In the event that any document identified in these Requests is subject to any claim of privilege (including work product), Plaintiffs shall furnish a list identifying each such document by:

(1) identifying the person who prepared or authored the document and, if applicable, the persons who sent the document and to whom the document was sent (including copies) and the dates on which the document was prepared and transmitted, identifying persons who prepared, sent and/or received the document as required in the accompanying Definitions;

(2) describing the nature of the document (e.g., letter, inter-office memorandum, telegram, notes, etc.) and, to the extent possible, the subject matter thereof;

(3) identifying any and all attachments or enclosures appurtenant to such documents;

(4) stating briefly the nature of the privilege asserted; and

(5) producing any non-privileged portions, attachments or enclosures to any such privileged document, and identifying the portion(s) of the document to which privilege is claimed.

G. If, subsequent to the date you produce documents responsive to these requests you discover or receive documents that are responsive to any request herein, promptly produce all

such additional documents to the full extent required by the Federal Rules of Civil Procedure and the Local Rules of the District Court.

H. Each document is to be produced along with all drafts and copies having annotations different from those on other copies, without abbreviation or redaction.

I. If Honeywell refuses to produce any documents by reason of a confidentiality agreement with a third party or a Government secrecy designation, so state and identify each such Agreement and Government classification order and produce a copy of the confidentiality agreement and/or order upon which Honeywell relies.

## REQUESTS FOR PRODUCTION

36. Documents which show the date, location and nature of participation by Honeywell of every air show at which a product consisting of or including an LCD module as described and claimed in the '371 patent was shown by Honeywell and/or another entity from 1986 to 1996.

37. Documents, including prototypes, samples and demonstrations, created for, presented, distributed and/or made available at any Farnborough International air show, held at the Farnborough Aerodrome between 1988-1992.

38. Documents, including prototypes, samples and demonstrations, created for, presented, distributed and/or made available at the Farnborough International air show, held at any Farnborough Aerodrome between 1988 and 1992 relating to the 757, 767, 767-X, and/or the 777 project.

39. Documents, including prototypes, samples and demonstrations, created for, presented, distributed and/or made available at the Farnborough International air show, held at the

4

Farnborough Aerodrome between 1988 and 1992 relating to the subject matter of the '371 patent.

40. Documents exchanged between Honeywell and any actual or potential licensee or potential purchaser of the '371 patent exchanged prior to initiation of the present suit.

41. Documents identifying or describing non-infringing alternative designs to the technology claimed in the '371 patent, received by Honeywell or provided to any present or former party to this lawsuit.

42. Documents communicating the presence of a non-infringing structure to any present or former defendant in this lawsuit.

43. Documents communicating to any present or former defendant in this lawsuit the presence of an LCD Module which Honeywell does not assert a claim of infringement under claim 3 of the '371 patent.

|  |  |
|---|---|
| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
| Lawrence Rosenthal<br>Matthew W. Siegal<br>Ian G. DiBernardo<br>Angie M. Hankins<br>Kevin C. Ecker<br>STROOCK & STROOCK & LAVAN LLP<br>180 Maiden Lane<br>New York, NY 10038-4982<br>(212) 806-5400 | By: _____<br>     Philip A. Rovner (#3215)<br>     Hercules Plaza<br>     P.O. Box 951<br>     Wilmington, DE 19899<br>     (302) 984-6000<br>     provner@potteranderson.com |
| Dated: October 30, 2007<br>828637 | *Attorneys for Defendants*<br>*FUJIFILM Corporation and FUJIFILM*<br>*U.S.A., Inc.* |

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, hereby certify that, on October 30, 2007, true and correct copies of the within document were served on the following counsel of record, at the addresses and in the manner indicated:

**BY HAND DELIVERY AND E-MAIL**

Thomas C. Grimm, Esq.
Benjamin J. Schladweiler, Esq.
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
tgrimm@mnat.com
lpolizoti@mnat.com

**BY E-MAIL**

Karen L. Pascale, Esq.
Young, Conaway, Stargatt & Taylor, LLP
The Brandywine Bldg., 17th Fl.
1000 West Street
Wilmington, DE 19801
kpascale@ycst.com

**BY E-MAIL**

Richard L. Horwitz, Esq.
David E. Moore, Esq.
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899
rhorwitz@potteranderson.com
dmoore@potteranderson.com

**BY E-MAIL**

David J. Margules, Esq.
John M. Seaman, Esq.
Bouchard Margules & Friedlander, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
dmargules@bmf-law.com
jseaman@bmf-law.com

_____
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899
(302) 984-6000
E-mail: provner@potteranderson.com

# Exhibit 3

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

HONEYWELL INTERNATIONAL INC.        )
and HONEYWELL INTELLECTUAL          )
PROPERTIES INC.,                    )
                                    )
            Plaintiffs,             )
                                    )
      v.                            )        C.A. No. 04-1338-KAJ
                                    )        (Consolidated)
                                    )
APPLE COMPUTER, INC., et al.,       )
                                    )
            Defendants.             )

## PLAINTIFFS' RESPONSES TO FUJI FILM CO.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

Plaintiffs Honeywell International Inc. ("Honeywell International") and Honeywell Intellectual Properties Inc. ("HIPI") (collectively, "Honeywell") hereby serve the following Objections and Responses to Fuji Film Co.'s ("Fuji") First Set of Requests for Production of Documents and Things.

## GENERAL OBJECTIONS

1.      Honeywell objects to each definition and instruction in Fuji's First Set of Requests for Production of Documents (Nos. 1-35) to the extent that it is inconsistent with or imposes an obligation beyond that required by the Federal Rules of Civil Procedure or any local rule of this Court.

2.      Honeywell objects to each Request to the extent that it is inconsistent with or imposes an obligation beyond that required by the Federal Rules of Civil Procedure or any local rule of this Court.

1

3.    Honeywell objects to each Request to the extent that it is unlimited in time or scope, overly broad, unduly burdensome, or not reasonably calculated to lead to discovery of admissible evidence.

4.    Honeywell objects to each Request to the extent that it seeks discovery of information or production of documents or things protected by the attorney-client privilege, work product immunity, or any other privilege or immunity.

5.    Honeywell objects to each Request to the extent that it seeks discovery of information or production of documents or things that are in the public domain and therefore of no greater burden for Fuji to obtain than Honeywell.

6.    Honeywell objects to each Request to the extent that it seeks unrestricted access to information or production of documents that are protected from disclosure under a confidentiality obligation imposed by contract, by order, or understanding binding on Honeywell.

7.    Honeywell objects to each Request to the extent it seeks documents not in its possession, custody or control.

8.    Honeywell objects to each Request to the extent that it seeks discovery of information or production of documents or things that are already in the possession of Fuji and therefore no greater burden for Fuji to obtain than Honeywell.

## RESPONSES TO REQUESTS
## FOR PRODUCTION OF DOCUMENTS AND THINGS

### REQUEST NO. 1:

All documents reviewed, consulted or referred to in any way by any person in preparing the answers to Fuji Photo Film Co., Ltd.'s First Set Of Interrogatories To Plaintiffs Honeywell International, Inc. and Honeywell Intellectual Properties Inc.

**RESPONSE:**

Subject to the general objections and to the extent not protected by the attorney-client and/or attorney work product privileges, Honeywell will produce all responsive, non-privileged documents that it is able to locate after a reasonable search.

**REQUEST NO. 2:**

All documents and things that you produce or make available for inspection to any party in the present litigation, Honeywell Intl. Inc., et al. v. Apple Computer, Inc., et al., C.A. No. 04-1338-KAJ (D. Del. 2004), Honeywell Intl. Inc., et al. v. Audiovox Communications Corp. et al., C.A. No. 04-1337-KAJ (D. Del. 2004), Honeywell Intl. Inc., et al. v. Citizen Watch Co. Ltd, et al., C.A. No. 05-874-KAJ (D. Del. 2005), and/or Optrex America, Inc. v. Honeywell Intl. Inc., et al., C.A. No. 04-1536-KAJ (D. Del. 2004), including all privilege logs.

**RESPONSE:**

Honeywell has no objections to fully responding to this Request, but the other Defendants may have objections to Honeywell producing documents that were provided based on Requests that relate to individual party-specific issues. Honeywell will provide all documents produced to any other party to the extent they relate to common issues among the Defendants. It is Honeywell's understanding that the Defendants have a joint defense agreement. If the Defendants choose to share documents produced on party-specific issues, the documents can be exchanged between the Defendants pursuant to that joint defense agreement.

**REQUEST NO. 3:**

All documents that you receive from Third Parties in connection with this litigation.

**RESPONSE:**

Honeywell objects to this Request as vague and ambiguous with respect to the term "Third Party." To the extent this Request calls for the production of documents produced by other Defendants in this litigation, Honeywell objects to this Request as overly broad and unduly burdensome. It is Honeywell's understanding that the Defendants have a joint defense

3

agreement and that this Request calls for documents that can be exchanged between the Defendants pursuant to that joint defense agreement.

Subject to the general and specific objections, Honeywell will produce all responsive, non-privileged documents produced by Third Parties to this litigation that it is able to locate after a reasonable search.

**REQUEST NO. 4:**

All Answers to Interrogatories propounded by any entity named in the above referenced cases.

**RESPONSE:**

It is Honeywell's understanding that the Defendants have a joint defense agreement and that this Request calls for documents that can be exchanged between the Defendants pursuant to that joint defense agreement. Honeywell therefore objects to this request as overly broad and unduly burdensome.

**REQUEST NO. 5:**

All documents relating to or concerning Honeywell's policy and/or practice of enforcing its patents.

**RESPONSE:**

Honeywell objects to this Request as overly broad, unduly burdensome, and duplicative of other Requests. Honeywell further objects to this Request to the extent that it calls for documents that are not likely to lead to the discovery of admissible evidence. Honeywell also objects to this Request to the extent it seeks information protected by the attorney-client and/or attorney work product privileges.

Subject to the general objections and to the extent not protected by the attorney-client and/or attorney work product privileges, Honeywell will produce all responsive, non-privileged

4

documents relating to the enforcement the '371 patent that it is able to locate after a reasonable search.

### REQUEST NO. 6:

The documents sufficient to determine the time between the issuance of any patent owned by Honeywell which Honeywell has licensed or made the subject of a suit and the initiation of an infringement suit involving that patent and/or the entry of a decision covering that patent.

### RESPONSE:

Honeywell objects to this Request as overly broad and unduly burdensome. Honeywell also objects to this Request to the extent it seeks information that is in the public domain and therefore of no greater burden for Fuji to obtain than Honeywell. Honeywell further objects to this Request to the extent that it calls for documents that are not likely to lead to the discovery of admissible evidence.

### REQUEST NO. 7:

All documents referring or relating to Honeywell's decision to initiate this lawsuit against Fuji and Fuji USA.

### RESPONSE:

Honeywell objects to this Request since it seeks production of documents and information that are protected from disclosure by the attorney-client privilege and/or work product doctrine.

### REQUEST NO. 8:

All documents that Honeywell contends, if it so contends, provided notice of the '371 patent to Fuji.

**RESPONSE:**

Subject to the general objections and to the extent not protected by the attorney-client and/or attorney work product privileges, Honeywell will produce all responsive, non-privileged documents that it is able to locate after a reasonable search.

**REQUEST NO. 9:**

All documents that Honeywell contends, if it so contends, provided an indication, warning or notice that Honeywell intended to assert the '371 patent against any entity or individual.

**RESPONSE:**

Subject to the general objections and to the extent not protected by the attorney-client and/or attorney work product privileges, Honeywell will produce all responsive, non-privileged documents that it is able to locate after a reasonable search.

**REQUEST NO. 10:**

All documents relating to Honeywell's first notice or knowledge that any Fuji digital still camera contained a liquid crystal display.

**RESPONSE:**

Honeywell objects to this Request as overly broad and unduly burdensome. Honeywell also objects to this Request to the extent it calls for documents not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the general and specific objections and to the extent not protected by the attorney-client and/or attorney work product privileges, Honeywell will produce all responsive, non-privileged documents relating to the '371 patent that it is able to locate after a reasonable search.

**REQUEST NO. 11:**

All documents relating to Honeywell's contentions, if it so contends, that any delay between the issuance of the '371 patent and the filing of the Complaints in CA No. 04-1357 and 04-1338 was reasonable and/or justified.

**RESPONSE:**

Honeywell objects to this Request to the extent that the Request suggests that any Response by Honeywell constitutes an admission that Honeywell "delayed" filing its Complaint. Honeywell expressly rejects any reading of this Request that suggests that the mere passage of time between the issuance of the '371 patent and the filing of the Complaints in CA No. 04-1357 and 04-1338 constitutes a "delay."

Subject to the general objections and to the extent not protected by the attorney-client and/or attorney work product privileges, Honeywell will produce all responsive, non-privileged documents that it is able to locate after a reasonable search.

**REQUEST NO. 12:**

All documents relating to Honeywell's knowledge and/or analysis of the alleged infringement of the '371 patent by Fuji.

**RESPONSE:**

Subject to the general objections and to the extent not protected by the attorney-client and/or attorney work product privileges, Honeywell will produce all responsive, non-privileged documents that it is able to locate after a reasonable search.

**REQUEST NO. 13:**

All documents supporting, evidencing, contradicting, and/or relating to Honeywell's claim that Fuji's alleged infringement of the '371 patent was willful.

**RESPONSE:**

Subject to the general objections and to the extent not protected by the attorney-client and/or attorney work product privileges, Honeywell will produce all responsive, non-privileged documents that it is able to locate after a reasonable search.

**REQUEST NO. 14:**

All documents that support, rebut, refer or relate to Honeywell's contention that Fuji infringes, willfully infringes, contributes to the infringement of, or induces infringement, of any claim of the '371 patent.

**RESPONSE:**

Subject to the general objections and to the extent not protected by the attorney-client and/or attorney work product privileges, Honeywell will produce all responsive, non-privileged documents that it is able to locate after a reasonable search.

**REQUEST NO. 15:**

All documents which support, rebut or concern Honeywell's claims for damages including documents sufficient to identify the methods by which Honeywell hopes to calculate damages and the amount of damages Honeywell is seeking from Fuji.

**RESPONSE:**

Honeywell objects to this request as premature in that it calls for information which will be the subject of expert testimony. To the extent not protected by the attorney-client and/or attorney work product privileges, Honeywell will produce all responsive documents in its possession, custody or control, in accordance with the deadlines for expert testimony provided in the Court's Scheduling Order.

**REQUEST NO. 16:**

All documents which support, rebut or concern Honeywell's claims that this case is "exceptional" pursuant to 35 U.S.C. §285.

8

**RESPONSE:**

Subject to the general objections and to the extent not protected by the attorney-client and/or attorney work product privileges, Honeywell will produce all responsive, non-privileged documents that it is able to locate after a reasonable search.

**REQUEST NO. 17:**

All documents which support, rebut or concern Honeywell's claims that Honeywell is entitled to an injunction against Fuji.

**RESPONSE:**

Subject to the general objections and to the extent not protected by the attorney-client and/or attorney work product privileges, Honeywell will produce all responsive, non-privileged documents that it is able to locate after a reasonable search.

**REQUEST NO. 18:**

All documents produced by any party to the litigation which identifies [*sic*] Fuji as a supplier of LCD modules to entities other than its subsidiaries or in connection with a repair program of digital still cameras made or sold by or on behalf of Fuji.

**RESPONSE:**

It is Honeywell's understanding that the Defendants have a joint defense agreement. Honeywell therefore objects to this request as burdensome to the extent this Request seeks documents are already available to or in the possession of Fuji. If the Defendants choose to share documents produced to Honeywell, the documents can be exchanged between the Defendants pursuant to that joint defense agreement.

**REQUEST NO. 19:**

All documents that refer or relate to ownership of the '371 patent including but not limited to any assignments of the rights to the '371 patent.

**RESPONSE:**

Subject to the general objections and to the extent not protected by the attorney-client and/or attorney work product privileges, Honeywell will produce all responsive, non-privileged documents that it is able to locate after a reasonable search.

**REQUEST NO. 20:**

All documents that refer, relate to or constitute licenses granted to practice the '371 patent.

**RESPONSE:**

Honeywell will produce all agreements licensing the '371 patent to any third party, subject to resolving any concerns such third parties may have regarding confidentiality. Honeywell has granted rights under the '371 patent to eleven entities. Most of the license agreements have a confidentiality clause which prohibits disclosure to third parties. Honeywell will produce any license agreement that does not contain a confidentiality clause. As to those agreements which contain such a clause, Honeywell has undertaken contacting the licensees to seek their consent to production and will produce the agreement when consent is obtained.

While Honeywell maintains its objections that any documents regarding negotiations leading up to such license agreements are not reasonably calculated to lead to the discovery of admissible evidence, and further its objection that such documents are protected from production under Rule 408 of the Federal Rules of Evidence, Honeywell will produce communications exchanged between Honeywell and the licensees during negotiations leading to a decision by the licensee to take a license under the '371 patent.

Pursuant to Federal Rule of Evidence 408, Honeywell objects to the production of any documents relating to pending negotiations with any entity concerning the '371 patent. Information concerning pending negotiations, as opposed to a completed license agreement, is

not likely to lead to the discovery of admissible evidence. Honeywell does agree, however, to produce any prior art references that are disclosed during any pending negotiations. Honeywell will supplement its production to produce any licenses and/or documents with any entity if and when a license agreement is reached which relates to the '371 patent.

**REQUEST NO. 21:**

All documents that refer or relate to Honeywell's dealings with Japan Aviation Electronics Ltd. ("JAE") from 1986 to date to the extent they relate to the general relationship between the entities and/or products which include or consist of LCD modules or components thereof.

**RESPONSE:**

Honeywell objects to this Request as overly broad and unduly burdensome. Honeywell further objects to this Request since it is not likely to lead to the discovery of admissible evidence. Subject to its general and specific objections, and to the extent not protected by the attorney-client and/or attorney work product privileges, Honeywell will produce all responsive, non-privileged documents that it is able to locate after a reasonable search that relate to the invention disclosed and/or claimed in the '371 patent.

**REQUEST NO. 22:**

All documents exchanged between JAE and Honeywell referring or to relating to any LCD module or part thereof which would be covered by a claim of the '371 patent if such LCD module were made, sold or offered for sale in the United States after the issuance of the '371 patent.

**RESPONSE:**

Subject to the general objections and to the extent not protected by the attorney-client and/or attorney work product privileges, Honeywell will produce all responsive, non-privileged documents that it is able to locate after a reasonable search.

11

**REQUEST NO. 23:**

The drawing furnished by or on behalf of a Named Inventor and/or Honeywell to JAE in 1990 which Honeywell claims constituted a reduction to practice of the alleged inventions of the '371 patent and all documents referring or relating to such drawing.

**RESPONSE:**

Subject to the general objections and to the extent not protected by the attorney-client and/or attorney work product privileges, Honeywell will produce all responsive, non-privileged documents that it is able to locate after a reasonable search.

**REQUEST NO. 24:**

Documents which show the structure of all LCD modules or components thereof developed in whole or in part and/or sold or offered for sale by JAE or to for [sic] Honeywell, developed in whole or in part and/or offered for sale by Honeywell for or to JAE and/or developed and/or sold or offered for sale jointly by Honeywell and JAE, and which shows the date of creation and/or transfer of a copy of each such document.

**RESPONSE:**

Honeywell objects to this Request as overly broad and unduly burdensome. Honeywell further objects to this Request since it is not likely to lead to the discovery of admissible evidence. Honeywell also objects to this request as confusing with respect to the phrase "offered for sale by JAE or to for Honeywell." For the purposes of responding to this request, Honeywell will interpret this phrase as stating: "offered for sale by JAE for or to Honeywell."

Subject to its general and specific objections, and to the extent not protected by the attorney-client and/or attorney work product privileges, Honeywell will produce all responsive, non-privileged documents that it is able to locate after a reasonable search that relate to the invention disclosed and/or claimed in the '371 patent.

12

**REQUEST NO. 25:**

Documents which show the structure of all LCD modules or components thereof developed in whole or in part and/or sold or offered for sale by Hosiden Corporation of Japan ("Hosiden") for Honeywell, developed in whole or in part and/or offered for sale by Honeywell for Hosiden and/or developed jointly and/or sold or offered for sale by Honeywell and Hosiden, and which shows the date of creation and/or transfer of a copy of each such document.

**RESPONSE:**

Honeywell objects to this Request as overly broad and unduly burdensome. Honeywell further objects to this Request since it is not likely to lead to the discovery of admissible evidence. Subject to its general and specific objections, and to the extent not protected by the attorney-client and/or attorney work product privileges, Honeywell will produce all responsive, non-privileged documents that it is able to locate after a reasonable search that relate to the invention disclosed and/or claimed in the '371 patent.

**REQUEST NO. 26:**

Documents which show the structure of all LCD modules or components thereof which, from 1986 to 1996, were developed in whole or in part and/or sold or offered for sale by OIS Optical Imaging Systems ("OIS") for Honeywell, developed in whole or in part and/or offered for sale by Honeywell for OIS, and/or developed jointly by Honeywell and OIS, and which show the dates of creation and/or transfer of a copy of each such document.

**RESPONSE:**

Honeywell objects to this Request as overly broad and unduly burdensome. Honeywell further objects to this Request since it is not likely to lead to the discovery of admissible evidence. Subject to its general and specific objections, and to the extent not protected by the attorney-client and/or attorney work product privileges, Honeywell will produce all responsive, non-privileged documents that it is able to locate after a reasonable search that relate to the invention disclosed and/or claimed in the '371 patent.

**REQUEST NO. 27:**

Documents which show the structure of all LCD modules or components thereof, lens arrays and/or diffusers from 1986 to 1996, which were developed in whole or in part by Minnesota Mining and Manufacturing Company ("3M") for Honeywell and/or sold to Honeywell by 3M, developed in whole or in part and/or sold or offered for sale by Honeywell to 3M, and/or developed jointly by Honeywell and 3M and which show the dates of creation and/or transfer of a copy of each such document.

**RESPONSE:**

Honeywell objects to this Request as overly broad and unduly burdensome. Honeywell further objects to this Request since it is not likely to lead to the discovery of admissible evidence. Subject to its general and specific objections, and to the extent not protected by the attorney-client and/or attorney work product privileges, Honeywell will produce all responsive, non-privileged documents that it is able to locate after a reasonable search that relate to the invention disclosed and/or claimed in the '371 patent.

**REQUEST NO. 28:**

Documents which show the structure of all LCD modules or components thereof which, from 1986 to 1996, were developed in whole or in part and/or sold or offered for sale by Compaq Computer Company ("Compaq") for Honeywell, developed in whole or in part and/or sold or offered for sale by Honeywell for Compaq and/or developed jointly by Honeywell and Compaq, and which shows the dates of creation and/or transfer of a copy of each such document.

**RESPONSE:**

Honeywell objects to this Request as overly broad and unduly burdensome. Honeywell further objects to this Request since it is not likely to lead to the discovery of admissible evidence. Subject to its general and specific objections, and to the extent not protected by the attorney-client and/or attorney work product privileges, Honeywell will produce all responsive, non-privileged documents that it is able to locate after a reasonable search that relate to the invention disclosed and/or claimed in the '371 patent.

14

**REQUEST NO. 29:**

Documents which show the structure of all LCD modules or components thereof which, from 1986 to 1996, were developed in whole or in part and/or sold or offered for sale by Bendix Corporation ("Bendix") for Honeywell, Allied Signal, Allied Corporation and/or Allied-Signal (collectively referred to as "Honeywell" for this Document Request), developed in whole or in part and/or sold or offered for sale by Honeywell for Bendix and/or developed jointly by Honeywell and Bendix, and which shows the dates of creation and/or transfer of a copy of each such document.

**RESPONSE:**

Honeywell objects to this Request as overly broad and unduly burdensome. Honeywell further objects to this Request since it is not likely to lead to the discovery of admissible evidence. Subject to its general and specific objections, and to the extent not protected by the attorney-client and/or attorney work product privileges, Honeywell will produce all responsive, non-privileged documents that it is able to locate after a reasonable search that relate to the invention disclosed and/or claimed in the '371 patent.

**REQUEST NO. 30:**

Documents which show the structure of all LCD modules developed (in whole or in part), sold and/or offered for sale by, in behalf of, or with Honeywell in connection with bids, proposals, contracts and/or sub-contracts relating to each of the following projects:

    a.    TCAS;

    b.    cockpit displays for the F-16 aircraft;

    c.    cockpit displays for the F-22 aircraft;

    d.    cockpit displays for the C-130 aircraft;

    e.    cockpit displays for the Boeing 777 aircraft

**RESPONSE:**

Honeywell objects to this Request as overly broad and unduly burdensome. Honeywell further objects to this Request since it is not likely to lead to the discovery of admissible evidence. Subject to its general and specific objections, and to the extent not protected by the

15

attorney-client and/or attorney work product privileges, Honeywell will produce all responsive, non-privileged documents that it is able to locate after a reasonable search that relate to the invention disclosed and/or claimed in the '371 patent.

## REQUEST NO. 31:

Documents which show the structure of all LCD modules developed (in whole or in part), sold and/or offered for sale by, in behalf of or with Honeywell in connection with a cockpit display and not produced in response to a foregoing document request.

## RESPONSE:

Honeywell objects to this Request as overly broad and unduly burdensome. Honeywell further objects to this Request since it is not likely to lead to the discovery of admissible evidence. Subject to its general and specific objections, and to the extent not protected by the attorney-client and/or attorney work product privileges, Honeywell will produce all responsive, non-privileged documents that it is able to locate after a reasonable search that relate to the invention disclosed and/or claimed in the '371 patent.

## REQUEST NO. 32:

Documents which show the date, location and nature of participation by Honeywell of every air show at which a product consisting of or including an LCD module was shown by Honeywell and/or another entity from 1986 to 1996.

## RESPONSE:

Honeywell objects to this Request as overly broad and unduly burdensome. Honeywell further objects to this Request since it is not likely to lead to the discovery of admissible evidence. Subject to its general and specific objections, and to the extent not protected by the attorney-client and/or attorney work product privileges, Honeywell will produce all responsive, non-privileged documents that it is able to locate after a reasonable search that relate to the invention disclosed and/or claimed in the '371 patent.

16

**REQUEST NO. 33:**

All documents referring or relating to any experiments developmental [*sic*] or supply efforts and/or projects of Honeywell relating to projection televisions or components thereof started prior to January 1994.

**RESPONSE:**

Honeywell objects to this request on the grounds that this Request is unintelligible with respect to the phrase "relating to any experiments developmental or supply efforts." To the extent this request is understood, Honeywell objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to discovery of admissible evidence. Moreover, Honeywell objects on the basis that this request is not limited to documents which refer or relate to the invention disclosed and/or claimed in the '371 patent.

Subject to its general and specific objections, and to the extent not protected by the attorney-client and/or attorney work product privileges, Honeywell will produce all responsive, non-privileged documents that it is able to locate after a reasonable search that relate to the invention disclosed and/or claimed in the '371 patent.

**REQUEST NO. 34:**

All documents referring or relating to any experiments and/or projects of Honeywell relating to moiré interference started prior to January 1994.

**RESPONSE:**

Honeywell objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to discovery of admissible evidence in that it is not limited to documents which refer or relate to the invention disclosed and/or claimed in the '371 patent. Subject to these objections and to the General Objections, and to the extent not protected by the attorney-client and/or attorney work product privileges, Honeywell will produce responsive,

nonprivileged documents concerning the invention disclosed and/or claimed in the '371 patent

that it is able to locate after a reasonable search.

## REQUEST NO. 35:

All documents which describe, support or contradict the continuous diligence on the part of the named inventors and any prosecuting attorneys to obtain patent protection for the subject matter of the '371 patent from the claimed date of reduction to practice of the alleged inventions of the '371 patent and until the filing of the application of the '371 patent.

## RESPONSE:

Subject to the General Objections, and to the extent not protected by the attorney-client and/or attorney work product privileges, Honeywell will produce all responsive, non-privileged documents that it is able to locate after a reasonable search.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_____
Thomas C. Grimm (#1098)
Leslie A. Polizoti (#4299)
Maria Granovsky (#4709)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
tgrimm@mnat.com
lpolizoti@mnat.com
mgranovsky@mnat.com
*Attorneys for Honeywell International Inc.
and Honeywell Intellectual Properties Inc.*

OF COUNSEL:

Martin R. Lueck
Matthew L. Woods
Stacie E. Oberts
Michael D. Okerlund
Denise S. Rahne
Peter N. Surdo
Marta M. Chou
ROBINS, KAPLAN, MILLER
  & CIRESI L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN  55402-2015
(612) 349-8500

18

Anthony A. Froio
Marc N. Henschke
Alan E. McKenna
Jeremy C. McDiarmid
ROBINS, KAPLAN, MILLER
  & CIRESI L.L.P.
111 Huntington Avenue, Suite 1300
Boston, MA  02199
(617) 267-2300

August 28, 2006

534602

Robert J. Katzenstein
Robert Karl Beste, III
SMITH, KATZENSTEIN
    & FURLOW LLP
800 Delaware Avenue, 7th Floor
P.O. Box 410
Wilmington, DE 19899

*Attorneys for Seiko Epson Corporation*

William J. Marsden, Jr.
Raymond N. Scott, Jr.
FISH & RICHARDSON, P.C.
919 North Market Street, Suite 1100
Wilmington DE 19899-1114

*Attorney for International Display Technology
and International Display Technology USA, Inc.*

Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899

*Attorneys for BOE Hydis Technology Co.,
Ltd., Hitachi Displays, Ltd., Toppoly
Optoelectronics Corp., Koninklijke Philips
Electronics N.V., Philips Electronics North
America Corp., Wintek Corp., Wintek
Electro-Optics Corporation, Samsung SDI
America, Inc. and Samsung SDI Co., Ltd.*

I also certify that on August 28, 2006, I caused to be served true and correct copies of the

foregoing on the following by e-mail:

Robert C. Scheinfeld
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, NY 10112

*Attorneys for Hitachi Displays, Ltd.*

Richard D. Kelly
Andrew M. Ollis
OBLON, SPIVAK, McCLELLAND,
    MAIER & NEUSTADT, P.C.
1940 Duke Street
Alexandria, VA 22314

*Attorneys for Optrex America, Inc.*

Elizabeth A. Niemeyer
FINNEGAN, HENDERSON,
  FARABOW, GARRETT
  & DUNNER, L.L.P.
901 New York Avenue, NW
Washington, DC 20001

York M. Faulkner
FINNEGAN, HENDERSON,
  FARABOW, GARRETT
  & DUNNER, L.L.P.
11955 Freedom Drive
Reston, VA 20190

*Attorneys for Toppoly Optoelectronics,
Wintek Corp. and Wintek Electro-Optics*

*Corporation*

John T. Johnson
FISH & RICHARDSON P.C.
Citigroup Center - 52nd Floor
153 East 53rd Street
New York, NY 10022-4611

*Attorneys for Casio Computer Co., Ltd.*

John Flock
KENYON & KENYON
One Broadway
New York, NY 10004-1050

*Attorneys for Sony Corporation, Sony
Corporation of America, and ST Liquid
Crystal Display Corporation*

Stephen S. Korniczky
PAUL, HASTINGS, JANOFSKY
  & WALKER LLP
3579 Valley Centre Drive
San Diego, CA 92130

Hamilton Loeb
PAUL, HASTINGS, JANOFSKY
  & WALKER LLP
875 15th Street, N.W.
Washington, DC 20005

*Attorneys for Samsung SDI Co., Ltd.
and Samsung SDI America, Inc.*

Alan M. Grimaldi
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004-2401

*Attorneys for Koninklijke Philips Electronics*

*N.V., and Philips Electronics North America
Corporation*

Kevin M. O'Brien
BAKER & McKENZIE LLP
815 Connecticut Avenue, N.W.
Washington, DC 20006

*Attorneys for BOE Hydis Technology Co., Ltd.*

Robert L. Hails, Jr.
KENYON & KENYON
1500 K Street, N.W.
Washington, DC 20005-1257

*Attorneys for Sony Corporation, Sony Corporation of America, and ST Liquid Crystal Display Corporation*

David J. Lender
Steven J. Rizzi
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153

*Attorneys for Matsushita Electrical Industrial*

*Co. and Matsushita Electrical Corporation of*

*America*

Stuart Lubitz
HOGAN & HARTSON LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067

*Attorneys for Seiko Epson Corporation, Citizen*

*Watch Co., Ltd. and Citizen Displays Co., Ltd.*

Peter J. Wied
PAUL, HASTINGS, JANOFSKY
   & WALKER, LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071

*Attorney for Quanta Display Inc.*

Lawrence Rosenthal
Matthew W. Siegal
STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY 10038-4982

*Attorneys for Fuji Photo Film Co., Ltd. and Fuji Photo Film U.S.A., Inc.*

Dan C. Hu
TROP PRUNER & HU, P.C.
1616 South Voss Road
Suite 750
Houston, TX 77057-2631

*Attorney for Arima Display Corporation*

Maria Ganovsky (#4709)

# Exhibit 4

# STROOCK

Via Email

September 17, 2007

Kevin C. Ecker
Direct Dial 212-806-6471
Direct Fax 212-806-7171
kecker@stroock.com

Stacie E. Oberts, Esq.
Robins Kaplan Miller & Ciresi
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402

Re:    Honeywell Int'l Inc. et al. V. Apple Computer Inc. et al.
       USDC/DDE Case No. 04-1338-MPT* (Consolidated)
       Your File No. 019896-0229
       Our Client/Matter No. 208801/0921
       Request for Missing Honeywell Production

Dear Stacie:

It has come to my attention that we are missing documents bearing Production Nos. HW 025472 through HW 026230. After spending time researching this issue, I am aware that these documents were produced to Optrex on July 26, 2007. Please explain why these documents were not produced to Fuji and the other defendants and identify all other Honeywell documents that were not produced to Fuji.

As you are aware, Fuji's Document Request No. 2 requested all documents and things that Honeywell produces or makes available for inspection to any party in the present litigation. This included transcripts taken of other defendants including the exhibits provided to the defendants. Honeywell responded to this document request that it has "no objections to fully responding" to this request.    Furthermore, Honeywell represented that it will also provide documents that relate to common issue among the defendants.    Honeywell's "understanding" of any joint defense agreement is not a proper objection to withhold production of documents responsive to Fuji's Document Request No. 2. Honeywell is in the best position to determine if and when it chooses to produce documents to any party. It is not Fuji's obligation to continuously poll the defendants (present, past and stayed) to determine if additional documents are produced

STROOCK & STROOCK & LAVAN LLP · NEW YORK · LOS ANGELES · MIAMI
180 MAIDEN LANE, NEW YORK, NY 10038-4982 TEL 212.806.5400 FAX 212.806.6006 WWW.STROOCK.COM

Stacy Oberts, Esq.
September 17, 2007
Page 2

by Honeywell, rather it is Honeywell's obligation to comply with the request for production of documents by Fuji.

Fuji also requested production of all documents Honeywell received from current and past defendants. This includes transcripts taken of other defendants including the exhibits. Document Request No. 3 requests this information. It is apparent that Honeywell intends to rely on such documents and testimony in its response to an interrogatory concerning secondary considerations and can not pick and choose which of such testimony and documents it will rely upon without providing the materials to all of the active defendants. The Protective Order provides for the production of documents on an Outside Counsel's Eyes Only basis so there is no harm in the production of the past and present defendant's materials to the active defendants. (See Protective Order paragraph 4.3). For the same reasons with respect to Document Request No. 2, Honeywell's reference to any joint defense agreement is not a valid objection.

Furthermore, Fuji's Document Request No. 4 requested all answers to interrogatories propounded by any entity named presently or in the past in the above-referenced litigation. Honeywell's response again referenced a joint defense agreement and objected to the request as overly broaden and unduly burdensome. It appears that Honeywell has produced its answers to interrogatories propounded by other entities named currently and in the past in the present litigation. If this understanding is incorrect, please let me know immediately and produce all answers to interrogatories propounded by any other entity named in the above-referenced litigation.

I look forward to receipt of the missing documents, deposition transcripts and exhibits and other defendants production as soon as possible. If you have any questions, please do not hesitate to contact me.

Best regards,

Kevin C. Ecker

cc:  Lawrence Rosenthal, Esq.
     Ian G. DiBernardo, Esq.
     Andrew M. Ollis, Esq.
     Elizabeth L. Brann, Esq.

SSL-DOCS1 1843618v1