# Exhibit 5

# ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

2800 LaSalle Plaza
800 LaSalle Avenue
MINNEAPOLIS, MN 55402-2015
TEL: 612-349-8500 FAX: 612-339-418
www.rkmc.com

ATTORNEYS AT LAW

**FROM:** Stacie E. Oberts

The information contained in this facsimile message is privileged and confidential information intended for the use of the addressee listed below and no one else. If you are not the intended recipient or the employee or agent responsible to deliver this message to the intended recipient, please do not use this transmission in any way, but contact the sender by telephone.

**DATE:**  September 24, 2007

**TO:**  **NAME:**  Kevin C. Ecker

**FACSIMILE NO.:** 212-806-6006

**TELEPHONE NO.:** 212-806-5400

**FILE NO.:**  019896-0229

**NUMBER OF PAGES INCLUDING COVER SHEET:**  3

If transmission problems occur, or you are not the intended recipient, please call 612-349-8730 or contact Jeanne Westerlund at 612-349-8227.

**MESSAGE:**

Original not mailed.

# ROBINS. KAPLAN. MILLER & CIRESI LLP

2800 LASALLE PLAZA
800 LASALLE AVENUE
MINNEAPOLIS, MN 55402-2015
TEL: 612-349-8500 FAX: 612-339-4
www.rkmc.com

ATTORNEYS AT LAW

STACIE E. OBERTS
612-349-8235
SEOberts@rkmc.com

September 24, 2007

Kevin C. Ecker, Esq.                                          **VIA FACSIMILE**
Stroock, Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038

Re:     *Honeywell International Inc., et al. v. Apple Communications Corp., et al.*
        Court File No. C.A. 04-1338 (KAJ) (consolidated)
        Our File No.: 019896.0229

Dear Kevin:

I write in response to your letter of September 17 regarding documents that are missing in the production that was provided to Fuji. The documents that Fuji did not receive relate to an issue that only concerns Optrex. Given that this production was not an issue that was common among the defendants, Honeywell does not believe it is appropriate to produce the documents to the other defendants. However, if Optrex is inclined to share these documents with the other defendants, Honeywell has no objection. This is in complete accordance with Honeywell's response to Fuji's Document Request No. 2.

While you complain that Honeywell's "understanding" of the joint defense agreement is not an appropriate objection, I note that the defendants have refused to provide that agreement to Honeywell. Since the defendants repeatedly informed Judge Jordan that they were coordinating their defense in this action, it is entirely appropriate for Honeywell to assume that the defendants are sharing their respective information. To the extent that Fuji wishes to receive the information from the other defendants, I suggest that you raise this with the remaining defendants.

To the extent you have requested the documents that have been produced by those defendants that have settled this matter, Honeywell has, as is required under the Protective Order, destroyed those documents. To the extent there was deposition testimony of any of the defendants that have settled, Honeywell has requested that those defendants inform Honeywell whether or not they object to the production of those deposition transcripts. Honeywell has asked those defendants to let us know whether they will object no later than October 1. If those

ATLANTA     BOSTON     LOS ANGELES     MINNEAPOLIS     NAPLES     SAINT PAUL

MP3 20242235.1

Kevin C. Ecker, Esq.
September 24, 2007
Page 2

entities do not object, Honeywell will produce that information as Highly Confidential, Outside Attorneys Eyes Only.

Finally, it is my understanding that all of the answers to interrogatories have been served on all parties in this matter. As such there is no basis to force Honeywell to reproduce materials that are already in Fuji's possession.

Very truly yours,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

Stacie E. Oberts

SEO:jw

cc: Elizabeth L. Brann, Esq. (via facsimile)
Andrew M. Ollis, Esq. (via facsimile)

MP3 20242235.1

# Exhibit 6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| HONEYWELL INTERNATIONAL INC. and HONEYWELL INTELLECTUAL PROPERTIES INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 04-1338-*** (Consolidated) |
| APPLE COMPUTER, INC., et al., | ) ) ) | |
| Defendants. | ) | |

**PLAINTIFFS' OBJECTIONS AND RESPONSES TO
DEFENDANT FUJIFILM CORPORATION'S SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS**

Plaintiffs Honeywell International Inc. and Honeywell Intellectual Properties Inc. (collectively, "Honeywell" or "Plaintiff") hereby serve the following Objections and Responses to Defendant Fujifilm Corporation's ("Fuji") Second Set of Requests for Production of Documents and Things.

## OBJECTIONS

1.      Honeywell objects to each definition in Fuji's requests to the extent that it is inconsistent with or imposes an obligation beyond that required by the Federal Rules of Civil Procedure or any local rule for this Court.

2.      Honeywell objects to each request to the extent that it is inconsistent with or imposes an obligation beyond that required by the Federal Rules of Civil Procedure or any local rule for this Court.

3.      Honeywell objects to each request to the extent that it is unlimited in time or scope, overly broad, unduly burdensome or not reasonably calculated to lead to the discovery of admissible evidence.

4.    Honeywell objects to each request to the extent that it seeks discovery of information or production of documents or things protected by the attorney-client privilege, work product immunity or any other privilege or immunity.

5.    Honeywell objects to each request to the extent that it seeks discovery of information or production of documents or things that are in the public domain and therefore of no greater burden for Fuji to obtain than Honeywell.

6.    Honeywell objects to each request to the extent that it seeks unrestricted access to information or production of documents that are protected from disclosure under a confidentiality obligation imposed by contract, by order or by understanding binding on Honeywell.

7.    Honeywell objects to each request to the extent it seeks discovery of information or production of documents or things not in its possession, custody or control.

8.    Honeywell objects to each request to the extent that it seeks discovery of information or production of documents or things that are already in the possession of Fuji and therefore no greater burden for Fuji to obtain than Honeywell.

## RESPONSES

**REQUEST NO. 36:**

Documents which show the date, location and nature of participation by Honeywell of every air show at which a product consisting of or including an LCD module as described and claimed in the '371 patent was shown by Honeywell and/or another entity from 1986 to 1996.

**RESPONSE:**

Honeywell objects to this request as unintelligible with regard to use of the phrase "participation by Honeywell of every air show." Honeywell objects to this request to the degree it seeks information that is in the possession, custody, and control of others and not Honeywell.

- 2 -

Honeywell objects to this request as duplicative of previous requests that sought documents related to the development of the invention described and claimed in the '371 patent. In response to previous requests, subject to the General Objections and to the extent not protected by the attorney-client and/or attorney work product privileges, Honeywell produced all responsive, non-privileged documents that it was able to locate after a reasonable search related to the Boeing 777 project. If documents responsive to this request were in Honeywell's possession, custody, or control, such documents would already have been produced.

**REQUEST NO. 37:**

Documents, including prototypes, samples and demonstrations, created for, presented, distributed and/or made available at any Farnborough International air show, held at the Farnborough Aerodrome between 1988-1992.

**RESPONSE:**

Honeywell objects to this Request as overly broad and unduly burdensome. Honeywell further objects to this Request as not likely to lead to the discovery of admissible evidence because it is not limited to the invention described and claimed in the '371 patent. The invention described and claimed in the '371 patent was developed in conjunction with the Boeing 777 project. Subject to these Specific Objections, Honeywell states that in response to previous requests, subject to the General Objections and to the extent not protected by the attorney-client and/or attorney work product privileges, Honeywell produced all responsive, non-privileged documents that it was able to locate after a reasonable search related to the Boeing 777 project. If documents responsive to this request were in Honeywell's possession, custody, or control, such documents would already have been produced.

- 3 -

**REQUEST NO. 38:**

Documents, including prototypes, samples and demonstrations, created for, presented, distributed and/or made available at the Farnborough International air show, held at any Farnborough Aerodrome between 1988 and 1992 relating to the 757, 767, 767-X, and/or the 777 project.

**RESPONSE:**

In response to this request, Honeywell incorporates its response to Request No. 37.

**REQUEST NO. 39:**

Documents, including prototypes, samples and demonstrations, created for, presented, distributed and/or made available at the Farnborough International air show, held at any Farnborough Aerodrome between 1988 and 1992 relating to the subject matter of the '371 patent.

**RESPONSE:**

Honeywell objects to this Request as vague and ambiguous. Subject to this

Specific Objection, Honeywell states that in response to previous requests, subject to the General

Objections and to the extent not protected by the attorney-client and/or attorney work product

privileges, Honeywell produced all responsive, non-privileged documents that it was able to

locate after a reasonable search related to the Boeing 777 project. Honeywell further states that

it believes that no documents responsive to this request exist.

**REQUEST NO. 40:**

Documents exchanged between Honeywell and any actual or potential licensee or potential purchaser of the '371 patent exchanged prior to the initiation of the present suit.

**RESPONSE:**

Honeywell objects to this request as overly broad and unduly burdensome.

Honeywell further objects to this request to the extent it calls for information and documents

- 4 -

protected by the attorney-client privilege and/or work product doctrine. Further, Honeywell objects to this request to the extent it seeks unrestricted access to information or documents protected from disclosure under confidentiality obligations imposed by contract, by order, or by understanding binding upon Honeywell.

Subject to and without waiving Honeywell's General and Specific Objections, Honeywell states that it has granted rights under the '371 patent to twenty entities. Most of the license agreements have a confidentiality clause which prohibits disclosure to third parties. Honeywell has produced negotiation-related documents related to the agreements licensing the '371 patent to third parties, subject to resolving any concerns such third parties may have had regarding confidentiality. Should additional licenses be entered into, Honeywell will produce negotiation-related documents related to the agreements licensing the '371 patent to third parties, subject to resolving any concerns such third parties may have regarding confidentiality.

## REQUEST NO. 41:

Documents identifying or describing non-infringing alternative designs to the technology claimed in the '371 patent, received by Honeywell or provided to any present or former party to this lawsuit.

## RESPONSE:

Honeywell objects to this request as overly broad and unduly burdensome. Honeywell further objects to this request to the extent it calls for information and documents protected by the attorney-client privilege and/or work product doctrine. Further, Honeywell objects to this request to the extent it seeks information that is not in Honeywell's possession or control. Honeywell also objects to this request to the extent it seeks unrestricted access to information or documents protected from disclosure under confidentiality obligations imposed by contract, by order, or understanding binding upon Honeywell.

- 5 -

Subject to and without waiving Honeywell's General and Specific Objections, Honeywell states that it has granted rights under the '371 patent to twenty entities. Most of the license agreements have a confidentiality clause which prohibits disclosure to third parties. Honeywell has produced negotiation-related documents related to the agreements licensing the '371 patent to third parties, subject to resolving any concerns such third parties may have had regarding confidentiality. Any such designs would have been provided in the context of those negotiations. Should additional licenses be entered into, Honeywell will produce negotiation-related documents related to the agreements licensing the '371 patent to third parties, subject to resolving any concerns such third parties may have regarding confidentiality.

**REQUEST NO. 42:**

Documents communicating the presence of a non-infringing structure to any present or former defendant in this lawsuit.

**RESPONSE:**

Honeywell specifically objects to this request as not calculated to lead to the discovery of admissible evidence in that it is not directed at the subject matter of the present lawsuit. In further response to this request, subject to this Specific Objection, Honeywell incorporates its response to Request No. 41.

**REQUEST NO. 43:**

Documents communicating to any present or former defendant in this lawsuit the presence of an LCD Module which Honeywell does not assert a claim of infringement under claim 3 of the '371 patent.

**RESPONSE:**

In response to this request, Honeywell incorporates its response to Request No. 41.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*OF COUNSEL:*

Martin R. Lueck
Matthew L. Woods
Stacie E. Oberts
Denise S. Rahne
Peter N. Surdo
Marta M. Chou
ROBINS, KAPLAN, MILLER
   & CIRESI L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
(612) 349-8500

Anthony A. Froio
Marc N. Henschke
Alan E. McKenna
Michael J. Garko
ROBINS, KAPLAN, MILLER
   & CIRESI L.L.P.
800 Boylston Street, 25th Floor
Boston, MA 02199
(617) 267-2300

November 29, 2007
1324613

Thomas C. Grimm (#1098)
Benjamin J. Schladweiler (#4601)
Maria Granovsky (#4709)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
tgrimm@mnat.com
bschladweiler@mnat.com
mgranovsky@mnat.com
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on November 29, 2007, I caused to be served true and correct copies

of the foregoing on the following in the manner indicated:

### BY HAND & E-MAIL:

Karen L. Pascale
YOUNG CONAWAY STARGATT
  & TAYLOR, LLP
The Brandywine Building, 17th floor
1000 West Street
Wilmington, DE  19801

*Attorneys for Optrex America, Inc.*

David J. Margules
John M. Seaman
BOUCHARD MARGULES
  & FRIEDLANDER, P.A.
222 Delaware Ave., Suite 1400
Wilmington DE 19801

*Attorneys for Citizen Watch Co., Ltd.
and Citizen Displays Co., Ltd.*

Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE  19899

*Attorneys for Samsung SDI America, Inc.
and Samsung SDI Co., Ltd.*

Philip A. Rovner
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE  19899

*Attorneys for FUJIFILM Corporation
and FUJIFILM U.S.A., Inc.*

Daniel V. Folt
Matt Neiderman
DUANE MORRIS LLP
1100 North Market Street, 12th Floor
Wilmington, DE  19801-1246

*Attorneys for InnoLux Display Corporation*

**BY E-MAIL:**

Andrew M. Ollis
OBLON, SPIVAK, McCLELLAND,
  MAIER & NEUSTADT, P.C.
1940 Duke Street
Alexandria, VA  22314
aollis@oblon.com

*Attorneys for Optrex America, Inc.*


Stephen S. Korniczky
Elizabeth L. Brann
PAUL, HASTINGS, JANOFSKY
  & WALKER LLP
3579 Valley Centre Drive
San Diego, CA  92130
stephen.korniczky@paulhastings.com
elizabeth.brann@paulhastings.com

Hamilton Loeb
PAUL, HASTINGS, JANOFSKY
  & WALKER LLP
875 15th Street, N.W.
Washington, DC  20005
hamiltonloeb@paulhastings.com

*Attorneys for Samsung SDI Co., Ltd.*
*and Samsung SDI America, Inc.*

Stuart Lubitz
HOGAN & HARTSON LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA  90067
slubitz@hhlaw.com

*Attorneys for Citizen Watch Co., Ltd.*
*and Citizen Displays Co., Ltd.*

Lawrence Rosenthal
Matthew W. Siegal
STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY  10038-4982
lrosenthal@stroock.com
msiegal@stroock.com

*Attorneys for FUJIFILM Corporation*
*and FUJIFILM U.S.A., Inc.*

Donald R. McPhail
DUANE MORRIS LLP
1667 K Street, N.W., Suite 700
Washington, DC 20006
drmcphail@duanemorris.com

*Attorneys for InnoLux Display Corporation*

**BY FEDERAL EXPRESS**

Mr. Seong Yoon Jeong
Assistant Manager
Technology Planning Group
BOE HYDIS TECHNOLOGY CO., LTD.
San 136-1, Ami-ri, Bubal-eub
Ichon-si, Gyeonggi-do 467-701
Republic of Korea

_____
Maria Granovsky (#4709)
mgranovsky@mnat.com

1324613

4

# Exhibit 7

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## TEXARKANA DIVISION

ANTOR MEDIA CORPORATION,
a Texas corporation,

              Plaintiff,

v.

SONY ERICSSON MOBILE COMMUNICATIONS
(USA) INC., a Delaware corporation,

              Defendant.

CIVIL ACTION NO. 5:06–CV–0239 DF

### ORDER

The Court has considered the Joint Motion of Plaintiff and Defendant to Compel Plaintiff to produce documents responsive to Defendant's First Set of Requests for Production to Plaintiff and is of the opinion that it should be GRANTED.

IT IS THEREFORE ORDERED, that within five (5) days following entry of this Order, Plaintiff Antor Media Corp. shall produce to Defendant Sony Ericsson Mobile Communications (USA) Inc. those documents that it has withheld from production to Defendant on the basis that such documents contained confidential information of third parties.

IT IS FURTHER ORDERED that such documents to be produced by Plaintiff shall be marked "CONFIDENTIAL — OUTSIDE COUNSEL ONLY" in accordance with the Amended Stipulated Protective Order [Docket No. 62] in this action.

**SIGNED this 18th day of December, 2007.**

DAVID FOLSOM
UNITED STATES DISTRICT JUDGE

# Exhibit 8

# STROOCK

October 29, 2007

Lawrence Rosenthal
Direct Dial  212-806-6660
Direct Fax  212-806-6006
LRosenthal@stroock.com

Stacie E. Oberts, Esq.
Robins Kaplan Miller & Ciresi
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402

Re:    Honeywell Int'l Inc. et al. v. Apple et al.
       USDC/DDE Case No. 04-1338-*** (Consolidated)
       Your File No. 019896-0229
       Our Client/Matter No. 208801/0921
       Request for Meet and Confer

Dear Stacie:

I write in response to your letter of September 24, 2007 regarding the documents that
Honeywell produced to Optrex only. We have obtained a copy of this production and
have determined that there are numerous documents that are highly relevant to the
defenses asserted by the Fuji defendants. Honeywell's arbitrary determination that those
documents did not address an issue that was common among the defendants only
strengthens Fuji's demand that all documents produced to any party in the present
litigation must be forwarded to Fuji pursuant to valid document requests propounded by
Fuji. As previously stated in a letter to you dated September 17, 2007, it is Honeywell's
obligation to respond and comply with valid document requests propounded by Fuji. It
is not incumbent upon Fuji to poll numerous defendants to determine whether
Honeywell has made an arbitrary decision that certain documents relate to an issue that
was or was not common among the defendants. Fuji reiterates its request that
Honeywell comply with its obligation to produce responsive documents. Please
promptly advise as to your position so that we will know how to proceed.

Fuji is also extremely concerned about Honeywell's statement that it has destroyed
responsive documents in the present litigation. (See letter dated September 24, 2007

SSL-DOCS1 1856438v1

Stacie E. Oberts, Esq.
October 29, 2007
Page 2

from Oberts to Ecker). As you are aware Section 21 of the Protective Order states that within 30 days of final termination of this action, the parties shall return and/or certify destruction of all materials designated CONFIDENTIAL. This "action" is still pending against numerous defendants. Accordingly, Honeywell had and still has an obligation to maintain the documents and testimony produced by former parties in its possession. Furthermore, the language "unless otherwise agreed to in writing by an attorney of record for the designating party" does not relieve Honeywell of any obligations under the protective order and applicable litigation document retention requirements, to maintain responsive documents in its possession. Notwithstanding the language in the Protective Order, Honeywell was not entitled to enter into an agreement with former parties calling for document destruction before this action was completed where, as here, the documents can be relevant to the issues in the case and they were the subject of outstanding discovery. In this connection we note that not all settlement agreements even contain such a provision.

There is an outstanding document request by Fuji requesting documents Honeywell receives from third parties, including the other defendants, to which Honeywell has not complied. It appears that Honeywell experts have already relied on selected testimony and documents provided by former defendants but not furnished to the other defendants. Fuji is entitled to review all of the material (testimony and documents, provided by all other parties and not have to rely on Honeywell's selection of the portions it deems helpful to it. It is no comfort that Peter Surdo, by email of October 26, 2007 has agreed to provide full copies of the cited deposition transcripts because that requires the defendants to rely on Honeywell's self serving selections. Of course, Fuji expects that the material will also be sent to us. Furthermore, the consent of the disclosing party is not needed for Honeywell to provide the information to Fuji as the Protective Order is clear that materials from defendants may be produced to other defendants on an Outside Counsel's Eyes Only basis. Honeywell's intent to rely on information that was not provided to all defendants is also seen in Honeywell's responses to the Optrex Interrogatory regarding secondary considerations dated August 24, 2007.

To the extent Honeywell makes any reference to materials from a defendant wherein all of the defendant's deposition transcripts, exhibits and documents produced were not forwarded to Fuji for review and analysis, Fuji will move to preclude reference to such information. Accordingly, Fuji demands prompt production of all remaining documents and testimony produced by the other defendants and a list, to the extent possible, of the destroyed material. Fuji intends to seek sanctions for the destruction of documents.

SSL-DOCS1 1856438v1

Stacie E. Oberts, Esq.
October 29, 2007
Page 3

Fuji requests a meet and confer to discuss these issues.

Sincerely,

Lawrence Rosenthal

cc:     Matthew L. Woods, Esq. (Via email only)
        Peter N. Surdo, Esq. (Via email only)
        Thomas Grimm, Esq. (Via email only)
        Ian G. DiBernardo, Esq. (Via email only)
        Kevin C. Ecker, Esq. (Via email only)
        Phillip A. Rovner, Esq. (Via email only)
        Andrew M. Ollis, Esq. (Via email only)
        Alexander E. Gasser, Esq. (Via email only)
        Elizabeth L. Brann, Esq. (Via email only)
        David Ben-Meir, Esq. (Via email only)

STROOCK & STROOCK & LAVAN LLP · NEW YORK · LOS ANGELES · MIAMI
180 MAIDEN LANE, NEW YORK, NY 10038-4982 TEL 212.806.5400 FAX 212.806.6006 WWW.STROOCK.COM

# Exhibit 9

# ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
TEL: 612-349-8500 FAX: 612-339-4181
www.rkmc.com

ATTORNEYS AT LAW

PETER N. SURDO
612-349-0982

November 1, 2007

**VIA E-MAIL**

ALL COUNSEL OF RECORD
PER THE ATTACHED LIST

Re:    Honeywell International Inc., et al v. Apple Computer, Inc., et al.
       Court File No. C.A. No. 04-1338-KAJ (consolidated)
       Our File No.: 019896.0229

Dear Counsel:

Further to my letter of yesterday afternoon, we have completed our review of all materials, and it seems that the only material that you all may not have is each other's respective deposition materials and production, and also the file histories for the Abileah '783 and '041 references.

While we find it remarkable that the coordinating defendants have not already circulated such information, we are willing, as a courtesy, to do so for you—although with some limitations. We will provide courtesy copies of such materials that can be copied to CD or DVD. This includes deposition information, and, in general, most of your respective productions. On the other hand, hard-copy documents are more difficult to provide. For example, neither Fuji nor Citizen generally produced documents by electronic means. Honeywell does not see why it should bear the burden and expense of reproducing and shipping such hard-copy production to the co-defendants with whom they are supposedly coordinating. To the extent any of you produced any materials in hard copy, we ask that you confer amongst yourselves to arrange for access to such materials.

If you claim to not possess any other information, please let me know.

All Counsel of Record
November 1, 2007
Page 2


I look forward to hearing from you.

Sincerely,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

Peter N. Surdo

PNS/sdm
c:      Thomas C. Grimm, Esq.
        Matthew L. Woods, Esq.
        Stacie E. Oberts, Esq.
        Anthony A. Froio, Esq.

MP3 20248559.2

All Counsel of Record
November 1, 2007
Page 3

## ALL COUNSEL OF RECORD

David Ben-Meir, Esq.
Hogan & Hartson L.L.P.
1999 Avenue of the Starts, Ste. 1400
Los Angeles, CA 90067
dhben-meir@hhlaw.com
*Counsel for Citizen Watch Co., Ltd.,
and Citizen Displays Co., Ltd.*

John M. Seaman, Esq.
Bouchard Margules & Friedlander, P.A.
222 Delaware Avenue
Suite 1400
Wilmington, DE 19801
jseaman@bmf-law.com
*Local Counsel for Counsel for Citizen Watch Co.,
Ltd., and Citizen Displays Co., Ltd.*

Lawrence Rosenthal, Esq.
Kevin C. Ecker, Esq.
Stroock, Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038
lrosenthal@stroock.com
kecker@stroock.com
*Counsel for Fuji Photo Film Co., Ltd. and
Fuji Photo Film U.S.A., Inc.*

Philip A. Rovner, Esq.
Potter Anderson & Corroon LLP
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
provner@potteranderson.com
*Local Counsel for Fuji Photo Film Co., Ltd., Fuji,
Photo Film U.S.A., Inc.*

Andrew M. Ollis, Esq.
Alexander E. Gasser, Esq.
Oblon, Spivak, McClelland, Maier
& Neustadt, P.C.
1940 Duke Street
Alexandria, VA 22314
aollis@oblon.com
agasser@oblon.com
*Counsel for Optrex America, Inc.*

Karen L. Pascale, Esq.
Young Conaway Stargatt & Taylor LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19801
kpascale@ycst.com
*Local Counsel for Optrex America, Inc.*

Stephen S. Korniczky, Esq.
Elizabeth L. Brann, Esq.
Paul Hastings Janofsky & Walker LLP
3579 Valley Centre Drive
San Diego, CA 92130
stephenkorniczky@paulhastings.com
elizabethbrann@paulhastings.com
*Counsel for Samsung SDI*

David E. Moore, Esq.
Potter Anderson & Carroon LLP
Hercules Plaza, 6th Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899
dmoore@potteranderson.com
*Local Counsel for Samsung SDI*

# Exhibit 10

# ROBINS, KAPLAN, MILLER & CIRESI LLP

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Tel: 612-349-8500 Fax: 612-339-4181
www.rkmc.com

ATTORNEYS AT LAW

MATTHEW L. WOODS
612-349-8272

December 10, 2007

**Via E-Mail**

Lawrence Rosenthal, Esq.
Stroock, Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038

Re:    Honeywell International Inc., etc. al., v. Apple Computer Inc., et al.
File No.: 019896.0229

Dear Larry:

This letter is in response to your letters of November 29 and December 3, and in furtherance of our discovery conference held on November 21, 2007. To summarize Honeywell's response, I believe that the parties have reached an impasse at least with regard to the invention disclosure issue (as discussed more fully below). However, with regard to the document issue, it appears that further discussions and/or clarifications may be in order.

It remains unclear to what extent Fuji continues to raise issues regarding documents originally produced by its former co-defendants (with whom Fuji had a Joint Defense Agreement). As we have explained (and again confirm), as each such defendant has settled the case, they have requested the return and/or destruction of their documents, consistent with the Protective Order, and Honeywell has complied with that request. To the extent Honeywell continues to possess documents produced by the few remaining defendants, it has now sought and obtained the consent of those defendants to provide Fuji with courtesy copies of their respective productions. We did this despite our belief that it is unfathomable that Fuji did not already have access to documents produced by the very co-defendants with whom it has been coordinating its defenses over the past year and a half. To the extent Fuji intends to continue to press this issue, we renew our request for a copy of the defendants' Joint Defense Agreement and related communications. Moreover, I again note – as I did during our meet and confer – that Fuji has always had, and continues to have, the right to seek discovery from its current and former co-defendants both under its Joint Defense Agreement, as well as regular rules for party and third party discovery. It is not Honeywell's obligation to act as a conduit between Fuji and its co-defendants (especially when those co-defendants appear to be Fuji's competitors in some circumstances).

Your letters next raise issues about settlement-related correspondence. Since our meet and confer, we have reconfirmed that Honeywell has indeed produced all settlement related documents between itself and its licensees, to the extent such documents were maintained in the ordinary course of business, subject to a few points noted below and to the extent the licensees consented to such production. This is consistent with the objections and responses to discovery

MP3 20253048.1

Lawrence Rosenthal, Esq.
December 10, 2007
Page 2

that Honeywell served at the very beginning of discovery. You will note, in fact, that Honeywell's willingness to produce such settlement-related documents, subject to the resolution of confidentiality concerns inherent in the agreements between itself and its licensees is merely restated in its objections you have noted from Honeywell's recent discovery responses (raised in your December 3 letter).

Please note that Sharp is the sole licensee who has objected to producing documents related to the negotiation of its license. Honeywell has sought Sharp's permission to produce those materials, but Sharp has not consented to such production. Honeywell must maintain its confidentiality obligations with respect to Sharp, but itself has no objection to production of these materials.

As for the new request in your letter of November 28, Honeywell will not produce any internal notes associated with such negotiations, as such notes (to the extent they exist) would clearly be of a privileged and work product nature. Your letter offers absolutely no basis for production of such materials (even assuming such materials exist) and we see no reason to explore this issue further.

Please also note that Honeywell has not produced any documents regarding pending settlement discussions with *current remaining* defendants. In these limited circumstances, the policy concerns underlying Rule 408 override any putative claim of need by Fuji, especially where Fuji can obtain discovery directly from its co-defendants. We have applied this same approach to Fuji's materials; surely Fuji does not want its own settlement materials shared with its remaining co-defendants?

With regard to the invention disclosure, we must respectfully disagree. At the outset, I note that your letters do not seriously challenge the fact that invention disclosures are privileged communications, as set forth in *In Re Spalding Sports Worldwide, Inc.*, 203 F.3d 800 (Fed. Cir. 2000). Instead, your letter focuses upon an assertion that privilege has been waived. This assertion is in error. It bears noting that this topic was discussed extensively with Hitachi's counsel (presumably on all defendants' behalf) in April of this year and, until your recent letters, it appeared to have been resolved. If there has been any waiver, it has been on the part of defendants. Your letter raises a number of different arguments regarding the alleged waiver, which are addressed below.

First, you claim that Mr. McCartney and/or Attorney Jepsen waived the privilege by relying upon the invention disclosure to refresh their respective recollections prior to their deposition. The problem with your assertion is that these individuals used the disclosures only to authenticate the basic foundational elements necessary to confirm their proper placement on Honeywell's privilege log (date, addressee, basic circumstances, etc.). In all other circumstances, these individuals were instructed not to answer further, and thus there was no substantive testimony about the disclosures nor any reliance thereon for substantive testimony. This situation is thus in marked contrast to one where a witness uses a document to refresh his or her recollection about substantive events and then substantially testifies based upon that

Lawrence Rosenthal, Esq.
December 10, 2007
Page 3

recollection. Here, no such testimony occurred and there has been no waiver because there has been no use of these privileged materials as both a "sword" and a "shield."

With regard to Fuji's allegations pertaining to "best mode," I am still unaware of any testimony that the inventors considered configuration depicted in HW014089-90 to be the best mode for practicing *the invention* as claimed in the patent, nor has Fuji demonstrated that the configuration is not disclosed in the original claims. As you are well aware, the defense of best mode is based upon an evaluation of the inventors' subjective state of mind at the time of the application and Fuji's attempt to seek privileged communications several years beforehand (in the 1989 time frame) is nothing more than the proverbial "fishing expedition."

Even assuming – only for the sake of the argument – that there was such evidence, your letter does not explain how Fuji's raising of this affirmative defense somehow constitutes a waiver of Honeywell's attorney-client privilege. Indeed, if you were correct, an infringer could force a patentee to "waive" the privilege merely by prompting the patentee to deny those allegations. Of course, this is not the law, and for good reason. In this regard, neither of the cases cited in Fuji's earlier letter of November 9 bears on the current dispute. In both those cases, the patentee specifically placed the claimed privileged communications at issue in an affirmative manner. For example, in *International Paper Co., v. Fibreboard Corp.*, 63 F.R.D. 88 (D. Del 1994), the patentee filed an affidavit characterizing certain comments supposedly made by the Patent Examiner during a private interview, but then refused to produce contemporaneous notes or communications regarding that interview. The court determined that the patentee could not rely upon the characterizations set forth in the affidavit without providing all details of the interview. Similarly, in the unpublished mandamus decision in *In re: Rhone-Poulenc Rorer, Inc.* 185 F.3d 879 (Fed. Cir. 1998), the inventors submitted declarations to the Patent Office in support of a reissue application, in which they characterized the advice they received regarding the original application as being limited and not covering certain subjects. In both these cases, unlike here, the litigants sought to affirmatively rely upon the legal advice rendered during prosecution to advance their claims, yet were only willing to provide a limited and select version of that advice.[1]

With regard to Mr. Wilwerding, his Report does not reference or rely on the invention disclosure, nor are the materials that Fuji is demanding even mentioned on Mr. Wilwerding's list of materials considered. Indeed, Mr. Wilwerding expressly states – on the pages you cite – "I have reviewed the *same records* as Dr. Schlam and Mr. Smith-Gillespie. . . ." (emphasis added). There is simply no basis to conclude that Mr. Wilwerding's Report constitutes a waiver of any attorney-client communications.

As for Dr. Lewin, his Report does nothing to "put at issue" any communications between the inventors and Mr. Jepsen leading up to the filing of the patent application in 1992. Indeed, Dr. Lewin expressly states that it is his understanding that opinions regarding intent are generally

---

[1] I note that your letter also claims that there are "questions" regarding the extent that technical information or prior art was disclosed in the application. I am not aware of what particular issue you are referring to, in light of Mr. Jepsen's deposition. In any event, your letter points to nothing which would constitute a waiver of the privilege. (See discussion below regarding: Attorney Jepsen.)

MP3 20253048.1

Lawrence Rosenthal, Esq.
December 10, 2007
Page 4

not allowed. Dr. Lewin's Report merely notes that the conclusions of Fuji's expert did not account for other statements in the record from the inventors as to the *non-existence* of particular communications. Specifically, the inventors had no recollection of being informed of any arguments made by Attorney Jepsen during the prosecution of the '371 patent, and in fact, a review of Honeywell's privilege log confirms the absence of any such communication. The mere denial of the existence of any communication during *1993* in no way constitutes a waiver of a privilege that attached to communications leading up to the filing of the patent in *1992*.

With regard to Mr. Jepsen, his testimony simply confirms that he was not aware of the alleged prior art references on which Fuji bases its charge of inequitable conduct. Denying awareness of a particular reference cannot constitute a waiver of the privilege; otherwise, a defendant could force a patentee to waive the privilege in every case merely by asserting that the prosecuting attorney was aware of certain art. Indeed, I note that none of the inventors testified that they could recall providing the references at issue to Attorney Jepsen. The defendants have had ample opportunity to depose Attorney Jepsen on this topic, and specifically declined our offer to reproduce Mr. Jepsen for further deposition.[2] There simply is nothing in the record upon which to base a claim that privilege has been waived.

For all the foregoing reasons, Fuji's demand for wholesale production of the invention disclosure and unspecified "related documents" is an unfounded invasion of the attorney-client privilege to which Honeywell does not agree.

Very truly yours,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

Matthew L. Woods

MLW/sdg
c:    Thomas C. Grimm, Esq.
      Stacie E. Oberts, Esq.
      Anthony A. Froio, Esq.
      Andrew M. Ollis, Esq.
      Elizabeth L. Brann, Esq.
      David Ben-Meir, Esq.
      Ian G. DiBernardo, Esq.

---

[2] I note that the brochure referenced in your letter is *not* relied upon by either Dr. Schlam or Mr. Smith-Gillespie as the basis for any allegations of inequitable conduct; the issue is thus a red herring.

MP3 20253048.1

# Exhibit 11

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HONEYWELL INTERNATIONAL INC. and HONEYWELL INTELLECTUAL PROPERTIES INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 04-1338-KAJ (Consolidated) |
| APPLE COMPUTER, INC., et al., | ) ) | |
| Defendants. | ) ) | |
| HONEYWELL INTERNATIONAL INC., et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 04-1337-KAJ |
| AUDIOVOX CORPORATION, et al., | ) ) | |
| Defendants. | ) ) | |
| OPTREX AMERICA, INC., | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 04-1536-KAJ |
| HONEYWELL INTERNATIONAL INC., et al., | ) ) ) | |
| Defendants. | ) ) | |

## STIPULATED PROTECTIVE ORDER

Whereas pretrial discovery in this action will necessarily involve the disclosure of trade secrets or confidential research, development, product or commercial information by the undersigned parties and by other non-parties from whom discovery may be sought; and

Whereas the undersigned parties wish to establish rules and procedures governing the treatment of such information, and accordingly have conferred in good faith with respect to the terms of this Protective Order pursuant to Fed. R. Civ. P. 26(c);

IT IS HEREBY STIPULATED AND AGREED BY AND AMONG THE UNDERSIGNED PARTIES AS FOLLOWS:

1.    **Scope of Protection.**

1.1    This Protective Order shall govern any record of information produced in this action and designated pursuant to ¶ 2 below, including all designated deposition testimony, all designated testimony taken at a hearing or other proceeding, interrogatory answers, documents and other discovery materials, whether produced informally or in response to interrogatories, requests for admissions, requests for production of documents, or other formal method of discovery.

1.2    This Protective Order shall also govern any designated record of information produced in this action pursuant to required disclosures under any federal procedural rule or any District of Delaware local rule, and any supplementary disclosures thereto.

1.3    This Protective Order shall apply to the undersigned parties and to any non-party from whom discovery may be sought and who produces confidential information (as defined below) (hereinafter, collectively, referred to as a "party" or the "parties").

2.    **Designation**

2.1    Each party shall have the right to designate as confidential and subject to this Protective Order any information produced by it in this action which contains, reflects, or otherwise discloses confidential technical, business, or financial information

2

("CONFIDENTIAL information"). This designation shall be made by stamping or otherwise labeling each page or thing containing confidential information with the legend CONFIDENTIAL prior to its production or, if inadvertently produced without such legend, by furnishing written notice to the receiving party that the information shall be considered CONFIDENTIAL under this Protective Order. The parties will use reasonable care to avoid designating any documents or information CONFIDENTIAL that are generally available to the public.

      2.2    Each party shall have the right to designate as restricted to review by those categories of individuals identified in ¶ 4.2 below and subject to this Protective Order any information produced in this action which contains, reflects, or otherwise discloses: (1) trade secrets; (2) research and development or other highly sensitive technical information; or (3) highly sensitive business-related financial information (collectively, "CONFIDENTIAL—ATTORNEYS' EYES ONLY information"). This designation shall be made by stamping or otherwise labeling each page or thing containing confidential information with the legend CONFIDENTIAL—ATTORNEYS' EYES ONLY prior to its production or, if inadvertently produced without such legend, by furnishing written notice to the receiving party that the information shall be considered CONFIDENTIAL—ATTORNEYS' EYES ONLY under this Protective Order. To the extent that material is marked CONFIDENTIAL—ATTORNEYS' EYES ONLY, such material shall be revealed to or used by limited categories of individuals, as provided for in ¶ 4.2 below, and shall not be communicated in any manner, either directly or indirectly, to any person or entity not permitted disclosure pursuant to this Protective Order. Any copies of such material, abstracts, summaries, or information derived therefrom, and any notes or other records regarding the contents thereof, shall also be deemed

CONFIDENTIAL—ATTORNEYS' EYES ONLY, and the same terms regarding confidentiality of these materials shall apply as apply to the originals. The parties will use reasonable care to avoid designating any documents or information CONFIDENTIAL—ATTORNEYS' EYES ONLY for which the designating party does not have a good faith belief that the documents or information satisfy the criteria set forth in this paragraph.

     2.3    Each party shall have the right to designate as restricted to review by those categories of individuals identified in ¶ 4.3 below and subject to this Protective Order any information produced in this action which contains, reflects, or otherwise discloses confidential information that comprises or contains sensitive information which is deemed by the producing party as inappropriate for review by in house personnel of non-affiliated companies except as otherwise provided herein, including: (1) trade secrets; (2) research and development or other highly sensitive technical information; or (3) highly sensitive business-related financial information (collectively, "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY"). This designation shall be made by stamping or otherwise labeling each page or thing containing confidential information with the legend HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY prior to its production or, if inadvertently produced without such legend, by furnishing written notice to the receiving party that the information shall be considered HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY under this Protective Order. To the extent that material is marked HIGHLY CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY, such material shall be revealed to or used by limited categories of individuals, as provided for in ¶ 4.3 below, and shall not be communicated in any manner, either directly or indirectly, to any person or entity not permitted disclosure pursuant to this Protective Order. Any copies of

such material, abstracts, summaries, or information derived therefrom, and any notes or other records regarding the contents thereof, shall also be deemed HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY, and the same terms regarding confidentiality of these materials shall apply as apply to the originals. Use of this highly restrictive designation is limited to information of the highest sensitivity. The parties will use reasonable care to avoid designating any documents or information HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY for which the designating party does not have a good faith belief that the documents or information satisfy the criteria set forth in this paragraph.

2.4    CONFIDENTIAL, CONFIDENTIAL— ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY information shall be used only for purposes directly related to this action, and for no other purpose whatsoever, except by consent of the producing party or by order of the Court.

2.5    To the extent that any party has, prior to the date that this Order is entered, produced to the other side materials that the producing party has marked with any confidentiality designation, all such materials shall be considered to have been designated under this Order as HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY unless otherwise agreed by the producing party.

3.    **Limit On Use And Disclosure Of Designated Information.**

3.1    Each party and all persons bound by the terms of this Protective Order shall use any information or document governed by this Protective Order only in connection with the prosecution or defense of this action, except by consent of the producing party or by order of the Court. No party or other person shall disclose or release to any person not authorized under this Protective Order any information or document governed by this Protective Order

5

for any purpose, or to any person authorized under this Protective Order for any other purpose.

3.2    It is, however, understood that counsel for a party may give advice and opinions to his or her client based on his or her evaluation of designated confidential information received by the party, provided that such rendering of advice and opinions shall not reveal the content of such information except by prior written agreement with counsel for the producing party.

3.3    The attorneys of record for the parties and other persons receiving documents or information governed by this Protective Order shall exercise reasonable care to ensure that said documents or information governed by this Protective Order are: (a) used only for the purposes specified herein; and (b) disclosed only to authorized persons.

## 4.    Disclosures Of Confidential, Confidential—Attorney's Eyes Only, and Highly Confidential—Outside Attorneys' Eyes Only Material.

4.1    Absent the consent of the producing party, documents or information designated CONFIDENTIAL shall be disclosed by the recipient thereof only to:

(a)    the outside counsel of record and their staffs who are actively involved in this action and such additional law firms that become law firms of record for a party after the effective date of this Protective Order.

(b)    the Court and Court personnel, as provided in ¶ 12 below;

(c)    consultants, experts, or translators and their staffs retained by a party or its attorneys for purposes of this action, who are agreed upon by the parties pursuant to ¶ 6 below, who are not employees or otherwise affiliated with any of the parties (except persons scheduled

6

to be deposed by a party pursuant to Fed. R. Civ. P. 30(b)(6)), and who first agree to be bound by the terms of this Protective Order;

(d)    court reporters employed in connection with this action;

(e)    outside copying and computer services necessary for document handling, and other litigation support personnel (e.g., graphic designers and animators); and

(f)    up to four (4) in-house counsel, legal or intellectual property staff members regularly employed by a party or the party's related corporate affiliate and responsible for assisting such party in connection with this action (hereinafter collectively with in-house counsel "In-house Counsel") or other designated employees of a party or the party's related corporate affiliate and responsible for assisting such party in connection with this action, provided that each such individual must first agree to be bound by the terms of this Protective Order. If the receiving party has less than four (4) In-house Counsel, the receiving party may assign designated employees of the party or employees of the party's related corporate affiliate who are responsible for assisting the receiving party in this action and agree to be bound by the terms of this protective order, who shall be deemed to be In-house Counsel for the purposes of this Protective Order, to have access to CONFIDENTIAL—ATTORNEYS' EYES ONLY documents or information of the Honeywell parties, but not of the non-Honeywell parties, provided that the total number of actual and deemed In-house Counsel allowed access to CONFIDENTIAL—ATTORNEYS' EYES ONLY documents or information is not more than four (4).

4.2    Absent the consent of the producing party, documents or information designated CONFIDENTIAL—ATTORNEYS' EYES ONLY may be disclosed by the recipient thereof only to those categories of individuals listed in ¶¶ 4.1(a) - 4.1(e) above

7

subject to the restrictions therein; provided, however, documents or information designated CONFIDENTIAL—ATTORNEYS' EYES ONLY by a non-Honeywell party may be disclosed by the Honeywell parties to their In-house Counsel, and documents or information designated CONFIDENTIAL-ATTORNEY'S EYES ONLY by the Honeywell parties may be disclosed by a non-Honeywell party to its actual and deemed In-house Counsel.

4.3    Absent the consent of the producing party, documents or information designated HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY may be disclosed by the recipient thereof only to those categories of individuals listed in ¶¶ 4.1(a) - 4.1(e) above subject to the restrictions therein.

5.    **Redaction.**

Counsel for a party producing documents may mask ("redact") material deemed exempt from discovery because it is protected from disclosure under the attorney-client privilege or work product immunity afforded by Fed. R. Civ. P. 26(b). However, any document from which material is masked on this ground must identify in the masked area that masking or redaction has occurred. The reason for any such masking must be stated on a log to be provided within a reasonable time after the production of the documents. Sufficient information regarding the masked material must be provided to the other party to enable it to evaluate the legitimacy of the asserted privilege or immunity. The parties reserve the right to pursue categories for redaction in addition to those identified above, by either consent of the parties or order of the Court, to be addressed on a case-by-case basis.

8

6.      **Disclosure to Independent Consultants, Translators, Designated Employees, In-House Counsel, and Experts.**

6.1     If any party desires to disclose information designated by a producing party as CONFIDENTIAL, CONFIDENTIAL—ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY to any consultant, expert, or translator pursuant to ¶ 4.1(c) above or to any In-house Counsel or designated employee pursuant to ¶4.1(f), to the extent permitted by ¶ 4.2, it must first identify in writing to the attorneys for the producing party each such consultant, expert, translator, In-house Counsel, or designated employee. The writing shall be a facsimile, an email, or a first class mailing with facsimile or email confirmation. The attorneys for the producing party shall have ten (10) business days from receipt of such facsimile or email to object to disclosure of such information to any of the consultant, expert, translator, In-house Counsel, or designated employee so identified.

6.2     The identification of an expert or consultant shall include the full name and professional address and/or affiliation of the proposed expert or consultant, an up-to-date curriculum vitae, and a listing of at least all other present and prior employments or consultancies of the expert or consultant in the field of LCD display technologies. Additional information shall be provided upon request if available. The identification of an In-house Counsel shall include the full name and professional address of the In-house Counsel, an indication of whether such In-house Counsel performs patent prosecution in his/her employment. The identification of a designated employee shall identify the full name, professional address, position and job description of the designated employee. The identification of a translator shall include the full name, professional address of the proposed translator, and a listing of other present and prior employments in this case. The parties shall

9

attempt to resolve any objections informally.  If the objections cannot be resolved, the party objecting to the disclosure of CONFIDENTIAL, CONFIDENTIAL—ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY information to the expert, consultant, translator, In-house Counsel, or designated employee may move the Court for an Order proscribing the disclosure.  Failure by the objecting party to move the Court for an Order within fifteen (15) days of its service of the original objection will be deemed a waiver of its objections.  On any motion challenging the disclosure of such information to an expert, consultant, translator, In-house Counsel, or designated employee, the burden of proof shall lie with the party objecting to the disclosure to establish that the information should not be disclosed to the expert, consultant, translator, In-house Counsel, or designated employee. In the event objections are made and not resolved informally, disclosure of information to the expert, consultant, translator, In-house Counsel, or designated employee shall not be made except by the Order of the Court (or to any limited extent upon which the parties may agree).

7.    **Agreement Of Confidentiality**

In no event shall any information designated CONFIDENTIAL, CONFIDENTIAL— ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY be disclosed to any person authorized pursuant to ¶ 4 above, other than (a) the Court and Court personnel, (b) the parties' attorneys identified in ¶ 4.1(a) and their authorized secretarial and legal assistant staffs, (c) court reporters, and (d) outside copying and computer services necessary for document handling, until such person has executed a written Confidentiality Undertaking (in the form set forth in Exhibit A hereto) acknowledging and

10

agreeing to be bound by the terms of this Protective Order. Copies of such Confidentiality Undertakings shall be promptly served on the producing party.

### 8.    Related Documents.

Information designated CONFIDENTIAL, CONFIDENTIAL—ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY shall include: (a) all documents, copies, extracts, and complete or partial summaries prepared from or containing such information; (b) portions of deposition transcripts and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; (c) portions of briefs, memoranda or any papers filed with the Court and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; (d) deposition testimony designated in accordance with ¶ 9 below; and (e) testimony taken at a hearing or other proceeding that is designated in accordance with ¶ 10 below.

### 9.    Designation of Deposition Transcripts.

9.1    Deposition transcripts, or portions thereof, may be designated as subject to this Protective Order either (a) at the time of such deposition, in which case the transcript of the designated testimony shall be marked by the reporter with the appropriate legend (see ¶ 2 above) as the designating party may direct, or (b) within thirty (30) days following the receipt of the transcript of the deposition by providing written notice to the reporter and all counsel of record, in which case all counsel receiving such notice shall mark the copies or portions of the designated transcript in their possession or under their control as directed by the designating party.

9.2    All deposition transcripts not previously designated shall be deemed to be, and shall be treated as CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY until the

expiration of the period set forth in ¶ 9.1 above, and neither the transcript nor the content of the testimony shall be disclosed by a non-designating party to persons other than those persons named or approved according to ¶ 4 above.

9.3    The designating party shall have the right to exclude from a deposition, before the taking of testimony which the designating party designates CONFIDENTIAL, CONFIDENTIAL—ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL— OUTSIDE ATTORNEYS' EYES ONLY and subject to this Protective Order, all persons other than those persons previously qualified to receive such information pursuant to ¶ 4 above.

10.    **Designation of Hearing Testimony or Argument.**

With respect to testimony elicited during hearings and other proceedings, whenever counsel for any party deems that any question or line of questioning calls for the disclosure of CONFIDENTIAL, CONFIDENTIAL—ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY information, counsel may designate on the record at any time during the hearing that the disclosure is subject to confidentiality restrictions. Whenever matter designated CONFIDENTIAL, CONFIDENTIAL—ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY is to be discussed in a hearing or other proceeding, any party claiming such confidentiality may ask the Court to have excluded from the hearing or other proceeding any person who is not entitled under this Order to receive information so designated.

11.    **Disclosure To Author Or Recipient.**

Notwithstanding any other provisions of this Order, nothing herein shall prohibit counsel or a party from disclosing a document containing information designated CONFIDENTIAL,

CONFIDENTIAL—ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY to any person which the document clearly identifies as an author, addressee, or carbon copy recipient of such document, or to any current employee of the producing party who by their testimony indicates that they have access to the type of information sought to be disclosed. During deposition or trial testimony, counsel may disclose documents produced by a party to current employees and officers of the producing party who by their testimony indicates that they have access to the type of information sought to be disclosed. Regardless of confidentiality designations made pursuant to this Protective Order, if a document or testimony makes reference to the actual or alleged conduct or statements of a person who is a potential witnesses, counsel may discuss such conduct or statements with such witness without revealing any portion of the document or testimony other than that which specifically refers to such conduct or statement, and such discussion shall not constitute disclosure in violation of this Protective Order.

12. **Designation of Documents Under Seal.**

Any information designated CONFIDENTIAL, CONFIDENTIAL—ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY, if filed with the Court, shall be filed under seal and shall be made available only to the Court and to persons authorized by the terms of this Protective Order. A party filing any paper which reflects, contains or includes any CONFIDENTIAL, CONFIDENTIAL—ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY information subject to this Protective Order shall file such paper in a sealed envelope, or other appropriately sealed container, which indicates the title of the action, the party filing the materials, the nature of the

materials filed, the appropriate legend (see ¶ 2 above), and a statement substantially in the following form:

> **This envelope contains documents subject to a Protective Order of the Court. It should be opened only by the Court. Its contents should not be disclosed, revealed, or made public except by Order of the Court or written agreement of the parties.**

13.    **Confidentiality Of A Party's Own Documents.**

No person may disclose, in public or private, any designated information of another party except as provided for in this Protective Order, but nothing herein shall affect the right of the designating party to disclose to its own officers, directors, employees, attorneys, consultants or experts, or to any other person, its own information. Such disclosure shall not waive the protections of this Protective Order and shall not entitle other parties or their attorneys to disclose such information in violation of it, unless by such disclosure of the designating party the information becomes public knowledge (see ¶ 16 below). Similarly, the Protective Order shall not preclude a party from showing its own information to its own officers, directors, employees, attorneys, consultants or experts, or to any other person, which information has been filed under seal by the opposing party.

14.    **Other Protections.**

14.1    No person shall use any CONFIDENTIAL, CONFIDENTIAL—ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY information, or information derived therefrom, for purposes other than the prosecution or defense of this action, including without limitation, for purposes of preparing, filing or prosecuting any patent application, continuation or divisional patent application, reissue patent application, or request for re-examination.

14

14.2    Any party may mark any document or thing containing CONFIDENTIAL, CONFIDENTIAL—ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY information as an exhibit to a deposition, hearing, or other proceeding and examine any witness thereon qualified under the terms of this Protective Order to have access to such designated material. Any respective portion of a transcript of the deposition, hearing, or other proceeding discussing the exhibit shall have the same confidentiality designation as the exhibit. No separate notice is needed regarding the respective portion unless otherwise agreed upon at the deposition, hearing, or other proceeding.

15.    **Challenge To Confidentiality.**

15.1    This Protective Order shall not preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of documents or other discovery materials as that party may consider appropriate. Nor shall any party be precluded from: (a) claiming that any matter designated hereunder is not entitled to the protections of the Protective Order; (b) applying to the Court for an Order permitting the disclosure of use of information or documents otherwise prohibited by this Protective Order; or (c) applying for a further Order modifying this Protective Order in any respect. No party shall be obligated to challenge the propriety of any designation, and failure to do so shall not preclude a subsequent challenge to the propriety of such designation.

15.2    On any motion challenging the designation of any information, the burden of proof shall lie with the producing party to establish that the information is, in fact, CONFIDENTIAL, CONFIDENTIAL—ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY information. If a party seeks

15

declassification or removal of particular items from a designation on the ground that such designation is not necessary to protect the interests of the party wishing the designated information, the following procedure shall be utilized:

    a.    the party seeking such declassification or removal shall give counsel of record for the other party written notice thereof specifying the designated information as to which such removal is sought and the reasons for the request; and

    b.    if, after conferring, the parties cannot reach agreement concerning the matter, then the party requesting the declassification or removal of particular items may file and serve a motion for a further Order of this Court directing that the designation shall be so removed.

## 16.    Prior Or Public Knowledge

This Protective Order shall not apply to information that, prior to disclosure, is public knowledge, and the restrictions contained in this Protective Order shall not apply to information that is, or after disclosure becomes, public knowledge other than by an act or omission of the party to whom such disclosure is made, or that is legitimately and independently acquired from a source not subject to this Protective Order.

## 17.    Limitation Of Protective Order.

This Protective Order is not intended to address discovery objections to produce, answer, or respond on the grounds of attorney-client privilege or work product doctrine, or to preclude any party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure or other applicable rule.

18.    **Other Proceedings.**

By entering this Protective Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Order who may be subject to a motion to disclose another party's CONFIDENTIAL, CONFIDENTIAL—ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY information pursuant to this Order shall promptly notify that party of the motion so that it may have an opportunity to appear and be heard on whether such information should be disclosed.

19.    **Inadvertent Disclosure Of Work Product Or Privileged Information: Procedure And Waiver.**

19.1    If the producing party at any time notified the non-producing party in writing that it has inadvertently produced documents and/or things that are protected from disclosure under attorney-client privilege, work-product immunity, and/or any other applicable privilege or immunity from disclosure, the non-producing party shall return or destroy all physical and electronic copies of such documents and/or things to the producing party within five (5) business days of receipt of such notice and shall not further disclose or use such items, or information learned exclusively therefrom, for any purpose until further order of the Court. Upon being notified by the producing party pursuant to this section, counsel for the non-producing party shall use his or her best efforts to retrieve all copies of the documents or things at issue.

19.2    The return of any discovery item to the producing party shall not in any way preclude the non-producing party from moving the Court for a ruling that: (a) the document or

17

thing was never privileged or otherwise immune from disclosure; and/or (b) that any applicable privilege or immunity has been waived.

19.3    Inadvertent or unintentional disclosure of information subject to any privilege or immunity during the course of this litigation without proper designation shall not be deemed a waiver of a claim that disclosed information is in fact subject to a privilege or immunity if so designated within ten (10) business days after the producing party actually learns of the inadvertent or unintentional disclosure.

20.    **Non-Party Material.**

The terms of this Protective Order, as well as the terms of any protective order that may be entered into between a discovering party and third party for the production of information to the discovering party, are applicable to CONFIDENTIAL, CONFIDENTIAL—ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY information provided by a non-party. Information provided by a non-party in connection with this action and designated CONFIDENTIAL, CONFIDENTIAL—ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY pursuant to the terms of this Protective Order shall be protected by the remedies and relief provided by this Protective Order.

21.    **Return Of Designated Information.**

Within thirty (30) days of final termination of this action, unless otherwise agreed to in writing by an attorney of record for the designating party, each party shall assemble and return, or certify destruction of, all materials including both physical and electronic copies containing information designated CONFIDENTIAL, CONFIDENTIAL—ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY, including all copies,

18

extracts and summaries thereof, to the party from whom the designated material was obtained, except that (a) any documents or copies which contain, constitute, or reflect attorney's work product or attorney-client privilege communications, and (b) archive copies of pleadings, motion papers, deposition transcripts, correspondence, and written discovery responses may be retained by counsel.

### 22.    Waiver Or Termination Of Order.

No part of the restrictions imposed by this Protective Order may be waived or terminated, except by written stipulation executed by counsel of record for each designating party, or by an Order of the Court.  The restrictions provided for herein shall not terminate upon the conclusion of this action, but shall continue until further Order of the Court.

### 23.    Modification Of Order; Prior Agreements.

This Protective Order may be modified, and any matter related to it may be resolved, by written stipulation of the parties without further Order of the Court.  To the extent the terms of this Protective Order conflict with Local Rule 26.2 or with any agreements between the parties regarding the confidentiality of particular documents or information entered into before the date of this Protective Order, the terms of this Protective Order shall govern, except as to those documents and information produced or disclosed prior to the entry of this Protective Order, which documents and information shall continue to be governed by the terms of such prior agreements or by the provisions of Local Rule 26.2, as applicable.

Dated this _____ day of September 2006.

MORRIS, NICHOLS, ARSHT & TUNNELL          FISH & RICHARDSON P.C.


By: /s/ Thomas C. Grimm                   By: /s/ Thomas L. Halkowski
    Thomas C. Grimm                          Thomas L. Halkowski
    Leslie A. Polizoti                       919 N. Market Street
    1201 N. Market Street                    Suite 1100
    P.O. Box 1347                            P.O. Box 1114
    Wilmington, DE  19899-1347               Wilmington, DE  19899-1114
    (302) 658-9200                           (302) 652-5070
    tgrimm@mnat.com                          halkowski@fr.com
    lpolizoti@mnat.com

*Attorneys for Plaintiffs Honeywell*          *Attorneys for Casio Computer Co., Ltd.*
*International Inc. and Honeywell Intellectual*
*Properties, Inc. in C.A. Nos. 04-1338 and 04-*
*1536*

YOUNG CONAWAY STARGATT &                   RICHARDS LAYTON & FINGER
TAYLOR LLP


By: /s/ John W. Shaw                       By: /s/ William J. Wade
    John W. Shaw                             William J. Wade
    Monte T. Squire                          One Rodney Square
    1000 West Street, 17th Floor             P. O. Box 551
    Wilmington, DE  19899                    Wilmington, DE  19899
    (302) 571-6600                           (302) 651-7700
    jshaw@ycst.com                           wade@rlf.com
    msquire@ycst.com

*Attorneys for Sony Corporation, Sony*        *Attorneys for Arima Display Corporation*
*Corporation of America, ST Liquid Crystal*
*Display and Quanta Display Inc.*

20

YOUNG CONAWAY STARGATT & TAYLOR LLP

By: /s/ Karen L. Pascale
    Karen L. Pascale
    The Brandywine Bldg.
    1000 West Street, 17th Floor
    Wilmington, DE  19899
    (302) 571-6600
    kpascale@ycst.com

*Attorneys for Optrex America, Inc.*

POTTER ANDERSON & CORROON LLP

By: /s/ Richard L. Horwitz
    Richard L. Horwitz
    David E. Moore
    Hercules Plaza
    P.O. Box 951
    Wilmington, DE  19899
    (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

*Attorneys for BOE Hydis Technology Co., Ltd., Hitachi Displays, Ltd., Toppoly Optoelectronics Corp., Koninklijke Philips Electronics NV, Philips Electronics North America Corp., Philips Consumer Electronics North America, Wintek Corp., Wintek Electro-Optics Corporation, Samsung SDI America, Inc. and Samsung SDI Co., Ltd.*

POTTER ANDERSON & CORROON LLP

By: /s/ Philip A. Rovner
    Philip A. Rovner
    Hercules Plaza
    P. O. Box 951
    Wilmington, DE  19899
    (302) 984-6000
    provner@potteranderson.com

*Attorneys for Fuji Photo Film Co., Ltd. and Fuji Photo Film U.S.A., Inc.*

BOUCHARD MARGULES & FRIEDLANDER, P.A.

By: /s/ David Margules
    David Margules
    John M. Seaman
    222 Delaware Avenue, Suite 1400
    Wilmington, DE  19801
    (302) 573-3500
    dmargules@bmf-law.com
    jseaman@bmf-law.com

*Attorneys for Citizen Watch Co., Ltd. and Citizen Displays Co., Ltd.*

SMITH KATZENSTEIN & FURLOW LLP          DUANE MORRIS LLP


By:  /s/ Robert J. Katzenstein                         By:  /s/ Gary William Lipkin
     Robert J. Katzenstein                              Gary William Lipkin
     Robert Karl Beste, III                            1100 N. Market Street
     800 Delaware Avenue, 7th Floor                    Suite 1200
     P. O. Box 410                                     Wilmington, DE  19801
     Wilmington, DE  19899                             (302) 657-4903
     (302) 652-8400                                    gwlipkin@duanemorris.com
     rkatzenstein@skfdelaware.com
     rkb@skfdelaware.com                           *Attorneys for Innolux Display Corporation*

*Attorneys for Seiko Epson Corporation and*
*Sanyo Epson Imaging Devices*

ASHBY & GEDDES


By: /s/ Steven J. Balick
     Steven J. Balick
     John G. Day
     222 Delaware Avenue
     P. O. Box 1150
     Wilmington, DE  19899
     (302) 654-1888
     sbalick@ashby-geddes.com
     jday@ashby-geddes.com

*Attorneys for Honeywell International Inc.*
*and Honeywell Intellectual Properties, Inc. in*
*C.A. 04-1337*


SO ORDERED:


Dated: __Sept. 19, 2006__                    _____
                         United States District Court Judge

**EXHIBIT A**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HONEYWELL INTERNATIONAL INC.; and HONEYWELL INTELLECTUAL PROPERTIES INC.;          Plaintiffs, <br><br> v. <br><br> APPLE COMPUTER, INC., et al. <br><br>          Defendants. | Civil Action No. 04-1338 KAJ (Consolidated) |

## CONFIDENTIALITY UNDERTAKING

I certify that I have read the Stipulated Protective Order entered in the above-referenced action and that I fully understand the terms of that Order. By signing below, I recognize that I am bound by the terms of that Order, and I agree to comply with those terms in all respects. I hereby consent to the personal jurisdiction of the United States District Court, District of Delaware, for any proceedings involving the enforcement of that Order, and I waive any venue objection with respect to any such proceedings.

Executed this _____ day of _____, 200_.

_____
Name

_____
Affiliation

_____
Business Address

722501

# EXHIBIT 12

11/06/2007  14:33   6123394181                ROBINS KAPLAN MILLER                PAGE  01/03

# ROBINS, KAPLAN, MILLER & CIRESI LLP

2800 LASALLE PLAZA
800 LASALLE AVENUE
MINNEAPOLIS, MN 55402-2015
TEL: 612-349-8500 FAX: 612-339-4181
www.rkmc.com

ATTORNEYS AT LAW

FROM:   **Stacie E. Oberts**

The information contained in this facsimile message is privileged and confidential information intended for the use of the addressee listed below and no one else. If you are not the intended recipient or the employee or agent responsible to deliver this message to the intended recipient, please do not use this transmission in any way, but contact the sender by telephone.

DATE:       November 6, 2007

TO:         NAME:

            Lawrence Rosenthal                **FACSIMILE NO.:**         TELEPHONE NO.:
            *Stroock, Stroock & Laven LLP*     **212.806.6006**          212.806.5400

FILE NO.:   019896.0229

NUMBER OF PAGES INCLUDING COVER SHEET:   3

**If transmission problems occur, or you are not the intended recipient, please call 612-349-8730 or contact Jeanne Westerlund at 612.349.8227.**

MESSAGE:

ORIGINAL NOT MAILED

ATLANTA    BOSTON    LOS ANGELES    MINNEAPOLIS    NAPLES    SAINT PAUL    SANTA ANA    WASHINGTON, D.C.
MP3 20156273.1

# ROBINS, KAPLAN, MILLER & CIRESI LLP

ATTORNEYS AT LAW

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Tel: 612-349-8500 Fax: 612-339-418:
www.rkmc.com

STACIE E. OBERTS
612-349-8235

November 6, 2007

*Via Facsimile*

Lawrence Rosenthal, Esq.
Stroock, Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038

Re:  *Honeywell Int'l, et al v. Apple Computer, Inc., et al*
      Our File No.: 019896-0229

Dear Mr. Rosenthal:

I write in response to your letter dated October 29, 2007. I was in trial last week, so I just reviewed your letter for the first time today.

As an initial matter, Honeywell has made repeated requests that the defendants produce the agreement governing their claim to a joint defense/common interest privilege. *See, e.g.,* Honeywell's First Set of Document Requests to Fuji Photo Film Co., Ltd., No. 54, served on March 29, 2006. While the defendants have taken the full benefit of its protections, that agreement has not been produced. In light of this, and the related claim that the defendants are coordinating their defense, it has always been Honeywell's understanding that the defendants are communicating with one another and sharing information. Your letter, however, suggests that Fuji wishes to retain the benefit of the privilege while arbitrarily denying predictable aspects of the existence of a joint defense/common interest privilege in order to bolster burdensome, irrelevant, and unjustified discovery demands. At this time we once again assert our request for this document. Without the agreement, Honeywell's ability to respond fully to your demands is severely hampered. For the time being we have no choice but to assume that the defendants are proceeding cooperatively.

In this context, I will take up the issues raised in your letter in the order in which they appear.

First, you make the unsubstantiated claim that the documents produced in response to a small number of Optrex's requests for production are relevant to Fuji's defense of the litigation. Notwithstanding the fact that it is incomprehensible that parties who claim a joint defense/common interest privilege do not have the ability and practice of sharing materials, it is unclear how documents related to an Optrex product that was purportedly provided to Honeywell is at all relevant to Fuji. Until and unless you can provide the basis for your conclusory claim of relevance, there is no reason for Honeywell to take any additional action on this point. Regardless, in light of your letter, it appears that you have finally worked with your co-defendants and obtained the documents. As such, your complaints are moot.

MP3 20248472.1

A T L A N T A · B O S T O N · L O S A N G E L E S | M I N N E A P O L I S | N A P L E S · S A I N T P A U L

Lawrence Rosenthal, Esq.
November 6, 2007
Page 2

Second, you express concern regarding Honeywell's good faith compliance with Section 21 of the Protective Order as it relates to parties who have settled claims with Honeywell and taken a license to the McCartney patent. Again, notwithstanding the fact that it is incomprehensible that Fuji needs to get documents from Honeywell instead of getting (or having already shared) documents with entities with whom they once shared a joint defense/common interest privilege, you have not articulated any basis for claiming that they are relevant to Fuji. Nothing has prevented Fuji from seeking discovery from its co-defendants, and it is inappropriate to demand that Honeywell act as a conduit for information which has been at Fuji's fingertips. In this regard, Honeywell's position regarding its production of documents and related assumptions regarding the joint defense group's sharing practices were made explicit from the beginning of this litigation. *See, e.g.,* Honeywell's Response to Fuji Film Co.'s First Set of Requests for Production of Documents and Things, No. 18, served August 28, 2006. Also consistent with the position it took in discovery more than 14 months ago, Honeywell has retained and continued to produce licenses related to the McCartney patent and the related negotiation correspondence and materials. *See, e.g.,* Honeywell's Response to Fuji Film Co.'s First Set of Requests for Production of Documents and Things, No. 20, served August 28, 2006. To the extent Fuji believes additional materials may likely lead to the discovery of admissible evidence, it has always had – and continues to have – the right to seek such materials directly from its former co-defendants.

Regarding your request for the production of testimony and documents relied upon by Honeywell's experts, I refer you to the letter of Pete Surdo, which was sent to you on November 1.

Finally, you reference an intention to seek sanctions. This is a serious charge, but one that is completely spurious. As set forth in detail above, Honeywell has always maintained its position that the defendants could certainly share their respective documents with each other, but that Honeywell did not believe it was appropriate to produce the defendants Highly Confidential documents to the other defendants, especially since the defendants are competitors. If you persist in this claim, we will respond to any detailed assertions you wish to bring to our attention, but remind you that frivolous assertions of sanctionable conduct are themselves sanctionable.

Very truly yours,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

StOhts

Stacie E. Oberts

MLW/cd
cc:   Anthony A. Froio
      Matthew L. Woods
      Denise S. Rahne

MP3 20248472.1