
Potter
Anderson
& Corroon LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

Philip A. Rovner
Partner
provner@potteranderson.com
(302) 984-6140  Direct Phone
(302) 658-1192  Fax

January 2, 2008

**BY E-FILE**

**PUBLIC VERSION Dated: January 9, 2008**

The Honorable Mary Pat Thynge
United States Magistrate Judge
U.S. Courthouse, 844 King Street
Wilmington, DE  19801

> Re:   Honeywell International, Inc. *et al.* v. Apple Computer, Inc. *et al.*
>        D. Del., C.A. Nos. 04-1338, 04-1337, 04-1536

Dear Magistrate Judge Thynge:

We write on behalf of Defendants FUJIFILM Corporation ("Fuji Japan") and FUJIFILM U.S.A., Inc. (collectively "Fuji") to seek an order to compel Plaintiffs Honeywell International, Inc and Honeywell Intellectual Properties Inc. (collectively "Honeywell") to permit disclosure of certain facts related to the       REDACTED               (the "Agreement") authorized to be disclosed to "in-house counsel" by the Court during a November 21, 2007 conference call, where such "in-house counsel" are non-lawyer employees of Fuji Japan's Intellectual Property Division who are qualified to see "Confidential – Attorneys' Eyes Only" material pursuant to paragraphs 4.1(f) and 4.2 of the Protective Order entered into on September 19, 2006 ("Protective Order") (Ex. 1).  During the November 21, 2007 telephonic hearing,[1] this Court permitted disclosure       REDACTED

                                                                                              dated November 19, 2007 ("Defendants Letter Brief") (Ex. 3) to "in-house counsel" who agree to abide by the Protective Order, notwithstanding its original designation as "Highly Confidential-Outside Attorneys' Eyes Only" under the Protective Order.  Hearing Tr. at p. 30, line 18 – p. 32, line 24, p. 34, lines 11-24 (Ex. 2).  In effect, the Court downgraded the level of confidentiality of the three items of information to the second level of confidentiality, "Confidential-Attorneys' Eyes Only."

Paragraphs 4.1(f) and 4.2 of the Protective Order provide disclosure of "Confidential-Attorneys' Eyes Only" material (a middle level of confidentiality not previously used by any party), to be disclosed by other parties to their "actual and <u>deemed</u> In-House Counsel" (emphasis added) (with certain exceptions not relevant here).  "Deemed In-House Counsel" are non-lawyer employees of a party assisting counsel in the action who agree to abide by the

---

[1] November 21, 2007 Telephone Conference Transcript hereinafter referred to as ("Hearing Tr. at __"). (Ex. 2).

The Honorable Mary Pat Thynge
January 2, 2008 – Public Version January 9, 2008
Page 2

Protective Order. The eligibility of non-lawyers to see "Confidential-Attorneys' Eyes Only" material was introduced by Honeywell in its first draft of the Protective Order, with the number of eligible persons reduced at the insistence of Defendants. (Ex. 4). Fuji Japan REDACTED so that the Order of this court on the above-described issue is meaningless to Fuji Japan if its otherwise eligible "deemed in-house counsel" cannot see the information.

On December 3, 2007, Fuji sent Honeywell signed undertakings under the Protective Order so that Mr. Nakamura and Ms. Manabe would be qualified to see "Confidential-Attorney's Eyes Only" information. These individuals are not attorneys, but are employed in the Intellectual Property Division and are responsible for assisting Fuji in this action and have agreed to be bound by the Protective Order. *See* December 3, 2007 letter from Mr. Ecker to A. Froio. (Ex. 5). On December 4, 2007, Fuji informed Honeywell that while there is technically an in-house Fuji counsel who is admitted in New York, he has not been involved in this litigation. *See* December 4, 2007 letter from Mr. Ecker to A. Froio. (Ex. 6). On December 28, 2007, counsel for Honeywell formally advised that Honeywell objects to disclosure to Mr. Nakamura and Ms. Manabe on the ground that they are ineligible under the Court's November 21 order. (Ex. 7).

While this Court may have initially understood the request to be limited to actual "in-house counsel" only,[2] Mr. Ollis, counsel for Optrex, and Mr. Korniczky, counsel for Samsung Defendants, informed the Court that disclosure of Confidential-Attorneys' Eyes Only material does not have to be to U.S. lawyers and may be disclosed to non-attorneys. Specifically, Mr. Ollis stated that         REDACTED

Hearing Tr. at p. 33, lines 1-8 (Ex. 2). Similarly, Mr. Korniczky informed the Court that individuals permitted to see "Confidential-Attorneys' Eyes Only" material may include non-U.S. attorneys who agree to be bound by the Protective Order. Hearing Tr. at p. 34, line 25 – p. 35, line 6 (Ex. 2). In both instances, this Court was concerned that these individuals would be bound by the Protective Order. Hearing Tr. at p. 33, lines 9-13; p. 35, lines 3-5 (Ex. 2). The Court's concern is satisfied by Section 4.1(f) of the Protective Order and the agreements to abide by the two Fuji Japan "deemed in-house counsel." (Ex. 5).

Fuji's understanding of this Court's ruling on the subject permits disclosure to those individuals permitted to see "Confidential-Attorneys' Eyes Only" information. This Court stated "to the extent that [non-US Lawyers can be qualified to see Confidential-Attorneys Eyes Only material] is covered in there [Protective Order], I will allow it, but I don't expect it to be disseminated throughout a number of nonlegal personnel." Hearing Tr. at p. 35, lines 7-10 (Ex. 2). Mr. Rosenthal, counsel for Fuji, also advised the Court of the three tiered Protective Order, at

---

[2] Hearing Tr. at p. 31, lines 6-9.

The Honorable Mary Pat Thynge
January 2, 2008 – Public Version January 9, 2008
Page 3

which point the Court stated that it had ruled on the issue.  Hearing Tr. at p. 37, line 21-38, line 10 (Ex. 2).

It is manifestly inequitable for Fuji Japan to be denied access to the information in question because it is a foreign defendant without "in-house counsel" in the traditional U.S. sense, especially where Honeywell preserved for itself the rights to give some Outside Attorneys' Eyes Only information to non-lawyers.  Fuji respectfully submits that this was not the Court's intention.

Accordingly, Fuji respectfully requests an order to compel Honeywell to permit disclosure of
REDACTED
basis to individuals qualified to see "Confidential-Attorneys' Eyes Only" information pursuant to the Protective Order.

Respectfully,

/s/ Philip A. Rovner

Philip A. Rovner
provner@potteranderson.com

PAR/mes/841641
Enc.
cc:  Thomas C. Grimm, Esq. (w/encls.) – by ECF and E-mail
      Manufacturer Defendants (w/encls.) – by ECF and E-Mail

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HONEYWELL INTERNATIONAL INC. and HONEYWELL INTELLECTUAL PROPERTIES INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 04-1338-KAJ |
| v. | ) ) | (Consolidated) |
| APPLE COMPUTER, INC., et al., | ) ) | |
| Defendants. | ) ) | |
| HONEYWELL INTERNATIONAL INC., et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 04-1337-KAJ |
| AUDIOVOX CORPORATION, et al., | ) ) | |
| Defendants. | ) ) ) | |
| OPTREX AMERICA, INC., | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 04-1536-KAJ |
| HONEYWELL INTERNATIONAL INC., et al., | ) ) ) | |
| Defendants. | ) ) | |

## STIPULATED PROTECTIVE ORDER

Whereas pretrial discovery in this action will necessarily involve the disclosure of trade secrets or confidential research, development, product or commercial information by the undersigned parties and by other non-parties from whom discovery may be sought; and

Whereas the undersigned parties wish to establish rules and procedures governing the treatment of such information, and accordingly have conferred in good faith with respect to the terms of this Protective Order pursuant to Fed. R. Civ. P. 26(c);

IT IS HEREBY STIPULATED AND AGREED BY AND AMONG THE UNDERSIGNED PARTIES AS FOLLOWS:

1.    **Scope of Protection.**

1.1    This Protective Order shall govern any record of information produced in this action and designated pursuant to ¶ 2 below, including all designated deposition testimony, all designated testimony taken at a hearing or other proceeding, interrogatory answers, documents and other discovery materials, whether produced informally or in response to interrogatories, requests for admissions, requests for production of documents, or other formal method of discovery.

1.2    This Protective Order shall also govern any designated record of information produced in this action pursuant to required disclosures under any federal procedural rule or any District of Delaware local rule, and any supplementary disclosures thereto.

1.3    This Protective Order shall apply to the undersigned parties and to any non-party from whom discovery may be sought and who produces confidential information (as defined below) (hereinafter, collectively, referred to as a "party" or the "parties").

2.    **Designation**

2.1    Each party shall have the right to designate as confidential and subject to this Protective Order any information produced by it in this action which contains, reflects, or otherwise discloses confidential technical, business, or financial information

2

("CONFIDENTIAL information"). This designation shall be made by stamping or otherwise labeling each page or thing containing confidential information with the legend CONFIDENTIAL prior to its production or, if inadvertently produced without such legend, by furnishing written notice to the receiving party that the information shall be considered CONFIDENTIAL under this Protective Order. The parties will use reasonable care to avoid designating any documents or information CONFIDENTIAL that are generally available to the public.

2.2    Each party shall have the right to designate as restricted to review by those categories of individuals identified in ¶ 4.2 below and subject to this Protective Order any information produced in this action which contains, reflects, or otherwise discloses: (1) trade secrets; (2) research and development or other highly sensitive technical information; or (3) highly sensitive business-related financial information (collectively, "CONFIDENTIAL— ATTORNEYS' EYES ONLY information"). This designation shall be made by stamping or otherwise labeling each page or thing containing confidential information with the legend CONFIDENTIAL—ATTORNEYS' EYES ONLY prior to its production or, if inadvertently produced without such legend, by furnishing written notice to the receiving party that the information shall be considered CONFIDENTIAL—ATTORNEYS' EYES ONLY under this Protective Order. To the extent that material is marked CONFIDENTIAL—ATTORNEYS' EYES ONLY, such material shall be revealed to or used by limited categories of individuals, as provided for in ¶ 4.2 below, and shall not be communicated in any manner, either directly or indirectly, to any person or entity not permitted disclosure pursuant to this Protective Order. Any copies of such material, abstracts, summaries, or information derived therefrom, and any notes or other records regarding the contents thereof, shall also be deemed

3

CONFIDENTIAL—ATTORNEYS' EYES ONLY, and the same terms regarding

confidentiality of these materials shall apply as apply to the originals. The parties will use

reasonable care to avoid designating any documents or information CONFIDENTIAL—

ATTORNEYS' EYES ONLY for which the designating party does not have a good faith

belief that the documents or information satisfy the criteria set forth in this paragraph.

     2.3     Each party shall have the right to designate as restricted to review by those

categories of individuals identified in ¶ 4.3 below and subject to this Protective Order any

information produced in this action which contains, reflects, or otherwise discloses

confidential information that comprises or contains sensitive information which is deemed by

the producing party as inappropriate for review by in house personnel of non-affiliated

companies except as otherwise provided herein, including: (1) trade secrets; (2) research and

development or other highly sensitive technical information; or (3) highly sensitive business-

related financial information (collectively, "HIGHLY CONFIDENTIAL—OUTSIDE

ATTORNEYS' EYES ONLY"). This designation shall be made by stamping or otherwise

labeling each page or thing containing confidential information with the legend HIGHLY

CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY prior to its production or, if

inadvertently produced without such legend, by furnishing written notice to the receiving

party that the information shall be considered HIGHLY CONFIDENTIAL—OUTSIDE

ATTORNEYS' EYES ONLY under this Protective Order. To the extent that material is

marked HIGHLY CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY, such material

shall be revealed to or used by limited categories of individuals, as provided for in ¶ 4.3

below, and shall not be communicated in any manner, either directly or indirectly, to any

person or entity not permitted disclosure pursuant to this Protective Order. Any copies of

such material, abstracts, summaries, or information derived therefrom, and any notes or other records regarding the contents thereof, shall also be deemed HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY, and the same terms regarding confidentiality of these materials shall apply as apply to the originals. Use of this highly restrictive designation is limited to information of the highest sensitivity. The parties will use reasonable care to avoid designating any documents or information HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY for which the designating party does not have a good faith belief that the documents or information satisfy the criteria set forth in this paragraph.

2.4     CONFIDENTIAL, CONFIDENTIAL— ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY information shall be used only for purposes directly related to this action, and for no other purpose whatsoever, except by consent of  the producing party or by order of the Court.

2.5     To the extent that any party has, prior to the date that this Order is entered, produced to the other side materials that the producing party has marked with any confidentiality designation, all such materials shall be considered to have been designated under this Order as HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY unless otherwise agreed by the producing party.

**3.     Limit On Use And Disclosure Of Designated Information.**

3.1     Each party and all persons bound by the terms of this Protective Order shall use any information or document governed by this Protective Order only in connection with the prosecution or defense of this action, except by consent of the producing party or by order of the Court. No party or other person shall disclose or release to any person not authorized under this Protective Order any information or document governed by this Protective Order

5

for any purpose, or to any person authorized under this Protective Order for any other purpose.

3.2    It is, however, understood that counsel for a party may give advice and opinions to his or her client based on his or her evaluation of designated confidential information received by the party, provided that such rendering of advice and opinions shall not reveal the content of such information except by prior written agreement with counsel for the producing party.

3.3    The attorneys of record for the parties and other persons receiving documents or information governed by this Protective Order shall exercise reasonable care to ensure that said documents or information governed by this Protective Order are: (a) used only for the purposes specified herein; and (b) disclosed only to authorized persons.

4.    **Disclosures Of Confidential, Confidential—Attorney's Eyes Only, and Highly Confidential—Outside Attorneys' Eyes Only Material.**

4.1    Absent the consent of the producing party, documents or information designated CONFIDENTIAL shall be disclosed by the recipient thereof only to:

(a)    the outside counsel of record and their staffs who are actively involved in this action and such additional law firms that become law firms of record for a party after the effective date of this Protective Order.

(b)    the Court and Court personnel, as provided in ¶ 12 below;

(c)    consultants, experts, or translators and their staffs retained by a party or its attorneys for purposes of this action, who are agreed upon by the parties pursuant to ¶ 6 below, who are not employees or otherwise affiliated with any of the parties (except persons scheduled

6

to be deposed by a party pursuant to Fed. R. Civ. P. 30(b)(6)), and who first agree to be bound by the terms of this Protective Order;

        (d)     court reporters employed in connection with this action;

        (e)     outside copying and computer services necessary for document handling, and other litigation support personnel (e.g., graphic designers and animators); and

        (f)     up to four (4) in-house counsel, legal or intellectual property staff members regularly employed by a party or the party's related corporate affiliate and responsible for assisting such party in connection with this action (hereinafter collectively with in-house counsel "In-house Counsel") or other designated employees of a party or the party's related corporate affiliate and responsible for assisting such party in connection with this action, provided that each such individual must first agree to be bound by the terms of this Protective Order. If the receiving party has less than four (4) In-house Counsel, the receiving party may assign designated employees of the party or employees of the party's related corporate affiliate who are responsible for assisting the receiving party in this action and agree to be bound by the terms of this protective order, who shall be deemed to be In-house Counsel for the purposes of this Protective Order, to have access to CONFIDENTIAL—ATTORNEYS' EYES ONLY documents or information of the Honeywell parties, but not of the non-Honeywell parties, provided that the total number of actual and deemed In-house Counsel allowed access to CONFIDENTIAL—ATTORNEYS' EYES ONLY documents or information is not more than four (4).

        4.2     Absent the consent of the producing party, documents or information designated CONFIDENTIAL—ATTORNEYS' EYES ONLY may be disclosed by the recipient thereof only to those categories of individuals listed in ¶¶ 4.1(a) - 4.1(e) above

7

subject to the restrictions therein; provided, however, documents or information designated CONFIDENTIAL—ATTORNEYS' EYES ONLY by a non-Honeywell party may be disclosed by the Honeywell parties to their In-house Counsel, and documents or information designated CONFIDENTIAL-ATTORNEY'S EYES ONLY by the Honeywell parties may be disclosed by a non-Honeywell party to its actual and deemed In-house Counsel.

4.3    Absent the consent of the producing party, documents or information designated HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY may be disclosed by the recipient thereof only to those categories of individuals listed in ¶¶ 4.1(a) - 4.1(e) above subject to the restrictions therein.

5.    **Redaction.**

Counsel for a party producing documents may mask ("redact") material deemed exempt from discovery because it is protected from disclosure under the attorney-client privilege or work product immunity afforded by Fed. R. Civ. P. 26(b). However, any document from which material is masked on this ground must identify in the masked area that masking or redaction has occurred. The reason for any such masking must be stated on a log to be provided within a reasonable time after the production of the documents. Sufficient information regarding the masked material must be provided to the other party to enable it to evaluate the legitimacy of the asserted privilege or immunity. The parties reserve the right to pursue categories for redaction in addition to those identified above, by either consent of the parties or order of the Court, to be addressed on a case-by-case basis.

8

6.    **Disclosure to Independent Consultants, Translators, Designated Employees, In-House Counsel, and Experts.**

6.1    If any party desires to disclose information designated by a producing party as CONFIDENTIAL, CONFIDENTIAL—ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY to any consultant, expert, or translator pursuant to ¶ 4.1(c) above or to any In-house Counsel or designated employee pursuant to ¶4.1(f), to the extent permitted by ¶ 4.2, it must first identify in writing to the attorneys for the producing party each such consultant, expert, translator, In-house Counsel, or designated employee. The writing shall be a facsimile, an email, or a first class mailing with facsimile or email confirmation. The attorneys for the producing party shall have ten (10) business days from receipt of such facsimile or email to object to disclosure of such information to any of the consultant, expert, translator, In-house Counsel, or designated employee so identified.

6.2    The identification of an expert or consultant shall include the full name and professional address and/or affiliation of the proposed expert or consultant, an up-to-date curriculum vitae, and a listing of at least all other present and prior employments or consultancies of the expert or consultant in the field of LCD display technologies. Additional information shall be provided upon request if available. The identification of an In-house Counsel shall include the full name and professional address of the In-house Counsel, an indication of whether such In-house Counsel performs patent prosecution in his/her employment. The identification of a designated employee shall identify the full name, professional address, position and job description of the designated employee. The identification of a translator shall include the full name, professional address of the proposed translator, and a listing of other present and prior employments in this case. The parties shall

attempt to resolve any objections informally. If the objections cannot be resolved, the party

objecting to the disclosure of CONFIDENTIAL, CONFIDENTIAL—ATTORNEYS' EYES

ONLY or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY

information to the expert, consultant, translator, In-house Counsel, or designated employee

may move the Court for an Order proscribing the disclosure. Failure by the objecting party to

move the Court for an Order within fifteen (15) days of its service of the original objection

will be deemed a waiver of its objections. On any motion challenging the disclosure of such

information to an expert, consultant, translator, In-house Counsel, or designated employee,

the burden of proof shall lie with the party objecting to the disclosure to establish that the

information should not be disclosed to the expert, consultant, translator, In-house Counsel, or

designated employee. In the event objections are made and not resolved informally, disclosure

of information to the expert, consultant, translator, In-house Counsel, or designated employee

shall not be made except by the Order of the Court (or to any limited extent upon which the

parties may agree).

### 7.    Agreement Of Confidentiality

In no event shall any information designated CONFIDENTIAL, CONFIDENTIAL—

ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS'

EYES ONLY be disclosed to any person authorized pursuant to ¶ 4 above, other than (a) the

Court and Court personnel, (b) the parties' attorneys identified in ¶ 4.1(a) and their authorized

secretarial and legal assistant staffs, (c) court reporters, and (d) outside copying and computer

services necessary for document handling, until such person has executed a written

Confidentiality Undertaking (in the form set forth in Exhibit A hereto) acknowledging and

agreeing to be bound by the terms of this Protective Order. Copies of such Confidentiality

Undertakings shall be promptly served on the producing party.

   **8.    Related Documents.**

   Information designated CONFIDENTIAL, CONFIDENTIAL—ATTORNEYS' EYES

ONLY or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY shall include:

(a) all documents, copies, extracts, and complete or partial summaries prepared from or

containing such information; (b) portions of deposition transcripts and exhibits thereto which

contain or reflect the content of any such documents, copies, extracts, or summaries; (c) portions

of briefs, memoranda or any papers filed with the Court and exhibits thereto which contain or

reflect the content of any such documents, copies, extracts, or summaries; (d) deposition

testimony designated in accordance with ¶ 9 below; and (e) testimony taken at a hearing or other

proceeding that is designated in accordance with ¶ 10 below.

   **9.    Designation of Deposition Transcripts.**

   9.1    Deposition transcripts, or portions thereof, may be designated as subject to this

Protective Order either (a) at the time of such deposition, in which case the transcript of the

designated testimony shall be marked by the reporter with the appropriate legend (see ¶ 2

above) as the designating party may direct, or (b) within thirty (30) days following the receipt

of the transcript of the deposition by providing written notice to the reporter and all counsel of

record, in which case all counsel receiving such notice shall mark the copies or portions of the

designated transcript in their possession or under their control as directed by the designating

party.

   9.2    All deposition transcripts not previously designated shall be deemed to be, and

shall be treated as CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY until the

11

expiration of the period set forth in ¶ 9.1 above, and neither the transcript nor the content of the testimony shall be disclosed by a non-designating party to persons other than those persons named or approved according to ¶ 4 above.

9.3    The designating party shall have the right to exclude from a deposition, before the taking of testimony which the designating party designates CONFIDENTIAL, CONFIDENTIAL—ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY and subject to this Protective Order, all persons other than those persons previously qualified to receive such information pursuant to ¶ 4 above.

10.    **Designation of Hearing Testimony or Argument.**

With respect to testimony elicited during hearings and other proceedings, whenever counsel for any party deems that any question or line of questioning calls for the disclosure of CONFIDENTIAL, CONFIDENTIAL—ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY information, counsel may designate on the record at any time during the hearing that the disclosure is subject to confidentiality restrictions. Whenever matter designated CONFIDENTIAL, CONFIDENTIAL—ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY is to be discussed in a hearing or other proceeding, any party claiming such confidentiality may ask the Court to have excluded from the hearing or other proceeding any person who is not entitled under this Order to receive information so designated.

11.    **Disclosure To Author Or Recipient.**

Notwithstanding any other provisions of this Order, nothing herein shall prohibit counsel or a party from disclosing a document containing information designated CONFIDENTIAL,

CONFIDENTIAL—ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY to any person which the document clearly identifies as an author, addressee, or carbon copy recipient of such document, or to any current employee of the producing party who by their testimony indicates that they have access to the type of information sought to be disclosed.  During deposition or trial testimony, counsel may disclose documents produced by a party to current employees and officers of the producing party who by their testimony indicates that they have access to the type of information sought to be disclosed. Regardless of confidentiality designations made pursuant to this Protective Order, if a document or testimony makes reference to the actual or alleged conduct or statements of a person who is a potential witnesses, counsel may discuss such conduct or statements with such witness without revealing any portion of the document or testimony other than that which specifically refers to such conduct or statement, and such discussion shall not constitute disclosure in violation of this Protective Order.

**12.     Designation of Documents Under Seal.**

Any information designated CONFIDENTIAL, CONFIDENTIAL—ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY, if filed with the Court, shall be filed under seal and shall be made available only to the Court and to persons authorized by the terms of this Protective Order. A party filing any paper which reflects, contains or includes any CONFIDENTIAL, CONFIDENTIAL—ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY information subject to this Protective Order shall file such paper in a sealed envelope, or other appropriately sealed container, which indicates the title of the action, the party filing the materials, the nature of the

13

materials filed, the appropriate legend (see ¶ 2 above), and a statement substantially in the following form:

> **This envelope contains documents subject to a Protective Order of the Court. It should be opened only by the Court. Its contents should not be disclosed, revealed, or made public except by Order of the Court or written agreement of the parties.**

### 13. Confidentiality Of A Party's Own Documents.

No person may disclose, in public or private, any designated information of another party except as provided for in this Protective Order, but nothing herein shall affect the right of the designating party to disclose to its own officers, directors, employees, attorneys, consultants or experts, or to any other person, its own information. Such disclosure shall not waive the protections of this Protective Order and shall not entitle other parties or their attorneys to disclose such information in violation of it, unless by such disclosure of the designating party the information becomes public knowledge (see ¶ 16 below). Similarly, the Protective Order shall not preclude a party from showing its own information to its own officers, directors, employees, attorneys, consultants or experts, or to any other person, which information has been filed under seal by the opposing party.

### 14. Other Protections.

14.1 No person shall use any CONFIDENTIAL, CONFIDENTIAL—ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY information, or information derived therefrom, for purposes other than the prosecution or defense of this action, including without limitation, for purposes of preparing, filing or prosecuting any patent application, continuation or divisional patent application, reissue patent application, or request for re-examination.

14

14.2    Any party may mark any document or thing containing CONFIDENTIAL, CONFIDENTIAL—ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY information as an exhibit to a deposition, hearing, or other proceeding and examine any witness thereon qualified under the terms of this Protective Order to have access to such designated material. Any respective portion of a transcript of the deposition, hearing, or other proceeding discussing the exhibit shall have the same confidentiality designation as the exhibit. No separate notice is needed regarding the respective portion unless otherwise agreed upon at the deposition, hearing, or other proceeding.

**15.    Challenge To Confidentiality.**

15.1    This Protective Order shall not preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of documents or other discovery materials as that party may consider appropriate. Nor shall any party be precluded from: (a) claiming that any matter designated hereunder is not entitled to the protections of the Protective Order; (b) applying to the Court for an Order permitting the disclosure of use of information or documents otherwise prohibited by this Protective Order; or (c) applying for a further Order modifying this Protective Order in any respect. No party shall be obligated to challenge the propriety of any designation, and failure to do so shall not preclude a subsequent challenge to the propriety of such designation.

15.2    On any motion challenging the designation of any information, the burden of proof shall lie with the producing party to establish that the information is, in fact, CONFIDENTIAL, CONFIDENTIAL—ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY information. If a party seeks

15

declassification or removal of particular items from a designation on the ground that such designation is not necessary to protect the interests of the party wishing the designated information, the following procedure shall be utilized:

      a.    the party seeking such declassification or removal shall give counsel of record for the other party written notice thereof specifying the designated information as to which such removal is sought and the reasons for the request; and

      b.    if, after conferring, the parties cannot reach agreement concerning the matter, then the party requesting the declassification or removal of particular items may file and serve a motion for a further Order of this Court directing that the designation shall be so removed.

**16.**    **Prior Or Public Knowledge**

This Protective Order shall not apply to information that, prior to disclosure, is public knowledge, and the restrictions contained in this Protective Order shall not apply to information that is, or after disclosure becomes, public knowledge other than by an act or omission of the party to whom such disclosure is made, or that is legitimately and independently acquired from a source not subject to this Protective Order.

**17.**    **Limitation Of Protective Order.**

This Protective Order is not intended to address discovery objections to produce, answer, or respond on the grounds of attorney-client privilege or work product doctrine, or to preclude any party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure or other applicable rule.

**18.    Other Proceedings.**

By entering this Protective Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this Order who may be subject to a motion to disclose another party's CONFIDENTIAL, CONFIDENTIAL— ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY information pursuant to this Order shall promptly notify that party of the motion so that it may have an opportunity to appear and be heard on whether such information should be disclosed.

**19.    Inadvertent Disclosure Of Work Product Or Privileged Information: Procedure And Waiver.**

19.1    If the producing party at any time notified the non-producing party in writing that it has inadvertently produced documents and/or things that are protected from disclosure under attorney-client privilege, work-product immunity, and/or any other applicable privilege or immunity from disclosure, the non-producing party shall return or destroy all physical and electronic copies of such documents and/or things to the producing party within five (5) business days of receipt of such notice and shall not further disclose or use such items, or information learned exclusively therefrom, for any purpose until further order of the Court. Upon being notified by the producing party pursuant to this section, counsel for the non-producing party shall use his or her best efforts to retrieve all copies of the documents or things at issue.

19.2    The return of any discovery item to the producing party shall not in any way preclude the non-producing party from moving the Court for a ruling that: (a) the document or

17

thing was never privileged or otherwise immune from disclosure; and/or (b) that any applicable privilege or immunity has been waived.

19.3    Inadvertent or unintentional disclosure of information subject to any privilege or immunity during the course of this litigation without proper designation shall not be deemed a waiver of a claim that disclosed information is in fact subject to a privilege or immunity if so designated within ten (10) business days after the producing party actually learns of the inadvertent or unintentional disclosure.

**20.    Non-Party Material.**

The terms of this Protective Order, as well as the terms of any protective order that may be entered into between a discovering party and third party for the production of information to the discovering party, are applicable to CONFIDENTIAL, CONFIDENTIAL—ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY information provided by a non-party. Information provided by a non-party in connection with this action and designated CONFIDENTIAL, CONFIDENTIAL—ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY pursuant to the terms of this Protective Order shall be protected by the remedies and relief provided by this Protective Order.

**21.    Return Of Designated Information.**

Within thirty (30) days of final termination of this action, unless otherwise agreed to in writing by an attorney of record for the designating party, each party shall assemble and return, or certify destruction of, all materials including both physical and electronic copies containing information designated CONFIDENTIAL, CONFIDENTIAL—ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY, including all copies,

extracts and summaries thereof, to the party from whom the designated material was obtained, except that (a) any documents or copies which contain, constitute, or reflect attorney's work product or attorney-client privilege communications, and (b) archive copies of pleadings, motion papers, deposition transcripts, correspondence, and written discovery responses may be retained by counsel.

**22.    Waiver Or Termination Of Order.**

No part of the restrictions imposed by this Protective Order may be waived or terminated, except by written stipulation executed by counsel of record for each designating party, or by an Order of the Court. The restrictions provided for herein shall not terminate upon the conclusion of this action, but shall continue until further Order of the Court.

**23.    Modification Of Order; Prior Agreements.**

This Protective Order may be modified, and any matter related to it may be resolved, by written stipulation of the parties without further Order of the Court. To the extent the terms of this Protective Order conflict with Local Rule 26.2 or with any agreements between the parties regarding the confidentiality of particular documents or information entered into before the date of this Protective Order, the terms of this Protective Order shall govern, except as to those documents and information produced or disclosed prior to the entry of this Protective Order, which documents and information shall continue to be governed by the terms of such prior agreements or by the provisions of Local Rule 26.2, as applicable.

19

Dated this _____ day of September 2006.

MORRIS, NICHOLS, ARSHT & TUNNELL    FISH & RICHARDSON P.C.


By: /s/ Thomas C. Grimm _____
    Thomas C. Grimm
    Leslie A. Polizoti
    1201 N. Market Street
    P.O. Box 1347
    Wilmington, DE  19899-1347
    (302) 658-9200
    tgrimm@mnat.com
    lpolizoti@mnat.com

*Attorneys for Plaintiffs Honeywell
International Inc. and Honeywell Intellectual
Properties, Inc. in C.A. Nos. 04-1338 and 04-
1536*

By: /s/ Thomas L. Halkowski _____
    Thomas L. Halkowski
    919 N. Market Street
    Suite 1100
    P.O. Box 1114
    Wilmington, DE  19899-1114
    (302) 652-5070
    halkowski@fr.com

*Attorneys for Casio Computer Co., Ltd.*


YOUNG CONAWAY STARGATT &
TAYLOR LLP

By: /s/ John W. Shaw _____
    John W. Shaw
    Monte T. Squire
    1000 West Street, 17th Floor
    Wilmington, DE  19899
    (302) 571-6600
    jshaw@ycst.com
    msquire@ycst.com

*Attorneys for Sony Corporation, Sony
Corporation of America, ST Liquid Crystal
Display and Quanta Display Inc.*

RICHARDS LAYTON & FINGER


By: /s/ William J. Wade _____
    William J. Wade
    One Rodney Square
    P. O. Box 551
    Wilmington, DE  19899
    (302) 651-7700
    wade@rlf.com

*Attorneys for Arima Display Corporation*

20

YOUNG CONAWAY STARGATT &
TAYLOR LLP


By: /s/ Karen L. Pascale
    Karen L. Pascale
    The Brandywine Bldg.
    1000 West Street, 17th Floor
    Wilmington, DE 19899
    (302) 571-6600
    kpascale@ycst.com

*Attorneys for Optrex America, Inc.*


POTTER ANDERSON & CORROON LLP


By: /s/ Richard L. Horwitz
    Richard L. Horwitz
    David E. Moore
    Hercules Plaza
    P.O. Box 951
    Wilmington, DE 19899
    (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

*Attorneys for BOE Hydis Technology Co., Ltd.,*
*Hitachi Displays, Ltd., Toppoly*
*Optoelectronics Corp., Koninklijke Philips*
*Electronics NV, Philips Electronics North*
*America Corp., Philips Consumer Electronics*
*North America, Wintek Corp., Wintek Electro-*
*Optics Corporation, Samsung SDI America,*
*Inc. and Samsung SDI Co., Ltd.*

POTTER ANDERSON & CORROON LLP


By: /s/ Philip A. Rovner
    Philip A. Rovner
    Hercules Plaza
    P. O. Box 951
    Wilmington, DE 19899
    (302) 984-6000
    provner@potteranderson.com

*Attorneys for Fuji Photo Film Co., Ltd. and*
*Fuji Photo Film U.S.A., Inc.*


BOUCHARD MARGULES &
FRIEDLANDER, P.A.


By: /s/ David Margules
    David Margules
    John M. Seaman
    222 Delaware Avenue, Suite 1400
    Wilmington, DE 19801
    (302) 573-3500
    dmargules@bmf-law.com
    jseaman@bmf-law.com

*Attorneys for Citizen Watch Co., Ltd. and*
*Citizen Displays Co., Ltd.*

21

SMITH KATZENSTEIN & FURLOW LLP          DUANE MORRIS LLP


By: /s/ Robert J. Katzenstein                    By: /s/ Gary William Lipkin
    Robert J. Katzenstein                            Gary William Lipkin
    Robert Karl Beste, III                           1100 N. Market Street
    800 Delaware Avenue, 7th Floor                   Suite 1200
    P. O. Box 410                                    Wilmington, DE 19801
    Wilmington, DE 19899                             (302) 657-4903
    (302) 652-8400                                   gwlipkin@duanemorris.com
    rkatzenstein@skfdelaware.com
    rkb@skfdelaware.com                       *Attorneys for Innolux Display Corporation*

*Attorneys for Seiko Epson Corporation and*
*Sanyo Epson Imaging Devices*

ASHBY & GEDDES


By: /s/ Steven J. Balick
    Steven J. Balick
    John G. Day
    222 Delaware Avenue
    P. O. Box 1150
    Wilmington, DE 19899
    (302) 654-1888
    sbalick@ashby-geddes.com
    jday@ashby-geddes.com

*Attorneys for Honeywell International Inc.*
*and Honeywell Intellectual Properties, Inc. in*
*C.A. 04-1337*


SO ORDERED:


Dated: _Sept. 19, 2006_          _United States District Court Judge_

22

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HONEYWELL INTERNATIONAL INC.; and HONEYWELL INTELLECTUAL PROPERTIES INC.; <br><br>          Plaintiffs, <br><br> v. <br><br> APPLE COMPUTER, INC., et al. <br><br>          Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 04-1338 KAJ (Consolidated) |

**CONFIDENTIALITY UNDERTAKING**

I certify that I have read the Stipulated Protective Order entered in the above-referenced action and that I fully understand the terms of that Order. By signing below, I recognize that I am bound by the terms of that Order, and I agree to comply with those terms in all respects. I hereby consent to the personal jurisdiction of the United States District Court, District of Delaware, for any proceedings involving the enforcement of that Order, and I waive any venue objection with respect to any such proceedings.

Executed this _____ day of _____, 200_.


_____
Name

_____
Affiliation

_____
Business Address

722501

# EXHIBIT 2

# THIS EXHIBIT HAS BEEN
# REDACTED IN ITS ENTIRETY

# EXHIBIT 3



Richard L. Horwitz
Partner
Attorney at Law
rhorwitz@potteranderson.com
302 984-6027 Direct Phone
302 658-1192 Fax

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

November 19, 2007

## BY ELECTRONIC FILING

The Honorable Mary Pat Thynge                    **PUBLIC VERSION**
United States District Court             **Public Version Dated: November 26, 2007**
For the District of Delaware
844 North King Street
Wilmington, DE 19801

     Re:    **Honeywell International, Inc., et al., v. Apple Computer, Inc., et al.,
D. Del., C.A. No. 04-1338-\*\*\***

Dear Magistrate Judge Thynge:

     Plaintiffs Honeywell International, Inc. and Honeywell Intellectual Properties, Inc.
(collectively, "Honeywell") have prosecuted this litigation ███████████████████████
██████████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████████████
██████████████████████████████████████████████. Honeywell,
however, wishes to keep the details of their collaboration with ████ secret from Defendants
Samsung SDI Co., Ltd, Samsung SDI America, Inc. (collectively, "Samsung SDI"), FUJIFILM
Corp., FUJIFILM U.S.A., Inc., and Optrex America, Inc. (collectively, "Defendants") in two
ways. First, Honeywell refuses to allow counsel for Defendants to disclose even the most
limited details of the ████ license to their clients. Second, Honeywell refuses to produce its
communications with ████, stating that they are protected by the common interest privilege.
Honeywell's motivation is clear: Honeywell does not want Defendants to know that one of their
competitors is driving this lawsuit or that any settlement payment will directly benefit their
competitor. Therefore, Defendants request that the Court order Honeywell to do the following:
1) permit counsel for Defendants to disclose enumerated details of the ████ license to their
clients and 2) produce its communications with ████.

**I.    In-House Counsel Should Be Permitted to See Certain Provisions of The ████
Licenses**

     On ██████████, Honeywell granted a non-exclusive license (hereinafter, "the 2003
License") to U.S. Patent No. 5,280,371 to ████. (Ex. A § 2.1.) ████████████████████
██████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████

The Honorable Mary Pat Thynge
November 19, 2007 (Public Version Dated: November 26, 2007)
Page 2



   Over a year later, ████████████, Honeywell and ███ entered into a second license ("the 2004 License"). (Ex. B.) ███

   Earlier this year, counsel for Samsung SDI requested that Honeywell allow them to disclose the following facts to their client:



Samsung SDI justified this request by stating that these facts could potentially form the basis for a patent misuse claim. Further, Samsung SDI did not seek to disseminate these facts as public information, instead seeking only to disclose them to a limited set of in-house counsel for Samsung SDI, who have already agreed to be bound by the protective order, as "Confidential-Attorneys' Eyes Only" information. Honeywell refused and offered to obtain an affidavit from ███ that would prove that no patent misuse occurred. Later, however, Honeywell stated that it would only attempt to obtain such an affidavit if counsel for Samsung SDI agreed in advance not to pursue a patent misuse claim. Counsel for Samsung SDI could not agree to Honeywell's proposal because Honeywell's proposal did not allow for counsel for Samsung SDI to consult with its client about the underlying facts.

   Honeywell has offered no justification for its claim that these facts deserve "Highly Confidential-Outside Attorneys' Eyes Only" designation, which justification is required under the protective order. Further, licenses that grant a third party the ability to approve license agreements have formed the basis for a patent misuse claim. *See United States v. Krasnov*, 143 F. Supp. 184, 203 (E.D. Pa. 1956); *United States v. Besser Mfg. Co.*, 96 F. Supp. 304 (E.D.

The Honorable Mary Pat Thynge
November 19, 2007 (Public Version Dated: November 26, 2007)
Page 3

Mich. 1951). Therefore, Honeywell should be compelled to permit Defendants' counsel to disclose the five facts enumerated above to individuals qualified to view "Confidential-Attorneys' Eyes Only" information.

**II.    Honeywell's Communications with ▮▮ Are Not Protected By a Joint Defense or Common Interest Privilege**

Defendants' requests for production encompass communications between Honeywell and ▮▮ regarding licensing of the '371 patent. In response to these requests, Honeywell has produced only a single email between ▮▮ and Honeywell and refused to produce almost one hundred communications, arguing that they are protected by an alleged joint defense of common interest privilege. However, the joint defense doctrine expands the attorney-client privilege to enable counsel for clients facing a common litigation opponent to exchange privileged communications and attorney work product in order to adequately prepare a defense without waiving either privilege. *Haines v. Liggett Group, Inc.*, 975 F.2d 81, 94 (3d Cir. 1992). For a communication to be protected, the interests must be identical, not similar, and be legal, not solely commercial. *Corning Inc. v. SRU Biosystems, LLC*, 223 F.R.D. 189, 190 (D. Del. 2004) (quotations and citations omitted).

Here, Honeywell has not demonstrated that it shares a legal interest with ▮▮, instead stating only that it and ▮▮ "had a common interest in this '371 patent." (Ex. C at 29:18–30:4.) Courts have found licensees and patent owners to have a common interest in a patent only when the licensee is an exclusive licensee or when the patentee owes the licensee a duty to defend that licensee's rights. *See Research Institute for Medicine & Chemistry, Inc. v. Wis. Alumni Research Found.*, 114 F.R.D. 672, 678 (W.D. Wis. 1987). Neither situation exists here. ▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Therefore, Honeywell and ▮▮ do not share a legal interest in the '371 patent, and the common interest privilege does not apply to Honeywell's communications with ▮▮

Without a common interest privilege, any privilege attaching to Honeywell's communications with ▮▮ has been waived. *See Corning*, 223 F.R.D. at 191-92 ("'Once a corporate decision is made to disclose [privileged documents] for commercial purposes, no matter what the economic imperatives, the privilege is lost.'"). Therefore, Defendants respectfully request that the Court order production of each of the documents withheld by Honeywell as joint defense or common interest privileged.

Respectfully,

/s/ Richard L. Horwitz

Richard L. Horwitz

RLH:nmt/830121/29140
cc:    Clerk of Court (by hand w/attachments)
       Counsel of Record (by e-filing and e-mail w/attachments)

# EXHIBIT 4

# ROBINS, KAPLAN, MILLER & CIRESI LLP

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
TEL: 612-349-8500 FAX: 612-339-4181
www.rkmc.com

ATTORNEYS AT LAW

STACIE E. OBERTS
(612) 349-8238

December 21, 2005

**Via Facsimile**

ALL COUNSEL OF RECORD
PER THE ATTACHED LIST

> Re:   Honeywell International Inc., et al. v. Audiovox Communications Corp., et al.
>       Court File No. C.A. 04-1337-KAJ
>       Honeywell International Inc., et al. v. Apple Computer, Inc., et al.
>       Court File No. C.A. No. 04-1338-KAJ
>       Optrex America, Inc. v. Honeywell International Inc., et al.
>       Civil Action No. 04-1536 (KAJ)
>       Our File No. 019896.0229

Dear Counsel:

   Attached for your consideration, please find a proposed confidentiality/protective order for the above matters. This draft is for discussion purposes and is only meant as a starting point for our discussions. We, of course, reserve the right to modify this document in light of any positions taken by the defendants.

Very truly yours,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

Stacie E. Oberts

SEO:jw
Enclosure

cc:   Martin R. Lueck, Esq.
      Thomas G. Grimm, Esq. (via facsimile)
      Steven J. Balick, Esq. (via facsimile)

MP3 20161942.1

ATLANTA · BOSTON · LOS ANGELES · MINNEAPOLIS · NAPLES · SAINT PAUL · WASHINGTON, D.C.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HONEYWELL INTERNATIONAL INC.; and<br>HONEYWELL INTELLECTUAL PROPERTIES<br>INC.;<br><br>       Plaintiffs,<br><br>v.<br><br><br>APPLE COMPUTER, INC., et al.<br><br>       Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

Civil Action No. 04-1338 KAJ

## STIPULATED PROTECTIVE ORDER

Whereas pretrial discovery in this action will necessarily involve the disclosure of trade secrets or confidential research, development, product or commercial information by the undersigned parties and by other non-parties from whom discovery may be sought; and

Whereas the undersigned parties wish to establish rules and procedures governing the treatment of such information, and accordingly have conferred in good faith with respect to the terms of this Protective Order pursuant to Fed. R. Civ. P. 26(c);

IT IS HEREBY STIPULATED AND AGREED BY AND AMONG THE UNDERSIGNED PARTIES AS FOLLOWS:

1.    **Scope of Protection.**

1.1    This Protective Order shall govern any record of information produced in this action and designated pursuant to ¶ 2 below, including all designated deposition testimony, all designated testimony taken at a hearing or other proceeding, interrogatory answers, documents and other discovery materials, whether produced informally or in response to interrogatories,

requests for admissions, requests for production of documents, or other formal method of discovery.

1.2   This Protective Order shall also govern any designated record of information produced in this action pursuant to required disclosures under any federal procedural rule or any District of Delaware local rule, and any supplementary disclosures thereto.

1.3   This Protective Order shall apply to the undersigned parties and to any non-party from whom discovery may be sought and who produces confidential information (as defined below) (hereinafter, collectively, referred to as a "party" or the "parties").

2.   **Designation**

2.1   Each party shall have the right to designate as confidential and subject to this Protective Order any information produced by it in this action which contains, reflects, or otherwise discloses confidential technical, business, or financial information ("CONFIDENTIAL information"). This designation shall be made by stamping or otherwise labeling each page or thing containing confidential information with the legend CONFIDENTIAL prior to its production or, if inadvertently produced without such legend, by furnishing written notice to the receiving party that the information shall be considered confidential under this Protective Order. The parties will use reasonable care to avoid designating any documents or information CONFIDENTIAL that are generally available to the public.

2.2   Each party shall have the right to designate as restricted to review by those categories of individuals identified in ¶ 4.2 below and subject to this Protective Order any information produced in this action which contains, reflects, or otherwise discloses: (1) trade secrets; (2) research and development or other highly technical information; or (3) highly sensitive business-related financial information (collectively, "HIGHLY CONFIDENTIAL

2

information"). This designation shall be made by stamping or otherwise labeling each page or thing containing confidential information with the legend HIGHLY CONFIDENTIAL prior to its production or, if inadvertently produced without such legend, by furnishing written notice to the receiving party that the information shall be considered HIGHLY CONFIDENTIAL under this Protective Order. To the extent that material is marked HIGHLY CONFIDENTIAL, such material shall be revealed to or used by limited categories of individuals, as provided for in ¶ 4.2 below, and shall not be communicated in any manner, either directly or indirectly, to any person or entity not permitted disclosure pursuant to this Protective Order. Any copies of such material, abstracts, summaries, or information derived therefrom, and any notes or other records regarding the contents thereof, shall also be deemed HIGHLY CONFIDENTIAL, and the same terms regarding confidentiality of these materials shall apply as apply to the originals. Use of this highly restrictive designation is limited to information of the highest sensitivity. The parties will use reasonable care to avoid designating any documents or information HIGHLY CONFIDENTIAL for which the designating party does not have a good faith belief that the documents or information satisfy the criteria set forth in this paragraph.

2.3. CONFIDENTIAL or HIGHLY CONFIDENTIAL information shall be used only for purposes directly related to this action, and for no other purpose whatsoever, except by consent of all of the parties or by order of the Court.

2.4    To the extent that any party has, prior to the date that this Order is entered, produced to the other side materials that the producing party has marked with any confidentiality designation, all such materials shall be considered to have been designated under this Order as HIGHLY CONFIDENTIAL unless otherwise agreed by the parties.

**3.    Limit On Use And Disclosure Of Designated Information.**

3.1.    Each party and all persons bound by the terms of this Protective Order shall use any information or document governed by this Protective Order only in connection with the prosecution or defense of this action, except by consent of the parties or by order of the Court. No party or other person shall disclose or release to any person not authorized under this Protective Order any information or document governed by this Protective Order for any purpose, or to any person authorized under this Protective Order for any other purpose.

3.2.    It is, however, understood that counsel for a party may give advice and opinions to his or her client base on his or her evaluation of designated confidential information received by the party, provided that such rendering of advice and opinions shall not reveal the content of such information except by prior written agreement with counsel for the producing party.

3.3    The attorneys of record for the parties and other persons receiving documents or information governed by this Protective Order shall exercise reasonable care to ensure that said documents or information governed by this Protective Order are:  (a) used only for the purposes specified herein; and (b) disclosed only to authorized persons.

**4.    Disclosures Of Confidential And Highly Confidential Material.**

4.1    Documents or information designated CONFIDENTIAL shall be disclosed by the recipient thereof only to:

(a)    the attorneys of record and their staffs who are actively involved in this action and such additional law firms that become law firms of record for a party after the effective date of this Protective Order, provided that such individuals shall not be provided access to HIGHLY CONFIDENTIAL information if such individuals:

4

        (i)      currently participate in, direct, or supervise any patent prosecution activity involving LCD technology or technology directed to the display image or power consumption of LCD products (collectively, "the Subject Matter"). During the pendency of this litigation and for one year after the full and final conclusion of this litigation, including all appeals, those attorneys at counsel of record for a party who are provided access to HIGHLY CONFIDENTIAL materials covered by this Protective Order shall not participate in, direct, or supervise any patent prosecution activity in the United States Patent and Trademark Office, or with any patent office outside the United States involving the Subject Matter, or

        (ii)    currently provide non-legal business advice or non-legal business representation to clients in the LCD industry wherein the HIGHLY CONFIDENTIAL business-related financial information of any opposing party would be relevant to such non-legal business advice or non-legal business representation. During the pendency of this litigation and for one year after the full and final conclusion of this litigation, including all appeals, those attorneys at counsel of record for a party who are provided access to HIGHLY CONFIDENTIAL materials covered by this Protective Order will not provide non-legal business advice or non-legal business representation to clients in the LCD industry wherein the HIGHLY CONFIDENTIAL business-related financial information of any other party would be relevant to such non-legal business advice or representation.

        (b)    the Court and Court personnel, as provided in ¶ 12 below;

        (c)    consultants or experts and their staffs retained by a party or its attorneys for purposes of this action, who are agreed upon by the parties pursuant to ¶ 6 below, who are

not employees or otherwise affiliated with any of the parties (except persons scheduled to be deposed by a party pursuant to Fed. R. Civ. P. 30(b)(6)), and who first agree to be bound by the terms of this Protective Order;

        (d)     court reporters employed in connection with this action;

        (e)     outside copying and computer services necessary for document handling, and other litigation support personnel (e.g., graphic designers and animators); and

        (f)     in-house counsel of a party and up to eight (8) designated employees of a party, provided that each such individual must first agree to be bound by the terms of this Protective Order.

    4.2    Documents or information designated HIGHLY CONFIDENTIAL may be disclosed by the recipient thereof only to those categories of individuals listed in ¶¶ 4.1(a) – 4.1(e) above subject to the restrictions therein.    In addition, HIGHLY CONFIDENTIAL documents or information may also be disclosed to in-house counsel of a party and up to three (3) designated employees for a party subject to the restrictions otherwise imposed by 4.1(a) – 4.1(e) above.

    **5.**    **Redaction.**

    Counsel for a party producing documents may mask ("redact") material deemed exempt from discovery because it is protected from disclosure under the attorney-client privilege or work product immunity afforded by Fed. R. Civ. P. 26(b).    However, any document from which material is masked must identify in the masked area that masking or redaction has occurred.    The reason for any such masking must be stated on a log to be provided within thirty (30) days after the production of the documents.    Sufficient information regarding the masked material must be provided to the other party to enable it to evaluate the legitimacy of the asserted privilege or

# EXHIBIT 5

# STROOCK

VIA E-MAIL AND U.S. MAIL

December 3, 2007

Kevin C. Ecker
Direct Dial 212-806-6471
Fax 212-806-7171
kecker@stroock.com

Anthony A. Froio, Esq.
Robins, Kaplan, Miller & Ciresi LLP
800 Boylston Street - 25th Floor
Boston, MA  02199

Re:   *Honeywell International Inc. et al. v. Apple Computer Inc. et al.*
      USDC/DDE Case No. 04-1338-***
      Our Client/Matter No. 208801/0921

Dear Tony:

Attached please find two signed undertakings under the Protective Order in the
Honeywell v. Apple et al. litigation.  Mr. Nakamura and Ms. Manabe are members of
Fuji 's Intellectual Property Division and, while they are not in-house counsel attorneys
*per se,* they are responsible for assisting Fuji in this action and agree to be bound by the
terms of this Protective Order.  Fuji does not have in-house counsel who are attorneys.
Both Mr. Nakamura and Ms. Manabe are deemed in-house counsel for Fuji and are
qualified to see "Confidential - Attorneys' Eyes Only" documents pursuant to paragraph
4.2 of the Protective Order.

Pursuant to paragraph 6.2 of the Protective Order, I have included the required
information for each designated employee.  Since neither Mr. Nakamura or Ms.
Manabe are unfamiliar names to Honeywell, I request that Honeywell waive the 10 day
waiting period requirement of paragraph 6.1 so that we may disclose the LG
Information to Mr. Nakamura and Ms. Manabe.

| Name | Position | Job Description |
| --- | --- | --- |
| Atsushi (Jun) Nakamura | Senior Technical Manager, of the Intellectual Property Legal Division, Intellectual Property Division. | In charge of the support and defense of Fuji in this and other litigations. |
| Leiko Manabe | Member of Intellectual Property Legal Division, Intellectual Property Division. | Assists in the support and defense of Fuji in this and other litigations. |

NY 71115273v1

STROOCK & STROOCK & LAVAN LLP · NEW YORK · LOS ANGELES · MIAMI
180 MAIDEN LANE, NEW YORK, NY 10038-4982 TEL 212.806.5400 FAX 212.806.6006 WWW.STROOCK.COM

Anthony Froio, Esq.
Robins, Kaplan, Miller & Ciresi LLP
December 3, 2007
Page 2


If we don't hear from you earlier, we intend to disclose the information regarding the
LG Philips license agreement permitted by the Court to these individuals 10 business
days from the date of this letter. If you have any questions, please do not hesitate to
contact me.

Very truly yours,

Kevin C. Ecker

KCE/cd
Enclosures

        Matthew L. Woods, Esq. (via email only)
        Stacie E. Oberts, Esq. (via email only)
        Peter N. Surdo, Esq. (via email only)
        Lawrence Rosenthal, Esq. (via email only)
        Ian G. DiBernardo, Esq. (via email only)

STROOCK & STROOCK & LAVAN LLP · NEW YORK · LOS ANGELES · MIAMI
180 MAIDEN LANE, NEW YORK, NY 10038-4982 TEL 212.806.5400 FAX 212.806.6006 WWW.STROOCK.COM
STROOCK & STROOCK & LAVAN LLP · NEW YORK · LOS ANGELES · MIAMI
180 MAIDEN LANE, NEW YORK, NY 10038-4982 TEL 212.806.5400 FAX 212.806.6006 WWW.STROOCK.COM

**EXHIBIT A**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HONEYWELL INTERNATIONAL INC.; and HONEYWELL INTELLECTUAL PROPERTIES INC.; | ) ) ) ) | |
| Plaintiffs, | ) | Civil Action No. 04-1338 KAJ (Consolidated) |
| v. | ) ) | |
| APPLE COMPUTER, INC., et al. | ) ) | |
| Defendants. | ) ) ) | |

### CONFIDENTIALITY UNDERTAKING

I certify that I have read the Stipulated Protective Order entered in the above-referenced action and that I fully understand the terms of that Order. By signing below, I recognize that I am bound by the terms of that Order, and I agree to comply with those terms in all respects. I hereby consent to the personal jurisdiction of the United States District Court, District of Delaware, for any proceedings involving the enforcement of that Order, and I waive any venue objection with respect to any such proceedings.

Executed this 3 day of December , 2007.

_Atsushi Nakamura_    Atsushi Nakamura
Name

_FUJIFILM Corporation_
Affiliation

_9-7-3 Akasaka, Minatoku Tokyo, Japan_
Business Address

722501

## EXHIBIT A

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| HONEYWELL INTERNATIONAL INC.; and HONEYWELL INTELLECTUAL PROPERTIES INC.; | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 04-1338 KAJ (Consolidated) |
| v. | ) ) | |
| APPLE COMPUTER, INC., et al. | ) ) | |
| Defendants. | ) ) ) | |

### CONFIDENTIALITY UNDERTAKING

I certify that I have read the Stipulated Protective Order entered in the above-referenced action and that I fully understand the terms of that Order. By signing below, I recognize that I am bound by the terms of that Order, and I agree to comply with those terms in all respects. I hereby consent to the personal jurisdiction of the United States District Court, District of Delaware, for any proceedings involving the enforcement of that Order, and I waive any venue objection with respect to any such proceedings.

Executed this _3_ day of _December_, 200_.

_Leiko Manabe_
Name

_FUJIFILM Corporation_
Affiliation

_9-7-3 Akasaka, Minatoku, Tokyo, Japan_
Business Address

722501

# EXHIBIT 6

# STROOCK

VIA E-MAIL AND U.S. MAIL

Kevin C. Ecker
Direct Dial  212-806-6471
Fax 212-806-7171
kecker@stroock.com

December 4, 2007

Anthony A. Froio, Esq.
Robins, Kaplan, Miller & Ciresi LLP
800 Boylston Street – 25th Floor
Boston, MA  02199

Re:    *Honeywell International Inc. et al. v. Apple Computer Inc. et al.*
       USDC/DDE Case No. 04-1338-*** (consolidated)
      Our Client/Matter No. 208801/0921

Dear Tony:

Further to my letter of December 3, 2007, it has recently come to my attention that
FUJIFILM Corporation ("Fuji Japan") does, in fact, have in-house counsel.  An
individual, admitted to practice in New York, has recently joined Fuji Japan's
Intellectual Property Legal Division of its Intellectual Property Division.  Presently, this
individual is not involved in the above referenced litigation and therefore does not
constitute an "in-house counsel" under section 4.1(f) of the Protective Order.

If you have any questions, please do not hesitate to contact me.

Very truly yours,

Kevin C. Ecker

KCE/cd

cc:    Matthew L. Woods, Esq. (via email only)
      Stacie E. Oberts, Esq. (via email only)
      Peter N. Surdo, Esq. (via email only)
      Lawrence Rosenthal, Esq. (via email only)
      Ian G. DiBernardo, Esq. (via email only)

NY 71119556v1

STROOCK & STROOCK & LAVAN LLP · NEW YORK · LOS ANGELES · MIAMI
180 MAIDEN LANE, NEW YORK, NY 10038-4982 TEL 212.806.5400 FAX 212.806.6006 WWW.STROOCK.COM

# EXHIBIT 7

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

800 BOYLSTON STREET
25TH FLOOR
BOSTON, MA 02199
TEL: 617-267-2300  FAX: 617-267-8288
www.rkmc.com

ATTORNEYS AT LAW

ANTHONY A. FROIO
617-859-2718

December 28, 2007

**VIA E-MAIL AND U.S. MAIL**

Kevin C. Ecker, Esq.
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038

Re:    *Honeywell International, Inc. et al. v. Apple Computer, Inc., et al.*
       Civil Action No. 04-1338 (KAJ) (consolidated)

Dear Kevin:

Honeywell has reviewed FujiFilm Corporation's ("Fuji") request as contained in your letter of December 3, 2007 relative to the disclosure of the LG Philips License Agreement Summary authorized by Judge Thygne (the "LPL Summary"). Honeywell disagrees with your reading of the transcript of the November 21, 2007 hearing on the LPL issue. Judge Thygne made it clear to the parties that Samsung SDI's request for disclosure of the LPL Summary was to "a limited set of in-house counsel." Transcript, p. 34. Judge Thygne also made clear that the disclosure was to be made solely to in-house counsel for purposes of analyzing the "basis of a patent misuse claim." Transcript, p. 34. What Attorney Korniczky asked was for authority to disclose the LPL Summary to non U.S. attorneys which Judge Thygne did approve provided they were bound by the court order. Judge Thygne stated that she did not "expect it to be disseminated throughout a number of non-legal personnel." Transcript, p. 35. As you may recall, Attorney Rosenthal specifically referenced the 3-tier Protective Order seeking apparent authority to disclose the LPL Summary to more than just in-house counsel. Judge Thygne indicated that she had already given her ruling on that issue and did not wish to reconsider her ruling in this regard. Transcript, p. 37 – 38.

Accordingly, Honeywell does not consent to Fuji's disclosure of the LPL Summary to the individuals named in your December 3, 2007 letter because they are not in-house counsel. To the extent Fuji's in-house counsel referenced in your letter of December 4, 2007 qualifies as such under Section 4.1 (f) of the Protective Order, Honeywell would agree to its disclosure to this individual.

Kevin C. Ecker, Esq.
December 28, 2007
Page 2

        If you have any questions or comments, or wish to discuss this matter further, please call me.

                  Sincerely,

                  ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

                  Anthony A. Froio

AAF/ehm

cc:    Matthew L. Woods, Esq.