# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Thomas C. Grimm
302 351 9595
302 425 4661 Fax
tgrimm@mnat.com

January 4, 2008

PUBLIC VERSION

The Honorable Mary Pat Thynge
United States District Court
  for the District of Delaware
844 King Street
Wilmington, DE 19801

**BY E-FILING**

Re:   *Honeywell, et al. v. Apple Computer, et al.*,
       C.A. No. 04-1338-*** (Consolidated)

Dear Judge Thynge:

      We write on behalf of Honeywell International Inc. and Honeywell Intellectual Properties Inc. (hereafter "Honeywell") in response to Defendants', FUJIFILM Corporation and FUJIFILM U.S.A. Inc. (collectively "Fuji"), letter brief seeking an order to compel disclosure of the summary of the Honeywell / LG Philips LCD Co., Ltd. license agreement (hereafter "License Summary") to **non**-in-house counsel. Fuji's request should be denied for the following reasons:

- This Court ruled on this very issue unambiguously limiting disclosure of the License Summary to in-house counsel **only**;

- Disclosure of the License Summary was allowed for the limited purpose of defendants' in-house counsel evaluating a potential patent misuse claim; and

- Honeywell has refused to allow other defendants the right to disclose the License Summary to non-in-house counsel.

For all of the above reasons, Honeywell respectfully requests that this Court deny Fuji's motion to compel disclosure to non-in-house counsel, which in effect is a motion for reconsideration of this Court's prior Order.

     1.    **Due to the Sensitive Nature of the License Summary, This Court Limited Disclosure to In-House Counsel Only.**

      This Court has already ruled on the very issue that Fuji raises now. On November 21, 2007 a hearing was held, in part, to deal with a request from Samsung SDI ("SDI") that portions of the

REDACTED

The Honorable Mary Pat Thynge
January 4, 2008
Page 2

REDACTED    During that hearing, this Court unambiguously ordered that the only disclosure allowed would be to a "limited set of in-house counsel...who have already agreed to be bound by the protective order as confidential attorney eyes only information." To avoid any confusion this Court further stated, "[a]nd that is how it's going to be used. And that is who it's going to be allowed to go to." (Annotated Hearing Transcript Attached as Exhibit 1.) It is evident from the Court's ruling that the extent of the disclosure was unambiguous and narrow due to the sensitive nature of the material.

Further, during the hearing, counsel for both SDI and Optrex asked questions regarding the scope of the Order to allow some disclosure of the License Summary. Hearing Tr. 33:1-34:8; 34:25-35:35:10. (Hearing Transcript References may be found in the attached Exhibit 1.) In fact, the Court, itself, sought clarification on this very point asking counsel for Samsung SDI "[a]nd it would be only to, it is my understanding, **the level that is in-house counsel** and in-house counsel in these companies could not disclose it to anyone else; is that correct". Counsel for SDI assured the Court that that understanding was correct. Hearing Tr. 31:6-10 (*emphasis added*). The Court further confirmed this understanding of the nature of the disclosure by closing on this issue stating, "And that is the way it will be then. So to the extent that that is covered in there, I will allow it, **but I don't expect it to be disseminated throughout a number of non-legal personnel**." Hearing Tr. 35:7-10 (*emphasis added*).

Following the above discussion, counsel for Fuji raised the very issue at hand here. Counsel attempted to argue that due to the language of the Protective Order the disclosure should be allowed to be broader than in-house counsel only. Hearing Tr. 37:21-38:7. This Court recognized counsel's argument for what it was and refused to allow such broadening of the Order. This Court noted that a ruling had already been made and that no further discussion was necessary as to the point of disclosure. Hearing Tr. 38:8-10. The License Summary would be disclosed to no one other than in-house counsel.

No ambiguity remains. The License Summary may not go beyond in-house counsel attorneys. The material within the summary is highly sensitive, and Honeywell's need for protection of that material must be respected. This Court understood that in ruling on this issue in the precise manner that occurred during the November 21st hearing.

2. **The Only Basis for Allowing Disclosure was to Allow In-House Counsel to Evaluate a Potential Patent Misuse Claim.**

When SDI moved this Court for disclosure of the License Summary, it did so for a singular narrow purpose and even SDI anticipated that the disclosure would be to a limited set of people.    REDACTED

More importantly, SDI, itself, recognized that disclosure should be limited due to the highly sensitive nature of the materials. On this point, counsel for SDI wrote in its letter brief, "Further, Samsung SDI did not seek to disseminate these facts as public information, instead seeking only to disclose them to a limited set of in-house counsel for

The Honorable Mary Pat Thynge
January 4, 2008
Page 3

Samsung SDI, who have already agreed to be bound by the protective order, as "Confidential-Attorneys' Eyes Only" information." (*Id.*)

Fuji now comes to this Court seeking a much broader disclosure, yet cannot articulate any reason why it should be allowed. The purpose for reviewing the License Summary remains the same as described by Samsung SDI above. Therefore, the only persons who should be granted access to these confidential materials are in-house counsel as they are properly qualified to evaluate the merits of a patent misuse claim.

Fuji also tries to guise its request under the auspice of not having "any attorneys at law assisting in the defense of this action, so that the Order of this Court on the above-described issue is meaningless to Fuji Japan..." This is simply a red herring. Fuji does have in-house counsel, who apparently has chosen not to be involved in this litigation. This Court's Order has exactly the meaning intended: in-house counsel may review the limited contents of the License Summary in order to analyze whether to assert a patent misuse claim. Fuji cannot articulate any reason why non-in-house counsel would need access to this material; therefore, the Court should uphold its Order and continue to limit access to the License Summary to in-house counsel only.

### 3. Honeywell Has Limited Access of the License Summary to In-House Counsel Only With Other Defendants.

On November 21st, immediately following the hearing, counsel for Honeywell contacted each defendant asking for the names of the in-house counsel to whom disclosure of the License Summary would be made. During the correspondence that ensued, counsel for the defendants questioned whether the Court's Order did, in fact, limit disclosure to lawyers only. Honeywell remained steadfast in its position that non-attorneys were not allowed access to these materials, and on November 30th, counsel for Samsung SDI agreed that only in-house lawyers would see the License Summary information.[1] Honeywell respectfully requests that this Court confirm its November 21st Order limiting disclosure of the License Summary to in-house counsel only.

In conclusion, Fuji's motion to compel disclosure to non-in-house counsel and reconsideration of this Court's prior Order should be denied. This Court carved out very narrow parameters for the disclosure of the License Summary. The Court recognized that such limited disclosure still allowed the defendants to fully analyze any potential patent misuse claim. The parties also recognized that disclosure beyond in-house counsel was unnecessary and inappropriate based upon the grounds originally sought by the defendants for disclosure of the License Summary. For these reasons, Honeywell respectfully requests that this Court deny Fuji's motion.

---

[1] Samsung SDI reserved its rights on this issue but no further objection has been made to Honeywell's understanding of this Court's Order.

The Honorable Mary Pat Thynge
January 4, 2008
Page 4

Respectfully,

*Thomas C. Grimm*

Thomas C. Grimm (#1098)

TCG
Enclosures
cc:    Dr. Peter T. Dalleo, Clerk (by hand, w/encls.)
        CM/ECF list (by e-filing)
        Counsel for Non-Stayed Defendants (by email, w/encls.)