# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Thomas C. Grimm
302 351 9595
302 425 4661 Fax
tgrimm@mnat.com

January 4, 2008

## PUBLIC VERSION

The Honorable Mary Pat Thynge                                    **BY E-FILING**
United States District Court
844 King Street
Wilmington, DE 19801

    Re:    *Honeywell, et al. v. Apple Computer, et al.*, C.A. No. 04-1338-*** (Cons.)

Dear Judge Thynge:

    Honeywell submits this letter brief in opposition to the motion brought by the Fuji Defendants ("Fuji") regarding Honeywell's Invention Disclosures. Fuji's motion, coming nearly a year after Defendants first deposed one of Honeywell's inventors, should be denied because the Invention Disclosures are Privileged, the Rule of Evidence cited by Fuji does not apply on these facts, and Honeywell has not waived its privilege.

    **I.**    **The Invention Disclosures are Privileged.**

    Despite Fuji's representations otherwise, the Federal Circuit has ruled that communications with a patent attorney—including a review by a patent committee—for the purpose of securing a legal opinion or assistance are privileged. *In re Spalding*, 203 F.3d 800, 805 (Fed. Cir. 2000). In *Spalding*, an invention record was submitted to the corporate legal department for the purpose of seeking legal advice, and the record was reviewed by a patent committee. The invention record was privileged. *Id.* at 802, 805.

    Honeywell engaged in a similar process for the invention of the '371 patent.
REDACTED

    Under these facts and the law of *Spalding*, the Invention Disclosures are confidential attorney-client communications.

    Despite the Federal Circuit's strong proclamation, Fuji argues that the involvement of a patent committee somehow negates the attorney-client privilege attached to invention disclosures. The existence of a committee is irrelevant as a matter of law, because the Federal

The Honorable Mary Pat Thynge
January 4, 2008
Page 2

Circuit gave such an argument no consideration. *Spalding*, 203 F.3d at 802, 805. Even if it were relevant, Fuji is incorrect in claiming that Honeywell's committee served a "primarily business purpose", a representation inconsistent with Honeywell's testimony, which speaks for itself in terms of the factors the committee considered. Wood 2/28/07 Tr. 54:22-56:19 (the patent committee considers several factors relating to patentability, including novelty, statutory bars, uniqueness, and usefulness). Tellingly, the committee does not make any attempt to estimate the value of an invention. Wood 2/28/07 Tr. 56:2-4.

In short, because the invention disclosures were submitted by the inventors for review by two Honeywell attorneys (Roger Jensen and Dale Jepsen) to seek legal counsel as to the patentability of their invention, they are privileged under Federal Circuit law.

## II. Federal Rule of Evidence 612 does not Require the Production of the Privileged Invention Disclosures.

Rule 612, regarding a writing used to refresh a witness's recollection, does not require the disclosure of Honeywell's otherwise privileged documents. The Rule allows disclosure only in certain circumstances that Fuji cannot meet here.

There are three elements that a party must satisfy in order to make a successful Rule 612 determination in the Third Circuit: (1) the witness must use the documents to refresh his memory; (2) the witness must use the documents for the purpose of testifying; and (3) the court must determine that the production of the documents is in the interests of justice. Fed. R. Evid. 612; *Sporck v. Peil*, 759 F.2d 312, 317 (3d Cir. 1985). Fuji must prove not only that the witnesses refreshed their memory, but also that the invention disclosures were relied on by the witnesses and that the documents impacted the witnesses' testimony, otherwise Rule 612 simply does not apply. *See Sporck*, 759 F.2d at 318. Fuji's reliance on the *Julian* case is misplaced, because the case does not even address the specific requirements set forth in Rule 612 and further discussed in *Sporck*. *Julian v. Raytheon Co.*, 93 F.R.D. 138 (D. Del. 1982).

In this case, inventors McCartney and Jepsen answered questions regarding the invention disclosure and related documents <u>only to the extent necessary to establish that the documents are privileged</u>. They did not testify substantively about the content of the documents, nor did they testify that they used the documents for the purpose of testifying. As evidenced throughout the depositions of McCartney and Jepsen, they testified as percipient witnesses as the authors and recipients of the documents directly from their memory, not from the substance of the invention disclosures. *See, e.g.*, McCartney 3/14/07 Tr. 95:10, 96:14-16; McCartney Tr. 3/15/07 480:12-18, 481:20-482:1; Jepsen 3/2/07 Tr. 53:23-25; 86:12. The first two elements of the *Sporck* test have not been met, so Rule 612 does not apply to the documents at issue. *See id.* at 318. Further, even though it is not the appropriate legal standard, *Julian* does not apply on these facts where the witnesses did not use an attorney-created compendium. 93 F.R.D. at 146.

Even if Fuji could show that the first two *Sporck* criteria were met, the Court must then determine that the interests of justice require piercing the attorney-client privilege. The equities

do not favor the Defendants, where the witnesses were fully able to testify from their own memory regarding the Defendants' appropriate questions.

### III. Privilege Encompassing the Invention Disclosures has not been Waived.

Defendants contend that the attorney-client privilege is waived because Honeywell has placed the "knowledge and understanding of the inventors and their attorney at issue." But neither Honeywell nor the witnesses placed anything "at issue." Further, the witnesses did not testify to any substance of any attorney-client communication sufficient to waive privilege.

An "at issue" waiver of the attorney-client privilege is implied only where the client voluntarily places a new fact or legal issue into a case, the truthful resolution of which will require examination of the confidential communications. *Murata Manuf. Co., Ltd. v. Bel Fuse, Inc.*, No. 03 C 2934, 2007 U.S. Dist. LEXIS 17224 at *19-20 (N.D. Ill. March 8, 2007) (citing *Rhone-Poulenc Rorer v. Home Indem. Co.*, 32 F.3d 851, 863-64 (3d Cir. 1994) (adopting a restrictive test for waiver that allows waiver if and only if the privilege holder "asserts a claim or defense, and attempts to prove that claim or defense by disclosing or describing an attorney-client communication", and criticizing more liberal views of waiver)). Moreover, privilege is not waived when a witness testifies that a communication simply took place; a waiver occurs only when a witness testifies about the substance of the communication. *Praxair, Inc. v. ATMI, Inc.*, 445 F. Supp. 2d 473, 481-82 (D. Del. 2006). Waiver is not appropriate where the specific contents of an attorney-client communication are not disclosed. *See Genentech, Inc. v. Insmed, Inc.*, 236 F.R.D. 466, 469 (N.D. Cal. 2006); *Laser Indus. Ltd. v. Reliant Tech., Inc.*, 167 F.R.D. 417, 446 (N.D. Cal. 1996) (ruling that attorneys' statements that they did not know of certain prior art did not constitute waiver). The mere denial of intent or knowledge is insufficient to waive privilege. *Id.*

In this case, Honeywell has not affirmatively added any new facts or legal issues regarding the invention disclosures, nor has it asserted a new claim or defense; it has answered Defendants' inquiries to the extent necessary to establish privilege. Witnesses Jepsen and McCartney denied that certain communications took place, that certain prior art was not known, and that certain persons were not party to communications. Honeywell's experts cited to that testimony in their reports. But their testimony established merely that certain events did not take place; no substance of any attorney-client communication was disclosed by their testimony. Therefore, Defendants cannot meet their burden of proving waiver.

Even though waiver cannot be established in this case, Fuji asserts that it is unfair to uphold Honeywell's privilege because Fuji would like to use the information. But a waiver of privilege cannot be justified "merely to provide the opposing party information helpful to its cross-examination or because information is relevant." *Remington Arms Co. v. Liberty Mut. Ins. Co.*, 142 F.R.D. 408, 415 (D. Del. 1992).

For the foregoing reasons, Honeywell respectfully requests that Fuji's motion be denied.

The Honorable Mary Pat Thynge
January 4, 2008
Page 4

Respectfully,

*Thomas C. Grimm*

Thomas C. Grimm

TCG
Enclosures
cc:  Dr. Peter T. Dalleo, Clerk (by hand, w/encls.)
     CM/ECF list (by e-filing)
     Counsel for Non-Stayed Defendants (by email, w/encls.)