IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HONEYWELL INTERNATIONAL INC. and HONEYWELL INTELLECTUAL PROPERTIES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> APPLE COMPUTER, INC., et al., <br><br> Defendants. | C.A. No. 04-1338-JJF <br><br> **CONSOLIDATED CASE** |

### Order Re April 2, 2008 Status Conference

WHEREAS certain defendants[1] (hereinafter "affected defendants") contend they should be dismissed from this suit because the suppliers of LCD modules for their accused products have all been licensed under the patent-in-suit (or such suppliers have otherwise settled with plaintiffs in a manner that precludes liability of the affected defendants); and

WHEREAS the Court stayed this suit with respect to the affected defendants early in the litigation at their request, and plaintiffs contend that they require limited discovery to verify the assertions of the affected defendants in order to ensure a complete record for the orderly and fair management of the case; and

---

[1] The following defendants have, to date, requested that they be allowed to participate in the proceedings to be conducted by the Special Master in accord with this Order: Apple Computer Inc.; Audiovox Communications; Dell; Eastman Kodak; Hartford Computer Group, Inc.; Navman; Nikon Corp. & Nikon Inc.; Olympus Corp & Olympus America Inc.; Pentax (now Hoya); Sony; and Sony Ericcson Mobile Communications AB & Sony Ericcson Mobile Communications USA Inc.. Other defendants are completing their review of materials and will advise the Court as soon as possible whether they desire to join the proceedings being conducted by the Special Master in accord with this Order.

WHEREAS plaintiffs invited the remaining LCD suppliers in suit ("Manufacturer Defendants") to join in these proceedings, who are currently reserving their right to participate in these proceedings;

NOW THEREFORE, in light of the foregoing contentions (hereinafter "the parties' contentions"), it is hereby ORDERED:

Judge Vincent J. Poppiti is hereby appointed as a Special Master and is authorized to work up to 20 hours to address the parties' contentions and determine whether any or all of the stayed defendants should be dismissed, and if so, under what terms and conditions.[2] This period of time may be extended by agreement of the plaintiffs and the affected defendants. Alternatively, any of these parties may request the Court do so for good cause. Plaintiffs shall be responsible for one-half of the payment for the Special Master's time and the affected defendants shall be responsible for payment of the other half. The Special Master shall issue a report and recommendation on or before August 11, 2008, regarding the parties' contentions that remain unresolved. To the extent that Plaintiffs and any of the affected defendants resolve the contentions between them before the Special Master's report and recommendation, the Plaintiffs and the affected defendant(s) shall report that fact to the Court.

SO ORDERED this  16 , day of  April        , 2008.

_____
UNITED STATES DISTRICT JUDGE

---

[2] The proceedings with the Special Master, however, shall not resolve discovery issues unrelated to the licensing dispute (e.g., discovery concerning alleged secondary considerations).