IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

HONEYWELL INTERNATIONAL INC. and   :
HONEYWELL INTELLECTUAL PROPERTIES, :
INC.,                              :
        Plaintiffs,              :
                                 :
   v.                            : Civil Action No. 04-1338-JJF
                                 :
APPLE COMPUTER, INC., et al.,      : CONSOLIDATED CASE
                                 :
        Defendants.              :

### MEMORANDUM ORDER

Pending before the Court is a Motion to Dismiss for Lack of Personal Jurisdiction (D.I. 536) filed by Defendant InnoLux Display Corporation ("InnoLux"). For the reasons discussed, the Court will order jurisdictional discovery.

### I. Parties' Contentions and Relevant Facts

InnoLux is a corporation organized under the laws of Taiwan with its principle place of business in Chu-nan, Taiwan. Hon Hai Corporation ("Hon Hai") owns 100% of shares of Foxconn, 10% of InnoLux, and 11% of Foxconn Technology ("FT"). FT is a Delaware Corporation with a website that allows Delaware residents to purchase its products. Hon Hai earns profits from the manufacturing of "everything from PCs for Hewlett-Packard to cell phones for Nokia and PlayStation 2 game consules for Sony" (many of the end-products associated with this action). (D.I. 571 at Exh. L.) Plaintiffs, Honeywell International Inc., and Honeywell Intellectual Properties Inc. (collectively, "Honeywell") contend that Hon Hai uses InnoLux as its source for LCD panels, which are

then distributed by FT through its "extensive distribution channels" across the United States.

Honeywell further contends that InnoLux knowingly benefits from its customers' distribution systems, as InnoLux admits that its sells LCD monitors to HP, Dell, ViewSonic, Acer and LG, all of whom are well-known distributors throughout the US market, including Delaware.  Honeywell also contends that an Audiovox DVD player containing an InnoLux LCD module that infringes the patent at issue was purchased from Amazon.com, and shipped to New Mexico.  Amazon.com is accessible to purchasers throughout the United States.

InnoLux contends that its LCD modules are sold in Asia for use in Asia, and that once these modules are sold, InnoLux has no direct knowledge of and no control over where its customers use or sell its LCD modules.  InnoLux admits that it sells LCD *monitors* to HP, Dell, ViewSonic, Acer and LG, companies that distribute their products throughout the United States, but points out that those monitors are not at issue in this litigation.  InnoLux contends that Honeywell has not shown the presence of any infringing InnoLux LCD modules in Delaware, only in New Mexico, and further contends that, even if Honeywell could show a product in Delaware containing the infringing module, Honeywell cannot establish InnoLux's intent or purpose to serve the Delaware market.

## II. Discussion

In reviewing a motion to dismiss for lack of jurisdiction, district courts are advised to grant plaintiff's requests for jurisdictional discovery, especially when related to questions of whether a corporate defendant does business in the forum state, unless the plaintiff's claim is "clearly frivolous." Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n, 107 F.3d 1026, 1042 (3d Cir. 1997). A claim is not clearly frivolous if the plaintiff has stated with reasonable particularity the basis for jurisdiction, and the "court [is] satisfied that there is some indication that this particular defendant is amenable to suit in this forum." Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 456 (3d Cir. 2003); Hansen v. Neumueller GmbH, 163 F.R.D. 471, 474 (D. Del. 1995).

The Court concludes that Honeywell has set forth a prima facie showing of personal jurisdiction over InnoLux, as Honeywell's allegations go beyond bare assertions that InnoLux transacts business in the State of Delaware. Accordingly, the Court will issue an order for jurisdictional discovery, and will deny InnoLux's motion to dismiss with leave to renew following the completion of jurisdictional discovery.

### ORDER

NOW THEREFORE IT IS HEREBY ORDERED:

1. Plaintiffs are permitted to conduct discovery limited

      to the issue of the Court's jurisdiction over Defendant InnoLux Display Corporation.

2. Defendant InnoLux Display Corporation's Motion to Dismiss for Lack of Personal Jurisdiction (D.I. 536) is **<u>DENIED</u>** with Leave to Renew following the completion of jurisdictional discovery in this action.

April 18, 2008

DATE

*[signed] Joseph J. Farnan Jr.*

UNITED STATES DISTRICT JUDGE