# Exhibit A

**DECLARATION OF DAVID BEN-MEIR IN SUPPORT OF DEFENDANTS
CITIZEN WATCH CO., LTD. AND CITIZEN DISPLAYS CO., LTD.'S
MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

HONEYWELL INTERNATIONAL INC.        )
and HONEYWELL INTELLECTUAL          )
PROPERTIES INC.,                    )
                                    )
              Plaintiffs,           )
                                    )        C.A. No. 04-1338-KAJ
       v.                           )        (Consolidated)
                                    )
APPLE COMPUTER, INC., et al.,       )
                                    )
              Defendants.           )

## PLAINTIFFS' ANSWERS TO CITIZEN WATCH CO., LTD. AND CITIZEN DISPLAYS CO., LTD.'S FIRST SET OF INTERROGATORIES (NO. 1-9)

Plaintiffs Honeywell International Inc. ("Honeywell International") and Honeywell Intellectual Properties Inc. ("HIPI") (collectively, "Honeywell") hereby serve the following objections and responses to Defendants Citizen Watch Co., Ltd. and Citizen Displays Co., Ltd.'s ("Citizen") First Set of Interrogatories to Plaintiffs (No. 1-9):

### OBJECTIONS

1.      Honeywell objects to each definition in Citizen's First Set of Interrogatories to the extent that it is inconsistent with or imposes an obligation beyond that required by the Federal Rules of Civil Procedure or any local rule for this Court.

2.      Honeywell objects to each interrogatory in Citizen's First Set of Interrogatories to the extent that it is inconsistent with or imposes an obligation beyond that required by the Federal Rules of Civil Procedure or any local rule for this Court.

3.      Honeywell objects to each interrogatory to the extent that it is unlimited in time or scope, overly broad, unduly burdensome or not reasonably calculated to lead to discovery of admissible evidence.

4. Honeywell objects to each interrogatory to the extent it seeks discovery of information or production of documents or things protected by the attorney-client privilege, work product immunity or any other privilege or immunity.

5. Honeywell objects to each interrogatory to the extent it seeks discovery or information or identification of documents that are a matter of public record or otherwise equally accessible to all parties.

6. Honeywell objects to each interrogatory to the extent it seeks unrestricted access to information or identification of documents that are protected from disclosure under a confidentiality obligation imposed by contract, by order or by understanding binding on Honeywell.

7. Honeywell reserves the right to modify, supplement, add to or amend the responses to these interrogatories to the extent required or permitted by the Federal Rules of Civil Procedure or any local rule of this Court.

## ANSWERS

### INTERROGATORY NO. 1:

Identify each Citizen product that you contend infringes any claim of the '371 patent and separately identify for each identified product the specific claim(s) that is/are allegedly infringed and whether you contend the alleged infringement is direct (*i.e.,* under 35 U.S.C. § 271(a)) or indirect (*i.e.,* under 35 U.S.C. § 271(b) or (c)).

### ANSWER:

Honeywell objects to this Interrogatory to the extent it calls for information and documents protected by the attorney-client privilege and/or work product doctrine. Honeywell further objects to this Interrogatory on the grounds that it is premature in that Honeywell has not yet received all discovery from Citizen regarding Citizen's products.

Subject to and without waiving Honeywell's general and specific objections, upon information and belief, based on Honeywell's unilateral investigation, Honeywell states that, for the reasons set forth more fully below, at least the following LCD module manufactured by Citizen infringes claim 3 of the '371 patent: the K1122H-HL module contained in the Matsushita Phone Model X300.

## INTERROGATORY NO. 2:

Separately for each Citizen product and specific claim(s) that you identified in response to Interrogatory No. 1 as being indirectly infringed under 35 U.S.C. § 271(b) or (c), state in full your basis for contending that Citizen has induced and/or contributed to infringement of such claim(s), describing each act performed by Citizen which allegedly induced or contributed to infringement, the direct infringement allegedly resulting from each such act (including the identity of the Third Party committing the direct infringement), how each such act resulted in direct infringement, and the basis for your contention that Citizen intended to cause such direct infringement and/or the basis for your contention that Citizen knew that such Citizen product was especially made or especially adapted for use in such direct infringement.

## ANSWER:

Honeywell objects to this Interrogatory on the grounds that it is premature in that Honeywell has not yet received full and complete discovery from Citizen that is relevant to the subject matter of this Interrogatory.

Subject to and without waiving Honeywell's general and specific objections, Honeywell states that the product identified in response to Interrogatory No. 1 infringes claim 3 of the '371 patent and was purchased in the United States. Honeywell further incorporates its response to Interrogatory No. 3 below.

Honeywell's investigation is ongoing and Honeywell reserves the right to supplement this response after receipt and review of further information, including documents and discovery responses from Citizen as well as applicable Court Orders, including orders regarding claim construction.

## INTERROGATORY NO. 3:

Separately for each Citizen product and each corresponding claim(s) that you identified in response to Interrogatory No. 1, provide an infringement chart that identifies the structure of each Citizen product that you allege causes it to infringe each limitation; state whether Honeywell alleges that the limitation is literally infringed or infringed under the doctrine of equivalents; state all factual bases that support your contention that Citizen infringes and identify three (3) persons most knowledgeable about the factual bases that support your contentions of infringement; and identify all documents on which you rely to support your contentions or [sic] infringement.

## ANSWER:

Honeywell objects to this Interrogatory on the grounds that it is premature in that Honeywell has not yet received full and complete discovery from Citizen that is relevant to the subject matter of this Interrogatory.

Subject to and without waiving Honeywell's general and specific objections, Honeywell responds by incorporating its response to Interrogatory No. 1. In addition, Honeywell states that the K1122H-HL module literally infringes claim 3 of the '371 patent for the following reasons:

| Claim 3 | |
|---|---|
| A display apparatus comprising: | |
| a light source; | The LCD module has a backlight. |
| a liquid crystal panel mounted adjacent to said light source for receiving light from said light source; and | The LCD module has a liquid crystal panel that is mounted adjacent to the backlight and that receives light from the backlight. |
| first and second lens arrays, each having a plurality of individual lenslets, disposed between said light source and said liquid crystal panel | The LCD module includes two films, which constitute two lens arrays. |
| for providing a predetermined variation with viewing angle of light transmission from said light source through said lens arrays and said liquid crystal panel, | The lens arrays provide a predetermined variation in the transmission of light from the backlight through the lens arrays and liquid crystal panel. The variation depends upon viewing angle. |
| Wherein at least one of said first and second lens arrays is rotated about an axis perpendicular to said liquid crystal panel in order to provide a slight misalignment between | Both lens arrays are rotated 10 degrees about the axis perpendicular to the liquid crystal panel, providing a slight misalignment between the lenslets and the liquid crystal panel. |

- 4 -

| said lenslets and said liquid crystal panel. | |
| --- | --- |

Honeywell states that in determining that this module infringes claim 3 of the '371 patent, Honeywell disassembled the LCD module to determine whether the product contains two or more lens arrays. If so, Honeywell determined whether one or more of the lens arrays was rotated, and if so, Honeywell measured the angle of rotation. The person most knowledgeable about Honeywell's LCD module analysis is Ted Wood.

Honeywell also states that all past, present, and future versions of the module Honeywell has identified as specifically accused of infringement are likely to practice claim 3 of the '371 patent, which Citizen must identify pursuant to the Court's Order of July 21, 2006. This includes both generational changes and related modules adapted based on customer or end product specifications.

Honeywell's investigation is ongoing, and Honeywell reserves the right to supplement this response to assert infringement of additional products after the receipt and review of further information, including documents and supplemental discovery responses from Citizen as well as applicable Court Orders, including orders regarding claim construction.

## INTERROGATORY NO. 4:

Separately for each claim of the '371 patent that you contend Citizen willfully infringes, specifically identify and describe the period of such alleged willful infringement and all factual bases for your contention; identify all documents upon which you rely or will rely on in support of the factual bases identified and identify three (3) persons most knowledgeable about the factual bases.

## ANSWER:

Honeywell objects to this Interrogatory on the grounds that it is premature in that Honeywell has not yet received full and complete discovery from Citizen that is relevant to the subject matter of this Interrogatory. Honeywell also objects to this Interrogatory to the extent it

calls for information and documents protected by the attorney-client privilege and/or work product doctrine. Honeywell states that discovery previously served on Citizen, if properly answered, would provide Honeywell with the information necessary for analyzing a number of issues posed in this Interrogatory.

Subject to and without waiving Honeywell's general and specific objections, Honeywell states that at least since the filing of this suit on October 6, 2004, Citizen has been aware that Honeywell has asserted infringement against Citizen's customers for direct infringement of claim 3 of the '371 patent. To the extent Citizen continued to manufacture the accused LCD module after it received notice of infringement, it is liable for willful infringement. Honeywell's investigation is ongoing and Honeywell reserves the right to supplement this response after receipt and review of further information, including discovery responses from Citizen as well as applicable Court Orders.

## INTERROGATORY NO. 5:

Separately for each Citizen product identified in response to Interrogatory No. 1, state the exact date upon which you first became aware of such product or a product of a third party containing such product, identify the person who first acquired such awareness, and describe the activities taken by you to investigate whether such product or third party product containing such product infringes any claim of the '371 patent.

## ANSWER:

Honeywell objects to this Interrogatory as overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence. Honeywell also objects to this Interrogatory to the extent it calls for information and documents protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving Honeywell's general and specific objections, Honeywell first became aware of the K1122H-HL module in November 2005. In determining that this

product infringes claim 3 of the '371 patent, Honeywell disassembled the LCD module to first determine whether the product contains two or more lens arrays. If so, Honeywell then determined whether one or more of the lens arrays was rotated, and if so, measured the angle of rotation. The person most knowledgeable about Honeywell's LCD module analysis is Ted Wood.

## INTERROGATORY NO. 6:

Separately, for each LCD model that Honeywell has determined does not infringe the '371 patent, identify the module, the product from which it was taken and each limitation of the claims of the '371 patent which is not infringed.

## ANSWER:

Honeywell objects to this Interrogatory as overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Honeywell further objects to this Interrogatory as calling for information protected by the attorney-client privilege and/or work product doctrine.

## INTERROGATORY NO. 7:

Separately, for each Citizen product identified in response to Interrogatory No. 1, identify all products of End Product Manufacturers which include such Citizen product.

## ANSWER:

Honeywell objects to this Interrogatory to the extent it seeks information that is in the defendants' knowledge, possession and control, and not Honeywell's. Honeywell further objects to this Interrogatory on the grounds that it is premature in that Honeywell has not yet received all of the discovery Honeywell has requested from the defendants that would inform Honeywell's response to this Interrogatory. Honeywell further objects to this Interrogatory to the extent the information requested is better known to third parties, including Citizen's own customers.

Honeywell further states that Matsushita identified Citizen as a supplier of LCD modules, specifically the K1122H-HL modules contained in the Matsushita Phone Model X300.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Thomas C. Grimm (#1098)
Leslie A. Polizoti (#4299)
Maria Granovsky (#4709)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
tgrimm@mnat.com
lpolizoti@mnat.com
mgranovsky@mnat.com
*Attorneys for Honeywell International Inc.*
*and Honeywell Intellectual Properties Inc.*

OF COUNSEL:

Martin R. Lueck
Matthew L. Woods
Stacie E. Oberts
Michael D. Okerlund
Denise S. Rahne
Peter N. Surdo
Marta M. Chou
ROBINS, KAPLAN, MILLER
    & CIRESI L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
(612) 349-8500

Anthony A. Froio
Marc N. Henschke
Alan E. McKenna
Jeremy C. McDiarmid
ROBINS, KAPLAN, MILLER
    & CIRESI L.L.P.
111 Huntington Avenue, Suite 1300
Boston, MA 02199
(617) 267-2300

November 6, 2006
544493

- 8 -

## VERIFICATION

I, David Brafman, Assistant General Cousel, IP Litigation of Honeywell International Inc., have read the foregoing responses, know the contents thereof and state that the facts stated therein are either based upon my personal knowledge and are known by me to be true, or are not within my personal knowledge, but have been assembled by authorized employees and counsel for Honeywell International Inc. and/or Honeywell Intellectual Properties Inc., and as to such facts I am informed and believe that they are true.

Pursuant to 28 U.S.C. § 1746, I verify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: November , 2006            HONEYWELL INTERNATIONAL INC.


By:    _David Brafman_
       David Brafman
       Assistant General Counsel, IP Litigation
       Honeywell International Inc.

MP3 20180783.1
5/22/06

<u>CERTIFICATE OF SERVICE</u>

I certify that on November 6, 2006, I caused to be served true and correct copies

of the foregoing on the following by hand and by e-mail:

John W. Shaw
Monte T. Squire
YOUNG CONAWAY STARGATT
 & TAYLOR LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899-0391

*Attorneys for Sony Corporation, Sony
Corporation of America and ST Liquid
Crystal Display*

William J. Wade
RICHARDS LAYTON & FINGER
One Rodney Square
P.O. Box 551
Wilmington, DE  19899-0551

*Attorneys for Arima Display Corporation,
Matsushita Electrical Industrial Co., and
Matsushita Electrical Corporation of America*

Karen L. Pascale
YOUNG CONAWAY STARGATT
 & TAYLOR, LLP
The Brandywine Building, 17th floor
1000 West Street
Wilmington, DE  19801

*Attorneys for Optrex America, Inc.*

Philip A. Rovner
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE  19899

*Attorneys for Fuji Photo Film Co., Ltd.
and Fuji Photo Film U.S.A., Inc.*

Thomas L. Halkowski
FISH & RICHARDSON P.C.
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE  19899-1114

*Attorneys for Casio Computer Co., Ltd.*

David J. Margules
John M. Seaman
BOUCHARD MARGULES
 & FRIEDLANDER, P.A.
222 Delaware Ave., Suite 1400
Wilmington DE 19801

*Attorneys for Citizen Watch Co., Ltd.
and Citizen Displays Co., Ltd.*

Robert J. Katzenstein
Robert Karl Beste, III
SMITH, KATZENSTEIN
  & FURLOW LLP
800 Delaware Avenue, 7th Floor
P.O. Box 410
Wilmington, DE 19899

*Attorneys for Seiko Epson Corporation*

Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899

*Attorneys for BOE Hydis Technology Co.,*
*Ltd., Hitachi Displays, Ltd., Toppoly*
*Optoelectronics Corp., Koninklijke Philips*
*Electronics N.V., Philips Electronics North*
*America Corp., Wintek Corp., Wintek*
*Electro-Optics Corporation, Samsung SDI*
*America, Inc. and Samsung SDI Co., Ltd.*

William J. Marsden, Jr.
Raymond N. Scott, Jr.
FISH & RICHARDSON, P.C.
919 North Market Street, Suite 1100
Wilmington DE 19899-1114

*Attorneys for International Display Technology*
*and International Display Technology USA, Inc.*

Daniel V. Folt
Gary W. Lipkin
DUANE MORRIS LLP
1100 North Market Street, 12th Floor
Wilmington, DE 19801-1246

*Attorneys for InnoLux Display Corporation*

      I also certify that on November 6, 2006, I caused to be served true and correct

copies of the foregoing on the following by e-mail:

Robert C. Scheinfeld
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, NY 10112

*Attorneys for Hitachi Displays, Ltd.*

Richard D. Kelly
Andrew M. Ollis
OBLON, SPIVAK, McCLELLAND,
  MAIER & NEUSTADT, P.C.
1940 Duke Street
Alexandria, VA 22314

*Attorneys for Optrex America, Inc.*

Elizabeth A. Niemeyer
FINNEGAN, HENDERSON,
   FARABOW, GARRETT
   & DUNNER, L.L.P.
901 New York Avenue, NW
Washington, DC 20001

York M. Faulkner
FINNEGAN, HENDERSON,
   FARABOW, GARRETT
   & DUNNER, L.L.P.
11955 Freedom Drive
Reston, VA 20190

*Attorneys for Toppoly Optoelectronics,
Wintek Corp. and Wintek Electro-Optics
Corporation*

John T. Johnson
FISH & RICHARDSON P.C.
Citigroup Center - 52nd Floor
153 East 53rd Street
New York, NY 10022-4611

*Attorneys for Casio Computer Co., Ltd.*

John Flock
KENYON & KENYON
One Broadway
New York, NY 10004-1050

*Attorneys for Sony Corporation, Sony
Corporation of America, and ST Liquid
Crystal Display Corporation*

Stephen S. Korniczky
PAUL, HASTINGS, JANOFSKY
   & WALKER LLP
3579 Valley Centre Drive
San Diego, CA 92130

Hamilton Loeb
PAUL, HASTINGS, JANOFSKY
   & WALKER LLP
875 15th Street, N.W.
Washington, DC 20005

*Attorneys for Samsung SDI Co., Ltd.
and Samsung SDI America, Inc.*

Alan M. Grimaldi
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004-2401

*Attorneys for Koninklijke Philips Electronics
N.V., and Philips Electronics North America
Corporation*

Kevin M. O'Brien
BAKER & McKENZIE LLP
815 Connecticut Avenue, N.W.
Washington, DC 20006

*Attorneys for BOE Hydis Technology Co., Ltd.*

3

Robert L. Hails, Jr.
KENYON & KENYON
1500 K Street, N.W.
Washington, DC  20005-1257

*Attorneys for Sony Corporation, Sony
Corporation of America, and ST Liquid
Crystal Display Corporation*

David J. Lender
Steven J. Rizzi
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY  10153

*Attorneys for Matsushita Electrical Industrial
Co. and Matsushita Electrical Corporation of
America*

Stuart Lubitz
HOGAN & HARTSON LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA  90067

*Attorneys for Seiko Epson Corporation, Citizen
Watch Co., Ltd. and Citizen Displays Co., Ltd.*

Lawrence Rosenthal
Matthew W. Siegal
STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY  10038-4982

*Attorneys for Fuji Photo Film Co., Ltd.
and Fuji Photo Film U.S.A., Inc.*

Dan C. Hu
TROP PRUNER & HU, P.C.
1616 South Voss Road
Suite 750
Houston, TX  77057-2631

*Attorneys for Arima Display Corporation*

Donald R. McPhail
DUANE MORRIS LLP
1667 K Street, N.W., Suite 700
Washington, DC  20006

*Attorneys for InnoLux Display Corporation*

Maria Granovsky (#4709)

544493

4

# Exhibit B

**DECLARATION OF DAVID BEN-MEIR IN SUPPORT OF DEFENDANTS
CITIZEN WATCH CO., LTD. AND CITIZEN DISPLAYS CO., LTD.'S
<u>MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT</u>**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

HONEYWELL INTERNATIONAL INC. )
and HONEYWELL INTELLECTUAL )
PROPERTIES INC., )
                              )
             Plaintiffs, )
                              )       C.A. No. 04-1338-***
     v.                        )       (Consolidated)
                              )
APPLE COMPUTER, INC., et al., )
                              )
            Defendants. )

**PLAINTIFFS' FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES
TO CITIZEN WATCH CO., LTD. AND CITIZEN DISPLAYS CO., LTD'S
INTERROGATORIES NO. 1-2**

          Plaintiffs Honeywell International Inc. and Honeywell Intellectual Properties Inc.

(collectively, "Honeywell") hereby serve the following Objections and Responses to

Interrogatories No. 1 and 2 of Defendants Citizen Watch Co., Ltd. and Citizen Displays Co.,

Ltd.'s ("Citizen") First Set of Interrogatories to Plaintiff.

## OBJECTIONS

         1.      Honeywell objects to each definition in Citizen's First Set of

Interrogatories to the extent that it is inconsistent with or imposes an obligation beyond that

required by the Federal Rules of Civil Procedure or any local rule for this Court.

         2.      Honeywell objects to each Interrogatory in Citizen's First Set of

Interrogatories to the extent that it is inconsistent with or imposes an obligation beyond that

required by the Federal Rules of Civil Procedure or any local rule for this Court.

         3.      Honeywell objects to each Interrogatory to the extent that it is unlimited in

time or scope, overly broad, unduly burdensome, or not reasonably calculated to lead to

discovery of admissible evidence.

4.      Honeywell objects to each Interrogatory to the extent it seeks discovery of information or production of documents or things protected by the attorney-client privilege, work product immunity, or any other privilege or immunity.

5.      Honeywell objects to each Interrogatory to the extent it seeks discovery or information or identification of documents that are a matter of public record, or otherwise equally accessible to all parties.

6.      Honeywell objects to each Interrogatory to the extent it seeks unrestricted access to information or identification of documents that are protected from disclosure under a confidentiality obligation imposed by contract, by order, or understanding binding on Honeywell.

7.      Honeywell reserves the right to modify, supplement, add to or amend the responses to these Interrogatories to the extent required or permitted by the Federal Rules of Civil Procedure or any local rule of this Court.

## SUPPLEMENTAL RESPONSE TO INTERROGATORIES

### INTERROGATORY NO. 1:

Identify each Citizen product that you contend infringes any claim of the '371 patent and separately identify for each identified product the specific claim(s) that is/are allegedly infringed and whether you contend the alleged infringement is direct (*i.e.,* under 35 U.S.C. § 271(a)) or indirect (*i.e.,* under 35 U.S.C. § 271(b) or (c)).

### SUPPLEMENTAL RESPONSE:

This Supplemental Response supplements and does not supplant, displace or replace Honeywell's prior response to Interrogatory No. 1 as set forth in its Objections and Responses to Citizen Watch Co., Ltd. and Citizen Displays Co., Ltd.'s First Set of Interrogatories. Moreover, Honeywell's prior response to Interrogatory No. 1 is incorporated by reference into this Supplemental Response.

2

Subject to and without waiving Honeywell's general and specific objections, upon information and belief, based on Honeywell's unilateral investigation, Honeywell states that, for the reasons set forth more fully below, at least the following LCD module manufactured by Citizen infringes claim 3 of the '371 patent: the K1122H-HL module contained in the Matsushita Phone Model X300.

Model no. K1122H-HL literally infringes claim 3 of the '371 patent for the following reasons:

| Claim 3 | Model No. K1122H-HL |
|---|---|
| A display apparatus comprising: a light source; | The LCD module has a backlight. |
| a liquid crystal panel mounted adjacent to said light source for receiving light from said light source; and | The LCD module has a liquid crystal panel that is mounted adjacent to the backlight and that receives light from the backlight. |
| first and second lens arrays, each having a plurality of individual lenslets, disposed between said light source and said liquid crystal panel | The LCD module includes two films, which constitute two lens arrays. |
| for providing a predetermined variation with viewing angle of light transmission from said light source through said lens arrays and said liquid crystal panel, | The lens arrays provide a predetermined variation in the transmission of light from the backlight through the lens arrays and liquid crystal panel. The variation depends upon viewing angle. |
| wherein at least one of said first and second lens arrays is rotated about an axis perpendicular to said liquid crystal panel in order to provide a slight misalignment between said lenslets and said liquid crystal panel. | Honeywell has analyzed two of these modules. In both modules, both of the lens arrays are rotated 10 degrees about the axis perpendicular to the liquid crystal panel, providing a slight misalignment between the lenslets and the liquid crystal panel. |

**INTERROGATORY NO. 2:**

Separately for each Citizen product and specific claim(s) that you identified in response to Interrogatory No. 1 as being indirectly infringed under 35 U.S.C. § 271(b) or (c), state in full your basis for contending that Citizen has induced and/or contributed to infringement of such claim(s), describing each act performed by Citizen which allegedly induced or contributed to infringement, the direct infringement allegedly resulting from each such act (including the identity of the Third Party committing the direct infringement), how each such act resulted in direct infringement, and the basis for your contention that Citizen intended to cause such direct infringement and/or the basis for your contention that Citizen

3

knew that such Citizen product was especially made or especially adapted for use in such direct infringement.

**SUPPLEMENTAL RESPONSE:**

This Supplemental Response supplements and does not supplant, displace or replace Honeywell's prior response to Interrogatory No. 2 as set forth in its Objections and Responses to Citizen Watch Co., Ltd. and Citizen Displays Co., Ltd.'s First Set of Interrogatories. Moreover, Honeywell's prior response to Interrogatory No. 2 is incorporated by reference into this Supplemental Response.

Honeywell objects to this request as premature in light of unresolved issues related to customer discovery. Honeywell further objects to the degree that this request seeks to contravene the intentional and explicit structuring of this case, which assumed that the manufacturer defendants would stand in for their customers. *See, e.g.,* May 16, 2005 Status Conference Transcript, pp. 37-43, 44-50; May 18, 2005 Memorandum Order, pp. 9-10. A request for customer discovery is pending in this matter. Additional discovery and follow-up litigation are contemplated by and provided for by the law of the case. Honeywell explicitly reserves its right under the May 18, 2005 Memorandum Order to pursue and secure discovery responsive to this request. Honeywell also explicitly reserves its right under the May 18, 2005 Memorandum Order to pursue continued litigation against Citizen's customers for any and all products containing Accused Structures for which Honeywell does not recover from Citizen. Without waiving any of its specific or general objections, Honeywell states that products containing Accused Structures were purchased in the United States. Also, without waiving any of its specific or general objections, Honeywell further states that to the degree that it has been able to get discovery related to customers, evidence exists that there has been correspondence and other documentation regarding products containing the Accused Structures with customers,

4

including but not limited to Matsushita Electric Industrial Co., Ltd., and Panasonic Corporation of North America (collectively, "Matsushita").. *See, e.g.,*CTZN 001645, CTZN 001580-001640.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Thomas C. Grimm*
_____

Thomas C. Grimm (#1098)
Benjamin J. Schladweiler (#4601)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
tgrimm@mnat.com
bschladweiler@mnat.com
*Attorneys for Plaintiffs*

OF COUNSEL:

Martin R. Lueck
Matthew L. Woods
Stacie E. Oberts
Denise S. Rahne
Peter N. Surdo
Marta M. Chou
ROBINS, KAPLAN, MILLER
  & CIRESI L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN  55402-2015
(612) 349-8500

Anthony A. Froio
Marc N. Henschke
Alan E. McKenna
Michael J. Garko
ROBINS, KAPLAN, MILLER
  & CIRESI L.L.P.
800 Boylston Street, 25th Floor
Boston, MA  02199
(617) 267-2300

November 21, 2007
1320049

5

## CERTIFICATE OF SERVICE

I certify that on November 21, 2007, I caused to be served true and correct copies of the foregoing on the following in the manner indicated:

### BY HAND & E-MAIL:

Karen L. Pascale
YOUNG CONAWAY STARGATT
   & TAYLOR, LLP
The Brandywine Building, 17th floor
1000 West Street
Wilmington, DE 19801

*Attorneys for Optrex America, Inc.*

David J. Margules
John M. Seaman
BOUCHARD MARGULES
   & FRIEDLANDER, P.A.
222 Delaware Ave., Suite 1400
Wilmington DE 19801

*Attorneys for Citizen Watch Co., Ltd.
and Citizen Displays Co., Ltd.*

Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899

*Attorneys for Samsung SDI America, Inc.
and Samsung SDI Co., Ltd.*

Philip A. Rovner
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899

*Attorneys for FUJIFILM Corporation
and FUJIFILM U.S.A., Inc.*

Daniel V. Folt
Matt Neiderman
DUANE MORRIS LLP
1100 North Market Street, 12th Floor
Wilmington, DE 19801-1246

*Attorneys for InnoLux Display Corporation*

**BY E-MAIL:**

Andrew M. Ollis
OBLON, SPIVAK, McCLELLAND,
  MAIER & NEUSTADT, P.C.
1940 Duke Street
Alexandria, VA  22314
aollis@oblon.com

*Attorneys for Optrex America, Inc.*


Stephen S. Korniczky
Elizabeth L. Brann
PAUL, HASTINGS, JANOFSKY
  & WALKER LLP
3579 Valley Centre Drive
San Diego, CA  92130
stephen.korniczky@paulhastings.com
elizabeth.brann@paulhastings.com

Hamilton Loeb
PAUL, HASTINGS, JANOFSKY
  & WALKER LLP
875 15th Street, N.W.
Washington, DC  20005
hamiltonloeb@paulhastings.com

*Attorneys for Samsung SDI Co., Ltd.*
*and Samsung SDI America, Inc.*

Stuart Lubitz
HOGAN & HARTSON LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA  90067
slubitz@hhlaw.com

*Attorneys for Citizen Watch Co., Ltd.*
*and Citizen Displays Co., Ltd.*

Lawrence Rosenthal
Matthew W. Siegal
STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY  10038-4982
lrosenthal@stroock.com
msiegal@stroock.com

*Attorneys for FUJIFILM Corporation*
*and FUJIFILM U.S.A., Inc.*

Donald R. McPhail
DUANE MORRIS LLP
1667 K Street, N.W., Suite 700
Washington, DC 20006
drmcphail@duanemorris.com

*Attorneys for InnoLux Display Corporation*

**BY FEDERAL EXPRESS**

Mr. Seong Yoon Jeong
Assistant Manager
Technology Planning Group
BOE HYDIS TECHNOLOGY CO., LTD.
San 136-1, Ami-ri, Bubal-eub
Ichon-si, Gyeonggi-do 467-701
Republic of Korea


/s/ *Thomas C. Grimm*

---

Thomas C. Grimm (#1098)
tgrimm@mnat.com

1320049

4