# Exhibit E

**DECLARATION OF DAVID BEN-MEIR IN SUPPORT OF DEFENDANTS CITIZEN WATCH CO., LTD. AND CITIZEN DISPLAYS CO., LTD.'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT**

# HOGAN & HARTSON

Hogan & Hartson LLP
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
+1.310.785.4600 Tel
+1.310.785.4601 Fax

www.hhlaw.com

December 21, 2007

David H. Ben-Meir
Partner
310.785.4796
rahickman@hhlaw.com

**BY FACSIMILE AND FIRST CLASS MAIL**

Denise S. Rahne
Robins, Kaplan, Miller & Ciresi, LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015

Re: Honeywell v. Citizen

Dear Denise:

As we have discussed at various times during this litigation, it is Citizen's position that Honeywell has no basis for its infringement claims against Citizen. The absence of any direct infringement appears to be undisputed, and with respect to Honeywell's allegation of indirect infringement by Citizen, Honeywell's responses to Citizen's interrogatories on the issue lack any factual basis. Honeywell's stated excuse for its inadequate responses has been that it has been unable to take its requested "customer discovery."

In an effort to facilitate an end to Citizen's involvement in this litigation, we write to confirm a proposal we made to you by telephone yesterday, December 20, 2007. Honeywell's sought after "customer discovery" with respect to Citizen is from Matsushita, the sole end product seller of the sole accused Citizen model, the K1122H-HL. We propose that if Honeywell makes a motion for narrowly tailored discovery on Matsushita that is of proper scope and directed solely to Honeywell's current infringement claims against Citizen, then Citizen will not oppose the motion.

Please let us know by December 28, 2007 Honeywell's response to Citizen's proposal.

Very truly yours,

David H. Ben-Meir
of HOGAN & HARTSON, LLP

DHB/elm
cc: Amy N. Softich
     Rose A. Hickman

\\\LA - 081700/000064 - 370285 v1

# ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Tel: 612-349-8500 Fax: 612-339-4181
www.rkmc.com

ATTORNEYS AT LAW

AMY N. SOFTICH
612-349-8475

January 3, 2008

**BY EMAIL AND FACSIMILE**

David H. Ben-Meir
Hogan & Hartson LLP
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067

Re:   *Honeywell International, Inc., et al. v. Apple Computer, Inc., et al.*
      Our File No.: 019896-0229

Dear David:

I write in response to your two letters to Denise Rahne dated December 21, 2007.

In your first letter, you asked us for our basis for referring to Panasonic Corporation of North America ("PNA") in Honeywell's supplemental response to Citizen Interrogatory No. 2. In the supplemental response, Honeywell referred to Citizen's Bates-stamped documents, including a document that refers to "Panasonic." Citizen, not Honeywell, is in the best position to determine whether that document refers to an entity other than PNA. If that is the case, please let us know, and Honeywell will supplement its response to Interrogatory No. 2, if necessary, once Citizen clarifies the identity of the company referred to in Citizen's own document.

In your second letter, you proposed that Honeywell move for discovery from Matsushita and that Citizen would not oppose such a motion. As you know, a motion for customer discovery has been pending for almost one year. To date, the Court has not ruled on the motion. Until the Court rules, Honeywell is not allowed to seek customer discovery.

Sincerely,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

Amy N. Softich

ANS/skm
cc.   Denise Rahne

MP3 20256393.1
ATLANTA · BOSTON · LOS ANGELES | MINNEAPOLIS | NAPLES · SAINT PAUL · WASHINGTON, D.C.

# HOGAN & HARTSON

Hogan & Hartson LLP
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
+1.310.785.4600 Tel
+1.310.785.4601 Fax

www.hhlaw.com

January 22, 2008

David H. Ben-Meir
Partner
310.785.4628
DHBen-Meir@hhlaw.com

*VIA ELECTRONIC MAIL*

Amy N. Softich, Esq.
Robins, Kaplan, Miller & Ciresi, LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN  55402-2015

Re:  **Honeywell v. Citizen**

Dear Amy:

        I write in response to your letter of January 3, 2008.

        On December 21, 2007, we asked you for your basis for referring to Panasonic North America ("PNA") in Honeywell's response to Citizen's Interrogatory No. 2. Instead of doing so, you ask that we let you know whether the document, CTZN 001645, that references "Panasonic," refers to an entity other than Panasonic North America ("PNA"). Indeed, Citizen never understood the document to be referring to PNA, but rather believed that the end product maker was an Asian "Panasonic" entity such as Panasonic Mobile Communications Co., Ltd., a Japanese company. Citizen also understood that the cellular phones incorporating the accused LCD modules were not destined for the United States. Citizen stated this understanding long ago in responses to Honeywell's interrogatories and later produced documents corroborating this understanding. See, e.g., Citizen's Responses to Honeywell's Interrogatories, First Set, Nos. 1, 2, and 17 and CTZN 001652-1653 and 001838. With this clarification, we trust that Honeywell can now promptly supplement its response to Interrogatory No. 2.

        In a separate letter dated December 21, 2007, we proposed that if Honeywell seeks relief from the stay on customer discovery to obtain narrowly tailored discovery on Matsushita relating to Honeywell's current infringement claims against Citizen, then Citizen would not oppose the request. We are surprised and disappointed by your January 3rd letter rejecting Citizen's proposal. You claim that Honeywell "is not allowed to" move for limited discovery on Matsushita directed to Citizen's alleged inducement of infringement because of a pending motion relating to customer discovery. However, quite unlike this potential motion, Honeywell's pending motion seeks discovery on all customer defendants as opposed to just

Amy N. Softich, Esq.
January 22, 2008
Page 2


Citizen, is contested by the other defendants, relates to the very different issue of "commercial success," and is of a much broader scope than what Citizen is proposing.

Furthermore, a request for narrowly tailored discovery on Matsushita directed to the accused Citizen LCD part could well resolve this case as to Citizen. Perhaps more importantly for Honeywell, as Honeywell has consistently avoided articulating any legitimate basis for its case against Citizen by repeating its need for discovery on Matsushita, we frankly do not understand how, in good faith, Honeywell can maintain its unsupported claim, and at the same time reject Citizen's invitation to seek the supposedly needed discovery.

We are now well into the third year of this litigation. Yet even now, all we can discern from Honeywell's contentions is that its suit against Citizen appears to be founded on a supposed claim of inducement, and that as to the issue of intent, Honeywell can only point a document that vaguely references "Panasonic," which Citizen addressed in past interrogatory responses.

At the same time, Honeywell inexplicably ignores Citizen's documents and responses that affirmatively demonstrate the absence of any potential for inducement. Honeywell ignores, for example, evidence that until December 2005, after Honeywell brought this suit, Citizen believed that the accused K1122H-HL parts were to be incorporated into products sold outside the United States (CTZN 001838), and evidence that in December 2005 Citizen learned, *for the first time*, that in December 2004 Matsushita may have shipped a total of 1,000 cellular phones incorporating the accused LCD part into North America. CTZN 001652-1653.

Given the available evidence, we urge you to reconsider Citizen's proposal. If you continue to reject it, please fully explain your basis for doing so, and explain how Honeywell can continue to litigate this case against Citizen in good faith.

We look forward to hearing from you.

Very truly yours,

David H. Ben-Meir
of HOGAN & HARTSON, LLP

DHB/elm

cc:   Robins, Kaplan, Miller & Ciresi, LLP
      Attn: Denise S. Rahne

      Rose A. Hickman