IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HONEYWELL INTERNATIONAL, INC., and HONEYWELL INTELLECTUAL PROPERTIES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> AUDIOVOX COMMUNICATIONS CORP., AUDIOVOX ELECTRONICS CORP., NIKON CORPORATION, NIKON INC., NOKIA CORPORATION, NOKIA INC., SANYO ELECTRIC CO., LTD., and SANYO NORTH AMERICA, <br><br> Defendants. | C.A. No. 04-1337 (***) |
| HONEYWELL INTERNATIONAL, INC., and HONEYWELL INTELLECTUAL PROPERTIES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> APPLE COMPUTER, INC.; ARGUS a/k/a HARTFORD COMPUTER GROUP, INC.; CASIO COMPUTER CO., LTD.; CASIO, INC.; CONCORD CAMERAS; DELL INC.; EASTMAN KODAK COMPANY; FUJI PHOTO FILM CO., LTD.; FUJI PHOTO FILM U.S.A., INC.; FUJITSU LIMITED; FUJITSU AMERICA, INC.; FUJITSU COMPUTER PRODUCTS OF AMERICA, INC.; KYOCERA WIRELESS CORP.; MATSUSHITA ELECTRICAL INDUSTRIAL CO.; MATSUSHITA ELECTRICAL CORPORATION OF AMERICA; NAVMAN NZ LIMITED; NAVMAN U.S.A. INC.; OLYMPUS CORPORATION; OLYMPUS AMERICA, INC.; PENTAX CORPORATION; PENTAX U.S.A., INC.; SONY CORPORATION, SONY CORPORATION OF AMERICA; SONY ERICSSON MOBILE | C.A. No. 04-1338 (***) |

COMMUNICATIONS AB; SONY ERICSSON MOBILE COMMUNICATIONS (USA) INC.; TOSHIBA CORPORATION; and TOSHIBA AMERICA, INC.

        Defendants.

---

HONEYWELL INTERNATIONAL INC., AND HONEYWELL INTELLECTUAL PROPERTIES INC.,
        Plaintiff,

vs.

CITIZEN WATCH CO., LTD. AND CITIZEN DISPLAYS CO., LTD.,

        Defendants.

Case No.   1:05 CV 00874 ***

## DECLARATION OF TERUMOTO KIMURA IN SUPPORT OF DEFENDANTS CITIZEN WATCH CO., LTD. AND CITIZEN DISPLAYS CO., LTD.'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT

I, TERUMOTO KIMURA, hereby state as follows:

1. Unless expressly indicated to be made on information and belief, I make this Declaration based on personal knowledge, I am over the age of 18, and I am competent to testify to the matters set forth herein.

2. I am a Director of Citizen Displays Co., Ltd.

3. Citizen has never encouraged any importation of the K1122H-HL module into the United States.

4. Citizen has not, and does not, offer technical support in the United States for the K1122H-HL module.

5. Citizen did not tailor the specifications of the K1122H-HL module to the United States market.

6. Citizen has not agreed to indemnify any United States customer for use of the K1122H-HL module within the United States, and has not entered into any agreement related to these modules that expressly provided another entity with U.S. distribution rights, or that provided a right to inspect the premises of a U.S. entity.

7. Attached hereto as Exhibit A is a true and correct copy of the purchase orders for the K1122H-HL module from Quanta Computer, located in Taiwan, and Tech-Yeh and Tech-Front, subsidiaries of Quanta Computer located in China.

8. Attached hereto as Exhibit B are the total sales numbers, broken down by year, of the K1122H-HL modules.

9. Prior to the filing of Honeywell's amended complaint in November 2005, Citizen did not receive any notice from Honeywell that it was accusing any Citizen modules of infringing its U.S. Patent No. 5,280,371.

10. Attached hereto as Exhibit C are specifications for the K1122H-HL module.

11. Attached hereto as Exhibit D is a letter dated January 31, 2006, which was sent to Quanta Computer. The letter notifies Quanta Computer that all excess RA1 materials will be destroyed before the end of March, 2006. The RA1 module is also known as the K1122H-HL module.

12. The K1122H-HL modules manufactured by Citizen were sold only to Quanta Computer in Taiwan and its subsidiaries in China.

13. Citizen's understanding was that the K1122H-HL modules would be incorporated by Quanta Computer into cellular telephones that were eventually sold to Panasonic Mobile Communications Co., Ltd., located in Japan. Panasonic is a subsidiary of Matsushita Electric Industrial Co., Ltd.

14. Citizen's understanding from Quanta Computer was that the K1122H-HL modules would only be incorporated into Panasonic's X300 model cellular telephones, and sold only to the Asian and European markets.

15. Citizen had no expectation that the K1122H-HL module would eventually enter the United States.

16. Citizen never advertised or marketed the K1122H-HL module in the U.S. or granted trademark rights to a U.S. entity to do so.

17. Citizen never permitted a U.S. entity to perform warranty work relating to the third party products incorporating the K1122H-HL modules on Citizen's behalf.

18. Citizen never conducted on-site visits to a U.S. entity to assist in the marketing or support of the K1122H-HL modules or the products incorporating the modules.

19. Citizen is not aware of any contacts between it and U.S. entities, whether distributors, retailers, consumers or other end users to facilitate or encourage sales of the K1122H-HL modules in the U.S.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in _Tokyo, Japan_, this _13th_ day of _December_, 2007.

_木村英主_
Terumoto Kimura