IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HONEYWELL INTERNATIONAL INC. and HONEYWELL INTELLECTUAL PROPERTIES INC.<br><br>Plaintiffs,<br><br>v.<br><br>APPLE COMPUTER, INC; ALL AROUND CO., LTD.; ARGUS A/K/A HARTFORD COMPUTER GROUP, INC.; BOE-HYDIS TECHNOLOGY CO., LTD.; CITIZEN WATCH CO., LTD.; CITIZEN DISPLAYS CO., LTD.; CONCORD CAMERAS; DELL INC.; EASTMAN KODAK CO.; FUJIFILM CORP.; FUJIFILM U.S.A., INC.; FUJITSU LTD.; FUJITSU AMERICA INC.; FUJITSU COMPUTER PRODUCTS OF AMERICA, INC.; INNOLUX DISPLAY CORP.; KYOCERA WIRELESS CORP.; MATSUSHITA ELECTRICAL INDUSTRIAL CO., MATSUSHITA ELECTRICAL CORP. OF AMERICA; NAVMAN NZ LTD.; NAVMAN U.S.A. INC.; OLYMPUS CORP.; OLYMPUS AMERICA, INC.; PENTAX CORP.; PENTAX U.S.A., INC., PICVUE ELECTRONICS LTD.; SAMSUNG SDI CO., LTD.; SAMSUNG SDI AMERICA, INC.; SONY CORP.; SONY CORP. OF AMERICA; SONY ERICSSON MOBILE COMMUNICATIONS AB; SONY ERICSSON MOBILE COMMUNICATIONS (USA) INC.; TOSHIBA CORP.; and TOSHIBA AMERICA, INC.;<br><br>Defendants | C.A. No. 04-1338-JJF-MPT<br><br>JURY TRIAL DEMANDED |

**ANSWER TO REVISED SECOND AMENDED COMPLAINT
BY DEFENDANT INNOLUX DISPLAY CORPORATION**

Defendant InnoLux Display Corporation ("IDC"), by its attorneys, hereby answers the Revised Second Amended Complaint brought against it by plaintiffs Honeywell

International Incorporated and Honeywell Intellectual Properties Incorporated ("Honeywell") as follows:

## NATURE OF THE ACTION

1. With respect to the allegations of paragraph 1 of the Revised Second Amended Complaint, IDC is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies such allegations.

## THE PARTIES

2. With respect to the allegations of paragraph 2 of the Revised Second Amended Complaint, IDC is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies such allegations.

3. With respect to the allegations of paragraph 3 of the Revised Second Amended Complaint, IDC is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies such allegations.

4. With respect to the allegations of paragraph 4 of the Revised Second Amended Complaint, IDC is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies such allegations.

5. With respect to the allegations of paragraph 5 of the Revised Second Amended Complaint, IDC is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies such allegations.

6. With respect to the allegations of paragraph 6 of the Revised Second Amended Complaint, IDC is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies such allegations.

7. With respect to the allegations of paragraph 7 of the Revised Second Amended Complaint, IDC is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies such allegations.

8. With respect to the allegations of paragraph 8 of the Revised Second Amended Complaint, IDC is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies such allegations.

9. With respect to the allegations of paragraph 9 of the Revised Second Amended Complaint, IDC is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies such allegations.

10. With respect to the allegations of paragraph 10 of the Revised Second Amended Complaint, IDC is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies such allegations.

11. With respect to the allegations of paragraph 11 of the Revised Second Amended Complaint, IDC is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies such allegations.

12. With respect to the allegations of paragraph 12 of the Revised Second Amended Complaint, IDC is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies such allegations.

13. With respect to the allegations of paragraph 13 of the Revised Second Amended Complaint, IDC is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies such allegations.

14. With respect to the allegations of paragraph 14 of the Revised Second Amended Complaint, IDC is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies such allegations.

15. With respect to the allegations of paragraph 15 of the Revised Second Amended Complaint, IDC is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies such allegations.

16. With respect to the allegations of paragraph 16 of the Revised Second Amended Complaint, IDC is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies such allegations.

17. With respect to the allegations of paragraph 17 of the Revised Second Amended Complaint, IDC is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies such allegations.

18. With respect to the allegations of paragraph 18 of the Revised Second Amended Complaint, IDC admits that it is a Taiwan corporation with a principal place of business in Chu-nan, Taiwan.

19. With respect to the allegations of paragraph 19 of the Revised Second Amended Complaint, IDC is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies such allegations.

20. With respect to the allegations of paragraph 20 of the Revised Second Amended Complaint, IDC is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies such allegations.

21. With respect to the allegations of paragraph 21 of the Revised Second Amended Complaint, IDC is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies such allegations.

22. With respect to the allegations of paragraph 22 of the Revised Second Amended Complaint, IDC is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies such allegations.

23. With respect to the allegations of paragraph 23 of the Revised Second Amended Complaint, IDC is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies such allegations.

24. With respect to the allegations of paragraph 24 of the Revised Second Amended Complaint, IDC is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies such allegations.

25. With respect to the allegations of paragraph 25 of the Revised Second Amended Complaint, IDC is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies such allegations.

26. With respect to the allegations of paragraph 26 of the Revised Second Amended Complaint, IDC is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies such allegations.

27. With respect to the allegations of paragraph 27 of the Revised Second Amended Complaint, IDC is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies such allegations.

28. With respect to the allegations of paragraph 28 of the Revised Second Amended Complaint, IDC is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies such allegations.

29. With respect to the allegations of paragraph 29 of the Revised Second Amended Complaint, IDC is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies such allegations.

30. With respect to the allegations of paragraph 30 of the Revised Second Amended Complaint, IDC is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies such allegations.

31. With respect to the allegations of paragraph 31 of the Revised Second Amended Complaint, IDC is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies such allegations.

32. With respect to the allegations of paragraph 32 of the Revised Second Amended Complaint, IDC is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies such allegations.

33. With respect to the allegations of paragraph 33 of the Revised Second Amended Complaint, IDC is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies such allegations.

34. With respect to the allegations of paragraph 34 of the Revised Second Amended Complaint, IDC is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies such allegations.

35. With respect to the allegations of paragraph 35 of the Revised Second Amended Complaint, IDC is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies such allegations.

## JURISDICTION AND VENUE

36. With respect to the allegations of paragraph 36 of the Revised Second Amended Complaint, IDC admits that this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1338(a).

37. With respect to the allegations of paragraph 37 of the Revised Second Amended Complaint, IDC denies those allegations insofar as those allegations pertain to IDC. IDC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 37 of the Revised Second Amended Complaint insofar as those allegations pertain to one or more of the other Defendants, and therefore denies such allegations.

38. With respect to the allegations of paragraph 38 of the Revised Second Amended Complaint, IDC denies such allegations insofar as those allegations pertain to IDC. IDC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 38 of the Revised Second Amended Complaint

insofar as those allegations pertain to one or more of the other Defendants, and therefore denies such allegations.

## BACKGROUND OF THE ACTION

39. With respect to the allegations of paragraph 39 of the Revised Second Amended Complaint, IDC is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies such allegations.

40. With respect to the allegations of paragraph 40 of the Revised Second Amended Complaint, IDC admits that a copy of what is purported to be U.S. Patent No. 5,280,371 ("the '371 patent") is attached to the Revised Second Amended Complaint as Exhibit 1. Upon information and belief, IDC admits that the '371 patent appears to have been issued by the United States Patent & Trademark Office on January 18, 1994. IDC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 40 of the Revised Second Amended Complaint, and therefore denies such allegations.

41. With respect to the allegations of paragraph 41 of the Revised Second Amended Complaint, IDC is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies such allegations.

## ACTS GIVING RISE TO THE ACTION

42. With respect to the allegations of paragraph 42 of the Revised Second Amended Complaint, IDC is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies such allegations.

43. With respect to the allegations of paragraph 43 of the Revised Second Amended Complaint, IDC is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies such allegations.

44. With respect to the allegations of paragraph 44 of the Revised Second Amended Complaint, IDC is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies such allegations.

45. With respect to the allegations of paragraph 45 of the Revised Second Amended Complaint, IDC is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies such allegations.

46. With respect to the allegations of paragraph 46 of the Revised Second Amended Complaint, IDC is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies such allegations.

47. With respect to the allegations of paragraph 47 of the Revised Second Amended Complaint, IDC is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies such allegations.

48. With respect to the allegations of paragraph 48 of the Revised Second Amended Complaint, IDC is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies such allegations.

49. With respect to the allegations of paragraph 49 of the Revised Second Amended Complaint, IDC is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies such allegations.

50. With respect to the allegations of paragraph 50 of the Revised Second Amended Complaint, IDC is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies such allegations.

51. With respect to the allegations of paragraph 51 of the Revised Second Amended Complaint, IDC is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies such allegations.

52. With respect to the allegations of paragraph 52 of the Revised Second Amended Complaint, IDC denies such allegations.

53. With respect to the allegations of paragraph 53 of the Revised Second Amended Complaint, IDC is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies such allegations.

54. With respect to the allegations of paragraph 54 of the Revised Second Amended Complaint, IDC is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies such allegations.

55. With respect to the allegations of paragraph 55 of the Revised Second Amended Complaint, IDC is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies such allegations.

56. With respect to the allegations of paragraph 56 of the Revised Second Amended Complaint, IDC is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies such allegations.

57. With respect to the allegations of paragraph 57 of the Revised Second Amended Complaint, IDC is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies such allegations.

58. With respect to the allegations of paragraph 58 of the Revised Second Amended Complaint, IDC is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies such allegations.

59. With respect to the allegations of paragraph 59 of the Revised Second Amended Complaint, IDC is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies such allegations.

60. With respect to the allegations of paragraph 60 of the Revised Second Amended Complaint, IDC is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies such allegations.

61. With respect to the allegations of paragraph 61 of the Revised Second Amended Complaint, IDC is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies such allegations.

62. With respect to the allegations of paragraph 62 of the Revised Second Amended Complaint, IDC is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies such allegations.

63. With respect to the allegations of paragraph 63 of the Revised Second Amended Complaint, IDC denies such allegations insofar as those allegations pertain to IDC. IDC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 63 of the Revised Second Amended Complaint insofar as those allegations pertain to one or more of the other Defendants, and therefore denies such allegations.

64. With respect to the allegations of paragraph 64 of the Revised Second Amended Complaint, IDC denies such allegations insofar as those allegations pertain to IDC. IDC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 64 of the Revised Second Amended Complaint insofar as those allegations pertain to one or more of the other Defendants, and therefore denies such allegations.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE – LACK OF PERSONAL JURISDICTION

65. IDC has not established any specific or general contacts with the state of Delaware or any resident thereof. IDC transacts no business in Delaware or with any resident of the state of Delaware, and IDC has no agent or representative in Delaware. IDC has directed no purposeful action toward the Delaware market or the residents of the state of Delaware, IDC derives no revenue from the sale of any product in Delaware, and IDC has not engaged in continuous or substantial activity with respect to Delaware.

12

## SECOND AFFIRMATIVE DEFENSE – NO DIRECT INFRINGEMENT

66. IDC does not make, use, sell or offer for sale any product in the United States that infringes any claim of the '371 patent, either literally or under the doctrine of equivalents.

## THIRD AFFIRMATIVE DEFENSE – NO CONTRIBUTORY INFRINGEMENT

67. IDC does not make, use, sell or offer for sale in the United States any component of any product that infringes any claim of the '371 patent, either literally or under the doctrine of equivalents.

## FOURTH AFFIRMATIVE DEFENSE – NO INDUCEMENT OF INFRINGEMENT

68. IDC does not actively and knowingly aid or abet any third party in making, using, selling or offering for sale in the United States, or importing the United States, any product that infringes any claim of the '371 patent, either literally or under the doctrine of equivalents.

## FIFTH AFFIRMATIVE DEFENSE – INVALIDITY

69. All of the claims of the '371 patent are invalid for failure to comply with requirements for patentability specified under Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 102, 103 and 112.

## PRAYER FOR RELIEF

WHEREFORE, IDC prays for judgment and seeks relief against Honeywell as follows:

(a) for dismissal of Honeywell's Revised Second Amended Complaint with prejudice;

(b) for a judgment that the claims of the '371 patent are not infringed, literally or under the doctrine of equivalents, by the manufacture, use, sale or offer for sale in the United States, or importation into the United States, of any IDC product;

(c) for a judgment that the claims of the '371 patent are invalid and/or unenforceable;

(d) for an injunction preventing Honeywell from threatening to institute or instituting litigation alleging infringement of the '371 patent against IDC or any of IDC's customers, direct or indirect;

(e) for IDC's costs of suit, including reasonable attorneys' fees; and

(f) for such other relief as the Court may deem just and proper.

DUANE MORRIS LLP

Dated: May 5, 2008

/s/ Matt Neiderman
Matthew Neiderman
1100 North Market Street, Suite 1200
Wilmington, DE 19801-1246
(302) 657-4900

Donald R. McPhail
1667 K Street, NW, Suite 700
Washington, DC 20006
(202) 776-7800
*Attorneys for Defendant InnoLux Display Corp.*

## CERTIFICATE OF SERVICE

I, Aimee M. Czachorowski, hereby certify that on May 5, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing to the following local counsel for defendants:

Richard K. Herrmann, Esquire
Morris James LLP
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801

Steven J. Balick, Esquire
Ashby & Geddes
500 Delaware Avenue
Wilmington, Delaware 19899

Richard L. Horwitz, Esquire
David E. Moore, Esquire
Potter Anderson & Corroon LLP
Hercules Plaza
1313 North Market Street
Wilmington Delaware 19801

Richard D. Kirk, Esquire
The Bayard Firm
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19801

Frederick L. Cottrell, III, Esquire
Anne Shea Gaza, Esquire
Richards Layton & Finger
One Rodney Square
Wilmington, Delaware 19801

Candice Toll Aaron, Esquire
Saul Ewing LLP
222 Delaware Avenue
Suite 1200
Wilmington, Delaware 19801

David J. Margules
Evan O. Williford
Bouchard Margules & Friedlander, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, Delaware 19801

I further certify that on May 5, 2008, I caused a copy of the foregoing document to be served on the following defendants by First Class Mail:

Argus Camera Company LLC
1610 Colonial Parkway
Inverness, IL 60067

DXG Technology (U.S.A.) Inc.
1001 Lawson Street
City of Industry, CA 91748

Tabata U.S.A. Inc.
d/b/a Sea & Sea
2380 Mira Mar Avenue
Long Beach, CA 90815

VistaQuest Corporation
6303 Owensmouth Avenue
10th Floor
Woodland Hills, CA 91367

| | |
|---|---|
| Minox USA, Inc.<br>438 Willow Brook Road<br>Plainfield, NH 03781 | VuPoint Solutions Inc.<br>17583 Railroad Street<br>City of Industry, CA 91748 |
| Mustek, Inc. USA<br>15271 Barranca Parkway<br>Irvine, CA 92618 | Walgreen Co.<br>200 Wilmot Road<br>Deerfield, IL 60015 |
| Oregon Scientific, Inc.<br>19861 Southwest 95th Avenue<br>Tualatin, OR 97062 | Polaroid Corporation<br>1265 Main Street<br>Waltham, MA 10022 |

/s/ Aimee M. Czachorowski
Aimee M. Czachorowski (Del I.D. 4670)