IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HONEYWELL INTERNATIONAL, INC. and HONEYWELL INTELLECTUAL PROPERTIES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> APPLE COMPUTER, INC., et al. <br><br> Defendants. | C.A. No. 04-1338-JJF <br><br> Consolidated |

## PRODUCTION OF CONFIDENTIAL AGREEMENTS RE '371 PATENT

WHEREAS, the interested parties met before the Special Master, Judge Poppiti, on April 24, 2008, and conducted a follow-up teleconference with Judge Poppiti on May 5, 2008, to discuss, among other things, matters related to license and settlement agreements ("Agreements") entered into by Honeywell concerning the patent at issue in this suit (U.S. Patent No. 5,280,371 ("the '371 patent")); and

WHEREAS, the "Affected Defendants" seek to address issues related to Honeywell's agreements regarding the '371 patent; and

WHEREAS, the Agreements have already been produced pursuant to a Protective Order entered into this case between Honeywell and the Manufacturer Defendants, but the Affected Defendants have not, to date, agreed to that Order; and

WHEREAS, the entities that have entered into the Agreements with Honeywell were provided notice by Honeywell on May 6, 2008, that the Agreements would be produced, absent any objection being lodged pursuant to the procedure set forth below.

NOW THEREFORE, it is hereby ORDERED as follows:

1. Absent any objection being raised pursuant to the terms of Paragraph 3 of this Order, Honeywell by May 13, 2008, shall produce to the Affected Defendants" via email all agreements it has entered into regarding the '371 patent. If an objection is lodged and then overruled by the Special Master, Honeywell shall produce the agreement in issue to the Affected Defendants via email within one day of issuance of the Special Master's ruling.

2. Until and unless a protective order is agreed upon by Honeywell and the Affected Defendants, or a substitute order is put in place by the court, Honeywell's production of the agreements under paragraph 1 above shall be undertaken pursuant to, and the parties shall be bound by, the provisions of Local Rule 26.2 of the District of Delaware.

3. Any entity that has entered into one of the agreements subject to production under paragraph 1 above may object to the production of its agreement by lodging its objection via submission of a letter (no longer than 2 pages in length) to the Special Master on or before noon EDT on May 12, 2008. The objecting entity will simultaneously provide a copy of the letter to Honeywell counsel, Matthew L. Woods, and to counsel for Apple, Thomas Halkowski. To the extent any objections are lodged, a hearing will be conducted by the Special Master on May 13, 2008, via teleconference at 5:00 EDT.

ENTERED this _8 7th_ day of May, 2008.

_____
Vincent J. Poppiti (#100614), Special Master

## ORDER

SO ORDERED this __9__ day of May, 2008.

_____
United States District Judge