MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE  19899-1347

(302) 658-9200
(302) 658-3989 FAX

THOMAS C. GRIMM
(302) 351-9585
(302) 425-4661 FAX
tgrimm@mnat.com

May 23, 2008

**BY E-FILING AND HAND DELIVERY**

The Honorable Vincent J. Poppiti
Blank Rome
1201 N. Market Street, Suite 800
Wilmington, DE  19801

**DM2**

>   Re:   *Honeywell International Inc., et al. v. Apple Computer, Inc., et al.*
>           C.A. No. 04-1338-JJF (DM2)

Dear Judge Poppiti:

I write on behalf of Honeywell International Inc. and Honeywell Intellectual Properties Inc. (collectively, "Honeywell") pursuant to my e-mail of May 20, 2008 to Mary LeVan.  In accordance with that message, please find Honeywell's Letter Brief regarding InnoLux Display Corporation's ("InnoLux") Waiver of its Personal Jurisdiction Defenses.

**INTRODUCTION**

Because InnoLux waived its personal jurisdiction defenses, Honeywell requests that an order be entered finding InnoLux has submitted to the jurisdiction of this Court and that jurisdictional discovery is unnecessary.  InnoLux sat on the sidelines while its motion to dismiss for lack of personal jurisdiction was pending, and then, after the Court recently denied its motion with leave to renew following jurisdictional discovery, InnoLux decided to fully participate in substantive aspects of this case, namely claim construction briefing.  Having done so, InnoLux can no longer hide behind jurisdictional objections.

InnoLux's recent actions are the best evidence that the Court has jurisdiction over InnoLux.  InnoLux filed its own claim construction brief.  InnoLux answered Honeywell's Revised Second Amended Complaint.  InnoLux, of its own volition, requested that the Court and Special Master ensure that it is included in proceedings regarding the Customer Defendants presently proceeding before the Special Master.  Since InnoLux has now fully participated in substantive aspects of this litigation, InnoLux has submitted to the jurisdiction of the Court and jurisdictional discovery is no longer necessary.

The Honorable Vincent J. Poppiti
May 23, 2008
Page 2

## STATEMENT OF FACTS

Honeywell did not originally sue InnoLux. Rather, Honeywell did so after Judge Jordan issued his Order staying Honeywell's suit against the customer defendants. After this Order, Honeywell sued manufacturer defendants, including InnoLux, in its Amended Complaint filed with the Court on November 7, 2005. (D.I. 239.) On August 25, 2006, InnoLux filed its Motion to Dismiss for Lack of Personal Jurisdiction along with its supporting brief. (D.I. 536.) The motion was fully briefed but not decided as Judge Jordan left the bench, and the case was unassigned for a period of time.

On April 18, 2008, following reassignment of the case, Judge Farnan issued a Memorandum Order denying InnoLux's Motion to Dismiss for Lack of Personal Jurisdiction. (D.I. 999.) Judge Farnan ordered jurisdictional discovery and denied InnoLux's motion for leave to renew following the completion of the discovery.

Merely a week after the Court ordered jurisdictional discovery on April 25, 2008, InnoLux filed a stand-alone claim construction brief. Then, on May 1, 2008, InnoLux joined the other Manufacturer Defendants in their request to be copied on "Customer Defendant" communications and discovery. On May 5, 2008, InnoLux answered Honeywell's Revised Second Amended Complaint. In addition, Honeywell learned that InnoLux is a defendant-counterclaim plaintiff in another patent suit pending in this Court.

Counsel for Honeywell has reached out to Counsel for InnoLux in an effort to resolve this issue, but InnoLux has refused to abandon its defense. Therefore, Honeywell filed this motion in an effort to avoid the burden and expense of jurisdictional discovery. Honeywell is entitled to a finding that InnoLux waived its jurisdictional defense, or in the alternative, that InnoLux is estopped from continuing to assert its objection to personal jurisdiction.

## ARGUMENT

### I. PERSONAL JURISDICTION DEFENSES CAN BE WAIVED AS A RESULT OF A PARTY'S ACTIONS

Judge Farnan addressed the issue of waiver in this context and outlined the applicable legal standard in *Tracinda Corp. v. Daimler Chrysler AG*, 197 F. Supp. 2d 86 (D. Del. 2002). *See*, *Tracinda* Attached as Exhibit A. In *Tracinda*, Judge Farnan noted that personal jurisdiction can be waived as a result of a party's actions. *Tracinda Corp.*, 197 F. Supp. 2d 86, 91. The relevant standard is that where a party seeks affirmative relief from a court, that party normally submits to the jurisdiction of the court with respect to adjudication of claims arising from the same subject matter. *Id.* at 91. In *Tracinda*, counsel's filing of a letter voicing his opinion regarding a procedural matter did not rise to the level of waiver because it did not constitute participation in briefing on any substantive issues in the case. *Id.* at 90-92. The Court noted that if counsel had formally filed a motion or otherwise briefed the issue, then the likelihood of finding waiver would have increased. *Id.* at 92. In the end, the Court looked to see

The Honorable Vincent J. Poppiti
May 23, 2008
Page 3

whether the action of counsel forced the court to "touch on the merits or quasi-merits of the case…" *Id.*

### A. By Filing A Claim Construction Brief, Innolux Sought Affirmative Relief And Waived Its Jurisdictional Defense

InnoLux's recent actions warrant a finding of waiver under the *Tracinda* standard. By filing a substantive claim construction brief, InnoLux submitted to the jurisdiction of the Court and waived its jurisdictional defense. *InnoLux Claim Construction Brief* Attached as Exhibit B. Claim construction "touches the merits" of a patent infringement case. The claim construction opinion controls the entire landscape of a case as the disputed terms are construed and parties must litigate within the confines of that claim construction. At the very least, claim construction touches the quasi-merits of a case, which according to Judge Farnan's ruling in *Tracinda* is enough for a finding of waiver. *Tracinda Corp.*, 197 F. Supp. 2d at 9.

#### 1. Innolux Advanced Substantive Claim Construction Arguments Regarding Intrinsic Evidence

InnoLux's claim construction brief contains a host of arguments that seek to influence the substantive merits of the claim at hand.[1] InnoLux first argues that the intrinsic evidence supports the Manufacturer Defendants' construction of the '371 Patent. In this section of its brief, InnoLux focuses on the "Background of the Invention" section and specification of the '371 Patent. InnoLux lays out multiple arguments for the Court, citing various examples of evidence that this Court should look to in order to find for the Manufacturer Defendants' construction. This section includes arguments surrounding intrinsic evidence, including such areas as:

- The '371 Patent's teaching that LCD devices can exhibit a wide variation in luminescence based on viewing angle;

- The requirement of a parallel arrangement; and

- Magnitude of rotation necessary to combat moiré.

As another example, InnoLux argues that pitch variation is not "germane to the construction of the "slight misalignment" term." *See*, Exhibit B, *InnoLux Claim Construction*

---

[1] It should also be noted that before even turning to the substantive portions of the brief InnoLux expounds upon the LCD Technology, the Patent-in-Suit, and the Principles of Claim Construction. Not once does InnoLux cite to or defer to its fellow Manufacturer Defendants. Instead, InnoLux, itself, briefs these issues fully.

The Honorable Vincent J. Poppiti
May 23, 2008
Page 4

*Brief* at Page 9.  Arguing that a disclosed embodiment is irrelevant to the construction of a claim is without a doubt a substantive argument.  Attempting to bury such an argument in a footnote illustrates that InnoLux is well aware that it has tread into a position of waiver.

While InnoLux claims to adopt the Manufacturer Defendants' construction, it made its own distinct supporting arguments.  InnoLux submitted to the Court's jurisdiction because if the Court finds even one such argument persuasive, then InnoLux would have affected the substantive nature and outcome of this action.

### 2. Innolux's Ambiguity Argument Can Substantively Affect Claim Construction

The next section of InnoLux's brief advances the argument that Honeywell's construction of Claim 3 renders the claim ambiguous.  InnoLux posits that Honeywell's construction renders Claim 3 ambiguous because no definitive alignment is advanced.  Illustrative substantive arguments in this section of the brief include:

- Failure to limit "slight misalignment" vitiates the notice function of the patent;

- The relevant public is unable to know what is outside the scope of Claim 3 of the '371 Patent;

- The modifier "slight" must have some meaning;

- The drawings of the '371 Patent support InnoLux's and the Manufacturer Defendants' construction of Claim 3.

None of the above arguments is procedural in nature.  They are substantive arguments.  Although Honeywell believes that all of the illustrative arguments are incorrect and are not reliable for purposes of claim construction, these arguments operate as a wavier of InnoLux's jurisdictional defenses.  InnoLux is therefore subject to the jurisdiction of the Court.

### 3. Innolux Advances Its Own Arguments Regarding Extrinsic Evidence

InnoLux even advances an argument regarding extrinsic evidence that the Court should consider for purposes of claim construction.  Five different reference volumes are cited, and again, InnoLux relies on its own evidence.  This is further proof that InnoLux has cast aside its jurisdictional shield to join this litigation and participate in a substantive manner.

The Honorable Vincent J. Poppiti
May 23, 2008
Page 5

### 4. Innolux Failed To Preserve Its Jurisdictional Defenses

InnoLux failed to take precautionary measures in order to attempt to participate in claim construction without waiving its jurisdictional rights. InnoLux raises the issue of waiver in its claim construction brief but fails to provide any grounds as to why such substantive participation is not a waiver. InnoLux advises the Court that it stands on the arguments raised in its original jurisdictional briefing. Yet, InnoLux fails to explain why participation in claim construction does not rise to the level of waiver. The arguments raised in the jurisdictional briefing are irrelevant to the issue at hand, and in fact, all such arguments are waived by virtue of InnoLux's most recent substantive actions. Addressing such a paramount issue in three sentences is wholly insufficient.

InnoLux argues that it is participating in this litigation to preserve its rights. InnoLux could have done so by joining the "Manufacturer Defendants'" claim construction briefing. InnoLux could have employed the method used by Counsel in *Tracinda* and filed a letter with the Court. By briefing the claim construction issues on their own, InnoLux advanced their own substantive arguments that, if accepted, could alter the issues in this action. If the Court finds guidance in or is in any way persuaded by any of InnoLux's briefing, then InnoLux would have affected the construction of the '371 patent. Such an occurrence must be deemed to substantively affect the case since so much of this case will turn on the construction of the claims of the patent-in-suit. InnoLux should not be permitted to pick and choose what portions of this litigation it will participate in while simultaneously arguing that it is not subject to the Court's jurisdiction. Waiver has occurred, and jurisdictional discovery is unnecessary.

### B. Innolux Must Be Estopped From Continuing To Assert Jurisdictional Defenses Due To Inconsistent Litigation Positions

Application of the *Tracinda* factors alone warrants a finding that InnoLux has waived its jurisdictional defenses. However, in the alternative, InnoLux must be estopped from further asserting its jurisdictional defense because of the inconsistent behavior it has shown by actively litigating another LCD-technology related matter in this Court. InnoLux has submitted to the jurisdiction of this Court and even filed its own counterclaims in the matter: *Guardian Industries Corp. v. InnoLux Display Corporation, 1:06-CV-00748-SLR* (the "Guardian Matter") presently pending before Judge Robinson. Such action is entirely inconsistent with InnoLux's position that jurisdiction in Delaware is improper.

The Guardian Matter is a Patent Infringement case that was originally filed on December 8, 2006. In its Complaint, the Plaintiff describes the action as relating to "technology [that] involves the design and manufacture of liquid crystal displays…and related products…." *Guardian Complaint* Attached as Exhibit C. Based on the date of the Complaint, the Guardian Matter comes well after Honeywell initially sued InnoLux, and InnoLux first claimed that the Delaware District Court did not have personal jurisdiction.

The Honorable Vincent J. Poppiti
May 23, 2008
Page 6

On May 4, 2007, InnoLux answered Guardian's Complaint. InnoLux submitted to both jurisdiction and venue, though according to InnoLux it did so "for purposes of" the Guardian Matter only. *InnoLux's Answer in the Guardian Matter* Attached as Exhibit D. Since it submitted to jurisdiction, InnoLux did not raise any Affirmative Defense regarding personal jurisdiction. InnoLux also brought four Counterclaims. InnoLux recently amended its Answer on May 9, 2008. The same Counterclaims are present. *InnoLux's Amended Answer in the Guardian Matter* Attached as Exhibit E. Honeywell understands that trial in the Guardian Matter is scheduled for July 20, 2009.

InnoLux cannot be allowed to ask this Court for affirmative relief in the Guardian Matter on one hand while protesting jurisdiction in this case on the other. The positions taken by InnoLux in these very similar cases are incompatible. InnoLux should be estopped from asserting a personal jurisdiction defense by virtue of its decision to voluntary subject itself to jurisdiction in the Guardian Matter.

## CONCLUSION

InnoLux freely chose to submit to the Court's jurisdiction by participating in claim construction briefing. Alternatively, InnoLux should be estopped from asserting a personal jurisdictional defense given its submission to this Court's jurisdiction in the Guardian Matter where InnoLux also seeks affirmative relief. InnoLux has waived its jurisdictional defenses and as such this Court should enter an Order so finding before the parties conduct needless and expensive jurisdictional discovery.

Respectfully,

*/s/ Thomas C. Grimm*

Thomas C. Grimm

TCG:dam
cc:    All Counsel of Record (by e-mail, w/encls.)
       (see attached list)

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 23, 2008, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send notification of such filing to all registered participants.

I also certify that on May 23, 2008, I caused to be served true and correct copies of the foregoing on the following as indicated below:

**BY E-MAIL:**

**BY HAND DELIVERY (in triplicate):**

Vincent J. Poppiti, Esq.
BLANK ROME LLP
1201 North Market Street, Suite 800
Wilmington, DE 19801-4226

**BY E-MAIL:**

Vincent J. Poppiti, Esq.
**poppiti@blankrome.com**
BLANK ROME LLP

WITH A COPY TO:

Elizabeth Oestreich
**oestreich@blankrome.com**
Mary Levan
**levan@blankrome.com**
Carrie David
**david-c@blankrome.com**
BLANK ROME LLP

**BY E-MAIL:**

Karen L. Pascale
YOUNG CONAWAY STARGATT
  & TAYLOR, LLP
The Brandywine Building, 17th floor
1000 West Street
Wilmington, DE 19801
**kpascale@ycst.com**

Andrew M. Ollis
OBLON, SPIVAK, McCLELLAND,
  MAIER & NEUSTADT, P.C.
1940 Duke Street
Alexandria, VA 22314
**aollis@oblon.com**

*Attorneys for Optrex America, Inc.*

Matt Neiderman
DUANE MORRIS LLP
1100 North Market Street, 12th Floor
Wilmington, DE 19801-1246
**MNeiderman@duanemorris.com**

Donald R. McPhail
DUANE MORRIS LLP
1667 K Street, N.W., Suite 700
Washington, DC 20006
**drmcphail@duanemorris.com**

*Attorneys for InnoLux Display Corporation*

Philip A. Rovner
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE  19899
**provner@potteranderson.com**

Lawrence Rosenthal
Matthew W. Siegal
STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY  10038-4982
**lrosenthal@stroock.com**
**msiegal@stroock.com**

 *Attorneys for FUJIFILM Corporation
 and FUJIFILM U.S.A., Inc.*


David J. Margules
BOUCHARD MARGULES
  & FRIEDLANDER, P.A.
222 Delaware Ave., Suite 1400
Wilmington DE 19801
**dmargules@BMF-law.com**

Stuart Lubitz
HOGAN & HARTSON LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA  90067
**slubitz@hhlaw.com**

 *Attorneys for Citizen Watch Co., Ltd.
 and Citizen Displays Co., Ltd.*

Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE  19899
**rhorwitz@potteranderson.com**

Stephen S. Korniczky
Elizabeth L. Brann
PAUL, HASTINGS, JANOFSKY
  & WALKER LLP
3579 Valley Centre Drive
San Diego, CA  92130
**stephenkorniczky@paulhastings.com**
**elizabethbrann@paulhastings.com**

Hamilton Loeb
PAUL, HASTINGS, JANOFSKY
  & WALKER LLP
875 15th Street, N.W.
Washington, DC  20005
**hamiltonloeb@paulhastings.com**

 *Attorneys for Samsung SDI Co., Ltd.
 and Samsung SDI America, Inc.*


*/s/ Thomas C. Grimm*
_____
Thomas C. Grimm (#1098)
tgrimm@mnat.com

734570