# Duane Morris

FIRM and AFFILIATE OFFICES

NEW YORK
LONDON
SINGAPORE
LOS ANGELES
CHICAGO
HOUSTON
HANOI
PHILADELPHIA
SAN DIEGO
SAN FRANCISCO
BALTIMORE
BOSTON
WASHINGTON, DC
LAS VEGAS
ATLANTA
MIAMI
PITTSBURGH
NEWARK
BOCA RATON
WILMINGTON
PRINCETON
LAKE TAHOE
HO CHI MINH CITY

MATT NEIDERMAN
DIRECT DIAL: 3026574920
E-MAIL: mneiderman@duanemorris.com

www.duanemorris.com

May 29, 2008

VIA E-FILING AND HAND DELIVERY

The Honorable Vincent J. Poppiti
Blank Rome LLP
1201 North Market Street, Suite 800
Wilmington, Delaware 19801

Re:   *Honeywell International Inc., et al. v. Apple Computer, Inc., et al.,*
      C.A. No. 04-1338-JJF

Dear Judge Poppiti,

I write on behalf of InnoLux Display Corporation ("InnoLux") in response to Mr. Grimm's letter brief to you dated May 23, 2008 regarding InnoLux's alleged waiver of its defense of lack of personal jurisdiction.

I.   Introduction

InnoLux timely raised its personal jurisdiction defense by filing a motion to dismiss pursuant to Fed. R. Civ. Proc. 12(b)(2) on August 25, 2006. InnoLux has not performed any of the acts set forth in Fed. R. Civ. Proc. 12(h) that might arguably give rise to a waiver of this defense. InnoLux also has not sought any affirmative relief from the Court in this matter, or otherwise participated in this litigation to a level that would give rise to such a waiver.

Rather, InnoLux's participation thus far has been limited to: (i) filing an Answer following the Court's denial of its motion to dismiss, as required by Fed. R. Civ. Proc. 12; and (ii) filing a claim construction brief supporting the Manufacturer Defendants' proposed construction of a single claim term, as required by the Court's Scheduling Order No. 2 (D.I. 838). Such limited activity cannot be sufficient to constitute a waiver of timely raised jurisdictional defenses under the applicable law, as these filings were compelled by both the Federal Rules and the Court's Scheduling Orders. *See, e.g., IDS Life Ins. Co. v. SunAmerica Life Ins. Co.,* 136 F.3d 537 (7th Cir. 1998)(defendant did not waive jurisdictional defense by participating in litigation on the merits, because it did so at the direction of district court after having raised the defense timely); *M&D Information Sys., Inc. v. The Tower Group, Inc.,* 2006 U.S. Dist. LEXIS 24285 (D. Conn. March 21, 2006)(compliance with Court Order specifying dates for motions to dismiss, amended pleadings, discovery and other dispositive motions did not waive personal jurisdiction defense).

DUANE MORRIS LLP

1100 NORTH MARKET STREET, SUITE 1200   WILMINGTON, DE 19801-1246         PHONE: 302.657.4900   FAX: 302.657.4901

DuaneMorris

The Honorable Vincent J. Poppiti
May 29, 2008
Page 2

## II. Statement of Facts

InnoLux disputes the alleged facts set forth in the Letter Brief of Honeywell International Inc. and Honeywell Intellectual Properties Inc. (collectively "Honeywell").

First, in the Memorandum Order (D.I. 999), Judge Farnan expressly <u>granted</u> InnoLux the right to renew its motion to dismiss at the conclusion of jurisdictional discovery.

Second, InnoLux did not file a "stand-alone claim construction brief." Indeed, InnoLux did not propose any construction for any of the disputed claim terms. Rather, InnoLux filed a brief supporting the Manufacturer Defendants' proposed construction of a single claim term. InnoLux's brief does not address any of the remaining disputed claim terms. InnoLux's brief therefore hardly constitutes the purported "stand-alone claim construction brief" alleged by Honeywell.

Third, InnoLux did not "join" the other Manufacturer Defendants in their request dated May 1, 2008 to be copied on "Customer Defendant" communications and discovery. InnoLux has not communicated with any of the Manufacturer Defendants regarding "Customer Defendant" communications and discovery or the Manufacturer Defendants' request for copies thereof.

## III. Argument

### A. InnoLux has not sought affirmative relief from the Court in this matter

Only where a party seeks affirmative relief from a court does it waive its jurisdictional defenses and submit to the jurisdiction of the court. *See Adam v. Saenger*, 303 U.S. 59, 67-68 (1938); *Bel-Ray Co., Inc. v. Chemrite (Pty) Ltd.*, 181 F.3d 435, 443 (3d. Cir. 1999)("where a party seeks affirmative relief from a court, it normally submits itself to the jurisdiction of the court with respect to the adjudication of claim arising from the same subject matter."). In this matter, however, InnoLux has not sought any <u>affirmative relief</u> from the Court.

As defined in Black's Law Dictionary (8th ed. 2004), "affirmative relief" is "[t]he relief sought by a defendant by raising counterclaim or cross-claim that could have been maintained independently of the plaintiff's action." InnoLux, however, has filed <u>no</u> counterclaims or cross-claims in this matter, much less any that could be maintained absent Honeywell's suit for patent infringement. Contrary to Honeywell's contentions, InnoLux has therefore not sought any affirmative relief from the Court in this matter and so has not waived its jurisdictional defenses under the applicable law.

Moreover, InnoLux's filing of a paper (D.I. 1000) supporting the Manufacturer Defendants' proposed construction of a single disputed claim term should not properly be regarded as sufficient to constitute a request for affirmative relief. Absent Honeywell's allegations of patent infringement, InnoLux's brief (D.I. 1000) would be moot. This paper (D.I. 1000) therefore should not be

DuaneMorris

The Honorable Vincent J. Poppiti
May 29, 2008
Page 3

considered to be a "request for affirmative relief" necessary to find a waiver of InnoLux's jurisdictional defenses.

With respect to Honeywell's purported reliance on certain statements from the Court's opinion in *Tracinda*, InnoLux notes that that the circumstances at issue here are actually quite similar to the circumstances that were found insufficient in *Tracinda* to constitute a waiver of jurisdictional defenses.

In that case, defendant Kopper filed a letter to the court responding to a letter from plaintiff's counsel regarding oral argument on a pending motion. *See Tracinda Corporation v. DaimlerChrysler AG*, 197 F. Supp. 2d 86, 91 (D. Del. 2002). In finding that this activity did not give rise to a waiver of Kopper's jurisdictional defenses, the Court noted that "Defendant Kopper did not even request his own relief, but rather, merely expressed the preference that the . . . relief sought by the other defendants be granted." *See id.* at 92.

In this case, InnoLux did not submit its own construction of any of the disputed claim terms. InnoLux also did not brief each and every disputed claim term. Rather, InnoLux submitted a paper supporting the relief sought by the Manufacturer Defendants, *i.e.* that the Court adopt the Manufacturer Defendants' proposed construction of a single particular claim term. This sort of limited activity therefore appears similar in scope to the activity that was expressly found not to constitute a waiver of jurisdictional defenses in *Tracinda*.

Moreover, even if InnoLux's claim construction brief is considered a substantive document, this, in and of itself, does not waive InnoLux's personal jurisdiction defenses. A number of courts have expressly found that participation in substantive portions of litigation does not give rise to a waiver of personal jurisdiction defenses where those defenses were timely raised. *See, e.g., United States v. Ziegler Bolt & Parts Co.*, 111 F.3d 878 (Fed. Cir. 1997)(serving interrogatories and document requests, deposing witnesses and filing motion for summary judgment did not waive personal jurisdiction defenses); *Neifeld v. Steinberg*, 438 F.2d 423 (3d Cir. 1971)(taking of depositions is not a general appearance or waiver of Rule 12 defenses); *IDS Life Ins. Co. v. SunAmerica Life Ins. Co.*, 136 F.3d 537 (7th Cir. 1998)(defendant did not waive jurisdictional defense by participating in litigation on the merits, because it did so at the direction of district court after having raised the defense timely); *Paul Yanuzzi Builders v. Music Mt. Assocs.*, 2003 U.S. Dist. LEXIS 3375 (E.D. Pa. Feb. 28, 2003)(participation in discovery, including seeking discovery, does not waive personal jurisdiction defense); *Ferrostaal, Inc. v. M/V Sea Phoenix,.* 2005 U.S. Dist. LEXIS 37987 (D.N.J. Sept. 29, 2005)(participation in discovery is not sufficient to waive personal jurisdiction defenses); *M&D Information Sys., Inc. v. The Tower Group, Inc.*, 2006 U.S. Dist. LEXIS 24285 (D. Conn. March 21, 2006)(compliance with Court Order specifying dates for motions to dismiss, amended pleadings, discovery and other dispositive motions did not waive personal jurisdiction defense); *Sunlight Saunas, Inc. v. Sundance Sauna, Inc.*, 427 F. Supp. 2d 1011 (D. Kan. 2006)(serving initial disclosures, attending pretrial conference and filing motion to strike did not waive jurisdictional defenses); *Matthews v.

DuaneMorris

The Honorable Vincent J. Poppiti
May 29, 2008
Page 4

*Brookstone Stores, Inc.*, 431 F. Supp. 2d 1219 (S.D. Ala. 2006)(jurisdictional defenses were not waived by defendant who attended depositions noticed by other parties).

    **B.    InnoLux has preserved its personal jurisdiction defenses**

On August 25, 2006, InnoLux filed a motion to dismiss (D.I. 536) in response to Honeywell's Amended Complaint filed on November 7, 2005 (D.I. 239). InnoLux therefore complied with the requirements of Fed. R. Civ. Proc. 12(b) by timely asserting its jurisdictional defenses.

By Memorandum Order filed April 22, 2008 (D.I. 999), the Court denied without prejudice InnoLux's motion to dismiss (D.I. 536). Because of the Court's denial of its motion to dismiss, InnoLux was required to file an Answer to Honeywell's Revised Second Amended Complaint. In its Answer (D.I. 1029), InnoLux again complied with Fed. R. Civ. Proc. 12(b) and re-iterated its position that InnoLux was not subject to personal jurisdiction in Delaware in this matter. Specifically, InnoLux expressly denied Honeywell's allegations regarding personal jurisdiction and asserted a First Affirmative Defense for lack of personal jurisdiction. InnoLux therefore again complied with the requirements of Fed. R. Civ. Proc. 12(b) by timely asserting its jurisdictional defenses in its Answer (D.I. 1029).

Since first raising its jurisdictional defenses, InnoLux has not performed any of the acts set forth in Fed. R. Civ. Proc. 12(h)(1) that might waive those defenses. Quite to the contrary, InnoLux raised its jurisdictional defenses both in its timely filed motion (D.I. 536) and in its responsive pleading (D.I. 1000). Moreover, in its claim construction brief (D.I. 1000), InnoLux again re-iterated its position that it is not subject to personal jurisdiction in Delaware for this matter and expressly stated that it was <u>not</u> waiving its jurisdictional defenses.

InnoLux filed its claim construction brief (D.I. 1000) solely because the Court's Scheduling Order No. 2 (D.I. 838), as subsequently amended, required <u>all</u> non-stayed parties to file claim construction briefs by April 25, 2006. InnoLux complied with the Court's Scheduling Order No. 2 (D.I. 838) because its motion to dismiss (D.I. 536) had just been denied and InnoLux was not subject to any stay or other order that would permit it to ignore the pending due date. It would be patently unfair to find that InnoLux waived its personal jurisdiction defenses simply because it complied with the Court's Scheduling Order No. 2. *See, e.g., M&D Information Sys., Inc. v. The Tower Group, Inc.*, 2006 U.S. Dist. LEXIS 24285 (D. Conn. March 21, 2006)("It would be highly inequitable to conclude that Infrastrux waived its personal jurisdiction claim by complying with this Court's [Scheduling] Order, particularly when non-compliance could have resulted in sanctions.").

    **C.    The filing of permissive counterclaims does not give rise to a waiver of jurisdictional defenses**

DuaneMorris

The Honorable Vincent J. Poppiti
May 29, 2008
Page 5

 

Honeywell has contended that InnoLux's filing of invalidity and non-infringement counterclaims in another matter (*Guardian Indus. Corp. v. InnoLux Display Corp.*, 1:06-CV-00748-SLR) somehow estops InnoLux from continuing to assert its jurisdictional defenses in this matter. Honeywell's contention, however, is wholly wrong as a matter of law. The Federal Circuit has expressly held that the filing of invalidity and non-infringement counterclaims in a patent case does <u>not</u> waive a party's timely objections to personal jurisdiction in that action. *See Rates Technology, Inc. v. Nortel Networks Corp.*, 399 F.3d 1302, 1308 (Fed. Cir.), *cert. denied*, 2005 U.S. LEXIS 5064 (U.S., June 27, 2005).[1] Given that the Federal Circuit has expressly held that filing permissive patent counterclaims does not waive jurisdictional defenses in that particular matter, it would be strange indeed to conclude here that the filing of such counterclaims in one matter can somehow waive jurisdictional defenses in an entirely unrelated matter.

## IV.   Conclusion

For at least the reasons above, any relief sought by Honeywell should be denied.

To the extent that it might be helpful in resolving this dispute, InnoLux respectfully requests the opportunity for oral argument on the issue of alleged waiver of InnoLux's jurisdictional defenses.

Sincerely,

/s/ Matt Neiderman
Matt Neiderman (Del. I.D. No. 4018)

MXN
Enclosure
cc:   Counsel of Record (via e-mail and CM/ECF)

DM1\1341712.1

---

[1] Other circuits have also found that jurisdictional defenses are not waived by filing counterclaims. *See Neifeld v. Steinberg*, 438 F.2d 423 (3d. Cir. 1971); *Bayou Steel Corp. v. M/V Amstelvoorn*, 809 F.2d 1147 (5th Cir. 1987); *Knapp-Monarch Co. v. Dominion Elec. Corp.*, 365 F.2d 175 (7th Cir. 1966); *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325 (9th Cir. 1984); *Hasse v. American Photograph Corp.*, 299 F.2d 666 (10th Cir. 1962); *Chase v. Pan Pacific Broad., Inc.*, 750 F.2d 131 (D.C. Cir. 1984).

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 29, 2008, I caused the foregoing document to be electronically filed with the Clerk of the Court using CM/ECF, which will send electronic notification of such filing to all registered participants.

I also certify that on May 29, 2008, I caused to be served true and correct copies of the foregoing document to the following as indicated below:

**BY HAND DELIVERY (in triplicate):**

Vincent J. Poppiti, Esq.
Blank Rome LLP
1201 North Market Street, Suite 800
Wilmington, Delaware 19801

**BY E-MAIL**

Vincent J. Poppiti, Esq.
poppiti@blankrome.com

**WITH A COPY TO**
Elizabeth Oestreich
oestreich@blankrome.com
Mary Levan
levan@blankrome.com
Carrie David
david-c@blankrome.com

**BY E-MAIL**

Thomas C. Grimm, Esq.
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, Delaware 19899
tgrimm@mnat.com

Karen L. Pascale
Young, Conaway, Stargatt & Taylor, LLP
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, DE 19801
kpascale@ycst.com

Phillip A. Rovner
Potter Anderson & Corroon LLP
1313 N. Market Street
Hercules Plaza, 6th Floor
Wilmington, Delaware 19899
provner@potteranderson.com

Lawrence Rosenthal
Matthew W. Siegal
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, New York 10038
lrosenthal@stroock.com
msiegal@stroock.com

Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmingon, Delaware 19899
rhorwitz@potteranderson.com

Steven S. Korniczky
Elizabeth L. Brann
Paul, Hastings, Janofsky & Walker, LLP
3579 Valley Centre Drive
San Diego, California 92130
stephenkorniczky@paulhastings.com
elizabethbrann@paulhastings.com

Hamilton Loeb
Paul, Hastings, Janofsky & Walker, LLP
875 15th Street N.W.
Washington, D.C. 20005
hamiltonloeb@paulhastings.com

Andrew M. Ollis
Oblon, Spivak, McClelland, Maier &
Neustadt, P.C.
1940 Duke Street
Alexandria, Virginia 22314
aollis@oblon.com

David J. Margules
Bouchard Margules & Friedlander, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, Delaware 19801
dmargules@BMF-law.com

Stuart Lubitz
Hogan & Hartson LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
slubitz@hhlaw.com

/s/ Matt Neiderman
Matt Neiderman (Del. I.D. # 4018)

DM1\1341631.1

2