# EXHIBIT 1

1

```
 1                THE UNITED STATES DISTRICT COURT

 2                IN AND FOR THE DISTRICT OF DELAWARE

 3                            - - -

 4    HONEYWELL INTERNATIONAL, INC.       :    CIVIL ACTIONS
      et al.                              :
 5                                        :
                     Plaintiffs,          :
 6                                        :
              v.                          :
 7                                        :
      AUDIOVOX COMMUNICATIONS CORP.,      :
 8    et al.                              :
                                          :    NO. 04-1337 (KAJ)
 9                   Defendants.          :
      -----------------------------------
10    HONEYWELL INTERNATIONAL, INC.       :
      et al.                              :
11                                        :
                     Plaintiffs,          :
12                                        :
              v.                          :
13                                        :
      APPLE COMPUTER, INC.,  et al.,      :
14                                        :    NO. 04-1338 (KAJ)
                     Defendants.          :
15    -----------------------------------
      OPTREX AMERICA, INC.,               :
16                                        :
                     Plaintiff,           :
17                                        :
              v.                          :
18                                        :
      HONEYWELL INTERNATIONAL, INC.       :
19    et al.                              :
                                          :    NO. 04-1536 (KAJ)
20                   Defendants.          :
                                 - - -
21
                        Wilmington, Delaware
22              Monday, March 13, 2006 at 10:00 a.m.
                        TELEPHONE CONFERENCE
23
                                 - - -
24
      BEFORE:      HONORABLE KENT A. JORDAN, U.S.D.C.J.
25
                                 - - -
```

32

1   that that can be accomplished.  We think the issues of

2   validity are common and the issues of infringement.

3           Essentially, I recognize there are some differ-

4   ences in some of the ways that the invention is implemented

5   but overall the claim is really not complicated.  And I

6   don't believe the proofs on that issue will be terribly

7   complicated.

8           THE COURT:  All right.

9           MR. LUECK:  And --

10           THE COURT:  Well, I got your position.  Thanks.

11           I have to say, bluntly, it's unworkable and it's

12   not going to happen.  We're not taking this case to trial

13   on all issues against all defendants.  We will take it to

14   trial on common issues in the first instance:  validity and

15   unenforceability.

16           The only question I have in my mind is whether

17   it's really possible to try this case with all these people

18   at once.  And I think it more likely than not that it is not

19   a practical way to approach it.  And something that the

20   parties ought to be talking about is if there are, if there

21   is a logical group to stand in first.  And this may be an

22   impossible thing to ask the people on this call to do,

23   certainly without having a chance to talk to each other and

24   talk to their clients, so I'm not expecting anybody to give

25   me an answer now.  And we're not going to delay scheduling

33

1   for now.

2           Let me emphasize, by the time this call is over

3   there is going to be a scheduling order.  The only question

4   is whether everybody is going to be on that same train or

5   not.  You know, some people like Optrex may want to be on

6   that train.  They may say I don't want to wait and see how

7   other people do at resolving the issue.  I am ready to go

8   now, and I want to go now.  And I'll count Optrex as one of

9   the folks that wants to be on a train and that is well and

10  good.  There may be others who are delighted to let others

11  carry the water and sit back and see what happens.

12          But you folks ought to talk to each other on the

13  defense side and see if there isn't a more manageable group.

14  And by "manageable," I'm thinking something not in excess of

15  five; and less is better; so that we could actually fit in

16  a courtroom, in this building, and we could actually try a

17  case to a jury over the course of a reasonable length of

18  time, a couple weeks, and get a resolution.

19          But I'll leave for another day how we narrow

20  that.  For now, it's enough to say that Optrex is not going

21  to go it alone and Honeywell's position is impractical and

22  is rejected.  So we're going to go against the manufacturer

23  defendants; what group remains to be seen; and we're going

24  to get ourselves a schedule in place.

25          With that as background, I assume that everybody

40

1    and to make it easier for your chambers to get one uniform

2    response is I think the only way to go and that takes time.

3    And that's the only reason that we put those extra days in

4    there, because it's really a chore to coordinate.  I can

5    tell you, just based on preparing for this call.

6              THE COURT:  Mr. Kelly, I take it you agree?

7              MR. KELLY:  Absolutely, Your Honor.

8              THE COURT:  All right.  I agree as well.  This

9    is not the typical case so we'll give you the extra time.

10    And I'm going to take that statement that you have made

11    there, Mr. Rovner, to heart which is I'll be getting a

12    coordinated response and not getting 18 or 20 different

13    letters from defendants.

14              MR. ROVNER:  We're trying, Your Honor.

15              THE COURT:  Okay.  I'm happy to see there was

16    agreement on the various points up to paragraph 6.  Let me

17    put you on hold for just a moment.

18              (Pause.)

19              THE COURT:  When we get to paragraph 7, I'm

20    going to have to shift things a little bit on you.  The

21    interim status conference is going to be, fittingly, on

22    Halloween.  We're going to scare each other on October 31,

23    2006 at 4:30 p.m.; and this is going to be an in-person

24    conference.  So the order will need to be changed in that

25    regard.  I'll look forward to seeing people in my courtroom

51

```
 1    me, I think.
 2              MR. ROVNER:  That sounds good, Your Honor.
 3    Thank you.
 4              THE COURT:  All right.  Well, I appreciate
 5    everybody's time and attendance on the call today.  I'm
 6    going to put out a short order which simply notes the things
 7    that I have already stated on the record here with respect
 8    to the Nokia motion and the motion to bifurcate that was
 9    submitted by Toshiba, and good enough.  We'll hear from you
10    folks in about a month.  Thanks very much.
11              (The attorneys respond, "Thank you, Your
12    Honor.")
13              (Telephone conference ends at 11:13 a.m.)
14
15
16
17
18
19
20
21
22
23
24
25
```

# EXHIBIT 2

1

1       THE UNITED STATES DISTRICT COURT

2       IN AND FOR THE DISTRICT OF DELAWARE

3                    - - -

4    HONEYWELL INTERNATIONAL, INC.      :    CIVIL ACTIONS
     et al.                            :
5                                       :
                    Plaintiffs,         :
6                                       :
              v.                        :
7                                       :
     AUDIOVOX COMMUNICATIONS CORP.,     :
8    et al.                            :
                                        :    NO. 04-1337 (KAJ)
9              Defendants.              :
     --------------------------------
10   HONEYWELL INTERNATIONAL, INC.      :
     et al.                            :
11                                      :
                    Plaintiffs,         :
12                                      :
              v.                        :
13                                      :
     APPLE COMPUTER, INC.,  et al.,     :
14                                      :    NO. 04-1338 (KAJ)
               Defendants.              :
15   --------------------------------
     OPTREX AMERICA, INC.,              :
16                                      :
                    Plaintiff,          :
17                                      :
              v.                        :
18                                      :
     HONEYWELL INTERNATIONAL, INC.      :
19   et al.                            :
                                        :    NO. 04-1536 (KAJ)
20             Defendants.              :
                                   - - -
21

22                 Wilmington, Delaware
             Friday, July 21, 2006 at 11:03 a.m.
                   TELEPHONE CONFERENCE
23
                        - - -
24
     BEFORE:      HONORABLE **KENT A. JORDAN**, U.S.D.C.J.
25
                        - - -

1    argument?

2              MR. WOODS:  Your Honor, this is Matt Woods.

3    Mr. Lueck asked that I look into this particular one issue.

4              We believe, Your Honor, that the discovery that

5    Honeywell is asking for is narrowly tailored to go to the

6    heart of the infringement claim, to remove any burden upon

7    defendants and to essentially avoid any type of prejudice to

8    Honeywell, should discovery be limited in a way that could

9    eventually or could be argued down the road as effecting

10   some type of claim splitting and ultimately res judicata.

11             Honeywell has endeavored, in keeping with

12   the exchange that Your Honor had with Mr. Lueck back in

13   September, and the Court's October 7th order, to narrowly

14   define the discovery to those modules which are

15   substantially the same as those that were identified in

16   the prior correspondence that was submitted last year.  The

17   patent, Claim 3 of the '371 patent in particular, has some

18   very discrete elements and is very straightforward.  The

19   discovery that we are seeking is well known in the industry

20   to the extent that what we are asking for are modules that

21   have four basic elements.

22             THE COURT:  Yes, I read your papers.  So I

23   understand your position that, hey, we're just asking them

24   to tell us whether they've got things that meet these

25   elements.  I mean that much is clear to me.  I'm trying to

1    get you to respond to the assertion that this does not

2    square up with the obligation to tie your discovery requests

3    to specifically identified models.  In other words, as the

4    defense reads my previous statements and orders, they say,

5    hey, judge, you told these people they're not allowed just

6    to say to us, in effect, tell us what infringes.  They have

7    to identify a product and then they can ask about it.  And

8    then we had a further discussion where you said, well, what

9    about later versions or other versions and how would you

10   identify such versions?  And that the crafted attempt to

11   meet Honeywell's concern was to say if you can ask about

12   versions that are linked to identified models, that would

13   be okay.  And, judge, they've gone outside that.  Now all

14   they've done is propounded discovery that says tell us,

15   again tell us what you have that infringes.

16             That's the argument I'm trying to get you to

17   meet.  So it's not helpful to me at this juncture for you to

18   characterize it as narrowly drawn, et cetera.  I need you to

19   go back into the history of the case and tell me how what

20   you are asking for is actually based on what went before

21   today in the case.

22             MR. WOODS:  Yes, Your Honor.  And I will do so,

23   because I believe that history is exactly on point with what

24   brings us here today.

25             Back in September 9th, when we were having the

1  opportunity to explain to me why you think the way you

2  framed your demand for additional discovery from these folks

3  is correct in light of what we've had to say to each other

4  over the course of a few meetings and many, many months.

5        MR. WOODS:   Your Honor, thank you.   And we would

6  respectfully submit that if you look at that whole exchange,

7  as Mr. Horwitz was suggesting, there was clearly a sense,

8  as we believe we're entitled to under the law, to get some

9  discovery about modules other than those that have been

10  expressly located and expressly torn down and expressly

11  identified.

12        THE COURT:   And now, when you say you are

13  entitled to under the law.

14        MR. WOODS:   Correct.

15        THE COURT:   Well, you know what?

16        MR. WOODS:   Your Honor?

17        THE COURT:   I guess I'm trying to pull from you

18  where you think this is linked to my instructions to you

19  folks that you had an obligation to tell people, look, this

20  is your product.   We think it infringes.   Here is why.   You

21  know, we're accusing you of infringing.   We've got something

22  that we believe infringes.   That ought to be the baseline.

23  Everybody should have understood that from what I've said to

24  people repeatedly.

25        MR. WOODS:   Correct.

1          THE COURT:  Now, they are saying you have

2     unmoored your discovery from that foundation, and you have

3     heard Mr. Horwitz explain why they believe that.  I'm trying

4     to get you to explain to me how it is you are rooted in that

5     foundation, because that is the foundational principle from

6     which I am operating.

7          MR. WOODS:  Yes, Your Honor.  The request we

8     have made absolutely is rooted in the foundation.  We

9     identified a series of modules that have been torn down and

10    are accused of infringement.  As we have told defendants,

11    those modules have the following criteria.  They are back

12    lit.  They have an LCD panel and they have two particular

13    arrays, at least one of which misaligned, and that is the

14    commonality amongst everything that has been identified and

15    torn down.  And that is how we, Honeywell, understood the

16    term "substantially the same" to be implemented in the

17    Court's order.

18          So we have said to defendants we are asking you

19    to identify those modules which are substantially the same

20    as those which were expressly identified by model number

21    and the way we are defining "substantially the same" is as

22    Mr. Lueck and you discussed at the September 9th hearing on

23    page 31 where we are trying to provide objective criteria

24    for doing that analysis.

25          And so we have in fact moored our request for

18

1     discovery not for some fishing expedition, not for

2     everything under the sun but rather take those modules that

3     have been expressly identified and look at these features.

4     And we are asking for everything that has those same

5     features.

6             THE COURT:  Okay.  I have your position and I

7     can only apologize to the parties because to the extent I've

8     been unclear before, it's not been intentional.  I just

9     can't agree with Honeywell here because I'm bound, I think,

10    to agree that what you have done is to say, under the

11    rubric of "substantially the same," is to just recast as a

12    discovery request, tell me everything that infringes my

13    claim.  And that is precisely that I have been trying to

14    avoid in this matter, because I view that as a reversal, a

15    basic reversal of the obligation of parties in litigation.

16            You know, maybe I'll turn out to be wrong about

17    this but I don't think you can go to somebody and say I'm

18    suing you and now tell me why I'm suing you, which is what

19    in effect this discovery demands.  And I had attempted

20    previously to say, as clearly as I knew how but evidently

21    not clearly enough, you identify what the problem is and

22    they'll have to respond to that.  And then Mr. Lueck, as a

23    skillful advocate, would have said, well, there may be

24    versions of this very same device which we can't say by

25    model number because if we're one letter off -- now, I'm

1   interpolating, not precisely quoting what he had to say.  If

2   we're one letter off or one number off in the alphanumeric

3   sequence in the model number, they could say, well, you

4   didn't ask about that and that's not fair, and I was

5   agreeing well that isn't fair.  You know, if you've got a

6   next generation of the very thing you've produced, the fact

7   that you can't name it with precision using the alphanumeric

8   sequence attached to that make or model number shouldn't

9   prevent you from getting discovery on that.

10          That was not intended to open the door for

11  you to say, now, and anything else that meets the claim

12  language, tell us about that, too.  I don't view that as

13  proper discovery.  I mean that turns the process on its head

14  and I'm just not having it.

15          So to the extent I left people thinking that was

16  the problem or the way I wanted you to proceed, I apologize

17  because it isn't.  And I reject the assertion that this

18  raises res judicata problems for you or claim splitting.  If

19  you sue them on a specific thing and in the course of

20  discovery, they don't tell you about a different product,

21  nobody I think in their right mind is going to say, well,

22  you gave up a claim against that accused product because

23  you never had the chance to accuse it.  So I view that as

24  a red herring.

25          So I'm hoping this is clear enough in telling

1   people, Honeywell, if you want to sue people, fine, sue

2   them.  But have in mind exactly what it is you're accusing

3   them of doing.  And that means if you say they've produced

4   an accused device, you need to have some basis for saying

5   they have an accused device and ask them, okay, tell us

6   about this accused device.  You can't say to them, look

7   across your product line and tell us everything that meets

8   our claim language.

9           So have I been clear enough?  You could

10  disagree with me, obviously, that this is a correct or an

11  appropriate approach but at least you understand what I'm

12  getting at now, Mr. Lueck and Mr. Woods?

13          MR. WOODS:  Your Honor, we certainly understand.

14  And I, with Your Honor's indulgence, just have to ask if I

15  could just say one thing, please, because we do respectfully

16  disagree with the Court about the concern about the

17  potential for res judicata here.  We do recognize that there

18  is law out there like the Sharp case that has been cited

19  that talk about the standard for getting additional module

20  model numbers in an industry where models change.

21          We have proposed to the defendants we're

22  willing to buy their modules.  We're willing to buy it.

23  Historically, you can't get these things any more and yet

24  they're still within the statute of limitations period.  For

25  all these reasons, because respectfully we believe what Your

1          THE COURT:  Okay.  Mr. Horwitz or Mr. Rovner,

2     you folks have done most the speaking for the defense.

3     Anything?

4          MR. HORWITZ:  I don't think so, Your Honor.

5          MR. ROVNER:  No, Your Honor.

6          THE COURT:  Okay.  Does anybody else on the

7     defense side feel like you need to weigh in?

8          (Pause.)

9          THE COURT:  All right.  Well, then thanks for

10     your time today, and I hope we're able to work out other

11     things going forward and things stay on track.  Talk to you

12     later.

13          (The attorneys respond, "Thank you, Your

14     Honor.")

15          (Telephone conference ends at 12:05 p.m.)

16

17

18

19

20

21

22

23

24

25

# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HONEYWELL INTERNATIONAL INC. and HONEYWELL INTELLECTUAL PROPERTIES INC., | ) ) ) | |
| | ) | C.A. No. 04-1338-*** |
| Plaintiffs, | ) ) | CONSOLIDATED |
| v. | ) ) | |
| APPLE COMPUTER, INC., et al., | ) ) | |
| Defendants. | ) ) | |

### NOTICE OF SERVICE

I certify that on November 16, 2007, copies of *Plaintiffs' Objections to Citizen Defendants' Notice of Deposition of Plaintiffs Honeywell International Inc. and Honeywell International Properties Inc.* were caused to be served upon counsel of record in the manner indicated:

**BY HAND & E-MAIL:**

Karen L. Pascale
YOUNG CONAWAY STARGATT
  & TAYLOR, LLP
The Brandywine Building, 17th floor
1000 West Street
Wilmington, DE 19801

*Attorneys for Optrex America, Inc.*

Philip A. Rovner
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899

*Attorneys for FUJIFILM Corporation
and FUJIFILM U.S.A., Inc.*

David J. Margules
John M. Seaman
BOUCHARD MARGULES
  & FRIEDLANDER, P.A.
222 Delaware Ave., Suite 1400
Wilmington DE 19801

*Attorneys for Citizen Watch Co., Ltd.*
*and Citizen Displays Co., Ltd.*

Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899

*Attorneys for Samsung SDI America, Inc.*
*and Samsung SDI Co., Ltd.*

Daniel V. Folt
Matt Neiderman
DUANE MORRIS LLP
1100 North Market Street, 12th Floor
Wilmington, DE 19801-1246

*Attorneys for InnoLux Display Corporation*

**BY E-MAIL:**

Andrew M. Ollis
OBLON, SPIVAK, McCLELLAND,
  MAIER & NEUSTADT, P.C.
1940 Duke Street
Alexandria, VA 22314
aollis@oblon.com

*Attorneys for Optrex America, Inc.*

Lawrence Rosenthal
Matthew W. Siegal
STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY 10038-4982
lrosenthal@stroock.com
msiegal@stroock.com

*Attorneys for FUJIFILM Corporation*
*and FUJIFILM U.S.A., Inc.*

2

Stephen S. Korniczky
Elizabeth L. Brann
PAUL, HASTINGS, JANOFSKY
  & WALKER LLP
3579 Valley Centre Drive
San Diego, CA 92130
stephen korniczky@paulhastings.com
elizabeth.brann@paulhastings.com

Hamilton Loeb
PAUL, HASTINGS, JANOFSKY
  & WALKER LLP
875 15th Street, N.W.
Washington, DC 20005
hamiltonloeb@paulhastings.com

*Attorneys for Samsung SDI Co., Ltd.*
*and Samsung SDI America, Inc.*

Stuart Lubitz
HOGAN & HARTSON LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
slubitz@hhlaw.com

*Attorneys for Citizen Watch Co., Ltd.*
*and Citizen Displays Co., Ltd.*

Donald R. McPhail
DUANE MORRIS LLP
1667 K Street, N.W., Suite 700
Washington, DC 20006
drmcphail@duanemorris.com

*Attorneys for InnoLux Display Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2007, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send notification of such filing to all registered participants.

I also certify that on November 16, 2007, I caused to be served true and correct copies of the foregoing on the following as indicated below:

**BY HAND & E-MAIL:**

Karen L. Pascale
YOUNG CONAWAY STARGATT
  &amp; TAYLOR, LLP
The Brandywine Building, 17th floor
1000 West Street
Wilmington, DE 19801

*Attorneys for Optrex America, Inc.*

Philip A. Rovner
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899

*Attorneys for FUJIFILM Corporation
and FUJIFILM U.S.A., Inc.*

David J. Margules
John M. Seaman
BOUCHARD MARGULES
  &amp; FRIEDLANDER, P.A.
222 Delaware Ave., Suite 1400
Wilmington DE 19801

*Attorneys for Citizen Watch Co., Ltd.
and Citizen Displays Co., Ltd.*

Daniel V. Folt
Matt Neiderman
DUANE MORRIS LLP
1100 North Market Street, 12th Floor
Wilmington, DE 19801-1246

*Attorneys for InnoLux Display Corporation*

Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899

*Attorneys for Samsung SDI America, Inc.*
*and Samsung SDI Co., Ltd.*

**BY E-MAIL:**

Andrew M. Ollis
OBLON, SPIVAK, McCLELLAND,
  MAIER & NEUSTADT, P.C.
1940 Duke Street
Alexandria, VA 22314
aollis@oblon.com

*Attorneys for Optrex America, Inc.*


Stephen S. Korniczky
Elizabeth L. Brann
PAUL, HASTINGS, JANOFSKY
  & WALKER LLP
3579 Valley Centre Drive
San Diego, CA 92130
stephen.korniczky@paulhastings.com
elizabeth.brann@paulhastings.com

Hamilton Loeb
PAUL, HASTINGS, JANOFSKY
  & WALKER LLP
875 15th Street, N.W.
Washington, DC 20005
hamiltonloeb@paulhastings.com

*Attorneys for Samsung SDI Co., Ltd.*
*and Samsung SDI America, Inc.*

Lawrence Rosenthal
Matthew W. Siegal
STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY 10038-4982
lrosenthal@stroock.com
msiegal@stroock.com

*Attorneys for FUJIFILM Corporation*
*and FUJIFILM U.S.A., Inc.*


Donald R. McPhail
DUANE MORRIS LLP
1667 K Street, N.W., Suite 700
Washington, DC 20006
drmcphail@duanemorris.com

*Attorneys for InnoLux Display Corporation*

2

Stuart Lubitz
HOGAN & HARTSON LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
slubitz@hhlaw.com

*Attorneys Citizen Watch Co., Ltd.*
*and Citizen Displays Co., Ltd.*

## BY FEDERAL EXPRESS

Mr. Seong Yoon Jeong
Assistant Manager
Technology Planning Group
BOE HYDIS TECHNOLOGY CO., LTD.
San 136-1, Ami-ri, Bubal-eub
Ichon-si, Gyeonggi-do 467-701
Republic of Korea


/s/ *Maria Granovsky*
_____
Maria Granovsky (#4709)
mgranovsky@mnat.com

515565

3

**BY FEDERAL EXPRESS**

Mr. Seong Yoon Jeong
Assistant Manager
Technology Planning Group
BOE HYDIS TECHNOLOGY CO., LTD.
San 136-1, Ami-ri, Bubal-eub
Ichon-si, Gyeonggi-do 467-701
Republic of Korea

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Maria Granovsky*

Thomas C. Grimm (#1098)
Benjamin J. Schladweiler (#4601)
Maria Granovsky (#4709)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
tgrimm@mnat.com
bschladweiler@mnat.com
mgranovsky@mnat.com
 *Attorneys for Plaintiffs*

OF COUNSEL:

Martin R. Lueck
Matthew L. Woods
Stacie E. Oberts
Denise S. Rahne
Peter N. Surdo
Marta M. Chou
ROBINS, KAPLAN, MILLER
 & CIRESI L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN  55402-2015
(612) 349-8500

Anthony A. Froio
Marc N. Henschke
Alan E. McKenna
Michael J. Garko
ROBINS, KAPLAN, MILLER
 & CIRESI L.L.P.
800 Boyleston Street, 25th Floor
Boston, MA  02199
(617) 267-2300

November 16, 2007
515565

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

HONEYWELL INTERNATIONAL INC. )
and HONEYWELL INTELLECTUAL )
PROPERTIES INC., )
                       ) C.A. No. 04-1338-***
            Plaintiffs, )
                       ) CONSOLIDATED
      v. )
                       )
APPLE COMPUTER, INC., et al., )
                       )
           Defendants. )

**PLAINTIFFS' OBJECTIONS TO CITIZEN DEFENDANTS'
NOTICE OF DEPOSITION OF PLAINTIFFS HONEYWELL INTERNATIONAL INC.
AND HONEYWELL INTELLECTUAL PROPERTIES INC.**

Pursuant to Rule 30 of the Federal Rules of Civil Procedure, Plaintiffs Honeywell
International Inc. and Honeywell Intellectual Properties Inc. ("Honeywell") hereby object and
respond to Defendants Citizen Watch Co., Ltd. and Citizen Displays Co., Ltd.'s ("Citizen")
Notice of Deposition ("Notice") as follows:

**GENERAL OBJECTIONS**

The following General Objections are incorporated by reference into each of the specific
objections set forth below. These General Objections are continuing in nature. Without regard
to objections made or not made in these General Objections, Honeywell reserves the right to
make any appropriate objection at any future deposition taken in this matter.

      A.      Honeywell objects generally to each Definition and Topic set forth in Appendix A
of the Notice to the extent that it is inconsistent with or imposes an obligation beyond that
required by the Federal Rules of Civil Procedure or any applicable local rule of the Court; to the
extent that it is unlimited in time or scope, overly broad, unduly burdensome, or not reasonably
calculated to lead to the discovery of admissible evidence; to the extent it seeks discovery of

E.      Honeywell strenuously objects to the date noticed. November 22, 2007 is a holiday in the United States, and it could be inappropriately burdensome to expect any party to produce a witness on this date.

## SPECIFIC OBJECTIONS

Subject to and without waiving the above General Objections, Honeywell objects to Citizen's Notice as follows:

### TOPIC NO. 1:

All facts related to Plaintiffs' contention that Citizen committed, induced and/or contributed to any infringement of the '371 Patent, including but not limited to, a description of each act performed by Citizen that allegedly constituted, induced or contributed to the direct infringement, the geographic location of each such act, the direct infringement allegedly resulting from each such act (including the identity of the Third Party committing the direct infringement), and how each such act resulted in the direct infringement.

### RESPONSE:

Honeywell objects to Topic 1 to the extent that it requests information that is protected by the attorney-client privilege and/or the work-product doctrine.

Honeywell objects to Topic 1 as redundant of previously noticed depositions taken by the defendants and as such unduly burdensome to Honeywell. On December 29, 2006, Defendants served a 30(b)(6) notice on Honeywell that included topics redundant of Topic 1. *See, e.g.,* Notice of Deposition of Plaintiffs Honeywell International Inc. and Honeywell Intellectual Properties Inc., served on December 29, 2006, Topics 12-14. The Citizen Defendants were parties to this notice. Subject to its objections, Honeywell has since produced witnesses on these topics. Citizen elected not to attend these depositions. Honeywell should not be unduly burdened based on Citizen's failure to attend these depositions and participate in the questioning. For these reasons, Honeywell will not produce a witness on Topic 1.

information or production of documents or things protected by the attorney-client privilege, work product immunity, or any other privilege or immunity; and to the extent it seeks unrestricted access to information or identification of documents that are protected from disclosure under a confidentiality obligation imposed by contract, order, or understanding binding on Honeywell.

B.    Honeywell further objects generally to producing the witness or witnesses "who are most knowledgeable" to the extent it is inconsistent with the requirements of Fed. R. Civ. P. 30(b)(6).

C.    Honeywell further objects generally to the Notice to the extent it purports to require 30(b)(6) testimony on behalf of any corporate entity other than Honeywell International Inc. and Honeywell Intellectual Properties Inc. In particular, Honeywell objects to the definition of "HII" as overbroad to the extent it includes any corporate entity other than Honeywell International Inc. Similarly, Honeywell objects to the definition of "HIPI" as overbroad to the extent it includes any corporate entity other than Honeywell Intellectual Properties Inc. In accordance with Fed. R. Civ. P. 30(b)(6), Honeywell will only produce a witness to testify on behalf of Honeywell International Inc. and Honeywell Intellectual Properties Inc.

D.    Honeywell also objects to the definitions of "LCD Modules" and "LCD Products" to the extent that these definitions are not limited to modules, products, and technology that relate to the technology claimed in the '371 patent. The Requesting Parties' failure to limit these definitions renders them overly broad and unduly burdensome. Accordingly, Honeywell will only produce a witness to testify about LCD modules, products, and technology that relate to the subject matter of the '371 patent.

## TOPIC NO. 2:

All facts related to Plaintiffs' contention that Citizen knowingly induced the direct infringement of the '371 Patent and possessed specific intent to encourage the infringement.

## RESPONSE:

Honeywell objects to Topic 2 to the extent that it requests information that is protected by the attorney-client privilege and/or the work-product doctrine.

Honeywell also objects to Topic 2 as redundant of previously noticed depositions taken by the defendants and as such unduly burdensome to Honeywell. On December 29, 2006, Defendants served a 30(b)(6) notice on Honeywell that included topics redundant of Topic 2. *See, e.g.,* Notice of Deposition of Plaintiffs Honeywell International Inc. and Honeywell Intellectual Properties Inc., served on December 29, 2006, Topic 14. The Citizen Defendants were parties to this notice. Subject to its objections, Honeywell has since produced witnesses on this topic. Citizen elected not to attend these depositions. Honeywell should not be unduly burdened based on Citizen's failure to attend these depositions and participate in the questioning. For these reasons, Honeywell will not produce a witness on Topic 2.

## TOPIC NO. 3:

All facts related to the computation of Plaintiffs' damages claims against Citizen, including but not limited to, the importation and sale of the Accused Products in the United States, the revenues and profits attributable to those sales, and the portion of such revenues and profits attributable to Citizen's LCD Modules.

## RESPONSE:

Honeywell objects to Topic 3 to the extent that it requests information that is protected by the attorney-client privilege and/or the work-product doctrine. Honeywell also objects to Topic 3 as the subject of expert testimony. Honeywell further objects to this topic as premature in light of the Scheduling Order governing this case, which explicitly defers expert reports on damages

until the outcome of the first trial. For these reasons, Honeywell will not be producing a witness on Topic 3 until a more appropriate time.

**TOPIC NO. 4:**

Any pre-filing investigation by Plaintiffs relating to its contention that Citizen infringed the '371 Patent either directly, contributorily, or by inducement.

**RESPONSE:**

Honeywell objects to Topic 4 to the extent that it requests information that is protected by the attorney-client privilege and/or the work-product doctrine.

Honeywell also objects to Topic 4 as redundant of previously noticed depositions taken by the defendants and as such unduly burdensome to Honeywell. On December 29, 2006, Defendants served a 30(b)(6) notice on Honeywell that included topics redundant of Topic 4. *See, e.g.,* Notice of Deposition of Plaintiffs Honeywell International Inc. and Honeywell Intellectual Properties Inc., served on December 29, 2006, Topics 12-14. The Citizen Defendants were parties to this notice. Subject to its objections, Honeywell has since produced witnesses on these topics. Citizen elected not to attend these depositions. Honeywell should not be unduly burdened based on Citizen's failure to attend these depositions and participate in the questioning. For these reasons, Honeywell will not produce a witness on Topic 4.

**TOPIC NO. 5:**

All LCD Products made or sold by a Third Party for which Plaintiffs contend Citizen induced direct infringement, including Plaintiff's first awareness of those LCD Products being sold in the United States and the person who first acquired such awareness.

**RESPONSE:**

Honeywell objects to Topic 5 to the extent that it requests information that is protected by the attorney-client privilege and/or the work-product doctrine.

Honeywell also objects to Topic 5 as redundant of previously noticed depositions taken by the defendants and as such unduly burdensome to Honeywell. On December 29, 2006, Defendants served a 30(b)(6) notice on Honeywell that included topics redundant of Topic 5. *See, e.g.,* Notice of Deposition of Plaintiffs Honeywell International Inc. and Honeywell Intellectual Properties Inc., served on December 29, 2006, Topic 14. The Citizen Defendants were parties to this notice. Subject to its objections, Honeywell has since produced witnesses on these topics. Citizen elected not to attend these depositions. Honeywell should not be unduly burdened based on Citizen's failure to attend these depositions and participate in the questioning. For these reasons, Honeywell will not produce a witness on Topic 5.

## TOPIC NO. 6:

All negotiations, agreements, or communications relating to the license or offer to license the '371 Patent, including but not limited to any license fees, royalties, or other payments or consideration associated therewith.

## RESPONSE:

Honeywell objects to Topic 6 to the extent that it requests information that is protected by the attorney-client privilege and/or the work-product doctrine.

Honeywell also objects to Topic 6 as redundant of previously noticed depositions taken by the defendants and as such unduly burdensome to Honeywell. On December 29, 2006, Defendants served a 30(b)(6) notice on Honeywell that included topics redundant of Topic 6. *See, e.g.,* Notice of Deposition of Plaintiffs Honeywell International Inc. and Honeywell Intellectual Properties Inc., served on December 29, 2006, Topics 6-8. The Citizen Defendants were parties to this notice. Subject to its objections, Honeywell has since produced witnesses on these topics. Citizen elected not to attend these depositions. Honeywell should not be unduly

burdened based on Citizen's failure to attend these depositions and participate in the questioning.

For these reasons, Honeywell will not produce a witness on Topic 6.

**TOPIC NO. 7:**

All facts and circumstances relating to the basis for each of Plaintiff's allegations set forth in numbered paragraphs 7, 10, 12, 13, and 14 of Plaintiffs' Complaint filed on December 16, 2005.

**RESPONSE:**

Honeywell objects to Topic 7 to the extent that it requests information that is protected by the attorney-client privilege and/or the work-product doctrine.

Honeywell also objects to Topic 7 as redundant of previously noticed depositions taken by the defendants and as such unduly burdensome to Honeywell. On December 29, 2006, Defendants served a 30(b)(6) notice on Honeywell that included topics redundant of Topic 7. *See, e.g.,* Notice of Deposition of Plaintiffs Honeywell International Inc. and Honeywell Intellectual Properties Inc., served on December 29, 2006, Topic 14. The Citizen Defendants were parties to this notice. Subject to its objections, Honeywell has since produced witnesses on these topics. Citizen elected not to attend these depositions. Honeywell should not be unduly burdened based on Citizen's failure to attend these depositions and participate in the questioning.

For these reasons, Honeywell will not produce a witness on Topic 7.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_____

Thomas C. Grimm (#1098)
Maria Granovsky (#4709)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
302-658-9200
tgrimm@mnat.com
mgranovsky@mnat.com

*Attorneys for Honeywell International Inc. and
Honeywell Intellectual Properties Inc.*

OF COUNSEL:

Martin R. Lueck
Matthew L. Woods
Stacie E. Oberts
Denise S. Rahne
Peter N. Surdo
ROBINS, KAPLAN, MILLER
    & CIRESI L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2014
612-349-8500

Anthony A. Froio
Marc N. Henschke
Alan E. McKenna
Michael J. Garko
ROBINS, KAPLAN, MILLER
    & CIRESI L.L.P.
800 Boylston Street, 25th Floor
Boston, MA 02199
617-267-2300

November 16, 2007
1317624

CERTIFICATE OF SERVICE

I certify that on November 16, 2007, I caused to be served true and correct copies

of the foregoing on the following in the manner indicated:

**BY HAND & E-MAIL:**

Karen L. Pascale
YOUNG CONAWAY STARGATT
  & TAYLOR, LLP
The Brandywine Building, 17th floor
1000 West Street
Wilmington, DE  19801

*Attorneys for Optrex America, Inc.*

David J. Margules
John M. Seaman
BOUCHARD MARGULES
  & FRIEDLANDER, P.A.
222 Delaware Ave., Suite 1400
Wilmington DE 19801

*Attorneys for Citizen Watch Co., Ltd.
and Citizen Displays Co., Ltd.*

Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE  19899

*Attorneys for Samsung SDI America, Inc.
and Samsung SDI Co., Ltd.*

Philip A. Rovner
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE  19899

*Attorneys for FUJIFILM Corporation
and FUJIFILM U.S.A., Inc.*

Daniel V. Folt
Matt Neiderman
DUANE MORRIS LLP
1100 North Market Street, 12th Floor
Wilmington, DE  19801-1246

*Attorneys for InnoLux Display Corporation*

**BY E-MAIL:**

Andrew M. Ollis
OBLON, SPIVAK, McCLELLAND,
  MAIER & NEUSTADT, P.C.
1940 Duke Street
Alexandria, VA 22314
aollis@oblon.com

*Attorneys for Optrex America, Inc.*

Stephen S. Korniczky
Elizabeth L. Brann
PAUL, HASTINGS, JANOFSKY
  & WALKER LLP
3579 Valley Centre Drive
San Diego, CA 92130
stephen.korniczky@paulhastings.com
elizabeth.brann@paulhastings.com

Hamilton Loeb
PAUL, HASTINGS, JANOFSKY
  & WALKER LLP
875 15th Street, N.W.
Washington, DC 20005
hamiltonloeb@paulhastings.com

*Attorneys for Samsung SDI Co., Ltd.
and Samsung SDI America, Inc.*

Stuart Lubitz
HOGAN & HARTSON LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
slubitz@hhlaw.com

*Attorneys for Citizen Watch Co., Ltd.
and Citizen Displays Co., Ltd.*

Lawrence Rosenthal
Matthew W. Siegal
STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY 10038-4982
lrosenthal@stroock.com
msiegal@stroock.com

*Attorneys for FUJIFILM Corporation
and FUJIFILM U.S.A., Inc.*

Donald R. McPhail
DUANE MORRIS LLP
1667 K Street, N.W., Suite 700
Washington, DC 20006
drmcphail@duanemorris.com

*Attorneys for InnoLux Display Corporation*

2

**BY FEDERAL EXPRESS**

Mr. Seong Yoon Jeong
Assistant Manager
Technology Planning Group
BOE HYDIS TECHNOLOGY CO., LTD.
San 136-1, Ami-ri, Bubal-eub
Ichon-si, Gyeonggi-do 467-701
Republic of Korea

Maria Granovsky (#4709)
mgranovsky@mnat.com

529973

**EXHIBIT 4**

RICHARDS, LAYTON & FINGER

A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILLIAM J WADE          WILMINGTON, DELAWARE 19801          DIRECT DIAL NUMBER
   DIRECTOR                  (302) 651-7700                     302-651-7718
                          FAX (302) 651-7701                    WADE@RLF.COM
                            WWW.RLF.COM

May 12, 2005

**BY E-FILING**

The Honorable Kent A. Jordan
United States District Court
   for the District of Delaware
844 King Street
Wilmington, DE  19801

Re:    *Honeywell InternationaL, Inc., et al. v. Apple Computer, Inc., et al.,*
       **C.A. No. 04-1338-KAJ**

Dear Judge Jordan:

        With the hope that it will assist the Court at the conference scheduled for
Monday, May 16, 2005, in the captioned action (and related actions), I enclose a chart which I
believe correctly reflects the positions of the parties on the various proposed Scheduling Orders.
If the chart is not 100% correct, I apologize and I suspect that will be pointed out to Your Honor
at the conference.

        If prior to the conference Your Honor should have any questions concerning the
enclosed chart or if we can provide you with any further information, counsel are available at
Your Honor's convenience.

                                    Very truly yours,

                                    William J. Wade

WJW/bw
Enclosure

cc:
        Clerk of the Court (By ECF and Hand Delivery)
        All Local Counsel of Record (By ECF and Hand Delivery)

RLF1-2875518-1

## SUMMARY OF PARTIES' CURRENT POSITIONS ON PROPOSED SCHEDULING ORDERS IN C.A. NO. 04-1337-KAJ, C.A. NO. 04-1338-KAJ, AND C.A. NO. 04-1536-KAJ

| EVENTS | OPTREX (SINGLE PARTY) | 1337/1338 DEFENDANTS' PROPOSAL (36 PARTIES) | HONEYWELL |
|---|---|---|---|
| INITIAL DISCLOSURES | Unless otherwise agreed, 10 days after scheduling order | Later of 10 days after scheduling order or last answer | Unless otherwise agreed, 10 days after scheduling order |
| REGULAR DISCOVERY | No mention of any postponement of regular discovery | *First Proposal:*<br>Discovery to commence the later of 1 week after initial disclosures or after Honeywell identifies accused products, unless party is stayed.<br>Discovery limited to issues of liability for identified accused products.<br><br>*Alternative Proposal:*<br>Honeywell's first 4 months of discovery limited to identification of specific accused products.<br>Honeywell specifically identifies all accused products and claims infringed at 4th month.<br>Discovery limited to issues of liability for identified accused products and personal and equitable defenses. | No mention of any postponement of regular discovery |
| JOINDER OF PARTIES AND AMEND PLEADINGS | March 17, 2006 (pleadings)<br>December 5, 2005 (parties) | March 17, 2006 (pleadings)<br>December 5, 2005 (parties) | March 17, 2006 (pleadings)<br>December 5, 2005 (parties) |

| EVENTS | OPTREX (SINGLE PARTY) | 1337/1338 DEFENDANTS' PROPOSAL (36 PARTIES) | HONEYWELL |
|---|---|---|---|
| DISCOVERY LIMITATIONS | 300 hours/side for fact depositions on liability issues, plus 50 hours per party for specifics as they relate to liability. Limitations do not apply to expert discovery | 300 hours/side for fact depositions on liability issues, plus 50 hours per party for specifics as they relate to liability. Limitations do not apply to expert discovery | Each party gets 50 hrs of deposition testimony from representatives or employees of each adverse party; except for discovery to Honeywell and its agents, the defendants jointly have 100 collective hours and shall each be entitled to 1 7-hour 30(b)(6) for issues specific to the defendant. Non-party discovery each side has collective 75 hours of depositions. Limitations do not apply to expert discovery |
| DISCOVERY CUTOFF | March 20, 2006 | November 20, 2006 | June 30, 2006 |
| EXPERT REPORTS | 90 days prior to discovery cut-off and rebuttal report 45 days before discovery cut-off | 90 days prior to discovery cut-off and rebuttal report 45 days before discovery cut-off | 90 days prior to discovery cut-off and rebuttal report 45 days before discovery cut-off *Alternative Proposal:* 120 days prior to close of discovery, each side provides expert identification on issues for which the side bears the burden along with CV with short description for each subject per witness. |
| INTERIM STATUS REPORT | December 22, 2005 | December 22, 2005 | December 22, 2005 |
| INTERIM STATUS CONFERENCE | January 6, 2006 | January 6, 2006 | January 6, 2006 |

2

| EVENTS | OPTREX (SINGLE PARTY) | 1337/1338 DEFENDANTS' PROPOSAL (36 PARTIES) | HONEYWELL |
|---|---|---|---|
| TUTORIAL | February 24, 2006 (mentions only live, and no video presentation) | February 24, 2006 (mentions only live, and no video presentation)<br><br>Limited to one-half hour for each side. | February 24, 2006 (mentions only live, and no video presentation)<br><br>*Additional Proposal:* one week prior, parties exchange materials used at hearing. |
| DISPOSITIVE MOTIONS | Opening Briefs by April 20, 2006<br>Answering: + 30 days<br>Reply: + 14 days | Opening Briefs by January 12, 2007<br>Answering: + 30 days<br>Reply: + 14 days | Opening Briefs by July 15, 2006<br>Answering: + 30 days<br>Reply: + 14 days |
| CLAIM CONSTRUCTION (CC) | Exchange list of terms: December 12, 2005<br>Create Joint Claim Charts for submission to Court on April 10, 2006<br>Simultaneous Opening CC briefs: April 20, 2006<br>Simultaneous Answering briefs 30 days from opening brief. | Exchange list of terms: December 12, 2005<br>Create Joint Claim Charts for submission to Court on June 30, 2006<br>Simultaneous Opening CC briefs: July 14, 2006<br>Simultaneous Answering briefs: August 15, 2006 | Exchange list of terms: December 12, 2005<br>Create Joint Claim Charts for submission to Court on June 30, 2006<br>Simultaneous Opening CC briefs: July 14, 2006<br>Simultaneous Answering briefs: August 15, 2006 |
| CC & SUMMARY JUDGMENT HEARING | June 29, 2006 | March 17, 2007 | September 21, 2006 |
| FINAL PRETRIAL FILINGS | August 29, 2006 | June 29, 2007 | October 30, 2006 |
| FINAL PRETRIAL CONFERENCE | September 12, 2006 | July 27, 2007 | November 7, 2006 |

NY1:\1326690\01\5H8201I.DOC\52130.0319
RLF1-2875565-1

| EVENTS | OPTREX (SINGLE PARTY) | 1337/1338 DEFENDANTS' PROPOSAL (36 PARTIES) | HONEYWELL |
|---|---|---|---|
| TRIAL | 14 day trial beginning October 16, 2006, with each side having 40 hours to present their case. | The parties should be prepared to discuss trial format at the Jan. 6, 2006 conference and the July 27, 2007 pretrial conference.<br><br>*Alternative Proposal:*<br>A 10 day trial shall commence six (6) weeks after the Final Pretrial Conference with each side having 22 hours to present their case, limited to the issues of validity and enforceability of the patent-in-suit. | 14 day trial beginning December 4, 2006, with each side having 40 hours to present their case. |

4

NY1:\1328690\01\1SH82D1.DOC\62130.0319
RLF1-2875565-1

# EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

HONEYWELL INTERNATIONAL INC. and )
HONEYWELL INTELLECTUAL PROPERTIES INC., )
)
Plaintiffs, )
)
v. )
)
APPLE COMPUTER, INC.; ALL AROUND CO., LTD., )
ARGUS A/K/A HARTFORD COMPUTER GROUP, )
INC.; ARIMA DISPLAY; AU OPTRONICS CORP.; AU )
OPTRONICS CORPORATION AMERICA; BOE )     C.A. No. 04-1338-KAJ
TECHNOLOGY GROUP COMPANY, LTD.; BEIJING )
BOE OPTOELECTRONICS TECHNOLOGY CO., LTD.; )
BOE-HYDIS TECHNOLOGY CO., LTD.; CASIO )
COMPUTER CO., LTD.; CASIO, INC.; CITIZEN )
SYSTEMS EUROPE; CITIZEN SYSTEMS AMERICA )
CORPORATION; CONCORD CAMERAS; DELL INC.; )
EASTMAN KODAK COMPANY; FUJI PHOTO FILM )
CO., LTD.; FUJI PHOTO FILM U.S.A., INC.; FUJITSU )
LIMITED; FUJITSU AMERICA, INC.; FUJITSU )
COMPUTER PRODUCTS OF AMERICA, INC.; )
HANNSTAR DISPLAY CORPORATION; HITACHI, )
LTD.; HITACHI DISPLAYS, LTD.; HITACHI )
DISPLAY DEVICES, LTD.; HITACHI ELECTRONIC )
DEVICES (USA), INC.; INNOLUX DISPLAY )
CORPORATION; INTERNATIONAL DISPLAY )
TECHNOLOGY; INTERNATIONAL DISPLAY )
TECHNOLOGY USA, INC.; KONINKLIJKE PHILIPS )
ELECTRONICS N.V.; PHILIPS CONSUMER )
ELECTRONICS NORTH AMERICA; PHILIPS )
ELECTRONICS NORTH AMERICA CORPORATION; )
KYOCERA WIRELESS CORP.; MATSUSHITA )
ELECTRICAL INDUSTRIAL CO.; MATSUSHITA )
ELECTRICAL CORPORATION OF AMERICA; )
NAVMAN NZ LIMITED; NAVMAN U.S.A. INC.; )
OLYMPUS CORPORATION; OLYMPUS AMERICA, )
INC.; PENTAX CORPORATION; PENTAX U.S.A., )
INC.; PICVUE ELECTRONICS LIMITED; QUANTA )
DISPLAY INC.; SAMSUNG SDI CO., LTD; SAMSUNG )
SDI AMERICA, INC; SONY CORPORATION; SONY )
CORPORATION OF AMERICA; SONY ERICSSON )
MOBILE COMMUNICATIONS AB; SONY ERICSSON )
MOBILE COMMUNICATIONS (USA) INC.; ST )
LIQUID CRYSTAL DISPLAY CORP.; TOPPOLY )

OPTOELECTRONICS CORP.; TOSHIBA                )
CORPORATION; TOSHIBA AMERICA, INC.; WINTEK    )
CORP.; WINTEK ELECTRO-OPTICS CORPORATION;     )
WISTRON CORPORATION; and M-DISPLAY            )
OPTRONICS CORP.,                              )
                                              )
            Defendants.                       )
                                              )
─────────────────────────────────            )
                                              )
HONEYWELL INTERNATIONAL INC. and              )
HONEYWELL INTELLECTUAL PROPERTIES INC.,       )
                                              )
            Plaintiffs,                       )
                                              )  C.A. No. 04-1337-KAJ
      v.                                      )
                                              )
AUDIOVOX COMMUNICATIONS CORP.;                )
AUDIOVOX ELECTRONICS CORPORATION; NIKON       )
CORPORATION; NIKON INC.; NOKIA                )
CORPORATION; NOKIA INC.; SANYO ELECTRIC       )
CO., LTD.; SANYO NORTH AMERICA                )
CORPORATION; and SANYO EPSON IMAGING          )
DEVICES CORPORATION,                          )
                                              )
            Defendants.                       )
                                              )


─────────────────────────────────            )
                                              )
OPTREX AMERICA, INC.                          )
                                              )
            Plaintiff,                        )  C.A. No. 04-1536-KAJ
                                              )
      v.                                      )
                                              )
HONEYWELL INTERNATIONAL INC.                  )
and HONEYWELL INTELLECTUAL                     )
PROPERTIES INC.                               )
                                              )
            Defendants.                       )

2

## SCHEDULING ORDER

This _____ day of March, 2006, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(a) on March 13, 2006, Plaintiffs and the Manufacturing Defendants (hereinafter referred to as "the parties") having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1.    Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard.

Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within ten (10) days of the date of this Order. If they have not already done so, the parties are to review the Court's Default Standard for Discovery of Electronic Documents, which is posted at http://www.ded.uscourts.gov (see Orders, etc., Policies & Procedures, Ad Hoc Committee for Electronic Discovery), and is incorporated herein by reference. Discovery shall commence upon entry of the Scheduling Order.

2.    Joinder of Other Parties/Amendment of Pleadings.

All motions to join other parties, and to amend or supplement the pleadings shall be filed on or before July 7, 2006.

3.    Discovery.

a.    Limitation on Hours for Deposition Discovery.

Each side is limited to a total of 300 hours for fact depositions on common issues, each Manufacturer Defendant family may take 50 deposition hours of Plaintiffs for party specific issues and Plaintiffs may take 50 deposition hours per Manufacturer Defendant family for party

3

specific issues, and each party family may take an additional 50 hours for party specific issues. Manufacturer Defendants shall have an additional 150 hours of Third-Party depositions. Honeywell shall have an additional 75 hours of Third-Party depositions. A party may apply to Court for additional time for good cause shown. Limitations do not apply to expert discovery.

        b.    Location of Depositions.

Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court or the agreement of the parties. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

        c.    Discovery Cut Off.

All discovery in this case shall be initiated so that it will be completed on or before May 30, 2007. The Court encourages the parties to serve and respond to contention interrogatories early in the case. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

        d.    Disclosure of Expert Testimony.

Unless otherwise agreed to by the parties, they shall file their initial Federal Rule of Civil Procedure 26(a)(2) disclosures of expert testimony on or before ninety (90) days before the date of the completion of discovery, and file a supplemental disclosure to contradict or rebut evidence on the same subject matter identified by another party on or before forty-five (45) days before the date for the completion of discovery. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S.

4

579 (1993), it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

        e.    Discovery Disputes.

Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact Chambers (302) 573-6001 to schedule a telephone conference. Not less than five business days prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and a summary of the basis for the party's position on the issue.) Not less than one business day prior to the conference, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes over protective orders are to be addressed in the first instance in accordance with this paragraph.

        4.    Application to Court for Protective Order.

Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten days from the date of this Order.

Any proposed order should include the following paragraph:

Other Proceedings.  By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclosure another party's information designated "confidential"

5

[the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

Should counsel be unable to reach an agreement on a proposed form of order, the counsel must first follow the provisions of Paragraph 3e above.

5.    Papers Filed Under Seal.

When filing papers under seal, counsel should deliver to the Clerk an original and one copy of the papers.

6.    Settlement Conference.

Pursuant to 28 U.S.C. § 636, this matter is referred to the United States Magistrate for the purpose of exploring the possibility of a settlement. The Magistrate Judge will schedule a settlement conference with counsel and their clients.

7.    Interim Status Report.

On October 24, 2006, counsel shall submit a letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.

8.    Status Conference.

On October 31, 2006, the Court will hold an in-person Rule 16(a), (b) and (c) conference beginning at 4:30 p.m.

If all parties agree that there is nothing to report, nor anything to add to the interim status report or to this order, they may so notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off of the Court's calendar.

9.    Tutorial Describing the Technology and Matters in Issue.

On December 22, 2006, at 9:30 a.m. the parties shall appear live to provide the Court with a tutorial on the technology at issue. The tutorial should focus on the technology at

6

issue and should not be used to argue the parties' claims construction contentions. No testimony, expert or lay, will be offered at the hearing. For the convenience of the Court, these live (in-Court) tutorials may be videotaped (or otherwise recorded) and submitted to the Court. The tutorial should be limited to no more than thirty (30) minutes per side. In addition to the live presentation, the parties may present a video tape of no more than 30 minutes at the hearing.

      10.    <u>Case Dispositive Motions.</u>

        All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before June 30, 2007. Answering briefs shall be served and filed within 30 days of the opening brief. Reply briefs shall be served and filed within 14 days of the answering briefs.

      11.    <u>Claim Construction Issue Identification.</u>

        If the Court does not find that a limited earlier claim construction would be helpful in resolving the case, on November 9, 2006, each side shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted pursuant to paragraph 12 below. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s)-in-issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent-in-issue as well as those portions of the intrinsic record relied upon are to be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

7

12.    Claim Construction.

Issues of claim construction shall be submitted to the Court by way of the Joint Claim Construction Chart no later than May 30, 2007, to be considered by the Court in conjunction with the parties' summary judgment motions. Simultaneous opening briefs on issues of claim construction shall be served and filed by each side on June 29, 2007. Simultaneous reply briefs shall be served and filed by each side on July 27, 2007.

13.    Hearing on Claim Construction.

Beginning at 9:30 a.m. on August 30, 2007, the Court will hear evidence and argument on claim construction and summary judgment.

14.    Applications by Motion.

Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

15.    Pretrial Conference.

On December 17, 2007, the Court will hold a Final Pretrial Conference in Chambers with counsel beginning at 4:30 p.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before November 16, 2007.

16.    Motions *in Limine*.

Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to five *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of five pages of argument and may be opposed by a maximum of five pages of argument. No separate briefing shall be submitted on *in limine* requests unless otherwise permitted by the Court. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single five (5) page submission. However, if a party does not believe that its position is being adequately represented by the combined submission, the party may seek leave from the Court to increase the page limitations for the combined submission.

17.    Jury Instructions, Voir Dire, and Special Verdict Forms.

Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file proposed voir dire, instructions to the jury, and special verdict forms and jury interrogatories on or before three full business days before the final pretrial conference. That submission shall be accompanied by a computer diskette which contains the instructions, proposed voir dire, special verdict forms, and jury interrogatories.

18.    <u>Trial</u>.

This matter is scheduled for a ten (10) day jury trial beginning at 9:30 a.m. on January 28, 2008. For the purpose of completing pretrial preparations, counsel should plan on each side being allocated a total of 22 hours to present their case. Issues to be tried in this phase shall be limited to the validity and enforceability of U.S. Patent No. 5,280,371.

Dated: March 28, 2006.

724294

UNITED STATES DISTRICT JUDGE

10

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

HONEYWELL INTERNATIONAL INC., and )
HONEYWELL INTELLECTUAL PROPERTIES INC., )
)
              Plaintiffs, )
)
        v. )      Civil Action No. 04-1338-KAJ
)
APPLE COMPUTER, INC.; ALL AROUND CO., )
LTD.; ARGUS A/K/A HARTFORD COMPUTER )
GROUP, CIN.; ARIMA DISPLAY, AU OPTRONICS )
CORP.; AU OPTRONICS CORPORATION )
AMERICA; BOE TECHNOLOGY GROUP )
COMPANY, LTD.; BEIJING BOE )
OPTOELECTRONICS TECHNOLOGY CO., LTD.; )
BOE-HYDIS TECHNOLOGY CO., LTD.; CASIO )
COMPUTER CO., LTD.; CASIO, INC.; CITIZEN )
SYSTEMS EUROPE; CITIZEN SYSTEMS )
AMERICA CORPORATION; CONCORD )
CAMERAS; DELL INC.; EASTMAN KODAK )
COMPANY; FUJI PHOTO FILM CO., LTD.; FUJI )
PHOTO FILE U.S.A., INC.; FUJITSU CO., LTD.; )
FUJITSO AMERICA, INC.; FUJITSU COMPUTER )
PRODUCTS OF AMERICA, INC.; HANNSTAR )
DISPLAY CORPORATION; HITACHI, LTD.; )
HITACHI DISPLAYS, LTD.; HITACHI DISPLAY )
DEVICES, LTD.; HITACHI ELECTRONIC DEVICES )
(USA), INC.; INNOLUX DISPLAY CORPORATION; )
INTERNATIONAL DISPLAY TECHNOLOGY; )
INTERNATIONAL DISPLAY TECHNOLOGY USA, )
INC.; KONINKLIJKE PHILIPS ELECTRONICS N.V.; )
PHILIPS CONSUMER ELECTRONICS NORTH )
AMERICA; PHILIPS ELECTRONICS NORTH )
AMERICA CORPORATION; KYOCERA WIRELESS )
CORP.; MATSUSHITA ELECTRICAL INDUSTRIAL )
CO.; MATSUSHITA ELECTRICAL CORPORATION )
OF AMERICA; NAVMAN NZ LIMITED; NAVMAN )
U.S.A. INC.; OLYMPUS CORPORATION; )
OLYMPUS AMERICA, INC.; PENTAX )
CORPORATION; PENTAX U.S.A., INC.; PICVUE )
ELECTRONICS LTD.; QUANTA DISPLAY INC.; )
SAMSUNG SDI CO., LTD.; SAMSUNG SDI )
AMERICA, INC.; SONY CORPORATION; SONY )
CORPORATION OF AMERICA; SONY ERICSSON )

MOBILE COMMUNICATIONS AB; SONY          )
ERICSSON MOBILE COMMUNICATIONS (USA)    )
INC.; ST LIQUID CRYSTAL DISPLAY CORP.;   )
TOPPOLY OPTOELECTRONICS CORP.; TOSHIBA  )
CORPORATION; TOSHIBA AMERICA, INC.;      )
WINTEK CORP.; WINTEK ELECTRO-OPTICS      )
CORPORATION; WISTRON CORPORATION; and    )
M-DISPLAY OPTRONICS CORP.,               )
                                         )
                Defendants.              )
_____ )
HONEYWELL INTERNATIONAL INC. And         )
HONEYWELL INTERNATIONAL PROPERTIES,      )
INC.,                                    )
                                         )
                Plaintiffs,              )
                                         )
        v.                               )    Civil Action No. 04-1337-KAJ
                                         )
AUDIOVOX COMMUNICATIONS CORP.;           )
AUDIOVOX ELECTRONICS CORPORATION;        )
NIKON CORPORATION; NIKON INC.; NOKIA     )
CORPORATION; NOKIA INC.; SANYO           )
ELECTRONIC CO., LTD.; SANYO NORTH        )
AMERICA CORPORATION; and SANYO EPSON     )
IMAGING DEVICES CORPORATION,             )
                                         )
                Defendants.              )
_____ )
OPTREX AMERICA, INC.,                    )
                                         )
                Plaintiff,               )
                                         )
        v.                               )    Civil Action No. 04-1536-KAJ
                                         )
HONEYWELL INTERNATIONAL, INC. and        )
HONEYWELL INTELLECTUAL PROPERTIES INC.,  )
                                         )
                Defendants.              )

2

## PROPOSED FINAL PRETRIAL ORDER

This matter comes before the Court at a final pretrial conference held pursuant to Rule 16, Federal Rules of Civil Procedure.

**Plaintiff(s) Counsel:**

**Defendant(s) Counsel:**

### I.    Nature of the Case

The parties should prepare a brief statement of the nature of the case including the claims of the parties (personal injury, federal tort claim, breach of contracts, etc.). The principal purpose of this statement is to assist the Court in explaining the case to prospective jurors upon selection of a jury.

### II.   Jurisdiction

A.    This is an action for:

(State the remedy sought, such as damages, injunctive or declaratory relief.)

B.    The jurisdiction of the Court is not disputed (or, if the issue has not previously been raised, the basis on which jurisdiction is contested).

1.    If not disputed, state the statutory, constitutional or other basis of jurisdiction.

### III.  Uncontroverted Facts

The following facts are not disputed or have been agreed to or stipulated to by the parties:

3

(This section should contain a comprehensive statement of the facts which will become a part of the evidentiary record in the case and which, in jury trials, may be read to the jury.)

**IV.    Agreed to Issues of Law**

The parties agree that the following are the issues to be decided by the Court:

**V.    Witnesses (Please note those who will testify by deposition.)**

    A.    List of witnesses the plaintiff expects to call, including experts:

        1.    Expert witnesses.

        2.    Non-expert witnesses.

    B.    List of witnesses defendant expects to call, including experts:

        1.    Expert witnesses.

        2.    Non-expert witnesses.

    C.    If there are any third parties to the action, they should include an identical list of witnesses as that contained in Parts A and B above.

    D.    **Rebuttal Witnesses.**  Each of the parties may call such rebuttal witnesses as may be necessary, without prior notice thereof to the other party.

**VI.    Exhibits**

As set forth in Local Rule 16.4(d)(6), "A list of pre-marked exhibits, including designations of interrogatories and answers thereto, request for admissions and responses, which each party intends to offer at the trial with a specification of those which will be admitted in evidence without objection, those that will be objected to and the

4

Federal Rule of Evidence in support of said objection and the Federal Rule of Evidence relied upon by the proponent of the exhibit."

## VII.    Damages

An itemized statement of all damages, including special damages.

## VIII.    Bifurcated Trial

Indicate whether the parties desire a bifurcated trial, and, if so, why.

## IX.    Trial Briefs

Motions *in limine* shall not be separately filed. Any *in limine* requests shall be set forth, with citation to authorities and brief argument, in the proposed pretrial order. Each party shall be limited to five *in limine* requests, unless otherwise permitted by the Court. Briefing shall not be submitted on *in limine* requests, unless otherwise permitted by the Court.

## X.    Limitations, Reservations and Other Matters

A.    **Length of Trial**. The probable length of trial is _____ days. The case will be listed on the trial calendar to be tried when reached.

Mark appropriate box:    Jury_____
                                     Non-jury_____

B.    **Number of Jurors**. There shall be six jurors and _____ alternate jurors.

C.    **Jury Voir Dire**. The Court will conduct voir dire. If voir dire questions are to be tendered, they should be submitted with the final pretrial order.

IT IS ORDERED that this Final Pretrial Order may be modified at the trial of the action, or prior thereto, to prevent manifest injustice or for good cause shown. Such

modification may be made either on application of counsel for the parties or on motion of the Court.

DATED: _____

_____
UNITED STATES DISTRICT JUDGE

APPROVED AS TO FORM AND
SUBSTANCE:

_____
ATTORNEY FOR PLAINTIFF(S)

_____
ATTORNEY FOR DEFENDANT(S)

NOTE:      Where a third-party defendant is joined pursuant to Rule 14(a) of the Federal Rules of Civil Procedure, the pretrial order may be suitably modified. The initial page may be modified to reflect the joinder. List attorney's name, address, and telephone number.