IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HONEYWELL INTERNATIONAL INC. and ) <br> HONEYWELL INTELLECTUAL PROPERTIES INC. ) <br> ) <br> Plaintiffs, ) <br> v. ) <br> ) <br> APPLE COMPUTER, INC; ALL AROUND CO., ) <br> LTD.; ARGUS A/K/A HARTFORD COMPUTER ) <br> GROUP, INC.; BOE-HYDIS TECHNOLOGY CO., ) <br> LTD.; CITIZEN WATCH CO., LTD.; CITIZEN ) <br> DISPLAYS CO., LTD.; CONCORD CAMERAS; ) <br> DELL INC.; EASTMAN KODAK CO.; FUJIFILM ) <br> CORP.; FUJIFILM U.S.A., INC.; FUJITSU LTD.; ) <br> FUJITSU AMERICA INC.; FUJITSU COMPUTER ) <br> PRODUCTS OF AMERICA, INC.; INNOLUX ) <br> DISPLAY CORP.; KYOCERA WIRELESS CORP.; ) <br> MATSUSHITA ELECTRICAL INDUSTRIAL CO., ) <br> MATSUSHITA ELECTRICAL CORP. OF AMERICA; ) <br> NAVMAN NZ LTD.; NAVMAN U.S.A. INC.; ) <br> OLYMPUS CORP.; OLYMPUS AMERICA, INC.; ) <br> PENTAX CORP.; PENTAX U.S.A., INC., PICVUE ) <br> ELECTRONICS LTD.; SAMSUNG SDI CO., LTD.; ) <br> SAMSUNG SDI AMERICA, INC.; SONY CORP.; ) <br> SONY CORP. OF AMERICA; SONY ERICSSON ) <br> MOBILE COMMUNICATIONS AB; SONY ) <br> ERICSSON MOBILE COMMUNICATIONS (USA) ) <br> INC.; TOSHIBA CORP.; and TOSHIBA AMERICA, ) <br> INC.; ) <br> Defendants ) | C.A. No. 04-1338-JJF-MPT <br><br> JURY TRIAL DEMANDED |

### INNOLUX DISPLAY CORPORATION'S REPLY CLAIM CONSTRUCTION BRIEF

Matt Neiderman
DUANE MORRIS LLP
1100 North Market Street
Wilmington, DE 19801-1246
(302)657-4900

Donald R. McPhail
DUANE MORRIS LLP
505 9th Street, NW
Washington, DC 20006
(202) 776-7800
*Attorneys for Defendant InnoLux Display Corporation*

**TABLE OF CONTENTS**

I.   INTRODUCTION..................................................................................................................1

II.  HONEYWELL'S PROPOSED CONSTRUCTION IS CLEARLY
     ERRONEOUS........................................................................................................................1

     A.   Honeywell's Proposed Construction Seeks to Improperly Expand Claim 3..................2

     B.   Honeywell's Proposed Construction is Internally Inconsistent......................................4

     C.   Honeywell's Proposed Construction Introduces Unnecessary Ambiguity....................5

III. CONCLUSION......................................................................................................................7

# TABLE OF AUTHORITIES

**Cases:**

*Autogiro Co. of Am. v. United States*, 384 F.2d 391 (Ct. Cl. 1967)..................................................3

*Geneva Pharmaceuticals, Inc. v. GlaxoSmithKline PLC*, 349 F.3d 1373 (Fed. Cir. 2003)...........5,6,7

*Georgia-Pacific Corp. v. United States Gypsum Co.*, 195 F.3d 1322 (Fed. Cir. 1999)........................5

*Jeneric/Pentron, Inc. v. Dillon Company, Inc.*, 205 F.3d 1377 (Fed. Cir. 2000)..................................3

*K-2 Corp. v. Salomon S.A.*, 191 F.3d 1356 (Fed. Cir. 1999).............................................................3

*Merck & Co. v. Teva Pharmaceuticals USA, Inc.*, 395 F.3d 1364 (Fed. Cir. 2005)...........................2

*Phillips v. AWH Corp.* 415 F.3d 1303 (Fed. Cir. 2005)(en banc)....................................................3

*Resonate Inc. v. Alteon Websystems, Inc.*, 338 F.3d 1360 (Fed. Cir. 2003)........................................3

*Texas Instruments Inc. v. U.S. Int'l Trade Comm'n*, 988 F.2d 1165 (Fed. Cir. 1993).......................3

I.  **INTRODUCTION**

On April 25, 2008, Honeywell International, Inc. and Honeywell Intellectual Properties Inc. (collectively "Honeywell") filed Honeywell's Opening Claim Construction Brief Regarding U.S. Patent Number 5,280,371 (D.I. 1014)("Opening Brief"). In this Opening Brief, Honeywell set forth its proposed constructions of a number of disputed claim terms, including "wherein at least one of said first and second lens arrays is rotated about an axis perpendicular to said liquid crystal panel in order to provide a slight misalignment between said lenslets and said liquid crystal panel" ("the 'slight misalignment' limitation"). For the reasons set forth more fully below, Defendant InnoLux Display Corporation ("InnoLux") submits that Honeywell's proposed construction of the "slight misalignment" limitation is incorrect and so should not be adopted by the Court. Rather, InnoLux respectfully requests this Honorable Court to adopt the construction proposed by Optrex America, Inc., FUJIFILM Corporation, FUJIFILM U.S.A. Inc., Samsung SDI Co., Ltd., and Samsung SDI America, Inc. in their Claim Construction Opening Brief (D.I. 1016).

II.  **HONEYWELL'S PROPOSED CONSTRUCTION IS CLEARLY ERRONEOUS**

Honeywell has proposed the following construction for the "slight misalignment" limitation in claim 3 of U.S. Patent No. 5,280,371 ("the '371 patent"):

> A slight misalignment is a misalignment of typically 2-16 degrees between and axis of the lens array and an axis of the pixel arrangement in the liquid crystal panel.

*See* Honeywell's Opening Brief (D.I. 1014) at p. 33. Honeywell's proposed construction, however, is legally improper and highly flawed for at least the following reasons: (i) Honeywell's proposed construction improperly seeks to expand the scope of claim 3, both by reading an express term out of the claim and by importing a new functional limitation into the claim; (ii) Honeywell's proposed

construction is internally inconsistent; and (iii) Honeywell's proposed construction introduces unnecessary ambiguity into claim 3.

    A.    **Honeywell's Proposed Construction Seeks to Improperly Expand Claim 3**

Although Honeywell's proposed construction of the "slight misalignment" limitation appears relatively straightforward by itself, it is clear, when considered in light of Honeywell's Opening Brief, that Honeywell has actually tried to eliminate the term "slight" from claim 3 altogether and to introduce a completely new functional limitation to expand its scope. Thus, using its proposed construction, Honeywell has taken the position that the "slight misalignment" limitation includes <u>all</u> rotations in the range of 2-16 degrees and <u>all</u> rotations outside the 2-16 degree range "that accomplish[] a moiré-reducing function". *See, e.g.*, Honeywell's Opening Brief (D.I. 1014) at p. 35.

Honeywell is therefore trying to broaden the "slight misalignment" limitation to cover all angles of rotation which cause <u>any</u> misalignment between the lens array and LCD array (if that the misalignment "accomplishes a moiré-reducing function"), and not just the small or insignificant misalignment conveyed by the modifier "slight" in claim 3. This is wholly improper, particularly in the context of claim construction. *See, e.g., Merck & Co. v. Teva Pharmaceuticals USA, Inc.*, 395 F.3d 1364, 1372 (Fed. Cir. 2005)("A claim construction that gives meaning to all the terms of the claim is preferred over one that does not do so.").

While Honeywell correctly noted in its brief that the word "slight" must have some meaning, Honeywell's proposed construction of the "slight misalignment" limitation fails to provide any significance to this word whatsoever. Indeed, Honeywell's proposed construction attempts to expand the term "slight misalignment" to include <u>all</u> possible numerical values from 0 to 90 degrees, *i.e.* any rotation "that accomplish[] a moiré-reducing function". *See id.* at p. 35. Such a construction plainly eliminates the word "slight" from claim 3 altogether and is therefore improper. *See, e.g.,*

*Phillips v. AWH Corp.* 415 F.3d 1303, 1314 (Fed. Cir. 2005) (en banc) (explaining that "steel baffles" must have a different meaning that "baffles"); *Texas Instruments Inc. v. U.S. Int'l Trade Comm'n*, 988 F.2d 1165, 1171 (Fed. Cir. 1993)(rejecting a construction that would "render the disputed claim language mere surplusage" and therefore "read an express limitation out of the claims").

Further, with respect to any purported moiré-reduction, it is improper to import a functional limitation from the specification into a claim that does not specifically recite that function. *See Jeneric/Pentron, Inc. v. Dillon Company, Inc.*, 205 F.3d 1377, 1382 (Fed. Cir. 2000)("This court rejects any attempt to carve out a portion of cerium oxide according to functions not recited in the claim."). Claim 3 of the '371 patent says nothing about reducing residual moiré interference (as opposed to some other function disclosed in the specification, such as tailoring luminance with vertical viewing angle). Consequently, this Court should not import such a function into claim 3 as argued by Honeywell.

Moreover, if Honeywell had wanted a claim with such a functional limitation, then Honeywell could have presented such a claim to the Patent & Trademark Office for consideration, either during prosecution of the '371 patent or during a re-issue proceeding. But Honeywell chose not to do that, and instead used the plainly non-functional language "slight misalignment" now at issue here. Having made this choice, Honeywell cannot now ask this Court to rewrite claim of the '371 patent. *See Resonate Inc. v. Alteon Websystems, Inc.*, 338 F.3d 1360, 1365 (Fed. Cir. 2003)("Courts may not rewrite claim language based on what has been omitted from a claim, and the district court's attempt to do so here was legal error."); *K-2 Corp. v. Salomon S.A.*, 191 F.3d 1356, 1364 (Fed. Cir. 1999)("Courts do not rewrite claims; instead, we give effect to the terms chosen by the patentee."); *Autogiro Co. of Am. v. United States*, 384 F.2d 391, 396 (Ct. Cl. 1967)("Courts can neither broaden nor narrow the claims to give the patentee something different than what he has set forth.").

3

Honeywell's proposed construction of the "slight misalignment" limitation is therefore erroneous, both because it reads an express term out of the claim and because it imports a functional limitation from the specification into the claim. This Court should therefore reject Honeywell's proposed construction.

### 2. Honeywell's Proposed Construction is Internally Inconsistent

Honeywell's proposed construction for the "slight misalignment" limitation is also improper because it is internally inconsistent. That is, for certain angles of rotation, Honeywell asserts that infringement can be shown based solely upon the value of the angle of rotation. *See* Honeywell's Opening Brief (D.I. 1014) at p. 35. For other angles of rotation, however, Honeywell asserts that infringement can only be shown based upon the result achieved with that angle of rotation. *See id.* (D.I. 1014) at p. 38. Honeywell cannot have it both ways, and so Honeywell's proposed construction should be rejected.

More specifically, Honeywell unequivocally asserts in its Opening Brief that "claim [3] definitely encompasses the range of 2 to 16 degrees." *See id.* (D.I. 1014) at p. 35. Thus, for an LCD module containing a lens array rotated between 2 and 16 degrees, Honeywell contends that this device infringes <u>regardless of whether it exhibits any reduction in residual moiré</u>.

Conversely, Honeywell also asserts in its Opening Brief that "[a] rotation of 30 degrees from a horizontal axis could still reasonably be viewed as 'slight' within the literal meaning of the claim, if that amount of rotation was necessary to change the effective spatial frequencies or if the liquid crystal panel contains an axis other than the horizontal and vertical (*e.g.* a diagonal) that cause moiré." *See id.* (D.I. 1014) at p. 38.

Thus, according to Honeywell's proposed construction, an LCD module containing a lens array rotated between 2 and 16 degrees literally infringes <u>regardless</u> of whether residual moiré is reduced or not. *See id.* (D.I. 1014) at p. 35. On the other hand, however, an LCD module

4

containing a lens array rotated less than 2 degrees or more than 16 degrees literally infringes <u>only</u> if residual moiré is reduced. *See id.* (D.I. 1014) at p. 38.

Honeywell's proposed construction is therefore internally inconsistent, depending on the value of the rotation angle *per se* in some cases while depending on the result achieved with the rotation angle in other cases. That is, Honeywell asserts that LCD modules containing a lens array rotated between 2 and 16 degrees always meet the "slight misalignment" limitation of claim 3 regardless of the presence of residual moiré, but simultaneously contends that LCD modules containing a lens array rotated more than 16 degrees only meet the "slight misalignment" limitation if residual moiré is reduced. Honeywell cannot have it both ways.

It is axiomatic that a claim term must be interpreted consistently across the various claims of a patent. *See, e.g., Georgia-Pacific Corp. v. United States Gypsum Co.*, 195 F.3d 1322, 1331 (Fed. Cir. 1999). Given that Honeywell's proposed construction is not consistent even within the context of a single claim, Honeywell's proposed construction of the "slight misalignment" limitation cannot possibly be correct. This Court should therefore reject Honeywell's proposed construction for the "slight misalignment" limitation of claim 3.

### 3. Honeywell's Proposed Construction Introduces Unnecessary Ambiguity

Honeywell's proposed construction of the "slight misalignment" limitation is also improper because it introduces unnecessary ambiguity to the claim language. In particular, based on Honeywell's proposed construction, there are lens array configurations that may or may not fall within the scope of claim 3 depending upon the particular circumstances of their use. Honeywell's proposed construction therefore renders claim 3 subject to the same infirmities that led the Federal Circuit to reject the patentee's proposed claim construction in *Geneva Pharmaceuticals, Inc. v. GlaxoSmithKline PLC*, 349 F.3d 1373 (Fed. Cir. 2003).

5

In *Geneva*, the claims at issue related to pharmaceutical compositions comprising "synergistically effective amount[s]" of certain drugs. *See Geneva*, 349 F.3d at 1382. The patentee argued that this term did not require any particular amount(s), but rather depended upon the circumstances of use. *See id.* at 1384. The claims, however, did not recite these circumstances. *See id.* Thus, according to the patentee's proposed construction, a given combination of ingredients could infringe the claim in some cases, but not in other cases. *See id.*

The Federal Circuit expressly rejected the patentee's proposed construction, finding that "one of skill in the art would not know from one bacterium to the next whether a particular composition standing alone is with the claim scope or not. That is the epitome of indefiniteness." *See id.* Honeywell's proposed construction for the "slight misalignment" limitation creates substantially the same problem as the patentee's proposed construction in the *Geneva* case.

More specifically, according to Honeywell, in certain circumstances "[a] rotation of 30 degrees from a horizontal axis <u>could</u> still be viewed as 'slight' within the literal meaning of the claim . . . ." *See* Honeywell's Opening Brief (D.I. 1014) at p. 38 (emphasis added). What Honeywell does not say explicitly is that under other circumstances, this same rotation of 30 degrees from a horizontal axis would <u>not</u> be "slight" within the meaning of claim 3.

Thus, according to Honeywell, some LCD modules having a lens array rotated 30 degrees from the horizontal axis of the LCD pixel array would infringe claim 3, but other modules having a lens array rotated 30 degrees from the horizontal axis of the LCD pixel array would not infringe claim 3. Claim 3 does not, however, provide any reference by which one skilled in the art can distinguish between these two groups. Consequently, under Honeywell's proposed construction, one of skill in the art would not be able to know from one LCD module to another whether a lens array could be rotated 30 degrees from the horizontal axis of the LCD pixel array without infringing the '371 patent.

This is exactly the sort of ambiguity that the Federal Circuit rejected in the *Geneva* case. Indeed, much as in *Geneva*, the ambiguity here is aggravated because the circumstances are not recited in the claim, *i.e.* nothing in claim 3 suggests that a moiré-reducing function is intended (as opposed to some other function disclosed in the specification, such as tailoring luminance with vertical viewing angle). This Court should therefore reject Honeywell's proposed construction of the "slight misalignment" limitation.

## III.  CONCLUSION

For at least the reasons above, InnoLux respectfully requests that this Court reject Honeywell's proposed construction of the term "wherein at least one of said first and second lens arrays is rotated about an axis perpendicular to said liquid crystal panel in order to provide a slight misalignment between said lenslets and said liquid crystal panel" as used in claim 3 of the '371 Patent.

Dated: June 2, 2008

/s/ Matt Neiderman
DUANE MORRIS LLP
Matt Neiderman (Del. I.D. 4018)
1100 North Market Street
Suite 1200
Wilmington, DE 19801-1246
(302)657-4900

Donald R. McPhail
505 9th Street, NW
Suite 1000
Washington, DC 20004
(202) 776-7800
*Attorneys for Defendant InnoLux Display Corporation*

DM2\1463928.1

7

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 2, 2008, I caused the foregoing document to be electronically filed with the Clerk of the Court using CM/ECF, which will send electronic notification of such filing to all registered participants.

I also certify that on June 2, 2008, I caused to be served true and correct copies of the foregoing document to the following as indicated below:

**BY HAND DELIVERY (in triplicate):**

Vincent J. Poppiti, Esq.
Blank Rome LLP
1201 North Market Street, Suite 800
Wilmington, Delaware 19801

**BY E-MAIL**

Vincent J. Poppiti, Esq.
poppiti@blankrome.com

**WITH A COPY TO**
Elizabeth Oestreich
oestreich@blankrome.com
Mary Levan
levan@blankrome.com
Carrie David
david-c@blankrome.com

**BY E-MAIL**

| | |
|---|---|
| Thomas C. Grimm, Esq. | Karen L. Pascale |
| Morris, Nichols, Arsht & Tunnell | Young, Conaway, Stargatt & Taylor, LLP |
| 1201 N. Market Street | The Brandywine Building, 17th Floor |
| P.O. Box 1347 | 1000 West Street |
| Wilmington, Delaware 19899 | Wilmington, DE 19801 |
| tgrimm@mnat.com | kpascale@ycst.com |

Phillip A. Rovner
Potter Anderson & Corroon LLP
1313 N. Market Street
Hercules Plaza, 6th Floor
Wilmington, Delaware 19899
provner@potteranderson.com

Lawrence Rosenthal
Matthew W. Siegal
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, New York 10038
lrosenthal@stroock.com
msiegal@stroock.com

Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmingon, Delaware 19899
rhorwitz@potteranderson.com

Steven S. Korniczky
Elizabeth L. Brann
Paul, Hastings, Janofsky & Walker, LLP
3579 Valley Centre Drive
San Diego, California 92130
stephenkorniczky@paulhastings.com
elizabethbrann@paulhastings.com

Hamilton Loeb
Paul, Hastings, Janofsky & Walker, LLP
875 15th Street N.W.
Washington, D.C. 20005
hamiltonloeb@paulhastings.com

Andrew M. Ollis
Oblon, Spivak, McClelland, Maier & Neustadt, P.C.
1940 Duke Street
Alexandria, Virginia 22314
aollis@oblon.com

David J. Margules
Bouchard Margules & Friedlander, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, Delaware 19801
dmargules@BMF-law.com

Stuart Lubitz
Hogan & Hartson LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
slubitz@hhlaw.com

/s/ Matt Neiderman
Matt Neiderman (Del. I.D. # 4018)

DM1\1343397.1

2