# EXHIBIT J

1

```
 1                THE UNITED STATES DISTRICT COURT

 2                IN AND FOR THE DISTRICT OF DELAWARE

 3                          - - -

 4   HONEYWELL INTERNATIONAL, INC.    :    CIVIL ACTIONS
     et al.                          :
 5                                    :
                   Plaintiffs,        :
 6                                    :
          v.                          :
 7                                    :
     AUDIOVOX COMMUNICATIONS CORP.,   :
 8   et al.                           :
                                      :   NO. 04-1337 (KAJ)
 9                 Defendants.        :
     ---------------------------------
10   HONEYWELL INTERNATIONAL, INC.    :
     et al.                           :
11                                    :
                   Plaintiffs,        :
12                                    :
          v.                          :
13                                    :
     APPLE COMPUTER, INC.,  et al.,   :
14                                    :   NO. 04-1338 (KAJ)
                   Defendants.        :
15   ---------------------------------
     OPTREX AMERICA, INC.,            :
16                                    :
                   Plaintiff,         :
17                                    :
          v.                          :
18                                    :
     HONEYWELL INTERNATIONAL, INC.    :
19   et al.                           :
                                      :   NO. 04-1536 (KAJ)
20                 Defendants.        
                                - - -
21

                          Wilmington, Delaware
22             Monday, March 13, 2006 at 10:00 a.m.
                      TELEPHONE CONFERENCE
23
                             - - -
24
     BEFORE:       HONORABLE KENT A. JORDAN, U.S.D.C.J.
25
                             - - -
```

**2**

```
 1    APPEARANCES:

 2

 3        ASHBY & GEDDES
          BY:  STEVEN J. BALICK, ESQ.
 4
              and
 5
          MORRIS NICHOLS ARSHT & TUNNELL
 6        BY:  THOMAS C. GRIMM, ESQ.,

 7            and

 8        ROBINS KAPLAN MILLER & CIRESI, L.L.P
          BY:  MARTIN R. LUECK, ESQ.,
 9            MATTHEW L. WOODS, ESQ., and
              STACIE E. OBERTS, ESQ.
10            (Minneapolis, Minnesota)

11            and

12        HONEYWELL INTERNATIONAL
          BY:  J. DAVID BRAFMAN, ESQ.
13
              Counsel on behalf of Honeywell
14            International, Inc., and Honeywell
              Intellectual Properties, Inc.
15
16        YOUNG CONAWAY STARGATT & TAYLOR
          BY:  KAREN L. PASCALE, ESQ.
17
              and
18
          OBLON SPIVAK McCLELLAND MAIER & NEUSTADT, P.C.
19        BY:  RICHARD D. KELLY, ESQ., and
              ANDREW M. OLLIS, ESQ.
20            (Alexandria, Virginia)

21            Counsel for Optrex America, Inc.

22

23

24

25
```

**4**

```
 1    APPEARANCES:  (Continued:

 2

 3        YOUNG CONAWAY STARGATT & TAYLOR
          BY:  JOHN W. SHAW, ESQ.
 4
              Local counsel for below-listed defendants
 5
              and
 6
          KENYON & KENYON
 7        BY:  ROBERT L. HAILS, ESQ.
              (Washington, District of Columbia)
 8
              and
 9
          KENYON & KENYON
10        BY:  JOHN FLOCK, ESQ.
              (New York, New York)
11
              Counsel for Sony Corporation, and Sony
12            Corporation of America

13            and

14        PAUL HASTINGS JANOFSKY & WALKER, LLP
          BY:  PETER J. WIED, ESQ.
15            (Los Angeles, California)

16            Counsel for Quanta Display Inc.

17
18        RICHARDS LAYTON & FINGER
          BY:  JEFFREY L. MOYER, ESQ.
19
              and
20
          WEIL GOTSHAL & MANGES
21        BY:  DAVID J. LENDER, ESQ., and
              STEPHEN J. RIZZI, ESQ.
22            (New York, New York)

23            Counsel for Matsushita Electrical
24            Industrial Co. and Matsushita
              Electrical Corporation of America
25
```

**3**

```
 1    APPEARANCES:  (Continued)

 2

 3        BOUCHARD MARGULES & FRIEDLANDER
          BY:  JOEL FRIEDLANDER, ESQ.
 4
              and
 5
          HOGAN & HARTSON
 6        BY:  DAVID H. BEN-MEIR, ESQ.
              (Los Angeles, California)
 7
              Counsel for Citizen Watch Co., Ltd.;
 8            Citizen Displays Co., Ltd.

 9
          SMITH KATZENSTEIN & FURLOW
10        BY:  JOELLE ELLEN POLESKY, ESQ.

11            and

12        HOGAN & HARTSON, LLP
          BY:  ROBERT J. BENSON, ESQ.
13            (Los Angeles, California)

14            Counsel for Seiko Epson Corp.,
15            Kyocera Wireless Corp.

16        FISH & RICHARDSON, P.C.
          BY:  WILLIAM J. MARSDEN, ESQ.
17
              Counsel for ID Tech;  International
18            Display Technology USA Inc.

19
          CONNOLLY BOVE LODGE & HUTZ
20        BY:  GERARD M. O'ROURKE, ESQ.

21            Counsel for AU Optronics Corp. and
              AU Optronics Corp. of America
22
23        TROP PRUNER & HU
          BY:  DAN C. HU, ESQ.
24            (Houston, Texas)

25            Counsel for Arima Display
```

**5**

```
 1    APPEARANCES:  (Continued)

 2

 3        FISH & RICHARDSON, P.C.
          BY:  THOMAS L. HALKOWSKI, ESQ.
 4
              Local counsel for below-listed defendants
 5
              and
 6
          FISH & RICHARDSON, P.C.
 7        BY:  JOHN T. JOHNSON, ESQ., and
              (New York, New York)
 8
              Counsel for Casio, Inc., Casio Computer
 9
              and
10
          FISH & RICHARDSON, P.C.
11        BY:  KELLY C. HUNSAKER, ESQ.
              (Redwood City, California)
12
              Counsel for Apple Computer Inc.
13
              and
14
          FISH & RICHARDSON, P.C.
15        BY:  ANDREW R. KOPSIDAS, ESQ.
              (Washington, District of Columbia)
16
              Counsel for Nokia, Inc.
17
18        RICHARDS LAYTON & FINGER
          BY:  CHAD M. SHANDLER, ESQ.
19
              and
20
          HARRIS BEACH, LLP
21        BY:  NEAL L. SLIFKIN, ESQ.
              (Pittsford, New York)
22
              Counsel for Eastman Kodak
23
24
25
```

**6**

```
1    APPEARANCES:  (Continued)

2

3        POTTER ANDERSON & CORROON, LLP
         BY:  RICHARD L. HORWITZ, ESQ.

4            Local counsel below-named defendants

5            and

6        FINNEGAN HENDERSON FARABOW GARRETT & DUNNER, LLP
         BY:  BARRY W. GRAHAM, ESQ.

7            (Washington, District of Columbia)

8            Counsel for Nikon Corporation, Nikon Inc.

9            and

10       MILBANK TWEEK HADLEY & McCLOY, LLP
         BY:  CHRISTOPHER E. CHALSEN, ESQ.

11           (New York, New York)

12           Counsel for Fujitsu Limited, Fujitsu

13           America, Inc., Fujitsu Computer Products
             of America, Inc.

14           and

15       FINNEGAN HENDERSON FARABOW GARRETT & DUNNER, LLP
         BY:  YORK FAULKNER, ESQ.

16           (Reston, Virginia)

17           and

18       FINNEGAN HENDERSON FARABOW GARRETT & DUNNER, LLP
         BY:  ELIZABETH A. NIEMEYER, ESQ.

19           (Washington, District of Columbia))

20           Counsel for Toppoly Optoelectronics, Wintek

21           Corp., Wintek Electro-Optics Corporation

22           and

23

24

25
```

**7**

```
1    APPEARANCES:  (Continued)

2

3        HOWREY, LLP
         BY:  NELSON M. KEE, ESQ.

4            (Washington, District of Columbia)

5            Counsel for Philips Electronics

6            North America Corp.

             and

7        PAUL HASTINGS JANOFSKY & WALKER, LLP

8        BY:  ELIZABETH L. BRANN, ESQ.

9            (San Diego, California)

10           Counsel for Samsung SDI

             and

11       BAKER BOTTS, L.L.P.

12       BY:  NEIL P. SIROTA, ESQ., and
             ROBERT MAIER, ESQ.

13           (New York, New York)

14           Counsel for Hitachi, Ltd., Hitachi

15           Displays, Ltd., Hitachi Display Devices,
             Ltd., Hitachi Electronic Devices (USA),

16           Inc.

17           and

18       BAKER & McKENZIE, LLP
         BY:  KEVEN M. O'BRIEN, ESQ.

19           (Washington, District of Columbia)

20           Counsel for Boe-Hydis Technology

21       DUANE MORRIS
         BY:  MATTHEW NEIDERMAN, ESQ.

22

23           Counsel for Audiovox Communications Corp.

24

25
```

**8**

```
1    APPEARANCES:  (Continued)

2

3        POTTER ANDERSON & CORROON, LLP
         BY:  PHILIP A. ROVNER, ESQ.

4            and

5        STROOCK & STROOCK & LAVAN LLP
         BY:  LAWRENCE ROSENTHAL, ESQ.

6            (New York, New York)

7            Counsel for Fuji Photo Film Co., Ltd.

8            and Fuji Photo Film U.S.A. Inc.

9        CONNOLLY BOVE LODGE & HUTZ
         BY:  N. RICHARD POWERS, ESQ.

10

11           Counsel on behalf of Sony Ericsson AB
             and Sony Ericsson, Inc.

12

13

14           Brian P. Gaffigan
             Registered Merit Reporter

15

16

17

18

19

20           - oOo -

21       P R O C E E D I N G S

22           REPORTER'S NOTE:  The following telephone

23       conference was held in chambers, beginning at 10:00 a.m.)

24           THE COURT:  Hi, this is Judge Jordan.  Why don't

25       we go ahead and take what I expect will be a lengthy roll
```

**9**

```
1    call?  We'll start with the plaintiff and I need to have

2    counsel identify; and given the numbers that I expect are on

3    this call, you don't have to identify everybody but I'll

4    need to know who is speaking for what party.  So please

5    identify yourself, the law firm that you are with and the

6    client you are representing if you are going to be speaking

7    for that client; all right?

8        MR. GRIMM:  Good afternoon, Your Honor.  This

9    is Tom Grimm at Morris Nichols.  I represent Honeywell; and

10   on the line with me this morning from Robins Kaplan firm

11   are Marty Lueck and Matt Woods who will be speaking for

12   Honeywell.  Joining them are Stacie Roberts from their firm

13   and also Honeywell Intellectual Property Counsel David

14   Brafman.

15       I also may have -- I represent Honeywell in the

16   04-1338 case.  Ashby Geddes represents them in the 04-1337

17   case, specifically Steve Balick and John Day.

18       MR. DAY:  Yes, John Day is on the phone for

19   Honeywell in 1337.

20       THE COURT:  All right.  Thanks.

21       Why don't we just start now through the

22   defendants and in no particular order but hopefully politely

23   with no elbows being thrown, go ahead and identify who is on

24   the call for me, please.

25       MR. HALKOWSKI:  Yes, Your Honor.  This is Tom
```

10

1   Halkowski with Fish & Richardson. I guess I'll start
2   off. On the phone should be Kelly Hunsaker who will be
3   representing Apple Computer. And the other folks that are
4   on the phone from Fish & Richardson include John Johnson
5   representing the Casio defendants, and Andrew Kopsidas
6   representing the Nokia defendants. And I believe William
7   Marsden is also on the phone representing a new defendant.
8        MR. MARSDEN: Yes, Your Honor. William Marsden
9   from Fish & Richardson on the phone for International
10  Display Technology and International Display Technology USA.
11       THE COURT: All right. I'm sure we got others
12  so please continue. Who else do we have?
13       MR. ROVNER: Your Honor, this is Phil Rovner
14  from Potter Anderson on behalf of Fuji Photo. And with me
15  on the line I believe is Larry Rosenthal from Stroock &
16  Stroock & Lavan in New York.
17       MR. HORWITZ: Your Honor, this is Rich Horwitz,
18  also from Potter Anderson. We didn't get a chance to take
19  a roll call before calling chambers so I'm not sure with
20  respect to all of the defendants I represent who is on the
21  call. I know for Toppoly and Wintek, York Faulkner and
22  Elizabeth Niemeyer are on from Finnegan Henderson.
23       I am also representing on the call Philips, I
24  don't know if someone from Howrey is on the line.
25       MR. KEE: And Nelson Kee is on the line from

11

1   Philips.
2        MR. HORWITZ: For Samsung with Paul Hastings.
3        MS. BRANN: Elizabeth Brann from Paul Hastings
4   is on for Samsung SDI.
5        MR. HORWITZ: With Hitachi, I know Neil Sirota
6   and Robert Maier are on the line from Baker Botts.
7        THE COURT: All right. You will need to speak
8   up a little bit, Mr. Horwitz.
9        MR. HORWITZ: All right. For Hitachi, Neil
10  Sirota and Robert Maier from Baker Botts are also on the
11  line.
12       For Hannstar, I'm not sure who else is on the
13  line. I may be handling that myself.
14       And for Boe-Hydus, Kevin O'Brien in from Baker &
15  MacKenzie.
16       MR. O'BRIEN: Yes, this is Kevin O'Brien in for
17  Baker & McKenzie for Boe-Hydus.
18       THE COURT: All right. Thank you. Who else do
19  we have?
20       MR. NEIDERMAN: Your Honor, Matt Neiderman of
21  Duane Morris for Audiovox Communications Corp.
22       THE COURT: All right. Next.
23       MS. POLESKY: Joelle Polesky from Smith
24  Katzenstein & Furlow on behalf of Seiko Epson and Sanyo
25  Epson Imaging Devices. And on the line with me should be my

12

1   co-counsel, Robert Benson from Hogan & Hartson.
2        MR. BENSON: Yes, I'm here.
3        THE COURT: All right. Who else?
4        MR. FRIEDLANDER: Your Honor, from Bouchard
5   Margules & Friedlander, Joel Friedlander on behalf of
6   Citizen Watch and Citizen Displays. With me on the line
7   is my co-counsel David Ben-Meir from Hogan & Hartson. We
8   represent Citizens in the 05-874 matter.
9        MR. POWERS: Your Honor, Richard Powers for Sony
10  Ericsson Mobile Communications AB and Sony Ericsson Mobile
11  Communications USA Inc.
12       THE COURT: Okay.
13       MS. PASCALE: Your Honor, Karen Pascale from
14  Young Conaway Stargatt & Taylor for Optrex America Inc.; and
15  we should have on the line from the Oblon Spivak firm, Andy
16  Ollis and Dick Kelly.
17       THE COURT: All right.
18       MR. SHAW: Your Honor, John Shaw at Young
19  Conaway. At Kenyon & Kenyon for Sony Corporation and Sony
20  Corporation of America is John Flock and Robert Hails. And
21  also on the line for Quanta Display from Paul Hastings is
22  Peter Weid.
23       THE COURT: Okay. Who else do we have?
24       MR. MOYER: Your Honor, this is Jeff Moyer of
25  Richard Layon on behalf of Matsushita. I have my co-counsel

13

1   David Lender from Weil Gotshal & Manges on the phone.
2        MR. RIZZI: Stephen Rizzi from Weil Gotshal is
3   here as well as for Matsushita and Panasonic North America
4   Corporation of America.
5        THE COURT: All right. Anybody else?
6        MR. SHANDLER: Your Honor, from Richards Layton
7   & Finger, Chad Shandler on behalf of Eastman Kodak. With me
8   is Neil Slifkin from Harris Beach.
9        THE COURT: Okay.
10       MR. ROVNER: Your Honor, Jerry O'Rourke from
11  Connolly Bove Lodge & Hutz on behalf of AU Optronics Corp.
12  and AU Optronics America Corp.
13       THE COURT: Thank you.
14       MR. CHALSEN: Your Honor, this is Chris Chalsen.
15  I'm from Milbank in New York for the Fujitsu defendants.
16       THE COURT: Anybody on with you locally?
17       MR. CHALSEN: Yes, Rich Horwitz.
18       THE COURT: All right. Thanks. Anybody else
19  on? Other parties?
20       MR. GRAHAM: Your Honor, this is Barry Graham
21  at Finnegan Henderson representing two of the stayed
22  defendants, Nikon Corporation, Nikon Inc. I don't know if I
23  need to identify myself because I'm sitting in the gallery;
24  and local counsel is Rich Horwitz.
25       THE COURT: All right. Thanks.

14

1    So am I correct that we've got all the
2 manufacturer defendants and Optrex and Honeywell identified
3 at this point?
4    MR. HU:  Your Honor, this is Dan Hu from Trop
5 Pruner & Hu for Arima Display.
6    THE COURT:  All right.  Well, I'm going to take
7 it at this point that we got everybody unless somebody pipes
8 up now and tells me I got that wrong; okay?  And I have to
9 say this is an experiment to see whether we can actually
10 have teleconferences in this case.  Just the introduction
11 makes me wonder whether that is feasible or not.  It's an
12 expensive thing to get everybody together but with this
13 many folks, teleconferences might be so unwieldy as to be
14 unworkable but we'll give this a shot.
15    First, before we turn to scheduling, there are a
16 couple of motions hanging here that I want to address very
17 quickly.  I have a motion for leave to file a third-party
18 complaint that was filed by Nokia.  Is Nokia on?
19    MR. KOPSIDAS:  Yes, Your Honor.  Andrew Kopsidas
20 from Fish & Richardson for Nokia.
21    THE COURT:  Okay.  And I had a letter several
22 months ago from Mr. Marsden in this regard and the
23 indications were that this motion to file a third-party
24 complaint was not objected to.  Is that correct?
25    MR. KOPSIDAS:  That's correct, Your Honor.

15

1    THE COURT:  Well, I'm not sure quite how things
2 will work by granting this at this stage because how you
3 would proceed with a third-party complaint at this juncture
4 is not clear to me given the way we're trying to stage the
5 case.
6    Can you take just a moment and tell me about
7 that?  Did you have something in mind about pursuing these
8 claims immediately or was this something that you felt like,
9 well, we need to get on file or what was thinking?
10    MR. KOPSIDAS:  Your Honor, this is a motion
11 that was filed really before the last status conference,
12 I believe when the Court issued its guidance as to
13 restructuring the case.  Since then, Honeywell has filed
14 its amended complaint naming a whole bunch of manufacturer
15 defendants and all of the parties that we intended to
16 in-plead prior to that point have since been named in the
17 complaint.  So I believe it's actually a moot issue at this
18 point.
19    THE COURT:  That's what I need to know.  Thanks.
20 So we'll deal with that by saying denied as moot and done.
21    The other motion is a motion to bifurcate -- and
22 we'll take that up in the course of the discussion that
23 we're going to have today -- motion to bifurcate liability
24 and damages that was filed by Toshiba.  But let me start by
25 asking first, who is speaking on behalf of Honeywell this

16

1 morning?
2    MR. LUECK:  Marty Lueck, Your Honor.
3    THE COURT:  Mr. Lueck.
4    MR. LUECK:  Yes, Your Honor.
5    THE COURT:  Has my October 7, '05 order been
6 complied with at this point?  There were several things that
7 I directed be accomplished to try to move things forward and
8 I'd appreciate if you could take a moment and give me an
9 update on that.
10    MR. LUECK:  Your Honor, we do not.  We still do
11 not have complete information from the defendants on that
12 order.
13    THE COURT:  Well, why don't we do this?  First,
14 do you happen to have that order in front of you?
15    MR. LUECK:  I can get it, Your Honor, if you
16 give me just one moment.
17    THE COURT:  All right.
18    MR. LUECK:  And, Your Honor, while I'm getting
19 it, could I just go back to the Toshiba motion for a moment?
20    THE COURT:  Sure.
21    MR. LUECK:  I believe that motion is mooted by
22 resolution of the issues between Honeywell and Toshiba.
23    THE COURT:  Does anybody on the call disagree
24 with that assessment?
25    I'm hearing no one.  Okay.  We'll take that

17

1 as --
2    MR. HORWITZ:  Your Honor, this is Rich
3 Horwitz.  I'm local counsel for Toshiba, which is one of
4 the defendants.  I'm not exactly sure what Mr. Lueck is
5 referring to, if it's something other than the fact that the
6 case is made against them.  I think some of the issues that
7 were raised in that motion were raised in the scheduling
8 order generally as to staging of trial and that may be come
9 up in the context of the scheduling order rather than in the
10 context of that specific motion.
11    THE COURT:  Well, you're right, it may, but here
12 is what I need to do.  I've got a specific motion to deal
13 with, and I hear Mr. Lueck telling me that the case against
14 Toshiba has -- maybe I'm misreading it -- has been either
15 stayed or resolved.  You tell me.  Therefore, that an issue
16 of bifurcation with respect to Toshiba is at this point
17 moot.  Is that right or wrong, Mr. Horwitz?
18    MR. HORWITZ:  All I'm saying is if it's based on
19 the stay, I agree that the case is stayed against them.  If
20 it's based on anything else, Your Honor, I just don't have
21 information.
22    THE COURT:  Mr. Lueck?  Are you there,
23 Mr. Lueck?
24    MR. LUECK:  Yes, I am, Your Honor.
25    THE COURT:  Is it --

18

1    MR. LUECK: I believe we have resolved the
2  issues with Toshiba as to their module making activities,
3  and so they would still be stayed as to their customer
4  activities but it's our understanding that the motion itself
5  would be mooted as a result of that. Certainly, the issue
6  still remains as part of the scheduling conference.
7    THE COURT: Yes, it does. Well, here is what
8  I'm going to do. I'm going to deny this without prejudice
9  to leave for Toshiba to re-file because I think it may well
10  be mooted by the scheduling that we're going to be dealing
11  with and, in any event, the case against them is stayed at
12  this point.
13    So is there anything you want to put on the
14  record in response to that ruling, Mr. Horwitz?
15    MR. HORWITZ: No, Your Honor.
16    THE COURT: All right. Now, Mr. Lueck, are you
17  in a position to talk about the October '05 order?
18    MR. LUECK: Yes, I am, Your Honor.
19    THE COURT: All right. And we just have to
20  reorient ourselves. This was an order with six numbered
21  paragraphs in it.
22    Did we get accomplished what was supposed to be
23  accomplished out of paragraph 1?
24    MR. LUECK: With the exception of; going down to
25  sub-part C, Your Honor; the identification of other versions

19

1  of the identified products that include LCD modules with
2  substantially the same structure. We have not accomplished
3  that with the customer defendants.
4    THE COURT: Otherwise, it's done?
5    MR. LUECK: Yes, Your Honor.
6    THE COURT: Does anybody on this call want to
7  take issue with that assertion?
8    All right. I'm not --
9    MR. HORWITZ: Your Honor, again on behalf of a
10  number of customer defendants who aren't participating in
11  the call, I'm not sure what Mr. Lueck is referring to when
12  he says things weren't accomplished. I don't know of any
13  back-and-forth disputes that were outstanding. Perhaps I
14  wasn't copied on correspondence from Honeywell's counsel.
15    THE COURT: Well, let me be more clear. And
16  this is not designed to put anybody in the dock for failing
17  to do something or not do something. At this stage, I'm
18  just trying to figure out what has been done and what hasn't
19  without assigning blame in any fashion for what has been
20  done or hasn't. So my question more precisely put is not
21  with respect to what hasn't been done in this subparagraph C
22  but with respect to what manufacturer Lueck says has been
23  accomplished, does anybody on this call disagree, other than
24  this sub C, what was asked to be done has been done?
25    All right. Mr. Lueck, as to paragraph 2.

20

1    MR. LUECK: Yes, Your Honor. That has been
2  accomplished.
3    THE COURT: All right. Again, does anybody on
4  the call have a disagreement with that?
5    Paragraph 3.
6    MR. LUECK: We believe that has been
7  accomplished, Your Honor.
8    THE COURT: Once again, does anybody on the call
9  disagree with that assertion?
10    All right. Now, we have a stay in place under
11  paragraph 4.
12    Paragraph 5, has that been accomplished yet?
13    MR. LUECK: Your Honor, I believe that has been
14  largely accomplished. There is one outstanding issue which
15  I think we have handled but we have three defendants whom
16  we've been unable to serve because they wouldn't waive
17  formal process. And as to those three defendants, we have
18  agreed with the other defendants in this case that we should
19  simply sever those defendants and proceed.
20    THE COURT: Now, what --
21    MR. LUECK: I can give Your Honor the names.
22    THE COURT: Please do.
23    MR. LUECK: They are All Around Company Limited.
24    THE COURT: Tell me, if you would, if you know,
25  what type of entity it is and what its source or what

21

1  country or state it's organized under.
2    MR. LUECK: All Around Company is I believe a
3  Taiwan company, and it is a manufacturing defendant.
4    THE COURT: All right. Next.
5    MR. LUECK: The next one; and I believe all
6  of these are Taiwan companies, Your Honor; is Innolux,
7  I-N-N-O-L-U-X, Display Corporation. Again, a manufacturing
8  defendant.
9    And Picvue, P-I-C-V-U-E, Electronics Limited;
10  again, a Taiwan manufacturing defendant.
11    THE COURT: All right. Now how many does that
12  leave as manufacturer defendants? And in that, kindly
13  include not just the ones you sued but the ones who sued
14  you.
15    MR. LUECK: That would be 19 manufacturing
16  groups or families. And for the purpose of a group or a
17  family we've treated, you know, companies that are more or
18  less under the same corporate umbrella as one.
19    THE COURT: Is there agreement by the parties
20  that your grouping is one they can live with and believe is
21  accurate?
22    MR. LUECK: I can't say for certain, Your Honor.
23    THE COURT: Then let's do this. Let's take the
24  time for you to just put on the record who the families are
25  and then if there is any disagreement with it, I'll know it

22

1  because someone will be in a position to have to respond to
2  it.
3       MR. LUECK: The families that -- I'm sorry. The
4  families that we are referring to, Your Honor, are Casio.
5       THE COURT: Which include?
6       MR. LUECK: I'm sorry.
7       THE COURT: And I want you to tell me who are
8  including in this family, so give me the "family name" and
9  then give me of the defendants who you think fall into that
10  grouping.
11      MR. LUECK: Okay. It may take me just a moment
12  because I don't have a list put together that way but I
13  think I can do it.
14      Casio would be Casio Computer Company Limited,
15  and Casio Inc.
16      Then there would be Fuji, which would include
17  Fuji Photo Film. Let me say that again. I'm sorry. Fuji
18  Photo Film Company Limited, Fuji Photo Film USA Inc. Those
19  are the two in that group.
20      Then Matsushita, which is Matsushita Electrical
21  Industrial Company and Matsushita Electrical Corporation of
22  America.
23      Then Sony, which includes Sony Corporation, Sony
24  Corporation of America, and ST Liquid Crystal Display Corp.
25      The next group is Optrex, which is simply Optrex

23

1  America.
2       Then Seiko Epson. That's also a stand-alone as
3  I'm looking at the caption.
4       Next is AU Optronics Corp. and AU Optronics
5  Corporation of America. That's a group.
6       Then Boe-Hydis Technology Company.
7       Then next is Citizen Watch, which is Citizen
8  Watch Company and Citizen Displays Company Limited.
9       Then we have Hannstar Display Corporation which
10  is a single defendant.
11      Then the Hitachi group. The Hitachi group is
12  Hitachi Limited, Hitachi Displays Limited, Hitachi Display
13  Devices Limited and Hitachi Electronic Devices USA Inc.
14      Then we have International Display Technology
15  and International Display Technology USA Inc.
16      Next is the Philips group, which is Koninklijke,
17  Philips Electronics NV, Philips Consumer Electronics North
18  America, and Philips Electronics North America.
19      MR. KEE: Philips has a point to raise about
20  this issue.
21      THE COURT: All right. What is that?
22      MR. KEE: Philips Consumer is not a -- is a
23  division of Philips Electronics. It's not a separate legal
24  entity.
25      MR. LUECK: Okay.

24

1       THE COURT: All right. By the way, I need to
2  have that last speaker please identify yourself for the
3  record.
4       MR. KEE: This is Nelson Kee of Howrey
5  representing Philips.
6       THE COURT: All right.
7       MR. KEE: And we noted that in our answer.
8       THE COURT: All right. Mr. Lueck.
9       MR. LUECK: The next single defendant we have is
10  Quanta Display Inc.
11      Then we have the Samsung group, which is Samsung
12  SDI Limited and Samsung SDI America Inc.
13      And that also includes, which is combined with
14  Sony -- or excuse me. Excuse me one moment, Your Honor.
15      Sorry. The list I was looking at, I already
16  mentioned St Liquid Crystal Display. That is part of Sony,
17  Your Honor. My apologies.
18      THE COURT: All right.
19      MR. LUECK: The next one is Toppoly
20  Optoelectronics Corp. That's a single defendant.
21      Then we have the Wintek group, which is Wintek
22  Corp. and Wintek Electro-Optics Corporation.
23      MS. NIEMEYER: Your Honor.
24      THE COURT: Yes. Yes.
25      MS. NIEMEYER: Hi, this is Elizabeth Niemeyer

25

1  with Finnegan Henderson for Wintek. We don't have any
2  objection to being identified as a family for purposes of
3  this litigation so we just want to make sure that it's not
4  treated as a waiver for any future litigation issues in
5  other cases.
6       THE COURT: In other cases?
7       MS. NIEMEYER: Yes.
8       THE COURT: Well, fortunately I don't have to
9  deal with any other cases. That's fine for you to put that
10  on the record but I'm just trying to find out who is getting
11  treated as lumped in the cases, these consolidated cases
12  before me right now. Okay?
13      MS. NIEMEYER: Okay. Thank you, Your Honor.
14      THE COURT: Thanks. Go ahead, Mr. Lueck.
15      MR. LUECK: No. 18 is Sanyo Epson Imaging
16  Devices Corporation.
17      MR. BENSON: Your Honor, this is Robert Benson
18  from Hogan & Hartson. I believe Sanyo Epson should probably
19  be grouped with Seiko Epson.
20      THE COURT: All right.
21      MR. LUECK: That's fine with us, Your Honor.
22      THE COURT: Okay.
23      MR. LUECK: And the last one is Arima Display.
24  So with the Sanyo clarification, that is part of Seiko, I
25  believe we have 18, in our view, Your Honor, 18

**26**

1  manufacturing families or groups.
2       THE COURT: Okay. Does anybody on the call,
3  other than those folks who have already spoken up with
4  issues, take issue at all with the description now of the
5  universe of manufacture defendants that we're dealing with?
6       MR. RIZZI: Yes, Your Honor. This is Stephen
7  Rizzi from Weil Gotshal for the Matsushita defendants. We
8  had raised an issue with the Court in January concerning
9  a disagreement with Honeywell as to the status of the
10  Matsushita defendants. In our view, the Matsushita
11  defendants should be treated as customer defendants under
12  the Court's October 2005 order. And I believe Your Honor
13  had indicated that was also to be taken up on today's call.
14       THE COURT: Is there anybody else in that same
15  boat?
16       MR. SIROTA: Your Honor, good morning. Neil
17  Sirota for Hitachi.
18       THE COURT: Yes.
19       MR. SIROTA: And we do not believe that all four
20  of the defendants that have been termed "manufacturers"
21  would actually fall into that category. And, Your Honor,
22  we submitted a letter alerting the Court to that issue and
23  hopefully we'll be able to resolve it on our own.
24       THE COURT: I did see your letter, yes. Thank
25  you.

**27**

1       Anybody else?
2       MR. FLOCK: Yes, Your Honor. This is John Flock
3  for the Sony entities. There is a motion to dismiss one of
4  the entities, ST LCD for lack of personal jurisdiction and
5  the pending motion will not be completed in its briefing
6  until later this week.
7       THE COURT: All right. The last shot. Anybody
8  else?
9       Okay. Given that the meter spinning wildly
10  given the number of lawyers that we have on this call, let
11  me ask this: Is there any opposition amongst any of the
12  other defendants to my taking up the position of Matsushita
13  in a separate discussion after this generalized call? And
14  I'll ask the Matsushita and Honeywell people that in a
15  moment but first I want to know whether anybody else has
16  an issue with that?
17       I hear nothing in that regard.
18       Okay. Matsushita defendants, do you have a
19  problem with our taking that up in a separate discussion?
20       MR. RIZZI: Stephen Rizzi, Your Honor. That's
21  fine.
22       THE COURT: All right. Mr. Lueck? Any problem
23  with our taking that up in a separate discussion?
24       MR. LUECK: No, Your Honor. We believe that
25  makes sense.

**28**

1       THE COURT: All right. We'll do that. I'll ask
2  you to make a call, in fact, Mr. Grimm at an opportune time,
3  if you would, and schedule that with Ms. Stein; all right?
4       MR. GRIMM: Certainly.
5       THE COURT: Thank you.
6       Okay. So for purposes of discussion only and
7  without prejudice to Matsushita's position; okay? I'm not
8  saying one way or another that I believe you are in or out
9  of this case but to have a number to use, I'm going to use
10  the 18. Let me first ask whether any thought had been given
11  to the position advanced -- and, Honeywell, I'm asking you
12  this question -- the position advanced by the manufacturer
13  defendants generally other than Optrex that this is a case
14  where validity and unenforceability issues are the common
15  issues and should be addressed first.
16       MR. LUECK: Yes, Your Honor. We believe that
17  there should be a trial that addresses all of the liability
18  issues and we believe there will be a great deal of
19  commonality with those issues once discovery and claim
20  construction is completed. And on the infringement side in
21  particular, Your Honor, I would point out that we think the
22  invention and the claims are pretty straightforward with
23  just the light source, two lens arrays, an LCD panel
24  configuration. Therefore, we believe it would be economical
25  to address that issue as well.

**29**

1       THE COURT: Even though there are 18
2  different groups of manufacturers, you think it's pretty
3  straightforward, huh?
4       MR. LUECK: I do, Your Honor.
5       THE COURT: All right. Well, without hearing a
6  course all at once, who wants to weigh in on behalf of the
7  manufacturer defendants on that front?
8       MR. ROVNER: Your Honor, this is Phil Rovner.
9  I'm representing, along with Stroock & Stroock & Levan,
10  Fuji Photo but I have been nominated to speak for the
11  manufacturer defendant group, as much as one person can
12  speak for the large group that we have. So I'll do my best.
13       Frankly, we are surprised that Honeywell would
14  come forward with basically the exact same proposal that was
15  rejected almost ten months to the day when we were before
16  you in May of 2005. In that case, in that time, they were
17  about the same number of defendants and in your opinion of
18  May 18, 2005, you wrote, "it is impracticable to try an
19  infringement case against 40-some defendants or third-party
20  defendants with many different accused devices."
21       Well, all that we have now is about the same
22  number of defendants; we have 35 total and 18 families; but
23  all that has been done is that the names have been replaced
24  and it's just as impracticable today as it was 10 months
25  ago. So the manufacturer defendants believe that the only

30

1  way to go at this point is our proposal, which is to try
2  the common issues, the true common issues which we believe
3  are invalidity and unenforceability, and that is what our
4  proposal sets forth.
5      THE COURT: Now, let me ask a question of you.
6      Have you given any thought to whether, if I
7  were to accept your suggestion in that regard, how I would
8  nevertheless manage a case with this many defendants? In
9  other words, Optrex is making the pitch, hey, let us step
10 out front first and we'll carry the torch for everybody.
11 And you folks evidently think that is not a good idea. But
12 have you thought of what other things might be done besides
13 having 18 groups of companies with platoons of lawyers for
14 everybody in the courthouse or some third location or some
15 other different location, because trying it in this facility
16 would be perhaps impracticable?
17     MR. ROVNER: Well, on behalf of the manufacturer
18 defendants, we believe that with a lot of effort, we could
19 try the true common issues with the defense group that we
20 have; and we believe that would be the most efficient way
21 because you would have the most parties at trial. And as I
22 keep saying, the true common issues, that we believe could
23 be done. And that's why we certainly considered Honeywell's
24 proposal and we considered Optrex's; but we believe for the
25 great bulk of the defendants, our proposal, which is set

31

1  forth in the proposal that was provided to Your Honor last
2  week, is the one that would be the best for all concerned.
3      THE COURT: All right. Optrex, I'll give you a
4  chance to weigh in here; and then I'll turn back to you,
5  Mr. Lueck.
6      MR. KELLY: Your Honor, this is Dick Kelly for
7  Optrex.
8      Optrex doesn't believe that you can have a trial
9  with 18 defendants even if the so-called common issues are
10 there. There are going to be differences of opinion as to
11 what prior art to play and other things.
12     Second, I just wonder how are you going to
13 schedule something like that. This case has been going
14 on almost a year and-a-half now and we're no closer to
15 resolution than when the complaint was filed and Optrex
16 would like to get it over, and over as quickly as possible,
17 and we don't see that happening if this case is going to
18 have 18 or 19, whatever it winds up being, defendants at a
19 trial, even a trial on the so-called common issues.
20     THE COURT: Okay. Mr. Lueck.
21     MR. LUECK: Yes, Your Honor. I think, you know,
22 when we went back and set this structure up, the idea was
23 putting the manufacturing defendants in to stand in place
24 of the customer defendants on some of these issues would
25 streamline matters and speed up the resolution. We believe

32

1  that that can be accomplished. We think the issues of
2  validity are common and the issues of infringement.
3      Essentially, I recognize there are some differ-
4  ences in some of the ways that the invention is implemented
5  but overall the claim is really not complicated. And I
6  don't believe the proofs on that issue will be terribly
7  complicated.
8      THE COURT: All right.
9      MR. LUECK: And --
10     THE COURT: Well, I got your position. Thanks.
11     I have to say, bluntly, it's unworkable and it's
12 not going to happen. We're not taking this case to trial
13 on all issues against all defendants. We will take it to
14 trial on common issues in the first instance: validity and
15 unenforceability.
16     The only question I have in my mind is whether
17 it's really possible to try this case with all these people
18 at once. And I think it more likely than not that it is not
19 a practical way to approach it. And something that the
20 parties ought to be talking about is if there are, if there
21 is a logical group to stand in first. And this may be an
22 impossible thing to ask the people on this call to do,
23 certainly without having a chance to talk to each other and
24 talk to their clients, so I'm not expecting anybody to give
25 me an answer now. And we're not going to delay scheduling

33

1  for now.
2      Let me emphasize, by the time this call is over
3  there is going to be a scheduling order. The only question
4  is whether everybody is going to be on that same train or
5  not. You know, some people like Optrex may want to be on
6  that train. They may say I don't want to wait and see how
7  other people do at resolving the issue. I am ready to go
8  now, and I want to go now. And I'll count Optrex as one of
9  the folks that wants to be on a train and that is well and
10 good. There may be others who are delighted to let others
11 carry the water and sit back and see what happens.
12     But you folks ought to talk to each other on the
13 defense side and see if there isn't a more manageable group.
14 And by "manageable," I'm thinking something not in excess of
15 five; and less is better; so that we could actually fit in
16 a courtroom, in this building, and we could actually try a
17 case to a jury over the course of a reasonable length of
18 time, a couple weeks, and get a resolution.
19     But I'll leave for another day how we narrow
20 that. For now, it's enough to say that Optrex is not going
21 to go it alone and Honeywell's position is impractical and
22 is rejected. So we're going to go against the manufacturer
23 defendants; what group remains to be seen; and we're going
24 to get ourselves a schedule in place.
25     With that as background, I assume that everybody

34

1  has the form of order in front of them.  Mr. Grimm was good
2  enough to send over a March 8th letter.  And it's Docket
3  Item 160.  I'm looking at that and at the attachment, and
4  we'll go through this together now.
5       First, hold on just one moment.
6       (Pause.)
7       THE COURT:  Looking at paragraph 1, I was
8  delighted to see the word "agreed" after that; delighted and
9  surprised.
10      Looking at paragraph 2, I recognize that the
11 manufacturer defendants would like to hold Honeywell's feet
12 to the fire, but let me ask if anybody feels like they need
13 to speak to this position beyond the fact that I see you
14 have a different view on it.  Mr. Lueck, I'll give you a
15 chance to speak on that, if you want.
16      MR. LUECK:  Your Honor, simply that given the
17 scope of the case and the difficulty that we've had in
18 getting information rapidly; and I'm attaching no
19 characterization of that whatsoever; we think that the
20 later date makes sense to insure that we have all of
21 the issues that can be corralled, corralled.
22      THE COURT:  All right.  Do we have a single
23 voice for the manufacturer defendants here on this?
24      MR. ROVNER:  Your Honor, it's Phil Rovner again.
25 We believe that given the amount of time that has transpired

35

1  so far, that the May 26th 2006 date is reasonable, very
2  reasonable; but I guess a lot depends on the scheduling that
3  we're going to set while we're on this call this morning,
4  where it fits into the overall scheme.
5       THE COURT:  All right.  Just a moment, please.
6       (Pause.)
7       THE COURT:  All right.  I'm going to come back
8  to that at this point.
9       Let's turn to the discovery issue which has
10 been the subject of additional letters by both sides and
11 commentary within the docket item.  And I think I have
12 everybody's position on this so let's keep this short.
13      Mr. Lueck, is there anything else you need to
14 say other than what is in the papers?
15      MR. LUECK:  Well, Your Honor, we didn't argue
16 the point in our letter.  The only points I would make
17 is that we do not believe more discovery of the defendants
18 will burden each of the defendants in that we will be
19 taking discovery that is specific to the defendants and
20 likely of no interest to others, much like the Matsushita
21 motion that is pending.  Conversely, every hour of
22 deposition that the defendants take of Honeywell is an
23 hour of deposition that generally will benefit all and we
24 believe that our proposal reflects that, affords people
25 what they need to take discovery and doesn't unduly

36

1  stretch it out.
2       THE COURT:  All right.  Optrex, now that you
3  are aware that you are going to be dealing with a
4  consolidated case and go to trial with others, does that
5  alter your position on the discovery limits?
6       MR. KELLY:  Your Honor, this is Dick Kelly.
7  Absolutely not.  We believe that Honeywell is too short.
8  With all due respect to the manufacturing defendants, theirs
9  is too long.
10      THE COURT:  All right.  Mr. Rovner.
11      MR. ROVNER:  Your Honor, we disagree with both
12 Mr. Kelly and Mr. Lueck.  What we have done with multiple
13 manufacture defendants, he has given Honeywell the amount
14 of time that they have requested in terms of taking party
15 discovery and taking third-party discovery, but what our
16 proposal has done, as you can see, is it has given us the
17 great number of manufacturer defendants more discovery than
18 what Honeywell thought we were entitled to and I guess
19 what Optrex now believes.  But we feel it is absolutely
20 necessary.
21      It is very difficult to coordinate discovery
22 and we've undertaken to do that.  And the idea that at this
23 point in time, Honeywell tells us what we can take and what
24 we can't take, we think that it's premature.  This patent
25 has been out there for over 10 years.  There are witnesses

37

1  that are all over the place.  And we need, at least at this
2  point in time, we need the ability to go out and take the
3  depositions that we feel we absolutely have to take.
4       There is no desire on the part of any
5  manufacturer defendants to take more depositions than are
6  necessary.  There is certainly no desire to take duplicative
7  discovery.  And I have a feeling that if we start taking
8  duplicative discovery, Honeywell's counsel is going to be
9  before you.  So at this point in time, we believe that our
10 proposal is what we feel we need at this time.  Maybe we
11 can adjust it down; but at this point, we think that we
12 certainly need that and we feel the issues that are specific
13 to defendants need more time.
14      THE COURT:  All right.  Well, we're going to go
15 with the manufacturer defendants' proposal.  It's impossible
16 for me to say precisely whether they're overreaching but I
17 have read the positions, heard your argument and it strikes
18 me that this is a case that is complicated enough and old
19 enough, long enough in the tooth that there is going to be a
20 substantial amount of third-party discovery going on.
21      So you've heard the invitation, Mr. Lueck.  If
22 they're getting out of line, you can seek the Court's
23 assistance in dealing with any problem in that regard.
24 And I endorse that.  But we'll go with those limits the
25 manufacturer defendants have laid out.

SHEET 11

38

1    All right. The discovery cutoff. Of course,
2  3b, glad to see people agreed on that.
3    3c, we had a disagreement on the discovery
4  cutoff as well. And I have the parties positions on this I
5  think pretty well in mind. We're going to go ahead and set
6  the May 30th deadline -- May 30th, 2007 as the discovery
7  cutoff.
8    And in that regard, let me tell you that I
9  think that the appropriate limit for amending is going to be
10 some months ahead of that. December is too near in time to
11 that, Honeywell, and the date proposed by the manufacturer
12 defendants and Optrex is too close. So I'm picking
13 arbitrarily -- well, not entirely arbitrarily. I think this
14 is a fair date to pick -- July 7, 2006 as the date that you
15 should plug into paragraph 2 as the date to join other
16 parties or amend pleadings.
17    I'm happy to see that 3d is agreed to. However,
18 there is a concern here about Honeywell's suggested addition
19 in that regard. So, Mr. Rovner, are you still speaking on
20 behalf of the manufacturer defendants?
21    MR. ROVNER: Yes, Your Honor.
22    THE COURT: Go ahead and explain to me the
23 opposition. And I'll give you a chance to --
24    MR. ROVNER: It's very simple. We don't believe
25 it's necessary. We believe that Your Honor's way of doing

39

1  things in other cases is appropriate here. And we don't
2  believe that what they have asked for here is necessary.
3    THE COURT: Mr. Kelly? Mr. Kelly for Optrex.
4    MR. KELLY: Your Honor, I agree with Mr. Rovner.
5  We believe that 90 days is more than enough.
6    THE COURT: All right. Mr. Lueck.
7    MR. LUECK: Simply put, Your Honor, I think it's
8  an additional point that, although not obviously in every
9  patent case, will help the issues, help the parties to focus
10 the issues, know what is coming up and hopefully streamline
11 the issues that have to be presented and the expert
12 discovery as well. This could be voluminous.
13    THE COURT: All right. Well, we're going to go
14 with my standard. It's a 90-day.
15    Discovery disputes. Now, there is some feeling
16 here that you need some additional time for putting stuff
17 together. What is the issue there? Mr. Lueck, I'll give
18 you the ball first on this one.
19    MR. LUECK: I believe, Your Honor, the 48 hours
20 is the standard turnaround time; and we're fine with that.
21    THE COURT: Okay. Mr. Rovner.
22    MR. ROVNER: Your Honor, in this situation we do
23 feel that we need to have a little bit of variation from
24 your standard order just because of the number of defendants
25 that we have to coordinate and make it easier for Honeywell

40

1  and to make it easier for your chambers to get one uniform
2  response is I think the only way to go and that takes time.
3  And that's the only reason that we put those extra days in
4  there, because it's really a chore to coordinate. I can
5  tell you, just based on preparing for this call.
6    THE COURT: Mr. Kelly, I take it you agree?
7    MR. KELLY: Absolutely, Your Honor.
8    THE COURT: All right. I agree as well. This
9  is not the typical case so we'll give you the extra time.
10 And I'm going to take that statement that you have made
11 there, Mr. Rovner, to heart which is I'll be getting a
12 coordinated response and not getting 18 or 20 different
13 letters from defendants.
14    MR. ROVNER: We're trying, Your Honor.
15    THE COURT: Okay. I'm happy to see there was
16 agreement on the various points up to paragraph 6. Let me
17 put you on hold for just a moment.
18    (Pause.)
19    THE COURT: When we get to paragraph 7, I'm
20 going to have to shift things a little bit on you. The
21 interim status conference is going to be, fittingly, on
22 Halloween. We're going to scare each other on October 31,
23 2006 at 4:30 p.m.; and this is going to be an in-person
24 conference. So the order will need to be changed in that
25 regard. I'll look forward to seeing people in my courtroom

41

1  on October 31st; okay? At 4:30.
2    And that I will need your status reports no
3  later than October 24th. And, of course, a coordinated
4  response on behalf of the defense would be appreciated to
5  the extent that is possible.
6    Let's talk about the tutorial. What is the
7  nature of the problem or disagreement here, Mr. Lueck?
8    MR. LUECK: Your Honor, the dates on the one
9  hand, and then simply that Honeywell proposes that the
10 parties be permitted to submit a videotape of no more than
11 30 minutes at the hearing. This would be something in the
12 nature of an animation to explain the technology.
13    THE COURT: All right. Mr. Rovner.
14    MR. ROVNER: Your Honor, other than the date,
15 our point only is that the tutorial is what Your Honor
16 requests all the time and this seems like a double tutorial.
17 They can videotape what they present in court. I thought,
18 we thought that is what Your Honor wanted. This just
19 seems like two tutorials and that is just really our
20 objection.
21    THE COURT: All right. Well, two for the price
22 of one. The short answer is if they want to come into court
23 and use their time to play a video and answer questions,
24 that's okay with me.
25    As far as the date goes, we're going to go ahead

**42**

1  and do this on December 22nd, 2006 and we'll pick it up at
2  9:30 a.m.
3       All right.  Looking at case dispositives.  In
4  this instance, we're going to go with the June 30th date.
5  June 30, 2007.  And the briefing you proposed on the
6  Honeywell and the manufacturer defendants' side is fine.
7  That's the route we'll go there.
8       Similarly, we'll go with the November 9, 2006
9  proposal that Honeywell and the manufacturer defendants have
10  agreed on for paragraph 11.
11       Looking at paragraph 12, our hearing on these
12  matters is going to be -- excuse me.  That's just paragraph
13  13.  Our hearing on these matters is going to be on August
14  30th, 2007.  We'll have that beginning at 9:30 a.m.
15       Now, looking down at paragraph 15.  I'm going to
16  set this for a pretrial conference on December 17, 2007 at
17  4:30 p.m.
18       That means I'm going to need a form of pretrial
19  order, final pretrial order no later than November 16, 2007.
20       All right.  As to the issue in paragraph 16, why
21  don't you explain to me your position.  I think it's kind of
22  obvious but I will go ahead and take your position on the
23  record, Mr. Rovner.  And Mr. Kelly, I'll let you join in or
24  disagree, as you choose, for Optrex on handling motions in
25  limine; which Honeywell, I take it, proposes to handle as I

**43**

1  typically do and you guys do not.  Go ahead.
2       MR. ROVNER:  Your Honor, this is Phil Rovner.
3  Actually, my feeling was that Honeywell was trying to
4  deviate.  They wanted more coordination than we're required
5  to do.  We're certainly going to try to make this a
6  coordinated response.  And certainly if you narrow the trial
7  group, it's much more, it's obviously more doable to get a
8  single five-page motion in limine.  But I think we would
9  want the ability or the defendant could want the ability to
10  add a page or two if their issues are different.  Certainly,
11  it's the same global motion but if there is a certain fact
12  or two that plays to an individual defendant, they would
13  want the right to add to it.  We do not want to overpaper
14  anything at that point at all.
15       THE COURT:  Mr. Kelly, do you have anything you
16  want to add on that?
17       MR. KELLY:  No, Your Honor.
18       THE COURT:  Mr. Lueck?
19       MR. LUECK:  Yes, Your Honor.  We wanted to try
20  to streamline it as much as possible.  We recognize that it
21  is a departure.
22       THE COURT:  Well, it's actually not so much of a
23  departure in this respect.  That typically I'm not dealing
24  with 18 sets of defendants, so what I'm used to seeing is a
25  coordinated defense response to a motion in limine from the

**44**

1  plaintiff and not multiple responses.  However, I will --
2  I'm just reluctant to say, yes, go ahead and everybody can
3  file their own because litigation being what it is, people,
4  if given an opportunity to speak or write, typically will
5  take it.  And I will get duplicative submissions.  And
6  that's significantly unhelpful.
7       So I will limit it with leave for people to
8  request an opportunity to file something additional, if they
9  have something that is truly different than the position
10  that should be generally or is being generally taken by
11  other defendants.
12       So let me ask you if you folks would wordsmith
13  that concept, if you understand what I'm getting at.  Are
14  you with me, Mr. Rovner?
15       MR. ROVNER:  Yes, I am, Your Honor.
16       THE COURT:  And, Mr. Lueck, if you understand
17  what I'm getting at, then you folks ought to be able to come
18  up with the language that would fit in paragraph 16 on that
19  point, please.
20       MR. LUECK:  Yes, Your Honor.  We'll do so.
21       THE COURT:  All right.  Now, let's talk about
22  trial.  Why don't I hand the ball to you first, Mr. Lueck,
23  to make your pitch on behalf of the position you folks have
24  taken.
25       MR. LUECK:  Our view of it, Your Honor, is there

**45**

1  are more common issues than the defendants recognize and
2  that coming into this we now have 18 groups.  Seventeen of
3  the 18 agreed to speak with one voice on this issue except
4  with respect to the infringement claims.  And looking at
5  what we believe will be the issues in claim construction,
6  the resolution of a large bulk of those issues, we simply
7  would go back to our point that we do believe that the ball
8  can be advanced in a simpler fashion than is being right
9  now as to those issues.
10       The other aspect of this is, Your Honor, that
11  there is a 271 issue out there as to whether the defendants
12  are going to come in and claim that there is no meaning to
13  this trial because they, themselves don't enforce their
14  manufactured products in the United States.  And that's
15  why we believe it's important to deal with that infringement
16  issue, so that we can connect that up with the customer
17  defendants.
18       THE COURT:  Well, let me ask, are you
19  suggesting, sir, that if they were to lose at a trial on
20  validity and unenforceability so that your claims were found
21  to be valid and enforceable, that you would then somehow not
22  be in as good a position as -- I mean that somehow affects
23  your ability to go after people for liability?  Help me
24  understand that.  I'm not sure I'm following you.
25       MR. LUECK:  I don't know that it means that we

46

1    can't go after them, Your Honor. It's a question of when
2    to reach the issues in our view. And the issue on the 271
3    that I'm trying to explain is that the defendants have not
4    yet taken a position as to whether they actually put the
5    products that we're arguing about into the stream of
6    commerce in the United States. I'm saying that the
7    infringement trial is a necessary step to that in order
8    to resolve that issue and actually get the actual products
9    in front of the Court that have infringed in the U.S.
10        THE COURT: All right.
11        MR. LUECK: And that issue is kind of out there
12    as a stalking horse right now, and it's one of the reasons
13    why we believe the structure that we proposed is one that
14    makes logical sense overall to the resolution of the case.
15        THE COURT: All right. Mr. Rovner, you are
16    speaking to this again?
17        MR. ROVNER: Well, I was thinking as to how we
18    were staging this trial and what we were putting forward in
19    terms of validity/unenforceability and whether we thought it
20    was a 10-day trial and whether we thought it was -- how much
21    time we would need following the pretrial conference. I am
22    not the spokesman on the 271 issue, if that is what you want
23    to hear first.
24        THE COURT: No, I want to hear on what I asked
25    about and what you just said your position is. So if you

47

1    don't have anything to add, that's great, I've read your
2    position.
3        MR. ROVNER: Our feeling is that -- I can
4    actually, without having talked to the group, because we
5    have now got a trial that is going to go on validity and
6    enforceability issues with four to five defendants, we don't
7    feel that we're going to need six weeks between the pretrial
8    and the trial. That was something that we built-in because
9    of our numbers. And also, we probably would be flexible a
10    bit on the 10-day trial. But that is really all I would
11    need to add on that.
12        THE COURT: All right. Mr. Kelly, you've had
13    separate positions. I'll give you a chance to speak, if you
14    would like, sir.
15        MR. KELLY: Your Honor, given your decision
16    there are going to be four or five going together, Optrex
17    joins with what Mr. Rovner had to say.
18        THE COURT: All right. Well, here is how this
19    comes down. I'm going to set this for 10 days in the hopes
20    that it can be done in less, but we'll take 10 trial days
21    and we'll run the trial from January 28th to February 8,
22    2008. And, of course, by the time we get to that, we should
23    be in a position, if things haven't otherwise resolved
24    themselves, to know exactly who is going to be in that mix.
25        But whoever is going to be in that mix needs

48

1    to be planning and scheduling around those trial dates,
2    January 28th to February 8, 2008; 22 hours per side. That
3    means it's going to have to be coordinated on the defense
4    side. And I'm taking the defendants at their word that
5    they've got common issues on these fronts and it can be
6    coordinated, so it's going to be 22 hours per side:
7    plaintiffs having 22 and the manufacturing defendants set
8    having 22.
9        All right. Now, Mr. Grimm, this is kind of a
10    tall order, I guess, because this is more complicated than
11    the usual thing; but I would appreciate if you folks on the
12    plaintiffs' side would take the laboring oar and make sure
13    that what we've discussed in this call gets into a final
14    form that is circulated among the parties and everybody
15    agrees that it accurately reflects what we've discussed
16    on this call so that you can send that over to me for
17    signature. All right?
18        MR. GRIMM: We will do that, Your Honor.
19        THE COURT: Okay. I appreciate everybody's time
20    and attendance. We're finally going to get ourselves a
21    scheduling order here.
22        I will look forward to hearing from the
23    Matsushita folks so we can resolve the issue you have raised
24    in a separate call. I also look forward to hearing from the
25    parties as soon as practicable about the issue I have raised

49

1    which has not been resolved, and that is how do we select
2    this group to go to trial?
3        The thinking of anybody who is not in this group
4    should be you're on this boat all the way to the point of
5    pretrial. I mean I'm not absenting people from being
6    involved in the discovery process, okay? Let me rephrase
7    that. At least through the discovery process, I expect
8    people to be involved.
9        When it comes time for case dispositive motions,
10    and those kinds of things, by then I'm going to want just a
11    group that we're going to need to deal with. So it would be
12    a help I'm sure to everybody if we knew sooner rather than
13    later who that group was going to be.
14        Let me ask you if you've got out -- first, I'll
15    ask the manufacturer defendants. What is a reasonable time
16    frame for me to be asking you folks to have some discussions
17    amongst yourselves to take a position with Honeywell on?
18        MR. ROVNER: Your Honor, this is Phil Rovner.
19    I think that if we can be given about 10 days to talk
20    amongst ourselves, and then we can -- and I'll initiate the
21    call with Mr. Lueck and Mr. Woods within two weeks to try to
22    get discussions going.
23        THE COURT: Mr. Lueck, are you comfortable with
24    that?
25        MR. LUECK: Yes, that's fine with us, Your

50

1   Honor.
2           THE COURT:  All right.  Then I'll look forward
3   to hearing from you folks.  I'll give you a couple weeks to
4   deal with it after that.  So I'll give you about a month,
5   and then I would like to hear from people with some kind of
6   status report that tells me your positions.  All right?
7           MR. ROVNER:  Your Honor, again this is Phil
8   Rovner.  When you say your positions, you mean in terms of
9   how we're going to decide ultimately?  I just want to make
10  sure that everyone is aware of what Your Honor wants.
11          THE COURT:  Well, what I would like is as much
12  as you can give me.  The ideal would be if I got a letter
13  that was a joint letter from everybody that said, you know
14  what?  We talked about it and we think these are the four
15  folks to go to trial first on the schedule that you have
16  given us.  And everybody is in agreement.  That would be the
17  ideal world.  But if I'm not going to get the ideal world,
18  I'd like to at least get some sense of what competing
19  proposals are or even competing ways to approach the
20  question because you may disagree on even the appropriate
21  way to look at this, how do I get to this smaller group.
22          So within a month, that ought to be plenty of
23  time for even this large group of defendants to speak
24  amongst themselves and then to speak to Honeywell and for
25  people's positions to be formulated and put in front of

51

1   me, I think.
2           MR. ROVNER:  That sounds good, Your Honor.
3   Thank you.
4           THE COURT:  All right.  Well, I appreciate
5   everybody's time and attendance on the call today.  I'm
6   going to put out a short order which simply notes the things
7   that I have already stated on the record here with respect
8   to the Nokia motion and the motion to bifurcate that was
9   submitted by Toshiba, and good enough.  We'll hear from you
10  folks in about a month.  Thanks very much.
11          (The attorneys respond, "Thank you, Your
12  Honor.")
13          (Telephone conference ends at 11:13 a.m.)
14
15
16
17
18
19
20
21
22
23
24
25

United States District Court - Honorable Kent A. Jordan

**'**

'05 [2] - 16:5, 18:17

**0**

04-1337 [2] - 1:8, 9:16
04-1338 [2] - 1:14, 9:16
04-1536 [1] - 1:19
05-874 [1] - 12:8

**1**

1 [2] - 18:23, 34:7
10 [5] - 29:24, 36:25, 47:19, 47:20, 49:19
10-day [2] - 46:20, 47:10
10:00 [2] - 1:22, 8:23
11 [1] - 42:10
11:13 [1] - 51:13
12 [1] - 42:11
13 [2] - 1:22, 42:13
1337 [1] - 9:19
15 [1] - 42:15
16 [3] - 42:19, 42:20, 44:18
160 [1] - 34:3
17 [1] - 42:16
18 [14] - 25:15, 25:25, 28:10, 29:1, 29:18, 29:22, 30:13, 31:9, 31:18, 40:12, 43:24, 45:2, 45:3
19 [2] - 21:15, 31:18

**2**

2 [3] - 19:25, 34:10, 38:15
20 [1] - 40:12
2005 [3] - 26:12, 29:16, 29:18
2006 [6] - 1:22, 35:1, 38:14, 40:23, 42:1, 42:8
2007 [5] - 38:6, 42:5, 42:14, 42:16, 42:19
2008 [2] - 47:22, 48:2
22 [4] - 48:2, 48:6, 48:7, 48:8
22nd [1] - 42:1
24th [1] - 41:3
26th [1] - 35:1
271 [3] - 45:11, 46:2, 46:22
28th [2] - 47:21, 48:2

**3**

3 [1] - 20:5
30 [2] - 41:11, 42:5
30th [4] - 38:6, 42:4, 42:14
31 [1] - 40:22
31st [1] - 41:1
35 [1] - 29:22
3b [1] - 38:2
3c [1] - 38:3
3d [1] - 38:17

**4**

4 [1] - 20:11
40-some [1] - 29:19
48 [1] - 39:19
4:30 [3] - 40:23, 41:1, 42:17

**5**

5 [1] - 20:12

**6**

6 [1] - 40:16

**7**

7 [3] - 16:5, 38:14, 40:19
.

**8**

8 [2] - 47:21, 48:2
8th [1] - 34:2

**9**

9 [1] - 42:8
90 [1] - 39:5
90-day [1] - 39:14
9:30 [2] - 42:2, 42:14

**A**

Ab [2] - 8:10, 12:10
ability [4] - 37:2, 43:9, 45:23
able [2] - 26:23, 44:17
absenting [1] - 49:5
Absolutely [2] - 36:7, 40:7
absolutely [2] - 36:19, 37:3
accept [1] - 30:7
accomplished [1] -

16:7, 18:22, 18:23, 19:2, 19:12, 19:23, 20:2, 20:7, 20:12, 20:14, 32:1
accurate [1] - 21:21
accurately [1] - 48:15
accused [1] - 29:20
Actions [1] - 1:4
activities [2] - 18:2, 18:4
actual [1] - 46:8
add [5] - 43:10, 43:13, 43:16, 47:1, 47:11
addition [1] - 38:18
additional [4] - 35:10, 39:8, 39:16, 44:8
address [2] - 14:16, 28:25
addressed [1] - 28:15
addresses [1] - 28:17
adjust [1] - 37:11
advanced [3] - 28:11, 28:12, 45:8
affects [1] - 45:22
affords [1] - 35:24
afternoon [1] - 9:8
ago [2] - 14:22, 29:25
agree [4] - 17:19, 39:4, 40:6, 40:8
agreed [6] - 20:18, 34:8, 38:2, 38:17, 42:10, 45:3
agreement [3] - 21:19, 40:16, 50:16
agrees [1] - 48:15
ahead [10] - 8:25, 9:23, 25:14, 38:5, 38:10, 38:22, 41:25, 42:22, 43:1, 44:2
al [5] - 1:4, 1:8, 1:10, 1:13, 1:19
alerting [1] - 26:22
Alexandria [1] - 2:19
almost [2] - 29:15, 31:14
alone [2] - 23:2, 33:21
alter [1] - 36:5
amend [1] - 38:16
amended [1] - 15:14
amending [1] - 38:9
America [20] - 1:15, 2:20, 3:21, 4:11, 4:23, 6:12, 6:13, 7:5, 12:14, 12:20, 13:3, 13:4, 13:12, 22:22, 22:24, 23:1, 23:5, 23:18, 24:12
amount [3] - 34:25, 36:13, 37:20
and-a-half [1] - 31:14

Anderson [4] - 6:2, 8:2, 10:14, 10:18
Andrew [4] - 2:19, 5:15, 10:5, 14:19
Andy [1] - 12:15
Angeles [3] - 3:6, 3:13, 4:14
animation [1] - 41:12
answer [4] - 24:7, 32:25, 41:22, 41:23
apologies [1] - 24:17
Appearances [7] - 2:1, 3:1, 4:1, 5:1, 6:1, 7:1, 8:1
Apple [3] - 1:13, 5:12, 10:3
appreciate [4] - 16:8, 48:11, 48:19, 51:4
appreciated [1] - 41:4
approach [2] - 32:19, 50:19
appropriate [2] - 38:9, 39:1, 50:20
arbitrarily [2] - 38:13
argue [1] - 35:15
arguing [1] - 46:5
argument [1] - 37:17
Arima [3] - 3:25, 14:5, 25:23
arrays [1] - 28:23
Arsht [1] - 2:5
art [1] - 31:11
Ashby [2] - 2:2, 9:16
aspect [1] - 45:10
assertion [2] - 19:7, 20:9
assessment [1] - 16:24
assigning [1] - 19:19
assistance [1] - 37:23
assume [1] - 33:25
attaching [1] - 34:18
attachment [1] - 34:3
attendance [2] - 48:20, 51:5
attorneys [1] - 51:11
Au [6] - 3:21, 3:21, 13:11, 13:12, 23:4
Audiovox [3] - 1:7, 7:22, 11:21
August [1] - 42:13
aware [2] - 36:3, 50:10

**B**

back-and-forth [1] - 19:13
background [1] - 33:25

Baker [6] - 7:11, 7:17, 11:6, 11:10, 11:14, 11:17
Balick [2] - 2:3, 9:17
ball [3] - 39:18, 44:22, 45:7
Barry [2] - 6:6, 13:20
based [3] - 17:18, 17:20, 40:5
Beach [2] - 5:20, 13:8
beginning [2] - 8:23, 42:14
behalf [15] - 2:13, 8:10, 10:14, 11:24, 12:5, 12:25, 13:7, 13:11, 15:25, 19:9, 29:6, 30:17, 38:20, 41:4, 44:23
believes [1] - 36:19
below [3] - 4:4, 5:4, 6:4
below-listed [2] - 4:4, 5:4
below-named [1] - 6:4
Ben [3] - 3:6, 12:7
Ben-meir [2] - 3:6, 12:7
benefit [1] - 35:23
Benson [5] - 3:12, 12:1, 12:2, 25:17
best [2] - 29:12, 31:2
better [1] - 33:15
between [2] - 16:22, 47:7
beyond [1] - 34:13
bifurcate [3] - 15:21, 15:23, 51:8
bifurcation [1] - 17:16
bit [4] - 11:8, 39:23, 40:20, 47:10
blame [1] - 19:19
bluntly [1] - 32:11
boat [2] - 26:15, 49:4
Boe [4] - 7:19, 11:14, 11:17, 23:6
Boe-hydis [2] - 7:19, 23:6
Boe-hydus [2] - 11:14, 11:17
Botts [3] - 7:11, 11:6, 11:10
Bouchard [2] - 3:3, 12:4
Bove [3] - 3:19, 8:9, 13:11
Brafman [2] - 2:12, 9:14
Brann [3] - 7:8, 11:3
Brian [1] - 8:13
briefing [2] - 27:5,

42:5
**building** [1] - 33:16
**built** [1] - 47:8
**built-in** [1] - 47:8
**bulk** [2] - 30:25, 45:6
**bunch** [1] - 15:14
**burden** [1] - 35:18

# C

**California** [5] - 3:6,
3:13, 4:14, 5:11, 7:8
**caption** [1] - 23:3
**carry** [2] - 30:10,
33:11
**case** [28] - 9:16, 9:17,
14:10, 15:5, 15:13,
17:6, 17:13, 17:19,
18:11, 20:18, 28:9,
28:13, 29:16, 29:19,
30:8, 31:13, 31:17,
32:12, 32:17, 33:17,
34:17, 36:4, 37:18,
39:9, 40:9, 42:3,
46:14, 49:9
**cases** [6] - 25:5, 25:6,
25:9, 25:11, 39:1
**Casio** [7] - 5:8, 10:5,
22:4, 22:14, 22:15
**category** [1] - 26:21
**certain** [2] - 21:22,
43:11
**Certainly** [3] - 18:5,
28:4, 43:10
**certainly** [6] - 30:23,
32:23, 37:6, 37:12,
43:5, 43:6
**Chad** [2] - 5:18, 13:7
**Chalsen** [4] - 6:10,
13:14, 13:17
**chambers** [3] - 8:23,
10:19, 40:1
**chance** [6] - 10:18,
31:4, 32:23, 34:15,
38:23, 47:13
**changed** [1] - 40:24
**characterization** [1] -
34:19
**choose** [1] - 42:24
**chore** [1] - 40:4
**Chris** [1] - 13:14
**Christopher** [1] - 6:10
**circulated** [1] - 48:14
**Ciresi** [1] - 2:7
**Citizen** [7] - 3:7, 3:8,
12:6, 23:7, 23:8
**Citizens** [1] - 12:8
**City** [1] - 5:11
**Civil** [1] - 1:4
**claim** [4] - 28:19, 32:5,

45:5, 45:12
**claims** [4] - 15:8,
28:22, 45:4, 45:20
**clarification** [1] -
25:24
**clear** [2] - 15:4, 19:15
**client** [2] - 9:6, 9:7
**clients** [1] - 32:24
**close** [1] - 38:12
**closer** [1] - 31:14
**Co** [4] - 3:7, 3:8, 4:23,
8:7
**co** [3] - 12:1, 12:7,
12:25
**co-counsel** [3] - 12:1,
12:7, 12:25
**Columbia** [6] - 4:7,
5:15, 6:7, 6:19, 7:4,
7:18
**combined** [1] - 24:13
**comfortable** [1] -
49:23
**coming** [2] - 39:10,
45:2
**commentary** [1] -
35:11
**commerce** [1] - 46:6
**common** [11] - 28:14,
30:2, 30:19, 30:22,
31:9, 31:19, 32:2,
32:14, 45:1, 48:5
**commonality** [1] -
28:19
**Communications** [5] -
1:7, 7:22, 11:21,
12:10, 12:11
**companies** [3] - 21:6,
21:17, 30:13
**Company** [8] - 20:23,
21:2, 22:14, 22:18,
22:21, 23:6, 23:8
**company** [1] - 21:3
**competing** [2] - 50:18,
50:19
**complaint** [6] - 14:18,
14:24, 15:3, 15:14,
15:17, 31:15
**complete** [1] - 16:11
**completed** [2] - 27:5,
28:20
**complicated** [4] -
32:5, 32:7, 37:18,
48:10
**complied** [1] - 16:6
**Computer** [6] - 1:13,
5:8, 5:12, 6:12, 10:3,
22:14
**Conaway** [4] - 2:15,
4:2, 12:14, 12:19
**concept** [1] - 44:13

**concern** [1] - 38:18
**concerned** [1] - 31:2
**concerning** [1] - 26:8
**conference** [8] - 8:23,
15:11, 18:6, 40:21,
40:24, 42:16, 46:21,
51:13
**Conference** [1] - 1:22
**configuration** [1] -
28:24
**connect** [1] - 45:16
**Connolly** [3] - 3:19,
8:9, 13:11
**considered** [2] -
30:23, 30:24
**consolidated** [2] -
25:11, 36:4
**construction** [2] -
28:20, 45:5
**Consumer** [2] - 23:17,
23:22
**context** [2] - 17:9,
17:10
**continue** [1] - 10:12
**Continued** [6] - 3:1,
4:1, 5:1, 6:1, 7:1, 8:1
**Conversely** [1] - 35:21
**coordinate** [3] - 36:21,
39:25, 40:4
**coordinated** [6] -
40:12, 41:3, 43:6,
43:25, 48:3, 48:6
**coordination** [1] -
43:4
**copied** [1] - 19:14
**Corp** [15] - 1:7, 3:14,
3:14, 3:21, 3:21,
6:20, 7:5, 7:22,
11:21, 13:11, 13:12,
22:24, 23:4, 24:20,
24:22
**corporate** [1] - 21:18
**Corporation** [17] -
4:11, 4:11, 4:23, 6:8,
6:20, 12:19, 12:20,
13:4, 13:22, 21:7,
22:21, 22:23, 22:24,
23:5, 23:9, 24:22,
25:16
**corralled** [2] - 34:21
**correct** [3] - 14:1,
14:24, 14:25
**correspondence** [1] -
19:14
**Corroon** [2] - 6:2, 8:2
**Counsel** [25] - 2:13,
2:20, 3:7, 3:14, 3:17,
3:21, 3:25, 4:11,
4:15, 4:22, 5:8, 5:12,
5:16, 5:22, 6:8, 6:12,

6:20, 7:5, 7:9, 7:14,
7:19, 7:22, 8:7, 8:10,
9:13
**counsel** [11] - 4:4, 5:4,
6:4, 9:2, 12:1, 12:7,
12:25, 13:24, 17:3,
19:14, 37:8
**count** [1] - 33:8
**country** [1] - 21:1
**couple** [3] - 14:16,
33:18, 50:3
**course** [6] - 15:22,
29:6, 33:17, 38:1,
41:3, 47:22
**Court** [111] - 1:1, 8:24,
9:20, 10:11, 11:7,
11:18, 11:22, 12:3,
12:12, 12:17, 12:23,
13:5, 13:9, 13:13,
13:16, 13:18, 13:25,
14:6, 14:21, 15:1,
15:12, 15:19, 16:3,
16:5, 16:13, 16:17,
16:20, 16:23, 17:11,
17:22, 17:25, 18:7,
18:16, 18:19, 19:4,
19:6, 19:15, 20:3,
20:8, 20:20, 20:22,
20:24, 21:4, 21:11,
21:19, 21:23, 22:5,
22:7, 23:21, 24:1,
24:6, 24:8, 24:18,
24:24, 25:6, 25:8,
25:14, 25:20, 25:22,
26:2, 26:8, 26:14,
26:18, 26:22, 26:24,
27:7, 27:22, 28:1,
28:5, 29:1, 29:5,
30:5, 31:3, 31:20,
32:8, 32:10, 34:7,
34:22, 35:5, 35:7,
36:2, 36:10, 37:14,
38:22, 39:3, 39:6,
39:13, 39:21, 40:6,
40:8, 40:15, 40:19,
41:13, 41:21, 43:15,
43:18, 43:22, 44:16,
44:21, 45:18, 46:9,
46:10, 46:15, 46:24,
47:12, 47:18, 48:19,
49:23, 50:2, 50:11,
51:4
**court** [2] - 41:17,
41:22
**Courts** [2] - 26:12,
37:22
**courthouse** [1] -
30:14
**courtroom** [2] - 33:16,
40:25

**Crystal** [2] - 22:24,
24:16
**customer** [6] - 18:3,
19:3, 19:10, 26:11,
31:24, 45:16
**cutoff** [3] - 38:1, 38:4,
38:7

# D

**damages** [1] - 15:24
**Dan** [2] - 3:23, 14:4
**date** [9] - 34:20, 35:1,
38:11, 38:14, 38:15,
41:14, 41:25, 42:4
**dates** [2] - 41:8, 48:1
**David** [6] - 2:12, 3:6,
4:20, 9:13, 12:7,
13:1
**days** [5] - 39:5, 40:3,
47:19, 47:20, 49:19
**deadline** [1] - 38:6
**deal** [7] - 15:20, 17:12,
25:9, 28:18, 45:15,
49:11, 50:4
**dealing** [5] - 18:10,
26:5, 36:3, 37:23,
43:23
**December** [3] - 38:10,
42:1, 42:16
**decide** [1] - 50:9
**decision** [1] - 47:15
**defendant** [10] - 10:7,
21:3, 21:8, 21:10,
23:10, 24:9, 24:20,
29:11, 43:9, 43:12
**Defendants** [3] - 1:9,
1:14, 1:20
**defendants** [73] - 4:4,
5:4, 6:4, 9:2, 10:2, 10:5,
10:6, 10:20, 13:15,
13:22, 14:2, 15:15,
16:11, 17:4, 19:3,
19:10, 20:15, 20:17,
20:18, 20:19, 21:12,
22:9, 26:5, 26:7,
26:10, 26:11, 26:20,
27:12, 27:18, 28:13,
29:7, 29:17, 29:19,
29:20, 29:22, 29:25,
30:8, 30:18, 30:25,
31:9, 31:18, 31:23,
31:24, 32:13, 33:23,
34:11, 34:23, 35:17,
35:18, 35:19, 35:22,
36:8, 36:13, 36:17,
37:5, 37:13, 37:25,
38:12, 38:20, 39:24,
40:13, 42:9, 43:24,
44:11, 45:1, 45:11,

45:17, 46:3, 47:6,
48:4, 48:7, 49:15,
50:23
**defendants'** [2] -
37:15, 42:6
**defense** [5] - 30:19,
33:13, 41:4, 43:25,
48:3
**Delaware** [2] - 1:2,
1:21
**delay** [1] - 32:25
**delighted** [3] - 33:10,
34:8
**denied** [1] - 15:20
**deny** [1] - 18:8
**departure** [2] - 43:21,
43:23
**deposition** [2] - 35:22,
35:23
**depositions** [2] - 37:3,
37:5
**description** [1] - 26:4
**designed** [1] - 19:16
**desire** [2] - 37:4, 37:6
**deviate** [1] - 43:4
**devices** [1] - 29:20
**Devices** [6] - 7:14,
7:15, 11:25, 23:13,
25:16
**Dick** [3] - 12:16, 31:6,
36:6
**Diego** [1] - 7:8
**differ** [1] - 32:3
**differences** [1] - 31:10
**different** [7] - 29:2,
29:20, 30:15, 34:14,
40:12, 43:10, 44:9
**difficult** [1] - 36:21
**difficulty** [1] - 34:17
**directed** [1] - 16:7
**disagree** [6] - 16:23,
19:23, 20:9, 36:11,
42:24, 50:20
**disagreement** [5] -
20:4, 21:25, 26:9,
38:3, 41:7
**Discovery** [1] - 39:15
**discovery** [19] - 28:19,
35:9, 35:17, 35:19,
35:25, 36:5, 36:15,
36:17, 36:21, 37:7,
37:8, 37:20, 38:1,
38:3, 38:6, 39:12,
49:6, 49:7
**discussed** [2] - 48:13,
48:15
**discussion** [5] -
15:22, 27:13, 27:19,
27:23, 28:6
**discussions** [2] -

49:16, 49:22
**dismiss** [1] - 27:3
**Display** [17] - 3:18,
3:25, 4:15, 7:14,
10:10, 12:21, 14:5,
21:7, 22:24, 23:9,
23:12, 23:14, 23:15,
24:10, 24:16, 25:23
**Displays** [5] - 3:8,
7:14, 12:6, 23:8,
23:12
**dispositive** [1] - 49:9
**dispositives** [1] - 42:3
**disputes** [2] - 19:13,
39:15
**District** [8] - 1:1, 1:2,
4:7, 5:15, 6:7, 6:19,
7:4, 7:18
**division** [1] - 23:23
**doable** [1] - 43:7
**dock** [1] - 19:16
**Docket** [1] - 34:2
**docket** [1] - 35:11
**done** [13] - 15:20,
19:4, 19:18, 19:20,
19:21, 19:24, 29:23,
30:12, 30:23, 36:12,
36:16, 47:20
**double** [1] - 41:16
**down** [4] - 18:24,
37:11, 42:15, 47:19
**Duane** [2] - 7:21,
11:21
**due** [1] - 36:8
**Dunner** [3] - 6:6, 6:15,
6:18
**duplicative** [3] - 37:6,
37:8, 44:5

---

**E**

**easier** [2] - 39:25, 40:1
**Eastman** [2] - 5:22,
13:7
**economical** [1] -
28:24
**efficient** [1] - 30:20
**effort** [1] - 30:18
**either** [1] - 17:14
**elbows** [1] - 9:23
**Electrical** [4] - 4:22,
4:23, 22:20, 22:21
**Electro** [2] - 6:20,
24:22
**Electro-optics** [2] -
6:20, 24:22
**Electronic** [2] - 7:15,
23:13
**Electronics** [6] - 7:5,
21:9, 23:17, 23:18,

23:23
**Elizabeth** [5] - 6:18,
7:8, 10:22, 11:3,
24:25
**Ellen** [1] - 3:10
**emphasize** [1] - 33:2
**ences** [1] - 32:4
**endorse** [1] - 37:24
**ends** [1] - 51:13
**enforce** [1] - 45:13
**enforceability** [1] -
47:6
**enforceable** [1] -
45:21
**entirely** [1] - 38:13
**entities** [2] - 27:3,
27:4
**entitled** [1] - 36:18
**entity** [2] - 20:25,
23:24
**Epson** [7] - 3:14,
11:24, 11:25, 23:2,
25:15, 25:18, 25:19
**Ericsson** [4] - 8:10,
8:11, 12:10
**Esq** [43] - 2:3, 2:5, 2:8,
2:8, 2:9, 2:12, 2:16,
2:18, 2:19, 3:3, 3:6,
3:10, 3:12, 3:16,
3:20, 3:23, 4:3, 4:6,
4:9, 4:14, 4:18, 4:20,
4:21, 5:3, 5:7, 5:11,
5:15, 5:18, 5:21, 6:3,
6:6, 6:10, 6:15, 6:18,
7:3, 7:8, 7:12, 7:12,
7:18, 7:21, 8:3, 8:5,
8:9
**Essentially** [1] - 32:3
**et** [5] - 1:4, 1:8, 1:10,
1:13, 1:19
**event** [1] - 18:11
**evidently** [1] - 30:11
**exact** [1] - 29:14
**exactly** [2] - 17:4,
47:24
**except** [1] - 45:3
**exception** [1] - 18:24
**excess** [1] - 33:14
**excuse** [2] - 24:14,
42:12
**Excuse** [1] - 24:14
**expect** [3] - 8:25, 9:2,
49:7
**expecting** [1] - 32:24
**expensive** [1] - 14:12
**experiment** [1] - 14:9
**expert** [1] - 39:11
**expert-** [4] - 38:22,
41:12, 42:21, 46:3
**extent** [1] - 41:5

**extra** [2] - 40:3, 40:9

---

**F**

**facility** [1] - 35:15
**fact** [4] - 17:5, 28:2,
34:13, 43:11
**failing** [1] - 19:16
**fair** [1] - 38:14
**fall** [2] - 22:9, 26:21
**families** [6] - 21:16,
21:24, 22:3, 22:4,
26:1, 29:22
**family** [2] - 21:17,
22:8, 25:2
**far** [2] - 35:1, 41:25
**Farabow** [3] - 6:6,
6:15, 6:18
**fashion** [2] - 19:19,
45:8
**Faulkner** [2] - 6:15,
10:21
**feasible** [1] - 14:11
**February** [2] - 47:21,
48:2
**feet** [1] - 34:11
**felt** [1] - 15:8
**figure** [1] - 19:18
**file** [6] - 14:17, 14:23,
15:9, 18:9, 44:3,
44:8
**filed** [5] - 14:18, 15:11,
15:13, 15:24, 31:15
**Film** [5] - 8:7, 8:7,
22:17, 22:18
**final** [2] - 42:19, 48:13
**finally** [1] - 48:20
**fine** [6] - 25:9, 25:21,
27:21, 39:20, 42:6,
49:25
**Finger** [3] - 4:17, 5:18,
13:7
**Finnegan** [6] - 6:6,
6:15, 6:18, 10:22,
13:21, 25:1
**fire** [1] - 34:12
**firm** [4] - 9:5, 9:10,
9:12, 12:15
**First** [3] - 14:15, 16:13,
34:5
**first** [12] - 15:25,
27:15, 28:10, 28:15,
30:10, 32:14, 32:21,
39:18, 44:22, 46:23,
49:14, 50:15
**Fish** [9] - 3:16, 5:3, 5:6,
5:10, 5:14, 10:1,
10:4, 10:9, 14:20
**fit** [2] - 33:15, 44:18
**fits** [1] - 35:4

**fittingly** [1] - 40:21
**five** [4] - 33:15, 43:8,
47:6, 47:16
**five-page** [1] - 43:8
**flexible** [1] - 47:9
**Flock** [4] - 4:9, 12:20,
27:2
**focus** [1] - 39:9
**folks** [15] - 10:3,
14:13, 26:3, 30:11,
33:9, 33:12, 44:12,
44:17, 44:23, 48:11,
48:23, 49:16, 50:3,
50:15, 51:10
**following** [3] - 8:22,
45:24, 46:21
**form** [3] - 34:1, 42:18,
48:14
**formal** [1] - 20:17
**formulated** [1] - 50:25
**forth** [3] - 19:13, 30:4,
31:1
**fortunately** [1] - 25:8
**forward** [7] - 16:7,
29:14, 40:25, 46:18,
48:22, 48:24, 50:2
**four** [4] - 26:19, 47:6,
47:16, 50:14
**frame** [1] - 49:16
**Frankly** [1] - 29:13
**Friedlander** [5] - 3:3,
3:3, 12:4, 12:5
**front** [6] - 16:14, 29:7,
30:10, 34:1, 46:9,
50:25
**fronts** [1] - 48:5
**Fujit** [8] - 8:7, 8:7,
10:14, 22:16, 22:17,
22:18, 29:10
**Fujitsu** [4] - 6:12, 6:12,
13:15
**Furlow** [2] - 3:9, 11:24
**future** [1] - 25:4

---

**G**

**Gaffigan** [1] - 8:13
**gallery** [1] - 13:23
**Garrett** [3] - 6:6, 6:15,
6:18
**Geddes** [2] - 2:2, 9:16
**generalized** [1] -
27:13
**generally** [5] - 17:8,
28:13, 35:23, 44:10
**Gerard** [1] - 3:20
**Given** [1] - 27:9
**given** [13] - 9:2, 15:4,
27:10, 28:10, 30:6,
34:16, 34:25, 36:13,

36:16, 44:4, 47:15, 49:19, 50:16
glad [1] - 38:2
global [1] - 43:11
Gotshal [4] - 4:20, 13:1, 13:2, 26:7
Graham [3] - 6:6, 13:20
granting [1] - 15:2
great [4] - 28:18, 30:25, 36:17, 47:1
Grimm [8] - 2:5, 9:8, 9:9, 28:2, 28:4, 34:1, 48:9, 48:18
group [23] - 21:16, 22:19, 22:25, 23:5, 23:11, 23:16, 24:11, 24:21, 29:11, 29:12, 30:19, 32:21, 33:13, 33:23, 43:7, 47:4, 49:2, 49:3, 49:11, 49:13, 50:21, 50:23
grouped [1] - 25:19
grouping [2] - 21:20, 22:10
groups [5] - 21:16, 26:1, 29:2, 30:13, 45:2
guess [4] - 10:1, 35:2, 36:18, 48:10
guidance [1] - 15:12
guys [1] - 43:1

H

Hadley [1] - 6:10
Hails [2] - 4:6, 12:20
half [1] - 31:14
Halkowski [3] - 5:3, 9:25, 10:1
Halloween [1] - 40:22
hand [2] - 41:9, 44:22
handle [1] - 42:25
handled [1] - 20:15
handling [2] - 11:13, 42:24
hanging [1] - 14:16
Hannstar [2] - 11:12, 23:9
happy [2] - 38:17, 40:15
Harris [2] - 5:20, 13:8
Hartson [5] - 3:5, 3:12, 12:1, 12:7, 25:18
Hastings [5] - 4:13, 7:7, 11:2, 11:3, 12:21
hear [6] - 17:13, 27:17, 46:23, 46:24, 50:5, 51:9

heard [2] - 37:17, 37:21
hearing [8] - 16:25, 29:5, 41:11, 42:11, 42:13, 48:22, 48:24, 50:3
heart [1] - 40:11
held [1] - 8:23
Help [1] - 45:23
help [3] - 39:9, 49:12
Henderson [6] - 6:6, 6:15, 6:18, 10:22, 13:21, 25:1
Hi [2] - 8:24, 24:25
Hitachi [13] - 7:14, 7:14, 7:15, 11:5, 11:9, 23:11, 23:12, 23:13, 26:17
Hogan [5] - 3:5, 3:12, 12:1, 12:7, 25:18
hold [3] - 34:5, 34:11, 40:17
Honeywell [33] - 1:4, 1:10, 1:18, 2:11, 2:13, 2:13, 9:9, 9:12, 9:13, 9:15, 9:19, 14:2, 15:13, 15:25, 16:22, 26:9, 27:14, 28:11, 29:13, 35:22, 36:7, 36:13, 36:18, 36:23, 38:11, 39:25, 41:9, 42:6, 42:9, 42:25, 43:3, 49:17, 50:24
Honeywell's [6] - 19:14, 30:23, 33:21, 34:11, 37:8, 38:18
Honor [92] - 9:8, 9:25, 10:8, 10:13, 10:17, 11:20, 12:4, 12:9, 12:13, 12:18, 12:24, 13:6, 13:10, 13:14, 13:20, 14:4, 14:19, 14:25, 15:10, 16:2, 16:4, 16:10, 16:15, 16:18, 17:2, 17:20, 17:24, 18:15, 18:18, 18:25, 19:5, 19:9, 20:1, 20:7, 20:13, 20:21, 21:6, 21:22, 22:4, 24:14, 24:17, 24:23, 25:13, 25:17, 25:21, 25:25, 26:6, 26:12, 26:16, 26:21, 27:2, 27:20, 27:24, 28:16, 28:21, 29:4, 29:8, 31:1, 31:6, 31:21, 34:16, 34:24, 35:15, 36:6, 36:11, 38:21, 39:4, 39:7,

39:19, 39:22, 40:7, 40:14, 41:8, 41:14, 41:15, 41:18, 43:2, 43:17, 43:19, 44:15, 44:20, 44:25, 45:10, 46:1, 47:15, 48:18, 49:18, 50:1, 50:7, 50:10, 51:2, 51:12
Honor's [1] - 38:25
Honorable [1] - 1:24
hopefully [3] - 9:22, 26:23, 39:10
hopes [1] - 47:19
horse [1] - 46:12
Horwitz [16] - 6:3, 10:17, 11:2, 11:5, 11:8, 11:9, 13:17, 13:24, 17:2, 17:3, 17:17, 17:18, 18:14, 18:15, 19:9
hour [2] - 35:21, 35:23
hours [3] - 39:19, 48:2, 48:6
Houston [1] - 3:24
Howrey [1] - 7:3, 10:24, 24:4
Hu [5] - 3:23, 3:23, 14:4, 14:5
Hunsaker [2] - 5:11, 10:2
Hutz [3] - 3:19, 8:9, 13:11
hydis [2] - 7:19, 23:6
hydus [2] - 11:14, 11:17

I

Id [1] - 3:17
idea [3] - 30:11, 31:22, 36:22
ideal [3] - 50:12, 50:17
identification [1] - 18:25
identified [3] - 14:2, 19:1, 25:2
identify [6] - 9:2, 9:3, 9:5, 9:23, 13:23, 24:2
Imaging [2] - 11:25, 25:15
immediately [1] - 15:8
implemented [1] - 32:4
important [1] - 45:15
impossible [2] - 32:22, 37:15
impracticable [3] - 29:18, 29:24, 30:16
impractical [1] - 33:21

in-person [1] - 40:23
in-plead [1] - 15:16
Inc [28] - 1:4, 1:10, 1:13, 1:15, 1:18, 2:13, 2:14, 2:20, 3:18, 4:15, 5:8, 5:12, 5:16, 6:8, 6:12, 6:13, 7:15, 8:7, 8:11, 12:11, 12:14, 13:22, 22:15, 22:18, 23:13, 23:15, 24:10, 24:12
include [5] - 10:4, 19:1, 21:13, 22:5, 22:16
includes [2] - 22:23, 24:13
including [1] - 22:8
indicated [1] - 26:13
indications [1] - 14:23
individual [1] - 43:12
Industrial [2] - 4:23, 22:21
information [3] - 16:11, 17:21, 34:18
infringed [1] - 46:9
infringement [6] - 28:20, 29:19, 32:2, 45:4, 45:15, 46:7
initiate [1] - 49:20
Innolux [2] - 21:6, 21:7
instance [2] - 32:14, 42:4
insure [1] - 34:20
Intellectual [2] - 2:14, 9:13
intended [1] - 15:15
interest [1] - 35:20
interim [1] - 40:21
International [10] - 1:4, 1:10, 1:18, 2:11, 2:13, 3:17, 10:9, 10:10, 23:14, 23:15
introduction [1] - 14:10
invalidity [1] - 30:3
invention [2] - 28:22, 32:4
invitation [1] - 37:21
involved [2] - 49:6, 49:8
issue [25] - 15:17, 17:15, 18:5, 19:7, 20:14, 23:20, 26:4, 26:8, 26:22, 27:16, 28:25, 32:6, 33:7, 35:9, 39:17, 42:20, 45:3, 45:11, 45:16, 46:2, 46:8, 46:11, 46:22, 48:23, 48:25

issued [1] - 15:12
issues [33] - 16:22, 17:6, 18:2, 25:4, 26:4, 28:14, 28:15, 28:18, 28:19, 30:2, 30:19, 30:22, 31:9, 31:19, 31:24, 32:1, 32:2, 32:13, 32:14, 34:21, 37:12, 39:9, 39:10, 39:11, 43:10, 45:1, 45:5, 45:6, 45:9, 46:2, 47:6, 48:5
Item [1] - 34:3
item [1] - 35:11
itself [1] - 18:4

J

Janofsky [2] - 4:13, 7:7
January [2] - 26:8, 47:21, 48:2
Jeff [1] - 12:24
Jeffrey [1] - 4:18
Jerry [1] - 13:10
Joel [2] - 3:3, 12:5
Joelle [2] - 3:10, 11:23
John [9] - 4:3, 4:9, 5:7, 9:17, 9:18, 10:4, 12:18, 12:20, 27:2
Johnson [2] - 5:7, 10:4
join [2] - 38:15, 42:23
Joining [1] - 9:12
joins [1] - 47:17
joint [1] - 50:13
Jordan [2] - 1:24, 8:24
Judge [1] - 8:24
July [1] - 38:14
juncture [1] - 15:3
June [2] - 42:4, 42:5
jurisdiction [1] - 27:4
jury [1] - 33:17

K

Kaj [3] - 1:8, 1:14, 1:19
Kaplan [2] - 2:7, 9:10
Karen [2] - 2:16, 12:13
Katzenstein [2] - 3:9, 11:24
Kee [8] - 7:3, 10:25, 23:19, 23:22, 24:4, 24:7
keep [2] - 30:22, 35:12
Kelly [19] - 2:18, 5:11, 10:2, 12:16, 31:6, 36:6, 36:12, 39:3, 39:4, 40:6, 40:7, 42:23, 43:15, 43:17,

47:12, 47:15
**Kent**[1] - 1:24
**Kenyon**[6] - 4:6, 4:9,
12:19
**Keven**[1] - 7:18
**Kevin**[2] - 11:14,
11:16
**kind**[4] - 42:21, 46:11,
48:9, 50:5
**kindly**[1] - 21:12
**kinds**[1] - 49:10
**Kodak**[2] - 5:22, 13:7
**Koninklijke**[1] - 23:16
**Kopsidas**[6] - 5:15,
10:5, 14:19, 14:25,
15:10
**Kyocera**[1] - 3:14

**L**

**laboring**[1] - 48:12
**lack**[1] - 27:4
**laid**[1] - 37:25
**language**[1] - 44:18
**large**[3] - 29:12, 45:6,
50:23
**largely**[1] - 20:14
**Larry**[1] - 10:15
**last**[5] - 15:11, 24:2,
25:23, 27:7, 31:1
**Lavan**[2] - 8:5, 10:16
**law**[1] - 9:5
**Lawrence**[1] - 8:5
**lawyers**[2] - 27:10,
30:13
**Layon**[1] - 12:25
**Layton**[3] - 4:17, 5:18,
13:6
**Lcd**[3] - 19:1, 27:4,
28:23
**least**[3] - 37:1, 49:7,
50:18
**leave**[5] - 14:17, 18:9,
21:12, 33:19, 44:7
**legal**[1] - 23:23
**Lender**[2] - 4:20, 13:1
**length**[1] - 33:17
**lengthy**[1] - 8:25
**lens**[1] - 28:23
**less**[3] - 21:18, 33:15,
47:20
**letter**[7] - 14:21,
26:22, 26:24, 34:2,
35:16, 50:12, 50:13
**letters**[2] - 35:10,
40:13
**Levan**[1] - 29:9
**liability**[3] - 15:23,
28:17, 45:23

**light**[1] - 28:23
**likely**[2] - 32:18,
35:20
**limine**[3] - 42:25,
43:8, 43:25
**limit**[2] - 38:9, 44:7
**Limited**[10] - 6:12,
20:23, 21:9, 22:14,
22:18, 23:8, 23:12,
23:13, 24:12
**limits**[2] - 36:5, 37:24
**line**[12] - 9:10, 10:15,
10:24, 10:25, 11:6,
11:11, 11:13, 11:25,
12:6, 12:15, 12:21,
37:22
**Liquid**[2] - 22:24,
24:16
**list**[2] - 22:12, 24:15
**listed**[2] - 4:4, 5:4
**litigation**[3] - 25:3,
25:4, 44:3
**live**[1] - 21:20
**Llp**[15] - 2:7, 3:12,
4:13, 5:20, 6:2, 6:6,
6:10, 6:15, 6:18, 7:3,
7:7, 7:11, 7:17, 8:2,
8:5
**local**[2] - 13:24, 17:3
**Local**[3] - 4:4, 5:4, 6:4
**locally**[1] - 13:16
**location**[2] - 30:14,
30:15
**Lodge**[3] - 3:19, 8:9,
13:11
**logical**[2] - 32:21,
46:14
**look**[5] - 40:25, 48:22,
48:24, 50:2, 50:21
**Looking**[4] - 34:7,
34:10, 42:3, 42:11
**looking**[5] - 23:3,
24:15, 34:3, 42:15,
45:4
**Los**[3] - 3:6, 3:13, 4:14
**lose**[1] - 45:19
**Ltd**[6] - 3:7, 3:8, 7:14,
7:14, 7:15, 8:7
**Lueck**[74] - 2:8, 9:11,
16:2, 16:3, 16:4,
16:10, 16:15, 16:18,
16:21, 17:4, 17:13,
17:22, 17:23, 17:24,
18:1, 18:16, 18:18,
18:24, 19:5, 19:11,
19:22, 19:25, 20:1,
20:6, 20:13, 20:21,
20:23, 21:2, 21:5,
21:15, 21:22, 22:3,
22:6, 22:11, 23:25,

24:8, 24:9, 24:19,
25:14, 25:15, 25:21,
25:23, 27:22, 27:24,
28:16, 29:4, 31:5,
31:20, 31:21, 32:9,
34:14, 34:16, 35:13,
35:15, 36:12, 37:21,
39:6, 39:7, 39:17,
39:19, 41:7, 41:8,
43:18, 43:19, 44:16,
44:20, 44:22, 44:25,
45:25, 46:11, 49:21,
49:23, 49:25
**lumped**[1] - 25:11

**M**

**Mackenzie**[1] - 11:15
**Maier**[4] - 2:18, 7:12,
11:6, 11:10
**manage**[1] - 30:8
**manageable**[2] -
33:13, 33:14
**Manges**[2] - 4:20,
13:1
**manufacture**[2] -
26:5, 36:13
**manufactured**[1] -
45:14
**manufacturer**[21] -
14:2, 15:14, 19:22,
21:12, 28:12, 29:7,
29:11, 29:25, 30:17,
33:22, 34:11, 34:23,
36:17, 37:5, 37:15,
37:25, 38:11, 38:20,
42:6, 42:9, 49:15
**manufacturers**[2] -
26:20, 29:2
**manufacturing**[8] -
21:3, 21:7, 21:10,
21:15, 26:1, 31:23,
36:8, 48:7
**March**[2] - 1:22, 34:2
**Margules**[2] - 3:3,
12:5
**Marsden**[3] - 3:16,
10:7, 10:8, 14:22
**Martin**[1] - 2:8
**Marty**[2] - 9:11, 16:2
**Matsushita**[15] - 4:22,
4:23, 12:25, 13:3,
22:20, 22:21, 26:7,
26:10, 27:12, 27:14,
27:18, 35:20, 48:23
**Matsushita's**[1] -
28:7
**Matt**[2] - 9:11, 11:20
**matter**[1] - 12:8
**matters**[3] - 31:25,

42:12, 42:13
**Matthew**[2] - 2:8,
7:21
**Mcclelland**[1] - 2:18
**Mccloy**[1] - 6:10
**Mckenzie**[2] - 7:17,
11:17
**mean**[3] - 45:22, 49:5,
50:8
**meaning**[1] - 45:12
**means**[3] - 42:18,
45:25, 48:3
**meir**[2] - 3:6, 12:7
**mentioned**[1] - 24:16
**Merit**[1] - 8:14
**meter**[1] - 27:9
**might**[2] - 14:13,
30:12
**Milbank**[2] - 6:10,
13:15
**Miller**[1] - 2:7
**mind**[3] - 15:7, 32:16,
38:5
**Minneapolis**[1] - 2:9
**Minnesota**[1] - 2:9
**minutes**[1] - 41:11
**misreading**[1] - 17:14
**mix**[2] - 47:24, 47:25
**Mobile**[2] - 12:10
**module**[1] - 18:2
**modules**[1] - 19:1
**moment**[10] - 15:6,
16:8, 16:16, 16:19,
22:11, 24:14, 27:15,
34:5, 35:5, 40:17
**Monday**[1] - 1:22
**month**[3] - 50:4,
50:22, 51:10
**months**[4] - 14:22,
29:15, 29:24, 38:10
**moot**[3] - 15:17,
15:20, 17:17
**mooted**[3] - 16:21,
18:5, 18:10
**morning**[4] - 9:10,
16:1, 26:16, 35:3
**Morris**[4] - 2:5, 7:21,
9:9, 11:21
**most**[2] - 30:20,
30:21
**motion**[20] - 14:17,
14:23, 15:10, 15:21,
15:23, 16:19, 16:21,
17:7, 17:10, 17:12,
18:4, 27:3, 27:5,
35:21, 43:8, 43:11,
43:25, 51:8
**motions**[3] - 14:16,
42:24, 49:9
**move**[1] - 16:7

**Moyer**[3] - 4:18,
12:24
**multiple**[2] - 36:12,
44:1

**N**

**name**[1] - 22:8
**named**[2] - 6:4, 15:16
**names**[2] - 20:21,
29:23
**naming**[1] - 15:14
**narrow**[2] - 33:19,
43:6
**nature**[2] - 41:7,
41:12
**Neal**[1] - 5:21
**near**[1] - 38:10
**necessary**[5] - 36:20,
37:6, 38:25, 39:2,
46:7
**need**[25] - 9:1, 9:4,
11:7, 13:23, 15:9,
15:19, 17:12, 24:1,
34:12, 35:13, 35:25,
37:1, 37:2, 37:10,
37:12, 37:13, 39:16,
39:23, 40:24, 41:2,
42:18, 46:21, 47:7,
47:11, 49:11
**needs**[1] - 47:25
**Neiderman**[3] - 7:21,
11:20
**Neil**[5] - 7:12, 11:5,
11:9, 13:8, 26:16
**Nelson**[3] - 7:3,
10:25, 24:4
**Neustadt**[1] - 2:18
**nevertheless**[1] -
30:8
**New**[15] - 4:10, 4:21,
5:7, 5:21, 6:11, 7:13,
8:6, 10:16, 13:15
**new**[1] - 10:7
**next**[5] - 21:5, 22:25,
23:7, 24:9, 24:19
**Next**[4] - 11:22, 21:4,
23:4, 23:16
**Nichols**[2] - 2:5, 9:9
**Niemeyer**[7] - 6:18,
10:22, 24:23, 24:25,
25:7, 25:13
**Nikon**[4] - 6:8, 13:22
**Nokia**[6] - 5:16, 10:6,
14:18, 14:20, 51:8
**nominated**[1] - 29:10
**North**[4] - 7:5, 13:3,
23:17, 23:18
**Note**[1] - 8:22
**noted**[1] - 24:7

**notes** [1] - 51:6
**nothing** [1] - 27:17
**November** [2] - 42:8, 42:19
**number** [7] - 19:10, 27:10, 28:9, 29:17, 29:22, 36:17, 39:24
**numbered** [1] - 18:20
**numbers** [2] - 9:2, 47:9
**Nv** [1] - 23:17

## O

**O'brien** [4] - 7:18, 11:14, 11:16
**O'rourke** [2] - 3:20, 13:10
**oar** [1] - 48:12
**Oberts** [1] - 2:9
**objected** [1] - 14:24
**objection** [2] - 25:2, 41:20
**Oblon** [2] - 2:18, 12:15
**obvious** [1] - 42:22
**obviously** [2] - 39:8, 43:7
**October** [6] - 16:5, 18:17, 26:12, 40:22, 41:1, 41:3
**old** [1] - 37:18
**Ollis** [2] - 2:19, 12:16
**Once** [1] - 20:8
**once** [3] - 28:19, 29:6, 32:18
**one** [23] - 16:16, 16:25, 17:3, 20:14, 21:5, 21:18, 21:20, 24:14, 24:19, 25:23, 27:3, 28:8, 29:11, 31:2, 33:8, 34:5, 39:18, 40:1, 41:8, 41:22, 45:3, 46:12, 46:13
**ones** [2] - 21:13
**ooo** [1] - 8:20
**opinion** [2] - 29:17, 31:10
**opportune** [1] - 28:2
**opportunity** [2] - 44:4, 44:8
**opposition** [2] - 27:11, 38:23
**optics** [2] - 6:20, 24:22
**Optoelectronics** [2] - 6:20, 24:20
**Optrex** [21] - 1:15, 2:20, 12:14, 14:2, 22:25, 28:13, 30:9,

31:3, 31:7, 31:8, 31:15, 33:5, 33:8, 33:20, 36:2, 36:19, 38:12, 39:3, 42:24, 47:16
**OptrexS** [1] - 30:24
**Optronics** [6] - 3:21, 3:21, 13:11, 13:12, 23:4
**order** [19] - 9:22, 16:5, 16:12, 16:14, 17:8, 17:9, 18:17, 18:20, 26:12, 33:3, 34:1, 39:24, 40:24, 42:19, 46:7, 48:10, 48:21, 51:6
**organized** [1] - 21:1
**otherwise** [1] - 47:23
**Otherwise** [1] - 19:4
**ought** [4] - 32:20, 33:12, 44:17, 50:22
**ourselves** [4] - 18:20, 33:24, 48:20, 49:20
**outstanding** [2] - 19:13, 20:14
**overall** [3] - 32:5, 35:4, 46:14
**overpaper** [1] - 43:13
**overreaching** [1] - 37:16
**own** [2] - 26:23, 44:3

## P

**page** [2] - 43:8, 43:10
**Panasonic** [1] - 13:3
**panel** [1] - 28:23
**papers** [1] - 35:14
**paragraph** [14] - 18:23, 19:25, 20:11, 34:7, 34:10, 38:15, 40:16, 40:19, 42:10, 42:11, 42:12, 42:15, 42:20, 44:18
**Paragraph** [2] - 20:5, 20:12
**paragraphs** [1] - 18:21
**part** [5] - 18:6, 18:25, 24:16, 25:24, 37:4
**participating** [1] - 19:10
**particular** [2] - 9:22, 28:21
**parties** [11] - 13:19, 15:15, 21:19, 30:21, 32:20, 38:4, 38:16, 39:9, 41:10, 48:14, 48:25
**party** [8] - 9:4, 14:17, 14:23, 15:3, 29:19,

36:14, 36:15, 37:20
**Pascale** [3] - 2:16, 12:13
**patent** [2] - 36:24, 39:9
**Paul** [5] - 4:13, 7:7, 11:2, 11:3, 12:21
**Pause** [3] - 34:6, 35:6, 40:18
**Pc** [6] - 2:18, 3:16, 5:3, 5:6, 5:10, 5:14
**pending** [2] - 27:5, 35:21
**people** [14] - 27:14, 32:17, 32:22, 33:5, 33:7, 35:24, 38:2, 40:25, 44:3, 44:7, 45:23, 49:5, 49:8, 50:5
**people's** [1] - 50:25
**per** [2] - 48:2, 48:6
**Perhaps** [1] - 19:13
**perhaps** [1] - 19:13
**permitted** [1] - 41:10
**person** [2] - 29:11, 40:23
**personal** [1] - 27:4
**Peter** [2] - 4:14, 12:22
**Phil** [6] - 10:13, 29:8, 34:24, 43:2, 49:18, 50:7
**Philip** [1] - 8:3
**Philips** [11] - 7:5, 10:23, 11:1, 23:16, 23:17, 23:18, 23:19, 23:22, 23:23, 24:5
**phone** [6] - 9:18, 10:2, 10:4, 10:7, 10:9, 13:1
**Photo** [7] - 8:7, 8:7, 10:14, 22:17, 22:18, 29:10
**pick** [2] - 38:14, 42:1
**picking** [1] - 38:12
**Picvue** [2] - 21:9
**pipes** [1] - 14:7
**pitch** [2] - 30:9, 44:23
**Pittsford** [1] - 5:21
**place** [4] - 20:10, 31:23, 33:24, 37:1
**Plaintiff** [1] - 1:16
**plaintiff** [2] - 9:1, 44:1
**plaintiffs** [1] - 48:7
**Plaintiffs** [2] - 1:5, 1:11
**plaintiffs'** [1] - 48:12
**planning** [1] - 48:1
**platoons** [1] - 30:13
**play** [2] - 31:11, 41:23
**plays** [1] - 43:12

**plead** [1] - 15:16
**pleadings** [1] - 38:16
**plenty** [1] - 50:22
**plug** [1] - 38:15
**Pm** [2] - 40:23, 42:17
**point** [22] - 14:3, 14:7, 15:16, 15:18, 16:6, 17:16, 18:12, 23:19, 28:21, 30:1, 35:8, 35:16, 36:23, 37:2, 37:9, 37:11, 39:8, 41:15, 43:14, 44:19, 45:7, 49:4
**points** [2] - 35:16, 40:16
**Polesky** [3] - 3:10, 11:23
**politely** [1] - 9:22
**position** [21] - 18:17, 22:1, 27:12, 28:7, 28:11, 28:12, 32:10, 33:21, 34:13, 35:12, 36:5, 42:21, 42:22, 44:9, 44:23, 45:22, 46:4, 46:25, 47:2, 47:23, 49:17
**positions** [6] - 37:17, 38:4, 47:13, 50:6, 50:8, 50:25
**possible** [4] - 31:16, 32:17, 41:5, 43:20
**Potter** [4] - 6:2, 8:2, 10:14, 10:18
**Powers** [3] - 8:9, 12:9
**practicable** [1] - 48:25
**practical** [1] - 32:19
**precisely** [2] - 19:20, 37:16
**prejudice** [2] - 18:8, 28:7
**premature** [1] - 36:24
**preparing** [1] - 40:5
**present** [1] - 41:17
**presented** [1] - 39:11
**pretrial** [5] - 42:16, 42:18, 42:19, 46:21, 47:7, 49:5
**pretty** [3] - 28:22, 29:2, 38:5
**price** [1] - 41:21
**problem** [4] - 27:19, 27:22, 37:23, 41:7
**proceed** [2] - 15:3, 20:19
**process** [3] - 20:17, 49:6, 49:7
**Products** [1] - 6:12
**products** [4] - 19:1, 45:14, 46:5, 46:8
**proofs** [1] - 32:6

**Properties** [1] - 2:14
**Property** [1] - 9:13
**proposal** [9] - 29:14, 30:1, 30:4, 30:24, 30:25, 31:1, 35:24, 36:16, 37:10, 37:15, 42:9
**proposals** [1] - 50:19
**proposed** [3] - 38:11, 42:5, 46:13
**proposes** [2] - 41:9, 42:25
**provided** [1] - 31:1
**Pruner** [2] - 3:23, 14:5
**purpose** [1] - 21:16
**purposes** [2] - 25:2, 28:6
**pursuing** [1] - 15:7
**put** [12] - 18:13, 19:16, 19:20, 21:24, 22:12, 25:9, 39:7, 40:3, 40:17, 46:4, 50:25, 51:6
**putting** [3] - 31:23, 39:16, 46:18

## Q

**Quanta** [3] - 4:15, 12:21, 24:10
**questions** [1] - 41:23
**quickly** [2] - 14:17, 31:16
**quite** [1] - 15:1

## R

**raise** [1] - 23:19
**raised** [5] - 17:7, 26:8, 48:23, 48:25
**rapidly** [1] - 34:18
**rather** [2] - 17:9, 49:12
**re** [1] - 18:9
**re-file** [1] - 18:9
**reach** [1] - 46:2
**read** [2] - 37:17, 47:1
**ready** [1] - 33:7
**really** [6] - 15:11, 32:5, 32:17, 40:4, 41:19, 47:10
**reason** [1] - 40:3
**reasonable** [4] - 33:17, 35:1, 35:2, 49:15
**reasons** [1] - 46:12
**recognize** [4] - 32:3, 34:10, 43:20, 45:1
**record** [6] - 18:14, 21:24, 24:3, 25:10,

42:23, 51:7
**Redwood**[1] - 5:11
**referring** [3] - 17:5,
19:11, 22:4
**reflects** [2] - 35:24,
48:15
**regard** [7] - 14:22,
27:17, 30:7, 37:23,
38:8, 38:19, 40:25
**Registered**[1] - 8:14
**rejected** [2] - 29:15,
33:22
**reluctant** [1] - 44:2
**remains** [2] - 18:6,
33:23
**reorient** [1] - 18:20
**rephrase** [1] - 49:6
**replaced** [1] - 29:23
**report** [1] - 50:6
**Reporter**[1] - 8:14
**Reporters** [1] - 8:22
**reports** [1] - 41:2
**represent** [4] - 9:9,
9:15, 10:20, 12:8
**representing** [9] - 9:6,
10:3, 10:5, 10:6,
10:7, 10:23, 13:21,
24:5, 29:9
**represents** [1] - 9:16
**request** [1] - 44:8
**requested** [1] - 36:14
**requests** [1] - 41:16
**required** [1] - 43:4
**resolution** [6] - 16:22,
31:15, 31:25, 33:18,
45:6, 46:14
**resolve** [3] - 26:23,
46:8, 48:23
**resolved** [4] - 17:15,
18:1, 47:23, 49:1
**resolving** [1] - 33:7
**respect** [8] - 10:20,
17:16, 19:21, 19:22,
36:8, 43:23, 45:4,
51:7
**respond** [2] - 22:1,
51:11
**response** [6] - 18:14,
40:2, 40:12, 41:4,
43:6, 43:25
**responses** [1] - 44:1
**Reston**[1] - 6:16
**restructuring** [1] -
15:13
**result** [1] - 18:5
**Rich**[4] - 10:17, 13:17,
13:24, 17:2
**Richard**[5] - 2:18, 6:3,
8:9, 12:9, 12:25
**Richards**[3] - 4:17,

5:18, 13:6
**Richardson**[9] - 3:16,
5:3, 5:6, 5:10, 5:14,
10:1, 10:4, 10:9,
14:20
**Rizzi**[7] - 4:21, 13:2,
26:6, 26:7, 27:20
**Robert**[8] - 3:12, 4:6,
7:12, 11:6, 11:10,
12:1, 12:20, 25:17
**Roberts**[1] - 9:12
**Robins**[2] - 2:7, 9:10
**roll** [2] - 8:25, 10:19
**Rosenthal**[2] - 8:5,
10:15
**route** [1] - 42:7
**Rovner**[35] - 8:3,
10:13, 13:10, 29:8,
30:17, 34:24, 36:10,
36:11, 38:19, 38:21,
38:24, 39:4, 39:21,
39:22, 40:11, 40:14,
41:13, 41:14, 42:23,
43:2, 44:14, 44:15,
46:15, 46:17, 47:3,
47:17, 49:18, 50:7,
50:8, 51:2
**ruling** [1] - 18:14
**run** [1] - 47:21

## S

**Samsung**[6] - 7:9,
11:2, 11:4, 24:11,
24:12
**San**[1] - 7:8
**Sanyo**[4] - 11:24,
25:15, 25:18, 25:24
**scare** [1] - 40:22
**schedule** [4] - 28:3,
31:13, 33:24, 50:15
**scheduling** [10] -
14:15, 17:7, 17:9,
18:6, 18:10, 32:25,
33:3, 35:2, 48:1,
48:21
**scheme** [1] - 35:4
**scope** [1] - 34:17
**Sdi**[4] - 7:9, 11:4,
24:12
**Second**[1] - 31:12
**see** [12] - 14:9, 26:24,
31:17, 33:6, 33:11,
33:13, 34:8, 34:13,
36:16, 38:2, 38:17,
40:15
**seeing** [2] - 40:25,
43:24
**seek** [1] - 37:22
**Seiko**[5] - 3:14, 11:24,

23:2, 25:19, 25:24
**select** [1] - 49:1
**send** [2] - 34:2, 48:16
**sense** [4] - 27:25,
34:20, 46:14, 50:18
**separate** [6] - 23:23,
27:13, 27:19, 27:23,
47:13, 48:24
**serve** [1] - 20:16
**set** [7] - 30:25, 31:22,
35:3, 38:5, 42:16,
47:19, 48:7
**sets** [2] - 30:4, 43:24
**Seventeen**[1] - 45:2
**sever** [1] - 20:19
**several** [2] - 14:21,
16:6
**Shandler**[3] - 5:18,
13:6, 13:7
**Shaw**[3] - 4:3, 12:18
**shift** [1] - 40:20
**short** [4] - 35:12, 36:7,
41:22, 51:6
**shot** [2] - 14:14, 27:7
**side** [7] - 28:20, 33:13,
42:6, 48:2, 48:4,
48:6, 48:12
**sides** [1] - 35:10
**signature** [1] - 48:17
**significantly** [1] - 44:6
**Similarly** [1] - 42:8
**simple** [1] - 38:24
**simpler** [1] - 45:8
**Simply** [1] - 39:7
**simply** [6] - 20:19,
22:25, 34:16, 41:9,
45:6, 51:6
**single** [5] - 24:10,
24:9, 24:20, 34:22,
43:8
**Sirota**[6] - 7:12, 11:5,
11:10, 26:16, 26:17,
26:19
**sit** [1] - 33:11
**sitting** [1] - 13:23
**situation** [1] - 39:22
**six** [2] - 18:20, 47:7
**Slifkin**[2] - 5:21, 13:8
**smaller** [1] - 50:21
**Smith**[2] - 3:9, 11:23
**so-called** [2] - 31:9,
31:19
**someone** [2] - 10:24,
22:1
**Sony**[14] - 4:11, 8:10,
8:11, 12:9, 12:10,
12:19, 22:23, 24:14,
24:16, 27:3
**soon** [1] - 48:25
**sooner** [1] - 49:12

**sorry** [3] - 22:3, 22:6,
22:17
**Sorry**[1] - 24:15
**sounds** [1] - 51:2
**source** [2] - 20:25,
28:23
**speaker** [1] - 24:2
**speaking** [6] - 9:4,
9:6, 9:11, 15:25,
38:19, 46:16
**specific** [4] - 17:10,
17:12, 35:19, 37:12
**specifically** [1] - 9:17
**speed** [1] - 31:25
**spinning** [1] - 27:9
**Spivak**[2] - 2:18,
12:15
**spoken** [1] - 26:3
**spokesman** [1] -
46:22
**St**[3] - 22:24, 24:16,
27:4
**Stacie**[2] - 2:9, 9:12
**stage** [3] - 15:2, 15:4,
19:17
**staging** [2] - 17:8,
46:18
**stalking** [1] - 46:12
**stand** [3] - 23:2,
31:23, 32:21
**stand-alone** [1] - 23:2
**standard** [3] - 39:14,
39:20, 39:24
**Stargatt**[3] - 2:15, 4:2,
12:14
**start** [5] - 9:1, 9:21,
10:1, 15:24, 37:7
**state** [1] - 21:1
**statement** [1] - 40:10
**States**[3] - 1:1, 45:14,
46:6
**status** [5] - 15:11,
26:9, 40:21, 41:2,
50:6
**stay** [2] - 17:19, 20:10
**stayed** [5] - 13:21,
17:15, 17:19, 18:3,
18:11
**Stein**[1] - 28:3
**step** [2] - 30:9, 46:7
**Stephen**[4] - 4:21,
13:2, 26:6, 27:20
**Steve**[1] - 9:17
**Steven**[1] - 2:3
**still** [4] - 16:10, 18:3,
18:6, 38:19
**straightforward** [2] -
28:22, 29:3
**stream** [1] - 46:5
**streamline** [3] - 31:25,

39:10, 43:20
**stretch** [1] - 36:1
**strikes** [1] - 37:17
**Stroock**[6] - 8:5,
10:15, 10:16, 29:9
**structure** [3] - 19:2,
31:22, 46:13
**stuff** [1] - 39:16
**sub** [2] - 18:25, 19:24
**sub-part** [1] - 18:25
**subject** [1] - 35:10
**submissions** [1] -
44:5
**submit** [1] - 41:10
**submitted** [2] - 26:22,
51:9
**subparagraph** [1] -
19:21
**substantial** [1] - 37:20
**substantially** [1] -
19:2
**sued** [2] - 21:13
**suggested** [1] - 38:18
**suggesting** [1] - 45:19
**suggestion** [1] - 30:7
**supposed** [1] - 18:22
**surprised** [2] - 29:13,
34:9

## T

**Taiwan**[3] - 21:3, 21:6,
21:10
**tall** [1] - 48:10
**Taylor**[3] - 2:15, 4:2,
12:14
**Tech**[1] - 3:17
**technology** [1] - 41:12
**Technology**[7] - 3:18,
7:19, 10:10, 23:6,
23:14, 23:15
**teleconferences** [2] -
14:10, 14:13
**telephone** [1] - 8:22
**Telephone**[2] - 1:22,
51:13
**ten** [1] - 29:15
**termed** [1] - 26:20
**terms** [3] - 36:14,
46:19, 50:8
**terribly** [1] - 32:6
**Texas**[1] - 3:24
**theirs** [1] - 36:8
**themselves** [3] -
45:13, 47:24, 50:24
**Therefore**[2] - 17:15,
28:24
**they've** [1] - 48:5
**thinking** [4] - 15:9,

33:14, 46:17, 49:3
**third** [7] - 14:17,
14:23, 15:3, 29:19,
30:14, 36:15, 37:20
**third-party** [6] - 14:17,
14:23, 15:3, 29:19,
36:15, 37:20
**Thomas** [2] - 2:5, 5:3
**three** [2] - 20:15,
20:17
**thrown** [1] - 9:23
**today** [3] - 15:23,
29:24, 51:5
**today's** [1] - 26:13
**together** [5] - 14:12,
22:12, 34:4, 39:17,
47:16
**Tom** [2] - 9:9, 9:25
**tooth** [1] - 37:19
**Toppoly** [3] - 6:20,
10:21, 24:19
**torch** [1] - 30:10
**Toshiba** [9] - 15:24,
16:19, 16:22, 17:3,
17:14, 17:16, 18:2,
18:9, 51:9
**total** [1] - 29:22
**train** [3] - 33:4, 33:6,
33:9
**transpired** [1] - 34:25
**treated** [4] - 21:17,
25:4, 25:11, 26:11
**trial** [24] - 17:8, 28:17,
30:21, 31:8, 31:19,
32:12, 32:14, 36:4,
43:6, 44:22, 45:13,
45:19, 46:7, 46:18,
46:20, 47:5, 47:8,
47:10, 47:20, 47:21,
48:1, 49:2, 50:15
**Trop** [2] - 3:23, 14:4
**true** [3] - 30:2, 30:19,
30:22
**truly** [1] - 44:9
**try** [9] - 16:7, 29:18,
30:1, 30:19, 32:17,
33:16, 43:5, 43:19,
49:21
**trying** [7] - 15:4,
19:18, 25:10, 30:15,
40:14, 43:3, 46:3
**Tunnell** [1] - 2:5
**turn** [3] - 14:15, 31:4,
35:9
**turnaround** [1] - 39:20
**tutorial** [3] - 41:6,
41:15, 41:16
**tutorials** [1] - 41:19
**Tweek** [1] - 6:10
**two** [8] - 13:21, 22:19,

28:23, 41:19, 41:21,
43:10, 43:12, 49:21
**type** [1] - 20:25
**typical** [1] - 40:9
**typically** [3] - 43:1,
43:23, 44:4

## U

**ultimately** [1] - 50:9
**umbrella** [1] - 21:18
**unable** [1] - 20:16
**under** [4] - 20:10,
21:1, 21:18, 26:11
**undertaken** [1] - 36:22
**unduly** [1] - 35:25
**unenforceability** [4] -
28:14, 30:3, 32:15,
45:20
**unhelpful** [1] - 44:6
**uniform** [1] - 40:1
**United** [3] - 1:1, 45:14,
46:6
**universe** [1] - 26:5
**unless** [1] - 14:7
**unwieldy** [1] - 14:13
**unworkable** [2] -
14:14, 32:11
**up** [17] - 11:8, 14:8,
15:22, 17:9, 26:3,
26:13, 27:12, 27:19,
27:23, 31:18, 31:22,
31:25, 39:10, 40:16,
42:1, 44:18, 45:16
**update** [1] - 16:9
**Usa** [8] - 3:18, 7:15,
8:7, 10:10, 12:11,
22:18, 23:13, 23:15
**Usdcj** [1] - 1:24
**usual** [1] - 48:11

## V

**valid** [1] - 45:21
**validity** [5] - 28:14,
32:2, 32:14, 45:20,
47:5
**validity/**
**unenforceability** [1]
- 46:19
**variation** [1] - 39:23
**various** [1] - 40:16
**versions** [1] - 18:25
**video** [1] - 41:23
**videotape** [2] - 41:10,
41:17
**view** [5] - 25:25,
26:10, 34:14, 44:25,
46:2

**Virginia** [2] - 2:19,
6:16
**voice** [2] - 34:23, 45:3
**voluminous** [1] -
39:12

## W

**wait** [1] - 33:6
**waive** [1] - 20:16
**waiver** [1] - 25:4
**Walker** [2] - 4:13, 7:7
**wants** [3] - 29:6, 33:9,
50:10
**Washington** [6] - 4:7,
5:15, 6:7, 6:19, 7:4,
7:18
**Watch** [4] - 3:7, 12:6,
23:7, 23:8
**water** [1] - 33:11
**ways** [2] - 32:4, 50:19
**week** [2] - 27:6, 31:2
**weeks** [4] - 33:18,
47:7, 49:21, 50:3
**Weid** [1] - 12:22
**weigh** [2] - 29:6, 31:4
**Weil** [4] - 4:20, 13:1,
13:2, 26:7
**whatsoever** [1] -
34:19
**whole** [1] - 15:14
**Wied** [1] - 4:14
**wildly** [1] - 27:9
**William** [3] - 3:16,
10:6, 10:8
**Wilmington** [1] - 1:21
**winds** [1] - 31:18
**Wintek** [7] - 6:20, 6:20,
10:21, 24:21, 24:22,
25:1
**Wireless** [1] - 3:14
**witnesses** [1] - 36:25
**wonder** [2] - 14:11,
31:12
**Woods** [3] - 2:8, 9:11,
49:21
**word** [2] - 34:8, 48:4
**words** [1] - 30:9
**wordsmith** [1] - 44:12
**world** [2] - 50:17
**write** [1] - 44:4
**wrote** [1] - 29:18

## Y

**year** [1] - 31:14
**years** [1] - 36:25
**York** [17] - 4:10, 4:21,
5:7, 5:21, 6:11, 6:15,

7:13, 8:6, 10:16,
10:21, 13:15
**Young** [4] - 2:15, 4:2,
12:14, 12:18
**yourself** [2] - 9:5, 24:2
**yourselves** [1] - 49:17

# EXHIBIT K

## FULLY REDACTED

# EXHIBIT L

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HONEYWELL INTERNATIONAL INC. and<br>HONEYWELL INTELLECTUAL PROPERTIES INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 04-1338-KAJ |
| APPLE COMPUTER, INC., et al., | ) ) | |
| Defendants. | ) ) ) | |

## PLAINTIFFS' FIRST SET OF INTERROGATORIES TO
## MATSUSHITA ELECTRIC CORPORATION OF AMERICA

PLEASE TAKE NOTICE that, pursuant to Rules 33 and 26 of the Federal Rules of Civil Procedure, Plaintiffs Honeywell International Inc. and Honeywell Intellectual Properties Inc. (collectively referred to herein as "Honeywell" or "Plaintiff") hereby request that you answer the following interrogatories within thirty (30) days of the date of service of these requests upon you.

### INSTRUCTIONS

1.    Answer each and every interrogatory separately and fully, including each subdivision thereof, unless it is objected to, in which event the reason for all objections shall be specifically and separately stated. Where a complete answer to an interrogatory is not possible, the interrogatory shall be answered to the extent possible and a statement shall be made indicating why only a partial answer is given.

2.    In the event that any document or part thereof subject to this request is withheld on the basis of a claim of privilege, you shall furnish to Honeywell a list identifying each document withheld, together with the following information:

a.    A statement of the nature of the privilege upon which you base any objection to disclosure;

b.    The name, job title, and last known address of each person who received or otherwise had access to the document involved or copies thereof, or with whom the document was discussed;

c.    The subject matter of the document in question;

d.    The date of the preparation of the document; and

e.    The author(s) of the document.

3.    If any "communication," "conversation," or "statement" is withheld under a claim of privilege, please furnish a list identifying each such communication, conversation or statement for which the privilege is claimed together with the following information:

a.    The date of such conversation, communication, or statement;

b.    The place at which it occurred and the medium involved;

c.    The identity of each person involved, together with his or her job title at the time of the communication;

d.    The subject matter and nature of the conversation, communication or statement;

e.    The basis on which the privilege is claimed; and

f.    Whether any non-privileged matter was contained in the conversation, communication, or statement.

### DEFINITIONS

For purposes of these interrogatories, the following terms shall have the meaning set forth below.

1.      The terms "Plaintiff" or "Honeywell" shall mean Honeywell International Inc. and Honeywell Intellectual Properties Inc., including officers, agents, employees, and representatives of each entity.

2.      The terms "Matsushita Electric Corporation of America," "you," or "your" shall refer to Matsushita Electric Corporation of America and include, without limitation, your divisions, subsidiaries, directors, agents, representatives, and employees and any predecessor with an interest.

3.      The term "Complaint" shall mean the Complaint and any Amended Complaints filed by Plaintiff in this action.

4.      The term "Named Defendants" shall mean the defendants named in Honeywell's Complaints and any Amended Complaints in the Honeywell actions (C.A. Nos. 04-CV-1337, 04-CV-1338, 04-CV-1536 and 05-CV-874).

5.      The phrase "referring or relating to" as used herein, includes, but is not limited to, the following meanings: bearing upon, concerning, constituting, discussing, describing, evidencing, identifying, in connection with, pertaining to, respecting, regarding, responding to, or in any way logically or factually relevant to the matter described in the request.

6.      The term "Person" shall mean any individual, partnership, incorporated or unincorporated association, and any other legal or commercial entity.

7.      The term "Date" shall mean the exact day, month and year, if ascertainable, or, if not, the best available approximation, including relationship to other events.

8.      The term "Document" shall mean all writings of any kind, including the originals and all non-identical copies, whether different from the originals by reason of any notation made

on such copies or otherwise as contemplated by Fed. R. Civ. P. 26 in any form, whether on paper, in electronic form, on microfilm, or otherwise.

    9.    The term "Identify" when used in reference to a person means to provide the following information:

        a.    Full name;

        b.    Present or last known address; and

        c.    Present or last known telephone number.

    10.    The terms "'371 patent" and "patent-in-suit" shall mean United States Patent No. 5,280,371 entitled "Directional Diffuser For A Liquid Crystal Display."

    11.    The phrase "lens array" shall mean a structure that includes an array of light refracting features.

    12.    The phrase "Accused Structure" shall mean a liquid crystal display ("LCD") module that contains a light source, an LCD panel, and two lens arrays, one of which is misaligned.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify by trade name and model name or number, including any internal identification numbers or parts numbers, each and every Accused Structure that you make, use, sell, have made, or offer for sale from October 1998 to the present. For each Accused Structure, identify the date on which the model was first offered for sale or sold to others and identify any affiliated entity that is involved in the manufacture, distribution and/or sale of the Accused Structure.

**INTERROGATORY NO. 2:**

For each Accused Structure identified in Interrogatory No. 1, identify by model name or number which Accused Structures were supplied to which Named Defendant(s) from October 1998 to the present.

**INTERROGATORY NO. 3:**

For each Accused Structure identified in response to Interrogatory No. 1, identify the person or entity who supplied the Accused Structure to you and all persons or entities involved in the manufacturing of the Accused Structure, including but not limited to any Original Equipment Manufacturer ("OEM"). For each person or entity, provide the name, address, and relationship to you.

**INTERROGATORY NO. 4:**

Describe all efforts by you, your suppliers, or others acting on your behalf to design around the '371 patent.

**INTERROGATORY NO. 5:**

For each Accused Structure identified in response to Interrogatory No. 1 that you contend does not infringe the '371 patent, specify each claim element or limitation that allegedly is not met by the Accused Structure, the factual bases for that contention, and the three persons most knowledgeable about those facts. Your response may take the form of a claim chart.

**INTERROGATORY NO. 6:**

If you contend that any claim of the patent-in-suit is invalid, identify the specific statutory bases for the invalidity (e.g., 35 U.S.C. §102(a)), the factual bases for that contention, your alleged definition of the field of relevant art, your alleged definition of the level of ordinary skill in that relevant art at the time of the invention, any allegedly invalidating prior art or

5

publications, where each element of the claim is found in the prior art or publications, and the three people most knowledgeable about the factual bases for your contention. Your response may take the form of a claim chart.

**INTERROGATORY NO. 7:**

State whether you have conducted, caused to be conducted, or received any information regarding any search, study, evaluation, investigation, opinion, advice, or assessment of the infringement, validity or enforceability of the '371 patent. If the answer is affirmative, with respect to each, identify the date it was requested, the identity of the person who requested it, the date on which it was received, the identity of the person who provided it, the identity of all persons who received it, the identity of all persons who performed the study, the form in which it was received (e.g., oral or written; draft or final), any documents that set forth its result, any prior art located or discussed in it, and whether you intend to rely upon it as a defense to Honeywell's claim of willful infringement.

**INTERROGATORY NO. 8:**

State the date on which you first learned of the '371 patent, the identity of who at your company first learned of the patent, and the circumstances under which you first learned of the '371 patent.

**INTERROGATORY NO. 9:**

For each Accused Structure identified in response to Interrogatory No. 1 state separately by year the total number of units purchased or manufactured by you, the actual or average manufacturing cost per unit or actual or average per unit sales price, your total gross profits from the product, your net profits before taxes for the product and your net profits after taxes from the product.

**INTERROGATORY NO. 10:**

For each Accused Structure that you manufacture, distribute and/or sell, state all reasons why you rotate at least one of the lens array(s), state whether you have tested other angles of rotating the lens array(s), and if so, state why you chose to use the angle of rotation currently being used.

**INTERROGATORY NO. 11:**

Identify all communications between you and your customers regarding this lawsuit, including but not limited to communications regarding indemnification, infringement, the '371 patent, and efforts to comply with Judge Jordan's October 7, 2005 Order.

**INTERROGATORY NO. 12:**

With regard to your responses to REQUESTS FOR ADMISSION NOS. 1-21, for each request to which you admit, identify by model number each module that was sold in the United States and state the number of each such modules sold.

**INTERROGATORY NO. 13:**

State all facts relevant to your contention, if you so contend, that your sales of the Accused Structures identified in response to Interrogatory No. 1 are beyond the territorial limits of 35 U.S.C. § 271(a).

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Thomas C. Grimm (#1098)
Leslie A. Polizoti (#4299)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
*Attorneys for Honeywell International Inc.
and Honeywell Intellectual Properties Inc.*

OF COUNSEL:

Martin R. Lueck
Matthew L. Woods
Stacie E. Oberts
Michael D. Okerlund
Denise S. Rahne
Peter N. Surdo
Marta M. Chou
ROBINS, KAPLAN, MILLER
   & CIRESI L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN  55402-2015
(612) 349-8500

Anthony A. Froio
Marc N. Henschke
Alan E. McKenna
Jeremy C. McDiarmid
ROBINS, KAPLAN, MILLER
   & CIRESI L.L.P.
111 Huntington Avenue, Suite 1300
Boston, MA 02199
(617) 267-2300

March 29, 2006
511579

## CERTIFICATE OF SERVICE

I certify that on March 29, 2006, I caused to be served true and correct copies of the foregoing on the following by hand:

| | |
|---|---|
| John W. Shaw<br>Monte T. Squire<br>YOUNG CONAWAY STARGATT<br>  & TAYLOR LLP<br>1000 West Street, 17th Floor<br>P.O. Box 391<br>Wilmington, DE 19899-0391<br><br>*Attorneys for Sony Corporation, Sony Corporation of America, ST Liquid Crystal Display and Quanta Display Inc.* | William J. Wade<br>RICHARDS LAYTON & FINGER<br>One Rodney Square<br>P.O. Box 551<br>Wilmington, DE 19899-0551<br><br>*Attorneys for Arima Display Corporation, Matsushita Electrical Industrial Co., and Matsushita Electrical Corporation of America* |
| Karen L. Pascale<br>YOUNG CONAWAY STARGATT<br>  & TAYLOR, LLP<br>The Brandywine Building, 17th floor<br>1000 West Street<br>Wilmington, DE 19801<br><br>*Attorney for Optrex America, Inc.* | Philip A. Rovner<br>POTTER ANDERSON & CORROON LLP<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>P.O. Box 951<br>Wilmington, DE 19899<br><br>*Attorneys for Fuji Photo Film Co., Ltd. and Fuji Photo Film U.S.A., Inc.* |
| Thomas L. Halkowski<br>FISH & RICHARDSON P.C.<br>919 N. Market Street, Suite 1100<br>P.O. Box 1114<br>Wilmington, DE 19899-1114<br><br>*Attorneys for Casio Computer Co., Ltd.* | David Margules<br>John M. Seaman<br>BOUCHARD MARGULES<br>  & FRIEDLANDER, P.A.<br>222 Delaware Ave., Suite 1400<br>Wilmington DE 19801<br><br>*Attorneys for Citizen Watch Co., Ltd. and Citizen Displays Co., Ltd.* |

| | |
|---|---|
| Robert J. Katzenstein<br>Robert Karl Beste, III<br>SMITH, KATZENSTEIN<br>& FURLOW LLP<br>800 Delaware Avenue, 7th Floor<br>P.O. Box 410<br>Wilmington, DE 19899<br><br>*Attorneys for Seiko Epson Corporation* | William J. Marsden, Jr.<br>FISH & RICHARDSON, P.C.<br>919 North Market Street, Suite 1100<br>Wilmington DE 19899-1114<br><br>*Attorney for International Display Technology and International Display Technology USA, Inc.* |
| Richard L. Horwitz<br>David E. Moore<br>POTTER ANDERSON & CORROON LLP<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>P.O. Box 951<br>Wilmington, DE 19899<br><br>*Attorneys for BOE Hydis Technology Co., Ltd., Hitachi Displays, Ltd., Toppoly Optoelectronics Corp., Koninklijke Philips Electronics N.V., Philips Electronics North America Corp., Wintek Corp., Wintek Electro-Optics Corporation, Samsung SDI America, Inc. and Samsung SDI Co., Ltd.* | |

I also certify that on March 29, 2006, I caused to be served true and correct copies

of the foregoing on the following by Federal Express:

| | |
|---|---|
| Robert C. Scheinfeld<br>Neil P. Sirota<br>BAKER BOTTS L.L.P.<br>30 Rockefeller Plaza<br>New York, NY 10112<br><br>*Attorneys for Hitachi Displays, Ltd.* | Richard D. Kelly<br>Andrew M. Ollis<br>Thomas J. Fisher<br>Alexander E. Gasser<br>OBLON, SPIVAK, McCLELLAND,<br>MAIER & NEUSTADT, P.C.<br>1940 Duke Street<br>Alexandria, VA 22314<br><br>*Attorneys for Optrex America, Inc.* |

Robert E. Yoches
Elizabeth A. Niemeyer
FINNEGAN, HENDERSON,
  FARABOW, GARRETT
  & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, DC 20001

York M. Faulkner
FINNEGAN, HENDERSON,
  FARABOW, GARRETT
  & DUNNER, L.L.P.
11955 Freedom Drive
Reston, VA 20190

*Attorneys for Toppoly Optoelectronics,
Wintek Corp. and Wintek Electro-Optics
Corporation*

Stephen S. Korniczky
Elizabeth L. Brann
PAUL, HASTINGS, JANOFSKY
  & WALKER LLP
3579 Valley Centre Drive
San Diego, CA 92130

Hamilton Loeb
Carolyn E. Morris
Alana A. Prills
PAUL, HASTINGS, JANOFSKY
  & WALKER LLP
875 15th Street, N.W.
Washington, DC 20005

*Attorneys for Samsung SDI Co., Ltd.
and Samsung SDI America, Inc.*

John T. Johnson
Lewis E. Hudnell, III
FISH & RICHARDSON P.C.
Citigroup Center - 52nd Floor
153 East 53rd Street
New York, NY 10022-4611

*Attorneys for Casio Computer Co., Ltd.*

Alan M. Grimaldi
Thomas M. Dunham
Nelson M. Kee
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004-2401

*Attorneys for Koninklijke Philips Electronics
N.V., and Philips Electronics North America
Corporation*

John Flock
KENYON & KENYON
One Broadway
New York, NY 10004-1050

*Attorneys for Sony Corporation, Sony
Corporation of America, and ST Liquid
Crystal Display Corporation*

Kevin M. O'Brien
Jennifer Ancona Semko
Steven T. Dickey
BAKER & McKENZIE LLP
815 Connecticut Avenue, N.W.
Washington, DC 20006

*Attorneys for BOE Hydis Technology Co., Ltd.*

| | |
|---|---|
| David J. Lender<br>Steven J. Rizzi<br>Mamoni Bhattacharyya<br>Steven Alan Reiss<br>WEIL, GOTSHAL & MANGES LLP<br>767 Fifth Avenue<br>New York, NY 10153<br><br>*Attorneys for Matsushita Electrical Industrial Co. and Matsushita Electrical Corporation of America* | Stuart Lubitz<br>William Wright<br>David H. Ben-Meir<br>Robert J. Benson<br>HOGAN & HARTSON LLP<br>1999 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067<br><br>*Attorneys for Seiko Epson Corporation, Citizen Watch Co., Ltd. and Citizen Displays Co., Ltd.* |
| Peter J. Wied<br>PAUL, HASTINGS, JANOFSKY<br>  & WALKER, LLP<br>515 South Flower Street, 25th Floor<br>Los Angeles, CA 90071<br><br>*Attorney for Quanta Display Inc.* | Lawrence Rosenthal<br>Matthew W. Siegal<br>Angie M. Hankins<br>Kevin C. Ecker<br>STROOCK & STROOCK & LAVAN LLP<br>180 Maiden Lane<br>New York, NY 10038-4982<br><br>*Attorneys for Fuji Photo Film Co., Ltd. and Fuji Photo Film U.S.A., Inc.* |
| Dan C. Hu<br>TROP PRUNER & HU, P.C.<br>8554 Katy Freeway<br>Houston, TX 77024-1834<br><br>*Attorney for Arima Display Corporation* | |

Leslie A. Polizoti (#4299)

511968