# Exhibit

# A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

HONEYWELL INTERNATIONAL, INC. and )
HONEYWELL INTELLECTUAL )
PROPERTIES INC., )
 )
          Plaintiffs, )
 )
   v. )
 )
APPLE COMPUTER, INC., et al., )
 )
          Defendants. )

C.A. No. 04-1338-KAJ

## RESPONSES AND OBJECTIONS OF DEFENDANTS CITIZEN WATCH CO., LTD. AND CITIZEN DISPLAYS CO., LTD. TO PLAINTIFFS' FIRST SET OF DOCUMENT REQUESTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants Citizen Watch Co., Ltd. ("CWC") and Citizen Displays Co., Ltd. ("CDC", collectively referred to herein as "Citizen"), hereby submit the following responses and objections to Plaintiffs' First Set of Document Requests.

## GENERAL OBJECTIONS

Citizen asserts the following general objections to Plaintiffs' First Set of Document Requests. These objections are in addition to objections set forth separately in response to individual requests and are incorporated in response to each individual request, whether or not they are separately stated therein.

1.      Citizen objects to the definitions, instructions and requests to the extent that they purport to impose any requirement or discovery obligation beyond those set forth in the applicable Federal Rules of Civil Procedure or the Local Rules of the District of Delaware.

2.      Citizen objects to the definitions, instructions and requests to the extent they seek the disclosure of documents or other information protected by the attorney-client privilege, the work product doctrine, the common interest privilege or any other applicable privilege, doctrine, immunity, or other protection or restriction upon discovery.  Inadvertent disclosure of any privileged or protected information or documents in response to these requests shall not be deemed a waiver of the applicable privilege or protection.

3.      Citizen objects to the requests to the extent they are overbroad, unduly burdensome or oppressive or vague and ambiguous.

4.      Citizen objects to the definitions, instructions and requests to the extent that they seek disclosure of information or documents that are neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of admissible evidence.

5.      Citizen objects to the requests to the extent that they seek to impose an obligation on Citizen to disclose documents or information that is publicly available and/or as easily obtained by Plaintiff as by Citizen, on the ground that such discovery is overbroad and unduly burdensome.

6.      Citizen objects to the definitions, instructions and requests to the extent that they seek information or documents that are already in the possession of Plaintiff.

7.      Citizen objects to the requests to the extent they seek information that is confidential or proprietary to Citizen or third parties that may be used for improper purposes without the protection of an executed protective order entered by the Court and binding upon all persons allowed to access such confidential information.  Citizen will only produce such information once a protective order has been entered in this action.  Moreover, where Citizen owes a contractual obligation to obtain the consent of a third party prior to disclosure of information, Citizen will only produce that information once the required consent has been obtained.

8.      Citizen objects to certain of the requests on the ground that they are premature. Citizen reserves the right to revise and/or supplement its responses at a later date.

9.    Citizen objects generally to the requests on the ground that they are uncertain, overbroad and unduly burdensome to the extent that they request information with respect to "Accused Structures" and not to specific Citizen models. Plaintiffs have not identified any models that they accuse of infringement. Furthermore, Plaintiffs' definition of "Accused Structures" includes claim terms that have yet to be construed by the Court.

10.    Citizen objects generally to the requests on the ground that they are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence to the extent that they relate to products manufactured and sold exclusively in countries outside of the United States.

11.    Citizen objects generally to the requests to the extent that they purport to impose a requirement on Citizen to search for information and/or documents in locations other than where Citizen reasonably believes that non-duplicative responsive material might be located within the scope of a reasonable search. Such a requirement would be overbroad, unduly burdensome and oppressive.

12.    Citizen objects generally to Plaintiffs' definitions and instructions on the ground that they are overbroad, oppressive and unduly burdensome, and that they result in requests that seek information that is neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of admissible evidence.

13.    Citizen objects to Definition (2) to the extent that Plaintiffs seek information that is not in possession, custody or control of Citizen. Citizen objects to the definitions of "Citizen Displays,", "Citizen Watch", "you" or "your" to the extent that through the definitions, Plaintiff seeks information from "without limitation divisions, subsidiaries, directors, agents, representatives, and employees and any predecessor with an interest." Citizen has no right or responsibility to cause persons that are outside its control to provide any information in response to these requests. Citizen shall construe these requests as being addressed to Citizen, and, to those entities that are controlled by Citizen, to the extent Citizen reasonably anticipates that they have responsive, non-duplicative information.

14.     Citizen objects to Definition (5) to the extent that it is overbroad and that, through this definition, Plaintiff seeks information that is neither relevant to this matter nor reasonably calculated to lead to the discovery of admissible evidence. Citizen specifically objects to the definition of "referring or relating to" to the extent that it purports to include documents that are "in any way logically or factually relevant to the matter described" on these grounds. Citizen further objects to this definition on the ground that, through this definition, Plaintiff seeks information that is not in the possession, custody or control of Citizen.

15.     Citizen objects to the definition of "lens array" in Definition (10) to the extent that its interpretation requires drawing a legal conclusion to be reached in this matter. Citizen specifically does not consent to the definition as specified by Plaintiff.

16.     Citizen objects to the definition of "Accused Structure" in Definition (11) to the extent that its interpretation requires drawing a legal conclusion to be reached in this matter. Citizen specifically does not consent to the definition as specified by Plaintiff.

17.     Citizen also objects to the requests to the extent that they are unlimited as to time.

18.     To the extent any request seeks to impose an obligation to obtain or disclose information from suppliers, purchasers or customers, Citizen objects on the grounds that such information is not within Citizen's possession, custody or control and is overbroad, burdensome and oppressive, and seeks information that is neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of admissible evidence.

19.     Counsel's view as to whether information or a document is responsive or an request is objectionable is based upon present information and understanding. As discovery and investigation proceed, counsel's view as to the responsiveness of certain information or the propriety or premature nature of a particular request may change as new facts come to light, or as new facts shed a different light on previously discovered facts, or as the development of the pertinent legal issues alters the perceived significance of known facts.

20.     Citizen will conduct a diligent search and reasonable inquiry in a good faith effort to discover information responsive to Honeywell's requests. As discovery is ongoing, however,

Citizen reserves the right to make use of, or to introduce at hearing or trial, any additional information identified as being responsive to Honeywell's requests, including, but not limited to, any information obtained in discovery or through further investigation.

## SPECIFIC OBJECTIONS AND RESPONSES

### REQUEST NO. 1:

All documents relied upon or consulted in responding to Plaintiffs' First Set of Interrogatories.

### RESPONSE

Citizen incorporates herein by reference each and every objection made in response to Plaintiffs' First Set of Interrogatories. Citizen objects to this request as vague, ambiguous and unduly burdensome. Citizen also objects to this request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege or any other applicable privilege, doctrine or immunity.

Subject to and without waiving the foregoing General and Specific objections, Citizen states that it will produce non-privileged documents in its possession, custody or control that are responsive to this request. In providing this response and in producing documents related thereto, Citizen does not represent or concede, and expressly reserves the right to contest, that any product identified in documents that will be produced in response to Plaintiffs' Interrogatory No. 1 contains the Accused Structure or is otherwise relevant to this action.

### REQUEST NO. 2:

All documents referring or relating in any way to any of your document, file, or record retention or destruction policies, including without limitation, any such policies referring or relating to electronic data from October 1998 to the present.

**RESPONSE**

Citizen objects to this request on the ground that it is vague, overbroad and unduly burdensome, particularly to the extent that it seeks information and material neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of admissible evidence. Citizen also objects to this request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege or any other applicable privilege, doctrine or immunity.

Subject to and without waiving the foregoing General and Specific objections, Citizen states that it will produce non-privileged documents in its possession, custody or control that are responsive to this request. In providing this response and in producing documents related thereto, Citizen does not represent or concede, and expressly reserves the right to contest, that any product identified in documents that will be produced in response to Plaintiffs' Interrogatory No. 1 contains the Accused Structure or is otherwise relevant to this action.

**REQUEST NO. 3:**

Management and/or organizational charts setting forth the entities and/or the names and/or titles of individuals involved in the development, manufacture, marketing, sale, and distribution of the Accused Structures identified in response to Interrogatory No. 1 of Plaintiffs' First Set of Interrogatories.

**RESPONSE**

Citizen incorporates herein by reference each and every objection made in response to Plaintiffs' Interrogatory No. 1. Citizen further objects to the interrogatory on the ground it is uncertain, overbroad and unduly burdensome to the extent that it requests information with respect to "Accused Structures" and not to specific Citizen models. Plaintiffs have not identified any models that they accuse of infringement. Furthermore, Plaintiffs' definition of "Accused Structures" includes claim terms that have not yet been construed by the Court. Citizen objects to this request on the ground that it is overbroad and unduly burdensome, particularly to the extent that it seeks documents that are neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing General and Specific objections, Citizen states that it will produce non-privileged documents in its possession, custody or control that are responsive to this request. In providing this response and in producing documents related thereto, Citizen does not represent or concede, and expressly reserves the right to contest, that any product identified in documents that will be produced in response to Plaintiffs' Interrogatory No. 1 contains the Accused Structure or is otherwise relevant to this action.

## REQUEST NO. 4:

All brochures, advertisements, press releases, price lists, and other marketing and promotional materials relating to the Accused Structures identified in response to Interrogatory No. 1 of Plaintiffs' First Set of Interrogatories.

## RESPONSE

Citizen incorporates herein by reference each and every objection made in response to Plaintiffs' Interrogatory No. 1. Citizen further objects to the interrogatory on the ground it is uncertain, overbroad and unduly burdensome to the extent that it requests information with respect to "Accused Structures" and not to specific Citizen models. Plaintiffs have not identified any models that they accuse of infringement. Furthermore, Plaintiffs' definition of "Accused Structures" includes claim terms that have not yet been construed by the Court. Citizen also objects to this request on the ground that it seeks documents that are neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing General and Specific objections, Citizen states that it will produce non-privileged documents in its possession, custody or control that are responsive to this request. In providing this response and in producing documents related thereto, Citizen does not represent or concede, and expressly reserves the right to contest, that any product identified in documents that will be produced in response to Plaintiffs' Interrogatory No. 1 contains the Accused Structure or is otherwise relevant to this action.

**REQUEST NO. 5:**

All documents containing, describing, or relating to any communication between you and any customer relating to the Accused Structures identified in response to Interrogatory No. 1.

**RESPONSE**

Citizen objects to this request on the ground that it is overbroad, unduly burdensome and oppressive. Citizen also objects to this request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege or any other applicable privilege, doctrine or immunity. Citizen further objects to the interrogatory on the ground it is uncertain, overbroad and unduly burdensome to the extent that it requests information with respect to "Accused Structures" and not to specific Citizen models. Plaintiffs have not identified any models that they accuse of infringement. Furthermore, Plaintiffs' definition of "Accused Structures" includes claim terms that have not yet been construed by the Court.

Subject to and without waiving the foregoing General and Specific objections, Citizen states that it will produce non-privileged documents in its possession, custody or control that are responsive to this request. In providing this response and in producing documents related thereto, Citizen does not represent or concede, and expressly reserves the right to contest, that any product identified in documents that will be produced in response to Plaintiffs' Interrogatory No. 1 contains the Accused Structure or is otherwise relevant to this action.

**REQUEST NO. 6:**

All documents that describe, illustrate, or depict names and/or functions of any customers, subsidiaries, departments, or affiliated entities related to you that were involved in any manner in the conception, design, manufacture, testing, marketing or sale of any of the Accused Structures identified in response to Interrogatory No. 1 of Plaintiffs' First Set of Interrogatories.

**RESPONSE**

Citizen incorporates herein by reference each and every objection made in response to Plaintiffs' Interrogatory No. 1. Citizen further objects to the interrogatory on the ground it is

uncertain, overbroad and unduly burdensome to the extent that it requests information with respect to "Accused Structures" and not to specific Citizen models. Plaintiffs have not identified any models that they accuse of infringement. Furthermore, Plaintiffs' definition of "Accused Structures" includes claim terms that have not yet been construed by the Court. Citizen also objects to this request on the ground that it seeks documents that are neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about products that were not made, sold, or offered for sale in the United States.

Subject to and without waiving the foregoing General and Specific objections, Citizen states that it will produce non-privileged documents in its possession, custody or control that are responsive to this request. In providing this response and in producing documents related thereto, Citizen does not represent or concede, and expressly reserves the right to contest, that any product identified in documents that will be produced in response to Plaintiffs' Interrogatory No. 1 contains the Accused Structure or is otherwise relevant to this action.

**REQUEST NO. 7:**

All documents containing, describing, referring or relating to notebooks, invention disclosures, drawings, schematics, blueprints, manufacturing specifications, and other documents relating to the design, development or manufacture of the Accused Structures identified in response to Interrogatory No. 1 of Plaintiffs' First Set of Interrogatories.

**RESPONSE**

Citizen incorporates herein by reference each and every objection made in response to Plaintiffs' Interrogatory No. 1. Citizen also objects to this request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege or any other applicable privilege, doctrine or immunity. Citizen further objects to this request on the ground that it is overbroad and unduly burdensome. Citizen also objects to this request to the extent it seeks trade secrets and other confidential information and/or proprietary information of Citizen and/or seeks information that may be used for improper

purposes, without the protection of an executed protective order entered by the Court and

binding upon all persons allowed access to such confidential information.  Citizen further objects

to the interrogatory on the ground it is uncertain, overbroad and unduly burdensome to the extent

that it requests information with respect to "Accused Structures" and not to specific Citizen

models.  Plaintiffs have not identified any models that they accuse of infringement.  Furthermore,

Plaintiffs' definition of "Accused Structures" includes claim terms that have not yet been

construed by the Court.  In addition, Citizen objects to this request on the ground that it seeks

documents that are neither relevant to the subject matter of this case nor reasonably calculated to

lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing General and Specific objections, Citizen

will produce non-privileged documents in its possession, custody or control that are responsive

to this request.  In providing this response and in producing documents related thereto, Citizen

does not represent or concede, and expressly reserves the right to contest, that any product

identified in documents that will be produced contains the Accused Structure within the meaning

of these requests, or is otherwise relevant to this action.

### REQUEST NO. 8:

All documents referring or relating to functional requirements, specifications, engineering specifications, design specifications, product test specifications, part specifications and assembly specifications for the Accused Structures identified in response to Interrogatory No. 1 of Plaintiffs' First Set of Interrogatories.

### RESPONSE

Citizen incorporates herein by reference each and every objection made in response to

Plaintiffs' Interrogatory No. 1.  Citizen also objects to this request on the ground that it is

overbroad, unduly burdensome and oppressive.  Citizen also objects to this request to the extent

it seeks trade secrets and other confidential information and/or proprietary information of Citizen

that may be used for improper purposes, without the protection of an executed protective order

entered by the Court and binding upon all persons allowed access to such confidential

information. Citizen further objects to this request on the ground that it seeks documents that are neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing General and Specific objections, Citizen will produce non-privileged documents in its possession, custody or control that are responsive to this request. In providing this response and in producing documents related thereto, Citizen does not represent or concede, and expressly reserves the right to contest, that any product identified in documents that will be produced contains the Accused Structure within the meaning of these requests, or is otherwise relevant to this action.

**REQUEST NO. 9:**

All documents evidencing contributions made by any of your employees to the conception, design, or development of the Accused Structures identified in response to Interrogatory No. 1 of Plaintiffs' First Set of Interrogatories.

**RESPONSE**

Citizen incorporates herein by reference each and every objection made in response to Plaintiffs' Interrogatory No. 1. Citizen also objects to this request on the ground that it is vague, ambiguous, overbroad, unduly burdensome and oppressive, particularly as to the term "contributions." Citizen also objects to this request to the extent it seeks trade secrets and other confidential information and/or proprietary information of Citizen that may be used for improper purposes, without the protection of an executed protective order entered by the Court and binding upon all persons allowed access to such confidential information. Citizen further objects to this request on the ground that it seeks documents that are neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing General and Specific objections, Citizen will produce non-privileged documents in its possession, custody or control that are responsive to this request.

## REQUEST NO. 10:

All United States and foreign patents and patent applications, including all documents referring or relating to such patents and patent applications, owned or controlled by you that relate to the Accused Structures identified in response to Interrogatory No. 1 of Plaintiffs' First Set of Interrogatories.

## RESPONSE

Citizen objects to this request on the ground that it is overbroad, unduly burdensome and oppressive to the extent that it seeks documents that "referring or relating to" any of Citizen's patents or patent applications. Citizen also objects to this request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege or any other applicable privilege, doctrine or immunity. Citizen further objects to this request to the extent that it seeks documents that are publicly available and as easily obtained by Plaintiffs as by Citizen. Citizen also objects to this request to the extent it seeks trade secrets and other confidential information and/or proprietary information of Citizen and/or seeks information that may be used for improper purposes, without the protection of an executed protective order entered by the Court and binding upon all persons allowed access to such confidential information. Citizen further objects to the interrogatory on the ground it is uncertain, overbroad and unduly burdensome to the extent that it requests information with respect to "Accused Structures" and not to specific Citizen models. Plaintiffs have not identified any models that they accuse of infringement. Furthermore, Plaintiffs' definition of "Accused Structures" includes claim terms that have not yet been construed by the Court. In addition, Citizen objects to this request on the ground that it seeks documents that are neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing General and Specific objections, Citizen states that it does not believe that any such documents exist.

**REQUEST NO. 11:**

All documents constituting or relating to licenses or indemnification agreements between you and any customer or any other party relating to the Accused Structures identified in response to Interrogatory No. 1 of Plaintiffs' First Set of Interrogatories.

**RESPONSE**

Citizen incorporates herein by reference each and every objection made in response to Plaintiffs' Interrogatory No. 1. Citizen also objects to this request on the ground that it is overbroad, unduly burdensome and oppressive. Citizen also objects to this request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege or any other applicable privilege, doctrine or immunity. Citizen also objects to this request on the ground that it seeks documents that are neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of admissible evidence to the extent that it requests documents related to agreements concerning sales and manufacture outside the United States. Citizen further objects to the interrogatory on the ground it is uncertain, overbroad and unduly burdensome to the extent that it requests information with respect to "Accused Structures" and not to specific Citizen models. Plaintiffs have not identified any models that they accuse of infringement. Furthermore, Plaintiffs' definition of "Accused Structures" includes claim terms that have not yet been construed by the Court. In addition, Citizen objects to this request to the extent it seeks documents that are subject to confidentiality agreements requiring approval by third parties before such documents can be produced.

Subject to and without waiving the foregoing General and Specific objections, Citizen states that it has no documents responsive to this request.

**REQUEST NO. 12:**

All documents between you and your customers or any other party regarding efforts to comply with Judge Jordan's October 7, 2005 Order in this case.

**RESPONSE**

Citizen objects to this request on the ground that it is overbroad, unduly burdensome and oppressive. Citizen also objects to this request on the ground that it seeks documents that are neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of admissible evidence. Citizen also objects to this request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege or any other applicable privilege, doctrine or immunity. In addition, Citizen objects to this request to the extent it seeks documents that are subject to confidentiality agreements requiring approval by third parties before such documents can be produced.

Subject to and without waiving the foregoing General and Specific objections, Citizen will produce non-privileged documents in its possession, custody or control that are responsive to this request.

## REQUEST NO. 13:

All documents referring or relating to third parties' contributions to the manufacture of any parts of components relating to the Accused Structures identified in response to Interrogatory No. 1 of Plaintiffs' First Set of Interrogatories.

## RESPONSE

Citizen incorporates herein by reference each and every objection made in response to Plaintiffs' Interrogatory No. 1. Citizen also objects to this request on the ground that it is vague, ambiguous, overbroad, unduly burdensome and oppressive, particularly as to the term "contributions." Citizen also objects to this request to the extent it seeks trade secrets and other confidential information and/or proprietary information of Citizen that may be used for improper purposes, without the protection of an executed protective order entered by the Court and binding upon all persons allowed access to such confidential information. Citizen further objects to this request on the ground that it seeks documents that are neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of admissible evidence. Citizen further objects to the interrogatory on the ground it is uncertain, overbroad and unduly

burdensome to the extent that it requests information with respect to "Accused Structures" and not to specific Citizen models. Plaintiffs have not identified any models that they accuse of infringement. Furthermore, Plaintiffs' definition of "Accused Structures" includes claim terms that have not yet been construed by the Court. In addition, Citizen objects to this request to the extent it seeks documents that are subject to confidentiality agreements requiring approval by third parties before such documents can be produced.

Subject to and without waiving the foregoing General and Specific objections, Citizen will produce non-privileged documents in its possession, custody or control that are responsive to this request.

**REQUEST NO. 14:**

All articles, speeches, presentations, or interviews that have been written or given by your employees, officers, directors, or other representatives that refer or relate to the Accused Structures identified in response to Interrogatory No. 1 of Plaintiffs' First Set of Interrogatories.

**RESPONSE**

Citizen objects to this request on the ground that it is overbroad, unduly burdensome and oppressive. Citizen also objects to this request to the extent that it seeks documents that are publicly available and as easily obtained by Plaintiffs as by Citizen. Citizen further objects to this request on the ground that it seeks documents that are neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of admissible evidence. Citizen further objects to the interrogatory on the ground it is uncertain, overbroad and unduly burdensome to the extent that it requests information with respect to "Accused Structures" and not to specific Citizen models. Plaintiffs have not identified any models that they accuse of infringement. Furthermore, Plaintiffs' definition of "Accused Structures" includes claim terms that have not yet been construed by the Court.

Subject to and without waiving the foregoing General and Specific objections, Citizen will produce non-privileged documents in its possession, custody or control that are responsive to this request.

**REQUEST NO. 15:**

All documents referring or relating to the patent-in-suit, including, but not limited to, documents that refer or relate to when and how you first became aware of the patent-in-suit.

**RESPONSE**

Citizen objects to this request on the ground that it is vague and unintelligible, particularly with respect to the terms "relate to" and "aware." Citizen further objects to this request to the extent that it calls for information protected from disclosure by the attorney client privilege, the work product doctrine, the common interest privilege or any other applicable privilege, doctrine or immunity.

Subject to and without waiving the foregoing general and specific objections, Citizen states that it will produce relevant, non-privileged documents that are responsive to this request, if any.

**REQUEST NO. 16:**

All documents found or identified during any enforceability searches, infringement searches, prior art searches or studies relating to the patent-in-suit, including any copies of patents, publications or other prior art.

**RESPONSE**

Citizen objects to this request on the ground that it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege or any other applicable privilege, doctrine or immunity. Citizen also objects to this request on the ground that it is premature.

Subject to and without waiving the foregoing general and specific objections, Citizen states that it will produce relevant, non-privileged documents that are responsive to this request.

**REQUEST NO. 17:**

All documents referring or relating to any patent or publication that you contend invalidates any claim of the '371 patent.

**RESPONSE**

Citizen objects to this request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege or any other applicable privilege, doctrine or immunity.

Subject to and without waiving the foregoing general and specific objections, Citizen states that it will produce relevant, non-privileged documents that are responsive to this request.

**REQUEST NO. 18:**

All documents, including but not limited to opinion letters, memoranda, or other documents which refer or relate to the validity, infringement and/or enforceability of the patent-in-suit.

**RESPONSE**

Citizen objects to this request on the ground that it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege or any other applicable privilege, doctrine or immunity. Citizen also objects to this request on the ground that it is premature to the extent that it improperly seeks the early disclosure of expert opinion. Citizen will disclose its expert opinions upon which it will rely at the time and in the manner to be determined by the Court.

**REQUEST NO. 19:**

All internal communications which reflect, refer to, or concern any communications between your personnel regarding the patent-in-suit.

**RESPONSE**

Citizen objects to this request on the ground that it is overbroad, unduly burdensome and oppressive. Citizen also objects to this request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege or any other applicable privilege, doctrine or immunity.

Subject to and without waiving the foregoing General and Specific objections, Citizen will produce non-privileged documents in its possession, custody or control that are responsive to this request.

## REQUEST NO. 20:

All communications or opinions of your officers, directors and/or employees with respect to the infringement, validity or enforceability of the patent-in-suit.

## RESPONSE

Citizen objects to this request on the ground that it is overbroad, unduly burdensome and oppressive. Citizen also objects to this request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege or any other applicable privilege, doctrine or immunity.

Subject to and without waiving the foregoing General and Specific objections, Citizen will produce non-privileged documents in its possession, custody or control that are responsive to this request.

## REQUEST NO. 21:

All documents which set forth, on a monthly, quarterly or annual basis from 1998 to the present, the number and nature of units manufactured, used, sold, and/or distributed for each of Accused Structures identified in response to Interrogatory No. 1 of Plaintiffs' First Set of Interrogatories.

## RESPONSE

Citizen incorporates herein by reference each and every objection made in response to Plaintiffs' Interrogatory No. 1. Citizen also objects to this request on the ground that it is overbroad, unduly burdensome and oppressive, particularly to the extent that it requests all documents relating to manufacturing or sales data. Citizen also objects to this request to the extent it seeks trade secrets and other confidential information and/or proprietary information of Citizen and/or seeks information that may be used for improper purposes, without the protection of an executed protective order entered by the Court and binding upon all persons allowed access to such confidential information. Additionally, Citizen objects to this request on the ground that it seeks documents that are neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of admissible evidence. Citizen further objects to the

interrogatory on the ground it is uncertain, overbroad and unduly burdensome to the extent that it

requests information with respect to "Accused Structures" and not to specific Citizen models.

Plaintiffs have not identified any models that they accuse of infringement. Furthermore,

Plaintiffs' definition of "Accused Structures" includes claim terms that have not yet been

construed by the Court.

Subject to and without waiving the foregoing General and Specific objections, Citizen

states that it will produce non-privileged documents in its possession, custody or control that are

responsive to this request and sufficient to identify the requested data. In providing this response

and in producing documents related thereto, Citizen does not represent or concede, and expressly

reserves the right to contest, that any product identified in documents that will be produced

contains the Accused Structure within the meaning of these requests, or is otherwise relevant to

this action.

**REQUEST NO. 22:**

All documents that set forth, on a monthly, quarterly, or annual basis from 1998 to the
present, the amount of sales in U.S. dollars or local currency (indicate currency type if not U.S.
dollars) for each of the Accused Structures identified in response to Interrogatory No. 1 of
Plaintiffs' First Set of Interrogatories.

**RESPONSE**

Citizen incorporates herein by reference each and every objection made in response to

Plaintiffs' Interrogatory No. 1. Citizen also objects to this request on the ground that it is

overbroad, unduly burdensome and oppressive, particularly to the extent that it requests all

documents relating to sales data. Citizen also objects to this request to the extent it seeks trade

secrets and other confidential information and/or proprietary information of Citizen and/or seeks

information that may be used for improper purposes, without the protection of an executed

protective order entered by the Court and binding upon all persons allowed access to such

confidential information. Citizen also objects to this request on the ground that it seeks

documents that are neither relevant to the subject matter of this case nor reasonably calculated to

lead to the discovery of admissible evidence. Citizen further objects to the interrogatory on the ground it is uncertain, overbroad and unduly burdensome to the extent that it requests information with respect to "Accused Structures" and not to specific Citizen models. Plaintiffs have not identified any models that they accuse of infringement. Furthermore, Plaintiffs' definition of "Accused Structures" includes claim terms that have not yet been construed by the Court.

Subject to and without waiving the foregoing General and Specific objections, Citizen states that it will produce non-privileged documents in its possession, custody or control that are responsive to this request and sufficient to identify the requested data. In providing this response and in producing documents related thereto, Citizen does not represent or concede, and expressly reserves the right to contest, that any product identified in documents that will be produced contains the Accused Structure within the meaning of these requests, or is otherwise relevant to this action.

## REQUEST NO. 23:

All projections, forecasts, market share reports, marketing acceptance documents, business plans, strategic plans, fiscal plans, marketing plans, or sales plans which refer or relate to the sale of the Accused Structures identified in response to Interrogatory No. 1of Plaintiffs' First Set of Interrogatories.

## RESPONSE

Citizen incorporates herein by reference each and every objection made in response to Plaintiffs' Interrogatory No. 1. Citizen also objects to this request on the ground that it is vague, ambiguous, overbroad, unduly burdensome and oppressive, particularly as to the phrase "marketing acceptance documents." Citizen also objects to this request to the extent it seeks trade secrets and other confidential information and/or proprietary information of Citizen and/or seeks information that may be used for improper purposes, without the protection of an executed protective order entered by the Court and binding upon all persons allowed access to such confidential information. Citizen also objects to this request on the ground that it seeks

documents that are neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of admissible evidence. Citizen further objects to the interrogatory on the ground it is uncertain, overbroad and unduly burdensome to the extent that it requests information with respect to "Accused Structures" and not to specific Citizen models. Plaintiffs have not identified any models that they accuse of infringement. Furthermore, Plaintiffs' definition of "Accused Structures" includes claim terms that have not yet been construed by the Court. Citizen further objects to this request to the extent that it seeks documents related to the sales of products outside the United States and/or that have no relation to the United States.

Subject to and without waiving the foregoing General and Specific objections, Citizen states that it will produce non-privileged documents in its possession, custody or control that are responsive to this request. In providing this response and in producing documents related thereto, Citizen does not represent or concede, and expressly reserves the right to contest, that any product identified in documents that will be produced contains the Accused Structure within the meaning of these requests, or is otherwise relevant to this action.

## REQUEST NO. 24:

All documents that, on a monthly, quarterly, or annual basis, refer or relate to unit sales, gross selling price, net selling price, or amounts deducted from gross selling price to arrive at net selling price, and a description of each type of deduction, for each of the Accused Structures identified in response to Interrogatory No. 1. of Plaintiffs' First Set of Interrogatories.

## RESPONSE

Citizen incorporates herein by reference each and every objection made in response to Plaintiffs' Interrogatory No. 1. Citizen also objects to this request on the ground that it is overbroad, unduly burdensome and oppressive, to the extend that the request calls for all documents that refer or relate to sales and selling prices. Citizen also objects to this request to the extent it seeks trade secrets and other confidential information and/or proprietary information of Citizen and/or seeks information that may be used for improper purposes, without the protection of an executed protective order entered by the Court and binding upon all persons

allowed access to such confidential information. Citizen also objects to this request on the

ground that it seeks documents that are neither relevant to the subject matter of this case nor

reasonably calculated to lead to the discovery of admissible evidence. Citizen further objects to

the interrogatory on the ground it is uncertain, overbroad and unduly burdensome to the extent

that it requests information with respect to "Accused Structures" and not to specific Citizen

models. Plaintiffs have not identified any models that they accuse of infringement. Furthermore,

Plaintiffs' definition of "Accused Structures" includes claim terms that have not yet been

construed by the Court. Citizen further objects to this request to the extent that it seeks

documents related to the sales of products outside the United States and/or that have no relation

to the United States.

Subject to and without waiving the foregoing General and Specific objections, Citizen

states that it will produce non-privileged documents in its possession, custody or control that are

responsive to this request. In providing this response and in producing documents related thereto,

Citizen does not represent or concede, and expressly reserves the right to contest, that any

product identified in documents that will be produced contains the Accused Structure within the

meaning of these requests, or is otherwise relevant to this action.

## REQUEST NO. 25:

All profit and loss statements, printouts, statements or other documents that set forth or include gross profit figures for the Accused Structures identified in response to Interrogatory No. 1 of Plaintiffs' First Set of Interrogatories, on a monthly, quarterly or annual basis.

## RESPONSE

Citizen incorporates herein by reference each and every objection made in response to

Plaintiffs' Interrogatory No. 1. Citizen also objects to this request on the ground that it is

overbroad, unduly burdensome and oppressive, to the extend that the request calls for all

documents that include profit and loss figures. Citizen also objects to this request to the extent it

seeks trade secrets and other confidential information and/or proprietary information of Citizen

and/or seeks information that may be used for improper purposes, without the protection of an

executed protective order entered by the Court and binding upon all persons allowed access to such confidential information. Citizen also objects to this request on the ground that it seeks documents that are neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of admissible evidence. Citizen further objects to the interrogatory on the ground it is uncertain, overbroad and unduly burdensome to the extent that it requests information with respect to "Accused Structures" and not to specific Citizen models. Plaintiffs have not identified any models that they accuse of infringement. Furthermore, Plaintiffs' definition of "Accused Structures" includes claim terms that have not yet been construed by the Court. Citizen further objects to this request to the extent that it seeks documents related to the sales of products outside the United States and/or that have no relation to the United States.

Subject to and without waiving the foregoing General and Specific objections, Citizen states that it will produce non-privileged documents in its possession, custody or control that are responsive to this request and sufficient to identify the requested data. In providing this response and in producing documents related thereto, Citizen does not represent or concede, and expressly reserves the right to contest, that any product identified in documents that will be produced contains the Accused Structure within the meaning of these requests, or is otherwise relevant to this action.

## REQUEST NO. 26:

All annual, semi-annual, quarterly, monthly or other documents which set forth or include your gross expenses incurred in the manufacture, distribution and sale of the accused products, including, but not limited to, direct labor costs, direct manufacturing costs, selling costs, variable overhead costs, and all other costs associated with the manufacture, distribution and sale of the Accused Structures identified in response to Interrogatory No. 1 of Plaintiffs' First Set of Interrogatories.

## RESPONSE

Citizen incorporates herein by reference each and every objection made in response to Plaintiffs' Interrogatory No. 1. Citizen also objects to this request on the ground that it is overbroad, unduly burdensome and oppressive, to the extend that the request calls for "all"

documents that include expenses incurred in the manufacture and sale of its products. Citizen also objects to this request to the extent it seeks trade secrets and other confidential information and/or proprietary information of Citizen and/or seeks information that may be used for improper purposes, without the protection of an executed protective order entered by the Court and binding upon all persons allowed access to such confidential information. Citizen also objects to this request on the ground that it seeks documents that are neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of admissible evidence. Citizen further objects to the interrogatory on the ground it is uncertain, overbroad and unduly burdensome to the extent that it requests information with respect to "Accused Structures" and not to specific Citizen models. Plaintiffs have not identified any models that they accuse of infringement. Furthermore, Plaintiffs' definition of "Accused Structures" includes claim terms that have not yet been construed by the Court. Citizen further objects to this request to the extent that it seeks documents related to the sales of products outside the United States and/or that have no relation to the United States.

Subject to and without waiving the foregoing General and Specific objections, Citizen states that it will produce non-privileged documents in its possession, custody or control that are responsive to this request and sufficient to identify the requested data. In providing this response and in producing documents related thereto, Citizen does not represent or concede, and expressly reserves the right to contest, that any product identified in documents that will be produced contains the Accused Structure within the meaning of these requests, and/or is otherwise relevant to this action.

## REQUEST NO. 27:

Documents that evidence the date of the first sale of each of the Accused Structures identified in response to Interrogatory No. 1 of Plaintiffs' First Set of Interrogatories.

## RESPONSE

Citizen incorporates herein by reference each and every objection made in response to Plaintiffs' Interrogatory No. 1. Citizen also objects to this request on the ground that it is overbroad, unduly burdensome and oppressive. Citizen also objects to this request on the ground that it seeks documents that are neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of admissible evidence. Citizen further objects to the interrogatory on the ground it is uncertain, overbroad and unduly burdensome to the extent that it requests information with respect to "Accused Structures" and not to specific Citizen models. Plaintiffs have not identified any models that they accuse of infringement. Furthermore, Plaintiffs' definition of "Accused Structures" includes claim terms that have not yet been construed by the Court. Citizen further objects to this request to the extent that it seeks documents related to the sales of products outside the United States and/or that have no relation to the United States.

Subject to and without waiving the foregoing General and Specific objections, Citizen states that it will produce non-privileged documents in its possession, custody or control that are responsive to this request. In providing this response and in producing documents related thereto, Citizen does not represent or concede, and expressly reserves the right to contest, that any product identified in documents that will be produced contains the Accused Structure within the meaning of these requests, or is otherwise relevant to this action.

**REQUEST NO. 28:**

All documents that relate to the contributions of any of your divisions, affiliates, subsidiaries, or suppliers to the manufacture or supply of any parts or materials relating to the Accused Structures identified in response to Interrogatory No. 1 of Plaintiffs' First Set of Interrogatories.

**RESPONSE**

Citizen incorporates herein by reference each and every objection made in response to Plaintiffs' Interrogatory No. 1. Citizen also objects to this request on the ground that it is vague, ambiguous, overbroad, unduly burdensome and oppressive, particularly as to the term

"contributions." Citizen also objects to this request to the extent it seeks trade secrets and other confidential information and/or proprietary information of Citizen and/or seeks information that may be used for improper purposes, without the protection of an executed protective order entered by the Court and binding upon all persons allowed access to such confidential information. Citizen also objects to this request on the ground that it seeks documents that are neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of admissible evidence. Citizen further objects to the interrogatory on the ground it is uncertain, overbroad and unduly burdensome to the extent that it requests information with respect to "Accused Structures" and not to specific Citizen models. Plaintiffs have not identified any models that they accuse of infringement. Furthermore, Plaintiffs' definition of "Accused Structures" includes claim terms that have not yet been construed by the Court. Citizen further objects to this request to the extent that it seeks documents related to the sales of products outside the United States and/or that have no relation to the United States.

Subject to and without waiving the foregoing General and Specific objections, Citizen states that it will produce non-privileged documents in its possession, custody or control that are responsive to this request. In providing this response and in producing documents related thereto, Citizen does not represent or concede, and expressly reserves the right to contest, that any product identified in documents that will be produced contains the Accused Structure within the meaning of these requests, or is otherwise relevant to this action.

**REQUEST NO. 29:**

Financial statements, including profit and loss statements, income statements, balance sheets, statements of cash flow, statements of retained earnings and notes thereto for any of your affiliates, divisions or subsidiaries that are involved in the manufacture, distribution and/or sale of the Accused Structures identified in response to Interrogatory No. 1 of Plaintiffs' First Set of Interrogatories.

**RESPONSE**

Citizen incorporates herein by reference each and every objection made in response to Plaintiffs' Interrogatory No. 1. Citizen also objects to this request on the ground that it is

overbroad, unduly burdensome and oppressive. Citizen also objects to this request to the extent
it seeks trade secrets and other confidential information and/or proprietary information of Citizen
and/or seeks information that may be used for improper purposes, without the protection of an
executed protective order entered by the Court and binding upon all persons allowed access to
such confidential information. Citizen also objects to this request on the ground that it seeks
documents that are neither relevant to the subject matter of this case nor reasonably calculated to
lead to the discovery of admissible evidence. Citizen further objects to the interrogatory on the
ground it is uncertain, overbroad and unduly burdensome to the extent that it requests
information with respect to "Accused Structures" and not to specific Citizen models. Plaintiffs
have not identified any models that they accuse of infringement. Furthermore, Plaintiffs'
definition of "Accused Structures" includes claim terms that have not yet been construed by the
Court. Citizen further objects to this request to the extent that it seeks documents related to the
sales of products outside the United States and/or that have no relation to the United States.
Additionally, Citizen objects to this request to the extent that it seeks documents which are
publicly available and as easily obtained by Plaintiffs as by Citizen.

Subject to and without waiving the foregoing General and Specific objections, Citizen
states that it will produce non-privileged documents in its possession, custody or control that are
responsive to this request. In providing this response and in producing documents related thereto,
Citizen does not represent or concede, and expressly reserves the right to contest, that any
product identified in documents that will be produced contains the Accused Structure within the
meaning of these requests, or is otherwise relevant to this action.

**REQUEST NO. 30:**

All documents which identify and describe all accounts associated with the manufacture,
sale, distribution and administrative activities associated with the Accused Structures identified
in response to Interrogatory No. 1 of Plaintiffs' First Set of Interrogatories.

**RESPONSE**

Citizen incorporates herein by reference each and every objection made in response to Plaintiffs' Interrogatory No. 1. Citizen further objects to this request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege or any other applicable privilege, doctrine or immunity. Citizen also objects to this request on the ground that it is overbroad, unduly burdensome and oppressive. Furthermore, Citizen objects to this request to the extent it seeks trade secrets and other confidential information and/or proprietary information of Citizen and/or seeks information that may be used for improper purposes, without the protection of an executed protective order entered by the Court and binding upon all persons allowed access to such confidential information. Citizen also objects to this request on the ground that it seeks documents that are neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of admissible evidence. Citizen further objects to the interrogatory on the ground it is uncertain, overbroad and unduly burdensome to the extent that it requests information with respect to "Accused Structures" and not to specific Citizen models. Plaintiffs have not identified any models that they accuse of infringement. Furthermore, Plaintiffs' definition of "Accused Structures" includes claim terms that have not yet been construed by the Court. Citizen further objects to this request to the extent that it seeks documents related to the sales of products outside the United States and/or that have no relation to the United States.

Subject to and without waiving the foregoing General and Specific objections, Citizen states that it will produce non-privileged documents in its possession, custody or control that are responsive to this request. In providing this response and in producing documents related thereto, Citizen does not represent or concede, and expressly reserves the right to contest, that any product identified in documents that will be produced contains the Accused Structure within the meaning of these requests, or is otherwise relevant to this action.

## REQUEST NO. 31:

All documents that refer or relate to market studies, surveys, analyses, third party industry studies and/or analyst reports related to the Accused Structures identified in response to Interrogatory No. 1 of Plaintiffs' First Set of Interrogatories.

## RESPONSE

Citizen incorporates herein by reference each and every objection made in response to Plaintiffs' Interrogatory No. 1. Citizen also objects to this request on the ground that it is overbroad, unduly burdensome and oppressive. Furthermore, Citizen objects to this request to the extent it seeks trade secrets and other confidential information and/or proprietary information of Citizen and/or seeks information that may be used for improper purposes, without the protection of an executed protective order entered by the Court and binding upon all persons allowed access to such confidential information. Citizen also objects to this request on the ground that it seeks documents that are neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of admissible evidence. Citizen further objects to the interrogatory on the ground it is uncertain, overbroad and unduly burdensome to the extent that it requests information with respect to "Accused Structures" and not to specific Citizen models. Plaintiffs have not identified any models that they accuse of infringement. Furthermore, Plaintiffs' definition of "Accused Structures" includes claim terms that have not yet been construed by the Court. Citizen further objects to this request to the extent that it seeks documents related to the sales of products outside the United States and/or that have no relation to the United States.

Subject to and without waiving the foregoing General and Specific objections, Citizen states that it will produce non-privileged documents in its possession, custody or control that are responsive to this request. In providing this response and in producing documents related thereto, Citizen does not represent or concede, and expressly reserves the right to contest, that any product identified in documents that will be produced contains the Accused Structure within the meaning of these requests, or is otherwise relevant to this action.

## REQUEST NO. 32:

All drafts, proposals, final copies, drawings, videotapes, audio tapes or photographs for advertising, or other promotional material for the Accused Structures identified in response to Interrogatory No. 1 of Plaintiffs' First Set of Interrogatories.

**RESPONSE**

Citizen incorporates herein by reference each and every objection made in response to Plaintiffs' Interrogatory No. 1. Citizen also objects to this request on the ground that it is overbroad, unduly burdensome and oppressive. Citizen further objects to this request on the ground that it seeks documents that are neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of admissible evidence. Citizen further objects to the interrogatory on the ground it is uncertain, overbroad and unduly burdensome to the extent that it requests information with respect to "Accused Structures" and not to specific Citizen models. Plaintiffs have not identified any models that they accuse of infringement. Furthermore, Plaintiffs' definition of "Accused Structures" includes claim terms that have not yet been construed by the Court. Citizen further objects to this request to the extent that it seeks documents related to the sales of products outside the United States and/or that have no relation to the United States.

Subject to and without waiving the foregoing General and Specific objections, Citizen states that it will produce non-privileged documents in its possession, custody or control that are responsive to this request. In providing this response and in producing documents related thereto, Citizen does not represent or concede, and expressly reserves the right to contest, that any product identified in documents that will be produced contains the Accused Structure within the meaning of these requests, or is otherwise relevant to this action.

**REQUEST NO. 33:**

All documents that identify by name, company, address, and title, all third parties hired by you or your counsel to investigate or review the '371 patent.

**RESPONSE**

Citizen objects to this request on the ground that it seeks documents protected from disclosure by the attorney-client privilege, the common interest privilege, and/or the work product doctrine.

**REQUEST NO. 34:**

All documents that relate to any agreements with any customers regarding the Accused Structures identified in response to Interrogatory No. 1 of Plaintiffs' First Set of Interrogatories, including but not limited to the agreements themselves, correspondence, memos, and notes regarding the agreements, and all bills of materials regarding the manufacture of the Accused Structures.

**RESPONSE**

Citizen incorporates herein by reference each and every objection made in response to Plaintiffs' Interrogatory No. 1. Citizen also objects to this request on the ground that it is overbroad, unduly burdensome and oppressive. Citizen objects to this request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the common interest privilege, the work product doctrine, and/or any other applicable privilege doctrine or immunity. Furthermore, Citizen objects to this request to the extent it seeks trade secrets and other confidential information and/or proprietary information of Citizen and/or seeks information that may be used for improper purposes, without the protection of an executed protective order entered by the Court and binding upon all persons allowed access to such confidential information. Moreover, where Citizen owes a contractual obligation to obtain the consent of a third party prior to disclosure of information, Citizen will only produce that information once the required consent has been obtained. Citizen also objects to this request on the ground that it seeks documents that are neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of admissible evidence. Citizen further objects to the interrogatory on the ground it is uncertain, overbroad and unduly burdensome to the extent that it requests information with respect to "Accused Structures" and not to specific Citizen models. Plaintiffs have not identified any models that they accuse of infringement. Furthermore, Plaintiffs' definition of "Accused Structures" includes claim terms that have not yet been construed by the Court. Citizen further objects to this request to the extent that it seeks documents related to the sales of products outside the United States and/or that have no relation to the United States.

Subject to and without waiving the foregoing General and Specific objections, Citizen states that it will produce non-privileged documents in its possession, custody or control that are responsive to this request. In providing this response and in producing documents related thereto, Citizen does not represent or concede, and expressly reserves the right to contest, that any

product identified in documents that will be produced contains the Accused Structure within the meaning of these requests, or is otherwise relevant to this action.

**REQUEST NO. 35:**

All documents mentioning or relating to the named inventors of the '371 patent.

**RESPONSE**

Citizen objects to this request on the ground that it is overbroad, unduly burdensome and oppressive. Citizen also objects to this request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the common interest privilege, the work product doctrine, or any other applicable privilege, doctrine or immunity.

Subject to and without waiving the foregoing General and Specific objections, Citizen states that it has no documents that are responsive to this request.

**REQUEST NO. 36:**

All documents referring or relating to any efforts to design-around the '371 patent, and/or any commercial alternatives to the '371 patent.

**RESPONSE**

Citizen objects to this request on the ground that it is overbroad, unduly burdensome and oppressive. Citizen also objects to this request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege or any other applicable privilege, doctrine or immunity. Furthermore, Citizen objects to this request to the extent it seeks trade secrets and other confidential information and/or proprietary information of Citizen and/or seeks information that may be used for improper purposes, without the protection of an executed protective order entered by the Court and binding upon all persons allowed access to such confidential information.

Subject to and without waiving the foregoing General and Specific objections, Citizen states that it has no documents that are responsive to this request.

## REQUEST NO. 37:

All documents (*e.g.*, customer lists) identifying to whom the Accused Structures identified in response to Interrogatory No. 1 of Plaintiffs' First Set of Interrogatories are sold and in what quantities.

## RESPONSE

Citizen objects to this request on the ground that it is overbroad, unduly burdensome and oppressive. Furthermore, Citizen objects to this request to the extent it seeks trade secrets and other confidential information and/or proprietary information of Citizen and/or seeks information that may be used for improper purposes, without the protection of an executed protective order entered by the Court and binding upon all persons allowed access to such confidential information. Citizen also objects to this request on the ground that it seeks documents that are neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of admissible evidence. Citizen further objects to the interrogatory on the ground it is uncertain, overbroad and unduly burdensome to the extent that it requests information with respect to "Accused Structures" and not to specific Citizen models. Plaintiffs have not identified any models that they accuse of infringement. Furthermore, Plaintiffs' definition of "Accused Structures" includes claim terms that have not yet been construed by the Court. Citizen further objects to this request to the extent that it seeks documents related to the sales of products outside the United States and/or that have no relation to the United States.

Subject to and without waiving the foregoing General and Specific objections, Citizen states that it will produce non-privileged documents in its possession, custody or control that are responsive to this request. In providing this response and in producing documents related thereto, Citizen does not represent or concede, and expressly reserves the right to contest, that any product identified in documents that will be produced contains the Accused Structure within the meaning of these requests, or is otherwise relevant to this action.

**REQUEST NO. 38:**

All documents referring or relating to manufacturing outsourcing relationships relative to the Accused Structures identified in response to Interrogatory No. 1 of Plaintiffs' First Set of Interrogatories.

**RESPONSE**

Citizen objects to this request on the ground that it is overbroad, unduly burdensome and oppressive. Furthermore, Citizen objects to this request to the extent it seeks trade secrets and other confidential information and/or proprietary information of Citizen and/or seeks information that may be used for improper purposes, without the protection of an executed protective order entered by the Court and binding upon all persons allowed access to such confidential information. Citizen also objects to this request on the ground that it seeks documents that are neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of admissible evidence. Citizen further objects to the interrogatory on the ground it is uncertain, overbroad and unduly burdensome to the extent that it requests information with respect to "Accused Structures" and not to specific Citizen models. Plaintiffs have not identified any models that they accuse of infringement. Furthermore, Plaintiffs' definition of "Accused Structures" includes claim terms that have not yet been construed by the Court. Citizen further objects to this request to the extent that it seeks documents related to the sales of products outside the United States and/or that have no relation to the United States.

Subject to and without waiving the foregoing General and Specific objections, Citizen states that it will produce non-privileged documents in its possession, custody or control that are responsive to this request, if any. In providing this response and in producing documents related thereto, Citizen does not represent or concede, and expressly reserves the right to contest, that any product identified in documents that will be produced contains the Accused Structure within the meaning of these requests, or is otherwise relevant to this action.

**REQUEST NO. 39:**

All documents identifying any other litigation and/or settlements relating to liquid crystal display components or technologies with which you have been involved.

**RESPONSE**

Citizen incorporates herein by reference each and every objection made in response to Plaintiffs' Interrogatory No. 1. Citizen also objects to this request on the ground that it is overbroad, unduly burdensome and oppressive. Citizen also objects to this request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege or any other applicable privilege, doctrine or immunity. Citizen also objects to this request on the ground that it seeks documents that are neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of admissible evidence. In addition, Citizen objects to this request to the extent it seeks documents that are subject to confidentiality agreements requiring approval by third parties before such documents can be produced.

Subject to and without waiving the foregoing General and Specific objections, Citizen states that it will produce non-privileged documents in its possession, custody or control that are responsive to this request, if any. In providing this response and in producing documents related thereto, Citizen does not represent or concede, and expressly reserves the right to contest, that any product identified in documents that will be produced contains the Accused Structure within the meaning of these requests, or is otherwise relevant to this action.

**REQUEST NO. 40:**

All documents referring or relating to the accounting policies or practices that are followed with respect to recording sales of the Accused Structures identified in response to Interrogatory No. 1 of Plaintiffs' First Set of Interrogatories.

## RESPONSE

Citizen incorporates herein by reference each and every objection made in response to Plaintiffs' Interrogatory No. 1. Citizen also objects to this request on the ground that it is overbroad, unduly burdensome and oppressive. Citizen also objects to this request on the ground that it seeks documents that are neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of admissible evidence. Citizen further objects to the interrogatory on the ground it is uncertain, overbroad and unduly burdensome to the extent that it requests information with respect to "Accused Structures" and not to specific Citizen models. Plaintiffs have not identified any models that they accuse of infringement. Furthermore, Plaintiffs' definition of "Accused Structures" includes claim terms that have not yet been construed by the Court. Citizen further objects to this request to the extent that it seeks documents related to the sales of products outside the United States and/or that have no relation to the United States.

Subject to and without waiving the foregoing General and Specific objections, Citizen states that it will produce non-privileged documents in its possession, custody or control that are responsive to this request, if any. In providing this response and in producing documents related thereto, Citizen does not represent or concede, and expressly reserves the right to contest, that any product identified in documents that will be produced contains the Accused Structure within the meaning of these requests, or is otherwise relevant to this action.

## REQUEST NO. 41:

All documents referring or relating to the pricing policies for the Accused Structures identified in response to Interrogatory No. 1 of Plaintiffs' First Set of Interrogatories, including any pricing policies between your subsidiaries and/or affiliated entities.

## RESPONSE

Citizen incorporates herein by reference each and every objection made in response to Plaintiffs' Interrogatory No. 1. Citizen also objects to this request on the ground that it is overbroad, unduly burdensome and oppressive. Furthermore, Citizen objects to this request to

the extent it seeks trade secrets and other confidential information and/or proprietary information of Citizen and/or seeks information that may be used for improper purposes, without the protection of an executed protective order entered by the Court and binding upon all persons allowed access to such confidential information. Citizen also objects to this request on the ground that it seeks documents that are neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of admissible evidence. Citizen further objects to the interrogatory on the ground it is uncertain, overbroad and unduly burdensome to the extent that it requests information with respect to "Accused Structures" and not to specific Citizen models. Plaintiffs have not identified any models that they accuse of infringement. Furthermore, Plaintiffs' definition of "Accused Structures" includes claim terms that have not yet been construed by the Court. Citizen further objects to this request to the extent that it seeks documents related to the sales of products outside the United States and/or that have no relation to the United States.

Subject to and without waiving the foregoing General and Specific objections, Citizen states that it will produce non-privileged documents in its possession, custody or control that are responsive to this request, if any. In providing this response and in producing documents related thereto, Citizen does not represent or concede, and expressly reserves the right to contest, that any product identified in documents that will be produced contains the Accused Structure within the meaning of these requests, or is otherwise relevant to this action.

## REQUEST NO. 42:

All documents referring or relating to volumes of the Accused Structures identified in response to Interrogatory No. 1 of Plaintiffs' First Set of Interrogatories sold to customers on a monthly, quarterly or annual basis from October 1998 to the present.

## RESPONSE

Citizen incorporates herein by reference each and every objection made in response to Plaintiffs' Interrogatory No. 1. Citizen also objects to this request on the ground that it is overbroad, unduly burdensome and oppressive, to the extend that the request calls for all

documents that refer or relate to sales of the identified products. Citizen also objects to this request to the extent it seeks trade secrets and other confidential information and/or proprietary information of Citizen and/or seeks information that may be used for improper purposes, without the protection of an executed protective order entered by the Court and binding upon all persons allowed access to such confidential information. Citizen also objects to this request on the ground that it seeks documents that are neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of admissible evidence. Citizen further objects to the interrogatory on the ground it is uncertain, overbroad and unduly burdensome to the extent that it requests information with respect to "Accused Structures" and not to specific Citizen models. Plaintiffs have not identified any models that they accuse of infringement. Furthermore, Plaintiffs' definition of "Accused Structures" includes claim terms that have not yet been construed by the Court. Citizen further objects to this request to the extent that it seeks documents related to the sales of products outside the United States and/or that have no relation to the United States.

Subject to and without waiving the foregoing General and Specific objections, Citizen states that it will produce non-privileged documents in its possession, custody or control that are responsive to this request, if any. In providing this response and in producing documents related thereto, Citizen does not represent or concede, and expressly reserves the right to contest, that any product identified in documents that will be produced contains the Accused Structure within the meaning of these requests, or is otherwise relevant to this action.

**REQUEST NO. 43:**

All documents referring or relating to any competitive advantage of your liquid crystal display modules.

**RESPONSE**

Citizen objects to this request on the ground that it is overbroad, unduly burdensome and oppressive. Citizen also objects to this request as vague and ambiguous as to the term

"competitive advantage." Furthermore, Citizen objects to this request to the extent it seeks trade secrets and other confidential information and/or proprietary information of Citizen and/or seeks information that may be used for improper purposes, without the protection of an executed protective order entered by the Court and binding upon all persons allowed access to such confidential information. Citizen also objects to this request on the ground that it seeks documents that are neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing General and Specific objections, Citizen states that it will produce non-privileged documents in its possession, custody or control that are responsive to this request, if any.

**REQUEST NO. 44:**

All documents referring or relating to the issue, practice, or reasons for rotating the lens array(s) in your liquid crystal display modules.

**RESPONSE**

Citizen objects to this request on the ground that it is vague, ambiguous, overbroad, unduly burdensome and oppressive. Furthermore, Citizen objects to this request to the extent it seeks trade secrets and other confidential information and/or proprietary information of Citizen and/or seeks information that may be used for improper purposes, without the protection of an executed protective order entered by the Court and binding upon all persons allowed access to such confidential information. Citizen also objects to this request on the ground that it seeks documents that are neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing General and Specific objections, Citizen states that it will produce non-privileged documents in its possession, custody or control that are responsive to this request, if any.

## REQUEST NO. 45:

All documents that pertain to your negotiation of non-consumer patent license agreements, including, without limitation, documents constituting any decision to grant or take a license, any decision to pursue or not pursue negotiations, or the terms of any license, whether or not such agreements are still or ever were in force and effect.

## RESPONSE

Citizen objects to this request on the ground that it is vague and ambiguous as to the term "non-consumer." Citizen also objects to this request as overbroad, unduly burdensome and oppressive, to the extent it calls for information unrelated to the products or patents at issue in this action. Citizen also objects to this request on the ground that it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine and/or other applicable privilege, doctrine or immunity.

## REQUEST NO. 46:

All documents that list and/or detail royalties or fees received or paid by you for any non-consumer license, including but not limited to, licenses that relate to development, manufacture, marketing, sale, and distribution of liquid crystal display modules.

## RESPONSE

Citizen objects to this request on the ground that it is vague and ambiguous as to the term "non-consumer." Citizen also objects to this request as overbroad, unduly burdensome and oppressive. Citizen also objects to this request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege or any other applicable privilege, doctrine or immunity  Citizen objects to this request to the extent that it calls for information in the possession of third parties. Where Citizen owes a contractual obligation to obtain the consent of a third party prior to disclosure of information, Citizen will produce that information once the required consent has been obtained.

Subject to and without waiving the foregoing General and Specific objections, Citizen will produce non-privileged documents in its possession, custody or control that are responsive to this request.

**REQUEST NO. 47:**

All documents constituting non-consumer licenses granted to you or taken by you, whether or not such licenses are still in force and effect, that relate to the development, manufacture, marketing, sale, and distribution of LCD modules.

**RESPONSE**

Citizen objects to this request as vague and ambiguous as to the term "non-consumer." Citizen also objects to this request on the ground that it is overbroad, unduly burdensome and oppressive. Citizen also objects to this request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and/or the work product doctrine. Furthermore, Citizen objects to this request to the extent it seeks trade secrets and other confidential information and/or proprietary information of Citizen and/or seeks information that may be used for improper purposes, without the protection of an executed protective order entered by the Court and binding upon all persons allowed access to such confidential information. Citizen also objects to this request on the ground that it seeks documents that are neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing General and Specific objections, Citizen will produce non-privileged documents in its possession, custody or control that are responsive to this request. Where Citizen owes a contractual obligation to obtain the consent of a third party prior to disclosure of information, Citizen will only produce that information once the required consent has been obtained.

**REQUEST NO. 48:**

All documents which constitute your patent licensing practices, procedures, rules or regulations.

**RESPONSE**

Citizen objects to this request on the ground that it is overbroad, unduly burdensome and oppressive. Citizen also objects to this request to the extent that it seeks documents protected

from disclosure by the attorney-client privilege, the work product doctrine, the common interest

privilege or any other applicable privilege, doctrine or immunity. Citizen also objects to this

request on the ground that it seeks documents that are neither relevant to the subject matter of

this case nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing General and Specific objections,

Citizen will produce non-privileged documents in its possession, custody or control that are

responsive to this request.

## REQUEST NO. 49:

All documents that provide the basis or support for, any contentions, positions, assertions
or beliefs of Citizen regarding the relative commercial importance of the subject matter
described and claimed in the '371 patent (as compared to non-patented attributes or features),
including but not limited to, any sales or market data or information that supports or tends to
support such contentions or beliefs, and any consumer survey data or information that supports
or tends to support any such contentions or beliefs.

## RESPONSE

Citizen objects to this request on the ground that it is vague, ambiguous, overbroad,

unduly burdensome and oppressive, particularly as to the term "beliefs" and the phrase "relative

commercial importance." Citizen also objects to this request on the ground that it seeks

documents protected from disclosure by the attorney-client privilege, the work product doctrine,

the common interest privilege or any other applicable privilege, doctrine or immunity.

Additionally, Citizen objects to this request as premature to the extent it seeks information

regarding positions Citizen has not yet developed.

Subject to and without waiving the foregoing General and Specific objections, Citizen

will produce non-privileged documents in its possession, custody or control that are responsive

to this request, if any.

## REQUEST NO. 50:

To the extent not produced in response to any of the foregoing requests, all documents
that provide the basis or support for, any contentions, positions, assertions or beliefs of Citizen
Displays regarding any of the Georgia Pacific factors relating to the determination of a
reasonable royalty, including, without limitation, documents regarding:

(a) any royalty rates paid or received by companies in the liquid crystal display industry for use of patents comparable to the '371 patent;

(b) your licensing policy or policies;

(c) competition in the market for LCD modules;

(d) the effect of products containing the Accused Structure in generating sale of products that do not contain the Accused Structure;

(e) the portion of your realizable profit for LCD modules that could be attributable to the sale of products containing the Accused Structure; and/or

(f) the hypothetical negotiation as described in Georgia Pacific Corp. v. United States Plywood Corp., 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970).

## RESPONSE

Citizen objects to this request on the ground that it is overbroad, unduly burdensome and oppressive. Citizen also objects to this request on the ground that it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege or any other applicable privilege, doctrine or immunity. Citizen further objects to the interrogatory on the ground it is uncertain, overbroad and unduly burdensome to the extent that it requests information with respect to "Accused Structures" and not to specific Citizen models. Plaintiffs have not identified any models that they accuse of infringement. Furthermore, Plaintiffs' definition of "Accused Structures" includes claim terms that have not yet been construed by the Court. Citizen further objects to this request to the extent that it seeks documents related to the sales of products outside the United States and/or that have no relation to the United States. Citizen further objects to this request on the ground that it is premature, to the extent that it improperly seeks the early disclosure of expert opinion.

Subject to and without waiving the foregoing General and Specific objections, Citizen will produce non-privileged documents in its possession, custody or control that are responsive to this request, if any.

## REQUEST NO. 51:

All documents which set forth, on a monthly, quarterly or annual basis from 1998 to the present, income before income taxes for each of the Accused Structures identified in response to Interrogatory No. 1 of Plaintiffs' First Set of Interrogatories, after all expenses directly related to or allocated to the manufacture and sale of the Accused Structure have been accounted for.

## RESPONSE

Citizen incorporates herein by reference each and every objection made in response to Plaintiffs' Interrogatory No. 1. Citizen also objects to this request on the ground that it is overbroad, unduly burdensome and oppressive. Citizen also objects to this request to the extent it seeks trade secrets and other confidential information and/or proprietary information of Citizen and/or seeks information that may be used for improper purposes, without the protection of an executed protective order entered by the Court and binding upon all persons allowed access to such confidential information. Citizen also objects to this request on the ground that it seeks documents that are neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of admissible evidence. Citizen further objects to the interrogatory on the ground it is uncertain, overbroad and unduly burdensome to the extent that it requests information with respect to "Accused Structures" and not to specific Citizen models. Plaintiffs have not identified any models that they accuse of infringement. Furthermore, Plaintiffs' definition of "Accused Structures" includes claim terms that have not yet been construed by the Court. Citizen further objects to this request to the extent that it seeks documents related to the sales of products outside the United States and/or that have no relation to the United States.

Subject to and without waiving the foregoing General and Specific objections, Citizen states that it will produce non-privileged documents in its possession, custody or control that are responsive to this request, if any. In providing this response and in producing documents related thereto, Citizen does not represent or concede, and expressly reserves the right to contest, that any product identified in documents that will be produced contains the Accused Structure within the meaning of these requests, or is otherwise relevant to this action.

## REQUEST NO. 52:

All documents which set forth, on a monthly, quarterly or annual basis from 1998 to the present, net income from the sale of the Accused Structures identified in response to Interrogatory No. 1 of Plaintiffs' First Set of Interrogatories.

## RESPONSE

Citizen incorporates herein by reference each and every objection made in response to Plaintiffs' Interrogatory No. 1. Citizen also objects to this request on the ground that it is overbroad, unduly burdensome and oppressive. Citizen also objects to this request to the extent it seeks trade secrets and other confidential information and/or proprietary information of Citizen and/or seeks information that may be used for improper purposes, without the protection of an executed protective order entered by the Court and binding upon all persons allowed access to such confidential information. Citizen also objects to this request on the ground that it seeks documents that are neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of admissible evidence. Citizen further objects to the interrogatory on the ground it is uncertain, overbroad and unduly burdensome to the extent that it requests information with respect to "Accused Structures" and not to specific Citizen models. Plaintiffs have not identified any models that they accuse of infringement. Furthermore, Plaintiffs' definition of "Accused Structures" includes claim terms that have not yet been construed by the Court. Citizen further objects to this request to the extent that it seeks documents related to the sales of products outside the United States and/or that have no relation to the United States.

Subject to and without waiving the foregoing General and Specific objections, Citizen states that it will produce non-privileged documents in its possession, custody or control that are responsive to this request, if any. In providing this response and in producing documents related thereto, Citizen does not represent or concede, and expressly reserves the right to contest, that any product identified in documents that will be produced contains the Accused Structure within the meaning of these requests, or is otherwise relevant to this action.

## REQUEST NO. 53:

All documents referenced in Citizen Display's [Citizen Watch's] initial disclosures served in the Honeywell actions (C.A. Nos. 04-CV-1337; 04-CV-1338; 04-CV-1536; and 05-CV-874).

**RESPONSE**

Citizen objects to this request on the ground that it is vague and ambiguous as to the term "referenced" and on the ground that it calls for information protected from disclosure by the attorney client privilege, the common interest privilege, the work product doctrine, or any other applicable privilege, doctrine or immunity.

Subject to and without waiving the foregoing General and Specific objections, Citizen states that it will produce non-privileged documents in its possession, custody or control that are responsive to this request, if any.

**REQUEST NO. 54:**

All documents describing or relating to your policies on licensing or cross-licensing technology.

**RESPONSE**

Citizen objects to this request on the ground that it is overbroad, unduly burdensome and oppressive. Citizen also objects to this request on the ground that it seeks documents that are neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of admissible evidence. Citizen also objects to this request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege or any other applicable privilege, doctrine or immunity.

Subject to and without waiving the foregoing General and Specific objections, Citizen will produce non-privileged documents in its possession, custody or control that are responsive to this request.

**REQUEST NO. 55:**

All documents which constitute any joint defense agreements amongst or between you and any other parties in the Honeywell actions (C.A. Nos. 04-CV-1337; 04-CV-1338; 05-CV-874; and 04-CV-1536).

**RESPONSE**

Citizen objects to this request on the ground that it seeks production of documents and things that are neither relevant to the subject matter of this investigation nor reasonably calculated to lead to the discovery of admissible evidence. Citizen further objects to this request to the extent that it calls for information protected from disclosure by the attorney client privilege, the common interest privilege, the work product doctrine, or any other applicable privilege, doctrine or immunity.

**REQUEST NO. 56:**

All documents that you intend to rely on in this proceeding.

**RESPONSE**

Citizen objects to this request on the ground that it is vague, ambiguous, overbroad and unduly burdensome, particularly as to the term "rely," and seeks production of documents and things that are neither relevant to the subject matter of this investigation nor reasonably calculated to lead to the discovery of admissible evidence. Citizen further objects to this request to the extent that it calls for information protected from disclosure by the attorney client privilege, the common interest privilege, the work product doctrine, or any other applicable privilege, doctrine or immunity. Citizen also objects to this request to the extent it seeks trade secrets and other confidential information and/or proprietary information of Citizen and/or seeks information that may be used for improper purposes, without the protection of an executed protective order entered by the Court and binding upon all persons allowed access to such confidential information.

BOUCHARD MARGULES & FRIEDLANDER, P.A.

                    /s/ John M. Seaman
                    David J. Margules (Bar No. 2554)
                    John M. Seaman (Bar No. 3868)
OF COUNSEL:         222 Delaware Avenue, Suite 1400
Stuart Lubitz      Wilmington, DE 19801
David H. Ben-Meir   Tel:    (302) 573-3508
HOGAN & HARTSON, LLP   Fax:    (302) 573-3501
1999 Avenue of the Stars   E-mail:dmargules@bmf-law.com
Suite 1400          E-mail: jseaman@bmf-law.com
Los Angeles, California
90067-6047          *Attorneys for Defendants Citizen Watch Co., Ltd. and
                    Citizen Displays Co., Ltd.*


DATED:  May 19, 2006

# Exhibit

# B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

HONEYWELL INTERNATIONAL INC.           )
and HONEYWELL INTELLECTUAL             )
PROPERTIES INC.,                       )
                                       )
            Plaintiffs,                )
                                       )        C.A. No. 04-1338-KAJ
      v.                               )        (Consolidated)
                                       )
APPLE COMPUTER, INC., et al.,          )
                                       )
            Defendants.                )

## PLAINTIFFS' NOTICE OF RULE 30(b)(6) DEPOSITION OF
## DEFENDANTS CITIZEN WATCH CO., LTD. AND CITIZEN DISPLAYS CO., LTD.

PLEASE TAKE NOTICE that, in accordance with Rules 26, 30(b)(6), and 32 of the

Federal Rules of Civil Procedure, Plaintiffs will take the deposition of Defendants Citizen Watch

Co., Ltd. and Citizen Displays Co., Ltd., through one or more of its officers, directors, managing

agents, or other persons who consent to testify on its behalf and who are most knowledgeable

with respect to the deposition subjects set forth in Schedule A at the time and place as set forth

below.

Said deposition will be taken on January 10, 11, and 12, 2007, at 9:00 a.m. and will be

taken at Morris, Nichols, Arsht & Tunnell LLP, 1201 Market Street, Wilmington, DE 19899-

1347, or at such other time and place as may be agreed to by the parties.  The deposition will

continue until completed as provided in the Federal Rules of Civil Procedure.  The deposition

will be recorded stenographically and byv ideotape.   You are invited to attend and cross-

examine.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Leslie A. Polizoti*

Thomas C. Grimm (#1098)
Leslie A. Polizoti (#4299)
Maria Granovsky (#4709)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
tgrimm@mnat.com
lpolizoti@mnat.com
mgranovsky@mnat.com
  *Attorneys for Honeywell International Inc.*
  *and Honeywell Intellectual Properties Inc.*

OF COUNSEL:

Martin R. Lueck
Matthew L. Woods
Stacie E. Oberts
Michael D. Okerlund
Denise S. Rahne
Peter N. Surdo
Marta M. Chou
ROBINS, KAPLAN, MILLER
  & CIRESI L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN  55402-2015
(612) 349-8500

Anthony A. Froio
Marc N. Henschke
Alan E. McKenna
Jeremy C. McDiarmid
ROBINS, KAPLAN, MILLER
  & CIRESI L.L.P.
111 Huntington Avenue, Suite 1300
Boston, MA  02199
(617) 267-2300

November 14, 2006

## SCHEDULE A

**I.    DEFINITIONS**

1.    The term "communication" means any transmission of thoughts, opinions or information, whether written or oral and including without limitation, letters, memoranda, meetings, discussions, conversations, negotiations, agreements, understandings, inquiries, notes, telegrams, and/or e-mail.

2.    The terms "Plaintiffs" or "Honeywell" shall mean Honeywell International Inc. and Honeywell Intellectual Properties Inc., including officers, agents, employees, and representatives of each entity.

3.    The terms "Citizen," "you," or "your" shall refer to Citizen Watch Co., Ltd. and Citizen Displays Co., Ltd. and include, without limitation, your divisions, subsidiaries, directors, agents, representatives, and employees and any predecessor with an interest.

4.    The term "Complaint" shall mean the Complaint and any amended Complaints filed by Plaintiffs in this action.

5.    The term "Named Defendants" shall mean the defendants named in Honeywell's Complaints and any Amended Complaints in the Honeywell actions (C.A. Nos. 04-CV-1337, 1338, and 05-CV-874).

6.    The term "your corporate organization" shall mean Citizen Watch Co., Ltd. and Citizen Displays Co., Ltd.

7.    The phrase "referring or relating to" as used herein, includes, but is not limited to, the following meanings: bearing upon, concerning, constituting, discussing, describing, evidencing, identifying, in connection with, pertaining to, respecting, regarding, responding to, or in any way logically or factually relevant to the matter described in the request.

8.    The term "Person" shall mean any individual, partnership, incorporated or unincorporated association, and any other legal or commercial entity.

9.    The term "Date" shall mean the exact day, month and year, if ascertainable, or, if not, the best available approximation, including relationship to other events.

10.    The term "Document" shall mean all writings of any kind, including the originals and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise as contemplated by Fed. R. Civ. P. 26 in any form, whether on paper, in electronic form, on microfilm, or otherwise.  Documents generated by another party or non-party and in your possession, custody or control are within the scope of this request.

11.    The term "Identify" when used in reference to a person means to provide the following information:

      a.    Full name;

      b.    Present or last known address; and

      c.    Present or last known telephone number.

12.    The terms "'371 patent" and "patent-in-suit" shall mean United States Patent No. 5,280,371 entitled "Directional Diffuser For A Liquid Crystal Display."

13.    The term "LCD Modules" shall mean liquid crystal display modules.

14.    The terms "Accused Module" or "Accused Modules" shall mean those LCD modules identified by Honeywell in its Response No. 1 to Citizen Watch Co., Ltd. and Citizen Displays Co., Ltd.'s First Set of Interrogatories (No. 1-9) (and any and all  generations or variations of those modules and/or substantially similar modules) that were made, used, sold or offered for sale in, or imported into, the United States by you at any time from October 1998 to the present.

15.    The term "lighting components" shall include any and all components of your Accused Modules used to illuminate the LCD panel, and include without limitation backlight units, lamps, LEDs, reflectors, diffusers, polarizers, light pipes/wedges, prismatic/lenticular films and combinations thereof.

## II.    TIME PERIOD

16.    Unless otherwise specifically noted, these deposition topics cover the time period October 1998 to present.

## III.    RULE 30(b)(6) TOPICS

### Citizen Watch Co., Ltd. and Citizen Displays Co., Ltd.'s General Entity Information

1.    Your corporate organization and structure, including the identity of departments, affiliates, groups and individuals with decision-making authority regarding the design, manufacture and distribution of LCD modules.

### Citizen Watch Co., Ltd. and Citizen Displays Co., Ltd.'s LCD Modules

2.    All communications between you and any third party regarding Honeywell's claims of infringement of the '371 Patent including, but not limited to any formal and/or informal discussions between you and any third party relating to any request to be defended against Honeywell's claims of infringement.

3.    The circumstances under which you began manufacturing and/or offering for sale LCD modules with two lenticular and/or prismatic films, including but not limited to a description of the technical and marketing reasons for such development.

4.    For each of the Accused Modules, from the date of their first manufacture to the present:

3

a.    the manner in which you identify each such Accused Module, including but not limited to any alphanumeric, model number or other label used to identify each such module;

b.    any and all generations or variations of such Accused Module, including the criteria used to identify generational modules;

c.    the operation and configuration of all lighting components of each accused module, particularly including but not limited to: the presence of lenticular and/or prismatic films and/or structures; the orientation of such structures with regard to the LCD panel and the reasons for such orientation;

d.    the extent to which your customers or intended customers participated in the design of each such Accused Module, including the identification of any design ideas or changes provided by such customers or intended customers;

e.    to the extent you only assemble, but do not manufacture any lighting component used in such module, an identification of where you obtain such component parts including without limitation who manufactures and supplies lenticular and/or prismatic films used in such Accused Module; and

f.    the identification by Bates ranges and the authentication of the technical documents and specifications related to your Accused Modules produced in response to Honeywell's Requests for Production of Documents.

4

5.      Any and all efforts undertaken by or at your direction to investigate whether any LCD Module manufactured, assembled and/or sold by you may infringe the '371 patent, including but not limited to obtaining opinions of counsel and all facts that support your assertion that any Accused Modules manufactured by you do not infringe the '371 patent.

6.      The date upon and circumstances under which you first learned of the existence of the '371 patent.

7.      Your knowledge of, and experiences with, any of the named inventors of the '371 patent and their body of work, including but not limited to your consideration of the subject matter of the presentation entitled "Directional Diffuser Lens Array for Backlit LCDs" given at or about the Japan Display SID Conference in October 1992.

8.      Consideration, development and implementation of any alternative design(s) for your Accused Modules relating to different angles of rotation for any lenticular and/or prismatic structures contained thereon; and/or relating to the use of two such structures as opposed to any other number.

**Citizen Watch Co., Ltd. and Citizen Displays Co., Ltd.'s Accounting and Financial Reporting Methods**

9.      Citizen's accounting and financial reporting standards, systems, and methods.

10.      The method and/or procedure for gatheringthe  data used to calculate and/or compute gross revenue, net revenue, cost of revenue, gross margin, selling, general, administrative and other expenses, income before income taxes and net income on a monthly, quarterly, and annual basis or any other timeframe Citizen regularly keeps records for its sales.

**Citizen Watch Co., Ltd. and Citizen Displays Co., Ltd.'s Distribution, Sale and Marketing of Accused Products**

11.    For each Accused Module, from the date of its first sale to the present:

    a.    the projected and actual sales revenue generated by month, quarter and year;

    b.    the projected and actual sales expenses or cost of sales incurred by month, quarter and year; and

    c.    the projected and actual profits and profit margins generated and how profit is calculated.

12.    The:

    a.    process by which Citizen distributes and sells its LCD Modules, including without limitation a description of the channel(s) of distribution utilized by Citizen;

    b.    markets in the United States and worldwide for Citizen's LCD Modules; and

    c.    process by which Citizen markets or promotes the sale of its LCD Modules in the United States and worldwide, including any and all advertising or promotional materials and/or campaigns.

13.    The target market and/or customer base for Citizen's LCD Modules, and the reason(s) why Citizen targets this market and/or customer base, including without limitation any and all advertising, marketing and/or promotional efforts Citizen has undertaken or considered undertaking relating to the Accused Modules.

6

14.     Citizen's policy and marketing program for maintaining their patent monopolies by not licensing others to use their inventions or by granting licenses under special conditions designed to preserve that monopoly.

15.     Citizen's policies and practices for the negotiation of royalty or license agreements for the use of patented technology, including without limitation, licensing of third party technology for Citizen's use, the licensing of Citizen's technology to third parties, and the cross licensing of technologies.

16.     Citizen's license agreements, including the terms and conditions of such license agreements, related to consumer electronics entered into by Citizen.

17.     Royalty or license fees received or paid by Citizen's from October 1998 to the present for any non-consumer license.

18.     Any analysis of Citizen's domestic and foreign market share from October 1998 to the present, including but not limited to, the size of the markets and expected growth in the markets, prices in the markets, supply and demand in the markets, competition and expected future competition in the markets, and factors that might influence the markets.

19.     Citizen's pricing and pricing policies and strategy for the sale of each of the Accused Modules.

20.     The effect of selling the Accused Modules in promoting the sale of other products of Citizen, including but not limited to the existing value of the Accused Modules as a generator of sales of other items, and the extent of such derivative or convoyed sales.

21.     Information and documents relied on or reviewed by the corporate representative(s) for purposes of becoming knowledgeable about the topics set forth in this Schedule A.

22.    Citizen's document retention policies from October 1998 to the present.

## CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send notification of such filing to the following: John R. Alison, Parker H. Bagley, Robert J. Benson, Robert Karl Beste, III, Elizabeth L. Brann, Christopher E. Chalsen, Hua Chen, Arthur G. Connolly, III, Frederick L. Cottrell, III, Francis DiGiovanni, Thomas M. Dunham, Kevin C. Ecker, Amy Elizabeth Evans, York M. Faulkner, Maria Granovsky, Christopher J. Gaspar, Alexander E. Gasser, Alan M. Grimaldi, Thomas C. Grimm, Thomas Lee Halkowski, AngieHankins , Richard L. Horwitz, Dan C. Hu, John T. Johnson, Robert J. Katzenstein, Nelson M. Kee, Richard D. Kelly, Matthew W. King, Stephen S. Korniczky, Gary William Lipkin, Hamilton Loeb, Robert L. Maier, David J. Margules, David Ellis Moore, Carolyn E. Morris, Arthur I. Neustadt, Elizabeth A. Niemeyer, Andrew M. Ollis, Karen L. Pascale, Adam Wyatt Poff, Leslie A. Polizoti, John F. Presper, Alana A. Prills, Steven J. Rizzi, Lawrence Rosenthal, Avelyn M. Ross, Philip A. Rovner, Diana M. Sangelli, Robert C. Scheinfeld, Carl E. Schlier, Chad Michael Shandler, John W. Shaw, Matthew W. Siegal, Neil P. Sirota, Monte Terrell Squire, William J. Wade, Roderick B. Williams, Edward R. Yoches.

I further certify that on November 14, 2006, I caused to be served true and correct copies of the foregoing on the following in the manner indicated:

**BY HAND & E-MAIL:**

John W. Shaw
Monte T. Squire
YOUNG CONAWAY STARGATT
  & TAYLOR LLP
1000 West Street, 17th Floor, P.O. Box 391
Wilmington, DE  19899-0391

*Attorneys for Sony Corporation*

William J. Wade
RICHARDS LAYTON & FINGER
One Rodney Square
P.O. Box 551
Wilmington, DE  19899-0551

*Attorneys for Arima Display Corporation*

Karen L. Pascale
YOUNG CONAWAY STARGATT
  & TAYLOR, LLP
The Brandywine Building, 17th floor
1000 West Street
Wilmington, DE  19801

*Attorneys for Optrex America, Inc.*

Philip A. Rovner
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE  19899

*Attorneys for Fuji Photo Film Co., Ltd.
and Fuji Photo Film U.S.A., Inc.*

Thomas L.Halkows ki
FISH & RICHARDSON P.C.
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE  19899-1114

*Attorneys for Casio Computer Co., Ltd.*

David J. Margules
John M. Seaman
BOUCHARD MARGULES
  & FRIEDLANDER, P.A.
222 Delaware Ave., Suite 1400
Wilmington DE 19801

*Attorneys for Citizen Watch Co., Ltd.
and Citizen Displays Co., Ltd.*

Robert J. Katzenstein
Robert Karl Beste, III
SMITH, KATZENSTEIN
  & FURLOW LLP
800 Delaware Avenue, 7th Floor
P.O. Box 410
Wilmington, DE  19899

*Attorneys for Seiko Epson Corporation*

Daniel V. Folt
Gary W. Lipkin
DUANE MORRIS LLP
1100 North Market Street, 12th Floor
Wilmington, DE  19801-1246

*Attorneys for InnoLux Display Corporation*

Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899

*Attorneys for Hitachi Displays, Ltd., Toppoly
Optoelectronics Corp., Koninklijke Philips
Electronics N.V., Philips Electronics North
America Corp., Wintek Corp., Wintek
Electro-Optics Corporation, Samsung SDI
America, Inc. and Samsung SDI Co., Ltd.*

**BY E-MAIL:**

Robert C. Scheinfeld
Neil P. Sirota
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, NY 10112
robert.scheinfeld@bakerbotts.com

*Attorneys for Hitachi Displays, Ltd.*

Andrew M. Ollis
OBLON, SPIVAK, McCLELLAND,
  MAIER & NEUSTADT, P.C.
1940 Duke Street
Alexandria, VA 22314
aollis@oblon.com

*Attorneys for Optrex America, Inc.*

3

Elizabeth A. Niemeyer
FINNEGAN, HENDERSON,
  FARABOW, GARRETT
  & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, DC 20001
elizabeth.niemeyer@finnegan.com

York M. Faulkner
FINNEGAN, HENDERSON,
  FARABOW, GARRETT
  & DUNNER, L.L.P.
11955 Freedom Drive
Reston, VA 20190
york.faulkner@finnegan.com

*Attorneys for Toppoly Optoelectronics,
Wintek Corp. and Wintek Electro-Optics
Corporation*

John T. Johnson
FISH & RICHARDSON P.C.
Citigroup Center - 52nd Floor
153 East 53rd Street
New York, NY 10022-4611
HONEYWELL-FR@fr.com

*Attorneys for Casio Computer Co., Ltd.*

John Flock
KENYON & KENYON
One Broadway
New York, NY 10004-1050
jflock@kenyon.com

*Attorneys for Sony Corporation*

Stephen S. Korniczky
Elizabeth L. Brann
PAUL, HASTINGS, JANOFSKY
  & WALKER LLP
3579 Valley Centre Drive
San Diego, CA 92130
stephen.korniczky@paulhastings.com

Hamilton Loeb
PAUL, HASTINGS, JANOFSKY
  & WALKER LLP
875 15th Street, N.W.
Washington, DC 20005
hamiltonloeb@paulhastings.com

*Attorneys for Samsung SDI Co., Ltd.
and Samsung SDI America, Inc.*

Alan M. Grimaldi
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004-2401
grimaldia@howrey.com

*Attorneys for Koninklijke Philips Electronics
N.V., and Philips Electronics North America
Corporation*

Stuart Lubitz
HOGAN & HARTSON LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
slubitz@hhlaw.com

*Attorneys for Seiko Epson Corporation, Citizen
Watch Co., Ltd. and Citizen Displays Co., Ltd.*

4

Lawrence Rosenthal
Matthew W. Siegal
STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY 10038-4982
msiegal@stroock.com

*Attorneys for Fuji Photo Film Co., Ltd.
and Fuji Photo Film U.S.A., Inc.*

Donald R. McPhail
DUANE MORRIS LLP
1667 K Street, N.W., Suite 700
Washington, DC 20006
drmcphail@duanemorris.com

*Attorneys for InnoLux Display Corporation*

Dan C. Hu
TROP PRUNER & HU, P.C.
1616 South Voss Road
Suite 750
Houston, TX 77057-2631
hu@tphm.com

*Attorneys for Arima Display Corporation*

/s/ Leslie A. Polizoti

Leslie A. Polizoti (#4299)
lpolizoti@mnat.com

545530

5

# Exhibit

# C

# EXHIBIT C
# REDACTED IN ITS
# ENTIRETY