

**Potter
Anderson
& Corroon** LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984-6000

www.potteranderson.com

**David E. Moore**
Attorney at Law
dmoore@potteranderson.com
302 984-6147 Direct Phone
302 658-1192 Fax

July 18, 2008

**VIA ELECTRONIC FILING**

The Honorable Vincent J. Poppiti
Blank Rome LLP
Chase Manhattan Centre, Suite 800
1201 North Market Street
Wilmington, DE 19801

    Re:    <u>Honeywell International, Inc., et al. v.
           Apple Computer, Inc., et al., C.A. No. 04-1338-JJF (Consolidated)</u>

Dear Judge Poppiti:

    Concerning the status of Nikon and Honeywell's discussions regarding information sufficient to result in a stipulated dismissal of the Nikon Defendants from this litigation, the following is provided.[1]

    As reported in the hearing on June 23rd, counsel for Nikon (Barry Graham and Darren Jiron) and counsel for Honeywell (Messrs. Woods and White) held a meet and confer. On July 15th, Mr. Graham participated in the "global" meet and confer between the Affected Customer Defendants and Honeywell and subsequently, Mr. Woods and Mr. Graham have swapped voice mail messages regarding an offer made on behalf of Nikon at the July 15th meet and confer. Nikon is awaiting Mr. Woods response to counsel's call and is hopeful that he will accept the offer.

    As explained at the June 23rd hearing with Your Honor, Nikon informed Honeywell's counsel that counsel for the LCD suppliers have informed it that the LCDs they supply for the accused Nikon cameras are covered by licenses with Honeywell. (Regarding the LCDs in the accused Nikon cameras, they are supplied by Casio to Sanyo and by Sanyo to Sanyo for inclusion in Sanyo-manufactured Nikon cameras.) As a result of the LCDs in the Nikon cameras being covered by the Honeywell licenses, Nikon has asked Honeywell's counsel to dismiss the

---

[1] There are widespread differing positions being taken between Honeywell and individual Defendants, making a single five page brief difficult to obtain. Nikon has offered Honeywell a plan extremely close to what Honeywell is requesting. In light of this, Nikon is submitting this letter on its own. Nikon understands that other Defendants are doing the same.

The Honorable Vincent J. Poppiti
July 18, 2008
Page 2

Nikon Defendants from this litigation. However, Honeywell's counsel seeks the following from Nikon without any assurances that compliance with Honeywell's requests will result in Honeywell's taking action to dismiss Nikon:

1. A declaration from Nikon confirming the accuracy of Nikon's list of cameras with LCDs which includes the camera and the LCD suppliers for each camera, which list was previously provided to Honeywell's counsel by Nikon's counsel, stating as well the manner in which Nikon searched for "relevant" LCD modules;

2. A declaration from Nikon confirming that Nikon does not use or purchase LCD modules from Samsung SDI or Optrex; and

3. Declarations obtained by Nikon from Casio and from Sanyo with sufficient information in them showing that the LCD modules in question are, in fact, covered by the applicable Honeywell license.

At the July 15th meet and confer, Mr. Graham told Honeywell's counsel that he would recommend the following to Nikon if Honeywell agreed to the package as a whole, the package being as follows.

With regard to item #1, Nikon would provide a declaration confirming the accuracy of the list of Nikon cameras and the LCD information. However, Nikon does not believe the manner in which Nikon searched for "relevant" LCD modules is relevant or necessary to Nikon's dismissal efforts.

Regarding item #2, Nikon does not believe the information sought is relevant to this dismissal effort; however, Nikon would provide the declaration.

With regard to item #3, Nikon believes that Honeywell, as plaintiff pursuing claims of infringement, should bear the burden of ensuring that its claims against Nikon still have a Rule 11 basis despite the fact that all of the LCD suppliers for the accused Nikon cameras have been licensed by Honeywell itself and have been dismissed from this litigation. However, in an effort to resolve this and obtain the dismissal for Nikon, Nikon would obtain the Casio and the Sanyo contact for Honeywell's counsel to confer with to obtain the declarations Honeywell seeks. As expressed before, Nikon does not want to be in the middle of this and have to obtain declarations from the suppliers only to find that Honeywell finds them insufficient. In fact, Nikon has already approached the relevant suppliers, Casio and Sanyo, and requested that they provide the declarations sought by Honeywell. Thus, the only difference on item #3 is who will obtain the declarations from Casio and Sanyo. Since Honeywell negotiated the licenses and knows them best and since Nikon did not work with the suppliers regarding the LCDs supplied to Sanyo (by Casio and by Sanyo) for the Sanyo-made, accused Nikon cameras, Honeywell is in the best position to obtain the declaration, not Nikon.

The Honorable Vincent J. Poppiti
July 18, 2008
Page 3

      Thus, at this point in the dismissal process, Nikon looks forward to hearing from Honeywell on the offer made on July 15th and to the prompt stipulated dismissal of the Nikon Defendants from this litigation.

                              Respectfully,

                              */s/ David E. Moore*

                              David E. Moore

DEM/msb
874871 / 28576

cc:     Clerk of the Court (via hand delivery)
        All Counsel of Record (via electronic mail)