

**Potter Anderson & Corroon LLP**

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984-6000

www.potteranderson.com

**David E. Moore**
Attorney at Law
dmoore@potteranderson.com
302 984-6147 Direct Phone
302 658-1192 Fax

July 18, 2008

**VIA ELECTRONIC FILING**

The Honorable Vincent J. Poppiti
Blank Rome LLP
Chase Manhattan Centre, Suite 800
1201 North Market Street
Wilmington, DE 19801

    Re:    **Honeywell International, Inc., et al. v. Apple Computer, Inc., et al., C.A. No. 04-1338-JJF (Consolidated)**

Dear Judge Poppiti:

Concerning the status of Dell and Honeywell's discussions regarding information sufficient to result in a stipulated dismissal of the Dell from this litigation, the following is provided.

Counsel for Dell has asked Honeywell's counsel to dismiss Dell from this litigation. However, Honeywell's counsel seeks the following from Dell without any assurances that compliance with Honeywell's requests will result in Honeywell's taking action to dismiss Dell:

1. A declaration from Dell verifying the manufacturers of Dell's accused products and stating the manner in which Dell searched for to retrieve this information;

2. A declaration from Dell confirming that Dell does not use or purchase LCD modules from Samsung SDI or Optrex; and

3. A declaration obtained by Dell from its manufacturers with sufficient information in them showing that Dell's accused products are, in fact, covered by the applicable Honeywell license.

With regard to item #1, Dell would agree to provide a declaration verifying the manufacturers of the accused LCD modules in Dell's accused products. However, Dell does not believe the manner in which Dell searched for this information is relevant or necessary.

Regarding item #2, Dell does not believe the information sought is relevant to this dismissal effort or that this discovery should be Dell's burden. Nonetheless, counsel will check with Dell to see if they use any modules from Samsung SDI or Optrex;

The Honorable Vincent J. Poppiti
July 18, 2008
Page 2

      With regard to item #3, Dell believes that Honeywell, as plaintiff pursuing claims of infringement, should bear the burden of ensuring that its claims against Dell still have a Rule 11 basis despite the fact that all of the manufacturers of the LCD's in the accused Dell products have been licensed by Honeywell itself and have been dismissed from this litigation. Like Nikon, Dell does not want to get in the middle of this and have to obtain declarations from manufacturers only to find that Honeywell finds them insufficient. However, in an effort to resolve this and obtain the dismissal for Dell, Dell is willing to ask its manufacturers to contact Honeywell to work with them to provide the assurances Honeywell seeks. Thus, the only difference on item #3 is who will obtain the declarations Honeywell seeks. Since Honeywell negotiated the licenses and knows them best, Honeywell is in the best position to obtain the declarations, not Dell.

      At this point in the process, Dell looks forward to its prompt dismissal from this litigation.

Respectfully,

*/s/ David E. Moore*

David E. Moore

DEM/msb
874964 / 28596

cc:    Clerk of the Court (via hand delivery)
        All Counsel of Record (via electronic mail)