**Duane Morris®**

FIRM and AFFILIATE OFFICES

NEW YORK
LONDON
SINGAPORE
LOS ANGELES
CHICAGO
HOUSTON
HANOI
PHILADELPHIA
SAN DIEGO
SAN FRANCISCO
BALTIMORE
BOSTON
WASHINGTON, DC
LAS VEGAS
ATLANTA
MIAMI
PITTSBURGH
NEWARK
BOCA RATON
WILMINGTON
PRINCETON
LAKE TAHOE
HO CHI MINH CITY

D. JOSEPH ENGLISH
DIRECT DIAL: 202.776.5228
PERSONAL FAX: 202.478.0667
*E-MAIL:* DJEnglish@duanemorris.com

*www.duanemorris.com*

July 18, 2008

**THIS DOCUMENT HAS BEEN REDACTED**

The Honorable Vincent J. Poppiti
Blank Rome LLP
1201 Market Street, Suite 800
Wilmington, Delaware 19801-2535

Re:   Honeywell International Inc., et al. v. Apple Computer, Inc., et al.
      C.A. No. 04-1338 KAJ (consolidated)

Dear Judge Poppiti:

Pursuant to the direction of Your Honor during the June 23, 2008 status conference, Audiovox Communications Corp. ("Audiovox") submits this letter addressing Honeywell's contention that additional information is required to dismiss Audiovox from this case. Audiovox submits that Honeywell is in possession of all the information it needs in order to dismiss Audiovox from this case, and thus no protocol is necessary for additional discovery.

I.   **Background**

At one time, Audiovox had a communications business wherein Audiovox purchased phones manufactured by others for resale under the Audiovox brand. Audiovox sold that business in 2004, and has not sold any product containing an LCD module since that time. At no time did Audiovox manufacture LCD modules or purchase LCD modules for incorporation into completed end products.

In the early stages of this case in 2005, Judge Jordan ordered the parties to reconfigure the case so that the manufacturers of the LCD modules contained in the devices accused by Honeywell of infringing the patent-in-suit could defend Honeywell's claims against their products. The sole accused Audiovox product identified by Honeywell was the model PPC4100 phone. Audiovox advised Honeywell in October 2005 that the model PPC4100 phone was purchased by Audiovox from Wistron Corporation ("Wistron"). Shortly thereafter, Honeywell added Wistron as a defendant in an amended complaint. The case against Audiovox was then stayed.

DuaneMorris

The Honorable Vincent J. Poppiti
July 18, 2008
Page 2

Honeywell subsequently dismissed Wistron from the case. In connection with the dismissal of Wistron, Wistron submitted an affidavit

**REDACTED**

was a co-defendant in this consolidated litigation and was dismissed from the case after entering into a Settlement And Release Agreement with Honeywell.

II. **Statement of Facts**

A. The sole accused Audiovox product is "Phone model 4100" (Exhibit A).

B. The model PPC4100 phone was supplied to Audiovox by Wistron Corporation **REDACTED**

C. The only product sold by Wistron to Audiovox was the PPC4100 phone, and the LCD modules contained in each of the PPC4100 phones sold to Audiovox were purchased by Wistron : **REDACTED**

D. Honeywell entered into a Settlement And Release Agreement (the "Agreement") **REDACTED** wherein
**REDACTED**

E. To the extent that the sale of the LCD modules contained in the model PPC4100 phones constitute infringement of the patent-in-suit, the LCD modules are
**REDACTED**

III. **Honeywell Possesses The Information Required To Dismiss Audiovox**

Honeywell needs no further information to determine that Audiovox should be dismissed from this case. Indeed, all claims of infringement of the patent-in-suit by Honeywell arising from Audiovox's sale of the accused phones have been released by Honeywell in the Agreement between Honeywell and **REDACTED**

Honeywell has accused Audiovox of infringing the patent-in-suit by the sale of the model PPC4100 phone (Fact A). Each of the model PPC4100 phones sold by Audiovox contained an LCD module manufactured by **REDACTED** If the sales of the LCD modules contained in the model PPC4100 phones constitute an infringement of the patent-

DuaneMorris

The Honorable Vincent J. Poppiti
July 18, 2008
Page 3

in-suit but for the rights granted to **REDACTED** under the agreement, then the LCD modules are **REDACTED** under the definition of that term in Section    of the Agreement

**REDACTED**

Despite Audiovox's requests, Honeywell has raised no specific reason why the information in its possession is not sufficient to dismiss Audiovox. Accordingly, Audiovox should be dismissed from this case without further expense incurred, as Honeywell is in possession of all the information it needs to dismiss Audiovox.

Very truly yours,

/s/ D. Joseph English

D. Joseph English

DJE/jks
cc:   Counsel of Record (by e-filing and email)

DM2\1512469.1

# EXHIBIT A

**ROBINS, KAPLAN, MILLER & CIRESI** L.L.P.

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
TEL: 612-349-8500 FAX: 612-339-4181
www.rkmc.com

ATTORNEYS AT LAW

MATTHEW L. WOODS
612-349-8272

May 27, 2005

<u>Via E-Mail</u>

ALL COUNSEL OF RECORD

Re: Honeywell International Inc., et al. v. Audiovox Communications Corp., et al.
Civil Action No. 04-1337 (KAJ)
Honeywell International Inc., et al. v. Apple Computer, Inc., et al.
Civil Action No. 04-1338 (KAJ)
Optrex America, Inc. v. Honeywell International Inc., et al.
Civil Action No. 04-1536 (KAJ)
Our File No. 019896-0229

Dear Counsel:

As you know, since November of 2004, Honeywell has always identified the bases for its infringement claim in response to requests from individual defendants. As a result, Honeywell was dismayed when the defendants represented to the Court that Honeywell had not "stepped up" and informed them which products were being accused of infringement. In order to avoid any further inaccuracies in the record, we thought it would be worthwhile to consolidate the information previously provided to individual defendants in one global letter to all defendants. For many parties, the information below is redundant of information already provided. Given the Court's direction that the case be reconfigured as a case against the LCD Module Suppliers, we have also identified specific LCD module models, where such information is available.

Viewed from the perspective of the end product manufacturers, Honeywell has confirmed that the following products practice at least Claim 3 of the '371 patent, and, if not licensed, infringe that patent:

**Apple**: Notebook models Powerbook G4, i book G4 12-inch.

**Argus**: Camera models DC3640, DC3520, DC1730.

**ACC**: Phone model 4100.

ALL COUNSEL OF RECORD
May 27, 2005
Page 2

**AEC**: DVD player model D1210.

**Casio**: Portable television models EV680, EV570, and SY30C; PDA model EG800.

**Concord**: Camera model 4360z.

**Dell**: Notebook models Inspiron 8600, PP02X, Inspiron I8000 PP01, Inspiron 600M, Inspiron 700M, Inspiron 9200.

**Fuji**: Camera models A210, S3000.

**Fujitsu**: Notebook models Lifebook N5010, Lifebook P1120.

**Kodak**: Camera models CX 6230, DX 4530, Easy-Share CX 4230.

**Kyocera**: Phone models Kyocera 7135, KX 414, SE47; Camera model SL300R.

**Matsushita**: Phone models G51M, X70; Notebook model Toughbook Y2.

**Navman**: Portable navigation devices PiN Pocket PC, iCN510 Pocket PC.

**Nikon**: Camera models Coolpix 2100, Coolpix 3100.

**Nokia**: Phone models 3650, 3600, 3620, 3660, NGage QD, 6600, 6620, NGAGE.

**Olympus**: Camera models C740UZ, Stylus 300.

**Pentax**: Camera models OptioS4i, OptioS40.

**Sanyo**: Phone models SCP 7300, SCP 8100, SCP 5500.

**Sony**: PDA models PEG-TJ27, PEG SJ33, DSCP32; Notebook model PCG-TR3A, PCGV505EX; DVD models DVP-FX700, MV7101DS, MV65ST; Camera models DSCP72, FD83.

**Sony Ericsson**: Phone model Z200.

**Toshiba**: PDA model E805; Notebook models M205S810, P25S520; DVD model SD P2500.

\* \* \*

ALL COUNSEL OF RECORD
May 27, 2005
Page 3

Viewed from the perspective of the LCD module suppliers, Honeywell has confirmed that the following LCD modules practice at least Claim 3 of the '371 patent, and, if not licensed, infringe that patent:

**ArimaDisplay**: part number MC16G03A.

**AU**: part numbers A015AN02, A015AN03, B121EW01.

**Casio**: part numbers 3L15DD052741, 3Y0325721, 3H16ACB000374, 4B 18CXD007 147, 4A16AWB725030, 3L16ARD009138, 3E16ZB109369, 9H25AEB27418, 3D16RD150663, 4D25ADN02731.

**CPT**: part number CLAA150XH01.

**Seiko Epson**: part numbers 2F0145P00, CV90-1216-01, L2F0011 S5, L2F50011, L2F500..., L2F50126.

**GiantPlus**: part number 30703941.

**Hannstar**: part number HSD150PX11-B.

**Hitachi**: part numbers 05D97VMB42H, 05D96VMR42T, 05D97VMB415, TX39D89VC1FAA, TX06D16M1EA4, TX41D97VC1HAA.

**ID Tech**: part numbers AXG01A, N141X7-L04, N150X4-L01.

**LG Phillips**: part numbers LB070W02, LP154W01, LP150X08, LP171W01, LP171W02.

**NEC**: part numbers NL2432HC22-23B, 35FF007-A.

**Optrex**: part numbers F-51629, F51719AA.

**Panasonic**: part number EDTCA32QSF.

**Quanta**: part numbers QD141X1LH03, QD141X1LH12, QD14FLL07, QD15XL06.

**Samsung**: part numbers LTN152W5-L02, LTN154X1-L01, LTS350Q1-PE1, LTN154X1-L02, LTN170WX-L03, LTN154P1.

**Samsung SDI**: part numbers LJ41-02032A, LJ41-01753A.

**Sanyo**: part numbers 127CLXD, 127CLXD 345F06E, 127CLXE 329A05A, 127CLXE.

ALL COUNSEL OF RECORD
May 27, 2005
Page 4

**Sharp**: part numbers LS015A3GS03, LS040V7DD02, LQ106K1LA01, LQ154M1LW02, LQ121X1LS30, LM15SGFNZ07, LS021B8UB03A, LS021B8UB02G, LS021BU803A, RLC0048AFZZ, LQ150U1H22, LS040V7DD01, LQ154M1LM02.

**ST-LCD**: part numbers ACX507ALQ-2(A), ACX507ALZ-2, ACX316AKM-8, ACX509AKM-7, ACX313EKM-7, ACX309AKB-2.

**TM-Display**: part numbers LTD121KM1K, LTM09C362, LTD121EA4XY, TFD70W82A, LTM09C362E, LTP234QV-C01, LTD-141EM3M, LTM10C320S, LTD121EA41, LTD121KAOS, LTM09C362V.

**Toppoly**: part number TD035SHEB4.

**Wintek**: part number 3Y0325721.

**Unknown LCD module supplier(s)**: part numbers A0367104-A7, LP8745A, AA01B 0463T1-D0, CV90-13161-01B, LP8658-B, GML0385A.

\* \* \*

Given what appears to be widespread infringement throughout the industry, Honeywell reasonably believes that these two lists are by no means a comprehensive list of infringing products for any party. Honeywell's infringement assertion against the parties in the above referenced actions relates to all portable electronic devices manufactured or sold by individual parties that contain LCD modules which practice the claimed invention or, in the case of module suppliers, those infringing LCD modules themselves. Suffice it to say that any and all products which use the LCD modules identified above, or any similar module (e.g., a light source, an LCD panel and two lens arrays, one of which is misaligned) will be the subject of Honeywell's infringement claim.

Information regarding additional infringing products manufactured or sold by the parties in these actions will be identified during the discovery phase of this litigation after the defendants have provided information regarding their product lists and the components used in those products.

Very truly yours,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

Matthew L. Woods/ms

Matthew L. Woods

MLW/ms

ALL COUNSEL OF RECORD
May 27, 2005
Page 5

c:    Martin R. Lueck
      Thomas G. Grimm (via e-mail)
      Steven J. Balick (via e-mail)

# EXHIBIT B

## Has Been Redacted in Total

# EXHIBIT C

## Has Been Redacted in Total