# YOUNG CONAWAY STARGATT & TAYLOR, LLP

BEN T. CASTLE
SHELDON N. SANDLER
RICHARD A. LEVINE
RICHARD A. ZAPPA
FREDERICK W. IOBST
RICHARD H. MORSE
DAVID C. MCBRIDE
JOSEPH M. NICHOLSON
CRAIG A. KARSNITZ
BARRY M. WILLOUGHBY
ANTHONY G. FLYNN
JEROME K. GROSSMAN
EUGENE A. DIPRINZIO
JAMES L. PATTON, JR.
ROBERT L. THOMAS
WILLIAM D. JOHNSTON
TIMOTHY J. SNYDER
BRUCE L. SILVERSTEIN
WILLIAM W. BOWSER
LARRY J. TARABICOS
RICHARD A. DILIBERTO, JR.
MELANIE K. SHARP
CASSANDRA F. ROBERTS
RICHARD J.A. POPPER
TERESA A. CHEEK
NEILLI MULLEN WALSH
JANET Z. CHARLTON

ROBERT S. BRADY
JOEL A. WAITE
BRENT C. SHAFFER
DANIEL P. JOHNSON
CRAIG D. GREAR
TIMOTHY JAY HOUSEAL
MARTIN S. LESSNER
PAULINE K. MORGAN
C. BARR FLINN
NATALIE WOLF
LISA B. GOODMAN
JOHN W. SHAW
JAMES P. HUGHES, JR.
EDWIN J. HARRON
MICHAEL R. NESTOR
ROLIN P. BISSELL
SCOTT A. HOLT
JOHN T. DORSEY
M. BLAKE CLEARY
CHRISTIAN DOUGLAS WRIGHT
DANIELLE GIBBS
JOHN J. PASCHETTO
NORMAN M. POWELL
ELENA C. NORMAN
EDMON L. MORTON
JOHN E. TRACEY

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(800) 253-2234 (DE ONLY)
FAX: (302) 571-1253

110 WEST PINE STREET
P.O. BOX 594
GEORGETOWN, DELAWARE 19947
(302) 856-3571
(800) 255-2234 (DE ONLY)
FAX: (302) 856-9338

WWW.YOUNGCONAWAY.COM

DIRECT DIAL: 302-571-6743
DIRECT FAX: 302-576-3517
alundgren@ycst.com

JOSEPH M. BARRY
RYAN M. BARTLEY
SEAN M. BEACH
DONALD J. BOWMAN, JR.
MICHELE SHERRETTA BUDICAK
JEFFREY T. CASTELLANO
DOUGLAS T. COATS (MD ONLY)
KARA HAMMOND COYLE
KRISTEN SALVATORE DEPALMA
MARGARET M. DIBIANCA
MARY F. DUGAN
ERIN EDWARDS
KENNETH J. ENOS
KERRIANNE MARIE FAY
JAMES J. GALLAGHER
WILLIAM E. GAMGORT
SEAN T. GREECHER
NATHAN D. GROW
STEPHANIE L. HANSEN
JAMES L. HIGGINS
PATRICK A. JACKSON
DAWN M. JONES
KAREN E. KELLER
JENNIFER M. KINKUS
EDWARD J. KOSMOWSKI

SPECIAL COUNSEL
JOHN D. MCLAUGHLIN, JR.
KAREN L. PASCALE
SETH J. REIDENBERG
PATRICIA A. WIDDOSS

EVANGELOS KOSTOULAS
JOHN C. KUFFEL
TIMOTHY E. LENGKEEK
ANDREW A. LUNDGREN
MATTHEW B. LUNN
ADRIA B. MARTINELLI
KATHALEEN MCCORMICK
MICHAEL W. MCDERMOTT
TAMMY L. MERCER
MARIBETH L. MINELLA
D. FON MUTTAMARA-WALKER
MICHAEL S. NEIBURG
(PA & NJ ONLY)
JENNIFER R. NOEL
ADAM W. POFF
ROBERT F. POPPITI, JR.
SARA BETH A. REYBURN
CHERYL A. SANTANIELLO
MONTÉ T. SQUIRE
MICHAEL P. STAFFORD
RICHARD J. THOMAS
TRAVIS N. TURNER
MARGARET B. WHITEMAN
SHARON M. ZIEG

SENIOR COUNSEL
CURTIS J. CROWTHER

OF COUNSEL
BRUCE M. STARGATT
STUART B. YOUNG
EDWARD B. MAXWELL, 2ND
JOSY W. INGERSOLL

July 18, 2008

<u>**HIGHLY CONFIDENTIAL – OUTSIDE TRIAL COUNSEL'S
EYES ONLY, PURSUANT TO LR 26.2**</u>

<u>**BY E-FILE, E-MAIL, AND HAND DELIVERY**</u>

The Honorable Vincent J. Poppiti, Special Master
Blank Rome
1201 N. Market Street, Suite 800
Wilmington, DE 19801

**REDACTED**

Re: *Honeywell International Inc., et al. v. Apple Computer et al.*, C.A. No. 04-1338-JJF (consolidated)

Dear Special Master Poppiti:

We write on behalf of stayed customer-defendants Pentax/Hoya Corporation and Pentax of America, Inc. (collectively "Pentax/Hoya") pursuant to the Court's direction. Counsel for Pentax/Hoya have conferred with counsel for Honeywell, however, the parties were unable to reach an agreement to dismiss Pentax/Hoya from the litigation.

1. **Background**

To date, Honeywell has formally accused only two models of Pentax/Hoya cameras of infringement, *i.e.*, the OptioS4i and OptioS40. On October 28, 2005, Pentax/Hoya identified thirteen (13) additional cameras models, the LCD manufacturer for each camera model, and the module number in accordance with the Court's October 7, 2005 Order. Pentax/Hoya's LCD suppliers were also identified in its Motion to Stay filed April 12, 2005, which was supplemented in an October 28, 2005 letter.

Young Conaway Stargatt & Taylor, LLP 
The Honorable Vincent J. Poppiti
July 18, 2008
Page 2

Pentax/Hoya's LCD suppliers, past and present, include: ████████████ ████████████████████████████████████████ ████████████████████████████████████. Any supplier that was not previously licensed under the patent-in-suit was joined as a party. Each supplier subsequently settled with Honeywell, and was dismissed from the litigation. However, Honeywell refuses to dismiss Pentax/Hoya from the litigation even though all of its suppliers have been dismissed.

2.    **Honeywell's Demands for Additional Information**

Despite the fact that all of Pentax/Hoya's accused devices have been licensed and that all of Pentax/Hoya's LCD suppliers are licensed or have settled, Honeywell is unwilling to dismiss Pentax/Hoya from the litigation. Honeywell asserts that it needs additional information, in the form of declarations from Pentax/Hoya and certain of its suppliers, before it can determine whether to dismiss Pentax/Hoya from the litigation. Specifically, Honeywell has requested Pentax/Hoya to provide: (1) a declaration verifying all of the information previously provided to Honeywell and further verifying that Pentax/Hoya does not purchase LCDs from either Optrex or SDI (the manufacturer defendants still in suit), and, (2) declarations from two of Pentax/Hoya's suppliers, ████████████.

The declaration from ██████ must confirm that the LCDs sold to Pentax/Hoya meet the limitations of the ██████-Honeywell agreement and that such sales to Pentax are included ████ ████████. The declaration from Toppoly must confirm that LCD sales to Pentax/Hoya are included ████████████████████████████████████████.

3.    **Pentax/Hoya Should be Dismissed Notwithstanding Honeywell's Demands**

Although Pentax/Hoya would provide a declaration with the information in its possession if ordered to do so, requiring Pentax/Hoya to obtain the requested third-party declarations is unreasonable. Indeed, counsel for Pentax/Hoya has attempted to obtain the requested third-party declarations without success.

Moreover, Honeywell is in a much better position to obtain any information relating to the settlement agreements as they negotiated with both ████████████, and both agreements include ████████████. For at least these reasons, Honeywell was and/or is in a better position to obtain the requested information from both ████████████. Moreover, Pentax/Hoya does not have any control over either ████████████.

Further illustrating the overreaching nature of Honeywell's request is that Honeywell has only accused two Pentax/Hoya cameras that incorporate LCDs from ██████, but Honeywell requests Pentax/Hoya to obtain a declaration from third-party ██████. Pentax/Hoya only identified ████████████████████ as part of the supplemental identification of Pentax/Hoya's LCD suppliers; ██████ was not supplying LCDs to Pentax/Hoya at the time of the Motion to Stay and was not identified therein. However, Honeywell has never accused any

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Vincent J. Poppiti
July 18, 2008
Page 3

**REDACTED**

Pentax/Hoya cameras which incorporate LCDs from . As such, there is no basis for Honeywell requesting any information relating to ▮.

### 4. Conclusion

Pentax/Hoya should be dismissed from this litigation for at least the same reasons that its LCD suppliers have been dismissed. All of Pentax/Hoya's LCD suppliers have settled with Honeywell and/or are licensed under the '371 patent. Honeywell has no good faith basis to keep Pentax/Hoya in the litigation.

Respectfully submitted,

Andrew A. Lundgren (No. 4429)

AAL

cc:  All counsel of record (by e-filing and e-mail)