# YOUNG CONAWAY STARGATT & TAYLOR, LLP

BEN T. CASTLE
SHELDON N. SANDLER
RICHARD A. LEVINE
RICHARD A. ZAPPA
FREDERICK W. IOBST
RICHARD H. MORSE
DAVID C. MCBRIDE
JOSEPH M. NICHOLSON
CRAIG A. KARSNITZ
BARRY M. WILLOUGHBY
ANTHONY G. FLYNN
JEROME K. GROSSMAN
EUGENE A. DIPRINZIO
JAMES L. PATTON, JR.
ROBERT L. THOMAS
WILLIAM D. JOHNSTON
TIMOTHY J. SNYDER
BRUCE L. SILVERSTEIN
WILLIAM W. BOWSER
LARRY J. TARABICOS
RICHARD A. DILIBERTO, JR.
MELANIE K. SHARP
CASSANDRA F. ROBERTS
RICHARD J.A. POPPER
TERESA A. CHEEK
NEILLI MULLEN WALSH
JANET Z. CHARLTON

ROBERT S. BRADY
JOEL A. WAITE
BRENT C. SHAFFER
DANIEL P. JOHNSON
CRAIG D. GREAR
TIMOTHY JAY HOUSEAL
MARTIN S. LESSNER
PAULINE K. MORGAN
C. BARR FLINN
NATALIE WOLF
LISA B. GOODMAN
JOHN W. SHAW
JAMES P. HUGHES, JR.
EDWIN J. HARRON
MICHAEL R. NESTOR
ROLIN P. BISSELL
SCOTT A. HOLT
JOHN T. DORSEY
M. BLAKE CLEARY
CHRISTIAN DOUGLAS WRIGHT
DANIELLE GIBBS
JOHN J. PASCHETTO
NORMAN M. POWELL
ELENA C. NORMAN
EDMON L. MORTON
JOHN E. TRACEY

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801
P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391
(302) 571-6600
(800) 253-2234 (DE ONLY)
FAX: (302) 571-1253

110 WEST PINE STREET
P.O. BOX 594
GEORGETOWN, DELAWARE 19947
(302) 856-3571
(800) 255-2234 (DE ONLY)
FAX: (302) 856-9338

WWW.YOUNGCONAWAY.COM

DIRECT DIAL: (302) 571-5029
DIRECT FAX: (302) 576-3402

JOSEPH M. BARRY
RYAN M. BARTLEY
SEAN M. BEACH
DONALD J. BOWMAN, JR.
MICHELE SHERRETTA BUDICAK
JEFFREY T. CASTELLANO
DOUGLAS T. COATS (MD ONLY)
KARA HAMMOND COYLE
KRISTEN SALVATORE DEPALMA
MARGARET M. DIBIANCA
MARY F. DUGAN
ERIN EDWARDS
KENNETH J. ENOS
KERRIANNE MARIE FAY
JAMES J. GALLAGHER
WILLIAM E. GAMGORT
SEAN T. GREECHER
NATHAN D. GROW
STEPHANIE L. HANSEN
JAMES L. HIGGINS
PATRICK A. JACKSON
DAWN M. JONES
KAREN E. KELLER
JENNIFER M. KINKUS
EDWARD J. KOSMOWSKI

SPECIAL COUNSEL
JOHN D. MCLAUGHLIN, JR.
KAREN L. PASCALE
SETH J. REIDENBERG
PATRICIA A. WIDDOSS

EVANGELOS KOSTOULAS
JOHN C. KUFFEL
TIMOTHY E. LENGKEEK
ANDREW A. LUNDGREN
MATTHEW B. LUNN
ADRIA B. MARTINELLI
KATHALEEN MCCORMICK
MICHAEL W. MCDERMOTT
TAMMY L. MERCER
MARIBETH L. MINELLA
D. FON MUTTAMARA-WALKER
MICHAEL S. NEIBURG
(PA & NJ ONLY)
JENNIFER R. NOEL
ADAM W. POFF
ROBERT F. POPPITI, JR.
SARA BETH A. REYBURN
CHERYL A. SANTANIELLO
MONTÉ T. SQUIRE
MICHAEL P. STAFFORD
RICHARD J. THOMAS
TRAVIS N. TURNER
MARGARET B. WHITEMAN
SHARON M. ZIEG

SENIOR COUNSEL
CURTIS J. CROWTHER

OF COUNSEL
BRUCE M. STARGATT
STUART B. YOUNG
EDWARD B. MAXWELL, 2ND
JOSY W. INGERSOLL

July 18, 2008

**BY E-FILE AND HAND DELIVERY**

The Honorable Vincent J. Poppiti
Blank Rome LLP
1201 North Market Street, Suite 800
Wilmington, Delaware 19801

Re: *Honeywell International Inc., et al. v. Apple Computer, Inc., et al.*,
C.A. No. 04-1338-JJF

Dear Judge Poppiti:

Pursuant to the schedule set forth by Your Honor during the June 23rd status conference, defendant Sony Corporation ("Sony") makes the following submission to address the outstanding issues after the meet and confer process with Honeywell. Sony met and conferred with Honeywell on June 19th, and participated in the joint meet and confer on July 15th. Sony has also exchanged various correspondence with Honeywell prior to and after the individual meet and confer. While the customer defendants have attempted to coordinate and consolidate their positions, it appears that each party has unique issues that are better addressed separately. Accordingly, Sony respectfully submits the following letter explaining why it believes certain terms demanded by Honeywell are overreaching and unreasonable.

In October 2005, pursuant to Judge Jordan's Order, Sony duly identified the manufacturers of the LCD modules used in the Sony products specifically accused by Honeywell -- Sony, LG Philips, Toshiba Matsushita Display ("TMD"), and Sharp. All of these manufacturers have purchased a license from Honeywell under the '371 patent and none of them are a party in the present litigation (Honeywell consented to the dismissal of Sony from this litigation once a license had been taken and chose not to include LG Philips, TMD or Sharp when identified by Sony). While some of the license agreements have limitations, *e.g.*, the scope

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Vincent J. Poppiti
July 18, 2008
Page 2

of the licensed product, the size and application, and/or sales caps, Sony has diligently investigated these issues with the suppliers and have been assured by the suppliers that the LCD modules purchased by Sony are covered. This is apparently not enough. Honeywell insists that Sony provide a declaration with the following information:

1) with regard to the Sony license agreement, that the accused Sony made LCD modules are covered by that agreement, in particular, that they fall within the licensed product definition;

2) with regard to the LG Philips license agreement, that Sony purchased the accused LCD modules from LG Philips;

3) with regard to the Sharp license agreement,

   a) for all accused Sony products, both laptops and those that carry so-called ▬▬▬▬▬▬ confirmation that Sony purchased the accused LCD modules from Sharp, and

   b) for accused Sony products that carry the ▬▬▬▬▬▬ information whether Sony continues to buy Sharp modules for the accused Sony products ▬▬▬▬▬▬

4) confirmation that Sony has not purchased LCD modules supplied by Optrex or Samsung-SDI since January 18, 1994 (the date the '371 patent issued); and

5) a description of the process by which Sony identified the manufacturers of the LCD modules in the accused products in October 2005 in compliance with Judge Jordan's Order dated October 7, 2005 (D.I. 237),

and, with regard to the TMD license agreement, that Sony have TMD verify that ▬▬▬▬▬▬ ▬▬▬▬▬▬ and have TMD provide written documentation to Honeywell that the covenant inures to Sony's benefit.

Sony is generally agreeable to providing a declaration with regard to items 1) through 3), but takes issue with items 4) and 5). TMD has indicated that it is willing to provide written documentation showing that the LCD modules sold to Sony are covered by the license agreement and that the sales cap has not been triggered (information that Honeywell already knows anyway).[1]

With regard to item 4), this information is irrelevant because, pursuant to Judge Jordan's Orders, the present case is limited to only those Sony products that were specifically identified and accused by Honeywell as of October 2005. Judge Jordan's May 18, 2005 Order (D.I. 202)

---

[1] Sony notes that Honeywell did not request that Sony obtain a declaration from its third-party suppliers (*i.e.*, TMD, LG Philips or Sharp) during the meet and confer as it has apparently requested of other customer defendants. *See* Alan McKenna's July 11, 2008 letter to counsel, p. 2. To the extent Honeywell changes its mind and requests that Sony obtain declarations from its suppliers, Sony joins in the objections raised by the other customer defendants on this issue.

Young Conaway Stargatt & Taylor, LLP
The Honorable Vincent J. Poppiti
July 18, 2008
Page 3

required Honeywell to specifically identify the accused products. Judge Jordan reiterated this instruction in his October 7, 2005 Order (D.I. 237). Specifically, Judge Jordan ruled,

> I said in the order that I put out last May that Honeywell was required to specifically identify accused products. And that's what I meant. Not that Honeywell was entitled to say, you know, we think all your cellular phones infringe so we want you to tell us everything about all your cellular phones. What I mean is if you've got a basis for believing that a manufacturer's cellular phones are infringing, and I mean you can say we've done this tear-down on these specific products and these things appear to us to infringe, well, then you are absolutely entitled to conduct additional discovery with respect to those products, that is, were earlier generations of that same model which could also be infringing?
>
> But what you are not entitled to do is to say you manufacture 15 different kinds of cell phones. We tore down three. Tell us about your other 12. Because I agree with the defendants that now what you are doing is you are telling manufacturers, you know what? You got one or two things that are bad. We want to you do [*sic*] an analysis of everything you make and tell us whether you are guilty on those fronts, too; and that is not what the law requires, and it's not what I'm going to require them to do.

(D.I. 237 at fn 2 (quoting Transcript of Sept. 9, 2005 Conference, at pp. 27-29).)

Honeywell is asking Sony to do exactly what Judge Jordan said it could not do – Honeywell is not allowed to obtain discovery on all of Sony's products that contain LCDs based solely on a few purportedly "bad" products. Moreover, it would be extremely burdensome on Sony to have to conduct a company-wide search of all its business records for the hundreds, if not thousands, of LCD products that it has offered worldwide since September 1994, in order to try to determine whether any of them used LCD modules made by Optrex or Samsung SDI. This task borders on the impossible. As Judge Jordan made clear, it is Honeywell's burden to do a tear-down and satisfy its Rule 11 obligations by identifying specific products that it has accused of infringement. Honeywell has not, to date, even identified any Sony product that has an Optrex or Samsung SDI LCD module, and thus, this request has no basis. In sum, Honeywell should not be permitted to hold Sony hostage by withholding its consent when dismissal is proper in exchange for "backdooring" discovery that has already been foreclosed by the Court.

Sony's concerns with item 5) are that it is irrelevant and calls for the disclosure of privileged attorney-client communications and attorney work product. Honeywell's request essentially calls into question, without any basis, Sony's compliance with Judge Jordan's October 7, 2005 Order. Sony's identification was made pursuant to the Court's Order, and that by itself should be sufficient, and nothing further should be required.

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Vincent J. Poppiti
July 18, 2008
Page 4

    Sony firmly believes it should be dismissed from this litigation and is willing to work with Honeywell to develop reasonable conditions for the dismissal, but cannot agree to the terms demanded by Honeywell for the reasons set forth above.

Respectfully submitted

Monté T. Squire (No. 4764)

cc:     Matthew L. Woods, Esquire (via email)
        Thomas C. Grimm, Esquire (via email)
        Robert L. Hails, Esquire (Of Counsel)
        Michael M. Shen, Esquire (Of Counsel)
        John W. Shaw, Esquire
        Counsel of Record (via e-file)