

Chad M. Shandler
302-651-7836
shandler@rlf.com

July 18, 2008

**BY ELECTRONIC MAIL
AND HAND DELIVERY**

The Honorable Vincent J. Poppiti
Blank Rome LLP
Chase Manhattan Centre, Suite 800
1201 Market Street
Wilmington, DE 19801-4226

**REDACTED - PUBLIC VERSION**

Re:   Honeywell, et al. v. Apple Computer, et al.
      C.A. 04-1338-JJF (Consolidated)

Dear Judge Poppiti:

    This submission outlines Eastman Kodak Company's ("Kodak") position regarding the information Honeywell has requested from Kodak. Honeywell has represented that it requires this information in order to grant Kodak a stipulated dismissal from this action.

    As outlined in our June 3, 2008 letter to Honeywell's counsel, which is attached as Exhibit A, Honeywell has accused three products (digital cameras) which incorporate **Redacted** **Redacted** LCD modules (the "Accused Products"). Although Kodak had identified in letters of October 28, 2005 and January 13, 2006 additional camera models that incorporate **Redacted** LCD modules, Honeywell never accused those products (the "Non-Accused Products") and fact discovery is now closed. In any event, all of the manufacturers of Kodak's Accused Products and Non-Accused Products have obtained licenses from Honeywell and have been dismissed from this action. Kodak has reviewed the licenses and believes that the LCD modules incorporated in its products are licensed.

    Prior to dismissing Kodak from this suit, Honeywell has sought additional information concerning the licensed modules incorporated in Kodak products. After an exchange of letters and two meet-and-confers, Kodak believes that Honeywell has requested the following items:

1. A declaration confirming the accuracy of Kodak's list of modules used in the both the Accused Products and Non-Accused Products;

The Honorable Vincent J. Poppiti
July 18, 2008
Page 2

    2. Confirmation from Kodak that it does not utilize LCD modules from **Redacted** and

    3. Declarations from the manufactures of the LCD modules incorporated in Kodak's Accused Products and Non-Accused Products demonstrating that the modules in those products are licensed.

With regard to item #1, Kodak agrees to provide a declaration outlining Kodak's process for confirming the manufacturer of the LCD modules incorporated in the Accused Products. It will not provide such a declaration relating to the Non-Accused Products.

With regard to item #2, Kodak agrees to provide a declaration stating that **Redacted** modules are not incorporated in either the Accused Products or Non-Accused Products, although Kodak believes that such information is irrelevant as to the Non-Accused Products. Honeywell has known the identity of these products since October 2005 or at the latest January 2006, but never accused those products.

With regard to item #3, Honeywell has not informed Kodak what specific issues surrounding the license agreements relate to Kodak. In general, we understand that Honeywell seeks discovery from the customer defendants regarding **Redacted** **Redacted** in the licenses. We believe all the modules at issue are covered. We believe, however, that the information regarding the licenses, particularly the **Redacted**, are within the knowledge of Honeywell and/or its licensees. Many of Honeywell's licenses have **Redacted** and it should pursue those if it believes that its licensees are selling unlicensed modules. Kodak therefore declines to provide the declarations requested in item #3. If Honeywell believes that certain LCD modules sold by Kodak's manufacturers are unlicensed, it should not have dismissed them from the lawsuit and at the very least, should exercise its contractual rights to obtain that information from the licensees.

                                      Respectfully submitted,

                                      /s/ Chad M. Shandler #3796

CMS/ps                               Chad M. Shandler #3796

cc:    Clerk of the Court (via Electronic Filing)
       All Counsel of Record (via e-mail)

RLF1-3304189-1