# EXHIBIT A

**HARRIS BEACH** PLLC
ATTORNEYS AT LAW

June 3, 2008

99 GARNSEY ROAD
PITTSFORD, NY 14534
(585) 419-8800

NEAL L. SLIFKIN

DIRECT: 585-419-8636
FAX: (585) 419-8813
NSLIFKIN@HARRISBEACH.COM

Matthew L. Woods, Esq.
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015

Via Electronic and Regular Mail

RE:   *Honeywell v. Apple, et al*, Civ. Action No. 04-1338-KAJ (consolidated)

Dear Mr. Woods:

This letter is Eastman Kodak Company's ("Kodak") response to your May 13, 2008 letter. Kodak should be dismissed from this lawsuit because the suppliers of the LCD modules in the Kodak products accused by Honeywell are licensed. In the litigation, Honeywell accused Kodak's CX6230, CX4230 and DX 4530 digital cameras, which incorporate ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. In addition, Kodak identified in its letters of October 28, 2005 and January 13, 2006 additional camera models that incorporate ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ modules (which camera models Honeywell has not accused). We obtained confirmation from ▓▓▓▓▓▓▓▓▓▓ that the models incorporated in Kodak's cameras are covered by their licenses with Honeywell. All of the remaining manufacturers were joined in the litigation and have settled with Honeywell. Kodak, as a customer of these manufacturer defendants, albeit indirectly, is a beneficiary of the rights granted to each of these entities by Honeywell under ▓▓▓▓▓▓▓▓▓▓▓ their respective agreements. Further, Kodak is a beneficiary of the ▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓ of each of these agreements. As such, Kodak should be dismissed from the litigation.

Your letter identifies certain issues surrounding the license agreements which allegedly require discovery from Kodak to resolve before Kodak can be dismissed from the litigation, including the ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓ and the fact that none of the licensed manufacturers were dismissed with prejudice from the litigation. Discovery from Kodak on these issues is irrelevant because that information would be in the possession of the module manufacturers, not Kodak. Further, the ▓▓▓▓▓▓▓▓▓▓ on the licenses were presumably negotiated to ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. If Honeywell believes that any particular manufacturer continues to manufacture or sell accused products in violation of any ▓▓▓▓▓▓▓▓▓▓ in their license agreement, Honeywell should raise that issue with the manufacturer. Likewise, Honeywell should raise with the particular manufacturer any other violation of the various licensing agreements it believes has occurred. It is not the customer defendants', such as Kodak, burden to determine which products it sells or markets are accused products or whether manufacturers continue to sell products that were previously accused. It is Honeywell's burden

Matthew L. Woods, Esq.
June 3, 2008
Page 2

**HARRIS BEACH** PLLC
ATTORNEYS AT LAW

to monitor the activities of its licensees and to determine whether they are in compliance with their licenses.

In particular, it is Honeywell's burden to determine, or obtain information from its licensees to determine, whether the ▮▮▮▮ in the various license agreements have been exceeded. Those agreements are between Honeywell and the manufacturers, not customers such as Kodak. Unless Honeywell represents otherwise, Kodak presumes that none of the ▮▮▮▮ in the relevant license agreements ▮▮▮▮ and that any of the modules incorporated in products sold or marketed by Kodak are therefore covered by those agreements. As such, discovery from Kodak is not necessary.

Very truly yours,

*[signature]*

Neal L. Slifkin

NLS:klw