# FISH & RICHARDSON P.C.

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951



ATLANTA
AUSTIN
BOSTON
DALLAS
DELAWARE
MUNICH
NEW YORK
SAN DIEGO
SILICON VALLEY
TWIN CITIES
WASHINGTON, DC

Suite 1100
919 N. Market Street
P.O. Box 1114
Wilmington, Delaware
19899-1114

Telephone
302 652-5070

Facsimile
302 652-0607

Web Site
www.fr.com

Thomas L. Halkowski
302 778-8407

Email
halkowski@fr.com

July 18, 2008

**HIGHLY CONFIDENTIAL
OUTSIDE ATTORNEYS EYES ONLY**

**VIA ECF**

**PUBLIC VERSION
DATED: 7/25/08**

Judge Vincent Poppiti
Blank Rome LLP
Chase Manhattan Centre
1201 Market Street, Suite 800
Wilmington, DE 19801

Re:   *Honeywell Int'l Inc., et al. v. Apple Computer, Inc., et al.*
      USDC-D. Del. - C.A. No. 04-1338 KAJ (Consolidated)

Dear Judge Poppiti:

This concerns the efforts of Apple to provide information to Honeywell for purposes of securing a stipulated dismissal of Apple from this suit.

I.   **LICENSING OF APPLE'S LCD MODULE SUPPLIERS**

Apple has previously explained that it should be dismissed from this suit, because all of the allegedly infringing LCD modules used in its Accused Products (i.e., certain laptop computers) are provided from suppliers that have been licensed by Honeywell. *See* Exhs. A-I (list of suppliers and identification of each LCD module used in Apple's accused products; copies of licenses between each of Apple's LCD suppliers and Honeywell). Apple has provided Honeywell the attached list of LCD modules used in Apple's Accused Products, including an identification of which supplier provided which modules and the period over which the modules were purchased.

II.  **ADDITIONAL INFORMATION SOUGHT BY HONEYWELL**

Prior to dismissing Apple from this suit, Honeywell has sought certain additional information concerning the licensed modules used by Apple. Specifically, after the parties' efforts to meet and confer and in light of the list provided by Apple of LCD modules used in its Accused Products, Apple understood that Honeywell sought the following information:

> 1. A declaration describing the basis of the information for, and confirming the accuracy of, Apple's list of modules used in the Accused Products;

FISH & RICHARDSON P.C.

Judge Vincent Poppiti
**HIGHLY CONFIDENTIAL**
Page 2



> 2. For those two LCD module suppliers      a declaration confirming that the modules used in Apple's Accused Products are covered under the supplier's license;
>
> 3. Confirmation from Apple that it is not utilizing LCD modules supplied by      in the      product.

With regard to item #1, Apple agreed to provide the declaration.

With regard to item #2, Honeywell, as the entity pursuing claims of infringement, should bear the burden of ensuring that its claims against Apple somehow have still have a Rule 11 basis despite the fact that all of Apple's suppliers have been licensed by Honeywell. However, in an effort to secure a prompt cooperative dismissal, Apple agreed to approach the relevant suppliers      and request that they provide the declarations sought by Honeywell. To the extent feasible, therefore, Apple has been willing to work with Honeywell regarding this request.[2]

With regard to item #3, the information sought by Honeywell regarding the      product is irrelevant, because Honeywell has never accused the      of infringement and it is far too late for Honeywell to now try adding it to the case. *See generally* Exh. J (Letter from Affected Defendants to Judge Poppiti, dated April 24, 2008), at n.1 & 2. However, again, in an effort to amicably secure a prompt dismissal, Apple offered to and has now in fact confirmed that      is not presently supplying LCD modules for any Apple      product.

### III.  RECENT DEVELOPMENTS

To ensure the parties had a mutual understanding regarding the information required for Honeywell to stipulate to a dismissal of Apple from this suit, Apple submitted an

---

[1]

[2]

FISH & RICHARDSON P.C.

Judge Vincent Poppiti
**HIGHLY CONFIDENTIAL**
Page 3

initial draft of this letter to Honeywell. From further discussion, it appears, unfortunately, that Honeywell may be insisting on more information.

With regard to Item #2, Honeywell has recently advised of other general concerns with certain limitations in the licenses identified above. While Apple has been willing to work with Honeywell to the extent feasible, Apple objects to unnecessarily delaying its dismissal from this suit based upon generalized concerns – particularly given the prior dismissal from this suit of *all* the LCD module suppliers for Apple's Accused Products. With regard to Item #3, the parties appear to have had a misunderstanding. Honeywell apparently is demanding that Apple conduct a more burdensome and broader inquiry regarding the identity of suppliers for all of Apple's products, whether or not they have ever been, or ever could be, accused of infringement in this suit. Any such inquiry would be unduly burdensome – particularly given that the information being sought by Honeywell is entirely irrelevant to this suit.

Thus, at this juncture, while Apple has been willing to cooperatively work with Honeywell regarding the above information – with the understanding that Honeywell's receipt of this information will result in a prompt stipulated dismissal of Apple from this suit – Apple is compelled to seek relief from this Court. Specifically, given that all of the suppliers of LCD modules for Apple's Accused Products in this suit have been licensed by Honeywell and given that all such suppliers have now been dismissed from this suit, Apple requests issuance of an Order recommending the dismissal of Apple from this suit, unless Honeywell can identify within 10 days of the date of the Order a non-frivolous basis for continuing to allege that Apple infringes the patent-in-suit without authority from Honeywell.

Respectfully,

/s/ *Thomas L. Halkowski*

Thomas L. Halkowski

TLH:sb

Enclosure

cc:   Clerk of Court (via hand)
      Counsel of Record (via ECF)