**REDACTED – PUBLIC VERSION**

# YOUNG CONAWAY STARGATT & TAYLOR, LLP

BEN T. CASTLE
SHELDON N. SANDLER
RICHARD A. LEVINE
RICHARD A. ZAPPA
FREDERICK W. IOBST
RICHARD H. MORSE
DAVID C. MCBRIDE
JOSEPH M. NICHOLSON
CRAIG A. KARSNITZ
BARRY M. WILLOUGHBY
ANTHONY G. FLYNN
JEROME K. GROSSMAN
EUGENE A. DIPRINZIO
JAMES L. PATTON, JR.
ROBERT L. THOMAS
WILLIAM D. JOHNSTON
TIMOTHY J. SNYDER
BRUCE L. SILVERSTEIN
WILLIAM W. BOWSER
LARRY J. TARABICOS
RICHARD A. DILIBERTO, JR.
MELANIE K. SHARP
CASSANDRA F. ROBERTS
RICHARD J.A. POPPER
TERESA A. CHEEK
NEILLI MULLEN WALSH
JANET Z. CHARLTON

ROBERT S. BRADY
JOEL A. WAITE
BRENT C. SHAFFER
DANIEL P. JOHNSON
CRAIG D. GREAR
TIMOTHY JAY HOUSEAL
MARTIN S. LESSNER
PAULINE K. MORGAN
C. BARR FLINN
NATALIE WOLF
LISA B. GOODMAN
JOHN W. SHAW
JAMES P. HUGHES, JR.
EDWIN J. HARRON
MICHAEL R. NESTOR
ROLIN P. BISSELL
SCOTT A. HOLT
JOHN T. DORSEY
M. BLAKE CLEARY
CHRISTIAN DOUGLAS WRIGHT
DANIELLE GIBBS
JOHN J. PASCHETTO
NORMAN M. POWELL
ELENA C. NORMAN
EDMON L. MORTON
JOHN E. TRACEY

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(800) 253-2234 (DE ONLY)
FAX: (302) 571-1253

GEORGETOWN, DELAWARE
MIDDLETOWN, DELAWARE
NEW YORK, NEW YORK

WWW.YOUNGCONAWAY.COM

DIRECT DIAL: 302-571-6661
DIRECT FAX: 302-576-3446
mbudicak@ycst.com

JOSEPH M. BARRY
RYAN M. BARTLEY
SEAN M. BEACH
DONALD J. BOWMAN, JR.
MICHELE SHERRETTA BUDICAK
JEFFREY T. CASTELLANO
DOUGLAS T. COATS (MD ONLY)
KARA HAMMOND COYLE
KRISTEN SALVATORE DEPALMA
MARGARET M. DIBIANCA
MARY F. DUGAN
ERIN EDWARDS
KENNETH J. ENOS
KERRIANNE MARIE FAY
JAMES J. GALLAGHER
WILLIAM E. GAMGORT
SEAN T. GREECHER
NATHAN D. GROW
STEPHANIE L. HANSEN
JAMES L. HIGGINS
PATRICK A. JACKSON
DAWN M. JONES
KAREN E. KELLER
JENNIFER M. KINKUS
EDWARD J. KOSMOWSKI

SPECIAL COUNSEL
JOHN D. MCLAUGHLIN, JR.
KAREN L. PASCALE
SETH J. REIDENBERG
PATRICIA A. WIDDOSS

EVANGELOS KOSTOULAS
JOHN C. KUFFEL
TIMOTHY E. LENGKEEK
ANDREW A. LUNDGREN
MATTHEW B. LUNN
ADRIA B. MARTINELLI
KATHALEEN MCCORMICK
MICHAEL W. MCDERMOTT
TAMMY L. MERCER
MARIBETH L. MINELLA
D. FON MUTTAMARA-WALKER
MICHAEL S. NEIBURG
(PA & NJ ONLY)
JENNIFER R. NOEL
ADAM W. POFF
ROBERT F. POPPITI, JR.
SARA BETH A. REYBURN
CHERYL A. SANTANIELLO
MONTÉ T. SQUIRE
MICHAEL P. STAFFORD
RICHARD J. THOMAS
TRAVIS N. TURNER
MARGARET B. WHITEMAN
SHARON M. ZIEG

SENIOR COUNSEL
CURTIS J. CROWTHER

OF COUNSEL
BRUCE M. STARGATT
STUART B. YOUNG
EDWARD B. MAXWELL, 2ND
JOSY W. INGERSOLL

July 25, 2008

**BY E-FILE AND HAND DELIVERY**

The Honorable Vincent J. Poppiti
Special Master
Blank Rome LLP
1201 N. Market Street, Suite 800
Wilmington, DE 19801

Re:   *Honeywell International Inc., et al. v. Apple Computer, Inc., et al.*
      C.A. No. 04-1338 JJF
      Reply Submission of Olympus Corporation and Olympus America Inc.
      As to Remaining Procedural Issues for Dismissal

Dear Judge Poppiti:

This is the reply of customer defendants Olympus Corporation and Olympus America Inc. (collectively "Olympus") to Honeywell's letter submission of July 18, 2008 regarding issues remaining following the individual and joint meet and confers between the parties. Since Honeywell has not raised the same issues with each affected defendant, we shall address only those matters which relate to Olympus.

At the outset, Honeywell argues that it is the affected defendants who are currently seeking relief, and therefore they should bear the burden of demonstrating that they are entitled to dismissal from the action based upon their license defenses. What Honeywell fails to point out, however, is that Olympus has already established a *prima facie* license defense and that it is

YOUNG CONAWAY STARGATT & TAYLOR, LLP

The Honorable Vincent J. Poppiti
July 25, 2008
Page 2

Honeywell who must now come forward with some explanation if they disagree. In the discovery which it provided and its response letter to Honeywell of June 2, 2008, Olympus has already come forward with all the information about the LCD modules used in the Olympus accused products, including identification of supplier, part number, dimensions and date when purchased from the supplier, from which coverage by the Sharp and Sanyo license agreements on their face is readily apparent. In its response letter of June 2, 2008 (with a follow up on June 9, 2008), Olympus was able to specifically rule out each of Honeywell's original contentions directed to the affected defendants as a group as to possible non-coverage by the license agreements. Following Olympus's response, *Honeywell has not provided any reason whatsoever as to why it may continue to believe that the Sharp and Sanyo license agreements do not cover all the LCD modules contained in the accused Olympus products.*

In view of Honeywell's failure and inability to articulate any reason why LCD modules used in the Olympus products are not covered by the Sharp and Sanyo license agreements, it is respectfully submitted that whatever burden of proof Olympus may have had in this matter has been satisfied, and it is Honeywell who must come forward with some reason why the Olympus products are not licensed. Since Honeywell is apparently unable to formulate any credible position which disputes the merits of Olympus's entitlement to dismissal, Honeywell is asking the Court to impose unreasonable and unnecessary procedural obstacles in the way which will now be addressed.

1. **Confirmation of Affected Defendants' Prior Identification of Products and Module Suppliers (Declaration from Affected Defendants).**

In lieu of the onerous declaration sought by Honeywell, Olympus has offered and proposes to provide a simple verification that the information and discovery provided pursuant to Judge Jordan's 2005 Order is complete, true and correct. The verification would comply with Rule 33 of the Federal Rules of Civil Procedure dealing with responses to interrogatories. Olympus submits that the verification should satisfy any concerns which Honeywell may have as to whether Honeywell has received accurate and complete information.

Honeywell's proposal, on the other hand, would impose upon the affected customer defendants obligations which go way beyond the Federal Rules of Civil Procedure for providing discovery. In accordance with Judge Jordan's 2005 Order, Olympus provided discovery to Honeywell on the LCD modules utilized in the products accused of infringement, other versions (i.e., earlier and later generations) of the products accused of infringement that include the same LCD module or other versions of the LCD module and other versions of the accused products that include LCD modules with substantially the same structure as the ones contained in the accused products, if any. Nowhere does the Court's Order or the Federal Rules of Civil Procedure require a declaration from the party providing discovery explaining the details of how that party and its counsel ascertained and collected the information provided. Such would necessarily involve disclosure of attorney-client privileged communications and would be an unreasonable and unnecessary burden in this case.

<u>REDACTED – PUBLIC VERSION</u>
YOUNG CONAWAY STARGATT & TAYLOR, LLP

The Honorable Vincent J. Poppiti
July 25, 2008
Page 3

  The "sub-issue" raised by Honeywell regarding their later accusation of additional products which it believes to be infringing is not applicable to Olympus. Honeywell has not identified any additional Olympus products which it believes to be infringing.

2. <u>Confirmation Regarding Non-Use of Accused Optrex and Samsung SDI Modules</u>

  Olympus does not have an issue with providing a declaration that it has not and does not purchase LCD modules from Optrex or Samsung SDI. Olympus is willing to verify that it does not purchase LCD modules from Optrex or Samsung SDI.

3. <u>Confirmation that the Licenses Cover All the Activities of the Affected Defendants (Declaration from Licensee/Module Maker).</u>

  Olympus has received independent confirmation from its LCD module suppliers, Sharp and Sanyo, that the LCD modules supplied to Olympus are covered by their respective license agreements with Honeywell. However, it is submitted that it is unreasonable and unnecessary for Honeywell to impose an obligation on Olympus to obtain a declaration from these third parties since Honeywell, as the licensor of the '371 patent, is obviously the most knowledgeable about its own license agreements and their terms. Olympus had already identified the LCD modules used in its accused products by part number, by dimensions and by date when they were purchased from Sharp and Sanyo, and with this information Honeywell itself can confirm that the LCD modules are covered by the Sharp and Sanyo license agreements. Indeed, in the meet and confers, Honeywell has not come forward with any reasons why the LCD modules which Olympus has identified are not covered by the Sharp and Sanyo license agreements.

  Moreover,



. By insisting that Olympus obtain a declaration from third parties, Honeywell is attempting to shift this burden.

**REDACTED – PUBLIC VERSION**

YOUNG CONAWAY STARGATT & TAYLOR, LLP

The Honorable Vincent J. Poppiti
July 25, 2008
Page 4

    For the preceding reasons, it is respectfully submitted that Olympus should be dismissed from this action upon providing to Honeywell a declaration that: (1) the discovery which Olympus previously provided to Honeywell in October 2005 complies with Judge Jordan's Order and is accurate, and (2) Olympus has not and does not purchase LCD modules from Optrex or Samsung SDI.

Respectfully,

*Michele Budicak*

Michele Sherretta Budicak (No. 4651)

cc: Matthew L. Woods, Esq.
    Thomas C. Grimm, Esq.
    Counsel of Record (via email)