# YOUNG CONAWAY STARGATT & TAYLOR, LLP

BEN T. CASTLE
SHELDON N. SANDLER
RICHARD A. LEVINE
RICHARD A. ZAPPA
FREDERICK W. IOBST
RICHARD H. MORSE
DAVID C. MCBRIDE
JOSEPH M. NICHOLSON
CRAIG A. KARSNITZ
BARRY M. WILLOUGHBY
ANTHONY G. FLYNN
JEROME K. GROSSMAN
EUGENE A. DIPRINZIO
JAMES L. PATTON, JR.
ROBERT L. THOMAS
WILLIAM D. JOHNSTON
TIMOTHY J. SNYDER
BRUCE L. SILVERSTEIN
WILLIAM W. BOWSER
LARRY J. TARABICOS
RICHARD A. DILIBERTO, JR.
MELANIE K. SHARP
CASSANDRA F. ROBERTS
RICHARD J.A. POPPER
TERESA A. CHEEK
NEILLI MULLEN WALSH
JANET Z. CHARLTON

ROBERT S. BRADY
JOEL A. WAITE
BRENT C. SHAFFER
DANIEL P. JOHNSON
CRAIG D. GREAR
TIMOTHY JAY HOUSEAL
MARTIN S. LESSNER
PAULINE K. MORGAN
C. BARR FLINN
NATALIE WOLF
LISA B. GOODMAN
JOHN W. SHAW
JAMES P. HUGHES, JR.
EDWIN J. HARRON
MICHAEL R. NESTOR
ROLIN P. BISSELL
SCOTT A. HOLT
JOHN T. DORSEY
M. BLAKE CLEARY
CHRISTIAN DOUGLAS WRIGHT
DANIELLE GIBBS
JOHN J. PASCHETTO
NORMAN M. POWELL
ELENA C. NORMAN
EDMON L. MORTON
JOHN E. TRACEY

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(800) 253-2234 (DE ONLY)
FAX: (302) 571-1253

110 WEST PINE STREET
P.O. BOX 594
GEORGETOWN, DELAWARE 19947
(302) 856-3571
(800) 255-2234 (DE ONLY)
FAX: (302) 856-9338

WWW.YOUNGCONAWAY.COM

DIRECT DIAL: 302-571-6743
DIRECT FAX: 302-576-3517
alundgren@ycst.com

JOSEPH M. BARRY
RYAN M. BARTLEY
SEAN M. BEACH
DONALD J. BOWMAN, JR.
MICHELE SHERRETTA BUDICAK
JEFFREY T. CASTELLANO
DOUGLAS T. COATS (MD ONLY)
KARA HAMMOND COYLE
KRISTEN SALVATORE DEPALMA
MARGARET M. DIBIANCA
MARY F. DUGAN
ERIN EDWARDS
KENNETH J. ENOS
KERRIANNE MARIE FAY
JAMES J. GALLAGHER
WILLIAM E. GAMGORT
SEAN T. GREECHER
NATHAN D. GROW
STEPHANIE L. HANSEN
JAMES L. HIGGINS
PATRICK A. JACKSON
DAWN M. JONES
KAREN E. KELLER
JENNIFER M. KINKUS
EDWARD J. KOSMOWSKI

SPECIAL COUNSEL
JOHN D. MCLAUGHLIN, JR.
KAREN L. PASCALE
SETH J. REIDENBERG
PATRICIA A. WIDDOSS

EVANGELOS KOSTOULAS
JOHN C. KUFFEL
TIMOTHY E. LENGKEEK
ANDREW A. LUNDGREN
MATTHEW B. LUNN
ADRIA B. MARTINELLI
KATHALEEN MCCORMICK
MICHAEL W. MCDERMOTT
TAMMY L. MERCER
MARIBETH L. MINELLA
D. FON MUTTAMARA-WALKER
MICHAEL S. NEIBURG
(PA & NJ ONLY)
JENNIFER R. NOEL
ADAM W. POFF
ROBERT F. POPPITI, JR.
SARA BETH A. REYBURN
CHERYL A. SANTANIELLO
MONTÉ T. SQUIRE
MICHAEL P. STAFFORD
RICHARD J. THOMAS
TRAVIS N. TURNER
MARGARET B. WHITEMAN
SHARON M. ZIEG

SENIOR COUNSEL
CURTIS J. CROWTHER

OF COUNSEL
BRUCE M. STARGATT
STUART B. YOUNG
EDWARD B. MAXWELL, 2ND
JOSY W. INGERSOLL

July 25, 2008

**HIGHLY CONFIDENTIAL – OUTSIDE TRIAL COUNSEL'S
EYES ONLY, PURSUANT TO LR 26.2**

**REDACTED**

**BY E-FILE, E-MAIL, AND HAND DELIVERY**

The Honorable Vincent J. Poppiti, Special Master
Blank Rome
1201 N. Market Street, Suite 800
Wilmington, DE 19801

Re:   *Honeywell International Inc., et al. v. Apple Computer et al.*, C.A. No. 04-1338-JJF (consolidated)

Dear Special Master Poppiti:

This letter, on behalf of stayed customer-defendants Pentax/Hoya Corporation and Pentax of America, Inc. (collectively "Pentax/Hoya"), responds to Honeywell's letter of July 18, 2008.

The parties understand each other's positions. Honeywell wants (1) a declaration from Pentax/Hoya confirming the prior identification of products and module suppliers; (2) a declaration from Pentax/Hoya confirming non-use of the accused Optrex and Samsung SDI modules; and, (3) declarations from ████████████ (Pentax/Hoya's suppliers) that the respective licenses cover all Pentax/Hoya activities.

Although Pentax/Hoya believes that it should be dismissed without having to provide any additional information, Pentax/Hoya is willing to provide a declaration with information in its possession, *i.e.*, (1) confirming the prior identification of products and module suppliers and (2) the non-use of the accused Optrex and Samsung SDI modules. However, Pentax/Hoya objects to (3) Honeywell's demand that it provide declarations from ████████████.

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
The Honorable Vincent J. Poppiti
July 25, 2008
Page 2

1. Pentax/Hoya Should Be Dismissed Without Having To Provide Any Additional Information

Honeywell asserts that Pentax/Hoya bears the burden of establishing that it is licensed. Under the circumstances surrounding this litigation, Pentax/Hoya should not have to show that it is licensed; rather Honeywell should be required to show why it can maintain the suit against Pentax/Hoya. This is not the typical case where a defendant asserts that it has a license as an affirmative defense. In this litigation, the customer defendants identified the manufacturers of the LCDs used in the products which Honeywell accused of infringement.[1] The manufacturers were then joined as parties to the litigation, and the manufacturers assumed responsibility for the case from the customer defendants. The litigation with respect to the customer defendants was then stayed based upon, *inter alia*, that the customer defendants did not have relevant information regarding the accused LCD modules.

Honeywell subsequently obtained discovery from and negotiated and executed settlements with several of the manufacturers. Importantly, all of Pentax/Hoya's LCD suppliers (manufacturers) have settled with Honeywell and/or are licensed under the patent-in-suit. Accordingly, having dismissed all of Pentax/Hoya's suppliers from the litigation, Honeywell should similarly dismiss Pentax/Hoya from the litigation because whatever dispute Honeywell had with Pentax/Hoya and its suppliers has now been resolved. Honeywell dismissed Pentax/Hoya's suppliers from suit. For whatever reasons Pentax/Hoya's suppliers were dismissed, Pentax/Hoya should be dismissed for the same reasons. Whatever was in dispute with respect to Pentax/Hoya has been resolved by the agreements and dismissals of Pentax/Hoya's suppliers.

Honeywell has no good faith basis to maintain the litigation against Pentax/Hoya where all of its suppliers have settled. Pentax/Hoya's suppliers, as well as other LCD manufacturers, were joined in the litigation because of the assertions made against Pentax/Hoya and the other customer defendants. Having dismissed all of Pentax/Hoya's suppliers from the litigation should be the end of the matter for Pentax/Hoya. The dispute over the accused products of Pentax/Hoya and Pentax/Hoya's suppliers has been resolved.

Thus, under the circumstances surrounding this litigation, it should be Honeywell, not Pentax/Hoya, who bears the burden of going forward. *See, e.g., Bourne v. Walt Disney Co.*, 68 F.3d 621, 631 (Fed. Cir. 1995) (holding that, when question is scope of license instead of the existence thereof in copyright matter, licensor bears burden of establishing that accused infringer is not licensed); *Buckley v. Airshield Corporation*, 116 F.Supp.2d 658, 668 (D. Md. 2000) (to meet burden of establishing infringement, plaintiff must "establish that Defendants acted outside the scope of the previous license..."). If Honeywell has basis for continuing the suit against Pentax/Hoya where all of its suppliers have been dismissed and/or are licensed, Honeywell

---

[1] Honeywell accused the Pentax OptioS4i and OptioS40 of infringement. Pentax/Hoya informed Honeywell that the LCDs used in these cameras were manufactured by ▮▮▮

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Vincent J. Poppiti
July 25, 2008
Page 3

should bear the burden of going forward. Having settled with and dismissed Pentax/Hoya's suppliers from the litigation, Honeywell should likewise be required to immediately dismiss the suit against Pentax/Hoya. The purpose of bringing the manufacturers into the litigation was because they possessed the information pertinent to the accused product. Where all of Pentax/Hoya's suppliers have settled, Pentax/Hoya (expressly identified in the ▬▬ agreement, see ▬▬▬▬▬▬), should also enjoy and be accorded the benefit of the settlement.

2.   Pentax/Hoya Is Willing To Provide Limited Additional Information

If Pentax/Hoya is required to provide additional information, the only information that it should be required to provide is a declaration with information in its possession, *i.e.*, (1) confirming the prior identification of products and module suppliers and (2) the non-use of the accused Optrex and Samsung SDI modules. Pentax/Hoya should not be required to provide information from ▬▬▬▬▬.

Pentax/Hoya does not control ▬▬▬▬, and there is no guarantee that ▬▬▬ will provide a declaration which is satisfactory to Honeywell. Pentax/Hoya and its counsel have requested declarations from ▬▬▬▬, but thus far have not been able to obtain them. Moreover, Honeywell is in a better position to obtain the information it is seeking from ▬▬▬▬. Honeywell has negotiated settlement agreements with ▬▬▬▬ ▬▬; and ▬▬▬▬▬ have been dismissed from the litigation. Additionally, the executed agreements with ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬, so there is no reason to place the burden on Pentax/Hoya to obtain the third party's information. Pentax/Hoya is also willing to provide Honeywell with its contact information for ▬▬▬▬▬, if Honeywell so desires. In any event, Honeywell is in a much better position to obtain the requested information from ▬▬▬▬▬.

3.   No Information Should Be Necessary From ▬▬▬

Honeywell has not accused any Pentax/Hoya camera of infringement which incorporates an LCD from ▬▬▬. The accused products contain LCDs supplied from ▬▬▬▬▬. As such, the dismissal of Pentax/Hoya should not be prefaced on obtaining information from ▬▬▬. As Judge Jordan said during the hearing on September 9, 2005, it is not right to require the defendants to provide any information about products which were not accused. *See* Transcript, Sept. 9, 2005, p. 27, line 23 – p. 29, line 14.

Furthermore, to date, Pentax/Hoya has not been able to obtain any information or assistance from ▬▬▬. Since Honeywell was able to successfully negotiate a settlement agreement with ▬▬▬, it should get any information it desires directly from ▬▬▬.

# YOUNG CONAWAY STARGATT & TAYLOR, LLP

The Honorable Vincent J. Poppiti
July 25, 2008
Page 4

    4.    Conclusion

For the above reasons and those set forth in Pentax/Hoya's letter of July 18, 2008, Pentax/Hoya should be dismissed from this litigation.

                                    Respectfully submitted,

                                      Andrew A. Lundgren (No. 4429)

AAL

cc:    Elizabeth A. Sloan, Esquire (sloan@blankrome.com)
        Carrie David (david-c@blankrome.com)
        Mary Levan (levan@blankrome.com)
        All counsel of record (by e-filing and e-mail)