

Chad M. Shandler
302-651-7836
shandler@rlf.com

July 25, 2008

**BY ELECTRONIC MAIL
AND HAND DELIVERY**

The Honorable Vincent J. Poppiti
Blank Rome LLP
Chase Manhattan Centre, Suite 800
1201 Market Street
Wilmington, DE 19801-4226

**REDACTED - PUBLIC VERSION**

Re:   Honeywell, et al. v. Apple Computer, et al.
      C.A. 04-1338-JJF (Consolidated)

Dear Judge Poppiti:

      This is Eastman Kodak Company's ("Kodak") submission in response to Honeywell International, Inc.'s ("Honeywell") July 18, 2008 letter. Contrary to Honeywell's statement in its letter, Kodak is not seeking an order lifting the stay, but only requesting that it be dismissed from the litigation.

      As outlined in Kodak's July 18, 2008 letter, Kodak has agreed to provide a declaration outlining Kodak's process for confirming the manufacturer of the LCD modules incorporated in the Accused Products,[1] but not a declaration relating to the Non-Accused Products.[2] (See Honeywell July 18 Letter, first topic). Kodak has also agreed to provide a declaration stating that ▮▮▮▮▮▮▮▮▮▮ modules are not incorporated in either the Accused Products or Non-Accused Products, although Kodak believes that such information is irrelevant as to the Non-Accused Products. (See Honeywell July 18 Letter, second topic). Finally, Kodak has declined to provide declarations from its suppliers. (See Honeywell July 18 Letter, third topic).

---

[1] Honeywell has accused three products (digital cameras) which incorporate ▮▮▮▮ ▮▮▮ LCD modules (the "Accused Products").

[2] Although Kodak had identified in letters of October 28, 2005 and January 13, 2006 additional camera models that incorporate ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ LCD modules, Honeywell never accused those products (the "Non-Accused Products").

The Honorable Vincent J. Poppiti
July 25, 2008
Page 2

Kodak's response to Honeywell's contentions follows:

(1) **Request to "verify" identification of LCD modules for Non-Accused Products:**

Kodak had identified in letters of October 28, 2005 and January 13, 2006 additional camera models that incorporate ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Honeywell never accused those products (the "Non-Accused Products") and fact discovery is now closed.

Honeywell's demand that Kodak submit information about Non-Accused Products impermissibly attempts to expand Honeywell's claims in the face of prior court orders specifically prohibiting that action. Judge Jordan specifically prohibited Honeywell from demanding that the defendants accuse their own products and required Honeywell to specifically accuse those products that it believed infringe the patent-in-suit. (See Transcript of July 21, 2006 Proceedings before Judge Jordan, D.I. 506). Honeywell accused three Kodak products and its suit is therefore limited to those three products. As such, Kodak should not be required to confirm how it determined the manufacturer of the modules contained in the Non-Accused Products. If Honeywell wishes to commence a separate lawsuit accusing those products, it is free to do so but should be mindful that the suppliers of the Non-Accused Products have been licensed by Honeywell and dismissed from this lawsuit.

(2) **Request for declaration stating that ▮▮▮▮▮▮▮▮▮▮▮▮▮ LCD modules are not incorporated in Kodak products.**

As noted above, Kodak has agreed to provide a declaration that ▮▮▮▮▮▮▮▮ Modules are not incorporated in the Accused Products or the Non-Accused Products. To the extent that Honeywell seeks a declaration that Kodak does not use such modules in any of its products, that request is beyond the scope of this lawsuit. Honeywell is not entitled to information regarding products neither accused by it nor even identified by Kodak.

(3) **Request for confirmation that licenses cover all of the activities of the Affected Defendants.**

Honeywell states that it needs the "Affected Defendants to facilitate obtaining a declaration from the relevant licensees that confirms that the modules sold to the particular parties are in fact covered by the license." (See Honeywell July 18 Letter at page 4). Honeywell's "need" for confirmation from the licensees, however, is belied by the facts of this case. Honeywell dismissed the manufacturers it licensed from the case. If it needed confirmation from those licensees, or believed that they were selling infringing LCD modules, it should not have dismissed them from the case. In any event, most of those licenses contain ▮▮▮▮ ▮▮▮▮ that Honeywell can utilize (but for some reason has not) to ensure that infringing modules are not being sold.

RLF1-3308186-1

The Honorable Vincent J. Poppiti
July 25, 2008
Page 3

Honeywell was ordered by Judge Jordan to proceed against the manufacturer defendants and its case against the customer defendants was stayed. Honeywell has attempted to do an end run around Judge Jordan's order by dismissing the manufacturer defendants and then seeking to proceed against the customer defendants by claiming they are not licensed.

Finally, although license is generally an affirmative defense, Kodak has met its burden of proof. Kodak identified the manufacturers of the LCD modules contained in the Accused Products and is willing to verify that information. As demonstrated by the licenses produced to the Court, all of these suppliers are licensed. Although Honeywell has mentioned certain provisions of those licenses that it believes may render certain modules unlicensed (*i.e.*, ███████████████████), it has not identified to Kodak any specific provisions that apply to Kodak even though Kodak has identified its manufactures and the LCD modules.

The cases cited by Honeywell that stand for the general proposition that license is an affirmative defense do not address who has the burden on the scope of the license. The Special Master should apply authority from the Second Circuit Court of Appeals addressing copyright licenses, which hold that while proof of the existence of the license is the infringer's burden, the copyright holder has the burden of proof with regard to the scope of the license. Bourne v. Walt Disney World, 68 F.3d 621, 631 (2d Cir. 1995). Disputes over the scope of a license are "essentially one of contract" where the party claiming a breach carries the burden of persuasion. Id. Here, Kodak has produced the licenses and demonstrated that its suppliers are licensed. Honeywell has not provided any proof, or even specific allegations, demonstrating that the modules incorporated in Kodak's products are not licensed. Honeywell has ███████ under its licenses and presumably, having knowledge of the licenses and the ability to investigate its licensees' activities, knows whether the scope of those licenses has been exceeded. Indeed, by dismissing the licensed manufacturers, Honeywell has acknowledged that those manufacturers are not infringing and, moreover, has deprived the customer defendants of the ability to obtain party discovery from these foreign manufacturers.

For the foregoing reasons, Kodak requests that it be dismissed from the lawsuit upon providing the information it has agreed to provide in this letter and in its July 18 submission.

Respectfully submitted,

/s/ Chad M. Shandler #3796

CMS/ps

Chad M. Shandler #3796

cc: Clerk of the Court (via Electronic Filing)
All Counsel of Record (via e-mail)