## YOUNG CONAWAY STARGATT & TAYLOR, LLP

BEN T. CASTLE
SHELDON N. SANDLER
RICHARD A. LEVINE
RICHARD A. ZAPPA
FREDERICK W. IOBST
RICHARD H. MORSE
DAVID C. MCBRIDE
JOSEPH M. NICHOLSON
CRAIG A. KARSNITZ
BARRY M. WILLOUGHBY
ANTHONY G. FLYNN
JEROME K. GROSSMAN
EUGENE A. DIPRINZIO
JAMES L. PATTON, JR.
ROBERT L. THOMAS
WILLIAM D. JOHNSTON
TIMOTHY J. SNYDER
BRUCE L. SILVERSTEIN
WILLIAM W. BOWSER
LARRY J. TARABICOS
RICHARD A. DILIBERTO, JR.
MELANIE K. SHARP
CASSANDRA F. ROBERTS
RICHARD J.A. POPPER
TERESA A. CHEEK
NEILLI MULLEN WALSH
JANET Z. CHARLTON

ROBERT S. BRADY
JOEL A. WAITE
BRENT C. SHAFFER
DANIEL P. JOHNSON
CRAIG D. GREAR
TIMOTHY JAY HOUSEAL
MARTIN S. LESSNER
PAULINE K. MORGAN
C. BARR FLINN
NATALIE WOLF
LISA B. GOODMAN
JOHN W. SHAW
JAMES P. HUGHES, JR.
EDWIN J. HARRON
MICHAEL R. NESTOR
ROLIN P. BISSELL
SCOTT A. HOLT
JOHN T. DORSEY
M. BLAKE CLEARY
CHRISTIAN DOUGLAS WRIGHT
DANIELLE GIBBS
JOHN J. PASCHETTO
NORMAN M. POWELL
ELENA C. NORMAN
EDMON L. MORTON
JOHN E. TRACEY

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(800) 253-2234 (DE ONLY)
FAX: (302) 571-1253

GEORGETOWN, DELAWARE
MIDDLETOWN, DELAWARE
NEW YORK, NEW YORK

WWW.YOUNGCONAWAY.COM

DIRECT DIAL: 302-571-6661
DIRECT FAX: 302-576-3446
mbudicak@ycst.com

JOSEPH M. BARRY
RYAN M. BARTLEY
SEAN M. BEACH
DONALD J. BOWMAN, JR.
MICHELE SHERRETTA BUDICAK
JEFFREY T. CASTELLANO
DOUGLAS T. COATS (MD ONLY)
KARA HAMMOND COYLE
KRISTEN SALVATORE DEPALMA
MARGARET M. DIBIANCA
MARY F. DUGAN
ERIN EDWARDS
KENNETH J. ENOS
KERRIANNE MARIE FAY
JAMES J. GALLAGHER
WILLIAM E. GAMGORT
SEAN T. GREECHER
NATHAN D. GROW
STEPHANIE L. HANSEN
JAMES L. HIGGINS
PATRICK A. JACKSON
DAWN M. JONES
KAREN E. KELLER
JENNIFER M. KINKUS
EDWARD J. KOSMOWSKI

SPECIAL COUNSEL
JOHN D. MCLAUGHLIN, JR.
KAREN L. PASCALE
SETH J. REIDENBERG
PATRICIA A. WIDDOSS

EVANGELOS KOSTOULAS
JOHN C. KUFFEL
TIMOTHY E. LENGKEEK
ANDREW A. LUNDGREN
MATTHEW B. LUNN
ADRIA B. MARTINELLI
KATHALEEN MCCORMICK
MICHAEL W. MCDERMOTT
TAMMY L. MERCER
MARIBETH L. MINELLA
D. FON MUTTAMARA-WALKER
MICHAEL S. NEIBURG
   (PA & NJ ONLY)
JENNIFER R. NOEL
ADAM W. POFF
ROBERT F. POPPITI, JR.
SARA BETH A. REYBURN
CHERYL A. SANTANIELLO
MONTÉ T. SQUIRE
MICHAEL P. STAFFORD
RICHARD J. THOMAS
TRAVIS N. TURNER
MARGARET B. WHITEMAN
SHARON M. ZIEG

SENIOR COUNSEL
CURTIS J. CROWTHER

OF COUNSEL
BRUCE M. STARGATT
STUART B. YOUNG
EDWARD B. MAXWELL, 2ND
JOSY W. INGERSOLL

July 25, 2008

**BY E-FILE AND HAND DELIVERY**                     **REDACTED – PUBLIC VERSION**

The Honorable Vincent J. Poppiti
Blank Rome LLP
1201 North Market Street, Suite 800
Wilmington, Delaware 19801

    Re:    *Honeywell International Inc., et al. v. Apple Computer, Inc., et al.,*
           C.A. No. 04-1338-JJF

Dear Judge Poppiti:

    We represent Sony Corp. ("Sony") and respectfully submit this letter in reply to Honeywell's letter dated July 18, 2008.

    Although Sony recognizes that the issues immediately before Your Honor are primarily procedural, Sony already has made a *prima facie* showing sufficient to demonstrate that the LCD modules present in Sony's accused consumer electronics products are made by manufacturers who are licensed under Honeywell's '371 patent. Honeywell has never rebutted this showing or offered any plausible rationale to suggest its claims to those modules are not exhausted. Honeywell now bears the burden to identify specifically the reasons why it claims that Sony does not benefit from the licenses of its suppliers. Honeywell had made no such showing to date.

    Honeywell's letter proposes a convoluted series of procedural hurdles for Sony and its co-defendants to jump, many of them on issues that Honeywell can resolve on its own. Honeywell's request that Sony obtain declarations from the licensed, third-party LCD module

YOUNG CONAWAY STARGATT & TAYLOR, LLP

The Honorable Vincent J. Poppiti
July 25, 2008
Page 2

makers is unreasonable, particularly in light of the case management directives in place. Similarly, Honeywell's request that Sony undertake a company-wide search across all product lines to confirm that no LCD modules made by Optrex or Samsung SDI are used violates Judge Jordan's prior case management orders and far exceeds to scope of the Special Master's charge from Judge Farnan. Honeywell's attempt to prevent Sony (and the other customer defendants) from being dismissed from this litigation should be denied.

**<u>Sony Has Met Its Burden to Show Exhaustion</u>**

While Honeywell argues that the burden is on the customer defendants to prove a licensing defense (which Sony does not contest), it refuses to acknowledge that Sony has already come forward with a *prima facie* case that its accused products use authorized LCD modules. Honeywell, on the other hand, has not responded with any specific reasons why the accused products do not benefit from those license agreements.

As set forth in Sony's July 18th letter to Your Honor, the accused Sony products contain LCD modules made by ▬▬▬▬▬▬▬ who all have purchased licenses from Honeywell. Honeywell has not responded in substance to date. It has merely referred to certain limitations of the supplier licenses as ***possibly*** limiting the applicability of the license and/or scope of authorized modules. Given that Sony has established the existence of these license agreements and their relationships to Sony's accused products, the burden has now shifted to Honeywell to come forward with particularized contentions as to why it believes the specifically accused Sony products do not fall within the ▬▬▬▬▬▬▬ license agreements.

This burden is rightfully Honeywell's. This is no different from the situation that would occur if Sony had brought a summary judgment motion based on a license defense. In that scenario, Honeywell, of course, would have to come forward with genuine issues of material facts as to why the license agreements do not apply. Generalized allegations based on certain provisions in the license agreement without more would be insufficient to defeat summary judgment. The same standard should apply in these proceedings. If Honeywell is not required to make this preliminary showing, then Sony would be forced to prove a negative, *i.e.*, that the LCD modules found in its accused products do not fall within the scope of the license agreements. Sony should not be forced to undertake a protocol that is wholly unnecessary and unduly burdensome to satisfy Honeywell when it has failed to meet its burden.

Further, although some of Honeywell's licenses define conditions under which the licenses terminate, these same licenses define mechanisms that permit Honeywell to investigate itself whether the termination conditions are met. (*See, e.g.*,  ) Honeywell's proposals in its July 18 letter are particularly unreasonable where Honeywell can (and presumably does) investigate such issues as part of its normal contract administration processes.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

The Honorable Vincent J. Poppiti
July 25, 2008
Page 3

Since Honeywell is unable to articulate any specific reasons why the license agreements do not apply to the LCD modules used in the accused Sony products, Sony has satisfied its burden of proving a license defense and dismissal from the litigation is appropriate.

**<u>Declarations From Licensed LCD Module Makers</u>**

As a preliminary matter, Sony notes that Honeywell did not request declarations from the licensed LCD module makers during the parties' meet and confer.[1] It appears that Honeywell is now requesting that Sony obtain declarations from the license module makers. Sony objects. Not only is Honeywell changing its position, Sony should not be forced to obtain these declarations because: 1) as shown above, it has made a *prima facie* showing that it benefits from its suppliers' licenses, 2) also as shown above, Honeywell has offered no rebuttal to Sony's showing, and 3) Honeywell relinquished this discovery when it chose not to sue the manufacturers that supply the LCD modules found in the accused Sony products back in the Fall of 2005.

On October 7, 2005, Judge Jordan ordered the customer defendants to identify the manufacturers of the LCD modules used in the products that had been specifically accused by Honeywell. (Order, D.I. 237, p. 5.) Sony did so. It identified ███████████████ on October 28, 2005. (Letter from R. Hails to M. Woods dated October 28, 2005 (attached as Exhibit B)) Within 30 days of that identification, Honeywell was required to amend the complaint or bring a new complaint to sue any of the identified manufacturers. (Order, D.I. 237, p. 5.) If Honeywell chose to sue an additional manufacturer, the customer defendants were ordered to assist Honeywell by forwarding a copy of the complaint or amended complaint to the manufacturer, to provide the manufacturers with the contact information for Honeywell's attorneys, and to persuade the manufacturers to waive formal service of process. (*Id.*, p. 6.)

With respect to the four manufacturers identified by Sony, Honeywell passed on adding ███████████████ as defendants. If Honeywell had any concerns that these licensed manufacturers were selling unauthorized LCD modules, then it should have sued them. Honeywell did nothing, presumably because it knew it had no claim against any of these parties and could not advance a claim against them and simultaneously meet its Rule 11 obligations to the Court. It reached this conclusion without need for any declaration from those manufacturers – the license agreements were sufficient on their face. So, too, here. The Special Master can resolve the licensed supplier issue without the need for declarations on issues for which there is no serious dispute.

---

[1]   Sony summarized its understanding of the requests being made by Honeywell for dismissal during the meet and confer in a letter dated June 27, 2008 from Michael Shen to Matt Woods (attached as Exhibit A). Honeywell did not respond to this letter contesting Sony's understanding.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

The Honorable Vincent J. Poppiti
July 25, 2008
Page 4

**Optrex/Samsung SDI Declaration**

As explained in Sony's July 18th submission, Honeywell's demand that Sony perform a company-wide search across its numerous product lines to confirm that no LCD modules are made by Optrex or Samsung SDI is entirely unreasonable, and certainly outside the scope of this proceeding. For the purpose of this investigation, the Special Master has been asked to determine only whether Sony products accused by Honeywell include modules that are licensed under the patent in suit. (Transcript, April 2, 2008 Status Conference, pp. 14-16.) Honeywell has not identified any Sony product that contains an Optrex or Samsung SDI module and, therefore, Honeywell's request far exceeds the scope of the inquiry assigned to the Special Master.[2]

Sony firmly believes that dismissal is appropriate, and looks forward to discussing these issues with your Honor on July 30th.

Respectfully submitted,

*Michele Budicak*

Michele Sherretta Budicak (No. 4651)

cc:  Robert L. Hails, Esquire (Of Counsel)
     Michael M. Shen, Esquire (Of Counsel)
     John W. Shaw, Esquire

---

[2] Honeywell's request also is unreasonable because it expects Sony to undertake an investigation that Honeywell should have performed itself in discovery. Optrex and Samsung SDI both are active parties in the litigation. Honeywell had ample opportunities to discover Optrex's and Samsung SDI's sales, seeking the Court's assistance if necessary. If Honeywell did not avail itself of its opportunities, it should not be permitted to seek this information from Sony or the other customer defendants. Honeywell's request is particularly burdensome on Sony, who sells hundreds if not thousands of consumer electronics products that contain LCD modules. Accordingly, Sony requests that the Court reject Honeywell's request to require an investigation of any purchase of Optrex and/or Samsung SDI modules.