IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HONEYWELL INTERNATIONAL INC. and HONEYWELL INTELLECTUAL PROPERTIES INC., <br><br> Plaintiffs, <br><br> v. <br><br> APPLE COMPUTER, INC., et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) C.A. No. 04-1338-JJF <br> (Consolidated) |

**PLAINTIFFS' NOTICE OF RULE 30(b)(6)
DEPOSITION OF DEFENDANTS PENTAX/HOYA CORPORATION
AND PENTAX OF AMERICA, INC.**

PLEASE TAKE NOTICE that, in accordance with Rules 26, 30(b)(6), and 32 of the Federal Rules of Civil Procedure, Honeywell International Inc. and Honeywell Intellectual Properties Inc. (hereinafter "Honeywell") will take the deposition of Defendants Pentax/Hoya Corporation and Pentax of America, Inc. (collectively "Pentax") through one or more of its officers, directors, managing agents, or other persons who consent to testify on its behalf and who are most knowledgeable with respect to the deposition topics set forth in Schedule A and the document requests set forth in Schedule B, subject to the definitions in Schedule C, at the time and place as set forth below.

PLEASE TAKE FURTHER NOTICE that, Pentax is commanded/ requested to produce the documents set forth in Schedule B at least one week before the deposition.

Said deposition will be taken on Tuesday August 19, 2008, at 9:00 a.m. and will be taken at the law offices of Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market Street, Wilmington, DE 19899-1347 or at such other time and place as may be agreed to by the parties. The deposition will continue until completed as provided in the Federal Rules of Civil Procedure.

The deposition will be taken before a court reporter, notary public, or other person authorized by law to administer oaths, and will be recorded stenographically and by videotape. You are invited to attend and cross-examine.

|  |  |
|---|---|
| OF COUNSEL:<br><br>Martin R. Lueck<br>Matthew L. Woods<br>Stacie E. Oberts<br>Denise S. Rahne<br>Peter N. Surdo<br>Amy N. Softich<br>Daniel M. White<br>ROBINS, KAPLAN, MILLER<br>  & CIRESI L.L.P.<br>2800 LaSalle Plaza<br>800 LaSalle Avenue<br>Minneapolis, MN  55402-2015<br>(612) 349-8500<br><br>Anthony A. Froio<br>Marc N. Henschke<br>Alan E. McKenna<br>Michael J. Garko<br>ROBINS, KAPLAN, MILLER<br>  & CIRESI L.L.P.<br>800 Boyleston Street, 25th Floor<br>Boston, MA  02199<br>(617) 267-2300<br><br>August 1, 2008<br>2435009 | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Thomas C. Grimm*<br>_____<br>Thomas C. Grimm (#1098)<br>Benjamin J. Schladweiler (#4601)<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899-1347<br>(302) 658-9200<br>tgrimm@mnat.com<br>bschladweiler@mnat.com<br>  *Attorneys for Plaintiffs* |

## SCHEDULE A

1. The authentication of any and all product or module lists or charts provided to Honeywell during the Delaware Action, and a description of the sources and criteria from which the data in the lists and charts were derived.

2. All efforts taken by you to comply with Judge Jordan's Order dated October 7, 2005.

3. All databases or sources of information available to identify the Accused Modules used in products manufactured and sold by you.

4. All information regarding whether any Licensee intended to resolve your potential liability in the Delaware Action by entering any License Agreement, whether any Licensee owed a legal obligation to you before entering any License Agreement, and whether any intent of any Licensee to resolve your potential liability in the Delaware Action was a material part of any Licensee entering any License Agreement.

5. All information regarding any agreement or understanding (including requests for and responses to), either formal or informal, between you and any Licensee concerning the indemnification of your potential liability in the Delaware Action, including but not limited to any pre-existing legal obligations between you and any Licensee.

6. The factual basis for your claim that your manufacturing and sales activities fall within the terms of any License Agreement including, but not limited to: (a) all information regarding WHEN any Accused Module used by you was manufactured and sold by any Licensee; (b) all information concerning whether any Accused Module was FULLY ASSEMBLED by a Licensee or, if not, a description of the manufacturing chan for any Accused Module; (c) all information as to whether any SALES CAP of any License Agreement has been

- 2 -

exceeded, and the accounting for such SALES CAP; and (d) all information regarding the PHYSICAL DIMENSIONS of the Accused Modules as they are used in any products manufactured or sold by you.

7. For each product manufactured or sold by you using an Accused Module (including but not limited to those products that are subject to Topic No. 1), a description of the ordering, purchasing, and delivery channels for such products, including whether you purchase directly from the Licensee, and the terms and location of shipment and delivery (e.g. U.S. or foreign provenance).

8. The authenticity, foundation, and substance of the Documents identified in the Requests set forth in Schedule B.

## **SCHEDULE B**

1. All Documents regarding Topics Nos. 1-7 of Schedule A.

2. All Documents relied on in preparation for Topics Nos. 1-7 of Schedule A.

3. Exemplar purchase orders for any Accused Module or any component of any Accused Module, or similar Documents initiating the sale to you of the same.

4. Exemplar invoices for any Accused Module or any component of any Accused Module, or similar Documents evidencing the sale to you of the same.

5. Exemplar bills of lading for any Accused Module or any component of any Accused Module, or similar Documents evidencing the delivery to you of the same.

## SCHEDULE C

For purposes of this notice and the attached Schedules A and B, the following terms shall have the meaning set forth below:

1. The term "License Agreement(s)," shall mean the agreements relating to U.S. Patent No. 5,280,371 between Honeywell International Inc. and Honeywell Intellectual Properties Inc., on one hand, and (1) Arima Display Corporation, dated January 19, 2007, (2) AU Optronics Corporation, dated March 15, 2006, (3) Casio Computer Co., dated December 13, 2006, (4) Chi Mei Optoelectronics, Inc., dated December 22, 2004, (5) Chunghwa Picture Tubes, Ltd., dated August 11, 2005, (6) HannStar Display Corporation, dated March 30, 2006, (7) Hitachi, Ltd., dated July 27, 2007, (8) International Display Technology Co., Ltd., dated August 2, 2006, (9) Koninklijke Philips Electronics N.V., dated December 21, 2006, (10) LG Philips LCD Co., Ltd, dated March 28, 2003, (11) NEC LCD Technologies, Ltd., dated December 10, 2004, (12) Quanta Display, Inc., dated August 22, 2006, (13) Samsung Electronics, Co., Ltd, dated June 18, 2004, (14) Sanyo Electric Co., Ltd. and Sanyo Epson Imaging Devices Corporation, dated June 27, 2005, (15) Seiko Epson Corporation, dated April 4, 2007, (16) Sharp Corporation, dated March 25, 2005, (17) Sony Corporation, dated September 26, 2006, (18) TPO Display Corporation, dated January 31, 2007, (19) Toshiba Corporation, dated September 22, 2005, or (20) Wintek Corporation, dated September 21, 2007, on the other.

2. The term "Licensee" shall refer to the party or parties to the License Agreements with Honeywell.

3. The terms "Defendant," "you," or ''your" shall refer to named Defendants Pentax Hoya Corporation and Pentax of America, Inc. (collectively "Pentax") and includes, without limitation, Defendant's divisions, subsidiaries, directors, agents (including outside legal counsel),

representatives, and employees, any predecessor with an interest, and any entity Defendants Pentax/Hoya Corporation and Pentax of America, Inc. contend is covered by a License Agreement.

4. The term "Sales Cap" shall refer to all provisions in the License Agreements regarding any and all limits on the monetary sales or product volumes authorized by the License Agreements.

5. The term "Delaware Action" shall mean the action filed by Honeywell International Inc. and Honeywell Intellectual Properties Inc. in the United States District Court for the District of Delaware accusing various consumer electronics and LCD module manufacturers of infringing U.S Patent No. 5,280,371—Case No. 04-1338 (consolidated).

6. The term "Accused Module" shall mean any LCD module or product incorporating an LCD module that has been identified by Honeywell as practicing or infringing U.S. Patent No. 5,280,371, to include but not limited to (1) those products and modules identified in Honeywell's May 27, 2005 letter to all Counsel; (2) those products and modules identified by you in the Delaware action, including those identified in response to Judge Jordan's Order dated October 7, 2005, (3) the following LCD modules manufactured by Optrex: DMF-50268NCU-FW-11 AL; DMF-50766NC-FW-2 AC; DMF-50918NCU-FW AA; DMF-50918NCU-FW-1 AB; DMF-50918NCU-FW-2 AC; DMF-50918NCU-FW-3 AD DMF-50944NCU-FW AA; DMF-50944NCU-FW-1 AB; DMF-50944NCU-FW-2 AC; DMF-50944NCU-FW-AD; F-51136NCWHU-FW-AA; F-51167NCU-FW-AA; and F-51167NCU-FW-AB; and (4) the following LCD modules manufactured by Samsung SDI: UG12R076A; UG12D205A; UG12D205AA; UG12D205D; UG12R022A; UG12R056B; UG12R131A; UG12R085A; UG12D216B; UG12R151A; UG12R140A; UG12R129A; UG12R110C;

- 3 -

UG12R168A; UF12R078A; UG12R078A; UG12R080A; UG12R056A; UG12R110A; UG12R110E; UG12R110EA; UG12D216C; UG12R168B; UG12R151C; UG12R151CA; UG12D216A; UF24U130A; UG12A025A; UG09B097A; UF17E029A; UF17E029AA; UF17E029B; UF17E029BA; UF17E029CA; and UF24R001AA.

     7.    The term "Fully Assembled" shall mean that the LCD modules is comprised of an LCD panel, an associated backlight, and related structural and electronic support so that the module is capable of displaying text and images.

     8.    The term "Document" shall mean all writings of any kind, including the originals and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise as contemplated by Fed. R. Civ. P. 26 in any form, whether on paper, in electronic form, on microfilm, or otherwise.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 1, 2008, the foregoing was caused to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to all registered participants.

In addition, the undersigned hereby certifies that true and correct copies of the foregoing were caused to be served via electronic mail on August 1, 2008 upon the following parties:

| | |
|---|---|
| REPRESENTING HONEYWELL INTERNATIONAL INC. AND HONEYWELL INTELLECTUAL PROPERTIES INC. (C.A. 04-1337) | Steven J. Balick **sbalick@ashby-geddes.com** <br><br> John G. Day **jday@ashby-geddes.com** <br><br> Lauren E. Maguire **lmaguire@ashby-geddes.com** |
| REPRESENTING AUDIOVOX ELECTRONICS CORPORATION (C.A. 04-1337) | William F. Taylor, Jr. **wtaylor@mccarter.com** |
| REPRESENTING AUDIOVOX COMMUNICATIONS CORP. (C.A. 04-1337) | Matt Neiderman **mneiderman@duanemorris.com** <br><br> D. Joseph English **djenglish@duanemorris.com** |
| REPRESENTING NIKON CORPORATION AND NIKON INC. (C.A. 04-1337) | Richard L. Horwitz **rhorwitz@potteranderson.com** <br><br> David E. Moore **dmoore@potteranderson.com** <br><br> William J. Marsden, Jr. (NIKON INC.) **marsden@fr.com** <br><br> Barry W. Graham **barry.graham@finnegan.com** <br><br> Darren M. Jiron **darren.jiron@finnegan.com** |

| | |
|---|---|
| REPRESENTING NOKIA CORPORATION AND NOKIA INC.<br><br>(C.A. 04-1337) | Thomas L. Halkowski<br>**halkowski@fr.com**<br><br>William J. Marsden, Jr.<br>**marsden@fr.com**<br><br>Lauren A. Degnan<br>**degnan@fr.com**<br><br>Andrew R. Kopsidas<br>**kopsidas@fr.com** |
| REPRESENTING SAMSUNG SDI CO., LTD. (THIRD-PARTY DEFENDANT)<br><br>(C.A. 04-1337) | Richard L. Horwitz<br>**rhorwitz@potteranderson.com**<br><br>David E. Moore<br>**dmoore@potteranderson.com**<br><br>Alana A. Prills<br>**alanaprills@paulhastings.com**<br><br>Carolyn E. Morris<br>**carolynmorris@paulhastings.com**<br><br>Elizabeth L. Brann<br>**elizabethbrann@paulhastings.com**<br><br>Hamilton Loeb<br>**hamiltonloeb@paulhastings.com**<br><br>Stephen S. Korniczky<br>**stephenkorniczky@paulhastings.com** |
| REPRESENTING SANYO ELECTRIC CO., LTD. AND SANYO NORTH AMERICA<br><br>(C.A. 04-1337) | Richard L. Horwitz<br>**rhorwitz@potteranderson.com**<br><br>David E. Moore<br>**dmoore@potteranderson.com**<br><br>Michael A. Dorfman<br>**Michael.dorfman@kattenlaw.com**<br><br>Timothy J. Vezeau<br>**timothy.vezeau@kattenlaw.com**<br><br>Richard P. Bauer<br>**richard.bauer@kattenlaw.com** |
| REPRESENTING SEIKO EPSON CORPORATION<br><br>(C.A. 04-1337) | Robert J. Katzenstein<br>**rjk@skfdelaware.com**<br><br>Robert J. Benson<br>**rjbenson@hhlaw.com** |

- 3 -

| | |
|---|---|
| REPRESENTING APPLE<br>(C.A.04-1338) | Thomas L. Halkowski<br>**halkowski@fr.com**<br><br>Kelly C. Hunsaker<br>**hunsaker@fr.com**<br><br>Frank E. Scherkenbach<br>**scherkenbach@fr.com** |
| REPRESENTING ARGUS<br>(C.A.04-1338) | Richard H. Cross, Jr.<br>**rcross@crosslaw.com**<br><br>Amy Evans<br>**aevans@crosslaw.com**<br><br>Brian D. Roche<br>**broche@reedsmith.com** |
| REPRESENTING CASIO<br>(C.A.04-1338) | Thomas L. Halkowski<br>**halkowski@fr.com**<br><br>John T. Johnson<br>**jjohnson@fr.com** |
| REPRESENTING CITIZEN WATCH CO., LTD. AND CITIZEN DISPLAYS CO., LTD.<br>(C.A.04-1338) | David J. Margules<br>**dmargules@bmf-law.com**<br><br>Stuart Lubitz<br>**slubitz@hhlaw.com**<br><br>David H. Ben-Meir<br>**dhben-meir@hhlaw.com**<br><br>Rose Hickman<br>**rahickman@hhlaw.com** |
| REPRESENTING CONCORD<br>(C.A.04-1338) | Richard L. Horwitz<br>**rhorwitz@potteranderson.com**<br><br>David E. Moore<br>**dmoore@potteranderson.com**<br><br>Scott L. Lampert<br>**by facsimile only**:  (954) 989-4103 |

- 4 -

| | |
|---|---|
| REPRESENTING DELL<br>(C.A.04-1338) | Richard L. Horwitz<br>**rhorwitz@potteranderson.com**<br><br>David E. Moore<br>**dmoore@potteranderson.com**<br><br>Avelyn M. Ross<br>**aross@velaw.com**<br><br>Willem G. Schuurman<br>**bschuurman@velaw.com**<br><br>Roderick B. Williams<br>**rickwilliams@velaw.com** |
| REPRESENTING EASTMAN KODAK<br>(C.A.04-1338) | Frederick L. Cottrell, III<br>**cottrell@rlf.com**<br><br>Chad M. Shandler<br>**shandler@rlf.com**<br><br>Neal Slifkin<br>**nslifkin@harrisbeach.com**<br><br>Paul J. Yesawich, III<br>**pyesawich@harrisbeach.com**<br><br>Laura W. Smalley<br>**lsmalley@harrisbeach.com** |
| REPRESENTING FUJIFILM CORPORATION AND FUJIFILM U.S.A., INC.<br>(C.A.04-1338) | Philip A. Rovner<br>**provner@potteranderson.com**<br><br>Angie M. Hankins<br>**ahankins@stroock.com**<br><br>Matthew W. Siegal<br>**msiegal@stroock.com**<br><br>Lawrence Rosenthal<br>**lrosenthal@stroock.com** |
| REPRESENTING FUJITSU<br>(C.A.04-1338) | Richard L. Horwitz<br>**rhorwitz@potteranderson.com**<br><br>David E. Moore<br>**dmoore@potteranderson.com**<br><br>Parker H. Bagley<br>**pbagley@milbank.com**<br><br>Christopher E. Chalsen<br>**cchalsen@milbank.com**<br><br>Christopher J. Gaspar<br>**cgaspar@milbank.com** |

- 5 -

| | |
|---|---|
| REPRESENTING HOYA (FORMERLY PENTAX) (C.A.04-1338) | Adam W. Poff **apoff@ycst.com** |
| | Michael J. Fink **mfink@gbpatent.com** |
| | Neil F. Greenblum **ngreenblum@gbpatent.com** |
| | P. Branko Pejic **bpejic@bgpatent.com** |
| REPRESENTING INNOLUX DISPLAY CORPORATION (C.A.04-1338) | Matt Neiderman **mneiderman@duanemorris.com** |
| | Donald R. McPhail **drmcphail@duanemorris.com** |
| REPRESENTING KYOCERA (C.A.04-1338) | Robert J. Katzenstein **rjk@skfdelaware.com** |
| | Robert K. Beste, III **rkb@skfdelaware.com** |
| | Stuart Lubitz **slubitz@hhlaw.com** |
| | David H. Ben-Meir **dhben-meir@hhlaw.com** |
| | Rose Hickman **rahickman@hhlaw.com** |
| REPRESENTING MEI/MEC (MATSUSHITA) (C.A.04-1338) | William J. Wade **wade@rlf.com** |
| | Steven A. Reiss **steven.reiss@weil.com** |
| | David J. Lender **david.lender@weil.com** |
| REPRESENTING NAVMAN (C.A.04-1338) | Arthur G. Connolly, III **aconnollyIII@cblh.com** |
| | Brian M. Gottesman **bgottesman@cblh.com** |
| | Bradford P. Lyerla **blyerla@marshallip.com** |

| | |
|---|---|
| REPRESENTING OLYMPUS<br>(C.A.04-1338) | John W. Shaw<br>**jshaw@ycst.com**<br><br>Richard M. Rosati<br>**rrosati@kenyon.com**<br><br>George E. Badenoch<br>**gbadenoch@kenyon.com** |
| REPRESENTING OPTREX<br>(THIRD-PARTY PLAINTIFF)<br>(C.A.04-1338 AND 04-1536) | Karen L. Pascale<br>**kpascale@ycst.com**<br><br>Thomas J. Fisher<br>**tfisher@oblon.com**<br><br>Alexander E. Gasser<br>**agasser@oblon.com**<br><br>Richard D. Kelly<br>**rkelly@oblon.com**<br><br>Andrew M. Ollis<br>**aollis@oblon.com**<br><br>John F. Presper<br>**jpresper@oblon.com** |
| REPRESENTING SAMSUNG SDI CO., LTD.<br>AND SAMSUNG SDI AMERICA, INC.<br>(C.A.04-1338) | Richard L. Horwitz<br>**rhorwitz@potteranderson.com**<br><br>David E. Moore<br>**dmoore@potteranderson.com**<br><br>Alana A. Prills<br>**alanaprills@paulhastings.com**<br><br>Carolyn E. Morris<br>**carolynmorris@paulhastings.com**<br><br>Elizabeth L. Brann<br>**elizabethbrann@paulhastings.com**<br><br>Hamilton Loeb<br>**hamiltonloeb@paulhastings.com**<br><br>Stephen S. Korniczky<br>**stephenkorniczky@paulhastings.com** |
| REPRESENTING SONY CORPORATION<br>(C.A.04-1338) | John W. Shaw<br>**jshaw@ycst.com**<br><br>John Flock<br>**jflock@kenyon.com**<br><br>Robert L. Hails, Jr.<br>**rhails@kenyon.com** |

| | |
|---|---|
| REPRESENTING SONY ERICSSON<br>(C.A.04-1338)<br>REPRESENTING TOSHIBA<br>(C.A.04-1338) | Francis DiGiovanni<br>**fdigiovanni@cblh.com**<br><br>Richard L. Horwitz<br>**rhorwitz@potteranderson.com**<br><br>David E. Moore<br>**dmoore@potteranderson.com**<br><br>Arthur I. Neustadt<br>**aneustadt@oblon.com**<br><br>Carl E. Schlier<br>**cschlier@oblon.com** |

*/s/ Thomas C. Grimm*
_____
Thomas C. Grimm (#1098)

- 7 -