# CONNOLLY BOVE LODGE & HUTZ LLP
## ATTORNEYS AT LAW

Francis DiGiovanni
Partner

TEL (302) 888-6316
FAX (302) 255-4316
EMAIL fdigiovanni@cblh.com
REPLY TO Wilmington Office

WILMINGTON, DE

The Nemours Building
1007 North Orange St.
P.O. Box 2207
Wilmington, DE 19899
TEL: (302) 658 9141
FAX: (302) 658 5614
WEB: www.cblh.com

July 28, 2008

**VIA HAND DELIVERY and E-MAIL**　　　　**REDACTED PUBLIC VERSION**
The Honorable Vincent J. Poppiti
Blank Rome LLP
1201 N. Market Street, Suite 800
Wilmington, DE 19801

　　Re:　*Honeywell Int'l Inc. v. Apple Computer, Inc., et al.*, Civ. No. 04-1338-JJF

Dear Special Master Poppiti:

　　I write on behalf of Sony Ericsson Mobile Communications AB and Sony Ericsson Mobile Communications USA Inc. (collectively, "SEMC") in furtherance of the proceeding ordered by Judge Farnan for the purpose of addressing the issue of dismissal of certain stayed customer defendants in this case.[1]

　　As set forth in SEMC's letter dated July 18, 2008, the sole accused product in this case attributable to SEMC is the Z200 phone. SEMC has confirmed that the Z200 phone utilized Arima LCD module model number MC16G03A, and that SEMC manufactured its accused Z200 phones between April and June 2004. *See* Declaration of Christer Jansson, attached as Exhibit A hereto. Thus, as SEMC stated in its letter dated July 18, 2008, SEMC should be dismissed from the case due to the license that Honeywell has granted to SEMC's supplier, Arima Display Corporation ("Arima").

　　A copy of the Arima license agreement ("Arima License") is attached hereto as Exhibit B. There are no provisions in the Arima License that would exclude SEMC from the benefits of that license. Specifically:

　　　　(a)　**Date Restrictions**. No date restrictions in the Arima License prevent the LCDs in SEMC's Z200 phones from falling within the Arima License. SEMC purchased

---

[1] SEMC submits this letter one day after the scheduled time because SEMC was not served with Honeywell's original letter (July 18, 2008) until July 21, 2008.

Law Offices
Connolly Bove Lodge & Hutz LLP

**REDACTED PUBLIC VERSION**

The Honorable Vincent J. Poppiti
July 28, 2008
Page 2 of 2

its LCDs for the accused products no later than June 2004. The Arima License covers that time period.

      **(b)  Covered Products.** No "covered product" definition in the Arima License prevents the LCDs in the Z200 phones from falling within the Arima License.

      **(c)  Sales Caps / Audit Caps.** There is no Sales Cap or Audit Cap in the Arima License that prevents the LCDs in the Z200 phones from falling within the Arima License. Thus, this would not adversely affect sales made in 2004.

      **(d)  Dismissal With Prejudice.** The fact that Arima was dismissed without prejudice does not affect the absence of liability on the part of SEMC.

That module is the only accused product with regard to SEMC. Thus, SEMC is licensed for all accused activity, and has no liability for the matters pled in the Complaint. Dismissal with prejudice of SEMC is appropriate.

In sum, the Honeywell-Arima settlement/license agreement compels the immediate dismissal with prejudice of SEMC.

Sincerely,

Francis DiGiovanni

FD/njw

cc:    Clerk of Court (*via ECF*)
         Counsel of Record (*via ECF and e-mail*)

625468_1