# CONNOLLY BOVE LODGE & HUTZ LLP

### ATTORNEYS AT LAW

WILMINGTON, DE

The Nemours Building
1007 North Orange St.
P.O. Box 2207
Wilmington, DE 19899
TEL: (302) 658 9141
FAX: (302) 658 5614
WEB: www.cblh.com

**Francis DiGiovanni**
Partner

**TEL** (302) 888-6316
**FAX** (302) 255-4316
**EMAIL** fdigiovanni@cblh.com
**REPLY TO** Wilmington Office

August 4, 2008

**VIA HAND DELIVERY and E-MAIL**
The Honorable Vincent J. Poppiti
Blank Rome LLP
1201 N. Market Street, Suite 800
Wilmington, DE 19801

      Re:    *Honeywell Int'l Inc. v. Apple Computer, Inc., et al.*, Civ. No. 04-1338-JJF

Dear Special Master Poppiti:

      I write on behalf of Sony Ericsson Mobile Communications AB and Sony Ericsson Mobile Communications USA Inc. (collectively, "SEMC") as a follow-up to the teleconference held on July 30th. On that teleconference, the suggestion was made— apparently for the first time—that Honeywell had *until the end of fact discovery* to identify the accused products in this case. As stated in the call, SEMC disagrees with this proposition. I submit herein several important points pertaining to this new proposition.

      First, it is clear that Judge Jordan required Honeywell to specifically identify the accused products in **2005**. I enclose the entire transcript of Judge Jordan's telephonic hearing of September 9, 2005. *See* Exhibit A. It is clear from both the Judge's rulings and Honeywell's statements at that hearing that the deadline for naming accused products was in 2005. Honeywell conceded at the hearing that "[w]e've identified what the products are that have infringed . . . ." Tr. at 22. Honeywell further stated that it merely sought information about "all of the generations *of those products* that they have introduced in the past." *Id.* (emphasis added). Honeywell later reiterated that "[w]e've narrowed it down to specific products we've torn down." *Id.* at 24. Judge Jordan then explained to Honeywell what Honeywell was required to do at that time (September 2005): "[W]hat I do expect to happen *at this juncture* is for you guys to come together with a specific set *now* of identified products and manufacturers of the models of LCD modules that go into those products so that we can go about having the proper defendants in the suit." Tr. at 29 (emphasis added). Thus, Judge Jordan required Honeywell to identify all accused products in **2005**. This was confirmed in the Court's Order dated October 7, 2005. *See* Exhibit B. In that Order, Judge Jordan formalized a process that was completely dependent upon Honeywell having named specific

LAW OFFICES
Connolly Bove Lodge & Hutz LLP

The Honorable Vincent J. Poppiti
August 4, 2008
Page 2 of 3

accused products (as Honeywell's counsel confirmed that it did), and based on those specific named products, the non-manufacturer defendants were to provide the names of manufacturers by October 29, **2005**, and then Honeywell was to amend its complaint by November 6, **2005**, to include these manufacturers. Order at 4-6. The non-manufacturer defendants were then to send the amended complaint (and the Court's Order) to its manufacturers, and were to use good faith efforts to persuade their manufacturers to accept service of the amended complaint. *Id.* at 6.

Second, allowing Honeywell until *December 2007*—the close of fact discovery—to name accused products would completely turn the scheduling order and Judge Jordan's October 2007 Order upside down and destroy its purpose. By that time, it was too late for a non-manufacturing defendant to comply with the October 2005 Order. If a non-manufacturing defendant's product was first identified by Honeywell in late 2007, it would have been too late for that defendant to go through the manufacturer-identification process mandated by Judge Jordan, and it was too late for the manufacturer of the newly-named product to be added to the case. This is especially so because the deadline to amend pleadings and add parties was July 7, 2006. *See* D.I. 167. Thus, Judge Jordan *cannot* have contemplated that Honeywell was free to identify new "accused products" through the end of fact discovery. Judge Jordan's express edict that the accused products were to be named in 2005 must be upheld in order to make sense of the schedule and the Orders entered in this case.

Finally, even in an ordinary patent case, where no express order requires a defendant to name its accused products many months in advance of the discovery cut-off date, parties cannot add new accused products late in the discovery period. If they were free to do that, then depositions and other discovery would have to be re-taken in view of the new accused products. Thus, a ruling that Honeywell was free to name new accused products up through the end of fact discovery in this case (December 2007[1]) would not only contravene the Orders entered in this case, but would be inconsistent with ordinary practice in patent cases. SEMC will be highly prejudiced if the Special Master rules that Honeywell was allowed to add new accused products up through the end of fact discovery in December 2007. The case was stayed against SEMC in late 2005, and it would have been impossible to conduct discovery and involve the manufacturer of such products in this case if new accused products were identified after that date.

---

[1] The March 28, 2006, Scheduling Order (D.I. 167) set a discovery cut-off date of May 30, 2007. This was later extended to December 3, 2007 (*see* D.I. 285). It would be patently unfair to allow Honeywell to name new accused products against SEMC through December 3, 2007, considering that the case has been stayed against SEMC since *late 2005.*

LAW OFFICES
Connolly Bove Lodge & Hutz LLP

The Honorable Vincent J. Poppiti
August 4, 2008
Page 3 of 3

SEMC thus urges that the Special Master conclude that Honeywell was required to identify its accused products in this litigation no later than 2005. Alternatively, SEMC asks that the Special Master conclude that Honeywell was required to identify its accused products in this litigation no later than July 7, 2006 (the date by which pleadings were to be amended, *see* D.I. 167).

Respectfully Submitted,

Francis DiGiovanni

FD/njw

Enclosures

cc:    Clerk of Court (*via ECF*)
        Counsel of Record (*via ECF and e-mail*)

626908_1