# MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

(302) 658-9200
(302) 658-3989 FAX

**PUBLIC VERSION**

THOMAS C. GRIMM
(302) 351-9585
(302) 425-4661 FAX
tgrimm@mnat.com

July 18, 2008

**Confidential Version Filed: July 18, 2008**

**Public Version Filed: August 4, 2008**

**BY E-FILING, E-MAIL
& HAND DELIVERY**

**DM 1**

The Honorable Vincent J. Poppiti
Blank Rome
1201 N. Market Street, Suite 800
Wilmington, DE  19801

   Re: *Honeywell International Inc., et al. v. Apple Computer, Inc., et al.*
     C.A. No. 04-1338-JJF (Consolidated)

Dear Judge Poppiti:

  I write on behalf of Honeywell, in accordance with the discussions on June 23, 2008, to address the issues pertaining to the Affected Defendants' request to be dismissed from the case.[1]

  At the outset, it bears emphasizing that it is the Affected Defendants – not Honeywell – who are currently seeking relief – an order lifting the stay and dismissing the Affected Defendants. They make this request on the grounds that Honeywell's claims against them are exhausted as a result of certain license agreements between Honeywell and LCD module manufacturers. On such an affirmative defense, it is the requesting party – the Affected Defendants – that bears the burden of establishing the right to relief. *Fuji Photo Film Co., Ltd. v. ITC*, 474 F.3d 1281, 1293-94 (Fed. Cir. 2007) (concluding that alleged infringer bore burden that

---

[1] The list of Affected Defendants includes: Apple, Dell, Kodak, Navman, Nikon, Olympus, Pentax-Hoya, and Sony. Note that both Argus and Sony Ericsson are using modules from unlicensed suppliers and thus are not in a position to seek relief at this time. There is also a similar outstanding issue regarding Audiovox that remains to be addressed.

The Honorable Vincent J. Poppiti
July 18, 2008
Page 2

accused activities were licensed or exhausted); *see also Monsanto v. Scruggs,* 459 F.3d 1328, 1334 (Fed. Cir. 2006) (identifying exhaustion and implied licenses as affirmative defenses); *Jazz Photo Corp. v. U.S.,* 439 F.3d 1344, 1351 (Fed. Cir. 2006) (discussing "affirmative defense of first sale" under the exhaustion doctrine). Judge Farnan's directive that the parties work together informally to address this issue in no way changed this settled law or shifted the burden to Honeywell.

Nevertheless, in the spirit of Judge Farnan's original directive to work informally toward a resolution, Honeywell has articulated a protocol, consisting of declarations on three discrete topics, that offers a clear and direct path for an Affected Defendant to obtain a dismissal from this case. This protocol not only provides the Court with an easily supervised vehicle to determine whether and when a particular Affected Defendant should be dismissed, but also preserves Honeywell's legitimate interest in not having its claims dismissed on the basis of unverified assertions and suppositions. The proposed protocol also has the added benefit of avoiding the cost and burden of formal discovery procedures – procedures which Judge Farnan expressly authorized during the April 2, 2008 hearing which led to these proceedings. Transcript, 4/2/08, pp. 12-15, attached as Exhibit A.

The declarations proposed by Honeywell are intended to: (1) Confirm which LCD modules and products are at issue (first and second topics); and (2) Determine whether any of the licenses cover sales of LCD modules to the particular Affected Defendants (third topic). Each of these topics will, of course, require individualized inquiries, and Honeywell's protocol ensures that the unique aspects of each Affected Defendant's situation is addressed.

Unfortunately, despite extensive meet and confers with the Affected Defendants over the past month, the landscape remains unclear. Many of the defendants have accepted portions of Honeywell's protocol, but have demurred on others, stating that they are still under consideration. Some defendants have rejected Honeywell's proposed protocol outright. Attached as Exhibit B is a matrix reflecting Honeywell's understanding of the status of the meet and confers.

**1.    Confirmation of Affected Defendants' Prior Identification of Products and Module Suppliers (Declaration from Affected Defendants).**

When Judge Jordan ordered that Honeywell reconfigure the case, he directed that the Customer Defendants first identify the suppliers/manufacturers of the LCD modules used in certain products sold by them. Significantly, Judge Jordan did not limit this identification to just the products Honeywell identified in its presuit investigation. Rather, the Court ordered that the Customer Defendants identify all products which used "substantially the same" structure as the LCD modules used in the identified products, as well as other versions of those products. Order of October 7, 2005, ¶1. The Customer Defendants made these disclosures informally, often without any verification, and thereafter, Judge Jordan stayed the Customer Defendants. Consequently, Honeywell never had the opportunity to verify or confirm these lists through discovery.

**PUBLIC VERSION**

The Honorable Vincent J. Poppiti
July 18, 2008
Page 3

The first prong of Honeywell's proposal is for the Affected Defendants to provide a sworn declaration confirming the authenticity, accuracy and completeness of these lists, along with a short statement as to how the Defendant assured itself that it had identified all the products as originally ordered by the Court. Fundamental fairness and due process demands that a litigant not be dismissed from a case on the basis of unverified hearsay. Indeed, all that Honeywell is seeking is what the Affected Defendants would have to submit to make a *prima facie* motion to the Court. Perhaps for this reason, most of the Affected Defendants have been receptive to this aspect of Honeywell's proposal. *See* Exhibit B, Column "Authentication Declaration."

A certain sub-issue has arisen with regard to this prong of the protocol. The Affected Defendants were stayed in early 2006 and, at their own request, ceased to participate in the litigation. Nonetheless, Honeywell continued its investigation and continued to identify additional "hits" – instances of infringement – which it then identified to several of the Affected Defendants. Insofar as Honeywell has identified and accused these additional products, they should be covered in the Affected Defendant declaration. Otherwise, Honeywell will be forced to immediately file a separate infringement action against the Affected Defendants to ensure that the additional infringement is accounted for.

During the meet and confer process, several defendants took the position that these additional products are outside the scope of these proceedings because they were not identified in Honeywell's original investigation. This position is not only a waste of judicial resources (for reasons set forth above) but is contrary to Magistrate Judge Thynge's explicit statement in January 2007 that Judge Jordan did *not* limit Honeywell's right to continue to investigate and expand the scope of accused products. Transcript, 1/25/07, pp. 32-33, attached hereto as Exhibit C ("He never said that Honeywell's identification of products was necessarily all that there was because this is a continuing process to some extent."). Accordingly, such additional modules should be included in this first declaration.

2. **Confirmation Regarding Non-Use of Accused Optrex and Samsung SDI Modules.**

Two of the remaining LCD module manufacturer defendants in the case – Optrex and Samsung SDI – sell modules to a large number of entities. As discovery proceeded against these two defendants, additional infringing modules were identified and currently stand accused in the case. These identifications were made after the Customer Defendants were stayed, so Honeywell has never had the opportunity to determine whether any of the Affected Defendants use these modules. Optrex and Samsung SDI do not necessarily have this information because, in this industry, modules are often sold through a number of intermediaries before finally being delivered to the ultimate user. If in fact any Affected Customers are using these accused modules, it would be highly inappropriate to release them from the case and could prejudice Honeywell's rights by creating a claim preclusion argument and/or depriving Honeywell of

access to information about the commercial success of products using the claimed invention – information relevant to rebut the charge of patent invalidity.[2] If, on the other hand, the Affected Defendants do not use these modules (or do not use Optrex or SDI modules at all),[3] it would be simple to verify in a short declaration. Either way, the burden on the Affected Defendants would be minimal and would avoid significant potential prejudice to Honeywell. Again, as noted in Exhibit B, Column "Optrex/Samsung SDI Declaration," some Affected Defendants have been receptive of this concept.

### 3. Confirmation that the Licenses Cover All the Activities of the Affected Defendants (Declaration from Licensee/Module Maker).

This third and final prong of the proposed protocol has generated the most robust debate. As a general matter, Honeywell needs the Affected Defendants to facilitate obtaining a declaration from the relevant licensees that confirms that the modules sold to the particular parties are in fact covered by the license. Over the course of these proceedings, most defendants have expressed the position that the mere existence of the license agreement ends the inquiry. This is not the case. Applying the licenses to any particular Affected Defendant is complicated by the fact that licenses do not expressly state whether the provisions cover the specific liability of the Affected Defendants in this action. Moreover, the agreements contain a number of provisions which require that some linkage be established between the rights granted thereunder and the activities *of particular* Affected Defendants. The import of these two facts is as follows.

First and foremost, assuming that the modules at issue are in some way sourced from suppliers having a license, Honeywell has no information about the distribution channels by which those modules make their way into the United States. This is important because it is fundamental to the law of patent exhaustion that the authorized "first sale" be made in, or directed to, the United States. *Fuji Photo Film Co., Ltd. v. Jazz Photo Corp.,* 394 F.3d 1368, 1376 (Fed. Cir. 2005) (exhaustion doctrine limited to authorized sales within the United States); *Jazz Photo Corp. v. ITC,* 264 F.3d 1094, 1105 (Fed. Cir. 2001) (same). Honeywell needs to verify this basic relationship with regard to any particular Affected Defendant, given that all of the agreements are with companies whose manufacturing occurs *outside of* the United States.
REDACTED

---

[2] The Court currently has pending before it a motion by Honeywell to lift the stay against the Customer Defendants to conduct discovery regarding the commercial success of modules using the '371 invention. This motion was made in early 2007 and will need to be resolved by Judge Farnan. Insofar as the Affected Defendants have information relevant to the Manufacturing Defendants' charge of invalidity, Honeywell objects to the dismissal of any of them prior to resolution of this issue by Judge Farnan.

[3] Honeywell has proposed that an Affected Defendant could choose between providing a declaration limited to specific modules, or one directed more generally to the absence of any use of Optrex or SDI modules; either approach is acceptable to Honeywell.

**PUBLIC VERSION**

The Honorable Vincent J. Poppiti
July 18, 2008
Page 5

REDACTED

Accordingly, understanding the provenance of the completed module is critical to determining the applicability of any agreement to any particular Affected Defendant.

REDACTED
REDACTED

Accordingly, the third prong of Honeywell's proposed protocol is a declaration from the licensee confirming that the activities of the Affected Defendants fall within the scope of these various provisions. REDACTED
REDACTED

fairest way to obtain the necessary verifications. Given that the Affected Defendants are seeking relief, and given that they ostensibly have a customer/supplier relationship with the licensees, the Affected Defendants need to initiate a discussion with the licensees and obtain their commitment to work with Honeywell on the necessary declaration. Indeed, a number of Affected Defendants acknowledged during the meet and confer process that they already had reached out to the various suppliers (or their counsel) to obtain informal verbal assurances that the licenses applied

---

4   Honeywell has not submitted these agreements with this letter in order to avoid inundating the Special Master with these sizeable materials. However, if the Affected Defendants in their submissions truly contest the language and import of these provisions, Honeywell will submit exemplars or the entire portfolio for the consideration of the Special Master. Attached hereto as Exhibit D and E are Honeywell's letters of May 13, 2008 and July 11, 2008, referencing these types of provisions.

5   REDACTED

The Honorable Vincent J. Poppiti
July 18, 2008
Page 6

to them.  *See* Exhibit B, Column "Communications with LCD Suppliers."  Honeywell simply wants to document such "assurances" in a manner that it can rely on in court.

Honeywell understands and agrees that it must be directly involved in the fashioning of these declarations in order to avoid a situation where the Affected Defendants get "caught" between the contracting parties.  However, without the participation of the Affected Defendants, the licensees – who are not before this Court – will have little motivation to participate in these proceedings.  This would make formal third party discovery under the Federal Rules the only means to obtain the necessary information.  If the Affected Defendants truly want to be dismissed from this case as soon as possible, it is in their interest to ensure that their suppliers engage with Honeywell to provide the "reasonable demonstration" by "written documentation" to address Honeywell's concerns.  Otherwise, it is Honeywell who will be caught between those two classes of defendants.

## CONCLUSION

As detailed above, Honeywell has articulated to each of the Affected Defendants over the past weeks a protocol for obtaining a dismissal from this case without the need for costly and time consuming discovery.  The protocol consists of three declaratory statements: two from the Affected Defendant; and one from each of the relevant LCD manufacturers.  The first two will authenticate the disclosures made by the Affected Defendants in seeking their stay in this action, and establish that the Affected Defendants do not use any of the accused modules still at issue in this matter.  The declaration from the LCD manufacturers, on the other hand, will provide that linkage between the Affected Defendants' products and the relevant license.  This protocol offered by Honeywell is a uniform and fair alternative to formal discovery that will fully substantiate the representations of the Affected Defendants that they rely on in seeking a dismissal under the same terms as any license under which they claim rights.

Respectfully,

*/s/ Thomas C. Grimm*

Thomas C. Grimm (#1098)

TCG/dam
cc:   Dr. Peter T. Dalleo, Clerk (by hand delivery)
      Counsel for Affected Defendants (see attached Certificate of Service)
      Counsel for Manufacturer Defendants (see attached Certificate of Service)
      Matthew L. Woods, Esq.
      Stacie E. Oberts, Esq.
      John G. Day, Esq.

**PUBLIC VERSION**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 4, 2008, the foregoing was caused to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to all registered participants.

In addition, the undersigned hereby certifies that true and correct copies of the foregoing were caused to be served via electronic mail on August 4, 2008 upon the following parties:

| | |
|---|---|
| SPECIAL MASTER | Vincent J. Poppiti, Esq.<br>**poppiti@blankrome.com**<br><br>Elizabeth Oestreich<br>**oestreich@blankrome.com**<br><br>Mary Levan<br>**levan@blankrome.com**<br><br>Carrie David<br>**david-c@blankrome.com** |
| REPRESENTING HONEYWELL INTERNATIONAL INC. AND HONEYWELL INTELLECTUAL PROPERTIES INC.<br><br>(C.A. 04-1337) | Steven J. Balick<br>**sbalick@ashby-geddes.com**<br><br>John G. Day<br>**jday@ashby-geddes.com**<br><br>Lauren E. Maguire<br>**lmaguire@ashby-geddes.com** |
| REPRESENTING AUDIOVOX ELECTRONICS CORPORATION<br><br>(C.A. 04-1337) | William F. Taylor, Jr.<br>**wtaylor@mccarter.com** |
| REPRESENTING AUDIOVOX COMMUNICATIONS CORP.<br><br>(C.A. 04-1337) | Matt Neiderman<br>**mneiderman@duanemorris.com**<br><br>D. Joseph English<br>**djenglish@duanemorris.com** |

- 2 -

| | |
|---|---|
| REPRESENTING NIKON CORPORATION AND NIKON INC. (C.A. 04-1337) | Richard L. Horwitz **rhorwitz@potteranderson.com** <br><br> David E. Moore **dmoore@potteranderson.com** <br><br> William J. Marsden, Jr. (NIKON INC.) **marsden@fr.com** <br><br> Barry W. Graham **barry.graham@finnegan.com** <br><br> Darren M. Jiron **darren.jiron@finnegan.com** |
| REPRESENTING NOKIA CORPORATION AND NOKIA INC. (C.A. 04-1337) | Thomas L. Halkowski **halkowski@fr.com** <br><br> William J. Marsden, Jr. **marsden@fr.com** <br><br> Lauren A. Degnan **degnan@fr.com** <br><br> Andrew R. Kopsidas **kopsidas@fr.com** |
| REPRESENTING SAMSUNG SDI CO., LTD. (THIRD-PARTY DEFENDANT) (C.A. 04-1337) | Richard L. Horwitz **rhorwitz@potteranderson.com** <br><br> David E. Moore **dmoore@potteranderson.com** <br><br> Alana A. Prills **alanaprills@paulhastings.com** <br><br> Carolyn E. Morris **carolynmorris@paulhastings.com** <br><br> Elizabeth L. Brann **elizabethbrann@paulhastings.com** <br><br> Hamilton Loeb **hamiltonloeb@paulhastings.com** <br><br> Stephen S. Korniczky **stephenkorniczky@paulhastings.com** |

- 3 -

| | |
|---|---|
| REPRESENTING SANYO ELECTRIC CO., LTD. AND SANYO NORTH AMERICA<br><br>(C.A. 04-1337) | Richard L. Horwitz<br>**rhorwitz@potteranderson.com**<br><br>David E. Moore<br>**dmoore@potteranderson.com**<br><br>Michael A. Dorfman<br>**Michael.dorfman@kattenlaw.com**<br><br>Timothy J. Vezeau<br>**timothy.vezeau@kattenlaw.com**<br><br>Richard P. Bauer<br>**richard.bauer@kattenlaw.com** |
| REPRESENTING SEIKO EPSON CORPORATION<br><br>(C.A. 04-1337) | Robert J. Katzenstein<br>**rjk@skfdelaware.com**<br><br>Robert J. Benson<br>**rjbenson@hhlaw.com** |
| REPRESENTING APPLE<br><br>(C.A.04-1338) | Thomas L. Halkowski<br>**halkowski@fr.com**<br><br>Kelly C. Hunsaker<br>**hunsaker@fr.com**<br><br>Frank E. Scherkenbach<br>**scherkenbach@fr.com** |
| REPRESENTING ARGUS<br><br>(C.A.04-1338) | Richard H. Cross, Jr.<br>**rcross@crosslaw.com**<br><br>Amy Evans<br>**aevans@crosslaw.com**<br><br>Brian D. Roche<br>**broche@reedsmith.com** |
| REPRESENTING CASIO<br><br>(C.A.04-1338) | Thomas L. Halkowski<br>**halkowski@fr.com**<br><br>John T. Johnson<br>**jjohnson@fr.com** |

- 4 -

| | |
|---|---|
| REPRESENTING CITIZEN WATCH CO., LTD. AND CITIZEN DISPLAYS CO., LTD.<br><br>(C.A.04-1338) | David J. Margules<br>**dmargules@bmf-law.com**<br><br>Stuart Lubitz<br>**slubitz@hhlaw.com**<br><br>David H. Ben-Meir<br>**dhben-meir@hhlaw.com**<br><br>Rose Hickman<br>**rahickman@hhlaw.com** |
| REPRESENTING CONCORD<br><br>(C.A.04-1338) | Richard L. Horwitz<br>**rhorwitz@potteranderson.com**<br><br>David E. Moore<br>**dmoore@potteranderson.com**<br><br>Scott L. Lampert<br>**by facsimile only**:  **(954) 989-4103** |
| REPRESENTING DELL<br><br>(C.A.04-1338) | Richard L. Horwitz<br>**rhorwitz@potteranderson.com**<br><br>David E. Moore<br>**dmoore@potteranderson.com**<br><br>Avelyn M. Ross<br>**aross@velaw.com**<br><br>Willem G. Schuurman<br>**bschuurman@velaw.com**<br><br>Roderick B. Williams<br>**rickwilliams@velaw.com** |

- 5 -

| | |
|---|---|
| REPRESENTING EASTMAN KODAK<br><br>(C.A.04-1338) | Frederick L. Cottrell, III<br>**cottrell@rlf.com**<br><br>Chad M. Shandler<br>**shandler@rlf.com**<br><br>Neal Slifkin<br>**nslifkin@harrisbeach.com**<br><br>Paul J. Yesawich, III<br>**pyesawich@harrisbeach.com**<br><br>Laura W. Smalley<br>**lsmalley@harrisbeach.com** |
| REPRESENTING FUJIFILM CORPORATION AND FUJIFILM U.S.A., INC.<br><br>(C.A.04-1338) | Philip A. Rovner<br>**provner@potteranderson.com**<br><br>Angie M. Hankins<br>**ahankins@stroock.com**<br><br>Matthew W. Siegal<br>**msiegal@stroock.com**<br><br>Lawrence Rosenthal<br>**lrosenthal@stroock.com** |
| REPRESENTING FUJITSU<br><br>(C.A.04-1338) | Richard L. Horwitz<br>**rhorwitz@potteranderson.com**<br><br>David E. Moore<br>**dmoore@potteranderson.com**<br><br>Parker H. Bagley<br>**pbagley@milbank.com**<br><br>Christopher E. Chalsen<br>**cchalsen@milbank.com**<br><br>Christopher J. Gaspar<br>**cgaspar@milbank.com** |

- 6 -

| | |
|---|---|
| REPRESENTING HOYA (FORMERLY PENTAX)<br><br>(C.A.04-1338) | Adam W. Poff<br>**apoff@ycst.com**<br><br>Michael J. Fink<br>**mfink@gbpatent.com**<br><br>Neil F. Greenblum<br>**ngreenblum@gbpatent.com**<br><br>P. Branko Pejic<br>**bpejic@bgpatent.com** |
| REPRESENTING INNOLUX DISPLAY CORPORATION<br><br>(C.A.04-1338) | Matt Neiderman<br>**mneiderman@duanemorris.com**<br><br>Donald R. McPhail<br>**drmcphail@duanemorris.com** |
| REPRESENTING KYOCERA<br><br>(C.A.04-1338) | Robert J. Katzenstein<br>**rjk@skfdelaware.com**<br><br>Robert K. Beste, III<br>**rkb@skfdelaware.com**<br><br>Stuart Lubitz<br>**slubitz@hhlaw.com**<br><br>David H. Ben-Meir<br>**dhben-meir@hhlaw.com**<br><br>Rose Hickman<br>**rahickman@hhlaw.com** |
| REPRESENTING MEI/MEC (MATSUSHITA)<br><br>(C.A.04-1338) | William J. Wade<br>**wade@rlf.com**<br><br>Steven A. Reiss<br>**steven.reiss@weil.com**<br><br>David J. Lender<br>**david.lender@weil.com** |

| | |
|---|---|
| REPRESENTING NAVMAN<br><br>(C.A.04-1338) | Arthur G. Connolly, III<br>**aconnollyIII@cblh.com**<br><br>Brian M. Gottesman<br>**bgottesman@cblh.com**<br><br>Bradford P. Lyerla<br>**blyerla@marshallip.com** |
| REPRESENTING OLYMPUS<br><br>(C.A.04-1338) | John W. Shaw<br>**jshaw@ycst.com**<br><br>Richard M. Rosati<br>**rrosati@kenyon.com**<br><br>George E. Badenoch<br>**gbadenoch@kenyon.com** |
| REPRESENTING OPTREX<br>(THIRD-PARTY PLAINTIFF)<br><br>(C.A.04-1338 AND 04-1536) | Karen L. Pascale<br>**kpascale@ycst.com**<br><br>Thomas J. Fisher<br>**tfisher@oblon.com**<br><br>Alexander E. Gasser<br>**agasser@oblon.com**<br><br>Richard D. Kelly<br>**rkelly@oblon.com**<br><br>Andrew M. Ollis<br>**aollis@oblon.com**<br><br>John F. Presper<br>**jpresper@oblon.com** |

| | |
|---|---|
| REPRESENTING SAMSUNG SDI CO., LTD. AND SAMSUNG SDI AMERICA, INC.<br><br>(C.A.04-1338) | Richard L. Horwitz<br>**rhorwitz@potteranderson.com**<br><br>David E. Moore<br>**dmoore@potteranderson.com**<br><br>Alana A. Prills<br>**alanaprills@paulhastings.com**<br><br>Carolyn E. Morris<br>**carolynmorris@paulhastings.com**<br><br>Elizabeth L. Brann<br>**elizabethbrann@paulhastings.com**<br><br>Hamilton Loeb<br>**hamiltonloeb@paulhastings.com**<br><br>Stephen S. Korniczky<br>**stephenkorniczky@paulhastings.com** |
| REPRESENTING SONY CORPORATION<br><br>(C.A.04-1338) | John W. Shaw<br>**jshaw@ycst.com**<br><br>John Flock<br>**jflock@kenyon.com**<br><br>Robert L. Hails, Jr.<br>**rhails@kenyon.com** |
| REPRESENTING SONY ERICSSON<br><br>(C.A.04-1338) | Francis DiGiovanni<br>**fdigiovanni@cblh.com** |
| REPRESENTING TOSHIBA<br><br>(C.A.04-1338) | Richard L. Horwitz<br>**rhorwitz@potteranderson.com**<br><br>David E. Moore<br>**dmoore@potteranderson.com**<br><br>Arthur I. Neustadt<br>**aneustadt@oblon.com**<br><br>Carl E. Schlier<br>**cschlier@oblon.com** |

- 9 -

/s/ *Thomas C. Grimm*

_____
Thomas C. Grimm (#1098)