# YOUNG CONAWAY STARGATT & TAYLOR, LLP

KAREN L. PASCALE
DIRECT DIAL: (302) 571-5001
DIRECT FAX: (302) 576-3516
kpascale@ycst.com

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(302) 571-1253 FAX
(800) 253-2234 (DE ONLY)
www.youngconaway.com

August 7, 2008

**BY E-FILING, E-MAIL, AND HAND DELIVERY**

The Honorable Vincent J. Poppiti
Blank Rome LLP
1201 Market Street, Suite 800
Wilmington, DE 19801

Re: *Honeywell International Inc., et al v. Apple Computer Inc., et al.*
C.A. Nos. 04-1337, -1338, and -1536-JJF (Consolidated)

Dear Judge Poppiti:

In its letter of August 5th (D.I. 1126 in C.A. No. 04-1338-JJF), Honeywell requested that Your Honor consider its pending motion to reopen discovery against the customer defendants on the alleged "commercial success" of the '371 patent. Optrex requests that if such discovery is reopened, the Court should also permit commensurate discovery regarding "commercial success" to be taken of Honeywell.

Specifically, Honeywell intends to take discovery from the customer defendants on the commercial success of consumer products with modules that have been accused of infringement. Commercial success requires that Honeywell show a nexus between the patented invention and the commercial sales. Honeywell has admitted analyzing a number of products which do not practice the claimed invention.

For example, in a letter from Apple to Magistrate Judge Thynge dated January 24, 2007 (Exhibit A hereto), Apple reported that Honeywell admitted tearing down at least one Apple iPod, but Honeywell refused to inform Apple whether such iPod infringed the '371 patent. Clearly, if a product as ubiquitous and commercially successful as the iPod has been torn down and found by Honeywell not to infringe the '371 patent, this would rebut a claim of a nexus between commercial success and the '371 patent. If there are other similarly successful products which Honeywell determined did not infringe the '371 patent, Honeywell's claim of commercial success will be destroyed.

Accordingly, if Honeywell is permitted to proceed with its requested discovery, Optrex requests that Honeywell must identify each module and product that it tore down, but which Honeywell held did not infringe the '371 patent.

DB02:7110565.1                                                                                     065004.1001

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Vincent J. Poppiti
August 7, 2008
Page 2

      For the sake of completeness, Optrex notes that Magistrate Judge Thynge denied a request by the Fujifilm defendants for the production of torn-down modules and technical information from Honeywell, to the extent such modules had not been formally accused by Honeywell. *See* pp. 36-37 of May 17, 2007 transcript (Exhibit B hereto). However, the present request by the Manufacturer Defendants is proper, given (1) Honeywell's recent request to revisit and reopen discovery against the customer defendants; (2) Optrex's limited present request that Honeywell identify the modules/products that it tore down but found not to infringe the '371 patent; and (3) the need for the Court and the parties to have parity and a more complete view on the issue of commercial success.

      Of course, if Your Honor wishes the parties to address this matter in further detail, the Manufacturer Defendants are prepared to do so at your convenience.

      Respectfully,

      */s/ Karen L. Pascale*

      Karen L. Pascale (#2903)

cc:    CM/ECF list (by e-filing)
       Clerk of Court (by hand)
       Thomas C. Grimm, Esquire (by hand)
       Matthew L. Woods, Esquire (by e-mail)
       Andrew M. Ollis, Esquire (by e-mail)