# FISH & RICHARDSON P.C.

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

Suite 1100
919 N. Market Street
P.O. Box 1114
Wilmington, Delaware
19899-1114

Telephone
302 652-5070

Facsimile
302 652-0607

Web Site
www.fr.com

Thomas L. Halkowski
302 778-8407

Email
halkowski@fr.com

August 8, 2008

**VIA E-MAIL AND HAND DELIVERY**
Judge Vincent Poppiti
Blank Rome LLP
Chase Manhattan Centre
1201 Market Street, Suite 800
Wilmington, DE 19801

Re: *Honeywell Int'l Inc., et al. v. Apple Computer, Inc., et al.*
    USDC-D. Del., C.A. No. 04-1338 KAJ (Consolidated)

Dear Judge Poppiti:



ATLANTA
AUSTIN
BOSTON
DALLAS
DELAWARE
MUNICH
NEW YORK
SAN DIEGO
SILICON VALLEY
TWIN CITIES
WASHINGTON, DC

Honeywell's response yesterday (D.I. 1129) in effect acknowledges that its internal investigation has not found any additional instances of alleged infringement, or "hits", by Apple products beyond what was originally identified in its May 2005 letter. This should be the end of the question regarding the scope of accused products against Apple.

Honeywell's vague claim that it "expressed its concerns" whether Apple purchased any of the specifically-accused Optrex modules for the Apple iPod changes nothing, except to highlight that not even Honeywell has any credible basis to believe the Apple iPod infringes. It was **Apple**, not Honeywell, who brought these alleged "concerns" to the Court's attention in its January 24, 2007 letter to Judge Thynge (D.I. 693) (Ex. A, at pp. 3-4). There, Apple told the Court that counsel for Honeywell had acknowledged tearing down an Apple iPod, but refused to share the results of that investigation, claiming privilege. Nineteen months later, and more than 3 years after it was required to identify accused products, Honeywell has *still* never accused the iPod of infringement and continues to shield the results of its investigation.

Moreover, Honeywell has never provided any basis for any alleged concern that Apple purchased any of the specifically-accused Optrex modules. Honeywell has taken extensive discovery from Optrex in this case. It has taken discovery, by both deposition and interrogatories, seeking to discover which customers and end products incorporate the specifically-accused Optrex modules. Apple and the iPod has not been among them. Honeywell's vague mention of unspecified "industry references" that Optrex provided some unspecified LCD for the Apple iPod is inadequate to keep the case open-ended contrary to all scheduling orders in this case.

Honeywell's industry-wide investigation has been expansive. The iPod is ubiquitous and has admittedly been torn down by Honeywell. Honeywell has obviously not found any instances of alleged infringement by the Apple iPod, and it is time to put the issue to rest.

Respectfully,

*Thomas L. Halkowski*

Thomas L. Halkowski

TLH:sb

cc   Clerk of Court (via hand delivery)
     Counsel of Record (via ECF and e-mail)