**Duane Morris®**

*FIRM and AFFILIATE OFFICES*

NEW YORK
LONDON
SINGAPORE
LOS ANGELES
CHICAGO
HOUSTON
HANOI
PHILADELPHIA
SAN DIEGO
SAN FRANCISCO
BALTIMORE
BOSTON
WASHINGTON, DC
LAS VEGAS
ATLANTA
MIAMI
PITTSBURGH
NEWARK
BOCA RATON
WILMINGTON
PRINCETON
LAKE TAHOE
HO CHI MINH CITY

D. JOSEPH ENGLISH
DIRECT DIAL: 202.776.5228
PERSONAL FAX: 202.478.0667
E-MAIL: DJEnglish@duanemorris.com

*www.duanemorris.com*

August 8, 2008

The Honorable Vincent J. Poppiti
Blank Rome LLP
1201 Market Street, Suite 800
Wilmington, Delaware 19801-2535

    Re:    Honeywell International Inc., et al. v. Apple Computer, Inc., et al.
             **C.A. No. 04-1338 KAJ (consolidated)**

Dear Judge Poppiti:

    In response to Honeywell's letter of August 7, 2008 regarding the term "hits" and its attempt to identify new accused products, Audiovox Communications Corp. ("ACC") submits that the products identified by Honeywell as being associated with Audiovox should be excluded as accused products of ACC. ACC agrees with the position set forth by Sony Ericsson in its submission of August 4, 2008 that the deadline for the identification of accused products was in 2005. Additional reasons for excluding the new "hits" associated by Honeywell with Audiovox are set forth below.

    Honeywell identified the term "hits" to include two cell phones that may be associated with ACC or Audiovox Electronics Corp. ("AEC"), but admits that there is some question as to this association (Honeywell letter, fn 1). Honeywell's representation that it communicated the identity of these phones to counsel for ACC on August 29, 2007 is not accurate as the identity of these phones was not communicated to ACC until only three weeks ago.

    Honeywell relies on a letter dated August 29, 2007 to William F. Taylor of the firm McCarter & English (Honeywell letter, Tab 4) as providing notice to ACC. Although Mr. Taylor represents AEC in this case, he does not represent ACC, nor does any other attorney at McCarter & English.[1] The first time this letter was communicated to ACC or its counsel was on July 17, 2008. Thus these products should be excluded as accused products of ACC because the products were not specifically identified to ACC until July 17, 2008, long after any reasonable deadline.

---

[1] Duane Morris has represented ACC since early 2005, and Honeywell's prior correspondence regarding ACC's accused products in this case has been directed to Duane Morris.

DUANE MORRIS LLP

505 9TH STREET, N.W., SUITE 1000    WASHINGTON, D.C. 20004-2166    PHONE: 202.776.7800  FAX: 202.776.7801

DuaneMorris

The Honorable Vincent J. Poppiti
August 8, 2008
Page 2

      Moreover, although Honeywell did not identify the supplier of the phones it analyzed in 2007, it is highly unlikely that ACC was the supplier. ACC sold its communications business in 2004 and has not sold any phones since then. ACC has licensed the use of its Audiovox trademark on phones, and there have been phones in market since 2004 bearing the Audiovox mark. However, ACC is not liable for patent infringement arising from the sale of phones by others using the Audiovox mark.

      Please let us know if we can provide any additional information.

      Very truly yours,

      /s/ D. Joseph English

      D. Joseph English

DJE/jks
cc:    Counsel of Record (by e-filing and email)

DM2\1532167.1