# MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

———

(302) 658-9200
(302) 658-3989 FAX

**PUBLIC VERSION**

THOMAS C. GRIMM
(302) 351-9585
(302) 425-4661 FAX
tgrimm@mnat.com

August 18, 2008

**BY E-FILING, E-MAIL
& HAND DELIVERY**

Confidential Version Filed: August 18, 2008
Public Version Filed: August 19, 2008

**DM 1**

The Honorable Vincent J. Poppiti
Blank Rome LLP
1201 N. Market Street, Suite 800
Wilmington, DE 19801

Re:    *Honeywell International Inc., et al. v. Apple Computer, Inc., et al.*
       C.A. No. 04-1338-JJF (Consolidated)

Dear Judge Poppiti:

I write to respectfully request that Your Honor reconsider certain portions of the Report and Recommendation dated August 13, 2008 (the "Report and Recommendation") in the above-referenced matter. Honeywell agrees with much of the Report and Recommendation, and appreciates the time and effort you have expended in working with the parties to resolve the customer defendant issues. Honeywell, however, has a fundamental concern (and possible objection) relating to the burden of proof issue addressed in pages 15-16 of the Report and Recommendation. Honeywell respectfully disagrees with the analysis of the legal issue as to which party bears the burden of proof to establish the linkage between the customer defendants and the licenses at issue. Since Honeywell never had an opportunity to address the *Bourne* case – since it was first raised by the customer defendants in their July 25, 2008 reply letters – Honeywell respectfully requests that Your Honor reconsider the burden of proof issue. In light of the fact that Your Honor and Judge Farnan have established this Wednesday, August 20, 2008, as the deadline for the parties to file a formal objection/motion to modify the Report and Recommendation, Honeywell respectfully requests Your Honor's consideration of this letter as soon as possible.

If Your Honor is not inclined to revisit the burden of proof issue based on the analysis discussed below, then Honeywell would respectfully request that Your Honor permit Honeywell to reserve its objection to this legal issue until it submits its brief(s) in opposition to the imminent motions to dismiss outlined in Attachment 2 to the Report and Recommendation.

The Honorable Vincent J. Poppiti
August 18, 2008
Page 2

Otherwise, to avoid any argument of waiver, Honeywell will be obliged to file an objection with the Court now, which will delay the schedule detailed by Your Honor.

Additionally, and as set forth below, Honeywell also has logistical concerns regarding the implementation of one aspect of Your Honor's discovery plan because it will require Honeywell to engage in third-party discovery with foreign entities in a very short, two-week time period. Honeywell is prepared to follow the plan outlined in the Report and Recommendation, but would ask that Your Honor reconsider the timing of the necessary third-party discovery. Finally, to facilitate and expedite any third party discovery, Honeywell asks that Your Honor consider modifying the Report and Recommendation to permit the addition of limited discovery directed to the customer defendants for relevant, and potentially dispositive, information within their possession, custody or control relating to the state of the LCD products they acquire from the impacted suppliers (e.g., whether they acquire complete LCD modules or only LCD panels, which would require additional components and construction/manufacturing to become LCD modules for insertion into an end product).

I.    **Honeywell's Objection Regarding Legal Conclusion On The Burden Of Proof**

Honeywell respectfully requests that Your Honor reconsider the burden of proof issue discussed on pages 15-16 of the Report and Recommendation. Honeywell respectfully disagrees with Your Honor's legal conclusion that Honeywell, and not the customer defendants, bears the burden to establish the linkage between the customer defendants and the licenses of the '371 patent. It is the customer defendants burden to establish their affirmative defense of licensure. Additionally, Honeywell asserts that the Report and Recommendation's reliance on *Bourne v. The Walt Disney Co.*, 68 F.3d 621, 631 (2d Cir. 1995), a Second Circuit copyright case, for the proposition that "it is ultimately Honeywell's burden of persuasion" is misplaced. Report and Recommendation, p. 16. As noted above, since the customer defendants first cited the *Bourne* case in their reply letters dated July 25, 2008, Honeywell has not yet had an opportunity to address this case with Your Honor. The analysis and holding in *Bourne* are inapposite to the current circumstances. In *Bourne*, the Court of Appeals for the Second Circuit dealt with a dispute between the signatories to a copyright license agreement regarding the scope of the agreement. *Id*. at 623-624. Here, the issue is fundamentally different because the current dispute involves a third-party (i.e., a customer defendant) attempting to gain the benefit of a license agreement between two other entities (Honeywell and the licensee). Moreover, the customer defendants are attempting to benefit from contracts to which they are not signatories or parties and for which they have paid no consideration. The customer defendants, therefore, are attempting to claim third-party beneficiary status and bear the burden to establish such entitlement in order to support their licensure defense.

Additionally, *Bourne* resolved a dispute relating to an assignment of *copyrights*, and not a license to a *patent*. *Id.* at 621. This is a significant distinction because in the patent arena, where a third party non-signatory customer is attempting to claim the benefit of a license granted to its supplier, the appropriate analysis involves the patent exhaustion doctrine. *See, e.g.*, *Quanta Computer, Inc. v. LG Electronics, Inc.,* 553 U.S. __, (2008). On such an affirmative

The Honorable Vincent J. Poppiti
August 18, 2008
Page 3

defense, it is the requesting party – here, the customer defendant – that bears the burden of establishing the right to dismissal. *See Fuji Photo Film Co., Ltd. v. ITC*, 474 F.3d 1281, 1293-94 (Fed. Cir. 2007) (concluding that alleged infringer bore burden that accused activities were licensed or exhausted); *see also Monsanto v. Scruggs*, 459 F.3d 1328,1334 (Fed. Cir. 2006) (identifying exhaustion and implied licenses as affirmative defenses); *JazzPhoto Corp. v. U.S.*, 439 F.3d 1344, 1351 (Fed. Cir. 2006) (discussing "affirmative defense of first sale" under the exhaustion doctrine). The customer defendants themselves recognized this distinction since none of them raised copyright law as the controlling law during the myriad meet and confers between the parties. To the contrary, many customer defendants cited to the patent exhaustion doctrine to support their contention they should be dismissed.

Thus, Honeywell respectfully requests a modification of the Report and Recommendation to reallocate the burden of proof to clarify that the customer defendants bear the burden of establishing their defense to infringement. Again, if Your Honor is not inclined to reconsider this issue now, Honeywell requests the right to reserve its objection and to further brief this issue in the motion to dismiss briefing in the hope that the discovery suggested by Your Honor will effectively resolve the dispute between the parties. If Honeywell is not permitted to reserve the right to brief the issue in opposition to the imminent motions to dismiss it expects some of the customer defendants to file, it will be required to file an objection with the Court to have this fundamental legal issue resolved now.

## II.  Honeywell Respectfully Requests That Your Honor Reconsider The Discovery Plan In Two Minor Respects

The implementation of the discovery plan outlined in the Report and Recommendation raises logistical issues given the two-week time period allowed to obtain third-party discovery from the LCD manufacturers.

### A.  Completing Third-Party Discovery Within Two Weeks Is Not Practicable

In placing the linkage burden on Honeywell, the Report and Recommendation directs that the parties attempt to informally obtain information from the LCD manufacturers. Report and Recommendation, p. 16. The Report and Recommendation further states that if Honeywell cannot obtain the necessary information, then the parties will engage in third-party discovery from the LCD manufacturers. *Id*. To date, and as Your Honor noted, some (but not all) customer defendants have contacted their suppliers to encourage them to participate in the linkage process. However, Honeywell is aware of only one customer defendant[REDACTED]that has heard from its suppliers who have at least expressed a willingness to discuss the issue with Honeywell. Additionally, and in keeping with its efforts to aid in the prompt resolution of this issue, Honeywell has also reached out to the licensee manufacturers at issue. At this point, Honeywell has not heard from any manufacturer/licensee willing to participate in this informal process.

The Honorable Vincent J. Poppiti
August 18, 2008
Page 4

Given the failure to date to obtain information informally from the overwhelming majority of the LCD manufacturers, Honeywell has no choice but to engage in formal discovery. While the Report and Recommendation acknowledges this reality, it outlines a third-party discovery schedule that concludes on September 5, 2008. Report and Recommendation, Attachment 2. While Honeywell appreciates – and shares – Your Honor's desire to resolve these issues rapidly, it is simply not practicable for the third-party discovery to be completed in a two-week time frame due to the foreign status of the entities at issue (the entities are resident in, for example, Japan, Taiwan, China and South Korea), and their failure to participate informally to this point. The Court does not have jurisdiction over some of these entities. Some of the licensees                     REDACTED                     are not subject to this Court's jurisdiction and were never brought into this case. Others were defendants, but have been dismissed from the action. For this latter group of licensees, arguably they could be brought before the Court to enforce provisions in their license agreements relating to obligations owed to Honeywell, but the process of bringing them back before the Court would most certainly take longer than the two-week period set forth in the Report and Recommendation.

Additionally, if the licensees refuse to voluntarily accept service of the discovery, then Honeywell would be forced to engage in formal service of the discovery, which would involve service through the Hague Convention. This discovery would likely take six months (or more). Lastly, Honeywell will need to coordinate this discovery not only with the customer defendants but also with the other manufacturer defendants who remain in the case. Honeywell respectfully requests that Your Honor reconsider this point and consider a 60 to 90 day time period for this essential discovery.

## B. The Customer Defendants Likely Have Information That Is Highly Relevant And Likely Dispositive

To help alleviate the timing issues inherent in attempting to conduct formal discovery of the third-party manufacturers, Honeywell respectfully submits that the customer defendants likely have relevant information that would aid in the resolution of the issues. For example, a customer defendant would necessarily have information pertaining to: (i) the existence and nature of any correspondence and/or communications with its suppliers regarding whether the suppliers have agreed to cover the customer defendant's liability in this matter, and if so, the nature and extent of any such agreement; and (ii) whether the customer defendant purchased completed LCD modules from its supplier, as opposed to an unfinished product (e.g., LCD panel only). This information, which is squarely within the knowledge of the customer defendants, is highly relevant to whether they are covered by a license, and could be dispositive. For example, if a customer defendant made an informal inquiry to its supplier (as some have done) and received a negative response, that would clearly indicate the supplier did not intend to cover the customer defendant's products when taking a license from Honeywell. Conversely, if a customer defendant had an agreement with its supplier that clearly provided the required linkage, then a dismissal may be appropriate.

The Honorable Vincent J. Poppiti
August 18, 2008
Page 5


   Also, the information regarding the nature of the purchases (completed module or LCD panel only) is highly relevant since the licenses at issue only provide the manufacturers a license to build *complete* modules.  Moreover, the licenses do not authorize the licensees to sell an LCD panel that is to be subsequently mated with a backlight assembly by a third party, which is a common way of doing business in the industry.  This information, which is in the possession of the customer defendants, is not only highly relevant, but could obviously be obtained far more rapidly than formal discovery from foreign third-parties.  As stated above, it could also be dispositive of the issue.

   Accordingly, Honeywell respectfully requests that the Report and Recommendation be modified to permit Honeywell the ability to conduct this additional highly relevant and potentially dispositive discovery from the customer defendants.  Since the Report and Recommendation already permits Honeywell to conduct discovery from the customer defendants on other issues, the addition of this limited discovery places no additional burden on the parties, and could be completed with perhaps only two (2) additional hours of deposition time.

       Respectfully,

       */s/ Thomas C. Grimm*

       Thomas C. Grimm (#1098)


TCG/dam
cc: Dr. Peter T. Dalleo, Clerk (by hand)
  All Counsel of Record (by e-filing and/or e-mail)
  (see attached Certificate of Service)
2450735

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 19, 2008, the foregoing was caused to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to all registered participants.

In addition, the undersigned hereby certifies that true and correct copies of the foregoing were caused to be served via electronic mail on August 19, 2008 upon the following parties:

| | |
|---|---|
| REPRESENTING HONEYWELL INTERNATIONAL INC. AND HONEYWELL INTELLECTUAL PROPERTIES INC. (C.A. 04-1337) | Steven J. Balick<br>**sbalick@ashby-geddes.com**<br><br>John G. Day<br>**jday@ashby-geddes.com**<br><br>Lauren E. Maguire<br>**lmaguire@ashby-geddes.com** |
| REPRESENTING AUDIOVOX ELECTRONICS CORPORATION (C.A. 04-1337) | William F. Taylor, Jr.<br>**wtaylor@mccarter.com** |
| REPRESENTING AUDIOVOX COMMUNICATIONS CORP. (C.A. 04-1337) | Matt Neiderman<br>**mneiderman@duanemorris.com**<br><br>D. Joseph English<br>**djenglish@duanemorris.com** |
| REPRESENTING NIKON CORPORATION AND NIKON INC. (C.A. 04-1337) | Richard L. Horwitz<br>**rhorwitz@potteranderson.com**<br><br>David E. Moore<br>**dmoore@potteranderson.com**<br><br>Barry W. Graham<br>**barry.graham@finnegan.com**<br><br>Darren M. Jiron<br>**darren.jiron@finnegan.com** |

| | |
|---|---|
| REPRESENTING NOKIA CORPORATION AND NOKIA INC. | Thomas L. Halkowski **halkowski@fr.com** |
| (C.A. 04-1337) | William J. Marsden, Jr. **marsden@fr.com** |
| | Lauren A. Degnan **degnan@fr.com** |
| | Andrew R. Kopsidas **kopsidas@fr.com** |
| REPRESENTING SAMSUNG SDI CO., LTD. (THIRD-PARTY DEFENDANT) | Richard L. Horwitz **rhorwitz@potteranderson.com** |
| (C.A. 04-1337) | David E. Moore **dmoore@potteranderson.com** |
| | Alana A. Prills **alanaprills@paulhastings.com** |
| | Carolyn E. Morris **carolynmorris@paulhastings.com** |
| | Elizabeth L. Brann **elizabethbrann@paulhastings.com** |
| | Hamilton Loeb **hamiltonloeb@paulhastings.com** |
| | Stephen S. Korniczky **stephenkorniczky@paulhastings.com** |
| REPRESENTING SANYO ELECTRIC CO., LTD. AND SANYO NORTH AMERICA | Richard L. Horwitz **rhorwitz@potteranderson.com** |
| (C.A. 04-1337) | David E. Moore **dmoore@potteranderson.com** |
| | Michael A. Dorfman **Michael.dorfman@kattenlaw.com** |
| | Timothy J. Vezeau **timothy.vezeau@kattenlaw.com** |
| | Richard P. Bauer **richard.bauer@kattenlaw.com** |

| | |
|---|---|
| REPRESENTING SEIKO EPSON CORPORATION<br><br>(C.A. 04-1337) | Robert J. Katzenstein<br>**rjk@skfdelaware.com**<br><br>Robert J. Benson<br>**rjbenson@hhlaw.com** |
| REPRESENTING APPLE<br><br>(C.A.04-1338) | Thomas L. Halkowski<br>**halkowski@fr.com**<br><br>Kelly C. Hunsaker<br>**hunsaker@fr.com**<br><br>Frank E. Scherkenbach<br>**scherkenbach@fr.com** |
| REPRESENTING ARGUS<br><br>(C.A.04-1338) | Richard H. Cross, Jr.<br>**rcross@crosslaw.com**<br><br>Amy Evans<br>**aevans@crosslaw.com**<br><br>Brian D. Roche<br>**broche@reedsmith.com** |
| REPRESENTING CASIO<br><br>(C.A.04-1338) | Thomas L. Halkowski<br>**halkowski@fr.com**<br><br>John T. Johnson<br>**jjohnson@fr.com** |
| REPRESENTING CITIZEN WATCH CO., LTD.<br>AND CITIZEN DISPLAYS CO., LTD.<br><br>(C.A.04-1338) | David J. Margules<br>**dmargules@bmf-law.com**<br><br>Stuart Lubitz<br>**slubitz@hhlaw.com**<br><br>David H. Ben-Meir<br>**dhben-meir@hhlaw.com**<br><br>Rose Hickman<br>**rahickman@hhlaw.com** |
| REPRESENTING CONCORD<br><br>(C.A.04-1338) | Richard L. Horwitz<br>**rhorwitz@potteranderson.com**<br><br>David E. Moore<br>**dmoore@potteranderson.com** |

REPRESENTING DELL

(C.A.04-1338)

Richard L. Horwitz
**rhorwitz@potteranderson.com**

David E. Moore
**dmoore@potteranderson.com**

Avelyn M. Ross
**aross@velaw.com**

Willem G. Schuurman
**bschuurman@velaw.com**

Roderick B. Williams
**rickwilliams@velaw.com**

REPRESENTING EASTMAN KODAK

(C.A.04-1338)

Frederick L. Cottrell, III
**cottrell@rlf.com**

Chad M. Shandler
**shandler@rlf.com**

Neal Slifkin
**nslifkin@harrisbeach.com**

Paul J. Yesawich, III
**pyesawich@harrisbeach.com**

Laura W. Smalley
**lsmalley@harrisbeach.com**

REPRESENTING FUJIFILM CORPORATION
AND FUJIFILM U.S.A., INC.

(C.A.04-1338)

Philip A. Rovner
**provner@potteranderson.com**

Angie M. Hankins
**ahankins@stroock.com**

Matthew W. Siegal
**msiegal@stroock.com**

Lawrence Rosenthal
**lrosenthal@stroock.com**

REPRESENTING FUJITSU

(C.A.04-1338)

Richard L. Horwitz
**rhorwitz@potteranderson.com**

David E. Moore
**dmoore@potteranderson.com**

Christopher E. Chalsen
**cchalsen@milbank.com**

Christopher J. Gaspar
**cgaspar@milbank.com**

REPRESENTING HOYA (FORMERLY PENTAX)

(C.A.04-1338)

Adam W. Poff
**apoff@ycst.com**

Michael J. Fink
**mfink@gbpatent.com**

Neil F. Greenblum
**ngreenblum@gbpatent.com**

P. Branko Pejic
**bpejic@gbpatent.com**

REPRESENTING INNOLUX DISPLAY CORPORATION

(C.A.04-1338)

Matt Neiderman
**mneiderman@duanemorris.com**

Donald R. McPhail
**drmcphail@duanemorris.com**

REPRESENTING KYOCERA

(C.A.04-1338)

Robert J. Katzenstein
**rjk@skfdelaware.com**

Robert K. Beste, III
**rkb@skfdelaware.com**

Stuart Lubitz
**slubitz@hhlaw.com**

David H. Ben-Meir
**dhben-meir@hhlaw.com**

Rose Hickman
**rahickman@hhlaw.com**

| | |
|---|---|
| REPRESENTING MEI/MEC (MATSUSHITA) | William J. Wade |
| | **wade@rlf.com** |
| (C.A.04-1338) | |
| | Steven A. Reiss |
| | **steven.reiss@weil.com** |
| | |
| | David J. Lender |
| | **david.lender@weil.com** |
| REPRESENTING NAVMAN | Arthur G. Connolly, III |
| | **aconnollyIII@cblh.com** |
| (C.A.04-1338) | |
| | Brian M. Gottesman |
| | **bgottesman@cblh.com** |
| | |
| | Bradford P. Lyerla |
| | **blyerla@marshallip.com** |
| REPRESENTING OLYMPUS | John W. Shaw |
| | **jshaw@ycst.com** |
| (C.A.04-1338) | |
| | Monté Squire |
| | **msquire@ycst.com** |
| | |
| | Richard M. Rosati |
| | **rrosati@kenyon.com** |
| | |
| | George E. Badenoch |
| | **gbadenoch@kenyon.com** |
| REPRESENTING OPTREX | Karen L. Pascale |
| (THIRD-PARTY PLAINTIFF) | **kpascale@ycst.com** |
| | |
| (C.A.04-1338 AND 04-1536) | Thomas J. Fisher |
| | **tfisher@oblon.com** |
| | |
| | Alexander E. Gasser |
| | **agasser@oblon.com** |
| | |
| | Richard D. Kelly |
| | **rkelly@oblon.com** |
| | |
| | Andrew M. Ollis |
| | **aollis@oblon.com** |
| | |
| | John F. Presper |
| | **jpresper@oblon.com** |

| | |
|---|---|
| REPRESENTING SAMSUNG SDI CO., LTD.<br>AND SAMSUNG SDI AMERICA, INC.<br><br>(C.A.04-1338) | Richard L. Horwitz<br>**rhorwitz@potteranderson.com**<br><br>David E. Moore<br>**dmoore@potteranderson.com**<br><br>Alana A. Prills<br>**alanaprills@paulhastings.com**<br><br>Carolyn E. Morris<br>**carolynmorris@paulhastings.com**<br><br>Elizabeth L. Brann<br>**elizabethbrann@paulhastings.com**<br><br>Hamilton Loeb<br>**hamiltonloeb@paulhastings.com**<br><br>Stephen S. Korniczky<br>**stephenkorniczky@paulhastings.com** |
| REPRESENTING SONY CORPORATION<br><br>(C.A.04-1338) | John W. Shaw<br>**jshaw@ycst.com**<br><br>Monté Squire<br>**msquire@ycst.com**<br><br>John Flock<br>**jflock@kenyon.com**<br><br>Robert L. Hails, Jr.<br>**rhails@kenyon.com**<br><br>Michael M. Shen<br>**mshen@kenyon.com** |
| REPRESENTING SONY ERICSSON<br><br>(C.A.04-1338) | Francis DiGiovanni<br>**fdigiovanni@cblh.com** |

REPRESENTING TOSHIBA

(C.A.04-1338)

Richard L. Horwitz
**rhorwitz@potteranderson.com**

David E. Moore
**dmoore@potteranderson.com**

Arthur I. Neustadt
**aneustadt@oblon.com**

Carl E. Schlier
**cschlier@oblon.com**

*/s/ Thomas C. Grimm*

_____

Thomas C. Grimm (#1098)