TAB 1

# ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

ATTORNEYS AT LAW

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Tel: 612-349-8500 Fax: 612-339-4181
www.rkmc.com

MATTHEW L. WOODS
612-349-8272

March 7, 2007

**VIA E-MAIL**

Robert L. Hails, Jr. Esq.
Kenyon & Kenyon
1500 K. Street NW
Washington, DC 20005-1257

Re:    Honeywell International, Inc., et al. v. Apple Computer, Inc., et al.
       Court File No.: C.A. No. 04-1338-KAJ (consolidated)
       Our File No.: 019896.0229

Dear Bob:

This letter is in formal response to your letter of January 22 and our telephone discussions prior to the February hearing before Judge Thynge.

I understand Sony's concerns regarding the potential for discovery into activities that now have become licensed and/or released. As you may have noted from our letter to the Court, as well as my statements during the hearing, we recognize that the extensive settlements entered into to date, including the one with Sony, should be considered in determining the scope of potential discovery directed to the Customer Defendants.

In the mean time, I ask that Sony consider two issues. First, as Judge Thynge recognized, Honeywell's efforts to identify infringing units has continued. To this end, Honeywell has recently identified a Sony cell phone, Model No. S710A, and a Sony digital still camera, Model No. S700I, which it accuses of infringement absent an applicable license. We could not identify the manufacturer of the LCD module contained in those products, so we are unable to at this time to determine whether the settlement agreement between Honeywell and Sony, or any other agreement, covers such products. We did note that the module has the following part numbers on it:

S710A -    522BKQ7 and 532A43H

S700I -    522BKQ7 and 506A32H

We would appreciate Sony identifying the module maker who supplies modules for these products so that we can determine their status.

Robert L. Hails, Jr. Esq.
March 7, 2007
Page 2

Second, we would welcome Sony's thoughts regarding the eventual admissibility of the license agreement between it and Honeywell. As mentioned in Honeywell's letter, it believes that discovery regarding the commercial success of modules using the '371 technology could be focused upon sales of products (if any) using unlicensed modules, assuming that the licenses are themselves admissible; *i.e.*, the licenses, to a certain extent, reflect the sales activities covered by their respective provisions.

However, the remaining Manufacturer Defendants have not taken a position on the admissibility of the licenses. It would be unfair to present the issue of obviousness to the jury without providing them the evidence of the substantial industry-wide activity that led to those licenses. Honeywell believes that the licenses are a reasonable, if indirect, indicia of those activities and thus proposed the solution set forth in the recent letter to Judge Thynge, which is premised on the admissibility of the licenses. If the Manufacturer Defendants disagree, however, it would clearly impact Honeywell's position because Honeywell should be entitled to present comprehensive evidence of commercial success, whether directly or indirectly.

If Sony has additional thoughts regarding potential solutions which alleviate the discovery burden upon it, while at the same time not prejudicing Honeywell's right to present a *complete* picture of what has been industry-wide activity, Honeywell would be willing to consider such alternatives.

Sincerely,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

Matthew L. Woods

MLW/sdg
MP3 20211757.1

TAB 2

# ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
TEL: 612-349-8500 FAX: 612-339-4181
www.rkmc.com

ATTORNEYS AT LAW

MATTHEW L. WOODS
612-349-8272

August 29, 2007

**VIA E-MAIL**

Stuart Lubitz, Esq.
Hogan & Hartson, LLP
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067-6047

Re:    Honeywell International, Inc. et al. v. Apple Computer, Inc. et al.
       Court File No.: 04-1338-KAJ (consolidated)
       Our File No.: 019896.0229

Dear Stuart:

I am writing to update you on the status of Honeywell's ongoing effort to identify LCD modules used in products sold by your client Kyocera Wireless Corp. which practice the '371 patent. As you will recall, although Judge Jordan granted the end product manufacturers a stay of the proceedings involving them, this class of defendants was ordered to provide limited discovery identifying "who the suppliers of LCDs are for the various devices that Honeywell must now specifically identify as accused products." No. 04-1338-KAJ (D. Del. May 18, 2005) (order granting limited stay, subject to Honeywell's limited discovery).

To that end, Honeywell has recently identified additional products manufactured by your client, Kyocera, which it accuses of infringement absent an applicable license. We could not identify the manufacturer of the LCD module contained in these products, so we are unable to at this time determine whether any agreement regarding the '371 patent covers such products. We did note that the module has the following part numbers on it:

| Item | Model | LCD Module Marking |
|------|-------|--------------------|
| Cell Phone | 7135 | CV90-1216-01 |

MP3 20238345.1

ATLANTA · BOSTON · LOS ANGELES · MINNEAPOLIS · NAPLES · SAINT PAUL · WASHINGTON, D.C.

Stuart Lubitz, Esq.
August 29, 2007
Page 2


We would appreciate Kyocera identifying the module maker who supplies modules for these products in the form of supplementation of your prior discovery responses. We look forward to receiving this information in the near future.

Sincerely,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

Matthew L. Woods

MLW/sdm
cc:     Thomas C. Grimm, Esq.

MP3 20238345.1

TAB 3

# ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
TEL: 612-349-8500 FAX: 612-339-4181
www.rkmc.com

ATTORNEYS AT LAW

MATTHEW L. WOODS
612-349-8272

August 29, 2007

**VIA E-MAIL**

Timothy J. Vezeau, Esq.
Katten Muchin Rosenman LLP
525 West Monroe Street
Chicago, IL  60661

Re:    Honeywell International, Inc. et al. v. Apple Computer, Inc. et al.
       Court File No.: 04-1338-KAJ (consolidated)
       Our File No.: 019896.0229

Dear Tim:

I am writing to update you on the status of Honeywell's ongoing effort to identify LCD modules which practice the '371 patent, to the extent it may impact Sanyo's status as a "Customer" Defendant. As you will recall, although Judge Jordan granted the end product manufacturers a stay of the proceedings involving them, this class of defendants was ordered to provide limited discovery identifying "who the suppliers of LCDs are for the various devices that Honeywell must now specifically identify as accused products." No. 04-1338-KAJ (D. Del. May 18, 2005) (order granting limited stay, subject to Honeywell's limited discovery).

To that end, Honeywell has recently identified additional products bearing the Sanyo name which it accuses of infringement absent an applicable license. We could not identify the manufacturer of the LCD modules contained in these products (or their date of manufacture), so we are unable at this time to determine whether any agreement regarding the '371 patent covers such products, including the possibility that these modules are manufactured by Sanyo and thus covered by the agreement between our clients executed in June 2005. We did note that the modules have the following part numbers on it:

| Type | Model | LCD Module Marking |
|------|-------|--------------------|
| Cell Phone | SCP200 | No Discernable Markings |
| Cell Phone | VI2300 | LM16TGFNZ02 5F0484038A |

MP3 20238356.1

A T L A N T A · B O S T O N · L O S A N G E L E S · MINNEAPOLIS · N A P L E S · S A I N T P A U L · W A S H I N G T O N, D. C.

Timothy J. Vezeau, Esq.
August 29, 2007
Page 2

| Type | Model | LCD Module Marking |
|------|-------|--------------------|
| Cell Phone | SCP-5300 | H531MOA5008 |
| Cell Phone | SCP-5300 | N1220013176 |

    We would appreciate Sanyo identifying the module maker who supplies modules for these products in the form of supplementation of your prior discovery responses. We look forward to receiving this information in the near future.

Sincerely,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

Matthew L. Woods

MLW/sdm
cc:    Thomas C. Grimm, Esq.

TAB 4

ROBINS, KAPLAN, MILLER & CIRESI LLP

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
TEL: 612-349-8500 FAX: 612-339-4181
www.rkmc.com

ATTORNEYS AT LAW

**MATTHEW L. WOODS**
612-349-8272

August 29, 2007

**VIA E-MAIL**

William F. Taylor, Esq.
McCarter & English, LLP
Suite 1800
919 Market Street
P.O. Box 111
Wilmington, DE 19899

Re: Honeywell International, Inc. et al. v. Apple Computer, Inc. et al.
Court File No.: 04-1338-KAJ (consolidated)
Our File No.: 019896.0229

Dear Mr. Taylor:

I am writing to update you on the status of Honeywell's ongoing effort to identify LCD modules used in products sold by your clients, Audiovox Electronics Corporation and Audiovox Communications Corporation ("Audiovox"), which practice the '371 patent. As you will recall, although Judge Jordan granted the end product manufacturers a stay of the proceedings involving them, this class of defendants was ordered to provide limited discovery identifying "who the suppliers of LCDs are for the various devices that Honeywell must now specifically identify as accused products." No. 04-1338-KAJ (D. Del. May 18, 2005) (order granting limited stay, subject to Honeywell's limited discovery).

To that end, Honeywell has recently identified additional products manufactured by Audiovox, which it accuses of infringement absent an applicable license. We could not identify the manufacturer of the LCD module contained in these products, so we are unable to at this time determine whether any agreement regarding the '371 patent covers such products. We did note that the module has the following part numbers on it:

| Item | Model Number | LCD Module Markings |
|------|--------------|---------------------|
| Cell Phone | SMT_5600 | 60H00025-000 |
| Cell | CDM8910 | QI139C541P |

MP3 20238317.1

ATLANTA · BOSTON · LOS ANGELES · MINNEAPOLIS · NAPLES · SAINT PAUL · WASHINGTON, D.C.

William F. Taylor, Esq.
August 29, 2007
Page 2

| Phone | | S05050601 |
|-------|---|-----------|

We would appreciate Audiovox identifying the module maker who supplies modules for these products in the form of supplementation of your prior discovery responses. We look forward to receiving this information in the near future.

Sincerely,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

Matthew L. Woods

MLW/sdm
cc:    Thomas C. Grimm, Esq.

MP3 20238317.1

Tᴀʙ 5

# ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
TEL: 612-349-8500 FAX: 612-339-4181
www.rkmc.com

ATTORNEYS AT LAW

MATTHEW L. WOODS
612-349-8272

August 29, 2007

VIA E-MAIL

Brian D. Roche, Esq.
Sachnoff & Weaver, Ltd.
10 South Wacker Drive
40th Floor
Chicago, IL  60606-7507

Re:   Honeywell International, Inc. et al. v. Apple Computer, Inc. et al.
      Court File No.: 04-1338-KAJ (consolidated)
      Our File No.: 019896.0229

Dear Mr. Roche:

I am writing to update you on the status of Honeywell's ongoing effort to identify LCD modules used in products sold by your client, Argus, which practice the '371 patent. As you will recall, although Judge Jordan granted the end product manufacturers a stay of the proceedings involving them, this class of defendants was ordered to provide limited discovery identifying "who the suppliers of LCDs are for the various devices that Honeywell must now specifically identify as accused products." No. 04-1338-KAJ (D. Del. May 18, 2005) (order granting limited stay, subject to Honeywell's limited discovery).

To that end, Honeywell has recently identified additional products manufactured by Argus which it accuses of infringement absent an applicable license. We could not identify the manufacturer of the LCD module contained in these products, so we are unable to at this time determine whether any agreement regarding the '371 patent covers such products. We did note that the module has the following part numbers on it:

| Item | Model | LCD Marking |
|---|---|---|
| Digital Still Camera | DC1730 | GML0385A |

MP3 20238083.1

ATLANTA · BOSTON · LOS ANGELES · MINNEAPOLIS · NAPLES · SAINT PAUL · WASHINGTON, D.C.

Brian D. Roche, Esq.
August 29, 2007
Page 2

We would appreciate Argus identifying the module maker who supplies modules for these products in the form of supplementation of your prior discovery responses. We look forward to receiving your response in the near future.

Sincerely,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

Matthew L. Woods

MLW/sdm
cc:    Thomas C. Grimm, Esq.

# TAB 6

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
TEL: 612-349-8500 FAX: 612-339-4181
www.rkmc.com

ATTORNEYS AT LAW

MATTHEW L. WOODS
612-349-8272

August 29, 2007

VIA E-MAIL

Steven J. Rizzi, Esq.
Weil, Gotshal & Manges, LLP
767 Fifth Avenue
New York, NY 10153

Re:    Honeywell International, Inc. et al. v. Apple Computer, Inc. et al.
Court File No.: 04-1338-KAJ (consolidated)
Our File No.: 019896.0229

Dear Steve:

I am writing to update you on the status of Honeywell's ongoing effort to identify LCD modules used in products sold by Matsushita (Panasonic) which practice the '371 patent. As you will recall, although Judge Jordan granted the end product manufacturers a stay of the proceedings involving them, this class of defendants was ordered to provide limited discovery identifying "who the suppliers of LCDs are for the various devices that Honeywell must now specifically identify as accused products." No. 04-1338-KAJ (D. Del. May 18, 2005) (order granting limited stay, subject to Honeywell's limited discovery).

To that end, Honeywell has recently identified additional products manufactured by Matsushita which it accuses of infringement absent an applicable license. We could not identify the manufacturer of the LCD module contained in these products, so we are unable to at this time determine whether any agreement regarding the '371 patent covers such products. We did note that the module has the following part numbers on it:

| Item | Model | LCD Module Markings |
|------|-------|---------------------|
| Cell Phone | GD88 | LNF0138 |
| Cell Phone | X700 | 3MB4H0089632 |

MP3 20238351.1

ATLANTA · BOSTON · LOS ANGELES  | MINNEAPOLIS |  NAPLES · SAINT PAUL · WASHINGTON, D.C.

Steven J. Rizzi, Esq.
August 29, 2007
Page 2

     We would appreciate Matsushita identifying the module maker who supplies modules for these products in the form of supplementation of your prior discovery responses.   We look forward to receiving this information in the near future.

          Sincerely,

          ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

          Matthew L. Woods

MLW/sdm
cc:    Thomas C. Grimm, Esq.

MP3 20238351.1

TAB 7

# ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
TEL: 612-349-8500 FAX: 612-339-4181
www.rkmc.com

ATTORNEYS AT LAW

MATTHEW L. WOODS
612-349-8272

August 31, 2007

**VIA E-MAIL**

Andrew R. Kopsidas, Esq.
Fish & Richardson, P.C.
1425 K Street NW
Suite 1100
Washington, DC  20005

Re:    Honeywell International, Inc. et al. v. Apple Computer, Inc. et al.
        Court File No.: 04-1338-KAJ (consolidated)
        Our File No.: 019896.0229

Dear Andrew:

I am writing for several reasons:  first, to respond to your inquiries from yesterday day and earlier this summer requesting that your clients Nokia Inc. and Nokia Corporation ("Nokia") be provided with copies of those agreements entered into between Honeywell and certain LCD module manufacturers regarding the '371 patent; and second, to inform Nokia of certain developments in Honeywell's ongoing efforts to identify products which use the technology claimed in the '371 patent.

With regard to the first issue, I appreciate your and Nokia's patience as Honeywell has considered this request. As you may appreciate, Honeywell needed to evaluate the request not only in isolation, but in the context of other entities implicated, either directly or indirectly, in Honeywell's enforcement program, and the impact that granting that request could have in other contexts. For many reasons, Honeywell cannot agree at this time to provide Nokia with the copies of the agreements it seeks. Honeywell would be willing to consider a procedure where the parties agree upon a mutual exchange of information in order to ensure that the entirety of Nokia's use of potentially infringing modules is evaluated. Otherwise, the parties are left with the procedure adopted by Judge Jordan (see below). Please let me know whether Nokia is interested in exploring this concept.

In the meantime, Honeywell has recently identified additional products manufactured by Nokia which it accuses of infringement absent an applicable license. We could not identify the manufacturer of the LCD module contained in these products, so we are unable to at this time

MP3 20238349.1

Andrew R. Kopsidas, Esq.
August 31, 2007
Page 2

determine whether any agreement regarding the '371 patent covers such products.  We did note that the module has the following part numbers on it:

| Item | Model | LCD Module Marking |
|---|---|---|
| Cell Phone | 1600 | 45 30720112 |

You may recall that although Judge Jordan granted the end product manufacturers, such as Nokia, a stay of the proceedings involving them, this class of defendants was ordered to provide limited discovery identifying "who the suppliers of LCDs are for the various devices that Honeywell must now specifically identify as accused products."  No. 04-1338-KAJ (D. Del. May 18, 2005) (order granting limited stay, subject to Honeywell's limited discovery).  We believe that Nokia has a continuing obligation under the procedures it urged upon Judge Jordan to identify the module maker who supplies modules for these products.  We look forward to that supplementation in the near future.

Sincerely,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

Matthew L. Woods

MLW/sdm
cc:    Thomas C. Grimm, Esq.
        Stacie E. Oberts, Esq.

Tab 8

# ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
TEL: 612-349-8500 FAX: 612-339-4181
www.rkmc.com

ATTORNEYS AT LAW

MATTHEW L. WOODS
612-349-8272

September 17, 2007

**VIA E-MAIL**

Francis DiGiovanni, Esq.
Connolly Bove Lodge & Hutz LLP
The Nemours Building, 8th Floor
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899-2207

   Re: Honeywell International, Inc. et al. v. Apple Computer, Inc. et al.
     Court File No.: 04-1338-KAJ (consolidated)
     Our File No.: 019896.0229

Dear Mr. DiGiovanni:

  I am writing in response to your inquiry to our co-counsel, Mr. Thomas Grimm, from last month and to update you on the status of Honeywell's ongoing effort to identify LCD modules used in products sold by your clients, Sony Ericsson Mobile Communications AB and Sony Ericsson Mobile Communications (USA) Inc. ("Sony Ericsson"), which practice the '371 patent. As you will recall, although Judge Jordan granted the end product manufacturers a stay of the proceedings involving them, this class of defendants was ordered to provide limited discovery identifying "who the suppliers of LCDs are for the various devices that Honeywell must now specifically identify as accused products." No. 04-1338-KAJ (D. Del. May 18, 2005) (order granting limited stay, subject to Honeywell's limited discovery).

  To that end, Honeywell has recently identified additional products manufactured by Sony Ericsson which it accuses of infringement absent an applicable license. We could not identify the manufacturer of the LCD module contained in these products, so we are unable to at this time determine whether any agreement regarding the '371 patent covers such products. We did note that the module has the following part numbers on it:

| Item | Model | LCD Module Marking |
|------|-------|--------------------|
| Cell Phone | T290 | 942213R10 |

MP3 20238376.1

ATLANTA · BOSTON · LOS ANGELES · MINNEAPOLIS · NAPLES · SAINT PAUL · WASHINGTON, D.C.

Francis DiGiovanni, Esq.
September 17, 2007
Page 2


        We would appreciate Sony Ericsson identifying the module maker who supplies modules
for these products in the form of supplementation of your prior discovery responses.   We look
forward to receiving this information in the near future.

                        Sincerely,

                        ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

                        Matthew L. Woods

MLW/sdm
cc:    Thomas C. Grimm, Esq.