# FISH & RICHARDSON P.C.

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

Suite 1100
919 N. Market Street
P.O. Box 1114
Wilmington, Delaware
19899-1114

Telephone
302 652-5070

Facsimile
302 652-0607

Web Site
www.fr.com

Thomas L. Halkowski
302 778-8407

Email
halkowski@fr.com

August 25, 2008

**VIA E-MAIL AND HAND DELIVERY**
Judge Vincent J. Poppiti
Blank Rome LLP
Chase Manhattan Centre
1201 Market Street, Suite 800
Wilmington, DE 19801

Re:   *Honeywell Int'l Inc., et al. v. Apple Computer, Inc., et al.*
        USDC-D. Del., C.A. No. 04-1338 JJF (Consolidated)



ATLANTA
AUSTIN
BOSTON
DALLAS
DELAWARE
MUNICH
NEW YORK
SAN DIEGO
SILICON VALLEY
TWIN CITIES
WASHINGTON, DC

Dear Judge Poppiti:

Honeywell's letter filed earlier today mistakenly sets forth Apple's position during the call on Friday and, more importantly, mischaracterizes the Affected Customer Defendants' current position regarding the three issues noted in Honeywell's letter.[1] Apple's concerns and suggested approach – which Apple understands are shared by the Affected Defendants – are set forth below:

First, the Affected Customer Defendants object to a delay of these proceedings to allow Honeywell to now pursue discovery it could have pursued from third parties at anytime over the last few years had it legitimately believed there was a concern that the licenses entered into by those suppliers had been breached in some manner due to sales of modules to Affected Defendants. Moreover, the Affected Defendants believe that a more fruitful approach is for the Affected Defendants: (i) to provide declarations regarding the identity of modules in any properly Accused Product; (ii) for Honeywell to identify specific information it actually needs from the module suppliers at issue – instead of the blanket demands for information Honeywell has apparently been issuing to date to the LCD module suppliers; and (iii) for the Affected Defendants to facilitate, to the extent possible, communication between Honeywell and the module suppliers. If the Court is inclined to alter the existing schedule to now allow for Honeywell more time to seek information from the module suppliers, the Affected Defendants request that the additional time be limited to no more than 4 weeks and that Honeywell identify to the suppliers and the Affected Defendants specifically what it actually needs from the LCD module suppliers.

---

[1] Honeywell, after being requested to do so, provided to the Affected Defendants a draft version of its understanding regarding the results of the parties' meet and confer. Honeywell was advised this morning that a response from the Affected Customer Defendants would be provided as soon as possible this afternoon. Unfortunately, upon receipt of the Defendants' response, Honeywell advised that it would not incorporate the response which set forth the Defendants' current position.

Judge Vincent J. Poppiti
August 25, 2008
Page 2

Second, with regard to Honeywell's demands for documents between the Affected Defendants and the LCD module suppliers, the Affected Defendants believe that such discovery is generally irrelevant and poses an undue burden because it is the terms of the licenses that dictate dismissal of the Affected Defendants which terms are best known by Honeywell and its licensees and compliance of which is best known by the licensees. Furthermore, as was explained during last Friday's "global" meet and confer, to the extent any such correspondence exists, it would likely be protected from discovery.

Third, no Affected Defendant objects to making reasonable efforts in an attempt to address Honeywell's request for confirmation that Affected Customer Defendants purchase complete LCD modules.

Lastly, a number of Affected Defendants remain willing to pursue reasonable efforts in an effort to cooperatively resolve this dispute. For example, Nikon and Honeywell are working through the informal approach to the dismissal process and, thus, the declaration route will supersede any formal discovery routes with respect to Nikon and the suppliers of the LCDs in the Sanyo-manufactured accused Nikon products.[2] Similarly, Apple notes that it: (i) has already provided Honeywell with a declaration confirming the accuracy of its list of LCD module suppliers for the timely Accused Apple products; (ii) has made efforts to facilitate provision of key information from the two module suppliers that have sales caps within the terms of their licenses with Honeywell; and (iii) has arranged for a teleconference tomorrow with Mr. Woods in an effort to further the parties' dialogue.

Respectfully,

*/s/ Thomas L. Halkowski*

Thomas L. Halkowski

TLH:sb

cc   Clerk of Court (via hand delivery)
     Counsel of Record (via ECF and e-mail)

---

[2] As Nikon's counsel explained once again at last Friday's meet and confer call, all of the Nikon products Honeywell accuses as infringing are manufactured by Sanyo; thus, Nikon does not buy LCDs for those products. Sanyo knows what it did with respect to the LCD modules in those products. The products came to Nikon with complete LCD modules in them.