IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HONEYWELL INTERNATIONAL INC. and HONEYWELL INTELLECTUAL PROPERTIES INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 04-1338-JJF |
| v. | ) ) | (Consolidated) |
| APPLE COMPUTER, INC., et al., | ) ) | |
| Defendants. | ) | |

**PLAINTIFFS' NOTICE OF RULE 30(b)(6) DEPOSITION
OF DEFENDANT INNOLUX DISPLAY CORPORATION**

PLEASE TAKE NOTICE THAT, in accordance with Rules 26, 30(b)(6), and 32 of the Federal Rules of Civil Procedure, Plaintiffs will take the deposition of Defendant InnoLux Display Corporation ("InnoLux"), through one or more of its officers, directors, managing agents, or other persons who consent to testify on its behalf and who are most knowledgeable with respect to the deposition subjects as set forth in Schedule A at the time and place as set forth below.

The deposition will be taken on Friday, September 5, 2008, at 9:00 a.m. and will be taken at the law offices of Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market Street, Wilmington, DE 19801 or at such other time and place as may be agreed to by the parties. The deposition will continue until completed as provided in the Federal Rules of Civil Procedure. The deposition will be recorded stenographically and by videotape. You are invited to attend and cross-examine.

## SCHEDULE A

**I.    DEFINITIONS**

1.    The term "communication" means any transmission of thoughts, opinions or information, whether written or oral and including without limitation, letters, memoranda, meetings, discussions, conversations, negotiations, agreements, understandings, inquiries, notes, telegrams, and/or e-mail.

2.    The terms "Plaintiffs" or "Honeywell" shall mean Honeywell International Inc. and Honeywell Intellectual Properties Inc., including officers, agents, employees, and representatives of each entity.

3.    The terms "InnoLux," "you," or "your" shall refer to InnoLux Display Corporation and include, without limitation, your divisions, subsidiaries, directors, agents, representatives, and employees and any predecessor with an interest.

4.    The term "Complaint" shall mean the Complaint and any Amended Complaints filed by Plaintiffs in this action.

5.    The term "Named Defendants" shall mean the defendants named in Honeywell's Complaints and any Amended Complaints in the Honeywell actions (C.A. Nos. 04-1337, 04-1338, and 05-874).

6.    The term "your corporate organization" shall refer to and mean InnoLux Display Corporation.

7.    The phrase "referring or relating to" as used herein, includes, but is not limited to, the following meanings: bearing upon, concerning, constituting, discussing, describing, evidencing, identifying, in connection with, pertaining to, respecting, regarding, responding to, or in any way logically or factually relevant to the matter described in the request.

8.    The term "Person" shall mean any individual, partnership, incorporated or unincorporated association, and any other legal or commercial entity.

9.    The term "Date" shall mean the exact day, month and year, if ascertainable, or, if not, the best available approximation, including relationship to other events.

10.    The term "Document" shall mean all writings of any kind, including the originals and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise as contemplated by Fed. R. Civ. P. 26 in any form, whether on paper, in electronic form, on microfilm, or otherwise.  Documents generated by another party or non-party and in your possession, custody or control are within the scope of this request.

11.    The term "Identify" when used in reference to a person means to provide the following information:

   a.    Full name;

   b.    Present or last known address; and

   c.    Present or last known telephone number.

12.    The terms "'371 patent" and "patent-in-suit" shall mean United States Patent No. 5,280,371 entitled "Directional Diffuser For A Liquid Crystal Display."

13.    The term "LCD Modules" shall mean liquid crystal display modules.

14.    The terms "Accused Module" or "Accused Modules" shall mean any and all liquid crystal display ("LCD") modules, manufactured, sold, offered for sale, or distributed by InnoLux that (1) Honeywell has identified as infringing, or are likely to infringe the '371 patent; (2) are past, present, or future generations of those modules Honeywell has identified as infringing, or likely to infringe the '371 patent; and (3) InnoLux's customers have identified as being (a) incorporated into end products that Honeywell has accused of infringing the '371

3

patent, (b) incorporated into end products that are other generations or versions of the end products Honeywell has accused of infringing the '371 patent, and (c) containing substantially the same structure as the LCD modules contained in those end products Honeywell has accused of infringing the '371 patent.

     15.     The term "lighting components" shall include any and all components of your Accused Modules used to illuminate the LCD panel, and include without limitation backlight units, lamps, LEDs, reflectors, diffusers, polarizers, light pipes/wedges, prismatic/lenticular films and combinations thereof.

## II.    TIME PERIOD

     16.     Unless otherwise specifically noted, the following deposition topics cover the time period October 1998 to present.

## III.    RULE 30(b)(6) TOPICS

**InnoLux Display Corporation's General Entity Information**

     1.     Your corporate organization and structure, including the identity of departments, affiliates, groups and individuals with decision-making authority regarding the design, manufacture and distribution of LCD modules.

**InnoLux Display Corporation's LCD Modules**

     2.     All communications between you and any third party regarding Honeywell's claims of infringement of the '371 Patent, including but not limited to any formal and/or informal discussions between you and any third party relating to any request to be defended and/or indemnified against Honeywell's claims of infringement.

3.     The circumstances under which you began manufacturing and/or offering for sale LCD modules with two lenticular and/or prismatic films, including but not limited to a description of the technical and marketing reasons for such development.

4.     For each of the Accused Modules, from the date of their first manufacture to the present:

    a.     the manner in which you identify each such Accused Module, including but not limited to any alphanumeric model number or other label used to identify each such module;

    b.     any and all generations or variations of such Accused Module, including the criteria used to identify generational modules;

    c.     the operation, configuration, and design of all lighting components of each accused module, particularly including but not limited to: the presence of lenticular and/or prismatic films and/or structures; the orientation of such structures with regard to the LCD panel and the reasons for such orientation;

    d.     the extent to which your customers or intended customers participated in the design of each such Accused Module, including the identification of any design ideas or changes provided by such customers or intended customers;

    e.     to the extent you only assemble, but do not manufacture, any lighting component used in such module, an identification of where you obtain such component parts including without limitation who manufactures and

supplies lenticular and/or prismatic films used in such Accused Module; and

f.    the identification by Bates ranges and the authentication of the technical documents and specifications related to your Accused Modules produced in response to Honeywell's Requests for Production of Documents.

5.    Any and all efforts undertaken by or at your direction to investigate whether any LCD Module manufactured, assembled and/or sold by you may infringe the '371 patent, including but not limited to obtaining opinions of counsel and all facts that support your assertion that any Accused Modules manufactured by you do not infringe the '371 patent.

6.    The date upon and circumstances under which you first learned of the existence of the '371 patent.

7.    Your knowledge of and experiences with any of the named inventors of the '371 patent and their body of work, including but not limited to your consideration of the subject matter of the presentation entitled "Directional Diffuser Lens Array for Backlit LCDs" given at or about the Japan Display SID Conference in October 1992.

8.    Consideration, development and implementation of any alternative design(s) for your Accused Modules relating to different angles of rotation for any lenticular and/or prismatic structures contained thereon; and/or relating to the use of two such structures as opposed to any other number.

**InnoLux Display Corporation's Accounting and Financial Reporting Methods**

9.    InnoLux's accounting and financial reporting standards, systems, and methods.

10.    The method and/or procedure for gathering the data used to calculate and/or compute gross revenue, net revenue, cost of revenue, gross margin, selling, general,

administrative and other expenses, income before income taxes and net income on a monthly, quarterly, and annual basis or any other timeframe InnoLux regularly maintains records for its sales.

**InnoLux Display Corporation's Distribution, Sale and Marketing of Accused Products**

11.    For each Accused Module, from the date of its first sale to the present:

    a.    the projected and actual sales revenue generated by month, quarter and year;

    b.    the projected and actual sales expenses or cost of sales incurred by month, quarter and year; and

    c.    the projected and actual profits and profit margins generated and how profit is calculated.

12.    The process by which InnoLux:

    a.    distributes and sells its LCD Modules, including without limitation a description of the channel(s) of distribution utilized by InnoLux;

    b.    the market in the United States and worldwide for InnoLux's LCD Modules; and

    c.    the process by which InnoLux markets or promotes the sale of its LCD Modules in the United States and worldwide, including any and all advertising or promotional materials and/or campaigns

13.    The target market and/or customer base for InnoLux's LCD Modules, and the reason(s) why InnoLux targets this market and/or customer base, including without limitation any and all advertising, marketing and/or promotional efforts InnoLux has undertaken or considered undertaking relating to the Accused Modules.

14.    InnoLux's policy and marketing program for maintaining its patent monopolies by not licensing others to use its inventions or by granting licenses under special conditions designed to preserve that monopoly.

15.    InnoLux's policies and practices for the negotiation of royalty or license agreements for the use of patented technology, including without limitation, licensing of third party technology for InnoLux's use, the licensing of InnoLux's technology to third parties, and the cross licensing of technologies.

16.    InnoLux's license agreements, including the terms and conditions of such license agreements, related to consumer electronics entered into by InnoLux.

17.    Royalty or license fees received or paid by InnoLux from October 1998 to the present for any non-consumer license.

18.    Any analysis of InnoLux's domestic and foreign market share from October 1998 to the present, including but not limited to, the size of the markets and expected growth in the markets, prices in the markets, supply and demand in the markets, competition and expected future competition in the markets, and factors that might influence the markets.

19.    InnoLux's pricing and pricing policies and strategy for the sale of each of the Accused Modules.

20.    The effect of selling the Accused Modules in promoting the sale of other products of InnoLux, including but not limited to the existing value of the Accused Modules as a generator of sales of other items, and the extent of such derivative or convoyed sales.

21.    Information and documents relied on or reviewed by the corporate representative(s) for purposes of becoming knowledgeable about the topics set forth in this Schedule A.

22.     InnoLux's document retention policies from October 1998 to the present.

**InnoLux Display Corporation's Jurisdictional Ties to the United States**

23.     The facts, details, and circumstances relating to the matter: *Guardian Industries Corp. v. InnoLux Display Corporation, 1:06-CV-00748-SLR*, including but not limited to the types of modules at issue in this matter and InnoLux's counterclaims.

24.     The facts, basis, and reasons for InnoLux's decision not to contest personal jurisdiction in the *Guardian Industries Corp. v. InnoLux Display Corporation* matter referenced immediately above.

25.     The relationship between InnoLux Display Corporation and Hon Hai Corporation, also known as Foxconn.

26.     The relationship between Audiovox, its subsidiaries, and/or its affiliates and InnoLux Display Corporation, including but not limited to Audiovox's and/or its related entities' use of InnoLux LCD modules in its DVD players.

27.     The relationship between Archos, its subsidiaries, and/or its affiliates and InnoLux Display Corporation, including but not limited to Archos' and/or its related entities' use of InnoLux LCD modules in its media players.

28.     The relationship between Philips, its subsidiaries, and/or its affiliates and InnoLux Display Corporation, including but not limited to Philips' and/or its related entities' use of InnoLux LCD modules in its portable DVD players.

29.     The relationship between Element Electronics, its subsidiaries, and/or its affiliates and InnoLux Display Corporation, including but not limited to Element Electronics' and/or its related entities' use of InnoLux LCD modules in its DVD players.

9

30.     The relationship between Alpine Electronics, its subsidiaries, and/or its affiliates and InnoLux Display Corporation, including but not limited to Alpine Electronics' and/or its related entities' use of InnoLux LCD modules in its DVD players.

31.     The relationship between Coby Electronics, its subsidiaries, and/or its affiliates and InnoLux Display Corporation, including but not limited to Coby Electronics' and/or its related entities' use of InnoLux LCD modules in its digital picture frames.

32.     The relationship between Initial Technology, Inc., its subsidiaries, and/or its affiliates and InnoLux Display Corporation, including but not limited to Initial Technology's and/or its related entities' use of InnoLux LCD modules in its portable DVD players.

33.     Information relating to InnoLux Corporation, located in Austin, Texas, including but not limited to its business purposes, its operations, its relationship to the LCD market in the United States, and InnoLux Corporation's relationship to InnoLux Display Corporation.

34.     Facts, details, and information regarding InnoLux's sale of its LCD monitors to such companies as Hewlett-Packard, Dell, ViewSonic, Acer, and LG.

35.     All facts relied upon by InnoLux in connection with its motion to dismiss for lack of personal jurisdiction.

36.     All facts related to any business conducted by, or contracts entered into by InnoLux, either directly or indirectly, in the United States from October, 1998 to present.

**InnoLux Display Corporation's Affirmative Defenses**

37.     All facts relied upon by InnoLux relating to Affirmative Defense No. 1 in its Answer to Honeywell's Revised Second Amended Complaint.

38.     All facts relied upon by InnoLux relating to Affirmative Defense No. 2 in its Answer to Honeywell's Revised Second Amended Complaint.

39.    All facts relied upon by InnoLux relating to Affirmative Defense No. 3 in its Answer to Honeywell's Revised Second Amended Complaint.

40.    All facts relied upon by InnoLux relating to Affirmative Defense No. 4 in its Answer to Honeywell's Revised Second Amended Complaint.

41.    All facts relied upon by InnoLux relating to Affirmative Defense No. 5 in its Answer to Honeywell's Revised Second Amended Complaint.


MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*OF COUNSEL:*

Martin R. Lueck
Matthew L. Woods
Stacie E. Oberts
Denise S. Rahne
Peter N. Surdo
Daniel M. White
ROBINS, KAPLAN, MILLER
   & CIRESI L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN  55402-2015
(612) 349-8500

Anthony A. Froio
Marc N. Henschke
Alan E. McKenna
Michael J. Garko
ROBINS, KAPLAN, MILLER
   & CIRESI L.L.P.
800 Boylston Street, 25th Floor
Boston, MA  02199
(617) 267-2300

August 26, 2008
2462810

_/s/ Thomas C. Grimm_____
Thomas C. Grimm (#1098)
Benjamin J. Schladweiler (#4601)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
tgrimm@mnat.com
bschladweiler@mnat.com
   *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 26, 2008, the foregoing was caused to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to all registered participants.

In addition, the undersigned hereby certifies that true and correct copies of the foregoing were caused to be served via electronic mail on August 26, 2008upon the following parties:

| | |
|---|---|
| REPRESENTING HONEYWELL INTERNATIONAL INC. AND HONEYWELL INTELLECTUAL PROPERTIES INC. (C.A. 04-1337) | Steven J. Balick **sbalick@ashby-geddes.com** John G. Day **jday@ashby-geddes.com** Lauren E. Maguire **lmaguire@ashby-geddes.com** |
| REPRESENTING AUDIOVOX ELECTRONICS CORPORATION (C.A. 04-1337) | William F. Taylor, Jr. **wtaylor@mccarter.com** |
| REPRESENTING AUDIOVOX COMMUNICATIONS CORP. (C.A. 04-1337) | Matt Neiderman **mneiderman@duanemorris.com** D. Joseph English **djenglish@duanemorris.com** |
| REPRESENTING NIKON CORPORATION AND NIKON INC. (C.A. 04-1337) | Richard L. Horwitz **rhorwitz@potteranderson.com** David E. Moore **dmoore@potteranderson.com** Barry W. Graham **barry.graham@finnegan.com** Darren M. Jiron **darren.jiron@finnegan.com** |

REPRESENTING NOKIA CORPORATION
AND NOKIA INC.

(C.A. 04-1337)

Thomas L. Halkowski
**halkowski@fr.com**

William J. Marsden, Jr.
**marsden@fr.com**

Lauren A. Degnan
**degnan@fr.com**

Andrew R. Kopsidas
**kopsidas@fr.com**

REPRESENTING SAMSUNG SDI CO., LTD.
(THIRD-PARTY DEFENDANT)

(C.A. 04-1337)

Richard L. Horwitz
**rhorwitz@potteranderson.com**

David E. Moore
**dmoore@potteranderson.com**

Alana A. Prills
**alanaprills@paulhastings.com**

Carolyn E. Morris
**carolynmorris@paulhastings.com**

Elizabeth L. Brann
**elizabethbrann@paulhastings.com**

Hamilton Loeb
**hamiltonloeb@paulhastings.com**

Stephen S. Korniczky
**stephenkorniczky@paulhastings.com**

REPRESENTING SANYO ELECTRIC CO., LTD.
AND SANYO NORTH AMERICA

(C.A. 04-1337)

Richard L. Horwitz
**rhorwitz@potteranderson.com**

David E. Moore
**dmoore@potteranderson.com**

Michael A. Dorfman
**Michael.dorfman@kattenlaw.com**

Timothy J. Vezeau
**timothy.vezeau@kattenlaw.com**

Richard P. Bauer
**richard.bauer@kattenlaw.com**

REPRESENTING SEIKO EPSON CORPORATION

(C.A. 04-1337)

REPRESENTING APPLE

(C.A.04-1338)

REPRESENTING ARGUS/HARTFORD

(C.A.04-1338)

REPRESENTING CASIO

(C.A.04-1338)

REPRESENTING CITIZEN WATCH CO., LTD.
AND CITIZEN DISPLAYS CO., LTD.

(C.A.04-1338)

Robert J. Katzenstein
**rjk@skfdelaware.com**

Robert J. Benson
**rjbenson@hhlaw.com**

Thomas L. Halkowski
**halkowski@fr.com**

Kelly C. Hunsaker
**hunsaker@fr.com**

Frank E. Scherkenbach
**scherkenbach@fr.com**

Richard H. Cross, Jr.
**rcross@crosslaw.com**

Amy Evans
**aevans@crosslaw.com**

Brian D. Roche
**broche@reedsmith.com**

Michael P. Bregenzer
**mbregenzer@reedsmith.com**

Thomas L. Halkowski
**halkowski@fr.com**

John T. Johnson
**jjohnson@fr.com**

David J. Margules
**dmargules@bmf-law.com**

Stuart Lubitz
**slubitz@hhlaw.com**

David H. Ben-Meir
**dhben-meir@hhlaw.com**

Rose Hickman
**rahickman@hhlaw.com**

| | |
|---|---|
| REPRESENTING CONCORD CAMERA | Richard L. Horwitz<br>**rhorwitz@potteranderson.com** |
| (C.A.04-1338) | David E. Moore<br>**dmoore@potteranderson.com** |
| REPRESENTING DELL | Richard L. Horwitz<br>**rhorwitz@potteranderson.com** |
| (C.A.04-1338) | David E. Moore<br>**dmoore@potteranderson.com** |
| | Avelyn M. Ross<br>**aross@velaw.com** |
| | Willem G. Schuurman<br>**bschuurman@velaw.com** |
| | Roderick B. Williams<br>**rickwilliams@velaw.com** |
| REPRESENTING EASTMAN KODAK | Frederick L. Cottrell, III<br>**cottrell@rlf.com** |
| (C.A.04-1338) | Chad M. Shandler<br>**shandler@rlf.com** |
| | Neal Slifkin<br>**nslifkin@harrisbeach.com** |
| | Paul J. Yesawich, III<br>**pyesawich@harrisbeach.com** |
| | Laura W. Smalley<br>**lsmalley@harrisbeach.com** |
| REPRESENTING FUJIFILM CORPORATION<br>AND FUJIFILM U.S.A., INC. | Philip A. Rovner<br>**provner@potteranderson.com** |
| (C.A.04-1338) | Angie M. Hankins<br>**ahankins@stroock.com** |
| | Matthew W. Siegal<br>**msiegal@stroock.com** |
| | Lawrence Rosenthal<br>**lrosenthal@stroock.com** |

REPRESENTING FUJITSU

(C.A.04-1338)

Richard L. Horwitz
**rhorwitz@potteranderson.com**

David E. Moore
**dmoore@potteranderson.com**

Christopher E. Chalsen
**cchalsen@milbank.com**

Christopher J. Gaspar
**cgaspar@milbank.com**

REPRESENTING HOYA (FORMERLY PENTAX)

(C.A.04-1338)

Adam W. Poff
**apoff@ycst.com**

Michael J. Fink
**mfink@gbpatent.com**

Neil F. Greenblum
**ngreenblum@gbpatent.com**

P. Branko Pejic
**bpejic@gbpatent.com**

REPRESENTING INNOLUX DISPLAY CORPORATION

(C.A.04-1338)

Matt Neiderman
**mneiderman@duanemorris.com**

Donald R. McPhail
**drmcphail@duanemorris.com**

REPRESENTING KYOCERA

(C.A.04-1338)

Robert J. Katzenstein
**rjk@skfdelaware.com**

Robert K. Beste, III
**rkb@skfdelaware.com**

Stuart Lubitz
**slubitz@hhlaw.com**

David H. Ben-Meir
**dhben-meir@hhlaw.com**

Rose Hickman
**rahickman@hhlaw.com**

| | |
|---|---|
| REPRESENTING MEI/MEC (MATSUSHITA)<br><br>(C.A. 04-1338) | William J. Wade<br>**wade@rlf.com**<br><br>Steven A. Reiss<br>**steven.reiss@weil.com**<br><br>David J. Lender<br>**david.lender@weil.com** |
| REPRESENTING NAVMAN<br><br>(C.A. 04-1338) | Arthur G. Connolly, III<br>**aconnollyIII@cblh.com**<br><br>Brian M. Gottesman<br>**bgottesman@cblh.com**<br><br>Bradford P. Lyerla<br>**blyerla@marshallip.com** |
| REPRESENTING OLYMPUS<br><br>(C.A. 04-1338) | John W. Shaw<br>**jshaw@ycst.com**<br><br>Monté Squire<br>**msquire@ycst.com**<br><br>Richard M. Rosati<br>**rrosati@kenyon.com**<br><br>George E. Badenoch<br>**gbadenoch@kenyon.com** |
| REPRESENTING OPTREX<br>(THIRD-PARTY PLAINTIFF)<br><br>(C.A. 04-1338 AND 04-1536) | Karen L. Pascale<br>**kpascale@ycst.com**<br><br>Thomas J. Fisher<br>**tfisher@oblon.com**<br><br>Alexander E. Gasser<br>**agasser@oblon.com**<br><br>Richard D. Kelly<br>**rkelly@oblon.com**<br><br>Andrew M. Ollis<br>**aollis@oblon.com**<br><br>John F. Presper<br>**jpresper@oblon.com** |

REPRESENTING SAMSUNG SDI CO., LTD.
AND SAMSUNG SDI AMERICA, INC.

(C.A.04-1338)

Richard L. Horwitz
**rhorwitz@potteranderson.com**

David E. Moore
**dmoore@potteranderson.com**

Alana A. Prills
**alanaprills@paulhastings.com**

Carolyn E. Morris
**carolynmorris@paulhastings.com**

Elizabeth L. Brann
**elizabethbrann@paulhastings.com**

Hamilton Loeb
**hamiltonloeb@paulhastings.com**

Stephen S. Korniczky
**stephenkorniczky@paulhastings.com**

REPRESENTING SONY CORPORATION

(C.A.04-1338)

John W. Shaw
**jshaw@ycst.com**

Monté Squire
**msquire@ycst.com**

John Flock
**jflock@kenyon.com**

Robert L. Hails, Jr.
**rhails@kenyon.com**

Michael M. Shen
**mshen@kenyon.com**

REPRESENTING SONY ERICSSON

(C.A.04-1338)

Francis DiGiovanni
**fdigiovanni@cblh.com**

REPRESENTING TOSHIBA

(C.A.04-1338)

Richard L. Horwitz
**rhorwitz@potteranderson.com**

David E. Moore
**dmoore@potteranderson.com**

Arthur I. Neustadt
**aneustadt@oblon.com**

Carl E. Schlier
**cschlier@oblon.com**

_____
Thomas C. Grimm (#1098)