# FISH & RICHARDSON P.C.

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

Suite 1100
919 N. Market Street
P.O. Box 1114
Wilmington, Delaware
19899-1114

Telephone
302 652-5070

Facsimile
302 652-0607

Web Site
www.fr.com

Thomas L. Halkowski
302 778-8407

Email
halkowski@fr.com

August 28, 2008

**VIA E-MAIL AND HAND DELIVERY**
Judge Vincent J. Poppiti
Blank Rome LLP
Chase Manhattan Centre
1201 Market Street, Suite 800
Wilmington, DE 19801

Re:   *Honeywell Int'l Inc., et al. v. Apple Computer, Inc., et al.*
      USDC — D. Del., C.A. No. 04-1338 JJF (Consolidated)



ATLANTA
AUSTIN
BOSTON
DALLAS
DELAWARE
MUNICH
NEW YORK
SAN DIEGO
SILICON VALLEY
TWIN CITIES
WASHINGTON, DC

Dear Judge Poppiti:

There appear to be three basic issues related to the Customer Defendants.

First, there is apparent agreement on all sides that the initial trial in this matter will proceed against certain manufacturer defendants, and not against the customer defendants.  The discovery regarding the customer defendants should remain stayed, subject, of course, to any limited discovery that is ordered by the Court with regard to the licensing issues already presented to the Court.

Honeywell's passing argument that the case should proceed to trial against the manufacturers only in the event that the manufacturers forgo defenses based on § 271 or inducement is even less persuasive now than it was when Judge Jordan rejected it in 2006, for several reasons:  (1) as a result of the stay, the customers have not participated in the manufacturer case at all—not in any discovery, claim construction, etc.—and cannot feasibly be thrust into a trial with the manufacturers without substantial prejudice to the customers, and significant delay, disruption and complication of the case; (2) the Affected Customer Defendants (*i.e.*, the ones seeking dismissal because all their accused products are licensed) have no suppliers of accused products left in the case, and therefore, lifting the stay as to them in this way is unwarranted, even under Honeywell's own theory; and (3) for those customers with suppliers of accused products still remaining in the case, it is far more efficient, economical and logical to try Honeywell's case against the manufacturers first— which could moot all or some of the points raised by Honeywell—and address remaining secondary issues, if any, after that case has concluded.

Second, to the extent that any of the Customer Defendants remain in this case at the conclusion of the first trial, we are agreeable to meeting and conferring with Honeywell within 30 days after a decision is issued from that trial, and to submit a status report to the Court within 40 days after the decision is issued, which addresses the then-current status of the dispute between Honeywell and the Customer Defendants, as well as how the parties propose to proceed in light of the decision, including whether the stay should remain in effect pending any appeal.

Judge Vincent J. Poppiti
August 28, 2008
Page 2

Lastly, with regard to any informal exchange of information concerning the licensing issues, the Affected Customer Defendants understand that the parties have reached agreement in principle on an approach that will be the subject of a forthcoming order of the Court.

Respectfully,

*/s/ Thomas L. Halkowski*

Thomas L. Halkowski

TLH:sb

cc  Clerk of Court (via hand delivery)
    Counsel of Record (via ECF and e-mail)