DuaneMorris®

FIRM and AFFILIATE OFFICES

NEW YORK
LONDON
SINGAPORE
LOS ANGELES
CHICAGO
HOUSTON
HANOI
PHILADELPHIA
SAN DIEGO
SAN FRANCISCO
BALTIMORE
BOSTON
WASHINGTON, DC
LAS VEGAS
ATLANTA
MIAMI
PITTSBURGH
NEWARK
BOCA RATON
WILMINGTON
PRINCETON
LAKE TAHOE
HO CHI MINH CITY

AIMEE CZACHOROWSKI
DIRECT DIAL: 302.657.4930
PERSONAL FAX: 302.397.2455
E-MAIL: amczachorowski@duanemorris.com

www.duanemorris.com

August 27, 2008

**VIA HAND DELIVERY**

The Honorable Vincent J. Poppiti
Blank Rome LLP
1201 North Market Street, Suite 800
Wilmington, Delaware 19801

    Re:   *Honeywell International Inc., et al. v. Apple Computer, Inc., et al.*
            **C.A. No. 04-1338-JJF (consolidated)**

Dear Judge Poppiti:

    In response to your letter of August 18, 2008, InnoLux Display Corporation provides this letter addressing an issue specific to InnoLux. This issue relates to Honeywell's back door effort to re-open fact discovery in this matter under the auspices of a "procedural restructuring" of this case.

    Pursuant to the Court's Scheduling Order No. 2 (D.I 838, as subsequently amended by D.I. 863, D.I. 898 and D.I. 937), the period for fact discovery in this matter ended on January 31, 2008. This cut-off date was binding on both Honeywell and InnoLux.

    InnoLux first appeared before this Court on August 25, 2006. At any time thereafter until the close of fact discovery on January 31, 2008, a period of nearly one and a half years, Honeywell could have sought discovery from InnoLux. Honeywell, however, simply sat on its hands and chose not to seek any discovery from InnoLux.

    The failure to seek any discovery from InnoLux was Honeywell's own choice; it was not mandated by or the result of any order of this Court or the Federal Rules of Civil Procedure. Similarly, Honeywell cannot cite any legal precedent that suggests that a party is somehow excused from participating in discovery solely because of a pending motion to dismiss.

    InnoLux never refused to provide Honeywell with fact discovery during the appropriate time period. Unlike the Customer Defendants in this matter, InnoLux did not seek a stay from the Court and no stay was ever granted with respect to InnoLux. Neither Judge Jordan nor Judge Farnan (or even Magistrate Judge Thynge) ever suggested that InnoLux was somehow excused from discovery because of its pending motion to dismiss. As plainly stated in the Report and Recommendations dated July 1, 2008 (D.I. 1067), "InnoLux, in all respects, remains a party to this

DuaneMorris

Honorable Vincent J. Poppiti
August 27, 2008
Page 2

matter, and therefore fully engaged in this matter unless otherwise ordered by the Court, including being subject to all of the deadlines in the Court's Scheduling Order . . . ." Honeywell can point to no order of this Court suggesting that InnoLux was not subject to the deadlines in Scheduling Order No. 2 (as amended), including the January 31, 2008 cut-off date for fact discovery.[1] Nor can Honeywell point to any refusal by InnoLux to provide timely requested discovery.

Nevertheless, under the guise of its purported "procedural restructuring" of this case, Honeywell now seeks to re-open the period for fact discovery against InnoLux. This is wholly improper and unwarranted.

There is nothing in Judge Farnan's Oral Order dated August 1, 2008 to suggest that the period for fact discovery should be re-opened in the manner suggested by Honeywell. Indeed, nothing in Judge Farnan's Oral Order suggests that anything should be done with respect to dates which have already passed.

Moreover, it is simply too late for Honeywell to ask to re-open the period for fact discovery. If Honeywell had believed it might require additional fact discovery from InnoLux beyond the January 31, 2008 cut-off date, Honeywell was free to seek an extension of that date before that date had passed. At least three times previously, Honeywell did just that – it timely requested the Court to extend the period for fact discovery (*see* D.I. 863; D.I. 898; D.I. 937) and the requested extension was granted. When faced with the close of fact discovery on January 31, 2008, however, Honeywell did absolutely nothing.

Pursuant to the Memorandum Order dated April 18, 2008 (D.I. 999), Judge Farnan granted Honeywell an additional period of time in which Honeywell was "permitted to conduct discovery limited to the issue of the Court's jurisdiction over Defendant InnoLux Display Corporation." (emphasis added). Judge Farnan's Memorandum Order did not otherwise alter any of the deadlines set in the Court's Scheduling Order No. 2 (as amended). Judge Farnan's Memorandum Order also specifically limited the scope of discovery to which Honeywell was now entitled.

Honeywell, however, did not object to Judge Farnan's Memorandum Order. Honeywell also did not seek any modification of that Memorandum Order to expand the scope of the discovery being permitted or to otherwise alter any of the dates in the Court's Scheduling Order No. 2 (as amended).

---

[1] In fact, during the hearing on June 23, 2008, the binding effect of Scheduling Order No. 2 on InnoLux was given as a reason for rejecting Honeywell's arguments asserting waiver of InnoLux's personal jurisdiction defenses. *See*, *e.g.*, Transcript of Teleconference of June 23, 2008 at p. 41, lines 2-6; p. 54, lines 5-13.

DuaneMorris

Honorable Vincent J. Poppiti
August 27, 2008
Page 3

 

 Honeywell had ample opportunity to take discovery from InnoLux between August 25, 2006 and January 31, 2008. By its own volition, however, Honeywell did absolutely nothing. Honeywell also had ample opportunity to ask the Court to further amend Scheduling Order No. 2 to prolong the period for fact discovery beyond the January 31, 2008 cut-off date. Again, by its own volition, Honeywell did absolutely nothing. Finally, Honeywell had ample opportunity to ask the Court to modify the Memorandum Order dated April 18, 2008 to permit additional fact discovery or to otherwise amend Scheduling Order No. 2. Once again, by its own volition, Honeywell did absolutely nothing.

 Only now, long after the cut-off date, does Honeywell seek to re-open the period for fact discovery. This is plainly just another attempt by Honeywell to delay a prompt resolution of this matter. [REDACTED] Based on Honeywell's proposal, there is simply no end in sight for this matter.

 InnoLux did nothing to prevent or inhibit Honeywell from seeking fact discovery during the time period set in Scheduling Order No. 2 (as amended). InnoLux never refused to provide discovery to Honeywell during the relevant time period. Similarly, InnoLux did not ask the Court to excuse it from participating in discovery, nor did the Court issue any order that precluded Honeywell from propounding any discovery that Honeywell thought necessary. Honeywell, for its own reasons, simply chose not to seek discovery from InnoLux during the appropriate time period. This inaction, however, should not now give Honeywell a "do over" to fix any mistakes it may have made. Honeywell should be held to the consequences of its own affirmative acts. No additional time should therefore be allotted for Honeywell to seek further fact discovery from InnoLux.

 In addition, re-opening fact discovery at this time would be highly prejudicial to InnoLux and to many of the other defendants in this case. [REDACTED]

 With respect to the other Manufacturer Defendants, it would be highly prejudicial to at least the [REDACTED] defendants to allow Honeywell to re-open fact discovery against InnoLux. [REDACTED]

DuaneMorris

Honorable Vincent J. Poppiti
August 27, 2008
Page 4

     With respect to the Customer Defendants, pursuant to the Report and Recommendations Regarding DM 1 (D.I. 1144), the time for Honeywell to identify accused products has now passed. It would therefore be highly prejudicial to the Customer Defendants seeking dismissal if Honeywell were now allowed to uncover additional InnoLux products that it alleges might infringe the '371 patent.

     Finally, the undersigned certifies that counsel for InnoLux and counsel for Honeywell met and conferred by telephone on this issue on August 5, 2008 as well as August 25, 2008.

     Very truly yours,

     /s/ Aimee Czachorowski
     Aimee Czachorowski (Del. I.D. No. 4670)

AMC/jrt
cc:    Counsel of Record (via e-mail)