

Potter
Anderson
& Corroon LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

**Philip A. Rovner**
Partner
provner@potteranderson.com
(302) 984-6140    Direct Phone
(302) 658-1192    Fax

September 11, 2008

**BY E-FILE, HAND DELIVERY AND E-MAIL**

The Honorable Vincent J. Poppiti
Blank Rome LLP
Chase Manhattan Centre
1201 Market Street, Suite 800
Wilmington, DE 19801

    Re:    Honeywell Int'l Inc., et al. v. Apple Computer, Inc., et al.
           D. Del., C.A. Nos. 04-1338-JJF
           Honeywell Int'l Inc. et al v. Audiovox Corporation, et al.,
           D. Del., C.A. No. 04-1337-JJF
           Optrex America Inc. v. Honeywell Int'l Inc., et al.
           D. Del., C.A. No. 04-1536-JJF

Dear Judge Poppiti:

    I write on behalf of the Manufacturer Defendants FUJIFILM, Optrex, Samsung SDI, and Innolux. Honeywell and the Manufacturer Defendants exchanged draft schedules and met and conferred on the scheduling issues together with the Customer Defendants on September 10, 2008. The parties' scheduling proposals are set forth in a joint chart that Honeywell has submitted to Your Honor today.

    On September 4, Your Honor ordered the parties to devise schedules designed to take this case to trial on all issues involving the Manufacturer Defendants in July 2009. Given the advanced stage of this case, the Manufacturer Defendants believe that a trial in July 2009 is reasonable and have proposed a schedule designed to achieve that trial date. Honeywell, on the other hand, has proposed a schedule that appears to be designed to delay trial indefinitely.

    At the outset, Honeywell's schedule is conditioned on an initial Markman decision from Judge Farnan no later than September 29, 2008, i.e., within the next two and a half weeks. Therefore, Honeywell's schedule is so fragile as to be calculated to fail. The rest of Honeywell's schedule avoids and unnecessarily rejects any overlap between the various activities leading up to trial, contributing to its fragility. Although optimally there would be no overlap between

activities leading up to trial, the Manufacturer Defendants are prepared to do what is necessary to maintain the July 2009 date. The framework proposed by Honeywell errs in two fundamental ways.[1]

First, Honeywell's schedule is erroneously based on the assumption the Manufacturer Defendants will stipulate to certain matters so that Honeywell will not need to take commercial success discovery from the Customer Defendants. Specifically, Honeywell proposes that the Manufacturer Defendants either (1) stipulate to the admissibility of Honeywell's licenses to the '371 patent or (2) stipulate that the commercial success of the accused products is due at least in part to the '371 patent technology. The Manufacturer Defendants are unwilling to enter into either of these stipulations. Honeywell's licenses do not tend to prove nonobviousness at least because they were entered into either during litigation or as a result of a threat of litigation. *See Iron Grip Barbell Co. v. USA Sports, Inc.*, 392 F.3d 1317, 1324 (Fed. Cir. 2004) ("[I]t is often 'cheaper to take licenses than to defend infringement suits.'"). Further, all but one license were entered into before the Supreme Court significantly broadened the test for obviousness in a way that particularly impacts validity in this case. *KSR Int'l Co. v. Teleflex Inc.*, 127 S. Ct. 1727 (2007). Finally, Honeywell has not and, it is submitted, cannot demonstrate that there is any nexus between the alleged invention in the '371 patent and the commercial success of the accused products of the Customer Defendants. *See Ormco Corp. v. Align Tech., Inc.*, 463 F.3d 1299, 1312 (Fed. Cir. 2006) (noting that use of elements already in the prior art cannot form the basis for commercial success of the patented invention).

Without such stipulations, Honeywell maintains that it is entitled to extensive discovery about the commercial success of the Customer Defendants' products and that such discovery will inevitably delay the July 2009 trial date. Specifically, Honeywell seeks at least sales and marketing information from each of the Customer Defendants and potentially depositions to authenticate that information. Honeywell's proposal does not address the timing for commercial success discovery, but Honeywell has stated that it would have to add time into its schedule if commercial success discovery were allowed. Therefore, under Honeywell's proposal, the grant of Honeywell's motion to compel commercial success discovery will delay the trial date well beyond July 2009. In contrast, if Honeywell obtains leave to seek that discovery, the Manufacturer Defendants propose conducting commercial success discovery in parallel with any supplemental Markman briefing and within a fixed forty-five day time frame. Due to the

---

[1] The Manufacturer Defendants and Honeywell have presented their schedules differently. The Manufacturer Defendants present their expert and dispositive motion deadlines relative to the date the Final Markman Decision issues and/or when commercial success discovery is completed, whereas Honeywell has proposed firm dates. If Judge Farnan does not issue the initial Markman ruling by September 29, Honeywell's entire schedule would need to be reworked, whereas the Manufacturer Defendants' schedule can adapt to a much wider range of issue dates for the Markman ruling. Notwithstanding, the time intervals between the events on the parties' schedules are quite similar with the few exceptions noted herein. Other differences in details are self evident and can be explored at the September 12 conference.

The Honorable Vincent J. Poppiti
September 11, 2008
Page 3

importance of resolving the issue of commercial success discovery as quickly as possible, the Manufacturer Defendants' proposal sets the hearing on that issue on October 2, 2008.

Second, Honeywell insists that it will not engage in any pre-trial activities, including motions *in limine* and the preparation of a pre-trial order, until Judge Farnan issues final summary judgment rulings. The Manufacturer Defendants see no need for this sequential scheduling, and their schedule, by mixing fixed dated and contingent deadlines, will permit overlapping deadlines in order to protect the July 2009 trial date. Specifically, the Manufacturer Defendants' proposal allows overlap between the dispositive motions briefing period and motions in limine/pretrial periods if necessary. Again, Honeywell's proposal holds this case's progress hostage to indeterminate time periods.

The Manufacturer Defendants' proposed schedule is calculated to get this case to trial in July 2009. Therefore, the Manufacturer Defendants respectfully request that their schedule be recommended to Judge Farnan.

            Respectfully,

            /s/ Philip A. Rovner

            Philip A. Rovner
            provner@potteranderson.com

PAR/mes/882255
cc: All Counsel of Record – by CM-ECF