# TAB 1

### CHART AMENDING DECEMBER 6, 2007 SCHEDULING ORDER (D.I. 937)

| CITIZEN'S MOTION FOR SUMMARY JUDGMENT | | | |
|---|---|---|---|
| Event | Citizen's Proposal | Remaining Manufacturer Defendants | Honeywell's Proposal |
| Honeywell's Legal Brief | Citizen does not believe oral or further written argument is necessary, unless the Special Master, following a review of the filed papers, deems such argument would be helpful or is necessary to expedite a decision on Citizen's motion. | N/A | 30 days from Special Master's Determination that there is are materially-disputed facts based on the parties' submissions to date, consistent with Judge Farnan's Standing Order |
| Oral Argument and Ruling on Citizen's Motion | To be determined by Special Master | N/A | To be determined by Special Master |

| PROPOSED SCHEDULE FOR TRIAL OF THE MANUFACTURER DEFENDANTS | | |
|---|---|---|
| Open Discovery Issues | | |
| Event | Manufacturer Defendants' Proposal | Honeywell's Proposal[1] |
| Hearing on Honeywell's pending motion for discovery regarding commercial success from Customer Defendants | To be determined by Special Master | Honeywell agrees |
| Ruling on Samsung SDI's pending motion to compel discovery previously withheld by Honeywell as common | To be determined by Special Master | Honeywell agrees |

---

[1] Judge Jordan entered a Scheduling Order on March 28, 2006 ("Original Order"), addressing several issues not related to the reconfiguration or schedule set forth herein. This reconfiguration proposal is not intended to modify or alter the Original Order to the extent issues addressed in the Original Order are not covered in this submission.

| | | |
|---|---|---|
| interest privileged (D.I. 920) | | |
| If discovery on commercial success from customer defendants is permitted, Defendants demand from Honeywell:<br><br>a) Hearing or determination on FUJIFILM's pending motion to compel Honeywell's production of its teardown information on modules it found to infringe but omitted from the chart produced in response to Magistrate Judge Thynge's May 17, 2007 oral order (D.I. 848; 851);<br><br>b) Production of teardown information identifying modules Honeywell dismantled but found not to infringe '371 patent;<br><br>c) Deposition testimony from Honeywell regarding same. | a) 5 days after the Special Master rules on Honeywell's motion for discovery regarding commercial success, with production 5 days after the Special Master rules on the FUJIFILM motion<br><br>b) 14 days after Special Master rules on Honeywell's motion for discovery on commercial success;<br><br>c) One month after Honeywell produces teardown information on modules it found do not infringe '371 patent. | To be determined by Special Master<br><br>In this instance, Honeywell proposes a meet-and-confer with Customer Defendants and Manufacturer Defendants to discuss a schedule for completion of discovery relevant to commercial success, in an efficient manner. |
| Honeywell to produce all communications with customer defendants regarding accused products, to the extent not already done. | October 15, 2008 | Honeywell agrees, but notes Defendants' refusals to provide their communications with customers (see below). |
| Parties to exchange all communications with customer defendants regarding accused products | Manufacturer Defendants disagree | October 15, 2008 |
| Completion of commercial success discovery, if granted | November 14, 2008 | To be determined by Special Master<br><br>In this instance, Honeywell proposes a meet-and-confer with Customer Defendants and |

|  |  | Manufacturer Defendants to discuss a schedule for completion of discovery relevant to commercial success, in an efficient manner. |
|---|---|---|
| Parties to Supplement interrogatories responses, responses to requests for admission, and document requests | 14 days after Judge Farnan's Markman Ruling | Honeywell agrees except with regard to those ultimate opinions which are the subject of the pending expert reports. |

| Expert Discovery | | |
|---|---|---|
| **Event** | **Manufacturer Defendants' Proposal** | **Honeywell's Proposal[2]** |
| Parties to report to each other whether they will supplement their expert reports on invalidity and unenforceability. | Defendants agree. | 10 days after the latter of the final Markman Ruling or completion of discovery related to commercial success |
| Service of expert reports | Expert Reports on issues where each party has the burden 40 days after the latter of the final Markman Ruling or completion of discovery related to commercial success<br><br>Service of expert reports in response to opening reports 30 days after service of opening reports | Defendants' Supplemental Expert Reports on Invalidity and/or Unenforceability (limited to Markman Ruling and any commercial success discovery) 40 days after the latter of the final Markman Ruling or completion of discovery related to commercial success[3]<br><br>Honeywell's Responsive Supplemental Expert Reports on Invalidity and/or Unenforceability 30 days after the respective opening report<br><br>Honeywell's Expert Reports Regarding Infringement and Damages 30 days after Honeywell's Responsive Supplemental Expert Reports on Invalidity and/or Unenforceability<br><br>Defendants' Responsive Expert Reports Regarding Infringement and Damages 30 days after Honeywell's Expert Reports Regarding Infringement and Damages |

---

[2] To the extent discovery issues will be resolved in a manner that requires additional time to collect information, this schedule may need to be further modified.

[3] Currently, the schedule provides for only issues of invalidity and unenforceability in a first trial, and Honeywell contends that Judge Farnan has Ordered that reconfiguration is warranted. Should the court reconfigure the case to have a first trial on all issues with one or more defendants, these deadlines would apply to all issues.

| Conclusion of Expert Discovery | 21 days after responsive expert reports<br>• Invalidity depositions limited to new opinions relating to Markman Ruling and commercial success discovery, and limited to 7.5 hours per expert; and<br>• Infringement and damages expert depositions limited to one day, 7.5 hours, per expert, per party | 60 days after Defendants' Responsive Expert Reports Regarding Infringement and Damages<br>• Invalidity depositions limited to new opinions relating to Markman Ruling and commercial success discovery, and limited to 3.5 hours per expert; and<br>• Infringement and damages expert depositions limited to 7.5 hours, |
|---|---|---|

| DISPOSITIVE MOTIONS ||
|---|---|
| **Event** | **Agreed Schedule** |
| Opening Briefs for Case Dispositive Motions<br><br>The party filing the brief must also file a certification that no genuine issues of material fact exist with regard to the facts argued in support of the motion | 21 days after the close of expert discovery |
| The party opposing the motion may file a Counter-Statement certifying that genuine issues of material fact exist and setting forth the material facts that the party contends are disputed. The counter-Statement shall be filed in lieu of an Answering brief | 21 days after filing opening briefs |
| The movant may file a response to the Counter-Statement | 17 days after filing counterstatement |
| The Special Master will determine whether factual disputes exist that would prohibit summary judgment. | Manufacturer Defendants propose 14 days after filing response to counter statement (if any)<br><br>Honeywell proposes that the date is to be determined by Special Master |
| If the Special Master decides that there are no factual disputes, then the parties shall file Responses to Case Dispositive motions | 21 days after Special Master decides there are no material factual disputes |
| Replies to Case Dispositive motions | 17 days after Responses are filed |
| Hearings on Case Dispositive motions | To be determined by Special Master |

| Rulings on Case Dispositive Motions | To be determined by Special Master |
|---|---|
| Exceptions to Rulings on Case Dispositive Motions | 14 days after the Rulings on the Dispositive Motions (including a determination that factual disputes exist) |
| Replies to Exceptions to Rulings on Case Dispositive motions | 7 days after the Exceptions to Rulings |

| Motions in Limine and Trial-Readiness | | |
|---|---|---|
| **Event** | **Manufacturer Defendants' Proposal[4]** | **Honeywell's Proposal** |
| Parties exchange Preliminary Versions of their parts of the Pretrial Order | 21 days after final rulings on Case Dispositive Motions | Honeywell agrees |
| Parties exchange objections and supplementation to Preliminary Version of the Pretrial Orders | 7 days after final rulings on Case Dispositive Motions | Honeywell agrees |
| Parties meet and confer regarding Pretrial Order issues | 7 days after exchange of objections and supplementation to Preliminary Version of Pretrial Orders | Honeywell agrees |

---

[4] It is Optrex's understanding that this case is no longer consolidated.

| | | |
|---|---|---|
| Status Conference regarding remaining schedule | To be determined by Judge Farnan | Status Conference regarding remaining schedule for Motions in Limine, *Daubert* motions, and final pretrial conference for first trial on all issues against Optrex and Samsung SDI (and Citizen) to be determined by Judge Farnan<br><br>Status Conference regarding remaining schedule for Motions in Limine, *Daubert* motions, and final pretrial conference for first trial on all issues against Fuji (and InnoLux) to be determined by Judge Farnan |
| Motions in limine/*Daubert* Motions[5] | 14 days after relevant Status Conference | Honeywell agrees |
| Responses to Motions in limine/*Daubert* Motions | 21 days after relevant Status Conference | Honeywell agrees |
| Hearings on Motions in limine/*Daubert* Motions | To be determined by Special Master | Honeywell tentatively agrees to this timeframe, but notes Hearings and Rulings are subject to Judge Farnan's Order vesting the Special Master with authority through and including Summary judgment. |

---

[5]  Judge Jordan's original directive that if "more than one party is supporting or opposing an in limine request, such support or opposition shall be combined in a single five (5) page submission. However, if a party does not believe that its position is being adequately represented by the combined submission, the party may seek leave from the Court to increase the page limitations for the combined submission." Original Order at ¶ 16.

| | | | |
|---|---|---|---|
| Rulings on Motions in limine/*Daubert* Motions | Provided on a rolling basis | | Honeywell tentatively agrees to this timeframe, but notes Hearings and Rulings are subject to Judge Farnan's Order vesting the Special Master with authority through and including Summary judgment. |
| Exceptions to Rulings on Motions in limine/*Daubert* Motions | On a rolling basis, no later than 5 days after Ruling | | Honeywell tentatively agrees to this timeframe, but notes Hearings and Rulings are subject to Judge Farnan's Order vesting the Special Master with authority through and including Summary judgment. |
| Responses to Exceptions to Rulings on Motions in limine/*Daubert* Motions | On a rolling basis, no later than 3 days after Exception | | Honeywell tentatively agrees to this timeframe, but notes Hearings and Rulings are subject to Judge Farnan's Order vesting the Special Master with authority through and including Summary judgment. |

| **Pretrial Conference** | | | |
|---|---|---|---|
| **Event** | **Samsung SDI, Fuji, and Citizen proposal** | **Optrex's and InnoLux's Proposal (where different)** | **Honeywell's Proposal** |
| Honeywell provides its parts of the Pretrial Order | 56 days after final rulings on Case Dispositive Motions | | Honeywell agrees |
| Defendants provide their parts of the Pretrial Order | 18 days after Honeywell's parts of the Pretrial Order | | Honeywell agrees |
| Final Pretrial Order | 16 days after service of | | Honeywell agrees |

- 8 -

| | | | |
|---|---|---|---|
| | Defendants parts of the Pretrial Order | | |
| Pretrial Conference | 7 days after filing of Pretrial Order | | Honeywell agrees |
| Defendants' Proposed Trial against all Manufacturer Defendants only on common issues of Invalidity and Unenforceability | To be determined (5 days) | N/A | This proposal is not a "procedural restructuring of the case" per Judge Farnan's Oral Order of August 1, 2008. |
| Defendants' Proposed Trial on all issues proceeding separately against each Manufacturer Defendant, commencing first against Optrex America, Inc. | If a trial on all issues is ordered, the Manufacturer Defendants agree that a separate trial for each Defendant family should be ordered[6] | To be determined (6 days for Optrex Trial - 3 days for each Honeywell and defendant family.) | Honeywell proposes a first joint trial on all issues against Optrex America, Inc., and the Samsung SDI family, and Citizen.<br><br>Honeywell proposes 6 days for its case-in-chief against Samsung SDI and Optrex, with each defendant receiving 3 days for its defense.<br><br>Honeywell proposes a |

---

[6] Should the Court agree with Honeywell and have a trial with Optrex America Inc. and the Samsung SDI family together, and considering the expected foreign speaking witnesses who will require interpreters and the variety of accused products, Optrex would need more time than Honeywell has provided, at least one additional day. The Samsung SDI family would need 5 days to present its defenses. Similarly, in the case of the Fuji defendants, Fuji would require 5 days to present its defenses. The Manufacturing Defendants also note that Citizen has been given no time to present its defenses under Honeywell's proposal. Finally, the Manufacturing Defendants object to Honeywell apparently having unlimited time for rebuttal under its proposal.

|   |   |   | second trial against the Fuji defendants and InnoLux (to the extent the case against InnoLux is ready to go to trial).<br><br>Honeywell proposes 6 days for its case-in-chief against Fuji and InnoLux, with each defendant receiving 3 days for its defense. |
|---|---|---|---|

| InnoLux | | |
|---|---|---|
| **Event** | **InnoLux's Proposal** | **Honeywell's Proposal** |
| Deadline for Honeywell to conclude jurisdictional discovery of InnoLux | InnoLux agrees to September 30, 2008 as the deadline for Honeywell to complete jurisdictional discovery of InnoLux. | Honeywell is preparing a motion to compel with regard to InnoLux. Honeywell objects to setting a schedule prior to resolution of that motion, but agrees assuming full cooperation from InnoLux that discovery can be completed by September 30, 2008 |
| InnoLux to renew Motion to Dismiss for Lack of Personal Jurisdiction | October 1, 2008 | Depends upon the full cooperation of InnoLux in conducting jurisdictional discovery. |
| Honeywell's Opposition to InnoLux's renewed Motion to Dismiss | October 15, 2008 | Depends upon the full cooperation of InnoLux in conducting jurisdictional discovery. |
| InnoLux's Reply on its Motion to Dismiss for Lack of Personal Jurisdiction | October 22, 2008 | Depends upon the full cooperation of InnoLux in conducting jurisdictional discovery. |

| Hearing on InnoLux's renewed Motion to Dismiss for Lack of Personal Jurisdiction | October 23, 2008 (consistent with other motions to dismiss) | Depends upon the full cooperation of InnoLux in conducting jurisdictional discovery. |
|---|---|---|
| Substantive Fact and Expert Discovery Completed Between Honeywell and InnoLux | No additional fact discovery is permitted under the Court's Scheduling Orders. Infringement and Damages Expert Discovery to be completed in accordance with InnoLux's proposals above. | 6 months from date of Claim Construction Ruling |
| Dispositive Briefing and Trial | Dispositive Briefing and individual Trial, and all related pre-trial and trial readiness proceedings, in accordance with InnoLux's proposals above. Note: Fuji opposes a combined trial with InnoLux. InnoLux similarly opposes a combined trial with Fuji. | As soon as practicable after the close of discovery, with consideration for combining InnoLux with Fuji for trial. |

| Customer Defendants | | |
|---|---|---|
| Event | Manufacturing Defendants' Proposal | Honeywell's Proposal |
| "Affected" Defendants Discovery Schedule | | Please see Honeywell's separate submission regarding informal process for discovery. |
| Non-"Affected" Defendants Trial Schedule | The Manufacturer Defendants disagree | Currently Stayed.<br><br>Your Honor's Order seeks a submission from Customer defendants, but Honeywell has not completed the meet-and-confer process with them. Honeywell suggests that given their stayed status, such defendants should be required to participate in mediation before the Magistrate Judge within 30 days of the close of the first trial against |

- 11 -

| | | |
|---|---|---|
| | | manufacturer-defendants (regardless of which defendants participate), with a joint discovery and case schedule proposal to be submitted immediately thereafter<br><br>Earlier today, during the teleconference regarding the informal method for establishing the information necessary to agree to dismissal (or summary judgment) of the customer defendants, Your Honor noted that there is an open issue of whether or not the stay should be lifted with respect to the customer defendants.  Honeywell believes given the status of the manufacturer defendants and the manner in which the case has developed, that it is prudent to go forward with a trial against the manufacturers, but *only on the assumption* that they will fully stand in for the infringement of their customers.  To the extent the manufacturer defendants intend to rely on Section 271 or territorial defenses, or otherwise preclude their full liability for their customers' direct infringement (*e.g.*, under an inducement theory and the recent *DSU* case), it does not make sense to proceed against the manufacturers as is currently envisioned in the accompanying proposal.  Instead, the manufacturers' refusal to fully stand in for their customers' direct infringement should inform Your Honor's consideration of the reconfiguration.  Honeywell raised this issue with the manufacturing defendants and Judge Jordan initially, and again with Judge Thynge in January of 2007—both times without resolution.  Honeywell believes the time is ripe to confirm the manufacturer-defendants' positions on these issues in order to establish a clear record and avoid wasteful proceedings. |

2466258

- 12 -

# TAB 2

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

(302) 658-9200
(302) 658-3989 FAX

THOMAS C. GRIMM
(302) 351-9585
(302) 425-4661 FAX
tgrimm@mnat.com

**PUBLIC VERSION**

August 27, 2008

Confidential Version Filed: August 27, 2008
Public Version Filed: September 11, 2008

**BY E-FILING, E-MAIL**
**& HAND DELIVERY**

**DM 2**

The Honorable Vincent J. Poppiti
Blank Rome LLP
1201 N. Market Street, Suite 800
Wilmington, DE 19801

      Re:    *Honeywell International Inc., et al. v. Apple Computer, Inc., et al.*
             C.A. No. 04-1338-JJF (Consolidated)

Dear Judge Poppiti:

      Honeywell provides this appendix in response to your letter of August 18, 2008, regarding the configuration of the case and a proposed schedule. We are mindful of Judge Farnan's oral Order of August 1, 2008, that "a procedural restructuring of this case is warranted." Consequently, we submit the following defendant-specific thoughts as to the proposed reconfiguration and the most efficient methods by which this matter can most efficiently and fairly be prepared for trial and eventual resolution.

      As defendant Optrex has appropriately observed in its original submission, "separating the issue of validity from damages and infringement will cause the juries in each trial to have an incomplete picture" of the case. That has been Honeywell's view since the earliest days of this case, and any restructuring of the case should be based on the concept of a conventional trial on all issues. Therefore, Honeywell's proposal adopts and implements Judge Farnan's oral Order for reconfiguration in the form of a conventional trial on all issues. The remaining questions—which defendants will participate in such a trial and when—revolve largely around the similarities and differences amongst the defendants' various defenses. In an effort to fulfill

The Honorable Vincent J. Poppiti
August 27, 2008
Page 2

Judge Farnan's Order for reconfiguration, and based on those similarities and differences, Honeywell believes it will be most efficient to have a trial first on all issues against Samsung SDI and Optrex (and Citizen), with a second trial against Fuji (and possibly InnoLux).[1]

### I. Submissions to Judge Farnan and the Changing Landscape of the Case

Honeywell's May 16, 2008 brief to Judge Farnan suggested reconfiguration as the most efficient and fair disposition of this case in light of the changed circumstances since the original Scheduling Order was entered by Judge Jordan in March 2006. In large part, Honeywell's submission discussed the differences to the landscape of this litigation between 2006 and 2008, which justify reconfiguring the case to ensure that Honeywell is situated as the plaintiff in this action.

Pertinent to Your Honor's consideration of the reconfiguration issue are the assumptions underlying Judge Jordan's March 2006 Scheduling Order. First, Judge Jordan accepted the manufacturers' representations that the infringement and damages issues would not be "common" among them and that proceeding to a normal infringement trial against all of them would be cumbersome, if not unworkable. Second, the manufacturers alleged that they would not be able to coordinate an infringement defense amongst themselves, given their differing products and infringement defenses, whereas they would be able to coordinate an invalidity defense. Finally, Judge Jordan assumed that any eventual trial would consist of 18 defendant groups and "platoons" of lawyers. The circumstances giving rise to these assumptions, however, have changed or not come to pass at all. Importantly, this litigation is down to four active manufacturer-defendants, Samsung SDI, Optrex, Fuji, and Citizen.[2] The rest have all taken a license to Honeywell's patent.

REDACTED

discovery shows the overlapping factual issues common to validity, Finally, expert REDACTED which warrant a trial on all issues instead of the originally-envisioned piecemeal validity phase.

---

[1] At a very least, Judge Farnan's Order implicitly requires a trial on all issues, a notion that Honeywell fully embraces. The proposal that Samsung SDI and Optrex jointly participate in the first trial is simply an efficient way to go about implementing an "all-issues" trial.

[2] InnoLux currently disputes that it is subject to the jurisdiction of the United States District Court, District of Delaware.

The Honorable Vincent J. Poppiti
August 27, 2008
Page 3

## II. The Technology, its Commonalities, and Variations (or Lack Thereof) Amongst the Manufacturer Defendants.

With respect to the common issues of infringement, Honeywell notes that the sole asserted claim of the '371 patent requires an LCD module with an LCD panel, a light source, and two lens arrays, at least one of which is slightly misaligned.   REDACTED
REDACTED



REDACTED




REDACTED   It is even more telling from the defendants' letter briefs filed on May 30, 2008, that they focus on differences with respect to the Fuji Defendants' products. No defendant has ever asserted that their modules differ from each other in any material way with the exception of Fuji. Nor could they because the other remaining defendants—especially Samsung SDI and Optrex—utilize substantially similar structures. Indeed, the primary variation (perhaps the only material difference) between and among Samsung SDI and Optrex products is   REDACTED
REDACTED

The Honorable Vincent J. Poppiti
August 27, 2008
Page 4

REDACTED

It would be more efficient to have the same jury evaluate these common configurations together rather than empanelling a whole new jury to re-present the common evidence all over again. It would therefore be most efficient to proceed with a joint trial against joint defendants with such highly similar product structures, namely Samsung SDI and Optrex. Any concerns about confusion could be easily addressed by a special verdict form directed to each defendant.

### III. Coordination and Overlapping Factual Cases

In addition to the common technological features of their products, Optrex and Samsung SDI have coordinated in their discovery efforts to date in a manner that would facilitate a joint trial against more than one defendant at a time. For example, Optrex and Samsung SDI jointly participated in taking third-party discovery (taking turns with various deponents, and jointly attending such depositions, communicating amongst themselves, and so on). To the extent such third-party evidence is presented at trial, these defendants can use their combined experience to present these witnesses once, instead of re-calling the witnesses for each and every defendant.

In addition, Optrex and Samsung SDI coordinated with respect to the discovery they took of Honeywell. They jointly attended Honeywell's depositions and coordinated in the witnesses' examination. Like the third-party witnesses, to the extent the defendants wish to examine Honeywell's witnesses at trial, it makes sense that they do so once.

Likewise, Optrex and Samsung SDI use the same expert, who submitted joint expert reports upon which they both rely.

Defendants' letters allude to certain issues that may turn on different facts for different defendants, such as product structures and laches.[3] The defendants give the jurors less credit than they deserve. The jury will be able to understand that Samsung SDI's witnesses will be speaking on behalf of Samsung SDI, Optrex's witnesses on behalf of Optrex, and so on. It is not likely that the jury will confuse Optrex's first date of manufacture with Samsung SDI's. Again, these concerns can be addressed via an appropriate special verdict form. Ultimately, the default presumption is appropriate here: the jury should be trusted to understand the Court's instructions to the extent individualized issues do arise.

---

[3] REDACTED

The Honorable Vincent J. Poppiti
August 27, 2008
Page 5

### IV. Preparing the Case Against the Manufacturers for Trial

Samsung SDI and Fuji—but not Optrex—are concerned about the additional effort associated with submission of expert reports on infringement and damages. Such discovery will be minimal. Moreover, this minimal burden is outweighed by the need for the jury to consider all related issues. If anything, the separate Optrex submission of May 30, 2008, demonstrates some level of recognition within the defendants' ranks that it makes sense to go to trial with all issues teed up, rather than further balkanizing the case.

Therefore, Honeywell proposes the following:

- A joint trial on all issues first against Optrex and Samsung SDI. Their products are similar, their defenses generally similar (except for laches), and they have demonstrated an ability to coordinate their defense. Citizen could be joined with this trial depending on the outcome of its currently-pending motion for summary judgment. Fact discovery on infringement, validity, and damages has already been completed. Expert discovery on validity has been completed except for any modification/supplementation necessitated by Judge Farnan's forthcoming Claim Construction ruling. All that remains to be done is expert discovery on infringement and damages, which as set forth in the accompanying scheduling chart, can be accomplished in relatively short order after Judge Farnan issues the Claim Construction ruling.

- A separate trial on all issues against Fuji following completion of the first trial, based on its allegedly different product structures. Like the previously-described defendants (Samsung SDI, Optrex, and Citizen), fact discovery is complete and expert discovery is partially complete.[4]

- InnoLux currently disputes whether Honeywell is entitled to take substantive (nonjurisdictional) discovery, and the parties are in the process of negotiating this issue. To the extent Honeywell obtains fact discovery, the case against InnoLux could be trial ready in approximately six months. At that point, it could be set to go to trial with Fuji (as described above), or set on a schedule Your Honor deems appropriate.

To this end, Honeywell's accompanying proposed Scheduling Order is submitted per Your Honor's request of August 18, 2008. Honeywell has engaged in the meet-and-confer

---

[4] Fuji has already submitted a non-infringement report although the current schedule contains no reference to such submissions. In addition as reflected in the accompanying schedule, expert discovery for Fuji would be tracked along with the expert discovery for Optrex and Samsung SDI, so there need be no material delay between the end of the first trial and beginning of the second.

The Honorable Vincent J. Poppiti
August 27, 2008
Page 6

process with the various defendants, but the parties could not come to agreement on a joint submission. However, those areas where the defendants agree with Honeywell are so noted.

### V. Preparing the Case Against the Customer Defendants for Trial

Earlier today, during the teleconference regarding the informal method for establishing the information necessary to agree to dismissal (or summary judgment) of the customer defendants, Your Honor noted that there is an open issue of whether or not the stay should be lifted with respect to the customer defendants. Honeywell believes given the status of the manufacturer defendants and the manner in which the case has developed, that it is prudent to go forward with a trial against the manufacturers, but *only on the assumption* that they will fully stand in for the infringement of their customers. To the extent the manufacturer defendants intend to rely on Section 271 or territorial defenses, or otherwise preclude their full liability for their customers' direct infringement (*e.g.*, under an inducement theory and the recent *DSU* case), it does not make sense to proceed against the manufacturers as is currently envisioned in the accompanying proposal.[5] Instead, the manufacturers' refusal to fully stand in for their customers' direct infringement should inform Your Honor's consideration of the reconfiguration. Honeywell raised this issue with the manufacturing defendants and Judge Jordan initially, and again with Judge Thynge in January of 2007—both times without resolution. Honeywell believes the time is ripe to confirm the manufacturer defendants' positions on these issues in order to establish a clear record and avoid wasteful proceedings.

Respectfully,

*/s/ Thomas C. Grimm*

Thomas C. Grimm (#1098)

Enclosures
cc:   Dr. Peter T. Dalleo, Clerk (by hand, w/encls.)
      All Counsel of Record (by e-filing and/or e-mail, w/encls.)

2466184

---

[5]   An example of this situation is the currently-pending motion by Citizen.