## Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Thomas C. Grimm
302 351 9595
302 425 4661 Fax
tgrimm@mnat.com

September 11, 2008

**BY E-FILING, E-MAIL
& HAND DELIVERY**                                                                **DM 2**

The Honorable Vincent J. Poppiti
Blank Rome LLP
1201 N. Market Street, Suite 800
Wilmington, DE  19801

       Re:   *Honeywell International Inc., et al. v. Apple Computer, Inc., et al.*
             C.A. No. 04-1338-JJF (Consolidated)

Dear Special Master Poppiti:

       In preparation for tomorrow's scheduling teleconference, Honeywell provides the attached Joint Scheduling Proposal. While the meet and confer conducted by the parties this week identified certain points of agreement, there are fundamental differences regarding how issues will be addressed and their relationship to other parts of the schedule. Accordingly, Honeywell offers this letter to identify the primary points of disagreement and explain why Honeywell's position better serves the three criteria that Your Honor identified at the hearing last week. A chart summarizing the parties' respective proposals is attached as Exhibit A.

       First, it bears emphasizing the points of agreement. All sides agree that a trial for July 2009 during the dates provided by Your Honor is workable, and should be adopted, consistent with Judge Farnan's schedule. Both sides have endeavored to take that date and work backwards to ensure enough time to accomplish the numerous tasks at hand.

       In addition, the parties have agreed that they will need approximately 90 days to exchange opening and responsive expert reports and conduct necessary expert discovery as set forth in Section IV, below. However, the parties have a differing view as to how that effort should be triggered.

       With these points of agreement in mind, Honeywell turns to those areas which will require Your Honor's involvement.

Special Master Vincent J. Poppiti
September 11, 2008
Page 2

### I. Supplemental *Markman* Proceedings.

During the meet and confer, several Customer Defendants raised concerns regarding their ability to make informed decisions in the timeframe envisioned by the Court's original proposal, or either of Honeywell's and the Manufacturer Defendants' proposals. In the course of this conversation, there was some indication that the Customer Defendants may ask the Court to reconsider its ruling that provides the Customer Defendants with an opportunity to comment upon Judge Farnan's "preliminary" claim construction followed by a single and final claim construction ruling. To the extent that the Customer Defendants formally make such a request, Honeywell opposes it. It would be extremely prejudicial to create a framework whereby there is the potential for two separate claim construction rulings in a single case with a trial against some defendants in between. There would be no finality to the first trial against the Manufacturer Defendants insofar as they would have the opportunity to review any supplemental claim construction order and seek a new trial based on that order (to the extent it differs from the original). This would create countless problems for the appellate record; moreover, a supplemental ruling in and of itself would undermine the first ruling and any proceedings stemming therefrom.

To the extent the Customer Defendants are concerned about their ability to evaluate the issues in a timely manner, Honeywell responds as follows:

First, this is an issue of the Customer Defendants' own making, given their request to be stayed and to put their potential liability in the hands of their suppliers. Nothing in Judge Jordan's original Order relieved the Customer Defendants of their obligation to monitor the case, and in fact, it appears that the Manufacturer Defendants and the Customer Defendants may have had some exchanges keeping them informed of this matter. *See* Section III, below. Moreover, Judge Jordan always emphasized that the Customer Defendants would have to stand for trial to the extent their liability is not resolved via their suppliers and there was never any suggestion that the Customer Defendants would be able to reargue prior rulings. Accordingly, it makes eminent sense to provide them the opportunity to be heard prior to a final *Markman* ruling.[1]

Notwithstanding its objection, Honeywell is willing to assist the Customer Defendants in their evaluation of the record. To this end, at the request of the Customer Defendants, Honeywell is currently providing them with copies of Honeywell's claim construction briefs, a transcript of the hearing, expert validity reports and expert deposition transcripts. Certain Customer Defendants have also asked for additional detail regarding

---

[1] Of course, given the Customer Defendants' oft stated comment that they do not understand how the modules are structured, it may be simplest for them to stipulate to Judge Farnan's ruling, as Honeywell originally proposed to Judge Jordan at the original reconfiguration.

Special Master Vincent J. Poppiti
September 11, 2008
Page 3

Honeywell's charge of infringement. Honeywell has agreed to provide them with discovery responses served to date regarding its infringement contentions.

Given all the above, the Customer Defendants will have ample information upon which to make an informed decision regarding Judge Farnan's preliminary claim construction ruling. Honeywell has shortened the time period for the supplemental briefing procedures, but did so in light of its undertaking to immediately provide the Customer Defendants with information regarding those proceedings.[2]

### II. The Dependency of the Schedule upon Completion of Commercial Success Discovery.

As Your Honor is aware, Honeywell has sought discovery from the Customer Defendants in order to provide a complete record regarding the commercial success of products using the technology of the '371 patent. This discovery is necessitated by the Manufacturing Defendants' claim that products using the invention are not commercially successful. The Defendants propose a hearing on Honeywell's pending motion regarding commercial success on October 2, 2008. While this date in and of itself is acceptable to Honeywell, the scheduling chart in its current form largely masks the impact that this discovery could have upon the remainder of the schedule. In this regard, the Manufacturer Defendants' proposal simply states that a schedule for completing commercial success discovery will be "discussed at the October 2 hearing." During the meet and confer, Honeywell sought to engage both the Customer and Manufacturer Defendants in a meaningful discussion as to how this discovery could be completed in advance of the schedule for expert reports. While certain Customer Defendants and the Manufacturer Defendants assured Honeywell that it could be done, no specifics regarding how quickly the requested discovery could be obtained were provided. In short, given the history of the case, Honeywell is concerned about whether the Customer Defendants can timely provide the requested discovery, especially when they will be at the same time evaluating the claim construction record and preliminary ruling.

To this end, Honeywell proposed that the parties consider some stipulation regarding the facts associated with sales of products using the claimed technology, in order to eliminate the need for commercial success discovery. Honeywell understands that any such

---

[2] Customer Defendants have also asked for a "detailed" description of why Honeywell believes that any of the licenses do not inure to their benefit. Honeywell has provided such description as part of the meet and confer proces that has been ongoing since May of this year. Honeywell does not believe that it is appropriate to build in an additional formal burden upon Honeywell within this schedule, when the subject matter is already addressed elsewhere. Customer Defendants also ask for *all* discovery materials produced by Honeywell in the case. This is overbroad and not reasonably tailored to the task at hand, especially given the preference of resolving claim construction based on the intrinsic record alone.

Special Master Vincent J. Poppiti
September 11, 2008
Page 4

stipulation would have to be neutral in language, but would have to fairly address the record that could be established in response to the Manufacturer Defendants' challenge. Alternatively, Honeywell would accept a ruling, as suggested by the Customer Defendants in their original opposition to Honeywell's motion, that the '371 licenses would be admissible at the trial of the Manufacturer Defendants (albeit subject to appropriate cross examination as to their weight). The Manufacturer Defendants outright rejected this proposal, but the Customer Defendants did not offer any comment.

Ultimately, to the extent that the Manufacturer Defendants challenge whether the products using the claimed invention have been commercially successful, it would be prejudicial to deprive Honeywell of the opportunity to supplement the current record to rebut the Manufacturer Defendants' claim. Honeywell believes that a number of procedural vehicles could be adopted to alleviate the burden of formal discovery and the impact that it has upon the schedule. However, to the extent that none of these alternatives are adopted, Honeywell is prepared to go forward with this discovery as expeditiously as the Customer Defendants can respond.

### III.  Discovery Dispute Regarding Manufacturing Defendants' Communications with Customer Defendants.

Honeywell has agreed to produce its communications with the various Customer Defendants arising out of this year's proceedings.[3] However, the Manufacturer Defendants are refusing to do likewise. Apparently, the Manufacturer Defendants have been in communication with the Customer Defendants, although the timeframe and scope of those communications is not clear. Based upon the meet and confer conducted this week, it appears that the Manufacturing Defendants are asserting a common interest or joint defense privilege, although Honeywell has never seen any agreements formalizing such relationship, nor have any of those communications been appropriately logged on a privilege log. Assuming there have been communications between these two classes of Defendants, such communications are potentially relevant to the Customer Defendants' concerns regarding the timing of the supplemental *Markman* proceedings, and are also potentially relevant to the commercial success issue discussed in Section II, above. On the one hand, the *Customer* Defendants have opposed commercial success discovery in part because Honeywell can refer to the extensive licenses; on the other, the *Manufacturer* Defendants are objecting to the relevance of such licenses. Consequently, Honeywell is being subjected to a prejudicial whipsaw in completing the record on a topic integral to the validity analysis. The communications between these two groups of defendants could shed much needed light on determining a fair and consistent means to resolve this issue. Accordingly, Honeywell requests that resolution of this issue be placed upon the same schedule as the other discovery motions as early as possible (October 2). In addition, any discussion between the two classes of

---

[3]  Honeywell has already produced some of this documentation, but, after the Manufacturer Defendants' formal request, believed it would be more efficient to make one global production, rather than piece-meal productions.

Special Master Vincent J. Poppiti
September 11, 2008
Page 5

Defendants reflected in the withheld communications could be highly informative of the most fair way of addressing the remainder of the schedule.

### IV. Triggering of Expert Reports.

As reflected above, the parties have agreed upon approximately a 90-day period for completing the remaining expert phases of the case. The fundamental question is when that period will be triggered as a practical matter. In their earlier submissions to Your Honor, the parties had agreed to trigger these reports off the later of Judge Farnan's final claim construction ruling or the completion of commercial success discovery. As noted above, Honeywell does not have control over how quickly the Customer Defendants will respond to any commercial success discovery, nor does Honeywell have control over whether the Customer Defendants intend to challenge the preliminary claim construction. The dependence of the schedule upon such triggering events is what prompted Honeywell to consider alternative procedures that would moot the need for the commercial success discovery at all, thereby rendering the schedule more definite. Barring that, however, while Honeywell is prepared to work as expeditiously as possible, it feels obliged to note this potential scheduling conflict to the Court.

The parties do disagree on the amount of time slated for supplemental invalidity expert depositions and damages expert depositions. With regard to the supplemental depositions of invalidity experts, the four experts who have submitted reports to date have already undergone 10 hours of deposition each. Insofar as any supplemental validity opinions should be limited to new commercial success material and Judge Farnan's claim construction ruling, it is reasonable to limit any further depositions to four hours each. This would amount to 14 hours of deposition per expert on validity issues, a more than ample amount considering that the parties are agreeing to limit infringement depositions to only four hours. With regard to damages, Defendants have requested seven hours per expert per party. Honeywell has informed the Defendants that it will be offering a report from a single individual who will opine upon general issues as well as party specific issues. It would be wasteful and burdensome to have the single expert be deposed on multiple days to cover the same general issues (*e.g.*, awareness/familiarity of *Georgia Pacific* factors, etc.). Accordingly, Honeywell has proposed that damages expert deposition be limited to 3.5 hours for common topics with each party having four hours to explore party specific issues.

### V. Case Dispositive Motions.

The primary difference between the parties' proposals on this issue is the amount of time reserved for case dispositive motions. Relying upon Judge Farnan's standard procedures, the Manufacturer Defendants proposed an 80+ day period, not including whatever time is necessary for the Special Master to determine whether factual disputes exist and to set hearings and issue substantive rulings. Honeywell is concerned that the tremendous amount of time associated with that motion practice unfairly and unnecessarily impinges upon other portions of the schedule associated with developing a comprehensive record. Accordingly, Honeywell

Special Master Vincent J. Poppiti
September 11, 2008
Page 6

discussed with the Manufacturer Defendants limiting the number of issues and/or modifying the timeline and other procedures. The Defendants did not appear interested in alternatives; therefore, Honeywell did not offer concrete counter proposals at the time, but does so in the joint chart. In the interest of better management of the time available, Honeywell suggests that the time for Judge Farnan's procedure be shortened so that the entire process can be completed over approximately 50 days. This could include a tightening of Judge Farnan's regular schedule, or the use of a different procedure whereby briefs and factual statements are submitted without a separate hearing regarding factual disputes. In addition, given the timeframe, Honeywell believes that a reasonable limitation should be placed upon the number of issues submitted for summary adjudication.

### VI. Motions *In Limine* and Pretrial Activities.

Defendants currently have 54 days allotted to exchanging various versions of the pretrial order and motions *in limine/Daubert* motions. Under the Defendants' schedule, there is overlap between this process and case dispositive motion practice. It is more efficient to complete the case dispositive motion practice before engaging in the pretrial activities, because the results of such motion practice will likely impact the manner in which the parties try the case (*e.g.*, those legal and/or factual issues upon which the Court focuses might take on greater importance in how the parties present their case). Consequently, Honeywell's proposal avoids wasteful or misdirected efforts by building upon the court's decisions rather than having those decisions "interrupt" the pretrial process. This of course necessitates shorter schedules for each of the respective components, but ensures that all parties are working with the same understanding as to the anticipated contours of the case.

\*    \*    \*

We look forward to addressing these scheduling issues with Your Honor at tomorrow's teleconference.

Respectfully;

*/s/ Thomas C. Grimm*

Thomas C. Grimm (#1098)

TCG/
Enclosure

cc:   Dr. Peter T. Dalleo, Clerk (by hand)
      All Counsel of Record (by e-filing and/or e-mail)
      (see attached Certificate of Service)

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 11, 2008, the foregoing was caused to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to all registered participants.

In addition, the undersigned hereby certifies that true and correct copies of the foregoing were caused to be served via electronic mail on September 11, 2008 upon the following parties:

| | |
|---|---|
| SPECIAL MASTER | Vincent J. Poppiti, Esq.<br>**poppiti@blankrome.com** |
| | Elizabeth A. Sloan<br>**sloan@blankrome.com** |
| | Tara L. Laster<br>**laster@blankrome.com** |
| | Mary Levan<br>**levan@blankrome.com** |
| | Carrie David<br>**david-c@blankrome.com** |
| REPRESENTING HONEYWELL INTERNATIONAL INC. AND HONEYWELL INTELLECTUAL PROPERTIES INC.<br><br>(C.A. 04-1337) | Steven J. Balick<br>**sbalick@ashby-geddes.com**<br><br>John G. Day<br>**jday@ashby-geddes.com**<br><br>Lauren E. Maguire<br>**lmaguire@ashby-geddes.com** |
| REPRESENTING AUDIOVOX ELECTRONICS CORPORATION<br><br>(C.A. 04-1337) | William F. Taylor, Jr.<br>**wtaylor@mccarter.com** |
| REPRESENTING AUDIOVOX COMMUNICATIONS CORP.<br><br>(C.A. 04-1337) | Matt Neiderman<br>**mneiderman@duanemorris.com**<br><br>D. Joseph English<br>**djenglish@duanemorris.com** |

- 2 -

| | |
|---|---|
| REPRESENTING NIKON CORPORATION AND NIKON INC. | Richard L. Horwitz<br>**rhorwitz@potteranderson.com** |
| (C.A. 04-1337) | David E. Moore<br>**dmoore@potteranderson.com** |
| | Barry W. Graham<br>**barry.graham@finnegan.com** |
| | Darren M. Jiron<br>**darren.jiron@finnegan.com** |
| REPRESENTING NOKIA CORPORATION AND NOKIA INC. | Thomas L. Halkowski<br>**halkowski@fr.com** |
| (C.A. 04-1337) | William J. Marsden, Jr.<br>**marsden@fr.com** |
| | Lauren A. Degnan<br>**degnan@fr.com** |
| | Andrew R. Kopsidas<br>**kopsidas@fr.com** |
| REPRESENTING SAMSUNG SDI CO., LTD. (THIRD-PARTY DEFENDANT) | Richard L. Horwitz<br>**rhorwitz@potteranderson.com** |
| (C.A. 04-1337) | David E. Moore<br>**dmoore@potteranderson.com** |
| | Alana A. Prills<br>**alanaprills@paulhastings.com** |
| | Carolyn E. Morris<br>**carolynmorris@paulhastings.com** |
| | Elizabeth L. Brann<br>**elizabethbrann@paulhastings.com** |
| | Hamilton Loeb<br>**hamiltonloeb@paulhastings.com** |
| | Stephen S. Korniczky<br>**stephenkorniczky@paulhastings.com** |

| | |
|---|---|
| REPRESENTING SANYO ELECTRIC CO., LTD. AND SANYO NORTH AMERICA<br><br>(C.A. 04-1337) | Richard L. Horwitz<br>**rhorwitz@potteranderson.com**<br><br>David E. Moore<br>**dmoore@potteranderson.com**<br><br>Michael A. Dorfman<br>**Michael.dorfman@kattenlaw.com**<br><br>Timothy J. Vezeau<br>**timothy.vezeau@kattenlaw.com**<br><br>Richard P. Bauer<br>**richard.bauer@kattenlaw.com** |
| REPRESENTING SEIKO EPSON CORPORATION<br><br>(C.A. 04-1337) | Robert J. Katzenstein<br>**rjk@skfdelaware.com**<br><br>Robert J. Benson<br>**rjbenson@hhlaw.com** |
| REPRESENTING APPLE<br><br>(C.A.04-1338) | Thomas L. Halkowski<br>**halkowski@fr.com**<br><br>Kelly C. Hunsaker<br>**hunsaker@fr.com**<br><br>Frank E. Scherkenbach<br>**scherkenbach@fr.com** |
| REPRESENTING ARGUS/HARTFORD<br><br>(C.A.04-1338) | Richard H. Cross, Jr.<br>**rcross@crosslaw.com**<br><br>Amy Evans<br>**aevans@crosslaw.com**<br><br>Brian D. Roche<br>**broche@reedsmith.com**<br><br>Michael P. Bregenzer<br>**mbregenzer@reedsmith.com** |
| REPRESENTING CASIO<br><br>(C.A.04-1338) | Thomas L. Halkowski<br>**halkowski@fr.com**<br><br>John T. Johnson<br>**jjohnson@fr.com** |

- 3 -

- 4 -

| | |
|---|---|
| REPRESENTING CITIZEN WATCH CO., LTD. AND CITIZEN DISPLAYS CO., LTD.<br><br>(C.A.04-1338) | David J. Margules<br>**dmargules@bmf-law.com**<br><br>Stuart Lubitz<br>**slubitz@hhlaw.com**<br><br>David H. Ben-Meir<br>**dhben-meir@hhlaw.com**<br><br>Rose Hickman<br>**rahickman@hhlaw.com** |
| REPRESENTING CONCORD CAMERA<br><br>(C.A.04-1338) | Richard L. Horwitz<br>**rhorwitz@potteranderson.com**<br><br>David E. Moore<br>**dmoore@potteranderson.com**<br><br>Scott L. Lampert<br>**by facsimile only**:  **(954) 989-4103** |
| REPRESENTING DELL<br><br>(C.A.04-1338) | Richard L. Horwitz<br>**rhorwitz@potteranderson.com**<br><br>David E. Moore<br>**dmoore@potteranderson.com**<br><br>Avelyn M. Ross<br>**aross@velaw.com**<br><br>Willem G. Schuurman<br>**bschuurman@velaw.com**<br><br>Roderick B. Williams<br>**rickwilliams@velaw.com** |

| | |
|---|---|
| REPRESENTING EASTMAN KODAK<br><br>(C.A.04-1338) | Frederick L. Cottrell, III<br>**cottrell@rlf.com**<br><br>Chad M. Shandler<br>**shandler@rlf.com**<br><br>Neal Slifkin<br>**nslifkin@harrisbeach.com**<br><br>Paul J. Yesawich, III<br>**pyesawich@harrisbeach.com**<br><br>Laura W. Smalley<br>**lsmalley@harrisbeach.com** |
| REPRESENTING FUJIFILM CORPORATION AND FUJIFILM U.S.A., INC.<br><br>(C.A.04-1338) | Philip A. Rovner<br>**provner@potteranderson.com**<br><br>Angie M. Hankins<br>**ahankins@stroock.com**<br><br>Matthew W. Siegal<br>**msiegal@stroock.com**<br><br>Lawrence Rosenthal<br>**lrosenthal@stroock.com** |
| REPRESENTING FUJITSU<br><br>(C.A.04-1338) | Richard L. Horwitz<br>**rhorwitz@potteranderson.com**<br><br>David E. Moore<br>**dmoore@potteranderson.com**<br><br>Christopher E. Chalsen<br>**cchalsen@milbank.com**<br><br>Christopher J. Gaspar<br>**cgaspar@milbank.com** |

- 6 -

| | |
|---|---|
| REPRESENTING HOYA (FORMERLY PENTAX)<br><br>(C.A.04-1338) | Adam W. Poff<br>**apoff@ycst.com**<br><br>Michael J. Fink<br>**mfink@gbpatent.com**<br><br>Neil F. Greenblum<br>**ngreenblum@gbpatent.com**<br><br>P. Branko Pejic<br>**bpejic@gbpatent.com** |
| REPRESENTING INNOLUX DISPLAY CORPORATION<br><br>(C.A.04-1338) | Matt Neiderman<br>**mneiderman@duanemorris.com**<br><br>Donald R. McPhail<br>**drmcphail@duanemorris.com** |
| REPRESENTING KYOCERA<br><br>(C.A.04-1338) | Robert J. Katzenstein<br>**rjk@skfdelaware.com**<br><br>Robert K. Beste, III<br>**rkb@skfdelaware.com**<br><br>Stuart Lubitz<br>**slubitz@hhlaw.com**<br><br>David H. Ben-Meir<br>**dhben-meir@hhlaw.com**<br><br>Rose Hickman<br>**rahickman@hhlaw.com** |
| REPRESENTING MEI/MEC (MATSUSHITA)<br><br>(C.A.04-1338) | William J. Wade<br>**wade@rlf.com**<br><br>Steven A. Reiss<br>**steven.reiss@weil.com**<br><br>David J. Lender<br>**david.lender@weil.com** |

| | |
|---|---|
| REPRESENTING NAVMAN<br><br>(C.A.04-1338) | Arthur G. Connolly, III<br>**aconnollyIII@cblh.com**<br><br>Brian M. Gottesman<br>**bgottesman@cblh.com**<br><br>Bradford P. Lyerla<br>**blyerla@marshallip.com** |
| REPRESENTING OLYMPUS<br><br>(C.A.04-1338) | John W. Shaw<br>**jshaw@ycst.com**<br><br>Andrew A. Lundgren<br>**alundgren@ycst.com**<br><br>Richard M. Rosati<br>**rrosati@kenyon.com**<br><br>George E. Badenoch<br>**gbadenoch@kenyon.com** |
| REPRESENTING OPTREX<br>(THIRD-PARTY PLAINTIFF)<br><br>(C.A.04-1338 AND 04-1536) | Karen L. Pascale<br>**kpascale@ycst.com**<br><br>Thomas J. Fisher<br>**tfisher@oblon.com**<br><br>Alexander E. Gasser<br>**agasser@oblon.com**<br><br>Richard D. Kelly<br>**rkelly@oblon.com**<br><br>Andrew M. Ollis<br>**aollis@oblon.com**<br><br>John F. Presper<br>**jpresper@oblon.com** |

| | |
|---|---|
| REPRESENTING SAMSUNG SDI CO., LTD. AND SAMSUNG SDI AMERICA, INC.<br><br>(C.A.04-1338) | Richard L. Horwitz<br>**rhorwitz@potteranderson.com**<br><br>David E. Moore<br>**dmoore@potteranderson.com**<br><br>Alana A. Prills<br>**alanaprills@paulhastings.com**<br><br>Carolyn E. Morris<br>**carolynmorris@paulhastings.com**<br><br>Elizabeth L. Brann<br>**elizabethbrann@paulhastings.com**<br><br>Hamilton Loeb<br>**hamiltonloeb@paulhastings.com**<br><br>Stephen S. Korniczky<br>**stephenkorniczky@paulhastings.com** |
| REPRESENTING SONY CORPORATION<br><br>(C.A.04-1338) | John W. Shaw<br>**jshaw@ycst.com**<br><br>Andrew A. Lundgren<br>**alundgren@ycst.com**<br><br>John Flock<br>**jflock@kenyon.com**<br><br>Robert L. Hails, Jr.<br>**rhails@kenyon.com**<br><br>Michael M. Shen<br>**mshen@kenyon.com** |
| REPRESENTING SONY ERICSSON<br><br>(C.A.04-1338) | Francis DiGiovanni<br>**fdigiovanni@cblh.com** |

| | |
|---|---|
| REPRESENTING TOSHIBA | Richard L. Horwitz |
| | **rhorwitz@potteranderson.com** |
| (C.A.04-1338) | |
| | David E. Moore |
| | **dmoore@potteranderson.com** |
| | |
| | Arthur I. Neustadt |
| | **aneustadt@oblon.com** |
| | |
| | Carl E. Schlier |
| | **cschlier@oblon.com** |

and by facsimile upon the following:

| | |
|---|---|
| REPRESENTING CONCORD CAMERA CORP. | Scott L. Lampert |
| | **(954) 989-4103** |
| (C.A.04-1338) | |

   The undersigned also hereby certifies that on September 12, 2008 true and correct copies of the foregoing were caused to be served by hand, <u>in triplicate</u>, upon the Special Master:

The Honorable Vincent J. Poppiti
BLANK ROME LLP
201 North Market Street
Suite 800
Wilmington, DE  19801-4226


              */s/ Thomas C. Grimm*
              _____
              Thomas C. Grimm (#1098)

- 9 -