

**Potter Anderson & Corroon LLP**

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

**Philip A. Rovner**
Partner
provner@potteranderson.com
(302) 984-6140   Direct Phone
(302) 658-1192   Fax

September 12, 2008

**BY E-FILE, HAND DELIVERY AND E-MAIL**

The Honorable Vincent J. Poppiti
Blank Rome LLP
Chase Manhattan Centre
1201 Market Street, Suite 800
Wilmington, DE 19801

    Re:    Honeywell Int'l Inc., et al. v. Apple Computer, Inc., et al.
             D. Del., C.A. Nos. 04-1338-JJF
             Honeywell Int'l Inc. et al v. Audiovox Corporation, et al.,
             D. Del., C.A. No. 04-1337-JJF
             Optrex America Inc. v. Honeywell Int'l Inc., et al.
             D. Del., C.A. No. 04-1536-JJF

Dear Judge Poppiti:

       Having just learned of the cancellation of the telephone conference, the Manufacturer Defendants feel it appropriate and necessary to bring to Your Honor's attention certain facts in response to Honeywell's letter of last night. As indicated in Karen Pascale's email earlier today, the Manufacturer Defendants also believe that this important subject warrants a telephone conference.

       Regarding the proposed schedule, the Manufacturer Defendants wish to make the following observations:

       1.     The Customer Defendants seeking dismissal recently reached an agreement with Honeywell for a schedule on their motions to dismiss that would not resolve that issue with finality until December, 2008. For this reason, the Manufacturer Defendants withdraw their first condition to the start of the Supplemental Markman Briefing and Final Markman Ruling section of the Joint Chart on page 6, such that the sole triggering event for Supplemental Claim Construction Briefing is seven (7) days after the preliminary Markman ruling. Given the impact of the proposed stipulation, waiting until after the Customer Defendants' motions are ruled upon will make it very difficult, if not impossible, to achieve a July 2009 trial date.

The Honorable Vincent J. Poppiti
September 12, 2008
Page 2

    2.    Honeywell, in its September 11 letter, proposes an alternative method of dealing with case dispositive motions, namely a reversion to the conventional motion practice, eliminating the Special Master's determination of whether disputed facts exist as the trigger for response briefs. In effect, it replaces the counter-statement and certifications practice with an immediate response brief, which could be fourteen (14) days after filing Opening Briefs, and would shorten the entire process. The Manufacturer Defendants agree to this process. In any event, if the July 2009 trial date is to be preserved, the parties must be willing to act in parallel, rather than only in sequence as proposed by Honeywell.

In response to points made for the first time in Honeywell's September 11, 2008 letter:

    I.    While not intending to dispute Your Honor's determination that supplemental Markman proceedings are required, Honeywell misstates how the structure established by Judge Jordan came to pass. Judge Jordan carefully considered Honeywell's complaint in light of Rule 11 and the nature of the defendants sued initially, and concluded that the identification, joinder and initial trial against the Manufacturer Defendants should go forward with regard to products accused of infringement by Honeywell. The Customer Defendants had no reason to monitor this case since, under Judge Jordan's order, the case was stayed as to them and they were not bound by what happened. At no time did Judge Jordan indicate, by word or conduct, that the Customer Defendants would be precluded from rearguing prior rulings. The current Supplemental Markman Proceeding recognizes this fact. Regarding Honeywell's willingness to assist the Customer Defendants, the Customer Defendants have requested claim charts specifying the basis of infringement against their respective accused products but Honeywell has unilaterally refused to do anything more than provide previously submitted discovery and pleadings.

    II.    In Section II of its letter Honeywell argues the merits of its commercial success motion which, while before Your Honor, has not as yet been heard. Nowhere in Section II is there any description of the scope and duration of the requested discovery which, as pointed out in our September 11 letter, could jeopardize the July, 2009 trial date. When the issue of commercial success discovery of Customer Defendants was raised before Magistrate Judge Thynge on February 22, 2007, she stated that the scope of discovery sought by Honeywell was "extremely broad and extremely unfocused." DI 718 at 67:8-16. In response, in its March 2, 2007 submittal at page 7, Honeywell identified the requested discovery as being directed to sale of accused products and why modules allow the accused products to better meet market demand, including product launch, advertising and customer survey material. Also mentioned were "limited" depositions to authenticate and determine the "import" of the produced material. DI 724. The Manufacturer Defendants proposed a forty-five (45) day limit on this discovery and believe that Honeywell can obtain its requested discovery, if granted, within that timeframe.

    III.    Again, in this section, Honeywell seeks to argue the merits of a motion that the schedule puts before Your Honor. However, certain observations of Honeywell require immediate response. One or more of the Manufacturer Defendants requested communications between Honeywell and the Customer Defendants during the pendency of discovery and Honeywell complied without condition. In the course of monitoring the communications between the parties and Your Honor in connection with the Customer Defendants' proceeding it became apparent that there were communications which were not produced that were directed to

The Honorable Vincent J. Poppiti
September 12, 2008
Page 3

the identification of accused products. Again there was agreement by Honeywell to produce them without condition. It is only now that Honeywell suddenly demands production of communications between the Manufacturer Defendants and Customer Defendants. Although Honeywell states that it seeks communications regarding Accused Products, apparently Honeywell interprets that request to cover all communications regarding this litigation. It is respectfully submitted that communications between these two groups which shared and continue to share a common interest cannot shed any light on any issue before Your Honor and will implicate the common interest privilege shared among all of the defendants in this case. In addition, Honeywell complains that such communications are not found on the privilege log, knowing full well that by mutual agreement the privilege logs in this case only went up to the date of filing of the complaint. Therefore, common interest communications could never appear on those privilege logs.

IV.    On the issue of expert reports, the Manufacturer Defendants compromised their position with regard to damages experts, offering Honeywell 7.5 hours for each of Defendants experts and requesting from Honeywell's single expert a total of 3.5 hours plus 4 times the number of defendants, without restriction as to the subject matter to be covered during that period, which will be determined by the Manufacturer Defendants. With respect to supplemental invalidity and unenforceability expert reports, Honeywell's experts previously testified almost entirely based on Honeywell's proposed claim constructions. The final Markman order is likely to be based on the Manufacturer Defendants' proposed constructions and therefore will dramatically alter the basis upon which Honeywell's experts testified. Thus, the Manufacturer Defendants anticipate meaningful changes in Honeywell's experts' positions and contend that 7 hours per expert, shared by all of the Manufacturer Defendants, is appropriate.

V.    As noted above, the Manufacturer Defendants agree that the dispositive motion practice should be changed as suggested by Honeywell. However, the Manufacturer Defendants oppose any limitation on the number of issues submitted for summary determination. In seeking restructuring of this case, one point made by Honeywell was that it wanted to be treated as a "normal" plaintiff, although the implications of that term are unclear. On the other hand, Honeywell would deny the Defendants the opportunity to have full and regular access to motions for summary determination by imposing an abnormal limitation.

VI.    See Manufacturer Defendants' September 11 letter.

Respectfully,

/s/ Philip A. Rovner

Philip A. Rovner
provner@potteranderson.com


PAR/mes/882385
cc:    All Counsel of Record – by CM-ECF