# DuaneMorris®

FIRM and AFFILIATE OFFICES

NEW YORK
LONDON
SINGAPORE
LOS ANGELES
CHICAGO
HOUSTON
HANOI
PHILADELPHIA
SAN DIEGO
SAN FRANCISCO
BALTIMORE
BOSTON
WASHINGTON, DC
LAS VEGAS
ATLANTA
MIAMI
PITTSBURGH
NEWARK
BOCA RATON
WILMINGTON
PRINCETON
LAKE TAHOE
HO CHI MINH CITY

MATT NEIDERMAN
DIRECT DIAL: 3026574920
PERSONAL FAX: 302.397.2543
E-MAIL: mneiderman@duanemorris.com

www.duanemorris.com

September 17, 2008

**VIA HAND DELIVERY**

The Honorable Vincent J. Poppiti
Blank Rome LLP
1201 North Market Street, Suite 800
Wilmington, Delaware 19801

Re: *Honeywell International Inc., et al. v. Apple Computer, Inc., et al.*
C.A. Nos. 04-1337-JJF, 04-1338-JJF

Dear Judge Poppiti:

We write on behalf of InnoLux Display Corporation in response to the points raised in Mr. Grimm's letter to you of earlier today forwarding certain documents referenced by Mr. Froio during yesterday's telephonic hearing.

With respect to Mr. Rovner's letter of October 24, 2006, there is no statement or assertion therein that InnoLux was refusing or had refused to provide discovery to Honeywell because of its pending motion to dismiss. Rather, the docket for this case clearly shows that Honeywell had served no requests for any discovery on InnoLux as of October 24, 2006. Mr. Rovner's letter simply notes, correctly, that InnoLux had not engaged in any discovery, jurisdictional or otherwise, up to the date of his letter – indeed, had InnoLux engaged in discovery at that time, Honeywell would certainly have asserted that InnoLux had waived its personal jurisdiction defense (much as it did in May of this year when InnoLux filed a claim construction brief).

With respect to InnoLux's reply brief in support of its motion to dismiss, we submit that Mr. Grimm and Mr. Froio are merely taking isolated sentences out of the overall context in which they were used. In this respect, we respectfully direct Your Honor's attention to the Introduction, where InnoLux notes that Honeywell's opposition conceded a lack of jurisdiction on the present record, but sought to table InnoLux's motion until jurisdictional discovery could be taken in an effort to build a case for jurisdiction. It was InnoLux's position then, as it is now, that even if Honeywell could prove the facts asserted in its opposition (which, as a practical matter, Honeywell cannot), there still would not be sufficient basis for the Court to exercise personal jurisdiction over InnoLux. According, InnoLux argued that Honeywell's request for jurisdictional discovery should be denied because it was only a delaying tactic, and would not change the ultimate result.

DuaneMorris

Honorable Vincent J. Poppiti
September 17, 2008
Page 2

      For at least these reasons, as well as those advanced in our previous letters to you, we respectfully request that you deny Honeywell's suggestion that the issue of fact discovery be tabled until some later date.

      Very truly yours,

/s/ Matt Neiderman
Matt Neiderman (Del. I.D. No. 4018)

MXN/jrt
cc:    Counsel of Record (via e-mail and CM/ECF)